# EXHIBIT

# A

Bond No. B28 80 150

This bond supersedes and replaces prior Bond No. 373573

# PERFORMANCE BOND

DORMITORY AUTHORITY – STATE OF NEW YORK



Main Office
161 Delaware Avenue
Delmar, New York 12054
(518) 475-3000

New York City Office
One Penn Plaza, 52nd Floor
New York, New York 10022
(212) 273-5000

(03/92)

PERFORMANCE BOND

Bond No. B28 80 150

KNOW ALL MEN BY THESE PRESENTS:

That __TRATAROS CONSTRUCTION, INC., 664 64th Street, Brooklyn, New York 11220__
(Here insert the name and address or legal title of the Contractor)

as Principal, hereinafter called Contractor, and _____

__RELIANCE INSURANCE COMPANY__
(Here insert the legal title of Surety)

__6 Campus Drive, Parsippany, New Jersey 07054__
(Address)

as Surety, hereinafter called Surety, are held and firmly bound unto the Dormitory Authority - State of New York, 161 Delaware Avenue, Delmar, New York 12054, as Obligee, hereinafter called Owner, in the amount of __FIFTY MILLION TWO HUNDRED TWENTY TWO THOUSAND__------- and __00__/100

Dollars ($__50,222,000.00__), for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, CONTRACTOR has by written agreement dated __April 22, 1998__

entered into a Contract with Owner for __BARUCH COLLEGE - SITE B, PACKAGE NO. 1 - GENERAL CONSTRUCTION WORK, CONTRACT NO. 15, DA#6500 1802 2176__

in accordance with the Contract Documents and any changes thereto, which are made a part hereof, and are hereinafter referred to as the Contract.

1. If the Contractor performs the Contract, the Surety and the Contractor shall have no obligation under this Bond, except to participate in conferences as provided in Subparagraph 2.1.

1

2. If there is no Owner default, the Surety's obligation under this Bond shall arise after:

   2.1 The Owner has notified the Contractor, the Surety at its address described in Paragraph 8. below that the Owner is considering declaring a Contractor in default.

   2.2 The Owner has declared a Contractor in default and formally terminated the Contractor's right to complete the Contract.

   2.3 The Owner has agreed to pay the Balance of the Contract Price to the Surety in accordance with the terms of the Contract or to a Contractor selected to perform the Contract in accordance with the terms of the Contract with the Owner.

3. When the Owner has satisfied the conditions of Paragraph 2., the Surety shall, at the Owner's option, promptly and at the Surety's expense take on the following action:

   3.1 Arrange for the Contractor, with consent of the Owner, to perform and complete the Contract; or

   3.2 Undertake to perform and complete the Contract itself, through its agents or through independent contractors; or

   3.3 Obtain bids or negotiated proposals from qualified contractors acceptable to the Owner for a contract for performance and completion of the Contract, arrange for a contract to be prepared for execution by the Owner and the Contractor selected with the Owner's concurrence, to be secured with performance and payment bonds executed by a qualified Surety equivalent to the bonds issued on the Contract, and pay to the Owner the amount of damages as described in Paragraph 5. in excess of the Balance of the Contract Price incurred by the Owner resulting from the Contractor default.

4. If the Surety does not proceed with reasonable promptness, the Surety shall be deemed to be in default on this Bond, and the Owner shall be entitled to enforce any remedy available to the Owner.

5. After the Owner has terminated the Contractor's right to complete the Contract, and if the Surety elects to act under Subparagraph 3.1, 3.2, or 3.3 above, then the responsibilities of the Surety to the Owner shall not be greater than those of the Contractor under the Contract, and the responsibilities of the Owner to the Surety shall not be greater than those of the Owner under the Contract. To the limit of the amount of this Bond, but subject to commitment by the Owner of the Balance of the Contract Price to mitigation of costs and damages on the Contract, the Surety is obligated without duplication for:

2

5.1 The responsibilities of the Contractor for correction of defective work and completion of the Contract;

5.2 Additional legal, design, professional, and delay costs resulting from the Contractor's Default, and resulting from the actions or failure to act of the Surety under Paragraph 3.; and

5.3 Liquidated Damages, or if no liquidated damages are specified in the Contract, actual damages caused by delayed performance or non-performance of the Contractor.

6. The Surety shall not be liable to the Owner or others for obligations of the Contractor that are unrelated to the Contract, and the Balance of the Contract Price shall not be reduced or set off on account of any such unrelated obligations. No right of action shall accrue on this Bond to any person or entity other than the Owner or its heirs, executors, administrators or successors.

