# EXHIBIT

# B

Bond No. B28 80 150

This bond supersedes and replaces prior Bond No. 373573

# LABOR AND MATERIAL PAYMENT BOND

DORMITORY AUTHORITY – STATE OF NEW YORK



Main Office
161 Delaware Avenue
Delmar, New York 12054
(518) 475-3000

New York City Office
One Penn Plaza, 52nd Floor
New York, New York 10022
(212) 2__-5000

(03/92)

## LABOR AND MATERIAL PAYMENT BOND

Bond No. B28 80 150

KNOW ALL MEN BY THESE PRESENTS:

That __TRATAROS CONSTRUCTION, INC.__
(Here insert the name and address or legal title of the Contractor)

__664 64th Street, Brooklyn, New York  11220__

as Principal, hereinafter called Principal, and

__RELIANCE INSURANCE COMPANY__
(Here insert the legal title of Surety)

__6 Campus Drive, Parsippany, New Jersey  07054__
(Address)

as Surety, hereinafter called Surety, are held and firmly bound unto the Dormitory Authority - State of New York, 161 Delaware Avenue, Delmar, New York 12054-7398, as Obligee, hereinafter called Owner, for the use and benefit of the claimants as hereinbelow defined, in the amount of __FIFTY MILLION TWO HUNDRED TWENTY TWO THOUSAND--------------------__ and 00/100 Dollars ($__50,222,000.00__).

WHEREAS, Principal has by written agreement dated __April 22, 1998__ entered into a Contract with Owner for __BARUCH COLLEGE - SITE B, PACKAGE NO. 1 - GENERAL CONSTRUCTION WORK, CONTRACT NO. 15, DA#6500 1802 2176__

in accordance with the Contract Documents and any changes thereto, which are made a part hereof, and are hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that if the Principal shall promptly make payment to all claimants as hereinafter defined for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise such obligation shall remain in full force and effect, subject, however, to the following conditions:

1

1. A claimant is defined as one having a direct Contract with the Principal or with a Subcontractor of the Principal for labor, material, or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a. Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two (2) of the following: 1) the Principal, 2) the Owner, or 3) the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner, or Surety, at any place where an office is regularly maintained by said Principal, Owner, or Surety for the transaction of business, or served in any manner in which legal process may be served in the State in which the aforesaid project is located, save that such service need not be made by a public officer.

b. After the expiration of one (1) year following the date on which Principal ceased work of said Contract, however, if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c. Other than in a State court of competent jurisdiction in and for the county or other political subdivision of the State in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere.

4. The penal sum of this Bond is in addition to any other Bond furnished by the Contractor and in no way shall be impaired or affected by any other Bond.

5. The amount of this Bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of Mechanics' Liens which may be filed of record against said improvement, whether or not claim for the amount of such lien be presented under and against this Bond.

Signed this __27th__ day of __April__ 19__98__.

IN THE PRESENCE OF:

TRATAROS CONSTRUCTION, INC.
(Principal)

_(Signature)_

PRESIDENT
(Title)

664 64th Street
(Address)

Brooklyn, New York   11220
(City, State, Zip)

RELIANCE INSURANCE COMPANY
(Surety)

_(Signature)_

ELEANOR DOUDERA, ATTORNEY-IN-FACT
(Title)

6 Campus Drive
(Address)

Parsippany, New Jersey   07054
(City, State, Zip)

3

ACKNOWLEDGEMENT OF PRINCIPAL, IF A CORPORATION

STATE OF NEW YORK ) ss:
COUNTY OF KINGS )

On the 27th day of APRIL in the year 19 98, before me personally came COSTAS N. TRATAROS to me known, who, being by me duly sworn, did depose and say that (s)he resides at STATEN ISLAND- NY, that (s)he is the PRESIDENT of TRATAROS CONSTRUCTION, INC., the corporation described in and which executed the above instrument; and that (s)he signed her/his name thereto by order of the Board of Directors of said corporation.

PRISCILLA J. OLIVO
Notary Public, State of New York
No. 01OL5018005
Qualified in Kings County
Commission Expires Sep. 20, 1999

Notary Public 4/27/98

ACKNOWLEDGEMENT OF PRINCIPAL, IF A PARTNERSHIP

STATE OF_____)ss:
COUNTY OF_____)

On the_____ day of_____ in the year 19_____, before me personally came _____, to me known and known to me to be a member of the firm _____, described in and who executed the foregoing instrument, and (s)he duly acknowledged to me that (s)he executed the same for and in behalf of said firm for the uses and purpose mentioned therein.

Notary Public

ACKNOWLEDGEMENT OF PRINCIPAL, IF AN INDIVIDUAL

STATE OF_____) ss:
COUNTY OF_____)
On the _____ day of _____ in the year 19_____, before me personally came_____, to me known and known to me to be the person described in and who executed the foregoing instrument and (s)he duly acknowledged that (s)he executed the same.

Notary Public

4

## ACKNOWLEDGEMENT OF SURETY

STATE OF NEW YORK    )
COUNTY OF NASSAU    ) ss:

On the 27th day of April in the year 19 98, before me personally came ELEANOR DOUDERA to me known, who, being by me duly sworn, did depose and say that (s)he resides at SUFFOLK COUNTY, NY, that (s)he is the Attorney-In-Fact of RELIANCE INSURANCE COMPANY, the corporation described in and which executed the above instrument; and that (s)he signed her/his name thereto by order of the Board of Directors of said corporation.

THERESA J. FOLEY
Notary Public, State of New York
No. 01FO5043971
Qualified in Queens County
Commission Expires May 22, 1999

Notary Public

5

# RELIANCE INSURANCE COMPANY
PHILADELPHIA, PENNSYLVANIA

## PRINCIPAL'S ACKNOWLEDGEMENT—IF INDIVIDUAL OR FIRM

State of New York, County of _____ ss:
On this _____ day of _____, 19___, before me personally came _____ to me known to be (the individual) (one of the firm of _____ described in and who executed the within instrument, and he thereupon duly acknowledged to me that he executed the same (as the act and deed of said firm).

_____
Notary Public

## PRINCIPAL'S ACKNOWLEDGEMENT—IF CORPORATION

State of New York, County of **KINGS** ss:
On this **27th** day of **APRIL**, 19**98**, before me personally came **COSTAS N. TRATAROS** to me known, who, being by me duly sworn, deposes and says: That he resides in **STATEN ISLAND, NY**, that he is **PRESIDENT** of **TRATAROS CONSTRUCTION, INC.** the corporation described in and which executed the within instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation, and that he signed his name to the said instrument by like order.

_____
PRISCILLA PULOLIVO 4/27/
Notary Public, State of New York
No. 01OL5018005
Qualified in Kings County
Commission Expires Sep. 20, 1999

## SURETY COMPANY'S ACKNOWLEDGEMENT

State of New York, County of **NASSAU** ss:
On this **27th** day of **April**, 19**98**, before me personally came **Eleanor Doudera** to me known, who, being by me duly sworn, did depose and say: That he resides in **SUFFOLK COUNTY, NY**; that he is Attorney-in-Fact of the RELIANCE INSURANCE COMPANY, the corporation described in and which executed the foregoing instrument; that he knows the corporate seal of said company; that the seal affixed to said instrument is such corporate seal of said company; that it was so affixed by the authority granted to him in accordance with the by-laws of said corporation; that he signed his name thereto by like authority; that the Superintendent of Insurance of the State of New York has, pursuant to Chapter 882 of the Laws of the State of New York for the year 1939 constituting Chapter 28 of the Consolidated Laws of the State of New York known as the Insurance Law, issued to the RELIANCE INSURANCE COMPANY his certificate that said company is qualified to become surety or guarantor on all bonds, undertakings, recognizances, guarantees and other obligations required or permitted by law; and that such certificate has not been revoked.

THERESA J. FOLEY
Notary Public, State of New York
No. 01FO5043971
Qualified in Queens County
Commission Expires May 22, 1999

_____
Notary Public

### Financial Statement Dated December 31, 1997

| ASSETS | | LIABILITIES | |
|---|---:|---|---:|
| Cash and Short Term Investments | $ 366,696,335 | Losses and Loss Adjustment Expense | $ 2,632,735,351 |
| Securities (Long Term) | 4,028,534,730 | Unearned Premiums | 908,438,552 |
| Premium Balances | 785,004,014 | Other Taxes | 12,488,219 |
| Accrued Interest and Dividends | 35,419,406 | Other Liabilities | 771,585,471 |
| Federal Income Taxes | 37,405,343 | Total Liabilities | $ 4,325,247,593 |
| Other Assets | 373,600,596 | | |
| Total Admitted Assets | $ 5,626,660,424 | **CAPITAL AND SURPLUS** | |
| | | Capital Stock | $ 44,586,703 |
| | | Surplus | 1,256,826,128 |
| | | Total Policyholders' Surplus | 1,301,412,831 |
| | | Total Liabilities, Capital and Surplus | $ 5,626,660,424 |

State of Washington ) SS.
County of King )

Larry C. Mitchell, being duly sworn, says: That he is Vice President of the RELIANCE INSURANCE COMPANY; that said company is a corporation duly organized, existing, and engaged in business as a surety by virtue of the laws of the Commonwealth of Pennsylvania, and has duly complied with all the requirements of the laws of said commonwealth applicable to said company and is duly qualified to act as surety under such laws; that said company has also complied with and is duly qualified to act as surety under the Act of Congress of September 13, 1982, as amended (31 U.S.C. §9301 et. sq.); that the foregoing is a full, true and correct statement of the financial condition of said company on the 31st day of December, 1997.

Sworn to me this 20th day of March, 1998.

_Janis J. Crossland_  
Janis J. Crossland, Notary Public, State of Washington,  
County of King. My Commission Expires February 5, 2000.

_Larry C. Mitchell_  
Vice President

BDR-1827 3/98

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

| RELIANCE SURETY COMPANY | RELIANCE INSURANCE COMPANY |
|---|---|
| UNITED PACIFIC INSURANCE COMPANY | RELIANCE NATIONAL INDEMNITY COMPANY |

ADMINISTRATIVE OFFICE, PHILADELPHIA, PENNSYLVANIA

## POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that RELIANCE SURETY COMPANY is a corporation duly organized under the laws of the State of Delaware, and that RELIANCE INSURANCE COMPANY and UNITED PACIFIC INSURANCE COMPANY, are corporations duly organized under the laws of the Commonwealth of Pennsylvania and that RELIANCE NATIONAL INDEMNITY COMPANY is a corporation duly organized under the laws of the State of Wisconsin (herein collectively called "the Companies") and that the Companies by virtue of signature and seals do hereby make, constitute and appoint Anthony J. Romano, Eleanor Doudera, Thomas Bean, Fred Nicholson, Gerard S. Macholz, of Uniondale, New York their true and lawful Attorney(s)-in-Fact, to make, execute, seal and deliver for and on their behalf, and as their act and deed any and all bonds and undertakings of suretyship and to bind the Companies thereby as fully and to the same extent as if such bonds and undertakings and other writings obligatory in the nature thereof were signed by an Executive Officer of the Companies and sealed and attested by one other of such officers, and hereby ratifies and confirms all that their said Attorney(s)-in-Fact may do in pursuance hereof.

This Power of Attorney is granted under and by the authority of Article VII of the By-Laws of RELIANCE SURETY COMPANY, RELIANCE INSURANCE COMPANY, UNITED PACIFIC INSURANCE COMPANY, and RELIANCE NATIONAL INDEMNITY COMPANY which provisions are now in full force and effect, reading as follows:

### ARTICLE VII - EXECUTION OF BONDS AND UNDERTAKINGS

1. The Board of Directors, the President, the Chairman of the Board, any Senior Vice President, any Vice President or Assistant Vice President or other officer designated by the Board of Directors shall have power and authority to (a) appoint Attorney(s)-in-Fact and to authorize them to execute on behalf of the Company, bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof, and (b) to remove any such Attorney(s)-in-Fact at any time and revoke the power and authority given to them.

2. Attorney(s)-in-Fact shall have power and authority, subject to the terms and limitations of the Power of Attorney issued to them, to execute deliver on behalf of the Company bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof. The corporate seal is not necessary for the validity of any bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof.

3. Attorney(s)-in-Fact shall have power and authority to execute affidavits required to be attached to bonds, recognizances, contracts of indemnity or other conditional or obligatory undertakings and they shall also have power and authority to certify the financial statement of the Company and to copies of the By-Laws of the Company or any article or section thereof.

This Power of Attorney is signed and sealed by facsimile under and by authority of the following resolution adopted by the Executive and Finance Committees of the Boards of Directors of Reliance Insurance Company, United Pacific Insurance Company and Reliance National Indemnity Company by Unanimous Consent dated as of February 28, 1994 and by the Executive and Financial Committee of the Board of Directors of Reliance Surety Company by Unanimous Consent dated as of March 31, 1994.

"Resolved that the signatures of such directors and officers and the seal of the Company may be affixed to any such Power of Attorney or any certificates relating thereto by facsimile, and any such Power of Attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such Power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company, in the future with respect to any bond or undertaking to which it is attached."

IN WITNESS WHEREOF, the Companies have caused these presents to be signed and their corporate seals to be hereto affixed, this February 1, 1998.





RELIANCE SURETY COMPANY
RELIANCE INSURANCE COMPANY
UNITED PACIFIC INSURANCE COMPANY
RELIANCE NATIONAL INDEMNITY COMPANY

*David T. Akers*

STATE OF Pennsylvania
COUNTY OF Philadelphia  } ss.

On this, February 1, 1998, before me, Valencia Wortham, personally appeared David T. Akers, who acknowledged himself to be the Senior Vice President of the Reliance Surety Company, and the Vice President of Reliance Insurance Company, United Pacific Insurance Company, and Reliance National Indemnity Company and that as such, being authorized to do so, executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as its duly authorized officer.

In witness whereof, I hereunto set my hand and official seal.

*Valencia Wortham*
Notary Public in and for the State of Pennsylvania
Residing at Philadelphia

Notarial Seal
Valencia Wortham, Notary Public
Philadelphia, Philadelphia County
My Commission Expires Nov. 18, 2000

I, Anita Zippert, Secretary of RELIANCE SURETY COMPANY, RELIANCE INSURANCE COMPANY, UNITED PACIFIC INSURANCE COMPANY, and RELIANCE NATIONAL INDEMNITY COMPANY do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is still in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seals of said Companies this 27t day of April 19 98.




*Anita Zippert*
Secretary

THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW