# EXHIBIT
# 5



ZETLIN & DE CHIARA LLP
COUNSELORS AT LAW

July 11, 2002

Douglas Van Vleck
Managing Director, Construction
Dormitory Authority – State of New York
515 Broadway
Albany, New York  12207-2964

> Re:    Dormitory Authority of the State of New York Claim for
> Damages on the Baruch Academic Complex – Site  B

Dear Mr. Van Vleck:

We represent Kohn Pedersen Fox Associates P.C. ("KPF") in connection with the above-referenced claim.  This will serve as KPF's response to the May 30, 2002 claim of the Dormitory Authority of the State of New York ("DASNY") for damages purportedly resulting from KPF's provision of architectural services in connection with the design and construction of the Baruch Academic Complex – Site  B (the "Project").

## Background

DASNY retained KPF on behalf of the City University of New York ("CUNY") to provide certain architectural services for the Project pursuant to agreement number 650018023145, dated September 14, 1995 (the "Agreement").  Pursuant to the Agreement's scope of services, KPF was obligated to provide "detailed program development, architectural and engineering design, production of construction documents, cost estimates and construction administration".  Pursuant to the Agreement, KPF retained its own design consultants (collectively referred to as the "Design Team"), but KPF maintained responsibility for "the timely and efficient completion of all services performed by [KPF's consultants]".  DASNY retained TDX Construction Corp. ("TDX") as its construction manager.

## CUNY's Decision to Fast Track

During the Project's schematic design phase, as a result of CUNY's need to procure immediate funding, CUNY unilaterally directed DASNY to convert the Project to a fast track job.  This Project was never intended to be a fast track project.  As you are no doubt aware, KPF strenuously warned DASNY about the potential risks of converting this Project to fast track status.  More specifically, KPF issued several warnings that a fast track conversion would result in a multitude of additional change orders necessitated by modifications to the construction drawings.  Indeed, KPF's senior associate principal for the Project, Anthony J.

801 Second Avenue  New York, NY 10017
tel: 212.682.6800  fax: 212.682.6861
Offices in New Jersey and Long Island

www.zdlaw.com

DASNY_TRAVELERS2 010337

Douglas Van Vleck
July 11, 2002
Page 2

Mosellie, AIA, wrote to Mr. Nick D'Ambrosio of DASNY on April 27, 1999 that "while the Design Team was more than capable of fast tracking this project, Michael Kolk has doubts about the college, CUNY and DASNY's decision making processes and contracting group's abilities to demonstrate the necessary agility that would be required."

For their own reasons, CUNY and DASNY ignored KPF's warnings (and Mr. Kolk's doubts) and insisted that numerous portions of the design of the Project be accelerated. As KPF warned, this decision resulted in a large volume of change orders and a multitude of burdensome coordination issues. DASNY also ordered a series of owner-directed changes throughout the Project's design phases. These continual changes to the Project's approved program and scope impacted all of the various design packages and further complicated an already complex coordination process necessitated solely by CUNY's decision (and DASNY's concurrence) to fast track the Project.

Notwithstanding the allegations in DASNY's recent claim, KPF and its consultants worked diligently to coordinate their efforts to mitigate the impact of these owner-directed changes. In order to deal with some of the more troublesome issues during the design phase, KPF went above and beyond its contractual obligations by providing additional personnel for the field office and a senior level architect to supervise the review of steel shop drawings. Similarly, KPF and its consultants frequently turned around their shop drawings in half the time provided by the Agreement for the Design Team to do so. Finally, KPF accelerated the submittal process even though the contractors continuously failed to complete their submittals in accordance with TDX's schedule. As demonstrated by the foregoing, KPF did everything in its power to minimize the impact of CUNY's decision to fast track the Project.

While KPF did everything humanly possible to maintain the Project's budget and schedule, DASNY's construction manager was somewhat complacent in light of the obvious scheduling and contracting issues generated by CUNY and DASNY's decision to fast-tract this Project. For example, the well documented steel and exterior wall issues were not, in KPF's opinion, sufficiently managed by DASNY and its construction manager. Additional contractor coordination is an expected part of any fast track process and should have been incorporated into the Project schedule once the decision to fast track the Project was made. The failure to allow for additional necessary coordination in terms of both dollars and time has been well documented. As such, DASNY's attempt to hold KPF responsible for DASNY's own contractors' inability to manage a fast track project in the public sector is simply improper in light of the history of this Project.

**Conclusion**

In short, after discussions with our client and a review of the relevant correspondence, we believe that KPF and its consultants did an exemplary job of fulfilling their

DASNY_TRAVELERS2 010338

Douglas Van Vleck
July 11, 2002
Page 3

professional obligations to both DASNY and CUNY. Indeed, KPF provided DASNY with an exceptionally beautiful building which will continue to reflect favorably upon DASNY and CUNY decades after this matter is resolved. It is our understanding that DASNY's cost-related problems stem from DASNY and CUNY's late and ill conceived decisions regarding budget and schedule. If DASNY and CUNY wish to recover their purported cost-overruns, we strongly suggest that they focus their attention on those responsible for their problems rather than making the design team their scapegoats.

Very truly yours,

Michael K. De Chiara

RLH/cr

DASNY_TRAVELERS2 010339