# EXHIBIT
# 6

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**     **August 6,1999**

**TO:**       Nick D'Ambrosio

**FROM:**     John J. McCullough

**JOB:**      **Baruch College - Site B**

**RE:**       **Change Order No. GC1 - 004**

..............................................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $53,637.00 is for the cost of providing all labor, equipment and material necessary for the complete installation of the cement board and sheetrock enclosures above the louvers between the 2nd and 3rd floor per Architect's sketch no.SK-1698R.

This change order is to cover the cost of: providing a cement board and sheetrock enclosure to provide a as substrate to support the water proofing membrane and to maintain the required fire rating behind the brick veneer. The continuous bent plate as called for in detail 1 / S221 was change to 4" x 4" x 3/8" steel angles spaced at 2'-6" per RFI-SS127. This created the voids between the hangers which necessitated the need for the cement board and sheetrock enclosures for the waterproofing and fire rating.

The increase in the negotiated cost is to compensate the contractor for the degree of difficulty in performing the work. The enclosures were measured, fabricated and installed individually which required more handling time in order to fill in the space between the steel brackets. Because of material obstruction stored on the floor by other contractors, scaffoldings had to be disassembled and re-erected few times

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

DASNY_TRAVELERS2 103698

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**    **August 4, 1999**

**TO:**    Nick D'Ambrosio

**FROM:**    John J. McCullough

**JOB:**    **Baruch College - Site B**

**RE:**    **Change Order No. GC1 - 005**

..................................................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $57,652.00 is for the cost of providing all labor, equipment and material necessary for the complete installation of 1) sheet metal plate enclosures at the punched windows per Architect's sketch SK-1688 and 2) cement board and sheetrock enclosures at the brick shelf angle between the 1st and 2nd floor.

This change order is to cover the cost of providing the following:

1.  Sheet metal plate enclosure in lieu of the CMU required between the punched window jamb and steel column. Due to the limited space between the edge of the spray on fireproofing at the column and the edge of the concrete slab, we could only fit in a 2" piece of CMU veneer. This is structurally unsound and could not be used to laterally secure the brick veneer. Therefore, the detail was changed to a sheetmetal enclosure with the brick ties penetrating through and anchoring to the steel columns. We will be issuing a credit change order to Contract # 4 for not installing the CMU veneer.
2.  Cement board and sheetrock enclosure at the brick shelf angle between the 1st and 2nd floor. This will provide the necessary substrate to support the waterproofing membrane and provide the fire rating behind the brick veneer. The Engineer revised the brick shelf hanger from a continuous bent plate, which would have been the substrate for the waterproofing, to 8" long bent plate spaced at 2'-6" per RFI No. SS127. This created a void between the hangers which necessitated the need for the cement board and sheetrock enclosures for the waterproofing and fire rating.

The increase in the negotiated cost is to compensate the contractor for the degree of difficulty in performing this work. The 1st floor area is being utilized to provide temporary field offices and to stockpile materials, which make it very difficult to move around to install the enclosures. The enclosures were measured, fabricated and installed individually because they were placed between steel supporting brackets, which were not spaced equally. The enclosures were also built out of sequence to accommodate other contractors working in the same area.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission for both items 1 and 2.

DASNY_TRAVELERS2 096906

# TDX CONSTRUCTION CORPORATION

## MEMORANDUM

**DATE:**   7/28/1999

**TO:**   Nick D'Ambrosio

**FROM:**   John J. McCullough

**JOB:**   Baruch College - Site B  ( GC1 - 10 )

**RE:**   Fasteners Change  -- Trataros Const., Inc.

......................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $73,406.00 is for the differential cost due to material changes to fasteners in conformance to Architect's memorandum dated May 27, 1999. It was recommended that the 300 series be used in lieu of the 400 series fasteners for the field assembled wall system. The contractor complied by using Atlas brand, 14-14 HHB 300 series SS, self tapping pre-drilled fasteners. However, contractor's analysis on the 300 series self drilling fasteners revealed that its structural properties are inadequate. Alternatively, the contractor offered the more corrosive resistant with immunity to embrittlement "Elco Drill- Flex" ,Tex 3, Stalgard-coated fastener with SS bonded neoprene washer. The Architect accepted this alternative proposal.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design error.

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**      October 26, 1999

**TO:**        Nick D'Ambrosio

**FROM:**      John J. McCullough

**JOB:**       **Baruch College - Site B**

**RE:**        **GC1-016, ND-452**
...................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $21,137.00 is for the cost of providing all labor, equipment and material necessary for the complete installation of mineral wool sprayed-on fireproofing at the east elevation column enclosures, ground thru 13th floors.

The contractor applied sprayed-on fireproofing "mineral wool" in the six (6) column enclosures on each floor at the east elevation to maintain the 2 hour fire resistance rating of the party wall. A total of 78 column locations were treated on the 13 floors.

This change was a result of insufficient room behind the columns to install the 8" CMU block, which did not permit the exterior wall system to achieve the required 2 fire resistance rating. No details for fire rating enclosure of the columns were found in the contract drawings.

TDX found the estimate fair and reasonable and recommends its approval. The Contractor accepted TDX's estimate. This change was a result of design omission.

## TDX CONSTRUCTION CORPORATION

### MEMORANDUM

**DATE:**  **10/19/1999**

**TO:**  Nick D'Ambrosio

**FROM:**  John J. McCullough

**JOB:**  **Baruch College - Site B**

**RE:**  **C. O. No. GC1- 018**

..................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $ 264,550.00 is for the cost of providing all labor, equipment and materials for the complete installation of work resulting from the issuance of Architect's Memorandum dated May 11, 1999.

At a meeting held on May 10, 1999, it was concluded by all attendees (DASNY, Weidlinger, KPF, & TDX), that the effect of differential temperatures on the girt to girt column connections will have an anticipated thermal movement of ¼". Based on this accepted analyses, the contractor, Trataros Construction, Inc., was directed to incorporate this thermal movement in their design of the metal paneling and in the strip windows. The contractor claimed that the additional 1/4" expansion joint being incorporated in the metal paneling and strip windows are not part of the requirements of his contract. Upon review of the contract documents, the validity of the contractor's claim was considered based on the following:

- Contract details do not show any expansion joints in the metal siding system or in the strip windows nor do they mention that one is required.
- The contract specification for the metal siding system is based on performance criteria to meet certain specific parameters. These parameters are indicated in specification section 07410, para. 1.05 and thermal movement of the girts are not included or addressed in any of the parameters.
- Spec. section 07410, para. 1.05B only address requirements for thermal movement of the metal siding in itself and not for accommodations of thermal movement in the supporting steel girts.
- There is no requirement in the window specification section, 08500 that specifically addresses the thermal movement of the supporting structure or at the girt to girt connections.
- The structural steel contract drawings do not indicate any expansion joints between girts or make provisions in the connections for thermal movement of the girts. However, the steel contractor was issued a change order to ensure that a minimum of ¼"gap is allowed between girts for the anticipated movement.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

DASNY_TRAVELERS2 361540

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:** May 12, 2000

**TO:** Nick D'Ambrosio

**FROM:** John J. McCullough

**JOB:** **Baruch College - Site B**

**RE:** **GC1-022, ND-186**

........................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $35,956.00 is for the cost of providing all labor, equipment and material necessary for the complete installation of additional work in Bulletin No. 14 dated June 23, 1998, resulting from Mechanical drawings Nos. M-101, M-103, M-104, M106, M-108, M-109, M-115, M-116 & M-118.

The Contractor installed Gypsum Drywall enclosures around mechanical ducts at various locations throughout the building. They fastened the hanging enclosures to the metal deck ceilings at each location, then taped, sealed and finished the enclosures to achieve a 2-Hour fire rating at the ducts' point of entry into CMU walls.

The 2-Hour fire rated enclosures of the mechanical ducts as called out for in Bulletin No. 14 fall under the responsibility of General Construction Contract No. 1, Contract No. 15, and not the mechanical contractor in Contract No. 3.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 018386

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**        July 28, 2000

**TO:**          Nick D'Ambrosio

**FROM:**        John J. McCullough

**JOB:**         **Baruch College - Site B**

**RE:**          **GC1-023, ND-486**

........................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $7,442.00 is for the cost of providing all labor, equipment and material necessary for the complete removal and reinstallation of drywall partitions required for the installation of the additional support framing for the slab penetration under Change Order GC2-007, and to relocate the south wall in East MER on the 12th floor, resulting from Engineer's response to RFI CM-381.

Part I, the Contractor removed and re-installed Gypsum Board partitions in the electrical closets on the fourth through eleventh floors. This work was done under time and material tickets, covering the period from October 22 to 29, 1999 to allow for the installation of the structural reinforcement. A Change Order (GC2-007) was issued to Contract No. 16 to add supplemental steel framing to reinforce the slab openings.

Part II, the Contractor removed a double drywall Type '14' partition, east of the slab opening in the East MER on the 12th floor and re-framed it to enlarge the electrical closet. This work was done under time and material ticket on October 29, 1999 and in accordance with the Engineer's response to CM-RFI No. 381. This additional work was as a result of dimensional discrepancies in the architectural drawings.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 361666

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**  July 17, 2000

**TO:**  Nick D'Ambrosio

**FROM:**  John J. McCullough

**JOB:**  **Baruch College - Site B**

**RE:**  **GC1-025, ND-419**

.................................................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $ 17,295.00 is for the cost of providing all labor, equipment and material necessary for the complete installation of additional work for **Contract # 15-Carpentry sub-contractor only ( R & J )** for Bulletin Nos. 11, 15 and 24.

Bulletin # 11
Additional fire rated duct enclosures were added on the B-1 level at col. line A-8 and on the ground floor at col. Line 8-9 at E.3 to 3, col. line 9 at E.3 to 3 and col. line 10 at E.3 to 3. Soffits were also added to enclose the aluminum panel ceiling along the entrance corridor and on the fourth floor. The duct enclosures are required to maintain the rating of the walls.

Bulletin # 15
Additional labor due to added hardware.

Bulletin # 24
Required additional furring for twenty-five electrical panels between the second and twelfth floors. It also added insulation at stairs 4 and 5 above the second floor louvers and extended a wall in the third floor bathroom. The depth of the electrical panels are greater than the width of the partition types which necessitated the back of the wall to be furred out. The bathroom wall had to be extended in order to conceal the plumbing lines.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 064905

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**     May 16, 2000

**TO:**       Nick D'Ambrosio

**FROM:**     John J. McCullough

**JOB:**      **Baruch College - Site B**

**RE:**       **GC1-026, ND-435**

......................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $28,040.00 is for the cost of providing all labor, equipment and material necessary for the complete installation of firerated enclosures for the shaft opening in east MERs at 3rd thru 14th floors, resulting from Engineer's response to RFIs CM-309 and CM-242.

The Contractor installed additional partition Type 26A around mechanical ducts to enclose the shaft openings adjacent to the west wall of the east MERs. They fastened the hanging enclosures to the metal deck ceilings at each location, sealed and finished the enclosures to achieve a 2-hour fire rating at the ducts' point-of-entry into the CMU walls. Also, in response to CM-242, firestopping was applied around the pipes at the floor to maintain required fire rating.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 065389

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:** **January 24, 2000**

**TO:** Nick D'Ambrosio

**FROM:** John J. McCullough

**RE:** **Baruch College - Site B GC1 – 027**

.................................................................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $ 195,000.00 is for the cost of provide all labor, equipment and materials required for the complete implementation of the engineers sketch SK-1 revised date 12/16/99. The sketch provides for the reinforcing of the divider beams in the elevator shaft PE-6 through PE-11.

The above scope of work requires the contractor to furnish and install 48 members (TS 8 x 3 x ½). The members are to be installed on the top flange of the existing W6 x 16 to reinforce them from horizontal deflection resulting from the load that is place on them from the elevator brakes being applied. The contractor will erect scaffolding and netting as required to perform the above scope of work.

This change order covers the cost associated with Trataros sub-contractor, Empire City Iron Works to manufacture, deliver, manually hoist material to the location and install the steel tubes. This does not include any cost for repairing the damaged shaft liner, electrical cost for making the connection for the welding equipment, removal and re-installation of the counter weight brackets and re-aligning the elevators' rails.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

DASNY_TRAVELERS2 051171

# TDX CONSTRUCTION CORPORATION

## MEMORANDUM

**DATE:**      **04/10/00**

**TO:**         Nick D'Ambrosio

**FROM:**      John J. McCullough

**JOB:**        **Baruch College - Site B**

**RE:**         **C. O. No. GC1- 030**

................................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $ 40,152.00 is for the cost of providing all labor, equipment and materials for the complete installation of machine beams at Elevators SE-12; KE-13; PE 6 to 11; and PE 1 to 3; as modified per Engineer's comments to shop drawings L-3324-1, L-3324-2 and L-3324-3 and in accordance to SK CH 84, 85 & 86.

In a meeting held on January 5, 2000 with DASNY, TDX, Trataros and ACE Elevator, the following contract issues were discussed, evaluated and resolved.

- Original contract drawing A-422 indicated the location of the elevator machine beams with the top flange at the same elevation as top of slab and perpendicular to the building steel.
- Bulletin No. 13 was issued on 6/15/98 and located the top flange of PE 1, 2 &3 and KE/SE elevator machine beams to be at the same elevation as top of slab and skewed to the building steel.

Accordingly, it was recommended that a change order be issued to Trataros for the following:

- Provide fully recessed beams at the KE/SE elevator machine room, required as a result of headroom and space restriction.
- Provide non-recessed machine beams with bottom of machine beams at top of building steel at the PE 1, 2, 3 and PE 6-11 elevator machine rooms.

Using the above criteria, a net cost was arrived from the difference between semi-recessed to non-recessed beams as installed in the PE 1,2,3 and PE 6-11 shafts and the difference between semi-recessed beams as installed in the KE/SE shaft. This net additional cost was realized in favor of the contractor because the amount of labor expended to install a fully recessed skewed shear connection is substantially greater when compared to a semi-recessed straight bearing connection.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

DASNY_TRAVELERS2 066632

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**   **March 5, 2001**

**TO:**   Nick D'Ambrosio

**FROM:**   John J. McCullough

**JOB:**   **Baruch College - Site B**

**RE:**   **GC1-031, ND-652**

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of ($2,802.00) is for the credit change order for deleting ceiling type C-1 in B-1 mechanical room and elimination of one row of type C-2 wood ceiling at the southwest entrance ground floor, as well as for the complete installation of additional work in Bulletin No. 38 dated December 15, 1999.

Part I, the Contractor installed additional partition Type 6 at the B1-ME12 mechanical room to enlarge the room to fit the HVAC equipment and partition type 26A at the vestibule of the southwest entrance to maintain the rating of the wall behind the cabinet heater. They also installed cement board to support the waterproofing at Stair no. 1 roof bulkhead.

Part II, a credit is due for deletion of one (1) row of wood veneer ceiling panels (Type C-2) in the corridor of the main entrance. Also, a credit for deleted ceiling (Type C-1) in Cellar B-1 mechanical room, where the wall configuration was modified by the Architect, thus deleting the ceiling type.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

DASNY_TRAVELERS2 362079

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**    July 5, 2000

**TO:**    Nick D'Ambrosio

**FROM:**    John J. McCullough

**JOB:**    **Baruch College - Site B**

**RE:**    **GC1-032, ND-653**

...................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $24,713.00 is for the cost of providing all labor, equipment and material necessary for the complete installation of additional work in Bulletin No. 33 dated July 14, 1999, resulting from the Architect adding partition types, additional bracing in clerestory and revised fin tube enclosure framing, and Bulletin No. 26 dated January 20, 1999, resulting from Architectural drawings Nos. A-103, A-104, A-125 & A-137.

Part I, in Bulletin No. 33 the Contractor installed partitions Type 9C on 13th floor and 9D on 7th floor, additional cove at water curtain on 10th floor, bracing at the clerestory from 7th thru 12th floors, and revised fin tube enclosure framing from 3rd thru 14th floors. The additional partitions and cove were not shown in the original contract documents. The revisions to the clerestory window areas and the fin tube framing were necessary in order to accommodate anticipated lateral movement of the metal siding and curtain wall. The bracing of the knee wall, however, excludes the 500 units of steel tube supports at the knee wall along the perimeter that was quantified and paid for under a separate change order No. GC2-033 (RFI #550).

Part II, in Bulletin No. 26 the Contractor installed two (2) new partition walls on B-1/Cellar (A-103) and 2nd Floor RCP (A-125). A credit was taken for a partition wall that was added to the contract in Bulletin No. 25 on the Ground Floor (A-104), then deleted in Bulletin No. 26. Also, the Contractor installed Gypsum board ceiling for added linear return grilles in the Multipurpose Room on the 14th Floor RCP (A-137). The linear return grilles were added to return the air out of the room.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 362112

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**      **May 21, 2000**

**TO:**        Nick D'Ambrosio

**FROM:**     John J. McCullough

**RE:**        **Baruch College - Site B ND-445 GC1-034**

..............................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of **$ 45,436.00** is for the cost of providing all labor, equipment and materials required for the cost delta between metal track with a one (1") inch leg and metal track with a three (3") inch leg.

The contractor was affected by the response to the RFI to pin the depth of the concrete slab. Prior to the pouring of concrete on the ground floor, Shroid (Contract # 9, Concrete Superstructure) requested clarification through RFI SC-019 requesting clarification to determine which is the prevailing criteria for the pouring of the slab to an elevation of 31' or to provide a slab depth of 7 ½", when the top of steel was at an elevation of 30'-6". The response required the contractor to hold the elevation, however during the pouring of the concrete it was evident that the camber of the steel would not allow the concrete to cover the studs fasten to the beams. Subsequently additional RFIs (RFI CM-056, 051, 059 and 063) were issued that revised the Engineers response to RFI SC –019.

The results of pinning the slab provided the required depth of concrete and convering of the studs. However, the contractor was no longer able to achieve the tolerances as stated in the contract documents with respect to floor leveling, due to the deflection of the metal deck and the camber of the steel. The slab depth could not have been increased due to concerns of the additional dead load.

R & J Construction Corporation is the sub contractor for Trataros Construction, which is installing the gypsum partitions. R & J has made a request for a change order for compensation for the cost of cutting the metal studs and not being able to order the studs pre-cut to size.

As per our meeting dated October 8, 1999 with R&J and Trataros, R&J stated that they did not know at the time of installing the top track that there was an issue with the slab-to-slab heights. R&J was installing the top track after the pouring of the slab, and prior to the application of the spray on fireproofing.

As determined at the meeting, if the issue was brought to light prior to the installation of the top track, the situation could have been resolved by installing a top track with a 3" leg. This would have compensated for the deviations in the slab due to the pinning of the slab.

This change order is only compensating the contractor for the cost difference between the two different size tracks. The contractor is not going to be compensated for cutting of the studs.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

DASNY_TRAVELERS2 357740

## TDX CONSTRUCTION CORPORATION

### CHANGE ORDER MEMORANDUM

**DATE:**     July 28, 2000

**TO:**       Nick D'Ambrosio

**FROM:**     John J. McCullough

**JOB:**      **Baruch College - Site B**

**RE:**       **GC1-036, ND-390**

..............................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $47,194.00 is for the cost of providing all labor, equipment and material necessary for the complete installation of additional work in Bulletin No. 32 dated May 14, 1999, resulting in changes to Architectural drawings A-107 through A-109, A117 and A-386, including relocating door frames.

Part I, the Contractor removed and reinstalled (47) door frames on the 4th floor and (53) door frames on the 5th floors. The Architect revised the location of these door frames as per Bulletin No. 32, Note 3 which called for a minimum dimension of 1'-6" from the adjacent wall. This changed the previous Note 1 for "All hollow metal door frames shall be installed with a minimum of 4" off the adjacent wall…" on Bulletin No. 31. The Contractor removed the frames and studs, aligned the new layout and re-installed the door frames and studs. These changes also affected the metal stud framing in the partitions as well as relocating the already installed electrical work.

Part II, the Contractor installed partition types 26D, 30A & 37A in lieu of other wall types. These changes occurred at the East Elevation walls and other locations throughout the 3rd, 4th and 5th floors. The changes to these wall types were necessary in order to continue the fire rating of the adjacent walls.



TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Error.

DASNY_TRAVELERS2 089346

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**    **Sept. 26, 2000**

**TO:**    Nick D'Ambrosio

**FROM:**    John J. McCullough

**JOB:**    **Baruch College - Site B**

**RE:**    **Change Order No. GC1-037, Extension of Metal Pan Ceiling.**

......................................................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $42,191.00 is for the cost of providing all labor, equipment and materials for the extension of the metal pan ceiling at the bathroom areas as initiated by RFI GC1-215 and further clarified by the Architect's response to CM-RFI #622.

The architect stated that where ever a blank ceiling is indicated, it is to be interpreted as a sheetrock ceiling. After further review, it was determined that there is no documentation in the contract documents that support this interpretation. Sheetrock ceilings are specifically identified by the designation C-7 on the reflective ceiling plans which contradicts the architect's interpretation. In addition, these sheetrock borders were later identified through Bulletin No. 11 as sheetrock light cove pockets and not just a flat ceiling. This further contradicted the architect's interpretation.

To resolve this issue, the architect through CM-RFI # 622 changed the majority of the ceilings to reflect extending the metal pan ceiling directly to the wall and thus eliminating the borders. However, it was agreed with the contractor that one could interpret that there is some type of ceiling border in the bathrooms and it was agreed that due to this ambiguity, we will only take a credit of 50% on the worth of the sheetrock border towards the additional metal pan ceiling.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

DASNY_TRAVELERS2 357797

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**    November 6, 2000

**TO:**    Nick D'Ambrosio

**FROM:**    John J. McCullough

**JOB:**    **Baruch College - Site B**

**RE:**    **GC1-038, ND-584**

...................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $27,570.00 is for the cost of providing all labor, equipment and material necessary for the complete installation of additional work in Bulletin No. 21 dated September 22, 1998, resulting from the Architect adding partitions at various locations throughout the building and access doors at the roof and mechanical penthouse floors.

Part I, the Contractor installed additional Type 26 and 26A partitions at Stair B1-ST9 in cellar (B-1) and under stair No. 16 adjacent to the Auxiliary Gymnasium in sub-cellar (B-2), respectively. These additional partitions were necessary in order to enclose the underside of the stairwells.

Part II, the Contractor installed an oversized (3'x7') access door at the Mechanical Penthouse level (15th floor) at column line 9. This access door will provide access to the roof from the mechanical penthouse room.

Part III, the Contractor installed five (5) access doors on the roof at the North, South and West elevations to provide access from the roof into the metal siding parapet. One (1) access door will be installed at the West Elevation, one (1) at the South Elevation, and three (3) access doors will be installed on each one of the three tiered roof tops along the North Elevation.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

# TDX CONSTRUCTION CORPORATION

## MEMORANDUM

**DATE:**   **09/28/00**

**TO:**     Nick D'Ambrosio

**FROM:**   John J. McCullough

**JOB:**    **Baruch College - Site B**

**RE:**     **C. O. No. GC1- 039**

...........................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $24,334.00 is for the complete setting and installation of door frames that requires additional leveling adjustments due to the irregular contours in the flatness of the concrete floor slab

The provision of camber in the steel structure did not come out as designed, and due to the Architect's direction to maintain a constant thickness in the slab this resulted in the irregular flatness of the floor slab. An elevation survey of floors was conducted to determine the required adjustment and shimming of the door frames relative to actual floor conditions. A total of 334 door frames were affected which required shimming both legs of the door frames. It was determine that under normal conditions, the contractor would have had to shim only one leg. This change is to cover the cost for raising the door frame by shimming both legs.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design error.

DASNY_TRAVELERS2 098191

# TDX CONSTRUCTION CORPORATION

## MEMORANDUM

**DATE:**     **10/05/00**

**TO:**      Nick D'Ambrosio .

**FROM:**     John J. McCullough

**JOB:**      **Baruch College - Site B**

**RE:**      **C. O. No. GC1- 040**

..................................................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $9,932.00 is for the complete installation of the following works:

1. Relocating top track at east M.E.R.-1 (3rd to 11th Fl., and 13th Fl.) as per RFI GC1-165. There were dimensional discrepancies with the layout of the concrete curb and the layout of the south wall at east MER. Different grid lines were  used as dimensional reference and the misalignment between the curb and the wall was caused due to discrepancies in the drawing dimensions. The top track at the south wall of MER-1 was relocated to rectify the error.

2. Modification of RP-7 roof panels due to slab edge interference. The slab edge at elevation 246' (Roof level) along column line C.7 between grid lines 3 & 4 was poured too far out and encroached into the vertical mullions of the aluminum panels. The steel edge angle and portion of the affected slab edge was notched to allow space for the mullion to pass through. Extra cost incurred is for coordination and layout

3. SS Flashing at the 6th Floor parapet as per RFI CM-431. Additional SS flashing was installed to maintain the required air and water seals at the interface of the parapet and the curtain wall.

4. Fixing non-conforming steel between col. 2 and 5 at North elevation (elev. 264'-6 ½"). The tubular steel girt was up and down of the required alignment and prescribed tolerance."Zee" clips were added to allow adjustments in the installation of the wall panels. Corresponding credit charge will be issued against Midwest Steel, Inc.(Contract #2) for improper installation of the tubular girt.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design error.

DASNY_TRAVELERS2 364228

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**     **August 25, 2000**

**TO:**     Nick D'Ambrosio

**FROM:**     John J. McCullough

**JOB:**     **Baruch College - Site B**

**RE:**     **GC # 1, Contract # 15, CO # GC-1-041    ND # 625**

..................................................................................................……………………………………

      Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

      This change order in the amount of $ 39,128.00 is for the cost of providing all labor, equipment and materials for the complete installation of work indicated below:

      Part A- Extend the jambs of the interior punch window trim down to the floor. During the shop drawing review process for the punch windows, it was determined that there are no provisions in the contract documents to enclose the lower portion of the sheetrock partition where it returns back to the radiator enclosure underneath the window sill. To close off this void, the architect elected to extend the window trim down to the floor.

      Part B-Required the removal of the horizontal bracing at columns B-5 and B-7 on the fifth floor to accommodate the interior liner panel.
As per the structural drawings, there are horizontal tubes on the 5th floor between columns B-5 and B-7 to laterally brace the columns. However, these tubes are not shown in the architectural drawings and are interfering with the aluminum panel curtainwall. The horizontal tubes had to be removed and the columns were re-braced to the sprandel beams with steel plates.

      Part C-Provide additional shimming in order to properly fasten the MR-1 soffit to the structural horizontal tubing. The structural steel was too high.

      TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

DASNY_TRAVELERS2 057408

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

DATE:       **August 22, 2000**

TO:         Nick D'Ambrosio

FROM:       John J. McCullough

JOB:        **Baruch College - Site B**

RE:         **Contract # 15, GC # 1-042, ND # 555-15**

.................................................................................................……………………………….....

      Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

      This change order in the amount of $ 23,142.00 is for the cost of providing all labor, equipment and materials for the complete installation of work indicated below:

      Part A- Provide the necessary girt extension pieces for the south west corner between column lines 2 and 3. In order for GC # 1 to complete the installation of the exterior siding on the southwest corner of the structure, it was necessary to provide galvanized clips off of the girts to support the metal siding. As per architectural drawing A-374, the girts are extended beyond column line 2 to support the metal siding. This is contrary to what is shown on the structural drawings whereby the girts does not go beyond the column. Therefore, clips had to be provided to extend the girts to support the metal siding. In addition, the placement of the interior insulation had to be revised from the interior of the column to the exterior of the column through Bulletin # 21.

      Part B-Provide the necessary girt extension pieces for the northwest corner at column line A.2 to support the metal siding. The contract documents show the girts to be butted at the corner for support of the metal siding. However, due to the geometry of the building whereby the curvature on the north side is different than the curvature on the west side, it was not possible for the intersecting girts to butt against each other and provide a smooth substrate for the liner panel. Galvanized bent plates were provided by the contractor to span between the girts for support of the liner panel and finished panel.

      TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval.  It is our recommendation that the cost should be appropriated as a design omission.

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**       September 15, 2000

**TO:**         Nick D'Ambrosio

**FROM:**       John J. McCullough

**JOB:**        **Baruch College - Site B**

**RE:**         **GC1-044, ND-751**

...................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $17,307.00 is for the cost of providing all labor, equipment and material necessary for the complete installation of additional work for the removal and reinstallation of the punched window performance Mock-Up for re-testing, resulting from the Architect's Sketches SK-1756, 1757 and 1761.

At the Mock-Up Performance Test location in Miami, Florida, the mock up initially failed the air and water tests. Contract # 4 (masonry) and Contractor # 15 (G.C. 1) were directed to remove the brick façade and the punched window, respectively, to ascertain why the mock up failed. After investigation, the contract design was determined to be deficient in maintaining the required air and water seals. Subsequently, sketches 1756, 1757 and 1761 were issued by the architect to solve the problem which resulted in a change order (UM-007) to Contract # 4. This change order is to reimbursed Contract # 15 to remove the punched window from the mock-up and reassemble the entire punched window assembly after the masonry was re-installed and to re-test the mock up.

After the reinstallation of the punched window assembly and the revised waterproofing details, the mock up was re-tested and it passed the requirements as set forth by the Architect. The lab work was done by Construction Research Laboratory, Inc.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Error.

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**        February 2, 2001

**TO:**        Nick D'Ambrosio

**FROM:**        John J. McCullough

**JOB:**        **Baruch College - Site B**

**RE:**        **GC1-048, ND-817**

....................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $22,890.00 is for the cost of providing all labor, equipment and material necessary for the complete installation of drywall partitions for expansion joint framing and for the installation of the expansion joints at the 3rd, 4th, 5th & 14th floors on a time ticket basis, resulting from the Architect's response to RFI Nos. GC1-252, GC1-253 & CM-471.

The Contractor framed drywall partitions around expansion joints and installed horizontal expansion joints on the 3rd thru 5th & 14th floors to allow for interstory movement and for contraction and expansion. The horizontal expansion joints at the slabs were not shown in the contract drawings and the vertical expansion joints were not located by the architect until after the sheetrock walls were erected. The contractor had to go back and open up the walls to install these joints. Time and material tickets were kept covering a period from June 29, 2000, to August 3, 2000. On the other floors, 6th thru 13th, the architect located these joints prior to the erection of the drywall and therefore, there is no additional cost.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Error.

DASNY_TRAVELERS2 358036

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**        December 12, 2000

**TO:**          Nick D'Ambrosio

**FROM:**        John J. McCullough

**JOB:**         **Baruch College - Site B**

**RE:**          **GC1-049, ND-844**

...........................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $11,388.00 is for the cost of providing all labor, equipment and material necessary for the complete installation of additional work in Bulletin No. 28 dated February 10, 1999, resulting from the Architect modifying the elevator door frames to the west entry into PE 6 through 11 to receive a light fixture on floors 2, 5, 8 and 11.

The Contractor installed additional miscellaneous steel angles and stiffener plates at the head of the elevator door frames for passenger elevator nos. 6 through 11 at the west entry on four (4) floors. The Contractor cut out ¼" steel plate above the frames to allow for the installation of mounting brackets for a type LU-20 light fixture. A total of 24 stainless steel door frames have to be modified. There were no provisions in the contract documents for these light fixtures.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 358088

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**      **January 5, 2001**

**TO:**       Nick D'Ambrosio

**FROM:**     John J. McCullough

**JOB:**      **Baruch College - Site B**

**RE:**       Bulletin #25 and "C" Cap (LBL Skysystems)- ND # 281; C. O. No.:GC1-055-

.....................................................................................................................

   Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

   This change order in the amount of $123,722.00 is for the cost of providing all labor, equipment and materials required to complete the following works:

A.  Modifications to Ribbon Window, Curtain Wall, Punch Window, and Aluminum Panels, due to changes in the working points as generated by Bulletin #25.
B.  Provide end caps to the C- channels affecting 264 conditions at the brick openings.
C.  Cutting of connecting steel plates for the strip windows to clear the window stools.
D.  To conduct a feasibility review, engineering analysis, structural calculation, engineering shop drawings/detailing, as associated with the remedial "Cap" Option (Option "C"), all in accordance with Notice of Direction #295 dated 1/25/99.
E.  Switch from Acoustical seal to Fire code firestopping material for wall partition     types 11F, 30, 35, 38 & 40; and added partition type 42 on the ground floor, resulting from A/E changes in Bulletin #25.

   1. The issuance of Bulletin 25 modified the working points of the exterior sidings and curtain walls. As a result LBL Skysystems, the subcontractor for the curtain wall, ribbon window and the aluminum panels had to re-work the design and modify the previously submitted shop drawings. New calculations were necessary due to the resizing of the glass panels, particularly at the corner locations. Piece drawings were revised, to conform with the re-sizing and anchoring modifications. Material procurement order was placed on hold as this was similarly re-calculated. The major costs impact  was in the re-design and drafting works, and associated time cost incurred on meetings and coordination. Bulletin 25 also requires the installation of additional end caps to the C channel at brick openings.
   It is further noted that related claims by others affecting Bulletin 25 will be considered under a separate change order.

   2. Firecode firestopping was added in lieu of acoustical sealant in various corridors throughout the building, in order to achieve the required 2- hour fire rating at those locations. Type 42 partition was

DASNY_TRAVELERS2 081676

added at the southwest entry to enclose return with the stair lobby wall on the ground floor, as well as to finish off the interior of the Fire Commission Station (Room #1-181).

3. The meeting held at TDX field office on January 22, 1999, was to develop a direction on how best to interface the metal siding with the structural steel girt tolerances. From the four (4) options which were considered, it was agreed to adopt "Option C". This require the installation of a steel "cap" over the existing girts to meet the tolerances of the metal sidings. As a result, ND #295 was issued directing the contractor to proceed.

However, upon further review, and taking into consideration the impact of additional costs and time loss involved, it was decided to proceed under a different direction. Obviously, the contractor has made considerable progress towards coordination, engineering, and shop drawing preparation before the stop order was issued on 3/05/99. Accordingly, the contractor is being compensated for his claim up to the time of stoppage. Furthermore, due to varied girt tolerances, additional cost was incurred in the cutting of connecting steel plates that interferes with the installation of the finished window stools. As noted in previous change order GC1-011, this change covers only the claim by the window and curtain wall subcontractor, LBL Skysystems.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that cost be appropriated as a design omission

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**    **January 5, 2001**

**TO:**    Nick D'Ambrosio

**FROM:**    John J. McCullough

**JOB:**    **Baruch College - Site B**

**RE:**    **GC1-056- Modification of louvers**

..................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $6,223.00 is for the cost of providing all labor, equipment and materials required for the modification of the exterior louvers at the southwest corner of the 2nd floor.

Field condition shows that the tubular steel girt is in the way and obstructing the installation of the pre-fabricated aluminum louvers at the southwest corner, 2nd floor level. This was due to the discrepancy between the architectural and the structural drawings. SK Ch-40 was issued to Contract 2- Structural Steel, to add a tubular frame at the louver's head. However, this failed to take into consideration that the tubular steel was in the way of a recessed type louver. The louver was manufactured as per Architectural and approved shop drawing, but could not fit between the existing tubular steel frames. At the field meeting, it was decided that the whole louver and its sub frame be modified to fit the existing condition. Re-working was done at the sub-contractor's shop and includes disassembly, cutting of the frame and blades, painting, trimming and re-assembly. Re-delivery cost was added to the estimate.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design error.

DASNY_TRAVELERS1 147845

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**    April 27, 2001

**TO:**    Nick D'Ambrosio

**FROM:**    John J. McCullough

**JOB:**    **Baruch College - Site B**

**RE:**    **GC1-057, ND-979**

....................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $4,725.00 is for the cost of providing all labor, equipment and material necessary for the complete installation of additional black iron and main tees to reinforce hanging ceiling grid to support the light fixtures, resulting from Architect's response to RFI GC1-272 and Sketch SK-2257.

The Contractor installed additional black iron, main tees, clip angles and 1"x 2" angle molding in lieu of the contract standard molding in the hung ceiling in the Faculty Staff Lounge 14-290 & Breakout Rooms 14-285, 14-266 & 14-267. This work was required because the contract documents did not indicate the required supports for the light fixtures where one side is abutting against a sheetrock ceiling and the other side a hung ceiling

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 358480

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**       **January 4, 2001**

**TO:**         Nick D'Ambrosio

**FROM:**       John J. McCullough

**JOB:**        **Baruch College - Site B**

**RE:**         **Ceiling at North  Atrium – Change Order No. GC1-058**

........................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $75,047.00 is for the cost of providing all labor, equipment and materials required for the complete installation of painted aluminum ceiling at the north atrium between column  lines  5 and 7 in accordance with revision issued under Bulletin 11.

Drawing A-129, Bulletin 9 is part of the contract document under contract 15- GC1. This particular contract drawing indicate the painted aluminum ceiling panels at the north atrium between column lines 5-7. However, through section detail 4/A737 this ceiling is specifically noted as being part of contract 16- GC2. When  Bulletin 11 was issued as part of the bid documents for contract 16, drawing A-129 was revised with an addendum which clarified that the interior ceiling panels is now included under contract 15. In effect the interior aluminum ceiling panel was never included in the bid requirements of either contract at time of bid. This was only clarified when Bulletin 11 was issued and after the award of contract 15.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval.  It is our recommendation that this should be appropriated as  a design omission.

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**   **January 28, 2002**

**TO:**   Nick D'Ambrosio

**FROM:**   John J. McCullough

**JOB:**   **Baruch College - Site B**

**RE:**   **Change Order No. GC1-059, GWB Control Joints.**
..........................................................................................................................................................

      Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

      This change order in the amount of $1,578.00 is for the cost of providing all labor, equipment and materials for the complete installation of GWB control joints in accordance with Bulletin 41.

      Bulletin 41 added additional GWB control joints at the interior walls of the atrium area. These joints are not shown in the contract documents but are required to accommodate for any movement.

      TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

DASNY_TRAVELERS2 358512

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**      April 2, 2001

**TO:**        Nick D'Ambrosio

**FROM:**      John J. McCullough

**JOB:**       **Baruch College - Site B**

**RE:**        **GC1-060, ND-772**

...................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $6,137.00 is for the cost of providing all labor, equipment and material necessary for the complete installation of raised platforms, door and hardware, and VCT floor in storage rooms (3-126 & 4-126) behind Stair No. 7 on the 3rd & 4th floors, resulting from the Architect's response to RFI No. CM-590.

The Contractor will build a raised platform for two (2) storage rooms 24" high. They will cut and install 4x4 posts, build a cribbing of 2x8 support planks, and fasten plywood floors. Then a vinyl composition tile (VCT) will be glued to the plywood to complete the floor surface of the raised platforms. The contract drawings did not account for the difference in floor elevations between the classrooms and the storage rooms.

On the 4th floor, a metal door, frame and hardware will be installed to provide access from the adjacent classroom (4-125) to the storage room. To install the door, remedial work will be done to the metal stud framing previously installed.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**　　**January 25, 2001**

**TO:**　　　Nick D'Ambrosio

**FROM:**　　John J. McCullough

**RE:**　　　**Baruch College - Site B, CO # GC1 - 061, ND # 1051 S.S. Cladding Escalators 5-10**

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $ 150,002.00 is for the cost of providing all labor, equipment and materials required for the complete installation of stainless steel cladding on the vertical side of the escalator truss on Escalator Numbers 5, 6, 7, 8, 9 and 10.

A meeting was held at the TDX Field Office on December 19, 2000 when the contractor requested additional compensation for the vertical portion of the stainless steel cladding that surrounded the escalator truss. The contractor stated that by contract they were only obligated to provide stainless steel cladding on the horizontal portion of the enclosures. The attendees at the meeting were; representing DASNY- Nick D' Ambrosio & John Mueller; TDX- Ray Leu, James R. Jones & John E. DeMase and for Trataros- Athena Curis, John Clark & Ramesh Rangaswamy.

Another meeting was held at the TDX Field Office and the attendees were; representing DASNY- Nick D'Ambrosio and John Mueller; KPF- Chris Stoddard and Paul Sheehan and for TDX- John McCullough, Ray Leu and James R. Jones. At this meeting, the architect could not support their interpretation of the contract documents whereby we bought stainless steel cladding on all sides of the escalator truss as pert of the contract. Upon the conclusion of the meeting, DASNY requested TDX to provide the following cost analysis: (1) providing stainless steel on all exposed surfaces as shown on the approved shop drawings, (2) providing gypsum soffit with the sides being clad with stainless steel and taking the cost into consideration to reconfigure the misc. steel to accept a flush gypsum soffit.

The estimates determined that the cost for providing the reconfiguration to install a gypsum soffit would be $ 113,053.00 and the cost to install all stainless steel would be $ 116,964.00. The costs are approximately the same.

Based on these findings, the DASNY directed the contractor to proceed with the installation of all stainless steel cladding as an extra to his contract.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**     **March 29, 2001**

**TO:**       Nick D'Ambrosio

**FROM:**     John J. McCullough

**JOB:**      **Baruch College - Site B**

**RE:**       **Change Order No. GC1-063 ND #859**

...............................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $26,717.00 is for the cost of providing all labor, equipment and material necessary to install 'spinglock' stainless steel flashing at the head and sill of the 2nd floor louvers as per the Architect's response to CM RFI #661.

The contract documents did not call for the installation of drip leg in the existing stainless steel flashing at the head and sill of the 2nd floor louvers. As a result, the Architect in response to CM-RFI #661, calls for the installation of supplemental stainless steel drip leg flashing as indicated in attached sketch 1of 1, dated 9/18/00. This drip leg will keep rain water away from the joint at the head.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

### TDX CONSTRUCTION CORPORATION

### CHANGE ORDER MEMORANDUM

**DATE:**  **May 10, 2001**

**TO:**  Nick D'Ambrosio

**FROM:**  John J. McCullough

**JOB:**  **Baruch College - Site B**

**RE:**  **Change Order No. GC1-066 ND #1065**

........................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $2,662.00 is for the cost of providing all labor, equipment and materials necessary to install a 2 hour rated GWB shaftwall and stainless steel grating over the exterior door to Equipment room no. 1-132 as per detail 2/A-362 on Bulletin #39, dated 1/25/00.

An exhaust fan and fire smoke damper were added through Bulletin No. 39 to provide air circulation in the equipment room where the compressor rack for the refrigeration equipment will be located. As a result, a (2) hour rated GWB shaftwall has to be install above the exterior door up to the underside of the deck to enclose the fire smoke damper and a new stainless steel grating has to be install to vent the air.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

DASNY_TRAVELERS2 359008

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**      March 15, 2001

**TO:**         Nick D'Ambrosio

**FROM:**     John J. McCullough

**JOB:**         Baruch College - Site B

**RE:**          GC1-067, ND-980

...................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $25,922.00 is for the cost of providing all labor, equipment and material necessary for the complete re-aligning and re-adjusting of the main and counterweight rail brackets of Passenger Elevators (PE6-PE11), due to the installation of additional structural steel for the elevator shaft. Also, provide off-site storage for both Elevator HPE-14 and Escalators Nos. 1-4, resulting from schedule delays in contract work.

Part I, the Contractor stopped work for approximately four (4) weeks on Passenger Elevators Nos. PE-6 thru PE-11 due to structural steel being added to stiffen the divider beams within the shafts as per C.O. # GC1-027. During this shutdown period, the three (3) sky climber rentals were not used but remained on site. After the installation of the additional steel, the counterweight rail brackets had to be relocated from the existing steel beams to the top of the new tube steel. Also, the elevator rails had to be realigned and readjusted at PE-6 thru PE-8, from the 3rd thru the 11th floors. A total of twenty-four (24) rail brackets were removed and reinstalled.

Part II, the Contractor fabricated the parts for Elevator No. HPE-14 in accordance with the contract schedule. They could not deliver the twenty-five (25) pieces of this elevator to the site since the work area was not ready for installation due to delays on the project. In order not to lose the manufacturing slot and to assure delivery of the elevator as required, it was cost effective to have the parts fabricated and stored off-site in lieu of incurring escalation costs. The elevator parts were stored off-site at Harrison Warehousing, Inc., in Harrison, New Jersey, from January 2000 thru May 2000, for a total period of five (5) months.

Part III, the Contractor also fabricated Escalators Nos. 1-4 in accordance with the contract schedule but could not deliver the four (4) escalators to the site since the work areas on the Ground floor and in the basement were not ready for its installation due to delays on the project. In order not to lose the manufacturing slot and to assure delivery of the escalators as required, it was cost effective to have the escalators fabricated and stored off-site in lieu of incurring escalation costs. The escalators were stored off-site at Harrison Warehousing, Inc., in Harrison, New Jersey, from July 1999 thru April 2000, for a period of ten (10) months. Based on the original contract schedule, the installation of the escalators was planned to begin February 1999 and completed by July 1999.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Error for the rail adjustment and a Field Change for the off-site storage.

DASNY_TRAVELERS2 098475

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**    3/09/01

**TO:**    Nick D'Ambrosio

**FROM:**    John J. McCullough

**JOB:**    **Baruch College - Site B**

**RE:**    **GC1- 068, Trataros Construction, Inc.**

..............................................................................................................................................................

    Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

    <u>This change order in the amount of  $20,707.00 is for the cost of providing all labor, equipment and materials required for the following work:</u>

- <u>Provide aluminum face plates at column enclosures as per CM- RFI #565</u>
- <u>Remove and reverse existing bolts that interferes with the installation of windows and allow additional time for the installation of same as per CM-RFI #553.</u>

    This change order is to provide aluminum face plates for the column enclosures at locations where the specified sheetrock cannot be installed due to insufficient space between the steel column and windows. The 10 columns affected are located along grid lines 3 and 4, from the 7th through the 12th floors, at the south elevation. The contractor has to conduct field measurements prior to shop fabrication of the aluminum face plates. The plates are then pre-painted to match the GWB column enclosures.

    Moreover, the installation of 12 ribbon windows at the 8, 9 and 10th floors, south elevation requires additional time due to the interference of existing steel bolts at the splice connections. The bolts were reversed and in some cases were replaced with welded connections.

    TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated due to design error.

DASNY_TRAVELERS2 365223

# TDX CONSTRUCTION CORPORATION

## MEMORANDUM

**DATE:** **4/17/01**

**TO:** Nick D'Ambrosio

**FROM:** John J. McCullough

**JOB:** **Baruch College - Site B**

**RE:** **C. O. No. GC1- 069**

...............................................................................................................................................................

     Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

     This change order in the amount of $7,589.00 is for the complete installation of the following work:

1. Additional supports for the window wall as clarified under Item No. 4, CM Memorandum dated Sept. 14, 2000. CM-RFI #693 was issued to modify Detail 2/A-365. Since there was no lintel or CMU below the top of the steel tube, tubular hangers with clip angle connectors were provided from the girt to hold the window wall. The original hung lintel to support the window wall was not shown on the structural drawings nor indicated to be provided by Contract 15 or 16 on the architectural drawings.

2. Modification of existing steel angles to allow for the finished panels and louvers to be installed as per the response to RFI GC1-325 and RFI CM-580. The bottom portion of the existing angles is in the way of the aluminum panels and louvers. The steel angle was notched and reinforced to clear the finishes.

3. Field modification of framing supports to MR-14 and MR-16 as initiated by the contractor's memo dated 9/20/00. To enable the contractor to install the curtain wall frames, additional angle supports were added to extend the edge of the concrete floor slab.

4. Additional 3" aluminum piece was added to close the gap at the intersection of the south roof metal parapet wall with RP-6 and RP-11 due to discrepancy in dimensions in the contract drawings.

     TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission

DASNY_TRAVELERS1 153984

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**     **3/30/01**

**TO:**       Nick D'Ambrosio

**FROM:**     John J. McCullough

**JOB:**      **Baruch College - Site B**

**RE:**       **GC1- 070- Column Enclosures at Roof --Trataros Const., Inc.**

..................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $ 34,983.00 is for the cost of providing all labor, equipment and materials for the complete installation of painted aluminum column enclosures at the roof level as per the response to GC-1 RFI #255 and Bulletin #11.

GC1 Contract drawing A-120 does not show any column enclosures as stated by the contractor in his request for information GC1-RFI #255. In response, the Architect clarified that column enclosures are required as per Bulletin 11 and is now included under Contract 15. These enclosures are located along column grid lines C.7/ 4, 5 & 6 at the roof level. Aluminum frames and aluminum face plates are to be installed in triangular shape panels and covering the existing steel columns.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**      April 17, 2001

**TO:**        Nick D'Ambrosio

**FROM:**      John J. McCullough

**JOB:**       **Baruch College - Site B**

**RE:**        **GC1-072, ND-1097**

..................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $5,234.00 is for the cost of Provide all labor, equipment and material necessary for the complete installation of additional miscellaneous steel for the following items:

1.  Modifications to curtainwall anchors on the North Elevation between Column Line A/7-8 on the 4th thru 6th floors, resulting from Architect's response to the subcontractor's shop drawings.
2.  Overhang the aluminum coping on the roof along Column Line C.7, resulting from field survey of existing structural steel.

Part I, the Contractor installed three (3) additional anchors for the curtain wall at the North Elevation on the 4th, 5th and 6th floors. The structural supports, one (1) at each floor, were added to fasten the curtain wall panels (RP-1) to ensure structural stability due to the slab angles not shown on the structural drawings and therefore, not installed to support the curtainwall.

Part II, the Contractor had to overhang the aluminum coping to follow the existing structural steel columns and beams.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as 50% Design Omission and 50% Field X.

DASNY_TRAVELERS2 021065

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**     July 12, 2001

**TO:**        Nick D'Ambrosio

**FROM:**    John J. McCullough

**JOB:**       **Baruch College - Site B**

**RE:**        **GC1-074, ND-978**

...........................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $2,411.00 is for the cost of providing all labor, equipment and material necessary for the complete installation of additional structural steel at the southwest canopy, resulting from Architectural sketches SK-2254, SK-2255 & SK-2256.

The Contractor engineered and fabricated additional tube steel as cross brace for the three (3) stainless steel fins at the southwest entry. These horizontal members, which will be embedded in the granite base, will provide reinforcement to the vertical posts that frame the stainless steel fins. The Contractor fabricated the steel members and welded them in place in the shop. They will insert a compressible joint filler between the existing steel members and the granite in the field. The tubes will then be packed into the granite by a cement filler, as shown in Sketch SK-2256.

The contract documents did not show these cross braces. When the problem was identified, the contractor had already begun to fabricate the southwest canopy fins, and therefore requested to be reimbursed for the initial work that had begun prior to the re-design and re-fabrication of the members.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as Design Error.