# EXHIBIT
# 6 – Part 2

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**      March 1, 2002

**TO:**         Nick D'Ambrosio

**FROM:**     John J. McCullough

**JOB:**        **Baruch College - Site B**

**RE:**         **GC1-076, ND-1081**

...............................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $18,140.00 is for the cost of providing all labor, equipment and material necessary for the complete installation of neoprene joint filler and metal angle framing to transition the gypsum drywall to the window mullions and fin tube enclosures on the 7th thru 14th floors, resulting from the Architect's response to RFI CM-628 and memorandum dated March 7, 2001.

The Architect revised the thickness of the neoprene filler from ¼" to 1" on the contractor's sketch of Typical wall @ Mullion (GC2-110). The architect also wants to maintain the thickness of the drywall partition to be 2-1/2" the same width as the window mullion. In order to do this, we need a (1") inch metal stud, which does not exist. The smallest stud is 1-5/8" wide. Therefore, the contractor had to install two (2) 2"x1" metal angles for the tracks and in fill with 7/8" hat channels as studs. None of this extra work was in the contract documents.

The contractor performed this work at one-hundred and sixty-one (161) window mullion locations at the north, west and south elevations on the 7th thru 14th floors.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 020250

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**   June 13, 2002

**TO:**   Nick D'Ambrosio

**FROM:**   Ray Leu

**JOB:**   **Baruch College - Site B**

**RE:**   **GC1-078, ND #1138**

..................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $8,164.00 is for providing all labor, equipment and material necessary for the complete installation of corrective work at the North Elevation strip windows, between column line 8 and 12, due to elevation differences at the shelf relieving angles. This change resulted from the Engineer's response to RFIs Nos. CM-110 and CM-111.

The sag in the shelf relieving angles impacted the brick contractor, who had to feather and shave five (5) courses of brick to compensate for the difference in elevations and to keep the level line consistent with the joints (see Contract No. 4 change order No. UM-014, ND #320). This, in turn, affected the final alignment of the masonry openings for the strip windows. The window subcontractor (LBL Sky systems) had to cut the channels to fit inside the openings, then weld steel angles to the underside of the channels in order to modify the anchoring system of the windows.

The above work was as a result of the lintels being welded to the steel tubes by design. As per AISC Standard Mill Practice, a 30'-0" steel tube can have a variation in straightness of ¼", a twist of 1-1/8" and an erection tolerance of another 3/16" in any direction. No provisions were made to adjust the lintels In the field to accommodate these manufacturing and erection tolerances.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Error.

DASNY_TRAVELERS2 026857

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**    **April 8, 2002**

**TO:**    **Nick D'Ambrosio**

**FROM:**    **Ray Leu**

**RE:**    **Baruch College - Site B, CO # GC1 – 080, ND # 830, Insulation at Window Head**

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $ 12,465.00 is for the cost of providing all labor, equipment and materials required for the complete installation of 2 ½" thick insulation at the header of the Operable Ribbon Windows, which will meet the insulation around the girts as per the architect's comments on the approved shop drawing submittal # 15-07410-0045-1.

The contract documents does not show this insulation at these windows on the north and west elevations. However, the Architect is requiring that the insulation be continued from the back of the panel wall system and around the girt to the window header in order to maintain a continuous vapor barrier. The insulation is to be 2 ½" foil faced semi-rigid insulation (CW 90) taped in place to the window header framing and foil taped at all seams and at all adjacent construction.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

DASNY_TRAVELERS2 336385

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**      **June 15, 2001**

**TO:**      Nick D'Ambrosio

**FROM:**      John J. McCullough

**JOB:**      **Baruch College - Site B**

**RE:**      **GC1-083- ND 1053- Leader line adjacent to the hotel**

.....................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $15,385.00 is for the complete installation and relocation of a leader line adjacent to the existing hotel as per KPF memorandum, dated 1/26/2001 and CM-RFI # 828.

A field inspection was conducted on the condition of the existing leader line at the east façade adjacent to the existing hotel parapet wall. Based on observations, it was decided that this leader line would not accommodate the rain water cascading off of our façade and from our new gutter on top of the hotel parapet. Therefore, a new stainless steel leader line with screen and downspout were installed at the south end of the new gutter to handle the water exiting the gutter. After the work was completed, the leader was relocated due to objections made by the CO-OP that we were dispensing the water onto their roof.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

DASNY_TRAVELERS1 037407

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

DATE:          September 21, 2001

TO:            Nick D'Ambrosio

FROM:          John J. McCullough

JOB:           **Baruch College - Site B**

RE:            **Change Order No. GC1-087 - ND #944**

........................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $10,511.00 is for the cost of providing all labor, equipment and materials necessary to change the aluminum panels to type GL-3B insulated spandrel glass at the 2nd floor west strip windows as per the memorandum from the Architect, dated 11/8/00 with attached sketches SK-2384 and SK-2385.

The Aluminum panels at the 2nd floor strip window were installed as per the Contract Documents. Subsequently, the Architect issued a design modification via a memorandum, dated 11/8/00, which changed the aluminum panels to glass type GL-3B to provide a uniform look at the west strip windows.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design error.

DASNY_TRAVELERS2 076616

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**     July 27, 2001

**TO:**     Nick D'Ambrosio

**FROM:**     John J. McCullough

**JOB:**     **Baruch College - Site B**

**RE:**     **GC1-088, ND-1139**

.......................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $41,309.00 is for the cost of all labor, equipment and material necessary for the following additional work:

   a.   Remove and re-install shaftwall liner at the Passenger Elevators (PE6-PE11) on the 3rd, 5th, 9th-11th floors and drywall at the south atrium on the 9th-11th floors to install partition supports, resulting from A/E's response to RFI No. CM-655.
   b.   Remove and replace sections of ceiling in the safe corridors to install new fire smoke dampers as per CM RFI # 461
   c.   Modify ceiling heights at the 12th floor tier classroom, resulting from A/E's Sketch Nos. 2305 & 2305A.
   d.   Install grounds for projectors on the 13th & 14th floors
   e.   Provide a skim coat of plaster on top of the cement board in the dark room and in the photo-lab rooms as per the A/E's response to RFI No. GC1-208.

The above work was recorded under time and material tickets.

Part A, the contractor removed and reinstalled shaftwall liner and drywall in order to allow for the installation of additional steel along the slab edge (see Change Order No. GC2-051, ND No. 793) on the 3rd, 5th, 9th thru 11th floors and at the south atrium. This steel is necessary in order to provide intermediate supports for the partitions that spanned multiple floors.

Part B, the contractor removed and re-installed a portion of the safe corridor ceiling so that additional fire smoke dampers can be installed to relieve the return air above the safe corridor into the atrium areas. These dampers were not shown in the contract documents..

Part C, the contractor installed fascias and soffits to raise the ceiling height to clear the existing steel beams.

DASNY_TRAVELERS2 026885

Part D, the contractor installed grounds for the overhead ceiling projectors on the 13th and 14th floors. These grounds are not shown in the contract documents and are not included in the audio/visual bid package.

Part E, as per the contract documents, only cement boards are called for in the dark room and the photo-lab rooms.  Cement board is unfinished and required a skim coat of plaster before painting. This skim coat is not shown in the contract documents.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 026886

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**      **August 21, 2001**

**TO:**       Nick D'Ambrosio

**FROM:**     John J. McCullough

**JOB:**      **Baruch College - Site B**

**RE:**       **GC1-089, ND-866**

...........................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $22,465.00 is for the cost of providing all labor, equipment and material necessary for the modification of ceilings to accommodate the diffusers in accordance with the Architect's sketch # 2338 and # 2338/2, dated October 2, 2000 and to fill in the perforated holes as per sketch no. 2471.

The contract locations of the diffusers were in conflict with the exterior girt and its insulation. The contractor had to modify the ceiling grid to allow at least one cut tile between the diffuser and the blind pocket. The slot diffuser was then installed as close as possible to the glass or no more than 5 ¼" from the blind pocket. These modifications affected the perimeter rooms at the north side between column lines 8 and 12 from the 3rd to the 12th floor; and similarly on the south elevation, from the 6th to the 12th floor.

The architect in his sketch no. 2471 wants some of the perforated holes in the wood ceiling tiles in the 11th floor atrium to be filled in for aesthetic reasons.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

DASNY_TRAVELERS2 336111

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**      **July 27, 2001**

**TO:**       Nick D'Ambrosio

**FROM:**      John J. McCullough

**JOB:**       **Baruch College - Site B**

**RE:**        **Change Order No. GC1-090 - ND #784**

..................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $11,771.00 is for the cost of providing all labor, equipment and materials necessary to install stainless steel flashing at the Cooling Tower roof between the wall panels and the columns on the north elevation between columns 2.1 and 10, on the west elevation between columns B and C.7 and on the south elevation between columns 2.1 and 7, as per the response to RFI #GC1-260, dated 6/12/01.

This additional work is necessary in order to maintain a continuous air seal at the cooling tower roof between the perimeter block curb and the back of the wall panels. The stainless steel air seal had to be scribed, trimmed, patched and sealed around the structural columns that encroach into the plane of the parapet. The contract drawings does not show the columns encroaching into the parapet nor does it show the air seal being impeded by the columns.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design error.

DASNY_TRAVELERS1 146326

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

DATE:        September 7, 2001

TO:          Nick D'Ambrosio

FROM:        John J. McCullough

JOB:         Baruch College - Site B

RE:          Change Order No. GC1-091 - ND #479

..............................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $8,661.00 is for the cost of providing all labor, equipment and materials necessary to:
A) Provide insulation at the 120' girt at the North Clearestory between column lines 8 and 12 at the 5th floor as per RFI #GC1-199.
B) Provide 10-gauge double angle steel support along column 9 between floors 4 through 12 as per CM-RFI #642 dated 7/28/00.
C) Extend aluminum jamb extrusion at exterior preformed wall panel at North Elevation at column line 12 as per RFI-GC1-318.

A) At the 5th floor north clearestory the horizontal girt to girt condition is atypical to the project. However, due to steel fabrication and erection issues the girts have been bolted together. To minimize the thermal impact on these girts, KPF issued memorandum dated 9/20/99 instructing the CM to direct the contractor to insulate the exterior of the girt as indicated on attached sketch SK-2107.
B) On floors 4 through 12 the horizontal girt steel at the clearestory windowsill stops at the center of column line 9 in the north elevation. hence, there is no support for the head of the wall panel system at these location because it was designed to terminate at the louver jamb 1'-0" west of column 9. KPF's response to CM-RFI #642 called for the installation of a double10 gauge galvanized extension angle from the bottom of the tube above towed down to carry the panel system. Accordingly, the contractor was directed to install the double 10 gauge galvanized extension angles at floors 4 through 12, as required.
C) The contract drawing 2/A-302 indicated the aluminum jamb extrusion at the north elevation along column line 12 stopping at the roof of the adjacent building. However. KPF response to RFI #GC1-318 called for the corner trim to continue to bottom of metal siding at 3rd floor windows as per elevation 1/A-306.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design error.

DASNY_TRAVELERS2 076622

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**      July 25, 2001

**TO:**        Nick D'Ambrosio

**FROM:**      John J. McCullough

**JOB:**       **Baruch College - Site B**

**RE:**        **GC1-092, ND-897**

........................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $7,595.00 is for the cost of providing all labor, equipment and material necessary for the complete removal and re-installation of the drywall at the blind pockets on floors 6 through 14 on the north side, resulting from the architect's response to RFI GC2-146. The work was recorded under time and material tickets.

Due to the geometry of the building, there is insufficient space between the top of the blind pockets and the steel girts to continue the sheet rock soffit to the windows. This became apparent when we could not install the blind pockets. Therefore, the sheet rock had to be trimmed back to allow the blind pocket to be installed and another layer of sheet rock had to be added to conceal the top of the blind pocket. In addition, the sheet rock was held back to allow for any wind deflection on the exterior façade.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Error.

DASNY_TRAVELERS2 099772

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**    August 6, 2001

**TO:**    Nick D'Ambrosio

**FROM:**    John J. McCullough

**JOB:**    **Baruch College - Site B**

**RE:**    **GC1-095, ND-1056**

.................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $26,453.00 is for the cost of providing all labor, equipment and material necessary to undercut the stainless steel doors as required at various locations throughout the building.

Since the provision of camber in the structural steel did not come out as designed and the thickness of the structural deck could not be increased due to concerns with additional dead loads, the deck was maintained at a constant thickness. This resulted in the irregular flatness of the floor slab. Self-leveling concrete floor fill was installed to rectify the undulating slabs and/or to bring the slab back to theoretical elevations in the corridors and in other public areas. However, this work impacted the elevations of the doors, since the door frames had been previously installed off of existing slab elevations to minimize the amount of leveling that would be required in the room side. This required (51) stainless steel doors out of (334) to be shipped back to the factory to be undercut.

Atlantic Hardware is the supplier for Trataros Construction, which furnished the stainless steel doors. The subcontractor, R&J Construction, could not install the doors due to the required undercut at 51 door locations. This work had to be expedited with a quick turnaround. The doors were handled twice to obtain the correct amount of undercutting and then shipped back to the supplier, who undercut the doors and re-welded the reinforcing where necessary.

There will be a second change order, forthcoming, regarding the drywall carpenters who "double handled" the doors, including taking them to its location for proper measuring and taking them back down for shipping to the supplier and distributing them again to the proper floors and locations. This labor aspect of the extra work is not included in this change order.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 337196

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**     **November 20, 2001**

**TO:**     Nick D'Ambrosio

**FROM:**     John J. McCullough

**JOB:**     **Baruch College - Site B**

**RE:**     **GC1-098, ND-1052**

...............................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $5,814.00 is for the cost of providing all labor, equipment and material necessary for the modification of the exterior architectural channels at various locations, as indicated in KPF memorandum, dated 1/24/01 and CM RFI # 789.

Prior to the start of fabrication of the channels, the metal contractor was not able to conduct the necessary field measurements because the brick and stone facings were not yet completed. To avoid any delays, the fabrication of the architectural "C" channels went as scheduled based on theoretical dimensions. However, when the "C" channels were being installed, it was observed that the brick was out of tolerance by as much as ¼". This was a result of the lintel being welded to the steel by design, which did not allow for any adjustment of the relieving angles to support the brick. As a result, the channels had to be modified by cutting or extending the channel to meet actual length of openings and/or the re-adjustment of the channel in the "in" and "out" position so that the channel is in alignment with the face of the brick.

This additional work was performed on a time and material basis. It is also noted that the brick was realigned to its maximum location without modifying the relieving angles under change order UM-014.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design error.

DASNY_TRAVELERS1 182940

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**         December 20, 2001

**TO:**            Nick D'Ambrosio

**FROM:**       John J. McCullough

**JOB:**          **Baruch College - Site B**

**RE:**            **GC1-100, ND-812**

......................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $9,726.00 is for the cost of providing all labor, equipment and material necessary for the installation of Hilti smoke seal compound at the perimeter column enclosures at various locations throughout the building, resulting from the Architect's response to RFI No. CM-553A. The work was recorded on a time and material ticket basis.

The contract documents called for 2.5" gap between the column enclosures and the girts on the perimeter of the building to install the required insulation. However, due to the geometry of the building those gaps on the upper floors were less than two (<2") inches and the insulation would not fit in these locations. In order to maintain the vapor barrier, the architect in his response to CM-RFI # 553A directed the contractor to use the Hilti smoke seal compound in lieu of the 2.5" insulation.

The Contractor installed Hilti smoke sealant at the perimeter column enclosures from the 7th thru the 14th floor on the South Elevation. This work was recorded on a T&M ticket basis, from the period of September 6 thru 26, 2000. Appropriate credit was taken for the 2.5" foil insulation that wasn't installed as per the contract requirements.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 337245

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**        **December 5, 2001**

**TO:**        Nick D'Ambrosio

**FROM:**        John J. McCullough

**JOB:**        **Baruch College - Site B**

**RE:**        **GC1- 102, ND#1259**

...................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $ 3,657.00 is for the cost of providing all labor, equipment and materials to provide supports for the light fixtures in the aluminum soffit above the egress doors and to re-cut the soffit at the north elevation from column line 9 thru 12.

The contract documents for contract #15 (GC#1) and #11(Electrical) did not indicate how the light fixtures in the aluminum soffits above the egress doors will be supported. Subsequently, the contractor was directed to provide angles to be attached to the top of aluminum soffits in order to support the light fixtures. This work was performed on "time and material" tickets, which are attached to this change order.

In addition, the cut outs provided for the LU-E5 light fixtures in the aluminum soffits were as per the approved fixture cuts but it did not match the actual fixture size. As a result, the contractor was directed to enlarge the openings in the field in order for the fixtures to be installed.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**       October 22, 2001

**TO:**         Nick D'Ambrosio

**FROM:**       John J. McCullough

**JOB:**        **Baruch College - Site B**

**RE:**         **Change Order No. GC1-106 ND #1186**

..........................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $3,116.00 is for the cost of providing all labor, equipment and materials necessary to provide extra caulking around the soffit and column on the 6th floor in the north atrium and caulk the top of the "C" channel on the 13th floor west/south atrium as per CM RFI #856. In addition, remove and replace damaged snap caps at the atrium west ribbon window from the 5th floor to the 4th floor. This work was recorded on a 'Time and Material' basis.

The contract Documents did not indicate that the open seams, interfacing the 6th floor aluminum soffit and the architectural columns in the north atrium needed to be caulked nor does it indicate any caulking between the top of the "C" channel and the plaster wall on the 13th floor. However, the Architect response to CM RFI #856 calls for all the above reference areas to be caulk as required. In addition, the contractor removed damage snap caps from the Atrium west ribbon windows from the 5th floor to 4th floor. These snap caps were damaged during the course of construction.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**        December 21, 2001

**TO:**        Nick D'Ambrosio

**FROM:**        John J. McCullough

**JOB:**        **Baruch College - Site B**

**RE:**        **GC1-109, ND-1157**

.........................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $13,448.00 is for the cost of providing all equipment, labor and material necessary for the complete installation of an access door and pass door, resulting from Architect's changes in Bulletin Nos. 25 dated December 1, 1998, and 44 dated December 15, 2000.

The contract documents did not indicate an access door located on Column Line 9/A.2 on the Roof, or the pass door located on Column Line 9/C on the Mechanical Penthouse. The contract drawings did indicate an opening, but no further details were provided. Therefore, the estimate for the installation of the pass door excluded the labor involved to create the opening. The access door is necessary to gain access inside the parapet to service the roof drain and the pass door is necessary to gain access onto the tiered roof for maintenance.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 016718

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**      **December 3, 2001**

**TO:**        Nick D'Ambrosio

**FROM:**      John J. McCullough

**JOB:**       **Baruch College - Site B**

**RE:**        **Change Order No. GC1-112 ND #1122**

..................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $2,934.00 is for the cost of providing all labor, equipment and materials necessary to modify the door frame for Door #1-ST1 as per TDX memorandum, dated 3/23/01.

Due to the encroachment of the stair stringer into the opening of Door No.1-ST1, the width of the jamb had to be 2-3/4" and the head will be 3-1/4". This will allow the door frame to be set flush and clear the stringer. Accordingly, the contract door frame had to be removed and a new stainless steel door frame had to be specially made and installed.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design error.

**TDX CONSTRUCTION CORPORATION**

## CHANGE ORDER MEMORANDUM

**DATE:**      **November 5, 2001**

**TO:**        Nick D'Ambrosio

**FROM:**      John J. McCullough

**JOB:**       **Baruch College - Site B**

**RE:**        **GC1-113, ND-1208**

.............................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $20,893.00 is for the cost of providing all labor, equipment and material necessary for the drilling of air slot holes in the interior canopy cladding over the North Atrium entrance, resulting from the Architect's response to RFI Nos. CM-853 & CM-864 and Sketch No. Sk-2515.

The Architect does not want to see exposed fin tube enclosures on the stainless steel cladding over the North Atrium along column line A.5/7-9 on the 2nd floor. This design change required the metal siding contractor to drill ½" diameter air slots, spaced approximately 2" apart, on the top and bottom of the cladding, in order to allow the heat to circulate onto the windows to prevent condensation. This work was done on a time and material ticket basis in the field.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**     **January 8, 2002**

**TO:**       Nick D'Ambrosio

**FROM:**     John J. McCullough

**JOB:**      **Baruch College - Site B**

**RE:**       **GC 1-117, ND#1284**

..............................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This is a change order in the amount of $884.00 for the cost of providing all labor, equipment and material necessary to replace the sheetrock with cement board and install a roofing membrane on top of the North Canopy, resulting from the response to RFI#369.

The north canopy metal deck is on a negative pitch into the building. The architect's detail calls for 5/8 water resistance GWB to be applied to the deck and an air barrier laid on the sheetrock. However, because the stainless steel canopy is made up of many pieces that are caulked on the flat and there are many penetrations such as stations, lights and etc, that are prone to leaks. Therefore, the detail was amended to replace the sheetrock with 5/8" cementitious board and shim as required to get a positive pitch away from building. A water tight EPDM roofing system by Firestone was also installed in response to GC1-RFI 369.

This change order will reimburse the contractor for the cement board and a credit will be taken for the sheetrock and the vapor barrier. The EPDM roofing was done by contract #16 and paid under ND#1316.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

DATE:         **December 3, 2001**

TO:           Nick D'Ambrosio

FROM:         John J. McCullough

JOB:          **Baruch College - Site B**

RE:           **Change Order No. GC1-119 - ND #1504**

.................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $7,800.00 is for the cost of providing all labor, equipment and materials necessary to apply primer (glue) onto the underside of the metal deck in the Main Gymnasium prior to the application of acoustical spray, resulting from the architect's response to CM-RFI #933.

Based on (2) test patches of the acoustical spray in the Main Gymnasium, it was determined that with the application of the primer (glue) onto the underside of the metal deck prior to the application of the spray, it would provide better adhesive properties. The contract documents does not call for any primer.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval.  It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 343245

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**      December 11, 2001

**TO:**      Nick D'Ambrosio

**FROM:**      John J. McCullough

**JOB:**      **Baruch College - Site B**

**RE:**      **Change Order No. GC1-120 ND #1505**

...............................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $2,454.00 is for the cost of providing all labor, equipment and material necessary to provide a cutout in the soffit panel for installing a stainless steel grille at HPE-4 on the ground floor.

The contract documents did not provide an access to the smoke detector in the soffit over HPE-4. However, during the review of Mometal shop drawing MO403, the Architect requested a 4'-10" x 5-1/2" opening in the soffit for access to the smoke detector. As a result, the contractor was directed to provide the necessary cutout and the stainless steel grille. Subsequently, this access was not used since the FDNY directed the fire alarm contractor to relocate the smoke detector from the soffit to the center of the stainless steel enclosure for HPE-4.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**      **December 18, 2001**

**TO:**        Nick D'Ambrosio

**FROM:**      John J. McCullough

**JOB:**       **Baruch College - Site B**

**RE:**        **GC1-122, ND # 1428**

...............................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $ 2,148.00 is for the cost of providing all labor, equipment and materials necessary to complete the installation of drywall soffit and lowering of black iron in servery area at the south wall in room 1-170 as per the architect's response to RFI CM-950.

The contract ceiling height in this area can not be achieved due to interference with the specified ductwork. This ductwork is already tight to the underside of the steel beam. The ceiling had to be lower with a soffit.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval.  It is our recommendation that the cost should be appropriated as a design error.

DASNY_TRAVELERS2 091968

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**      December 12, 2001.

**TO:**        Nick D'Ambrosio

**FROM:**      John J. McCullough

**JOB:**       **Baruch College Site-"B"**

RE:        **GC# 1, Contract # 15, CO #GC-1-124, ND #1357.**

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $10,231.00 is for the cost of providing all labor, equipment and materials for the complete installation of aluminum channels and corner guards in the information lobbies as per the engineer's revised elevations and details (sketches 2227 and 2229), and as per the engineer's memo dated August 21, 2001.

The architect requested additional corner guards and channels in these lobbies to protect the outside corners and for aesthetic reasoning. These additional corner guards and channels are not shown in the contract documents.

In order to expedite the project, the additional scope of work is required to be carried out immediately without waiting for the bulletin drawings hence this change order.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**     **August 27, 2002**

**TO:**     Nick D'Ambrosio

**FROM:**     Ray Leu

**JOB:**     **Baruch College - Site B**

**RE:**     **GC1-125, ND#1324**

...........................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $ 979.00 is for the cost of providing all labor, equipment and materials necessary to revise the bench at the food court seating area in Room 1-173, resulting from the Architect's response to GC1-RFI #371.

The bench in the food court seating area was shown in the contract documents as being directly attached to the wall under the plate glass window in room 1-173. However, the drawing did not indicate how we are to secure the bench to the wall on both sides of the window. The window is recessed into the center of the wall, leaving the wall on both sides further out than the above aforementioned window. The architect's response to RFI No. 371 called for the contractor to furred out the wall under the window and add a top trim to the bench, thus making a continuous seat all the way across the entire wall. The drywall portion of this work was recorded on time and material tickets and paid for under change order No. GC1-144. This change order will pay for the added wood trim on top of the bench.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 035393

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**    December 20, 2001

**TO:**    Nick D'Ambrosio

**FROM:**    John J. McCullough

**JOB:**    **Baruch College - Site B**

**RE:**    **Change Order No. GC1-126, ND #1147**

...................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $27,936.00 is for the cost of providing all labor, equipment and material necessary to implement architectural changes, resulting from Bulletin #43 dated 9/12/01.

The Architect issued Bulletin #43 to implement changes to the contract drawings due to coordination and clarification of architectural items, which consist of the following:

1) Drawing #A-119 – Mechanical Penthouse, add one (1) hollow metal door frame.
2) Drawing #A-125 – 2nd Floor RCP, add rated fascia/soffit.
3) Drawing #A-137 – 14th Floor – add fascia at Ellipse Area.
4) Drawing #A-533 12th Floor – Classroom section add fascia/soffit.
5) Drawing #A-654 – Sports Elevator Enclosure – Revised detail #1 – Add 12-gauge 4" metal studs in lieu of 20-gauge metal studs. Provide 16-gauge horizontal bracing.
6) Drawing #A-706 – Door Schedule – Add hollow metal door at B2 - ME4.

These changes are not shown in the contract documents but are required in order to conceal exposed structural steel columns, close openings above the entrance doors at the 14th floor ellipse areas, to coordinate the architectural plans with the door schedule and to increase the framing at the sports elevator enclosure so that it can support the stainless steel cladding.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval.  It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 013982

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**     December 18, 2001

**TO:**     Nick D'Ambrosio

**FROM:**     John J. McCullough

**JOB:**     **Baruch College - Site B**

**RE:**     **GC1-129, ND-1480**

..............................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $18,000.00 is for the cost of providing all labor, equipment and material necessary for the installation of additional door hardware as per security system punch list dated 10/25/01.

An inspection of doors and hardware was conducted on October 25, 2001 resulting in a compilation of a punch list for the security system. The punch list have identified which hardware were owed by contract, which locksets are not properly working and need to be replaced, and additional hardware which are not owed by contact but now required. The additional hardware is required in order to properly coordinate with the security contract.

Due to the urgency in executing the required replacement and changes to the security hardware, the contractor was directed to procure the necessary hardware for immediate installation.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design omission.

DASNY_TRAVELERS2 089999

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**      March 25, 2002

**TO:**      Nick D'Ambrosio

**FROM:**      Ray Leu

**JOB:**      **Baruch College - Site B**

**RE:**      **GC1-130, ND-1502**

.....................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $26,161.00 is for the cost of providing all labor, equipment and material necessary for the installation of the following work:

1. Furnish new stainless steel door and frame for tag # 8-185B due to discrepancy in the contract documents.
2. Provide additional door hardware as per the Architect response to CM RFI SE-28.
3. Provide labor to undercut doors to accommodate the addition of floor leveling material.
4. Provide labor only to install the supplied soundproofing door seals at 24 doors.
5. Provide sound seals at door # 13-ME1 as per CM RFI-875

1.1. The specified s/s door and frame does not fit in the masonry and curtainwall opening on the 8th floor roof. This is as a result of a discrepancy in the concrete curb height between structural detail 6/S-224 and architectural detail 3/A-398. The concrete curb was poured to 2'-3" above the slab as per S-224. However, drawing A-398 indicate the curb to be 1'-6 ½" above the slab. Therefore, the door is 8 ½ " too high.

2.1. In response to RFI SE-28, the Architect has clarified that the specified hardware set #55 be changed to hardware set #29. This was to correct the conflict between contract drawing SE-104 and the hardware schedule.

3.1 Due to the camber not coming down in the structural steel and the pinning of the deck, it created an unleveled floor. Floor leveling was added through a change order to minimized the oscillations which resulted in having to undercut doors.

4.1 The contract document requires the contractor to "furnish only Reese #371A door bottom and Reese #39C perimeter seal" as per drawing A-709 and A-713 and Article 1 of the general conditions. Labor is being included in this change order for the installation of these acoustical seals.

5.1. In response to CM-RFI #875, the Architect has clarified that door #13-ME1 should be installed with Reese371A and Reese#39C perimeter seal for acoustical compliance.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a design error.

DASNY_TRAVELERS2 051923

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**       February 11, 2002

**TO:**         Nick D'Ambrosio

**FROM:**       John J. McCullough

**JOB:**        **Baruch College - Site B**

**RE:**         **GC1-133, ND-1589**

...................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $11,310.00 is for the cost of providing all labor, equipment and material necessary for the installation of additional fascia in the recessed light openings at the 4th floor ceiling in the North Atrium, resulting from Bulletin No. 20, dated August 24, 1998, and for the installation of modified ceiling panels and additional fascia on the 2nd floor ceiling in the North Lobby, resulting from the Architect's Sketch Nos. 2471 and 2494.

Part I, the contract documents showed a solid wood panel ceiling in the 4th floor atrium. Bulletin No. 20, added recessed light pockets in this ceiling to accommodate the added lights. The contractor painted the underside of the metal deck, molding and sides flat black in the two (2) light pockets. A credit has been taken for the wood ceiling panels that were not installed at these pockets.

Part II, at the direction of the architect, the contractor had to shift the ceiling over to match the slopping ceiling in relation to column line B.7-8. This caused the contractor to modify (4) specialty panels to meet the new configuration. Secondly, the contractor installed a six (6") inch wood fascia along the overhang of the wood ceiling as per Sketch No. 2471. The contract documents did not call for these modifications to the C-2 ceiling in the North Lobby.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 087319

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

DATE:       February 25, 2002

TO:         Nick D'Ambrosio

FROM:       John J. McCullough

JOB:        **Baruch College - Site B**

RE:         **GC1-136, ND-1417**

............................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $1,863.00 is for the cost of providing all labor, material and equipment necessary to cut-out ceiling tiles to allow the electrician to install additional exit lights, resulting from the Architect's memorandum dated August 15, 2001 and Sketch Nos. 2540-1 & 2540-2. This work was recorded on a time and material ticket basis.

The architect added additional exit lights throughout the building to conform to code. As a result, the contractor had to modify, cut-out and refit ceiling tiles to incorporate these exit lights.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 198799

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**       February 15, 2002

**TO:**         Nick D'Ambrosio

**FROM:**       John J. McCullough

**JOB:**        **Baruch College - Site B**

**RE:**         **GC1-140, ND-1468**

...........................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $5,404.00 is for the cost of providing all labor necessary for the complete reinstallation of the ceiling tiles in the passenger elevator lobbies on the 5th, 8th & 11th floors, resulting from the Architect's changes in drawings E-109, E-112 & E-115 in Bulletin No. 24 dated November 30, 1998.

Due to lighting changes in Bulletin No. 24 in the elevator lobbies, the already installed wood ceiling tiles had to be removed and modified to accommodate the light fixtures. Time and material tickets were submitted and verified by TDX field representative. Some of the work had to be done during off hours when the college was not fully occupied by students and faculty.  The time and material tickets covered a span from October 20th thru October 30th, 2001.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Error.

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**       **July 1, 2002**

**TO:**           **Nicholas D'Ambrosio**

**FROM:**      **Ray Leu**

**JOB:**          **Baruch College - Site B**

**RE:**           **GC1-145, ND#1467**

..................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $5,847.00 is for the cost of providing all labor, equipment and material necessary for the complete installation of additional snow guards on the 13th floor, resulting from the Architect's response to RFI No. CM-788.

The Contractor installed snow guards on the 13th floor north elevation, between columns 7 and 8 on column line A to prevent build up of snow and/or ice from falling down the side of the building onto the north plaza. These snow guards are not shown in the contract documents.

This work required a boom lift. Since the Contractor was using the boom lift for contract work on other areas of the building, we agreed to pay the rental fee for that equipment for the allotted time used and not for the monthly rental fee.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 089324

## TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**       December 27, 2002

**TO:**        Nick D'Ambrosio

**FROM:**      Ray Leu

**JOB:**       **Baruch College - Site B**

**RE:**        **GC1-149, ND #1721**

...................................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This change order in the amount of $18,949.00 is for providing all labor, equipment and material necessary for the complete installation of supports for the light fixtures in the aluminum soffit above the egress doors, and to replace and reinstall broken glass at various locations throughout the building. This work was recorded on time and material tickets.

Part 1. There are no details shown in the contract documents for either Contract No.15 (GC-1) or Contract No.11 (Electrical) to indicate how the light fixtures in the aluminum soffits above the egress doors are to be supported. Subsequently, the contractor was directed to provide angles attached to the top of the aluminum soffits in order to support the light fixtures.

Part 2. The Contractor manufactured, shipped and replaced broken glass on the north, south and west elevations, caused by vandalism or by unidentified trades. The replacement of the broken glass covered the period from March 25 to March 28, 2002.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

# TDX CONSTRUCTION CORPORATION



## CHANGE ORDER MEMORANDUM

**DATE:**      August 14, 2002

**TO:**         Nick D'Ambrosio

**FROM:**     Ray Leu

**JOB:**        Baruch College - Site B

**RE:**         GC1-151, ND #720

.................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This is a change order in the amount of $30.00 is for the complete installation of firestopping at the Mechanical Penthouse Floor ductwork, in lieu of deleting drywall type '26' at the same location, resulting from the architectural changes in Bulletin No. 40, dated February 29, 2000, and for the deletion of lateral stud bracing from Safe Area Corridors on the 3rd thru 12th Floors, resulting from the Architect's response  RFI No. CM-508.

Part I. Due to the changes the Architect made on the three (3) drywall enclosures, as explained in Part II below, the deletion of these walls created voids between the ductwork and concrete floor slabs. Since the Mechanical Penthouse Floor needed a 2-hour fire rating, the Contractor formed and poured firestop mortar at these locations to achieve the two-hour rating required by the contract documents.

Part II. In Bulletin No. 40 the Architect made changes to three (3) drywall enclosures around mechanical ducts on the Mechanical Penthouse Floor. This was done to provide access to the mechanical units and equipment for maintenance, that otherwise would have been too tight to get to. The wall type '26' was deleted at three (3) separate locations, totaling approximately 1,500 SF. A unit cost had been previously negotiated with the drywall subcontractor at the beginning of the project, and is the means for which to determine the size of the credit taken.

Part III. RFI No. CM-508 called for the deletion of lateral stud bracing in the Safe Area Corridor, where "the wall studs are continuous from the floor to structural steel or slab above then the bracing is no longer required." This impacted two (2) portions of the Safe Area Corridors on the 3rd thru 5th Floors: along the service elevator at Column Line E, as shown in drawing detail No. 5/A-750; and at the east hall along Column Line No. 12 on 3rd thru 12th Floors, as shown in drawing detail No. 3/A-750, only the corridor along the service car elevator at the South Elevation was affected.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Omission.

DASNY_TRAVELERS2 199526

## TDX CONSTRUCTION CORPORATION

### CHANGE ORDER MEMORANDUM

**DATE:**     December 6, 2002

**TO:**       Nick D'Ambrosio

**FROM:**     Ray Leu

**JOB:**      **Baruch College - Site B**

**RE:**       **GC1-162, ND #432**

...........................................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This is a credit cost change order in the amount of ($14,326.00) to the General Contractor (GC-1) for not providing labor and material to install stainless steel drainage pans at active louvers between column lines A/1-2, H/3-4, H/4-6, H/6-7, H/9-10 & H/11-11.5 at the 2nd Floor Mezzanine level.

The contract documents call for stainless steel drainage pans with end dams to be installed on the inside of the active louvers at the above locations. The Contractor did not install these pans because it would have interfered with the installation of the fire/smoke dampers or automatic louver dampers. As per CM RFI # 303, these drainage pans were eliminated. A total of 183.5 LF of drainage pans at six (6) separate locations were not installed at the 2nd floor mezzanine level. Therefore, a credit is being taken for these drainage pans.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Error.

DASNY_TRAVELERS2 188852

# TDX CONSTRUCTION CORPORATION

## CHANGE ORDER MEMORANDUM

**DATE:**     January 31, 2003

**TO:**       Nick D'Ambrosio

**FROM:**     Ray Leu

**JOB:**      **Baruch College - Site B**

**RE:**       **GC1-163, ND #1776**

...............................................................................................

Attached you will find one original of the above referenced change order signed by the contractor and one copy of the required back up.

This is a credit cost change order in the amount of ($10,511.00) to the General Contractor (GC-1) for not providing labor and material to replace the Aluminum Panels to Type GL-3B insulated spandrel glass at the 2nd floor west strip windows as per the memorandum from the Architect dated November 8, 2000, with attached Sketch Nos. SK-2384 & SK-2385.

Through the approved Change Order No. GC1-087, it was agreed that the contractor would replace the already installed aluminum panels with insulated sprandrel glass for aesthetic reasons. However, since the contractor did not perform this extra work and it will not be done, we will take a credit for the exact amount of this change order.

TDX has reviewed this change order and finds it to be fair and reasonable and recommends its approval. It is our recommendation that the cost should be appropriated as a Design Error.