# EXHIBIT
# 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVELERS CASUALTY AND SURETY
COMPANY as Administrator for RELIANCE
INSURANCE COMPANY,

                Plaintiff,

    - against -

THE DORMITORY AUTHORITY OF THE
STATE OF NEW YORK, TDX CONSTRUCTION
CORP., and KOHN, PEDERSON, FOX &
ASSOCIATES, P.C.,

              Defendants.

Case No. 04 Civ. 5101 (HB)

**DASNY'S ANSWER
WITH AFFIRMATIVE
DEFENSES,
COUNTERCLAIM,
AND CROSS-CLAIMS**

Defendant Dormitory Authority of the State of New York ("DASNY"), by its

attorneys, Holland & Knight LLP, answers the Complaint of plaintiff Travelers

Casualty and Surety Company ("Travelers") as follows:

    1.     DASNY is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 1 of the complaint.

    2.     DASNY is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 2 of the complaint.

    3.     The allegations contained in paragraph 3 of the complaint are denied

as stated.  DASNY admits only that it is a public benefit corporation organized and

existing under the Public Authorities Law of the State of New York.

    4.     DASNY is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 4 of the complaint.

5.    DASNY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6.    DASNY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7.    The allegations contained in paragraph 7 of the complaint state a legal conclusion to which no response is required.  To the extent a response is required, DASNY states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.    The allegations contained in paragraph 8 of the complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations contained in paragraph 8 are denied as stated.  DASNY admits only that certain events or omissions that are alleged to give rise to the claims asserted in this action occurred within the County of New York.  DASNY is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

## ALLEGATIONS COMMON TO ALL COUNTS

9.    The allegations contained in paragraph 9 of the complaint are denied as stated.  DASNY admits only that it awarded a contract to Trataros Construction, Inc. ("Trataros"), which is a written document that serves as the best evidence of its terms.  The remaining allegations contained in paragraph 9 state a legal conclusion to which no response is required.

10.    The allegations contained in paragraph 10 of the complaint are denied as stated.  DASNY admits only that Trataros was required to and did procure payment and performance bonds, which are written documents that serve as best evidence of their terms.  The remaining allegations contained in paragraph 10 contain legal conclusions to which no response is required.

11.    The allegations contained in paragraph 11 of the complaint are denied as stated.  DASNY admits only that it awarded a contract to Trataros Construction, Inc. ("Trataros"), which is a written document that serves as the best evidence of its terms.  The remaining allegations contained in paragraph 11 state a legal conclusion to which no response is required.

12.    The allegations contained in paragraph 12 of the complaint are denied as stated.  DASNY admits only that Trataros was required to and did procure payment and performance bonds, which are written documents that serve as best evidence of their terms.  The remaining allegations contained in paragraph 12 contain legal conclusions to which no response is required.

13.    The allegations contained in paragraph 13 of the complaint are denied as stated.  DASNY admits only that Reliance Insurance Company ("Reliance") provided performance and payment bonds, which are written documents that serve as best evidence of their terms.  DASNY is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13.

14.     The allegations contained in paragraph 14 of the complaint state, at least in part, legal conclusions to which no response is required. To the extent a response is required, DASNY states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.     The allegations contained in paragraph 15 of the complaint state, at least in part, legal conclusions to which no response is required. To the extent a response is required, DASNY states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

## ANSWERING THE "FIRST COUNT"

16.     DASNY repeats and realleges each and every response to the paragraphs incorporated by reference in paragraph 16 of the complaint as if fully set forth herein.

17.     The allegations contained in paragraph 17 of the complaint state, at least in part, legal conclusions to which no response is required. To the extent a response is required, DASNY admits only that Trataros performed certain work under the contracts referenced in paragraphs 9 and 11 of the complaint. The remaining allegations contained in paragraph 17 are denied.

18.     The allegations contained in paragraph 18 of the complaint state, at least in part, legal conclusions to which no response is required. To the extent a response is required, DASNY denies the allegations contained in paragraph 18 as

they are stated.  DASNY admits only that it has paid Trataros the entire amount

that is due and owing to Trataros for work performed under the contracts

referenced in paragraphs 9 and 11 of the complaint.  The remaining allegations

contained in paragraph 18 are denied.

19.    The allegations contained in paragraph 19 of the complaint state a

legal conclusion to which no response is required.  To the extent a response is

required, DASNY states that it is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 19.

20.    DASNY denies each and every allegation contained in paragraph 20 of

the complaint and states that Plaintiff is not entitled to the judgment against

DASNY requested in Count One of the complaint.

## ANSWERING THE "SECOND COUNT"

21.    DASNY repeats and realleges each and every answer to the

paragraphs incorporated by reference in paragraph 21 of the complaint as if fully

set forth herein.

22.    The allegations contained in paragraph 22 of the complaint state, at

least in part, legal conclusions to which no response is required.  To the extent a

response is required, DASNY states that it is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph

22.

23.    The allegations contained in paragraph 23 of the complaint are denied

as stated.  DASNY admits only that Trataros sent written correspondence to

DASNY and/or TDX, which correspondence is the best evidence of its content. The remaining allegations contained in paragraph 23 are denied.

24.    The allegations contained in paragraph 24 of the complaint state, at least in part, legal conclusions to which no response is required. To the extent a response is required, DASNY denies the allegations contained in paragraph 24 as stated. DASNY admits only that Trataros sent written correspondence to DASNY and/or TDX, which correspondence is the best evidence of its content. The remaining allegations contained in paragraph 24 are denied.

25.    DASNY denies each and every allegation contained in paragraph 25 of the complaint.

26.    The allegations contained in paragraph 26 of the complaint state a legal conclusion to which no response is required. To the extent a response is required, DASNY states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27.    The allegations contained in paragraph 27 of the complaint state a legal conclusion to which no response is required. To the extent a response is required, DASNY denies each and every allegation contained in paragraph 27.

28.    DASNY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the complaint.

29.    The allegations contained in paragraph 29 of the complaint state a legal conclusion to which no response is required. To the extent a response is required, DASNY denies each and every allegation contained in paragraph 29.

30.     The allegations contained in paragraph 30 of the complaint state a legal conclusion to which no response is required.  To the extend a response is required, DASNY denies each and every allegation contained in paragraph 30.

31.     DASNY denies each and every allegation contained in paragraph 31 of the complaint and states that plaintiff is not entitled to the judgment requested against DASNY in Count Two of the complaint.

## ANSWERING THE "THIRD COUNT"

32.     DASNY repeats and realleges each and every response to the paragraphs incorporated by reference in paragraph 32 of the complaint as if fully restated herein.

33.     The allegations contained in paragraph 33 of the complaint state, at least in part, legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 33 are denied as stated.  DASNY admits only that Trataros advised DASNY and/or TDX of alleged claims by its subcontractors.  DASNY states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33.

34.     DASNY denies each and every allegation contained in paragraph 34 of the complaint.

35.     The allegations contained in paragraph 35 of the complaint state a legal conclusion to which no response is required.  To the extent a response is required, DASNY denies each and every allegation contained in paragraph 35.

36.    The allegations contained in paragraph 36 of the complaint state a legal conclusion to which no response is required.  To the extent a response is required, DASNY denies each and every allegation contained in paragraph 36.

37.    The allegations contained in paragraph 37 of the complaint state a legal conclusion to which no response is required.  To the extent a response is required, DASNY denies each and every allegation contained in paragraph 37.

38.    The allegations contained in paragraph 38 of the complaint state a legal conclusion to which no response is required.  To the extent that a response is required, DASNY states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39.    The allegations contained in paragraph 39 of the complaint state a legal conclusion to which no response is required.  To the extent a response is required, DASNY states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.  DASNY denies that plaintiff is entitled to the judgment against DASNY requested in Count Three of the complaint.

## ANSWERING THE "FOURTH COUNT"

40.    DASNY repeats and realleges each and every answer to the paragraphs incorporated by reference in paragraph 40 of the complaint as if fully set forth herein.

41.    DASNY denies each and every allegation contained in paragraph 41 of the complaint.

42.     DASNY denies each and every allegation contained in paragraph 42 of the complaint and states that plaintiff is not entitled to the judgment against DASNY requested in Count Four of the complaint.

### ANSWERING THE "FIFTH COUNT"

43.     DASNY repeats and realleges each and every answer to the paragraphs incorporated by reference in paragraph 43 of the complaint as if fully set forth herein.

44.     The allegations contained in paragraph 44 of the complaint are denied as stated.  DASNY admits only that DASNY and TDX entered into a contract, which is a written document that serves as the best evidence of its terms.  DASNY denies the remaining allegations contained in paragraph 44.

45.     DASNY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint.

46.     The allegations contained in paragraph 46 of the complaint state a legal conclusion to which no response is required.  To the extent a response is required, DASNY states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47.     The allegations contained in paragraph 47 of the complaint state a legal conclusion to which no response is required.  To the extent a response is required, DASNY states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48.    The allegations contained in paragraph 48 of the complaint state a legal conclusion to which no response is required.  To the extent a response is required, DASNY states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49.    The allegations set forth in paragraph 49 of the complaint state a legal conclusion to which no response is required.  To the extent a response is required, DASNY denies each and every allegation contained in paragraph 49.

## ANSWERING THE "SIXTH COUNT"

50.    DASNY repeats and realleges each and every answer to the paragraphs incorporated by reference in paragraph 50 of the complaint as if fully set forth herein.

51.    The allegations contained in paragraph 51 of the complaint are denied as stated.  DASNY admits only that DASNY and KPF entered into a contract, which is a written document that is the best evidence of its terms.  DASNY denies the remaining allegations contained in paragraph 51.

52.    DASNY states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the complaint.

53.    The allegations contained in paragraph 53 of the complaint state a legal conclusion to which no response is required.  To the extent that a response is required, DASNY states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

- 10 -

54.    The allegations contained in paragraph 54 of the complaint state a legal conclusion to which no response is required.  To the extent a response is required, DASNY states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55.    The allegations contained in paragraph 55 of the complaint state a legal conclusion to which no response is required.  To the extent that a response is required, DASNY states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56.    The allegations contained in paragraph 56 of the complaint state a legal conclusion to which no response is required.  To the extent that a response is required, DASNY states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

## FIRST AFFIRMATIVE DEFENSE

57.    Plaintiff lacks standing to pursue claims on behalf of Trataros and/or Trataros' subcontractors.

## SECOND AFFIRMATIVE DEFENSE

58.    Trataros is a necessary party to this action, and the Court cannot proceed in Trataros' absence.

## THIRD AFFIRMATIVE DEFENSE

59.    The Court lacks subject matter jurisdiction over this controversy.

## FOURTH AFFIRMATIVE DEFENSE

60.    Plaintiff's complaint fails to state a cause of action against DASNY upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

61.    With respect to any funds held by DASNY which are allegedly owed to Trataros, DASNY has a right of set-off against such funds which is superior to any right of plaintiff to said funds.

## SIXTH AFFIRMATIVE DEFENSE

62.    Any damages allegedly sustained by Trataros or plaintiff were caused in whole or in part by Trataros' or plaintiff's own culpable conduct, as a result of which plaintiff's claims are therefore barred or diminished in the proportion that such culpable conduct bears to the total culpable conduct that caused their alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

63.    Plaintiff's claims against DASNY are barred by Trataros' breach of contract.

## EIGHTH AFFIRMATIVE DEFENSE

64.    Plaintiff's claims are barred by Trataros' contributory negligence.

## NINTH AFFIRMATIVE DEFENSE

65.    Plaintiff's claims are barred by Trataros' breach of one or more of its subcontract agreements and/or purchase orders.

## TENTH AFFIRMATIVE DEFENSE

66.    Any liability that DASNY is alleged to have to plaintiff is derivative of, and secondary to, the liability of Trataros for damages being claimed in the causes of action set forth against DASNY in the Complaint.  Therefore, plaintiff must first seek damages from Trataros before it may pursue a cause of action plaintiff has asserted against DASNY.

## ELEVENTH AFFIRMATIVE DEFENSE

67.    Any liability that DASNY is alleged to have to plaintiff is derivative of, and secondary to, the liability of KPF for the damages being claimed in the causes of action set forth against DASNY in the Complaint.  Therefore, plaintiff must first seek damages from KPF before it may pursue the causes of action plaintiff has asserted against DASNY.

## TWELFTH AFFIRMATIVE DEFENSE

68.    Any liability that DASNY is alleged to have to plaintiff is derivative of, and secondary to, the alleged liability of TDX Construction Corp. ("TDX") for the damages being claim in the causes of action set forth against DASNY in the Complaint.  Therefore, plaintiff must first seek damages from TDX before it may pursue the causes of action plaintiff has asserted against DASNY.

## THIRTEENTH AFFIRMATIVE DEFENSE

69.    DASNY is entitled to indemnity and contribution from Trataros, Kohn Pederson, Fox & Associates, P.C. ("KPF") and TDX for any liability it may have to the plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

70.    Plaintiff's claims against DASNY are barred, in whole or in part, by plaintiff's breach of contract.

## FIFTEENTH AFFIRMATIVE DEFENSE

71.    Plaintiff's claims brought on behalf of Trataros are barred by an accord and satisfaction between DASNY and Trataros.

## SIXTEENTH AFFIRMATIVE DEFENSE

72.    The claims asserted by plaintiff have been fully or partially paid by DASNY.

## SEVENTEENTH AFFIRMATIVE DEFENSE

73.    Some or all of plaintiff's claims against DASNY are barred by lack of privity of contract.

## EIGHTEENTH AFFIRMATIVE DEFENSE

74.    Some or all of plaintiff's claims against DASNY are barred by the statute of frauds.

## NINETEENTH AFFIRMATIVE DEFENSE

75.    Some or all of plaintiff's claims against DASNY are barred by breaches of contract and/or negligence of Trataros' subcontractors and suppliers.

## TWENTIETH AFFIRMATIVE DEFENSE

76.    Jurisdiction in this Court is inappropriate due the existence of prior pending actions in the Supreme Court of the State of New York for New York County.

- 14 -

## TWENTY-FIRST AFFIRMATIVE DEFENSE

77.    Plaintiff's claims against DASNY are barred by failure of consideration.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

78.    Plaintiff's claims against DASNY are barred by waiver, payment and release.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

79.    Plaintiff is estopped from bringing the causes of action set forth against DASNY in the complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

80.    Plaintiff's claims against DASNY are barred to the extent that Trataros is responsible for the alleged cost overruns and delays that DASNY is alleged to be liable for in the complaint.

## DASNY'S COUNTERCLAIM AGAINST TRAVELERS

### *Parties, Jurisdiction and Venue*

81.    Defendant and counterclaim plaintiff Dormitory Authority of the State of New York ("DASNY") is a public benefit corporation organized and existing under the Public Authorities Law of the State of New York, with its principal place of business located at 515 Broadway, Albany, New York.

82.    Upon information and belief, plaintiff and counterclaim defendant Travelers Casualty and Surety Company ("Travelers") is a corporation organized

and existing under the laws of the State of Connecticut, with its principal place of

business located at One Tower Square, Hartford, Connecticut.

83.    This Court has jurisdiction over DASNY's counterclaim pursuant to 28

U.S.C. §§ 1332(a) and 1367(a).

84.    This District is the proper venue for DASNY's counterclaim under 28

U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise

to the counterclaim asserted herein occurred within this District.

### *Facts*

85.    On or about April 22, 1998, DASNY, as owner, and Trataros

Construction, Inc. ("Trataros"), as contractor, entered into a written contract

whereby Trataros agreed to provide the labor and materials to perform certain

general construction at a Project known as the Baruch Academic Complex, Site B

(the "Project"), for the agreed upon price of $50,222,000.00, which was denominated

Agreement No. 6500 1802 2176 ("Contract No. 15").  Contract No. 15 included plans,

specifications, general conditions and other terms, conditions, obligations, duties

and requirements that Trataros agreed to assume and comply with.

86.    The Project is a 785,000 gross square foot, 14 story structure located on

Lexington Avenue between 24th and 25th Streets, in the borough of Manhattan,

which was designed to house Baruch College's School of Liberal Arts and Sciences,

Business School, Executive Program Division, recreational and performance

facilities, and various student activity areas.

87.    On or about April 22, 1998, Trataros, as principal, and Reliance Insurance Company as surety, executed and delivered a labor and material payment bond and a performance bond for Contract No. 15, each having the penal sum of $50,222,000.00, naming DASNY as obligee.

88.    On or about August 27, 1998, DASNY, as owner, and Trataros, as contractor, entered into a written contract whereby Trataros agreed to provide the labor and materials to perform certain general construction at the Project, for the agreed upon price of $24,140,000.00, which was denominated Agreement No. 6500 1802 2178 ("Contract No. 16"). Contract No. 16 included plans, specifications, general conditions and other terms, conditions, obligations, duties and requirements that Trataros agreed to assume and comply with.

89.    On or about August 27, 1998, Trataros, as principal, and Reliance Insurance Company as surety, executed and delivered a labor and material payment bond  and a performance bond  for Contract No. 16, each having the penal sum of $24,140,000.00, naming DASNY as obligee.

90.    Upon information and belief, on or about May 31, 2000, Travelers acquired the surety and fidelity business written by the various companies owned by Reliance Group Holdings, Inc., including bonds written by Reliance Insurance Company ("Reliance"). All duties, rights, and obligations of Reliance Insurance Company under the labor and material payment bonds for Contract No. 15 and Contract No. 16 were assumed by Travelers by virtue of that transaction.

## COUNTERCLAIM

91.    DASNY repeats and realleges each and every allegation contained in paragraphs 81 through 90 above, as if the same were set forth at length herein.

92.    Trataros entered into various subcontract agreements and purchase orders with trade construction contractors and material suppliers that obligated those subcontractors and suppliers to fulfill certain of Trataros' obligations under Contract No. 15 and Contract No. 16.

93.    Certain subcontractors and suppliers to Trataros under Contract No. 15 and/or Contract No. 16 allege that they have not been paid under their subcontract agreements and purchase orders with Trataros, and have filed public improvement liens with DASNY.

94.    As alleged in the "Third Count" of Travelers' complaint in this action, several of Trataros' subcontractors under Contract No. 15 and/or Contract No. 16 have made claims for alleged additional costs incurred in performing work at the Project, and Trataros has claimed that DASNY is responsible for such additional costs.

95.    Trataros is responsible for all or part of the alleged costs incurred by its subcontractors at the Project, because, *inter alia*, Trataros failed to (1) provide sufficient labor, (2) effectively administer, schedule, coordinate and manage the work, and (3) otherwise satisfy its obligations under Contract No. 15 and Contract No. 16.

96.    To the extent that Trataros failed to pay its subcontractors and/or is responsible for any alleged additional costs incurred by its subcontractors, Travelers is required under the terms of the labor and material payment bonds for Contract No. 15 and Contract No. 16 to undertake the responsibility of its principal, Trataros, to make all payments to the subcontractors or otherwise defend against such claims.

## DASNY'S CROSS-CLAIMS AGAINST KPF

### *Parties, Jurisdiction and Venue*

97.    Defendant and cross-claim plaintiff Dormitory Authority of the State of New York ("DASNY") is a public benefit corporation organized and existing under the Public Authorities Law of the State of New York, with its principal place of business located at 515 Broadway, Albany, New York.

98.    Upon information and belief, cross-claim defendant Kohn Pederson Fox Associates, P.C. ("KPF") is a professional corporation organized and existing under the laws of the State of New York, with its principal place of business located at 111 East 57th Street, New York, New York.

99.    This Court has jurisdiction over DASNY's cross-claims pursuant to 28 U.S.C. § 1367(a).

100.    This District is the proper venue for DASNY's cross-claims under 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to the cross-claims asserted herein occurred within this District.

101.   At all times mentioned herein, KPF was an architectural firm, and at least one of its shareholders was licensed as a professional architect in the State of New York.

<em>Facts</em>

102.   On or about November 20, 1995, DASNY entered into Contract No. 6500 1802 3145 (the "Design Contract") with KPF for the design of a building known as the Baruch Academic Complex - Site B at 55 Lexington Avenue, New York, New York 10010 (the "Project").

103.   The Project is a 785,000 gross square foot, 14 story structure located on Lexington Avenue between 24th and 25th Streets, in the borough of Manhattan, which was designed to house Baruch College's School of Liberal Arts and Sciences, Business School, Executive Program Division, recreational and performance facilities, and various student activity areas.

104.   The Project was constructed under the Wicks Law, N.Y. State Finance Law § 135, utilizing multiple trade construction contractors to perform various scopes of construction work.

105.   The Design Contract included terms and conditions setting forth KPF's duties and obligations with respect to the Project, which were either included in the Design Contract itself or incorporated into the Design Contract by reference.

106.   Among other things, the Design Contract included a "Scope of Services of Architect," which was attached to the Design Contract as

Appendix 'A' and contained additional provisions that are relevant to KPF's duties to DASNY on the Project.

107.   Upon information and belief, KPF entered into an agreement (the "Engineering Subcontract") with Weidlinger Associates ("Weidlinger") for professional structural engineering services for the Project.

108.   The Design Contract contemplated that KPF would prepare and provide a complete and "fully coordinated" design for the Project.   KPF understood that DASNY would use KPF's design for soliciting bids from various trade construction contractors, who would use KPF's design to build the Project.   In this regard, KPF's design was required to be sufficiently coordinated and complete to permit all of DASNY's trade construction contractors to rely upon that design for purposes of submitting bids to DASNY and performing all aspects their required scopes of work.   The Design Contract further required KPF to complete its design within the time periods required by DASNY's program and construction schedules.

109.   KPF, Weidlinger and KPF's other subcontractors and consultants (collectively referred to as the "KPF Design Team") prepared plans, specifications and related design information (the "Design Documents").   KPF submitted the Design Documents to DASNY and represented to DASNY that the Design Documents were sufficiently detailed, coordinated and complete to be used by all of the trade contractors to build

the Project in accordance with DASNY's requirements and the terms of the Design Contract.

110.   The Design Documents that KPF delivered to DASNY were not submitted in a timely fashion, contained numerous errors, omissions and defects, and were not fully coordinated (collectively referred to as the "Design Defects").

111.   DASNY notified KPF and the Design Team of the Design Defects and advised KPF that the Design Documents required significant revisions and additional coordination before they could be suitable for use in building the Project.  DASNY also advised KPF that Design Defects were adversely impacting the time and cost of construction and directed KPF to implement the necessary corrective work to avoid further cost overruns and delays.

112.   Rather than correcting the Design Defects in a professionally competent and timely fashion, KPF and the Design Team compounded their errors by failing to acknowledge the design and coordination problems and refusing to fully cooperate in offering a solution for their Design Defects.

113.   The Design Defects and coordination errors, along with the Design Team's failure to acknowledge and correct the Design Defects in a timely or professionally competent fashion, caused the cost of construction to increase and significantly delayed, disrupted and impacted the construction of the Project.

114.    DASNY has received claims from trade construction contractors that performed work on the Project requesting additional compensation and time extensions from DASNY based on alleged delays, disruptions and impacts that are directly and indirectly attributable to the Design Defects.

115.    DASNY has been named as a defendant in certain mechanic's lien enforcement actions in the Supreme Court for the State of New York and in the above-captioned law suit in which the general construction contractor for the Project, Trataros Construction Inc. ("Trataros"), Trataros' payment and performance bond surety, Travelers Casualty & Surety Company as administrator for Reliance Insurance Company ("Travelers") and Trataros' subcontractors and material suppliers are seeking damages from DASNY as a result of KPF's Design Defects.

116.    KPF is responsible for any loss or damage DASNY incurs or suffers, either directly or through the claims and law suits, arising from KPF's Design Defects and failure to implement a timely and professionally competent redesign.

### FIRST CROSS-CLAIM
(Contractual Indemnification)

117.    DASNY repeats and realleges each and every allegation contained in paragraphs 97 through 116 above as if fully set forth herein.

118.    The Design Contract requires KPF to indemnify and hold harmless DASNY and DASNY's clients against all claims arising out of the negligent acts, alleged negligent acts, or failure to act, by the Design Team.

- 23 -

119.    Accordingly, to the extent that DASNY is held liable to plaintiff Travelers on account of KPF's negligence, KPF is required to indemnify DASNY and hold DASNY harmless.

### SECOND CROSS-CLAIM
(Common Law Indemnification)

120.    DASNY repeats and realleges each and every allegation contained in paragraphs 97 through 119 above as if fully set forth herein.

121.    In the event that plaintiff Travelers recovers a judgment against DASNY in this action by reason of the allegations set forth in Travelers' complaint, such liability on the part of DASNY, by operation of law or otherwise, will have been caused and brought about by the culpable conduct of KPF, and will not have been caused by any culpable conduct on the part of DASNY.

122.    Accordingly, KPF as the actual tortfeasor is liable to DASNY for any amounts recoverable upon the claims made against DASNY by plaintiff Travelers in this action.

### THIRD CROSS-CLAIM
(Contribution)

123.    DASNY repeats and realleges each and every allegation contained in paragraphs 97 through 122 above, as if the same were set forth at length herein.

124.    If the damages alleged by plaintiff Travelers in this action were caused by culpable conduct other than that of its principal Trataros, such

- 24 -

culpable conduct was that of KPF, by reason of its aforementioned errors and negligence in designing the Project.

125.    In the event that plaintiff Travelers recovers a judgment against DASNY in this action by reason of the allegations set forth in Travelers' complaint, such liability on the part of DASNY, by operation of law or otherwise, will have been caused and brought about by the culpable conduct of KPF, and will not have been caused by any culpable conduct on the part of DASNY.

126.    Accordingly, pursuant to Article 14 of the New York Civil Practice Law and Rules, DASNY is entitled to recover damages in the amount of any judgment recovered by plaintiff Travelers against DASNY as determined in accordance with their relative culpability, and DASNY further demands judgment against KPF in an amount equal to any excess paid by DASNY over and above DASNY's equitable share, with interest.

## FOURTH CROSS-CLAIM
(Breach of Contract)

127.    DASNY repeats and realleges each and every allegation contained in paragraphs 97 through 126 above, as if the same were set forth at length herein.

128.    KPF breached the Design Contract by failing to (1) deliver fully coordinated and complete Design Documents (2) submit fully coordinated and complete Design Documents to DASNY within the time frames and schedules provided for and contemplated by the Design Contract, (3) implement

necessary remedial corrections in a timely or professionally competent fashion, and (4) otherwise satisfy its duties, responsibilities and obligations under the Design Contract.

129.    As a direct and proximate result of these breaches, DASNY has suffered and will continue to suffer damages in an amount to be determined at trial, but exceeding the principal sum of Ten Million Dollars ($10,000,000) plus interest, costs and attorneys' fees.

**FIFTH CROSS-CLAIM**
(Professional Malpractice)

130.    DASNY repeats and realleges each and every allegation contained in paragraphs 97 through 129 above as if fully set forth herein.

131.    KPF failed to exercise the required standard of care, competence and skill in the completion of its duties as architect of record for the Project. Among other things, KPF improperly and negligently (1) failed to complete and coordinate the Design Documents (2) failed to properly oversee and perform the professional services that were required to complete the Design Documents, (3) failed to supervise and coordinate the work of its subcontractors and consultants and integrate their work into the Design Documents, (4) refused to acknowledge its Design Defects and/or implement the necessary remedial corrections in a timely or professionally competent fashion, and (5) failed to satisfy other elements of the required standard of care.

132.    Such actions and inactions were negligent and fell below the standard of care and conduct that KPF owed to DASNY and that is applicable to architects generally and architects in New York in particular.

133.    As a direct and proximate cause of KPF's improper and negligent actions, DASNY has sustained injury and damage in an amount to be determined at trial, but exceeding the principal sum of Ten Million Dollars ($10,000,000) plus interest, costs and attorneys' fees.

**WHEREFORE**, the Dormitory Authority of the State of New York demands judgment:

I.    dismissing the complaint in its entirety;

II.    on its Counterclaim against plaintiff Travelers, awarding damages to DASNY in the amount of any judgment against DASNY for payments due to subcontractors of Trataros on the Project;

III.    on its First Cross-Claim against defendant KPF, awarding damages to DASNY in the amount of any judgment recovered by plaintiff Travelers upon the claims made in Travelers' complaint in this action;

IV.    on its Second Cross-Claim against defendant KPF, awarding damages to DASNY in the amount of any judgment recovered by plaintiff Travelers upon the claims made in Travelers' complaint in this action;

V.    on its Third Cross-Claim against defendant KPF, awarding damages to DASNY in the amount of any judgment recovered by plaintiff Travelers against DASNY as determined in accordance with their relative

culpability, and awarding judgment to DASNY in an amount equal to any excess paid by DASNY over and above DASNY's equitable share;

VI.    on its Fourth Cross-Claim against defendant KPF, awarding damages to DASNY in an amount to be determined at trial, but exceeding the principal sum of Ten Million Dollars ($10,000,000);

VII.    on its Fifth Cross-Claim against defendant KPF, awarding damages to DASNY in an amount to be determined at trial, but exceeding the principal sum of Ten Million Dollars ($10,000,000); and

VIII. awarding DASNY the costs and disbursements of this action, attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        August 2, 2004

                                    HOLLAND & KNIGHT LLP
                                    *Attorneys for Defendant*
                                    *Dormitory Authority of*
                                    *the State of New York*


                        By: *Timothy B. Froessel*
                                    Stephen B. Shapiro (SS 6400)
                                    Timothy B. Froessel (TF 2848)
                                    195 Broadway
                                    New York, New York  10007
                                    (212) 513-3200

To:    David C. Dreifuss, Esq.
       Dreifuss, Bonacci & Parker, LLP
       26 Columbia Turnpike
       North Entrance
       Florham Park, New Jersey  07932
       *Attorneys for Plaintiff*

- 28 -

Kohn Pederson Fox Associates, P.C.
111 East 57th Street
New York, New York  10009
*Defendant*

Gary L. Rubin, Esq.
Mazur Carp & Rubin, P.C.
2 Park Avenue
New York, New York  10016
*Attorneys for Defendant*
*TDX Construction Corp.*

# 2126866_v2

- 29 -

## CERTIFICATE OF SERVICE

TIMOTHY B. FROESSEL hereby declares the following to be true under penalty of perjury:

On August 2, 2004, I caused the foregoing DASNY's Answer with Affirmative Defenses, Counterclaim, and Cross-Claims to be served upon:

David C. Dreifuss, Esq.
Dreifuss, Bonacci & Parker, LLP
26 Columbia Turnpike
North Entrance
Florham Park, NJ  07932

Gary L. Rubin, Esq.
Mazur Carp & Rubin, P.C.
2 Park Avenue
New York, NY  10016

Kohn Pederson Fox Associates, P.C.
111 East 57th Street
New York, NY  10009

the addresses designated for service, via first-class mail, postage pre-paid, enclosed in a properly addressed wrapper.

Dated: New York, New York
         August 2, 2004

TIMOTHY B. FROESSEL

# 2153451_v1