# EXHIBIT 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>      - against -<br><br>DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>                  Defendants. | Case No. 07 Civ. 6915 (DLC)<br><br>**ANSWER OF DASNY AND TDX WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS-CLAIMS** |

Defendants Dormitory Authority of the State of New York ("DASNY") and TDX

Construction Corp. ("TDX") (collectively referred to herein as "Defendants"), by their attorneys,

Holland & Knight LLP, answer the Complaint of plaintiff Travelers Casualty and Surety

Company ("Travelers") as follows:

      1.      Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 1 of the Complaint.

      2.      Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 2 of the Complaint.

      3.      Defendants deny the allegations contained in paragraph 3 of the Complaint,

except admit that DASNY is a public benefit corporation organized and existing under the Public

Authorities Law of the State of New York, and that DASNY's principal place of business is

located at 515 Broadway, Albany, New York.

      4.      Defendants admit the allegations contained in paragraph 4 of the Complaint.

      5.      Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 5 of the Complaint.

6.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.    The allegations contained in paragraph 7 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.    The allegations contained in paragraph 8 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 8, except admit that certain events or omissions that are alleged to give rise to the claims asserted in this action occurred within the County of New York.

## ALLEGATIONS COMMON TO ALL COUNTS

9.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, except admit that Travelers alleges that this action arises from the construction of the Baruch College Vertical Campus (the "Project"), and further admit that the Project was a public improvement.

10.    Defendants admit the allegations contained in paragraph 10 of the Complaint.

11.    Defendants deny the allegations contained in paragraph 11 of the Complaint, except Defendants admit that DASNY entered into contracts with Travelers' principal, Trataros Construction, Inc. ("Trataros"), that denominated DASNY as "Owner" for the purposes of said contracts.

12.    Defendants deny the allegations contained in paragraph 12 of the Complaint, except admit that DASNY worked on the Project for the City University of New York.

13.    Defendants admit the allegations contained in paragraph 13 of the Complaint.

14.     Defendants admit the allegations contained in paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in paragraph 15 of the Complaint, except admit that the duties and obligations of TDX vis-à-vis DASNY in connection with the Project are set forth in written documents that are the best evidence of their terms.

16.     Defendants admit the allegations contained in paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint, except admit that DASNY awarded a contract to Trataros Construction, Inc. ("Trataros"), which consists of written documents that serve as the best evidence of their terms.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint, except admit that Trataros was required to and did procure payment and performance bonds, which are written documents that serve as best evidence of their terms.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint, except admit that DASNY awarded a contract to Trataros Construction, Inc. ("Trataros"), which is a written document that serves as the best evidence of its terms.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint, except admit that Trataros was required to and did procure payment and performance bonds, which are written documents that serve as best evidence of their terms.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except admit that Reliance Insurance Company ("Reliance") provided performance and payment bonds, which are written documents that serve as best evidence of their terms.

22.     The allegations contained in paragraph 22 of the Complaint state, at least in part, legal conclusions to which no response is required. To the extent a response is required,

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.     The allegations contained in paragraph 24 of the Complaint state, at least in part, legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint, except admit that the Project's façade materials included glass curtainwalls, masonry and aluminum paneling.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint, except admit that DASNY entered into thirteen prime contracts with respect to the construction of the Project.

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint, except admit that DASNY entered into thirteen prime contracts with respect to the construction of the Project, each of which consists of written documents that are the best evidence of their terms.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint, except admit that DASNY entered into contracts with Trataros, which consist of written documents that are the best evidence of their terms.

29.     Defendants deny the allegations contained in paragraph 29 of the Complaint, except admit that DASNY entered into contracts with Trataros, which consist of written documents that are the best evidence of their terms.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint, except admit that the drawings, specifications and bid packages for the Project are written documents that are the best evidence of their terms.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     The allegations contained in paragraph 37 state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 37 of the Complaint, except admit that DASNY entered into contracts with TDX, KPF, and other prime contractors with respect to the construction of the Project, which are written documents that serve as best evidence of their terms.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39.    Defendants deny the allegations contained in paragraph 39 of the Complaint, except admit that DASNY entered into a contract for the Project's excavation and foundation which was dated as of May 2, 1997.

40.    Defendants admit the allegations contained in paragraph 40 of the Complaint.

41.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42.    Defendants deny the allegations contained in paragraph 42 of the Complaint, except admit that DASNY entered into contracts with Trataros, which are written documents that are the best evidence of their terms.

43.    Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.    Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.    Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.    Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.    Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.    Defendants deny the allegations contained in paragraph 48 of the Complaint.

## ANSWERING THE "FIRST COUNT"

49.    Defendants repeat and reallege each and every answer to the paragraphs incorporated by reference in paragraph 49 of the Complaint as if fully set forth herein.

50.    Defendants deny the allegations contained in paragraph 50 of the Complaint, except admit that Trataros performed certain work under the contracts it entered into with DASNY in connection with the Project.

51.    Defendants deny the allegations contained in paragraph 51 of the Complaint, except admit that Baruch College has occupied part or all of the Project since in or about September 2001.

52.    The allegations contained in paragraph 52 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53.    Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.    The allegations contained in paragraph 54 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55.    Defendants deny the allegations contained in paragraph 55 of the Complaint.

## ANSWERING THE "SECOND COUNT"

56.    Defendants repeat and reallege each and every answer to the paragraphs incorporated by reference in paragraph 56 of the Complaint as if fully set forth herein.

57.    The allegations contained in paragraph 57 of the Complaint state, at least in part, legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57.

58.    Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.    Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.    The allegations contained in paragraph 60 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62.    Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.    Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.    The allegations contained in paragraph 64 of the Complaint state a legal conclusion to which no response is required.  To the extend a response is required, Defendants deny the allegations contained in paragraph 64.

65.    Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.    Defendants deny the allegations contained in paragraph 66 of the Complaint, except admit that DASNY paid Trataros certain change orders, which are comprised of written documents that are the best evidence of their terms.

67.    Defendants deny the allegations contained in paragraph 67 of the Complaint.

## ANSWERING THE "THIRD COUNT"

68.    Defendants repeat and reallege each and every answer to the paragraphs incorporated by reference in paragraph 68 of the Complaint as if fully set forth herein.

69.    The allegations contained in paragraph 69 of the Complaint state, at least in part, legal conclusions to which no response is required.  To the extent a response is required, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.

70.    Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.    Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.    The allegations contained in paragraph 72 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 72.

73.    The allegations contained in paragraph 73 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 73.

74.    The allegations contained in paragraph 74 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 74.

75.    The allegations contained in paragraph 75 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75.

76.    The allegations contained in paragraph 76 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76.

## ANSWERING THE "FOURTH COUNT"

77.    Defendants repeat and reallege each and every answer to the paragraphs incorporated by reference in paragraph 77 of the Complaint as if fully set forth herein.

78.    Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in paragraph 79 of the Complaint.

## ANSWERING THE "FIFTH COUNT"

80.     Defendants repeat and reallege each and every answer to the paragraphs incorporated by reference in paragraph 80 of the Complaint as if fully set forth herein.

81.     Defendants deny the allegations contained in paragraph 81 of the Complaint, except admit that DASNY and TDX entered into a contract with respect to the Project, which is comprised of written documents that serve as the best evidence of their terms.

82.     The allegations contained in paragraph 82 of the Complaint state, at least in part, legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 82.

83.     The allegations contained in paragraph 83 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 83.

84.     The allegations contained in paragraph 84 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 84.

85.     The allegations contained in paragraph 85 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85.

86.     The allegations set forth in paragraph 86 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 86.

## ANSWERING THE "SIXTH COUNT"

87.     Defendants repeat and reallege each and every answer to the paragraphs incorporated by reference in paragraph 87 of the Complaint as if fully set forth herein.

88.     Defendants deny the allegations contained in paragraph 88 of the Complaint, except admit that DASNY and KPF entered into a contract with respect to the Project, which is a written document that is the best evidence of its terms.

89.     The allegations contained in paragraph 89 of the Complaint state, at least in part, legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89.

90.     The allegations contained in paragraph 90 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90.

91.     The allegations contained in paragraph 91 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91.

92.     The allegations contained in paragraph 92 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92.

93.    The allegations contained in paragraph 93 of the complaint state a legal

conclusion to which no response is required.  To the extent a response is required, Defendants

are without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 93.

## FIRST AFFIRMATIVE DEFENSE

94.    Plaintiff lacks standing to pursue claims on behalf of Trataros and/or Trataros'

subcontractors.

## SECOND AFFIRMATIVE DEFENSE

95.    Trataros is a necessary party to this action, and the Court cannot proceed in

Trataros' absence.

## THIRD AFFIRMATIVE DEFENSE

96.    The Court lacks subject matter jurisdiction over this controversy.

## FOURTH AFFIRMATIVE DEFENSE

97.    Plaintiff's complaint fails to state a cause of action upon which relief may be

granted.

## FIFTH AFFIRMATIVE DEFENSE

98.    With respect to any alleged contract balance purportedly owed to Trataros,

DASNY has a right of set-off against such funds which is superior to any right of Plaintiff to said

funds.

## SIXTH AFFIRMATIVE DEFENSE

99.    Any damages allegedly sustained by Trataros or Plaintiff were caused in whole or

in part by Trataros' or Plaintiff's own culpable conduct, as a result of which Plaintiff's claims are

therefore barred or diminished in the proportion that such culpable conduct bears to the total

culpable conduct that caused their alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

100.    Plaintiff's claims are barred by Trataros' breach of contract.

## EIGHTH AFFIRMATIVE DEFENSE

101.    Plaintiff's claims are barred by Trataros' contributory negligence.

## NINTH AFFIRMATIVE DEFENSE

102.    Plaintiff's claims are barred by Trataros' breach of one or more of its subcontract

agreements and/or purchase orders.

## TENTH AFFIRMATIVE DEFENSE

103.    Any alleged liability of Defendants to Plaintiff is derivative of, and secondary to,

the liability of Trataros for damages being claimed in the causes of action set forth against

Defendants in the Complaint.  Therefore, Plaintiff must first seek damages from Trataros before

it may pursue the causes of action Plaintiff has asserted against Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

104.    Any alleged liability of Defendants to Plaintiff is derivative of, and secondary to,

the liability of KPF for the damages being claimed in the causes of action set forth against

Defendants in the Complaint.  Therefore, Plaintiff must first seek damages from KPF before it

may pursue the causes of action Plaintiff has asserted against Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

105.    Plaintiff's claims are barred by Trataros' material breach and/or abandonment of

its contracts with DASNY.

## THIRTEENTH AFFIRMATIVE DEFENSE

106.    Defendants are entitled to indemnity and/or contribution from Trataros and KPF for any liability they may have to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

107.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's breach of contract.

## FIFTEENTH AFFIRMATIVE DEFENSE

108.    Plaintiff's claims brought on behalf of Trataros are barred by an accord and satisfaction between DASNY and Trataros.

## SIXTEENTH AFFIRMATIVE DEFENSE

109.    The claims asserted by Plaintiff have been fully or partially paid by DASNY.

## SEVENTEENTH AFFIRMATIVE DEFENSE

110.    Some or all of Plaintiff's claims against DASNY are barred by lack of privity of contract.

## EIGHTEENTH AFFIRMATIVE DEFENSE

111.    Some or all of Plaintiff's claims are barred by the statute of frauds.

## NINETEENTH AFFIRMATIVE DEFENSE

112.    Some or all of Plaintiff's claims are barred by breaches of contract and/or negligence of Trataros' subcontractors and suppliers.

## TWENTIETH AFFIRMATIVE DEFENSE

113.    Plaintiff's claims against TDX are barred by a lack of privity of contract of plaintiff, Trataros, and/or Trataros' subcontractors and suppliers with TDX.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

114.    Plaintiff's claims against DASNY are barred by failure of consideration.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

115.  Plaintiff's claims are barred by waiver, payment and/or release.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

116.  Plaintiff is estopped from bringing the causes of action set forth in the Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

117.  Plaintiff's claims against DASNY are barred to the extent that Trataros is responsible for the alleged cost overruns and delays that Defendants are alleged to be liable for in the Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

118.  Plaintiff's claims are barred by the economic loss doctrine.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

119.  Plaintiff's claims are barred to the extent Plaintiff is seeking payment on behalf of itself, Trataros and/or Trataros' subcontractors or suppliers that: (1) can not be substantiated through contemporaneous Project records; (2) that Plaintiff knows is in excess of losses actually incurred by those entities; or (3) that Plaintiff knows is not due and owing from Defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

120.  Plaintiff's claims are barred or limited to the extent that Plaintiff is seeking to recover costs or damages that are unreasonable, duplicative or inappropriate.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

121.  This action and any relief sought may be barred, in whole or in part, by additional defenses that cannot be articulated due to the generality of Plaintiff's Complaint, the fact that discovery is not yet complete, or other presently undeveloped information.  Accordingly, Defendants reserve their right to supplement the foregoing defenses and to raise additional

defenses as may appear as this case progresses to the fullest extent permitted by the Federal

Rules of Civil Procedure and applicable law to this case.

## DASNY'S COUNTERCLAIM AGAINST TRAVELERS

### *Parties, Jurisdiction and Venue*

122.    Defendant and counterclaim plaintiff Dormitory Authority of the State of New

York ("DASNY") is a public benefit corporation organized and existing under the Public

Authorities Law of the State of New York, with its principal place of business located at 515

Broadway, Albany, New York.

123.    Upon information and belief, plaintiff and counterclaim defendant Travelers

Casualty and Surety Company ("Travelers") is a corporation organized and existing under the

laws of the State of Connecticut, with its principal place of business located at One Tower

Square, Hartford, Connecticut.

124.    This Court has jurisdiction over DASNY's counterclaim pursuant to 28 U.S.C. §§

1332(a) and 1367(a).

125.    This District is the proper venue for DASNY's counterclaim under 28 U.S.C. §

1391(a)(2), because a substantial part of the events or omissions giving rise to the counterclaim

asserted herein occurred within this District.

### *Facts*

126.    On or about April 22, 1998, DASNY, as owner, and Trataros Construction, Inc.

("Trataros"), as contractor, entered into a written contract whereby Trataros agreed to provide the

labor and materials to perform certain general construction at a Project known as the Baruch

Academic Complex, Site B (the "Project"), for the agreed upon price of $50,222,000.00, which

was denominated Agreement No. 6500 1802 2176 ("Contract No. 15"). Contract No. 15 included plans, specifications, general conditions and other terms, conditions, obligations, duties and requirements that Trataros agreed to assume and comply with.

127.    The Project is a 785,000 gross square foot, 14 story structure located on Lexington Avenue between 24th and 25th Streets, in the borough of Manhattan, which was designed to house Baruch College's School of Liberal Arts and Sciences, Business School, Executive Program Division, recreational and performance facilities, and various student activity areas.

128.    On or about April 22, 1998, Trataros, as principal, and Reliance Insurance Company as surety, executed and delivered a labor and material payment bond and a performance bond for Contract No. 15, each having the penal sum of $50,222,000.00, naming DASNY as obligee.

129.    On or about August 27, 1998, DASNY, as owner, and Trataros, as contractor, entered into a written contract whereby Trataros agreed to provide the labor and materials to perform certain general construction at the Project, for the agreed upon price of $24,140,000.00, which was denominated Agreement No. 6500 1802 2178 ("Contract No. 16"). Contract No. 16 included plans, specifications, general conditions and other terms, conditions, obligations, duties and requirements that Trataros agreed to assume and comply with.

130.    On or about August 27, 1998, Trataros, as principal, and Reliance Insurance Company as surety, executed and delivered a labor and material payment bond and a performance bond for Contract No. 16, each having the penal sum of $24,140,000.00, naming DASNY as obligee.

- 17 -

131.    Upon information and belief, on or about May 31, 2000, Travelers acquired the

surety and fidelity business written by the various companies owned by Reliance Group

Holdings, Inc., including bonds written by Reliance Insurance Company ("Reliance").  All

duties, rights, and obligations of Reliance Insurance Company under the labor and material

payment bonds for Contract No. 15 and Contract No. 16 were assumed by Travelers by virtue of

that transaction.

132.    Trataros entered into various subcontract agreements and purchase orders with

trade construction contractors and material suppliers that obligated those subcontractors and

suppliers to fulfill certain of Trataros' obligations under Contract No. 15 and Contract No. 16.

133.    Upon information and belief, Travelers took over and assumed Trataros'

obligations under Contract No. 15 and Contract No. 16.

134.    Trataros breached Contract No. 15 and Contract No. 16 by, *inter alia*, failing to

properly plan, schedule, coordinate or manage its work, and failing to provide adequate labor,

material and equipment to effectively phase and/or complete its work, which delayed, disrupted

and impacted work performed by other prime contractors on the Project and Trataros' own

subcontractors.

135.    Certain of the Project's prime contractors have submitted claims to DASNY seeking

additional compensation and extensions of time due to alleged delays, disruptions, impacts and

~~inefficiencies.  To the extent that DASNY has any responsibility for these claims, that~~

responsibility is at least partially attributable to Trataros' aforementioned breaches of Contract No.

15 and Contract No. 16.

136.    Certain of Trataros' subcontractors and/or suppliers have submitted claims to

Trataros and/or DASNY seeking additional compensation and extensions of time due to alleged

delays, disruptions, impacts and inefficiencies.  Travelers and/or Trataros are attempting to pass

liability for these claims through to DASNY.  To the extent that DASNY has any responsibility for

these claims, that responsibility is at least partially attributable to Trataros' aforementioned

breaches of Contract No. 15 and Contract No. 16.

137.    Trataros further breached Contract No. 15 and Contract No. 16 by, *inter alia*,

performing work that was defective, substandard and/or otherwise unacceptable, including but

not limited to the defective installation of the Project's epoxy terrazzo flooring, which is

delaminating, lifting, curling, and/or cracking in substantial areas of the Project.

## FIRST COUNTERCLAIM

138.    DASNY repeats and realleges each and every allegation contained in paragraphs

122 through 137 above, as if the same were set forth at length herein.

139.    Certain subcontractors and suppliers to Trataros under Contract No. 15 and/or

Contract No. 16 allege that they have not been paid under their subcontract agreements and

purchase orders with Trataros.

140.    As alleged in Travelers' complaint in this action, several of Trataros'

subcontractors under Contract No. 15 and/or Contract No. 16 have made claims for alleged

additional costs incurred in performing work at the Project, and Trataros and/or Trataros have

failed to pay such additional costs.

141.    Trataros is responsible for all or part of the alleged costs incurred by its

subcontractors at the Project, because, *inter alia*,  Trataros failed to: (1) provide sufficient labor;

(2) effectively administer, schedule, coordinate and manage the work; and (3) otherwise satisfy

its obligations under Contract No. 15 and Contract No. 16.

142.   DASNY, as obligee, made due demand upon Travelers to perform its obligations under the payment bonds for Contract No. 15 and Contract No. 16.

143.   DASNY's demand upon Travelers was wrongfully rejected by Travelers.

144.   Travelers' wrongful rejection of DASNY's demand constitutes a breach of its obligations under the performance and payment bonds for Contract No. 15 and Contract No. 16.

145.   By reason of Travelers' wrongful rejection of DASNY's demand, DASNY has made payments to Trataros' subcontractors under Contract No. 15 and Contract No. 16, which Travelers was obligated to pay under the terms of the payment bonds.

146.   To the extent that the "Pass Through Claims" alleged in the Third Count of Travelers' Complaint in this action seek damages suffered by Trataros' subcontractors that were caused and/or should have been paid by Trataros, Travelers is required under the terms of the labor and material payment bonds for Contract No. 15 and Contract No. 16 and under its assumption of Trataros' obligations under those contracts to undertake the responsibility of its principal, Trataros, to make all payments to the subcontractors or otherwise defend against such claims.

147.   As a direct and proximate result of Travelers' breach, DASNY has suffered damages in an amount to be determined at trial, but exceeding the principal sum of One Million Eight Hundred Thousand Dollars ($1,800,000) plus interest, costs and attorneys' fees.

## SECOND COUNTERCLAIM

148.   DASNY repeats and realleges each and every allegation contained in paragraphs 122 through 147 above, as if the same were set forth at length herein.

149.   Trataros breached Contract No. 15 and Contract No. 16, by virtue of its delayed and defective work.

150.    As a direct and proximate result of Trataros' breach, DASNY has suffered damages in an amount to be determined at trial, but exceeding the principal sum of Twenty-One Million Dollars ($21,000,000) plus interest, costs and attorneys' fees.

151.    By virtue of Travelers' assumption of Trataros' obligations under Contract No. 15 and Contract No. 16, Travelers is liable for the damages suffered by DASNY as a result of Trataros' aforementioned breaches of contract.

## THIRD COUNTERCLAIM

152.    DASNY repeats and realleges each and every allegation contained in paragraphs 122 through 151 above, as if the same were set forth at length herein.

153.    DASNY, as obligee, made due demand upon Travelers to perform its obligations under the performance bonds for Contract No. 15 and Contract No. 16.

154.    DASNY's demand upon Travelers was wrongfully rejected by Travelers.

155.    Travelers wrongful rejection of DASNY's demand constitutes a breach of its obligations under the performance bonds for Contract No. 15 and Contract No. 16.

156.    As a direct and proximate result of Travelers' breach, DASNY has suffered damages in an amount to be determined at trial, but exceeding the principal sum of Nineteen Million Dollars ($19,000,000) plus interest, costs and attorneys' fees.

## ~~CROSS-CLAIMS OF DASNY AND TDX AGAINST KPF~~

### *Parties, Jurisdiction and Venue*

157.    Defendant and cross-claim plaintiff Dormitory Authority of the State of New York ("DASNY") is a public benefit corporation organized and existing under the Public

Authorities Law of the State of New York, with its principal place of business located at 515

Broadway, Albany, New York.

158.    Defendant and cross-claim plaintiff TDX Construction Corp. ("TDX") is a

corporation organized and existing under the laws of the State of New York, with its principal

place of business located at 345 Seventh Avenue, New York, New York.

159.    Upon information and belief, cross-claim defendant Kohn Pedersen Fox

Associates, P.C. ("KPF") is a professional corporation organized and existing under the laws of

the State of New York, with its principal place of business located at 111 East 57th Street, New

York, New York.

160.    This Court has jurisdiction over the within cross-claims pursuant to 28 U.S.C. §

1367(a).

161.    This District is the proper venue for the within cross-claims under 28 U.S.C. §

1391(a)(2), because a substantial part of the events or omissions giving rise to the cross-claims

asserted herein occurred within this District.

162.    At all times mentioned herein, KPF was an architectural firm, and at least one of

its shareholders was licensed as a professional architect in the State of New York.

*Facts*

163.    On or about November 20, 1995, DASNY entered into Contract No. 6500 1802

3145 (the "Design Contract") with KPF for the design of a building known as the Baruch

Academic Complex - Site B at 55 Lexington Avenue, New York, New York 10010 (the

"Project").

164.    Pursuant to the terms of written agreements between DASNY and TDX, TDX

performed construction management services for the Project.

- 22 -

165.    The Project is a 785,000 gross square foot, 14 story structure located on Lexington Avenue between 24th and 25th Streets, in the borough of Manhattan, which was designed to house Baruch College's School of Liberal Arts and Sciences, Business School, Executive Program Division, recreational and performance facilities, and various student activity areas.

166.    The Project was constructed under the Wicks Law, N.Y. State Finance Law § 135, utilizing multiple trade construction contractors to perform various scopes of construction work.

167.    The Design Contract included terms and conditions setting forth KPF's duties and obligations with respect to the Project, which were either included in the Design Contract itself or incorporated into the Design Contract by reference.

168.    Among other things, the Design Contract included a "Scope of Services of Architect," which was attached to the Design Contract as Appendix 'A' and contained additional provisions that are relevant to KPF's duties to DASNY on the Project.

169.    Upon information and belief, KPF entered into agreements with Weidlinger Associates Consulting Engineers, P.C. ("Weidlinger") and Cosentini Associates, Inc. ("Cosentini") for professional engineering services for the Project, and KPF entered into agreements with other sub-consultants under which those sub-consultants agreed to provide additional design services and other services for the Project.

170.    The Design Contract contemplated that KPF would prepare and provide a complete and "fully coordinated" design for the Project. KPF understood that DASNY would use KPF's design for soliciting bids from various trade construction contractors,

who would use KPF's design to build the Project. In this regard, KPF's design was required to be sufficiently coordinated and complete to permit all of DASNY's trade construction contractors to rely upon that design for purposes of submitting bids to DASNY and performing all aspects their required scopes of work. The Design Contract further required KPF to complete its design within the time periods required by DASNY's program and construction schedules.

171.    KPF, Weidlinger, Cosentini and KPF's other subcontractors and consultants (collectively referred to as the "KPF Design Team") prepared plans, specifications and related design information (the "Design Documents"). KPF submitted the Design Documents to DASNY and represented to DASNY that the Design Documents were sufficiently detailed, coordinated and complete to be used by all of the trade contractors to build the Project in accordance with DASNY's requirements and the terms of the Design Contract.

172.    The Design Documents that KPF delivered to DASNY were not submitted in a timely fashion, contained errors, omissions and defects, and were not fully coordinated (collectively referred to as the "Design Defects").

173.    DASNY notified KPF and the Design Team of the Design Defects and advised KPF that the Design Documents required significant revisions and additional coordination before they could be suitable for use in building the Project. DASNY also advised KPF that Design Defects were adversely impacting the time and cost of construction and directed KPF to implement the necessary corrective work to avoid further cost overruns and delays.

174.   Rather than correcting the Design Defects in a professionally competent and timely fashion, KPF and the Design Team compounded their errors by failing to acknowledge the design and coordination problems and refusing to fully cooperate in offering a solution for their Design Defects.

175.   The Design Defects and coordination errors, along with the Design Team's failure to acknowledge and correct the Design Defects in a timely or professionally competent fashion, caused the cost of construction to increase and significantly delayed, disrupted and impacted the construction of the Project.

176.   DASNY has received claims from trade construction contractors that performed work on the Project requesting additional compensation and time extensions from DASNY based on alleged delays, disruptions and impacts that are directly and indirectly attributable to the Design Defects.

177.   DASNY has been named as a defendant in certain action(s) in the Supreme Court of the State of New York in which various parties seek damages from DASNY, upon information and belief, as a result of KPF's Design Defects.

178.   DASNY and TDX have been named as defendants in this action, in which Travelers Casualty & Surety Company as administrator for Reliance Insurance Company ("Travelers") is seeking damages from DASNY and TDX as a result of KPF's Design Defects, on behalf of itself, its principal, Trataros Construction Inc. ("Trataros"), and Trataros' subcontractors and material suppliers.

179.   KPF is responsible for any loss or damage incurred or suffered by DASNY or TDX, either directly or through the claims and law suits, arising from KPF's

- 25 -

Design Defects and/or failure to implement a timely and professionally competent redesign.

## FIRST CROSS-CLAIM
### (Contractual Indemnification – DASNY)

180.    DASNY repeats and realleges each and every allegation contained in paragraphs 157 through 179 above as if fully set forth herein.

181.    The Design Contract requires KPF to indemnify and hold harmless DASNY and DASNY's clients against all claims arising out of the negligent acts, alleged negligent acts, or failure to act, by the Design Team.

182.    Accordingly, to the extent that DASNY is held liable to plaintiff Travelers or any other third-party on account of KPF's negligence, DASNY is entitled to indemnification from and to have judgment over against KPF, in the amount of any judgment or verdict against DASNY by Travelers or any third party.

## SECOND CROSS-CLAIM
### (Common Law Indemnification – DASNY)

183.    DASNY repeats and realleges each and every allegation contained in paragraphs 157 through 182 above as if fully set forth herein.

184.    In the event that plaintiff Travelers recovers a judgment against DASNY in this action by reason of the allegations set forth in Travelers' complaint, such liability on the part of DASNY, by operation of law or otherwise, will have been caused and brought about by the culpable conduct of KPF, and will not have been caused by any culpable conduct on the part of DASNY.

185.    In the event that any other third party recovers a judgment against DASNY or DASNY becomes obligated to pay claims to a third party arising from or in

- 26 -

connection with the Project, such liability on the part of DASNY, by operation of law or otherwise, will have been caused and brought about by the culpable conduct of KPF, and will not have been caused by any culpable conduct on the part of DASNY.

186.    Accordingly, KPF as the actual tortfeasor is liable to DASNY, and DASNY is entitled to indemnification from and to have judgment over against KPF, in the amount of any judgment or verdict against DASNY by Travelers or any third party.

## THIRD CROSS-CLAIM
### (Common Law Indemnification – TDX)

187.    TDX repeats and realleges each and every allegation contained in paragraphs 157 through 186 above as if fully set forth herein.

188.    In the event that plaintiff Travelers recovers a judgment against TDX in this action by reason of the allegations set forth in Travelers' complaint, such liability on the part of TDX, by operation of law or otherwise, will have been caused and brought about by the culpable conduct of KPF, and will not have been caused by any culpable conduct on the part of TDX.

189.    In the event that any other third party recovers a judgment against TDX or TDX becomes obligated to pay claims to a third party arising from or in connection with the Project, such liability on the part of TDX, by operation of law or otherwise, will have been caused and brought about by the culpable conduct of KPF, and will not have been caused by any culpable conduct on the part of TDX.

190.    Accordingly, KPF as the actual tortfeasor is liable to TDX, and TDX is entitled to indemnification from and to have judgment over against KPF, in the amount of any judgment or verdict against TDX by Travelers or any third party.

## FOURTH CROSS-CLAIM
### (Contribution – DASNY)

191.   DASNY repeats and realleges each and every allegation contained in paragraphs 157 through 190 above, as if the same were set forth at length herein.

192.   If the damages alleged by Travelers in this action were caused by culpable conduct other than that of its principal Trataros, such culpable conduct was that of KPF, by reason of its aforementioned errors and negligence in designing the Project.

193.   In the event that Travelers recovers a judgment against DASNY in this action by reason of the allegations set forth in Travelers' complaint, or DASNY otherwise becomes obligated to pay Travelers or any third party for claims arising from the Project, such liability on the part of DASNY, by operation of law or otherwise, will have been caused and brought about by the culpable conduct of KPF, and will not have been caused by any culpable conduct on the part of DASNY.

194.   Accordingly, pursuant to Article 14 of the New York Civil Practice Law and Rules, DASNY is entitled to recover damages in the amount of any judgment against DASNY by Travelers and/or any other third party as determined in accordance with their relative culpability, and DASNY is entitled to have judgment over against KPF in an amount equal to any excess paid by DASNY over and above DASNY's equitable share, with interest.

## FIFTH CROSS-CLAIM
### (Contribution – TDX)

195.   TDX repeats and realleges each and every allegation contained in paragraphs 157 through 194 above, as if the same were set forth at length herein.

- 28 -

196.    If the damages alleged by plaintiff Travelers in this action were caused by culpable conduct other than that of its principal Trataros, such culpable conduct was that of KPF, by reason of its aforementioned errors and negligence in designing the Project.

197.    In the event that plaintiff Travelers recovers a judgment against TDX in this action by reason of the allegations set forth in Travelers' complaint, or TDX otherwise becomes obligated to pay Travelers or any third party for claims arising from the Project, such liability on the part of TDX, by operation of law or otherwise, will have been caused and brought about by the culpable conduct of KPF, and will not have been caused by any culpable conduct on the part of TDX.

198.    Accordingly, pursuant to Article 14 of the New York Civil Practice Law and Rules, TDX is entitled to recover damages in the amount of any judgment recovered against TDX by Travelers and/or any other third party as determined in accordance with their relative culpability, and TDX is entitled to have judgment over against KPF in an amount equal to any excess paid by TDX over and above TDX's equitable share, with interest.

## SIXTH CROSS-CLAIM
### (Breach of Contract – DASNY)

199.    DASNY repeats and realleges each and every allegation contained in paragraphs 157 through 198 above, as if the same were set forth at length herein.

200.    KPF breached the Design Contract by failing to (1) deliver fully coordinated and complete Design Documents (2) submit fully coordinated and complete Design Documents to DASNY within the time frames and schedules provided for and contemplated by the Design Contract, (3) implement necessary remedial corrections in a

timely or professionally competent fashion, and (4) otherwise satisfy its duties, responsibilities and obligations under the Design Contract.

201.    As a direct and proximate result of these breaches, DASNY has suffered and will continue to suffer damages in an amount to be determined at trial, but exceeding the principal sum of Forty Million Dollars ($40,000,000) plus interest, costs and attorneys' fees.

### SEVENTH CROSS-CLAIM
(Professional Malpractice – DASNY)

202.    DASNY repeats and realleges each and every allegation contained in paragraphs 157 through 201 above as if fully set forth herein.

203.    KPF failed to exercise the required standard of care, competence and skill in the completion of its duties as architect of record for the Project.  Among other things, KPF improperly and negligently: (1) failed to complete and coordinate the Design Documents, (2) failed to properly oversee and perform the professional services that were required to complete the Design Documents, (3) failed to supervise and coordinate the work of its subcontractors and consultants and integrate their work into the Design Documents, (4) refused to acknowledge its Design Defects and/or implement the necessary remedial corrections in a timely or professionally competent fashion, and (5) failed to satisfy other elements of the required standard of care.

204.    Such actions and inactions were negligent and fell below the standard of care and conduct that KPF owed to DASNY and that is applicable to architects generally and architects in New York in particular.

205.    As a direct and proximate cause of KPF's improper and negligent actions, DASNY has sustained injury and damage in an amount to be determined at trial, but

exceeding the principal sum of Forty Million Dollars ($40,000,000) plus interest, costs and attorneys' fees.

**WHEREFORE**, the Dormitory Authority of the State of New York and TDX Construction Corp. demand judgment:

I.      dismissing the complaint in its entirety;

II.     on the First Counterclaim against plaintiff Travelers, awarding damages to DASNY in an amount to be determined at trial, but exceeding the principal sum of One Million Eight Hundred Thousand Dollars ($1,800,000) plus interest, costs and attorneys' fees;

III.    on the Second Counterclaim against plaintiff Travelers, awarding damages to DASNY in an amount to be determined at trial, but exceeding the principal sum of Twenty-Eight Million Dollars ($28,000,000) plus interest, costs and attorneys' fees;

IV.     on the Third Counterclaim against plaintiff Travelers, awarding damages to DASNY in an amount to be determined at trial, but exceeding the principal sum of Twenty-Six Million Dollars ($26,000,000) plus interest, costs and attorneys' fees;

V.      on the First Cross-Claim against defendant KPF, awarding DASNY damages and/or judgment over against KPF in the amount of any judgment or verdict against DASNY by Travelers or any third party;

VI.     on the Second Cross-Claim against defendant KPF, awarding DASNY damages and/or judgment over against KPF in the amount of any judgment or verdict against DASNY by Travelers or any third party;

- 31 -

VII.    on the Third Cross-Claim against defendant KPF, awarding TDX damages and/or judgment over against KPF in the amount of any judgment or verdict against DASNY by Travelers or any third party;

VIII.    on the Fourth Cross-Claim against defendant KPF, awarding damages to DASNY in the amount of any judgment recovered by plaintiff Travelers or any third party against DASNY as determined in accordance with their relative culpability, and awarding judgment to DASNY in an amount equal to any excess paid by DASNY over and above DASNY's equitable share;

IX.    on the Fifth Cross-Claim against defendant KPF, awarding damages to TDX in the amount of any judgment recovered by plaintiff Travelers or any third party against TDX as determined in accordance with their relative culpability, and awarding judgment to TDX in an amount equal to any excess paid by TDX over and above TDX's equitable share;

X.    on the Sixth Cross-Claim against defendant KPF, awarding damages to DASNY in an amount to be determined at trial, but exceeding the principal sum of Forty Million Dollars ($40,000,000);

XI.    on the Seventh Cross-Claim against defendant KPF, awarding damages to DASNY in an amount to be determined at trial, but exceeding the principal sum of Forty Million Dollars ($40,000,000); and

XII.    awarding Defendants the costs and disbursements of this action, attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        September 28, 2007

                                HOLLAND & KNIGHT LLP
                                *Attorneys for Defendants Dormitory*
                                *Authority of the State of New York and*
                                *TDX Construction Corp.*


                                By: _____
                                      Stephen B. Shapiro
                                      Timothy B. Froessel
                                195 Broadway
                                New York, New York  10007
                                (212) 513-3200


To:   Eli J. Rogers, Esq.
      Dreifuss, Bonacci & Parker, LLP
      26 Columbia Turnpike
      North Entrance
      Florham Park, New Jersey  07932
      *Attorneys for Plaintiff*

      Michael K. DeChiara, Esq.
      Zetlin & DeChiara LLP
      801 Second Avenue
      New York, New York  10017
      *Attorneys for Defendant*
      *Kohn Pedersen Fox Associates, P.C.*

## CERTIFICATE OF SERVICE

TIMOTHY B. FROESSEL hereby declares the following to be true under penalty of perjury:

On September 28, 2007, I caused the foregoing Answer of DASNY and TDX with Affirmative Defenses, Counterclaims, and Cross-Claims to be served upon all parties listed in the attached Service List, at the addresses designated for service, by depositing same, enclosed in a properly addressed wrapper, first-class postage pre-paid, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Dated: New York, New York
      September 28, 2007

_____
TIMOTHY B. FROESSEL

## SERVICE LIST

Eli J. Rogers, Esq.
Dreifuss Bonacci & Parker, LLP
26 Columbia Turnpike
North Entrance
Florham Park, NJ  07932

*Attorneys for Plaintiff*

Michael K. DeChiara, Esq.
Zetlin & DeChiara LLP
801 Second Avenue
New York, NY  10017

*Attorneys for Defendant*
*Kohn Pedersen Fox Associates, P.C.*