# EXHIBIT
# 21

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY, | : |
| | : |
| Plaintiff, | : |
| -against- | : |
| THE DORMITORY AUTHORITY OF THE STATE OF NEW YORK, TDX CONSTRUCTION CORP. and KOHN, PEDERSON, FOX & ASSOCIATES, P.C., | : |
| Defendants. | : |

Civil Action No.04 Civ. 5101 (HB)
**ECF CASE**


**DEFENDANT KOHN PEDERSON FOX ASSOCIATES, P.C.'S THIRD-PARTY COMPLAINT**

------------------------------------------------------------------- X

DORMITORY AUTHORITY OF THE STATE OF NEW YORK,                                  :

                                                                               :

             Third-Party Plaintiff,                   :

           -against-                                       :

TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,          :

             Third-Party Defendants.                  :

------------------------------------------------------------------- X

TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,          :

             Fourth-Party Plaintiffs,                 :

           -against-                                       :

G.M. CROCETTI, INC., CAROLINA CASUALTY INSURANCE COMPANY, BARTEC INDUSTRIES INC., DAYTON SUPERIOR SPECIALTY BRANDS, INC., t/a TEC, JOHN DOES 1-20, and XYZ CORPS. 1-20,                              :

             Fourth-Party Defendants.                 :

------------------------------------------------------------------- X

```
-------------------------------------------------------------------- X
```
KOHN PEDERSON FOX ASSOCIATES, P.C.,

                                       Third-Party Plaintiff,       :

                      -against-        :

                                                     :

WEIDLINGER ASSOCIATES CONSULTING
ENGINEERS, P.C., ANTHONY BLACKETT &      :
ASSOCIATES, POULIN + MORRIS, INC., SHEN
MILSOM & WILKE, INC., AMIS, INC., HOPKINS   :
FOOD SERVICE SPECIALISTS, INC., CASTRO-
BLANCO PISCIONERI AND ASSOCIATES,     :
ARCHITECTS, P.C. n/k/a ARQUITECTONICA NEW
YORK, P.C., COSENTINI ASSOCIATES, INC.,   :
VOLLMER ASSOCIATES, LLP, TESTWELL CRAIG
LABORATORIES, INC., JOHN A. VAN DEUSEN & :
ASSOCIATES, INC., JEROME S. GILLMAN
CONSULTING ARCHITECT, P.C., SYSTEMS DESIGN :
ASSOCIATES, SYSTEMS DESIGN ASSOCIATES,
INC., WARFEL SCHRAGER ARCHITECTURAL   :
LIGHTING, LLC , COUNSILMAN/HUNSAKER &
ASSOCIATES, ENTEK ENGINEERING PLLC,     :
THEATRE PROJECTS CONSULTANTS, JORDAN
PANEL SYSTEMS CORP., TRATAROS        :
CONSTRUCTION, INC. and LBL SKYSYSTEMS
(U.S.A.), INC.,                      :

                           Third-Party Defendants.   X
```
-------------------------------------------------------------------
```

      Defendant/Third-Party Plaintiff Kohn Pedersen Fox Associates, P.C. s/h/a Kohn,

Pederson, Fox & Associates, P.C. ("KPF"), by its attorneys Zetlin & De Chiara LLP, as and for

its Third-Party Complaint against Third-Party Defendants Weidlinger Associates Consulting

Engineers, P.C. ("Weidlinger"), Anthony Blackett & Associates ("Blackett"), Poulin + Morris,

Inc. ("Poulin"), Shen Milsom & Wilke, Inc. ("Shen"), AMIS, Inc. ("AMIS"), Hopkins Food

Service Specialists, Inc. ("Hopkins"), Castro-Blanco Piscioneri and Associates, Architects, P.C.

n/k/a Arquitectonica New York, P.C. ("Arquitectonica"), Cosentini Associates, Inc.

("Cosentini"), Vollmer Associates, LLP ("Vollmer"), Testwell Craig Laboratories, Inc.

("Testwell"), John A. Van Deusen & Associates, Inc. ("VDA"), Jerome S. Gillman Consulting Architect, P.C. ("Gillman"), Systems Design Associates, Inc. ("SDA"), Warfel Schrager Architectural Lighting, LLC ("WSAL"), Counsilman/Hunsaker & Associates ("Counsilman"), ENTEK Engineering, PLLC ("ENTEK") and Theatre Projects Consultants ("TPC", and, together with Weidlinger, Blackett, Poulin, Shen, AMIS, Hopkins, Arquitectonica, Cosentini, Vollmer, Testwell, VDA, Gillman, SDA, WSAL, Counsilman and ENTEK, collectively referred to as the "KPF Subconsultants") and Jordan Panel Systems Corp. ("Jordan"), LBL Skysystems (U.S.A.), Inc. ("LBL") and Trataros Construction, Inc. ("Trataros", and, together with Jordan and LBL, collectively the "Contractor Defendants"), alleges as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.      At all times hereinafter mentioned, KPF was, and still is, a New York professional corporation duly licensed to practice architecture in the State of New York, and having its principal place of business located at 111 West 57th Street, New York, New York.

2.      Upon information and belief, Weidlinger is a foreign business corporation organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts and authorized to conduct business in the State of New York, and has a place of business in the State of New York located at 375 Hudson Street, New York, New York. At all times hereinafter mentioned, Weidlinger was, and still is, a structural engineering firm, which performed structural and related design services for the construction project that is the subject of the within action.

3.      Upon information and belief, at all times hereinafter mentioned, Blackett was, and still is a foreign business corporation with offices located at 33B Day Street, Somerville, Massachusetts. Upon information and belief, at all times hereinafter mentioned,

Blackett was, and still is, a design firm, which provided services as a programming consultant on the construction project that is the subject of the within action.

4.    Upon information and belief, at all times hereinafter mentioned Poulin was, and still is, a New York corporation with its principal place of business located at 286 Spring Street, New York, New York.  Upon information and belief, at all times hereinafter mentioned, Poulin was, and still is, a design consulting firm, which performed services as a signage consultant on the construction project that is the subject of the within action.

5.    Upon information and belief, at all times hereinafter mentioned Shen was, and still is, a New York corporation with its principal place of business located at 417 Fifth Ave, New York, New York.  Upon information and belief, at all times hereinafter mentioned, Shen was, and still is, an integrated communication technology and acoustic consulting firm, which provided acoustical and audio-visual and related design services on the construction project that is the subject of the within action.

6.    Upon information and belief, at all times hereinafter mentioned AMIS was, and still is, a New York corporation with its principal place of business located at 44 East 32nd Street, New York, New York.  At all times hereinafter mentioned, AMIS provided cost estimating services to KPF in connection with the construction project that is the subject of the within action.

7.    Upon information and belief, at all times hereinafter mentioned, Hopkins was, and still is a foreign business corporation with offices located at 7906 MacArthur Blvd., Cabin John, Maryland.  Upon information and belief, at all times hereinafter mentioned, Hopkins was, and still is, a food service consulting firm and provided related services in connection with the construction project that is the subject of the within action.

4

8.      Upon information and belief, at all times hereinafter mentioned, Arquitectonica was, and still is, a New York professional corporation with its principal place of business located at 114 West 26th Street, New York, New York. Upon information and belief, at all times hereinafter mentioned, Arquitectonica was, and still is, an architecture, interior design and planning firm and is the successor in interest to Castro-Blanco Piscioneri and Associates, Architects, P.C., which provided architectural design services in connection with the construction project that is the subject of the within action.

9.      Upon information and belief, at all times hereinafter mentioned Cosentini was, and still is, a New York professional corporation with its principal place of business located at 2 Penn Plaza, New York, New York. Upon information and belief, at all times hereinafter mentioned, Cosentini was, and still is, duly licensed professional engineering firm, which provided mechanical, electrical, plumbing, fire protection and related design, consulting and engineering services in connection with the construction project that is the subject of the within action.

10.     Upon information and belief, at all times hereinafter mentioned Vollmer was, and still is, a New York limited liability partnership with its principal place of business located at 50 West 23rd Street, New York, New York. Upon information and belief, at all times hereinafter mentioned, Vollmer was, and still is, a civil engineering firm, which provided civil engineering and related services in connection with the construction project that is the subject of the within action.

11.     Upon information and belief, at all times hereinafter mentioned Testwell was, and still is, a New York corporation with its principal place of business located at 47 Hudson Street, Ossining, New York. Upon information and belief, at all times hereinafter

5

mentioned, Testwell was, and still is, engaged in the business of providing laboratory testing services to, *inter alia*, the construction industry, which provided environmental consulting and other services in connection with the construction project that is the subject of the within action.

12.    Upon information and belief, at all times hereinafter mentioned VDA was, and still is, a foreign business corporation with offices located at 5 Regent Street, Livingston, New Jersey. Upon information and belief, at all times hereinafter mentioned, VDA was, and still is, a design and engineering firm, which provided elevator design engineering and related services in connection with the construction project that is the subject of the within action.

13.    Upon information and belief, at all times hereinafter mentioned Gillman was, and still is, a New York professional corporation with its principal place of business located at 40 Worth Street, New York, New York. Upon information and belief, at all times hereinafter mentioned, Gillman was, and still is, a duly licensed professional architecture firm, which provided consulting and expediting services in connection with the construction project that is the subject of the within action.

14.    Upon information and belief, at all times relevant hereto, SDA was as foreign business corporation, organized and existing under and by virtue of the laws of the State of Connecticut and having a principal place of business at 85 Willow Street, New Haven, Connecticut. Upon information and belief, SDA was a theatre and lighting design firm, which provided similar services in connection with the construction project that is the subject of the within action.

15.    Upon information and belief, at all times hereinafter mentioned WSAL was, and still is, a foreign business corporation with offices located at 935 White Plains Road, Trumbull, Connecticut. Upon information and belief, at all times hereinafter mentioned, WSAL

was, and still is, a lighting design firm, which provided similar services in connection with the construction project that is the subject of the within action.  Upon information and belief, WSAL is also the successor-in-interest, by merger, to SDA.

16.    Upon information and belief, at all times hereinafter mentioned Counsilman was, and still is, foreign business corporation with offices located at 10733 Sunset Office Drive, St. Louis, Missouri.   Upon information and belief, at all times hereinafter mentioned, Counsilman was, and still is, an engineering, planning and design firm, which provided geotechnical engineering services in connection with the construction project that is the subject of the within action.

17.    Upon information and belief, at all times hereinafter mentioned ENTEK was, and still is, a New York a duly licensed professional limited liability corporation with its principal place of business located at 200 Broadway, Troy, New York.  Upon information and belief, at all times hereinafter mentioned, ENTEK was, and still is, a duly licensed professional engineering firm, which provided façade maintenance consulting and related services in connection with the construction project that is the subject of the within action.

18.    Upon information and belief, at all times hereinafter mentioned TPC was, and still is, foreign business corporation with offices located at 25 Elizabeth Street, S. Norwalk, Connecticut.  Upon information and belief, at all times hereinafter mentioned, TPC was, and still is, a theatre, concert hall and art center consulting firm, which provided related services in connection with the construction project that is the subject of this action.

19.    Upon information and belief, at all times hereinafter mentioned Jordan was, and still is, a New York corporation with its principal place of business located at 196 Laurel Road, East Northport, New York.  Upon information and belief, at all times hereinafter

7

mentioned, Jordan was, and still is, a design and construction firm specializing in architectural enclosure systems, which performed design and construction services that are at issue in the within action.

20.    Upon information and belief, at all times hereinafter mentioned LBL was, and still is, a New York corporation with its principal place of business located at 1 Cumberland, Plattsburgh, New York. Upon information and belief, at all times hereinafter mentioned, LBL was, and still is, a design and construction firm specializing in architectural enclosure systems, which performed design and construction services that are at issue in the within action.

21.    Upon information and belief, at all times hereinafter mentioned Trataros was, and still is, a New York corporation with its principal place of business located at 664 64th Street, Brooklyn, New York. Upon information and belief, at all times hereinafter mentioned, Trataros was, and still is, a general contracting firm, which performed design and construction services that are at issue in the within action.

22.    This Court has jurisdiction over this third-party action pursuant to 28 U.S.C. § 1367(a).

23.    This District is the proper venue for this third-party action pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events and/or omissions giving rise to the third-party claims asserted herein occurred within this District.

## FACTS

24.    In or about September 1995, the Dormitory Authority of the State of New York ("DASNY") entered into an Agreement with KPF for architectural services for the construction of Baruch College – Site "B", consisting of a building of approximately 700,000

gross square feet to house classrooms, a theater, lecture halls, and other educational facilities (the "Project").

25.    The KPF Subconsultants are various design professionals and consultants, which were retained by KPF to provide consulting and other design and engineering services for various aspects of the Project.

26.    The Contractor Defendants are construction firms that contracted directly with DASNY or others to perform work at the Project and also, as pleaded below, entered into a written agreement by which they agreed to indemnify and hold KPF harmless against certain claims, including claims that are at issue in the within action.

27.    During the course of the Project and thereafter, certain disputes arose among the parties concerning, *inter alia*, design and construction of the Project.

28.    On or about June 28, 2004, Travelers Casualty and Surety Company ("Travelers") alleging that it was the administrator of Reliance Insurance Company ("Reliance") which had issued performance and payment bonds for Trataros, instituted an action in which it alleged a right to assert claims for monies allegedly due and owing to Trataros and various of Trataros' sub-contractors on the Project.  Travelers, in its Complaint, asserted claims against DASNY for breach of contract, impact claims and pass through claims as it relates to the Project. Travelers also asserted negligence claims against KPF and TDX Construction Corp. ("TDX"), which was DASNY's construction manager on the Project.

29.    KPF has moved to dismiss the Travelers Complaint upon the ground, *inter alia*, that Travelers and its alleged subrogors, Reliance and Trataros, lack privity or any other relationship with KPF sufficient to warrant Travelers asserting claims against KPF.

30.    On or about August 2, 2004, DASNY filed an Answer with Counterclaim and Cross-Claims to Travelers' Complaint. By its Cross-Claims (the "DASNY Cross-Claims"), DASNY alleged causes of action against KPF for contribution, indemnification, breach of contract and professional malpractice.

31.    On or about November 30, 2004, Travelers and Trataros purported to assert cross-claims against KPF, by appending same to a fourth-party complaint against various Trataros subcontractors and materialmen.

32.    KPF now brings this third-party action against parties who are or may be liable to KPF for all or part of the claims asserted against KPF and otherwise for damages incurred by KPF.

## AS AND FOR A FIRST CLAIM FOR RELIEF

### (Against the KPF Subconsultants for Contribution)

33.    KPF repeats and realleges each and every allegation contained in paragraphs "1" through "32" above, inclusive, as if set forth at length herein.

34.    Upon information and belief, the claims asserted against KPF by Travelers, DASNY and Trataros arise from portions of the Project that were designed or otherwise performed by various of the KPF Subconsultants.

35.    Accordingly, to the extent that KPF may be found liable to any or all of Travelers, DASNY or Trataros, such liability will have arisen as a direct and proximate result of the KPF Subconsultants' negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

10

36.    In the event that any other party recovers a judgment against KPF, or KPF otherwise becomes obligated to pay claims to a third party arising from or in connection with the Project, such liability, by operation of law or otherwise, will have been caused by the KPF Subconsultants' negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

37.    Pursuant to Article 14 of the New York Civil Practice Law and Rules, KPF is therefore entitled to recover damages in the amount of any judgment recovered by Travelers, Trataros and/or DASNY as determined in accordance with the parties' relative culpability, and KPF is entitled to have judgment over and against the KPF Subconsultants in such amount as KPF may be required to pay over and above KPF's equitable share, together with interest, attorneys' fees and the costs and disbursements of this action.

### AS AND FOR A SECOND CLAIM FOR RELIEF

**(Against the KPF Subconsultants for Common Law Indemnification)**

38.    KPF repeats and realleges each and every allegation contained in paragraphs "1" through "37" above, inclusive, as if set forth at length herein.

39.    Upon information and belief, the KPF Subconsultants negligently and/or recklessly performed their services or the Project, thereby causing or contributing to the damages alleged to have been incurred in connection with the Project.

40.    Travelers, DASNY and Trataros have each asserted or purported to assert claims against KPF arising from the Project.

11

41.    If any damages are awarded against KPF, such damages were, upon information and belief, actually caused by reason of the KPF Subconsultants' negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct.

42.    In the event that Travelers, Trataros and/or DASNY recovers a judgment against KPF in this litigation, such liability, by operation of law or otherwise, will have been caused by the KPF Subconsultants' negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

43.    In the event that any other party recovers a judgment against KPF, or KPF otherwise becomes obligated to pay claims to a third party arising from or in connection with the Project, such liability, by operation of law or otherwise, will have been caused by the KPF Subconsultants' negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

44.    By reason of the foregoing, KPF is entitled to indemnification from, and to have judgment over and against, the KPF Subconsultants, in the amount of any verdict or judgment that is recovered against KPF, together with interest, attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CLAIM FOR RELIEF

### (Against the KPF Subconsultants for Contractual Indemnification)

45.    KPF repeats and realleges each and every allegation contained in paragraphs "1" through "44" above, inclusive, as if set forth at length herein.

12

46.    KPF entered into separate agreements with each of the KPF Subconsultants with respect to each such KPF Subconsultant's services for the Project.

47.    Pursuant to each such agreement, each of the KPF Subconsultants agreed to defend, indemnify, and hold harmless KPF, its officers, employees and agents, from and against any and all claims and judgments for loss, damages or injures resulting from their performance of their services pursuant to their individual agreements in relation to the Project.

48.    Upon information and belief, the claims asserted against KPF by Travelers, DASNY and Trataros arise from portions of the Project that were designed or otherwise performed by various of the KPF Subconsultants.

49.    Accordingly, to the extent that KPF may be found liable to any or all of Travelers, DASNY or Trataros, such liability will have arisen as a direct and proximate result of the KPF Subconsultants' negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

50.    By reason of the foregoing, KPF is contractually entitled to indemnification from, and to have judgment over and against, the KPF Subconsultants, in the amount of any verdict or judgment that may be recovered against KPF, together with attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A FOURTH CLAIM FOR RELIEF

#### (Against the KPF Subconsultants for Breach of Contract)

51.    KPF repeats and realleges each and every allegation contained in paragraphs "1" through "50" above, inclusive, as if set forth at length herein.

13

52.    KPF entered into individual agreements with each of the KPF Subconsultants, pursuant to which each of the KPF Subconsultants agreed to provide certain consulting, design, engineering and related services in connection with the Project.

53.    The KPF Subconsultants, and each of them, breached their respective agreements with KPF by failing to properly perform the agreed upon services pursuant to their agreements.

54.    Upon information and belief, the claims asserted against KPF by Travelers, DASNY and Trataros arise from portions of the Project that were designed by various of the KPF Subconsultants.

55.    The respective KPF Subconsultants' breaches of their agreements with KPF has caused and continues to cause damage to KPF, including, but not limited to, causing KPF to incur costs and expenses, including attorneys' fees, to defend the claims asserted by Travelers, DASNY and Trataros.

56.    In addition, to the extent that KPF may be found liable to any or all of Travelers, DASNY or Trataros, such liability will have arisen as a direct and proximate result of the KPF Subconsultants' negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

57.    By reason of the foregoing, KPF has been and continues to be damaged in an amount to be proved at trial, but including the costs an expenses, including attorneys' fees, incurred by KPF to defend the claims asserted by Travelers, DASNY and Trataros, and any verdict or judgment that may be recovered against KPF by Travelers, DASNY or Trataros that is attributable to the services improperly performed by the KPF Subconsultants.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

### (Against the KPF Subconsultants for Negligence)

58.    KPF repeats and realleges each and every allegation contained in paragraphs "1" through "57" above, inclusive, as if set forth at length herein.

59.    KPF entered into individual agreements with the KPF Subconsultants whereby each of the KPF Subconsultants agreed to provide consulting, design, engineering and other related services in connection with the Project.

60.    The KPF Subconsultants, and each of them, owed KPF a duty to perform their services in accordance with the requisite standard of care and in a competent and workmanlike manner.

61.    The KPF Subconsultants failed to exercise the required standard of care, competence and skill in the performance of their duties on the Project.

62.    Such actions and inactions failed to meet the requisite standard of care and conduct that the KPF Subconsultants owed to KPF.

63.    As a direct and proximate result of KPF's Subconsultants failure to meet the requisite standard of care in the performance of their services, KPF has sustained injury and damage in an amount to be determined at trial, plus interest, costs and attorney fees.

## AS AND FOR A SIXTH CLAIM FOR RELIEF

### (Against Jordan, LBL and Trataros for Contractual Indemnification)

64.    KPF repeats and realleges each and every allegation contained in paragraphs "1" through "63" above, inclusive, as if set forth at length herein.

65.    Pursuant to a written agreement dated July 1, 1998, by, between and among KPF, Jordan, LBL and Trataros (the "Indemnification Agreement"), each of the Contractor Defendants agreed to:

> indemnify KPF from all actions, causes of action, suits, debts, controversies, damages, judgments, claims, liability or expense arising from any actual or alleged errors and/or omissions in the shop drawings being prepared by [Trataros] and the Subcontractors [Jordan and LBL], including any actual or alleged errors and/or omissions resulting from the information provided to them by KPF, specifically including the Background Drawings.

66.    Travelers, DASNY and Trataros have each alleged claims against KPF, all or a portion of which arise from errors and/or omissions in the shop drawings prepared by the Contractor Defendants for the Project.

67.    By virtue of the foregoing, KPF is contractually entitled to be indemnified and held harmless by the Contractor Defendants, and to have judgment over and against, Jordan, LBL and Trataros, in the amount of the costs and expenses, including attorneys' fees, incurred by KPF in defending the claims of Travelers, DASNY and in the amount of any verdict or judgment that may be recovered against KPF.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF

### (Against Jordan, LBL and Trataros, for Common Law Indemnification)

68.    KPF repeats and realleges such and every allegation contained in paragraphs "1" through "67" above, inclusive, as if set forth at length herein.

69.    Upon information and belief, pursuant to two Contracts, dated April 22, 1998 and August 27, 1998, respectively, Trataros was retained by DASNY as a general contractor for the Project.

16

70.    Upon information and belief, Jordan and LBL was each thereafter retained by Trataros to perform a portion of the work required of Trataros under its agreements with DASNY.

71.    Upon information and belief, Trataros, Jordan and LBL, and each of them, negligently and/or recklessly performed its work on the Project, thereby causing or contributing to the damages alleged to have been incurred in connection with the Project.

72.    Travelers and DASNY have each asserted claims against KPF arising from the Project.

73.    If any damages are awarded against KPF, such damages were, upon information and belief, actually caused by reason of Trataros', Jordan's and/or LBL's negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct.

74.    In the event that Travelers and/or DASNY recovers a judgment against KPF in this litigation, such liability, by operation of law or otherwise, will have been caused by the negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct of Trataros, Jordan and/or LBL, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

75.    In the event that any other party recovers a judgment against KPF, or KPF otherwise becomes obligated to pay claims to a third party arising from or in connection with the Project, such liability, by operation of law or otherwise, will have been caused by the negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct of Trataros, Jordan and/or LBL, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

17

76.     By reason of the foregoing, KPF is entitled to indemnification from, and to have judgment over and against, Trataros, Jordan and LBL, and each of them, in the amount of any verdict or judgment that is recovered against KPF, together with interest, attorneys' fees, costs, and disbursements of this action.

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF

### (Against Jordan, LBL and Trataros for Contribution)

77.     KPF repeats and realleges such and every allegation contained in paragraphs "1" through "76" above, inclusive, as if set forth at length herein.

78.     In the event that Travelers and/or DASNY recovers a judgment against KPF in this litigation, such liability, by operation of law or otherwise, will have been caused by the negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct of Trataros, Jordan and/or LBL, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

79.     In the event that any other party recovers a judgment against KPF, or KPF otherwise becomes obligated to pay claims to a third party arising from or in connection with the Project, such liability, by operation of law or otherwise, will have been caused by the negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct of Trataros, Jordan and/or LBL, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

80.     Pursuant to Article 14 of the New York Civil Practice Law and Rules, KPF is therefore entitled to recover damages in the amount of any judgment recovered by Travelers and/or DASNY as determined in accordance with the parties' relative culpability, and KPF is entitled to have judgment over and against Trataros, Jordan and LBL, and each of them,

18

in such amount as KPF may be required to pay over and above KPF's equitable share, together with interest, attorneys' fees and the costs and disbursements of this action.

      **WHEREFORE**, Defendant/Third-Party Plaintiff Kohn Pedersen Fox Associates, P.C. s/h/a Kohn, Pederson, Fox & Associates, P.C. demands judgment as follows:

(1)     On its First Claim for Relief against the KPF Subconsultants, for contribution, including all reasonable attorneys' fees, costs, and disbursements in defending this action;

(2)     On its Second Claim for Relief against the KPF Subconsultants, for indemnification, in the amount of any verdict or judgment that is recovered against KPF, together with interest, attorneys' fees, costs, and disbursements of this action;

(3)     On its Third Claim for Relief against the KPF Subconsultants, for indemnification, in the amount of any verdict or judgment that is recovered against KPF, together with interest, attorneys' fees, costs, and disbursements of this action;

(4)     On its Fourth Claim for Relief against the KPF Subconsultants, in an amount to be proved at trial, but including the costs and expenses, including attorneys' fees, incurred by KPF to defend the claims asserted by Travelers, DASNY and Trataros, and any verdict or judgment that may be recovered against KPF by Travelers, DASNY or Trataros that is attributable to the services improperly performed by the KPF Subconsultants;

(5)     On its Fifth Claim for Relief against the KPF Subconsultants, in an amount to be determined at trial, plus interest, costs and attorney fees;

(6)     On its Sixth Claim for Relief against Jordan, LBL and Trataros, in the amount of the costs and expenses, including attorneys' fees, incurred by KPF in defending the claims of Travelers, DASNY and in the amount of any verdict or judgment that may be recovered against KPF;

(7)     On its Seventh Claim for Relief, against Trataros, Jordan and LBL, and each of them, in the amount of any verdict or judgment that is recovered against KPF, together with interest, attorneys' fees, costs, and disbursements of this action;

(8)     On its Eighth Claim for Relief against Trataros, Jordan and LBL, and each of them, in such amount as KPF may be required to pay over and above KPF's equitable share, together with interest, attorneys' fees and the costs and disbursements of this action; and

(9)     For such other and further relief as this Court deems just and proper.

Dated:    New York, New York
          February 17, 2005

                              ZETLIN & DE CHIARA LLP


                              Matthew S. Quinn (MSQ 0134)
                              David Abramovitz (DA 8214)
                              *Attorneys for*
                              *Defendant/Third-Party Plaintiff*
                              *Kohn Pedersen Fox Associates, P.C.*
                              801 Second Avenue
                              New York, New York 10017
                              (212) 682-6800

20