**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>DORMITORY AUTHORITY - STATE OF NEW YORK, TDX CONSTRUCTION CORP. and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>Defendants. | Case No. 07-CV-6915 (DLC)<br><br>**PLAINTIFF'S ANSWER TO COUNTERCLAIMS ASSERTED BY DORMITORY AUTHORITY - STATE OF NEW YORK**<br>**-with- CROSS-CLAIMS** |

Plaintiff, Travelers Casualty and Surety Company as Administrator for Reliance Surety Company ("Travelers"), by and through its attorneys, Dreifuss Bonacci & Parker, LLP, answers the Counterclaims of Defendant, Dormitory Authority - State of New York ("DASNY") (hereinafter, the "Counterclaim") as follows:

*Parties, Jurisdiction, and Venue*

122. Travelers is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 122 of the Counterclaim and leaves Defendant and Counterclaim Plaintiff to its proofs.

123. Travelers admits the allegations contained in Paragraph 123 of the Counterclaim.

124. Travelers responds that the allegations contained in Paragraph 124 of the Counterclaim state a legal conclusion to which no response is necessary.

125. Travelers responds that the allegations contained in Paragraph 125 of the Counterclaim state a legal conclusion to which no response is necessary.

*Facts*

126. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Counterclaim, except admits that, upon information and belief, on or about April 22, 1998 DASNY awarded a certain construction contract to Trataros Construction, Inc. (hereinafter "Trataros") alternately referred to as Contract No. 15 and/or GC-1 ("Contract No. 15"). Travelers begs leave to refer to the original Contract No. 15 at the trial of this action for all the terms, conditions, and limitations set forth therein.

127. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Counterclaim, except admits, upon information and belief, that the Project involved the design, site preparation, excavation, and construction of a 785,000 square foot mixed-use structure, with three below-grade levels and 14 above-grade stories, occupying approximately ¾ of the city block bounded between 24th and 25th Streets and Lexington and Third Avenues in Manhattan. For all other allegations contained in Paragraph 127 of the Counterclaim, Travelers leaves Defendant and Counterclaim Plaintiff to its proofs.

128. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Counterclaim, except admits upon information and belief that Trataros obtained a labor and material payment bond and performance bond in connection with Contract No. 15. Travelers begs leave to refer to the original Contract No. 15, and original labor and material payment bond and performance bond referenced in Paragraph 128, at the trial of this action for all the terms, conditions, and limitations set forth therein.

129. Travelers is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 129 of the Counterclaim, except admits, upon information and belief, that on or about August 27, 1998, DASNY awarded a certain construction contract to Trataros alternately referred to as Contract No. 16 and/or GC-2 ("Contract No. 16"). Travelers begs leave to refer to the original Contract No. 16 at the trial of this action for all the terms, conditions, and limitations set forth therein.

130. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Counterclaim, except admits, upon information and belief, that Trataros obtained a labor and material payment bond and performance bond in connection with Contract No. 16. Travelers begs leave to refer to the original Contract No. 16, and original labor and material payment bond and performance bond referenced in Paragraph 130 at the trial of this action for all the terms, conditions, and limitations set forth therein.

131. Travelers refers DASNY and TDX to paragraphs 21-22 of Travelers' Complaint and Jury Demand in this action. Any and all allegations contained in Paragraph 131 of the Counterclaim inconsistent therewith is hereby denied.

132. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Counterclaim, except admits, upon information and belief, that Trataros entered into certain subcontracts and/or purchase orders in connection with Contract No. 15 and Contract No. 16. Travelers begs leave to refer to the original subcontracts and/or purchase orders at the trial of this action for all the terms, conditions, and limitations set forth therein.

133. Travelers denies the allegations contained in Paragraph 133 of the Counterclaim.

134. Travelers denies the allegations contained in Paragraph 134 of the Counterclaim.

135.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 135 of the Counterclaim, except admits, upon information and belief, that DASNY, TDX and/or KPF are liable to certain prime contractors, including Trataros, in connection with alleged delays, disruptions, impacts and/or inefficiencies in connection with the Project. Travelers denies the allegations contained in Paragraph 135 of the Counterclaim to the extent that liability on the part of Travelers and/or Trataros is alleged and/or implied.

136.    Travelers admits upon information and belief that certain subcontractors and/or suppliers have submitted claims alleging damages as a result of alleged delays, disruptions, impacts, and/or inefficiencies allegedly attributable to and/or caused by DASNY and/or TDX and/or KPF. Travelers further admits upon information and belief that DASNY and/or TDX and/or KPF may have liability to such subcontractors and/or suppliers in connection with said alleged delays, disruptions, impacts and/or inefficiencies in connection with the Project. Travelers denies the remaining allegations contained in Paragraph 136 of the Counterclaim to the extent said allegations allege/imply liability on the part of Travelers and/or Trataros.

137.    Travelers denies the allegations contained in Paragraph 137 of the Counterclaim.

### ANSWER TO FIRST COUNTERCLAIM

138.    Travelers repeats and realleges its responses to the allegations contained in paragraphs 122 to 137 of the Counterclaim as though they were set forth at length herein.

139.    Travelers admits upon information and belief that certain entities claiming to be subcontractors and/or suppliers of Trataros under Contract No. 15 and/or Contract No. 16 filed liens in connection with the project at issue in this litigation. Furthermore, Travelers admits upon information and belief that certain entities claiming to be subcontractors and suppliers of

Trataros under Contract No. 15 and/or Contract No. 16 allege that they had not been paid under their agreements with Trataros. Travelers denies the remaining allegations contained in Paragraph 139 of the Counterclaim to the extent that liability on the part of Travelers and/or Trataros is alleged and/or implied. Travelers begs leave to refer to the original agreements between Trataros and said subcontractors/suppliers referred to in Paragraph 139 at the trial of this action for all the terms, conditions, and limitations set forth therein.

140. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Counterclaim, except admits, upon information and belief, that certain entities claiming to be subcontractors and/or suppliers of Trataros have asserted pass-through claims against DASNY as owner of the Project, alleging damages attributable to delays, disruptions, impacts, lost productivity, and/or inefficiencies resulting from the actions and/or omissions of DASNY and/or its project manager for the Project, TDX, and/or DASNY's architect/engineer for the Project, KPF. Travelers denies the remaining allegations contained in Paragraph 140 of the Counterclaim to the extent said allegations allege/imply liability on the part of Travelers and/or Trataros.

141. Travelers denies the allegations contained in Paragraph 141 of the Counterclaim.

142. Travelers denies the allegations contained in Paragraph 142 of the Counterclaim.

143. Travelers denies the allegations contained in Paragraph 143 of the Counterclaim.

144. Travelers denies the allegations contained in Paragraph 144 of the Counterclaim.

145. Travelers denies the allegations contained in Paragraph 145 of the Counterclaim.

146. Travelers denies the allegations contained in Paragraph 146 of the Counterclaim.

147. Travelers denies the allegations contained in Paragraph 147 of the Counterclaim.

**WHEREFORE**, Travelers demands judgment against DASNY for the following relief:

    a.    dismissal of the Counterclaim with prejudice;

    b.    attorneys fees and costs; and

    c.    all other relief that the Court deems just.

## ANSWER TO SECOND COUNTERCLAIM

148. Travelers repeats and realleges its responses to the allegations contained in paragraphs 122 to 147 of the Counterclaim as though they were set forth at length herein.

149. Travelers denies the allegations contained in Paragraph 149 of the Counterclaim.

150. Travelers denies the allegations contained in Paragraph 150 of the Counterclaim.

151. Travelers denies the allegations contained in Paragraph 151 of the Counterclaim.

**WHEREFORE**, Travelers demands judgment against DASNY for the following relief:

    a.    dismissal of the Counterclaim with prejudice;

    b.    attorneys fees and costs; and

    c.    all other relief that the Court deems just.

## ANSWER TO THIRD COUNTERCLAIM

152. Travelers repeats and realleges its responses to the allegations contained in paragraphs 122 to 151 of the Counterclaim as though they were set forth at length herein.

153. Travelers denies the allegations contained in Paragraph 153 of the Counterclaim.

154. Travelers denies the allegations contained in Paragraph 154 of the Counterclaim.

155. Travelers denies the allegations contained in Paragraph 155 of the Counterclaim.

156. Travelers denies the allegations contained in Paragraph 156 of the Counterclaim.

**WHEREFORE**, Travelers demands judgment against DASNY for the following relief:

a.  dismissal of the Counterclaim with prejudice;

b.  attorneys fees and costs; and

c.  all other relief that the Court deems just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of laches.

### THIRD AFFIRMATIVE DFEFENSE

The Counterclaim is barred by the provisions of the appropriate statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by DASNY's failure to satisfy the limitation of action provisions under the terms of the applicable bond(s).

### FIFTH AFFIRMATIVE DEFENSE

DASNY is estopped from asserting the Counterclaim against Travelers.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaim is subject to right(s) of set-off of Travelers and/or Trataros.

### SEVENTH AFFIRMATIVE DEFENSE

DASNY lacks standing to prosecute the Counterclaim against Travelers.

### EIGHTH AFFIRMATIVE DEFENSE

Any damages allegedly sustained by DASNY were caused in whole or in part by

DASNY's own culpable conduct, as a result of which DASNY's claims are therefore barred or diminished in the proportion that such conduct caused their alleged damages.

### NINTH AFFIRMATIVE DEFENSE

The Counterclaim is barred and/or subject to reduction to the extent that DASNY's alleged damages were caused in whole or in part by contributory negligence on the part(s) of DASNY and/or TDX and/or KPF.

### TENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by DASNY's material breaches of Contract No. 15 and Contract No. 16, entered into by and between DASNY and Trataros.

### ELEVENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by DASNY's abandonment of Contract No. 15 and Contract No. 16, entered into by and between DASNY and Trataros.

### TWELFTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by DASNY's breach of the implied covenant(s) of good faith and fair dealing associated with Contract No. 15 and Contract No. 16.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by DASNY's failure to provide Trataros with non-defective plans, drawings, and/or technical specifications for the Project.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by DASNY's failure to mitigate its purported damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of avoidable consequences.

### SEVENTEETH AFFIRMATIVE DEFENSE

The Counterclaim is barred by DASNY's failure to abide by the terms and conditions of the applicable performance and payment bonds, including but not limited to notice provisions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Some or all of the Counterclaim is barred as contrary to public policy.

### NINETEENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole of in part, by the doctrine of election of remedies

### TWENTIETH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the Statute of Frauds.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Counterclaim is barred by an accord and satisfaction.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of waiver.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Counterclaim is barred to the extent DASNY's claim(s) are not for actual damages, but seek alleged damages that are speculative, conjectured, possible and/or imaginary.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Counterclaim is barred to the extent that DASNY's claim(s) seek recovery for alleged damages that are not related to the purported contractual breach(es), if any, and such calculations are otherwise unreasonable, inflated, and/or unjustifiable.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Counterclaim is barred as a result of DASNY's failure to exhaust its administrative remedies.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Travelers' liability to DASNY, if any, is and/or has been discharged by "cardinal change(s)" to the substantive contracts underlying the bonds issued by Reliance and subsequently administered by Travelers.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of release.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Counterclaim is barred as a result of actions undertaken by and/or at the direction of DASNY and/or TDX and/or their respective agents, subsequent to the purported discovery of the alleged construction defects, discharging Travelers' obligations under the relevant bonds issued by Reliance and subsequently administered by Travelers.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the economic waste doctrine.

## THIRTIETH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, because the relevant technical specifications and/or architectural drawings governing the purportedly defective construction were substantially performed by Trataros.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, because Trataros did not assume the risk that the relevant technical specifications and/or architectural drawings, as provided by and/or as modified by DASNY and/or its agents, were defective.

## THIRTY-SECOND AFFIRMATIVE DEFENSE AND RESERVATION OF RIGHTS

Travelers reserves the right to rely upon any and all additional defenses available to all co-defendants, third-party defendants, and other parties to the above-captioned litigation. Further, since the Counterclaim is couched in generalized and conclusory terms, and additional information may be obtained over the course of discovery, Travelers cannot fully anticipate all affirmative defenses that may be asserted in the within action. Accordingly, Travelers reserves the right to assert additional defenses to the Counterclaim as discovery progresses.

## CROSS-CLAIMS AGAINST DEFENDANTS KPF AND TDX

Plaintiff/Counterclaim Defendant, Travelers Casualty and Surety Company as Administrator for Reliance Insurance Company, by and through its attorneys, Dreifuss Bonacci & Parker, LLP, as and for its Cross-Claims against Defendants, Kohn Pedersen Fox Associates, P.C. and TDX Construction Corp. (the "Cross-Claims") alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  Travelers Casualty and Surety Company (hereinafter "Travelers") is incorporated in the State of Connecticut and its principal place of business is situated at One Tower Square, 4PB, Hartford Connecticut.

2. Upon information and belief, Defendant Kohn Pedersen Fox Associates, P.C. ("KPF") is a professional corporation organized and existing under the laws of the State of New York, with its principal place of business located at 111 East 57th Street, New York, New York.

3. Upon information and belief, TDX Construction Corp. ("TDX") is a New York corporation with its principal place of business located at 345 Seventh Avenue, New York, New York.

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367(a).

5. This Court is the proper venue for this action under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Upon information and belief, Defendant, Dormitory Authority - State of New York (hereinafter "DASNY"), is a public benefit corporation organized and existing under the laws of the State of New York, with a principal place of business located at 515 Broadway, Albany, New York.

7. Upon further information and belief, Trataros Construction, Inc. (hereinafter "Trataros") was at all relevant times a corporation organized and existing under the laws of the State of New York with its principal place of business located at 664 64th Street, Brooklyn, New York.

8. On or about August 1, 2007, Plaintiff/Counterclaim Defendant, Travelers brought a civil action in this Court against Defendants, DASNY, TDX, and KPF, which alleged claims seeking, inter alia, Trataros' entire contract balance and retainage, excessive costs caused by unreasonable delays and disruptions on the project, and professional negligence in connection with the preparation for and management of the Baruch College, Site B project (the "Project").

9. On or about September 28, 2007, DASNY and TDX filed an "Answer of DASNY and TDX with Affirmative Defenses, Counterclaims, and Cross-Claims" (the "DASNY/TDX Answer") alleging, inter alia, Counterclaims against Travelers seeking recovery for, among other things, damages allegedly suffered as a result of purported delays, disruptions, impacts and/or inefficiencies to the Project, and/or as a result of purportedly defective, substandard and/or otherwise unacceptable work on the Project.

10. In its Counterclaims against Travelers, DASNY further alleges that it is entitled to judgment against Travelers in the amounts of $1,800,000; $21,000,000; and $19,000,000, respectively.

11. Upon information and belief, KPF and/or TDX are responsible for all or part of the alleged costs arising from any such purported delays, disruptions, impacts, inefficiencies, and/or defective, substandard, and/or otherwise unacceptable work, as a result of KPF's and/or TDX's negligent performance of their respective contractual and/or professional obligations.

### FIRST COUNT
*(Common-Law Indemnification, Contribution, and Exoneration against KPF)*

12. Travelers repeats and realleges each and every allegation set forth in Paragraphs 1 through 11 of the Cross-Claims as though same were set forth at length herein.

13. DASNY and TDX have alleged certain cross-claims against KPF, alleging breach of contract and professional negligence by KPF, in connection with KPF's work as the Project's architect.

14. If the trier of fact determines that DASNY's and TDX's allegations against KPF have merit, and Travelers suffers a loss thereby, then KPF shall be liable to Travelers to the extent that Travelers' loss was proximately caused by KPF.

13

15. Travelers is or may be equitably subrogated to the rights of DASNY and/or Trataros such that Travelers would have the right to maintain the Cross-Claims as against KPF in its own name.

16. In the event that KPF is liable to Travelers, then Travelers is entitled to exoneration, in which case KPF would be required to relieve Travelers from any burden of liability to DASNY, to the extent that Travelers' liability to DASNY was proximately caused by KPF.

17. Travelers is entitled to assert the claims set forth in the Cross-Claims even if those claims are contingent on certain events and/or are not yet ripe.

**WHEREFORE**, Plaintiff/Counterclaim Defendant, Travelers demands judgment against the Cross-Claim Defendants, Kohn Pedersen Fox Associates, P.C. and TDX Construction Corp., granting the following relief:

a. Awarding complete indemnification, contribution, and exoneration to Travelers in the amount of all damages, including consequential, which may be recovered by DASNY or any third party against Travelers as determined in accordance with the relative culpability of cross-claim defendants KPF and/or TDX, and awarding judgment to Travelers against KPF and/or TDX, jointly and severally, in an amount equal to any excess paid by Travelers over and above Travelers' equitable share, with interest thereon; and

b. Awarding costs and disbursements, attorneys fees, and any other relief that the Court deems just and equitable.

SECOND COUNT
(*Common-Law Indemnification, Contribution, and Exoneration against TDX*)

18. Travelers repeats and realleges each and every allegation set forth in Paragraphs 1 through 17 of the Cross-Claims as though same were set forth at length herein.

19. TDX entered into three contracts with DASNY in connection with the Project. Said contracts were modified and/or expanded by a series of "amendments" to said contracts.

14

20.     Pursuant to the terms of these three contracts and their respective amendments (TDX's "CM Contracts"), TDX was to provide construction management services for the Project, among other things.

21.     Pursuant to the CM Contracts, TDX was responsible for, among other things, reviewing the Project's various design documents and insuring that said design documents were coordinated.

22.     If the trier of fact determines that the Project's design documents contained errors, omissions and defects, and were not coordinated, and Travelers suffers a loss thereby, then TDX shall be liable to Travelers to the extent that Travelers' loss was proximately caused by TDX.

23.     Pursuant to the CM Contracts, TDX was also responsible for, among other things, expediting and coordinating the work and progress of the Project's prime contractors, including Trataros; for expediting and coordinating the work and progress of the Project's architect; for monitoring and remediating potential delays to the Project; for maintaining the Project's budget; for quality management of the Project's construction, including but not limited to supervising and inspecting the construction work for conformance to the design documents and for quality; for preparing, distributing and updating the scheduling for the Project, including but not limited to the Project's "critical path" ("CPM") schedules; for managing and processing change orders and "requests for information" generated in connection with the Project's bidding and/or construction phases; and, for monitoring the Project's levels of labor and materials.

24.     Upon information and belief, TDX failed to perform its contractual duties and/or professional obligations arising from the CM Contracts with DASNY, including but not limited to the duties outlined in Paragraphs 21 and 23 of the Cross-Claims.

25. If the trier of fact determines that TDX's breaches of its contractual and professional duties, including but not limited to the duties outlined in Paragraphs 21 and 23 of the Cross-Claims, and Travelers suffers a loss thereby, then TDX shall be liable to Travelers to the extent that Travelers' loss was proximately caused by TDX.

26. Travelers is or may be equitably subrogated to the rights of DASNY and/or Trataros such that Travelers would have the right to maintain the Cross-Claims against TDX in its own name.

27. In the event that TDX is liable to Travelers, then Travelers is entitled to exoneration, in which case TDX would be required to relieve Travelers from any burden of liability to DASNY, to the extent that Travelers' liability to DASNY was proximately caused by TDX.

28. Travelers is entitled to assert the claims set forth in the Cross-Claims even if those claims are contingent on certain events and/or are not yet ripe.

**WHEREFORE**, Plaintiff/Counterclaim Defendant, Travelers demands judgment against the Cross-Claim Defendants, Kohn Pedersen Fox Associates, P.C. and TDX Construction Corp., granting the following relief:

a. Awarding complete indemnification, contribution, and exoneration to Travelers in the amount of all damages, including consequential, which may be recovered by DASNY or any third party against Travelers as determined in accordance with the relative culpability of cross-claim defendants KPF and/or TDX, and awarding judgment to Travelers against KPF and/or TDX, jointly and severally, in an amount equal to any excess paid by Travelers over and above Travelers' equitable share, with interest thereon; and

b. Awarding costs and disbursements, attorneys fees, and any other relief that the Court deems just and equitable.

Dated: Florham Park, New Jersey
October 26, 2007

                DREIFUSS BONACCI & PARKER, LLP

By: _____/S/_____
Eli J. Rogers (ER:6564)
*Attorneys for Plaintiff, Travelers Casualty and Surety Company as Administrator for Reliance Insurance Company*
One Penn Plaza, 38th Floor
New York, New York 10119
-and-
26 Columbia Turnpike
North Entrance
Florham Park, New Jersey 07932
(973) 514-1414
**Please respond to New Jersey office**

TO: Timothy B. Froessel, Esq.
Holland & Knight, LLP
195 Broadway
New York, New York 10007
*Attorneys for Defendants/Third-Party Plaintiffs, Dormitory Authority of the State of New York and TDX Construction Corp.*

David Abramovitz, Esq.
Zetlin & DeChiara, LLP
801 Second Avenue
New York, New York 10017
*Attorneys for Defendant, Kohn, Pederson, Fox & Associates, P.C.*