**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>DORMITORY AUTHORITY - STATE OF NEW YORK, TDX CONSTRUCTION CORP. and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>        Defendants.<br><br>DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP.,<br><br>        Third-Party Plaintiffs,<br><br>vs.<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>        Third-Party Defendant. | Case No. 07-CV-6915 (DLC)<br>**ECF CASE**<br><br><br>**TRATAROS CONSTRUCTION, INC.'S ANSWER TO THIRD-PARTY COMPLAINT** |

Third-Party Defendant, Trataros Construction, Inc. ("Trataros"), by and through its attorneys, Dreifuss Bonacci & Parker, LLP, answers the Third-Party Complaint of Defendants/Third-Party Plaintiffs, Dormitory Authority - State of New York ("DASNY") and TDX Construction Corp. ("TDX") as follows:

*Parties, Jurisdiction and Venue*

1.      Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Third-Party Complaint and leaves the Third-Party Plaintiffs to their proofs.

2.      Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Third-Party Complaint and leaves the Third-Party Plaintiffs to their proofs.

3.      Trataros admits that it is organized and exists under the laws of the State of New York and at all relevant times during the construction project at issue herein (the "Project") maintained its principal place of business in Brooklyn, New York.

4.      Trataros responds that the allegations contained in Paragraph 4 of the Third-Party Complaint state a legal conclusion to which no response is necessary.

5.      Trataros responds that the allegations contained in Paragraph 5 of the Third-Party Complaint state a legal conclusion to which no response is necessary.

*Facts*

6.      Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Third-Party Complaint, except admits, upon information and belief, that the Project involved the design, site preparation, excavation, and construction of a 785,000 square foot mixed-use structure, with three below-grade levels and 14 above-grade stories, occupying approximately ¾ of the city block bounded between 24th and 25th Streets and Lexington and Third Avenues in Manhattan.  For all other allegations contained in Paragraph 6 of the Third-Party Complaint, Trataros leaves the Third-Party Plaintiffs to their proofs.

7.      Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Third-Party Complaint, except admits that that multiple prime contractors were used to construct the Project, and that, upon information and belief, Kohn Pedersen Fox Associates, P.C. ("KPF") was the architect of record for the Project.

8.      Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Third-Party Complaint, except admits that TDX was the construction manager for the Project.

9.      Trataros admits that DASNY awarded to Trataros a certain prime contract dated April 22, 1998, with an initial value of $50,222,000.00 known as "Package No. 1 – General Construction Work, Contract No. 15 at Baruch College, Site B, DA# 6500 1802 2176" (hereinafter "Contract No. 15"). Trataros begs leave to refer to the original Contract No. 15 at the trial of this action for all the terms, conditions, and limitations set forth therein; any allegations contained in Paragraph 9 of the Third-Party Complaint inconsistent with the terms, conditions and limitations set forth in Contract No. 15 are denied. Trataros further answers that the course of conduct by and between Trataros, the Third-Party Plaintiffs, KPF and/or other third parties substituted, modified and/or abrogated certain terms, conditions and/or limitations contained in Contract No. 15, and/or that the Third-Party Plaintiffs are estopped from relying upon same as a result of said course of conduct.

10.     Trataros admits that it obtained certain labor and material payment and performance bonds from Reliance Insurance Company ("Reliance") in connection with Trataros' work under Contract No. 15. Trataros begs leave to refer to the aforesaid bonds at the trial of this action for all the terms, conditions, and limitations set forth therein; any allegations contained in Paragraph 10 of the Third-Party Complaint inconsistent with the terms, conditions and limitations set forth in the said bonds are denied.

11.     Trataros admits that DASNY awarded to Trataros a certain prime contract dated August 27, 1998 with an initial value of $24,140,000.00 known as "General Construction #2, - Contract #16 at Baruch College – Site B, DA # 6500 1802 2178, JDE# 61506" (hereinafter,

"Contract No. 16"). Trataros begs leave to refer to the original Contract No. 16 at the trial of this action for all the terms, conditions, and limitations set forth therein; any allegations contained in Paragraph 11 of the Third-Party Complaint inconsistent with the terms, conditions and limitations set forth in Contract No. 16 are denied. Trataros further answers that the course of conduct by and between Trataros, the Third-Party Plaintiffs, KPF and/or other third parties substituted, modified and/or abrogated certain terms, conditions and/or limitations contained in Contract No. 16, and/or that the Third-Party Plaintiffs are estopped from relying upon same as a result of said course of conduct.

12.     Trataros admits that it obtained certain labor and material payment and performance bonds from Reliance in connection with Trataros' work under Contract No. 16. Trataros begs leave to refer to the aforesaid bonds at the trial of this action for all the terms, conditions, and limitations set forth therein; any allegations contained in Paragraph 12 of the Third-Party Complaint inconsistent with the terms, conditions and limitations set forth in the said bonds are denied.

13.     Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Third-Party Complaint and leaves the Third-Party Plaintiffs to their proofs.

14.     Trataros admits that it entered into a number of subcontracts and/or purchase orders with respect to Contract No. 15 and Contract No. 16, and respectfully begs leave to refer to the aforesaid subcontracts/purchase orders, as well as Contract No. 15 and/or Contract No. 16, at the trial of this action for all the terms, conditions, and limitations set forth therein. Trataros denies any allegations contained in Paragraph 14 of the Third-Party Complaint that are inconsistent with the terms, conditions and limitations set forth in the said subcontracts/purchase

4

orders, Contract No. 15 and/or Contract No. 16. Trataros further answers that the course of conduct by and between Trataros, the Third-Party Plaintiffs, KPF and/or other third parties substituted, modified and/or abrogated certain terms, conditions and/or limitations contained in Contract No. 15 and/or Contract No. 16, and/or that the Third-Party Plaintiffs are estopped from relying upon same as a result of said course of conduct.

I. *Project Delays*

15.     Trataros denies the allegations contained in Paragraph 15 of the Third-Party Complaint, except admits, upon information and belief, that TDX was responsible for preparing, updating and distributing the construction schedules for the Project, including but not limited to "critical path" ("CPM") schedules. Trataros begs leave to refer to Contract No. 15 and/or Contract No. 16 at the trial of this action for all the terms, conditions and limitations set forth therein. Trataros further answers that the course of conduct by and between Trataros, the Third-Party Plaintiffs, KPF and/or other third parties substituted, modified and/or abrogated certain terms, conditions and/or limitations contained in Contract No. 15 and/or Contract No. 16, and/or that the Third-Party Plaintiffs are estopped from relying upon same as a result of said course of conduct.

16.     Trataros denies the allegations contained in Paragraph 16 of the Third-Party Complaint, and begs leave to refer to Contract No. 15 and/or Contract No. 16 at the trial of this action for all the terms, conditions, and limitations set forth therein. Trataros further answers that the course of conduct by and between Trataros, the Third-Party Plaintiffs, KPF and/or other third parties substituted, modified and/or abrogated certain terms, conditions and/or limitations contained in Contract No. 15 and/or Contract No. 16, and/or that the Third-Party Plaintiffs are estopped from relying upon same as a result of said course of conduct.

17.     Trataros begs leave to refer to Contract No. 15 and/or Contract No. 16 at the trial of this action for all the terms, conditions, and limitations set forth therein.  Trataros denies any allegations contained in Paragraph 17 of the Third-Party Complaint that are inconsistent with the terms, conditions and limitations set forth in Contract No. 15 and/or Contract No. 16.  Trataros further answers that the course of conduct by and between Trataros, the Third-Party Plaintiffs, KPF and/or other third parties substituted, modified and/or abrogated certain terms, conditions and/or limitations contained in Contract No. 15 and/or Contract No. 16, and/or that the Third-Party Plaintiffs are estopped from relying upon same as a result of said course of conduct.

18.     Trataros denies the allegations contained in Paragraph 18 of the Third-Party Complaint.

19.     Trataros denies the allegations contained in Paragraph 19 of the Third-Party Complaint.

20.     Trataros denies the allegations contained in Paragraph 20 of the Third-Party Complaint.

21.     Trataros denies the allegations contained in Paragraph 21 of the Third-Party Complaint, except admits, upon information and belief, that in addition to Trataros, a number of prime contractors on the Project have asserted claims against DASNY, TDX and/or KPF, alleging that such co-prime contractors incurred excess/unanticipated damages due to alleged delays, disruptions, impacts and/or inefficiencies during construction of the Project, which were the responsibility of, caused by, and/or attributable to DASNY, TDX and/or KPF.

22.     Trataros denies the allegations contained in Paragraph 22 of the Third-Party Complaint, except admits that a number of Trataros' subcontractors and/or suppliers on the Project have asserted claims against DASNY, TDX and/or KPF, alleging that such

subcontractors/suppliers incurred excess/unanticipated damages due to alleged delays, disruptions, impacts and/or inefficiencies during construction of the Project, which were the responsibility of, caused by, and/or attributable to DASNY, TDX and/or KPF. Trataros further admits that it has submitted the aforesaid claims of its subcontractors and/or suppliers to DASNY.

23.    Trataros denies the allegations contained in Paragraph 23 of the Third-Party Complaint.

II. *Construction Defects*

24.    Trataros begs leave to refer to Contract No. 15 and/or Contract No. 16 at the trial of this action for all the terms, conditions, and limitations set forth therein. Trataros denies any allegations contained in Paragraph 24 of the Third-Party Complaint that are inconsistent with the terms, conditions and limitations set forth in Contract No. 15 and/or Contract No. 16. Trataros further answers that the course of conduct by and between Trataros, the Third-Party Plaintiffs, KPF and/or other third parties substituted, modified and/or abrogated certain terms, conditions and/or limitations contained in Contract No. 15 and/or Contract No. 16, and/or that the Third-Party Plaintiffs are estopped from relying upon same as a result of said course of conduct.

25.    Trataros begs leave to refer to Contract No. 15 and/or Contract No. 16 at the trial of this action for all the terms, conditions, and limitations set forth therein. Trataros denies any allegations contained in Paragraph 25 of the Third-Party Complaint that are inconsistent with the terms, conditions and limitations set forth in Contract No. 15 and/or Contract No. 16. Trataros further answers that the course of conduct by and between Trataros, the Third-Party Plaintiffs, KPF and/or other third parties substituted, modified and/or abrogated certain terms, conditions and/or limitations contained in Contract No. 15 and/or Contract No. 16, and/or that the Third-

Party Plaintiffs are estopped from relying upon same as a result of said course of conduct.

26.    Trataros denies the allegations contained in Paragraph 26 of the Third-Party Complaint.

27.    Trataros denies the allegations contained in Paragraph 27 of the Third-Party Complaint.

28.    Trataros denies the allegations contained in Paragraph 28 of the Third-Party Complaint.

29.    Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Third-Party Complaint to the extent said allegations refer to construction documents for the entire Project; upon information and belief, omissions and/or discrepancies existed in the construction documents furnished by DASNY as between individual prime contracts. Trataros begs leave to refer to Contract No. 15 and/or Contract No. 16 at the trial of this action for all the terms, conditions, and limitations set forth therein. Trataros denies any allegations contained in Paragraph 29 of the Third-Party Complaint that are inconsistent with the terms, conditions and limitations set forth in Contract No. 15 and/or Contract No. 16. Trataros further answers that the course of conduct by and between Trataros, the Third-Party Plaintiffs, KPF and/or other third parties substituted, modified and/or abrogated certain terms, conditions and/or limitations contained in Contract No. 15 and/or Contract No. 16, and/or that the Third-Party Plaintiffs are estopped from relying upon same as a result of said course of conduct.

30.    Trataros admits that part of the scope of work assigned to it under Contract No. 16 involved epoxy terrazzo flooring systems, and that Trataros sub-contracted that work to certain subcontractors, including but not limited to G.M. Crocetti, Inc. Trataros begs leave to refer to

Contract No. 15 and/or Contract No. 16 at the trial of this action for all the terms, conditions, and limitations set forth therein.  Trataros denies any allegations contained in Paragraph 30 of the Third-Party Complaint that are inconsistent with the terms, conditions and limitations set forth in Contract No. 15 and/or Contract No. 16.

31.     Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Third-Party Complaint.  To the extent the allegations contained in Paragraph 31 of the Third-Party Complaint imply and/or allege liability on the part of Trataros and/or Travelers, such allegations are denied.

32.     Trataros denies the allegations contained in Paragraph 32 of the Third-Party Complaint.

33.     Trataros denies the allegations contained in Paragraph 33 of the Third-Party Complaint.

34.     Trataros denies the allegations contained in Paragraph 34 of the Third-Party Complaint.

## ANSWER TO FIRST CAUSE OF ACTION

35.     Trataros repeats and realleges each and every allegation contained in Paragraphs 1 to 34 above, as though same were set forth at length herein.

36.     Trataros denies the allegations contained in Paragraph 36 of the Third-Party Complaint.

37.     Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Third-Party Complaint.  Trataros begs leave to refer to the "Complaint and Jury Demand" filed in this action at trial for all allegations set forth therein.

38.     Trataros denies the allegations contained in Paragraph 38 of the Third-Party Complaint.

39.     Trataros denies the allegations contained in Paragraph 39 of the Third-Party Complaint.

40.     Trataros denies the allegations contained in Paragraph 40 of the Third-Party Complaint.

**WHEREFORE**, Trataros demands judgment against DASNY and TDX for the following relief:

    a.     dismissal of the Third-Party Complaint with prejudice;

    b.     attorneys fees and costs; and

    c.     all other relief that the Court deems just

## ANSWER TO SECOND CAUSE OF ACTION

41.     Trataros repeats and realleges each and every allegation contained in Paragraphs 1 to 40 above, as though same were set forth at length herein.

42.     Trataros denies the allegations contained in Paragraph 42 of the Third-Party Complaint.

43.     Trataros denies the allegations contained in Paragraph 43 of the Third-Party Complaint.

44.     Trataros denies the allegations contained in Paragraph 44 of the Third-Party Complaint.

45.     Trataros denies the allegations contained in Paragraph 45 of the Third-Party Complaint.

46.     Trataros denies the allegations contained in Paragraph 46 of the Third-Party Complaint.

47.    Trataros denies the allegations contained in Paragraph 47 of the Third-Party Complaint.

**WHEREFORE**, Trataros demands judgment against DASNY and TDX for the following relief:

a.    dismissal of the Third-Party Complaint with prejudice;

b.    attorneys fees and costs; and

c.    all other relief that the Court deems just

## ANSWER TO THIRD CAUSE OF ACTION

48.    Trataros repeats and realleges each and every allegation contained in Paragraphs 1 to 48 above, as though same were set forth at length herein.

49.    Trataros denies the allegations contained in Paragraph 49 of the Third-Party Complaint.

50.    Trataros denies the allegations contained in Paragraph 50 of the Third-Party Complaint.

51.    Trataros denies the allegations contained in Paragraph 51 of the Third-Party Complaint.

**WHEREFORE**, Trataros demands judgment against DASNY and TDX for the following relief:

a.    dismissal of the Third-Party Complaint with prejudice;

b.    attorneys fees and costs; and

c.    all other relief that the Court deems just

## ANSWER TO FOURTH CAUSE OF ACTION

52.    Trataros repeats and realleges each and every allegation contained in Paragraphs 1 to 52 above, as though same were set forth at length herein.

53.    Trataros responds that Paragraph 53 of the Third-Party Complaint states a legal

conclusion to which no response is necessary. To the extent that a response may be necessary, Trataros begs leave to refer to Contract No. 15 and/or Contract No. 16 at the trial of this action for all the terms, conditions, and limitations set forth therein; any allegations contained in Paragraph 53 of the Third-Party Complaint that are inconsistent with the terms, conditions and limitations set forth in Contract No. 15 and/or Contract No. 16 are hereby denied. Trataros further answers that the course of conduct by and between Trataros, the Third-Party Plaintiffs, KPF and/or other third parties substituted, modified and/or abrogated certain terms, conditions and/or limitations contained in Contract No. 15 and/or Contract No. 16, and/or that the Third-Party Plaintiffs are estopped from relying upon same as a result of said course of conduct.

54.    Trataros responds that Paragraph 54 of the Third-Party Complaint states a legal conclusion to which no response is necessary. To the extent that a response may be necessary, Trataros begs leave to refer to Contract No. 15 and/or Contract No. 16 at the trial of this action for all the terms, conditions, and limitations set forth therein; any allegations contained in Paragraph 54 of the Third-Party Complaint that are inconsistent with the terms, conditions and limitations set forth in Contract No. 15 and/or Contract No. 16 are hereby denied. Trataros further answers that the course of conduct by and between Trataros, the Third-Party Plaintiffs, KPF and/or other third parties substituted, modified and/or abrogated certain terms, conditions and/or limitations contained in Contract No. 15 and/or Contract No. 16, and/or that the Third-Party Plaintiffs are estopped from relying upon same as a result of said course of conduct.

55.    Trataros denies the allegations contained in Paragraph 55 of the Third-Party Complaint.

56.    Trataros denies the allegations contained in Paragraph 56 of the Third-Party Complaint.

**WHEREFORE**, Trataros demands judgment against DASNY and TDX for the following relief:

a.      dismissal of the Third-Party Complaint with prejudice;

b.      attorneys fees and costs; and

c.      all other relief that the Court deems just

## ANSWER TO FIFTH CAUSE OF ACTION

57.     Trataros repeats and realleges each and every allegation contained in Paragraphs 1 to 57 above, as though same were set forth at length herein.

58.     Trataros responds that Paragraph 58 of the Third-Party Complaint states a legal conclusion to which no response is necessary. To the extent that a response may be necessary, Trataros begs leave to refer to Contract No. 15 and/or Contract No. 16 at the trial of this action for all the terms, conditions, and limitations set forth therein; any allegations contained in Paragraph 58 of the Third-Party Complaint that are inconsistent with the terms, conditions and limitations set forth in Contract No. 15 and/or Contract No. 16 are hereby denied. Trataros further answers that the course of conduct by and between Trataros, the Third-Party Plaintiffs, KPF and/or other third parties substituted, modified and/or abrogated certain terms, conditions and/or limitations contained in Contract No. 15 and/or Contract No. 16, and/or that the Third-Party Plaintiffs are estopped from relying upon same as a result of said course of conduct.

59.     Trataros responds that Paragraph 59 of the Third-Party Complaint states a legal conclusion to which no response is necessary. To the extent that a response may be necessary, Trataros begs leave to refer to Contract No. 15 and/or Contract No. 16 at the trial of this action for all the terms, conditions, and limitations set forth therein; any allegations contained in Paragraph 59 of the Third-Party Complaint that are inconsistent with the terms, conditions and limitations set forth in Contract No. 15 and/or Contract No. 16 are hereby denied. Trataros

further answers that the course of conduct by and between Trataros, the Third-Party Plaintiffs, KPF and/or other third parties substituted, modified and/or abrogated certain terms, conditions and/or limitations contained in Contract No. 15 and/or Contract No. 16, and/or that the Third-Party Plaintiffs are estopped from relying upon same as a result of said course of conduct.

60.    Trataros denies the allegations contained in Paragraph 60 of the Third-Party Complaint.

61.    Trataros denies the allegations contained in Paragraph 61 of the Third-Party Complaint.

62.    Trataros denies the allegations contained in Paragraph 62 of the Third-Party Complaint.

**WHEREFORE**, Trataros demands judgment against DASNY and TDX for the following relief:

a.    dismissal of the Third-Party Complaint with prejudice;

b.    attorneys fees and costs; and

c.    all other relief that the Court deems just

## ANSWER TO SIXTH CAUSE OF ACTION

63.    Trataros repeats and realleges each and every allegation contained in Paragraphs 1 to 62 above, as though same were set forth at length herein.

64.    Trataros denies the allegations contained in Paragraph 64 of the Third-Party Complaint.

65.    Trataros denies the allegations contained in Paragraph 65 of the Third-Party Complaint.

66.    Trataros denies the allegations contained in Paragraph 66 of the Third-Party Complaint.

67.    Trataros denies the allegations contained in Paragraph 67 of the Third-Party Complaint.

68.    Trataros denies the allegations contained in Paragraph 68 of the Third-Party Complaint.

69.    Trataros denies the allegations contained in Paragraph 69 of the Third-Party Complaint.

**WHEREFORE**, Trataros demands judgment against DASNY and TDX for the following relief:

a.    dismissal of the Third-Party Complaint with prejudice;

b.    attorneys fees and costs; and

c.    all other relief that the Court deems just.

## ANSWER TO SEVENTH CAUSE OF ACTION

70.    Trataros repeats and realleges each and every allegation contained in Paragraphs 1 to 70 above, as though same were set forth at length herein.

71.    Trataros denies the allegations contained in Paragraph 71 of the Third-Party Complaint.

72.    Trataros denies the allegations contained in Paragraph 72 of the Third-Party Complaint.

73.    Trataros denies the allegations contained in Paragraph 73 of the Third-Party Complaint.

**WHEREFORE**, Trataros demands judgment against DASNY and TDX for the following relief:

a.    dismissal of the Third-Party Complaint with prejudice;

b.    attorneys fees and costs; and

c.    all other relief that the Court deems just.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred by the doctrine of laches.

## THIRD AFFIRMATIVE DFEFENSE

The Third-Party Complaint is barred by the provisions of the appropriate statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred by DASNY's and/or TDX's failure to satisfy the limitation of action provisions under the terms of the applicable bond(s).

## FIFTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is subject to right(s) of set-off of Travelers and/or Trataros.

## SEVENTH AFFIRMATIVE DEFENSE

DASNY and/or TDX lack standing to prosecute the Third-Party Complaint against Trataros.

## EIGHTH AFFIRMATIVE DEFENSE

Any damages allegedly sustained by DASNY and/or TDX were caused in whole or in part by DASNY's and/or TDX's own culpable conduct, as a result of which their claims are

16

therefore barred or diminished in the proportion that such conduct caused their alleged damages.

## NINTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred and/or subject to reduction to the extent that DASNY's and/or TDX's alleged damages were caused in whole or in part by contributory negligence on the part(s) of DASNY, TDX and/or KPF.

## TENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred by DASNY's material breaches of Contract No. 15 and/or Contract No. 16, entered into by and between DASNY and Trataros.

## ELEVENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred by DASNY's abandonment of Contract No. 15 and/or Contract No. 16, entered into by and between DASNY and Trataros.

## TWELFTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred, in whole or in part, by DASNY's breach(es) of the implied covenant(s) of good faith and fair dealing associated with Contract No. 15 and/or Contract No. 16.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred, in whole or in part, by DASNY's and/or TDX's failure to provide Trataros with non-defective plans, drawings, and/or technical specifications for the Project.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred, in whole or in part, by DASNY's and/or TDX's failure to mitigate its purported damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred, in whole or in part, by the doctrine of avoidable consequences.

## SEVENTEETH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred by DASNY's and/or TDX's respective failure(s) to abide by the terms and conditions of the applicable performance and payment bonds, including but not limited to notice provisions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Some or all of the Third-Party Complaint is barred as contrary to public policy.

## NINETEENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred, in whole or in part, by the doctrine of election of remedies

## TWENTIETH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred, in whole or in part, by the Statute of Frauds.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred by an accord and satisfaction.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred by the doctrine of waiver.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred to the extent DASNY's and/or TDX's claim(s) are not for actual damages, but seek alleged damages that are speculative, conjectured, possible

and/or imaginary.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred to the extent that DASNY's and/or TDX's claim(s) seek recovery for alleged damages that are not related to the purported contractual breach(es), if any, and such calculations are otherwise unreasonable, inflated, and/or unjustifiable.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred as a result of the Third-Party Plaintiffs' failure(s) to exhaust their administrative remedies.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Trataros' liability to DASNY, if any, is and/or has been discharged by "cardinal change(s)" to the substantive contracts underlying the bonds issued by Reliance in connection with Contract No. 15 and/or Contract No. 16.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred by the doctrine of release.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred as a result of actions undertaken by and/or at the direction of DASNY, TDX and/or their respective agents, subsequent to the purported discovery of the alleged construction defects, discharging Trataros' obligations under the relevant bonds issued by Reliance and subsequently administered by Trataros.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred, in whole or in part, by the economic waste doctrine.

## THIRTIETH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred, in whole or in part, because the relevant technical specifications and/or architectural drawings governing the purportedly defective construction were substantially performed by Trataros.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred, in whole or in part, because Trataros did not assume the risk that the relevant technical specifications and/or architectural drawings, as provided by and/or as modified by DASNY, TDX and/or their respective agents, were defective.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred, in whole or in part, by the doctrine of pre-indemnification and the applicable provisions of Contract No. 15 and/or Contract No. 16.

## THIRTY-THIRD AFFIRMATIVE DEFENSE AND RESERVATION OF RIGHTS

Trataros reserves the right to rely upon any and all additional defenses available to all co-defendants, third-party defendants, and other parties to the above-captioned litigation. Further, since the Third-Party Complaint is couched in generalized and conclusory terms, and additional information may be obtained over the course of discovery, Trataros cannot fully anticipate all affirmative defenses that may be asserted in the within action. Accordingly, Trataros reserves the right to assert additional defenses to the Third-Party Complaint as discovery progresses.

## CROSS-CLAIM AGAINST KPF and COUNTERCLAIM AGAINST TDX

Third-Party Defendant, Trataros Construction, Inc. ("Trataros"), by and through its attorneys, Dreifuss Bonacci & Parker, LLP, as and for its Cross-Claim against Kohn Pedersen Fox Associates, P.C. and its Counterclaim against TDX Construction Corp. (collectively referred to as the "Cross-Claims") alleges as follows:

<u>PARTIES, JURISDICTION, AND VENUE</u>

1.    At all times relevant to the construction of the public works project which is the subject of this litigation (the "Project"), Trataros was a corporation organized and existing under the laws of the State of New York with its principal place of business located at 664 64th Street, Brooklyn, New York.

2.    Upon information and belief, Defendant Kohn Pedersen Fox Associates, P.C. ("KPF") is a professional corporation organized and existing under the laws of the State of New York, with its principal place of business located at 111 East 57th Street, New York, New York.

3.    Upon information and belief, Defendant/Third-Party Plaintiff, TDX Construction Corp. ("TDX") is a New York corporation with its principal place of business located at 345 Seventh Avenue, New York, New York.

4.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367(a).

5.    This Court is the proper venue for this action under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

6.    Upon information and belief, Travelers Casualty and Surety Company ("Travelers") is a corporation with its principal place of business located at One Tower Square, Hartford, Connecticut.

7.    Upon information and belief, Defendant/Third-Party Plaintiff, Dormitory Authority - State of New York (hereinafter "DASNY"), is a public benefit corporation organized and existing under the laws of the State of New York, with its principal place of business located at 515 Broadway, Albany, New York.

8.      Upon information and belief, Travelers commenced this civil action on or about August 1, 2007 against Defendants, DASNY, TDX, and KPF, seeking Trataros' entire contract balance and retainage in connection with the Project, and alleging among other things, claims for damages incurred by Trataros and/or its subcontractors/suppliers as a result of unreasonable delays, impacts and disruptions on the Project. Upon further information and belief, Travelers also alleged claims for professional negligence against KPF and TDX.

9.      Upon information and belief, DASNY and TDX filed their "Answer of DASNY and TDX with Affirmative Defenses, Counterclaims, and Cross-Claims" (the "DASNY/TDX Answer") in this action on or about September 28, 2007. DASNY and TDX allege, inter alia, counterclaims against Travelers seeking recovery for, among other things, damages allegedly suffered as a result of purported delays, disruptions, impacts and/or inefficiencies to the Project, and/or as a result of purportedly defective, substandard and/or otherwise unacceptable work on the Project. DASNY and TDX further allege a number of cross-claims against KPF, including but not limited to professional negligence and breach of contract.

10.     Upon information and belief, on or about September 28, 2007, DASNY and TDX filed a "Third-Party Complaint" alleging claims against Trataros seeking recovery for, inter alia, damages allegedly suffered as a result of purported delays, disruptions, impacts and/or inefficiencies to the Project, and/or as a result of purportedly defective, substandard and/or otherwise unacceptable work on the Project.

11.     In connection with its Third-Party causes of action alleging "Delays, Disruptions and Impacts" to the Project, DASNY seeks to recover from Trataros damages in excess of $8,000,000.

12.     In connection with its Third-Party causes of action alleging "Construction

Defects," DASNY seeks to recover from Trataros damages in excess of $20,000,000.

13.    In addition, DASNY alleges Third-Party causes of action against Trataros seeking contractual indemnification, common-law indemnification, and contribution.

14.    TDX alleges Third-Party causes of action against Trataros seeking common-law indemnification, and contribution.

15.    Upon information and belief, as a result of their respective acts of professional negligence and/or breaches of contractual duties, KPF and/or TDX are responsible for all or part of any such purported delays, disruptions, impacts, inefficiencies which may have transpired on the Project, and/or reputedly defective, substandard, and/or otherwise unacceptable work

### CROSS-CLAIM AGAINST KPF
*(Common-Law Indemnification, Contribution, and Exoneration)*

16.    Trataros repeats and realleges each and every allegation set forth in Paragraphs 1 through 15 of the Cross-Claims as though same were set forth at length herein.

17.    DASNY and TDX have alleged certain cross-claims against KPF, alleging breach of contract and professional negligence by KPF, in connection with KPF's work as the Project's architect.

18.    If the trier of fact determines that DASNY's and TDX's allegations against KPF have merit, and Trataros suffers a loss thereby, then KPF shall be liable to Trataros to the extent that Trataros' loss was proximately caused by KPF.

19.    Trataros is or may be equitably subrogated to the rights of DASNY such that Trataros would have the right to maintain the Cross-Claims as against KPF in its own name.

20.    In the event that KPF is liable to Trataros, then Trataros is entitled to exoneration, in which case KPF would be required to relieve Trataros from any burden of liability to DASNY, to the extent that Trataros' liability to DASNY and/or TDX was proximately caused by KPF.

21.    Trataros is entitled to assert the claims set forth in the Cross-Claims even if those claims are contingent on certain events and/or are not yet ripe.

**WHEREFORE**, Third-Party Defendant, Trataros demands judgment against the Cross-Claim Defendant, Kohn Pedersen Fox Associates, P.C. the following relief:

a.    Awarding complete indemnification, contribution, and exoneration to Trataros in the amount of all damages, including consequential, which may be recovered by DASNY, TDX and/or any third party against Trataros as determined in accordance with the relative culpability of cross-claim defendant KPF, and awarding judgment to Trataros against KPF in an amount equal to any excess paid by Trataros over and above Trataros' equitable share, with interest thereon; and

b.    Awarding costs and disbursements, attorneys fees, and any other relief that the Court deems just and equitable.


## COUNTERCLAIM AGAINST TDX
*(Common-Law Indemnification, Contribution, and Exoneration)*

22.    Trataros repeats and realleges each and every allegation set forth in Paragraphs 1 through 21 of the Cross-Claims as though same were set forth at length herein.

23.    TDX entered into three contracts with DASNY in connection with the Project. Said contracts were modified and/or expanded by a series of "amendments" to said contracts.

24.    Pursuant to the terms of these three contracts and their respective amendments (TDX's "CM Contracts"), TDX was to provide construction management services for the Project, among other things.

25.    Pursuant to the CM Contracts, TDX was responsible for, among other things, reviewing the Project's various design documents and insuring that said design documents were coordinated.

26.     If the trier of fact determines that the Project's design documents contained errors, omissions and defects, and/or were not coordinated, and Trataros suffers a loss thereby, then TDX shall be liable to Trataros to the extent that Trataros' loss was proximately caused by TDX.

27.     Pursuant to the CM Contracts, TDX was also responsible for, among other things, expediting and coordinating the work and progress of the Project's prime contractors, including Trataros; for expediting and coordinating the work and progress of the Project's architect; for monitoring and remediating potential delays to the Project; for maintaining the Project's budget; for quality management of the Project's construction, including but not limited to supervising and inspecting the construction work for conformance to the design documents and for quality; for preparing, distributing and updating the scheduling for the Project, including but not limited to the Project's "critical path" ("CPM") schedules; for managing and processing change orders and "requests for information" generated in connection with the Project's bidding and/or construction phases; and, for monitoring the Project's levels of labor and materials.

28.     Upon information and belief, TDX failed to perform its contractual duties and/or professional obligations arising from the CM Contracts with DASNY, including but not limited to the duties outlined in Paragraphs 25 and 27 of the Cross-Claims.

29.     If the trier of fact determines that Trataros is liable to DASNY, TDX, and/or any other party in this action, and Trataros suffers a loss thereby as a result of TDX's breaches of its contractual and/or professional duties, including but not limited to the duties outlined in Paragraphs 25 and 27 of the Cross-Claims, then TDX shall be liable to Trataros to the extent that Trataros' loss was proximately caused by TDX.

30.     Trataros is or may be equitably subrogated to the rights of DASNY such that Trataros would have the right to maintain the Cross-Claims against TDX in its own name.

31.    In the event that TDX is liable to Trataros, then Trataros is entitled to exoneration, in which case TDX would be required to relieve Trataros from any burden of liability to DASNY, to the extent that Trataros' liability to DASNY was proximately caused by TDX.

32.    Trataros is entitled to assert the claims set forth in the Cross-Claims even if those claims are contingent on certain events and/or are not yet ripe.

**WHEREFORE**, Third-Party Defendant, Trataros demands judgment against the Counterclaim Defendant, TDX Construction Corp., granting the following relief:

a.    Awarding complete indemnification, contribution, and exoneration to Trataros in the amount of all damages, including consequential, which may be recovered by DASNY, TDX and/or any third party against Trataros as determined in accordance with the relative culpability of counterclaim defendant TDX, and awarding judgment to Trataros against TDX in an amount equal to any excess paid by Trataros over and above Trataros' equitable share, with interest thereon; and

b.    Awarding costs and disbursements, attorneys fees, and any other relief that the Court deems just and equitable.

Dated: Florham Park, New Jersey
        November 13, 2007

DREIFUSS BONACCI & PARKER, LLP

By: _____/S/_____
    Eli J. Rogers (ER:6564)
    *Attorneys for Third-Party Defendant/Cross-Claim*
       *Plaintiff, Trataros Construction, Inc.*
    26 Columbia Turnpike
    North Entrance
    Florham Park, New Jersey 07932
    (973) 514-1414

TO:    Timothy B. Froessel, Esq.
       Holland & Knight, LLP
       195 Broadway
       New York, New York 10007
       *Attorneys for Defendants/Third-Party Plaintiffs,*

*Dormitory Authority of the State of New York*
*and TDX Construction Corp.*

David Abramovitz, Esq.
Zetlin & DeChiara, LLP
801 Second Avenue
New York, New York 10017
*Attorneys for Defendant,*
*Kohn, Pederson, Fox & Associates, P.C.*