UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>DORMITORY AUTHORITY – THE STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>Defendants. | Case No. 07 Civ. 6915 (DLC)<br><br>**TDX CONSTRUCTION CORP.'S REPLY TO TRAVELERS' CROSS-CLAIMS** |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP.,<br><br>Third-Party Plaintiffs,<br><br>- against -<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>Third-Party Defendant. | |

Defendant/Third-Party Plaintiff TDX Construction Corp. ("TDX"), by its attorneys, Holland & Knight LLP, replies to the Cross-Claims of plaintiff Travelers Casualty and Surety Co., dated October 26, 2007 ("Travelers' Cross-Claims"), as follows:

1. TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Travelers' Cross-Claims.

2. TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Travelers' Cross-Claims.

3. TDX admits the allegations contained in paragraph 3 of Travelers' Cross-Claims.

4. The allegations contained in paragraph 4 of Travelers' Cross-Claims state a legal conclusion to which no response is required. To the extent a response is required, TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. The allegations contained in paragraph 5 of Travelers' Cross-Claims state a legal conclusion to which no response is required. To the extent a response is required, TDX denies the allegations contained in paragraph 5, except admits that certain events or omissions that are alleged to give rise to the claims asserted in this action occurred within the County of New York.

## ALLEGATIONS COMMON TO ALL COUNTS

6. TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Travelers' Cross-Claims.

7. TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Travelers' Cross-Claims.

8. TDX denies each and every allegation contained in paragraph 8 of Travelers' Cross-Claims, except admits that Travelers' filed its Complaint in this action on or about August 1, 2007, and respectfully refers the Court to that pleading for its content.

9. TDX denies each and every allegation contained in paragraph 9 of Travelers' Cross-Claims, except admits that on or about September 28, 2007, DASNY and TDX filed a pleading entitled "Answer of DASNY and TDX with Affirmative Defenses, Counterclaims, and Cross-Claims," and respectfully refers the Court to that pleading for its content.

10. TDX denies each and every allegation contained in paragraph 10 of Travelers' Cross-Claims, except admits that among the items of relief demanded in the "Answer of DASNY

and TDX with Affirmative Defenses, Counterclaims, and Cross-Claims" are monetary judgments against Travelers and in favor of DASNY in the amounts specified in that pleading.

11. TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Travelers' Cross-Claims, except denies that TDX is responsible for alleged costs alleged therein, and further denies that TDX was negligent in the performance of any contractual or professional duties.

## ANSWERING THE "FIRST COUNT"

12. TDX repeats and realleges each and every answer to the paragraphs incorporated by reference in paragraph 12 of Travelers' Cross-Claims as if fully set forth herein.

13. TDX denies each and every allegation contained in paragraph 13 of Travelers' Cross-Claims, except admits that DASNY and TDX have asserted cross-claims against KPF in the "Answer of DASNY and TDX with Affirmative Defenses, Counterclaims, and Cross-Claims," and respectfully refers the Court to that pleading for its content.

14. The allegations contained in paragraph 14 of Travelers' Cross-Claims state a legal conclusion to which no response is required. To the extent a response is required, TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. The allegations contained in paragraph 15 of Travelers' Cross-Claims state a legal conclusion to which no response is required. To the extent a response is required, TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. The allegations contained in paragraph 16 of Travelers' Cross-Claims state a legal conclusion to which no response is required. To the extent a response is required, TDX is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. The allegations contained in paragraph 17 of Travelers' Cross-Claims state a legal conclusion to which no response is required. To the extent a response is required, TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

## ANSWERING THE "SECOND COUNT"

18. TDX repeats and realleges each and every answer to the paragraphs incorporated by reference in paragraph 18 of Travelers' Cross-Claims as if fully set forth herein.

19. TDX denies each and every allegation contained in paragraph 19 of Travelers' Cross-Claims, except admits that TDX and DASNY entered into contracts with respect to the Project, which consist of written documents that are the best evidence of their terms.

20. TDX denies each and every allegation contained in paragraph 20 of Travelers' Cross-Claims, except admits that TDX and DASNY entered into contracts with respect to the Project, which consist of written documents that are the best evidence of their terms.

21. TDX denies each and every allegation contained in paragraph 21 of Travelers' Cross-Claims, except admits that TDX and DASNY entered into contracts with respect to the Project, which consist of written documents that are the best evidence of their terms.

22. The allegations contained in paragraph 22 of Travelers' Cross-Claims state a legal conclusion to which no response is required. To the extent a response is required, TDX denies each and every allegation contained in paragraph 22.

23. TDX denies each and every allegation contained in paragraph 23 of Travelers' Cross-Claims, except admits that TDX and DASNY entered into contracts with respect to the Project, which consist of written documents that are the best evidence of their terms.

24. TDX denies each and every allegation contained in paragraph 24 of Travelers' Cross-Claims.

25. The allegations contained in paragraph 25 of Travelers' Cross-Claims state a legal conclusion to which no response is required. To the extent a response is required, TDX denies each and every allegation contained in paragraph 25.

26. The allegations contained in paragraph 26 of Travelers' Cross-Claims state a legal conclusion to which no response is required. To the extent a response is required, TDX denies each and every allegation contained in paragraph 26.

27. The allegations contained in paragraph 27 of Travelers' Cross-Claims state a legal conclusion to which no response is required. To the extent a response is required, TDX denies each and every allegation contained in paragraph 27.

28. The allegations contained in paragraph 28 of Travelers' Cross-Claims state a legal conclusion to which no response is required. To the extent a response is required, TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

**FIRST AFFIRMATIVE DEFENSE**

29. Travelers' Cross-Claims fail to state a cause of action against TDX upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

30. Travelers' Cross-Claims against TDX are procedurally improper pursuant to Rule 13(g) of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

31. Any damages allegedly sustained or which may be sustained by Travelers were caused in whole or in part by the culpable conduct of Travelers or its principal, Trataros, as a result of which Travelers' Cross-Claims are therefore barred or diminished in the proportion that such culpable conduct bears to the total culpable conduct that caused their alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

32. Travelers' Cross-Claims are barred by Trataros' breach of contract.

## FIFTH AFFIRMATIVE DEFENSE

33. Travelers' Cross-Claims are barred by Trataros' contributory negligence.

## SIXTH AFFIRMATIVE DEFENSE

34. Travelers' Cross-Claims are barred by Trataros' breach of one or more of its subcontract agreements and/or purchase orders.

## SEVENTH AFFIRMATIVE DEFENSE

35. Any alleged liability of TDX to Travelers is derivative of, and secondary to, the liability of Trataros for damages being claimed in the Counterclaims against Travelers. Therefore, Travelers must first seek damages from Trataros before it may pursue the causes of action Plaintiff has asserted against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

36. Travelers' Cross-Claims are barred by Trataros' material breach and/or abandonment of its contracts with DASNY.

## NINTH AFFIRMATIVE DEFENSE

37. Travelers' Cross-Claims are barred, in whole or in part, by Travelers' breach of contract.

## TENTH AFFIRMATIVE DEFENSE

38. Travelers' Cross-Claims against TDX are barred by a lack of privity of contract of Travelers, Trataros, and/or Trataros' subcontractors and suppliers with TDX.

## ELEVENTH AFFIRMATIVE DEFENSE

39. Travelers' Cross-Claims against TDX are barred by breaches of contract and/or negligence of Trataros' subcontractors and suppliers.

## TWELFTH AFFIRMATIVE DEFENSE

40. Travelers' Cross-Claims and any relief sought therein may be barred, in whole or in part, by additional defenses that cannot be articulated due to the generality of Travelers' Cross-Claims, the fact that discovery is not yet complete, or other presently undeveloped information. Accordingly, TDX reserves its right to supplement the foregoing defenses and to raise additional defenses as may appear as this case progresses to the fullest extent permitted by the Federal Rules of Civil Procedure and applicable law to this case.

**WHEREFORE**, TDX demands judgment dismissing Travelers' Cross-Claims in their entirety as against TDX, together with the costs and disbursements of this action, attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 19, 2007

                        HOLLAND & KNIGHT LLP
                        *Attorneys for Defendants Dormitory*
                        *Authority of the State of New York and*
                        *TDX Construction Corp.*

By: _/s/ Timothy B. Froessel_
                        Stephen B. Shapiro
                        Timothy B. Froessel
                        195 Broadway
                        New York, New York  10007
                        (212) 513-3200

To:    Eli J. Rogers, Esq.
        Dreifuss, Bonacci & Parker, LLP
        26 Columbia Turnpike
        North Entrance
        Florham Park, New Jersey  07932
        *Attorneys for Plaintiff*

        David Abramovitz, Esq.
        Zetlin & DeChiara LLP
        801 Second Avenue
        New York, New York  10017
        *Attorneys for Defendant*
        *Kohn Pedersen Fox Associates, P.C.*

#4947721_v1