UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRAVELERS CASUALTY AND SURETY
COMPANY as Administrator for RELIANCE
INSURANCE COMPANY

                Plaintiff,

vs

DORMITORY AUTHORITY - STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN,
PEDERSON, FOX & ASSOCIATES, P.C.,

                Defendants.
------------------------------------------------------------------X
DORMITORY AUTHORITY OF THE STATE OF
NEW YORK AND TDX CONSTRUCTION CORP.,

                Third-Party Plaintiff,

vs

TRATAROS CONSTRUCTION, INC.,

                Third-Party Defendants,
------------------------------------------------------------------X
TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY AND SURETY
COMPANY,

                Fourth-Party Plaintiffs,

vs

CAROLINA CASUALTY INSURANCE COMPANY,
BARTEC INDUSTRIES INC., DAYTON SUPERIOR
SPECIALTY CHEMICAL CORP., a/k/a DAYTON
SUPERIOR CORPORATION, SPECIALTY
CONSTRUCTION BRANDS, INC. t/a TEC, KEMPER
CASUALTY INSURANCE COMPANY d/b/a
KEMPER INSURANCE COMPANY, GREAT
AMERICAN INSURANCE COMPANY, NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, P.A., UNITED STATES FIRE
INSURANCE COMPANY, ALLIED WORLD
ASSURANCE COMPANY (U.S) INC. f/k/a
COMMERCIAL UNDERWRITERS INSURANCE

Case No. 07-CV-6915 (DLC)
**ECF CASE**

**ANSWER TO
FOURTH-PARTY
COMPLAINT WITH
CROSS-CLAIMS AND
COUNTERCLAIM**

COMPANY, ZURICH AMERICAN INSURANCE
COMPANY d/b/a ZURICH INSURANCE COMPANY,
OHIO CASUALTY INSURANCE COMPANY d/b/a
OHIO CASUALTY GROUP, HARLEYSVILLE
MUTUAL INSURANCE COMPANY (a/k/a
HARLEYSVILLE INSURANCE COMPANY, JOHN
DOES 1-20, and XYZ CORPS. 1-20,

        Fourth-Party Defendants,
-------------------------------------------------------------------X

SIRS:

  **PLEASE TAKE NOTICE**, that defendant, **BARTEC INDUSTRIES, INC.**, by it's attorneys, **O'CONNOR REDD, LLP** as and for it's Answer to Fourth-Party Plaintiffs, Trataros Construction, Inc. And Travelers Casualty and Surety Company's Fourth-Party Complaint, sets forth the following, upon information and belief:

### As to a Response to Parties, Jurisdiction, and Venue

  <u>FIRST</u>:  Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraphs of the Fourth-Party Complaint marked and designated "1", "2", "3", "5", "6", "7", "8", "9", "10", "11", "12", "13" and "14".

  <u>SECOND</u>:  Admitted as to the allegations in the paragraph of the Fourth-Party Complaint marked and designated "4".

  <u>THIRD</u>:  Denies each and every allegation contained in the paragraphs of the Fourth-Party Complaint marked and designated "15" and "16" and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### *As to a Response to Interested Non-Parties*

**FOURTH**: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Fourth-Party Complaint marked and designated "17".

**FIFTH**: Denies each and every allegation contained in the paragraph of the Fourth-Party Complaint marked and designated "18" and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact, and further states that Crocetti is a necessary and indisposable party to this litigation.

### *As to a Response to Procedural Background*

**SIXTH**: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraphs of the Fourth-Party Complaint marked and designated "19", "20", "21", "22", "23", "24", "25", "26", "27", "28" and "29".

### *As to a Response to Facts Common to All Counts*

**SEVENTH**: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraphs of the Fourth-Party Complaint marked and designated "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "48", "52", "53", "54", "55", "56", "57", "58", "59", "60" and "61".

**EIGHTH**: Denies each and every allegation contained in the paragraphs of the Fourth-Party Complaint marked and designated "46", "47" and "49", and specifically refers to the terms of the subcontract referred to therein.

**NINTH**: Admitted as to the allegations in the paragraph of the Fourth-Party Complaint marked and designated "50" and "51", except to specifically refer to the terms of the subcontract referred to therein.

## ANSWERING THE FIRST COUNT
*(Contractual Indemnification & Exoneration against Bartec)*

**TENTH**: As to paragraph "62" of the fourth-party plaintiffs, Fourth-Party Complaint, the answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Fourth-Party Complaint marked and designated "1" through "61" as if said denials were more fully and specifically set forth at length herein.

**ELEVENTH**: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Fourth-Party Complaint marked and designated "63".

**TWELFTH**: Denies each and every allegation contained in the paragraphs of the Fourth-Party Complaint marked and designated "64", "65", "66", "67", "68", "69" and "70", and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

## ANSWERING THE SECOND COUNT
*(Breach of Subcontract, Common-Law Indemnification, Contribution & Exoneration against Bartec)*

**THIRTEENTH**: As to paragraph "71" of the fourth-party plaintiffs, Fourth-Party

4

Complaint, the answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Fourth-Party Complaint marked and designated "1" through "70" as if said denials were more fully and specifically set forth at length herein.

**FOURTEENTH**: Denies each and every allegation contained in the paragraphs of the Fourth-Party Complaint marked and designated "72", "73", "74", "75", "76", and "77", and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### ANSWERING THE THIRD COUNT
*(Professional Negligence, Simple Negligence, Common-Law Indemnification, Contribution & Exoneration against Bartec)*

**FIFTEENTH**: As to paragraph "78" of the fourth-party plaintiffs, Fourth-Party Complaint, the answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Fourth-Party Complaint marked and designated "1" through "77", as if said denials were more fully and specifically set forth at length herein.

**SIXTEENTH**: Denies each and every allegation contained in the paragraphs of the Fourth-Party Complaint marked and designated "79", "80", "81", "82", "83" and "84", and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

## ANSWERING THE FOURTH COUNT
*(Performance Bond Claim against Carolina Casualty by Trataros)*

**SEVENTEENTH**: As to paragraph "85" of the fourth-party plaintiffs, Fourth-Party Complaint, the answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Fourth-Party Complaint marked and designated "1" through "84" as if said denials were more fully and specifically set forth at length herein.

**EIGHTEENTH**: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraphs of the Fourth-Party Complaint marked and designated "86", "87" and "88".

## ANSWERING THE FIFTH COUNT
*(Performance Bond Claim against Carolina Casualty by Travelers)*

**NINETEENTH**: As to paragraph "89" of the fourth-party plaintiffs, Fourth-Party Complaint, the answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Fourth-Party Complaint marked and designated "1" through "88" as if said denials were more fully and specifically set forth at length herein.

**TWENTIETH**: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraphs of the Fourth-Party Complaint marked and designated "90", "91", "92", "93", "94", "95" and "96".

## ANSWERING THE SIXTH COUNT
*(Negligence, Breach of Contract, Breach of Warranty - Indemnification, Contribution & Exoneration against Dayton Superior)*

**TWENTY-FIRST**: As to paragraph "97" of the fourth-party plaintiffs, Fourth-Party Complaint, the answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Fourth-Party Complaint marked and designated "1" through "96" as if said denials were more fully and specifically set forth at length herein.

**TWENTY-SECOND**: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraphs of the Fourth-Party Complaint marked and designated "98", "99", "100", "101", "102", "103" and "104".

## ANSWERING THE SEVENTH COUNT
*(Negligence, Breach of Contract, Breach of Warranty - Indemnification, Contribution & Exoneration against TEC)*

**TWENTY-THIRD**: As to paragraph "105" of the fourth-party plaintiffs, Fourth-Party Complaint, the answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Fourth-Party Complaint marked and designated "1" through "104" as if said denials were more fully and specifically set forth at length herein.

**TWENTY-FOURTH**: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraphs of the Fourth-Party Complaint marked and designated "106", "107", "108", "109", "110", "111" and "112".

## ANSWERING THE EIGHTH COUNT
*(Breach of Contract(s), Professional Negligence and/or Simple Negligence-Indemnification, Contribution & Exoneration against John Does 1-20 and XYZ Corps. 1-20)*

**TWENTY-FIFTH**: As to paragraph "113" of the fourth-party plaintiffs, Fourth-Party Complaint, the answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Fourth-Party Complaint marked and designated "1" through "112" as if said denials were more fully and specifically set forth at length herein.

**TWENTY-SIXTH**: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraphs of the Fourth-Party Complaint marked and designated "114", "115", "116", "117", "118", "119", "120" and "121".

## ANSWERING THE NINTH COUNT
*(Insurance Coverage - Declaratory Judgment, Indemnification, Contribution & Exoneration against Kemper, Great American, National Union, US Fire, Allied World, Zurich, Ohio Casualty, Harleysville, and XYZ Corps. 1-20)*

**TWENTY-SEVENTH**: As to paragraph "122" of the fourth-party plaintiffs, Fourth-Party Complaint, the answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Fourth-Party Complaint marked and designated "1" through "121" as if said denials were more fully and specifically set forth at length herein.

**TWENTY-EIGHTH**: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraphs of the Fourth-Party

Complaint marked and designated "123", "124", "125", "126", "127", "128", "129", "130", "132", "133" "134", "136", "137", "140", "141", "142", "143", "144" and "149".

**TWENTY-NINTH**: Denies each and every allegation contained in the paragraphs of the Fourth-Party Complaint marked and designated "131", "139", "145", "146", "147" and "148" and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

**THIRTIETH**: Denies each and every allegation contained in the paragraph of the Fourth-Party Complaint marked and designated "135" and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact with respect to allegations made with respect to fourth-party defendant, Bartec and denies any knowledge or information sufficient to form a belief as to the truth or falsity with respect to all other allegations.

**THIRTY-ONE**: Admitted as to the allegations in the paragraph of the Fourth-arty Complaint marked and designated "138".

### AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

**THIRTY-TWO**: Any injuries and/or damages sustained by the Fourth-Party Plaintiff, as alleged in the Fourth-Party Plaintiff's complaint herein, which the answering fourth-party defendant denies, were caused, in whole or in part, by the contributory negligence and/or culpable conduct of the other parties including the Fourth-Party Plaintiff and not as a result of any negligence and/or culpable conduct on the part of the answering Fourth-Party defendant.

### AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

**THIRTY-THREE**:   Upon information and belief, the injuries and damages, if any, allegedly sustained by the Fourth-Party Plaintiff as alleged in the Complaint were caused by third parties other than the answering defendant and, by reason of the foregoing, the Complaint should be dismissed as to this answering defendant.

### AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

**THIRTY-FOURTH**:   The causes of action set forth in the Complaint fail to state a claim upon which relief can be granted.

### AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

**THIRTY-FIFTH**:   A necessary or indispensable party has not been joined and, therefore, the action should not proceed and should be dismissed.

### AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

**THIRTY-SIXTH**:   Pursuant to the provisions Article 16 of the CPLR, should this answering fourth-party defendant be found liable for damages, such liability being 50 percent or less of the total liability assigned to all persons liable, the liability of this answering fourth-party defendant for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of all parties liable.

### AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

**THIRTY-SEVENTH**: The provisions, requirements, and terms of CPLR Article 16, §1601, *et. seq.* apply to the action and non-compliance with such provisions, requirements or terms operates to vitiate Fourth-Party Plaintiff's right to maintain the subject action, and any verdict Fourth-Party Plaintiff may recover thereby.

### AS AND FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

**THIRTY-EIGHTH**: The negligence of a third person or entity over whom this answering fourth-party defendant had no control was a superseding cause and insulates the answering fourth-party defendant from liability.

### AS AND FOR A EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

**THIRTY-NINTH**: Fourth-Party Plaintiff failed to exercise ordinary care to effect a cure and to prevent aggravation of the alleged injury and damages.

### AS AND FOR A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

**FOURTEETH**: Fourth-Party Plaintiff is estopped from recovering from the answering defendant by reason that the Fourth-Party Plaintiff and/or its agent examined and inspected the Conflow and other materials received by it and thereafter accepted such goods and confirm that said goods met the specifications required by Fourth-Party

11

Plaintiff and that it was satisfactory to Fourth-Party Plaintiff for its particular purposes as required by Fourth-Party Plaintiff.

**AS AND FOR A CROSS-CLAIM AGAINST THE FOURTH-PARTY DEFENDANTS, CAROLINA CASUALTY INSURANCE COMPANY, DAYTON SUPERIOR SPECIALTY CHEMICAL CORP., a/k/a DAYTON SUPERIOR CORPORATION, SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC, KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A., UNITED STATES FIRE INSURANCE COMPANY, ALLIED WORLD ASSURANCE COMPANY (U.S) INC. f/k/a COMMERCIAL UNDERWRITERS INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY d/b/a ZURICH INSURANCE COMPANY, OHIO CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP, HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a HARLEYSVILLE INSURANCE COMPANY, JOHN DOES 1-20, and XYZ CORPS. 1-20**

**FORTY-ONE**: If Fourth-Party Plaintiff sustained any injuries or damages as alleged in the Fourth-Party Complaint, which this answering fourth-party defendant denies, then such injuries or damages were caused by reason of the culpable conduct, acts or omissions, negligence, strict products liability, statutory violation, breach of contract, obligation or warranty of the co-defendant above-named.

By reason of the foregoing, this answering fourth-party defendant is entitled to indemnification or contribution from, and to have judgment against the co-defendants above-named, for all part of any verdict or judgment that Fourth-Party Plaintiff may recover against this answering fourth-party defendant.

## AS AND FOR A FULL AND COMPLETE COUNTERCLAIM AGAINST FOURTH-PARTY PLAINTIFFS, TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,

That if the third-party plaintiffs herein recovers a judgment against the fourth-party plaintiffs, said judgment will have been caused and brought about by the primary negligence of the said fourth-party plaintiff in that the fourth-party plaintiff conducted itself in such a manner as to cause the accident and damages complained of and was otherwise negligent in the premises and was guilty of breaches of duty and/or warranty and/or contract which duties were imposed by statute and/or agreement and/or implied in laws and without any negligence or breach of any duty by this answering fourth-party defendant whose negligence, if any, was secondary in nature so that if said fourth-party plaintiff should have determination of ultimate responsibility and judgment over and against the said fourth-party plaintiff, for the same amount or such proportionate amount of any said judgment and damages as the fourth-party plaintiff is found to have caused or be responsible for together with all costs of investigation expenses, attorneys' fees, costs and disbursements incurred in the defense of this action and in the conduct of the counterclaim.

**WHEREFORE**, the answering fourth-party defendant demands judgment as follows:

(A)    Dismissing the fourth-party plaintiffs, Fourth-Party Complaint as against this answering fourth-party defendant together with the costs and disbursements of this action;

13

In the alternative and, in the event fourth-party plaintiffs prevail, the answering fourth-party defendant demands judgment determining the respective percentages on the part of the plaintiffs and the defendants, third-party plaintiffs and th third-party defendant and thereby reducing the amount of the damages as against this answering fourth-party defendant by the respective percentage of fault;

This answering fourth-party defendant further demands that in the event said answering fourth-party defendant is found liable to fourth-party plaintiffs herein, then said answering fourth-party defendant, on the basis of apportionment of responsibility, have judgment over and against the aforementioned defendants and third-party co-defendant and third-party plaintiffs and fourth-party co-defendants, for all or part of the verdict or judgment that fourth-party plaintiffs may recover against said answering fourth-party defendant, pursuant to Dole v. Dow Chemical, together with the costs and disbursements of this action for any expenses incurred by fourth-party defendant in defense thereof, including attorneys' fees and other costs herein.

And for judgment over and against the fourth-party co-defendants and each of them, on the cross-claim, for all or part of any liability assigned to this answering fourth-party defendant.

Dated:   White Plains, New York
         December 6, 2007

Yours, etc.

O'CONNOR REDD, LLP

By: _____
    Jeremy D. Platek
    Attorneys for Fourth-Party Defendant,

14

BARTEC INDUSTRIES INC.,
200 Mamaroneck Avenue
White Plains, New York 10601
(914) 686-1700 (SO-8230)

TO:   JoAnne M. Bonacci, Esq.
**DREIFUSS BONACCI & PARKER, LLP.**
Attorneys for Fourth-Party Plaintiffs,
*TRATAROS CONSTRUCTION, INC AND TRAVELERS
CASUALTY AND SURETY COMPANY*
26 Columbia Turnpike
North Entrance
Florham Park, NJ 07932
Tel: (973) 514-1414
Fax: (973) 514-5959
email: jbonacci@dbplawfirm.com

David Abramovitz, Esq,
**ZETLIN & DECHIARA, LLP**
Attorneys for Defendants/Third-Party Plaintiff,
*KOHN, PEDERSON, FOX & ASSOCIATES, P.C*
801 Second Avenue
New York, NY 10017
Tel: (212) 682-6800
Fax: (212) 682-6861
email: dabramovitz@zdlaw.com

Robert R. Rigolosi
**SEGAL McCAMBRIDGE SINGER & MAHONEY**
Attorneys for Fourth-Party Defendant
*SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC*
830 Third Ave, Suite 400
NY, NY 10022
Tel: (212) 651-7500/(212) 651-7423
Fax: (212) 651-7499
email: rrigolosi@smsm.com

Gary Wirth, Esq.
**TORRE, LENTZ, GAMMELL, GARY & RITTMASTER, LLP**
Attorneys for Fourth-Party Defendant
*CAROLINA CASUALTY INSURANCE COMPANY*
100 Jericho Quadrangle, Suite 309
Jericho, NY 11753

15

Tel: (516) 240-8900
Fax: (516) 240-8950
Email: gwirth@tlggr.com

William Kelly, Esq.
**GOLDBERG SEGALL, LLP.**
Attorneys for Fourth-Party Defendant
*DAYTON SUPERIOR SPECIALTY CHEMICAL CORP.*
*a/k/a DAYTON SUPERIOR CORP.*
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
Tel: (914) 798-5400
Fax: (914) 798-5401
email: wkelly@goldbergsegalla.com

STEVEN A. COPLOFF, ESQ.
**STEINBERG & CAVALIERE, LLP**
50 Main Street, Suite 901
White Plains, NY 10606
Tel: (914) 761-4200
Fax: (914) 761-4256
Email: steincav@aol.com
         and
George J. Manos, Esq.
David N. Larson, Esq.
**BOLLINGER, RUBERRY & GARVEY**
Attorneys for Fourth-Party Defendant
*KEMPER    CASUALTY INSURANCE*
*d/b/a KEMPER INSURANCE COMPANY*
500 West Madison, Suite 2300
Chicago, IL 60661
Tel: (312) 466-8000
Fax (312) 466-8001

Henry G. Morgan, Esq..
**MORGAN, MELHUISH, MONAGHAN,
ARVIDSON, ABRUTYN & LISOWSKI**
Attorneys for Fourth-Party Defendant
*OHIO CASUALTY INSURANCE COMPANY*
651 West Mt. Pleasant Avenue, Suite 200
Livingston, NJ 07039
Tel: (973) 994-2500
Fax (973) 994-3375
email: counsel@morganlawfirm.com

Donald G. Sweetman, Esq.
**GENNET, KALLMANN, ANTIN & ROBINSON, P.C.**
Attorney for Fourth-Party Defendants
*GREAT AMERICAN INSURANCE COMPANY,*
*AMERICAN ALLIANCE INSURANCE COMPANY,*
*AMERICAN NATIONAL FIRE INSURANCE COMPANY*
*and GREAT AMERICAN INSURANCE COMPANY OF*
*NEW YORK*
6 Campus Drive
Parsippany, NJ 07054
Tel: (973) 285-1919
Fax: (973) 285-1177
Email: dsweetman@gkar-law.com

Ann Odelson, Esq.
**CARROLL, MCNULTY & KULL**
Attorney for Fourth-Party Defendant
*UNITED STATE FIRE INSURANCE COMPANY*
270 Madison Avenue
New York, NY 10016
Tel: (212) 252-0004
Fax: (212) 252-0444
email: aodelsen@cmk.com

S. DWIGHT STEPHENS, ESQ.
**MELITO & ADOLFSEN, P.C.**
Attorneys for Fourth-Party Defendant
*ZURICH AMERICAN INSURANCE COMPANY*
233 Broadway
New York, NY 10279
Tel: (212) 238-8900
Fax: (212) 238-8999
Email: sds@melitoadolfsen.com

MARTIN PAUL LAVELLE, ESQ.,
**GREEN & LAVELLE**
Attorneys for Fourth-Party Defendant,
*NATIONAL UNION FIRE INSURANCE*
*COMPANY OF PITTSBURGH, PA*
110 William Street
New York, NY 10038
Tel: (212) 266-5880/5881
Fax: (212) 528-0134
Email: martin.lavelle@aig.com

Diana E. Goldberg, Esq.
**MOUND COTTON WOLLAN & GREENGRASS**
Attorneys for Fourth-Party Defendant
*COMMERCIAL UNDERWRITERS INSURANCE COMPANY and ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.*
One Battery Park Plaza, 9th Floor
New York, NY 10004-1486
Tel: (212) 804-4200
Fax: (212) 344-8066
Email: dgoldberg@moundcotton.com

Timothy B. Froessell, Esq.
**HOLLAND & KNIGHT, LLP**
Attorneys for Defendants/Third-Party Plaintiffs,
*DORMITORY AUTHORITY - STATE OF NEW YORK and TDX CONSTRUCTION CORP.*
195 Broadway
New York, NY 10007
Tel: (212) 513-3484
Fax: (212) 385-9010
email: tbfroess@hklaw.com

Tricia Wishert, Esq.
**RIKER, DANZIG, SCHERER, HYLAND & PERRETTI, LLP**
Attorneys for Fourth-Party Defendant,
*HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a HARLEYSVILLE INSURANCE COMPANY)*
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07960
Tel: 973-451-3862
Fax: 973-451-3714
email: twishert@riker.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Case No. 07-CV-6915 (DLC)
TRAVELERS CASUALTY AND SURETY                                        **ECF CASE**
COMPANY as Administrator for RELIANCE
INSURANCE COMPANY
                    Plaintiff,

        vs.                                                              **AFFIDAVIT OF**
                                                                                  **SERVICE**

DORMITORY AUTHORITY - STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN,
PEDERSON, FOX & ASSOCIATES, P.C.,

                    Defendants.
-----------------------------------------------------------------X
DORMITORY AUTHORITY OF THE STATE OF
NEW YORK AND TDX CONSTRUCTION CORP.,

                    Third-Party Plaintiff,
        vs

TRATAROS CONSTRUCTION, INC.,

                    Third-Party Defendants,
-----------------------------------------------------------------X
TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY AND SURETY
COMPANY,
                    Fourth-Party Plaintiffs,

        vs

CAROLINA CASUALTY INSURANCE COMPANY,
BARTEC INDUSTRIES INC., DAYTON SUPERIOR
SPECIALTY CHEMICAL CORP., a/k/a DAYTON
SUPERIOR CORPORATION, SPECIALTY
CONSTRUCTION BRANDS, INC. t/a TEC, KEMPER
CASUALTY INSURANCE COMPANY d/b/a
KEMPER INSURANCE COMPANY, GREAT
AMERICAN INSURANCE COMPANY, NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, P.A., UNITED STATES FIRE
INSURANCE COMPANY, ALLIED WORLD
ASSURANCE COMPANY (U.S) INC. f/k/a
COMMERCIAL UNDERWRITERS INSURANCE

COMPANY, ZURICH AMERICAN INSURANCE
COMPANY d/b/a ZURICH INSURANCE COMPANY,
OHIO CASUALTY INSURANCE COMPANY d/b/a
OHIO CASUALTY GROUP, HARLEYSVILLE
MUTUAL INSURANCE COMPANY (a/k/a
HARLEYSVILLE INSURANCE COMPANY, JOHN
DOES 1-20, and XYZ CORPS. 1-20,

                        Fourth-Party Defendants,
------------------------------------------------------------------X

STATE OF NEW YORK       )
                        )ss.:
COUNTY OF WESTCHESTER   )

     **CODY MARDER**, being duly sworn, deposes and says that she is over the age of 18 years, that she is not a party to the above-entitled action, and that on **December 10, 2007**, she served the within **ANSWER TO FOURTH-PARTY COMPLAINT WITH CROSS-CLAIMS AND COUNTERCLAIM,** upon the following attorney(s), in the following place(s) and in the following manner:

TO:   **SEE ATTACHED SERVICE LIST**

by depositing a copy of same properly enclosed in a post-paid wrapper in the Official Depository maintained and exclusively controlled by the United States, directed to said attorney(s), respectively, at said address(es) within the State designated for that purpose upon the last papers served in this action or the place where the above then kept offices, according to the best information which can be conveniently obtained.

*[signature]*
**CODY MARDER**

Sworn to before me
December 10, 2007

*[signature]*
**NOTARY PUBLIC**

**DONNA PAOLICELLI**
Notary - Public, State of New York
No. 01PA6167046
Qualified in Westchester County
Commission Expires May 29, 20__//

20