UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>                        Plaintiff,<br><br>     - against -<br><br>DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>                        Defendants. | Case No.<br>07 Civ. 6915 (DLC)<br><br>**ANSWER OF TDX CONSTRUCTION CORP. TO COUNTERCLAIM OF THIRD-PARTY DEFENDANT TRATAROS** |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP.,<br><br>                        Third-Party Plaintiffs,<br><br>     - against –<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>                        Third-Party Defendant. | |
| TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>                        Fourth-Party Plaintiffs,<br><br>     - against –<br><br>CAROLINA CASUALTY INSURANCE COMPANY, BARTEC INDUSTRIES, INC., DAYTON SUPERIOR SPECIALTY CHEMICAL CORP. a/k/a DAYTON SUPERIOR CORPORATION, SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC, KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., UNITED STATES FIRE INSURANCE COMPANY, ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. f/k/a COMMERCIAL UNDERWRITERS INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY d/b/a ZURICH INSURANCE COMPANY, OHIO CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP, HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a HARLEYSVILLE INSURANCE COMPANY), JOHN DOES 1-20 AND XYZ CORPS. 1-20,<br><br>                        Fourth-Party Defendants. | |

- 2 -

Defendant/Third-Party Plaintiff TDX Construction Corp. ("TDX"), by its attorneys, Holland & Knight LLP, answers the counterclaim of Third-Party Defendant Trataros Construction, Inc., dated November 13, 2007 ("Trataros' Counterclaim"), as follows:

1. TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Trataros' Counterclaim.

2. TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Trataros' Counterclaim.

3. TDX admits the allegations contained in paragraph 3 of Trataros' Counterclaim.

4. The allegations contained in paragraph 4 of Trataros' Counterclaim state a legal conclusion to which no response is required. To the extent a response is required, TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. The allegations contained in paragraph 5 of Trataros' Counterclaim state a legal conclusion to which no response is required. To the extent a response is required, TDX denies the allegations contained in paragraph 5, except admits that certain events or omissions that are alleged to give rise to the claims asserted in this action occurred within the County of New York.

## ALLEGATIONS COMMON TO ALL COUNTS

6. TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Trataros' Counterclaim.

7. TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Trataros' Counterclaim.

8. TDX denies each and every allegation contained in paragraph 8 of Trataros' Counterclaim, except admits that Travelers filed its Complaint in this action on or about August 1, 2007, and respectfully refers the Court to that pleading for its content.

9. TDX denies each and every allegation contained in paragraph 9 of Trataros' Counterclaim, except admits that on or about September 28, 2007, DASNY and TDX filed a pleading entitled "Answer of DASNY and TDX with Affirmative Defenses, Counterclaims, and Cross-Claims," and respectfully refers the Court to that pleading for its content.

10. TDX denies each and every allegation contained in paragraph 10 of Trataros' Counterclaim, except admits that on or about September 28, 2007, DASNY and TDX commenced a third-party action against Trataros, and in connection therewith filed a pleading entitled "Third-Party Complaint," and respectfully refers the Court to that pleading for its content.

11. TDX denies each and every allegation contained in paragraph 11 of Trataros' Counterclaim, except admits that on or about September 28, 2007, DASNY and TDX commenced a third-party action against Trataros, and in connection therewith filed a pleading entitled "Third-Party Complaint," and respectfully refers the Court to that pleading for its content.

12. TDX denies each and every allegation contained in paragraph 12 of Trataros' Counterclaim, except admits that on or about September 28, 2007, DASNY and TDX commenced a third-party action against Trataros, and in connection therewith filed a pleading entitled "Third-Party Complaint," and respectfully refers the Court to that pleading for its content.

13.     TDX denies each and every allegation contained in paragraph 13 of Trataros' Counterclaim, except admits that on or about September 28, 2007, DASNY and TDX commenced a third-party action against Trataros, and in connection therewith filed a pleading entitled "Third-Party Complaint," and respectfully refers the Court to that pleading for its content.

14.     TDX denies each and every allegation contained in paragraph 14 of Trataros' Counterclaim, except admits that on or about September 28, 2007, DASNY and TDX commenced a third-party action against Trataros, and in connection therewith filed a pleading entitled "Third-Party Complaint," and respectfully refers the Court to that pleading for its content.

15.     TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Trataros' Counterclaim, except denies that TDX is responsible for any of the actions, failures to act, and/or damages described therein.

## CROSS-CLAIM AGAINST KPF

16.     TDX repeats and realleges each and every answer to the paragraphs incorporated by reference in paragraph 16 of Trataros' Counterclaim as if fully set forth herein.

17.     TDX is not required to answer paragraph 17 of Trataros' Counterclaim, as the allegations contained therein are not directed to TDX.  To the extent that TDX is required to answer, TDX denies each and every allegation contained in paragraph 17, except admits that DASNY and TDX have asserted cross-claims against KPF in the "Answer of DASNY and TDX with Affirmative Defenses, Counterclaims, and Cross-Claims," and respectfully refers the Court to that pleading for its content.

18. TDX is not required to answer paragraph 18 of Trataros' Counterclaim, as the allegations contained therein are not directed to TDX, and state a legal conclusion. To the extent that TDX is required to answer, TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. TDX is not required to answer paragraph 19 of Trataros' Counterclaim, as the allegations contained therein are not directed to TDX, and state a legal conclusion. To the extent that TDX is required to answer, TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. TDX is not required to answer paragraph 20 of Trataros' Counterclaim, as the allegations contained therein are not directed to TDX, and state a legal conclusion. To the extent that TDX is required to answer, TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. TDX is not required to answer paragraph 21 of Trataros' Counterclaim, as the allegations contained therein are not directed to TDX, and state a legal conclusion. To the extent that TDX is required to answer, TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

ANSWERING THE COUNTERCLAIM AGAINST TDX

22. TDX repeats and realleges each and every answer to the paragraphs incorporated by reference in paragraph 22 of Trataros' Counterclaim as if fully set forth herein.

23. TDX denies each and every allegation contained in paragraph 23 of Trataros' Counterclaim, except admits that TDX and DASNY entered into contracts with respect to the Project, which consist of written documents that are the best evidence of their terms.

24. TDX denies each and every allegation contained in paragraph 24 of Trataros' Counterclaim, except admits that TDX and DASNY entered into contracts with respect to the Project, which consist of written documents that are the best evidence of their terms.

25. TDX denies each and every allegation contained in paragraph 25 of Trataros' Counterclaim, except admits that TDX and DASNY entered into contracts with respect to the Project, which consist of written documents that are the best evidence of their terms.

26. The allegations contained in paragraph 26 of Trataros' Counterclaim state a legal conclusion to which no response is required. To the extent a response is required, TDX denies each and every allegation contained in paragraph 26.

27. TDX denies each and every allegation contained in paragraph 27 of Trataros' Counterclaim, except admits that TDX and DASNY entered into contracts with respect to the Project, which consist of written documents that are the best evidence of their terms.

28. TDX denies each and every allegation contained in paragraph 28 of Trataros' Counterclaim.

29. The allegations contained in paragraph 29 of Trataros' Counterclaim state a legal conclusion to which no response is required. To the extent a response is required, TDX denies each and every allegation contained in paragraph 29.

30. The allegations contained in paragraph 30 of Trataros' Counterclaim state a legal conclusion to which no response is required. To the extent a response is required, TDX denies each and every allegation contained in paragraph 30.

31. The allegations contained in paragraph 31 of Trataros' Counterclaim state a legal conclusion to which no response is required. To the extent a response is required, TDX denies each and every allegation contained in paragraph 31.

32. The allegations contained in paragraph 32 of Trataros' Counterclaim state a legal conclusion to which no response is required. To the extent a response is required, TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

## FIRST AFFIRMATIVE DEFENSE

33. Trataros' Counterclaim fails to state a cause of action against TDX upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

34. Trataros' Counterclaim against TDX is barred in whole or in part by the economic loss doctrine.

## THIRD AFFIRMATIVE DEFENSE

35. Any damages allegedly sustained or which may be sustained by Trataros were caused in whole or in part by the culpable conduct of Trataros and/or its subcontractors, as a result of which Trataros' Counterclaim is therefore barred or diminished in the proportion that such culpable conduct bears to the total culpable conduct that caused their alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

36. Trataros' Counterclaim is barred by Trataros' own breach of contract.

## FIFTH AFFIRMATIVE DEFENSE

37. Trataros' Counterclaim is barred by Trataros' own contributory negligence.

## SIXTH AFFIRMATIVE DEFENSE

38. Trataros' Counterclaim is barred by Trataros' breach of one or more of its subcontract agreements and/or purchase orders.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

39. Any alleged liability of TDX to Trataros is derivative of, and secondary to, the liability of KPF for damages described in the Third-Party Complaint and/or the Answer of DASNY and TDX with Affirmative Defenses, Counterclaims, and Cross-Claims. Therefore, Trataros must first seek damages from KPF before it may pursue its counterclaim against TDX.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

40. Trataros' Counterclaim is barred by Trataros' material breach and/or abandonment of its contracts with DASNY.

<u>NINTH AFFIRMATIVE DEFENSE</u>

41. Trataros' Counterclaim is barred, in whole or in part, by Travelers' breach of contract.

<u>TENTH AFFIRMATIVE DEFENSE</u>

42. Trataros' Counterclaim against TDX is barred by a lack of privity of contract of Travelers, Trataros, and/or Trataros' subcontractors and suppliers with TDX.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

43. Trataros' Counterclaim against TDX is barred by breaches of contract and/or negligence of Trataros' subcontractors and suppliers.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

44. Trataros' Counterclaim and any relief sought therein may be barred, in whole or in part, by additional defenses that cannot be articulated due to the generality of Trataros' Counterclaim, the fact that discovery is not yet complete, or other presently undeveloped information. Accordingly, TDX reserves its right to supplement the foregoing defenses and to

- 9 -

raise additional defenses as may appear as this case progresses to the fullest extent permitted by the Federal Rules of Civil Procedure and applicable law to this case.

**WHEREFORE**, TDX demands judgment dismissing Trataros' Counterclaim in its entirety as against TDX, together with the costs and disbursements of this action, attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       December 10, 2007

                               HOLLAND & KNIGHT LLP
                               *Attorneys for Defendants Dormitory*
                               *Authority of the State of New York and*
                               *TDX Construction Corp.*

                               By: _____
                                       Stephen B. Shapiro
                                       Timothy B. Froessel
                               195 Broadway
                               New York, New York 10007
                               (212) 513-3200

To:    All counsel of Record

# 4983804_v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>DORMITORY AUTHORITY – THE STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>Defendants. | Case No. 07 Civ. 6915 (DLC)<br>ECF CASE<br><br><br>**AFFIDAVIT OF SERVICE** |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP.,<br><br>Third-Party Plaintiffs,<br><br>- against -<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>Third-Party Defendant. | |

KAREN L. HIPPNER hereby declares the following to be true under penalty of perjury:

On December 10, 2007, I caused the foregoing Answer of TDX Construction Corp. to Counterclaim of Third-Party Defendant Trataros to be served upon all parties listed in the attached service list, at the addresses designated for service by depositing same, enclosed in a properly addressed wrapper, first-class postage, in an official depository under the exclusive care of the United States Postal Service within the State of New York.

On December 10, 2007 I caused the foregoing Answer of TDX Construction Corp. to Counterclaim of Third-Party Defendant Trataros to be served via electronic filing upon all parties currently appearing in this litigation.

| | |
|---|---|
| David C. Dreifuss, Esq.<br>DREIFUSS, BONACCI & PARKER, LLP<br>26 Columbia Turnpike<br>North Entrance<br>Florham Park, New Jersey  07932 | Joseph DeDonato<br>Morgan Melhuish Abrutyn<br>651 West. Mt. Pleasant Ave.<br>Suite 200<br>Livingston, NJ  07039 |
| *Counsel for Travelers Casualty & Surety Co. & Trataros Construction, Inc.* | *Counsel for Ohio Casualty Ins. Co.* |
| David Abramovitz, Esq.<br>ZETLIN & DeCHIARA LLP<br>801 Second Avenue<br>New York, N.Y.  10017 | William G. Kelly<br>Goldberg Segalla LLP<br>301 Carnegie Center<br>Princeton, NJ 08540 |
| *Counsel for Kohn Pedersen Fox Assocs.* | *Counsel for Dayton Superior Chem. Corp.* |

Dated: New York, New York
   December 10, 2007

                                                                    _____
                                                                               Karen L. Hippner

Sworn to before me this date
December 10, 2007

_____
           Notary Public

PETER FALISI
Notary Public, State of New York
No. 01FA6039613
Qualified in New York County
Commission Expires April 3, 2010

# 4950324_v1