**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  12/14/07

# DREIFUSS BONACCI & PARKER, LLP

### ATTORNEYS AT LAW

David C. Dreifuss (NJ)
JoAnne M. Bonacci (NJ & PA)
Ronald I. Parker (NJ & NY)
Bruce Dickstein (NJ & NY)

Derek A. Popeil (NJ & NY)
Paul H. Mandal (NJ & NY)
George Christopoulos (NJ & NY)
Monika S. Pundalik (NJ)
Eli J. Rogers (NJ & NY)
Jonathan D. Morales (NJ & NY)
Adam M. Fontana (NJ &NY)

26 Columbia Turnpike
*North Entrance*
Florham Park, New Jersey 07932

(973) 514-1414
Telefax (973) 514-5959

Writer's E-mail Address:
*jbonacci@dbplawfirm.com*

December 13, 2007

One Penn Plaza
36th Floor
New York, New York 10119
(212) 835-1514

1500 Market Street
12th Floor
East Tower
Philadelphia, Pennsylvania 19102

*Please reply to New Jersey Office*

## VIA FEDERAL EXPRESS

The Honorable Denise L. Cote, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007



RECEIVED
DEC 1 4 2007
CHAMBERS OF
DENISE COTE

Re:  Travelers Cas. and Sur. Co. v. Dormitory Auth. - State of N.Y., *et al.*
Civil Action No. 07-CV-6915 (DLC)

Dear Judge Cote:

Our office represents Plaintiff/Counter-Claim Defendant/Fourth-Party Plaintiff, Travelers Casualty and Surety Company ("Travelers") and Third-Party Defendant/Fourth-Party Plaintiff, Trataros Construction, Inc. ("Trataros") in the above-captioned matter. Pursuant to the Court's instruction at the Initial Pre-Trial Conference held on November 30, 2007, Travelers and Trataros respectfully submit this letter to address the subject of diversity jurisdiction associated with the pass-through claims of Trataros' subcontractors.

Travelers commenced this action as administrator of certain surety bonds issued by Reliance Insurance Company ("Reliance") to Trataros. Travelers is the true party in interest, pursuant to Travelers' agreement with Reliance, Trataros' assignment of its claims and rights of recovery, *inter alia*, to Travelers, and Travelers' rights of equitable subrogation. [1] Travelers maintains its principal place of business in Connecticut; Reliance's principal place of business is located in Pennsylvania. As admitted by their respective counsel, each of the "first-party" defendants is either a New York corporation or maintains its principal place of business in New York. Thus, complete diversity exists with respect to Travelers' direct claims against the Defendants. It is respectfully submitted that, because Travelers is a "real and substantial party to the controversy," the diversity between Plaintiff and the Defendants should control the question of diversity with respect to the pass-through claims. See, Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 (2d Cir. 2003).

In general, the citizenship of a *bona fide* representative, and not the citizenship of the non-parties it represents, is determinative of the question of diversity. 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3606. See also, 36 C.J.S. § 146 (2007) ("Where jurisdiction depends on diversity…, and persons sue in a representative capacity, the jurisdiction of the

---

[1]  Trataros no longer operates as an ongoing business concern.

The Honorable Denise L. Cote, U.S.D.J.
December 13, 2007
Page 2

Federal court normally is dependent on the citizenship of the person suing, and not on the citizenship of the other persons in whose behalf the suit is brought.") This principle is well established in the Second Circuit. E.g., New York Evening Post Co. v. Chaloner, 265 F. 204, 213 (2d Cir. 1920) ("[R]epresentatives stand upon their own citizenship … irrespectively of the citizenship of the persons whom they represent-- such as executors, administrators, guardians, trustees, receivers, etc.")

Here, Trataros' subcontractors are dependent upon the 'pass-through' mechanism in order to recover for their losses allegedly attributable to the owner and/or its agents. The law of New York, among other jurisdictions, restrains subcontractors from directly pursuing impact claims against an owner in the absence of privity. See e.g., Bovis Lend Lease LMB, Inc. v. GCT Venture, Inc., 728 N.Y.S.2d 25, 27 (1st Dep't 2001). In light of this obstacle to recovery, Federal courts presume that a prime contractor is entitled to pass-through its subcontractors' claims. See, Folk Const. Co. v. U.S., 2 Cl. Ct. 681, 685 (Ct. Cl. 1983) (prime contractor may pass-through subcontractor's claim against owner; owner bears burden to prove the prime has no liability to subcontractor), and, Morrison-Knudsen Co. v. U.S., 397 F.2d 826, 852 (Ct. Cl. 1968) ("[R]ecovery by the prime contractor for his subcontractor's costs is not contingent upon his placing the subcontract in evidence or … establishing his liability to the subcontractor.") Moreover, Travelers, as Trataros' surety, is entitled to a *pro rata* share of any recovery on the pass-through claims, and thus is interested in successfully prosecuting said claims.

Given the foregoing, Travelers is not a "nominal plaintiff" or "mere conduit" for the pass-through claims. Deajess Medical Imaging PD v. Allstate Ins. Co., 2004 WL 1632596, *3 (S.D.N.Y. July 22, 2004) ("[A] crucial distinction must be made between a plaintiff who sues solely in his capacity as an agent …and… a plaintiff who sues not only as an agent, but also as an individual who has his own stake in the litigation.") (quoting, Oscar Gruss & Son, 337 F.3d at 193). When a plaintiff has its own stake in the action, its own citizenship "is determinative for purposes of establishing diversity jurisdiction." Id. Further, Travelers exercises control over the claims alleged in its Complaint, including control over "the institution and prosecution of the action[]." Cf., Coal Company v. Blatchford, 78 U.S. 172, 177 (1870) ("The nominal plaintiffs in those cases … could not … prevent the institution or prosecution of the actions or exercise any control over them." And, 13B Wright Miller & Cooper § 3606. (Plaintiff must have ability to control prosecution to be considered *bona fide* representative.)

It is respectfully submitted that Travelers is a *bona fide* representative of the pass-through subcontractors, and as such its citizenship is controlling as to the question of diversity jurisdiction for the subcontractor pass-through claims. Given the complete diversity as between Travelers and the first-party defendants, it is respectfully submitted that this Court may properly exercise diversity jurisdiction herein.

Respectfully submitted,

JoAnne M. Bonacci

JMB:mn
Encl.
cc:    All Counsel on attached Service List (via regular mail)

Diversity requires consideration of
both state of incorporation and
principal place of business of
plaintiffs and defendants.
Plaintiff's supplemental
submission is due January
4, 2008.    Denise Cote
December 14, 2007