UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>       - against -<br><br>DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>               Defendants. | Case No.<br>07 Civ. 6915 (DLC)<br><br>**ANSWER OF DASNY AND TDX TO COUNTERCLAIM OF FOURTH-PARTY DEFENDANT <u>OHIO CASUALTY</u>** |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP.,<br><br>               Third-Party Plaintiffs,<br><br>       - against –<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>               Third-Party Defendant. | |
| TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>               Fourth-Party Plaintiffs,<br><br>       - against –<br><br>CAROLINA CASUALTY INSURANCE COMPANY, BARTEC INDUSTRIES, INC., DAYTON SUPERIOR SPECIALTY CHEMICAL CORP. a/k/a DAYTON SUPERIOR CORPORATION, SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC, KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., UNITED STATES FIRE INSURANCE COMPANY, ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. f/k/a COMMERCIAL UNDERWRITERS INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY d/b/a ZURICH INSURANCE COMPANY, OHIO CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP, HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a HARLEYSVILLE INSURANCE COMPANY), JOHN DOES 1-20 AND XYZ CORPS. 1-20,<br><br>               Fourth-Party Defendants. | |

Defendants/Third-Party Plaintiffs Dormitory Authority of the State of New York ("DASNY") and TDX Construction Corp. ("TDX"), by their attorneys, Holland & Knight LLP, answer the "counterclaims" of Fourth-Party Defendant Ohio Casualty Insurance Company ("OCIC"), dated December 7, 2007 ("OCIC's Counterclaims"), as follows:

ANSWERING THE "FIRST COUNT"

1.      Paragraph 1 of the First Count of OCIC's Counterclaims merely repeats and realleges its answers to the Fourth-Party Complaint, and DASNY and TDX are not required to respond thereto.  To the extent that DASNY and TDX are required to respond, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the First Count.

2.      DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the First Count of OCIC's Counterclaims.

3.      DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the First Count of OCIC's Counterclaims.

4.      The allegations contained in paragraph 4 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required.  To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the First Count.

5.      The allegations contained in paragraph 5 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required.  To the extent a

response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the First Count.

6.      The allegations contained in paragraph 6 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the First Count.

7.      The allegations contained in paragraph 7 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the First Count.

8.      DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the First Count of OCIC's Counterclaims.

9.      The allegations contained in paragraph 9 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the First Count.

10.     The allegations contained in paragraph 10 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the First Count.

11.    DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the First Count of OCIC's Counterclaims.

12.    DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the First Count of OCIC's Counterclaims.

13.    The allegations contained in paragraph 13 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required.  To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the First Count.

14.    DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the First Count of OCIC's Counterclaims.

15.    DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the First Count of OCIC's Counterclaims.

16.    The allegations contained in paragraph 16 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required.  To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the First Count.

17.    The allegations contained in paragraph 17 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required.  To the extent a

response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the First Count.

18.    The allegations contained in paragraph 18 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the First Count.

19.    The allegations contained in paragraph 19 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the First Count.

20.    DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the First Count of OCIC's Counterclaims.

21.    The allegations contained in paragraph 21 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the First Count.

22.    The allegations contained in paragraph 22 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the First Count.

23.    The allegations contained in paragraph 23 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a

response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the First Count.

24.    DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the First Count of OCIC's Counterclaims.

25.    DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the First Count of OCIC's Counterclaims.

26.    DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the First Count of OCIC's Counterclaims.

27.    DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the First Count of OCIC's Counterclaims.

28.    DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the First Count of OCIC's Counterclaims.

29.    DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the First Count of OCIC's Counterclaims.

30.    The allegations contained in paragraph 30 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required.  To the extent a

response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the First Count.

ANSWERING THE "SECOND COUNT"

31.    Paragraph 1 of the Second Count of OCIC's Counterclaims merely repeats and realleges its answers to the Fourth-Party Complaint, and DASNY and TDX are not required to respond thereto. To the extent that DASNY and TDX are required to respond, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Second Count.

32.    DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Second Count of OCIC's Counterclaims.

33.    DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Second Count of OCIC's Counterclaims.

34.    DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Second Count of OCIC's Counterclaims.

35.    The allegations contained in paragraph 5 of the Second Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Second Count.

36.    The allegations contained in paragraph 6 of the Second Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a

response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Second Count.

37.    The allegations contained in paragraph 7 of the Second Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Second Count.

38.    DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Second Count of OCIC's Counterclaims.

39.    The allegations contained in paragraph 9 of the Second Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Second Count.

40.    DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Second Count of OCIC's Counterclaims.

41.    The allegations contained in paragraph 11 of the Second Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Second Count.

42.    The allegations contained in paragraph 12 of the Second Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a

response is required, DASNY and TDX are without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 12 of the Second Count.

43.    The allegations contained in paragraph 13 of the Second Count of OCIC's

Counterclaims state a legal conclusion to which no response is required.  To the extent a

response is required, DASNY and TDX are without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 13 of the Second Count.

FIRST AFFIRMATIVE DEFENSE

44.    OCIC's Counterclaims fail to state a cause of action against DASNY upon which

relief may be granted.

SECOND AFFIRMATIVE DEFENSE

45.    OCIC's Counterclaims fail to state a cause of action against TDX upon which

relief may be granted.

**WHEREFORE**, DASNY and TDX demand judgment dismissing OCIC's Counterclaims

in their entirety as against them, together with the costs and disbursements of this action,

attorneys' fees, and such other and further relief as the Court may deem just and proper.


Dated: New York, New York
       January 7, 2008

                              HOLLAND & KNIGHT LLP
                              *Attorneys for Defendants Dormitory*
                              *Authority of the State of New York and*
                              *TDX Construction Corp.*


                              By: *Timothy B. Froessel*
                                  Stephen B. Shapiro
                                  Timothy B. Froessel
                              195 Broadway
                              New York, New York  10007
                              (212) 513-3200


- 9 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>  - against -<br><br>DORMITORY AUTHORITY – THE STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>               Defendants.<br><br>DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP.,<br><br>               Third-Party Plaintiffs,<br><br>  - against -<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>               Third-Party Defendant. | Case No. 07 Civ. 6915 (DLC)<br>ECF CASE<br><br><br>**AFFIDAVIT OF SERVICE** |

KAREN L. HIPPNER hereby declares the following to be true under penalty of perjury:

On January 7, 2008, I caused the foregoing Answer of DASNY and TDX Construction Corp. to Counterclaim of Fourth Defendant Ohio Casualty to be served upon all parties listed in the attached service list, at the addresses designated for service by depositing same, enclosed in a properly addressed wrapper, first-class postage, in an official depository under the exclusive care of the United States Postal Service within the State of New York.

On January 7, 2008, I caused the foregoing Answer of DASNY and TDX Construction Corp. to Counterclaim of Fourth Defendant Ohio Casualty to be served via electronic filing upon all parties currently appearing in this litigation.

Dated: New York, New York
       January 7, 2008

                                   Karen L. Hippner

Sworn to before me this date
January 7, 2008

         BO FEELY
    Notary Public, State of New York
       No. 01FE6161594
     Qualified in New York County
  Commission Expires February 26, 20 11

# 4950324_v1

<u>SERVICE LIST</u>

David C. Dreifuss, Esq.
DREIFUSS, BONACCI & PARKER, LLP
26 Columbia Turnpike
North Entrance
Florham Park, New Jersey. 07932

*Counsel for Travelers Casualty & Surety Co.
& Trataros Construction, Inc.*

David Abramovitz, Esq.
ZETLIN & DeCHIARA LLP
801 Second Avenue
New York, New York 10017

*Counsel for Kohn Pedersen Fox Assocs.*

Jeremy Platek, Esq.
O'CONNOR, REDD, GOLLIHUE &
SKLARIN, LLP
200 Mamaroneck Avenue
White Plains, New York 10601

*Counsel for Bartec Industries, Inc.*

Martin P. Lavelle
Green & Lavelle
110 William Street, 18th Floor
New York, New York 10038

*Counsel for National Union Fire
Ins. Co.*

Joseph DeDonato
Morgan Melhuish Abrutyn
651 West. Mt. Pleasant Ave.
Suite 200
Livingston, New Jersey 07039

*Counsel for Ohio Casualty Ins. Co.*

William G. Kelly
Goldberg Segalla LLP
301 Carnegie Center
Princeton, N.J. 08540

*Counsel for Dayton Superior Chem. Corp.*

Robert M. Wasko
Torre, Lentz, Gamell, Gary
 & Rittmaster, LLP
226 West 26th Street – 8th Fl.
New York, N.Y. 10001

*Counsel for Carolina Casualty Ins. Co.*

John P. DeFilippis, Esq.
Carroll, McNulty & Kull, LLC
570 Lexington Avenue
10th Floor
New York, New York 10022

*Counsel for United States Fire Ins. Co.*