UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,

        Plaintiff,

vs.

DORMITORY AUTHORITY - STATE OF NEW YORK, TDX CONSTRUCTION CORP and KOHN, PEDERSON, FOX ASSOCIATES, P.C.,

        Defendants.

Case No. 07-CV-6915 (DLC)

ECF Case

---

DORMITORY AUTHORITY OF THE STATE OF NEW YORK AND TDX CONSTRUCTION CORP.,

        Third-Party Plaintiffs,

vs.

TRATAROS CONSTRUCTION, INC.,

        Third-Party Defendant.

---

TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,

        Fourth-Party Plaintiffs,

vs.

CAROLINA CASUALTY INSURANCE COMPANY, et. al.,

        Fourth-Party Defendants.

---

**DECLARATION OF DIANA E. GOLDBERG IN SUPPORT OF THE MOTION TO DISMISS THE FOURTH-PARTY COMPLAINT AGAINST FOURTH-PARTY DEFENDANT ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.**

1

I, Diana E. Goldberg, declare as follows:

1. I am a member of the law firm of Mound Cotton Wollan & Greengrass, attorneys for defendant Allied World Assurance Company (U.S.) Inc. ("Allied World"). I have personal knowledge of the matters set forth herein and if called as a witness, I could and would competently testify thereto. I submit this declaration in support of Defendant's Motion To Dismiss The Fourth-Party Complaint Against Fourth-Party Defendant Allied World Assurance Company (U.S.) Inc.

2. A true and correct copy of the Fourth-Party Complaint filed in this action is annexed hereto as Exhibit 1.

3. A true and correct copy of an insurance policy (the "CUIC Policy") issued to Trataros is attached hereto as part of Exhibit 2, the Initial Disclosures filed on behalf of Allied World in a previous lawsuit (the "2005 Proceedings") against it by the Fourth-Party Plaintiffs.

4. Annexed hereto as Exhibit 3 is a true and correct copy of an Amended Fourth-Party Summons and an Amended Fourth-Party Complaint and Cross-Claim, dated February 17, 2005, filed in the 2005 Proceedings.

5. Annexed hereto as Exhibit 4 is a true and correct copy of an Initial Complaint against DASNY filed in the 2005 Proceedings.

6. Annexed hereto as Exhibit 5 is a true and correct copy of a Third-Party Complaint filed by DASNY in the 2005 Proceedings.

7. Annexed hereto as Exhibit 6 is a true and correct copy of the Affidavit of Alfred Bodi, dated January 9, 2008, which states "Allied World is not a successor in interest on any policy at issue in this litigation."

8.  Annexed hereto as Exhibit 7 is a true and correct copy of an Answer filed on behalf of Allied World in the 2005 Proceedings.

9.  Trataros Construction, Inc. ("Trataros"), one of the Fourth-Party Plaintiffs, apparently was sued in August 2004 and even commenced its own, fourth-party action in November 2004, in connection with the allegations made in this litigation. The August and November 2004 actions, along with one commenced in June 2004 by Trataros' own surety, all stem from a construction project which itself apparently was commenced and completed years ago. Timely notice of such a claim is required by the CUIC Policy. See excerpts from the CUIC Policy, true and correct copies of which are annexed hereto as part of Exhibit 8.

10. But, NAS on behalf of CUIC was not informed of Trataros' purported claim nor of the related lawsuits until NAS received a copy of the Amended Fourth-Party Complaint (a pleading filed by the Fourth-Party Plaintiffs in an earlier iteration of this action), some time after it was filed on March 2, 2005. See Affidavit of Keith Younger, dated July 20, 2005, a true and correct copy of which is annexed hereto as Exhibit 8.

11. Despite having received the Younger Affidavit (Exhibit 8) when it was filed in the 2005 proceedings, and other correspondence from Mr. Younger dated July 29, 2005 (a true and correct copy of which is annexed hereto as Exhibit 9), explaining that Allied World does not respond to claims under the CUIC Policy -- assuming claims were to be made -- the Fourth-Party Plaintiffs refused to withdraw the prior action against Allied World, even compelling Allied World's participation in a mediation of this dispute, and now have re-filed their litigation, again erroneously naming Allied World as a fourth-party defendant.

12. In view of the above facts, the Affidavits of Alfred Bodi and Keith Younger, and the language of the CUIC Policy, there is no viable claim under the CUIC Policy stemming from

the facts alleged in the Fourth-Party Complaint. Nor is there any legal theory under which Allied World Assurance Company (U.S.) Inc., sued improperly herein as Allied World Assurance Company (U.S.) Inc. f/k/a Commercial Underwriters Insurance Company, can be held liable under the CUIC Policy for such a claim in any event.

I declare under the penalties of perjury that the foregoing is true and correct.

Executed this 11th day of January 2008, at New York, New York.

s/ Diana E. Goldberg<br>
Diana E. Goldberg (DG-3283)<br>
E-mail: *dgoldberg@moundcotton.com*