# EXHIBIT 8



COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOCKETED

---

TRAVELERS CASUALTY AND SURETY COMPANY as
Administrator for RELIANCE INSURANCE COMPANY,

     Plaintiff,

  vs.

THE DORMITORY AUTHORITY OF THE STATE OF
NEW YORK, TDX CONSTRUCTION CORP and KOHN,
PEDERSON, FOX & ASSOCIATES, P.C.,

     Defendants.

ECF Case

Civil Action No.
04 Civ. 5101 (HB)

---

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK,

     Third-Party Plaintiff,

  vs.

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

     Third-Party Defendants.

---

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

     Fourth-Party Plaintiffs,

  vs.

G.M. CROCETTI, INC., et al.

     Fourth-Party Defendants.

---

## AFFIDAVIT OF KEITH A. YOUNGER IN SUPPORT OF THE MOTION TO DISMISS ALL CLAIMS AGAINST FOURTH-PARTY DEFENDANT ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. F/K/A/ COMMERCIAL UNDERWRITERS INSURANCE COMPANY

1

STATE OF CALIFORNIA        )

                                  ) ss:

COUNTY OF LOS ANGELES   )

Keith A. Younger, being duly sworn, deposes and says:

1.     I submit this affidavit in support of the Motion To Dismiss All Claims Against Fourth-Party Defendant Allied World Assurance Company (U.S.) Inc. ("Allied World") f/k/a/ Commercial Underwriters Insurance Company.

2.     North American Specialty Insurance Company ("NAS") is the claim administrator for Commercial Underwriters Insurance Company ("CUIC"). I am a Senior Claim Examiner with NAS and as such I have personal knowledge of the facts and circumstances described herein.

3.     The allegations against Allied World set forth in the Amended Fourth-Party Complaint filed by Trataros Construction, Inc. ("Trataros"), allegedly stem from Trataros' status as a named insured (by endorsement) under Commercial Underwriters Insurance Company ("CUIC") commercial general liability policy BCG 004116 (the "CUIC Policy"). A copy of the relevant portion of the CUIC Policy is annexed hereto as Exhibit 1.

4.     Section IV of the CUIC Policy sets forth various conditions of the CUIC Policy. Sub-part 2, relating to an insured's duties in the event of an occurrence, offense, claim, or suit provides, in pertinent part:

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.**     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.

     ***

**b.**     If a claim is made or "suit" is brought against any insured, you must:

     **(1)**     Immediately record the specifics of the claim or "suit" and

the date received; and

     **(2)**    Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.**    You and any other involved insured must:

     **(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

     **(2)**    Authorize us to obtain records and other information;

     **(3)**    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

     **(4)**    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.**    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent.

**e.**    Notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any agent of ours in New York State, with particulars sufficient to identify the insured shall be considered to be notice to us. [This provision is added to subpart 2 by the New York State changes to the CGL form.]

5.    Furthermore, Section IV of the CUIC Policy states:

**3. Legal Action Against Us**

No person or organization has a right under this Coverage Part:

**a.**    To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

**b.**    To sue us on the Coverage Part unless all of its terms have been fully complied with.

6.      Trataros apparently was sued in August 2004 and even commenced its own, fourth-party action in November 2004. The August and November 2004 actions, along with one commenced in June 2004 by Trataros' own surety, all stem from a construction project which itself apparently was commenced and completed years ago.

7.      However, Trataros never provided notice of a claim or of the related lawsuits as required by the CUIC Policy.

8.      In fact, NAS on behalf of CUIC was not informed of Trataros' claim nor of the related lawsuits until NAS received a copy of the Amended Fourth-Party Complaint, some time after March 2, 2005.

9.      Based on the above facts and the language of the CUIC Policy, Trataros and any other person or organization are prohibited from maintaining a lawsuit for coverage under the CUIC Policy for the claim described in the Amended Fourth-Party Complaint.


Dated: Culver City, California
        July 20, 2005


                                                Keith A. Younger


Sworn to and subscribed before me
this 20 day of July, 2005


Notary Public

JERILYN F. ATNIP
Commission # 1412137
Notary Public - California
Los Angeles County
My Comm. Expires May 2, 2007

4

Exhibit 1



# COMMERCIAL UNDERWRITERS
## Insurance Company
### New York Free Trade Zone
COMMERCIAL GENERAL LIABILITY DECLARATIONS

**POLICY NUMBER:** BCG 004116      **RENEWAL OF:** New

**PRODUCER NAME:** Atlantic Star Intermediaries, Inc.

**ADDRESS:** 390 North Broadway
Jericho, NY 11753

**ITEM 1.** NAMED INSURED: **TRATAROS CONSTRUCTION COMPANY, INC.**

ADDRESS: 664 64th Street
Brooklyn, NY 11220

BUSINESS OF THE NAMED INSURED: **General Contractor**

**ITEM 2.** POLICY PERIOD: FROM __April 1, 1999__ TO __April 1, 2000__ AT

12:01 A.M. STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED SHOWN ABOVE

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY
WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

**ITEM 3.** LIMITS OF INSURANCE

The Limits of Insurance, subject to all the terms of this policy, are:

| | |
|---|---|
| General Aggregate Limit (Other Than Products-Completed Operations) | $2,000,000 |
| Products-Completed Operations Aggregate Limit | $1,000,000 |
| Personal and Advertising Injury Limit | $1,000,000 |
| Each Occurrence Limit | $1,000,000 |
| Fire Damage Limit | $300,000   Any One Fire |
| Medical Expense Limit | N/A   Any One Person |
| Employee Benefits Liability | $1,000,000 |

**See Endorsement** Deductible      __N/A__   Self Insured Retention

**ITEM 4.** PREMIUM COMPUTATION

| ESTIMATED EXPOSURE | RATE/PER | MINIMUM PREMIUM | DEPOSIT PREMIUM |
|---|---|---|---|
| $100,000,000 Gross Receipts | $2.00 per $1,000 of Receipts | $170,000 | $200,000 |

**ITEM 5.** FORMS AND ENDORSEMENTS ATTACHED: CG 00 01 01 96; See Schedule of
Endorsements

COUNTERSIGNED      3/25/99      BY

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND
FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

URC-G11(07/95)
2-14065

*NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT
FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE
DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINI-
MUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.*

b. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

c. Coverage B does not apply to "personal injury" or "advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

## SECTION III - LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

   a. Insureds;

   b. Claims made or "suits" brought; or

   c. Persons or organizations making claims or bringing "suits".

2. The General Aggregate Limit is the most we will pay for the sum of:

   a. Medical expenses under Coverage C;

   b. Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

   c. Damages under Coverage B.

3. The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

4. Subject to 2. above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages because of all "personal injury" and all "advertising injury" sustained by any one person or organization.

5. Subject to 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

   a. Damages under Coverage A; and

   b. Medical expenses under Coverage C

   because of all "bodily injury" and "property damage" arising out of any one "occurrence".

6. Subject to 5. above, the Fire Damage Limit is the most we will pay under Coverage A for damages because of "property damage" to premises, while rented to you or temporarily occupied by you with permission of the owner, arising out of any one fire.

7. Subject to 5. above, the Medical Expense Limit is the most we will pay under Coverage C for all medical expenses because of "bodily injury" sustained by any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

## SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

1. **Bankruptcy**

   Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

Copyright, Insurance Services Office, Inc., 1994

c. You and any other involved insured must:

   (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

   (2) Authorize us to obtain records and other information;

   (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

   (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**3. Legal Action Against Us**

No person or organization has a right under this Coverage Part:

  a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

  b. To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

  **a. Primary Insurance**

    This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

  **b. Excess Insurance**

    This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

    (1) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work"; or

    (2) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner; or

    (3) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of Coverage A (Section I).

    When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

    When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

    (1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

    (2) The total of all deductible and self-insured amounts under all that other insurance.

    We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

  **c. Method of Sharing**

    If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

    If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

**b.** Does not include "bodily injury" or "property damage" arising out of:

   **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

   **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

   **(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

**15.** "Property damage" means:

  **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**16.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies are alleged. "Suit" includes:

  **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

  **b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

**17.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**18.** "Your product" means:

  **a.** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

   **(1)** You;

   **(2)** Others trading under your name; or

   **(3)** A person or organization whose business or assets you have acquired; and

  **b.** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

"Your product" includes:

  **a.** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

  **b.** The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

**19.** "Your work" means:

  **a.** Work or operations performed by you or on your behalf; and

  **b.** Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

  **a.** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

  **b.** The providing of or failure to provide warnings or instructions.

Copyright, Insurance Services Office, Inc. 1994

COMMERCIAL GENERAL LIABILITY
CG 26 24 08 92

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## NEW YORK CHANGES - LEGAL ACTION AGAINST US

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART
    LIQUOR LIABILITY COVERAGE PART
    OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
    PRODUCTS/COMPLETED OPERATIONS COVERAGE PART
    RAILROAD PROTECTIVE LIABILITY COVERAGE PART

The LEGAL ACTION AGAINST US Condition (Section IV) is replaced by the following:

**LEGAL ACTION AGAINST US**

No person or organization has a right under this Coverage Part:

**a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

**b.** To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

Copyright, Insurance Services Office, Inc., 1992

COMMERCIAL GENERAL LIABILITY
CG 01 63 01 96

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# NEW YORK CHANGES
# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Paragraph **1.a.** of COVERAGE A - BODILY IN-JURY AND PROPERTY DAMAGE LIABILITY (Section I - Coverages) is replaced by the following:

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as dam-ages because of "bodily injury" or "prop-erty damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insur-ance does not apply. We may, at our dis-cretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        **(1)** The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (Section III); and

        **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judg-ments or settlements under Coverages A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUP-PLEMENTARY PAYMENTS - COVERAGES A AND B.

B. Paragraph **1.a.** of COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY (Section I - Coverages) is replaced by the following:

    **1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as dam-ages because of "personal injury" or "ad-vertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal in-jury" or "advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:

        **(1)** The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (Section III); and

        **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judg-ments or settlements under Coverages A and B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUP-PLEMENTARY PAYMENTS - COVERAGES A AND B.

C. The following is added as paragraph **e.** to the DUTIES IN THE EVENT OF OCCURRENCE, OF-FENSE, CLAIM OR SUIT Condition (Paragraph **2.** of Section IV - Commercial General Liability Conditions):

    **2. Duties in the Event of Occurrence, Offense, Claim or Suit**

    **e.** Notice given by or on behalf of the in-sured, or written notice by or on behalf of the injured person or any other claimant, to any agent of ours in New York State, with particulars sufficient to identify the insured shall be considered to be notice.

D. The definition of "loading or unloading" in the DEFINITIONS Section does not apply.

NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINI-MUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

Policy Change
Number   1

GU 269
(11-85)

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

### IL 12 01 11 85
### POLICY CHANGES

| POLICY NO.<br>BCG 004116 | POLICY CHANGES EFFECTIVE<br>04/01/99-00 | COMPANY<br>CUIC |
|---|---|---|
| NAMED INSURED<br>TRATAROS CONSTRUCTION COMPANY, INC. | | AUTHORIZED REPRESENTATIVE |
| COVERAGE PARTS AFFECTED<br>COMMERCIAL GENERAL LIABILITY | | |

### NAMED INSURED ENDORSEMENT

Item 1.  Named Insured is amended to read as follows:

**Trataros Construction, Inc.**
**Spiro Construction, Inc.**
**Trataros S.E.**
**Odel Construction Corp.**

All other terms and conditions remain unchanged.

*NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.*

Page 1 of 1

Authorized Representative Signature



## CERTIFICATE OF SERVICE

I hereby certify that a copy of Affidavit Of Keith A. Younger In Support Of The Motion To Dismiss All Claims Against Fourth-Party Defendant Allied World Assurance Company (U.S.) Inc. F/K/A/ Commercial Underwriters Insurance Company was served on July 25, 2005 by regular mail upon:

Guido Weber, Esq.
Dreifuss Bonacci & Parker, LLP
26 Columbia Turnpike, North Entrance
Florham Park, New Jersey 07932
*Attorneys for Fourth-Party Plaintiffs, Trataros Construction, Inc. and*
*Travelers Casualty and Surety Company*

Timothy B. Froessel, Esq.
Holland & Knight, LLP
195 Broadway
New York, New York 10007
*Attorneys for Defendant, Dormitory Authority of the State of New York*

Gary L. Rubin, Esq.
Mazur, Carp & Rubin, P.C.
1250 Broadway, 38th Floor
New York, New York 10001
*Attorneys for Defendant TDX Construction Corp.*

David Abramovitz, Esq.
Zetlin & DeChaira LLP
801 Second Avenue
New York, New York 10017
*Attorneys for Defendant/Third-Party Plaintiff Kohn, Pederson, Fox & Associates, P.C.*

Richard P. Dyer, Esq.
Thelen Reid & Priest LLP
875 Third Avenue
New York, New York 10022
*Attorneys for Third-Party Defendant LBL Skysystems (U.S.A.), Inc.*

1

Robert Mark Wasko, Esq.
Torre Lentz Gamell Gary & Rittmaster LLP
100 Jericho Quadrangle, Suite 309
Jericho, New York 11753-2702
*Attorneys for Fourth-Party Defendants G.M. Crocetti, Inc. and Carolina Casualty Insurance Company*

Jeremy Platek, Esq.
O'Connor, Redd, Gollihue & Sklarin, LLP
200 Mamaroneck Avenue
White Plains, New York 10601
*Attorneys for Fourth-Party Defendant Bartec Industries Inc.*

Thomas M. DeSimone, Esq.
Goldberg Segalla, LLP
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
*Attorneys for Fourth-Party Defendant Dayton Superior Specialty Chemical Corp.*

Steven A. Coploff, Esq.
Steinberg & Cavaliere, LLP
50 Main Street, Suite 901
White Plains, New York 10606
          and
George J. Manos, Esq.
David N. Larson, Esq.
Bollinger, Ruberry & Garvey
500 West Madison, Suite 2300
Chicago, IL 60661
*Attorneys for Fourth-Party Defendant American Motorist Insurance Company, improperly sued herein as Kemper Casualty Insurance Company d/b/a Kemper Insurance Company*

Christian H. Gannon, Esq.
Segal McCambridge Singer & Mahoney, Ltd.
805 Third Avenue, 19th Floor
New York, New York 10022
*Attorneys for Fourth-Party Defendant Specialty Construction Brands, Inc. t/a TEC*

Jeffrey M. Kadish, Esq.
Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski
651 West Mt. Pleasant Avenue
Livingston, NJ 07039
*Attorneys for Fourth-Party Defendant Ohio Casualty Insurance Company*

2

Donald G. Sweetman, Esq.
Gennet, Kallmann, Antin & Robinson, P.C.
6 Campus Drive
Parsippany, NJ 07054
*Attorneys for Fourth-Party Defendant Great American Insurance Company*

Terence J. O'Connor, Esq.
O'Connor & Golder
24 North Washington
Port Washington, NY 11050
*Attorney for Third-Party Defendant Jordan Panel Systems Corp.*

Ann Odelson, Esq.
Carroll, McNulty & Kull
270 Madison Avenue
New York, NY 10016
*Attorney for Fourth-Party Defendant United States Fire Insurance Company*

S. Dwight Stephens, Esq.
Melito & Adolfsen, P.C.
233 Broadway
New York, NY 10279
*Attorneys for Fourth-Party Defendant Zurich American Insurance Company*

Marc S. Krieg, Esq.
Krieg Associates, P.C.
5 Heather Court
Dix Hills, NY 11746
*Attorneys for Third-Party Defendants Counsilman/Hunsaker & Associates Engineering, PLLC and
Entek Engineering, PLLC*

Christopher A. Albanese, Esq.
Milber Makris Plousadis & Seiden, LLP
3 Barker Avenue, 6th Floor
White Plains, NY 10601
*Attorneys for Third-Party Defendant Vollmer Associates, LLP*

Marie Ann Hoenings, Esq.
L'Abbate, Balkan, Colavita & Contini, LLP
1050 Franklin Avenue
Garden City, NY 11530
*Attorneys for Third-Party Defendant Cosentini Associates, Inc.*

3

Henry J. Cernitz, Esq.
Jacobson & Schwartz
510 Merrick Road
P. O. Box 46
Rockville Centre, NY 11571
*Attorneys for Fourth-Party Defendant Harleysville Insurance Company*

Martin Paul Lavelle, Esq.
Law Offices of Martin Paul Lavelle
110 William Street
New York, NY 10038
*Attorneys for Attorneys for Fourth-Party Defendant National Union Fire Insurance Company of Pittsburgh, PA*

Cheryl L. Davis, Esq.
Menaker & Herrmann LLP
10 East 40th Street
New York, NY 10016
*Attorneys for Third-Party Defendant Shen Milsom & Wilke*

Stephen P. Schreckinger, Esq.
Gogick, Byrne & O'Neill, LLP
11 Broadway, Suite 1560
New York, NY 10004-1314
*Attorneys for Third-Party Defendants Weidlinger Associates Consulting Engineers, P.C. and Arquitectonica New York, P.C.*

Diana E. Goldberg (DG-3283)
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, NY  10004-1486

4