# EXHIBIT 9



**NAS INSURANCE GROUP**

| | |
|---|---|
| North American Specialty Insurance Company<br>Culver City, CA 90230 | The Glen at Corporate Pointe • 200 Corporate Pointe, Suite 300 • |
| North American Capacity Insurance Company | Phone: 310-665-9242 • Toll Free: 888-522-5677 • Claims: 888-522-LOSS (5677) • |
| North American Elite Insurance Company | Facsimile: 310-670-3357 |

Direct Telephone Number: (310) 665-2888
Email: Keith_Younger@NASINS.com

July 29, 2005

VIA CERTIFIED MAIL/
RETURN RECEIPT REQUESTED
AND REGULAR MAIL

Trataros Construction Co., Inc.
664 64th Street
Brooklyn, New York 11220

Guido Weber, Esq.
Dreifuss Bonacci & Parker, LLP
26 Columbia Turnpike, North Entrance
Florham Park, New Jersey 07932

  Re: Claim No.: 27986
     Insured: Trataros Construction, Inc.
     Claimant: Trataros Construction, Inc.
     Date of Loss: 4/1/99 (arbitrary date)
     Case Caption: <u>Trataros Construction, et al.v. G.M. Crocetti, et al.</u>
     Policy No.: BCG 004116

### RESERVATION OF RIGHTS AND DECLINATION

Dear Sirs and Mesdames:

  The purpose of this letter is to provide you with the carrier's coverage position in connection with the above on behalf of Commercial Underwriters Insurance Co. The above matter involves a lawsuit filed by Trataros Construction, Inc. ("Trataros") who is a named insured (by endorsement) under Commercial Underwriters Insurance Company ("CUIC") commercial general liability policy BCG 004116 (the "CUIC Policy"). North American Specialty Insurance Company ("NAS") is the claim administrator for CUIC and administers claims on behalf of CUIC and Allied World Assurance Company when improperly sued and served for claims involving CUIC insurance policies.

  The above action has its roots in a third-party action against Trataros. In its complaint, the third-party plaintiff, Dormitory Authority of the State of New York ("DASNY") is seeking to recover from Trataros, and Travelers Casualty and Surety Company ("Travelers") as surety, for damages allegedly resulting from delays and defective workmanship on the part of Trataros in connection with an epoxy terrazzo installation at Baruch College Complex in New York City (the "Baruch College job"). The Third-Party Complaint seeks indemnification and contribution from Trataros for claims made by Travelers against DASNY, as well as damages from Trataros for breach of contract and for the alleged delays and construction defects. The

27986 Trataros Construction Coverage Letter

Third-Party Complaint also contains a separate cause of action against Travelers for failure to perform under the performance and payment bonds at issue.

Trataros, in addition to responding to the Third-Party Complaint, filed its own complaint against a number of insurers, including Allied World (CUIC), as well as the subcontractors Trataros hired for the Baruch College job. Trataros did not submit a claim to the carrier nor did it tender to the carrier for defense of the actions against Trataros.

The initial complaint in this matter was filed by Travelers against DASNY for alleged nonpayment under the contract between DASNY and Trataros. In addition, Travelers sued TDX Construction ("TDX") who was the construction manager on the Baruch College job, and Kohn, Pederson, Fox & Associates, P.C. ("KPF") who was the architect for the project, for alleged negligence. KPF in turn filed a separate complaint against a number of other defendants. Many of the defendants in each of the above respective actions have counterclaimed, and have launched cross-claims against each other.

The CUIC Policy was effective from April 1, 1999 to April 1, 2000. The limit of liability is $1,000,000 per occurrence and $2,000,000 in the aggregate per project (by endorsement) (other than products-completed operations for which the aggregate limit is $1,000,000). A $2,500 deductible applies per occurrence.[1]

The insuring agreement of the CUIC Policy provides that the Company will pay "those sums that the insured becomes legally obligated to pay as damages" because of "bodily injury" or "property damage" caused by an "occurrence" that takes place within the "coverage territory" during the policy period. "Property damage" is defined as "Physical injury to tangible property, including all resulting loss of use of that property," and "[l]oss of use of property that is not physically injured." The term "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." To the extent that the allegations against Trataros fall outside the scope of the insuring agreement, including, for example, seeking delay damages and damages for breach of contract, **coverage for all claims related to such allegations is hereby declined**.

Section IV.4.b.(1) of the CUIC Policy provides that the CUIC Policy is excess to any other insurance "That is Fire, Extended Coverage, Builders' Risk, Installation Risk or similar coverage for 'your work.' ... The Subcontractor's Liability Insurance Endorsement also provides that the CUIC Policy is excess to CGL coverage required to be purchased by the insured's subcontractors. In addition, "Amendatory Endorsement Other Insurance Condition - Excess Insurance" adds that the CUIC Policy is excess over "valid and collectible insurance" available to Trataros under an OCIP policy or "as an additional insured under a policy issued to a contractor or subcontractor working directly or indirectly for you."

Trataros is a named insured under the CUIC Policy. The CUIC Policy also contains an additional insured endorsement adding insureds "as required by written contract." To date, we have received no evidence of involvement of any additional insureds.

The CUIC Policy also contains a Waiver of Transfer of Rights of Recovery Against Others to Us which may prohibit certain counterclaims and cross-claims in the above-referenced action. Without having

---

[1] The application of the deductible is subject to the terms of the Aggregated Deductible Endorsement.

2

27986 Trataros Construction Coverage Letter

reviewed the terms of any relevant contracts entered into by Trataros, however, we can not yet determine the effect here of the waiver provision.

Section IV of the CUIC Policy sets forth the various conditions of the CUIC Policy. Sub-part 2, relating to an insured's duties in the event of an occurrence, offense, claim, or suit provides, in pertinent part:

2. Duties In The Event Of Occurrence, Offense, Claim Or Suit

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.

\*\*\*

b. If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent.

e. Notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any agent of ours in New York State, with particulars sufficient to identify the insured shall be considered to be notice to us. [This provision is added to subpart 2 by the New York State changes to the CGL form.]

3

27986 Trataros Construction Coverage Letter

> The CUIC Policy further provides at Form IL 12 01 11 85:
>
> NOTICE OF OCCURRENCE
>
> In the event of an occurrence, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances of the event and the names and addresses of the Insured and of available witnesses, shall be given by You or for You to Us or any of Our authorized agents as soon as practical after notice is received by You.
>
> KNOWLEDGE OF OCCURRENCE
>
> Knowledge of an Occurrence falling within the coverage provided by this policy by Your agent, servant or employee shall not in itself constitute knowledge by You unless the Corporate Risk Manager of Your corporation shall have received notice of such Occurrence from its agent, servant or employee.

In the present case, it appears that Trataros was served with the Third-Party Complaint naming it as a third-party defendant in June 2004, over seven months prior to the date of service of the Amended Fourth-Party Complaint. No claim or notice ever was provided regarding a claim under the Policy.

In view of the above, Trataros cannot enforce any rights under the CUIC Policy for the above claim. Although there has not been an actual claim made in accordance with Policy terms, this letter is to inform you that **coverage for all claims related to the allegations described above is hereby declined based on absent and or late notice.**

In addition to the above, the CUIC Policy excludes: **Expected or Intended Injury, Contractual Liability, Damage to Property, Damage to "Your Work," Damage to Impaired Property,** and **Property Not Physically Injured.** Because we have not been provided with sufficient information regarding the above allegations, at this time we are unable to determine the application of these exclusions. However, the carrier reserves its right to decline coverage for claims related to the above allegations upon receipt of information indicating declination is warranted.

Furthermore, Section IV of the CUIC Policy states:

**3. Legal Action Against Us**

No person or organization has a right under this Coverage Part:

**a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

**b.** To sue us on the Coverage Part unless all of its terms have been fully complied with.

In view of the above provision, any action by Trataros seeking insurance proceeds under the Policy is prohibited.

4

27986 Trataros Construction Coverage Letter

Please be advised that in the event Trataros's claim is not barred as discussed above, the carrier may nevertheless seek contribution from other carriers, and would likely only provide excess coverage to that provided by other carriers pursuant to the CUIC Policy's "other insurance" provision. The Subcontractor's Liability Insurance Endorsement requires all subcontractors to maintain CGL coverage and to include Trataros as an additional insured on those policies. Because we have not seen the relevant subcontracts and certificates of insurance, at this time we are unable to determine the application of the other insurance provision.

In addition to the foregoing, other conditions or exclusions in the CUIC Policy also may apply to bar coverage. Due to uncertainties such as those discussed above, the carrier must reserve all of its rights under the terms, conditions, and provisions of the Policy, including the right to decline coverage based on those additional terms, conditions and provisions. No actions heretofore or hereafter taken by or on behalf of the carrier in connection with the above shall constitute an admission of liability or an admission of coverage under the Policy, nor be deemed a waiver of any right to disclaim liability or coverage under the Policy for any reason. Additionally, the foregoing in no way restricts or limits the carrier from relying upon and asserting additional facts or grounds that are, or may become, available to the carrier.

Sincerely,

Keith A. Younger
Senior Claim Examiner
NAS for CUIC


CC:   Diana E. Goldberg, Esq.
      Mound Cotton Wollan & Greengrass
      One Battery Park Plaza
      New York, New York 10004