UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,

           Plaintiff,

vs.

DORMITORY AUTHORITY - STATE OF NEW YORK, et al.,

           Defendants.

Case No. 07-CV-6915 (DLC)

ECF Case

---

DORMITORY AUTHORITY OF THE STATE OF NEW YORK, et. al.,
           Third-Party Plaintiffs,

vs.

TRATAROS CONSTRUCTION, INC.,

           Third-Party Defendant.

---

TRATAROS CONSTRUCTION, INC., et al.,

           Fourth-Party Plaintiffs,

vs.

CAROLINA CASUALTY INSURANCE COMPANY, et. al.,

           Fourth-Party Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT
OF ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

           MOUND COTTON WOLLAN & GREENGRASS
           One Battery Park Plaza
           New York, NY 10004-1486
           Tel.: (212) 804-4200
           Attorneys for Fourth-Party Defendant Allied World Assurance Company (U.S.) Inc.

Defendant Allied World Assurance Company (U.S.) Inc. (improperly sued herein as Allied World Assurance Company (U.S.) Inc. f/k/a Commercial Underwriters Insurance Company) ("Allied World") respectfully submits this memorandum and the accompanying Declaration of Diana E. Goldberg and attached exhibits (each described herein as "Exhibit __"), including the Affidavit of Alfred Bodi (the "Bodi Aff."), in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Fourth-Party Complaint (the "2007 4-P Complaint") and for legal fees and costs.[1]

## I.    PRELIMINARY STATEMENT

This matter involves a lawsuit filed by Trataros Construction, Inc. ("Trataros") and Travelers Casualty and Surety Company ("Travelers") (collectively, the "Fourth-Party Plaintiffs") against multiple defendants, including Allied World. Trataros is a named insured (by endorsement) under Commercial Underwriters Insurance Company ("CUIC") commercial general liability policy BCG 004116 (the "CUIC Policy").[2]

Previously, when Trataros and Travelers brought a similar lawsuit (the "2005 Proceedings") against Allied World seeking coverage under the CUIC Policy, Fourth-Party Plaintiffs and their counsel were informed that North American Specialty Insurance Company ("NAS"), not Allied World, administrates claims under the CUIC Policy. Nevertheless, the Fourth-Party Plaintiffs refused to drop their previous allegations against Allied World even though Allied World and NAS are separate, unrelated entities.

---

[1] A copy of the 2007 4-P Complaint is annexed, along with a copy of the Summons, as Exhibit 1.
[2] A copy of the CUIC Policy issued to Trataros is attached as part of Exhibit 2, the Initial Disclosures filed on behalf of Allied World in a previous lawsuit against it by the Fourth-Party Plaintiffs.

1

Now the Fourth-Party Plaintiffs once again are suing Allied World seeking coverage under the same CUIC Policy that they already have been told is not reportable to Allied World. Given that Travelers and Trataros, and their counsel, have for years ignored the fact that they have sued the wrong party, we beg the Court to stop the madness by stepping in and dismissing the claims against Allied World with prejudice.

## II. FACTS

### A. Procedural Background

In an action previously pending before this Court (Baer, J.), the Fourth-Party Plaintiffs filed an Amended Fourth-Party Summons and an Amended Fourth-Party Complaint and Cross-Claim, dated February 17, 2005, setting forth allegations against Allied World relating to coverage under the CUIC Policy. See Exhibit 3 (2005 Amended 4-P Summons and Complaint). A review of the record at that time revealed that the matter related to claims by the Dormitory Authority of the State of New York ("DASNY") against Trataros and Travelers (as surety), for damages allegedly resulting from delays and defective workmanship on the part of Trataros in connection with an epoxy terrazzo installation at Baruch College Academic Complex in New York City (the "Baruch College job").[3]

Travelers already had commenced an action against DASNY relating to nonpayment under a contract between DASNY and Trataros for the Baruch College job. In addition, Travelers sued TDX Construction ("TDX") who was the construction manager on the Baruch College job, and Kohn, Pederson, Fox & Associates, P.C. ("KPF") who was the architect for the project, for alleged negligence. See Exhibit 4 (Initial Complaint in the 2005 Proceedings).

---

[3] Other aspects of the Baruch College job are the subject of litigation, but apparently only the damages allegedly associated with the terrazzo flooring (the "terrazzo issues") form the basis of the allegations relating to coverage under the CUIC Policy.

2

DASNY responded with its own claims against Trataros (by way of a third-party complaint (Exhibit 5)) for indemnification and contribution on the Travelers claims, and for breach of contract in the form of alleged delays and construction defects.[4] In turn, Trataros brought its own claims against multiple subcontractors, including those who worked on the terrazzo installation. Trataros also included as fourth-party defendants a number of insurance carriers, including Allied World -- which it incorrectly identified as successor to CUIC as its primary liability insurer -- and other carriers who allegedly issued policies that may provide coverage to Trataros or to subcontractors for the Baruch College job. See Exhibit 3 (2005 Amended 4-P Summons and Complaint).

The 2005 proceedings were discontinued -- after multiple court conferences -- in favor of mediation, according to the court-ordered terms binding all parties to a Mediation and Tolling Agreement.[5] When settlement negotiations following mediation proved fruitless, and the action was re-filed pursuant to the tolling agreement, once again, Allied World was named as a fourth-party defendant with respect to the terrazzo issues. See Exhibit 1 (2007 4-P Complaint).

The 2007 4-P Complaint served in the current litigation is largely aimed at the same subcontractors and insurance carriers as those named in the previous litigation, with the exception of G.M. Crocetti, which apparently has since filed for bankruptcy. The 2007 4-P Complaint includes counts alleged against (1) Trataros's subcontractors (including Bartec, Specialty Construction Brands (TEC), Dayton Superior, and assorted John Does/XYZ Corps.) for indemnification, contribution, breach of contract and subcontract, and professional and simple negligence, (2) Carolina Casualty (the surety for G.M. Crocetti) relating to a performance bond, and (3) various insurers, including Allied World:

---

[4] DASNY alleged a separate cause of action against Travelers in the third-party complaint for

> [F]or a declaration of the carriers' duties to defend and/or indemnify Trataros and/or Travelers under the applicable policies, together with judgment granting indemnification, contribution, exoneration and/or compensatory damages for all damages to the full extent of coverage under any and all applicable policies, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable.

See Exhibit 1 (2007 4-P Complaint).

The 2007 4-P Complaint alleges, as to Allied World:

> 135. Upon information and belief, Kemper, Great American, National Union, US Fire, Allied World, Zurich, Ohio Casualty, Harleysville, and/or XYZ Corps. 1-20 (hereinafter, collectively, the "carriers") issued certain insurance policy/ies on behalf of (and/or at the request of) Trataros, Crocetti and/or Bartec, and/or under the terms of which Trataros, Crocetti, Bartec and/or DASNY qualify as "insured(s)" and/or "additional insured(s)."
>
> 140. Upon information and belief, US Fire, Allied World, National Union, Great American, Zurich and/or XYZ Corps. 1-20 issued, without limitation, certain insurance policy/ies to Trataros and/or at Trataros' request (hereinafter, the "Trataros Policies").
>
> 146. If and to the extent that any one or all of the insurance policies written by the carriers cover part or all of the referenced damages, those carriers shall be jointly and severally liable to reimburse, indemnify, and/or exonerate Trataros and/or Travelers for the covered damages either because Trataros qualifies as an "insured" and/or "additional insured", or because Travelers shall acquire by equitable subrogation or legal assignment the right of Trataros, Bartec and/or DASNY to make a claim against the insurance policies.
>
> 147. If and to the extent that any one or all of the insurance policies written by the carriers cover part or all of the alleged damages, those carriers shall be subject to a duty to defend and/or indemnify Travelers and/or Trataros in connection with the within action, either because Trataros qualifies as an "insured" and/or "additional insured" , or because Travelers shall acquire by equitable subrogation or legal assignment the right of Trataros, Bartec and/or DASNY to make a claim against the insurance policies.

Id.

---

failure to perform under the performance and payment bonds at issue.
[5] Due to confidentiality issues, this filing will not address any aspects of the mediation process.

### B. Allied World Is Not A Successor To The CUIC Policy

Allied World is not a successor in interest on any policy at issue in this litigation. See Affidavit of Alfred Bodi, dated January 9, 2008, annexed as Exhibit 6 to the Goldberg Declaration. Indeed, Allied World has no interest in any policy, loss or payment related to the claims made against it in this litigation. Id.

During the course of the 2005 Proceedings described above, counsel for Travelers and Trataros received the following information calling attention to the fact that someone had apparently incorrectly assumed that Allied World is the corporate successor on the CUIC Policy.

    1)     An Answer filed on behalf of Allied World in the 2005 Proceedings stated:

> The claims asserted in the Complaint are barred, in whole or in part, because Defendant Allied World has no duties to Plaintiffs under the CUIC policy, Allied World having assumed no responsibility for claims under the CUIC policy.

See Exhibit 7 (2005 Answer).

    2)     Subsequently, Allied World's Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) filed in the 2005 Proceedings referred the parties to:

> [c]laims personnel of North American Specialty Insurance Company, which is the claim administrator for Commercial Underwriters Insurance Company, as the only individuals associated with CUIC to have knowledge of facts relating to coverage. The disclosures also stated "Other than the policy attached hereto as Exhibit A, and portions of underwriting files located at NAS Insurance Group, 650 Elm Street, Manchester, New Hampshire 03101-2524, there are no documents, data compilations, or tangible things in Allied World's possession, custody or control that Allied World may use to support its claims or defenses, unless solely for impeachment.

Exhibit 2 (2005 Initial Disclosures).

    3)     Correspondence directly from NAS alerted the Fourth-Party Plaintiffs that coverage for the terrazzo issues would be declined based, in part, on the utter failure of any party to provide notice of a claim, and informed the insured that its lawsuit against Allied World was

5

misdirected. See Exhibit 9 (Letter dated July 29, 2005 from Keith Younger to Trataros and its counsel). See also Affidavit of Keith Younger, dated July 20, 2005 annexed as Exhibit 8.

Despite receiving the above notifications, the Fourth-Party Plaintiffs inexplicably have persisted in suing Allied World for coverage under the CUIC Policy.

### III.    ARGUMENT

#### A.    The 2007 4-P Complaint Fails To State A Claim Against Allied World

On a motion to dismiss pursuant to Rule 12(b)(6) (failure to state a claim), the court must accept as true the pleaded facts and consider those facts in the light most favorable to the plaintiff. See, e.g., Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by, Davis v. Scherer, 468 U.S. 183 (1984); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005); In re AES Corp. Securities Litig., 825 F. Supp. 578, 583 (S.D.N.Y. 1993). But, dismissal is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Walker v. City of New York, 974 F.2d 293, 298 (2d Cir. 1992), cert. denied by 507 U.S. 961, and by 507 U.S. 972 (1993) (citation omitted). In determining the adequacy of a claim under the rule governing dismissals for failure to state a claim, consideration is limited to facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken. See Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 43 (2d Cir. 1991) (citation omitted). Furthermore, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[1][b] (3d ed.1997). See also Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1088 (2d Cir. 1995).

Allied World, improperly sued herein as "Allied World Assurance Company (U.S.) Inc. f/k/a Commercial Underwriters Insurance Company," is a named defendant in the newly-filed

action. Although the 2007 4-P Complaint alleges "Upon information and belief, US Fire, Allied World, National Union, Great American, Zurich and/or XYZ Corps. 1-20 issued, without limitation, certain insurance policy/ies to Trataros and/or at Trataros' request (hereinafter, the "Trataros Policies")," the CUIC Policy that is the basis of the allegations asserted against Allied World was not issued by Allied World. Nor are any facts alleged that serve as a basis for filing an action against Allied World to recover under the CUIC Policy. So, despite the way the caption is drafted, there are no facts alleged that would support a finding that any cause of action lies against Allied World.

Nor could the Fourth-Party Plaintiffs ever amend their pleading to state a valid cause of action against Allied World. As the Fourth-Party Plaintiffs have been informed on multiple occasions, Allied World never assumed any obligations under the CUIC Policy. See Exhibits 2, 6, 7, 8 and 9. Indeed, prior to the acquisition in 2002 of Allied World Assurance Company (U.S.) Inc., then known as Commercial Underwriters Insurance Company, by Allied World Assurance Holdings, Ltd. (not a party in this case), all rights, obligations and liabilities on the category of CUIC policies that includes the CUIC Policy at issue in this litigation were transferred to NAS. See Exhibit 6.[6] Therefore, the Fourth-Party Plaintiffs are mistaken in their assumption, without any legal or factual basis, that Allied World is CUIC's successor-in-interest

---

[6] In past (informal) discussions, the Fourth-Party Plaintiffs have contested the existence of documentary evidence establishing that no Allied World entity purchased any obligations under the CUIC Policy. For reasons unrelated to this litigation, such documentation is highly confidential, proprietary and sensitive. If the Court believes it to be necessary -- despite the submission herein of sworn affidavits (Exhibits 6 and 8) of Mr. Bodi and Mr. Younger who are both persons with knowledge of the details regarding the Allied World transaction, and despite the absence of any facts alleged in the Complaint to support a claim against Allied World on the policy at issue -- as a last resort we can provide portions of documents reflecting the absence of a relationship between Allied World and the CUIC Policy for filing under seal and/or in camera review.

with respect to the CUIC Policy. In other words, claims against Allied World for coverage under the CUIC Policy have no basis in fact or law.

As there is no valid legal theory under which the Fourth-Party Defendants could establish an obligation on the part of Allied World under the CUIC Policy, the allegations against Allied World are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) "failure to state a claim upon which relief can be granted."

### B.   There Is No Basis For A Declaratory Judgment Against Allied World

A "[d]eclaratory judgment action presents an actual controversy if 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" In re Prudential Lines Inc., 158 F.3d 65, 70 (2d Cir. 1998) (citation omitted). For purpose of availability of declaratory judgment, "[a] real and present controversy is involved when defendants are in a position to place plaintiff's right in jeopardy." Board of Co-op. Educational Services, Sole Supervisory Dist., Nassau County v. Goldin, 38 A.D.2d 267, 272, 328 N.Y.S.2d 958 (A.D. 2 Dept.) (citation omitted), appeal denied by 30 N.Y.2d 486, 286 N.E.2d 926, 335 N.Y.S.2d 1025 (1972). Here, there is no relationship between Allied World and the policy under which the Fourth-Party Plaintiffs are seeking coverage. Hence, there is no real or substantial controversy between parties having adverse legal interests (i.e., a coverage dispute involving Allied World) of sufficient immediacy to warrant the issuance of a declaratory judgment.

"The 'test' that is generally applied to determine whether declaratory relief should be granted is 'whether it is relatively certain that coercive litigation will eventually ensue between the same parties if a declaration is refused.'" Marvel Comics Ltd. v. Defiant, a Div. of Enlightened Entertainment Ltd., 837 F. Supp. 546, 550 (S.D.N.Y. 1993) (citation omitted).

Despite the Fourth-Party Plaintiffs' insistence upon suing Allied World under an insurance policy for which Allied World has no liability, presumably, upon dismissal of this action, no subsequent litigation against Allied World will ensue stemming from the matters alleged herein.

For the reasons discussed above, there would be no point in awarding declaratory relief regarding coverage obligations under the CUIC Policy as between Allied World and the Fourth-Party Plaintiffs. Thus, the action against Allied World is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.    CONCLUSION

The Fourth-Party Plaintiffs are seeking to impose upon Allied World coverage obligations under a policy issued to Trataros by CUIC, without any legal or factual basis for doing so. In the process of defending itself against this misguided effort, Allied World has been compelled to participate in two separate federal court legal actions and a mediation, all of which have involved legal time and expense.

For the reasons set forth above, Allied World respectfully requests that the Court issue an order: (1) dismissing the action against Allied World and all claims herein with prejudice; and (2) requiring the Fourth-Party Plaintiffs to pay the fees and costs associated with defense of both actions and participation in the court-ordered mediation, all of which stem from the Fourth-Party Plaintiffs' refusal to excuse Allied World from those proceedings despite receiving notification that claims under the CUIC Policy, if any, should be directed to a different insurer.

s/ Diana E. Goldberg<br>
Diana E. Goldberg (DG-3283)<br>
E-mail: *dgoldberg@moundcotton.com*

AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     )  ss.:
COUNTY OF NEW YORK   )

Jacob Mendelsohn, being duly sworn, deposes and says:

Deponent is not a party to this action, is over the age of 18 years, and resides in Kings County, New York.

That on the 11th day of January, 2008, deponent served upon all parties the annexed Memorandum of Law in Support of Allied World Assurance Company (U.S.) Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) via the Court's ECF System.

_____
Jacob Mendelsohn

Sworn to before me this
11th day of January, 2008

_____
Notary Public

IRENE SIEGEL
Notary Public State of New York
No. 41-4872330
Qualified in Queens County
Commission Expires October 14, 2010