UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>          Plaintiff<br><br>vs.<br><br>DORMITORY AUTHORITY – STATE OF NEW YORK, et al.,<br><br>          Defendants. | Case No. 07-CV-6915 (DLC)<br>**ECF CASE** |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK AND TDX CONSTRUCTION CORP.,<br><br>          Third-Party Plaintiffs,<br><br>vs.<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>          Third-Party Defendant. | |
| TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>          Fourth-Party Plaintiffs,<br><br>vs.<br><br>CAROLINA CASUALTY INSURANCE COMPANY, et al.,<br><br>         Fourth-Party Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT**

SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.
*Attorneys for Fourth-Party Defendant
Specialty Construction Brands, Inc. t/a TEC*
830 Third Avenue, Suite 400
New York, NY 10022
(212) 651-7500

On the Memorandum:

Christian H. Gannon, Esq.
Robert R. Rigolosi, Esq.

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT .................................................................................. 1

II. SUMMARY OF ARGUMENT .................................................................................. 1

III. STATEMENT OF FACTS AND PROCEDURAL HISTORY........................................... 2

IV. STANDARD OF REVIEW ........................................................................................ 3

V. TRATAROS' PLEADINGS FAIL TO STATE A NEGLIGENCE CLAIM AGAINST TEC ................................................................................................................. 4

VI. TRATAROS' CLAIM OF CONTRIBUTION AGAINST TEC FAILS TO STATE A CLAIM ................................................................................................ 6

VII. TRATAROS' ALLEGATION OF INDEMNIFICATION FAILS TO STATE A CLAIM............................................................................................................. 7

VIII. TRATAROS CANNOT STATE A CLAIM FOR EXONERATION .............................. 8

IX. TRATAROS' ALLEGATION OF BREACH OF WARRANTY FAILS TO STATE A CLAIM ................................................................................................ 9

X. TRATAROS' ALLEGATION OF BREACH OF CONTRACT FAILS TO STATE A CLAIM ............................................................................................... 10

XI. CONCLUSION...................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*532 Madison Avenue Gourmet Foods v. Finlandia Center, Inc.*,
   96 N.Y.2d 280, 750 N.E.2d 1097, 727 N.Y.S. 2d 49 (2001) .............................................. 4

*7 World Trade Company v. Westinghouse Electric Corp.*,
   256 A.D.2d 263, 682 N.Y.S.2d 385 (1 Dept. 1998) ......................................................... 6

*Abish v. Northwestern National Insurance Company of Milwaukee*,
   924 F.2d 448 (2 Cir. 1991) ................................................................................................ 8

*AKV Auto Transport, Inc. v. Syosset Truck Sales, Inc.*,
   24 A.D.3d 833, 806 N.Y.S.2d 254 (3 Dept. 2005) ........................................................... 6

*American Ref-Fuel Company of Niagara, LP v. Gensimore Trucking, Inc.*,
   2007 WL 2743449 (Sept. 18 2007 W.D.N.Y.) ............................................................... 10

*Amin Realty, LLC v. K & R Construction Corp.*,
   306 A.D.2d 230, 762 N.Y.S.2d 92 (2 Dept. 2003) .......................................................... 6

*Arthur Jaffee Associates v. Bilsco Auto Service, Inc.*,
   58 N.Y.2d 993, 448 N.E.2d 792, 461 N.Y.S.2d 1007 (1983) ..................................... 2, 10

*Board of Education of the Hudson City School District v. Sargent, Webster, Crenshaw & Folley*,
   71 N.Y.2d 21, 517 N.E.2d 1360, 523 N.Y.S.2d 475 (1987) ........................................ 1, 7

*Bocre Leasing Corporation v. General Motors Corporation*,
   84 N.Y.2d 685, 645 N.E.2d 1195, 621 N.Y.S.2d 497 (1995) .......................................... 5

*Conley v. Gibson*,
   355 U.S. 41 78 S.Ct. 99 2 L.Ed.2d 80 (1957) .................................................................. 3

*County of Suffolk v. Long Island Lighting Company*,
   728 F.2d 52 (2d Cir. 1984) ............................................................................................... 4

*Denny v. Ford Motor Company*,
   87 N.Y.2d 248, 662 N.E.2d 730, 639 N.Y.S.2d 250 (1995) ............................................ 9

*Dormitory Authority of the State of New York v. Scott*,
   160 A.D.2d 179, 553 N.Y.S.2d 149, 151 (1 Dept. 1990) ................................................ 7

*East River Steamship Corp. v. Transamerica Delaval, Inc.*,
   476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986) ................................................ 4, 5

*Ellis v. Whippo*,
   262 A.D.2d 1055, 692 N.Y.S.2d 279 (4 Dept. 1999) ...................................................... 6

*Federal Insurance Company v. May Department Stores Company*,
    808 F.Supp. 347 (S.D.N.Y. 1992) ............................................................................ 3

*Geisler v. Petrocelli*,
    616 F.2d 636 (S.D.N.Y. 1980) ................................................................................. 3

*Genesee Valley Club v. Walter Kidde & Company, Inc.*,
    177 A.D.2d 1051, 578 N.Y.S.2d 295 (4 Dept. 1991) ................................................ 7

*Heller v. U.S. Suzuki Motor Corp.*,
    64 N.Y.2d 407, 477 N.E.2d 434, 488 N.Y.S.2d 132 (1985) ..................................... 9

*Hydro Investors, Inc. v. Trafalgar Power Inc.*,
    227 F.3d 8 (2d Cir. 2000) ..................................................................................... 1, 4

*In Re Gas Reclamation, Inc. Securities Litigation*,
    741 F.Supp. 1094, (S.D.N.Y. 1990) .......................................................................... 8

*In Re Rezulin Products Liability Litigation*,
    392 F. Supp.2d 597, 611 (S.D.N.Y. 2005) .............................................................. 10

*Jana v. West 129th Street Realty Corp.*,
    22 A.D.3d 274, 276, 802 N.Y.S.2d 132, 134 (1 Dept. 2005) .................................... 8

*Madeira v. Affordable Housing Foundation, Inc.*,
    469 F.3d 219 (2d Cir. 2006) ............................................................................... 2, 11

*McDermott v. City of New York*,
    50 N.Y.2d 211, 216, 406 N.E.2d 460, 462, 428 N.Y.S.2d 643 (1980) ...................... 7

*McFall v. Compagnie Maritime Beige*,
    304 N.Y. 314 ............................................................................................................. 7

*Newman & Schwartz v. Asplundh Tree Expert Co.*,
    102 F.3d 660 (2d Cir. 1996) ................................................................................... 11

*Ofsowitz v. Georgie Boy Manufacturing, Inc.*,
    231 A.D.2d 858, 647 N.Y.S.2d 887 (4 Dept. 1996) ............................................... 10

*Outrigger Construction Company v. Bank Leumi Trust Company of New York*,
    240 A.D.2d 382, 658 N.Y.S.2d 394 (2 Dept. 1997) ............................................... 10

*Pile Foundation Construction Co. v. Berger, Lehman Associates, P.C.*,
    253 A.D.2d 484, 676 N.Y.S.2d 664 (2 Dept. 1998) ............................................... 11

*Port Chester Electrical Construction Corp. v. Atlas*,
    40 N.Y.2d 652, 357 N.E.2d 983, 389 N.Y.S.2d 327 (1976) ................................... 11

*Rockefeller University v. Tishman Construction Corporation of New York,*
   240 A.D.2d 341, 659 N.Y.S.2d 460, 463 (1 Dept. 1997) ................................................... 7

*Rosado v. Proctor & Schwartz, Inc.,*
   66 N.Y.2d 21, 484 N.E.2d 1354, 494 N.Y.S.2d 851 (1985) ............................................. 8

*Schiavone Construction Company v. Elgood Mayo Corp.,*
   56 N.Y.2d 667, 436 N.E.2d 1322, 451 N.Y.S.2d 720 (1982) ........................................... 4

*Travelers Indemnity Co. v. AMR Services Corp.,*
   921 F. Supp. 176 (S.D.N.Y. 1996) ............................................................................... 2, 8

*Trump International Hotel & Tower v. Carrier Corporation,*
   2007 WL 3120865 (S.D.N.Y. Oct. 23, 2007) ................................................................. 5

*Trustees of Columbia University v. Mitchell/Giurgola Assoc.,*
   492 N.Y.S.2d 371, 109 A.D.2d 449 (1 Dept. 1985) ........................................................ 8

**Statutes**

CPLR §1401 ............................................................................................................................ 6, 7

Fed. R. Civ. P. 12 (B)(6) ................................................................................................. 1, 3, 12

Uniform Commercial Code §2-103(1)(a) ............................................................................... 10

Uniform Commercial Code §2-314 ........................................................................................ 10

Uniform Commercial Code §2-315 .......................................................................................... 9

Uniform Commercial Code §2-318 .......................................................................................... 9

Fourth-Party Defendant Specialty Construction Brands, Inc. t/a TEC ("TEC") respectfully moves for an Order, pursuant to Fed. R. Civ. P. 12 (B)(6) of the Federal Rules of Civil Procedure, dismissing the Complaint of the Fourth-Party Plaintiffs, Trataros Construction, Inc. and Travelers Casualty and Surety Company ("Trataros").

I.   **PRELIMINARY STATEMENT**

A general contractor for a construction project cannot maintain claims against a product manufacturer when the general contractor:

1) Alleges negligence and contribution for economic losses;

2) Does not have privity of contract with the product manufacturer;

3) Does not have an indemnification agreement with the product manufacturer;

4) Was not an intended beneficiary of a contract; and

5) Cannot benefit from any express or implied warranties that attach to the product.

Trataros cannot maintain a cause of action against TEC, and its claims against TEC must be dismissed.

II.   **SUMMARY OF ARGUMENT**

This is an action for economic losses, and Trataros cannot state a claim in negligence against TEC, a product manufacturer. Under the "economic loss rule," Trataros cannot sue TEC under a negligence theory or a products liability theory. *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8 (2d Cir. 2000). Since Trataros cannot state a claim for a tort, it cannot state a claim for contribution, as contribution is only available to joint-tortfeasors. *Board of Education of the Hudson City School District v. Sargent, Webster, Crenshaw & Folley*, 71 N.Y.2d 21, 517 N.E.2d 1360, 523 N.Y.S.2d 475 (1987). Since Trataros and TEC did not execute an indemnification agreement with TEC, it is not entitled to any indemnities. Trataros is also not

entitled to a common law indemnity. *Travelers Indemnity Co. v. AMR Services Corp.*, 921 F. Supp. 176 (S.D.N.Y. 1996). Trataros does not have privity of warranty with TEC and cannot benefit from any TEC warranties. Neither is Trataros entitled to any implied warranties. *Arthur Jaffee Associates v. Bilsco Auto Service, Inc.*, 58 N.Y.2d 993, 448 N.E.2d 792, 461 N.Y.S.2d 1007 (1983). TEC and Trataros did not execute a contract, so Trataros cannot state a claim against TEC for breach of contract. Further, Trataros does not allege that it meets the rigorous requirements of an intended beneficiary of the TEC purchase contract. *Madeira v. Affordable Housing Foundation, Inc.*, 469 F.3d 219 (2d Cir. 2006). For these reasons, Trataros' claims must fail, and its complaint against TEC must be dismissed.

### III. STATEMENT OF FACTS AND PROCEDURAL HISTORY

TEC manufactures epoxy terrazzo flooring systems, with its principal place of business in Palatine, Illinois. On or about August 27, 1998, Trataros was awarded two construction contracts with the Dormitory of the State of New York (DASNY) for construction of the Baruch College Vertical Campus (the Project). TEC was not a party to this contract. Trataros then subcontracted with G.M. Crocetti (Crocetti) and other parties for the installation of the epoxy terrazzo flooring system. TEC was not a party to these contracts. The Fourth-Party Complaint alleges Crocetti used materials manufactured by TEC for the epoxy terrazzo flooring system. (See Fourth-Party Complaint at Exhibit A, ¶¶30 – 43).

On August 1, 2007, Travelers Casualty and Surety Company, as Administrator for Reliance Insurance Company, sued DASNY and other parties associated with the construction of the Project for economic losses. (See Exhibit A at ¶19). On September 28, 2007, DASNY filed a Third-Party action against Trataros for economic losses, alleging, in part, that the epoxy terrazzo flooring system installed at the Project is failing. (See Exhibit A at ¶¶23, 55 – 60).

Trataros then filed a Fourth-Party Complaint against its sub-contractors, their insurers, and TEC, the product manufacturer of the epoxy terrazzo system utilized at the Project. Trataros does not allege that it contracted with TEC for the purchase of TEC materials and products. Rather, Trataros alleges that Crocetti "used materials manufactured and/or supplied by TEC." (See Exhibit A at ¶42).

Trataros' causes of action against TEC are for Negligence, Breach of Contract, Breach of Warranty, Indemnification, Contribution and Exoneration. (See Exhibit A at ¶¶105 – 112). These claims are contingent on DASNY's ability to maintain its causes of action against Trataros. (See Exhibit A at ¶106).

**ARGUMENT**

**IV.    STANDARD OF REVIEW**

Under Fed. R. Civ. P.12 (B)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief may granted" against a defendant. A motion to dismiss assesses the "legal feasibility of the complaint." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (S.D.N.Y. 1980). While the Court must read a complaint "generously," a defendant is entitled to this relief when, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Federal Insurance Company v. May Department Stores Company*, 808 F.Supp. 347, 349 (S.D.N.Y. 1992) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). Trataros' claims against TEC lack the requisite legal feasibility required by a complaint, and accordingly should be dismissed.

V.  **TRATAROS' PLEADINGS FAIL TO STATE A NEGLIGENCE CLAIM AGAINST TEC**

Trataros cannot recover under a negligence theory from TEC, since its claims are for an economic loss, and "[N]ew York law holds that a negligence action seeking recovery for economic loss will not lie." *County of Suffolk v. Long Island Lighting Company*, 728 F.2d 52, 62 (2d Cir. 1984). *See Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8 (2d Cir. 2000).

The law untangling negligence claims from economic loss claims has its origins in *Schiavone Construction Company v. Elgood Mayo Corp.*, 56 N.Y.2d 667, 436 N.E.2d 1322, 451 N.Y.S.2d 720 (1982). In *Schiavone*, the New York Court of Appeals adopted Justice Silverman's appellate division dissent and held that a recovery under strict products liability is not available to a plaintiff when plaintiff has not suffered a personal injury and "the product is not unduly dangerous and all that is claimed is that the equipment did not function properly." *Schiavone*, 81 A.D.2d 221, 229, 439 N.Y.S.2d 933 (1 Dept. 1981). In *Schiavone*, Justice Silverman distinguishes between recovery in strict products liability and contract, observing,

> There is room in the market for goods of varying quality, and if the purchaser buys goods which turn out to be below its expectations, its remedy should be against the person from whom it bought the goods, based upon the contract with that person.
> 81 A.D.2d at 229 (1981).

The *Schiavone* Court implemented the economic loss rule in New York for products that are not inherently dangerous, limiting a purchaser's recovery to contract remedies. *See, 532 Madison Avenue Gourmet Foods v. Finlandia Center, Inc.*, 96 N.Y.2d 280, 288, 750 N.E.2d 1097, 727 N.Y.S. 2d 49 (2001).

The United States Supreme Court adopted the economic loss rule in *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986). The

4

*East River* Court held that product liability-based tort remedies are not available to a plaintiff with economic damages.

> When a product injures only itself the reasons for imposing a tort duty are weak and those for leaving the party to all its contractual remedies are strong . . . the increased cost to the public that would result from holding a manufacturer liable in tort for injury to the product itself is not justified. 476 U.S. at 871.

Thus, under *East River*, plaintiff cannot recover under negligence when a product injures only itself and does not create a personal injury. The epoxy terrazzo flooring at Baruch College has allegedly only "injured" itself – Trataros has not alleged the floor has caused damage to other parts of the building.[1]

In *Bocre Leasing Corporation v. General Motors Corporation*, 84 N.Y.2d 685, 645 N.E.2d 1195, 621 N.Y.S.2d 497 (1995), the New York Court of Appeals held that it would "join the majority of jurisdictions" and recognize the *East River* analysis for all products, whether hazardous or non-hazardous. 84 N.Y.2d 685, 694. The New York Court of Appeals held,

> Tort recovery in strict liability and negligence against a manufacturer should not be available to a downstream purchaser where the claimed losses flow from damage to the property that is the subject of the contract. Transforming manufacturers into insurers, with the empty promise that they can guarantee perpetual and total public safety, by making them liable in tort for all commercial setbacks and adversities is not prudent or sound tort public policy. 84 N.Y.2d at 964.

Trataros' claims stem from damages to the TEC product itself. See Exhibit A at ¶56. Thus, under *East River* and *Bocre*, Trataros cannot recover under negligence theory or products liability theory against TEC.

---

[1] Judge Shira Scheindlin has recently held that a pressure differential flow switch of a chiller is part of the chiller. "A contrary view would result in an over-parsing of most modern mechanical devices and would represent an undue expansion of tort law into an area traditionally reserved for contract and warranty." *Trump International Hotel & Tower v. Carrier Corporation*, 2007 WL 3120865, at *87 (S.D.N.Y. Oct. 23, 2007).

New York courts have applied the economic loss theory in a variety of settings. In *7 World Trade Company v. Westinghouse Electric Corp.*, 256 A.D.2d 263, 682 N.Y.S.2d 385 (1 Dept. 1998), plaintiff, who suffered an economic loss caused by an explosion, could not maintain an action for negligence or strict products liability, "in the absence of allegations of bodily injury or damage to property other than the allegedly defective product." In *Amin Realty, LLC v. K & R Construction Corp.*, 306 A.D.2d 230, 762 N.Y.S.2d 92 (2 Dept. 2003), in a similar fact pattern to TEC's situation, a general contractor could not sue a subcontractor who supplied defective concrete under negligence or strict products liability theories for "economic losses with respect to the removal, re-installation and repair of the first floor of the subject building." *Amin Realty, LLC* 306 A.D.2d at 231, 806 N.Y.S.2d at 93 (2 Dept. 2003). In *AKV Auto Transport, Inc. v. Syosset Truck Sales, Inc.*, 24 A.D.3d 833, 806 N.Y.S.2d 254 (3 Dept. 2005), a truck purchaser could not pursue a negligence claim against a seller and repair service for damages caused by electrical fires. In *Ellis v. Whippo*, 262 A.D.2d 1055, 692 N.Y.S.2d 279 (4 Dept. 1999), purchasers of prefabricated homes could not pursue a negligence claim against the manufacturer of the prefabricated homes since their complaint "alleges only contractual loss." *Ellis*, 262 A.D.2d at 1055, 692 N.Y.S.2d at 279.

Since Trataros only damage is a potential economic loss, and TEC's product is alleged to have damaged only itself, Trataros cannot assert a claim for negligence against TEC.

## VI. TRATAROS' CLAIM OF CONTRIBUTION AGAINST TEC FAILS TO STATE A CLAIM

Contribution has been codified under New York's CPLR §1401 and allows "two or more persons who are subject to liability for damages for the same personal injury, injury to property . . . may claim contribution among them." In *Board of Education of the Hudson City School District v. Sargent, Webster, Crenshaw & Folley*, 71 N.Y.2d 21, 26, 517 N.E.2d 1360, 523

N.Y.2d 475 (1987), the New York Court of Appeals held that "economic loss resulting from a breach of contract does not constitute 'injury to property'" under CPLR §1401. *See, Dormitory Authority of the State of New York v. Scott*, 160 A.D.2d 179, 180, 553 N.Y.S.2d 149, 151 (1 Dept. 1990) ("Economic loss resulting from a breach of contract does not constitute 'injury to property' within CPLR 1401").

Further, "the existence of some form of tort liability is a prerequisite to application of the statute." *Board of Education of the Hudson School District*, 71 N.Y.2d 21 at 28, 517 N.E.2d at 1364 (1987). In *Genesee Valley Club v. Walter Kidde & Company, Inc.*, 177 A.D.2d 1051, 578 N.Y.S.2d 295 (4 Dept. 1991), the Court dismissed co-defendant's contribution claims once the products liability and negligence claims were dismissed. *See, Rockefeller University v. Tishman Construction Corporation of New York*, 240 A.D.2d 341, 343, 659 N.Y.S.2d 460, 463 (1 Dept. 1997) ("in the absence of tort liability, contribution is unavailable").

Since Trataros cannot assert a tort liability against TEC, it cannot claim contribution from TEC.

## VII. TRATAROS' ALLEGATION OF INDEMNIFICATION FAILS TO STATE A CLAIM

The indemnification, which Trataros alleges it is owed by TEC, must take one of two forms – either a contractual indemnification or an implied indemnification. "[T]he right to indemnity . . . springs from a contract, express or implied, and full, not partial reimbursement is sought." *McDermott v. City of New York*, 50 N.Y.2d 211, 216, 406 N.E.2d 460, 462, 428 N.Y.S.2d 643 (1980) (quoting *McFall v. Compagnie Maritime Beige*, 304 N.Y. 314). Since Trataros and TEC did not execute a contract, there can be no contractual indemnification between them.

7

An implied indemnification

> is based on "principals of equity or fairness recognizing that one who was compelled to pay for the wrong of another should be allowed to recover from the actual wrongdoer the damages paid to the injured party."

*Travelers Indemnity Co. v. AMR Services Corp.*, 921 F.Supp. 176, 182 (S.D.N.Y. 1996) (citing *Trustees of Columbia University v. Mitchell/Giurgola Assoc.*, 492 N.Y.S.2d 371, 374, 109 A.D.2d 449 (1 Dept. 1985). The theory of implied indemnity is "frequently employed in favor of one who is vicariously liable for the tort of another." *Rosado v. Proctor & Schwartz, Inc.*, 66 N.Y.2d 21, 24, 484 N.E.2d 1354, 494 N.Y.S.2d 851 (1985). Since Trataros cannot state a claim against TEC under a tort theory of negligence, it cannot seek an implied indemnification from TEC.

## VIII. TRATAROS CANNOT STATE A CLAIM FOR EXONERATION

Trataros cannot state a claim for exoneration against TEC, and the claim must be dismissed. If by "exoneration" Trataros intends to plead a type of indemnification, then the indemnification analysis must apply, and the exoneration claim must be dismissed. *See, Jana v. West 129th Street Realty Corp.*, 22 A.D.3d 274, 276, 802 N.Y.S.2d 132, 134 (1 Dept. 2005). An equitable claim of exoneration occurs when a surety seeks to "compel its principal to pay his or her debt and thereby discharge the surety's obligation under its bond." *Abish v. Northwestern National Insurance Company of Milwaukee*, 924 F.2d 448 (2 Cir. 1991). *See also, In Re Gas Reclamation, Inc. Securities Litigation*, 741 F.Supp. 1094, 1105 (S.D.N.Y. 1990). Trataros is not a surety for TEC and cannot compel TEC to discharge any obligations. Accordingly, this claim must be dismissed.

8

## IX. TRATAROS' ALLEGATION OF BREACH OF WARRANTY FAILS TO STATE A CLAIM

There are two types of warranty actions – a breach of an express warranty and a breach of an implied warranty. Trataros cannot claim that TEC breached an express warranty, since Trataros did not purchase materials from TEC and TEC did not give Trataros a warranty for its materials.

Under the New York UCC, products put into the stream of commerce have two implied warranties – a warranty of merchantability and a warranty of fitness. Under §2-318 of New York's Uniform Commercial Code, "A sellers' warranty, whether express or implied extends to any natural person . . . who is injured in person by breach of the warranty." Privity between buyer and seller is not required for these implied warranties if the product created a personal injury. *Heller v. U.S. Suzuki Motor Corp.*, 64 N.Y.2d 407, 410, 477 N.E.2d 434, 488 N.Y.S.2d 132 (1985) ("Actions to recover for personal injuries based upon implied warranty originally developed in an effort to impose strict liability on manufacturers for defects . . . in their products"). While the Court in *Denny v. Ford Motor Company,* 87 N.Y.2d 248, 662 N.E.2d 730, 639 N.Y.S.2d 250 (1995) allowed a personal injury plaintiff to pursue a products liability claim and a breach of implied warranty claim, its rationale was to "construe and apply this separate remedy [breach of warranty] in a manner that remains consistent with its current roots in contract law." 87 N.Y.2d at 259, 662 N.E.2d at 736 (1995). UCC §2-318, *Heller, Denny* and their progeny only allow relief when a natural person has sustained a personal injury. Trataros cannot state a claim against TEC for breach of an implied warranty under UCC §2-318 since it is not a "natural person" injured "in person" by TEC.

Neither can Trataros allege it can recover from TEC under UCC §2-315, "Implied Warranty: Fitness for Particular Purpose." Under UCC §2-315,

9

> Where the **seller** at the time of contracting has reason to know any particular purpose for which the goods are required and that the **buyer** is relying on the seller's skill or judgment to select or furnish suitable goods, there is . . . an implied warranty that the goods will be fit for such a purpose. (*Emphasis added*).

This implied warranty flows to the buyer of goods. In UCC §2-103(1)(a), a buyer is defined as "a person who buys or contracts to buy goods." Trataros was not the buyer of TEC goods; thus, any implied warranty flowing to the buyer of goods would not flow to Trataros. *See, In Re Rezulin Products Liability Litigation*, 392 F. Supp.2d 597, 609-611 (S.D.N.Y. 2005) (Health benefits providers, who contracted with pharmacy benefit managers for purchase of pharmaceutical did not have "ownership" of pharmaceutical and are not considered "buyers" under UCC) *See also, Ofsowitz v. Georgie Boy Manufacturing, Inc.*, 231 A.D.2d 858, 647 N.Y.S.2d 887 (4 Dept. 1996).

Since Trataros does not have privity with TEC and is not a personal injury plaintiff, it cannot avail itself of UCC §2-314, the implied warranty of merchantability. *American Ref-Fuel Company of Niagara, LP v. Gensimore Trucking, Inc.*, 2007 WL 2743449 at *4 (Sept. 18 2007 W.D.N.Y.) (Privity of contract required to recover for economic loss under warranty of merchantability). *See also, Arthur Jaffe Associates v. Bilsco Auto Service, Inc.*, 58 N.Y.2d 993, 448 N.E.2d 792, 461 N.Y.S.2d 1007 (1983).

### X.    TRATAROS' ALLEGATION OF BREACH OF CONTRACT FAILS TO STATE A CLAIM

Trataros, as a general contractor, does not allege that it entered into a contract with TEC over the sale of TEC materials; thus, Trataros cannot maintain a cause of action for contractual privity with TEC. *Outrigger Construction Company v. Bank Leumi Trust Company of New York*, 240 A.D.2d 382, 383, 658 N.Y.S.2d 394 (2 Dept. 1997) (construction company cannot

10

pursue bank who executed a loan to developer because "plaintiff may not assert a contractual cause of action against a party with whom it was not in privity").

Trataros cannot claim to be the intended beneficiary of the TEC/Crocetti purchase agreement. "It is the ancient law in New York that to succeed on a third party beneficiary theory, a non-party must be the intended beneficiary of the contract, not an incidental beneficiary to whom no duty is owed." *Madeira v. Affordable Housing Foundation, Inc.*, 469 F.3d 219 (2d Cir. 2006) (quoting *County of Suffolk*, 728 F.2d 52, 63 (2d Cir. 1984). New York law "requires that the parties' intent to benefit a third party must be shown on the face of the agreement." *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660 (2d Cir. 1996). Trataros has not alleged that it was an intended beneficiary of the TEC/Crocetti purchase agreement. Neither has Trataros alleged that the TEC/Crocetti purchase agreement contained a clause showing that the agreement intended to benefit Trataros.[2] Trataros' potential claim that it is an "intended beneficiary" of the TEC/Crocetti purchase agreement cannot stand.

If Trataros were to claim that it was an incidental beneficiary of a TEC/Crocetti purchase agreement, Trataros would not have contractual rights. *Port Chester Electrical Construction Corp. v. Atlas*, 40 N.Y.2d 652, 655, 357 N.E.2d 983, 389 N.Y.S.2d 327 (1976), (mere incidental beneficiary of a contract "has no right to enforce" a contract). *See also, Pile Foundation Construction Co. v. Berger, Lehman Associates, P.C.*, 253 A.D.2d 484, 676 N.Y.S.2d 664 (2 Dept. 1998). Accordingly, Trataros' claim should fail.

---

[2] In Paragraphs 42 and 43 of its complaint Trataros alleges, "Upon information and belief, . . . Crocetti used materials manufactured and/or supplied by TEC . . . [U]pon information and belief, TEC's materials were incorporated into the Project's epoxy terrazzo flooring system." (See Exhibit A at ¶¶42, 43). These allegations do not comport with New York's rigorous requirements to prove a party's status of an intended beneficiary.

## XI. CONCLUSION

Trataros' claims against TEC are more appropriate for an action for personal injury. The gravaman in this action is for economic loss; accordingly, Trataros cannot state a claim against TEC. Trataros' claim in negligence – without any personal injury and only economic loss – ignores long standing federal and New York law. Since TEC is not a joint-tortfeasor, Trataros' claims to contribution, indemnification, and exoneration must fail. Since Trataros did not purchase the TEC materials and did not suffer personal injury, Trataros' claim for breach of warranty must fail. Likewise, TEC did not execute a contract and was not an intended beneficiary to the TEC-Crocetti contract, its breach of contract claim must fail.

For these reasons, Fourth-Party Defendant Specialty Construction Brands, Inc. t/a TEC respectfully requests this Court issue an Order, pursuant to Fed. R. Civ. P. 12 (B)(6), dismissing the Fourth-Party Complaint with prejudice, as against Specialty Construction Brands, Inc. t/a TEC, and awarding such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 14, 2008

SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.
Attorneys for Fourth-Party Defendant
Specialty Construction Brands, Inc. t/a TEC

___/s/_____
Christian H. Gannon (CHG 1621)
Robert R. Brooks-Rigolosi (RRBR 5264)
830 Third Avenue, 4th Floor
New York, New York 10022
(212) 651-7500
cgannon@smsm.com
rrigolosi@smsm.com