UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                                                  :
TRAVELERS CASUALTY AND SURETY COMPANY as    :
Administrator for RELIANCE INSURANCE COMPANY, :
                                                                  :
                                                                  :
           Plaintiff,                                             :
                                                                  :
      vs.                                                         : 07-CV-6915 (DLC)
                                                                  : **ECF CASE**
DORMITORY AUTHORITY – STATE OF NEW YORK,    :
TDX CONSTRUCTION CORP. and KOHN PEDERSEN    :
FOX ASSOCIATES, P.C.,                                             :
                                                                  :
           Defendants.                                            :
_____:
                                                                  :
DORMITORY AUTHORITY OF THE STATE OF NEW YORK : **ANSWER OF**
AND TDX CONSTRUCTION CORP.,                                       : **LUMBERMENS**
                                                                  : **MUTUAL CASUALTY**
           Third-Party Plaintiffs,                                : **COMPANY TO CROSS-**
                                                                  : **CLAIM OF**
      vs.                                                         : **OHIO CASUALTY**
                                                                  : **INSURANCE**
TRATAROS CONSTRUCTION, INC.,                                      : **COMPANY d/b/a**
                                                                  : **OHIO CASUALTY**
           Third-Party Defendant.                                 : **GROUP**
_____:
                                                                  :
TRATAROS CONSTRUCTION, INC. and TRAVELERS   :
CASUALTY AND SURETY COMPANY,                                      :
                                                                  :
           Fourth-Party Plaintiffs,                               :
                                                                  :
      vs.                                                         :
                                                                  :
CAROLINA CASUALTY INSURANCE COMPANY; BARTEC :
INDUSTRIES, INC.; DAYTON SUPERIOR SPECIALTY :
CHEMICAL CORP. a/k/a DAYTON SUPERIOR CORPORATION:
SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC; :
KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER:
INSURANCE COMPANY; GREAT AMERICAN INSURANCE :
COMPANY; NATIONAL UNION FIRE INSURANCE      :
COMPANY OF PITTSBURGH, PA; UNITED STATES FIRE :
INSURANCE COMPANY; ALLIED WORLD ASSURANCE   :
COMPANY (U.S.) INC. f/k/a COMMERCIAL UNDERWRITERS :

INSURANCE COMPANY; ZURICH AMERICAN INSURANCE' :
COMPANY d/b/a ZURICH INSURANCE COMPANY; OHIO :
CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY :
GROUP; HARLEYSVILLE MUTUAL INSURANCE COMPANY :
(a/k/a HARLEYSVILLE INSURANCE COMPANY); JOHN DOES :
1-20 and XYZ CORPS. 1-20, :
:
                      Fourth-Party Defendants. :

Comes now Fourth-Party Defendant Lumbermens Mutual Casualty Company ("LMC"), improperly sued as Kemper Casualty Insurance Company d/b/a Kemper Insurance Company,[1] and for its Answer to the Cross-Claim of Ohio Casualty Insurance Company d/b/a Ohio Casualty Group states as follows:

## FIRST COUNT

1.     LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 through 149 of the Answer to Fourth-Party Complaint of Trataros Construction, Inc. and Travelers Casualty & Surety Company on Behalf of Ohio Casualty Insurance Company d/b/a Ohio Casualty Group ("Ohio Casualty"). Further, LMC admits the First, Second, Fifth, Sixth, Seventh, Sixteenth, and Seventeenth Separate Defenses of the Answer of Ohio Casualty. In addition, LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Third, Fourth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, and Fifteenth Separate Defenses of the Answer of Ohio Casualty. Further, LMC admits the allegations contained in the Eighth Separate Defense that the sums for which the Fourth-Party plaintiffs seek indemnification may be precluded by public policy and/or by express provisions of law, and LMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the Eighth Separate Defense of Ohio Casualty. Also, LMC

admits the allegations contained in the Eighteenth Separate Defense as to Crocetti, and LMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the Eighteenth Separate Defense of Ohio Casualty.

2. LMC admits that Ohio Casualty issued a policy of insurance to Bartec Industries. LMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the First Count of the Cross-Claim.

3. The policy of insurance speaks for itself. To the extent that the allegations in paragraph 3 of the First Count of the Cross-Claim conflict with the policy's provisions, LMC denies them.

4. LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the First Count of the Cross-Claim.

5. The referenced provisions of the Ohio Casualty policy of insurance speak for themselves. To the extent that the allegations in paragraph 5 of the First Count of the Cross-Claim conflict with the referenced provisions, LMC denies them.

6. LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the First Count of the Cross-Claim.

7. The referenced exclusions in the Ohio Casualty policy speak for themselves. To the extent that the allegations in paragraph 7 of the First Count of the Cross-Claim conflict with the referenced exclusions, LMC denies them.

---

[1] LMC is one of the Kemper Insurance Companies, and issued the insurance policy at issue in the Fourth-Party Complaint.

8. The referenced provisions in the Ohio Casualty policy of insurance speak for themselves. To the extent that the allegations in paragraph 8 of the First Count of the Cross-Claim conflict with the referenced provisions, LMC denies them.

9. The referenced provisions of the Ohio Casualty policy of insurance speak for themselves. To the extent that the allegations in paragraph 9 of the First Count of the Cross-Claim conflict with the referenced provisions, LMC denies them.

10. LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the First Count of the Cross-Claim.

11. The referenced definitions of the Ohio Casualty policy of insurance speak for themselves. To the extent that the allegations in paragraph 11 of the First Count of the Cross-Claim conflict with the referenced definitions, LMC denies them.

12.-15. The referenced endorsements to the Ohio Casualty policy of insurance speak for themselves. To the extent that the allegations in paragraphs 12 through 15 of the First Count of the Cross-Claim conflict with the referenced endorsements, LMC denies them.

16.-19. LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 16 through 19 of the First Count of the Cross-Claim.

20. The referenced Conditions of the Ohio Casualty policy of insurance speak for themselves. To the extent that the allegations in paragraph 20 of the First Count of the Cross-Claim conflict with the referenced Conditions, LMC denies them. LMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the First Count of the Cross-Claim.

21.-22. LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 21 and 22 of the First Count of the Cross-Claim.

23. LMC denies the allegations contained in paragraph 23 of the First Count of the Cross-Claim.

24. LMC admits the allegations contained in paragraph 24 of the First Count of the Cross-Claim.

25. The referenced provisions of the Ohio Casualty commercial umbrella policy speak for themselves. To the extent that the allegations in paragraph 25 of the First Count of the Cross-Claim conflict with the referenced provisions, LMC denies them.

26. LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the First Count of the Cross-Claim.

27. The referenced exclusions to the Ohio Casualty commercial umbrella policy speak for themselves. To the extent that the allegations in paragraph 27 of the First Count of the Cross-Claim conflict with the referenced exclusions, LMC denies them.

28. The referenced definitions of the Ohio Casualty commercial umbrella policy speak for themselves. To the extent that the allegations in paragraph 28 of the First Count of the Cross-Claim conflict with the referenced definitions, LMC denies them.

29. The referenced endorsement speaks for itself. To the extent that the allegations in paragraph 29 of the First Count of the Cross-Claim conflict with the referenced endorsement, LMC denies them.

30. LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the First Count of the Cross-Claim.

WHEREFORE, Lumbermens Mutual Casualty Company demands judgment be entered in its favor and against Cross-Claimant Ohio Casualty, denying all relief sought by Ohio Casualty against LMC, including such other relief including attorneys' fees and costs as the Court may deem appropriate.

## SECOND COUNT

1. LMC repeats and realleges each and every answer to paragraphs 1 through 30 of the First Count of the Cross-Claim as if fully set forth herein.

2. LMC admits that Ohio Casualty issued policies of insurance to G.M Crocetti, Inc. LMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Second Count of the Cross-Claim.

3. LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Second Count of the Cross-Claim.

4. The referenced provisions of the Ohio Casualty policy of insurance speak for themselves. To the extent that the allegations in paragraph 4 of the Second Count of the Cross-Claim conflict with the referenced provisions, LMC denies them.

5. LMC denies that there is no insurance coverage provided under the referenced Ohio Casualty policy of insurance. LMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Second Count of the Cross-Claim.

6. The referenced provision of the Ohio Casualty policy of insurance speaks for itself. To the extent that the allegations in paragraph 6 of the Cross-Claim conflict with the referenced provision, LMC denies them.

7. The referenced exclusions to the Ohio Casualty policy of insurance speak for themselves. To the extent that the allegations in paragraph 7 of the Second Count of the Cross-Claim conflict with the referenced exclusions, LMC denies them.

8. The referenced endorsement to the Ohio Casualty policy of insurance speaks for itself. To the extent that the allegations in paragraph 8 of the Second Count of the Cross-Claim conflict with the referenced endorsement, LMC denies them.

9. LMC denies the allegations contained in paragraph 9 of the Second Count of the Cross-Claim.

10. The referenced definitions to the Ohio Casualty policy of insurance speak for themselves. To the extent that the allegations in paragraph 10 of the Second Count of the Cross-Claim conflict with the referenced definitions, LMC denies them.

11. The referenced Conditions to the Ohio Casualty policy of insurance speak for themselves. To the extent that the allegations in paragraph 11 of the Second Count of the Cross-Claim conflict with the referenced Conditions, LMC denies them.

12. LMC denies that Ohio Casualty does not owe insurance coverage.

13. LMC admits that G.M. Crocetti, Inc. filed an Initial Disclosure and that the Initial Disclosure speaks for itself. To the extent that the allegations in paragraph 13 of the Second Count of the Cross-Claim conflict with the Initial Disclosure, LMC denies them.

WHEREFORE, LMC demands judgment be entered in its favor and against Cross-Claimant Ohio Casualty, denying all relief sought by Ohio Casualty against LMC, including such other relief including attorneys' fees and costs as the Court may deem appropriate.

**Affirmative Defenses**

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Cross-Claim fails to state a claim upon which relief can be granted against LMC.

**SECOND AFFIRMATIVE DEFENSE**
**(Trataros is Not an Insured)**

Trataros is not a named insured in the LMC Policy and Trataros is therefore not entitled to a defense or indemnification from LMC, and Ohio Casualty is therefore not entitled to indemnification, contribution, or subrogation from, or to have any judgment entered against, LMC.

**THIRD AFFIRMATIVE DEFENSE**
**(Bartec is Not an Insured)**

Bartec Industries, Inc. is not a named insured in the LMC Policy and Bartec Industries, Inc., the insured of Cross-Claimaint, is not entitled to a defense or indemnification from LMC. Ohio Casualty is therefore not entitled to indemnification, contribution, or subrogation from, or to have any judgment entered against, LMC.

**FOURTH AFFIRMATIVE DEFENSE**
**(Trataros is Not an Additional Insured for Claims at Issue)**

The LMC Policy provides additional insured status where the Named Insured G.M. Crocetti, Inc. is required to provide insurance in a contract but only for liability arising from the named insured G.M. Crocetti, Inc.'s work for that party. Any liability of Trataros is the result of Trataros' conduct in insisting that Crocetti install terrazzo over Conflow over Crocetti's objections. Any liability of Trataros does not arise out of Crocetti's work but arises out of Trataros' decisions. Trataros is therefore not an additional insured under the LMC Policy for the terrazzo claims and Ohio Casualty is not entitled to indemnification, contribution or subrogation from, or to have any

judgment entered against, LMC.

### FIFTH AFFIRMATIVE DEFENSE
### (Bartec is Not an Additional Insured for Claims at Issue)

The LMC Policy provides additional insured status where the Named Insured G.M. Crocetti, Inc. is required to provide insurance in a contract but only for liability arising from the named insured G.M. Crocetti, Inc.'s work for that party. G.M. Crocetti, Inc. did not perform work for Bartec Industries, Inc. and therefore Bartec Industries, Inc. is not an additional insured under the LMC Policy for the Terrazzo claims and Ohio Casualty is not entitled to indemnification, contribution or subrogation from, or to have any judgment entered against, LMC.

### SIXTH AFFIRMATIVE DEFENSE
### (Lack of Occurrence)

The LMC Policy requires that a covered claim arise out of an "occurrence". Trataros ordered G.M. Crocetti, Inc., over Crocetti's objections, to install terrazzo flooring over Conflow, knowing that it would fail. As such, the claim does not constitute an "occurrence" and there is no duty to defend or indemnify Trataros under the LMC Policy, and therefore Ohio Casualty is not entitled to indemnification, contribution or subrogation from, or to have any judgment entered against, LMC.

### SEVENTH AFFIRMATIVE DEFENSE
### (Your Work Exclusion Bars Any Coverage)

The LMC Policy contains an Exclusion titled "Your Work" which excludes coverage for any property damage that results from the work conducted by Trataros. As such, there is no coverage for any claim by Trataros against LMC and Ohio Casualty is not entitled to indemnification, contribution or subrogation from, or to have any judgment entered against, LMC.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Provide Proper Notice)

The LMC Policy contains a notice Condition that requires notification of an occurrence as soon as practicable and immediate notification of an offense that may result in a claim. The notice Condition also requires immediate notice of a claim or suit. Trataros failed to comply with this Condition and therefore there is no duty to defend or indemnify Trataros under the LMC Policy, and Ohio Casualty is not entitled to indemnification, contribution or subrogation from, or to have any judgment entered against, LMC.

### NINTH AFFIRMATIVE DEFENSE
### (Other Insurance)

The LMC Policy contains provisions that provide that if there is any other collectible insurance available to an insured, the LMC Policy will be excess of the other collectible insurance.

Cross-Claimant's claims are barred in whole or in part to the extent that there is other collectible insurance available to the insured.

### TENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Cross-Claim fails to allege facts sufficient to constitute a claim against LMC.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Other Defenses)

LMC reserves the right to amend its Answer by way of adding affirmative defenses, counterclaims, cross-claims, or by instituting third party actions as additional facts are obtained through investigation and discovery.

WHEREFORE, LMC prays that Cross-Claimant take nothing by its Cross-Claim; that LMC be dismissed with prejudice and awarded fees and costs incurred in defending this suit; and that this Court enter a declaration that LMC is not obligated to provide insurance coverage for Fourth-Party Plaintiffs or any other party, and for any further relief that this Court deems equitable and just.

DATED:  January 14, 2008

           By:  __s/ Michael S. Miller_____
              Michael S. Miller
              **TOMPKINS, McGUIRE,**
              **WACHENFELD &  BARRY LLP**
              *Attorneys for Fourth-Party Defendant*
              *Lumbermens Mutual Casualty Company*
              *("LMC"), improperly sued as Kemper*
              *Casualty Insurance Company d/b/a Kemper*
              *Insurance Company*
              140 Broadway
              51st Floor
              New York, New York 10005
              (212) 714-1720
              -and-
              Four Gateway Center
              100 Mulberry Street
              Newark, New Jersey 07102
              (973) 622-3000

**DECLARATION OF SERVICE**

The undersigned hereby declares, under penalty of perjury, that on January 14, 2008, he caused a true copy of the foregoing Answer, etc. to be served via electronic filing and first class mail upon counsel for the various parties as follows:

JoAnne M. Bonacci, Esq.
**DREIFUSS BONACCI & PARKER, LLP,**
Attorneys for Fourth-Party Plaintiffs,
*TRATAROS* CONSTRUCTION, *INC AND TRAVELERS CASUALTY AND SURETY COMPANY*
26 Columbia Turnpike - North Entrance
Florham Park, NJ 07932
Tel:    (973) 514-1414
Fax:    (973) 514-5959
email: jbonacci@dbplawfirm.com

David Abramovitz, Esq,
**ZETLIN & DECI-HARA, LLP**
Attorneys for Defendants/Third-Party Plaintiff,
*KOHNJ PEDERSON, FOX & ASSOCIATES, P.C*
501 Second Avenue
New York, NY 10017
Tel:    (212) 682-6800
Fax:    (212) 682-6861
Email: dabramovitz@zdlaw.com

Robert R. Rigolosi
**SEGAL McCAMBRIDGE SINGER & MAHONEY**
Attorneys for Fourth-Party Defendant
*SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC*
830 Third Aye, Suite 400
NY, NY 10022
Tel:    (212) 651-7500/(212) 651-7423
Fax:    (212) 651-7499
email: rrigolosi@msm.com

Gary Wirth, Esq.
**TORRE, LENTZ, GAMMELL, GARY & RITTMASTER, LLP**
Attorneys for Fourth-Party Defendant
*CAROLINA CASUALTY INSURANCE COMPANY*
100 Jericho Quadrangle, Suite 309
Jericho, NY 11753
Tel:    (516) 240-8900
Fax:    (516) 240-8950
Email: gwirth@tlggr.com

William Kelly, Esq.
**GOLDBERG SEGALL, LLP.**
Attorneys for Fourth-Party Defendant
DAYTON *SUPERIOR SPECIALTY CHEMICAL CORP.*
a/k/a *DAYTON SUPERIOR* CORP.
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
Tel:    (914) 798-5400
Fax:    (914) 798-5401
email: wkelly@goldbergsegalla.com

Henry G. Morgan, Esq.
**MORGAN, MELHUISH, ABRUTYN**
Attorneys for Fourth-Party Defendant
OHIO *CASUALTY INSURANCE COMPANY*
651 West Mt. Pleasant Avenue, Suite 200
Livingston, NJ 07039
Tel:    (973) 994-2500
Fax:    (973) 994-3375
email: counsel@morganlawfirm.com

Donald G. Sweetman, Esq.
**GENNET, KALLMANN, ANTIN & ROBINSON, P.C.**
Attorney for Fourth-Party Defendants
*GREAT AMERICAN INSURANCE COMPANY,*
*AMERICAN ALLIANCE INSURANCE COMPANY,*
*AMERICAN NATIONAL FIRE INSURANCE COMPANY*
*and GREAT AMERICAN INSURANCE COMPANY OF NEW YORK*
6 Campus Drive
Parsippany, NJ 07054
Tel:    (973) 285-1919
Fax:    (973) 285-1177
Email: dsweetman@gkar-law.com

Ann Odelson, Esq.
**CARROLL, MCNULTY & KULL**
Attorney for Fourth-Party Defendant
*UNITED STATE FIRE INSURANCE COMPANY*
270 Madison Avenue
New York, NY 10016
Tel:   (212) 252-0004
Fax:  (212) 252-0444
Email: sds@melitoadolfsen.com

S. Dwight Stephens, Esq.
**MELITO & ADOLFSEN, P.C.**
Attorneys for Fourth-Party Defendant
*ZURICH AMERICAN INSURANCE COMPANY*
233 Broadway
New York, NY 10279
Tel:   (212) 238-5900
Fax:  (212) 238-8999
Email:    sds@melitoadolfsen.com

Martin Paul Lavelle, Esq.
**GREEN & LAVELLE**
Attorneys for Fourth-Party Defendant,
*NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA*
110 William Street
New York, NY 10038
Tel:   (212) 266-5580/5881
Fax:  (212) 528-0134
Email:    martin.lavelle@aig.com

Diana E. Goldberg, Esq.
**MOUND COTTON WOLLAN & GREENGRASS**
Attorneys for Fourth-Party Defendant
*COMMERCIAL UNDERWRITERS INSURANCE COMPANY and ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.*
One Battery Park Plaza, $_{9th}$ Floor
New York, NY 10004-1486
Tel:   (212) 804-4200
Fax:  (212) 344-8066
Email: dgoldberg@moundcotton.com

Timothy B. Froessell, Esq.
**HOLLAND & KNIGHT, LLP**

Attorneys for Defendants/Third-Party Plaintiffs,
*DORMITORYAUTHORITY- STATE OF NEW YORK*
and TDX *CONSTRUCTION CORP.*
195 Broadway
New York, NY 10007
Tel:   (212) 513-3484
Fax:   (212) 385-9010
email: tbfroess@hklaw.com

Tricia Wishert, Esq.
**RIKER, DANZIG, SCHERER, HYLAND & PERRETTI, LLP**
Attorneys for Fourth-Party Defendant,
*HARLEYSVILLE MUTUAL INSURANCE COMPANY*
*(a/k/a HARLEYSVILLE INSURANCE COMPANY)*
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07960
Tel:   (973) 451-3862
Fax:   (973) 451-3714
email: twishert@riker.com


DATED:  January 14, 2008

                                                                s/Michael S. Miller
                                                                Michael S. Miller