RIKER DANZIG SCHERER HYLAND & PERRETTI  LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800

Attorneys for Fourth-Party Defendant,
Harleysville Insurance Company of New Jersey (incorrectly pled as Harleysville Mutual
Insurance Company)

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as administrator for RELIANCE INSURANCE COMPANY,<br><br><div align="right">Plaintiff,</div><br><div align="center">vs.</div><br><br>DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP. AND KOHN PEDERSEN FOX ASSOCIATES, P.C.<br><div align="right">Defendants.</div> | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK CASE NO. 07-CV-6915 (DLC) ECF CASE<br><br><div align="center">CIVIL ACTION</div><br><br><div align="center">**HARLEYSVILLE'S ANSWER TO THE FOURTH PARTY COMPLAINT, ANSWER TO CROSSCLAIMS, AND CROSSCLAIMS FOR CONTRIBUTION AND/OR INDEMNIFICATION**</div> |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK  AND TDX CONSTRUCTION CORP.,<br><br><div align="center">Third-Party Plaintiffs,</div><br><br><div align="center">vs.</div><br><br>TRATAROS CONSTRUCTION, INC.,<br><br><div align="center">Third-Party Defendant.</div> | |
| TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY OCMPANY,<br><br><div align="center">Fourth-Party Plaintiffs,</div><br><br><div align="center">vs.</div> | |

CAROLINA CASUALTY INSURANCE
COMPANY; BARTEC INDUSTRIES, INC.;
DAYTON SUPERIOR SPECIALTY CHEMICAL
CORP. a/k/a DAYTON SUPERIOR
CORPORATION; SPECIALTY
CONSTRUCTION BRANDS, INC. t/a TEC;
KEMPER CASUALTY INSURANCE COMPANY
d/b/a KEMPER INSURANCE COMPANY;
GREAT AMERICAN INSURANCE COMPANY;
NATIONAL UNION FIRE INSURANCE
COMPANY; NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH,
PA.; UNITED STATES FIRE INSURANCE
COMPANY (U.S.) INC. f/k/a COMMERCIAL
UNDERWRITERS INSURANCE COMPANY;
ZURICH AMERICAN INSURANCE COMPANY
d/b/a ZURICH INSURANCE COMPANY; OHIO
CASUALTY INSURANCE COMPANY d/b/a
OHIO CASUALTY GROUP; HARLEYSVILLE
MUTUAL INSURANCE COMPANY (a/k/a
HARLEYSVILLE INSURANCE COMPANY);
JOHN DOES 1-20 AND XYZ CORPS. 1-20,

Fourth-Party Defendants.

Fourth Party Defendant, Harleysville Insurance Company of New Jersey (incorrectly pled as Harleysville Mutual Insurance Company, "Harleysville"), by and through its attorneys, Riker, Danzig, Scherer, Hyland & Perretti, LLP, and by way of an Answer to the Fourth-Party Complaint filed by Fourth-Party Plaintiffs, Trataros Construction, Inc. and Travelers Casualty and Surety Company, states as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.      Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3.      Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.      Admitted.

5.      Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6.      Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7.      Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.      Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.      Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14.     The relevant Harleysville company in this action, Harleysville Insurance Company of New Jersey, admits that it is incorporated under the laws of the State of New

Jersey, and has its principal place of business at 224 Strawbridge Drive, Moorestown, NJ 08057-0944. Harleysville denies that Harleysville Mutual Insurance Company, a Pennsylvania corporation, issued a policy of insurance which is relevant to the claims in this action.

15.     This paragraph contains legal argument or other conclusions to which no response from Harleysville is required. To the extent this paragraph is deemed to assert factual allegations to which a response is required, Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16.     This paragraph contains legal argument or other conclusions to which no response from Harleysville is required. To the extent this paragraph is deemed to assert factual allegations to which a response is required, Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## INTERESTED NON-PARTIES

17.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## PROCEDURAL BACKGROUND

19.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

33.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

35.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

37.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

39.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

40.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

41.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph.

42.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

43.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

44.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

45.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

46.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

47.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

48.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

49.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

50.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

51.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

52.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

53.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

54.     Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

55.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

56.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

57.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

58.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

59.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

60.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

61.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## **FIRST COUNT**

62.    Harleysville repeats its responses to the foregoing paragraphs as if set forth at length herein.

63.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

64.    This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

65.    This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

66.    This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

67.    This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

68.    This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

69.    This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

70.    This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

### SECOND COUNT
(Breach of Subcontract, Common-Law Indemnification. Contribution & Exoneration against Bartec)

71.    Harleysville repeats its responses to the foregoing paragraphs as if set forth at length herein.

72.     This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

73.     This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

74.     This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

75.     This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

76.     This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

77.     This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

## THIRD COUNT
(Professional Negligence, Simple Negligence, Common-Law Indemnification, Contribution & Exoneration against Bartec)

78.     Harleysville repeats its responses to each and every allegation of the First Count as if set forth at length herein.

79.    This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

80.    This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

81.    This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

82.    This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

83.    This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

84.    This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

## FOURTH COUNT
(Performance Bond Claim against Carolina by Trataros)

85-88.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs.

## FIFTH COUNT
(Performance Bond Claim against Carolina Casualty by Travelers)

86-96.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs.

## SIXTH COUNT
(Negligence, Brach of Contract, Breach of Warranty – Indemnification,
Contribution & Exoneration against Dayton Superior)

97-104.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs.

## SEVENTH COUNT
(Negligence, Brach of Contract, Breach of Warranty – Indemnification,
Contribution & Exoneration against TEC)

105-112.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs.

## EIGHTH COUNT
(Breach of Contract(s), Professional Negligence and/or Simple Negligence-Indemnification,
Contribution & Exoneration against John Does 1-20 and XYZ Corps. 1-20)

113-121.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs.

## NINTH COUNT
(Insurance Coverage – Declaratory Judgment, Indemnification, Contribution & Exoneration
against Kemper, Great American, National Union, US Fire, Allied World, Zurich, Ohio
Casualty, Harleysville, and XYZ Corps. 1-20)

122.    Harleysville repeats its responses to the foregoing paragraphs as if set forth at length herein.

123.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

124.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

125.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

126.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

127.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

128.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

129.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

130.    Harleysville admits only that Harleysville Insurance Company of New Jersey is an insurance company organized under the laws of the State of New Jersey and duly licensed by the Department of Banking and Insurance of the State of New Jersey to conduct the business insurance.  Harleysville denies that Harleysville Mutual Insurance Company, a Pennsylvania corporation, issued a policy of insurance to any party in this action, which is relevant to the claims in this action.

131.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

132.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

133.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

134.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

135.    Harleysville admits only that Harleysville Insurance Company of New Jersey issued certain policies of insurance to Bartec, the terms of which speak for themselves. To the extent the allegations of this paragraph vary from the terms of the policies, they are denied.  Harleysville is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph which are directed to other parties.

136.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

137.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

138.    Harleysville admits only that Harleysville Insurance Company of New Jersey issued certain insurance policies to Bartec.  Harleysville is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph which are directed to other parties.

139.    Harleysville admits only that Harleysville Insurance Company of New Jersey issued certain policies of insurance to Bartec, the terms of which speak for themselves. To the extent the allegations of this paragraph vary from the terms of the policies, they are denied.  Harleysville is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in this paragraph to the extent they are directed to other parties.

140.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

141.    Harleysville is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

142.    Denied.

143.    Denied.

144.    Denied.

145.    This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

146.    This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

147.    This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

148.    This paragraph contains legal argument or other conclusions to which no response from Harleysville is required.  To the extent this paragraph is deemed to assert factual allegations against Harleysville to which a response is required, the allegations are denied.

149.    This paragraph does not contain factual allegations to which a response is required.    To the extent that this paragraph is deemed to contain factual allegations, Harleysville denies the allegations.

**WHEREFORE,** Harleysville demands judgment and requests that the Court dismiss the Fourth-Party Complaint with prejudice, and declare that:

a.    Harleysville has no legal obligation pursuant to any policy of insurance to provide for the defense and/or the cost of defense of the claims alleged against Trataros Construction, Inc.;

b.    Harleysville has no legal obligation pursuant to any policy of insurance to indemnify and/or contribute any amount to the indemnification of the claims alleged against Trataros Construction Inc.;

c.    Harleysville has no legal obligation pursuant to any policy of insurance to pay Travelers for any legal costs, expert costs and/or other expenses associated with the claims alleged against Trataros;

d.    Harleysville is entitled to reasonable counsel fees and costs of suit incurred in defending this action; and

e.    Harleysville is entitled to any other further relief which the court deems equitable and just.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Fourth Party Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The claim for which Fourth Party Plaintiffs seek coverage is not covered under the terms and conditions of a Harleysville policy.

## THIRD AFFIRMATIVE DEFENSE

Harleysville owes no duty to Fourth Party Plaintiff.

16

## FOURTH AFFIRMATIVE DEFENSE

Harleysville's obligations, if any, are defined, limited, and controlled by the terms, conditions, provisions, exclusions, and limits of its policy of insurance.

## FIFTH AFFIRMATIVE DEFENSE

Fourth Party Plaintiffs' alleged damages, if any, have been caused by their own acts or by the acts of other parties or third persons over whom Harleysville has no control or responsibility, and by other circumstances for which Harleysville is not responsible.

## SIXTH AFFIRMATIVE DEFENSE

Coverage is barred to the extent that, pursuant to the Other Insurance Clause, any Harleysville policy is excess over any other valid and collectible insurance.

## SEVENTH AFFIRMATIVE DEFENSE

The claims for which Fourth Party Plaintiffs seek coverage do not constitute a claim for "property damage" within the meaning of the Harleysville policy.

## EIGHTH AFFIRMATIVE DEFENSE

The claims asserted by Fourth Party Plaintiffs are specifically excluded from coverage under the relevant exclusions of the Harleysville policy.

## NINTH AFFIRMATIVE DEFENSE

The claims for which Fourth Party Plaintiffs seek coverage do not constitute an "occurrence" as defined by the Harleysville policy.

## TENTH AFFIRMATIVE DEFENSE

Coverage under any alleged Harleysville policy is specifically excluded to the extent that the claim(s) arise(s) out of liability assumed/incurred by any insured under a contract or agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

The Fourth Party Plaintiffs do not qualify as a named insured, additional insured, or as an insured under the terms of any Harleysville insurance policy and, as a result, they have no standing to assert any claim against Harleysville.

## TWELFTH AFFIRMATIVE DEFENSE

If an occurrence is established, the property damage alleged, if any, resulted from continuous or repeated exposure to substantially the same conditions, which under the terms of any Harleysville policy must be considered as resulting from one accident or occurrence, thereby limiting Harleysville's liability.

## THIRTEENTH AFFIRMATIVE DEFENSE

The insurance coverage afforded by Harleysville does not apply to an event or condition that results in property damage that was expected, intended or non-fortuitous from the standpoint of the insured.

## FOURTEENTH AFFIRMATIVE DEFENSE

Coverage for the claims alleged is barred by the relevant business risk exclusions of the Harleysville policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

Coverage for the claim is barred under any Harleysville policy to the extent that any liability or damages incurred by Fourth Party Plaintiffs did not occur within the applicable Harleysville policy period and/or does not trigger any Harleysville policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

The insurance coverage provided by Harleysville does not apply to claims for breach of duty, breach of warranty or breach of contract.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Coverage is barred to the extent Plaintiffs seek damages for property damage to "impaired property" or property that has not been physically injured, arising out of a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work," as those terms are defined in the Harleysville Policy, or a delay or failure by the Named Insured or anyone acting on the Named Insured's behalf to perform a contract or agreement in accordance with its terms.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Coverage is barred by the known loss doctrine.

## NINETEENTH AFFIRMATIVE DEFENSE

Any duty of Harleysville to reimburse or to indemnify with respect to any claim or action is subject to the deductible and the applicable limits of liability, including aggregate limits, contained in the Harleysville policy.

## TWENTIETH AFFIRMATIVE DEFENSE

Coverage under any Harleysville policy is specifically excluded to the extent that the property damage alleged arises out of "your work" or "your product."

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Fourth Party Complaint does not describe the claims made by Fourth Party Plaintiffs with sufficient particularity to enable Harleysville to determine what defenses it may have. Harleysville therefore reserves the right to assert all defenses which may be pertinent to the Third Party Complaint once the precise nature of such claims is ascertained through discovery.

**RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP**
Attorneys for Fourth Party Defendant,
Harleysville Insurance Company of New

Jersey (incorrectly pled as Harleysville
Mutual Insurance Company)

By:    S/Lance J. Kalik           
      Lance J. Kalik

**DATED:** January 14, 2008

## ANSWER TO ALL CROSSCLAIMS

Harleysville hereby denies each and every allegation contained in any and all crossclaims filed or to be filed against it.

**WHEREFORE,** Harleysville demands judgment, and requests that the Court dismiss any and all crossclaims, and declare that:

a. Harleysville has no legal obligation to pay Fourth-Party Plaintiff or any Third Party Defendant or Fourth Party Co-Defendant for damages, interest, legal costs and/or other expenses associated with the action;

b. Harleysville is entitled to reasonable counsel fees and costs of suit incurred in defending this action; and

c. Harleysville is entitled to any other further relief which the Court deems to be just and equitable.

**RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP**
Attorneys for Fourth Party Defendant,
Harleysville Insurance Company of New
Jersey (incorrectly pled as Harleysville
Mutual Insurance Company)

By:    S/Lance J. Kalik           
      Lance J. Kalik

**DATED:** January 14, 2008

## COUNTERCLAIMS AND CROSSCLAIMS FOR CONTRIBUTION & INDEMNIFICATION

While denying any responsibility for liability to any other party arising out of claims in the present matter, should it be found liable on any theory in this action, Harleysville asserts that any liability on its part is secondary, passive, technical, vicarious or imputed and that the liability of the Defendants, Third-Party Defendants/Fourth-Party Plaintiffs, and Fourth-Party Co-Defendants, individually or collectively, is primary, active and direct.  Harleysville is therefore entitled to contribution and/or indemnification against all Defendants, Third-Party Defendants/Fourth-Party Plaintiffs, and Fourth Party Co-Defendants pursuant to any contractual indemnification obligations, the operation of the parties' respective "other insurance" clauses and under the common law.

**WHEREFORE**, Harleysville demands judgment against all Defendants, Third-Party Defendants/Fourth-Party Plaintiffs, and Fourth Party Co-Defendants for indemnification and/or contribution for any liability of Harleysville in the present action.

**RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP**
Attorneys for Fourth Party Defendant, Harleysville Insurance Company of New Jersey (incorrectly pled as Harleysville Mutual Insurance Company)

By:___S/Lance J. Kalik_____
   Lance J. Kalik

**DATED:** January 14, 2008

3823036.2

21