**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY, <br><br>      Plaintiff, <br><br>  vs. <br><br>DORMITORY AUTHORITY - STATE OF NEW YORK, TDX CONSTRUCTION CORP. and KOHN PEDERSEN FOX ASSOCIATES, P.C., <br><br>      Defendants. | Case No. 07-CV-6915 (DLC) <br>**ECF CASE** |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP., <br><br>    Third-Party Plaintiffs, <br><br>  vs. <br><br>TRATAROS CONSTRUCTION, INC., <br><br>    Third-Party Defendant. | |
| TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY, <br><br>    Fourth-Party Plaintiffs, <br><br>  vs. <br><br>CAROLINA CASUALTY INSURANCE COMPANY; BARTEC INDUSTRIES INC.; DAYTON SUPERIOR SPECIALTY CHEMICAL CORP. a/k/a DAYTON SUPERIOR CORPORATION; SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.; UNITED STATES FIRE INSURANCE COMPANY; ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. f/k/a COMMERCIAL UNDERWRITERS INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY d/b/a ZURICH INSURANCE COMPANY; OHIO CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP; HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a HARLEYSVILLE INSURANCE COMPANY,); JOHN DOES 1-20 and XYZ CORPS. 1-12, <br><br>    Fourth-Party Defendants. | **FOURTH-PARTY PLAINTIFFS' ANSWER TO COUNTERCLAIMS OF CAROLINA CASUALTY INSURANCE COMPANY** |

Plaintiff/Counterclaim Defendant/Fourth-Party Plaintiff, Travelers Casualty and Surety Company ("Travelers"), and Third-Party Defendant/Fourth-Party Plaintiff, Trataros Construction, Inc. ("Trataros"), by and through their attorneys Dreifuss Bonacci & Parker, LLP, as and for their Answer to the counterclaims of Fourth-Party Defendant, Carolina Casualty Insurance Company (hereinafter, the "Counterclaims"), allege as follows:

1. Travelers and Trataros are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the following paragraphs of Carolina Casualty's "Answer to Fourth-Party Complaint": paragraphs "First" through "Eighth", "Eleventh" through "Thirteenth", and "Nineteenth".

2. Travelers and Trataros deny the following paragraphs of Carolina Casualty's "Answer to Fourth-Party Complaint": paragraphs "Ninth", "Tenth", and "Fourteenth" through "Eighteenth".

3. Travelers and Trataros do not respond to the allegations contained in the following paragraphs of Carolina Casualty's "Answer to Fourth-Party Complaint", as said allegations are explicitly directed to parties other than Travelers and/or Trataros: paragraphs "Twentieth" through "Twenty-Fifth".

4. The allegations contained in paragraph "Twenty-Sixth" of Carolina Casualty Insurance Company's ("Carolina Casualty") Counterclaims state a legal conclusion to which no response is required.

5. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Twenty-Seventh" of the Counterclaims. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Twenty-Seventh" of the Counterclaims.

6.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Twenty-Eighth" of the Counterclaims, except, upon information and belief, denies that Trataros is "still … actually doing business in the City and State of New York."  Travelers admits, upon information and belief, that Trataros is a New York corporation with a principal place of business formerly located at 664 64th Street, Brooklyn, New York.  Trataros denies the allegations contained in paragraph "Twenty-Eighth" of the Counterclaims that Trataros is "still … actually doing business in the City and State of New York."  Trataros admits that it is a New York corporation, and that its former principal place of business was located at 664 64th Street, Brooklyn, New York.

7.     Travelers admits that it is incorporated in the State of Connecticut, with its principal place of business located at One Tower Square, Hartford, Connecticut, and that it is licensed to conduct business in the State of New York.  Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Twenty-Ninth" of the Counterclaims, except admits upon information and belief that Travelers is a foreign corporation maintaining offices located at One Tower Square, Hartford, Connecticut.

**Carolina's First Counterclaim, against Trataros**

8.     Travelers denies, upon information and belief, that Trataros was the "general contractor" for the Baruch College, Site B project ("the Project").  Travelers admits, upon information and belief, that Trataros was awarded a certain co-prime contract colloquially known as "Contract No. 16," and that this was one (1) of at least thirteen (13) separate co-prime contracts awarded by the Dormitory Authority – State of New York ("DASNY") in connection with the Project.  Trataros admits that DASNY awarded it a certain co-prime contract for the Project colloquially known as "Contract No. 16."  Trataros denies the allegations contained in

3

paragraph "Thirtieth" of the Counterclaims to the extent that same alleges that Trataros was the "general contractor" for the Project.

9. Travelers admits, upon information and belief, that Trataros and G.M. Crocetti, Inc. ("Crocetti") entered into a subcontract agreement in connection with Trataros' work under Contract No. 16.  With respect to the balance of the allegations contained in paragraph "Thirty-First" of the Counterclaims, Travelers is without knowledge or information sufficient to form a belief as to the truth of said allegations, and begs leave to refer to said subcontract between Trataros and Crocetti at the time of trial for all terms and conditions set forth therein.  Trataros admits that it entered into a certain subcontract with Crocetti, dated September 18, 1998, in connection with Contract No. 16 (the "Subcontract").  With respect to the balance of the allegations contained in paragraph "Thirty-First" of the Counterclaims, Trataros is without knowledge or information sufficient to form a belief as to the truth of said allegations, and begs leave to refer to the Subcontract at the time of trial for all terms and conditions set forth therein.

10. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Thirty-Second" of the Counterclaims, and begs leave to refer to the Subcontract, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.  Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Thirty-Second" of the Counterclaims, and begs leave to refer to the Subcontract, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

11. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Thirty-Third" of the Counterclaims.  Trataros is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Thirty-Third" of the Counterclaims.

12.   Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Thirty-Fourth" of the Counterclaims, and begs leave to refer to the Subcontract, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.  Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Thirty-Fourth" of the Counterclaims, and begs leave to refer to the Subcontract, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

13.   Travelers denies the allegations contained in paragraph "Thirty-Fifth" of the Counterclaims.  Trataros denies the allegations contained in paragraph "Thirty-Fifth" of the Counterclaims.

14.    Travelers denies the allegations contained in paragraph "Thirty-Sixth" of the Counterclaims.  Trataros denies the allegations contained in paragraph "Thirty-Sixth" of the Counterclaims.

15.   Travelers denies the allegations contained in paragraph "Thirty-Seventh" of the Counterclaims.  Trataros denies the allegations contained in paragraph "Thirty-Seventh" of the Counterclaims.

16.   Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Thirty-Eighth" of the Counterclaims, except denies said allegations to the extent that it is alleged that any moneys are currently due and owing to Crocetti.  Trataros is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph "Thirty-Eighth" of the Counterclaims, except denies said allegations to the extent that it is alleged that any moneys are currently due and owing to Crocetti.

17.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Thirty-Ninth" of the Counterclaims, except denies said allegations to the extent that it is alleged that any moneys are currently due and owing to Crocetti. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Thirty-Ninth" of the Counterclaims, except denies said allegations to the extent that it is alleged that any moneys are currently due and owing to Crocetti.

**WHEREFORE**, Travelers and Trataros demand judgment against Carolina Casualty for the following relief:

       a.    dismissal of the Counterclaims with prejudice;

       b.    award of attorneys fees, costs and disbursements; and

       c.    such other and further relief as the Court deems just and proper.

### Carolina's Second Counterclaim, against Travelers

18.     Travelers admits, upon information and belief, that Trataros obtained labor and material payment bonds from Reliance Insurance Company ("Reliance") in connection with the Project. Travelers denies, upon information and belief, the allegations contained in paragraph "Fortieth" of the Counterclaims, to the extent that same allege and/or imply Trataros was the "general contractor" for the Project. With respect to the remainder of the allegations contained in paragraph "Fortieth" of the Counterclaims, Travelers is without knowledge or information

sufficient to form a belief as to the truth of said allegations, and begs leave to refer to Contract No. 16, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein. Trataros admits that it obtained from Reliance a certain labor and material payment bond in connection with Contract No. 16. Trataros denies the allegations contained in paragraph "Fortieth" of the Counterclaims, to the extent that same allege and/or imply Trataros was the "general contractor" for the Project. With respect to the remainder of the allegations contained in paragraph "Fortieth" of the Counterclaims, Trataros is without knowledge or information sufficient to form a belief as to the truth of said allegations, and begs leave to refer to Contract No. 16, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

19. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Forty-First" of the Counterclaims, except admits that, upon information and belief, Reliance issued a labor and material payment bond in connection with Contract No. 16 (the "Bond"), and that said Bond subsequently came to be administered by Travelers. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Forty-First" of the Counterclaims, except admits that Trataros obtained the Bond from Reliance in connection with Contract No. 16, and, upon information and belief, said Bond subsequently came to be administered by Travelers.

20. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Forty-Second" of the Counterclaims. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Forty-Second" of the Counterclaims.

21. Travelers denies the allegations contained in paragraph "Forty-Third" of the

Counterclaims, except admits that Travelers currently administers the Bond issued by Reliance. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Forty-Third" of the Counterclaims, except admits that, upon information and belief, Travelers currently administers the Bond issued by Reliance.

22. Travelers responds that the allegations set forth in paragraph "Forty-Fourth" of the Counterclaims state a legal conclusion to which no reply is necessary. To the extent a reply may be necessary, Travelers denies the allegations contained in paragraph "Forty-Fourth" of the Counterclaims, except admits that Travelers currently administers the Bond issued by Reliance. Trataros responds that the allegations set forth in paragraph "Forty-Fourth" of the Counterclaims state a legal conclusion to which no reply is necessary. To the extent a reply may be necessary, Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Forty-Fourth" of the Counterclaims, except admits that, upon information and belief, Travelers currently administers the Bond issued by Reliance.

23. Travelers denies the allegations contained in paragraph "Forty-Fifth" of the Counterclaims. Trataros denies the allegations contained in paragraph "Forty-Fifth" of the Counterclaims.

24. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Forty-Sixth" of the Counterclaims, except denies said allegations to the extent that it is alleged that any moneys are currently due and owing to Crocetti. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Forty-Sixth" of the Counterclaims, except denies said allegations to the extent that it is alleged that any moneys are currently due and owing to Crocetti.

**WHEREFORE**, Travelers and Trataros demand judgment against Carolina Casualty for the following relief:

  a.  dismissal of the Counterclaims with prejudice;

  b.  award of attorneys fees, costs and disbursements; and

  c.  such other and further relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

Carolina Casualty's Counterclaims fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Carolina Casualty lacks standing to pursue claims against Trataros and/or Travelers.

### THIRD AFFIRMATIVE DFEFENSE

The Counterclaims are barred by the appropriate statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by the equitable doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred, in whole or in part, as a result of Crocetti's breach(es) of the subcontract between Crocetti and Trataros.

### EIGHTH AFFIRMATIVE DEFENSE

Any damages allegedly sustained by Carolina Casualty, and/or its principal Crocetti, were and/or will be caused in whole or in part by the culpable conduct of Crocetti, as a result of which the Counterclaims are barred or diminished in the proportion that such culpable conduct has caused and/or will cause their alleged damages.

### NINTH AFFIRMATIVE DEFENSE

The Counterclaims are barred, as Carolina Casualty does not qualify as a claimant under the terms and conditions of the labor and material payment bond issued by Reliance Insurance Company in connection with Contract No. 16, and/or under relevant case law.

### TENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred due to Carolina Casualty's failure to satisfy the terms and conditions of the labor and material payment bond issued by Reliance Insurance Company ("Reliance") in connection with Contract No. 16, including but not limited to the notice provisions of said bond.

### ELEVENTH AFFIRMATIVE DEFENSE

The Counterclaims are time-barred due to Carolina Casualty's failure to timely file suit against Travelers consistent with the terms and conditions of the labor and material payment bond issued by Reliance in connection with Contract No. 16.

### TWELFTH AFFIRMATIVE DEFENSE

In the event Carolina Casualty, and/or its principal Crocetti, have sustained and/or will sustain damages as alleged in the Counterclaims, then such damages were/will be sustained as a result of the conduct of persons and/or entities other than Travelers and/or Trataros, and for whose conduct neither Travelers nor Trataros was responsible.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by the doctrine of mitigation of damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by the doctrine of avoidable consequence.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred, as Travelers' and/or Trataros' obligations under the bonds issued by Reliance to Trataros have been discharged as a result of cardinal changes to the underlying Contracts Nos. 15 and 16.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred as a result of an automatic stay resulting from Crocetti's filing for Chapter 11 bankruptcy protection, in a separate proceeding pending before the United States Bankruptcy Court for the Southern District of New York.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred because the purported debts/claims underlying said Counterclaims are alleged to be part of a debtor's bankruptcy estate in separate proceedings currently pending before the United States Bankruptcy Court, Southern District of New York.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Counterclaims are subject to any and all rights of set-off, recoupment, indemnification, and/or contribution of Trataros and/or Travelers, including but not limited to any such rights to which Trataros and/or Travelers are now or may become equitably subrogated.

### NINETEENTH AFFIRMATIVE DEFENSE

The Counterclaims are subject to any and all defense(s) which Trataros and/or Travelers may have against Carolina Casualty's principal, Crocetti, including but not limited to the

11

affirmative defenses enumerated herein.

## TWENTIETH AFFIRMATIVE DEFENSE

Travelers and Trataros reserve their rights to rely upon any and all additional defenses available to them, and all Defendants, third-party defendants, fourth-party defendants, and other parties to the above-captioned matter, and any and all defenses asserted by Trataros and/or Travelers against claims or counter-claims asserted by any party to this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Travelers and Trataros reserve their rights to rely upon any and all additional defenses which may be disclosed during discovery in the within action.

Dated: Florham Park, New Jersey
       January 16, 2008

DREIFUSS BONACCI & PARKER, LLP

By: _____/S/_____
JoAnne M. Bonacci, Admitted *Pro Hac Vice*

*Attorneys for Travelers Casualty
and Surety Company, and Trataros
Construction, Inc.*
One Penn Plaza, 36th Floor
New York, New York 10119
       -and-
26 Columbia Turnpike
North Entrance
Florham Park, New Jersey 07932
(973) 514-1414
***Please respond to New Jersey office***

TO:   see attached Service List