**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TRAVELERS CASUALTY AND SURETY COMPANY :
as Administrator for RELIANCE
INSURANCE COMPANY,                                    :

                                                                          :

                    Plaintiff,                                        :

                                                                          :                        Case No. 07-CV-6915 (DLC)
vs.                                                                   :                        **ECF CASE**

                                                                          :
DORMITORY AUTHORITY – STATE OF NEW YORK, :
TDX CONSTRUCTION CORP. and KOHN PEDERSEN :
FOX ASSOCIATES, P.C.,                                    :

                                                                          :

                    Defendants.                                 :

                                                                          :

                                                                          :
_____

DORMITORY AUTHORITY OF THE STATE OF    :
NEW YORK AND TDX CONSTRUCTION CORP.,  :

                                                                          :

                    Third-Party Plaintiffs,           :

                                                                          :
vs.                                                                   :

                                                                          :
TRATAROS CONSTRUCTION, INC.,                  :

                                                                          :

                    Third-Party Defendant.           :

_____

                                                                          :
TRATAROS CONSTRUCTION, INC. and TRAVELERS :                **ANSWER TO**
CASUALTY AND SURETY COMPANY,                 :                **FOURTH-PARTY**
                                                                          :                **COMPLAINT**

                    Fourth-Party Plaintiffs,        :

                                                                          :
vs.                                                                   :

                                                                          :
CAROLINA CASUALTY INSURANCE COMPANY;  :
BARTEC INDUSTRIES, INC.; DAYTON SUPERIOR :
SPECIALTYCHEMICAL CORP. a/k/a DAYTON     :
SUPERIOR CORPORATION; SPECIALTY              :
CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER :
CASUALTY INSURANCE COMPANY d/b/a KEMPER :
INSURANCE COMPANY; GREAT AMERICAN         :
INSURANCE COMPANY; NATIONAL UNION          :
FIRE INSURANCE COMPANY OF PITTSBURGH, PA; :
UNITED STATES FIRE INSURANCE COMPANY;    :

ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.:
f/k/a COMMERCIAL UNDERWRITERS INSURANCE   :
COMPANY; ZURICH AMERICAN INSURANCE    :
COMPANY d/b/a ZURICH INSURANCE COMPANY;   :
OHIO CASUALTY INSURANCE COMPANY d/b/a    :
OHIO CASUALTY GROUP; HARLEYSVILLE    :
MUTUAL INSURANCE COMPANY    :
(a/k/a HARLEYSVILLE INSURANCE COMPANY);   :
JOHN DOES 1-20 AND XYZ CORPS. 1-20,    :
                                                                           :
                        Fourth-Party Defendants.   :
                                                                           :

Zurich American Insurance Company ("Zurich"), sued incorrectly herein as Zurich American Insurance Company d/b/a Zurich Insurance Company, by its attorneys Melito & Adolfsen P.C., answers the Fourth-Party Complaint ("the Complaint"), upon information and belief as follows:

### *Parties, Jurisdiction, and Venue*

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12.    Denies the truth of the allegations contained in paragraph "12" of the Complaint except admits that Zurich is incorporated in the State of New York with its principal place of business in the State of Illinois.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

### *Interested Non-Parties*

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

### *Procedural Background*

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint.

### *Facts Common to All Counts*

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "48" of the Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Complaint.

52.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the Complaint.

53.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "53" of the Complaint.

54.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "54" of the Complaint.

55.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" of the Complaint.

56.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56" of the Complaint.

57.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the Complaint.

58.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" of the Complaint.

59.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "59" of the Complaint.

60.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the Complaint.

61.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "61" of the Complaint.

## *First Count*
### *(Contractual Indemnification & Exoneration against Bartec)*

62.    As and for a response to paragraph "62" of the Complaint, Zurich repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "61" of the Answer with the same force and effect as if fully set forth at length herein.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "63" of the Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "64" of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "65" of the Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "66" of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "67" of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "68" of the Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "69" of the Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "70" of the Complaint.

*Second Count*
*(Breach of Subcontract, Common-Law Indemnification,*
*Contribution & Exoneration against Bartec)*

71.     As and for a response to paragraph "71" of the Complaint, Zurich repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "70" of the Answer with the same force and effect as if fully set forth at length herein.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "72" of the Complaint.

73.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "73" of the Complaint.

74.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "74" of the Complaint.

75.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "75" of the Complaint.

76.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "76" of the Complaint.

77.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "77" of the Complaint.

<u>Third Count</u>
(Professional Negligence, Simple Negligence, Common-Law
Indemnification, Contribution, & Exoneration against Bartec)

78.    As and for a response to paragraph "78" of the Complaint, Zurich repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "77" of the Answer with the same force and effect as if fully set forth at length herein.

79.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "79" of the Complaint.

80.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "80" of the Complaint.

81.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "81" of the Complaint.

82.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "82" of the Complaint.

83.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "83" of the Complaint.

84.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "84" of the Complaint.

### Fourth Count
*(Performance Bond Claim against Carolina Casualty by Trataros)*

85.    As and for a response to paragraph "85" of the Complaint, Zurich repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "84" of the Answer with the same force and effect as if fully set forth at length herein.

86.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "86" of the Complaint.

87.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "87" of the Complaint.

88.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "88" of the Complaint.

### Fifth Count
*(Performance Bond Claims against Carolina Casualty by Travelers)*

89.    As and for a response to paragraph "89" of the Complaint, Zurich repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "88" of the Answer with the same force and effect as if fully set forth at length herein.

90.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "90" of the Complaint.

91.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "91" of the Complaint.

92.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "92" of the Complaint.

93.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "93" of the Complaint.

94.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "94" of the Complaint.

95.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "95" of the Complaint.

96.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "96" of the Complaint.

*Sixth Count*
*(Negligence, Breach of Contract, Breach of Warranty—Indemnification, Contribution &*
*Exoneration against Dayton Superior)*

97.    As and for a response to paragraph "97" of the Complaint, Zurich repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "96" of the Answer with the same force and effect as if fully set forth at length herein.

98.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "98" of the Complaint.

99.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "99" of the Complaint.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "100" of the Complaint.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "101" of the Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "102" of the Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "103" of the Complaint.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "104" of the Complaint.

<u>Seventh Count</u>
*(Negligence, Breach of Contract, Breach of Warranty—Indemnification,*
*Contribution & Exoneration against TEC)*

105.    As and for a response to paragraph "105" of the Complaint, Zurich repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "104" of the Answer with the same force and effect as if fully set forth at length herein.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "106" of the Complaint.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "107" of the Complaint.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "108" of the Complaint.

109.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "109" of the Complaint.

110.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "110" of the Complaint.

111.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "111" of the Complaint.

112.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "112" of the Complaint.

### *Eighth Count*
*(Breach of Contract(s), Professional Negligence and/or Simple Negligence—Indemnification, Contribution & Exoneration against John Does 1-20 and XYZ Corps. 1-20)*

113.     As and for a response to paragraph "113" of the Complaint, Zurich repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "112" of the Answer with the same force and effect as if fully set forth at length herein.

114.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "114" of the Complaint.

115.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "115" of the Complaint.

116.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "116" of the Complaint.

117.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "117" of the Complaint.

118.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "118" of the Complaint.

119.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "119" of the Complaint.

120.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "120" of the Complaint.

121.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "121" of the Complaint.

*Ninth Count*
*(Insurance Coverage—Declaratory Judgment, Indemnification, Contribution & Exoneration against Kemper, Great American, National Union, US Fire, Allied World, Zurich, Ohio Casualty, Harleysville, and XYZ Corps. 1-20)*

122.    As and for a response to paragraph "122" of the Complaint, Zurich repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "121" of the Answer with the same force and effect as if fully set forth at length herein.

123.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "123" of the Complaint.

124.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "124" of the Complaint.

125.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "125" of the Complaint.

126.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "126" of the Complaint.

127.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "127" of the Complaint.

128.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "128" of the Complaint except admits that Zurich is organized under the laws of the State of New York.

129.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "129" of the Complaint.

130.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "130" of the Complaint.

131.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "131" of the Complaint.

132.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "132" of the Complaint.

133.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "133" of the Complaint.

134.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "134" of the Complaint.

135.    Denies the truth of the allegations contained in paragraph "135" of the Complaint to the extent those allegations are directed against Zurich, except admits that Zurich issued a primary liability policy to Trataros, effective 4/1/01 to 4/1/02, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and refers all questions of law to the Court.

136.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "136" of the Complaint.

137.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "137" of the Complaint.

138.    Denies the truth of the allegations contained in paragraph "138" of the Complaint to the extent those allegations are directed against Zurich, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations and refers all questions of law to the Court.

139.    Denies the truth of the allegations contained in paragraph "139" of the Complaint to the extent those allegations are directed against Zurich, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations and refers all questions of law to the Court.

140.    Denies the truth of the allegations contained in paragraph "135" of the Complaint to the extent those allegations are directed against Zurich, except admits that Zurich issued a primary liability policy to Trataros, effective 4/1/01 to 4/1/02, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and refers all questions of law to the Court.

141.    Denies the truth of the allegations contained in paragraph "141" of the Complaint to the extent those allegations are directed against Zurich, except admits that Trataros is an "insured" under a primary liability policy issued by Zurich effective 4/1/01 to 4/1/02, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations and refers all questions of law to the Court.

142.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "142" of the Complaint.

143.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "143" of the Complaint.

144.    Denies the truth of the allegations contained in paragraph "144" of the Complaint to the extent those allegations are directed against Zurich, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations and refers all questions of law to the Court.

145.    Denies the truth of the allegations contained in paragraph "145" of the Complaint to the extent those allegations are directed against Zurich, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations and refers all questions of law to the Court.

146.    Denies the truth of the allegations contained in paragraph "146" of the Complaint to the extent those allegations are directed against Zurich, denies knowledge or information

sufficient to form a belief as to the truth of the remaining allegations and refers all questions of law to the Court.

147.    Denies the truth of the allegations contained in paragraph "147" of the Complaint to the extent those allegations are directed against Zurich, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations and refers all questions of law to the Court.

148.    Denies the truth of the allegations contained in paragraph "148" of the Complaint and refers all questions of law to the Court.

149.    Denies that Trataros and Travelers are entitled to declaratory relief that coverage exists as to the claims against Zurich or that it is entitled to compensatory damages, counsel fees and costs as alleged in paragraph "149" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Fourth-party plaintiffs' claims against Zurich are barred, in whole or in part, by lack of privity of contract.

## THIRD AFFIRMATIVE DEFENSE

Fourth-party plaintiffs' claims against Zurich are barred, in whole or in part, because the damages alleged do not constitute "property damage," "bodily injury," "personal injury" or "advertising injury" as defined by the applicable policies.

## FOURTH AFFIRMATIVE DEFENSE

Fourth-party plaintiffs and/or other persons or entities seeking coverage herein have failed to comply with all of the terms and conditions of the Zurich Policy, including, but not

limited to the conditions requiring timely notice of occurrence, claim and suit and requiring timely forwarding of suit papers.

<u>**FIFTH AFFIRMATIVE DEFENSE**</u>

Fourth-party plaintiffs' claims are barred by the waiver and/or estoppel doctrines.

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>

If any claim is covered under the Zurich Policy, and is also covered, in whole or in part, under any other policy of insurance, such other insurance provides co-insurance and the Zurich Policy shall apply only to its share of any defense and indemnity obligations pursuant to the policies' "other insurance" clauses.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

Fourth-party plaintiffs' claims for declaratory judgment against Zurich do not set forth facts showing the existence of a justiciable controversy, are not ripe for adjudication, and seek an advisory opinion.

<u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

There is no coverage under the Zurich Policy for any injury which incepts prior to the effective date of the policy, or any occurrence, loss, or claim of which the insured had knowledge or notice prior to the effective date of the policy, or any claim for injury or damage which is first asserted against the insured prior to the effective date of the policy.

<u>**NINTH AFFIRMATIVE DEFENSE**</u>

There is no coverage under the Zurich Policy for a loss that became manifest prior to the inception of that policy.

<u>**TENTH AFFIRMATIVE DEFENSE**</u>

To the extent that any claims for which coverage is sought under the Zurich Policy occurred, in whole or in part, outside the period of the Zurich Policy, such claims are barred.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent fourth-party plaintiffs failed to mitigate the damages for which coverage is sought, any recovery under the Zurich Policy must be reduced accordingly.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent fourth-party plaintiffs, or someone acting on their behalf, concealed, misrepresented, or negligently failed to disclose material facts for the purpose of inducing Zurich to issue or renew a policy, any claims thereunder are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent some or all of the matters for which coverage is sought under the Zurich Policy are in the nature of fines, penalties, punitive damages, or exemplary damages, said claims are barred by policy provisions, applicable law, and/or public policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

Fourth-party plaintiffs' claims are barred, in whole or in part, because the events giving rise to the claim do not constitute an "occurrence" covered by the Zurich Policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

Zurich's coverage is limited to damages for "property damage" occurring within its policy periods and caused by an "occurrence."

## SIXTEENTH AFFIRMATIVE DEFENSE

The Zurich Policy does not apply to any liability for property damage to property owned, occupied, used by, rented to, or in the care, custody or control of an insured thereunder or as to which such insured is for any purpose exercising physical control.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The coverage provided by the Zurich policies applies only to those entities or persons insured thereunder.

## EIGHTEENTH AFFIRMATIVE DEFENSE

There is no liability under any Zurich umbrella coverage prior to the exhaustion of any applicable underlying coverage and deductibles.

## NINETEENTH AFFIRMATIVE DEFENSE

Zurich's coverage obligations, if any, are governed by the limits stated in the Zurich policies, including the applicable aggregate limits, and coverage obligations cease upon the exhaustion of applicable limits of coverage.

## TWENTIETH AFFIRMATIVE DEFENSE

No action shall lie against Zurich unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of the Zurich Policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and Zurich.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent any other insurer prevails against fourth-party plaintiffs on any of the policy defenses that such insurer has or may raise, by way of answer or otherwise, to the claims for coverage asserted by fourth-party plaintiffs, such defenses (which are incorporated by reference for purposes of this pleading only) bar or otherwise limit fourth-party plaintiffs' claims against Zurich.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Fourth-party plaintiffs' claims are barred, in whole or in part, to the extent "property damage" is claimed to that particular part of any real property on which an insured or any contractors or subcontractors working directly or indirectly on its behalf are performing operations, if the "property damage" arises out of those operations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Fourth-party plaintiffs' claims are barred, in whole or in part, to the extent "property damage" is claimed to that particular part of any property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Fourth-party plaintiffs' claims are barred, in whole or in part, to the extent damage is claimed to an insured's product arising out of it or any part of it.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Fourth-party plaintiffs' claims are barred, in whole or in part, to the extent damage is alleged to the insured's work or any part of the insured's work and included in the "completed operations hazard."

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Fourth-party plaintiffs' claims are barred, in whole or in part, to the extent damage is alleged to "impaired property" or property that has not been physically injured arising out of (1) a defect, deficiency, inadequacy or dangerous condition in the insured's product or the insured's work or (2) a delay or failure by the insured or anyone acting on its behalf to perform a contract or agreement in accordance with its terms.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Fourth-party plaintiffs have failed to name and serve a proper party defendant, namely Assurance Company of America.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Fourth-party plaintiffs have failed to set out their claims with sufficient particularity to permit Zurich to determine all applicable defenses. Zurich, therefore, reserves its right to amend or supplement this answer with additional defenses once such information is ascertained. Zurich

further reserves its right to amend or supplement its answer in the event it locates any additional policy of insurance issued by it to fourth-party plaintiff Trataros Construction, Inc.

## FIRST CROSS-CLAIM AGAINST FOURTH-PARTY DEFENDANTS

If the Court does not dismiss this action and grants a declaratory judgment and/or money award in favor of fourth-party plaintiffs against Zurich, then Zurich will be entitled to contribution and judgment over and against one or more fourth-party defendants for a proportionate part of any recovery that fourth-party plaintiffs may obtain against Zurich.

WHEREFORE, Zurich demands judgment:

(1)    Dismissing with prejudice the Complaint against Zurich in its entirety; or

(2)    Granting it judgment on its cross-claim against fourth-party defendants in the amount of any award against Zurich in this action;

(3)    Awarding Zurich its costs and attorneys' fees incurred in the defense of this action; and

(4)    Granting Zurich such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       January 14, 2008

                              MELITO & ADOLFSEN P.C.

                              By: _____
                                  S. Dwight Stephens (SS-2161)
                                  Ignatius John Melito (IM-2654)
                                  233 Broadway—28th Floor
                                  New York, New York 102790118
                                  (212) 238-8900
                                  *Attorneys for Fourth-Party Defendant*
                                  *Zurich American Insurance Company*

To:    Joanne M. Bonacci Esq.
DREIFUSS BONACCI & PARKER, LLP
26 Columbia Turnpike, North Entrance
Florham Park, New Jersey 07932

Marisa Slaten, Esq.
RIKER, DANZIG, SCHERER, HYLAND & PERRETTI, LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981

David A. Larson, Esq.
BOLLINGER, RUBERY & GARVEY
500 West Madison Street
Suite 2300
Chicago, Illinois 60661

David Abramovitz, Esq.
Thomas V. Giordano, Esq.
Matthew S. Queen, Esq.
Bill P. Chimos, Esq.
ZETLIN & DeCHIARA LLP (NYC)
801 Second Avenue
New York, New York 10017

Stephen B. Shapiro, Esq.
Timothy B. Froessel, Esq.
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007

Steven Alan Coploff, Esq.
STEINBERG & CAVALIERE, LLP
50 Main Street
White Plains, New York 10606

Martin P. Lavelle, Esq.
LAW OFFICES OF MARTIN P. LAVELLE
110 William Street, 18th Floor
New York, New York 10038

Diana Elaine Goldberg, Esq.
MOUND COTTON WOLLAN &
GREENGRASS
One Battery Park Plaza, 9th Floor
New York, New York 10004

Jeremy D. Platek, Esq.
O'CONNOR REDD GOLLIHUE SKLARIN LLP
200 Mamaroneck Avenue
White Plains, New York 10601

Robert Mark Wasko, Esq.
Steven Henry Rittmaster, Esq.
Gary Wirth, Esq.
TORRE LENTZ GAMELL GARY &
RITTMASTER LLP
226 West 26th Street
New York, New York 10001-6785

William Kelly, Esq.
Thomas Matthew DeSimone, Esq.
GOLDBERG SEGALLA LLP
170 Hamilton Avenue
White Plains, New York 10601

Donald George Sweetman, Esq.
GENNET KALLMANN ANTIN &
ROBINSON P.C.
6 Campus Drive
Parsippany, New Jersey 07054

Ann Odelson, Esq.
CARROLL McNULTY & KULL
270 Madison Avenue
New York, New York 10016

Henry G. Morgan, Esq.
Jeffrey M. Kadish, Esq.
MORGAN MELHUISH MONAGHAN
ARVIDSON ABRUTYN & LISOWSKI
651 Mount Pleasant Avenue, Suite 200
Livingston, New Jersey 07039

61353