UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

TRAVELERS CASUALTY AND SURETY COMPANY
as Administrator for RELIANCE INSURANCE
COMPANY,

                              Plaintiff,

                -against-

DORMITORY AUTHORITY - STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN PEDERSEN
FOX ASSOCIATES, P.C.,

                         Defendants.
------------------------------------------------------------------- X

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK and TDX CONSTRUCTION CORP.,

                  Third-Party Plaintiffs,

                -against-

TRATAROS CONSTRUCTION, INC.,

                  Third-Party Defendant.
------------------------------------------------------------------- X

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

                  Fourth-Party Plaintiffs,

                -against-

CAROLINA CASUALTY INSURANCE COMPANY, *et al.*,

                  Fourth-Party Defendants.
------------------------------------------------------------------- X

07 Civ. 6915 (DLC)
ECF CASE

**DEFENDANT KOHN PEDERSEN FOX ASSOCIATES, P.C.'S ANSWER TO THE COMPLAINT**

*\*\*Electronically Filed\*\**

```
----------------------------------------------------------------------- X
KOHN PEDERSEN FOX ASSOCIATES, P.C.,
                                                    :
                    Third-Party Plaintiff,
                                                    :
                    -against-
                                                    :
WEIDLINGER ASSOCIATES CONSULTING
ENGINEERS, P.C., CASTRO-BLANCO PISCIONERI           :
AND ASSOCIATES, ARCHITECTS, P.C.,
ARQUITECTONICA NEW YORK, P.C., COSENTINI            :
ASSOCIATES, INC., CERMAK, PETERKA PETERSEN,
INC. JORDAN PANEL SYSTEMS CORP., TRATAROS           :
CONSTRUCTION, INC. and LBL SKYSYSTEMS
(U.S.A.), INC.,                                     :

                    Third-Party Defendants.         :
----------------------------------------------------------------------- X
```

Defendant Kohn Pedersen Fox Associates, P.C. ("KPF"), by its attorneys, Zetlin & De Chiara, LLP, as and for its answer to the Complaint of Plaintiff Travelers Casualty and Surety Company ("Travelers"), respectfully alleges and says as follows:

## ANSWER AS TO JURISDICTION AND VENUE

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.    Admits, upon information and belief, the allegations contained in Paragraph 3 of the Complaint.

4.    Admits, upon information and belief, the allegations contained in Paragraph 4 of the Complaint.

5.    Admits the allegations contained in Paragraph 5 of the Complaint.

6.    Denies knowledge or information sufficient to form a belief as to the truth

2

of the allegations contained in Paragraph 6 of the Complaint.

7.    With respect to the allegations contained in paragraph 7 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the extent that paragraph 7 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

8.    With respect to the allegations contained in paragraph 8 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the extent that paragraph 8 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

## ANSWER AS TO ALLEGATIONS COMMON TO ALL COUNTS

9.    Admits, upon information and belief, the allegations contained in Paragraph 9 of the Complaint.

10.    Admits, upon information and belief, the allegations contained in paragraph 10 of the Complaint.

11.    Admits, upon information and belief, the allegations contained in paragraph 11 of the Complaint.

12.    Admits, upon information and belief, the allegations contained in paragraph 12 of the Complaint.

13.    Admits the allegations set forth in paragraph 13 of the Complaint, and respectfully refers the Court to agreement number 650018023145, dated September 14, 1995 between The Dormitory Authority of the State of New York ("DASNY"), acting on behalf of the City University of New York, and KPF for the terms and conditions thereof.

14.    Admits, upon information and belief, the allegations contained in paragraph 14 of the Complaint.

15.    With respect to so much of the allegations contained in paragraph 15 of the Complaint as state a legal conclusion, states that no answer is required.  To the extent that paragraph 14 alleges or alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

16.    Admits, upon information and belief, the allegations contained in paragraph 16 of the Complaint, except denies knowledge or information sufficient to form a beliefe as to the truth of the allegations concerning the basis upon which DASNY awarded contracts to Trataros Construction, Inc.

17.    Admits, upon information and belief, the allegations contained in paragraph 17 of the Complaint.

18.    Admits, upon information and belief, the allegations contained in paragraph 18 of the Complaint.

19.    Admits, upon information and belief, the allegations contained in paragraph 19 of the Complaint.

20.    Admits, upon information and belief, the allegations contained in paragraph 20 of the Complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

4

23.     With respect to so much of the allegations contained in paragraph 23 of the Complaint as state a legal conclusion, states that no answer is required. To the extent that paragraph 23 alleges or alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.     Admits the allegations contained in paragraph 25 of the Complaint.

26.     Admits, upon information and belief, the allegations contained in paragraph 26 of the Complaint.

27.     Admits, upon information and belief, the allegations contained in paragraph 27 of the Complaint.

28.     Admits, upon information and belief, the allegations contained in paragraph 28 of the Complaint.

29.     Admits, upon information and belief, the allegations contained in paragraph 29 of the Complaint.

30.     Admits so much of paragraph 30 of the Complaint as alleges that the design and related documents were prepared on a fast-tracked basis and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.     Denies the allegations contained in paragraph 31 of the Complaint.

32.     Denies the allegations contained in paragraph 32 of the Complaint.

33.     Denies the allegations contained in paragraph 33 of the Complaint.

34.    Denies the allegations contained in paragraph 34 of the Complaint and specifically denies that KPF has any responsibility for or in connection with the coordination, control or management of construction of the Project.

35.    With respect to the allegations contained in paragraph 35 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

36.    With respect to the allegations contained in paragraph 36 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

37.    With respect to the allegations contained in paragraph 37 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the extent that paragraph 37 alleges facts, KPF denies them.

38.    Admits, upon information and belief, the allegations contained in paragraph 38 of the Complaint.

39.    Admits, upon information and belief, the allegations contained in paragraph 39 of the Complaint.

40.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41.    With respect to the allegations contained in paragraph 41 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

42.    Admits the allegations contained in paragraph 42 of the Complaint.

43.    With respect to the allegations contained in paragraph 43 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

44.    With respect to the allegations contained in paragraph 44 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

45.    Denies the allegations contained in paragraph 45 of the Complaint.

46.    With respect to the allegations contained in paragraph 46 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

47.    With respect to the allegations contained in paragraph 47 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

48.    With respect to the allegations contained in paragraph 48 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

### ANSWER AS TO THE FIRST COUNT
#### (Breach of Contract)

49.    KPF repeats and realleges each of its answers to the allegations contained in Paragraphs 1 through 48 of the Complaint as though set forth fully herein.

50.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51.    Denies knowledge or information sufficient to form a belief as to the truth

7

of the allegations contained in Paragraph 51 of the Complaint, except admits, upon information and belief, that the subject building has been open, occupied and utilized for several years.

52.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54.    With respect to the allegations contained in paragraph 54 of the Complaint, such allegations state a legal conclusion as to which no answer is required. To the extent that paragraph 54 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

55.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

### ANSWER AS TO THE SECOND COUNT
**(Impact Claim of Trataros)**

56.    KPF repeats and realleges each of its answers to the allegations contained in Paragraphs 1 through 55 of the Complaint as though set forth fully herein.

57.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58.    With respect to the allegations contained in paragraph 58 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

59.    With respect to the allegations contained in paragraph 59 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

8

60.    With respect to the allegations contained in paragraph 60 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the extent that paragraph 60 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.Denies knowledge or information sufficient to form a belief as to the truth

61.    Denies the allegations contained in paragraph 61 of the Complaint.

62.    Denies the allegations contained in paragraph 62 of the Complaint.

63.    With respect to the allegations contained in paragraph 63 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the extent that paragraph 63 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

64.    With respect to the allegations contained in paragraph 64 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the extent that paragraph 64 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

65.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.

66.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67.    Denies the allegations contained in paragraph 67 of the Complaint.

## ANSWER AS TO THE THIRD COUNT
### (Pass Through Claims)

68.    KPF repeats and realleges each of its answers to the allegations contained in Paragraphs 1 through 67 of the Complaint as though set forth fully herein.

69.    Denies knowledge or information sufficient to form a belief as to the truth

9

of the allegations contained in Paragraph 69 of the Complaint.

70.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.    With respect to the allegations contained in paragraph 72 of the Complaint, such allegations state a legal conclusion as to which no answer is required. To the extent that paragraph 72 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth, except specifically denies that any action or inaction by or attributable to KPF caused any damages for which DASNY or any other party is liable to Travelers, Trataros or any of Trataros' subcontractors.

73.    With respect to the allegations contained in paragraph 73 of the Complaint, such allegations state a legal conclusion as to which no answer is required. To the extent that paragraph 73 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth, except specifically denies that any action or inaction by or attributable to KPF caused any damages for which DASNY or any other party is liable to Travelers, Trataros or any of Trataros' subcontractors.

74.    With respect to the allegations contained in paragraph 74 of the Complaint, such allegations state a legal conclusion as to which no answer is required. To the extent that paragraph 74 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

75.    With respect to the allegations contained in paragraph 75 of the Complaint, such allegations state a legal conclusion as to which no answer is required. To the

extent that paragraph 75 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

## ANSWER AS TO THE FOURTH COUNT

77.     KPF repeats and realleges each of its answers to the allegations contained in Paragraphs 1 through 76 of the Complaint as though set forth fully herein.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint, except specifically denies that Travelers incurred any loss attributable, in whole or in part, to any actionable conduct or omission by or attributable to KPF.

79.     With respect to the allegations contained in paragraph 79 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the extent that paragraph 79 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

## ANSWER AS TO THE FIFTH COUNT

80.     KPF repeats and realleges each of its answers to the allegations contained in Paragraphs 1 through 79 of the Complaint as though set forth fully herein.

81.     Admits the allegations contained in Paragraph 81 of the Complaint.

82.     Admits the allegations contained in paragraph 82 of the Complaint.

83.     With respect to the allegations contained in paragraph 83 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the extent that paragraph 83 alleges facts, KPF admits them upon information and belief.

11

84.    With respect to the allegations contained in paragraph 84 of the Complaint, such allegations state a legal conclusion as to which no answer is required. To the extent that paragraph 84 alleges facts, KPF admits them upon information and belief.

85.    With respect to the allegations contained in paragraph 85 of the Complaint, such allegations state a legal conclusion as to which no answer is required. To the extent that paragraph 85 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

86.    With respect to the allegations contained in paragraph 86 of the Complaint, such allegations state a legal conclusion as to which no answer is required. To the extent that paragraph 86 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

## ANSWER AS TO THE SIXTH COUNT

87.    KPF repeats and realleges each of its answers to the allegations contained in Paragraphs 1 through 86 of the Complaint as though set forth fully herein.

88.    Admits so much of paragraph 88 of the Complaint as alleges that DASNY engaged KPF to perform architectural services for the Project, and respectfully refers the Court to agreement number 650018023145, dated September 14, 1995 between DASNY, acting on behalf of the City University of New York, and KPF for the terms and conditions thereof.

89.    Denies each and every allegation contained in Paragraph 89 of the Complaint and affirmatively alleges that KPF made substantial efforts to mitigate the impact of problems caused by Trataros and its subcontractors' failure to timely or properly perform their services.

90.    Denies each and every allegation contained in Paragraph 90 of the Complaint.

91.    Denies each and every allegation contained in Paragraph 91 of the Complaint.

92.    Denies each and every allegation contained in Paragraph 92 of the Complaint.

93.    Denies each and every allegation contained in Paragraph 93 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

94.    The Court lacks subject matter jurisdiction over this controversy.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

95.    The Complaint fails to state a cause of action against KPF upon which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

96.    The Complaint against KPF is barred by Plaintiff's and/or its subrogor's or assignor's contributory negligence.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

97.    Some or all of Plaintiff's claims against KPF are barred by the applicable Statute of Limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

98.    Plaintiff's claims against KPF are barred by waiver, payment and release.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

99.    Plaintiff is estopped from bringing the cause of action set forth against KPF in the Complaint.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

100.    Whatever damages Plaintiff may have sustained as alleged in the Complaint against KPF, all of which is denied by KPF, were caused in whole or in part by the culpable conduct of the Plaintiff and/or its subrogor or its assignor. The amount of damages recovered, if any, shall therefore be diminished in the proportion which the culpable conduct, attributable to Plaintiff, bears to the culpable conduct which caused these alleged damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

101.    The damages alleged in the Complaint against KPF were caused by the culpable conduct of some third person or persons over whom KPF neither had nor exercised control.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

102.    The claims alleged in the Complaint against KPF are barred by the doctrines of waiver and/or laches.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

103.    Plaintiff's claims are barred because Plaintiff, its subrogor and its assignor lack privity with KPF or the functional equivalent thereof.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

104.    Jurisdiction in this Court is improper due to the existence of prior pending actions.

14

## DEMAND FOR A JURY TRIAL

Defendant Kohn Pedersen Fox Associates, P.C. demands trial by jury as to all issues in the above matter.

**WHEREFORE**, Defendant Kohn Pedersen Fox Associates, P.C. demands judgment,

(a)    Dismissing the Complaint in its entirety;

(b)    Awarding KPF its all attorneys' fees, disbursements and costs incurred in defending this Complaint; and

(c)    Granting such other and further relief as to this Court seems just and proper.

Dated:    New York, New York
           February 1, 2007

                                 **ZETLIN & DE CHIARA LLP**
                                 /s/ David Abramovitz, Esq. (DA-8214)
                                 *Attorneys for Defendant*
                                        *Kohn Pedersen Fox Associates, P.C.*
                                 801 Second Avenue
                                 New York, New York  10017
                                 (212) 682-6800

15