UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
TRAVELERS CASUALTY AND SURETY COMPANY           : 07 Civ. 6915 (DLC)
as Administrator for RELIANCE INSURANCE         : ECF CASE
COMPANY,
                                                :
                          Plaintiff,           **DEFENDANT KOHN**
                                                : **PEDERSEN FOX**
        -against-                             **ASSOCIATES, P.C.'S**
                                                : **ANSWER TO**
DORMITORY AUTHORITY - STATE OF NEW YORK,        **CROSS-CLAIMS**
TDX CONSTRUCTION CORP. and KOHN PEDERSEN        : **OF DEFENDANTS**
FOX ASSOCIATES, P.C.,                           **DORMITORY AUTHORITY**
                                                : **– STATE OF NEW YORK**
                          Defendants.  **and TDX**
-------------------------------------------------------------------- X **CONSTRUCTION CORP.**

DORMITORY AUTHORITY OF THE STATE OF NEW        : ***Electronically Filed***
YORK and TDX CONSTRUCTION CORP.,
                                                :
                 Third-Party Plaintiffs,
                                                :
        -against-
                                                :
TRATAROS CONSTRUCTION, INC.,
                                                :
                 Third-Party Defendant.
-------------------------------------------------------------------- X
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,                    :

                 Fourth-Party Plaintiffs,   :

        -against-                              :

CAROLINA CASUALTY INSURANCE COMPANY, *et*       :
*al.*,
                                                :
                 Fourth-Party Defendants.
-------------------------------------------------------------------- X

```
------------------------------------------------------------------- X
KOHN PEDERSEN FOX ASSOCIATES, P.C.,               :
                    Third-Party Plaintiff,        :
        -against-                                 :
WEIDLINGER ASSOCIATES CONSULTING                  :
ENGINEERS, P.C., CASTRO-BLANCO PISCIONERI         :
AND ASSOCIATES, ARCHITECTS, P.C.,
ARQUITECTONICA NEW YORK, P.C., COSENTINI          :
ASSOCIATES, INC., CERMAK, PETERKA PETERSEN,
INC. JORDAN PANEL SYSTEMS CORP., TRATAROS         :
CONSTRUCTION, INC. and LBL SKYSYSTEMS
(U.S.A.), INC.,                                   :
                    Third-Party Defendants.       :
------------------------------------------------------------------- X
```

Defendant Kohn Pedersen Fox Associates, P.C. ("KPF"), by its attorneys, Zetlin & De Chiara, LLP, as and for its Answer to the Cross-Claims of Defendants Dormitory Authority – State of New York ("DASNY") and TDX Construction Corp. ("TDX"), respectfully alleges and says as follows:

Parties, Jurisdiction and Venue

1.  Admits upon information and belief the allegations set forth in paragraph 157 of the Answer of DASNY and TDX with Affirmative Defenses, Counterclaims and Cross-Claims (hereinafter the "Cross-Claims").

2.  Admits upon information and belief the allegations set forth in paragraph 158 of the Cross-Claims.

3.  Admits the allegations set forth in paragraph 159 of the Cross-Claims.

4.  The allegations set forth in paragraph 160 of the Cross-Claims assert a conclusion of law to which no response is required. To the extent that a response is required, KPF denies knowledge or information sufficient to form a belief as to the truth of the allegations

set forth in paragraph 160 of the Cross-Claims and respectfully refers the Court to the provisions of 28 U.S.C. § 1367(a) for the terms and substance thereof.

5. The allegations set forth in paragraph 161 of the Cross-Claims assert a conclusion of law to which no response is required. To the extent that a response is required, KPF denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 161 of the Cross-Claims and respectfully refers the Court to the provisions of 28 U.S.C. § 1391(a)(2) for the terms and substance thereof.

6. Admits the allegations set forth in paragraph 162 of the Cross-Claims.

## Facts

7. With respect to the allegations set forth in paragraph 163 of the Cross-Claims, admits that it entered into a written agreement with DASNY for the provision of professional design services in connection with the Baruch Academic Complex – Site B, at 55 Lexington Avenue, New York, New York 10010 (the "Project"), known as Contract No. 6500 1802 3145 (the "KPF Agreement"), and begs leave to refer to the written KPF Agreement for the terms and substance thereof.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164 of the Cross-Claims.

9. Admits so much of paragraph 165 of the Cross-Claims as alleges that the Project fronts on Lexington Avenue and East 24th and 25th Streets, that the Project as designed contains approximately 785,000 gross square feet and that the Project was designed to house various of Baruch College's graduate and undergraduate programs and ancillary facilities, and further states that the Project contains 14 stories above grade. Except as set forth herein, KPF

denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 165 of the Cross-Claims.

        10.    Admits the allegations set forth in paragraph 166 of the Cross-Claims.

        11.    Admits so much of paragraph 167 of the Cross-Claims as alleges that the KPF Agreement included terms and conditions setting forth KPF's duties and obligations with respect to the Project and respectfully refers the Court to the KPF Agreement for its terms and conditions.

        12.    Admits so much of paragraph 168 of the Cross-Claims as alleges that the KPF Agreement included an Appendix A titled "Scope of Services of Architect" and respectfully refers the Court to such documents for its terms and conditions.

        13.    Admits the allegations set forth in paragraph 169 of the Cross-Claims and respectfully refers the Court to the written agreements referred to therein for their terms and conditions.

        14.    Denies the allegations set forth in paragraph 170 of the Cross-Claims and respectfully refers the Court to the written KPF Agreement for the terms and substance thereof.

        15.    Admits so much of paragraph 171 of the Cross-Claims as alleges that KPF and its consultants prepared plans, specifications and related design information for the Project and otherwise denies that allegations set forth in paragraph 171 of the Cross-Claims.

        16.    Denies the allegations set forth in paragraph 172 of the Cross-Claims.

        17.    With respect to the allegations set forth in paragraph 173 of the Cross-Claims, states that DASNY made certain claims similar to those alleged and otherwise denies the allegations set forth in paragraph 173 of the Cross-Claims.

        18.    Denies the allegations contained in paragraph 174 of the Cross-Claims.

19. Denies the allegations set forth in paragraph 175 of the Cross-Claims.

20. Admits, upon information and belief, so much of paragraph 176 of the Cross-Claims as alleges that trade construction contractors made claims for additional compensation and time extensions in connection with their work on the Project and otherwise denies that allegations set forth in paragraph 176 of the Cross-Claims.

21. Admits, upon information and belief, so much of paragraph 177 of the Cross-Claims as alleges that DASNY has been named as a defendant in certain lawsuits filed in the New York State courts, and otherwise denies that allegations set forth in paragraph 177 of the Cross-Claims.

22. Admits, upon information and belief, so much of paragraph 178 of the Cross-Claims as alleges that DASNY and TDX have been named as defendants in the within action and respectfully refers the Court to the Complaint filed by the plaintiff for the allegations thereof.

23. Denies the allegations set forth in paragraph 179 of the Cross-Claims.

**AS AND FOR AN ANSWER TO THE FIRST CROSS-CLAIM**

24. Repeats and realleges its answers to paragraphs 157 through 179 of the Cross-Claims, as set forth in paragraphs 1 through 23 above, as though fully set forth herein.

25. Denies the allegations set forth in paragraph 181 of the Cross-Claims and respectfully refers the Court to the KPF Agreement for its terms and conditions.

26. Denies the allegations set forth in paragraph 182 of the Cross-Claims.

**AS AND FOR AN ANSWER TO THE SECOND CROSS-CLAIM**

27. Repeats and realleges its answers to paragraphs 157 through 182 of the Cross-Claims, as set forth in paragraphs 1 through 26 above, as though fully set forth herein.

28. Denies the allegations set forth in paragraph 184 of the Cross-Claims.

29. Denies the allegations set forth in paragraph 185 of the Cross-Claims.

30. Denies the allegations set forth in paragraph 186 of the Cross-Claims.

### AS AND FOR AN ANSWER TO THE THIRD CROSS-CLAIM

31. Repeats and realleges its answers to paragraphs 157 through 186 of the Cross-Claims, as set forth in paragraphs 1 through 30 above, as though fully set forth herein.

32. Denies the allegations set forth in paragraph 188 of the Cross-Claims.

33. Denies the allegations set forth in paragraph 189 of the Cross-Claims.

34. Denies the allegations set forth in paragraph 190 of the Cross-Claims.

### AS AND FOR AN ANSWER TO THE FOURTH CROSS-CLAIM

35. Repeats and realleges its answers to paragraphs 157 through 190 of the Cross-Claims, as set forth in paragraphs 1 through 34 above, as though fully set forth herein.

36. Denies the allegations set forth in paragraph 192 of the Cross-Claims.

37. Denies the allegations set forth in paragraph 193 of the Cross-Claims.

38. Denies the allegations set forth in paragraph 194 of the Cross-Claims.

### AS AND FOR AN ANSWER TO THE FIFTH CROSS-CLAIM

39. Repeats and realleges its answers to paragraphs 157 through 194 of the Cross-Claims, as set forth in paragraphs 1 through 38 above, as though fully set forth herein.

40. Denies the allegations set forth in paragraph 196 of the Cross-Claims.

41. Denies the allegations set forth in paragraph 197 of the Cross-Claims.

42. Denies the allegations set forth in paragraph 198 of the Cross-Claims.

## AS AND FOR AN ANSWER TO THE SIXTH CROSS-CLAIM

43. Repeats and realleges its answers to paragraphs 157 through 198 of the Cross-Claims, as set forth in paragraphs 1 through 42 above, as though fully set forth herein.

44. Denies the allegations set forth in paragraph 200 of the Cross-Claims.

45. Denies the allegations set forth in paragraph 201 of the Cross-Claims.

## AS AND FOR AN ANSWER TO THE SEVENTH CROSS-CLAIM

46. Repeats and realleges its answers to paragraphs 157 through 201 of the Cross-Claims, as set forth in paragraphs 1 through 45 above, as though fully set forth herein.

47. Denies the allegations set forth in paragraph 203 of the Cross-Claims.

48. Denies the allegations set forth in paragraph 204 of the Cross-Claims.

49. Denies the allegations set forth in paragraph 205 of the Cross-Claims.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

50. The Court lacks subject matter jurisdiction over this controversy.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

51. The Court cannot proceed with this action in the absence of Trataros Construction, Inc. ("Trataros"), which is a necessary party to this action

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

52. The Cross-Claims fail to state a cause of action against KPF upon which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

53. The Cross-Claims against KPF are barred by DASNY', TDX's and/or other parties breaches of contract.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

54. The Cross-Claims against KPF are barred by the contributory negligence of DASNY, TDX, Trataros and/or other parties not before the Court.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

55. Some or all of the Cross-Claims against KPF are barred by the applicable Statute of Limitations.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

56. The Cross-Claims against KPF are barred by waiver, payment and release.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

57. The Cross-Claims against KPF are barred by estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

58. Whatever damages DASNY and/or TDX may have sustained as mentioned in the Cross-Claims and/or as a result of the allegations in the Complaint, all of which are denied by KPF, were caused in whole or in part by the culpable conduct of DASNY and/or TDX. The amount of damages recovered, if any, shall therefore be diminished in the proportion which the culpable conduct attributable to DASNY and/or TDX bears to the culpable conduct which caused these alleged damages.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

59. The damages alleged in the Cross-Claims were caused by the culpable conduct of some third person or persons over whom KPF neither had nor exercised control.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

60. The claims alleged in the Cross-Claims are barred by the doctrines of waiver and/or laches.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

61. Some or all of the Cross-Claims are barred by the Statute of Frauds.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

62. Jurisdiction in this Court is inappropriate due to the existence of prior pending actions in the Supreme Court of the State of New York.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

63. Any alleged liability of KPF is derivative of and secondary to the liability of Trataros for damages being claimed in the causes of action set forth against KPF in the Complaint and in the Cross-Claims. Therefore, DASNY and TDX must first seek damages from Trataros before they may pursue the Cross-Claims against KPF.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

64. Any alleged liability of KPF is derivative of and secondary to the liability of TDX for damages being claimed in the causes of action set forth against KPF in the Complaint and in the Cross-Claims. Therefore, DASNY must first seek damages from TDX before they may pursue the Cross-Claims against KPF.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

65. Any alleged liability of KPF is derivative of and secondary to the liability of DASNY for damages being claimed in the causes of action set forth against KPF in the Complaint and in the Cross-Claims. Therefore, TDX must first seek damages from DASNY before they may pursue the Cross-Claims against KPF.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

66. The Cross-Claims are barred by DASNY's and/or TDX's unclean hands or other inequitable conduct.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

67.     TDX's Cross-Claims are barred by the lack of privity.

### AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

68.     TDX's Cross-Claims are barred by the economic loss doctrine.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

68.     TDX's Cross-Claims are barred by the absence of any duty owed by KPF to Plaintiff, Trataros, Trataros' subcontractors and/or to TDX.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

69.     TDX's Cross-Claims are barred by the lack of privity.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

70.     The Cross-Claims are barred to the extent that Trataros, DASNY and/or TDX is responsible for the alleged cost overruns and delays the KPF is alleged to be liable for in the Complaint and/or the Cross-Claims.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

71.     The Cross-Claims are barred to the extent they seek payment for alleged damages that (1) cannot be substantiated through contemporaneous Project records; (2) Plaintiff, DASNY and/or TDX knows is in excess of losses actually incurred; or (3) that Plaintiff, DASN and/or TDX knows is not due and owing from KPF.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

72.     The Cross-Claims are barred or limited to the extent that DASNY and/or TDX are seeking to recover costs or damages that are unreasonable, duplicative or inappropriate.

## DEMAND FOR A JURY TRIAL

Defendant Kohn Pedersen Fox Associates, P.C. demands trial by jury as to all issues in the above matter.

**WHEREFORE**, Defendant Kohn Pedersen Fox Associates, P.C. demands an Order,

(a) Dismissing the Cross-Claims in their entirety;

(b) Awarding its attorneys' fees, disbursements and costs incurred in defending these Cross-Claims; and

(c) Granting such other and further relief as to this Court shall seem just and proper.

Dated:   New York, New York
         February 1, 2008

                                              **ZETLIN & DE CHIARA LLP**
*Attorneys for Defendant*
    *Kohn Pedersen Fox Associates, P.C.*
s/David Abramovitz
Michael K. De Chiara, Esq.
David Abramovitz, Esq.
801 Second Avenue
New York, New York 10017
(212) 682-6800

11