**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>  vs.<br><br>DORMITORY AUTHORITY - STATE OF NEW YORK, et al.<br><br>       Defendants. | Case No. 07-CV-6915 (DLC)<br>**ECF CASE** |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP.,<br><br>       Third-Party Plaintiffs,<br><br>  vs.<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>       Third-Party Defendant. | **DECLARATION OF ELI J. ROGERS IN OPPOSITION TO SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC'S MOTION TO DISMISS** |
| TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>       Fourth-Party Plaintiffs,<br><br>  vs.<br><br>CAROLINA CASUALTY INSURANCE COMPANY, et al.<br><br>       Fourth-Party Defendants. | |

  **ELI J. ROGERS**, of full age and under penalty of perjury, pursuant to 28 U.S.C. § 1746 and Local Civil Rule 1.10, declares as follows.

  1.  I am associated with the law firm of Dreifuss Bonacci & Parker, LLP, attorneys for Travelers Casualty and Surety Company ("Travelers") and Trataros Construction, Inc. ("Trataros") in the above-captioned matter, and I submit this Declaration in opposition to the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Fourth-Party Defendant, Specialty Construction Brands, Inc. t/a TEC ("TEC").

A.      **Relevant Procedural History**

2.      On August 1, 2007, Travelers filed its "Complaint and Jury Demand" (hereinafter, the "Complaint") in the within action, as alleged in the Fourth-Party Complaint filed by Travelers and Trataros. (See, **Exhibit A** hereto, Travelers' and Trataros' Fourth-Party Complaint filed on November 13, 2007, at ¶ 19.)  Travelers' claims herein relate to a certain construction project known as Baruch College, Site B (hereinafter, the "Project"). (Id., ¶¶ 19 & 30.)

3.      On or about September 28, 2007, Defendants, Dormitory Authority - State of New York ("DASNY") and TDX Construction Corp. ("TDX") filed their "Answer of DASNY and TDX with Affirmative Defenses, Counterclaims, and Cross-Claims" (hereinafter, the "DASNY/TDX Answer"). (Id., ¶ 20.)

4.      The DASNY/TDX Answer alleged a number of counterclaims against Travelers, including a counterclaim regarding alleged construction defects purportedly attributable to work performed by Trataros and/or its subcontractors/suppliers. (Id., ¶¶ 20 & 52.)  DASNY/TDX allege that their claim(s) for purportedly defective work includes a claim relating to the "installation of the Project's epoxy terrazzo flooring." (Id., ¶ 52.)

5.      On or about September 28, 2007, DASNY and TDX filed their Third-Party Complaint, impleading Trataros into the within action. (Id., ¶ 23.)

6.      The Third-Party Complaint alleged a number of claims against Trataros, including a claim that Trataros and/or its subcontractors/suppliers performed allegedly defective construction work on the Project, including purported defects in the Project's epoxy terrazzo floor system. (Id., ¶¶ 23 & 54-57.)  In its third-party construction defect claim, DASNY seeks entry of judgment against Trataros for alleged damages in excess of $20 Million. (Id., ¶ 25.)

7. On November 14, 2007, Travelers and Trataros filed a Fourth-Party Complaint, impleading TEC, among others. TEC moved to dismiss the Fourth-Party Complaint under Rule 12(b)(6), on or about January 14, 2008. A true and correct copy of the Fourth-Party Complaint is attached hereto as Exhibit A.

### B. Fourth-Party Defendants' Cross-Claims Against TEC

8. On or about December 14, 2007, Fourth-Party Defendant Carolina Casualty Insurance Company filed its "Answer to Fourth-Party Complaint" (hereinafter, "Carolina Casualty's Answer"). A true and correct copy of Carolina Casualty's Answer is attached hereto as **Exhibit B**.

9. Carolina Casualty's Answer appears to allege and/or imply that Carolina Casualty is entitled to enforce the rights, claims and defenses of G.M. Crocetti, Inc. ("Crocetti"), one of Trataros' subcontractors on the Project. (Exhibit B, ¶¶ Sixteenth to Nineteenth, Thirty-Ninth & Forty-Sixth.) (And see, Exhibit A, ¶¶ 39-41 & 44-45.) For example, Carolina Casualty alleges that "money Trataros [and/or Travelers] owes Crocetti is supposed to go to Carolina, under agreements between Carolina and Crocetti." (Id., ¶¶ Thirty-Ninth & Forty-Sixth.)

10. In seeming exercise of Crocetti's aforesaid rights, claims and defenses, Carolina Casualty asserts a cross-claim for indemnification against TEC, predicated upon Crocetti's implied and express warranty rights as against TEC. (Id., ¶¶ Twenty-Second to Twenty-Fifth.)

11. On or about November 30, 2007, fourth-party defendant Dayton Superior Specialty Chemical Corp. a/k/a Dayton Superior Corp. ("Dayton Superior") filed its Answer to Fourth Party Complaint (hereinafter, "Dayton Superior's Answer"). A true and correct copy of Dayton Superior's Answer is attached hereto as **Exhibit C**.

12. Dayton Superior's Answer alleges a cross-claim against TEC, among others, seeking "apportionment and full recovery of any damages awarded against" Dayton Superior. (Exhibit C, p. 9)

13. In its cross-claim, Dayton Superior alleges that liability may exist on TEC's part as a result of "negligence … in the installation of the flooring system and <u>in the providing and use of improper product as well as the failure to provide appropriate instructions and directions for the use of said product</u>." (<u>Id</u>.) (Emphasis added.)

14. On or about December 10, 2007, fourth-party defendant Bartec Industries, Inc. ("Bartec") filed its Answer to Fourth Party Complaint with Cross-Claims and Counterclaim (hereinafter, "Bartec's Answer"). Bartec's Answer alleges a cross-claim against TEC, among others, seeking indemnification and/or contribution for any damages awarded against Bartec in favor of the Fourth-Party Plaintiffs. A true and correct copy of Bartec's Answer is attached hereto as **Exhibit D**.

15. Since Exhibits B through D hereto are public documents previously filed with the Court, Travelers and Trataros respectfully submit that this Court may appropriately take judicial notice of the allegations respectively pleaded by Carolina Casualty, Dayton Superior and Bartec, for purposes of TEC's pending motion to dismiss pursuant to Rule 12(b)(6).

    C.    <u>The Crocetti Subcontract</u>

16. The Fourth-Party Complaint seeks, among other things, indemnification and/or contribution for such damages as may be awarded to DASNY and/or TDX in connection with the claims set forth in the Third-Party Complaint and/or DASNY/TDX's counterclaims against Travelers. (<u>E.g.</u>, <u>Id</u>., ¶¶ 106-112 & "Wherefore clause", p. 21.) Among the claims for which Travelers and Trataros seek indemnity and/or contribution are certain claims made by DASNY

and TDX regarding alleged defects in the Project's epoxy terrazzo flooring system. (Id., ¶¶ 52, 55-61.)

17.     The Fourth-Party Complaint alleges that Trataros entered into a subcontract with Crocetti in connection with a portion of Trataros' work under a certain co-prime contract for the Project known as "Contract No. 16." (Id., ¶¶ 36-39.) The work subcontracted to Crocetti related to, *inter alia*, interior stonework, precast terrazzo flooring, and epoxy terrazzo flooring, including installation of a portion of the Project's epoxy terrazzo flooring system. (Id., ¶¶ 40-41.)

18.     As further alleged in the Fourth-Party Complaint, TEC supplied and/or manufactured certain materials to Crocetti in connection with the performance of Crocetti's aforesaid subcontract with Trataros, such that TEC's materials were incorporated into the Project by Crocetti. (Id., ¶¶ 40-41.) Nothing in the present record establishes that TEC supplied and/or manufactured any materials used/installed by Bartec and/or the Project's structural concrete co-prime contractor. Upon information and belief, TEC does not claim to have supplied and/or manufactured any materials used/installed by Bartec and/or the Project's structural concrete co-prime contractor.

19.     The Fourth-Party Complaint further alleges that the claims asserted by DASNY and/or TDX in the Third-Party Complaint potentially implicate a breach of Crocetti's subcontract with Trataros. (Id., ¶¶ 87-88, 94-96, and see, id., ¶¶ 56-57.)

20.     In the Fourth-Party Complaint, Travelers and Trataros allege claims against Crocetti's surety, Carolina Casualty, among others. (Id., ¶¶ 85-96.) Travelers' and Trataros' claims against Carolina Casualty are in part contingent upon a determination by the trier of fact that Crocetti breached its duties under its subcontract with Trataros. (Id., ¶¶ 87-88, 94-96.)

21. In light of the foregoing, Travelers and Trataros respectfully submit that Crocetti's subcontract with Trataros is integral to the allegations of the Fourth-Party Complaint, and that said subcontract may appropriately be considered by this Court in connection with TEC's Rule 12(b)(6) motion to dismiss.

22. In connection with a prior action arising from the Project, and prior to Crocetti's filing for bankruptcy protection, the undersigned inspected documents made available from the files of Crocetti, at the offices of Crocetti's then-counsel.

23. In response to my request for copies made at the end of said document inspection, Crocetti and/or its then-counsel produced to our office a number of "bates-stamped" documents, paginated with production numbers beginning with the prefix "CR."

24. A true and correct copy of Crocetti's subcontract with Trataros (the "Crocetti subcontract"), from the aforesaid documents previously produced by Crocetti, and reproduced here in the form produced by Crocetti's former counsel, is attached hereto as **Exhibit E**.

25. The Crocetti subcontract, in form substantially similar to Exhibit E, was also produced to our office by DASNY, as part of a document production undertaken in connection with a prior action. The aforesaid documents produced by DASNY are bates-stamped with production numbers beginning with the prefix "DASNY_TRAVELERS2."

26. The Crocetti subcontract also exists, in form substantially similar to Exhibit E, in Trataros' project files maintained over the course of the Project.

27. Upon information and belief, counsel for TEC inspected Trataros' project files for the Project in or about August, 2005, in connection with a prior action.

28. In the event this Court deems that further qualification of the Crocetti subcontract is necessary, Travelers and Trataros will furnish same, as may be directed by the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: Florham Park, New Jersey
February 4, 2008

_____/S/_____
Eli J. Rogers, Esq. (ER-6564)