# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,

    Plaintiff,

vs.

DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,

    Defendants.

Case No.: 07-CV-6915 (DLC)
**ECF CASE**

**ANSWER TO FOURTH PARTY COMPLAINT**

DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP.,

    Third-Party Plaintiff,

vs.

TRATAROS CONSTRUCTION, INC.

    Third-Party Defendant.

TRATAROS CONSTRUCTION, INC., and TRAVELERS CASUALTY AND SURETY COMPANY

    Fourth-Party Plaintiffs,

vs.

CAROLINA CASUALTY INSURANCE COMPANY; BARTEZ INDUSTRIES, INC.; DAYTON SUPERIOR SPECIALTY CHEMICAL CORP. a/k/a DAYTON SUPERIOR CORPORATION; SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.; UNITED STATES FIRE INSURANCE COMPANY; ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. f/k/a COMMERCIAL UNDERWRITERS INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY

d/b/a ZURICH INSURANCE COMPANY; OHIO CASUALTY
INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP;;
HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a
HARLEYSVILLE INSURANCE COMPANY); JOHN DOES 1-
20 AND XYZ CORPS. 1-12,

      Fourth-Party Defendants.

---

  Fourth-Party Defendant, DAYTON SUPERIOR CORPORATION S/H/A DAYTON SUPERIOR SPECIALTY CHEMICAL CORP. a/k/a DAYTON SUPERIOR CORPORATION, by its attorneys, Goldberg Segalla LLP, as and for its Fourth-Party Answer to Fourth-Party Plaintiffs' Fourth-Party Complaint, states the following, upon information and belief:

### *Parties, Jurisdiction, and Venue*

  FIRST:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "1", "2", "3", "4, "6', "7", "8", "9", "10", "11", "12", "13" and "14" of Fourth-Party Plaintiff's Fourth Party Complaint.

  SECOND:  Deny the allegations in the paragraph designated as "5" except admits that Dayton Superior Corporation and /or its predecessors, successors, parents, subsidiaries, affiliates, and/or divisions is incorporated in the State of Delaware with its principal place of business located at 4226 Kansas Avenue, Kansas City, Kansas 66106.

  THIRD:  Admits the allegations in the paragraphs designated as "15" and "16" of Fourth-Party Plaintiffs' Fourth-Party Complaint.

*Interested Non-Parties*

FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "17" and "18" of Fourth-Party Plaintiff's Fourth Party Complaint.

*Procedural Background*

FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "19", "20", "21", "22", "23", "24", "25", "26", "27", "28" and "29" of Fourth-Party Plaintiff's Fourth Party Complaint.

*Facts Common to All Counts*

SIXTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "30", "31", "32", "33", "34", "35", "36", "37", "38", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60" and "61" of Fourth-Party Plaintiff's Fourth Party Complaint.

SEVENTH: Admits the allegations in the paragraphs designated as "39", "40" and "41" of Fourth-Party Plaintiffs' Fourth-Party Complaint.

**AS AND FOR A RESPONSE TO THE FIRST COUNT**

*(Contractual Indemnification & Exoneration against Bartec)*

EIGHTH: In answer to the paragraph designated as "62" of the Fourth Party Complaint, fourth-party defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "FIRST" through "SEVENTH" of this Answer to Fourth Party Complaint with the same force and effect as if they were set forth fully and at length herein.

NINTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "63", "64", "65", "66", "67", "68", "69" and "70"" of Fourth-Party Plaintiff's Fourth Party Complaint.

## AS AND FOR A RESPONSE TO THE SECOND COUNT

TENTH: In answer to the paragraph designated as "71" of the Fourth Party Complaint, fourth-party defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "FIRST" through "NINTH" of this Answer to Fourth Party Complaint with the same force and effect as if they were set forth fully and at length herein.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "72", "73", "74", "75", "76" and "77" of Fourth-Party Plaintiff's Fourth Party Complaint.

## AS AND FOR A RESPONSE TO THE THIRD COUNT

*(Professional Negligence, Simple negligence, Common-Law Indemnification, Contribution & Exoneration against Bartec)*

TWELFTH: In answer to the paragraph designated as "78" of the Fourth Party Complaint, fourth-party defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "FIRST" through "ELEVENTH" of this Answer to Fourth Party Complaint with the same force and effect as if they were set forth fully and at length herein.

THIRTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "79", "80", "81", "82", "83" and "84" of Fourth-Party Plaintiff's Fourth Party Complaint.

4

## AS AND FOR A RESPONSE TO THE FOURTH COUNT

*(Performance Bond Claim Against Carolina Casualty by Trataros)*

FOURTEENTH:   In answer to the paragraph designated as "85" of the Fourth Party Complaint, fourth-party defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "FIRST" through "THIRTEENTH" of this Answer to Fourth Party Complaint with the same force and effect as if they were set forth fully and at length herein.

FIFTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "86", "87' and "88" of Fourth-Party Plaintiff's Fourth Party Complaint.

## AS AND FOR A RESPONSE TO THE FIFTH COUNT

*(Performance Bond Claim against Carolina Casualty by Travelers)*

SIXTEENTH: In answer to the paragraph designated as "89" of the Fourth Party Complaint, fourth-party defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "FIRST" through "FIFTEENTH" of this Answer to Fourth Party Complaint with the same force and effect as if they were set forth fully and at length herein.

SEVENTEENTH:   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "90", "91", "92", "93", "94", "95" and "96" of Fourth-Party Plaintiff's Fourth Party Complaint.

### AS AND FOR A RESPONSE TO THE SIXTH COUNT

*(Negligence, Breach of Contract, Breach of Warranty – Indemnification, contribution & Exoneration against Dayton Superior)*

EIGHTEENTH:    In answer to the paragraph designated as "97" of the Fourth Party Complaint, fourth-party defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "FIRST" through "SEVENTEENTH" of this Answer to Fourth Party Complaint with the same force and effect as if they were set forth fully and at length herein.

NINTEENTH: Deny the allegations in the paragraphs designated as "98", "99", "100", "101", "102", "103 and "104" of Fourth-Party Plaintiffs' Fourth-Party Complaint.

### AS AND FOR A RESPONSE TO THE SEVENTH COUNT

*(Negligence, Breach of Contract, Breach of Warranty – Indemnification Contribution & Exoneration against TEC)*

TWENTIETH:    In answer to the paragraph designated as "105" of the Fourth Party Complaint, fourth-party defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "FIRST" through "NINTEENTH" of this Answer to Fourth Party Complaint with the same force and effect as if they were set forth fully and at length herein.

TWENY-FIRST:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "106", "107", "108", "109", "110", "111" and "112" of Fourth-Party Plaintiff's Fourth Party Complaint.

### AS AND FOR A RESPONSE TO THE EIGHTH COUNT

*(Breach of Contract(s), Professional Negligence and/or Simple Negligence – Indemnification, Contribution & Exoneration against John Does 1-20 and XYZ Corps. 1-20)*

TWENTY-SECOND: In answer to the paragraph designated as "113" of the Fourth Party Complaint, fourth-party defendant repeats, reiterates and realleges each of the responses set forth

in paragraphs "FIRST" through "TWENTY-FIRST" of this Answer to Fourth Party Complaint with the same force and effect as if they were set forth fully and at length herein.

TWENTY-THIRD:   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "114", "115", "116", "117", "118", "119", "120" and "121" of Fourth-Party Plaintiff's Fourth Party Complaint.

### AS AND FOR A RESPONSE TO THE NINTH COUNT

*(Insurance Coverage – Declaratory judgment, Indemnification, contribution & Exoneration against Kemper, Great American, National Union, US Fire, allied World, Zurich, Ohio Casualty, Harleysville, and XYZ Corps. 1-20)*

TWENTY-FOURTH: In answer to the paragraph designated as "122" of the Fourth Party Complaint, fourth-party defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "FIRST" through "TWENY-THIRD" of this Answer to Fourth Party Complaint with the same force and effect as if they were set forth fully and at length herein.

TWENTY-FIFTH:   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "123", "124", "125", "126", "127", "128", "129", "130", "131", "132", "133", "134", "135", "136", "137", "138", 139", "140", "141", "142", "143", "144", "145", "146", 147", "148" and  "149" of Fourth-Party Plaintiff's Fourth Party Complaint.

### FIRST AFFIRMATIVE DEFENSE

TRATAROS CONSTRUCTION, INC., was comparatively negligent and their culpable conduct bars or diminishes a proportion of their claimed damages.

## SECOND AFFIRMATIVE DEFENSE

The Fourth-Party Complaint and the damages claimed therein must be reduced by the culpable conduct of DORMITORY AUTHORITY - STATE OF NEW YORK, TDX CONSTRUCTION AND KOHN PEDERSEN FOX ASSOCIATES, P.C.

## THIRD AFFIRMATIVE DEFENSE

The fourth-party plaintiff has failed to mitigate its damages and that of DORMITORY AUTHORITY – STATE OF NEW YORK.

## FOURTH AFFIRMATIVE DEFENSE

The damages sought are speculative and unsubstantiated.

## FIFTH AFFIRMATIVE DEFENSE

The fourth-party defendant DAYTON SUPERIOR CORPORATION S/H/A DAYTON SUPERIOR CHEMICAL CORP., A/K/A DAYTON SUPERIOR CORPORATION pleads Article 16 of CPLR and the limitations contained therein.

## COUNTERCLAIM AGAINST TRATAROS CONSTRUCTION, INC.

DAYTON SUPERIOR CORPORATION S/H/A DAYTON SUPERIOR CHEMICAL CORP., A/K/A DAYTON SUPERIOR CORPORATION (hereinafter "DSC") counterclaims against TRATAROS, for apportionment and full recovery of any damages awarded against DSC as determined by the relative culpability of TRATAROS for the damages claimed as a result of the negligence of TRATAROS in the supervision and control of the flooring work and the coordination of the work.

### AS AND FOR A CROSS-CLAIM AGAINST
### FOURTH-PARTY DEFENDANTS BARTEC INDUSTRIES, INC., SPECIALTY CONSTRUCTION BRANDS, INC. AND t/a TEC
### UPON INFORMATON AND BELIEF:

DAYTON SUPERIOR CORPORATION S/H/A DAYTON CHEMICAL CORP. A/K/A DAYTON SUPERIOR CORPORATION (hereinafter "DSC") hereby cross-claims against BARTEC INDUSTRIES, INC. (hereinafter "BARTEC") and SPECIALTY CONSTRUCTION BRANDS, INC., t/a TEC (hereinafter "TEC") for apportionment and full recovery of any damages awarded against DSC as determined by the relative culpability of BARTEC and TEC for the damages claimed as a result of the negligence of BARTEC and TEC in the installation of the flooring system and in the providing and use of an improper product as well as the failure to provide appropriate instructions and directions for the use of said product.

**WHEREFORE**, fourth-party defendant, DAYTON SUPERIOR CORPORATION S/H/A DAYTON SPECIALTY CHEMICAL CORP., A/K/A DAYTON SUPERIOR CORPORATION, demands that the Fourth Party Complaint be dismissed, together with the costs, attorneys' fees and disbursements of the within action, and such other, further or different relief which the Court may deem just and proper under the circumstances.

Dated: White Plains, New York
November 30, 2007

Yours, etc.

BY: _____
William G. Kelly, Esq. **(2982)**
GOLDBERG SEGALLA, LLP
**Attorneys for Fourth-Party Defendant**
**DAYTON SUPERIOR CORPORATION S/H/A DAYTON SPECIALTY CHEMICAL CORP. A/K/A DAYTON SUPERIOR CORPORATION**

170 Hamilton Avenue, Suite 203
White Plains, New York 10601-1717
(914) 798-5400
GS File No.: 15180.0001

TO:   JoAnne Bonacci (JB: 1354)
DREIFUSS BONACCI & PARKER, LLP
**Attorneys for Fourth-Party Plaintiffs**
**TRATAROS CONSTRUCTION, INC. and**
**TRAVELERS CASUALTY AND SURETY COMPANY**
26 Columbia Turnpike
North Entrance
Florham Park, New Jersey 07932
(973) 514-1414

David Aramovitz
Zeynel Karcioglu, Esq.
**Attorneys for Defendant**
**KOHN, PEDERSON, FOX & ASSOCIATES, P.C.**
36 East 20th Street
New York, N.Y. 10003
(212) 661-0722

Louis J. Dennis
Zetlin & DeChiara, LLP
801 Second Avenue
New York, N.Y. 10017
(212) 682-6800

Timothy B. Froessel, Esq. (FLA)
HOLLAND & KNIGHT, LLP
**Attorneys for Defendant/Third-Party Plaintiff**
**DORMITORY AUTHORITY OF THE STATE**
**OF NEW YORK**
195 Broadway
New York, New York 10007

Gary L. Rubin, Esq.
MAZUR, CARP & RUBIN, P.C.
**Attorneys for Defendant/Third-Party Plaintiff**
**TDX CONSTRUCTION CORP.**
1250 Broadway, 38th Floor
New York, New York 10001

93732.1

## ATTORNEY'S VERIFICATION

The undersigned, WILLIAM G. KELLY, an attorney admitted to practice in the Courts of the State of New York, affirms:

I am the attorney of record for DAYTON SUPERIOR CORPORATION S/H/A DAYTON SPECIALTY CHEMICAL CORPORATION A/K/A DAYTON SUPERIOR CORPORATION, the fourth-party defendant in the within action; I have read the foregoing **ANSWER TO FOURTH PARTY COMPLAINT** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

The grounds for my belief as to all matters not stated upon my knowledge are investigations which I have made or have caused to be made concerning the subject matter of this action, and statements of parties and/or witnesses made herein.

The reason this verification is made by deponent and not by an officer of defendant, is that none of its officers reside at or in the County of Westchester where our law office is located.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated:   White Plains, New York
         November 30, 2007

_____
WILLIAM G. KELLY (2982)

11

## **CERTIFICATION**

WILLIAM G. KELLY, an attorney admitted to practice law in the Courts of the State of New York, affirms under the penalties of perjury, that the following statements are true:

That I am the attorney for Fourth-Party Defendant, DAYTON SUPERIOR CORPORATION S/H/A DAYTON SPECIALTY CHEMICAL CORPORATION A/K/A DAYTON SUPERIOR CORPORATION.

That I certify to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that presentation of Fourth-Party Defendant's Answer to the Fourth Party Complaint and the contentions therein are not frivolous as defined in 22 NYCRR 130-1.1-a, et seq.

Dated: White Plains, New York
       November 30, 2007

Yours, etc.,

_____
William G. Kelly, Esq. (2992)
GOLDBERG SEGALLA LLP
**Attorneys for Fourth-Party Defendant**
**DAYTON SUPERIOR SPECIALTY**
**CHEMICAL CORP. A/K/A DAYTON**
**SUPERIOR CORPORATION**
170 Hamilton Avenue, Suite 203
White Plains, New York 10601-1717
(914) 798-5400
GS File No.: 15180.0001