UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
TRAVELERS CASUALTY AND SURETY COMPANY
as Administrator for RELIANCE INSURANCE
COMPANY,

       Plaintiff,

    -against-

DORMITORY AUTHORITY - STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN PEDERSEN
FOX ASSOCIATES, P.C.,

       Defendants.
------------------------------------------------------------------ X

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK and TDX CONSTRUCTION CORP.,

       Third-Party Plaintiffs,

    -against-

TRATAROS CONSTRUCTION, INC.,

       Third-Party Defendant.
------------------------------------------------------------------ X
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

       Fourth-Party Plaintiffs,

    -against-

CAROLINA CASUALTY INSURANCE COMPANY, *et al.*,

       Fourth-Party Defendants.
------------------------------------------------------------------ X

07 Civ. 6915 (DLC)
ECF CASE

**DEFENDANT KOHN PEDERSEN FOX ASSOCIATES, P.C.'S THIRD-PARTY COMPLAINT**

*\*\*Electronically Filed\*\**



FEB 01 2008
U.S.D.C. S.D.N.Y.
CASHIERS

```
------------------------------------------------------------ X
KOHN PEDERSEN FOX ASSOCIATES, P.C.,          :
                Third-Party Plaintiff,       :
        -against-                            :
WEIDLINGER ASSOCIATES CONSULTING             :
ENGINEERS, P.C., CASTRO-BLANCO PISCIONERI
AND ASSOCIATES, ARCHITECTS, P.C.,            :
ARQUITECTONICA NEW YORK, P.C., COSENTINI     :
ASSOCIATES, INC., CERMAK, PETERKA PETERSEN,
INC. JORDAN PANEL SYSTEMS CORP., TRATAROS    :
CONSTRUCTION, INC. and LBL SKYSYSTEMS
(U.S.A.), INC.,                              :
                Third-Party Defendants.      :
------------------------------------------------------------ X
```

Defendant Kohn Pedersen Fox Associates, P.C. ("KPF"), by its attorneys, Zetlin & De Chiara, LLP, as and for its Third-Party Complaint against Third-Party Defendants Weidlinger Associates Consulting Engineers, P.C. ("Weidlinger"), Castro-Blanco Piscioneri and Associates, Architects, P.C. ("Castro"), Arquitectonica New York, P.C. ("Arquitectonica"), Cosentini Associates, Inc. ("Cosentini") and Cermak Peterka Petersen, Inc. ("CPP", and, together with Weidlinger, Castro, Arquitectonica and Cosentini, collectively referred to as the "KPF Subconsultants"), and Jordan Panel Systems Corp. ("Jordan"), LBL Skysystems (U.S.A.), Inc. ("LBL") and Trataros Construction, Inc. ("Trataros", and, together with Jordan and LBL, collectively the "Contractor Defendants"), alleges as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.  At all times hereinafter mentioned, KPF was, and still is, a New York professional corporation duly licensed to practice architecture in the State of New York, and having its principal place of business located at 111 West 57th Street, New York, New York.

2

2. Upon information and belief, Weidlinger is a foreign business corporation organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts and authorized to conduct business in the State of New York, and has a place of business in the State of New York located at 375 Hudson Street, New York, New York. At all times hereinafter mentioned, Weidlinger was, and still is, a structural engineering firm, which performed structural and related design services for the construction project that is the subject of the within action.

3. Upon information and belief, at all times hereinafter mentioned, Castro was, and still is, a New York professional corporation with its principal place of business located at 114 West 26th Street, New York, New York. Upon information and belief, at all times hereinafter mentioned, Castro was and is an architecture, interior design and planning firm, which provided architectural design services in connection with the construction project that is the subject of the within action.

4. Upon information and belief, at all times hereinafter mentioned, Arquitectonica was, and still is, a New York professional corporation with its principal place of business located at 114 West 26th Street, New York, New York. Upon information and belief, at all times hereinafter mentioned, Arquitectonica was, and still is, an architecture, interior design and planning firm and is the successor in interest to Castro-Blanco Piscioneri and Associates, Architects, P.C., which provided architectural design services in connection with the construction project that is the subject of the within action.

5. Upon information and belief, at all times hereinafter mentioned Cosentini was, and still is, a New York professional corporation with its principal place of business located at 2 Penn Plaza, New York, New York. Upon information and belief, at all times hereinafter mentioned, Cosentini was, and still is, duly licensed professional engineering firm, which

provided mechanical, electrical, plumbing, fire protection and related design, consulting and engineering services in connection with the construction project that is the subject of the within action.

      6.    Upon information and belief, at all times hereinafter mentioned CPP was, and still is, a foreign business corporation organized and existing under and by virtue of the laws of the State of Colordao, with its principal place of business located at 1415 Blue Spruce Drive, Fort Collins, Colorado. Upon information and belief, at all times hereinafter mentioned, CPP was, and still is, an engineering firm specializing in wind engineering consulting, which provided wind engineering and related services in connection with the construction project that is the subject of the within action.

      7.    Upon information and belief, at all times hereinafter mentioned Jordan was, and still is, a New York corporation with its principal place of business located at 196 Laurel Road, East Northport, New York. Upon information and belief, at all times hereinafter mentioned, Jordan was, and still is, a design and construction firm specializing in architectural enclosure systems, which performed design and construction services that are at issue in the within action.

      8.    Upon information and belief, at all times hereinafter mentioned LBL was, and still is, a New York corporation with its principal place of business located at 1 Cumberland, Plattsburgh, New York. Upon information and belief, at all times hereinafter mentioned, LBL was, and still is, a design and construction firm specializing in architectural enclosure systems, which performed design and construction services that are at issue in the within action.

      9.    Upon information and belief, at all times hereinafter mentioned Trataros was, and still is, a New York corporation with its principal place of business located at 664 64th

Street, Brooklyn, New York. Upon information and belief, at all times hereinafter mentioned, Trataros was, and still is, a general contracting firm, which performed design and construction services that are at issue in the within action.

10. This Court has jurisdiction over this third-party action pursuant to 28 U.S.C. § 1367(a).

11. This District is the proper venue for this third-party action pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events and/or omissions giving rise to the third-party claims asserted herein occurred within this District.

## FACTS

12. In or about September 1995, the Dormitory Authority of the State of New York ("DASNY") entered into an Agreement with KPF for architectural services for the construction of Baruch College – Site "B", consisting of a building of approximately 700,000 gross square feet to house classrooms, a theater, lecture halls, and other educational facilities (the "Project").

13. The KPF Subconsultants are various design professionals and consultants, which were retained by KPF to provide consulting and other design and engineering services for various aspects of the Project, including those that are at issue in the within action.

14. The Contractor Defendants are construction firms that contracted directly with DASNY or others to perform work at the Project.

15. KPF disclaims any relationship of or akin to privity with any of the Contractor Defendants in connection with the Project. Nevertheless, pursuant to the Court's ruling in its Order dated January 24, 2008, Plaintiff and Trataros have alleged that the

relationship between the Contractor Defendants and KPF was sufficiently close as to be the functional equivalent of privity.

16. The Contractor Defendants also, as pleaded below, entered into a written agreement by which they agreed to indemnify and hold KPF harmless against certain claims, including claims that are at issue in the within action.

17. During the course of the Project and thereafter, certain disputes arose among the parties concerning, *inter alia*, design and construction of the Project.

18. On or about August 1, 2007, Travelers Casualty and Surety Company ("Travelers") alleging that it was the administrator of Reliance Insurance Company ("Reliance") which had issued performance and payment bonds for Trataros, instituted an action in which it alleged a right to assert claims for monies allegedly due and owing to Trataros and various of Trataros' sub-contractors on the Project. Travelers, in its Complaint, asserted claims against DASNY for breach of contract, impact claims and pass through claims as it relates to the Project. Travelers also asserted negligence claims against TDX Construction Corp. ("TDX"), which was DASNY's construction manager on the Project, and KPF.

19. On or about September 28, 2007, DASNY and TDX filed an Answer with Counterclaim and Cross-Claims to Travelers' Complaint. By their Cross-Claims (the "DASNY Cross-Claims"), DASNY alleged causes of action against KPF for indemnification, contribution, breach of contract and professional malpractice and TDX alleged causes of action against KPF for indemnification and contribution.

20. On or about October 26, 2007, Travelers purported to assert cross-claims against KPF, by appending same to its answer to DASNY's counterclaims against it.

21. On or about November 13, 2007, Trataros purported to assert cross-claims against KPF in its answer to DASNY's third-party complaint.

22. KPF now brings this third-party action against parties who are or may be liable to KPF for all or part of the claims asserted against KPF and otherwise for damages incurred by KPF.

## AS AND FOR A FIRST CLAIM FOR RELIEF

### (Against the KPF Subconsultants for Contribution)

23. KPF repeats and realleges each and every allegation contained in paragraphs "1" through "21" above, inclusive, as if set forth at length herein.

24. Upon information and belief, the claims asserted against KPF by Travelers, DASNY, TDX and Trataros arise from portions of the Project that were designed or otherwise performed by various of the KPF Subconsultants.

25. Accordingly, to the extent that KPF may be found liable to any or all of Travelers, DASNY, TDX or Trataros, such liability will have arisen as a direct and proximate result of the KPF Subconsultants' negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

26. In the event that any other party recovers a judgment against KPF, or KPF otherwise becomes obligated to pay claims to a third party arising from or in connection with the Project, such liability, by operation of law or otherwise, will have been caused by the KPF Subconsultants' negligence, carelessness, breach of contract, obligation, warranty, and/or

culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

27. Pursuant to Article 14 of the New York Civil Practice Law and Rules, KPF is therefore entitled to recover damages in the amount of any judgment recovered by Travelers, Trataros, DASNY and/or TDX as determined in accordance with the parties' relative culpability, and KPF is entitled to have judgment over and against the KPF Subconsultants in such amount as KPF may be required to pay over and above KPF's equitable share, together with interest, attorneys' fees and the costs and disbursements of this action.

### AS AND FOR A SECOND CLAIM FOR RELIEF

**(Against the KPF Subconsultants for Common Law Indemnification)**

28. KPF repeats and realleges each and every allegation contained in paragraphs "1" through "26" above, inclusive, as if set forth at length herein.

29. Travelers, DASNY, TDX and Trataros have each asserted or purported to assert claims against KPF arising from the Project.

30. In the event it is determined that the claims of Plaintiffs, cross-claimants or any other party asserting claims against KPF in this action arise from negligence, then such claims will have arisen from the negligence of the KPF Subconsultants.

31. In the event any damages are awarded against KPF in connection with the claims of negligence asserted against KPF in this action, such damages will have been actually caused by reason of the KPF Subconsultants' negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct.

32. In the event that Travelers, Trataros, DASNY and/or TDX recovers a judgment against KPF in this litigation, such liability, by operation of law or otherwise, will have

been caused by the KPF Subconsultants' negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

33. In the event that any other party recovers a judgment against KPF, or KPF otherwise becomes obligated to pay claims to a third party arising from or in connection with the Project, such liability, by operation of law or otherwise, will have been caused by the KPF Subconsultants' negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

34. By reason of the foregoing, KPF is entitled to indemnification from, and to have judgment over and against, the KPF Subconsultants, in the amount of any verdict or judgment that is recovered against KPF, together with interest, attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A THIRD CLAIM FOR RELIEF

(Against Weidlinger, Castro, Arquitectonica and Cosentini
for Contractual Indemnification)

35. KPF repeats and realleges each and every allegation contained in paragraphs "1" through "33" above, inclusive, as if set forth at length herein.

36. KPF entered into separate agreements with each of the KPF Subconsultants, including Weidlinger, Castro and Cosentini, with respect to each of their respective services for the Project.

37. Upon information and belief, Arquitectonica assumed Castro's liabilities pursuant to Castro's agreement with KPF.

38. Pursuant to their respective agreements with KPF, each of Weidlinger, Castro, Arquitectonica and Cosentini is obligated to defend, indemnify, and hold harmless KPF, its officers, employees and agents, from and against any and all claims and judgments for loss, damages or injures resulting from their performance of their services pursuant to their individual agreements in relation to the Project.

39. Upon information and belief, the claims asserted against KPF by Travelers, DASNY, TDX and Trataros arise from portions of the Project that were designed or otherwise performed by Weidlinger, Castro, Arquitectonica and Cosentini.

40. Accordingly, to the extent that KPF may be found liable to any or all of Travelers, DASNY, TDX or Trataros, such liability will have arisen as a direct and proximate result of the negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct of Weidlinger, Castro, Arquitectonica and/or Cosentini, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

41. By reason of the foregoing, KPF is contractually entitled to indemnification from, and to have judgment over and against, Weidlinger, Castro, Arquitectonica and Cosentini, in the amount of any verdict or judgment that may be recovered against KPF, together with attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FOURTH CLAIM FOR RELIEF**

**(Against the KPF Subconsultants for Breach of Contract)**

42. KPF repeats and realleges each and every allegation contained in paragraphs "1" through "41" above, inclusive, as if set forth at length herein.

43. KPF entered into individual agreements with each of the KPF Subconsultants, pursuant to which each of the KPF Subconsultants agreed to provide certain consulting, design, engineering and related services in connection with the Project.

44. Upon information and belief, the claims asserted against KPF by Travelers, DASNY, TDX and Trataros arise from portions of the Project that were designed by the KPF Subconsultants.

45. In the event it is determined that the claims of Plaintiffs, cross-claimants or any other party asserting claims against KPF in this action arise from the failure to properly perform consulting, design, engineering and related services that were to be performed by the KPF Subconsultants pursuant to their respective agreements with KPF, then such claims will have arisen from the breach by the KPF Subconsultants of such agreements.

46. In such event, the KPF Subconsultants' breaches of their agreements with KPF will have caused damage to KPF, including, but not limited to, causing KPF to incur costs and expenses, including attorneys' fees, to defend the claims asserted by Travelers, DASNY, TDX and Trataros.

47. In addition, to the extent that KPF may be found liable to any or all of Travelers, DASNY, TDX or Trataros, such liability will have arisen as a direct and proximate result of breaches by the KPF Subconsultants of their respective agreements with KPF, and will not have been caused by any breach on the part of KPF.

48. In such event, KPF will have been damaged in an amount to be proved at trial, but including the costs and expenses, including attorneys' fees, incurred by KPF to defend the claims asserted by Travelers, DASNY, TDX and Trataros, and any verdict or judgment that

may be recovered against KPF by Travelers, DASNY, TDX or Trataros that is attributable to the services improperly performed by the KPF Subconsultants.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

### (Against the KPF Subconsultants for Negligence)

49. KPF repeats and realleges each and every allegation contained in paragraphs "1" through "48" above, inclusive, as if set forth at length herein.

50. KPF entered into individual agreements with each of the KPF Subconsultants whereby each of the KPF Subconsultants agreed to provide consulting, design, engineering and other related services in connection with the Project.

51. The KPF Subconsultants, and each of them, owed KPF a duty to perform their services in accordance with the requisite standard of care and in a competent and workmanlike manner.

52. In the event it is determined that the claims of Plaintiffs, cross-claimants or any other party asserting claims against KPF in this action arise from negligence, then such claims will have arisen from the KPF Subconsultants' failure to exercise the required standard of care, competence and skill in the performance of their duties on the Project.

53. In the event it is determined that the claims of Plaintiffs, cross-claimants or any other party asserting claims against KPF in this action arise from negligence, then KPF will have sustained injury and damage in an amount to be determined at trial, plus interest, costs and attorney fees.

## AS AND FOR A SIXTH CLAIM FOR RELIEF

### (Against Jordan, LBL and Trataros for Contractual Indemnification)

54. KPF repeats and realleges each and every allegation contained in paragraphs "1" through "53" above, inclusive, as if set forth at length herein.

55. Pursuant to a written agreement dated July 1, 1998, by, between and among KPF, Jordan, LBL and Trataros (the "Indemnification Agreement"), each of the Contractor Defendants agreed to:

> indemnify KPF from all actions, causes of action, suits, debts, controversies, damages, judgments, claims, liability or expense arising from any actual or alleged errors and/or omissions in the shop drawings being prepared by [Trataros] and the Subcontractors [Jordan and LBL], including any actual or alleged errors and/or omissions resulting from the information provided to them by KPF, specifically including the Background Drawings.

56. Upon information and belief, pursuant to their respective contracts for the Projects, each of Trataros, Jordan and LBL agreed to indemnify KPF with respect to any claims or damages arising from their respective services.

57. KPF denies the existence of any privity or the functional equivalent of privity between it and any of the Contractor Defendants. Nevertheless, in the event that such a relationship is found to exist, then KPF is entitled to indemnification by each of the Contractor Defendants pursuant to the privity or near-privity relationship arising from their contracts and involvement in the Project

58. Travelers, DASNY, TDX and Trataros have each alleged claims against KPF, all or a portion of which arise from errors and/or omissions in the shop drawings prepared by the Contractor Defendants for the Project.

59. By virtue of the foregoing, KPF is contractually entitled to be indemnified and held harmless by the Contractor Defendants, and to have judgment over and against, Jordan,

LBL and Trataros, in the amount of the costs and expenses, including attorneys' fees, incurred by KPF in defending the claims of Travelers, DASNY and in the amount of any verdict or judgment that may be recovered against KPF.

### AS AND FOR A SEVENTH CLAIM FOR RELIEF

**(Against Jordan, LBL and Trataros, for Common Law Indemnification)**

60. KPF repeats and realleges such and every allegation contained in paragraphs "1" through "59" above, inclusive, as if set forth at length herein.

61. Upon information and belief, pursuant to two Contracts, dated April 22, 1998 and August 27, 1998, respectively, Trataros was retained by DASNY as a contractor to perform "general construction" work for the Project.

62. Upon information and belief, Jordan and LBL was each thereafter retained by Trataros to perform a portion of the work required of Trataros under its agreements with DASNY.

63. Upon information and belief, Trataros, Jordan and LBL, and each of them, negligently and/or recklessly performed its work on the Project, thereby causing or contributing to the damages alleged to have been incurred in connection with the Project.

64. Travelers, DASNY and TDX have each asserted claims against KPF arising from the Project.

65. If any damages are awarded against KPF, such damages were, upon information and belief, actually caused by reason of Trataros', Jordan's and/or LBL's negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct.

66. In the event that Travelers, DASNY and/or TDX recovers a judgment against KPF in this litigation, such liability, by operation of law or otherwise, will have been

caused by the negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct of Trataros, Jordan and/or LBL, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

67. In the event that any other party recovers a judgment against KPF, or KPF otherwise becomes obligated to pay claims to a third party arising from or in connection with the Project, such liability, by operation of law or otherwise, will have been caused by the negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct of Trataros, Jordan and/or LBL, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

68. By reason of the foregoing, KPF is entitled to indemnification from, and to have judgment over and against, Trataros, Jordan and LBL, and each of them, in the amount of any verdict or judgment that is recovered against KPF, together with interest, attorneys' fees, costs, and disbursements of this action.

### AS AND FOR AN EIGHTH CLAIM FOR RELIEF

(Against Jordan, LBL and Trataros for Contribution)

69. KPF repeats and realleges such and every allegation contained in paragraphs "1" through "68" above, inclusive, as if set forth at length herein.

70. In the event that Travelers, DASNY and/or TDX recovers a judgment against KPF in this litigation, such liability, by operation of law or otherwise, will have been caused by the negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct of Trataros, Jordan and/or LBL, and will not have been caused by any negligence,

carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

71. In the event that any other party recovers a judgment against KPF, or KPF otherwise becomes obligated to pay claims to a third party arising from or in connection with the Project, such liability, by operation of law or otherwise, will have been caused by the negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct of Trataros, Jordan and/or LBL, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

72. Pursuant to Article 14 of the New York Civil Practice Law and Rules, KPF is therefore entitled to recover damages in the amount of any judgment recovered by Travelers, DASNY and/or TDX as determined in accordance with the parties' relative culpability, and KPF is entitled to have judgment over and against Trataros, Jordan and LBL, and each of them, in such amount as KPF may be required to pay over and above KPF's equitable share, together with interest, attorneys' fees and the costs and disbursements of this action.

**WHEREFORE**, Defendant/Third-Party Plaintiff Kohn Pedersen Fox Associates, P.C. demands judgment as follows:

(1) On its First Claim for Relief against the KPF Subconsultants, for contribution, including all reasonable attorneys' fees, costs, and disbursements in defending this action;

(2) On its Second Claim for Relief against the KPF Subconsultants, for indemnification, in the amount of any verdict or judgment that is recovered against KPF, together with interest, attorneys' fees, costs, and disbursements of this action;

(3)   On its Third Claim for Relief against Weidlinger, Castro, Arquitectonica and Cosentini, for indemnification, in the amount of any verdict or judgment that is recovered against KPF, together with interest, attorneys' fees, costs, and disbursements of this action;

(4)   On its Fourth Claim for Relief against the KPF Subconsultants, in an amount to be proved at trial, but including the costs and expenses, including attorneys' fees, incurred by KPF to defend the claims asserted by Travelers, DASNY and Trataros, and any verdict or judgment that may be recovered against KPF by Travelers, DASNY or Trataros that is attributable to the services improperly performed by the KPF Subconsultants;

(5)   On its Fifth Claim for Relief against the KPF Subconsultants, in an amount to be determined at trial, plus interest, costs and attorney fees;

(6)   On its Sixth Claim for Relief against Jordan, LBL and Trataros, in the amount of the costs and expenses, including attorneys' fees, incurred by KPF in defending the claims of Travelers, DASNY and in the amount of any verdict or judgment that may be recovered against KPF;

(7)   On its Seventh Claim for Relief, against Trataros, Jordan and LBL, and each of them, in the amount of any verdict or judgment that is recovered against KPF, together with interest, attorneys' fees, costs, and disbursements of this action;

(8)   On its Eighth Claim for Relief against Trataros, Jordan and LBL, and each of them, in such amount as KPF may be required to pay over and above

KPF's equitable share, together with interest, attorneys' fees and the costs and disbursements of this action; and

(9) For such other and further relief as this Court deems just and proper.

Dated: New York, New York
February 1, 2008

                    **ZETLIN & DE CHIARA LLP**
*Attorneys for Defendant/Third-Party Plaintiff*
*Kohn Pedersen Fox Associates, P.C.*

By: _____
David Abramovitz, Esq. (DA 8214)
801 Second Avenue
New York, New York 10017
(212) 682-6800