UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
TRAVELERS CASUALTY AND SURETY COMPANY    : 07 Civ. 6915 (DLC)
as Administrator for RELIANCE INSURANCE
COMPANY,                                 : ECF CASE

                       Plaintiff,    :    **DEFENDANT KOHN PEDERSEN FOX ASSOCIATES, P.C.'S REPLY TO THE CROSS-CLAIM AND COUNTERCLAIM OF THIRD-PARTY DEFENDANT TRATAROS CONSTRUCTION, INC.**

               -against-    :

DORMITORY AUTHORITY - STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN PEDERSEN    :
FOX ASSOCIATES, P.C.,

                       Defendants.
------------------------------------------------------------------ X    **Electronically Filed**

DORMITORY AUTHORITY OF THE STATE OF NEW    :
YORK and TDX CONSTRUCTION CORP.,

               Third-Party Plaintiffs,

               -against-    :

TRATAROS CONSTRUCTION, INC.,    :

               Third-Party Defendant.
------------------------------------------------------------------ X
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,    :

               Fourth-Party Plaintiffs,    :

               -against-    :

CAROLINA CASUALTY INSURANCE COMPANY, *et*    :
*al.*,
               Fourth-Party Defendants.
------------------------------------------------------------------ X

```
------------------------------------------------------------------ X
KOHN PEDERSEN FOX ASSOCIATES, P.C.,
                                                                   :
                       Third-Party Plaintiff,
                                                                   :
            -against-
                                                                   :
WEIDLINGER ASSOCIATES CONSULTING
ENGINEERS, P.C., CASTRO-BLANCO PISCIONERI                          :
AND ASSOCIATES, ARCHITECTS, P.C.,
ARQUITECTONICA NEW YORK, P.C., COSENTINI                           :
ASSOCIATES, INC., CERMAK, PETERKA PETERSEN,
INC. JORDAN PANEL SYSTEMS CORP., TRATAROS                          :
CONSTRUCTION, INC. and LBL SKYSYSTEMS
(U.S.A.), INC.,                                                    :

                       Third-Party Defendants.                     :
------------------------------------------------------------------ X
```

Defendant Kohn Pedersen Fox Associates, P.C. ("KPF"), by its attorneys, Zetlin & De Chiara, LLP, as and for its Reply to Third-Party Defendant Trataros Construction, Inc.'s ("Trataros") Cross-Claim Against KPF and Counterclaim Against TDX (the "Cross-Claim"), respectfully alleges and says as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Cross-Claim.

2. Admits the allegations set forth in paragraph 2 of the Cross-Claim.

3. Admits, upon information and belief, the allegations set forth in paragraph 3 of the Cross-Claim.

4. Paragraph 4 of the Cross-Claim set forth a legal conclusion as to which no response is required. To the extent that a response is required, KPF denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4 of the Cross-Claim.

5. Paragraph 5 of the Cross-Claim set forth a legal conclusion as to which no response is required. To the extent that a response is required, KPF denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4 of the Cross-Claim.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Cross-Claim.

7. Admits, upon information and belief, the allegations set forth in paragraph 7 of the Cross-Claim.

8. Admits the allegations set forth in paragraph 8 of the Cross-Claim insofar as they purport to describe the allegations in the Complaint filed by Plaintiff Travelers Casualty and Surety Company ("Travelers") on or about August 1, 2007 and respectfully refers to that pleading for the contents thereof.

9. Admits the allegations set forth in paragraph 9 of the Cross-Claim insofar as they purport to describe the allegations in the Answer filed by Defendants Dormitory Authority – State of New York ("DASNY") and TDX Construction Corp. ("TDX") on or about September 28, 2007 and respectfully refers to that pleading for the contents thereof.

10. Admits the allegations set forth in paragraph 10 of the Cross-Claim insofar as they purport to describe the allegations in the Third-Party Complaint filed by DASNY and TDX on or about September 28, 2007 and respectfully refers to that pleading for the contents thereof.

11. Admits the allegations set forth in paragraph 11 of the Cross-Claim insofar as they purport to describe the allegations in the Third-Party Complaint filed by DASNY and

3

TDX on or about September 28, 2007 and respectfully refers to that pleading for the contents thereof.

12. Admits the allegations set forth in paragraph 12 of the Cross-Claim insofar as they purport to describe the allegations in the Third-Party Complaint filed by DASNY and TDX on or about September 28, 2007 and respectfully refers to that pleading for the contents thereof.

13. Admits the allegations set forth in paragraph 13 of the Cross-Claim insofar as they purport to describe the allegations in the Third-Party Complaint filed by DASNY and TDX on or about September 28, 2007 and respectfully refers to that pleading for the contents thereof.

14. Admits the allegations set forth in paragraph 14 of the Cross-Claim insofar as they purport to describe the allegations in the Third-Party Complaint filed by DASNY and TDX on or about September 28, 2007 and respectfully refers to that pleading for the contents thereof.

15. Denies the allegations set forth in paragraph 15 of the Cross-Claim insofar as they are alleged against KPF and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Cross-Claim.

### AS AND FOR A REPLY TO THE CROSS-CLAIM AGAINST KPF

16. KPF repeats and realleges the answers and allegations set forth in paragraphs 1 through 15 above, inclusive, as though fully set forth herein.

17. Admits the allegations set forth in paragraph 17 of the Cross-Claim insofar as they purport to describe the allegations in the cross-claims filed by DASNY and TDX on or about September 28, 2007 and respectfully refers to that pleading for the contents thereof, but

specifically deny any breach of contract or professional negligence by KPF in connection with its services for the underlying project.

18. Paragraph 18 of the Cross-Claim set forth a legal conclusion as to which no response is required. To the extent that a response is required, KPF denies them and specifically denies that Trataros has suffered and/or might suffer any loss that was caused or proximately caused by any act or omission of KPF.

19. Paragraph 19 of the Cross-Claim set forth a legal conclusion as to which no response is required. To the extent that a response is required, KPF denies the allegations set forth in paragraph 19 of the Cross-Claim.

20. Paragraph 20 of the Cross-Claim set forth a legal conclusion as to which no response is required. To the extent that a response is required, KPF denies the allegations set forth in paragraph 20 of the Cross-Claim.

21. Paragraph 21 of the Cross-Claim set forth a legal conclusion as to which no response is required. To the extent that a response is required, KPF denies the allegations set forth in paragraph 21 of the Cross-Claim.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. The Court lacks subject matter jurisdiction over this controversy.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23. The Cross-Claim fails to state a cause of action against KPF upon which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24. The Cross-Claim against KPF is barred by Trataros' contributory negligence.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25. Some or all of the Cross-Claim against KPF is barred by the applicable Statute of Limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26. The Cross-Claim against KPF is barred by waiver, payment and release.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27. Trataros is estopped from bringing the Cross-Claim against KPF.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

28. Whatever damages Trataros may have sustained as alleged in the Cross-Claim against KPF and/or as a result of the facts and events alleged in the Third-Party Complaint, all of which are denied by KPF, were caused in whole or in part by the culpable conduct of Trataros and/or others for whose acts, omissions and/or conduct Trataros is responsible. The amount of damages recovered, if any, shall therefore be diminished in the proportion which the culpable conduct attributable to Trataros bears to the culpable conduct which caused these alleged damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

29. The damages alleged in the Cross-Claim against KPF were caused by the culpable conduct of some third person or persons over whom KPF neither had nor exercised control.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

30. The claims alleged in the Cross-Claim against KPF are barred by the doctrines of waiver and/or laches.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

31. The Cross-Claim is barred because they lack privity with KPF or the functional equivalent thereof.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

32. Trataros lacks standing to assert the Cross-Claim against KPF by virtue of its assignment of any such claims to a third party.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

33. Jurisdiction in this Court over the Cross-Claim is improper due to the existence of prior pending actions.

**WHEREFORE**, Defendant Kohn Pedersen Fox Associates, P.C. demands judgment,

(a) Dismissing the Cross-Claim in its entirety;

(b) Awarding KPF its all attorneys' fees, disbursements and costs incurred in defending this Cross-Claim; and

(c) Granting such other and further relief as to this Court seems just and proper.

Dated:  New York, New York
        February 7, 2008

>                       **ZETLIN & DE CHIARA LLP**
>                       *Attorneys for Defendant*
>                       *Kohn Pedersen Fox Associates, P.C.*
>                       /s/ David Abramovitz, Esq. (DA8214)
>                       801 Second Avenue
>                       New York, New York 10017
>                       (212) 682-6800