UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

TRAVELERS CASUALTY AND SURETY
COMPANY as Administrator for RELIANCE
INSURANCE COMPANY,

               Plaintiffs,

        - vs -

THE DORMITORY AUTHORITY OF THE STATE
OF NEW YORK, TDX CONSTRUCTION CORP. and
KOHN, PEDERSON, FOX & ASSOCIATES, P.C.

               Defendants.

------------------------------------------------------------X

DORMITORY AUTHORITY OF THE STATE OF
NEW YORK,

               Third-Party Plaintiff,

        - vs -

TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY AND SURETY
COMPANY,

               Third-Party Defendants

------------------------------------------------------------X

TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY AND SURETY
COMPANY,

               Fourth-Party Plaintiffs,

        - vs -

G.M. CROCETTI, INC., CAROLINA CASUALTY
INSURANCE COMPANY, BARTEC INDUSTRIES
INC., DAYTON SUPERIOR SPECIALTY
CHEMICAL CORP., SPECIALTY CONSTRUCTION
BRANDS, INC. t/a TEC, KEMPER CASUALTY
INSURANCE COMPANY d/b/a KEMPER
INSURANCE COMPANY, GREAT AMERICAN
INSURANCE COMPANY, NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, P.A.,

Civ. Action No.:
04 Civ. 5101 (HB)

G.M. CROCETTI, INC.
AND CAROLINA
CASUALTY
INSURANCE
COMPANY'S
ANSWER,
AFFIRMATIVE
DEFENSES,
COUNTERCLAIMS AND
CROSS-CLAIMS TO
THE AMENDED
FOURTH-PARTY
COMPLAINT OF
TRATAROS
CONSTRUCTION, INC
AND TRAVELERS
CASUALTY AND
SURETY COMPANY

96404v1                        1

UNITED STATES FIRE INSURANCE COMPANY,
ALLIED WORLD ASSURANCE COMPANY (U.S.)
INC. f/k/a COMMERCIAL UNDERWRITERS
INSURANCE COMPANY, ZURICH AMERICAN
INSURANCE COMPANY d/b/a ZURICH
INSURANCE COMPANY, OHIO CASUALTY
INSURANCE COMPANY d/b/a OHIO CASUALTY
GROUP, HARLEYSVILLE MUTUAL INSURANCE
COMPANY (a/k/a HARLEYSVILLE INSURANCE
COMPANY, an insurer for BARTEC INDUSTRIES
INC.) JOHN DOES 1-20 and XYZ CORPS. 1-12,

                    Fourth-Party Defendants.
----------------------------------------------------------------- X

KOHN PEDERSEN FOX ASSOCIATES, P.C.,

                    Third-Party Plaintiff,

          -against-

WEIDLINGER ASSOCIATES CONSULTING
ENGINEERS, P.C., ANTHONY BLACKETT &
ASSOCIATES, TOULIN + MORRIS, INC., SHEN
MILSOM & WILKE, INC., AMIS, INC., HOPKINS
FOOD SERVICE SPECIALISTS, INC., CASTRO-
BLANCO PISCIONERI AND ASSOCIATES,
ARCHITECTS, P.C. n/k/a ARQUITECTONICA NEW
YORK, P.C., COSENTINI ASSOCIATES, INC.,
VOLLMER ASSOCIATES, LLP, TESTWELL CRAIG
LABORATORIES, INC., JOHN A. VAN DUESEN &
ASSOCIATES, INC., JEROME S. GILMAN
CONSULTING ARCHITECT, P.C., SYSTEMS
DESIGN ASSOCIATES, INC., WARFEL SCHRAGER
ARCHITECTURAL LIGHTING, LLC,
COUNSILMAN·HUNSAKER & ASSOCIATES,
ENTEK ENGINEERING PLLC, THEATRE PROJECTS
CONSULTANTS, JORDAN PANEL SYSTEMS
CORP., TRATAROS CONSTRUCTION, INC. and LBL
SKYSYSTEMS (U.S.A.), INC.,

                    Third-Party Defendants.
----------------------------------------------------------------- X


Fourth-Party Defendants G.M. CROCETTI, INC. ("Crocetti") and

CAROLINA CASUALTY INSURANCE COMPANY ("Carolina"), by their attorneys, Torre, Lentz, Gamell, Gary & Rittmaster, LLP, as and for their answer to the amended fourth-party complaint of third-party defendants/fourth-party plaintiffs TRATAROS CONSTRUCTION, INC. ("Trataros") and TRAVELERS CASUALTY AND SURETY COMPANY ("Travelers"), state as follows:

1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1" and "2" of the amended fourth-party complaint.

2.    Admit the allegations contained in paragraphs "3" and "4" of the amended fourth-party complaint.

3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", and "15" of the amended fourth-party complaint.

4.    The allegations contained in paragraph "16" of the amended fourth-party complaint state a legal conclusion to which no response is required.  To the extent that a response is required, Crocetti and Carolina deny knowledge or information sufficient to form a belief as to the truth of said allegations.

5.    The allegations contained in paragraph "17" of the amended fourth-party complaint state a legal conclusion to which no response is required.  To the extent that a response is required, the allegations contained in paragraph "17" are denied as

stated. Crocetti and Carolina admit only that certain events or omissions that are alleged to give rise to the claims asserted in the amended fourth-party complaint occurred within the County of New York. Crocetti and Carolina deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "17".

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "18" and "19" of the amended fourth-party complaint.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the amended fourth-party complaint, except admit that DASNY made such an allegation in paragraph "25" of its third-party complaint.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the amended fourth-party complaint, except admit that DASNY made such an allegation in paragraph "26" of its third-party complaint.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the amended fourth-party complaint, except admit that DASNY refers to epoxy terrazzo in, among others, paragraphs "29", "30", "31", "32" and "33" of its third-party complaint.

01/25/2005 13:49 FAX 212 888 9099        CARROLL McNULTY        @006

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the amended fourth-party complaint, except admit that DASNY made such an allegation in paragraph "31" of its third-party complaint.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the amended fourth-party complaint, except admit that DASNY has demanded, in its third-party complaint, damages against Travelers and Trataros in an amount exceeding $6,000,000 in its Fifth and Sixth Causes of Action and in an amount exceeding $10,000,000 in its Fourth Cause of Action.

12.    Deny the allegations contained in paragraph "25" of the amended fourth-party complaint, except admit that Crocetti entered into a subcontract with Trataros on or about September 18, 1998 and beg leave to refer to the original thereof at the trial of this action for its true terms and conditions.

13.    Admit the allegations contained in paragraphs "26" and "27" of the amended fourth-party complaint, and beg leave to refer to the original thereof at the trial of this action for its true terms and conditions.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the amended fourth-party complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth of said allegations contained in paragraphs "29" and "30" of the amended fourth-party complaint.

16.    Crocetti admits the allegations contained in paragraph "31" of the amended fourth-party complaint and states affirmatively that said materials were submitted by Crocetti and approved by other parties in this action for use at the Baruch College Project. Carolina denies knowledge or information sufficient to form a belief as to the truth of said allegations.

17.    Crocetti and Carolina each repeat and reallege their respective responses to paragraphs "1" through and including "31" of the amended fourth-party complaint as repeated and realleged in paragraph "32" of the amended fourth-party complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the amended fourth-party complaint, except that Crocetti admits it installed certain epoxy terrazzo flooring at portions of the Baruch College Project.

19.    Crocetti denies each and every allegation set forth in paragraph "34" of the amended fourth-party complaint, except admits, upon information and belief, that Bartec prepared certain of the concrete and underlayment upon which the epoxy terrazzo flooring would rest. Carolina denies knowledge or information sufficient to form a belief

as to the truth of said allegations.

20.     The allegations contained in paragraphs "35", "36", "37", "38", "39" and "40" of the amended fourth-party complaint state legal conclusions to which no response is required. To the extent that said paragraphs contain factual allegations to which a response is required, the allegations contained in said paragraphs are denied by both Crocetti and Carolina.

21.     Crocetti and Carolina each repeat and reallege their respective responses to paragraphs "1" through and including "40" of the amended fourth-party complaint as repeated and realleged in paragraph "41" of the amended fourth-party complaint.

22.     Deny the allegations contained in paragraph "42" of the amended fourth-party complaint, except admit that Carolina furnished a "Subcontract Performance Bond Form A" and beg leave to refer to the original thereof at the trial of this action for its true terms and conditions.

23.     The allegations contained in paragraphs "43" and "44" of the amended fourth-party complaint state legal conclusions to which no response is required. To the extent that said paragraphs contain factual allegations to which a response is required, the allegations contained in said paragraphs are denied by both Crocetti and Carolina.

24.     Crocetti and Carolina each repeat and reallege their respective

responses to paragraphs "1" through and including "44" of the amended fourth-party complaint as repeated and realleged in paragraph "45" of the amended fourth-party complaint.

25.    Deny each and every allegation contained in paragraph "46" of the amended fourth-party complaint as it relates to Crocetti and deny knowledge or information sufficient to form a belief as to the truth of said allegations as they relate to Bartec.

26.    The allegations contained in paragraph "47" of the amended fourth-party complaint state legal conclusions to which no response is required.  To the extent that said paragraphs contain factual allegations to which a response is required, Crocetti and Carolina deny knowledge or information sufficient to form a belief as to the truth of said allegations.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "48" of the amended fourth-party complaint.

28.    The allegations contained in paragraphs "49", "50" and "51" of the amended fourth-party complaint state legal conclusions to which no response is required. To the extent that said paragraphs contain factual allegations to which a response is required, the allegations contained in said paragraphs are denied by both Crocetti and Carolina.

96404v1

29.     Crocetti and Carolina each repeat and reallege their respective responses to paragraphs "1" through and including "51" of the amended fourth-party complaint as repeated and realleged in paragraph "52" of the amended fourth-party complaint.

30.     The allegations contained in paragraph "53" of the amended fourth-party complaint state legal conclusions to which no response is required. To the extent that said paragraph contains factual allegations to which a response is required, the allegations contained in said paragraph are denied by both Crocetti and Carolina.

31.     The allegations contained in paragraphs "54", "55", "56", "57", "58" and "59" of the amended fourth-party complaint state legal conclusions to which no response is required. To the extent that said paragraphs contains factual allegations to which a response is required, Crocetti and Carolina deny the allegations contained in said paragraphs to the extent they relate to Crocetti and deny knowledge or information sufficient to form a belief as to the truth of said allegations to the extent they relate to Bartec.

32.     Crocetti and Carolina each repeat and reallege their respective responses to paragraphs "1" through and including "59" of the amended fourth-party complaint as repeated and realleged in paragraph "60" of the amended fourth-party complaint.

33      The allegations contained in paragraphs "61", "62", "63", "64",

"65", "66" and "67" of the amended fourth-party complaint state legal conclusions to which no response is required and said allegations are not addressed to either Crocetti or Carolina, so that no response is required. To the extent that said paragraphs contains factual allegations to which a response is required, Crocetti and Carolina deny the allegations contained in said paragraphs to the extent they relate to Crocetti and deny knowledge or information sufficient to form a belief as to the truth of said allegations to the extent they relate to any other party.

34.     Crocetti and Carolina each repeat and reallege their respective responses to paragraphs "1" through and including "67" of the amended fourth-party complaint as repeated and realleged in paragraph "68" of the amended fourth-party complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "69" and "70" of the amended fourth-party complaint.

36.     The allegations contained in paragraphs "71", "72", "73", "74", "75", and "76" of the amended fourth-party complaint state legal conclusions to which no response is required and said allegations are not addressed to either Crocetti or Carolina, so that no response is required. To the extent that said paragraphs contains factual allegations to which a response is required, Crocetti and Carolina deny the allegations contained in said paragraphs to the extent they relate to Crocetti and deny knowledge or

information sufficient to form a belief as to the truth of said allegations to the extent they relate to any other party.

36A. Crocetti and Carolina each repeat and reallege their respective responses to paragraphs "1" through and including "76" of the amended fourth-party complaint as repeated and realleged in paragraph "77" of the amended fourth-party complaint.

36B. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "78" of the amended fourth-party complaint, except Crocetti admits that fourth-party defendants Kemper Insurance Company and Greater American Insurance Company provided certain insurance on behalf of Crocetti, and respectfully refers the Court to the respective insurance policies for their true terms and conditions.

36C Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "79" of the amended fourth-party complaint.

36D. The allegations contained in paragraphs "80", "81", "82", "83", and "84" of the amended fourth-party complaint state legal conclusions to which no response is required and said allegations are not addressed to either Crocetti or Carolina, so that no response is required. To the extent that said paragraphs contains factual allegations to which a response is required, Crocetti and Carolina deny the allegations contained in said

paragraphs to the extent they relate to Crocetti and deny knowledge or information sufficient to form a belief as to the truth of said allegations to the extent they relate to any other party.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

37.    The amended fourth-party complaint fails to state a cause of action against Crocetti and Carolina.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

38.    The claims of the fourth-party plaintiffs Trataros and Travelers against fourth-party defendants Crocetti and Carolina are barred by the doctrine of laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

39.    The claims of the fourth-party plaintiffs against fourth-party defendants Crocetti and Carolina are barred by the applicable Statute of Limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

40.    The claims of the fourth-party plaintiffs against fourth-party defendants Crocetti and Carolina are barred by limitations contained in the terms of the bond issued by Carolina on behalf of Crocetti as well as by applicable surety law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

41.    The claims of the fourth-party plaintiffs against fourth-party

96404v1

12

defendants Crocetti and Carolina are barred by the doctrine of estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

42.    The claims asserted by fourth-party plaintiffs against fourth-party defendants Crocetti and Carolina in the amended fourth-party complaint are off-set by said fourth-party defendants' respective rights of set off.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

43.    Any damages allegedly sustained by fourth-party plaintiffs were caused in whole or in part by the culpable conduct of Trataros and/or Travelers, the result of which is that the claims of Trataros and Travelers are barred or diminished in the proportion that such conduct caused their alleged damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

44.    The claims of the fourth-party plaintiffs are barred by the failure to abide by the terms and conditions of the applicable performance bond by virtue of the wording of the bond, including but not limited to notice provisions.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

45.    The claims of the fourth-party plaintiffs are barred by the absence of conditions precedent to such claims, including but not limited to the absence of a default by Crocetti under the subcontract, the absence of a declaration by Trataros of a default by

Crocetti under the subcontract, and the absence of the performance by Trataros of its obligations under the subcontract, including but not limited to its payment obligations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

46.    The liability, if any, of the fourth-party defendants Crocetti and Carolina is discharged by the doctrine of "cardinal change".

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

47.    The claims of the fourth-party plaintiffs against fourth-party defendants Crocetti and Carolina are barred by the failure by third-party plaintiffs to abide by the terms and conditions of the applicable subcontract.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

48.    Jurisdiction in this Court is inappropriate due to the existence of a

prior pending action in the Supreme Court of the State of New York, County of New York.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

49.    If fourth-party plaintiffs sustained the damages set forth in the amended fourth-party complaint, then such damages were sustained, in whole or part, by the conduct of person(s) and/or entity(ies) other than the fourth-party defendants Crocetti and Carolina for whose conduct the said fourth-party defendants were not responsible.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

50.    Fourth-party defendants Crocetti and Carolina reserve the right to rely upon any and all additional defenses available to all co-defendants, third-party defendants, fourth-party defendants and other parties to the above-captioned litigation.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

51.    Fourth-party defendants Crocetti and Carolina reserve the right to rely upon any and all additional defenses which are disclosed during discovery in the within litigation.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

52.    The fourth-party plaintiffs are not proper claimants under the Crocetti/Carolina bond.

96404v1                                    15

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

53    The fourth-party plaintiffs are not proper beneficiaries under the Crocetti/Carolina bond.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

54.    Trataros mismanaged and/or was negligent in the coordination of the work at the Project.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

55.    Trataros authorized and directed Crocetti to proceed with Crocetti's subcontract work at the Project.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

56.    Trataros, acting through others such as, but not necessarily limited to, TDX, authorized and directed Crocetti to proceed with its subcontract work at the Project.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

57.    Trataros and/or others delayed Crocetti at the Project and then caused Crocetti to accelerate its work knowing that problems in connection therewith could arise.

96404v1

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

58.    The claims of the fourth-party plaintiffs against fourth-party defendants Crocetti and Carolina are barred by the doctrine of unclean hands.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

59.    The claims of the fourth-party plaintiffs against fourth-party defendants Crocetti and Carolina are barred by the doctrine of avoidable consequence.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

60.    The claims of the fourth-party plaintiffs against fourth-party defendants Crocetti and Carolina are barred by the doctrine of mitigation of damages.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

61.    The claims of the fourth-party plaintiffs against fourth-party defendants Crocetti and Carolina are barred by the doctrine of election of remedies.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

62.    The claims of the fourth-party plaintiffs against fourth-party defendants Crocetti and Carolina are barred by the doctrine of public policy.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

63.    The claims of the fourth-party plaintiffs against fourth-party

defendants Crocetti and Carolina are barred by the doctrine of waiver.

## AS AND FOR A FIRST COUNTERCLAIM BY
## FOURTH-PARTY DEFENDANT G.M. CROCETTI, INC. AGAINST
## FOURTH-PARTY PLAINTIFF TRATAROS CONSTRUCTION, INC.

64.     G. M. Crocetti, Inc. ("Crocetti") was and still is a domestic corporation authorized and actually doing business in the City and State of New York with its principal office for the transaction of business located at 3960 Merritt Avenue, Bronx, New York 10466.

65.     That defendant Trataros Construction, Inc. ("Trataros") was and still is a foreign or domestic corporation actually doing business in the City and State of New York with its principal office for the transaction of business located at 664 – 64th Street, Brooklyn, New York 11220.

66.     That on or about August 27, 1998, Trataros as the general contractor entered into a contract with the Dormitory Authority of the State of New York ("DASNY") for certain construction work at Baruch College, 55 Lexington Avenue, New York, New York for Site B, Package No. 2 – General Construction Work, Contract No. 16 (Contract No. DA. No. 6500-1802-2178. JDE No. 61505) hereinafter referred to as the "Project" and/or the "Prime Contract".

67.     Thereafter, Trataros, on or about September 18, 1998 entered into a subcontract agreement with Crocetti to perform certain base subcontract for furnishing and installing pre-cast terrazzo, epoxy terrazzo, interior stonework and related work at

and for the improvement of the Project.

68    That the agreed upon price and fair and reasonable value of the base contract work referred to in paragraph "67" hereof was the sum of $3,008,000.00.

69.    During the performance of Crocetti's subcontract work at the Project, at the special instance and request of Trataros and/or others acting on behalf of Trataros, Crocetti performed certain extra and/or additional change order work at the Project.

70.    That the fair and reasonable value of the extra and/or additional work referred to in paragraph "69" hereof was the agreed upon sum and fair and reasonable value of $990,352.51.

71.    That on or about and between September 30, 2000 and February 12, 2003, Crocetti performed all of its labor and furnished all of the materials it was required to perform and/or furnish in connection with the Project. Crocetti was substantially completed with its subcontract work on or about October 31, 2002.

72.    Crocetti complied with all of the terms and conditions of the subcontract by and between Crocetti and Trataros.

73.    That as a result of the foregoing, there resulted in an adjusted contract price of $3,998,352.51.

74.    As a result of the foregoing, there became due and owing to Crocetti

from Trataros the sum of $3,998,352.51.

75.    That no part of said sum of $3,998,352.51 has been paid or credit deductions given, despite demand having been made therefore, except the sum of $3,097,260.86, leaving a balance due and owing to Crocetti from Trataros in the sum of $901,091.65, plus interest thereon from October 31, 2002.

76.    As a result of the foregoing, Crocetti has been damaged by Trataros for which Trataros is liable therefore, for the sum of $901,091.65, plus interest thereon from October 31, 2002.

AS AND FOR A SECOND SEPARATE AND DISTINCT
COUNTERCLAIM BY FOURTH-PARTY DEFENDANT
G.M. CROCETTI, INC. AGAINST FOURTH-PARTY PLAINTIFF
TRATAROS CONSTRUCTION, INC. AND A FIRST
COUNTERCLAIM AGAINST FOURTH-PARTY PLAINTIFF
TRAVELERS CASUALTY AND SURETY COMPANY

77.    Fourth-Party Defendant Crocetti repeats and realleges each and every allegation set forth in paragraphs "64" through "76" hereof with the same force and effect as if set forth at length herein.

78.    That fourth-party plaintiff Travelers Casualty and Surety Company ("Travelers") was and still is a domestic or foreign corporation actually doing business as a licensed Surety Company in the State of New York, with an office for the transaction of business located at One Tower Square – 14C, Hartford, Connecticut 06183.

79.    That fourth-party plaintiff Travelers has assumed, taken on, adopted

96404v1

or otherwise become responsible for certain obligations of Reliance Insurance Company ("Reliance"), a foreign or domestic corporation which actually conducted business as a licensed surety company with an office for the transaction of business located at 6 Campus Drive, Parsippany, New Jersey 07054.

80.    That Trataros was required by DASNY and did execute and deliver with a licensed Surety thereon a labor and material payment bond in connection with Trataros' general contract with DASNY for the Project referred to in paragraph "66" hereof. .

81.    Trataros had originally furnished a labor and material payment bond from Reliance.

82.    That at the time Crocetti had entered into the contract with Trataros, Reliance was authorized to issue and deliver the labor and material payment bond required for the Project.

83.    Upon information and belief, the fourth-party plaintiff Travelers either assumed all of the rights and obligations of Reliance under the aforementioned bond, or in the alternative, executed, furnished and delivered a separate and distinct labor and material payment bond.

84.    That fourth-party plaintiff Travelers was and still is the surety responsible for the payment of just claims under the labor and material payment bond(s) upon which this suit is based.

96404v1

21

85.    That fourth-party plaintiffs Trataros and Travelers are jointly and severally liable to Crocetti for the sum of $901,091.65, plus interest thereon from October 31, 2002 for the labor performed, costs incurred and materials furnished in connection with the construction of the Project under and pursuant to the provisions of the labor and material payment bond(s) referred to in paragraphs "81", "83" and "84" hereof.

86.    That Crocetti has been damaged for which the fourth-party plaintiffs Trataros and Travelers are liable therefore, jointly and severally, to Crocetti, in the sum of $901,091.65, plus interest thereon, from October 31, 2002.

AS AND FOR A FIRST CROSS-CLAIM AGAINST
FOURTH-PARTY DEFENDANTS BARTEC INDUSTRIES,
INC., DAYTON SUPERIOR SPECIALTY CHEMICAL CORP.,
SPECIALTY CONSTRUCTION BRANDS, INC. T/A TEC AND
JOHN DOES 1-20 AND XYZ CORPS 1-20, JOINTLY AND
SEVERALLY, AND AGAINST DEFENDANTS TDX CONSTRUCTION
CORP. AND KOHN, PEDERSON, FOX & ASSOCIATES, P.C.
(Common Law Indemnification)

87.    In the event that fourth-party plaintiffs Trataros and Travelers recover a judgment against fourth-party defendants Crocetti and Carolina in this action by reason of the allegations contained in the amended fourth-party complaint, such liability on the part of Crocetti and/or Carolina, by operation of law or otherwise, will have been caused and brought about by the culpable conduct on the part of the fourth-party defendants BARTEC INDUSTRIES, INC. ("Bartec"), DAYTON SUPERIOR SPECIALTY CHEMICAL CORP. ("Dayton") and/or SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC ("TEC"), JOHN DOES 1-20 and XYZ CORPS 1-20 and/or

96404v1

defendants TDX Construction Corp. ("TDX") and Kohn, Pederson, Fox & Associates, P.C. ("KPF"), and will not have been caused by any culpable conduct on the part of Crocetti and/or Carolina.

AS AND FOR A SECOND CROSS-CLAIM AGAINST
FOURTH-PARTY DEFENDANTS BARTEC INDUSTRIES,
INC., DAYTON SUPERIOR SPECIALTY CHEMICAL CORP.,
SPECIALTY CONSTRUCTION BRANDS, INC. T/A TEC AND
JOHN DOES 1-20 AND XYZ CORPS 1-20, JOINTLY AND
SEVERALLY AND AGAINST DEFENDANTS TDX CONSTRUCTION
CORP. AND KOHN, PEDERSON, FOX & ASSOCIATES, P.C.
(Contribution)

88.    If the damages alleged by fourth-party plaintiffs Trataros and Travelers in this action were caused by culpable conduct other than by such fourth-party plaintiffs, such culpable conduct was that of fourth-party defendants Bartec, Dayton, TEC, TDX and/or KPF, and will not have been caused by any culpable conduct on the part of Crocetti and/or Carolina.

89.    In the event that fourth-party plaintiffs recover a judgment against Crocetti and/or Carolina in this action by reason of the allegations contained in the amended fourth-party complaint, such liability on the part of Crocetti and/or Carolina, by operation of law or otherwise, will have been caused and brought about by the culpable conduct of fourth-party defendants Bartec, Dayton, TEC, John Does 1-20 and XYZ Corps 1-20 and/or defendants TDX and/or KPF, and will not have been caused by any culpable conduct on the part of Crocetti and/or Carolina, and will not have been caused by any culpable conduct on the part of Crocetti and/or Carolina.

96404v1

90    Accordingly, pursuant to Article 14 of the New York Civil Practice Law and Rules, Crocetti and Carolina are entitled to recover damages in the amount of any judgment recovered by fourth-party plaintiffs Trataros and Travelers against Crocetti and Carolina as determined in accordance with the relative culpability of fourth-party defendants Bartec, Dayton, TEC, John Does 1-20, XYZ Corps 1-20 and/or defendants TDX and/or KPF and Crocetti and Carolina demand judgment, jointly and severally, against fourth-party defendants Bartec, Dayton, TEC, John Does 1-20, XYZ Corps 1-20 and/or defendants TDX and/or KPF, in an amount equal to any excess paid by Crocetti and/or Carolina over and above Crocetti and/or Carolina's equitable share or shares, with interest.

## AS AND FOR A THIRD CROSS-CLAIM
## AGAINST FOURTH-PARTY DEFENDANT
## SPECIALTY CONSTRUCTION BRANDS, INC. T/A TEC
### (Contractual Indemnification)

91.    Fourth-party defendant TEC provided materials to Crocetti for use on the project pursuant to purchase orders and or contracts.

92.    Said purchase orders and/or contracts provided, expressly or impliedly, that TEC would indemnify and hold Crocetti harmless for claims brought against Crocetti.

93.    In the amended fourth-party complaint, the fourth-party plaintiff has asserted claims against Crocetti arising, in part, out of the materials used by Crocetti with respect to the project.

96404v1

24

94.    Any damages sustained by fourth-party plaintiff as alleged in the amended fourth-party complaint are embraced within the express or implied indemnification agreement contained in the purchase orders and or contracts between Crocetti and TEC.

95.    Pursuant to the terms of the express or implied indemnification agreement, if fourth-party defendant recovers money damages against Crocetti, Crocetti is entitled to recover the entire amount of said judgment, plus the costs, expenses and attorney's fees incurred in the defense of the action, from TEC.

96.    By reason of the foregoing, Crocetti has been damaged in an amount to be determined at trial, including but not limited to the costs, expenses and attorney's fees of defending the amended fourth-party complaint.

## ANSWER WITH RESPECT TO CROSSCLAIM BY FOURTH-PARTY PLAINTIFFS AGAINST DEFENDANT KOHN PEDERSON FOX ASSOCIATES, P.C.

97.    The crossclaim by fourth-party plaintiffs against defendant KPF, annexed to the amended fourth-party complaint is not addressed to fourth-party defendants Crocetti and Carolina and no response by them is necessary. To the extent that paragraphs "1" through "11" of said crossclaim contains factual allegations to which a response is required, Crocetti and Carolina deny knowledge or information sufficient to form a belief as to the truth of said allegations., except admit, upon information and belief, the allegations set forth in paragraphs "1", "2" and "3" of said crossclaim.

96404v1

25

WHEREFORE fourth-party defendants G.M. CROCETTI, INC. and CAROLINA CASUALTY INSURANCE COMPANY demand judgment against fourth-party plaintiffs TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY dismissing the amended fourth-party complaint in its entirety as against CROCETTI and CAROLINA and in favor of CROCETTI on its counterclaims and cross-claims as follows:

(a)     on its First Counterclaim against TRATAROS in the sum of $901,091.65, plus interest from October 31, 2002;

(b)     on its Second Counterclaim against TRATAROS and First Counterclaim against TRAVELERS, jointly and severally, in the sum of $901,091.65, plus interest from October 31, 2002;

(c)     on its First Cross-Claim against BARTEC, DAYTON, TEC, John Does 1-20, XYZ Corps 1-20, TDX and KPF, jointly and severally, as determined by the trier of fact;

(d)     on its Second Cross-Claim against BARTEC, DAYTON, TEC, John Does 1-20, XYZ Corps 1-20, TDX and KPF, jointly and severally, as determined by the trier of fact;

(e)     on its Third Cross-Claim against TEC as determined by the trier of fact; and

96404v1

26

(f)    for such other and further relief as this Court deems just and proper.

Dated: Jericho, New York
      June 3, 2005

                      TORRE, LENTZ, GAMELL, GARY
                      & RITTMASTER, LLP
                      Attorneys for Fourth-Party Defendants
                      G.M. Crocetti, Inc. and Carolina Casualty Insurance
                      Company

                      By:_____
                            Gary Wirth  (GW 4426)
                      100 Jericho Quadrangle, Suite 309
                      Jericho NY 11753-2702
                      (516) 240-8900

TO:    SEE ATTACHED SERVICE LIST