UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TRAVELERS CASUALTY AND SURETY
COMPANY as Administrator for RELIANCE
INSURANCE COMPANY,

                Plaintiff,

      -against-

THE DORMITORY AUTHORITY OF THE
STATE OF NEW YORK, TDX
CONSTRUCTION CORP. and KOHN,
PEDERSON, FOX & ASSOCIATES, P.C.,

                Defendants.
-------------------------------------------------------x
DORMITORY AUTHORITY OF THE STATE
OF NEW YORK,

           Third-Party Plaintiff,

      -against-

TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY AND SURETY
COMPANY,

          Third-Party Defendants.
-------------------------------------------------------x
TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY AND SURETY
COMPANY,

          Fourth-Party Plaintiffs,

      -against-

G.M. CROCETTI, INC., CAROLINA
CASUALTY INSURANCE COMPANY,
BARTEC INDUSTRIES INC., DAYTON
SUPERIOR SPECIALTY CHEMICAL CORP.,
SPECIALITY CONSTRUCTION BRANDS,
INC. t/a TEC, KEMPER CASUALTY
INSURANCE COMPANY, d/b/a KEMPER

Civil Action No.  04 Civ 5101(HB)

ECF CASE

**UNITED STATES FIRE INSURANCE
COMPANY'S ANSWER TO THE
AMENDED FOURTH-PARTY
COMPLAINT**

INSURANCE COMPANY, GREAT
AMERICAN INSURANCE COMPANY,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, UNITED
STATES FIRE INSURANCE COMPANY,
ALLIED WORLD ASSURANCE COMPANY
(U.S.) INC. f/k/a COMMERCIAL
UNDERWRITERS INSURANCE COMPANY,
ZURICH AMERICAN INSURANCE
COMPANY d/b/a ZURICH INSURANCE
COMPANY, OHIO CASUALTY
INSURANCE COMPANY d/b/a OHIO
CASUALTY GROUP, HARLEYSVILLE
MUTUAL INSURANCE COMPANY (a/k/a
HARLEYSVILLE INSURANCE COMPANY,
an insurer for BARTEC INDUSTRIES INC.),
JOHN DOES 1-20, and XYZ CORPS. 1-12

    Fourth-Party Defendants.

------------------------------------------------------------x

   Fourth-Party Defendant, United States Fire Insurance Company ("U.S. Fire"), by and

through its counsel, Carroll, McNulty & Kull L.L.C., by way of an Answer to the Amended

Fourth-Party Complaint states as follows:

<u>Parties, Jurisdiction and Venue</u>

   1.  Fourth-Party Defendant, U.S. Fire, denies any knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph one of the

Amended Fourth-Party Complaint, and therefore, denies same.

   2.  Fourth-Party Defendant, U.S. Fire, denies any knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph two of the

Amended Fourth-Party Complaint, and therefore, denies same.

   3.  Fourth-Party Defendant, U.S. Fire, denies any knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph three of the

Amended Fourth-Party Complaint, and therefore, denies same.

4.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph four of the Amended Fourth-Party Complaint, and therefore, denies same.

5.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five of the Amended Fourth-Party Complaint, and therefore, denies same.

6.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six of the Amended Fourth-Party Complaint, and therefore, denies same.

7.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven of the Amended Fourth-Party Complaint, and therefore, denies same.

8.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eight of the Amended Fourth-Party Complaint, and therefore, denies same.

9.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine of the Amended Fourth-Party Complaint, and therefore, denies same.

10.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten of the Amended Fourth-Party Complaint, and therefore, denies same.

11.    Fourth-Party Defendant, U.S. Fire, admits the allegations contained in paragraph eleven.

12.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve of the Amended Fourth-Party Complaint, and therefore, denies same.

13.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirteen of the Amended Fourth-Party Complaint, and therefore, denies same.

14.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen of the Amended Fourth-Party Complaint, and therefore, denies same.

15.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifteen of the Amended Fourth-Party Complaint, and therefore, denies same.

16.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixteen of the Amended Fourth-Party Complaint, and therefore, denies same.

17.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventeen of the Amended Fourth-Party Complaint, and therefore, denies same.

<u>The Procedural Background Antecedent to this Amended Fourth-Party Complaint</u>

18.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eighteen of the Amended Fourth-Party Complaint, and therefore, denies same.

19.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nineteen of the Amended Fourth-Party Complaint, and therefore, denies same.

20.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty of the Amended Fourth-Party Complaint, and therefore, denies same.

21.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-one of the Amended Fourth-Party Complaint, and therefore, denies same.

22.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-two of the Amended Fourth-Party Complaint, and therefore, denies same.

23.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-three of the Amended Fourth-Party Complaint, and therefore, denies same.

24.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-four of the Amended Fourth-Party Complaint, and therefore, denies same.

<u>Facts Common to All Counts of this Amended Fourth-Party Complaint</u>

25.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-five of the Amended Fourth-Party Complaint, and therefore, denies same.

26.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-six of the Amended Fourth-Party Complaint, and therefore, denies same.

27.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-seven of the Amended Fourth-Party Complaint, and therefore, denies same.

28.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-eight of the Amended Fourth-Party Complaint, and therefore, denies same.

29.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-nine of the Amended Fourth-Party Complaint, and therefore, denies same.

30.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty of the Amended Fourth-Party Complaint, and therefore, denies same.

31.    Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-one of the Amended Fourth-Party Complaint, and therefore, denies same.

<u>As For An Answer To The First Count</u>
(Breach of Subcontracts – Indemnification & Exoneration against Crocetti and Bartec)

32.    Fourth-Party Defendant, U.S. Fire, repeats and reiterates its responses to the allegations contained in paragraphs one through thirty-one of the Amended Fourth-Party Complaint.

33.     To the extent that the allegations of paragraphs thirty-three through forty of the First Count of the Amended Fourth-Party Complaint do not refer or relate to this Fourth-Party Defendant, U.S. Fire denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. However, to the extent the allegations do refer to U.S. Fire, all such allegations are specifically denied.

### As For An Answer To The Second Count

(Performance Bond Claim against Crocetti and Carolina Casualty by Trataros Alone)

34.     Fourth-Party Defendant, U.S. Fire, repeats and reiterates its response to the allegations contained in paragraphs one through forty as if set forth at length herein.

35.     To the extent that the allegations of paragraphs forty-two through forty-four of the Second Count of the Amended Fourth-Party Complaint do not refer or relate to this Fourth-Party Defendant, U.S. Fire denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. However, to the extent the allegations do refer to U.S. Fire, all such allegations are specifically denied.

### As For An Answer To The Third Count

(Performance Bond Claim against Crocetti and Carolina Casualty by Travelers)

36.     Fourth-Party Defendant, U.S. Fire, repeats and reiterates its response to the allegations contained in paragraphs one through forty-four as if set forth at length herein.

37.     To the extent that the allegations of paragraphs forty-six through fifty-one of the Third Count of the Amended Fourth-Party Complaint do not refer or relate to this Fourth-Party Defendant, U.S. Fire denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. However, to the extent the allegations do refer to U.S. Fire, all such allegations are specifically denied.

38.    To the extent that the allegations of paragraph forty-seven of the Amended Fourth-Party Complaint do not refer or relate to this Fourth-Party Defendant, U.S. Fire denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. However, to the extent the allegations do refer to U.S. Fire, all such allegations are specifically denied.

<u>As For An Answer To The Fourth Count</u>

(Professional Negligence – Indemnification, Contribution &
Exoneration against Crocetti and Bartec)

39.    Fourth-Party Defendant, U.S. Fire, repeats and reiterates its response to the allegations contained in paragraphs one through fifty-one as if set forth at length herein.

40.    To the extent that the allegations of paragraphs fifty-three through fifty-nine of the Fourth Count of the Amended Fourth-Party Complaint do not refer or relate to this Fourth-Party Defendant, U.S. Fire denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. However, to the extent the allegations do refer to U.S. Fire, all such allegations are specifically denied.

<u>As For An Answer To The Fifth Count</u>
(Negligence, Breach of Contract, Breach of Warranty – Indemnification,
Contribution & Exoneration against Dayton and TEC)

41.    Fourth-Party Defendant, U.S. Fire, repeats and reiterates its response to the allegations contained in paragraphs one through fifty-nine as if set forth at length herein.

42.    To the extent that the allegations of paragraphs sixty-one through sixty-seven of the Fifth Count of the Amended Fourth-Party Complaint do not refer or relate to this Fourth-Party Defendant, U.S. Fire denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. However, to the extent the allegations do refer to U.S. Fire, all such allegations are specifically denied.

<u>As For An Answer To The Sixth Count</u>
(Breach of Contracts, Professional Negligence and/or Simple Negligence – Indemnification,
Contribution & Exoneration against John Does 1-20 and XYZ Corps. 1-12)

43.     Fourth-Party Defendant, U.S. Fire, repeats and reiterates its response to the allegations contained in paragraphs one through sixty-seven as if set forth at length herein.

44.     To the extent that the allegations of paragraphs sixty-nine through seventy-six of the Sixth Count of the Amended Fourth-Party Complaint do not refer or relate to this Fourth-Party Defendant, U.S. Fire denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. However, to the extent the allegations do refer to U.S. Fire, all such allegations are specifically denied.

<u>As For An Answer To The Seventh Count</u>
(Insurance Coverage against Kemper, Great American, National Union, U.S. Fire, Allied,
Zurich, Ohio Cas., Harleysville, and XYZ Corps. 1-12)

45.     Fourth-Party Defendant, U.S. Fire, repeats and reiterates its response to the allegations contained in paragraphs one through seventy-six as if set forth at length herein.

46.     To the extent that the allegations of paragraph seventy-eight of the Amended Fourth-Party Complaint do not refer or relate to this Fourth-Party Defendant, U.S. Fire denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. However, to the extent the allegations do refer to U.S. Fire, U.S. Fire admits that it issued one comprehensive general liability policy to Trataros Construction, Inc., Policy No. 5031690768, effective April 1, 1998 through April 1, 1999, and one comprehensive general liability insurance policy to G.M. Crocetti, Inc., Policy No. 5031763587, effective March 31, 1999 through March 31, 2000 and refers this Honorable Court to those policies for a full

recitation of the terms, conditions and exclusions contained therein. U.S. Fire denies the remaining allegations contained in paragraph seventy-eight.

47.   Fourth-Party Defendant, U.S. Fire, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventy-nine of the Amended Fourth-Party Complaint, and therefore, denies same.

48.   To the extent that the allegations of paragraph eighty of the Amended Fourth-Party Complaint do not refer or relate to this Fourth-Party Defendant, U.S. Fire denies any knowledge of information sufficient to form a belief as to the truth of the allegations contained therein. However, to the extent the allegations do refer to U.S. Fire, all such allegations are specifically denied.

49.   To the extent that the allegations of paragraph eighty-one of the Amended Fourth-Party Complaint do not refer or relate to this Fourth-Party Defendant, U.S. Fire denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. However, to the extent the allegations do refer to U.S. Fire, all such obligations are specifically denied.

50.   To the extent that the allegations of paragraph eighty-two of the Amended Fourth-Party Complaint do not refer or relate to this Fourth-Party Defendant, U.S. Fire denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. However, to the extent the allegations do refer to U.S. Fire, all such allegations are specifically denied.

51.   Fourth-Party Defendant, U.S. Fire, denies the allegations contained in paragraph eighty-three of the Amended Fourth-Party Complaint.

52.    Fourth-Party Defendant, U.S. Fire, denies the allegations contained in paragraph eighty-four of the Amended Fourth-Party Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Fourth-Party Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Fourth-Party Plaintiffs' claims are barred due to their failure to comply with the terms and conditions of the U.S. Fire policies, including, but not limited to, Fourth-Party Plaintiffs' failure to comply with the "Notice" provision contained in the U.S. Fire policies.

### THIRD AFFIRMATIVE DEFENSE

Fourth-Party Plaintiffs' claims are barred by the doctrines of waiver, estoppel and laches.

### FOURTH AFFIRMATIVE DEFENSE

Fourth-Party Plaintiffs' claims are barred by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Fourth-Party Plaintiffs' claims are barred due to their fraud, misconduct and/or other contributory wrongful conduct.

### SIXTH AFFIRMATIVE DEFENSE

All or part of the sums for which Fourth-Party Plaintiffs seek coverage may be precluded or limited by the applicable provisions, terms, conditions, limitations and exclusions of the policies at issue herein and/or by public policy or express provision of law.

## SEVENTH AFFIRMATIVE DEFENSE

Fourth-Party Plaintiffs' claims are barred in whole or in part by the "other insurance" clauses of the policies at issue herein.

## EIGHTH AFFIRMATIVE DEFENSE

Insurance coverage does not exist for all or part of the claim at issue because such claim is not for "property damage," which was neither expected nor intended.

## NINTH AFFIRMATIVE DEFENSE

The rights and obligations of Fourth-Party Defendant, U.S. Fire, are defined and controlled by the limits of liability, terms, exclusions, conditions and other provisions of the policies at issue herein. The terms, exclusions, conditions and other provisions of said policies are too voluminous to itemize as affirmative defenses, and are therefore incorporated by reference herein.

## TENTH AFFIRMATIVE DEFENSE

Fourth-Party Plaintiffs' claims are barred, in whole or in part, to the extent that they were assumed pursuant to contract, lease or any other agreements.

## ELEVENTH AFFIRMATIVE DEFENSE

Fourth-Party Plaintiffs' claims are barred, in whole or in part, to the extent that they have impaired any right of subrogation of Defendant, U.S. Fire.

## TWELFTH AFFIRMATIVE DEFENSE

The Amended Fourth-Party Complaint does not describe the underlying actions with sufficient particularity to permit U.S. Fire to ascertain what other defenses (including defenses based on terms, conditions or exclusions of the policies at issue herein) may exist. U.S. Fire

therefore reserves the right to assert all defenses that may pertain to it once the precise nature of such actions is determined.

## THIRTEENTH AFFIRMATIVE DEFENSE

Fourth-Party Plaintiffs have failed to comply with conditions precedent and subsequent necessary to the existence of coverage under the U.S. Fire policies at issue herein.

## FOURTEENTH AFFIRMATIVE DEFENSE

Insurance coverage does not exist for all or part of the claim at issue, as such claim is not for "property damage" within the meaning of the policies at issue herein.

## FIFTEENTH AFFIRMATIVE DEFENSE

Fourth-Party Plaintiffs' claims are barred, in whole or in part, to the extent that they have failed to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Fourth-Party Plaintiff, Trataros Construction, Inc., is not entitled to coverage under the U.S. Fire policies at issue for "property damage" resulting from its independent negligence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Fourth-Party Plaintiff, Trataros Construction, Inc.'s claims are barred, in whole or in part, because it is not insured under the U.S. Fire policies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Fourth-Party Plaintiffs claims' are barred because their liability, if any, does not arise out of the work or product of U.S. Fire's insured(s).

## NINETEENTH AFFIRMATIVE DEFENSE

Insurance coverage does not exist for all or part of the claim at issue, as such claim is not a covered "occurrence" under the U.S. Fire policies.

### AS FOR A FIRST CROSS CLAIM AGAINST DEFENDANTS,
### THIRD-PARTY DEFENDANTS AND FOURTH-PARTY CO-DEFENDANTS

Fourth-Party Defendant, U.S. Fire, by way of Cross-Claim against defendants, third-party defendants and fourth-party co-defendants, while denying that it is in any way obligated or liable for the claims of relief asserted against it in the Amended Fourth-Party Complaint, alleges that any obligation imposed on it to respond to damages can only be as the result of the operation of law based on technical, imputed or implied liability, whereas the actual fault, negligence, breach of warranty or liability is more properly asserted against whom this Cross-Claim for indemnification, both contractual and in common law, is asserted. Wherefore, Fourth-Party Defendant, U.S. Fire, demands judgment for indemnification from defendants, third-party defendants and fourth-party co-defendants and awarding U. S. Fire attorney fees, interests and costs of suit.

### AS FOR A SECOND CROSS CLAIM AGAINST DEFENDANTS,
### THIRD-PARTY DEFENDANTS AND FOURTH-PARTY CO-DEFENDANTS

Fourth-Party Defendant, U.S. Fire, by way of Cross-Claim against defendants, third-party defendants and fourth-party co-defendants, while denying that it is in any way obligated or liable for the claims of relief asserted against it in the Amended Fourth-Party Complaint, hereby makes a demand for contribution against defendants, third-party defendants and fourth-party co-defendants. Wherefore, fourth-party defendant, U.S. Fire, demands judgment for contribution from defendants, third-party defendants and fourth-party co-defendants, awarding U.S. Fire attorney fees, interest and costs of suit.

**WHEREFORE,** Fourth-Party Defendant, U.S. Fire, prays for judgment as follows:

1.      That judgment be entered in this action dismissing the Amended Fourth-Party Complaint as against it;

2.     That the Court declare that U.S. Fire owes no obligation to the Fourth-Party Plaintiffs, or any other party in this litigation with respect to this claim;

3.     That the Court award U.S. Fire attorneys' fees and costs incurred in the defense of this litigation; and

4.     Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       April 15, 2005

                                        CARROLL, McNULTY & KULL L.L.C.


                                        _____
                                        Ann Odelson (AO: 9681)
                                        Margaret Catalano Of Counsel
                                        Attorneys for Fourth-Party Defendant
                                        United States Fire Insurance Company
                                        270 Madison Avenue
                                        Thirteenth Floor
                                        New York, New York 10016
                                        212.252.0004
                                        212.252.0444 – Fax

TO:    Dreifuss Bonacci & Parker LLP
       Guido Weber (GW:1692)
       Attorneys for Fourth-Party Plaintiffs
       Trataros Construction, Inc. and Travelers
       Casualty and Surety Company
       26 Columbia Turnpike
       North Entrance
       Florham Park, New Jersey 07932
       973.514.1414

       David Abramovitz, Esq.
       Zetlin & DeChiara, LLP
       Attorneys for Defendant
       Dormitory Authority of the State of New York
       801 Second Avenue
       New York, New York 10017

Gary L. Rubin, Esq.
Mazur, Carp & Rubin P.C.
Attorneys for Defendant
TDX Construction Corp.
1250 Broadway
38th Floor
New York, New York 10001

Jeremy Platek, Esq.
O'Connor, Redd, Gollihue & Sklarin, LLP
Attorneys for Fourth-Party Defendant, U.S. Fire,
Bartec Industries Inc.
200 Mamaroneck Avenue
White Plains, New York 10601

Thomas M. DeSimone, Esq.
Goldberg Segalla LLP
Attorneys for Fourth-Party Defendant, U.S. Fire,
Dayton Superior Specialty Chemical Corp.
170 Hamilton Avenue
Suite 203
White Plains, New York 10601

Christian H. Gannon, Esq.
Segal, McCambridge, Singer & Mahoney, Ltd.
Attorneys for Fourth-Party Defendant, U.S. Fire,
Specialty Construction Brands, Inc. t/a TEC

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                                             )ss.:
COUNTY OF NEW YORK)

MAUREEN ROSA, being sworn, deposes and says that she is over the age of eighteen years, resides in Westchester County, New York and is employed in the office of Carroll, McNulty & Kull, L.L.C.

On the 21st day of April, 2005, deponent states that service of a true copy of the within *United States Fire Insurance Company's Answer to the Amended Fourth Party Complaint* made on the listed addressee attorney(s) by mail on the date indicated below, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State:

TO:

Zetlin & DeChiara
801 Second Avenue
New York, New York 10017
(212) 682-6800
*Attorneys for Defendant/Third-Party Plaintiff,*
*The Dormitory Authority of the State of New York*

Maureen Rosa

Sworn to before me this
21st day of April, 2005.

NOTARY PUBLIC

ANN ODELSON
Notary Public, State of New York
No. 02OD6117618
Qualified in New York County
Commission Expires Oct 25, 20__

UNITED STATE DISTRICT COURT
FOR THE SOURTHERN DISTRICT OF NEW YORK

Civil Action No.: 04 Civ 5101(HB)

---

TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,

Plaintiff,

-against-

THE DOMITORY AUTHORITY FOR THE STATE OF NEW YORK, TDX CONSTRUCTION CORP. and KOHN, PEDERSON, FOX & ASSOCIATES, P.C.

Defendant.

AND A THIRD AND FOURTH PARTY ACTION

---

## *United States Fire Insurance Company's Answer to the Amended Fourth Party Complaint*

### CARROLL, McNULTY & KULL LLC
**Attorneys for Fourth-Party Defendant, United States Fire Insurance Company**
New York Office:
270 Madison Avenue
Thirteenth Floor
New York, New York 10016
(212) 252-0004 – telephone
(212) 252-0444 - facsimile

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:*

Signature: _____

Print Signer's Name: _____

---

*Service of a copy of the within*                                    *is hereby admitted.*

*Dated:*

_____

*Attorney(s) for*

---

*PLEASE TAKE NOTICE*

( )    *that the within is a (certified) true copy of a* _____
       *entered in the office of the clerk of the within named Court on* _____

( )    *that an Order of which the within is a true copy will be presented for settlement to the*
       *Hon.*                    *one of the judges of the within named Court,*
       *at*
       *on*                                    *, at*                *M.*

*Dated:*

*To:*                          *Attorney(s) for*
*Attorney(s) for*              *Office Address & Tel. No.:*