UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

TRAVELERS CASUALTY AND SURETY
COMPANY as Administrator for RELIANCE
INSURANCE COMPANY,

        Plaintiff,

    -against-

THE DORMITORY AUTHORITY OF THE
STATE OF NEW YORK, TDX
CONSTRUCTION CORP. and KOHN,
PEDERSON, FOX & ASSOCIATES, P.C.,

        Defendants.

--------------------------------------------------------x

DORMITORY AUTHORITY OF THE STATE
OF NEW YORK,

        Third-Party Plaintiff,

    -against-

TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY AND SURETY
COMPANY,

        Third-Party Defendants.

--------------------------------------------------------x

TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY AND SURETY
COMPANY,

        Fourth-Party Plaintiffs,

    -against-

G.M. CROCETTI, INC., CAROLINA
CASUALTY INSURANCE COMPANY,
BARTEC INDUSTRIES INC., DAYTON
SUPERIOR SPECIALTY CHEMICAL CORP.,
SPECIALITY CONSTRUCTION BRANDS,
INC. t/a TEC, KEMPER CASUALTY
INSURANCE COMPANY, d/b/a KEMPER

Civil Action No.  04 Civ 5101(HB)

ECF CASE

**AFFIDAVIT OF SHERRIANNE
HANAVAN IN SUPPORT OF U.S.
FIRE'S MOTION TO DISMISS THE
AMENDED FOURTH-
PARTY COMPLAINT**

INSURANCE COMPANY, GREAT
AMERICAN INSURANCE COMPANY,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, UNITED
STATES FIRE INSURANCE COMPANY,
ALLIED WORLD ASSURANCE COMPANY
(U.S.) INC. f/k/a COMMERCIAL
UNDERWRITERS INSURANCE COMPANY,
ZURICH AMERICAN INSURANCE
COMPANY d/b/a  ZURICH INSURANCE
COMPANY, OHIO CASUALTY
INSURANCE COMPANY d/b/a OHIO
CASUALTY GROUP, HARLEYSVILLE
MUTUAL INSURANCE COMPANY (a/k/a
HARLEYSVILLE INSURANCE COMPANY,
an insurer for BARTEC INDUSTRIES INC.),
JOHN DOES 1-20, and XYZ CORPS. 1-12

        Fourth-Party Defendants.
--------------------------------------------------------x

I, Sherrianne Hanavan, being of full age and duly sworn hereby deposes and says:

1.    I am the Manager of the San Diego Office of RiverStone Claims Management,
LLC ("RiverStone"). In this capacity, I am responsible for overseeing the management of certain
claims for United States Fire Insurance Company ("U.S. Fire").

2.    U.S. Fire issued a comprehensive general liability ("CGL") policy to Trataros
Construction, Corp. ("Trataros") for the policy period April 1, 1998 to April 1, 1999 and a CGL
policy to G.M. Crocetti ("Crocetti") for the policy period March 31, 1999 to March 31, 2000.

3.    Each U.S. Fire policy contains the following "notice" provision, which requires a
party seeking coverage under either policy to notify U.S. Fire of an "occurrence" in writing as
soon as practicable:

        2.    Duties In The Event Of Occurrence, Offense, Claim
             Or Suit.

        a.    You must see to it that we are notified as soon as
             practicable of an "occurrence" or offense which

may result in a claim. To the extent possible, notice should include:

    (1)    How, when and where the "occurrence" or offense took place; and

    (2)    The names and addresses of any injured persons and witnesses.

    (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.    If a claim is made or "suit" is brought against any insured, you must:

    (1) Immediately record the specifics of the claim or "suit" and the date received; and

    (2) Notify us as soon as practicable; and

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.    You and any other involved insured must:

    (1)    Immediately send copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    (2)    Authorize us to obtain records and other information;

    (3)    Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and

    (4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    d.      No insureds will, except at their own cost,
voluntarily make a payment, assume any obligation,
or incur any expense, other than for first aid,
without our consent.

    e.      Notice given by or on behalf of the insured, or
written notice by or on behalf of the injury party or
claimant to any agent of ours in New York State,
with particulars sufficient to identify the insured
shall be considered notice to us.

(A copy of the relevant portions of the U.S. Fire policies is annexed hereto as Exhibit A).

4.     On March 29, 2005, Joanne McGovern of Crum & Forster informed RiverStone of the filing of the Amended Fourth-Party Complaint against U.S. Fire.

5.     The Amended Fourth-Party Complaint and Trataros's cross-claim against Kohn Pederson Fox & Associates ("KPF"), the Dormitory Authority of the State of New York's ("DASNY") Third-Party Complaint, KPF's answer to DASNY's Third-Party Complaint, the Fourth-Party Complaint, KPF's Reply to Trataros's cross-claims, KPF's Third-Party Complaint, Travelers' Rule 7.1. Statement, and Trataros's Rule 7.1. Statement were all sent by overnight delivery from Crum & Forster's office located in Morristown, New Jersey, and were received in RiverStone's San Diego office on March 30, 2005.

6.    After reviewing the Amended Fourth-Party Complaint and attached documents, RiverStone determined that Trataros was not entitled to coverage under the U.S. Fire policy issued to Trataros and by correspondence dated April 18, 2005, RiverStone on behalf of U.S. Fire denied coverage to Trataros. (See Exhibit B annexed hereto).

SHERRIANNE HANAVAN

Sworn and subscribed before me
on this 22 day of July      2005;

Notary Public

JOAO BOSCO F. VELOSO
Comm. # 1497695
NOTARY PUBLIC-CALIFORNIA
San Diego County
My Comm. Expires June 28, 2008

Exhibit A

Policy Number
5031690768



### COMMERCIAL GENERAL LIABILITY COVERAGE PART
### SUPPLEMENTAL DECLARATIONS
### UNITED STATES FIRE INSURANCE COMPANY

Named Insured  TRATAROS CONSTRUCTION INC

Agent Name   ALLIED COVERAGE CORP

Effective Date: 04-01-98
12:01 A.M., Standard Time
Agent No. C60688

---

**Item 1.**   Business Description: CONSTRUCTION

---

**Item 2.**   Limits of Insurance

| | |
|---|---|
| General Aggregate Limit (Other Than Products - Completed Operations) | $     2,000,000 |
| Products - Completed Operations Aggregate Limit | $     1,000,000 |
| Personal and Advertising Injury Limit | $     1,000,000 |
| Each Occurrence Limit | $     1,000,000 |
| Fire Damage Limit | $        50,000   Any One Fire |
| Medical Expense Limit | $         5,000   Any One Person |

---

**Item 3.**   Retroactive Date

Coverages A and B of this Insurance do not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" which occurs before the Retroactive Date, if any, shown here: _____

(Enter Date or "None" if no Retroactive Date applies)

---

**Item 4.**   Form of Business and Location of Premises

Form of Business:
CORPORATION

REDACTED

Location of All Premises You Own, Rent or Occupy:

**See Schedule of Locations**

---

**Item 5.**   Location of Premises

| Code No. 91340 | Premium Basis | D | Premises/Operations | |
|---|---|---|---|---|
| Location 001/001 | Exposure IF ANY | | Rate | Premium |
| Classification: CARPENTRY - CONSTRUCTION OF RESIDENTIAL PROPERTY NOT EXCEEDING THREE STORIES IN HEIGHT | | | Products/Completed Operations | |
| | | | Rate | Premium |

| Code No. 91342 | Premium Basis PAYROLL/NEAREST THOUSAND | | Premises/Operations | |
|---|---|---|---|---|
| Location 001/001 | Exposure $ | | Rate | Premium |
| Classification: CARPENTRY - NOC | | | Products/Completed Operations | |
| | | | Rate | Premium |

---

**Item 6.**   Forms and Endorsements

Form(s) and Endorsement(s) made a part of this policy at time of issue:

**See Schedule of Forms and Endorsements**

---

THESE DECLARATIONS ARE PART OF THE POLICY DECLARATIONS CONTAINING THE NAME OF THE INSURED AND THE POLICY PERIOD.

FM 101.0.1404 04 94

Policy Number
**5031763596**
Renewal of Number
5031690768

# COMPAC III
## COMMON POLICY DECLARATIONS

### CRUM & FORSTER INDEMNITY COMPANY

**Item 1.  Named Insured and Mailing Address**

TRATAROS CONSTRUCTION INC.
(SEE NAMED INSURED ENDT)
664 64TH STREET
BROOKLYN, NY 11220-0000

**Agent Name and Address**

ALLIED COVERAGE CORP
390 NORTH BRDWY
JERICHO NY 117530000

RETURN TO
COMPANY
IF CANCELLED

C60688

**Item 2.  Policy Period    From:    04-01-99    To:    04-01-00**

at 12:01 A.M., Standard Time at your mailing address shown above.

**Item 3.  Business Description: CONSTRUCTION**

Form of Business: CORPORATION

**Item 4.  In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.**

This policy consists of the following coverage parts for which a premium is indicated. Where no premium is shown, there is no coverage. This premium may be subject to adjustment.

| Coverage Part(s) | Premium | |
|---|---|---|
| Commercial Property Coverage Part | $ | |
| Commercial General Liability Coverage Part | $ | NOT COVERED |
| Commercial Crime Coverage Part | $ | REDACTED |
| Commercial Inland Marine Coverage Part | $ | |
| Commercial Auto (Business or Truckers) Coverage Part | $ | NOT COVERED |
| Commercial Garage Coverage Part | $ | NOT COVERED |
| BOILER COVERAGE PART | $ | |
| | $ | |
| | $ | |

TAX / SURCHARGE    $          **Total Policy Premium**    $

☐ Direct Bill    ☒ See Premium Payment Schedule    Client No. 00625554

Audit Period: Annual (unless otherwise stated):

☐ Monthly    ☐ Quarterly    ☐ Semi-Annual    ☒ Other (Describe) WAIVED

**Item 5.  Forms and Endorsements**

Form(s) and Endorsement(s) made a part of this policy at time of issue:

**See Schedule of Forms and Endorsements**

Countersigned:

Date:_____    By:_____

Authorized Representative

THIS COMMON POLICY DECLARATION AND THE SUPPLEMENTAL DECLARATION(S), TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART(S), COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, COMPLETE THE ABOVE NUMBERED POLICY.

b. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

c. Coverage B does not apply to "personal injury" or "advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

## SECTION III - LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

   a. Insureds;

   b. Claims made or "suits" brought; or

   c. Persons or organizations making claims or bringing "suits".

2. The General Aggregate Limit is the most we will pay for the sum of:

   a. Medical expenses under Coverage C;

   b. Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

   c. Damages under Coverage B.

3. The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

4. Subject to 2. above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages because of all "personal injury" and all "advertising injury" sustained by any one person or organization.

5. Subject to 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

   a. Damages under Coverage A; and

   b. Medical expenses under Coverage C

   because of all "bodily injury" and "property damage" arising out of any one "occurrence".

6. Subject to 5. above, the Fire Damage Limit is the most we will pay under Coverage A for damages because of "property damage" to premises, while rented to you or temporarily occupied by you with permission of the owner, arising out of any one fire.

7. Subject to 5. above, the Medical Expense Limit is the most we will pay under Coverage C for all medical expenses because of "bodily injury" sustained by any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

## SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

1. **Bankruptcy**

   Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   Copyright, Insurance Services Office, Inc., 1994   CG 00 01 01 96  □

c.  You and any other involved insured must:

(1)  Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit;

(2)  Authorize us to obtain records and other information;

(3)  Cooperate with us in the investigation or settlement of the claim or defense against the suit; and

(4)  Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.  No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

### 3.  Legal Action Against Us

No person or organization has a right under this Coverage Part:

a.  To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

b.  To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance.  An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

### 4.  Other Insurance

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

a.  **Primary Insurance**

This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

b.  **Excess Insurance**

This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

(1)  That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

(2)  That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner; or

(3)  If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of Coverage A (Section I).

When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1)  The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2)  The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

c.  **Method of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

COMMERCIAL GENERAL LIABILITY
CG 01 63 01 96

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# NEW YORK CHANGES
## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** Paragraph 1.a. of COVERAGE A - BODILY IN-
JURY AND PROPERTY DAMAGE LIABILITY
(Section I - Coverages) is replaced by the fol-
lowing:

   **1. Insuring Agreement**

     **a.** We will pay those sums that the insured
becomes legally obligated to pay as dam-
ages because of "bodily injury" or "prop-
erty damage" to which this insurance
applies. We will have the right and duty to
defend the insured against any "suit"
seeking those damages even if the
allegations of the "suit" are groundless,
false or fraudulent. However, we will have
no duty to defend the insured against any
"suit" seeking damages for "bodily injury"
or "property damage" to which this insur-
ance does not apply. We may, at our dis-
cretion, investigate any "occurrence" and
settle any claim or "suit" that may result.
But:

      **(1)** The amount we will pay for damages
is limited as described in LIMITS OF
INSURANCE (Section III); and

      **(2)** Our right and duty to defend end when
we have used up the applicable limit
of insurance in the payment of judg-
ments or settlements under Coverages
A or B or medical expenses under
Coverage C.

     No other obligation or liability to pay sums
or perform acts or services is covered
unless explicitly provided for under SUP-
PLEMENTARY PAYMENTS - COVERAGES
A AND B.

**B.** Paragraph 1.a. of COVERAGE B - PERSONAL
AND ADVERTISING INJURY LIABILITY (Section I
- Coverages) is replaced by the following:

   **1. Insuring Agreement**

     **a.** We will pay those sums that the insured
becomes legally obligated to pay as dam-
ages because of "personal injury" or "ad-
vertising injury" to which this insurance
applies. We will have the right and duty to
defend the insured against any "suit"
seeking those damages even if the
allegations of the "suit" are groundless,
false or fraudulent. However, we will have
no duty to defend the insured against any
"suit" seeking damages for "personal in-
jury" or "advertising injury" to which this
insurance does not apply. We may, at our
discretion, investigate any "occurrence"
or offense and settle any claim or "suit"
that may result. But:

      **(1)** The amount we will pay for damages
is limited as described in LIMITS OF
INSURANCE (Section III); and

      **(2)** Our right and duty to defend end when
we have used up the applicable limit
of insurance in the payment of judg-
ments or settlements under Coverages
A and B or medical expenses under
Coverage C.

     No other obligation or liability to pay sums
or perform acts or services is covered
unless explicitly provided for under SUP-
PLEMENTARY PAYMENTS - COVERAGES
A AND B.

**C.** The following is added as paragraph e. to the
DUTIES IN THE EVENT OF OCCURRENCE, CLAIM
OR SUIT Condition (Paragraph 2. of Section IV -
Commercial General Liability Conditions):

   **2. Duties in the Event of Occurrence, Offense,
Claim or Suit**

     **e.** Notice given by or on behalf of the in-
sured, or written notice by or on behalf of
the injured person or any other claimant,
to any agent of ours in New York State,
with particulars sufficient to identify the
insured, shall be considered to be notice
to us.

**D.** The definition of "loading or unloading" in the
DEFINITIONS Section does not apply.

Copyright, Insurance Services Office, Inc., 1994

Policy Number
**5031763587**
Renewal of Number
NEW

# COMPAC III
## COMMON POLICY DECLARATIONS

### UNITED STATES FIRE INSURANCE COMPANY

| Item 1.  Named Insured and Mailing Address | Agent Name and Address | |
|---|---|---|
| G.M. CROCETTI, INC. <br> (SEE NAMED INSURED ENDT) <br> 3960 MERRITT AVENUE <br> BRONX, NY 10466 | ALLIED COVERAGE CORP <br> 390 NORTH BRDWY <br> JERICHO NY 117530000 | RETURN TO COMPANY IF CANCELLED |

C60688

| Item 2.  Policy Period | From:  03-31-99 | To:  03-31-00 |
|---|---|---|
| | at 12:01 A.M., Standard Time at your mailing address shown above. | |

Item 3.  Business Description: CONTRACTOR

Form of Business: CORPORATION

Item 4.  In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.

This policy consists of the following coverage parts for which a premium is indicated. Where no premium is shown, there is no coverage. This premium may be subject to adjustment.

| Coverage Part(s) | | Premium |
|---|---|---|
| Commercial Property Coverage Part | $ | *REDACTED* |
| Commercial General Liability Coverage Part | $ | |
| Commercial Crime Coverage Part | $ | NOT COVERED |
| Commercial Inland Marine Coverage Part | $ | |
| Commercial Auto (Business or Truckers) Coverage Part | $ | NOT COVERED |
| Commercial Garage Coverage Part | $ | NOT COVERED |
| BOILER COVERAGE PART | $ | |
| | $ | |
| | $ | |

TAX / SURCHARGE          $                    **Total Policy Premium** $

☐ Direct Bill   ☒ See Premium Payment Schedule          Client No. 00273729

Audit Period:  Annual (unless otherwise stated): _____
☐ Monthly   ☐ Quarterly   ☐ Semi-Annual   ☐ Other (Describe)

Item 5.  Forms and Endorsements

Form(s) and Endorsement(s) made a part of this policy at time of issue:

   **See Schedule of Forms and Endorsements**

Countersigned:
Date:_____   By:_____
                                        Authorized Representative

THIS COMMON POLICY DECLARATION AND THE SUPPLEMENTAL DECLARATION(S), TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART(S), COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, COMPLETE THE ABOVE NUMBERED POLICY.

FM 600.0.959 04 94

b.  Coverage A does not apply to "bodily injury" or
    "property damage" that occurred before you
    acquired or formed the organization; and

c.  Coverage B does not apply to "personal injury"
    or "advertising injury" arising out of an offense
    committed before you acquired or formed the
    organization.

No person or organization is an insured with respect to
the conduct of any current or past partnership, joint
venture or limited liability company that is not shown as
a Named Insured in the Declarations.

## SECTION III - LIMITS OF INSURANCE

1.  The Limits of Insurance shown in the Declarations
    and the rules below fix the most we will pay
    regardless of the number of:

    a.  Insureds;

    b.  Claims made or "suits" brought; or

    c.  Persons or organizations making claims or
        bringing "suits".

2.  The General Aggregate Limit is the most we will
    pay for the sum of:

    a.  Medical expenses under Coverage C;

    b.  Damages under Coverage A, except damages
        because of "bodily injury" or "property damage"
        included in the "products-completed operations
        hazard"; and

    c.  Damages under Coverage B.

3.  The Products-Completed Operations Aggregate
    Limit is the most we will pay under Coverage A for
    damages because of "bodily injury" and "property
    damage" included in the "products-completed oper-
    ations hazard".

4.  Subject to 2. above, the Personal and Advertising
    Injury Limit is the most we will pay under Cov-
    erage B for the sum of all damages because of all
    "personal injury" and all "advertising injury" sustain-
    ed by any one person or organization.

5.  Subject to 2. or 3. above, whichever applies, the
    Each Occurrence Limit is the most we will pay for
    the sum of:

    a.  Damages under Coverage A; and

    b.  Medical expenses under Coverage C

    because of all "bodily injury" and "property damage"
    arising out of any one "occurrence".

6.  Subject to 5. above, the Fire Damage Limit is the
    most we will pay under Coverage A for damages
    because of "property damage" to premises, while
    rented to you or temporarily occupied by you with
    permission of the owner, arising out of any one fire.

7.  Subject to 5. above, the Medical Expense Limit is
    the most we will pay under Coverage C for all
    medical expenses because of "bodily injury" sus-
    tained by any one person.

The Limits of Insurance of this Coverage Part apply
separately to each consecutive annual period and to any
remaining period of less than 12 months, starting with
the beginning of the policy period shown in the De-
clarations, unless the policy period is extended after
issuance for an additional period of less than 12 months.
In that case, the additional period will be deemed part
of the last preceding period for purposes of determining
the Limits of Insurance.

## SECTION IV - COMMERCIAL GENERAL LIA-BILITY CONDITIONS

1.  **Bankruptcy**

    Bankruptcy or insolvency of the insured or of the
    insured's estate will not relieve us of our obligations
    under this Coverage Part.

2.  **Duties In The Event Of Occurrence, Offense,
    Claim Or Suit**

    a.  You must see to it that we are notified as soon
        as practicable of an "occurrence" or an offense
        which may result in a claim. To the extent pos-
        sible, notice should include:

        (1)  How, when and where the "occurrence" or
             offense took place;

        (2)  The names and addresses of any injured
             persons and witnesses; and

        (3)  The nature and location of any injury or
             damage arising out of the "occurrence" or
             offense.

    b.  If a claim is made or "suit" is brought against
        any insured, you must:

        (1)  Immediately record the specifics of the
             claim or "suit" and the date received; and

        (2)  Notify us as soon as practicable.

        You must see to it that we receive written
        notice of the claim or "suit" as soon as practi-
        cable.

    Copyright, Insurance Services Office, Inc., 1994    CG 00 01 01 96  □

c.  You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.  No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

3.  **Legal Action Against Us**

No person or organization has a right under this Coverage Part:

a.  To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

b.  To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

4.  **Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

a.  **Primary Insurance**

This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

b.  **Excess Insurance**

This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

(1) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

(2) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner; or

(3) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of Coverage A (Section I).

When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

c.  **Method of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

COMMERCIAL GENERAL LIABILITY
CG 01 63 01 96

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NEW YORK CHANGES
# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Paragraph 1.a. of COVERAGE A - BODILY IN-
JURY AND PROPERTY DAMAGE LIABILITY
(Section I - Coverages) is replaced by the fol-
lowing:

1. **Insuring Agreement**

a. We will pay those sums that the insured
becomes legally obligated to pay as dam-
ages because of "bodily injury" or "prop-
erty damage" to which this insurance
applies. We will have the right and duty to
defend the insured against any "suit"
seeking those damages even if the
allegations of the "suit" are groundless,
false or fraudulent. However, we will have
no duty to defend the insured against any
"suit" seeking damages for "bodily injury"
or "property damage" to which this insur-
ance does not apply. We may, at our dis-
cretion, investigate any "occurrence" and
settle any claim or "suit" that may result.
But:

(1) The amount we will pay for damages
is limited as described in LIMITS OF
INSURANCE (Section III); and

(2) Our right and duty to defend end when
we have used up the applicable limit
of insurance in the payment of judg-
ments or settlements under Coverages
A or B or medical expenses under
Coverage C.

No other obligation or liability to pay sums
or perform acts or services is covered
unless explicitly provided for under SUP-
PLEMENTARY PAYMENTS - COVERAGES
A AND B.

B. Paragraph 1.a. of COVERAGE B - PERSONAL
AND ADVERTISING INJURY LIABILITY (Section I
- Coverages) is replaced by the following:

1. **Insuring Agreement**

a. We will pay those sums that the insured
becomes legally obligated to pay as dam-
ages because of "personal injury" or "ad-
vertising injury" to which this insurance
applies. We will have the right and duty to
defend the insured against any "suit"
seeking those damages even if the
allegations of the "suit" are groundless,
false or fraudulent. However, we will have
no duty to defend the insured against any
"suit" seeking damages for "personal in-
jury" or "advertising injury" to which this
insurance does not apply. We may, at our
discretion, investigate any "occurrence"
or offense and settle any claim or "suit"
that may result. But:

(1) The amount we will pay for damages
is limited as described in LIMITS OF
INSURANCE (Section III); and

(2) Our right and duty to defend end when
we have used up the applicable limit
of insurance in the payment of judg-
ments or settlements under Coverages
A and B or medical expenses under
Coverage C.

No other obligation or liability to pay sums
or perform acts or services is covered
unless explicitly provided for under SUP-
PLEMENTARY PAYMENTS - COVERAGES
A AND B.

C. The following is added as paragraph e. to the
DUTIES IN THE EVENT OF OCCURRENCE, CLAIM
OR SUIT Condition (Paragraph 2. of Section IV -
Commercial General Liability Conditions):

2. **Duties in the Event of Occurrence, Offense,
Claim or Suit**

e. Notice given by or on behalf of the in-
sured, or written notice by or on behalf of
the injured person or any other claimant,
to any agent of ours in New York State,
with particulars sufficient to identify the
insured, shall be considered to be notice
to us.

D. The definition of "loading or unloading" in the
DEFINITIONS Section does not apply.

    Copyright, Insurance Services Office, Inc., 1994       ☐

Exhibit B



**RiverStone**

TOSHIKO KOBAYASHI
SENIOR CASE MANAGER
8880 Rio San Diego Drive
Suite 510
San Diego, CA 92108
Telephone: (619) 260-8906
Facsimile: (619) 688-0051
EMAIL: TOSHIKO_KOBAYASHI@TRG.COM

April 18, 2005

**VIA CERTIFIED RECEIPT**

Guido Weber, Esq.
Dreifuss, Bonacci and Parker, LLP
26 Columbia Turnpike
North Entrance
Florham Park, NJ 07932

Re:      Travelers Casualty and Surety Co. v. Dormitory Authority of the State of New York,
            United States Dist. Court, S. Dist. Case No. 04 Civ. 5101 (HB)
Insured:  Trataros Construction
Claim#:   GC22089
Policy #:  503160768 (Eff. 4/1/98 to 4/1/99)

Dear Mr. Weber:

As you are aware, RiverStone Claims Management, LLC has been directed by United States Fire Insurance Company ("US Fire") to handle the above captioned matter. The undersigned is responsible for handling all activity and investigation with respect to this claim. Please direct all future correspondence and inquiries to my attention.

US Fire has been placed on notice of the above referenced action, including the third-party complaint filed by Defendant/Third-Party Plaintiff, Dormitory Authority of the State of New York ("DASNY") against Trataros Construction ("Trataros"). We have reviewed the pleadings and wish to advise that based on the information we have at this time, there is no coverage under the above referenced policies for this loss.

However, US Fire asks that you review the facts in this letter and advise of any areas that are incomplete or incorrect that may give rise to coverage so that US Fire may give further consideration to your tender. The basis for US Fire's conclusion is set forth below.

## FACTUAL BACKGROUND

This case arises from the construction of the Baruch Academic Complex, Site B, at Baruch College, City University of New York ("Project"). The Project consists of a 14-story structure located in Manhattan borough, New York. Pursuant to written contracts dated April 22, 1998 (Contract 15) and August 27, 1998 (Contract 16) (collectively, "Construction Contracts"), DASNY engaged Trataros as the general contractor.

In its Third Party Complaint, DASNY alleges that Trataros failed to complete the construction of the Project according to the deadlines set forth in the Construction Contracts. DASNY contends that pursuant to the terms of the Construction Contract, Trataros owes DASNY $500.00 per day for each day that Trataros was in default after the specified time of completion. Furthermore, DASNY alleges that it had suffered other economic losses as a result of Trataros' failure to complete work in a timely fashion.

DASNY also alleges that Trataros and its subcontractors failed to build the Project, including the terrazzo flooring, per plans and specifications set forth in the Construction Contract. DASNY further contends that Trataros and its subcontractors failed to comply with applicable industry standards and state and local buildings codes and regulations.

With respect to the terrazzo floor covering, DASNY alleges that it has prematurely cracked and crumbled at the perimeter of the poured area at the zinc divider strips. The terrazzo flooring damage is alleged to cost $6 million to repair.

April 18, 2005
Claim# CG 22089
Page 2 of 7

## POLICY

US Fire issued commercial general liability ("CGL") policy 503160768 (eff. 4/1/98 to 4/1/99) ("Policy") to Trataros. The Policy has a $1 million "products-completed operations" aggregate and a $1 million per "occurrence" limit   CGL coverage is provided under form CG 00 01 (01/96).

At this time, we direct your attention to form CG 0001 (01/96) wherein you will find the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

## SECTION I - COVERAGES
## COVERAGE A.  BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement.

a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

   (1)  The amount we will pay for damages is limited as described in Limits of Insurance (Section III); and

   (2) Our right and duty to defend end when we have use up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

b.  This insurance applies to "bodily injury" and "property damage" only if:

   (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

   (2) The "bodily injury" or "property damage" occurs during the policy period.

c.   Damage because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

2. Exclusions

This insurance does not apply to:

a. Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

   (1)  That the insured would have in the absence of the contract or agreement; or

   (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or

April 18, 2005
Claim# CG 22089
Page 3 of 7

for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

j. Damage to Property

"Property damage" to:

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products – completed operations hazard.

k. Damage to Your Product

"Property damage" to "your product" arising out of it or any part of it.

(2) Damage to Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products – completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m. Damage to Impaired Property or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work" or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

* * *

## SECTION V - DEFINITIONS

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

7. Impaired property," means tangible property, other than "your product" or "your work." that cannot be used or is less useful because:

April 18, 2005
Claim# CG 22089
Page 4 of 7

a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

a. The repair, replacement, adjustment or removal of "your product" or "your work;" or

b. Your fulfilling the terms of the contract or agreement.

8.  "Insured contract," means:

a. A contract for a least of premises.  However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

b.  A sidetrack agreement;

c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e. An elevator maintenance agreement.

f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph f does not include that part of any contract or agreement:

(1) That indemnifies any person or organization for "bodily injury" or property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridges or trestle, tracks, road beds, tunnel, underpass or crossing;

(2) That indemnifies an architect, engineer or surveyor for injury or damage arising  out of:

(a) Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

(b) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage;

(3) Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

* * *

12.  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

14. "Products - completed operations hazard":

April 18, 2005
Claim# CG 22089
Page 5 of 7

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed.

(b) When all of the work to done at the job site has been completed if your contracts calls for work at more than one job site.

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

15. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

\* \* \*

18. "Your product" means:

a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(1) You;

(2) Others trading under your name; or

(3) A person or organization whose business or assets you have acquired; and

b.  Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

"Your product" includes:

a.  Warranties or representations made at any time with respect to the fitness, quality, durability or performance of use of "your product"; and

b.  The providing of or failure to provide warnings or instructions.

19. "Your work" means:

a. Work or operations performed by you or on your behalf; and

b. Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

\* \* \*

April 18, 2005
Claim# CG 22089
Page 6 of 7

## COVERAGE DENIAL

Initially, please note that US Fire issued commercial general liability ("CGL") policies 503142904 (eff. 04/01/95-96), 503135116 (eff. 04/01/96-97) and 503131218 (eff. 04/01/97-98) ("Prior Policies") to Trataros.  Due to the fact that the Prior Policies pre-date the construction of the Project, there could have been no "property damage" or "bodily injury" arising from a covered "occurrence" during the effective dates of the Prior Policies.  As such, please be advised that US Fire disclaims any coverage under the Prior Policies.

The insurance coverage under the Policy is for "property damage" and/or "bodily injury" arising from an "occurrence" which took place during the relevant policy period.   Coverage under the Policy is limited pursuant to exclusions (j), (k), (l) and (m) (collectively, "business risk exclusions").   The "business risk exclusions" bar coverage for, among other things, any loss incurred by others for the replacement of Trataros' (or its subcontractors) (collectively, "Trataros'") work and/or product.   Moreover, the CGL insurance covers only "property damage" caused by Trataros' work or product to a third-party's property.  The CGL policy does not serve as a substitute for a performance bond, and does not guarantee the products or workmanship of Trataros.  Therefore, DASNY's claim for replacement and repair of the terrazzo floor covering is hereby denied.

Furthermore, it is US Fire's understanding that Trataros' work at the Project was not completed until some time in 2001.  Please note that "property damage" arising out of Trataros' on-going operations (or, to that particular part of the real property upon which Trataros is performing work) is specifically excluded under Exclusion j(5) and j(6).   The exception to these exclusions (i.e., "property damage" arising out of the "products- completed operations hazard") does not apply in this case because Trataros' work was not completed until after the Policy expired.

Finally, with respect to DASNY's claim for liquidated damages arising out of Trataros' breach of the Construction Contracts, please be advised that Exclusion 2.b excludes coverage for any damages arising out of Trataros' breach of the Construction Contracts.   Additionally, DASNY's damages arising out of the alleged delay in construction do not constitute "property damage" as defined by the Policy.  As such, there is no coverage for DASNY's claims arising from Trataros' alleged delay in construction.

## CONCLUSION

For the foregoing reasons, US Fire respectfully denies coverage under the above referenced policies for this loss. This disclaimer is based upon facts and information available at this time and is subject to the availability of further information, investigation and review.

Further based on the policy conditions, definitions and exclusions listed above (but not limited thereto), we must advise you that US Fire is not waiving any of their rights under the policies and that all such rights are strictly reserved. This is not an exhaustive statement of all issues that might exist, and US Fire reserves any rights, whether or not specifically stated herein or not.

This letter is not intended to be, nor is it to be construed as an exhaustive statement of all of the terms, conditions, limitations and exclusions of the insurance contract, which might limit or preclude coverage for this matter. US Fire reserves its rights to supplement this letter and does not waive any right to assert additional defenses to coverage.

If you have any questions or comments please do not hesitate to contact the undersigned.

Very truly yours,

Toshiko Kobayashi
RiverStone Claims Management LLC

April 18, 2005
Claim# CG 22089
Page 7 of 7

cc:
George Curis
Trataros Construction, Inc.
664 64th St.
New York, NY 11220

Allied Coverage Corp.

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                        )ss.:
COUNTY OF NEW YORK )

     MAUREEN ROSA, being sworn, deposes and says that she is over the age of eighteen years, resides in Westchester County, New York and is employed in the office of Carroll, McNulty & Kull, L.L.C.

     On the 26th day of July, 2005, deponent states that service of a true copy of the within ***Affidavit of Sherriane Hanavan in Support of U.S. Fire's Motion to Dismiss the Amended Fourth-Party Complaint*** made on the listed addressee attorney(s) by mail on the date indicated below, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State:

TO:

ZETLIN & DeCHIARA LLP
801 Second Avenue
New York, New York 10017
(212) 661-6800


Maureen Rosa

Sworn to before me this
26th day of July, 2005.

_____
NOTARY PUBLIC


ANN ODELSON
Notary Public, State of New York
No. 02OD6117618
Qualified in New York County
Commission Expires Oct 25, 20__