UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>                              Plaintiff,<br>vs.<br>DORMITORY AUTHORITY - STATE OF NEW YORK, et al.<br>                              Defendants. | Case No. 07-CV-6915 (DLC)<br>ECF CASE |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP.,<br>                              Third-Party Plaintiffs,<br>vs.<br>TRATAROS CONSTRUCTION, INC.,<br>                              Third-Party Defendant. | DECLARATION OF<br>ELI J. ROGERS<br>IN OPPOSITION TO<br>ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. f/k/a COMMERCIAL UNDERWRITERS INSURANCE COMPANY'S MOTION TO DISMISS |
| TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,<br>                              Fourth-Party Plaintiffs,<br>vs.<br>CAROLINA CASUALTY INSURANCE COMPANY, et al.<br>                              Fourth-Party Defendants. | |

**ELI J. ROGERS**, of full age and under penalty of perjury, pursuant to 28 U.S.C. § 1746 and Local Civil Rule 1.10, declares as follows.

1. I am associated with the law firm of Dreifuss Bonacci & Parker, LLP, attorneys for Travelers Casualty and Surety Company ("Travelers") and Trataros Construction, Inc. ("Trataros") in the above-captioned matter, and I submit this Declaration in opposition to the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Fourth-Party

Defendant, Allied World Assurance Company (U.S.) Inc. f/k/a Commercial Underwriters Insurance Company ("Allied World").

### A. Relevant Procedural History

2. On August 1, 2007, Travelers filed its "Complaint and Jury Demand" (hereinafter, the "Complaint") in the within action, as alleged in the Fourth-Party Complaint filed by Travelers and Trataros. (See, **Exhibit A** hereto, Travelers' and Trataros' Fourth-Party Complaint filed on November 13, 2007, at ¶ 19.) Travelers' claims herein relate to a certain construction project known as Baruch College, Site B (hereinafter, the "Project"). (Id., ¶¶ 19 & 30.)

3. On or about September 28, 2007, Defendants, Dormitory Authority - State of New York ("DASNY") and TDX Construction Corp. ("TDX") filed their "Answer of DASNY and TDX with Affirmative Defenses, Counterclaims, and Cross-Claims" (hereinafter, the "DASNY/TDX Answer"). (Id., ¶ 20.)

4. The DASNY/TDX Answer alleged a number of counterclaims against Travelers, including a counterclaim regarding alleged construction defects purportedly attributable to work performed by Trataros and/or its subcontractors/suppliers. (Id., ¶¶ 20 & 52.) DASNY/TDX allege that their claim(s) for purportedly defective work includes a claim relating to the "installation of the Project's epoxy terrazzo flooring." (Id., ¶ 52.)

5. On or about September 28, 2007, DASNY and TDX filed their Third-Party Complaint, impleading Trataros into the within action. (Id., ¶ 23.) A true and correct copy of the Third-Party Complaint filed by DASNY and TDX in the within action is attached hereto as **Exhibit B**.

6. The Third-Party Complaint alleged a number of claims against Trataros, including a claim that Trataros and/or its subcontractors/suppliers performed allegedly defective

construction work on the Project, including purported defects in the Project's epoxy terrazzo floor system. (Exhibit A, ¶¶ 23 & 54-57.)

7. On November 14, 2007, Travelers and Trataros filed their Fourth-Party Complaint, impleading Allied World, among others. Allied World moved to dismiss the Fourth-Party Complaint under Rule 12(b)(6), on or about January 11, 2008. A true and correct copy of the Fourth-Party Complaint is attached hereto as Exhibit A.

      **B.**     <u>**Public Records Identify Allied World as Commercial Underwriters' Successor**</u>

8. Information on file with the New York State Insurance Department (the "Insurance Department") identifies Allied World as having offices at 225 Franklin Street, 27th Floor, Boston, Massachusetts 02110, and indicates that Allied World was formerly Commercial Underwriters Insurance Company ("Commercial Underwriters"). (<u>Cf</u>., Exh. A, hereto, ¶ 11) (alleging, *inter alia*, that Allied World is f/k/a Commercial Underwriters Insurance Company, and that its principal place of business is located at 225 Franklin Street, Boston, Massachusetts). A true and correct copy of the "Company Detail" for Allied World, available from the searchable database on the Insurance Department's website (http://www.state.ins.state.ny.us/tocol4.htm), and printed as recently as February 6, 2008, is attached hereto as **Exhibit C**.

9. Upon information and belief, the United States Securities and Exchange Commission ("SEC") requires certain corporate and financial information to be filed electronically via its Electronic Data Gathering, Analysis, and Retrieval system ("EDGAR"). A true and correct copy of a document entitled <u>Electronic Filing and the EDGAR System: a Regulatory Overview</u>, prepared by the SEC, and available on the SEC's website (http://www.sec.gov/info/edgar/regoverview.htm) is attached hereto as **Exhibit D**.

3

10. Upon information and belief, a number of documents filed with the SEC, and available to the public on the EDGAR system, identify Allied World as "formerly" having been Commercial Underwriters. True and correct copies of three examples of such public documents, obtained from the website http://sec.edgar-online.com, are attached hereto as **Exhibits E and F**, respectively.

11. The Court's attention is respectfully directed to the penultimate page of Exhibit E, referring to a "Foreign Reinsurance Trust Agreement dated ... between Allied World Assurance Company (U.S.) Inc. (formerly Commercial Underwriters Insurance Company)" and others. The last page of the same document refers to a "Reinsurance Custody Agreement ... between Allied World Assurance Company (U.S.) Inc. (formerly Commercial Underwriters Insurance Company)" and others. (Exhibit E, pp. 11 of 12 & 12 of 12, respectively) (emphasis added).

12. Likewise, the Court's attention is respectfully directed to the last page of Exhibit F, also referring to two agreements between "Allied World Assurance Company (U.S.) Inc. (formerly Commercial Underwriters Insurance Company)" and other entities. (Exhibit F, p. 12 of 12) (emphasis added).

13. Travelers and Trataros respectfully submit that, in the context of Allied World's Rule 12(b)(6) motion to dismiss, this Court may properly take judicial notice of the public records appended hereto as Exhibits B-C, and E-F.

14. As alluded to in movant's papers, Allied World has previously asserted that it has assumed no liability in connection with the policies of insurance issued by Commercial Underwriters. In that context, Allied World has ignored and/or refused point-blank Travelers' and/or Trataros' requests for documentation in support of Allied World's purported absolute defense. Indeed, even the conclusory statements set forth in the Affidavit of Alfred Bodi,

submitted as part Allied World's moving papers, (the "Bodi Aff.") contain greater detail than was ever provided to the undersigned by Allied World regarding its claim that North American Specialty Insurance Company exclusively assumed the liabilities associated with Commercial Underwriters' policies. (See, Declaration of Diana E. Goldberg, submitted by movant, at Exhibit 6, ¶¶ 3-4.) The Bodi Aff. was never provided to Travelers and Trataros prior to service of Allied World's motion to dismiss.

15.    No depositions were conducted in the earlier proceedings before the Honorable Harold Baer, U.S.D.J., entitled Travelers Casualty and Surety Company as Administrator for Reliance Insurance Company v. The Dormitory Authority of the State of New York, et al., Case No. 04-CV-5101, prior to voluntary dismissal of that action without prejudice.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: Florham Park, New Jersey
February 11, 2008

                                                  /S/_____
                                                  Eli J. Rogers, Esq. (ER-6564)