UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVELERS CASUALTY AND SURETY COMPANY as
Administrator for RELIANCE INSURANCE COMPANY,
                                        Plaintiff,

                    vs.

DORMITORY AUTHORITY - STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN PEDERSEN
FOX ASSOCIATES, P.C.,

                              Defendants.

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK and TDX CONSTRUCTION CORP.,

                    Third-Party Plaintiffs,

                    vs.

TRATAROS CONSTRUCTION, INC.,

                    Third-Party Defendant.

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

                    Fourth-Party Plaintiffs,

                    vs.

CAROLINA CASUALTY INSURANCE COMPANY;
BARTEC INDUSTRIES INC.; DAYTON SUPERIOR
SPECIALTY CHEMICAL CORP. a/k/a DAYTON
SUPERIOR CORPORATION; SPECIALTY
CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER
CASUALTY INSURANCE COMPANY d/b/a KEMPER
INSURANCE COMPANY; GREAT AMERICAN
INSURANCE COMPANY; NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA.; UNITED
STATES FIRE INSURANCE COMPANY; ALLIED WORLD
ASSURANCE COMPANY (U.S.) INC. f/k/a COMMERCIAL
UNDERWRITERS INSURANCE COMPANY; ZURICH
AMERICAN INSURANCE COMPANY d/b/a ZURICH
INSURANCE COMPANY; OHIO CASUALTY
INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP;
HARLEYSVILLE MUTUAL INSURANCE COMPANY
(a/k/a HARLEYSVILLE INSURANCE COMPANY,); JOHN
DOES 1-20 and XYZ CORPS. 1-12,

                    Fourth-Party Defendants.

Case No. 07-CV-6915 (DLC)
**ECF CASE**

**FOURTH-PARTY
PLAINTIFFS' ANSWER TO
COUNTERCLAIM OF
KEMPER CASUALTY
INSURANCE COMPANY
d/b/a KEMPER INSURANCE
COMPANY, appearing as,
LUMBERMENS MUTUAL
CASUALTY COMPANY**

Plaintiff/Counterclaim Defendant/Fourth-Party Plaintiff, Travelers Casualty and Surety Company ("Travelers"), and Third-Party Defendant/Fourth-Party Plaintiff, Trataros Construction, Inc. ("Trataros"), by and through their attorneys, Dreifuss Bonacci & Parker, LLP, as and for their Answer to the counterclaim of Fourth-Party Defendant, Kemper Casualty Insurance Company d/b/a Kemper Insurance Company, appearing as Lumbermens Mutual Casualty Company (hereinafter, the "Counterclaim"), allege as follows:

<u>**Jurisdiction, Basis of Action and Venue**</u>

1.      Travelers answers that Paragraph 160 of the Counterclaim states a legal conclusion to which no answer is required.   Trataros answers that Paragraph 160 of the Counterclaim states a legal conclusion to which no answer is required

2.      Travelers admits the allegations contained in paragraph 161, upon information and belief.   Trataros admits the allegations contained in Paragraph 161, upon information and belief.

3.      Travelers answers that Paragraph 162 of the Counterclaim states a legal conclusion to which no response is required.   Trataros answers that Paragraph 162 of the Counterclaim states a legal conclusion to which no response is required

4.      Travelers answers that Paragraph 163 of the Counterclaim states a legal conclusion to which no response is required.   Trataros answers that Paragraph 163 of the Counterclaim states a legal conclusion to which no response is required.

<u>**The Parties**</u>

5.      Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 of the Counterclaim. Trataros is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 of the Counterclaim.

6.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 of the Counterclaim, except admits upon information and belief that Trataros is a New York corporation that formerly had offices located in Brooklyn, New York.  Trataros admits that it is a New York corporation that has ceased business operations that formerly had offices located in Brooklyn, New York; any allegations contained in Paragraph 165 of the Counterclaim inconsistent with this are denied.

7.     Travelers admits the allegations contained in Paragraph 166 of the Counterclaim. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of the Counterclaim, except admits upon information and belief that Travelers is a foreign corporation and maintains offices in Connecticut.

<u>**The LMC Insurance Policy**</u>

8.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 of the Counterclaim, except admits, upon information and belief, that Fourth-Party Defendant/Counterclaim Plaintiff, Kemper Casualty Insurance Company d/b/a Kemper Insurance Company, appearing as Lumbermens Mutual Casualty Company ("Kemper") issued certain policy/ies of insurance identifying G.M. Crocetti, Inc. ("Crocetti") as named insured (the "Policies").  With respect to the remaining allegations contained in Paragraph 167 of the Counterclaim, Travelers begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.  Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 of the Counterclaim, except

admits, upon information and belief, that Kemper issued the Policies to Crocetti as named insured. With respect to the remaining allegations contained in Paragraph 167 of the Counterclaim, Trataros begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

9.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

10.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

11.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 of the

Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

12.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.  Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

13.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.  Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

14.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.  Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

15.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.  Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

16.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.  Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

17.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.  Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

18.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 of the Counterclaim, and begs leave to refer

to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.  Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

19.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.  Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

## Facts

20.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 of the Counterclaim, except admits upon information and belief that Trataros entered into a certain agreement with the Dormitory Authority – State of New York ("DASNY") known as Contract No. 15.  Travelers begs leave to refer to Contract No. 15 and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.  Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 of the Counterclaim, except admits that it entered into a certain agreement with the DASNY known as Contract No. 15.  Trataros begs leave to refer to Contract No. 15 and any changes,

modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

21.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 of the Counterclaim, except admits upon information and belief that Reliance Insurance Company ("Reliance") issued a labor and material payment bond and a performance bond in connection with Contract No. 15, naming Trataros as principal and DASNY as obligee (the "Contract 15 Bonds").  Travelers begs leave to refer to Contract 15 Bonds at the time of trial for all terms and conditions set forth therein.  Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 of the Counterclaim, except admits upon information and belief that Reliance issued the Contract 15 Bonds, naming Trataros as principal and DASNY as obligee. Trataros begs leave to refer to Contract 15 Bonds at the time of trial for all terms and conditions set forth therein.

22.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 of the Counterclaim, except admits upon information and belief that Trataros entered into a certain agreement with the Dormitory Authority – State of New York ("DASNY") known as Contract No. 16.  Travelers begs leave to refer to Contract No. 16 and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.  Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 of the Counterclaim, except admits that it entered into a certain agreement with the DASNY known as Contract No. 16.  Trataros begs leave to refer to Contract No. 16 and any changes,

modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

23.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 of the Counterclaim, except admits upon information and belief that Reliance issued a labor and material payment bond and a performance bond in connection with Contract No. 16, naming Trataros as principal and DASNY as obligee (the "Contract 16 Bonds"). Travelers begs leave to refer to Contract 16 Bonds at the time of trial for all terms and conditions set forth therein. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 of the Counterclaim, except admits upon information and belief that Reliance issued the Contract 16 Bonds, naming Trataros as principal and DASNY as obligee. Trataros begs leave to refer to Contract 16 Bonds at the time of trial for all terms and conditions set forth therein.

24.    Travelers denies the allegations contained in Paragraph 183 of the Counterclaim to the extent that said allegations imply liability on the part of Travelers. Travelers admits that it currently administers the Contract 15 Bonds and Contract 16 Bonds. To the extent that the allegations contained in Paragraph 183 relate to privileged, confidential and/or proprietary information, Travelers reserves its right, without waiving any applicable privilege and/or confidentiality, to introduce documentary evidence regarding said information at the time of trial for the terms and/or conditions of same. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 of the Counterclaim, except admits upon information and belief that the Contract 15 Bonds and Contract 16 Bonds are currently administered by Travelers.

25.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 of the Counterclaim, except admits upon information and belief that Trataros and Crocetti entered into a subcontract agreement regarding certain work for the Baruch College, Site B construction project (the "Subcontract"). Travelers begs leave to refer to the Subcontract, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 of the Counterclaim, except admits that it entered into the Subcontract with Crocetti, and that said Subcontract related to certain work for the Baruch College, Site B construction project (the "Project"). Trataros begs leave to refer to the Subcontract, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

26.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 of the Counterclaim, except denies said allegations to the extent they allege and/or imply liability on the part of Travelers and/or Trataros. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 of the Counterclaim, except denies said allegations to the extent they allege and/or imply liability on the part of Trataros and/or Travelers.

27.    Travelers denies the allegations contained in Paragraph 186 of the Counterclaim. Trataros denies the allegations contained in Paragraph 186 of the Counterclaim.

28.    Travelers denies the allegations contained in Paragraph 187 of the Counterclaim, except admits upon information and belief that DASNY alleges certain third-party claims and/or counterclaims in the within action. Travelers begs leave to refer to the relevant pleadings at the

time of trial for all matters set forth therein. Trataros denies the allegations contained in Paragraph 187 of the Counterclaim, except admits upon information and belief that DASNY alleges certain third-party claims and/or counterclaims in the within action. Trataros begs leave to refer to the relevant pleadings at the time of trial for all matters set forth therein.

29.     Travelers admits that it has filed a Complaint and Jury Demand against DASNY, TDX Construction Corp. ("TDX") and Kohn Pedersen Fox Associates, P.C. ("KPF") in the within action, and respectfully reserves the right to refer to said pleading at the time of trial for all matters set forth therein. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 of the Counterclaim, except admits upon information and belief that Travelers has filed a Complaint and Jury Demand against DASNY, TDX and KPF in the within action. Trataros begs leave to refer to said pleading at the time of trial for all matters set forth therein.

30.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 of the Counterclaim, except admits that, together with Trataros, it has filed a Fourth-Party Complaint in the within action in response to the allegations of DASNY and/or TDX. Travelers begs leave to refer to said pleading at the time of trial for all matters set forth therein. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 of the Counterclaim, except admits that, together with Travelers, it has filed a Fourth-Party Complaint in the within action in response to the allegations of DASNY and/or TDX. Trataros begs leave to refer to said pleading at the time of trial for all matters set forth therein.

31.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 of the Counterclaim, except admits that,

together with Trataros, it has filed a Fourth-Party Complaint in the within action as a result of the third-party and/or counterclaim allegations of DASNY and/or TDX. Travelers begs leave to refer to said pleading and the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all matters set forth therein. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 of the Counterclaim, except admits that, together with Travelers, it has filed a Fourth-Party Complaint in the within action as a result of the third-party and/or counterclaim allegations of DASNY and/or TDX. Trataros begs leave to refer to said pleading and the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all matters set forth therein.

## Count I

32.     Travelers and Trataros repeat and reallege each and every answer to the preceding paragraphs of the Counterclaim as though same were set forth at length herein.

33.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

34.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial

for all terms and conditions set forth therein. Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

35.    Travelers denies the allegations contained in Paragraph 194 of the Counterclaim. Trataros denies the allegations contained in Paragraph 194 of the Counterclaim.

**WHEREFORE**, Travelers and Trataros demand judgment against Kemper for the following relief:

        a.    dismissal of the Counterclaim with prejudice;

        b.    declaration that coverage exists for the claims at issue in the within action under the applicable insurance policy/ies issued by Kemper;

        c.    award of attorneys fees, costs and disbursements; and

        d.    such other and further relief as the Court deems just and proper.

## Count II

36.    Travelers and Trataros repeat and reallege each and every answer to the preceding paragraphs of the Counterclaim as though same were set forth at length herein.

37.    Travelers denies the allegations contained in Paragraph 196 of the Counterclaim. Trataros denies the allegations contained in Paragraph 196 of the Counterclaim.

**WHEREFORE**, Travelers and Trataros demand judgment against Kemper for the following relief:

        a.    dismissal of the Counterclaim with prejudice;

        b.    declaration that coverage exists for the claims at issue in the within action under the applicable insurance policy/ies issued by Kemper;

        c.    award of attorneys fees, costs and disbursements; and

d.    such other and further relief as the Court deems just and proper.

## Count III

38.    Travelers and Trataros repeat and reallege each and every answer to the preceding paragraphs of the Counterclaim as though same were set forth at length herein.

39.    Travelers denies the allegations contained in Paragraph 198 of the Counterclaim. Trataros denies the allegations contained in Paragraph 198 of the Counterclaim.

40.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.  Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

41.    Travelers denies the allegations contained in Paragraph 200 of the Counterclaim to the extent said allegations assert or imply a breach of any purported conditions precedent to coverage under the Policies.  With respect to the balance of the allegations contained in Paragraph 200, Travelers is without knowledge or information sufficient to form a belief as to the truth of said allegations and begs leave to refer to the relevant pleadings for the matters contained therein.   Trataros denies the allegations contained in Paragraph 200 of the Counterclaim to the extent said allegations assert or imply a breach of any purported conditions precedent to coverage under the Policies.  With respect to the balance of the allegations contained in Paragraph 200, Trataros is without knowledge or information sufficient to form a

14

belief as to the truth of said allegations and begs leave to refer to the relevant pleadings for the matters contained therein.

42.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 of the Counterclaim.  Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 of the Counterclaim.

43.     Travelers denies the allegations contained in Paragraph 202 of the Counterclaim upon information and belief.  Trataros denies the allegations contained in Paragraph 202 of the Counterclaim.

44.     Travelers denies the allegations contained in Paragraph 203 of the Counterclaim. Trataros denies the allegations contained in Paragraph 203 of the Counterclaim.

**WHEREFORE**, Travelers and Trataros demand judgment against Kemper for the following relief:

　　　　　a.　　　dismissal of the Counterclaim with prejudice;

　　　　　b.　　　declaration that coverage exists for the claims at issue in the within action under the applicable insurance policy/ies issued by Kemper;

　　　　　c.　　　award of attorneys fees, costs and disbursements; and

　　　　　d.　　　such other and further relief as the Court deems just and proper

## <u>Count IV</u>

45.     Travelers and Trataros repeat and reallege each and every answer to the preceding paragraphs of the Counterclaim as though same were set forth at length herein.

46.     Travelers denies the allegations contained in Paragraph 205 of the Counterclaim. Trataros denies the allegations contained in Paragraph 205 of the Counterclaim.

47.     Travelers denies the allegations contained in Paragraph 206 of the Counterclaim. Trataros denies the allegations contained in Paragraph 206 of the Counterclaim.

48.     Travelers denies the allegations contained in Paragraph 207 of the Counterclaim. Trataros denies the allegations contained in Paragraph 207 of the Counterclaim.

**WHEREFORE**, Travelers and Trataros demand judgment against Kemper for the following relief:

   a.     dismissal of the Counterclaim with prejudice;

   b.     declaration that coverage exists for the claims at issue in the within action under the applicable insurance policy/ies issued by Kemper;

   c.     award of attorneys fees, costs and disbursements; and

   d.     such other and further relief as the Court deems just and proper

### Count V

49.     Travelers and Trataros repeat and reallege each and every answer to the preceding paragraphs of the Counterclaim as though same were set forth at length herein.

50.     Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.   Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

51.     Travelers denies the allegations set forth in Paragraph 210 of the Counterclaim to the extent that it is alleged that no coverage exists under the Policies.   With respect to the remaining allegations contained in Paragraph 210, Travelers answers that said allegations assert

a legal conclusion to which no response is required. To the extent that a response may be necessary, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein. Trataros answers that said allegations assert a legal conclusion to which no response is required. To the extent that a response may be necessary, Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

52.      Travelers denies the allegations set forth in Paragraph 211 of the Counterclaim to the extent that it is alleged that no coverage exists under the Policies. With respect to the remaining allegations contained in Paragraph 211, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein. Trataros denies the allegations set forth in Paragraph 211 of the Counterclaim to the extent that it is alleged that no coverage exists under the Policies. With respect to the remaining allegations contained in Paragraph 211, Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 of the Counterclaim, and begs leave to refer to the Policies, and any changes, modifications and/or amendments to same, at the time of trial for all terms and conditions set forth therein.

53.     Travelers denies the allegations contained in Paragraph 212 of the Counterclaim. Trataros denies the allegations contained in Paragraph 212 of the Counterclaim

**WHEREFORE**, Travelers and Trataros demand judgment against Kemper for the following relief:

    a.    dismissal of the Counterclaim with prejudice;

    b.    declaration that coverage exists for the claims at issue in the within action under the applicable insurance policy/ies issued by Kemper;

    c.    award of attorneys fees, costs and disbursements; and

    d.    such other and further relief as the Court deems just and proper

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The relief requested by Kemper is barred to the extent that coverage exists for the claims at issue in the within action under the applicable insurance policy/ies issued by Kemper.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaim is barred as it may not properly be interposed in this action.

## SEVENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred under the doctrine of release.

## EIGHTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by documentary evidence.

## NINTH AFFIRMATIVE DEFENSE

Kemper's Counterclaim contains confidential information in breach of the confidentiality provisions of a certain Mediation Agreement entered into by and between Kemper, Travelers, Trataros, Crocetti, DASNY, KPF, and TDX, among other parties to the within action. Travelers and Trataros respectfully submit that the confidential information should be stricken from Kemper's responsive pleading.

## TENTH AFFIRMATIVE DEFENSE

Travelers and Trataros reserve their rights to rely upon any and all additional defenses available to them, and all Defendants, third-party defendants, fourth-party defendants, and other parties to the above-captioned matter, and any and all defenses asserted by Trataros and/or Travelers against claims or counter-claims asserted by any party to this action.

## ELEVENTH AFFIRMATIVE DEFENSE

Travelers and Trataros reserve their rights to rely upon any and all additional defenses which may be disclosed during discovery in the within action.

Dated: Florham Park, New Jersey
      February 15, 2008

                    DREIFUSS BONACCI & PARKER, LLP

        By:               /S/
                   Eli J. Rogers (ER:6564)
                   *Attorneys for Travelers Casualty and Surety*
                   *Company, and Trataros Construction, Inc.*
                   One Penn Plaza, 36th Floor
                   New York, New York  10119
                         *-and-*
                   26 Columbia Turnpike
                   North Entrance
                   Florham Park, New Jersey 07932
                   (973) 514-1414
                   ***Please respond to New Jersey office***

TO:     see attached Service List

**Travelers Cas. and Sur. Co. v. Dormitory Auth. – State of N.Y., et al.**
United States District Court, Southern District of New York
Civil Action No. 07-CV-6915

**<u>COUNSEL LIST</u>**

(served via electronic filing)

Timothy B. Froessel, Esq.
Holland & Knight, LLP
195 Broadway
New York, New York 10007
Tel. No.:  212-513-3200
Fax No.:  212-385-9010
*Attorneys for Defendants/Third-Party Plaintiffs,*
*Dormitory Authority - State of New York*
*and TDX Construction Corp.*

David Abramovitz, Esq.
Matthew J. McDermott, Esq.
Zetlin & DeChiara, LLP
801 Second Avenue
New York, New York 10017
Tel. No.:  212-682-6800
Fax No.:  212-682-6861
*Attorneys for Defendant,*
*Kohn Pedersen Fox Associates, P.C.*

Vincent Zichello, Esq.
Zichello & McIntyre, LLP
420 Lexington Avenue, Suite 2800
New York, New York 10170
Tel. No.: 212-972-5560
Fax No.: 212-972-5569
*Attorneys for Fourth-Party Defendant,*
*Carolina Casualty Insurance Company*

Robert M. Wasko, Esq.
Torre, Lentz, Gamell, Gary & Rittmaster LLP
226 West 26th Street, 8th Floor
New York, New York 10001
Tel. No.:  516-240-8900
Fax No.:  516-240-8950
*Co-counsel for Fourth-Party Defendant,*
*Carolina Casualty Insurance Company*

Jeremy Platek, Esq.
 O'Connor, Redd, Gollihue & Sklarin, LLP
200 Mamaroneck Avenue
White Plains, New York 10601
Tel. No.:  914-686-1700 x.239
Fax No.:  914-328-3184
*Attorneys for Fourth-Party Defendant,*
*Bartec Industries Inc.*

William Kelly, Esq.
Suzin L. Raso, Esq.
Goldberg Segalla, LLP.
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
Tel. No.:  914-798-5400
Fax No.:  914-798-5401
*Attorneys for Fourth-Party Defendant,*
*Dayton Superior Specialty Chemical Corp.*
 *a/k/a Dayton Superior Corp.*

Christian H. Gannon
Robert R. Brooks-Rigolosi, Esq.
Segal McCambridge Singer & Mahoney, Ltd.
830 Third Avenue, Suite 400
New York, New York 10022
Tel. No.:  212-651-7500
Fax No.:  212-651-7499
*Attorneys for Fourth-Party Defendant,*
*Specialty Construction Brands, Inc. t/a TEC*

Michael S. Miller, Esq.
Tompkins, McGuire, Wachenfeld & Barry LLP
140 Broadway, 51st Floor
New York, New York 10005
(212) 714-1720
*Counsel for Kemper*

Erika C. Aljens, Esq.
Green & Lavelle
110 William Street, 18th Floor
New York, New York 10038
Tel. No.:  212-266-5880
Fax No.:  212-528-0134
*Attorneys for National Union Fire Insurance*
*Company of Pittsburgh, Pa.*

John P. DeFilippis, Esq.
Carroll, McNulty & Kull
570 Lexington Avenue, 10th Floor
New York, New York 10022
Tel. No.:  212-252-0004
Fax No.:  212-252-0444
*Attorneys for United States Fire Insurance Company*

Diana E. Goldberg, Esq.
Mound Cotton Wollan & Greengrass
One Battery Park Plaza, 9th Floor
New York, New York 10004
Tel. No.:  212-804-4200
Fax No.:  212-344-8066
*Attorneys for Commercial Underwriters and Allied World Assurance Company*

S. Dwight Stephens , Esq.
Melito & Adolfsen, P.C.
233 Broadway
New York, New York 10279
Tel. No.:  212-238-8900
Fax No.:  212-238-8999
*Attorneys for Zurich*

Joseph DeDonato, Esq.
Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski
651 West Mount Pleasant Avenue, Suite 200
Livingston, New Jersey 07039
Tel. No.:  973-994-2500
Fax No.:  973-994-3375
*Attorneys for Ohio Casualty*

Tracey K. Wishert, Esq.
Lance J. Kalik, Esq.
Riker, Danzig, Scherer, Hyland & Perretti, LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07960
Tel: 973-451-3862
Fax: 973-451-3714
*Attorneys for Harleysville*