UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

TRAVELERS CASUALTY AND SURETY
COMPANY as Administrator for RELIANCE
INSURANCE COMPANY,

               Plaintiff,

      vs

THE DORMITORY AUTHORITY OF THE STATE
OF NEW YORK, TDX CONSTRUCTION CORP. and
KOHN, PEDERSON, FOX & ASSOCIATES, P.C.,

               Defendants.

-----------------------------------------------------------------X

DORMITORY AUTHORITY OF THE STATE OF
NEW YORK,

               Third-Party Plaintiff,

      vs

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

               Third-Party Defendants.

-----------------------------------------------------------------X

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

               Fourth-Party Plaintiffs,

      vs

G.M. CROCETTI, INC., CAROLINA CASUALTY
INSURANCE COMPANY, BARTEC INDUSTRIES,
INC., DAYTON SUPERIOR SPECIALTY CHEMICAL
CORP., SPECIALTY CONSTRUCTION BRANDS,
INC. t/a TEC, KEMPER CASUALTY INSURANCE
COMPANY d/b/a KEMPER INSURANCE COMPANY,
GREAT AMERICAN INSURANCE COMPANY,
NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA., UNITED STATES FIRE
INSURANCE COMPANY, ALLIED WORLD
ASSURANCE COMPANY (U.S.) INC. f/k/a/
COMMERCIAL UNDERWRITERS INSURANCE
COMPANY, ZURICH AMERICAN INSURANCE
COMPANY d/b/a ZURICH INSURANCE COMPANY,
OHIO CASUALTY INSURANCE COMPANY d/b/a
OHIO CASUALTY GROUP, HARLEYSVILLE
MUTUAL INSURANCE COMPANY (a/k/a
HARLEYSVILLE INSURANCE COMPANY, an insurer
for BARTEC INDUSTRIES INC.), JOHN DOES 1-20
and XYZ CORPS. 1-12,

               Fourth-Party Defendants.

-----------------------------------------------------------------X

Civil Action No. 07-CV-6915 (DLC)

**ANSWER TO FOURTH PARTY
COMPLAINT ON BEHALF OF GREAT
AMERICAN INSURANCE COMPANY
WITH CROSSCLAIMS, ANSWER TO
CROSSCLAIMS AND JURY DEMAND**

Great American Insurance Company, answering the Fourth Party Complaint of Trataros Construction, Inc. and Travelers Casualty Insurety Company, by its attorneys, Gennet, Kallmann, Antin & Robinson, P.C., says:

1.   That it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶s 1 through 7 in the Fourth Party Complaint and leave fourth party plaintiffs their proofs.

2.   That it denies the allegations contained in ¶8 in the Fourth Party Complaint, except that it admits that Great American Insurance Company is incorporated in the State of Ohio with its principal place of business located at 580 Walnut Street, Cincinnati, Ohio 45202.

3.   That it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶s 9 through 61 in the Fourth Party Complaint and leave fourth party plaintiffs to their proofs.

### IN RESPONSE TO THE FIRST COUNT

4.   That it makes no response to the allegations contained in the First Count of the Fourth Party Complaint as the allegations contained therein are not directed against it.  To the extent that the allegations were or are intended to be directed against it, they are denied.

### IN RESPONSE TO THE SECOND COUNT

5.   That it makes no response to the allegations contained in the Second Count of the Fourth Party Complaint as the allegations contained therein are not directed against it.  To the extent that the allegations were or are intended to be directed against it, they are denied.

### IN RESPONSE TO THE THIRD COUNT

6.   That it makes no response to the allegations contained in the Third Count of the Fourth Party Complaint as the allegations contained therein are not directed against it.  To the extent that

the allegations were or are intended to be directed against it, they are denied.

## IN RESPONSE TO THE FOURTH COUNT

7.    That it makes no response to the allegations contained in the First Count of the Fourth Party Complaint as the allegations contained therein are not directed against it. To the extent that the allegations were or are intended to be directed against it, they are denied.

## IN RESPONSE TO THE FIFTH COUNT

8.    That it makes no response to the allegations contained in the Fifth Count of the Fourth Party Complaint as the allegations contained therein are not directed against it. To the extent that the allegations were or are intended to be directed against it, they are denied.

## IN RESPONSE TO THE SIXTH COUNT

9.    That it makes no response to the allegations contained in the Sixth Count of the Fourth Party Complaint as the allegations contained therein are not directed against it. To the extent that the allegations were or are intended to be directed against it, they are denied.

## IN RESPONSE TO THE SEVENTH COUNT

10.    That it makes no response to the allegations contained in the Seventh Count of the Fourth Party Complaint as the allegations contained therein are not directed against it. To the extent that the allegations were or are intended to be directed against it, they are denied.

## IN RESPONSE TO THE EIGHTH COUNT

11.    That it makes no response to the allegations contained in the Eighth Count of the Fourth Party Complaint as the allegations contained therein are not directed against it. To the extent that the allegations were or are intended to be directed against it, they are denied.

## IN RESPONSE TO THE NINTH COUNT

12.    In response to the allegations contained in ¶122 in the Fourth Party Complaint, it repeats and

realleges its response to the allegations contained in ¶s1 through 121 in the Fourth Party Complaint as if fully set forth at length herein.

13.    That it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶123 in the Fourth Party Complaint and leaves fourth party plaintiffs to their proofs.

14.    That it denies the allegations contained in ¶124 in the Fourth Party Complaint, except that it admits that Great American Insurance Company is a Ohio Corporation engaged in the insurance business.

15.    That it makes no response to the allegations contained in ¶s 215 through 130 in the Fourth Party Complaint as the allegations contained therein are not directed against it. To the extent that the allegations contained therein were or are intended to be directed against it, they are denied.

16.    That it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶s131 through 134 in the Fourth Party Complaint and leaves fourth party plaintiffs to their proofs.

17.    That it denies the allegations contained in ¶135, 136 and 137 in the Fourth Party Complaint insofar as the allegations contained therein are directed against it.

18.    That it makes no response to the allegations contained in ¶s 138 and 139 in the Fourth Party Complaint as the allegations contained therein are not directed against it. To the extent that the allegations contained therein were or are intended to be directed against it, they are denied.

19.    That it denies the allegations contained in ¶s 140 and 141 in the Fourth Party Complaint insofar as the allegations contained therein were or are intended to be directed against it.

20.     That it lacks knowledge and information sufficient to form a belief as to the truth of the

        allegations contained in ¶s 142, 143 and 144 in the Fourth Party Complaint and leaves

        plaintiffs to their proofs.

21.     That it denies the allegations contained in ¶s 145 through 149 in the Fourth Party Complaint

        insofar as same are directed against it.

### FIRST SEPARATE DEFENSE

That Great American Insurance Company did not issue a policy of insurance under which

Trataros Construction, Inc. was a named insured or an additional insured.

### SECOND SEPARATE DEFENSE

That fourth party plaintiffs' Fourth Party Complaint fails to state a cause of action against

this defendant.

### THIRD SEPARATE DEFENSE

That Travelers Casualty and Surety Company lacks standing to file this action.

### FOURTH SEPARATE DEFENSE

That fourth party plaintiffs are barred from recovery by reason of the insured's breach of

conditions precedent and/or subsequent pursuant to the terms and conditions of the policy

of insurance.

### FIFTH SEPARATE DEFENSE

That fourth party plaintiffs are barred from recovery by reason of their failure to provide

prompt notice of the loss as required by the terms and conditions of the policy of insurance.

### SIXTH SEPARATE DEFENSE

That fourth party plaintiffs are barred from recovery by reason of their failure to provide a

description of how, when and where the loss or damage occurred as soon as possible.

## SEVENTH SEPARATE DEFENSE

That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of their failure to take all reasonable steps to protect covered property from further damage as required by the terms and conditions of the policy of insurance.

## EIGHTH SEPARATE DEFENSE

That fourth party plaintiffs are barred from recovery by reason of their failure to immediately send copies of any demands, notices, summons or legal papers received in connection with the claim or suit.

## NINTH SEPARATE DEFENSE

That fourth party plaintiffs are barred from recovery by reason of the fact the loss or damage occurred outside defendants' policy effective dates.

## TENTH SEPARATE DEFENSE

That fourth party plaintiffs' claims do not constitute Covered Causes of Loss, meaning risks of direct physical "loss" to Covered Property.

## ELEVENTH SEPARATE DEFENSE

That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of ¶7 of the installation floater coverage form prescribing when coverage begins and ends.

## TWELFTH SEPARATE DEFENSE

That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of the policy's exclusion for, "delay, loss of use, loss of market or other consequential loss."

## THIRTEENTH SEPARATE DEFENSE

That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of the policy's exclusion for, "penalties for non-completion or non-compliance with contract conditions or penalties of any nature."

## FOURTEENTH SEPARATE DEFENSE

That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of the policy's exclusion for, "any 'loss' covered under any guarantee, warranty or other expressed or implied obligation of the contractor, manufacturer or supplier. This exclusion applies whether or not such contractor, manufacturer or supplied is a Named Insured."

## FIFTEENTH SEPARATE DEFENSE

That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of the policy's exclusion for, "faulty, inadequate or defective: (1) planning, zoning, development, surveying, siting; (2) design, specifications, workmanship, repair, construction, renovation or remodeling, grading, compaction; (3) materials used in repair, construction, renovation or remodeling; or (4) maintenance."

## SIXTEENTH SEPARATE DEFENSE

That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of the policy's exclusion for, "gradual deterioration, hidden or latent defects, in any quality in the property that causes it to damage or destroy itself, wear and tear, depreciation, corrosion, rust, mold, rot, dampness or dryness, cold or heat, insects, vermin or rodents."

## SEVENTEENTH SEPARATE DEFENSE

That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of the policy's exclusion for, "settling, cracking, shrinking, bulging or expansion."

## EIGHTEENTH SEPARATE DEFENSE

That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of the "other insurance" provision set forth in the policy of insurance.

## NINETEENTH SEPARATE DEFENSE

That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of their failure to file suit within the two year period prescribed by the policy of insurance.

## TWENTIETH SEPARATE DEFENSE

While defendant denies any liability, its liability, if any, is limited by the liability limits, terms, conditions, exclusions and deductible provisions set forth in the policy of insurance.

## TWENTY-FIRST SEPARATE DEFENSE

That fourth party plaintiffs' claims for consequential damages are deficient as a matter of law.

## TWENTY-SECOND SEPARATE DEFENSE

That fourth party plaintiffs' claims for attorneys fees are deficient as a matter of law.

## TWENTY-THIRD SEPARATE DEFENSE

That plaintiff is barred from recovery by reason of its failure to cooperate with the insurer in connection with its investigation of the claim.

## TWENTY-FOURTH SEPARATE DEFENSE

That plaintiff is barred from recovery by reason of its failure to provide documents and records as requested by the insurer's during its investigation of the claim.

WHEREFORE, defendant demands judgment dismissing the Fourth Party Complaint, together with costs and disbursements in this action.

## TWENTY-FIFTH SEPARATE DEFENSE

Insurance Coverage, if any, is limited to "bodily injury" or "property damage" caused by an "occurrence" that takes place in the "covered territory" during the policy period.

## TWENTY-SIXTH SEPARATE DEFENSE

That plaintiff is barred from recovery and/or its recovery is limited by reason of the exclusion for bodily injury or property damage expected or intended from the standpoint of the insured.

## TWENTY-SEVENTH SEPARATE DEFENSE

That there is no coverage for property owned, rented or occupied by the insured.

## TWENTY-EIGHTH SEPARATE DEFENSE

That there is no coverage for personal property in the care, custody or control of the insured.

## TWENTY-NINTH SEPARATE DEFENSE

That there is no coverage for property loaned to you.

## THIRTIETH SEPARATE DEFENSE

That there is no coverage for premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises.

## THIRTY-FIRST SEPARATE DEFENSE

That there is no coverage for property damage to that particular part of real property on which you or any contractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations.

## THIRTY-SECOND SEPARATE DEFENSE

That there is no coverage for property damage to that particular part of any property that must

be restored, repaired or replaced because "your work" was incorrectly performed on it.

### THIRTY-THIRD SEPARATE DEFENSE

There is no coverage for property damage to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

### THIRTY-FOURTH SEPARATE DEFENSE

That there is no coverage for damage to impaired property or property not physically injured.

### THIRTY-FIFTH SEPARATE DEFENSE

That defendant's liability, if any, for personal and advertising injury liability, if any, is limited by the terms and conditions of the policy of insurance.

### THIRTY-SIXTH SEPARATE DEFENSE

That fourth party plaintiff's claims are excluded from coverage under the "wrap-up" exclusions.

### THIRTY-SEVENTH SEPARATE DEFENSE

That defendant has no liability by reason of the exclusion for designated professional services.

### CROSSCLAIM

### FIRST COUNT

Fourth party defendant, Great American Insurance Company, by their attorneys, Gennet, Kallmann, Antin & Robinson, P.C., as and for their Crossclaim against fourth party defendants, G.M. Crocetti, Inc., Bartec Industries, Inc., Dayton Superior Specialty Chemical Corp., Specialty Construction Brands, Inc., individually and t/a TEC says:

1.    That while fourth party defendant, Great American Insurance Company denies any liability to fourth party plaintiff, if it is found so liable, said liability will arise without fault and

solely by virtue of contractual or other obligations imposed by law.

2.      That as a matter of equity and contract, fourth party defendant will be subrogated to fourth party plaintiffs' rights by virtue of any payment that it has or may be required to make.

3.      That G.M. Crocetti, Inc., (hereinafter "Crocetti") installed an epoxy terrazzo flooring system and was otherwise involved in the construction of the subject premises.

4.      That Bartec Industries, Inc. (hereinafter "Bartec") prepared the concrete and underlayment upon which the epoxy terrazzo flooring rested and was otherwise involved in the construction project at the premises.

5.      That in the event the epoxy terrazzo flooring system was defective, Crocetti and/or Bartec would be liable to Great American Insurance Company as subrogee of Trataros Construction for breach of contract and/or negligence.

WHEREFORE, Fourth party defendant, Great American Insurance Company demands judgment jointly, severally and in the alternative against Crocetti and/or Bartec for damages together with interest, attorneys' fees and costs of suit.

## SECOND COUNT

6.      That fourth party defendant repeats and realleges the allegations set forth in the First Count of its Crossclaim as if fully set forth at length herein.

7.      That in the event Trataros is found liable to the Dormitory Authority of the State of New York, and Great American Insurance Company and/or Trataros suffer a loss thereby, then same would have occurred as a result of the acts and/or omissions of Crocetti and/or Bartec for: (a) negligently choosing inappropriate materials for use on the project; (b) negligently applying and/or installing the materials used on the project and/or (c) negligently failing to inspect the materials and work in connection with the project.

8.     That as a direct and proximate result of Crocetti and/or Bartec's negligence, Great American Insurance Company and/or Trataros were damaged to the extent of any liability arising out of the subject claim.

WHEREFORE, fourth party defendants demand judgment against the defendants Crocetti and/or Bartec, jointly, severally and in the alternative for damages together with interest and costs of suit.

## THIRD COUNT

9.     That fourth party defendants repeat and reallege the allegations set forth in the First and Second Counts of the Crossclaim as if fully set forth at length herein.

10.     That if the trier of fact determines that the Dormitory Authority of the State of New York's allegations (as set forth more fully above concerning allegedly substandard work by Trataros' subcontractors) have merit, and Great American Insurance Company and/or Trataros suffers a loss thereby, that it will have occurred as a result of the acts and/or omissions of Dayton Superior Specialty Chemical Corp., including, but not limited to the following: (a) negligently manufacturing and supplying materials used in the installation of epoxy terrazzo on the project such that the materials were defective and/or not proper for their intended use which was known or should have been known to Dayton Superior Specialty Chemical Corp.; (b) negligently failing to inspect the materials for defects prior to their shipment for use in the project; and/or (c) breaching their contract with Bartec and/or any applicable warranties, express or implied, to supply a material that was suitable for use on the project.

11.     If the trier of fact determines that the Dormitory Authority of the State of New York's allegations (set forth more fully above concerning allegedly substandard work by Trataros' subcontractors) have merit, and Great American Insurance Company and/or Trataros suffer a loss

thereby, that it will have occurred as a result of the acts and/or omissions of Specialty Construction Brands, Inc., individually and t/a TEC, including, but not limited to the following: (a) negligently manufacturing the epoxy terrazzo system for incorporation into the project given that the system was defective and/or not proper for its intended use which was known or should have been known to Specialty Construction Brands, Inc., individually and t/a TEC; (b) negligently failing to inspect the epoxy terrazzo system for defects prior to their shipment for use on the project; and/or (c) breaching any applicable warranties, express or implied, to supply a material that was suitable for its intended use or suitable for use on this project.

12.    That in the event the Dormitory Authority of the State of New York succeeds in prosecuting its claims against Trataros for the alleged defective workmanship involving the epoxy terrazzo and/or any other defective workmanship complained of in this litigation, then Dayton Superior Specialty Chemical Corp. and/or Specialty Construction Brands, Inc., t/a TEC shall be liable to Great American Insurance Company for any loss that either may suffer as a result, to the extent that Dayton Superior Specialty Chemical Corp., and/or Specialty Construction Brands, Inc., individually and t/a TEC proximately caused the loss.

WHEREFORE, Great American Insurance Company demands judgment against the defendants Dayton Superior Specialty Chemical Corp. and/or Specialty Construction Brands, Inc., individually and t/a TEC, jointly, severally and in the alternative for damages together with interest, attorneys fees and costs of suit.

## FOURTH COUNT

13.    That fourth party defendant, Great American Insurance Company repeats and realleges the allegations set forth in the First, Second and Third Counts of the Crossclaim as if fully set forth at length herein.

14.    That while fourth party defendant Great American Insurance Company denies any liability to third party plaintiff, if it is found so liable, said liability will arise without fault and solely by virtue of contractual or other obligations imposed by law.

15.    That as a matter of equity and contract, fourth party defendants will be subrogated to the fourth party plaintiffs' rights by virtue of any payment that it has or may be required to make.

16.    That fourth party defendant Great American Insurance Company would also be entitled to common law and contractual indemnification from Crocetti, Bartec, Dayton Superior Specialty Chemical Corp., and/or Specialty Construction Brands, Inc., individually and t/a TEC by reason of the fact that the fourth party co-defendants' liability would be active and/or primary.

WHEREFORE, Great American Insurance Company, demands judgment against the fourth party defendants Crocetti, Bartec, Dayton Superior Specialty Chemical Corp., and/or Specialty Construction Brands, Inc., individually and t/a TEC, jointly, severally and in the alternative for common law and contractual indemnification together with interest, attorney's fees and costs of suit.

## ANSWER TO CROSSCLAIMS

Great American Insurance Company, by its attorneys, Gennet, Kallmann, Antin & Robinson, P.C., answer the claims and crossclaims of all parties who have or shall file crossclaims, upon information and belief, as follows:

1.    Great American Insurance Company denies all crossclaims asserted against it and denies each and every allegation made in support of such crossclaims, and to the extent applicable, incorporate all of their affirmative defenses, raised in their Answer to the Fourth Party Complaint and reasserts them herein by reference.

## DEMAND FOR TRIAL BY JURY

The defendants herein demand a trial by jury on all issues so triable.

GENNET, KALLMANN, ANTIN & ROBINSON
Attorneys for Great American Insurance Company

By: _____

Dated: Parsippany, New Jersey
       February 19, 2008

DONALD G. SWEETMAN
Litman Suite
45 Broadway Atrium
New York, NY 10006
(212) 406-1919
File No. 05-6698:35.0053-S


TO:    Eli J. Rogers, Esq.
        Guido Weber, Esq.
        Dreifuss, Bonacci & Parker, LLP
        26 Columbia Turnpike
        North Entrance
        Florham Park, NJ 07932
        **Attorneys for 4th Pty Pltfs, Trataros Construction, Inc. & Travelers Casualty and Surety Co.**

        David Abramovitz, Esq.
        Zetlin & DeChiara, LLP
        801 Second Avenue
        New York, NY 10017
        **Attorneys for Defendant, Kohn, Pederson, Fox & Associates, P.C.**


        Stephen B. Shapiro, Esq.
        Holland & Knight, LLP
        195 Broadway
        New York, NY 10007
        **Attorneys for Deft/Dormitory Authority of the State of New York**

        Gary L. Rubin, Esq.
        Mazur, Carp & Rubin, P.C.
        1250 Broadway, 38th Floor
        New York, NY 10001
        **Attorneys for Deft/TDX Construction Corp.**

Jeremy Platek, Esq.
O'Connor, Redd, Gollihue & Sklarin, LLP
200 Mamaroneck Avenue
White Plains, NY 10601
**Attorneys for 4th Pty Deft/Bartec Industries, Inc.**

Thomas M. DeSimone, Esq.
Goldberg Segalla, LLP
170 Hamilton Avenue, Suite 203
White Plains, NY 10601
**Attorneys for 4th Pty Deft/Dayton Superior Specialty Chemical Corp.**

Christian H. Gannon, Esq.
Segal, McCambridge Singer & Mahoney, Ltd.
805 Third Avenue, 19th Floor
New York, NY 10022
**Attorneys for 4th Pty Deft/Specialty Construction Brands, Inc., individually and t/a TEC**

Robert Mark Wasko, Esq.
Torre, Lentz, Gamell, Gary & Rittmaster, LLP
226 West 26th Street, 8th Floor
New York, NY 10001-6785
**Attorneys for 4th Pty Deft-Counter-Claimant/Carolina Casualty Ins. Co.**

Paul A. Winick, Esq. - Lead Attorney
Richard P. Dyer, Esq.
Thelen Reid & Priest, LLP
875 Third Avenue
New York, NY 10022
**Attorneys for Counter-Claimant/third party deft./ LBL Skysystems (U.S.A.), Inc.**

Diane E. Goldberg, Esq.
Mound Cotton Wollan & Greengrass
One Battery Park Plaza, 9th Floor
New York, NY 10004
**Attorneys for Fourth Party Deft/Allied World Assurance Company**

Steven Alan Coploff, Esq.
Steinberg & Cavaliere, LLP
50 Main Street
White Plains, NY 10606
**Attorneys for Fourth Party Deft/Kemper Insurance Co.**

John P. De Filippis, Esq.
Carroll, McNulty & Kull
570 Lexington Avenue, 10th Floor
New York, NY 10022
**Attorneys for Fourth Party Deft/United States Fire Insurance Company**

S. Dwight Stephens, Esq.
Melito & Adolfsen, P.C.
233 Broadway
New York, NY 10279
**Attorneys for Fourth Party Deft/Zurich American Ins. Co.**

Martin A. Schwartzberg, Esq.
L'Abbate, Balkan, Colavita & Contini, LLP
1050 Franklin Avenue
Garden City, NY 11530
**Attorneys for Third Party Deft/Cosentini Associates, Inc.**

Richard T. Imossi, Esq.
Jeffrey M. Kadish, Esq.
Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski
651 West Mt. Pleasant Avenue
Suite 200
Livingston, NJ 07039
**Attorneys for Fourth Party Deft/Ohio Casualty Ins. Co.**

Henry G. Morgan, Esq.
Joseph DeDonato, Esq.
Morgan, Melhuish, Abrutyn
39 Broadway, 35th Floor
New York, NY 10006
**Attorneys for defts/Ohio Casualty Ins. Co. d/b/a Ohio Casualty Group**

Terrence J. O'Connor, Esq.
O'Connor & Golder
24 North Washington
Port Washington, NY 11050
**Attorneys for Third Party Deft/Jordan Panel Systems Corp.**

Marc S. Krieg, Esq.
Krieg & Associates, P.C.
5 Heather Court
Dix Hills, NY 11746
**Attorneys for Third Party Defts/Counsilman/Hunsaker & Assoc. & Entek Engineering**

Christopher A. Albanese, Esq.
Milber, Makris, Plousadis & Seiden, LLP
3 Barker Avenue, 6th Floor
White Plains, NY 10601
**Attorneys for Third Party Deft/Vollmer Associates, LLP**

Martin P. Lavelle, Esq.
Law Offices of Martin P. Lavelle
110 William St., 18th Floor
New York, NY 10038
**Attorneys for Fourth Party Deft/National Union Fire Insurance of Pittsburgh PA**

Stephen P. Schreckinger, Esq.
Gogick, Byrne & O'Neill, LLP
11 Broadway, Suite 1560
New York, NY 10004
**Attorneys for Weidlinger Associates Consulting Engineers, P.C.**

Bill P. Chimos, Esq.
Thomas V. Giordano, Esq.
Zeynel Karcioglu, Esq.
36 East 20th Street
New York, NY 10003
**Attorneys for Deft/Kohn, Pederson, Fox and Associates, P.C.**

Henry J. Cernitz, Esq.
Jacobson & Schwartz
510 Merrick Road, PO Box 46
Rockville Centre, NY 11571
**Attorneys for 4th Party Deft/Harleysville Mutual Ins. Co.**

Anna Lee Joan Cataldo-Barile, Esq.
Sinnretch, Safar & Kosakoff, LLP
320 Carleton Ave., Suite 3200
Central Islip, NY 11722
**Attorneys for 3rd Party Deft/John A. Van Deusen & Associates, Inc.**

Cheryl L. Davis, Esq.
Menaker & Herrmann, LLP
10 East 40th Street, 43rd Floor
New York, NY 10006
**Attorneys for Third Party Deftt/Shen Milsom & Wilke, Inc.**

Barry Jacobs, Esq.
Abrams, Gorelick, Friedman & Jacobson, P.C.
One Battery Park Plaza, 4th Floor
New York, NY 10004
**Attorneys for Counter Claimant/Warfel Schrager Architectural Lighting, LLC**

Joseph S. Weiner, Esq.
Law Office of Vincent P. Crisci, Esq.
One Broadway
New York, NY 10004
**Attorneys for Counter-Claimant/Poulin & Morris, Inc.**

Fe D. Tesoro, Esq.
Law Office of Vincent P. Crisci, Esq.
17 State Street, 8th Floor
New York, NY 10004
**Attorneys for Poulin & Morris**

Michael P. Catina, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3 Gannett Drive
White Plains, NY 10604
**Attorneys for Third Party Deft/Theatre Projects Consultants**

Vincent J. Zichello, Esq.
Zichello & McIntyre, LLP
The Graybar Building
420 Lexington Avenue
New York, NY 10170
**Attorneys for Fourth Party Deft/Carolina Casualty**

Lance J. Kalik, Esq.
Riker, Danzig, Scherer, Hyland & Perretti, LLP
One Speedwell Avenue
Morristown, NJ 07962
**Attorneys for Fourth Party Deft/Harleysville Mutual Ins. Co.**