UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,

        Plaintiff,

vs.

DORMITORY AUTHORITY - STATE OF NEW YORK, et al.,

        Defendants.

Case No. 07-CV-6915 (DLC)

ECF Case

---

DORMITORY AUTHORITY OF THE STATE OF NEW YORK, et. al.,
        Third-Party Plaintiffs,

vs.

TRATAROS CONSTRUCTION, INC.,

        Third-Party Defendant.

---

TRATAROS CONSTRUCTION, INC., et al.,

        Fourth-Party Plaintiffs,

vs.

CAROLINA CASUALTY INSURANCE COMPANY, et. al.,

        Fourth-Party Defendants.

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

        MOUND COTTON WOLLAN & GREENGRASS
        One Battery Park Plaza
        New York, NY 10004-1486
        Tel.: (212) 804-4200
        Attorneys for Fourth-Party Defendant Allied World Assurance Company (U.S.) Inc.

221340.1

Defendant Allied World Assurance Company (U.S.) Inc. (improperly sued herein as Allied World Assurance Company (U.S.) Inc. f/k/a Commercial Underwriters Insurance Company) ("Allied World") respectfully submits this memorandum of law in further support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Fourth-Party Complaint (the "2007 4-P Complaint") and for legal fees and costs.

## I.   INTRODUCTION

In opposition to this motion, Trataros Construction, Inc. ("Trataros") and Travelers Casualty and Surety Company ("Travelers") (collectively, the "Fourth-Party Plaintiffs") offer no explanation for their failure, over the last three years, to acknowledge and act upon notification that Allied World (the defendant herein) never assumed any obligations under the CUIC Policy at issue in this litigation. Rather, the Fourth-Party Plaintiffs continue to ignore the reality that they have sued the wrong party.

## II.   ARGUMENT

### A.   Equity Is Not Served By Keeping Allied World In This Lawsuit.

The Fourth-Party Plaintiffs argue that it is somehow unfair not to allow this action to proceed against Allied World. Quite the opposite is true. It is totally unfair to allow this action to continue against Allied World, where Allied World is not, and never has been, a successor in interest on any policy at issue in this litigation. See Affidavit of Alfred Bodi, dated January 9, 2008, annexed as Exhibit 6 to the Goldberg Declaration. This is not a "mere technical defect" in the pleading. (Opp., at 13) This is a blatant attempt to hold one carrier responsible for the liabilities of another. The Fourth-Party Plaintiffs can no more hold Allied World responsible

---

[1] A copy of the 2007 4-P Complaint is annexed, along with a copy of the Summons, as Exhibit 1.

1

221340.1

under the CUIC Policy at issue than they can Allstate, or Harleysville, or any other carrier to be arbitrarily selected by counsel.

Nor is there any merit to the Fourth-Party Plaintiffs' claim that Allied World has a duty to the insureds under the CUIC Policy. The Fourth-Party Plaintiffs argue that "insurance carriers owe a duty of disclosure to their policyholders." (Opp. at 7) Even assuming this duty exists, nowhere have the Fourth-Party Plaintiffs shown that Trataros is a policyholder of Allied World. They can't. Indeed, Allied World has never undertaken any duties with respect to the CUIC Policy or the insured(s) thereunder. The Fourth-Party Plaintiffs were notified of this fact years ago, and ignored it. The Fourth-Party Plaintiffs can not unilaterally impose such duties upon Allied World merely by virtue of their refusal to believe -- despite having been told multiple times -- that they sued the wrong party.

The Fourth-Party Plaintiffs also complain that the information provided to them regarding the absence of a relationship between Allied World and the CUIC Policy at issue in this litigation was sketchy. (See Opp., at 9) This fails to take into account the fact that Allied World, by virtue of this lawsuit, is being forced to prove a negative -- the absence of its relationship to the CUIC Policy. Thus, it is of no moment that Allied World's initial disclosures refer generally to NAS personnel and records. Allied World is not privy to any details relating to the CUIC Policy. Nor is it relevant to argue that references to NAS as claims administrator are insufficient "to place a policyholder on notice as to a transfer of liabilities under its policy." (Opp., at 9) What NAS calls itself is not under Allied World's control. The reality is that Allied World could not notify Trataros of a "transfer of liabilities." Indeed, there was no "transfer" by Allied World of liabilities as under the CUIC Policy as those liabilities were never obtained by Allied World in the first place. See Affidavit of Alfred Bodi, dated January 9, 2008, annexed as Exhibit 6 to the Goldberg Declaration.

B. **Plaintiffs' Request For Discovery Is A Red Herring.**

As indicated in the moving papers, counsel for the Fourth-Party Plaintiffs repeatedly have been provided with information showing that Allied World is not a corporate successor on the CUIC Policy, including direct correspondence from NAS itself. See Exhibit 9 (Letter dated July 29, 2005 from Keith Younger to Trataros and its counsel). The Fourth-Party Plaintiffs' counsel's contention, that it has not withdrawn the Complaint against Allied World because "Allied World has ignored and/or refused point-blank Travelers' and/or Trataros' requests for documentation in support of Allied World's purported absolute defense" (Rogers Decl., at ¶14) is wrong, as the Fourth-Party Plaintiffs to this day continue to insist that an action lies against Allied World, despite the evidence, including statements <u>by NAS itself</u> to the contrary. The truth is, for whatever reason, the Fourth-Party Plaintiffs will never drop this misplaced lawsuit against Allied World, regardless of what evidence they are shown, unless ordered to do so by the Court.

Nonetheless, even if the Fourth-Party Plaintiffs' requests to Allied World had been ignored or refused point-blank (which they were not), presumably there would have been a simple solution to this quandary. All counsel would have had to do to verify Allied World's status, or lack thereof, or to get answers to any other questions they had about the role of NAS as "claims administrator" for CUIC (not, as the opposition suggests (at 10) for Allied World) and/or the location of documents within NAS and identity of NAS personnel with knowledge of the CUIC Policy and coverage thereunder, would have been to pick up the phone and call NAS. Nothing in the opposition to Allied World's motion reflects that counsel ever attempted to take this simple step.

Rather, the Fourth-Party Defendants have ignored multiple attempts to extract Allied World from this suit, complaining that Allied World is somehow "holding itself out to the public" as CUIC's successor. This, too, is a misguided effort on the part of the Fourth-Party

3

221340.1

Plaintiffs to avoid the consequences of their own inaction. Indeed, upon receipt of communications <u>from NAS</u> indicating that there is a mistake in their approach, it is the Fourth-Party Plaintiffs who have a duty to investigate whether there is a valid basis for suing Allied World. Yet, despite having been given numerous opportunities to do so, the Fourth-Party Plaintiffs have taken no steps throughout these proceedings to verify Allied World's lack of any relationship to the CUIC Policy.

Essentially, the Fourth-Party Plaintiffs are saying that, after failing to investigate this issue for the last three years, they now need to conduct discovery before they will be in a position to defend the motion. Having been through an entire mediation without ever conducting an inquiry, it is difficult to imagine what discovery the Fourth-Party Plaintiffs now agree would suffice in their eyes as proof of the absence of responsibility on the part of Allied World.

### C.    The Factual Matters Herein Are Within The Scope of The Complaint.

The Fourth-Party Plaintiffs claim that the question of whether or not Allied World should be a part of a lawsuit on the CUIC Policy is outside the scope of the allegations contained in the Complaint. At the same time, the Fourth-Party Plaintiffs admit that they are attempting to sue "Allied World ... f/k/a Commercial Underwriters Insurance Company and/or its predecessors, successors, parents, subsidiaries, affiliates, and/or divisions" with respect to the CUIC Policy at issue. If there is no legal basis, under any factual scenario, by which the Fourth-Party Plaintiffs could recover proceeds under the CUIC Policy from Allied World, then there is no basis for this lawsuit. <u>See</u> <u>Walker v. City of New York</u>, 974 F.2d 293, 298 (2d Cir. 1992), <u>cert</u>. <u>denied by</u> 507 U.S. 961, <u>and by</u> 507 U.S. 972 (1993) (dismissal is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (citation omitted). The Bodi Affidavit, annexed to the motion, is a sworn affidavit submitted by NAS explaining that the Fourth-Party Plaintiffs are suing the wrong party, and that

Allied World is not the successor of CUIC vis-à-vis the claims herein. The Fourth-Party Plaintiffs argue that such submissions by NAS indicate the "existence of a continuing relationship between the two entities." (Opp., at 14). Ironically, the Fourth-Party Plaintiffs not only have once again ignored the content of the statement itself, but their own misguided lawsuit is the real "link" between the two entities.

The allegations in the Complaint against Allied World are conclusory, have no basis in fact, and are supported by nothing more than the Fourth-Party Plaintiffs' own shell game, and should be dismissed in their entirety.

**D.    There Is No Basis For A Declaratory Judgment Against Allied World.**

Although they continue to insist, without any legal or factual support, that they are in the right, the Fourth-Party Plaintiffs in their opposition have not shown any real or substantial controversy between parties having adverse legal interests (i.e., a coverage dispute involving Allied World) of sufficient immediacy to warrant the issuance of a declaratory judgment.

### III.    CONCLUSION

The Fourth-Party Plaintiffs are claiming that it would be unfair to dismiss this action against Allied World. To the contrary, it has been and continues to be unfair for the Fourth-Party Plaintiffs to continue to assert the instant claims against Allied World, all the while knowing that Allied World is not liable on any legal theory under the CUIC Policy at issue.

For the reasons set forth above and in the moving papers, Allied World respectfully requests that the Court issue an order: (1) dismissing the action against Allied World and all claims herein with prejudice; and (2) requiring the Fourth-Party Plaintiffs to pay the fees and costs associated with defense of both actions and participation in the court-ordered mediation, all of which stem from the Fourth-Party Plaintiffs' refusal to excuse Allied World from those proceedings despite receiving notification that claims under the CUIC Policy, if any, should be

directed to a different insurer.

          s/ Diana E. Goldberg

          Diana E. Goldberg (DG-3283)
          E-mail: *dgoldberg@moundcotton.com*

6

221340.1

AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     )  ss.:
COUNTY OF NEW YORK   )

Jacob Mendelsohn, being duly sworn, deposes and says:

Deponent is not a party to this action, is over the age of 18 years, and resides in Kings County, New York.

That on the 22nd day of February, 2008, deponent served upon all parties the annexed Memorandum of Law in Support of Allied World Assurance Company (U.S.) Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) via the Court's ECF System.

_____
Jacob Mendelsohn

Sworn to before me this
22nd day of February, 2008

_____
Notary Public

IRENE SIEGEL
Notary Public State of New York
No. 41-4872330
Qualified in Queens County
Commission Expires October 14, 2010