UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>  - against -<br><br>DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>       Defendants. | Case No. 07 Civ. 6915 (DLC)<br><br>**ANSWER OF DASNY AND TDX TO CROSS-CLAIM OF DEFENDANT KOHN PEDERSON FOX ASSOCIATES, PC** |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP.,<br><br>       Third-Party Plaintiffs,<br><br>  - against –<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>       Third-Party Defendant. | |
| TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>       Fourth-Party Plaintiffs,<br><br>  - against –<br><br>CAROLINA CASUALTY INSURANCE COMPANY, BARTEC INDUSTRIES, INC., DAYTON SUPERIOR SPECIALTY CHEMICAL CORP. a/k/a DAYTON SUPERIOR CORPORATION, SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC, KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., UNITED STATES FIRE INSURANCE COMPANY, ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. f/k/a COMMERCIAL UNDERWRITERS INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY d/b/a ZURICH INSURANCE COMPANY, OHIO CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP, HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a HARLEYSVILLE INSURANCE COMPANY), JOHN DOES 1-20 AND XYZ CORPS. 1-20,<br><br>       Fourth-Party Defendants. | |

| |
|---|
| KOHN PEDERSEN FOX ASSOCIATES, P.C., |
|           Third-Party Plaintiff, |
|  - against - |
| WEIDLINGER ASSOCIATES CONSULTING ENGINEERS, P.C., CASTRO-BLANCO PISCIONERI AND ASSOCIATES, ARCHITECTS, P.C., ARQUITECTONICA NEW YORK, P.C., COSENTINI ASSOCIATES, INC., CERMAK PETERKA PETERSEN, INC., JORDAN PANEL SYSTEMS CORP., TRATAROS CONSTRUCTION, INC. and LBL SKYSYSTEMS (U.S.A.), INC., |
|           Third-Party Defendants. |

   Defendants/Third-Party Plaintiffs Dormitory Authority of the State of New York ("DASNY") and TDX Construction Corp. ("TDX") (collectively referred to herein as "Defendants"), by their attorneys, Holland & Knight LLP, answer the cross-claims of defendant Kohn Pedersen Fox Associates, P.C. ("KPF"), dated February 8, 2008 (the "Cross-Claims"), as follows:

   1.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Cross-Claims.

   2.  Defendants admit the allegations contained in paragraph 2 of the Cross-Claims.

   3.  Defendants admit the allegations contained in paragraph 3 of the Cross-Claims.

   4.  The allegations contained in paragraph 4 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 4.

   5.  The allegations contained in paragraph 5 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit the allegations contained in paragraph 5.

6. Defendants deny the allegations contained in paragraph 6 of the Cross-Claims, except admit that DASNY and KPF entered into an agreement with respect to services to be provided by KPF in connection with the design and construction of Baruch College – Site "B", which consists of written documents that are the best evidence of their terms and define the parties' respective obligations.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Cross-Claims.

8. Defendants deny the allegations contained in paragraph 8 of the Cross-Claims, except admit that DASNY and TDX entered into an agreement with respect to the Project, which consists of written documents that are the best evidence of their terms and define the parties' respective obligations.

9. Defendants deny the allegations contained in paragraph 9 of the Cross-Claims.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Cross-Claims.

11. Defendants deny the allegations contained in paragraph 11 of the Cross-Claims.

12. Defendants deny the allegations contained in paragraph 12 of the Cross-Claims.

13. Defendants deny the allegations contained in paragraph 13 of the Cross-Claims.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Cross-Claims.

15. Defendants deny the allegations contained in paragraph 15 of the Cross-Claims, except admit that Travelers filed a Complaint in this action on or about August 1, 2007, which is a written pleading that is the best evidence of the allegations contained therein.

16. Defendants deny the allegations contained in paragraph 16 of the Cross-Claims, except admit that Travelers asserted causes of action against DASNY, TDX and KPF in its Complaint, which is a written pleading that is the best evidence of the allegations contained therein.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Cross-Claims, except admit that third-party complaints have been filed in this action which purport to bring additional parties into this action.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Cross-Claims, except admit that third-party complaints have been filed in this action which purport to bring additional parties into this action, and that counterclaims and cross-claims have been filed in this action.

19. Defendants admit the allegations contained in paragraph 19 of the Cross-Claims.

20. Defendants deny the allegations contained in paragraph 20 of the Cross-Claims, except admit that DASNY has asserted cross-claims against KPF in this action, which are set forth in a written pleading that is the best evidence of the allegations and demands for relief contained therein.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Cross-Claims, except admit that Travelers and Trataros have asserted claims against KPF denominated as "cross-claims," which are set forth in written pleadings that are the best evidence of the allegations and demands for relief contained therein.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Cross-Claims.

## ANSWERING THE FIRST CROSS-CLAIM

23. Defendants repeat and reallege each and every answer to the paragraphs incorporated by reference in paragraph 23 of the Cross-Claims as if fully set forth herein.

24. Defendants deny the allegations contained in paragraph 24 of the Cross-Claims, except admit that DASNY and KPF entered into an agreement with respect to services to be provided by KPF in connection with the design and construction of Baruch College – Site "B", which consists of written documents that are the best evidence of their terms and define the parties' respective obligations.

25. Defendants deny the allegations contained in paragraph 25 of the Cross-Claims, except admit that Travelers asserts causes of action against KPF in its Complaint in this action, that DASNY has asserted cross-claims against KPF in this action, and that Travelers and Trataros have asserted causes of action denominated as cross-claims against KPF in this action, all of which are set forth in written pleadings that are the best evidence of the allegations and demands for relief contained therein.

26. Defendants deny the allegations contained in paragraph 26 of the Cross-Claims.

27. The allegations contained in paragraph 27 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 27.

## ANSWERING THE SECOND CROSS-CLAIM

28. Defendants repeat and reallege each and every answer to the paragraphs incorporated by reference in paragraph 28 of the Cross-Claims as if fully set forth herein.

29. The allegations contained in paragraph 29 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30 of the Cross-Claims.

31. Defendants deny the allegations contained in paragraph 31 of the Cross-Claims, except admit that Travelers asserts causes of action against KPF in its Complaint in this action, that DASNY has asserted cross-claims against KPF in this action, and that Travelers and Trataros have asserted causes of action denominated as cross-claims against KPF in this action, all of which are set forth in written pleadings that are the best evidence of the allegations and demands for relief contained therein.

32. The allegations contained in paragraph 32 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 32.

33. The allegations contained in paragraph 33 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 33.

34. The allegations contained in paragraph 34 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 34.

35. The allegations contained in paragraph 35 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 35.

## ANSWERING THE THIRD CROSS-CLAIM

36. Defendants repeat and reallege each and every answer to the paragraphs incorporated by reference in paragraph 36 of the Cross-Claims as if fully set forth herein.

37. The allegations contained in paragraph 37 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 37.

38. Defendants deny the allegations contained in paragraph 38 of the Cross-Claims.

39. Defendants deny the allegations contained in paragraph 39 of the Cross-Claims, except admit that Travelers asserts causes of action against KPF in its Complaint in this action, that DASNY has asserted cross-claims against KPF in this action, and that Travelers and Trataros have asserted causes of action denominated as cross-claims against KPF in this action, all of which are set forth in written pleadings that are the best evidence of the allegations and demands for relief contained therein.

40. Defendants deny the allegations contained in paragraph 40 of the Cross-Claims.

41. The allegations contained in paragraph 41 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 41.

42. The allegations contained in paragraph 42 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 42.

43. The allegations contained in paragraph 43 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 43.

## ANSWERING THE FOURTH CROSS-CLAIM

44. Defendants repeat and reallege each and every answer to the paragraphs incorporated by reference in paragraph 44 of the Cross-Claims as if fully set forth herein.

45. The allegations contained in paragraph 45 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 45.

46. Defendants deny the allegations contained in paragraph 46 of the Cross-Claims.

47. Defendants deny the allegations contained in paragraph 47 of the Cross-Claims, except admit that Travelers asserts causes of action against KPF in its Complaint in this action, that DASNY has asserted cross-claims against KPF in this action, and that Travelers and Trataros have asserted causes of action denominated as cross-claims against KPF in this action, all of which are set forth in written pleadings that are the best evidence of the allegations and demands for relief contained therein.

48. Defendants deny the allegations contained in paragraph 48 of the Cross-Claims.

49. The allegations contained in paragraph 49 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 49.

50. The allegations contained in paragraph 50 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 50.

51. The allegations contained in paragraph 51 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 51.

- 9 -

## ANSWERING THE FIFTH CROSS-CLAIM

52. Defendants repeat and reallege each and every answer to the paragraphs incorporated by reference in paragraph 52 of the Cross-Claims as if fully set forth herein.

53. The allegations contained in paragraph 53 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 53.

54. Defendants deny the allegations contained in paragraph 54 of the Cross-Claims.

55. Defendants deny the allegations contained in paragraph 55 of the Cross-Claims, except admit that Travelers asserts causes of action against KPF in its Complaint in this action, that DASNY has asserted cross-claims against KPF in this action, and that Travelers and Trataros have asserted causes of action denominated as cross-claims against KPF in this action, all of which are set forth in written pleadings that are the best evidence of the allegations and demands for relief contained therein.

56. Defendants deny the allegations contained in paragraph 56 of the Cross-Claims.

57. The allegations contained in paragraph 57 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 57.

58. The allegations contained in paragraph 58 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 58.

59. The allegations contained in paragraph 59 of the Cross-Claims state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 59.

## FIRST AFFIRMATIVE DEFENSE

60. KPF's Cross-Claims fail to state a cause of action against DASNY upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

61. KPF's Cross-Claims fails to state a cause of action against TDX upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

62. KPF's Cross-Claims are barred, in whole or in part, by KPF's breach of contract.

## FOURTH AFFIRMATIVE DEFENSE

63. KPF's Cross-Claims are barred, in whole or in part, by KPF's professional negligence.

## FIFTH AFFIRMATIVE DEFENSE

64. KPF has failed to satisfy all of the conditions precedent to its Cross-Claims.

## SIXTH AFFIRMATIVE DEFENSE

65. KPF's Cross-Claims may be barred, in whole or in part, by additional defenses that cannot be articulated due to the generality of the Cross-Claims, the fact that discovery is not complete, or other presently undeveloped information. Accordingly, DASNY and TDX reserve their right to amend and/or supplement the foregoing defenses and to raise additional defenses as this action progresses, to the fullest extent permitted by the Federal Rules of Civil Procedure.

**WHEREFORE**, DASNY and TDX demand judgment dismissing KPF's Cross-Claims in its entirety as against them, together with the costs and disbursements of this action, attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 3, 2008

                                      HOLLAND & KNIGHT LLP
*Attorneys for Defendants Dormitory Authority of the State of New York and TDX Construction Corp.*

By: /s/ Timothy B. Froessel
    Stephen B. Shapiro
    Timothy B. Froessel
195 Broadway
New York, New York  10007
(212) 513-3200

To:    All Counsel of Record

# 5154618_v1

- 11 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>DORMITORY AUTHORITY – THE STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>Defendants.<br><br>DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP.,<br><br>Third-Party Plaintiffs,<br><br>- against -<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>Third-Party Defendant. | Case No. 07 Civ. 6915 (DLC)<br>ECF CASE<br><br>**AFFIDAVIT OF SERVICE** |

KAREN L. HIPPNER hereby declares the following to be true under penalty of perjury:

On March 3, 2008, I caused the foregoing Answer of DASNY and TDX Construction Corp. to Cross-Claim of Fourth Party Defendant Kohn Pederson Fox Associates, PC to be served upon all parties listed in the attached service list, at the addresses designated for service by depositing same, enclosed in a properly addressed wrapper, first-class postage, in an official depository under the exclusive care of the United States Postal Service within the State of New York.

On March 3, 2008, I caused the foregoing Answer of DASNY and TDX Construction Corp. to Cross-Claim of Fourth Party Kohn Pederson Fox Associates, PC. to be served via electronic filing upon all parties currently appearing in this litigation.

Dated: New York, New York
       March 3, 2008

                                              Karen L. Hippner

Sworn to before me this date
March 3, 2008
_____
Notary Public

PETER FALISI
Notary Public, State of New York
No. 01FA6039613
Qualified in New York County
Commission Expires April 3, 2010

# 4950324_v1

SERVICE LIST

David C. Dreifuss, Esq.
DREIFUSS, BONACCI & PARKER, LLP
26 Columbia Turnpike
North Entrance
Florham Park, New Jersey. 07932

*Counsel for Travelers Casualty & Surety Co. & Trataros Construction, Inc.*

Joseph DeDonato
Morgan Melhuish Abrutyn
651 West. Mt. Pleasant Ave.
Suite 200
Livingston, New Jersey 07039

*Counsel for Ohio Casualty Ins. Co.*

David Abramovitz, Esq.
ZETLIN & DeCHIARA LLP
801 Second Avenue
New York, New York 10017

*Counsel for Kohn Pedersen Fox Assocs.*

William G. Kelly
Goldberg Segalla LLP
170 Hamilton Avenue
White Plains, N.Y. 10601

*Counsel for Dayton Superior Chem. Corp.*

Jeremy Platek, Esq.
O'CONNOR, REDD, GOLLIHUE & SKLARIN, LLP
200 Mamaroneck Avenue
White Plains, New York 10601

*Counsel for Bartec Industries, Inc.*

Robert M. Wasko
Torre, Lentz, Gamell, Gary
 & Rittmaster, LLP
226 West 26th Street – 8th Fl.
New York, N.Y. 10001

*Counsel for Carolina Casualty Ins. Co.*

Martin P. Lavelle
Green & Lavelle
110 William Street, 18th Floor
New York, New York 10038

*Counsel for National Union Fire Ins. Co.*

John P. DeFilippis, Esq.
Carroll, McNulty & Kull, LLC
570 Lexington Avenue
10th Floor
New York, New York 10022

*Counsel for United States Fire Ins. Co.*

Diana E. Goldberg
Mound Cotton Wollan & Greengrass
One Battery Park Plaza
New York, N.Y. 10004

*Counsel for Allied World Assurance Co.*

Michael S. Miller
Tompkins, McGuire, Wachenfeld & Barry
140 Broadway – 51st Floor
New York, N.Y. 10005

*Counsel for Lumberman's Mutual Cas. Co.*

Robert R. Brooks-Rigolosi
Segal McCambridge Singer & Mahoney, Ltd.
830 Third Avenue, Suite 400
New York, N.Y. 10022

*Counsel for Specialty Construction Brands, Inc. t/a TEC*

Lance J. Kalik
Riker Danzig Scherer Hyland & Perretti LLP
Headquarters Plaza
Morristown, New Jersey 07962

*Counsel for Harleysville Ins. Co. of N.J.*

S. Dwight Stephens
Melito & Adolfsen
233 Broadway, 28th Floor
New York, N.Y. 10279

*Counsel for Zurich American Ins. Co.*

Richard P. Dyer
Thelen Reid & Priest, LLP
875 Third Avenue
New York, N.Y. 10022

*Counsel for LBL Skysystems, Inc.*

Donald George Sweetman
Gennet, Kallmann, Antin & Robinson, P.C.
6 Campus Drive
Parsippany, NJ 07054

*Counsel for Great American Ins. Co.*

Terrence O'Connor, Esq.
O'Connor & Golder
24 North Washington
Port Washington, N.Y. 11050

*Counsel for Jordan Panel Systems Corp.*

Stephen P. Schreckinger
Gogick, Byrne & O'Neill, LLP
11 Broadway, Suite 1560
New York, N.Y. 10004

*Counsel for Weidlinger Assoc.*

Martin A. Schwartzberg
L'Abbate, Balkan, Colavita & Contini
1050 Franklin Avenue
Garden City, N.Y. 11530

*Counsel for Cosentini Associates, Inc.*

George J. Manos
Bollinger, Ruberry & Garvey
500 West Madison Street
Suite 2300
Chicago, IL 60661

*Counsel for Kemper Casualty*

# 4987296_v1