UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> DORMITORY AUTHORITY - STATE OF NEW YORK, et al. <br><br> Defendants. | Case No. 07-CV-6915 (DLC) <br> **ECF CASE** |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP., <br><br> Third-Party Plaintiffs, <br><br> vs. <br><br> TRATAROS CONSTRUCTION, INC., <br><br> Third-Party Defendant. | **DECLARATION OF ELI J. ROGERS IN OPPOSITION TO UNITED STATES FIRE INSURANCE COMPANY'S MOTION TO DISMISS** |
| TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY, <br><br> Fourth-Party Plaintiffs, <br><br> vs. <br><br> CAROLINA CASUALTY INSURANCE COMPANY, et al. <br><br> Fourth-Party Defendants. | |

**ELI J. ROGERS**, of full age and under penalty of perjury, pursuant to 28 U.S.C. § 1746 and Local Civil Rule 1.10, declares as follows.

1.     I am associated with the law firm of Dreifuss Bonacci & Parker, LLP, attorneys for Travelers Casualty and Surety Company ("Travelers") and Trataros Construction, Inc. ("Trataros") in the above-captioned matter, and I submit this Declaration in opposition to the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Fourth-Party Defendant, United States Fire Insurance Company ("U.S. Fire").

A.    **Relevant Procedural History**

2.    On August 1, 2007, Travelers filed its "Complaint and Jury Demand" (hereinafter, the "Complaint") in the within action, as alleged in the Fourth-Party Complaint filed by Travelers and Trataros. (See, **Exhibit A** hereto, Travelers' and Trataros' Fourth-Party Complaint filed on November 13, 2007, at ¶ 19.) Travelers' claims herein relate to a certain construction project known as Baruch College, Site B (hereinafter, the "Project"). (Id., ¶¶ 19 & 30.)

3.    Upon information and belief, On or about September 28, 2007, Defendants, Dormitory Authority - State of New York ("DASNY") and TDX Construction Corp. ("TDX") filed their "Answer of DASNY and TDX with Affirmative Defenses, Counterclaims, and Cross-Claims" (hereinafter, the "DASNY/TDX Answer"). (Id., ¶ 20.)

4.    The DASNY/TDX Answer alleged a number of counterclaims against Travelers, including a counterclaim regarding alleged construction defects purportedly attributable to work performed by Trataros and/or its subcontractors/suppliers. (Id., ¶¶ 20 & 52.) DASNY/TDX allege that their claim(s) for purportedly defective work includes a claim relating to the "installation of the Project's epoxy terrazzo flooring." (Id., ¶ 52.)

5.    Upon information and belief, on or about September 28, 2007, DASNY and TDX filed their Third-Party Complaint, impleading Trataros into the within action. (Id., ¶ 23.) A true and correct copy of the Third-Party Complaint filed by DASNY and TDX in the within action is attached hereto as **Exhibit B**.

6.    The Third-Party Complaint alleged a number of claims against Trataros, including a claim that Trataros and/or its subcontractors/suppliers performed allegedly defective construction work on the Project, including purported defects in the Project's epoxy terrazzo floor system (the "Flooring Claims"). (Exhibit A, ¶¶ 23 & 54-57.) In addition, DASNY and

TDX allege claims relating to purported defects in the construction work performed by Trataros and/or its subcontractors separate and apart from the alleged defects referenced in the Flooring Claims. (Id., ¶¶ 52, 54-55.) (And see, Exh. B, ¶¶ 26-28, 59-60.)

7.    In response to the claims alleged in the present action by DASNY and TDX in their Third-Party Complaint, and in their respective counterclaims, Travelers and Trataros filed their Fourth-Party Complaint on November 14, 2007.  Travelers' and Trataros' Fourth-Party Complaint impleaded U.S Fire, among others.  A true and correct copy of the Fourth-Party Complaint is attached hereto as Exhibit A.

8.    Upon information and belief, U.S. Fire moved to dismiss the Fourth-Party Complaint under Rule 12(b)(6), on or about February 11, 2008.

**B.    Prior Proceedings Before Judge Baer**

9.    The claims at issue in the within action, including the Flooring Claims and the allegations of additional, unspecified construction defects in the work of Trataros and/or its subcontractors, were the subject of a previous action venued in the United States District Court for the Southern District of New York, entitled Travelers Casualty and Surety Company as Administrator for Reliance Insurance Company v. The Dormitory Authority of the State of New York, et al., Case No. 04-CV-5101, and assigned to the Honorable Harold Baer, U.S.D.J. (the "Baer Proceedings").  A true and correct copy of DASNY's Third-Party Complaint is attached hereto as **Exhibit C**.

10.    In the Baer Proceedings, Travelers and Trataros impleaded U.S. Fire, among other insurance carriers, by filing their Amended Fourth-Party Complaint on or about March 17, 2005. (See, Declaration of John P. DeFilippis, dated February 11, 2008, submitted by U.S. Fire in support of its motion to dismiss filed in the within action (the "DeFilippis Dec."), at Exh. H.)

3

11.    On or about May 25, 2005, Travelers and Trataros propounded document demands upon U.S. Fire in the Baer Proceedings seeking, among other things, copies of all insurance policies issued by U.S. Fire to Trataros as a named insured, or under the terms of which Trataros qualifies as an additional insured.

12.    In response to said document demands, Travelers and Trataros received from U.S. Fire produced, *inter alia*, a redacted copy of a certain insurance policy bearing Policy Number 5031763596, and renewal numbers 5031312183 and 5031690768, apparently issued to Trataros as named insured (the "Policy"). A true and correct copy of the Policy, in the form it was received from U.S. Fire, is attached hereto as **Exhibit D**.

13.    Upon information and belief, on or about July 25, 2005, U.S. Fire, together with other fourth-party insurance carriers impleaded into the Baer Proceedings, served a consolidated motion to dismiss the Amended Fourth-Party Complaint.

14.    In connection with their opposition to the consolidated motion to dismiss in the Baer Proceedings, Travelers and Trataros submitted, among other things, the following papers:

a)    Affidavit of John Scarpellino, Sr. in Support of Trataros Construction, Inc.'s and Travelers Casualty and Surety Company's Opposition to the Consolidated Motion to Dismiss, sworn to August 25, 2005, a true and correct copy of which is attached hereto as **Exhibit E**; and

b)    Declaration of Guido Weber in Support of Trataros Construction, Inc.'s and Travelers Casualty and Surety Company's Opposition to the Consolidated Motion to Dismiss, a correct copy of which is attached hereto as **Exhibit F**.

15.    Prior to entry of a decision upon the consolidated motion to dismiss filed by U.S. Fire and others, the movants/carriers and all other parties to the Baer Proceedings, agreed to dismiss the Baer Proceedings without prejudice, in order to pursue resolution of the claims at issue therein through confidential, non-binding mediation. (See, DeFilippis Dec., Exh. J.) The parties agreed to toll all relevant statutes of limitation for the duration of the mediation. The

parties further agreed that, in the event the claims were not resolved in the mediation, the prior action would be re-filed in a staggered order, mimicking the procedural history which had developed in the Baer Proceedings, thus intending to preserve the various parties' claims, rights and defenses.

16.    Following the aforesaid mediation, and consistent with the agreed-upon procedures for re-filing, Travelers commenced the within action against DASNY, TDX and KPF by filing its Complaint herein.  A true and correct copy of Travelers' Complaint filed in the within action is attached hereto as **Exhibit G**.

17.    A true and correct copy of a Pre-Trial Scheduling Order, entered by the Honorable Harold Baer, U.S.D.J., in the Baer Proceeding is attached hereto as **Exhibit H**.

### C.    Project Documents

18.    A true and correct copy of a letter dated November 3, 1998, purportedly from John J. McCullough of TDX to Chris Stoddard of KPF, is attached hereto as **Exhibit I**.

19.    A true and correct copy of a memorandum dated November 8, 1999, from Chris Stoddard of KPF to John McCullough of TDX, is attached hereto as **Exhibit J**.

20.    A true and correct copy of a March 21, 2000 letter from Ramesh Rangaswamy of Trataros, to John McCullough of TDX, is attached hereto as **Exhibit K.**

21.    A true and correct copy of a certain change order number GC2-028, directed to Trataros, is attached hereto as **Exhibit L**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: Florham Park, New Jersey
       March 11, 2008

 

                                            /S/
                                Eli J. Rogers, Esq. (ER-6564)