# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY, | Civil Action No.: 04 Civ. 5101 (HB) **ECF CASE** |

TRAVELERS CASUALTY AND SURETY COMPANY as
Administrator for RELIANCE INSURANCE COMPANY,

Plaintiff,

v.

THE DORMITORY AUTHORITY OF THE STATE OF
NEW YORK, TDX CONSTRUCTION CORP. and KOHN,
PEDERSON, FOX & ASSOCIATES, P.C.,

Defendants.

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK,

Third-Party Plaintiff,

v.

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

Third-Party Defendants

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

Fourth-Party Plaintiffs,

v.

G.M. CROCETTI, INC., CAROLINA CASUALTY
INSURANCE COMPANY, BARTEC INDUSTRIES INC.,
DAYTON SUPERIOR SPECIALTY CHEMICAL CORP.,
SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC,
KEMPER CASUALTY INSURANCE COMPANY d/b/a
KEMPER INSURANCE COMPANY, GREAT AMERICAN
INSURANCE COMPANY, NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA., UNITED
STATES FIRE INSURANCE COMPANY, ALLIED WORLD
ASSURANCE COMPANY (U.S.) INC. f/k/a COMMERCIAL
UNDERWRITERS INSURANCE COMPANY, ZURICH
AMERICAN INSURANCE COMPANY d/b/a ZURICH
INSURANCE COMPANY, OHIO CASUALTY
INSURANCE COMPANY d/b/a OHIO CASUALTY
GROUP, HARLEYSVILLE MUTUAL INSURANCE
COMPANY (a/k/a HARLEYSVILLE INSURANCE
COMPANY, an insurer for BARTEC INDUSTRIES INC.),
JOHN DOES 1-20, and XYZ CORPS. 1-12,

Fourth-Party Defendants.

**AFFIDAVIT OF
JOHN SCARPELLINO, SR.
IN SUPPORT OF TRATAROS
CONSTRUCTION, INC.'S
AND TRAVELERS CASUALTY
AND SURETY COMPANY'S
OPPOSITION TO THE
CONSOLIDATED MOTION
TO DISMISS**

STATE OF CONNECTICUT     )
                               ) ss.:

COUNTY OF HARTFORD      )

I, JOHN SCARPELLINO, SR., being duly sworn, depose and say:

1.     I am a Claims Manager for the Plaintiff/Third-Party Defendant/Fourth-Party Plaintiff, Travelers Casualty and Surety Company (hereinafter "Travelers"). I make this Affidavit in support of Travelers' and Trataros' Opposition to the Consolidated Motion to Dismiss the Amended Fourth-Party Complaint brought by Fourth-Party Defendants, Zurich American Insurance Company d/b/a Zurich Insurance ("Zurich"), Kemper Casualty Insurance Company d/b/a Kemper Insurance Company ("Kemper"), Harleysville Mutual Insurance Company ("Harleysville"), United States Fire Insurance Company ("U.S. Fire"), Allied World Assurance Company (U.S.) Inc. f/k/a Commercial Underwriters Insurance Company ("AWAC"), and Ohio Casualty Insurance Company d/b/a Ohio Casualty Group ("Ohio"). The statements I make herein are based primarily upon my personal knowledge and a review of the files and records that Travelers has obtained from Trataros, along with any other information that Travelers gathered in its investigation of this matter to date.

2.     Travelers is in the business of writing a variety of surety bonds, including bonds issued at the request of construction contractors required by law and/or by contract to supply them to project owners such as Defendant/Third-Party Plaintiff, The Dormitory Authority of the State of New York (hereinafter "DASNY").

3.     One such construction contractor, Trataros, obtained a set of performance and payment bonds when it successfully bid a construction contract with DASNY known as "Baruch College—Site 'B' General Construction #2 Work, Contract No. 16, DA6500-1802-2178" dated August 27, 1998 (hereinafter "Contract 16") Contract 16 is one of two contracts awarded by

DASNY to Trataros that are at issue in the within litigation (*see* Affidavit of S. Dwight Stephens ["Stephens Aff."], Exhibit A thereto, ¶¶ 9-14).

4.      In connection with Contract 16, Reliance Insurance Company ("Reliance") issued the following surety bonds:

> a.   Performance Bond No. B28 80 353, naming Trataros as principal, and for the benefit of DASNY as obligee, in the penal sum amount of $24,140,000.00 and dated August 27, 1998, a true copy of which is attached hereto as **Exhibit 1**; and

> b.   Labor and Material Payment Bond B28 80 353, naming Trataros as principal, and for the benefit of DASNY as obligee, in the penal sum amount of $24,140,000.00 and dated August 27, 1998, a true copy of which is attached hereto as **Exhibit 2**;

(hereinafter collectively referred to as "the Bonds").

5.      Subsequently, Travelers entered into an agreement with Reliance, whereby Reliance granted a power of attorney to Travelers to act as administrator for Reliance and as a reinsurer with respect to certain reinsured contracts and reinsured liabilities, including the contracts at issue in the within action.  Travelers is the real party in interest here.

6.      After Travelers agreed to act as Reliance's administrator and reinsurer in connection with, inter alia, the Bonds and Contract 16, Trataros entered into a General Agreement of Indemnification ("GAI") with Travelers.  A true and correct copy of the GAI, dated November 20, 2001, is attached hereto as **Exhibit 3**.

7.      Under the terms of the GAI, Trataros appointed Travelers as its attorney-in-fact for the purpose of, among other things, pursuing Trataros' rights in connection with the bonds issued and/or administered by Travelers on Trataros' behalf.  *See* **Exhibit 3**, ¶ 11.

8.      Travelers was never notified of any default entered by DASNY against Trataros during Trataros' prosecution of its work under Contracts 15 and 16.

9.      Further, DASNY never asserted a performance bond claim under the Bonds during Trataros' prosecution of its work under Contracts 15 and 16.

10.     In light of the facts that Trataros was not defaulted and no performance bond claim was received during Trataros' prosecution of work under Contracts 15 and 16, Travelers did not have occasion to interject itself into Trataros' day-to-day, on-site operations on the Baruch College project and/or into the prosecution of the work required under Contracts 15 and 16.

11.     Travelers maintains its principal place of business at One Tower Square, 4PB, Hartford, Connecticut.  The primary claims personnel handling the claims associated with the Bonds, including this affiant, work out of Travelers' Harford offices.

12.     Trataros' former principal place of business was located at 664 64th Street, Brooklyn, New York 11220.

13.     In or about the Spring of 2003, Trataros ceased active business operations.  Upon information and belief, from at least this point in time, Trataros ceased to retain any employees.

14.     DASNY filed its Third-Party Complaint in the within action on or about August 4, 2004.  (*See* Stephens Aff., Exh. B thereto.)  At this time, Trataros had not operated as an active business, nor maintained any employees, for nearly 14 months.

AUG 25 2005 08:53 FR ST PAUL-TRAVELERS  860 277 1303 TO 919735145959    P.06

John Scarpellino, Sr.

Sworn to and subscribed
before me this 25TH
day of August 2005.

Notary Public

MY COMMISSION EXPIRES DECEMBER 31, 2007

5

** TOTAL PAGE.06 **

# EXHIBIT 1

# PERFORMANCE BOND



### DORMITORY AUTHORITY – STATE OF NEW YORK

**Main Office**
161 Delaware Avenue
Delmar, New York 12054
(518) 475-3000

**New York City Office**
One Penn Plaza, 52nd Floor
New York, New York 10119-0098
(212) 273-5000

(03/92)

# PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:        Bond No. B28 80 353

That   TRATAROS CONSTRUCTION, INC.

   664 64th Street, Brooklyn, New York  11220

as Principal, hereinafter called CONTRACTOR, and

RELIANCE INSURANCE COMPANY
(Here insert the legal title of Surety)

6 Campus Drive, Parsippany, New Jersey  07054
(Address)

as Surety, hereinafter called Surety, are held and firmly bound unto the Dormitory Authority - State of New York, 515 Broadway, Albany, New York 12207, as Obligee, hereinafter called OWNER, in the amount of Twenty-four Million, One Hundred Forty Thousand and 00/100 Dollars ($24,140,000.00) for the payment whereof CONTRACTOR and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, CONTRACTOR has by written agreement dated August 27, 1998 entered into a Contract with OWNER for the General Construction #2, - Contract #16, Brooklyn, New York  11220, DA # 6500 1802 2178, JDE# 61506 in accordance with the Contract Documents and any changes thereto, which are made a part hereof, and are hereinafter referred to as the Contract.

1.     If the CONTRACTOR performs the Contract, the Surety and the CONTRACTOR shall have no obligation under this Bond, except to participate in conferences as provided in Subparagraph 2.1.

1

2.    If there is no OWNER default, the Surety's obligation under this Bond shall arise after:

    2.1    The OWNER has notified the CONTRACTOR, the Surety at its address described in Paragraph 8. below that the OWNER is considering declaring a CONTRACTOR in default.

    2.2    The OWNER has declared a CONTRACTOR in default and formally terminated the CONTRACTOR's right to complete the Contract.

    2.3    The OWNER has agreed to pay the Balance of the Contract Price to the Surety in accordance with the terms of the Contract or to a CONTRACTOR selected to perform the Contract in accordance with the terms of the Contract with the OWNER.

3.    When the OWNER has satisfied the conditions of Paragraph 2., the Surety shall, at the OWNER's option, promptly and at the Surety's expense take on the following actions:

    3.1    Arrange for the CONTRACTOR, with consent of the OWNER, to perform and complete the Contract; or

    3.2    Undertake to perform and complete the Contract itself, through its agents or through independent contractors; or

    3.3    Obtain bids or negotiated proposals from qualified contractors acceptable to the OWNER for a contract for performance and completion of the Contract, arrange for a contract to be prepared for execution by the OWNER and the CONTRACTOR selected with the OWNER's concurrence, to be secured with performance and payment bonds executed by a qualified Surety equivalent to the bonds issued on the Contract, and pay to the OWNER the amount of damages as described in Paragraph 5. in excess of the Balance of the Contract Price incurred by the OWNER resulting from the CONTRACTOR default.

4.    If the Surety does not proceed with reasonable promptness, the Surety shall be deemed to be in default on this Bond, and the OWNER shall be entitled to enforce any remedy available to the OWNER.

5.    After the OWNER has terminated the CONTRACTOR's right to complete the Contract, and if the Surety elects to act under Subparagraph 3.1, 3.2, or 3.3 above, then the responsibilities of the Surety to the OWNER shall not be greater than those of the CONTRACTOR under the Contract, and the responsibilities of the OWNER to the Surety shall not be greater than those of the OWNER under the Contract. To the limit of the amount of this Bond, but subject to commitment by

2

the OWNER of the Balance of the Contract Price to mitigation of costs and damages on the Contract, the Surety is obligated without duplication for:

5.1    The responsibilities of the CONTRACTOR for correction of defective work and completion of the Contract;

5.2    Additional legal, design, professional, and delay costs resulting from the CONTRACTOR's Default, and resulting from the actions or failure to act of the Surety under Paragraph 3.; and

5.3    Liquidated Damages, or if no liquidated damages are specified in the Contract, actual damages caused by delayed performance or non-performance of the CONTRACTOR.

6.    The Surety shall not be liable to the OWNER or others for obligations of the CONTRACTOR that are unrelated to the Contract, and the Balance of the Contract Price shall not be reduced or set off on account of any such unrelated obligations. No right of action shall accrue on this Bond to any person or entity other than the OWNER or its heirs, executors, administrators or successors.

7.    The Surety hereby waives notice of any change, including changes of time, to the Contract or to related subcontracts, purchase orders, and other obligations.

8.    Notice of the Surety and the CONTRACTOR shall be mailed or delivered to the address shown on the signature page. Notice to the OWNER shall be mailed or delivered to the address shown in the preamble.

9.    Definitions:

9.1    Balance of the Contract Price: The total amount payable by the OWNER to the CONTRACTOR under the Contract after all proper adjustments have been made, including allowance to the CONTRACTOR of any amounts received or to be received by the OWNER in settlement of insurance or other claims for damages to which the CONTRACTOR is entitled, reduced by all valid and proper payments made to or on behalf of the CONTRACTOR under the Contract.

9.2    Contract: The agreement between the OWNER and the CONTRACTOR identified on the signature page, including all Contract Documents and changes thereto.

9.3    CONTRACTOR Default: Failure of the CONTRACTOR, which has neither been remedied nor waived, to perform or otherwise to comply with the terms of the Contract.

3

9.4   OWNER Default:  Failure of the OWNER, which has neither been remedied nor waived, to pay the CONTRACTOR as required by the Contract or to perform and complete or comply with the other terms thereof.

The penal sum of this Bond is in addition to any other Bond furnished by the CONTRACTOR and in no way shall be impaired or affected by any other Bond.

Any suit under this Bond must be instituted before the expiration of two (2) years from the date on which Final Payment is made under this Contract.

Signed as of this ___1st___ day of ___September___ 1998.

IN THE PRESENCE OF:

TRATAROS CONSTRUCTION, INC.
(Contractor)

_____
(Signature)

GEORGE CURIS, TREASURER
(Title)

664 64th Street
(Address)

Brooklyn, New York  11220
(City, State, Zip)


RELIANCE INSURANCE COMPANY
(Surety)

_____
(Signature)

ELEANOR DOUDERA, ATTORNEY-IN-FACT
(Title)

6 Campus Drive
(Address)

Parsippany, New Jersey  07054
(City, State, Zip)

4

## ACKNOWLEDGMENT OF CONTRACTOR, IF A CORPORATION

STATE OF _NEW YORK_ ) ss:
COUNTY OF _KINGS_ )

On the _4TH_ day of _SEPT._ in the year 19 _98_, before me personally came _GEORGE CURIS_ to me known, who, being by me duly sworn, did depose and say that (s)he resides at _STATEN ISLAND    NEW YORK_ _____, that (s)he is the _TREASURER_ of TRATAROS CONSTRUCTION, INC., the corporation described in and which executed the above instrument; and that (s)he signed her/his name thereto by order of the Board of Directors of said corporation.

DIMITRA ANDREOU
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01AN6003638
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES MARCH 9, 20 _0C_

Notary Public

## ACKNOWLEDGMENT OF CONTRACTOR, IF A PARTNERSHIP

STATE OF _____ )
COUNTY OF _____ )ss:.

On the _____ day of _____ in the year 19____, before me personally came _____ _____ to me known and known to me to be a member of the firm _, described in and who executed the foregoing instrument, and (s)he duly acknowledged to me that (s)he executed the same for and in behalf of said firm for the uses and purpose mentioned therein.

_____
Notary Public

## ACKNOWLEDGMENT OF CONTRACTOR, IF AN INDIVIDUAL

STATE OF _____ )
COUNTY OF _____ )ss:

On the _____ day of _____ in the year 19__, before me personally came _____ _____ to me known and known to me to be the person described in and who executed the foregoing instrument and (s)he duly acknowledged that (s)he executed the same.

_____
Notary Public

5

## ACKNOWLEDGMENT OF SURETY

STATE OF __NEW YORK____ )
COUNTY OF __NASSAU____ )ss:

On the __1st__ day of __September__ in the year 19_98_, before me personally came
____ELEANOR DOUDERA____ to me known, who, being by me duly sworn, did
depose and say that (s)he resides at ____SUFFOLK COUNTY, NY____
_____, that (s)he is the __Attorney-In-Fact__
_____ of __RELIANCE INSURANCE COMPANY__, the corporation described in and
which executed the above instrument; and that (s)he signed her/his name thereto by order
of the Board of Directors of said corporation.

_____
Notary Public

THERESA J. FOLEY
Notary Public, State of New York
No. 01FO5043971
Qualified in Queens County
Commission Expires May 22, _1999_

6

# RELIANCE INSURANCE COMPANY

### PHILADELPHIA, PENNSYLVANIA

## PRINCIPAL'S ACKNOWLEDGEMENT—IF INDIVIDUAL OR FIRM

State of New York, County of _____  ss:
On this _____ day of _____ , 19 _____ , before me personally came

to me known to be (the individual) (one of the firm of _____ )
described in and who executed the within instrument, and he thereupon duly acknowledged to me that he executed the same (as the act and deed of said firm).

_____
Notary Public

## PRINCIPAL'S ACKNOWLEDGEMENT—IF CORPORATION

State of New York, County of _____  ss:
On this _____ day of _____ , 19 _____ , before me personally came

to me known, who, being by me duly sworn, deposes and says: That he resides in _____
that he is _____ of
the corporation described in and which executed the within instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation, and that he signed his name to the said instrument by like order.

_____
Notary Public

## SURETY COMPANY'S ACKNOWLEDGEMENT

State of New York, County of    NASSAU          ss:
On this   1st    day of   September          , 1998 , before me personally came
ELEANOR DOUDERA                    SUFFOLK COUNTY, NY
to me known, who, being by me duly sworn, did depose and say: That he resides in _____
that he is Attorney-in-Fact of the RELIANCE INSURANCE COMPANY, the corporation described in and which executed the foregoing instrument; that he knows the corporate seal of said company; that the seal affixed to said instrument is such corporate seal of said company; that it was so affixed by the authority granted to him in accordance with the by-laws of said corporation; that he signed his name thereto by like authority; that the Superintendent of Insurance of the State of New York has, pursuant to Chapter 882 of the Laws of the State of New York for the year 1939 constituting Chapter 28 of the Consolidated Laws of the State of New York known as the Insurance Law, issued to the RELIANCE INSURANCE COMPANY his certificate that said company is qualified to become surety or guarantor on all bonds, undertakings, recognizances, guarantees and other obligations required or permitted by law; and that such certificate has not been revoked.

THERESA J. FOLEY
Notary Public, State of New York
No. 01FO5045971
Qualified in Queens County
Commission Expires May 22, 1999

_____
Notary Public

### Financial Statement Dated December 31, 1997

| ASSETS | | | LIABILITIES | | |
|---|---|---|---|---|---|
| Cash and Short Term Investments | $ | 366,696,335 | Losses and Loss Adjustment Expense | $ | 2,632,735,351 |
| Securities (Long Term) | | 4,028,534,730 | Unearned Premiums | | 908,436,552 |
| Premium Balances | | 785,004,014 | Other Taxes | | 12,488,219 |
| Accrued Interest and Dividends | | 35,419,406 | Other Liabilities | | 771,585,471 |
| Federal Income Taxes | | 37,405,343 | Total Liabilities | $ | 4,325,247,593 |
| Other Assets | | 373,600,596 | | | |
| Total Admitted Assets | $ | 5,626,660,424 | | | |
| | | | CAPITAL AND SURPLUS | | |
| | | | Capital Stock | $ | 44,586,703 |
| | | | Surplus | | 1,256,826,128 |
| | | | Total Policyholders' Surplus | | 1,301,412,831 |
| State of Washington ) ss. | | | | | |
| County of King ) | | | Total Liabilities, Capital and Surplus | $ | 5,626,660,424 |

Larry C. Mitchell, being duly sworn, says: That he is Vice President of the RELIANCE INSURANCE COMPANY; that said company is a corporation duly organized, existing, and engaged in business as a surety by virtue of the laws of the Commonwealth of Pennsylvania, and has duly complied with all the requirements of the laws of said commonwealth applicable to said company and is duly qualified to act as surety under such laws; that said company has also complied with and is duly qualified to act as surety under the Act of Congress of September 13, 1982, as amended (31 U.S.C. §9301 et. sq.); that the foregoing is a full, true and correct statement of the financial condition of said company on the 31st day of December, 1997.

Sworn to me this 20th day of March, 1998.

Janis J. Crossland

Janis J. Crossland, Notary Public, State of Washington,
County of King. My Commission Expires February 5, 2000.

JANIS CROSSLAND
NOTARY PUBLIC
2-5-2000
STATE OF WASHINGTON

Larry C. Mitch
Vice President

BDR-1827 3/98

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

**RELIANCE SURETY COMPANY**                    **RELIANCE INSURANCE COMPANY**

**UNITED PACIFIC INSURANCE COMPANY**        **RELIANCE NATIONAL INDEMNITY COMPANY**

ADMINISTRATIVE OFFICE, PHILADELPHIA, PENNSYLVANIA

## POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that RELIANCE SURETY COMPANY is a corporation duly organized under the laws of the State of Delaware, and that RELIANCE INSURANCE COMPANY and UNITED PACIFIC INSURANCE COMPANY, are corporations duly organized under the laws of the Commonwealth of Pennsylvania and that RELIANCE NATIONAL INDEMNITY COMPANY is a corporation duly organized under the laws of the State of Wisconsin (herein collectively called "the Companies") and that the Companies by virtue of signature and seals do hereby make, constitute and appoint Anthony J. Romano, Eleanor Doudera, Thomas Bean, Fred Nicholson, Gerard S. Macneil, Rita Solestano, of Uniondale, New York their true and lawful Attorney(s)-in-Fact, to make, execute, seal and deliver for and on their behalf, and as their act and deed any and all bonds and undertakings of suretyship and to bind the Companies thereby as fully and to the same extent as if such bonds and undertakings and other writings obligatory in the nature thereof were signed by an Executive Officer of the Companies and sealed and attested by one other of such officers, and hereby ratifies and confirms all that their said Attorneys-in-Fact may do in pursuance thereof.

This Power of Attorney is granted under and by the authority of Article VII of the By-Laws of RELIANCE SURETY COMPANY, RELIANCE INSURANCE COMPANY, UNITED PACIFIC INSURANCE COMPANY, and RELIANCE NATIONAL INDEMNITY COMPANY which provisions are now in full force and effect, reading as follows:

ARTICLE VII - EXECUTION OF BONDS AND UNDERTAKINGS

1. The Board of Directors, the President, the Chairman of the Board, any Senior Vice President, any Vice President or Assistant Vice President or other officer designated by the Board of Directors shall have power and authority to (a) appoint Attorney(s)-in-Fact and to authorize them to execute on behalf of the Company bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof, and to (b) remove any such Attorney(s)-in-Fact at any time and revoke the power and authority given to them.

2. Attorney(s)-in-Fact shall have power and authority, subject to the terms and limitations of the Power of Attorney issued to them, to execute deliver on behalf of the Company bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof. The corporate seal is not necessary for the validity of any bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof.

3. Attorney(s)-in-Fact shall have power and authority to execute affidavits required to be attached to bonds, recognizances, contracts of indemnity or other conditional or obligatory undertakings and they shall also have power and authority to certify the financial statement of the Company and to copies of the By-Laws of the Company or any article of section thereof.

This Power of Attorney is signed and sealed by facsimile under and by authority of the following resolution adopted by the Executive and Financial Committees of the Boards of Directors of Reliance Insurance Company, United Pacific Insurance Company and Reliance National Indemnity Company by Unanimous Consent dated as of February 28, 1994 and by the Executive and Financial Committee of the Board of Directors of Reliance Surety Company by Unanimous Consent dated as of March 31, 1994.

"Resolved that the signature of such director and officers and the seal of the Company may be affixed to any such Power of Attorney or any certificate relating thereto by facsimile, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such Power so executed and certified by facsimile signature or facsimile seal shall be valid and binding upon the Company, in the future with respect to any bond or undertaking to which it is attached."

IN WITNESS WHEREOF, the Companies have caused these presents to be signed and their corporate seals to be hereto affixed this August 24, 1998.

RELIANCE SURETY COMPANY
RELIANCE INSURANCE COMPANY
UNITED PACIFIC INSURANCE COMPANY
RELIANCE NATIONAL INDEMNITY COMPANY

   

STATE OF Pennsylvania
COUNTY OF Philadelphia

On this, August 24, 1998, before me, Valencia Wortham, personally appeared David T. Akers, who acknowledged himself to be the Senior Vice President of the Reliance Surety Company, and the Vice President of Reliance Insurance Company, United Pacific Insurance Company, and Reliance National Indemnity Company and that as such, being authorized to do so, executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as its duly authorized officer.

In witness whereof, I hereunto set my hand and official seal.

Notarial Seal
Valencia Wortham, Notary Public
Philadelphia, Philadelphia County
My Commission Expires Nov. 18, 2000

Notary Public in and for the State of Pennsylvania
Residing at Philadelphia

I, Anita Zippert, Secretary of RELIANCE SURETY COMPANY, RELIANCE INSURANCE COMPANY, UNITED PACIFIC INSURANCE COMPANY and RELIANCE NATIONAL INDEMNITY COMPANY do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is still in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seals of said Companies this 1st day of September, 1998.

Secretary

      

THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

# EXHIBIT 2

# LABOR AND MATERIAL
## PAYMENT BOND



### DORMITORY AUTHORITY – STATE OF NEW YORK

**Main Office**
161 Delaware Avenue
Delmar, New York 12054
(518) 475-3000

**New York City Office**
One Penn Plaza, 52nd Floor
New York, New York 10119-0098
(212) 273-5000

(03/92)

09/19/01  WED 08:03 FAX 51   7 3103          DASNY 3rd Fl                    ☒003

# LABOR AND MATERIAL PAYMENT BOND

### KNOW ALL MEN BY THESE PRESENTS:

That  TRATAROS CONSTRUCTION, INC.

664 64th Street, Brooklyn, New York 11220

as Principal, hereinafter called CONTRACTOR; and

RELIANCE INSURANCE COMPANY

(Here insert the legal title of Surety)

6 Campus Drive, Parsippany, New Jersey  07054

(Address)

as Surety, hereinafter called Surety, are held and firmly bound unto the Dormitory Authority - State of New York, 515 Broadway, Albany, New York 12207, as Obligee, hereinafter called OWNER, in the amount of Twenty-four Million, One Hundred Forty Thousand and 00/100 Dollars ($24,140,000.00)

WHEREAS, CONTRACTOR has by written agreement dated August 27, 1998 entered into a Contract with OWNER for the General Construction #2, - Contract #16, Brooklyn, New York  11230, DA # 6500 1802 2178, JDE# 61506 in accordance with the Contract Documents and any changes thereto, which are made a part hereof, and are hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that if the CONTRACTOR shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise such obligation shall remain in full force and effect, subject, however, to the following conditions:

1.     A claimant is defined as one having a direct Contract with the CONTRACTOR or with a Subcontractor of the CONTRACTOR for labor, material, or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2.     The above named CONTRACTOR and Surety hereby jointly and severally agree with the OWNER that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were

1

09/19/01 WED 08:03 FAX 5       7 3103        DASNY 3rd Pl         ☑004

furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The OWNER shall not be liable for the payment of any costs or expenses of any such suit.

3.   No suit or action shall be commenced hereunder by any claimant:

   a.   Unless claimant, other than one having a direct contract with the CONTRACTOR, shall have given written notice to any two (2) of the following: 1) the CONTRACTOR, 2) the OWNER, or 3) the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the CONTRACTOR, OWNER, or Surety, at any place where an office is regularly maintained by said CONTRACTOR, OWNER, or Surety for the transaction of business, or served in any manner in which legal process may be served in the State in which the aforesaid project is located, save that such service need not be made by a public officer.

   b.   After the expiration of one (1) year following the date on which CONTRACTOR ceased work of said Contract, however, if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

   c.   Other than in a State court of competent jurisdiction in and for the county or other political subdivision of the State in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere.

4.   The penal sum of this Bond is in addition to any other Bond furnished by the CONTRACTOR and in no way shall be impaired or affected by any other Bond.

09/19/01 WED 08:04 FAX 5... 37 3103     DASNY 3rd Fl     @005



5.   The amount of this Bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of Mechanics' Liens which may be filed of record against said improvement, whether or not claim for the amount of such lien be presented under and against this Bond.

Signed this ___1st___ day of _____September_____ 1998.

IN THE PRESENCE OF:

TRATAROS CONSTRUCTION, INC.              RELIANCE INSURANCE COMPANY
(Contractor)                             (Surety)

_____                  _____
(Signature)                              (Signature)

GEORGE CURB, TREASURER                   ELEANOR DOUDERA, ATTORNEY-IN-FACT
(Title)                                  (Title)

   664 64th Street                          6 Campus Drive
(Address)                                (Address)

   Brooklyn, New York  11220               Parsippany, New Jersey  07054
(City, State, Zip)                       (City, State, Zip)

3

09/12/01  WED 08:04 FAX 8 ᵃ  57 3103                    DASNY 3rd Fl                                    Ⓐ008

## ACKNOWLEDGMENT OF CONTRACTOR, IF A CORPORATION

STATE OF _NEW YORK_ ) ss:
COUNTY OF _KING_ )

On the _4TH_ day of _SEPTEMBER_ in the year 19_98_ before me personally came _GEORGE CURIS_ to me known, who, being by me duly sworn, did depose and say that (s)he resides at _STATEN ISLAND NEW YORK_ _____, that (s)he is the _TREASURER_ of _TRATAROS CONSTRUCTION, INC._ the corporation described in and which executed the above instrument; and that (s)he signed her/his name thereto by order of the Board of Directors of said corporation.

DIMITRA ANDREOU
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01AN6003636
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES MARCH 9, 20 02

_____
Notary Public

## ACKNOWLEDGMENT OF CONTRACTOR, IF A PARTNERSHIP

STATE OF _____ )
COUNTY OF _____ ) ss:

On the _____ day of _____ in the year 19___, before me personally came _____ to me known and known to me to be a member of the firm ⌐ described in and who executed the foregoing instrument, and (s)he duly acknowledged to me that (s)he executed the same for and in behalf of said firm for the uses and purpose mentioned therein.

_____
Notary Public

## ACKNOWLEDGMENT OF CONTRACTOR, IF AN INDIVIDUAL

STATE OF _____ ) ss:
COUNTY OF _____ )

On the _____ day of _____ in the year 19_____, before me personally came _____ to me known and known to me to be the person described in and who executed the foregoing instrument and (s)he duly acknowledged that (s)he executed the same.

_____
Notary Public

4

09/11/01  WED 08:04 FAX 516 227 3103     DASNY 3rd Fl  @007

## ACKNOWLEDGMENT OF SURETY

STATE OF __NEW YORK__ )
COUNTY OF __NASSAU__ ) ss:

On the __1st__ day of __September__ in the year 19 98, before me personally
came __ELEANOR DOUDERA__ to me known, who, being by me duly sworn,
did depose and say that (s)he resides at __Suffolk County, NY__

_____ that (s)he is
the __Attorney-In-Fact__ of RELIANCE INSURANCE COMPANY, the corporation
described in and which executed the above instrument; and that (s)he signed her/his name
thereto by order of the Board of Directors of said corporation.

_Theresa J Foley_
Notary Public

THERESA J. FOLEY
Notary Public, State of New York
No. 01FO6043871
Qualified in Cattaraugus County
Commission Expires May 22, _1999_

5



# EXHIBIT 3

APR 05 2005 13:57 FR TRAVELERS BOND CLAIMS0 277 5722 TO 919735145959     P.02/05

TRAVELERS        Fax:17324949118        Jan 18 2002  15:10    P.02
NOV. 21. 2001 12:49PM    ON RISK SERVICES                 NO. 0992   P. 7/15

# TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
## HARTFORD CONNECTICUT

### GENERAL AGREEMENT OF INDEMNITY

This General Agreement of Indemnity ("Agreement") is entered into by the undersigned ("Indemnitor") and Travelers Casualty And Surety Company of America ("Company"), witnesseth:

WHEREAS, in the transaction of business, certain Bonds have heretofore been and may hereafter be required by, for, or on behalf of the Indemnitor or any one or more of the parties included in the designation Indemnitor. Application has been made and will hereafter be made to the Company to execute such Bonds. As a prerequisite to the execution of such Bonds, the Company requires complete indemnification.

NOW, THEREFORE, as an inducement to the Company and in consideration of the execution and delivery by the Company of one or more Bonds, and for other good and valuable consideration, the Indemnitors do, for themselves, their heirs, executors, administrators and assigns, jointly and severally agree with the Company as follows:

1. **Definitions:**  Bond  Any and all contractual obligations which have been or will be undertaken by the Company on behalf of or at the request of Indemnitor, including renewals and extensions.
**Company** Travelers Casualty And Surety Company of America, its affiliated companies, successors, assigns, parents and subsidiaries whether now existing or formed hereafter.
**Indemnitor** Any one, or combination of any or all of the entities or individuals set forth below.  Corporation Indemnitors are defined as the entity named below and their successors, assigns, subsidiaries, parents, affiliates, partnerships, joint ventures, or as co-venturer with others, whether now existing or formed hereafter.
**Contract** An agreement of the Indemnitor for which the Company executes a Bond, procures a Bond, or has guaranteed performance.
**Default** Any of the following shall constitute a Default: A declaration of Contract default by the obligee or entity for whom a Contract is performed; actual breach or abandonment of any Contract; a breach of any provision of this Agreement; failure to make payment of a properly due and owing bill in connection with any Contract; the establishment by the Company in good faith of a reserve; improper diversion of Contract funds or Indemnitor assets to the detriment of Contract obligations; Any Indemnitor becomes the subject of any proceeding or agreement of bankruptcy, receivership, insolvency, creditor assignment or actually becomes insolvent; Indemnitor dies, becomes legally incompetent, is imprisoned, is convicted of a felony, or disappears and cannot be located; any representation furnished to the Company by or on behalf of the Indemnitor proves to have been materially false or misleading when made

2. **Payment of Premium** The Indemnitor shall pay to the Company all premiums for every Bond executed and all renewals and extensions thereof, until the Company is discharged and fully released in writing from each such Bond.

3. **Indemnification and Hold Harmless**  The Indemnitor shall exonerate, indemnify and save the Company harmless from and against every claim, loss, damage, demand, liability, cost, charge, suit, judgment, attorney's fee, and expense which the Company incurs in consequence of having executed, or procured the execution of such Bonds.  Expense includes the cost of procuring or attempting to procure release from liability, or in bringing suit to enforce this Agreement against any Indemnitor.

4. **Claim Settlement** The Company shall have the right, in its sole discretion, to determine for itself and the Indemnitor whether any claim or suit brought against the Company or the Indemnitor upon any such Bond shall be paid, compromised, settled, defended or appealed, and its decision shall be binding and conclusive upon the Indemnitor.  An itemized statement thereof sworn to by an employee of the Company or a copy of the voucher of payment shall be prima facie evidence of the propriety and existence of Indemnitor's liability.  The Company shall be entitled to reimbursement for any and all payments made by it under the belief it was necessary or expedient to make such payments.

5. **Collateral Security** Indemnitor agrees to pay the Company, upon demand, an amount sufficient to discharge any claim or demand made against the Company on any Bond. Indemnitor further agrees to pay the Company, upon demand, an amount equal to the value of improperly diverted Indemnitor assets or Contract Funds. These sums may be used by the Company to pay such claim or be held by the Company as collateral security against any loss, claim, liability or unpaid premium on any Bond.  The Company shall have no duty to invest, or provide interest on the deposit.

6. **Remedies** In the event of a Default, Indemnitor assigns, conveys, and transfers to the Company all of the rights and interest growing in any manner out of the Contracts and assigns all right, title, and interest of all of Indemnitor's plant, tools, vehicles, machinery, equipment and materials, to be effective as of the date of such Contracts.  In addition, in the event of a Default, the Company shall have a right at its sole discretion to:

(A) Take possession of the work under any Contract and to complete said Contract, or cause, or consent, to the completion thereof ;

(B) Take possession of the Indemnitor's equipment, tools, machinery, vehicles, materials. office equipment, books, records, documents, and supplies at the site of the work or elsewhere and utilize them for the completion of the work under the Contracts without payment for such use;

S-5007 (11/97)                        Page 1 of 4

TAN 18 2002 15:12                               17324949118        PAGE.02

APR 05 2005 13:58 FR TRAVELERS BOND CLAIMS0 277 5722 TO 919735145959    P.03/05

TRAVELERS    Fax:17324949118    Jan 18 2002 15:10    P.05

NOV. 21. 2001 12:50PM   ON RISK SERVICES    NO. 0992  P. 8/15

...cter to prosec... any right or claim in the name of the Indemnitor and to settle any such right or claim as the Company sees fit;

(D) Execute in the name of the Indemnitor any instruments deemed necessary or desirable by the Company to: (a)provide the Company with title to assets, (b)take immediate possession of Contract funds whether earned or unearned, (c)collect such sums as may be due Indemnitor and to endorse in the name of the Indemnitor, and (d)collect on any negotiable instruments;

(B) Take possession of the Indemnitor's rights, title and interest in and to all Contracts, subcontracts let and insurance policies in connection therewith;

(F) Be subrogated to all the rights, remedies, properties, funds, securities and receivables of the Indemnitor on said Contract or any other contract of Indemnitor and have the right to offset losses on any Contract or Bond against proceeds, funds, or property due from another contract or Bond.

7.   Joint and Several Liability  The obligations of each Indemnitor hereunder are joint and several. The Company is authorized to settle with any one or more of the Indemnitors individually, and without reference to the others, and such settlement shall not bar or prejudice actions against or affect the liability of the others.

8.   Decline Execution  The Company has the right to refuse to provide any Bond, including final Bonds where the Company provided a bid bond, without incurring any liability whatsoever to Indemnitor.

9.   Trust Fund  All payments due, received for or on account of any Contract shall be held in trust as trust funds by Indemnitor for the benefit and payment of all obligations for which the Company as beneficiary may be liable under any Bond issued by the Company. Company may open a trust account or accounts with a bank for the deposit of the trust funds.  Upon demand, Indemnitor shall deposit therein all trust funds received.  Withdrawals from such trust accounts shall require the express consent of the Company.

10.   Books, Records and Credit  Indemnitor shall furnish, and the Company shall have the right to free access at reasonable times to all the books, records, documents, and accounts of Indemnitor for the purpose of examining and copying them. Indemnitor expressly authorizes Company access to its credit records for underwriting purposes as well as, upon the establishment of a reserve, debt collection

11.   Attorney in Fact  Indemnitor constitutes, appoints and designates the Company as their attorney in fact with the right, but not the obligation, to exercise all rights of the Indemnitor assigned or granted to the Company and to execute and deliver any other assignments or documents deemed necessary by the Company to exercise its rights under this Agreement in the name of the Indemnitor.

12.   Security Interest  As security, the Indemnitor hereby grants to Company a security interest in all of its equipment, machinery, vehicles, tools, and material, as well as sums due or to become due in connection with any contract.  This Agreement shall constitute a Security Agreement and a Financing Statement for the benefit of the Company in accordance with the Uniform Commercial Code and all similar statutes and may be filed by the Company without notice to perfect the security interest granted herein.  The Company may add schedules or other documents to this Agreement as necessary.  The security interests are effective as of the date of each Contract for that Contract.

13.   Termination  This is a continuing Agreement which remains in full force and effect until terminated. The sole method available to an Indemnitor to terminate its participation in this Agreement is by giving written notice to the Company of the Indemnitor's intent to terminate. The "Termination Date" shall be 30 days after the Company receives such notice. The obligation and liability of the particular Indemnitor giving such notice shall be limited to Bonds furnished before the Termination Date.

14.   Other Sureties  If the Company procures the execution of Bonds by other sureties, executes Bonds with cosureties or obtains reinsurance, the provisions of this Agreement inure to the benefit of such other surety, cosurety or reinsurer.

15.   Nature of Rights  If any provision or portion of this Agreement shall be unenforceable, this Agreement shall not be void, but shall be construed and enforced with the same effect as though such provision or portion were omitted  Assent or refusal to assent to changes in any Contract or Bond by the Company shall not affect the obligations of the Indemnitor to the Company. The Company's rights under this Agreement are in addition to all other rights of the Company however derived. The rights and remedies afforded to the Company by the terms of this Agreement can only be modified by a rider in writing to this Agreement signed by an authorized representative of the Company.  If any Indemnitor fails to execute or improperly executes this Agreement, such failure shall not affect the obligations of any Indemnitor. The failure to sign or the improper execution of a Bond shall not affect the Company's rights under this Agreement.

16.   Personal Guarantee  It is hereby agreed and understood that the personal guarantees of Costas and Joanne Trataros are for all past and future bonds written by either Reliance Insurance Company or Travelers Casualty and Surety Company of America or any and all of their respective affiliates.


WE HAVE READ THIS INDEMNITY AGREEMENT CAREFULLY. THERE ARE NO SEPARATE AGREEMENTS OR UNDERSTANDINGS WHICH IN ANY WAY LESSEN OUR OBLIGATIONS AS ABOVE SET FORTH.

IN TESTIMONY HEREOF, the Indemnitors have hereunto set their hands and fixed their seals this _20th_ day of _November_, in the year, 2001.

JAN 18 2002 15:10    17324949118    PAGE.03

APR 05 2005 13:58 FR TRAVELERS BOND CLAIMS0 277 5722 TO 919735145959    P.04/05

TRAVELERS                                                        NO. 0992   P. 9/15

NOV. 21. 2001 12:50PM    ON RISK SERVICES

2.  PRINT OR TYPE NAMES UNDER EACH SIGNATURE.
    EACH INDEMNITOR'S SIGNATURE MUST BE ACKNOWLEDGED BY A NOTARY WHO IS
    NOT AN EMPLOYEE OR FAMILY MEMBER OF AN INDEMNITOR.

3.  EACH PERSONAL INDEMNITOR MUST PROVIDE A RESIDENTIAL ADDRESS AND
    SOCIAL SECURITY NUMBER AND EACH CORPORATION INDEMNITOR MUST PROVIDE
    AN ADDRESS AND TELEPHONE NUMBER.

4.  CORPORATIONS MUST BE ATTESTED TO BY A DULY AUTHORIZED CORPORATE OFFICER.

## CORPORATION or PARTNERSHIP INDEMNITORS

Attest  _George Curtis, Treasurer_

By  _Trataros Construction, Inc._
Costas Trataros, President
666 64th Street
New York, NY 11220
718-833-6070

seal

Attest _____
print name
and title

By _____
print company name,
officer /partner's name,
title, phone # and
address

seal

Attest _____
print name
and title

By _____
print company name,
officer /partner's name,
title, phone # and
address

seal

Attest _____
print name
and title

By _____
print company name,
officer/partner's name,
title, phone # and
address

seal

Attest _____
print name
and title

By _____
print company name,
officer/partner's name,
title, phone # and
address

seal

## INDIVIDUAL INDEMNITORS (including sole proprietorships)

Attest _____
print name

By _____
Costas Trataros, Individually
ss #  _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_
address  _29 Milden Avenue, SI, NY 10301_
_(717)-876-7633_

Attest _____
print name

By _____
Joanne Trataros, Individually
ss # and  _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_
address  _29 milden Avenue, SI, NY 1030|_  _(717)- 876-7633_

Attest _____
print name

By _____
print name,
ss # and
address

Attest _____
print name

By _____
print name,
ss # and
address

Page 3 of 4

APR 05 2005 13:58 FR TRAVELERS BOND CLAIMS0 277 5722 TO 919735145959    P.05/05

TRAVELERS    Fax-17324949118    Jan 18 2002 15:11    P.00

NOV. 21. 2001, 12:50PM    ON RISK SERVICES    NO. 0992   P. 10/15

State of __NY__ County of __Kings__ On this __20__ day of __Nov__ in the year 2001, before me personally appeared Costas Trataros personally known or proven to me to be the person whose name is subscribed to the instrument herein and acknowledged to me all that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument.
Witness my hand and official seal

Signature _____    Seal

DIMITRA ANDREOU
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01AN6002638
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES MARCH 9, 20__

State of __NY__ County of __Kings__ On this __20__ day of ____ in the year ____, before me personally appeared Joanne Trataros personally known or proven to me to be the person whose name is subscribed to the instrument herein and acknowledged to me all that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument.
Witness my hand and official seal

Signature _____    Seal

DIMITRA ANDREOU
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01AN6002638
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES MARCH 9, 20__

State of _____, County of _____
_____, before me personally appeared _____ On this ____ day of ____ in the year ____ the person whose name is subscribed to the instrument herein and acknowledged to me all that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument.
Witness my hand and official seal

Signature _____    Seal

State of _____, County of _____
_____, before me personally appeared _____ On this ____ day of ____ in the year ____ the person whose name is subscribed to the instrument herein and acknowledged to me all that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument.
Witness my hand and official seal

Signature _____    Seal

State of _____, County of _____
_____, before me personally appeared _____ On this ____ day of ____ in the year ____ the person whose name is subscribed to the instrument herein and acknowledged to me all that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument.
Witness my hand and official seal

Signature _____    Seal

State of _____, County of _____
_____, before me personally appeared _____ On this ____ day of ____ in the year ____ the person whose name is subscribed to the instrument herein and acknowledged to me all that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument.
Witness my hand and official seal

Signature _____    Seal

State of _____, County of _____
_____, before me personally appeared _____ On this ____ day of ____ in the year ____ the person whose name is subscribed to the instrument herein and acknowledged to me all that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument.
Witness my hand and official seal

Signature _____    Seal

Page 4 of 4