UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  vs.<br><br>DORMITORY AUTHORITY - STATE OF NEW YORK, et al.<br><br>    Defendants. | Case No. 07-CV-6915 (DLC)<br>ECF CASE |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP.,<br><br>    Third-Party Plaintiffs,<br><br>  vs.<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>    Third-Party Defendant. | DECLARATION OF JOANNE M. BONACCI IN OPPOSITION TO UNITED STATES FIRE INSURANCE COMPANY'S MOTION TO DISMISS |
| TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>    Fourth-Party Plaintiffs,<br><br>  vs.<br><br>CAROLINA CASUALTY INSURANCE COMPANY, et al.<br><br>    Fourth-Party Defendants. | |

**JOANNE M. BONACCI, ESQ.**, of full age and under penalty of perjury, pursuant to 28 U.S.C. 1746 and Local Civil Rule 1.10, declares as follows:

1. I am a partner with the law firm of Dreifuss Bonacci & Parker, LLP, counsel for Plaintiff/Counterclaim Defendant/Fourth-Party Plaintiff, Travelers Casualty and Surety Company ("Travelers") and Third-Party Defendant/Fourth-Party Plaintiff, Trataros Construction, Inc. ("Trataros"). I submit this Declaration in opposition to the Motion to Dismiss the Fourth Party Complaint filed by United States Fire Insurance Company ("U.S. Fire").

2. As a result of Trataros' cessation of business operations more than a year before DASNY's original Third-Party Complaint was filed, and the fact that Travelers was not required to undertake any completion activities or otherwise interject itself into Trataros' day-to-day work in prosecuting Contract No. 15 and Contract No. 16, Travelers' investigation of DASNY's allegations required substantial time and effort. (See, Affidavit of John Scarpellino, Sr. ("Scarpellino Aff.") appended as Exhibit E to the Rogers Dec. submitted herewith.)

3. Travelers essentially had to start from the ground up in developing an understanding of not only the factual background regarding the project history, but also, a technical familiarity with issues relevant to the purported terrazzo flooring defects.

4. Shortly after service of DASNY's original Third-Party Complaint, Travelers undertook to investigate DASNY's allegations regarding the Flooring Claims. On or about August 18, 2004, Travelers contacted DASNY, to arrange for a walk-through of the Project in order to inspect the alleged problems with the terrazzo, and to take coring samples. By the end of August, 2004, Travelers was first able to take their initial coring samples.

5. On or about September 24, 2004, Travelers received from Crocetti copies of Crocetti's documents relating to the Project to further conduct its review of DASNY's allegations.

6. Over the course of October and November, 2004, Travelers continued its preliminary investigations regarding the Flooring Claims.

7. As a result of the preliminary investigations conducted by Travelers, on or about November 30, 2004, Trataros and Travelers filed their Fourth-Party Complaint in the Baer Proceedings, impleading a number of parties on a variety of legal theories, including products liability, breach of warranty, breach of contract, and surety law. Yet the consistent unifying

2

theme linking the disparate theories was that of contingent liability: should it come to pass that DASNY would recover upon its allegations against Trataros, any one or more of the fourth-party defendants may be liable to reimburse Trataros for DASNY's contingent recovery.

8.  Based upon reviews of Trataros' Project records, and documents obtained from DASNY and KPF in 2004, it became apparent that Trataros' proposal in connection with the floor leveling work contained exculpatory language, reciting that Trataros was [n]ot responsible for concrete delamination." Further, it was apparent that this proposal had been accepted by DASNY and TDX, and incorporated into the floor leveling change order. (See, Rogers Dec., Exhs. K & L.)

9.  Despite Travelers' and Trataros' good faith belief in non-liability for the alleged defects in the Project's epoxy terrazzo flooring, on or about December 2, 2004, the Honorable Harold Baer, U.S.D.J. entered a Pre-Trial Scheduling Order setting a February 17, 2005 deadline for impleader of additional parties. (See, id., Exh. H.)

10. With the impleader deadline only a short time away, and in order to protect their contingent rights of recovery against potentially liable parties, Travelers and Trataros proceeded to prepare the Amended Fourth-Party Complaint asserting claims against the insurers with the best information that counsel had at the time. As with the original Fourth-Party Complaint, Travelers' and Trataros' allegations against the insurers are fundamentally concerned with the insurers' contingent liability including latent defects.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: Florham Park, New Jersey
      March 10, 2008

 

_____/S/_____
JoAnne M. Bonacci, Esq. (Admitted *Pro Hac Vice*)