UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRAVELERS CASUALTY AND SURETY COMPANY
as Administrator for RELIANCE INSURANCE         07 Civ. 6915 (DLC)
COMPANY,                                        ECF CASE
                    Plaintiff,

        -against-
                                                **DECLARATION OF
DORMITORY AUTHORITY – STATE OF NEW YORK,        TERRENCE J.
TDX CONSTRUCTION CORP. and KOHN PEDERSEN        O'CONNOR IN
FOX ASSOCIATES, P.C.                            SUPPORT OF MOTION
                                                TO DISQUALIFY**

                    Defendants.
------------------------------------------------------------------------X
DORMITORY AUTHORITY OF THE STATE OF NEW
YORK and TDX CONSTRUCTION CORP.,

                    Third Party Plaintiffs,

        -against-

TRATAROS CONSTRUCTION, INC.

                    Third Party Defendant.
------------------------------------------------------------------------X
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

                    Fourth Party Plaintiffs,

        -against-

CAROLINA CASUALTY INSURANCE COMPANY, et al,

                    Fourth Party Defendants.
------------------------------------------------------------------------X
KOHN PEDERSEN FOX ASSOCIATES, P.C.,

                    Third Party Plaintiff,

        -against-

WEIDLINGER ASSOCIATES CONSULTING
ENGINEERS, P.C., et al.,

                    Third Party Defendants.
------------------------------------------------------------------------X

I, Terrence J. O'Connor, of full age, under penalty of perjury pursuant to 28 USC 1746, and Local Civil Rule 1.10, declare that the following is true:

1.  I am Of Counsel to the firm of Kalb & Rosenfeld P.C., attorneys for Third Party Defendant Jordan Panel Systems Corp. ("Jordan") and I am fully familiar with the facts and circumstances set forth herein.

2.  This action arises out of a public improvement project, consisting of the construction of a high rise campus building for Baruch College, in Manhattan ("The Project"). The Plaintiff, Travelers Casualty and Surety Company is subrogated to the rights of the Project's contractor for general construction, Trataros Construction Inc. ("Trataros"). Summarized simply, in addition to seeking the balance owed under the construction contract, the Plaintiff seeks financial recovery against three defendants - the Project owner, the architect and the construction manager, for delays and impediments it encountered in performing the work. These claims include breach of contract against DASNY, and as against all three Defendants, various claims for negligence, and/or professional malpractice. It is alleged that defects and omissions in the design documents furnished by KPF caused extensive construction delays and impacts (Compt. Par. 31-33, 36; 44-45). As against DASNY and TDX it is alleged that they "failed to adequately coordinate, control and/or manage construction" (Compt., Par. 34); that they "impacted the Project by providing insufficient supervision and inspection of installed work, inadequate construction scheduling and dilatory resolution of issues of design/engineering" (Compt., Par. 35). It is further alleged against DASNY and TDX that they provided "inadequate coordination of the various co-prime contractors, late and contradictory decision-making" (Compt. Par. 48). A true copy of the Complaint is annexed hereto as Exhibit "A".

3. A true copy of the joint Answer of "the owner", Defendant Dormitory Authority of the State of New York ("DASNY") and the construction manager, TDX Construction Corp. ("TDX"), is annexed hereto as Exhibit "B".

4. A true copy of the answer of the Project architect, Defendant Kohn Pedersen Fox Associates, P.C. ("KPF"), with cross claims against KPF, is annexed hereto as Exhibit "C".

5. True copies of TDX's Construction Management Services Contract for the "Construction Phase" with DASNY, and its "General Conditions" contract with DASNY (obtained through earlier discovery), are annexed hereto as Exhibit "D" and Exhibit "E", respectively.

6. A copy of TDX's answer to the original Complaint, which asserts claims against DASNY for contribution and indemnity, is annexed hereto as Exhibit "F".

7. There were actually three (3) construction management contracts issued to TDX for this Project. The first contract, dated "9/20/96" was for the "design phase". The second contract issued to TDX and dated "4.24.97" was for the "construction phase" (Ex. "D" hereto). The third contract with TDX is dated "12/1/97" and was for "General Conditions Work Phase" (Ex. "F" hereto). The written construction management contracts contain no requirement of errors and omissions insurance, or any form of security to be provided by TDX to DASNY. Although there is a standard indemnity clause in DASNY's favor, it is specifically limited to claims of personal injury, wrongful death and property damage. (See, Ex. D, pg. 9, Art. XII, "Hold Harmless"). So, for the economic claims at issue in this case, there is absolutely no contractual obligation for either TDX or DASNY to indemnify the other.

8. The Construction Management Agreement is very clear that TDX provided its services to DASNY as an independent contractor: "The relationship created by this Agreement

between the OWNER and CONSTRUCTION MANAGER is one of independent CONSTRUCTION MANAGER and it is in no way to be construed as creating any agency relationship between the OWNER and CONSTRUCTION MANAGER, nor is it to be construed as, in any way or under any circumstances, creating or appointing the CONSTRUCTION MANAGER as an agent of the OWNER for any purpose whatsoever". (Ex. D, Pg. D6, Par. "15").

      9.      DASNY's reliance on TDX for the coordination and efficiency of the work is established at pg. B6, paragraph 9 of the General Conditions contract (Ex. E):

> The CONSTRUCTION MANAGER shall and will, in good workmanlike manner, furnish all supplies and materials, machinery, equipment, facilities and means, except as herein otherwise expressly specified, necessary or proper to perform and complete all Work required by this Contract within the provisions of this Contract and specifications and in accordance with the plans and drawings of the Work covered by this Contract and any and all supplemental plans and drawings and in accordance with the direction of the OWNER as given from time to time during the progress of the Work.
>
> He shall furnish, erect, maintain, and remove such construction Plant and such temporary works as may be required. **He alone shall be responsible for** the safety, **efficiency** and adequacy of his plant, appliances **and methods, and for damage which may result from their failure or their improper construction, maintenance, or operation.** The CONSTRUCTION MANAGER shall observe, comply with, and be subject to all terms, conditions, requirements and limitations of this Contract and specifications, and shall do, carry on, and complete the entire Work to the satisfaction of the OWNER.

Exhibit E, Pg. B6, (emphasis added). In addition, the Construction Phase contract provides that TDX "shall perform" the following:

      7.      <u>Progressing The Work</u>

            a.      Expedite and coordinate the work of all Prime Contractors.

   b. Expedite and coordinate the progress of Architects and other Consultants.

   c. Determine the cause of and responsibility for any delays. Recommend appropriate remedial action.

   d. Be cognizant of potential delays and direct the Prime Contractor(s) to take the necessary measures to eliminate circumstances which may lead to a delay.

Exhibit D, Pg. A3 (emphasis in original).

10. A more complete description of TDX's construction management services, including the duty to control, coordinate and expedite construction work, is set forth at pages A1 to A2 of Exhibit E.

11. Upon information and belief (based upon previous document discovery), the dollar value of TDX's original contract for the Design Phase was increased from the base amount of $642,042.00 to $1,432,128.00. The value of TDX's Construction Phase contract was, upon information and belief, increased from a base of $5,932,250.00 to $12,438,932.00. TDX's third contract, for General Conditions work, was, upon information and belief, increased from the original base of $14,536,900 to $23,821,551. Thus, upon information and belief, as delays and impediments were encountered on this Project (amid contemporaneous accusations of mismanagement and delays caused by TDX), TDX's no-bid original contract amounts, totaling $21,111,192.00 were increased by a factor of 1.8 (almost doubled) to $37,692,611.

12. In the original litigation of this matter, prior to Holland & Knight undertaking the joint representation of DASNY and TDX, TDX, through its counsel Mazur Carp & Rubin, served an independent answer, recognizing the adverse relationship between TDX and DASNY, and which asserted cross claims against DASNY for contribution and indemnification. (See Ex.

"F", par. 68– 69 and 82). However, before dismissal of the previous action, Holland & Knight entered an appearance as "co-counsel" for TDX.  Upon information and belief, TDX's cross claims against DASNY in the previous proceedings were dismissed only when that action was dismissed without prejudice in its entirety, following the filing of the Stipulation of Dismissal Without Prejudice therein.  It was only at the outset of the present action that TDX's former, independent counsel completely "dropped out" of the matter, with Holland & Knight appearing as sole counsel for both parties and thus precluding the possibility of cross claims between one another.

13.    Upon inquiry to DASNY's counsel, I have been previously advised that there is no liability sharing agreement in effect between TDX and DASNY and that there is no indemnity agreement applicable to the claims at issue in this case. I was further advised that both TDX and DASNY purportedly "waived" the conflict of interest inherent in having one law firm represent both of those parties in this case.

14.    It is respectfully submitted, that for the reasons set forth in the accompanying Memorandum of Law, when it entered upon the joint representation of both the public owner and an independent construction manager, in a case where that public owner is being sued **because of** the construction manager's alleged negligence and mismanagement, the firm of Holland & Knight undertook an irreconcilable and unwaivable conflict of interest pursuant to which it should be disqualified from representing either of those defendants in this case.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: Bronx, New York
      March 12, 2008

                                                                       /s/ Terrence J. O'Connor, Esq.
                                                                     Terrence J. O'Connor (TJO 1549)