**EXHIBIT "C"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

TRAVELERS CASUALTY AND SURETY COMPANY
as Administrator for RELIANCE INSURANCE
COMPANY,

                                       Plaintiff,

                   -against-

DORMITORY AUTHORITY - STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN PEDERSEN
FOX ASSOCIATES, P.C.,

                                 Defendants.

------------------------------------------------------------- X

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK and TDX CONSTRUCTION CORP.,

                          Third-Party Plaintiffs,

                   -against-

TRATAROS CONSTRUCTION, INC.,

                          Third-Party Defendant.

------------------------------------------------------------- X

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

                          Fourth-Party Plaintiffs,

                   -against-

CAROLINA CASUALTY INSURANCE COMPANY, *et
al.*,

                          Fourth-Party Defendants.

------------------------------------------------------------- X

07 Civ. 6915 (DLC)
ECF CASE

**DEFENDANT KOHN
PEDERSEN FOX
ASSOCIATES, P.C.'S
AMENDED ANSWER TO
THE COMPLAINT
AND CROSS-CLAIMS**

**Electronically Filed**

```
------------------------------------------------------------------ X
KOHN PEDERSEN FOX ASSOCIATES, P.C.,
                                                      :
                   Third-Party Plaintiff,
                                                      :
              -against-
                                                      :
WEIDLINGER ASSOCIATES CONSULTING
ENGINEERS, P.C., CASTRO-BLANCO PISCIONERI             :
AND ASSOCIATES, ARCHITECTS, P.C.,
ARQUITECTONICA NEW YORK, P.C., COSENTINI              :
ASSOCIATES, INC., CERMAK, PETERKA PETERSEN,
INC. JORDAN PANEL SYSTEMS CORP., TRATAROS             :
CONSTRUCTION, INC. and LBL SKYSYSTEMS
(U.S.A.), INC.,                                       :

                   Third-Party Defendants.            :
------------------------------------------------------------------ X
```

Defendant Kohn Pedersen Fox Associates, P.C. ("KPF"), by its attorneys, Zetlin & De Chiara, LLP, as and for its Amended Answer to the Complaint of Plaintiff Travelers Casualty and Surety Company ("Travelers") with Cross-Claims, respectfully alleges and says as follows:

<u>**ANSWER AS TO JURISDICTION AND VENUE**</u>

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.    Admits, upon information and belief, the allegations contained in Paragraph 3 of the Complaint.

4.    Admits, upon information and belief, the allegations contained in Paragraph 4 of the Complaint.

5.    Admits the allegations contained in Paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      With respect to the allegations contained in paragraph 7 of the Complaint, such allegations state a legal conclusion as to which no answer is required. To the extent that paragraph 7 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

8.      With respect to the allegations contained in paragraph 8 of the Complaint, such allegations state a legal conclusion as to which no answer is required. To the extent that paragraph 8 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

## ANSWER AS TO ALLEGATIONS COMMON TO ALL COUNTS

9.      Admits, upon information and belief, the allegations contained in Paragraph 9 of the Complaint.

10.     Admits, upon information and belief, the allegations contained in paragraph 10 of the Complaint.

11.     Admits, upon information and belief, the allegations contained in paragraph 11 of the Complaint.

12.     Admits, upon information and belief, the allegations contained in paragraph 12 of the Complaint.

13.     Admits the allegations set forth in paragraph 13 of the Complaint, and respectfully refers the Court to agreement number 650018023145, dated September 14, 1995 between The Dormitory Authority of the State of New York ("DASNY"), acting on behalf of the City University of New York, and KPF for the terms and conditions thereof.

3

14.     Admits, upon information and belief, the allegations contained in paragraph 14 of the Complaint.

15.     With respect to so much of the allegations contained in paragraph 15 of the Complaint as state a legal conclusion, states that no answer is required. To the extent that paragraph 14 alleges or alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

16.     Admits, upon information and belief, the allegations contained in paragraph 16 of the Complaint, except denies knowledge or information sufficient to form a beliefe as to the truth of the allegations concerning the basis upon which DASNY awarded contracts to Trataros Construction, Inc. ("Trataros").

17.     Admits, upon information and belief, the allegations contained in paragraph 17 of the Complaint.

18.     Admits, upon information and belief, the allegations contained in paragraph 18 of the Complaint.

19.     Admits, upon information and belief, the allegations contained in paragraph 19 of the Complaint.

20.     Admits, upon information and belief, the allegations contained in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

4

23.    With respect to so much of the allegations contained in paragraph 23 of the Complaint as state a legal conclusion, states that no answer is required. To the extent that paragraph 23 alleges or alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.    Admits the allegations contained in paragraph 25 of the Complaint.

26.    Admits, upon information and belief, the allegations contained in paragraph 26 of the Complaint.

27.    Admits, upon information and belief, the allegations contained in paragraph 27 of the Complaint.

28.    Admits, upon information and belief, the allegations contained in paragraph 28 of the Complaint.

29.    Admits, upon information and belief, the allegations contained in paragraph 29 of the Complaint.

30.    Admits so much of paragraph 30 of the Complaint as alleges that the design and related documents were prepared on a fast-tracked basis and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.    Denies the allegations contained in paragraph 31 of the Complaint.

32.    Denies the allegations contained in paragraph 32 of the Complaint.

33.    Denies the allegations contained in paragraph 33 of the Complaint.

34.    Denies the allegations contained in paragraph 34 of the Complaint and specifically denies that KPF has any responsibility for or in connection with the coordination, control or management of construction of the Project.

35.    With respect to the allegations contained in paragraph 35 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

36.    With respect to the allegations contained in paragraph 36 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

37.    With respect to the allegations contained in paragraph 37 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the extent that paragraph 37 alleges facts, KPF denies them.

38.    Admits, upon information and belief, the allegations contained in paragraph 38 of the Complaint.

39.    Admits, upon information and belief, the allegations contained in paragraph 39 of the Complaint.

40.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41.    With respect to the allegations contained in paragraph 41 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

42.    Admits the allegations contained in paragraph 42 of the Complaint.

43.     With respect to the allegations contained in paragraph 43 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

44.     With respect to the allegations contained in paragraph 44 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

45.     Denies the allegations contained in paragraph 45 of the Complaint.

46.     With respect to the allegations contained in paragraph 46 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

47.     With respect to the allegations contained in paragraph 47 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

48.     With respect to the allegations contained in paragraph 48 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

## ANSWER AS TO THE FIRST COUNT
### (Breach of Contract)

49.     KPF repeats and realleges each of its answers to the allegations contained in Paragraphs 1 through 48 of the Complaint as though set forth fully herein.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 51 of the Complaint, except admits, upon information and belief, that the subject building has been open, occupied and utilized for several years.

52.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54.    With respect to the allegations contained in paragraph 54 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the extent that paragraph 54 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

55.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

### ANSWER AS TO THE SECOND COUNT
### (Impact Claim of Trataros)

56.    KPF repeats and realleges each of its answers to the allegations contained in Paragraphs 1 through 55 of the Complaint as though set forth fully herein.

57.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58.    With respect to the allegations contained in paragraph 58 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

59.    With respect to the allegations contained in paragraph 59 of the Complaint, denies them to the extent they are asserted with respect to KPF and denies knowledge or information sufficient to form a belief as to their truth with respect to any other party.

8

60.    With respect to the allegations contained in paragraph 60 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the extent that paragraph 60 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.Denies knowledge or information sufficient to form a belief as to the truth

61.    Denies the allegations contained in paragraph 61 of the Complaint.

62.    Denies the allegations contained in paragraph 62 of the Complaint.

63.    With respect to the allegations contained in paragraph 63 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the extent that paragraph 63 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

64.    With respect to the allegations contained in paragraph 64 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the extent that paragraph 64 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

65.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.

66.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67.    Denies the allegations contained in paragraph 67 of the Complaint.

### ANSWER AS TO THE THIRD COUNT
#### (Pass Through Claims)

68.    KPF repeats and realleges each of its answers to the allegations contained in Paragraphs 1 through 67 of the Complaint as though set forth fully herein.

69.    Denies knowledge or information sufficient to form a belief as to the truth

9

of the allegations contained in Paragraph 69 of the Complaint.

70.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.    With respect to the allegations contained in paragraph 72 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the extent that paragraph 72 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth, except specifically denies that any action or inaction by or attributable to KPF caused any damages for which DASNY or any other party is liable to Travelers, Trataros or any of Trataros' subcontractors.

73.    With respect to the allegations contained in paragraph 73 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the extent that paragraph 73 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth, except specifically denies that any action or inaction by or attributable to KPF caused any damages for which DASNY or any other party is liable to Travelers, Trataros or any of Trataros' subcontractors.

74.    With respect to the allegations contained in paragraph 74 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the extent that paragraph 74 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

75.    With respect to the allegations contained in paragraph 75 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the

extent that paragraph 75 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

76.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

## ANSWER AS TO THE FOURTH COUNT

77.    KPF repeats and realleges each of its answers to the allegations contained in Paragraphs 1 through 76 of the Complaint as though set forth fully herein.

78.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint, except specifically denies that Travelers incurred any loss attributable, in whole or in part, to any actionable conduct or omission by or attributable to KPF.

79.    With respect to the allegations contained in paragraph 79 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the extent that paragraph 79 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

## ANSWER AS TO THE FIFTH COUNT

80.    KPF repeats and realleges each of its answers to the allegations contained in Paragraphs 1 through 79 of the Complaint as though set forth fully herein.

81.    Admits the allegations contained in Paragraph 81 of the Complaint.

82.    Admits the allegations contained in paragraph 82 of the Complaint.

83.    With respect to the allegations contained in paragraph 83 of the Complaint, such allegations state a legal conclusion as to which no answer is required.  To the extent that paragraph 83 alleges facts, KPF admits them upon information and belief.

84.   With respect to the allegations contained in paragraph 84 of the Complaint, such allegations state a legal conclusion as to which no answer is required. To the extent that paragraph 84 alleges facts, KPF admits them upon information and belief.

85.   With respect to the allegations contained in paragraph 85 of the Complaint, such allegations state a legal conclusion as to which no answer is required. To the extent that paragraph 85 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

86.   With respect to the allegations contained in paragraph 86 of the Complaint, such allegations state a legal conclusion as to which no answer is required. To the extent that paragraph 86 alleges facts, KPF denies knowledge or information sufficient to form a belief as to their truth.

### ANSWER AS TO THE SIXTH COUNT

87.   KPF repeats and realleges each of its answers to the allegations contained in Paragraphs 1 through 86 of the Complaint as though set forth fully herein.

88.   Admits so much of paragraph 88 of the Complaint as alleges that DASNY engaged KPF to perform architectural services for the Project, and respectfully refers the Court to agreement number 650018023145, dated September 14, 1995 between DASNY, acting on behalf of the City University of New York, and KPF for the terms and conditions thereof.

89.   Denies each and every allegation contained in Paragraph 89 of the Complaint and affirmatively alleges that KPF made substantial efforts to mitigate the impact of problems caused by Trataros and its subcontractors' failure to timely or properly perform their services.

12

90.    Denies each and every allegation contained in Paragraph 90 of the Complaint.

91.    Denies each and every allegation contained in Paragraph 91 of the Complaint.

92.    Denies each and every allegation contained in Paragraph 92 of the Complaint.

93.    Denies each and every allegation contained in Paragraph 93 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

94.    The Court lacks subject matter jurisdiction over this controversy.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

95.    The Complaint fails to state a cause of action against KPF upon which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

96.    The Complaint against KPF is barred by Plaintiff's and/or its subrogor's or assignor's contributory negligence.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

97.    Some or all of Plaintiff's claims against KPF are barred by the applicable Statute of Limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

98.    Plaintiff's claims against KPF are barred by waiver, payment and release.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

99.    Plaintiff is estopped from bringing the cause of action set forth against KPF in the Complaint.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

100.    Whatever damages Plaintiff may have sustained as alleged in the Complaint against KPF, all of which is denied by KPF, were caused in whole or in part by the culpable conduct of the Plaintiff and/or its subrogor or its assignor.  The amount of damages recovered, if any, shall therefore be diminished in the proportion which the culpable conduct, attributable to Plaintiff, bears to the culpable conduct which caused these alleged damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

101.    The damages alleged in the Complaint against KPF were caused by the culpable conduct of some third person or persons over whom KPF neither had nor exercised control.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

102.    The claims alleged in the Complaint against KPF are barred by the doctrines of waiver and/or laches.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

103.    Plaintiff's claims are barred because Plaintiff, its subrogor and its assignor lack privity with KPF or the functional equivalent thereof.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

104.    Jurisdiction in this Court is improper due to the existence of prior pending actions.

14

## CROSS-CLAIMS OF KPF AGAINST DASNY AND TDX

(Parties, Jurisdiction and Venue)

1.      At all times hereinafter mentioned, KPF was, and still is, a New York professional corporation duly licensed to practice architecture in the State of New York, and having its principal place of business located at 111 West 57th Street, New York, New York.

2.      Upon information and belief, DASNY is a public benefit corporation organized and existing under and by virtue of the New York Public Authorities Law, and has a principal place of business located at 515 Broadway, Albany, New York.

3.      Upon information and belief, Defendant TDX is a corporation organized and existing under and by virtue of the laws of the State of New York and has a principal place of business located at 345 Seventh Avenue, New York, New York.

4.      This Court has jurisdiction over the cross-claims asserted herein pursuant to 28 U.S.C. § 1376(a).

5.      This District is the proper venue for the cross-claims asserted herein pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the acts, omissions and events upon which they are based took place within this District.

## FACTS COMMON TO THE CROSS-CLAIMS

6.      By agreement number 650018023145, dated September 14, 1995 (the "Agreement"), DASNY, acting on behalf of the City University of New York ("CUNY"), retained KPF to provide architectural services in connection with the construction of Baruch College – Site "B", which was to consist of an approximately 700,000 gross square foot building intended to house classrooms, a theater, lecture halls, and other educational facilities (the "Project").

15

7.     In early 1999, during the schematic design phase, DASNY converted the Project schedule to a "fast-track" schedule.  DASNY made such decision despite KPF's warning that converting to a "fast-track" schedule could result in greater Project costs if, *inter alia*, DASNY entered into contracts for portions of the Project before the Project's design was completed.

8.     DASNY retained TDX as its construction manger and representative for the Project.

9.     Upon information and belief, before TDX's involvement with the Project, it had only limited experience in the construction of high-rise facilities and even less experience managing such projects on a fast-track basis under the conditions that were required for the Project.

10.     Almost from the beginning, the contractors, who, upon information and belief, TDX was required to supervise to ensure that they performed services both properly and timely, failed to comply with TDX's schedules.

11.     The contractors' failure to complete work timely was compounded by TDX's failure to prepare schedules that accurately reflected the actual status of construction or realistically reflected work that could be accomplished going forward.

12.     Upon information and belief, TDX also failed to comprehend and correctly and timely apply the construction documents and specifications.

13.     As a result, TDX's own decision-making caused and/or contributed to numerous errors, omissions and delays in the construction of the Project.  However, rather than acknowledge its own errors, or those of the contractors whose performance TDX was required to oversee, TDX instead sought to deflect blame by wrongly backing contractor's incorrect

16

interpretations of construction documents and otherwise blaming members of the Project's design team for errors that emanated from the contractors and from TDX itself.

14.    In several instances, TDX even recommended that DASNY pay substantial change orders to contractors for performing work that was explicitly required by their contracts.

### THE LITIGATION

15.    On or about August 1, 2007, Travelers filed a Summons and Complaint (the "Complaint"). Travelers alleged in its Complaint that it was the administrator of Reliance Insurance Company ("Reliance"), which had issued performance and payment bonds on behalf of Trataros, which was one of DASNY's numerous prime contractors on the Project and, as such, that Travelers had a right to assert claims for monies allegedly due and owing to Trataros and various of Trataros' sub-contractors on the Project.

16.    In its Complaint, Travelers asserted claims against DASNY for breach of contract, impact claims and pass through claims as it relates to the Project. Travelers also asserted negligence claims against KPF and TDX.

17.    During the months that have passed since Travelers commenced its action against DASNY, TDX and KPF, the litigation has expanded to include numerous other contractors, sureties and design professionals who performed work in connection with the Project.

18.    At least two third-party complaints, a fourth-party complaint and numerous counterclaims and cross-claims have been asserted by the parties against one another.

19.    DASNY, in its answer to Travelers' Complaint, asserted multiple cross-claims against KPF.

20.    DASNY's cross-claims against KPF seek, in addition to indemnification and/or contribution, damages in excess of $40 million premised upon alleged design errors, omissions and delays.

21.    Travelers and Trataros have also asserted cross-claims against KPF for indemnification, contribution and exoneration.

22.    Several fourth-party defendants have also asserted cross-claims against KPF.

## AS AND FOR A FIRST CROSS-CLAIM

### (Against DASNY for Contractual Indemnification)

23.    KPF hereby repeats and realleges the allegations set forth in paragraphs 1 through 22, inclusive, as though fully set forth herein.

24.    Article XI of the Agreement provides, in pertinent part, that if an action is commenced in which it is alleged that KPF was negligent, and in which DASNY or certain other entities or individuals is found to be at least partially responsible, "[DASNY] agrees to pay [KPF] the percentage of defense costs which [KPF] incurred based upon an apportionment of [DASNY's] allocated responsibility."

25.    Travelers' Complaint asserts claims based upon alleged negligent acts or omissions by KPF.  DASNY, Trataros, Travelers and Crocetti have also asserted cross-claims alleging negligent acts and omissions by KPF.

26.    Upon information and belief, DASNY and its agents are responsible for all or a portion of the damages claimed against KPF by Travelers and the various cross-claimants.

27.    By virtue of the foregoing, in the event that DASNY is found liable, in whole or in part, for such damages, KPF is entitled to a judgment against DASNY in the amount

of the costs and expenses, including attorneys' fees, incurred by KPF in defending the alleged negligence claims against it, in proportion to the percentage of liability allocated to DASNY.

## AS AND FOR A SECOND CROSS-CLAIM

### (Against DASNY for Common Law Indemnification)

28.     KPF hereby repeats and realleges the allegations set forth in paragraphs 1 through 27, inclusive, as though fully set forth herein.

29.     Upon information and belief, DASNY negligently and/or recklessly performed its responsibilities in connection with the Project, including but not limited to failing to timely respond to requests made by contractors and design professionals for information and decisions.

30.     Upon information and belief, DASNY's negligent performance of its responsibilities on the Project caused or contributed to the damages alleged to have been incurred in connection with the Project.

31.     Travelers, Trataros, DASNY and Crocetti have each asserted or purported to assert claims against KPF arising from the Project.

32.     If any damages are awarded against KPF, such damages were, upon information and belief, actually caused by reason of DASNY's negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct.

33.     In the event that Travelers, Trataros and/or Crocetti recovers a judgment against KPF in this litigation, or KPF otherwise becomes obligated to pay claims to any of them arising from or in connection with the Project, such liability, by operation of law or otherwise, will have been caused by DASNY's negligence, carelessness, breach of contract, obligation, warranty and/or culpable conduct, and will not have been caused by any negligence,

carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

34.     In the event that any other party recovers a judgment against KPF, or KPF otherwise becomes obligated to pay claims to a third party arising from or in connection with the Project, such liability, by operation of law or otherwise, will have been caused by DASNY's negligence, carelessness, breach of contract, obligation, warranty and/or culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

35.     By reason of the foregoing, KPF is entitled to indemnification from, and to have judgment over and against, DASNY in the amount of any verdict or judgment that is recovered against KPF, together with interest, attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CROSS-CLAIM

### (Against DASNY for Contribution)

36.     KPF hereby repeats and realleges the allegations set forth in paragraphs 1 through 35, inclusive, as though fully set forth herein.

37.     Upon information and belief, DASNY negligently and/or recklessly performed its responsibilities in connection with the Project, including but not limited to failing to timely respond to requests made by contractors and design professionals for information and decisions.

38.     Upon information and belief, DASNY's negligent performance of its responsibilities on the Project caused or contributed to the damages alleged to have been incurred in connection with the Project.

20

39.     Travelers, Trataros, DASNY and Crocetti have each asserted or purported to assert claims against KPF arising from the Project.

40.     Upon information and belief, the claims asserted against KPF by Travelers, Trataros and Crocetti arise, in whole or in part, from DASNY's negligent acts and omissions.

41.     In the event that Travelers, Trataros and/or Crocetti recovers a judgment against KPF in this litigation, or KPF otherwise becomes obligated to pay claims to any of them arising from or in connection with the Project, such liability, by operation of law or otherwise, will have been caused by DASNY's negligence, carelessness, breach of contract, obligation, warranty and/or culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

42.     In the event that any other party recovers a judgment against KPF, or KPF otherwise becomes obligated to pay claims to a third party arising from or in connection with the Project, such liability, by operation of law or otherwise, will have been caused by DASNY's negligence, carelessness, breach of contract, obligation, warranty and/or culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

43.     Pursuant to Article 14 of the New York Civil Practice Law and Rules, KPF is therefore entitled to recover damages in the amount of any judgment recovered by Travelers, Trataros, Crocetti and/or any other third party as determined in accordance with the parties' relative culpability, and KPF is entitled to have judgment over and against DASNY in

such amount as KPF may be required to pay over and above KPF's equitable share, together with interest, attorneys' fees and the costs and disbursements of this action.

## AS AND FOR A FOURTH CROSS-CLAIM

### (Against TDX for Common Law Indemnification)

44.    KPF hereby repeats and realleges the allegations set forth in paragraphs 1 through 43, inclusive, as though fully set forth herein.

45.    Upon information and belief, TDX negligently and/or recklessly performed its responsibilities in connection with the Project, including but not limited to failing to properly coordinate the work of contractors on the Project, failing to timely respond to requests made by contractors and design professionals for information and decisions and otherwise acting in a manner that exacerbated, rather than resolved, disputes concerning the work to be performed.

46.    TDX's negligent performance of its responsibilities on the Project caused or contributed to the damages alleged to have been incurred in connection with the Project.

47.    Travelers, Trataros, DASNY and Crocetti have each asserted or purported to assert claims against KPF arising from the Project.

48.    If any damages are awarded against KPF, such damages were, upon information and belief, actually caused by reason of TDX's negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct.

49.    In the event that Travelers, Trataros, DASNY and/or Crocetti recovers a judgment against KPF in this litigation, or KPF otherwise becomes obligated to pay claims to any of them arising from or in connection with the Project, such liability, by operation of law or otherwise, will have been caused by TDX's negligence, carelessness, breach of contract,

22

obligation, warranty and/or culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

50.     In the event that any other party recovers a judgment against KPF, or KPF otherwise becomes obligated to pay claims to a third party arising from or in connection with the Project, such liability, by operation of law or otherwise, will have been caused by TDX's negligence, carelessness, breach of contract, obligation, warranty and/or culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

51.     By reason of the foregoing, KPF is entitled to indemnification from, and to have judgment over and against, TDX in the amount of any verdict or judgment that is recovered against KPF, together with interest, attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A FIFTH CROSS-CLAIM

#### (Against TDX for Contribution)

52.     KPF hereby repeats and realleges the allegations set forth in paragraphs 1 through 51, inclusive, as though fully set forth herein.

53.     Upon information and belief, TDX negligently and/or recklessly performed its responsibilities in connection with the Project, including but not limited to failing to properly coordinate the work of contractors on the Project, failing to timely respond to requests made by contractors and design professionals for information and decisions and otherwise acting in a manner that exacerbated, rather than resolved, disputes concerning the work to be performed.

23

54. Upon information and belief, TDX's negligent performance of its responsibilities on the Project caused or contributed to the damages alleged to have been incurred in connection with the Project.

55. Travelers, Trataros, DASNY and Crocetti have each asserted or purported to assert claims against KPF arising from the Project.

56. Upon information and belief, the claims asserted against KPF by Travelers, Trataros, DASNY and Crocetti arise, in whole or in part, from TDX's negligent acts and omissions.

57. Accordingly, in the event that Travelers, Trataros, DASNY and/or Crocetti recovers a judgment against KPF in this litigation, or KPF otherwise becomes obligated to pay claims to any of them arising from or in connection with the Project, such liability, by operation of law or otherwise, will have been caused by TDX's negligence, carelessness, breach of contract, obligation, warranty and/or culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

58. In the event that any other party recovers a judgment against KPF, or KPF otherwise becomes obligated to pay claims to a third party arising from or in connection with the Project, such liability, by operation of law or otherwise, will have been caused by TDX's negligence, carelessness, breach of contract, obligation, warranty and/or culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, obligation, warranty, and/or culpable conduct on the part of KPF.

59. Pursuant to Article 14 of the New York Civil Practice Law and Rules, KPF is therefore entitled to recover damages in the amount of any judgment recovered by

24

Travelers, Trataros, DASNY, Crocetti and/or any other third party as determined in accordance with the parties' relative culpability, and KPF is entitled to have judgment over and against TDX in such amount as KPF may be required to pay over and above KPF's equitable share, together with interest, attorneys' fees and the costs and disbursements of this action.

## DEMAND FOR A JURY TRIAL

Defendant Kohn Pedersen Fox Associates, P.C. demands trial by jury as to all issues in the above matter.

**WHEREFORE**, Defendant Kohn Pedersen Fox Associates, P.C. demands judgment,

(a)    Dismissing the Complaint in its entirety;

(b)    On it First Cross-Claim, against DASNY, in the amount of the costs and expenses, including attorneys' fees, incurred by KPF in defending the alleged negligence claims against it, in proportion to the percentage of liability allocated to DASNY;

(c)    On its Second Cross-Claim, against DASNY, for indemnification, in the amount of any verdict or judgment that is recovered against KPF, together with interest, attorneys' fees, costs, and disbursements of this action;

(d)    On its Third Cross-Claim, against DASNY, in such amount as KPF may be required to pay over and above KPF's equitable share, together with interest, attorneys' fees and the costs and disbursements of this action;

(e)    On its Fourth Cross-Claim, against TDX, for indemnification, in the amount of any verdict or judgment that is recovered against KPF, together with interest, attorneys' fees, costs, and disbursements of this action;

(f)    On its Fifth Cross-Claim, against TDX, in such amount as KPF may be required to pay over and above KPF's equitable share, together with interest, attorneys' fees and the costs and disbursements of this action; an

(g)    Awarding KPF its all attorneys' fees, disbursements and costs incurred in defending this Complaint; and

    (h)    Granting such other and further relief as to this Court seems just and proper.

Dated:    New York, New York
          February 8, 2007

**ZETLIN & DE CHIARA LLP**
/s/ David Abramovitz, Esq. (DA-8214)
*Attorneys for Defendant*
    *Kohn Pedersen Fox Associates, P.C.*
801 Second Avenue
New York, New York  10017
(212) 682-6800

26