**EXHIBIT "F"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------- X
TRAVELERS CASUALTY & SURETY COMPANY as
Administrator for RELIANCE INSURANCE
COMPANY,                                              ANSWER AND
                                                     JURY DEMAND
                        Plaintiff,

    - against -                                      04 CV 5101 (HB)

THE DORMITORY AUTHORITY OF THE STATE OF
NEW YORK, TDX CONSTRUCTION CORP. and KOHN,
PEDERSON, FOX & ASSOCIATES, P.C.,

                        Defendants.
-------------------------------------------- X

        Defendant TDX CONSTRUCTION CORPORATION ("TDX"),

by its attorneys, Mazur Carp & Rubin, P.C., answers the

Complaint of plaintiff Travelers Casualty and Surety

Company ("Travelers") as follows:

        1.    TDX is without knowledge or information

sufficient to form a belief as to the truth of the

allegations contained in paragraph 1 of the complaint.

        2.    TDX is without knowledge or information

sufficient to form a belief as to the truth of the

allegations contained in paragraph 2 of the complaint.

        3.    TDX is without knowledge or information

sufficient to form a belief as to the truth of the

allegations contained in paragraph 3 of the complaint.

        4.    The allegations contained in paragraph 4 of

the complaint are denied as stated.  TDX admits that it is

a New York corporation with a principal place of business at 345 Seventh Avenue, New York, New York.

5.    TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6.    TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7.    The allegations contained in paragraph 7 of the complaint state a legal conclusion to which no response is required.  To the extent a response is required, TDX states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.    The allegations contained in paragraph 8 of the complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations contained in paragraph 8 are denied as stated. TDX admits only that certain events or omissions that are alleged to give rise to the claims asserted in this action occurred within the County of New York.  TDX is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

## ANSWERING THE ALLEGATIONS COMMON TO ALL COUNTS

9.    The allegations contained in paragraph 9 of the complaint are denied as stated.  TDX admits only upon information and belief that The Dormitory Authority of the State of New York ("DASNY") awarded a contract to Trataros Construction, Inc. ("Trataros"), which is a written document that serves as the best evidence of its terms. The remaining allegations contained in paragraph 9 state a legal conclusion to which no response is required.

10.    The allegations contained in paragraph 10 of the complaint are denied as stated.  TDX admits only upon information and belief that Trataros was required to and did procure payment and performance bonds, which are written documents that serve as best evidence of their terms.  The remaining allegations contained in paragraph 10 contain legal conclusions to which no response is required.

11.    The allegations contained in paragraph 11 of the complaint are denied as stated.  TDX admits only upon information and belief that DASNY awarded a contract to Trataros Construction, Inc. ("Trataros"), which is a written document that serves as the best evidence of its terms.  The remaining allegations contained in paragraph 11 state a legal conclusion to which no response is required.

12.    The allegations contained in paragraph 12 of the complaint are denied as stated.  TDX admits only upon information and belief that Trataros was required to and

3

did procure payment and performance bonds, which are written documents that serve as best evidence of their terms. The remaining allegations contained in paragraph 12 contain legal conclusions to which no response is required.

13. The allegations contained in paragraph 13 of the complaint are denied as stated. TDX admits only upon information and belief that Reliance Insurance Company ("Reliance") provided performance and payment bonds, which are written documents that serve as best evidence of their terms. TDX is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13.

14. The allegations contained in paragraph 14 of the complaint state, at least in part, legal conclusions to which no response is required. To the extent a response is required, TDX states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. The allegations contained in paragraph 15 of the complaint state, at least in part, legal conclusions to which no response is required. To the extent a response is required, TDX states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

## ANSWERING THE ALLEGATIONS OF THE "FIRST COUNT"

16. TDX repeats and realleges each and every response to the paragraphs incorporated by reference in paragraph 16 of the complaint as if fully set forth herein.

17. The allegations contained in paragraph 17 of the complaint state, at least in part, legal conclusions to which no response is required. To the extent a response is required, TDX admits only upon information and belief that Trataros performed certain work under the contracts referenced in paragraphs 9 and 11 of the complaint. The remaining allegations contained in paragraph 17 are denied.

18. The allegations contained in paragraph 18 of the complaint state, at least in part, legal conclusions to which no response is required. To the extent a response is required, TDX denies upon information and belief the allegations contained in paragraph 18 as they are stated. TDX admits only upon information and belief that DASNY has paid Trataros the entire amount that is due and owing to Trataros for work performed under the contracts referenced in paragraphs 9 and 11 of the complaint. The remaining allegations contained in paragraph 18 are denied.

19. The allegations contained in paragraph 19 of the complaint state a legal conclusion to which no response is required. To the extent a response is required, TDX states that it is without knowledge or information

5

sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. TDX denies upon information and belief each and every allegation contained in paragraph 20 of the complaint.

## ANSWERING THE ALLEGATIONS OF THE "SECOND COUNT"

21. TDX repeats and realleges each and every answer to the paragraphs incorporated by reference in paragraph 21 of the complaint as if fully set forth herein.

22. The allegations contained in paragraph 22 of the complaint state, at least in part, legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 22 are denied as stated. TDX admits only upon information and belief that Trataros advised DASNY and/or TDX of alleged claims for additional costs incurred by Trataros and/or its subcontractors. TDX states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22.

23. The allegations contained in paragraph 23 of the complaint are denied as stated. TDX admits only upon information and belief that Trataros sent written correspondence to DASNY and/or TDX, which correspondence is the best evidence of its content. The remaining allegations contained in paragraph 23 are denied.

24. The allegations contained in paragraph 24 of the complaint state, at least in part, legal conclusions to which no response is required. To the extent a response is required, TDX denies the allegations contained in paragraph 24 as stated. TDX admits only that Trataros sent written correspondence to DASNY and/or TDX, which correspondence is the best evidence of its content. The remaining allegations contained in paragraph 24 are denied.

25. TDX denies each and every allegation contained in paragraph 25 of the complaint.

26. The allegations contained in paragraph 26 of the complaint state a legal conclusion to which no response is required. To the extent a response is required, TDX states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. The allegations contained in paragraph 27 of the complaint state a legal conclusion to which no response is required. To the extent a response is required, TDX denies each and every allegation contained in paragraph 27.

28. TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the complaint.

29. The allegations contained in paragraph 29 of the complaint state a legal conclusion to which no response

7

is required.  To the extent a response is required, TDX
denies each and every allegation contained in paragraph 29.

30.  The allegations contained in paragraph 30
of the complaint state a legal conclusion to which no
response is required.  To the extent a response is
required, TDX denies each and every allegation contained in
paragraph 30.

31.  TDX denies upon information and belief each
and every allegation contained in paragraph 31 of the
complaint.

ANSWERING THE ALLEGATIONS OF THE "THIRD COUNT"

32.  TDX repeats and realleges each and every
response to the paragraphs incorporated by reference in
paragraph 32 of the complaint as if fully set forth herein.

33.  The allegations contained in paragraph 33 of
the complaint state, at least in part, legal conclusions to
which no response is required.  To the extent a response is
required, the allegations contained in paragraph 33 are
denied as stated.  TDX admits only upon information and
belief that Trataros advised DASNY and/or TDX of alleged
claims by its subcontractors.  TDX states that it is
without knowledge or information sufficient to form a
belief as to the truth of the remaining allegations
contained in paragraph 33.

8

34. TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the complaint.

35. The allegations contained in paragraph 35 of the complaint state a legal conclusion to which no response is required. To the extent a response is required, TDX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the complaint.

36. The allegations contained in paragraph 36 of the complaint state a legal conclusion to which no response is required. To the extent a response is required, TDX denies upon information and belief each and every allegation contained in paragraph 36.

37. The allegations contained in paragraph 37 of the complaint state a legal conclusion to which no response is required. To the extent a response is required, TDX denies upon information and belief each and every allegation contained in paragraph 37.

38. The allegations contained in paragraph 38 of the complaint state a legal conclusion to which no response is required. To the extent that a response is required, TDX states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39. The allegations contained in paragraph 39 of the complaint state a legal conclusion to which no response

is required.  To the extent a response is required, TDX
states that it is without knowledge or information
sufficient to form a belief as to the truth of the
allegations contained in paragraph 39.

### ANSWERING THE ALLEGATIONS OF THE "FOURTH COUNT"

40.  TDX repeats and realleges each and every
answer to the paragraphs incorporated by reference in
paragraph 40 of the complaint as if fully set forth herein.

41.  TDX is without knowledge or information
sufficient to form a belief as to the truth of the
allegations contained in paragraph 41 of the complaint.

42.  TDX is without knowledge or information
sufficient to form a belief as to the truth of the
allegations contained in paragraph 42 of the complaint.

### ANSWERING THE ALLEGATIONS OF THE "FIFTH COUNT"

43.  TDX repeats and realleges each and every
answer to the paragraphs incorporated by reference in
paragraph 43 of the complaint as if fully set forth herein.

44.  The allegations contained in paragraph 44 of
the complaint are denied as stated.  TDX admits only that
DASNY and TDX entered into one or more contracts, which are
written documents that serve as the best evidence of their
terms.

45. TDX denies each and every allegation contained in paragraph 45 of the complaint.

46. The allegations contained in paragraph 46 of the complaint state a legal conclusion to which no response is required. To the extent a response is required, TDX denies each and every allegation contained in paragraph 46 of the complaint.

47. The allegations contained in paragraph 47 of the complaint state a legal conclusion to which no response is required. To the extent a response is required, TDX denies each and every allegation contained in paragraph 47 of the complaint.

48. The allegations contained in paragraph 48 of the complaint state a legal conclusion to which no response is required. To the extent a response is required, TDX denies each and every allegation contained in paragraph 48 of the complaint.

49. The allegations set forth in paragraph 49 of the complaint state a legal conclusion to which no response is required. To the extent a response is required, TDX denies each and every allegation contained in paragraph 49 of the complaint and states that plaintiff is not entitled to the judgment against TDX requested in the Count Five of the complaint.

11

ANSWERING THE ALLEGATIONS OF THE "SIXTH COUNT"

50. TDX repeats and realleges each and every answer to the paragraphs incorporated by reference in paragraph 50 of the complaint as if fully set forth herein.

51. The allegations contained in paragraph 51 of the complaint are denied as stated. TDX admits only upon information and belief that DASNY and defendant Kohn Pederson Fox Associates, P.C. ("KPF") entered into a contract, which is a written document that is the best evidence of its terms.

52. TDX states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the complaint.

53. The allegations contained in paragraph 53 of the complaint state a legal conclusion to which no response is required. To the extent that a response is required, TDX states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the complaint.

54. The allegations contained in paragraph 54 of the complaint state a legal conclusion to which no response is required. To the extent a response is required, TDX states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the complaint.

55.  The allegations contained in paragraph 55 of the complaint state a legal conclusion to which no response is required.  To the extent that a response is required, TDX states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the complaint.

56.  The allegations contained in paragraph 56 of the complaint state a legal conclusion to which no response is required.  To the extent that a response is required, TDX states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

57.  Plaintiff lacks standing to pursue claims on behalf of Trataros and/or Trataros' subcontractors.

### SECOND AFFIRMATIVE DEFENSE

58.  Trataros is a necessary party to this action, and the Court cannot proceed in Trataros' absence.

### THIRD AFFIRMATIVE DEFENSE

59.  The Court lacks subject matter jurisdiction over this controversy.

## FOURTH AFFIRMATIVE DEFENSE

60.  Plaintiff's complaint fails to state a cause of action against TDX upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

61.  With respect to any funds held by TDX which are allegedly owed to Trataros, TDX has a right of set-off against such funds which is superior to any right of plaintiff to said funds.

## SIXTH AFFIRMATIVE DEFENSE

62.  Any damages allegedly sustained by Trataros or plaintiff were caused in whole or in part by Trataros' or plaintiff's own culpable conduct, as a result of which plaintiff's claims are therefore barred or diminished in the proportion that such culpable conduct bears to the total culpable conduct that caused their alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

63.  Plaintiff's claims against TDX are barred by Trataros' breach of contract.

## EIGHTH AFFIRMATIVE DEFENSE

64.  Plaintiff's claims are barred by Trataros' contributory negligence.

14

NINTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred by Trataros' breach of one or more of its subcontract agreements and/or purchase orders.

TENTH AFFIRMATIVE DEFENSE

66. Any liability that TDX is alleged to have to plaintiff is derivative of, and secondary to, the liability of Trataros for damages being claimed in the cause of action set forth against TDX in the Complaint. Therefore, plaintiff must first seek damages from Trataros before it may pursue the cause of action plaintiff has asserted against TDX.

ELEVENTH AFFIRMATIVE DEFENSE

67. Any liability that TDX is alleged to have to plaintiff is derivative of, and secondary to, the liability of KPF for the damages being claimed in the cause of action set forth against TDX in the Complaint. Therefore, plaintiff must first seek damages from KPF before it may pursue the causes of action plaintiff has asserted against TDX.

TWELFTH AFFIRMATIVE DEFENSE

68. Any liability that TDX is alleged to have to plaintiff is derivative of, and secondary to, the alleged liability of DASNY for the damages being claimed in the

15

cause of action set forth against TDX in the Complaint.
Therefore, plaintiff must first seek damages from DASNY
before it may pursue the causes of action plaintiff has
asserted against TDX.

### THIRTEENTH AFFIRMATIVE DEFENSE

69.    TDX is entitled to indemnity and
contribution from Trataros, KPF, and DASNY for any
liability it may have to the plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

70.    Plaintiff's claims against TDX are barred,
in whole or in part, by plaintiff's breach of contract.

### FIFTEENTH AFFIRMATIVE DEFENSE

71.    Plaintiff's claims brought on behalf of
Trataros are barred by an accord and satisfaction between
DASNY and Trataros.

### SIXTEENTH AFFIRMATIVE DEFENSE

72.    The claims asserted by plaintiff have been
fully or partially paid by DASNY.

### SEVENTEENTH AFFIRMATIVE DEFENSE

73.    Some or all of plaintiff's claims against
TDX are barred by lack of privity of contract.

## EIGHTEENTH AFFIRMATIVE DEFENSE

74.   Some or all of plaintiff's claims against TDX are barred by the statute of frauds.

## NINETEENTH AFFIRMATIVE DEFENSE

75.   Some or all of plaintiff's claims against TDX are barred by breaches of contract and/or negligence of Trataros' subcontractors and suppliers.

## TWENTIETH AFFIRMATIVE DEFENSE

76.   Jurisdiction in this Court is inappropriate due the existence of prior pending actions in the Supreme Court of the State of New York for New York County.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

77.   Plaintiff's claims against TDX are barred by failure of consideration.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

78.   Plaintiff's claims against TDX are barred by waiver, payment and release.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

79.   Plaintiff is estopped from bringing the cause of action set forth against TDX in the complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

80.  Plaintiff's claims against TDX are barred to the extent that Trataros is responsible for the alleged damages that TDX is alleged to be liable for in the complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

81.  Plaintiff's claims against TDX are barred to the extent that KPF is responsible for the alleged damages that TDX is alleged to be liable for in the complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

82.  Plaintiff's claims against TDX are barred to the extent that DASNY is responsible for the alleged damages that TDX is alleged to be liable for in the complaint.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

83.  TDX performed its services as construction manager reasonably at all times, and the damages alleged in the complaint were caused by the acts or omissions of others.

WHEREFORE, defendant TDX Construction Corporation demands judgment dismissing the complaint in its entirety as against TDX and awarding TDX the costs and disbursements

of this action, attorneys' fees, and such other and further
relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Defendant TDX Construction Corporation
respectfully requests a trial by jury of all issues in this
action which are triable by jury.

Dated:  New York, New York
        August 31, 2004

                          MAZUR CARP & RUBIN, P.C.
                          Attorneys for Defendant
                            TDX Construction Corporation
                          2 Park Avenue
                          New York, New York 10016
                          Tel. (212) 686-7700


                  By: _____
                        GARY L. RUBIN (GR 5056)



TO:

DREIFUSS BONACCI & PARKER, LLP
Attorneys for Plaintiff
26 Columbia Turnpike
North Entrance
Florham Park, New Jersey 07932
Tel. (212) 687-4900

HOLLAND & KNIGHT LLP
Attorneys for Defendant
  Dormitory Authority of the State of New York
195 Broadway
New York, New York 10007
Tel. (212) 513-3200


KOHN PEDERSON FOX ASSOCIATES, P.C.
Defendant
111 East 57th Street
New York, New York 10009

AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NEW YORK )


        JENNIE LEE-LING, being duly sworn, deposes and
says:

        1.  I am not a party to this proceeding.  I am
over 18 years of age and I reside at Queens, New York.

        2.  On August 31, 2004, I served the within
ANSWER upon the following attorneys at the addresses
designated by said attorneys for that purpose, by
depositing a copy thereof into the custody of the United
States Postal Service in a postpaid wrapper addressed to
them at the foregoing address:

                DREIFUSS BONACCI & PARKER, LLP
                Attorneys for Plaintiff
                26 Columbia Turnpike
                North Entrance
                Florham Park, New Jersey 07932
                Tel. (212) 687-4900

                HOLLAND & KNIGHT LLP
                Attorneys for Defendant
                Dormitory Authority of the State of New York
                195 Broadway
                New York, New York 10007
                Tel. (212) 513-3200

                KOHN PEDERSON FOX ASSOCIATES, P.C.
                Defendant
                111 East 57th Street
                New York, New York 10009


                        _____
                                JENNIE LEE LING

Sworn to before me this
31st day of August, 2004

_____
        Notary Public

                        LISA LE
                NOTARY PUBLIC, State of New York
                        No. 31-5001919
                   Qualified in Queens County
                Commission Expires September 21, 20__