7. The Surety hereby waives notice of any change, including changes of time, to the Contract or to related subcontracts, purchase orders, and other obligations.

8. Notice of the Surety and the Contractor shall be mailed or delivered to its address shown on the signature page. Notice to the Owner shall be mailed or delivered to the address shown in the preamble.

9. Definitions:

9.1 Balance of the Contract Price: The total amount payable by the Owner to the Contractor under the Contract after all proper adjustments have been made, including allowance to the Contractor of any amounts received or to be received by the Owner in settlement of insurance or other claims for damages to which the Contractor is entitled, reduced by all valid and proper payments made to or on behalf of the Contractor under the Contract.

9.2 Contract: The agreement between the Owner and the Contractor identified on the signature page, including all Contract Documents and changes thereto.

9.3 Contractor Default: Failure of the Contractor, which has neither been remedied nor waived, to perform or otherwise to comply with the terms of the Contract.

9.4 Owner Default: Failure of the Owner, which has neither been remedied nor waived, to pay the Contractor as required by the Contract or to perform and complete or comply with the other terms thereof.

The penal sum of this Bond is in addition to any other Bond furnished by the Contractor and in no way shall be impaired or affected by any other Bond.

3

Any suit under this Bond must be instituted before the expiration of two (2) years from the date on which Final Payment is made under this Contract.

Signed as of this __27th__ day of __April__ 19__98__.

IN THE PRESENCE OF:

__TRATAROS CONSTRUCTION, INC.__
(Principal)

_[signature]_
(Signature)

__PRESIDENT__
(Title)

__664 64th Street__
(Address)

__Brooklyn, New York   11220__
(City, State, Zip Code)

__RELIANCE INSURANCE COMPANY__
(Surety)

_[signature]_
(Signature)

__ELEANOR DOUDERA, ATTORNEY-IN-FACT__
(Title)

__6 Campus Drive__
(Address)

__Parsippany, New Jersey   07054__
(City, State, Zip Code)

4

## ACKNOWLEDGEMENT OF PRINCIPAL, IF A CORPORATION

STATE OF NEW YORK )
COUNTY OF KINGS ) ss:

On the 27th day of APRIL in the year 19 98, before me personally came COSTAS N. TRATAROS to me known, who, being by me duly sworn, did depose and say that (s)he resides at STATEN ISLAND - NEW YORK that (s)he is the PRESIDENT of TRATAROS CONSTRUCTION, INC., the corporation described in and which executed the above instrument, and that (:) ie signed her/his name thereto by order of the Board of Directors of said corporation.

PRISCILLA J. OLIVO
Notary Public, State of New York
No. 01OL5018005
Qualified in Kings County
Commission Expires Sep. 20, 1999

Notary Public 4/27/98

## ACKNOWLEDGEMENT OF PRINCIPAL, IF A PARTNERSHIP

STATE OF _____ )
COUNTY OF _____ ) ss:.

On the _____ day of _____ in the year 19____, before me personally came _____ to me known and known to me to be a member of the firm _____; described in and who executed the foregoing instrument, and (s)he duly acknowledged to me that (s)he executed the same for and in behalf of said firm for the uses and purpose mentioned therein.

_____
Notary Public

## ACKNOWLEDGEMENT OF PRINCIPAL, IF AN INDIVIDUAL

STATE OF _____ )
COUNTY OF _____ ) ss:

On the _____ day of _____ in the year 19____, before me personally came _____, to me known and known to me to be the person described in and who executed the foregoing instrument and (s)he duly acknowledged that (s)he executed the same.

_____
Notary Public

5

Case 1:07-cv-06915-DLC    Document 14-2    Filed 10/16/2007    Page 8 of 10

## ACKNOWLEDGEMENT OF SURETY

STATE OF NEW YORK         )
COUNTY OF __NASSAU__      )ss:

On the __27th__ day of __April__ in the year 19 __98__, before me personally came __ELEANOR DOUDERA__ to me known, who, being by me duly sworn, did depose and say that (s)he resides at __SUFFOLK COUNTY, NY__, that (s)he is the __Attorney-In-Fact__ of __RELIANCE INSURANCE COMPANY__ the corporation described in and which executed the above instrument, and that (s)he signed her/his name thereto by order of the Board of Directors of said corporation.

THERESA J. FOLEY
Notary Public, State of New York
No. 01FO5043971
Qualified in Queens County
Commission Expires May 22, __1999__

_Theresa J. Foley_
Notary Public

6

# RELIANCE INSURANCE COMPANY
PHILADELPHIA, PENNSYLVANIA

## PRINCIPAL'S ACKNOWLEDGEMENT—IF INDIVIDUAL OR FIRM

State of New York, County of _____ ss:
On this _____ day of _____, 19__, before me personally came _____
to me known to be (the individual) (one of the firm of _____ )
described in and who executed the within instrument, and he thereupon duly acknowledged to me that he executed the same (as the act and deed of said firm).

_____
Notary Public

## PRINCIPAL'S ACKNOWLEDGEMENT—IF CORPORATION

State of New York, County of KINGS ss:
On this 27th day of APRIL, 1998, before me personally came COSTAS N. TRATAROS
to me known, who, being by me duly sworn, deposes and says: That he resides in STATEN ISLAND, NY.
that he is PRESIDENT of TRATAROS CONSTRUCTION, INC.
the corporation described in and which executed the within instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation, and that he signed his name to the said instrument by like order.

PRISCILLA J. OLIVO
Notary Public, State of New York
No. 01OL5018005
Qualified in Kings County
Commission Expires Sept. 1999

Notary Public 4/27/98

## SURETY COMPANY'S ACKNOWLEDGEMENT

State of New York, County of NASSAU ss:
On this 27th day of April, 1998, before me personally came Eleanor Doudera
to me known, who, being by me duly sworn, did depose and say: That he resides in SUFFOLK COUNTY, NY
that he is Attorney-in-Fact of the RELIANCE INSURANCE COMPANY, the corporation described in and which executed the foregoing instrument; that he knows the corporate seal of said company; that the seal affixed to said instrument is such corporate seal of said company; that it was so affixed by the authority granted to him in accordance with the by-laws of said corporation; that he signed his name thereto by like authority; that the Superintendent of Insurance of the State of New York has, pursuant to Chapter 882 of the Laws of the State of New York for the year 1939 constituting Chapter 28 of the Consolidated Laws of the State of New York known as the Insurance Law, issued to the RELIANCE INSURANCE COMPANY his certificate that said company is qualified to become surety or guarantor on all bonds, undertakings, recognizances, guarantees and other obligations required or permitted by law; and that such certificate has not been revoked.

THERESA J. FOLEY
Notary Public, State of New York
No. 01FO5043971
Qualified in Queens County
Commission Expires May 22, 1999

Notary Public

### Financial Statement Dated December 31, 1997

| ASSETS | | LIABILITIES | |
|---|---:|---|---:|
| Cash and Short Term Investments | $ 366,696,335 | Losses and Loss Adjustment Expense | $ 2,632,735,351 |
| Securities (Long Term) | 4,028,534,730 | Unearned Premiums | 908,438,552 |
| Premium Balances | 785,004,014 | Other Taxes | 12,488,219 |
| Accrued Interest and Dividends | 35,419,406 | Other Liabilities | 771,585,471 |
| Federal Income Taxes | 37,405,343 | Total Liabilities | $ 4,325,247,593 |
| Other Assets | 373,600,596 | | |
| Total Admitted Assets | $ 5,626,660,424 | | |

**CAPITAL AND SURPLUS**

| | |
|---|---:|
| Capital Stock | $ 44,586,703 |
| Surplus | 1,256,826,128 |
| Total Policyholders' Surplus | 1,301,412,831 |
| Total Liabilities, Capital and Surplus | $ 5,626,660,424 |

State of Washington ) SS.
County of King )

Larry C. Mitchell, being duly sworn, says: That he is Vice President of the RELIANCE INSURANCE COMPANY; that said company is a corporation duly organized, existing, and engaged in business as a surety by virtue of the laws of the Commonwealth of Pennsylvania, and has duly complied with all the requirements of the laws of said commonwealth applicable to said company and is duly qualified to act as surety under such laws; that said company has also complied with and is duly qualified to act as surety under the Act of Congress of September 13, 1982, as amended (31 U.S.C. §9301 et. sq.); that the foregoing is a full, true and correct statement of the financial condition of said company on the 31st day of December, 1997.

Sworn to me this 20th day of March, 1998.

_Janis J. Crossland_                                    _Larry C. Mitchell_
                                                         Vice President

Janis J. Crossland, Notary Public, State of Washington,
County of King. My Commission Expires February 5, 2000.




RDR-1827 3/98

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

**RELIANCE SURETY COMPANY**  
**UNITED PACIFIC INSURANCE COMPANY**

**RELIANCE INSURANCE COMPANY**  
**RELIANCE NATIONAL INDEMNITY COMPANY**

ADMINISTRATIVE OFFICE, PHILADELPHIA, PENNSYLVANIA

## POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that RELIANCE SURETY COMPANY is a corporation duly organized under the laws of the State of Delaware, and that RELIANCE INSURANCE COMPANY and UNITED PACIFIC INSURANCE COMPANY, are corporations duly organized under the laws of the Commonwealth of Pennsylvania and that RELIANCE NATIONAL INDEMNITY COMPANY is a corporation duly organized under the laws of the State of Wisconsin (herein collectively called "the Companies") and that the Companies by virtue of signature and seals do hereby make, constitute and appoint Anthony J. Romano, Eleanor Doudera, Thomas Bean, Fred Nicholson, Gerard S. Macholz, of Uniondale, New York their true and lawful Attorney(s)-in-Fact, to make, execute, seal and deliver for and on their behalf, and as their act and deed any and all bonds and undertakings of suretyship and to bind the Companies thereby as fully and to the same extent as if such bonds and undertakings and other writings obligatory in the nature thereof were signed by an Executive Officer of the Companies and sealed and attested by one other of such officers, and hereby ratifies and confirms all that their said Attorney(s)-in-Fact may do in pursuance hereof.

This Power of Attorney is granted under and by the authority of Article VII of the By-Laws of RELIANCE SURETY COMPANY, RELIANCE INSURANCE COMPANY, UNITED PACIFIC INSURANCE COMPANY, and RELIANCE NATIONAL INDEMNITY COMPANY which provisions are now in full force and effect, reading as follows:

### ARTICLE VII - EXECUTION OF BONDS AND UNDERTAKINGS

1. The Board of Directors, the President, the Chairman of the Board, any Senior Vice President, any Vice President or Assistant Vice President or other officer designated by the Board of Directors shall have power and authority to (a) appoint Attorney(s)-in-Fact and to authorize them to execute on behalf of the Company, bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof, and (b) to remove any such Attorney(s)-in-Fact at any time and revoke the power and authority given to them.

2. Attorney(s)-in-Fact shall have power and authority, subject to the terms and limitations of the Power of Attorney issued to them, to execute deliver on behalf of the Company, bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof. The corporate seal is not necessary for the validity of any bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof.

3. Attorney(s)-in-Fact shall have power and authority to execute affidavits required to be attached to bonds, recognizances, contracts of indemnity or other conditional or obligatory undertakings and they shall also have power and authority to certify the financial statement of the Company and to copies of the By-Laws of the Company or any article or section thereof.

This Power of Attorney is signed and sealed by facsimile under and by authority of the following resolution adopted by the Executive and Finance Committees of the Boards of Directors of Reliance Insurance Company, United Pacific Insurance Company and Reliance National Indemnity Company by Unanimous Consent dated as of February 28, 1994 and by the Executive and Financial Committee of the Board of Directors of Reliance Surety Company by Unanimous Consent dated as of March 31, 1994.

"Resolved that the signatures of such directors and officers and the seal of the Company may be affixed to any such Power of Attorney or any certificates relating thereto by facsimile, and any such Power of Attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such Power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company, in the future with respect to any bond or undertaking to which it is attached."

IN WITNESS WHEREOF, the Companies have caused these presents to be signed and their corporate seals to be hereto affixed, this February 1, 1998.



RELIANCE SURETY COMPANY  
RELIANCE INSURANCE COMPANY  
UNITED PACIFIC INSURANCE COMPANY  
RELIANCE NATIONAL INDEMNITY COMPANY

*David T. Akers*

STATE OF Pennsylvania  
COUNTY OF Philadelphia } ss.

On this, February 1, 1998, before me, Valencia Wortham, personally appeared David T. Akers, who acknowledged himself to be the Senior Vice President of the Reliance Surety Company, and the Vice President of Reliance Insurance Company, United Pacific Insurance Company, and Reliance National Indemnity Company and that as such, being authorized to do so, executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as its duly authorized officer.

In witness whereof, I hereunto set my hand and official seal.

*Valencia Wortham*  
Notary Public in and for the State of Pennsylvania  
Residing at Philadelphia

Notarial Seal  
Valencia Wortham, Notary Public  
Philadelphia, Philadelphia County  
My Commission Expires Nov. 18, 2000

I, Anita Zippert, Secretary of RELIANCE SURETY COMPANY, RELIANCE INSURANCE COMPANY, UNITED PACIFIC INSURANCE COMPANY and RELIANCE NATIONAL INDEMNITY COMPANY do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is still in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seals of said Companies this 27th day of April 19 98.



*Anita Zippert*  
Secretary

THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW