# EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    Civil Action #: 04 Civ. 5101
TRAVELERS CASUALTY AND SURETY COMPANY                                  (HB)
COMPANY as Administrator for RELIANCE
INSURANCE COMPANY
                              Plaintiff,

                                                                       **Bartec**
                                                                       **Response to**
                vs                                                     **Travelers Casualty and**
                                                                       **Surety Company and**
                                                                       **Trataros Construction,**
THE DORMITORY AUTHORITY OF THE STATE                                   **Inc. for Production of**
OF NEW YORK, TDX CONSTRUCTION CORP. and                                **Documents**
KOHN, PEDERSON, FOX & ASSOCIATES, P.C.,

                              Defendants.
------------------------------------------------------------------X
DORMITORY AUTHORITY OF THE STATE
OF NEW YORK
                              Third-Party Plaintiff,
                vs


TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY AND SURETY
COMPANY,

                              Third-Party Defendants,
------------------------------------------------------------------X
TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY AND SURETY
COMPANY,
                              Fourth-Party Plaintiffs,


                vs


G.M. CROCETTI, INC., CAROLINA CASUALTY
INSURANCE COMPANY, BARTEC INDUSTRIES INC.,
DAYTON SUPERIOR SPECIALTY CHEMICAL CORP.,
SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC,
KEMPER CASUALTY INSURANCE COMPANY d/b/a
KEMPER INSURANCE COMPANY, GREAT AMERICAN
INSURANCE COMPANY, NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, P.A., UNITED

STATES FIRE INSURANCE COMPANY, ALLIED WORLD
ASSURANCE COMPANY (U.S) INC. f/k/a COMMERCIAL
UNDERWRITERS INSURANCE COMPANY, ZURICH
AMERICAN INSURANCE COMPANY d/b/a ZURICK
INSURANCE COMPANY, OHIO CASUALTY INSURANCE
COMPANY d/b/a OHIO CASUALTY GROUP,
HARLEYSVILLE MUTUAL INSURANCE COMPANY
a/k/a HARLEYSVILLE INSURANCE COMPANY, an
insurer for BARTEC INDUSTRIES INC.)
JOHN DOES 1-20, and XYZ CORPS. 1-20,

                    Fourth-Party Defendants,

------------------------------------------------------------------------------X
KOHN, PEDERSON, FOX  ASSOCIATES, P.C.,

                         Third-Party Plaintiff,

            vs.

WEIDLINGER ASSOCIATES CONSULTING ENGINEERS, P.C.
ANTHONY BLACKETTS & ASSOCIATES, POULIN + MORRIS,
INC., SHEN MILSOM & WILKE, INC., AMIS, INC., HOPKINS
FOOD SERVICE SPECIALISTS, INC., CASTRO-BLANCO
PISCIONERI AND ASSOCIATES, ARCHITECTS, P.C. n/k/a
ARQUITECTONICA NEW YORK, P.C. COSENTINI
ASSOCIATES, INC., VOLLMER ASSOCIATES, LLP. TESTWELL
CRAIG LABORTORIES, INC., JOHN A. VAN DEUSEN &
ASSOCIATES, INC., JEROME S. GILLMAN CONSULTING
ARCHITECT, PC., SYSTEMS DESIGN ASSOCIATES, SYSTEMS
DESIGN ASSOCIATES, INC., WARFEL SCHRAGER
ARCHITECTURAL LIGHTING, LLC COUNSILMAN/HUNSAKER
& ASSOCIATES, ENTEK ENGINEERING PLLC, THEATER
PROJECTS CONSULTANTS, JORDAN PANEL SYSTEMS CORP.,
TRATAROS CONSTRUCTION, INC. and LBL SKYSYSTEMS
(U.S.A), INC.,

                    Third-Party Defendants,
------------------------------------------------------------------------------X

2

**PLEASE TAKE NOTICE**, that Fourth-Party Defendant, Bartec Industries Inc., as and for its response to fourth -party defendant, **Travelers Casualty and Surety Company and Trataros Construction, Inc. for Production of Documents** dated June 9, 2005, sets forth the following upon information and belief:

1.    See exhibits attached hereto.

2.    The answering Fourth-Party Defendant objects to this request as being premature but will provide a complete response at the close of discovery.

3.    See **Exhibit "A"**.

4.    See attached copy of the purchase order annexed to Exhibit "A".

5.    The answering Fourth-Party Defendant does not possess any responsive documents.

6.    The answering Fourth-Party Defendant does not possess any responsive documents.

7.    See **Exhibit "B"** for copies of the invoices.

8.    Copies of the payment received is attached hereto as part of Exhibit "B".

9.    See **Exhibit "C"** for correspondence relating to backcharges.

10.    See prior exhibits.

11.    The answering Fourth-Party Defendant does not possess any responsive documents.

12.    See **Exhibit "D"** for a copy of the written materials with regard to the Conflow.

13.    A copy of the documents requested is attached hereto as part of Exhibit "B".

3

14.    The answering Fourth-Party Defendant does not possess any responsive documents.

15.    The answering Fourth-Party Defendant does not possess any responsive documents.

16.    See prior exhibits.

17.    See exhibit "D" for copies of documents relating to materials used on the project.

18.    A copy of the payroll records is attached hereto as part of Exhibit "B".

19.    The answering Fourth-Party Defendant does not possess any responsive documents.

20.    The answering Fourth-Party Defendant does not possess any responsive documents.

21.    The answering Fourth-Party Defendant does not possess any responsive documents.

22.    The answering Fourth-Party Defendant does not possess any responsive documents.

23.    The answering Fourth-Party Defendant does not possess any responsive documents.

24.    A copy of the daily reports  is attached hereto as part of Exhibit "B".

25.    The answering Fourth-Party Defendant does not possess any responsive documents.

26.    See Exhibit "B" for copy of the Notice of Lien which indicates final completion.

4

27.     The answering Fourth-Party Defendant does not possess any responsive documents.

28.     The answering Fourth-Party Defendant does not possess any responsive documents.

29.     The answering Fourth-Party Defendant does not possess any responsive documents.

30.     See **Exhibit E.**

31.     See prior exhibits.

32.     See all prior exhibits.

33.     See **Exhibit "F".**

34.     The answering Fourth-Party Defendant does not possess any responsive documents.

35.     The answering Fourth-Party Defendant does not possess any responsive documents.

36.     The answering Fourth-Party Defendant does not possess any responsive documents.

37.     The answering Fourth-Party Defendant does not possess any responsive documents.

38.     The answering Fourth-Party Defendant objects to this request as being premature but will provide a complete response at the close of discovery.

39.     The answering Fourth-Party Defendant does not possess any responsive documents.

5

40.    See prior exhibits for correspondences.

41.    See prior exhibits for correspondences.

42.    The answering Fourth-Party Defendant does not possess any responsive

documents.

43.    See prior exhibits.

44.    See prior exhibits.

45.    See prior exhibits.

46.    See prior exhibits.

**PLEASE TAKE FURTHER NOTICE**, that Fourth-Party Defendant, Bartec Industries

Inc., reserves the right to supplement its responses contained herein up to and including

the time of trial.

Dated:        White Plains, New York
              July 25, 2005

                                        Yours, etc.

                                        O'CONNOR, REDD, GOLLIHUE
                                        & SKLARIN, LLP

                                        By: _____
                                             **Jeremy D. Platek**
                                        Attorneys for Fourth-Party Defendant,
                                        BARTEC INDUSTRIES INC.,
                                        200 Mamaroneck Avenue
                                        White Plains, New York 10601
                                        (914) 686-1700 (SO-8230)

TO:    SEE ATTACHED CERTIFICATION

6

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X     Civil Action #: 04 Civ. 5101
TRAVELERS CASUALTY AND SURETY COMPANY     (HB)
as Administrator for RELIANCE
INSURANCE COMPANY
                         Plaintiff,

                                                                **Certification**

           vs

THE DORMITORY AUTHORITY OF THE STATE
OF NEW YORK, TDX CONSTRUCTION CORP. and
KOHN, PEDERSON, FOX & ASSOCIATES, P.C.,

                         Defendants.
----------------------------------------------------------------X
DORMITORY AUTHORITY OF THE STATE
OF NEW YORK
                         Third-Party Plaintiff,
           vs

TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY AND SURETY
COMPANY,

                         Third-Party Defendants,
----------------------------------------------------------------X
TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY AND SURETY
COMPANY,
                         Fourth-Party Plaintiffs,

           vs

G.M. CROCETTI, INC., CAROLINA CASUALTY
INSURANCE COMPANY, BARTEC INDUSTRIES INC.,
DAYTON SUPERIOR SPECIALTY CHEMICAL CORP.,
SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC,
KEMPER CASUALTY INSURANCE COMPANY d/b/a
KEMPER INSURANCE COMPANY, GREAT AMERICAN
INSURANCE COMPANY, NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, P.A., UNITED

STATES FIRE INSURANCE COMPANY, ALLIED WORLD
ASSURANCE COMPANY (U.S) INC. f/k/a COMMERCIAL
UNDERWRITERS INSURANCE COMPANY, ZURICH
AMERICAN INSURANCE COMPANY d/b/a ZURICK
INSURANCE COMPANY, OHIO CASUALTY INSURANCE
COMPANY d/b/a OHIO CASUALTY GROUP,
HARLEYSVILLE MUTUAL INSURANCE COMPANY
a/k/a HARLEYSVILLE INSURANCE COMPANY, an
insurer for BARTEC INDUSTRIES INC.)
JOHN DOES 1-20, and XYZ CORPS. 1-20,

                      Fourth-Party Defendants,

-------------------------------------------------------------------------------X
KOHN, PEDERSON, FOX  ASSOCIATES, P.C.,

                      Third-Party Plaintiff,

          vs.

WEIDLINGER ASSOCIATES CONSULTING ENGINEERS, P.C.
ANTHONY BLACKETTS & ASSOCIATES, POULIN + MORRIS,
INC., SHEN MILSOM & WILKE, INC., AMIS, INC., HOPKINS
FOOD SERVICE SPECIALISTS, INC., CASTRO-BLANCO
PISCIONERI AND ASSOCIATES, ARCHITECTS, P.C. n/k/a
ARQUITECTONICA NEW YORK, P.C. COSENTINI
ASSOCIATES, INC., VOLLMER ASSOCIATES, LLP. TESTWELL
CRAIG LABORTORIES, INC., JOHN A. VAN DEUSEN &
ASSOCIATES, INC., JEROME S. GILLMAN CONSULTING
ARCHITECT, PC., SYSTEMS DESIGN ASSOCIATES, SYSTEMS
DESIGN ASSOCIATES, INC., WARFEL SCHRAGER
ARCHITECTURAL LIGHTING, LLC COUNSILMAN/HUNSAKER
& ASSOCIATES, ENTEK ENGINEERING PLLC, THEATER
PROJECTS CONSULTANTS, JORDAN PANEL SYSTEMS CORP.,
TRATAROS CONSTRUCTION, INC. and LBL SKYSYSTEMS
(U.S.A), INC.,

                      Third-Party Defendants,

-------------------------------------------------------------------------------X

**THIS IS TO CERTIFY** that the foregoing was forwarded, via first class mail,

postage prepaid, on this 25th day of July, 2005 to the following:

TO:

> Thomas V. Giordano, Esq.
> **ZETLIN & DECHIARA, LLP**
> Attorneys for Defendants,
> KOHN, PEDERSON, FOX & ASSOCIATES, P.C
> 801 Second Avenue
> New York, NY 10017
> (212) 682-6800
>
> DAVID ABRAMOVITZ, ESQ,
> **ZEYNEL KARCIOGLU, ESQ.**
> Attorneys for Third-Party Plaintiff
> KOHN, PEDERSON, FOX & ASSOCIATES, P.C
> 36 East 20th Street
> New York, NY 10003
>
>
> **MAZUR, CARP & RUBIN, P.C.**
> Attorneys for Defendant
> TDX  CONSTRUCTION
> 1250 Broadway, 38th Floor
> New York, NY 10001
> (212) 686-7700
>
>
> **SEGAL McCAMBRIDGE SINGER & MAHONEY**
> Attorneys for SPECIALTY CONSTRUCTION BRANDS, INC.
> 830 Third Ave, Suite 400
> NY, NY 10022
> (212) 651-7500
>
> **L'ABBATE, BALKAN, COLAVITA & CONTINI, LLP**.
> Attorneys for Defendant
> CONSENTINI ASSOCIATES, INC.
> 1050 Franklin Avenue
> Garden City, NY 11530
> (516) 294-8844
> Your File #: 1479-90791

3

**MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP**
Attorneys for Third-Party Defendant
VOLLMER ASSOCIATES, LLP
3 Baker Avenue, 6th Floor
White Plains, NY 10601


**ABRAMS, GORELICK, FRIEDMAN & JACOBSON, P.C.**
Attorneys for Third-Party Defendant
WARFEL SCHRAGER ARCHITECTURAL
LIGHTING, LLC.
115 Broadway, 11th Floor
New York, NY 10006
(212) 422-1200

**TOREE, LENTZ, GAMMELL, GARY & RITTMASTER, LLP**
Attorneys for 4th Party Defendant
CAROLINA CASUALTY INSURANCE
COMPANY AND G.M. CROCETTI, INC.
100 Jericho Quadrangle, Suite 309
Jericho, NY 11753
(516) 240-8900

**THELEN REID & PRIEST, LLP.**
Attorneys for 4th Party Defendant
LBL SKYSYSTEMS (U.S.A.) INC.
875 Third Avenue
New York, NY 10022
(212) 603-6756

**GOLDBERG SEGALL, LLP.**
Attorneys for 4th Party Defendant
DAYTON SUPERIOR SPECIALTY CHEMICAL CORP.
170 Hamilton Avenue
White Plains, New York 10601
(914) 686-1700

MARC S. KRIEG, ESQ.
**KRIEG ASSOCIATES, P.C.**
Attorney for Third-Party Defendants
COUNSILMAN/HUSAKER & ASSOCIATES ENGINEERING, PLLC.
5 Heather Court
Dix Hills, NY 11746

4

TERENCE J. O'CONNOR, ESQ.
**O'CONNOR & GOLDER**
Attorneys for Third-Party Defendant
JORDAN PANEL SYSTEMS, CORP.
24 North Washington
Port Washington, NY 11050

STEVEN A. COPLOFF, ESQ.
**STEINBERG & CAVALIERE, LLP**
50 Main Street, Suite 901
White Plains, NY 10606
            and
GEORGE J. MANOS, Esq.
DAVID N. LARSON, ESQ.
**BOLLINGER, RUBERRY & GARVEY**
Attorneys for Fourth-Party Defendant
AMERICAN MOTORIST INSURANCE COMPANY,
IMPROPERLY SUED HEREIN AS KEMPER
CASUALTY INSURANCE d/b/a KEMPER
INSURANCE COMPANY
500 West Madison, Suite 2300
Chicago, IL 60661

JEFFREY M. KADISH, ESQ.
**MORGAN, MELHUISH, MONAGHAN,
ARVIDSON, ABRUTYN & LISOWSKI**
Attorneys for Fourth-Party Defendant
OHIO CASUALTY INSURANCE COMPANY
651 West Mt. Pleasant Avenue
Livingston, NJ 07039

DONALD G. SWEETMAN, ESQ.
**GENNET, KALLMANN, ANTIN & ROBINSON, P.C.**
Attorney for Fourth-Party Defendant
GREAT AMERICAN INSURANCE COMPANY
6 Campus Drive
Parsippany, NJ 07054

ANN ODELSON, ESQ.
**CARROLL, MCNULTY & KULL**
Attorney for Fourth-Party Defendant
UNITED STATE FIRE INSURANCE COMPANY
270 Madison Avenue

5

New York, NY 10016

S. DWIGHT STEPHENS, ESQ.
**MELITO & ADOLFSEN, P.C.**
Attorneys for Fourth-Party Defendant
ZURICH AMERICAN INSURANCE COMPANY
233 Broadway
New York, NY 10279

HENRY J. CERNITZ, ESQ.
**JACOBSON & SCHWARTZ**
Attorney for Fourth-Party Defendant
HARLEYSVILLE INSURANCE COMPANY
510 Merrick Road
P.O. Box 46
Rockville Center, NY 11571

MARTIN PAUL LAVELLE, ESQ.,
**LAW OFFICES OF MARTIN PAUL LAVELLE**
Attorneys for
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA
110 William Street
New York, NY 10038

**MOUND COTTON WOLLAN & GREENGRASS**
Attorneys for Fourth-Party Defendant
ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.
One Battery Park Plaza
New York, NY 10004-1486
(212) 804-4200

CHERYL L. DAVIS (CD-4778)
**MENAKER & HERRMANN, LLP**
Attorney for Defendant
SHEN MILSOM & WILKE, INC
10 East 40th Street
New York, NY 10016
(212) 545-1900

**GOGICK, BYREN & O'NEIL, LLP**
Attorney for
WEIDLINGER ASSOCIATES CONSULTING ENGINEERS, P.C.
11 Broadway, Suite 1560
New York, New York 10004

**VINCENT P. CRISCI**
Attorneys for
POULIN & MORRIS, INC.
17 State Street
New York, NY 10004
(212) 943-8940

ANTHONY BLACKETT & ASSOCIATES
33B Day Street
Somerville, Massachusetts 02144

AMIS, INC.
44 East 32nd Street
New York, NY 10016

HOPKINS FOOD SERVICE SPECIALISTS, INC.
7906 MacArthur Blvd. Suit E 100
Cabin John, Maryland 20818

CASTRO-BLANCO PISCIONERI AND
ASSOCIATES, ARCHITECTS, P.C.
n/k/a Arquitectonica New York, P.C.
144 West 26th Street, 5th Floor
New York, NY 10001

ESTWELL CRAIG LABORATORIES, INC.
47 Hudson Street
Ossining, New York 10562

JOHN A. VAN DEUSEN & ASSOCIATES, INC.
5 Regent Street, Suite 524
Livingston, New Jersey 07039

JEROME S. GILMAN CONSULTING ARCHITECT, P.C.
40 Worth Street
New York, NY 10013

SYSTEMS DESIGN ASSOCIATES INC.
85 Willow Street
New Haven, CT 06511

ENTEK ENGINEERING, PLLC
200 Broadway
Troy, New York 12180

7

THEATRE PROJECTS CONSULTANTS
25 Elizabeth Street
S. Norwalk, CT 06854

DREIFUSS BONACCI & PARKER, LLP.
Attorneys for TRATAROS CONSTRUCTION, INC AND TRAVELERS
CASUALTY AND SURETY COMPANY
26 Columbia Turnpike
North Entrance
Florham Park, NJ 07932
(973) 514-1414


Stephen B. Shapiro, Esq.
HOLLAND & KNIGHT, LLP
Attorneys for DORMITORY AUTHORITY OF THE STATE OF NY
195 Broadway
New York, NY 10007
(212) 513-3484

_____

**JEREMY D. PLATEK (JP 9153)**
Attorney at Law

8

# EXHIBIT A

**TRATAROS CONSTRUCTION, INC.**
664 64th Street
Brooklyn, NY 11220
Tel. No. (718) 833-6070
Fax No. (718) 238-4462

COST CODE: GC2-028
PURCHASE ORDER NO. 16780
(Please include on all invoices)

DATE: 5/12/00

Vendor/Subcontractor:

BARTEC INDUSTRIES, INC.
453 MAIN STREET
LITTLE FALLS, NJ 07424
PH# (973) 256-9262

Project: BARUCH COLLEGE, NY

Owner: CITY OF NY

--------------------------------------------------------------------------------

Price:$  UNIT PRICE P.O. $47/BAG

Architect/Engineer:  KPF

Please provide all services, labor, materials, equipment and rubbish removal necessary perform the Work set forth in the following construction documents:

THIS SUBCONTRACTOR SHALL FURNISH AND INSTALL "SELF LEVELING" FLOOR FILL
THE 3RD FLOOR THROUGH THE 14TH FLOOR IN ACCORDANCE WITH ATTACHED BARTEC
INDUSTRIES, INC. PROPOSAL WITH AGREED TO COMMENTS DATED MAY 8, 2000 INCL
BUT NOT LIMITED TO: SANDING OF FLOORS, FINAL CLEAN UP WITH SWEEPING COMP
INSTALLATION OF STOPS, PROTECTION OF WALLS, OPERATING ENGINEER COSTS, SH
OF FLOOR ELEVATION ON A 5 FOOT GRID ETC... FOR THE UNIT PRICE OF $47 PER

PURCHASE ORDER EXCLUDES: HOIST CHARGES

Unless otherwise stated, this is a Lump Sum Purchase Order and Vendor/Subcontractor shall perform the above-described Work for the above-stated price.

The Terms and Conditions of this Purchase Order appear on the reverse side hereof.

Vendor/Subcontractor:

By: _____

Title: _____Pres_____

Date: ___6/10/00___

Trataros Construction, Inc.

By: _____
JONATHAN HOROWITZ

Title: SR. CONTRACTING Mg.

Date: 6.28.00



## TERMS AND CONDITIONS

1. This Purchase Order ("PO") expressly limits acceptance to the terms and conditions stated on the face and reverse side hereof which are deemed to be the material and essential terms and conditions of the PO. Any additional or different terms and conditions proposed by Vendor/Subcontractor ("V/S") are objected to and are hereby rejected notwithstanding the acceptance of or payment for any material and/or work supplied by Vendor/Subcontractor. Performance of any work covered hereunder shall be considered an acceptance of the terms and conditions of this PO. This PO shall not be changed or modified except in writing signed by the party to be charged. This PO may not be assigned in whole or in part without the prior written approval of Trataros Construction, Inc. ("TCI"). This PO represents the entire and integrated agreement between the parties.

2. The terms and conditions of the prime contract between Owner (or General Contractor) and TCI are incorporated herein by reference and to the extent that the prime contract applies to the PO work. The prime contract is available for review and photocopying at TCI's main office. V/S shall assume toward TCI all obligations and responsibilities which, under the prime contract, TCI assumed toward Owner and Architect/Engineer and shall be bound by all rulings of Owner and Architect/Engineer including extensions of contract time.

3. In addition to any warranty implied in fact or law, V/S expressly warrants all work, equipment, and materials furnished shall be free from defects, shall conform to the construction documents, approved samples, drawings, and catalog cuts, and shall be fit and sufficient for the purpose intended. All warranties shall survive delivery, performance, inspection, testing, acceptance, and payment.

4. V/S shall employ labor and materials which to TCI's satisfaction and sole discretion will result in harmony on the job.

5. V/S shall comply with all federal, state and local laws, rules, regulations, ordinances, and directives which govern its work. The prevention of accidents to workmen and others is the responsibility of V/S. The unauthorized use of any scaffold, ladder, hoist or other equipment owned or maintained by TCI and used to perform elevated work is strictly prohibited. Permission to use said equipment shall not be unreasonably withheld; however, upon using said equipment V/S certifies that it has inspected said equipment and satisfied itself as to the equipment's safety and V/S shall indemnify and hold TCI harmless against all suits and claims and shall pay all costs, expenses, damages and/or judgements incurred in connection therewith. V/S shall always comply with all applicable safety laws and directives and take steps necessary to prevent accidents.

6. V/S shall submit for approval a schedule of values for the PO work supported by such evidence as TCI may direct. On the first day of each month, V/S shall submit to TCI a detailed requisition of the work performed during the preceding month together with a release for payments received, a waiver of lien for work performed, and proof of payment for obligations incurred.

7. This PO shall include all necessary shop drawings, samples, catalog cuts, tests and reports. Shop drawings must be numbered, dated and marked to indicate the name of the project and a description of the work.

8. V/S warrants and guarantees control of all patented devices, processes, materials and/or equipment used in connection with the PO and shall indemnify and hold TCI harmless against all suits and claims and shall pay all costs, expenses, damages and/or judgements incurred in connection therewith.

9. TCI may withhold as retainage 10% of all sums due V/S. TCI may also withhold payment to the extent reasonably necessary to protect TCI from any loss because of: defective work not remedied; failure of V/S to make payments for obligations incurred; reasonable evidence that the work cannot be completed for the unpaid PO balance; delay or damage caused by V/S; failure of V/S to carry out the work in accordance with the construction documents.

10. In the event of Owner insolvency, V/S agrees to finally exhaust all lien remedies before seeking payment from TCI. Any amount thereafter owing to V/S shall be paid in three (3) equal annual installments without interest.

11. Final payment shall be made when V/S has fully completed the work in accordance with the construction documents and the work has been approved and accepted by Owner, and V/S has submitted to TCI an affidavit setting forth its unpaid obligations together with a general release and waivers of lien covering work performed.

12. If a lien is filed by a vendor/subcontractor, supplier, employee, workman or another claiming nonpayment by V/S, then V/S shall promptly bond or remove such lien. If V/S fails to do so, TCI may bond off said lien and withhold the costs associated therewith including reasonable attorneys' fees and disbursements from V/S's payment.

13. TCI and Owner may order changes in the work. Change orders and extra work orders shall not be binding on TCI until approved in writing by Owner. If any unit prices are given in this PO, then to the extent possible, changes and extra work shall be valued according to such unit prices. For changes and extras, V/S shall be paid only the actual amount approved and paid therefor by Owner.

14. V/S agrees to make no claim against TCI for damages for delay, interference, suspension or any other hindrance in the performance of the work and agrees that any such claim shall be fully compensated by an extension of time.

15. TCI may direct the timing, order, sequence and continuity of the PO work. Time is of the essence regarding V/S's performance pursuant to this PO. TCI may suspend or interrupt the work of V/S without adjustment to the PO price. V/S shall proceed with the work and maintain satisfactory progress while any claim or dispute is being resolved. Failure of V/S to so proceed shall constitute a material breach of this PO regardless of whether V/S was correct in its contentions.

16. TCI may terminate this PO for cause if V/S: fails to supply enough properly skilled workers or proper materials; fails to protect its work; fails to make timely payment for obligations incurred; disregards laws, ordinances, rules or regulations governing its work; or is otherwise guilty of a material breach of this PO.

17. If V/S is terminated for cause, TCI may take possession of V/S's materials, equipment, and tools and complete the PO work by any reasonable means. V/S shall not be entitled to receive further payment until the PO work is fully completed and accepted and TCI has been paid in full therefor. V/S shall be responsible for all costs in excess of the PO price. If it shall be determined that a termination for cause by TCI was not for cause, then the termination shall be deemed to have been for convenience and any amounts due V/S shall be determined accordingly.

18. TCI may terminate this PO in whole or in part for its convenience without cause, provided TCI shall pay V/S for all work performed and materials purchased up to the date of termination. In the event of termination together with an amount to cover direct costs and expenses of such unfurnished material. Unless otherwise specified, no material and/or equipment shall be released or fabricated without TCI's prior written approval.

19. V/S shall pay, without limitation, all taxes, contributions and premiums under workmen's compensation laws, unemployment compensation laws, Federal Social Security Act, health and welfare benefit plans, gross business taxes, sales, and use taxes and any other taxes, contributions and premiums which may become payable by operation of law or contract.

20. To the fullest extent permitted by law, V/S shall indemnify and hold TCI harmless from claims, damages, losses and expenses, including attorneys' fees and disbursements, arising out of or relating to the performance of this PO, provided the same is caused in whole or in part by V/S or its suppliers, agents, employees or someone for whose acts or omissions any of them might be liable.

21. In addition to workmen's compensation coverage, V/S shall maintain general liability insurance coverage for bodily injury and property damage in such forms and in such amounts as required by the prime contract. All insurance policies shall name Owner and TCI as additional insureds. Certificates of insurance shall be furnished to TCI prior to commencing performance and shall contain a provision that such policies will not be canceled until at least 30 days written notice has been given to TCI. To the fullest extent permitted by law, V/S waives all rights, present and future, of subrogation against TCI and Owner. If V/S or its insurer is or becomes subrogated to any claim, then it shall exercise such rights against the vendor/subcontractor(s), if any, responsible for the loss, but not against TCI or Owner.

22. A breach of this PO may at the option of TCI be considered a breach of all agreements then existing between the parties or related parties and TCI may withhold payments due or to become due under any such agreement and apply the same toward damages suffered on account of this PO or any other such agreement.

23. No action or proceeding arising out of or relating to this PO shall be commenced or maintained against TCI unless such action or proceeding is commenced within one year after the day a final certificate of occupancy is issued or the last day on which V/S performed work at the site or delivered material to the site, whichever occurs last. TCI shall not be required to participate in any action or proceeding in any court except the courts of the State and City of New York located in the County of New York, or the United States District Court for the Southern District of New York. V/S consents to the jurisdiction of said courts in any action or proceeding arising out of or relating to this PO. This PO shall be construed in accordance with the laws of the State of New York.

24. Notwithstanding anything herein to the contrary, TCI may, at its sole option, demand arbitration of any dispute or claim arising out of or relating to this PO pursuant to the Construction Rules of the American Arbitration Association. If TCI is required by the prime contract to arbitrate or submit to an alternative dispute resolution forum any dispute or claim with Owner or another party and such dispute or claim involves the PO work, then V/S shall, at TCI's option, participate in the prosecution or defense of such dispute or claim, provide notices and furnish information within the time required by the prime contract, share in the legal costs associated with the prosecution or defense, and be bound by the results of the arbitration or alternative dispute resolution forum. The final determination of any such dispute resolution procedure shall be a condition precedent to the V/S's right to commence or maintain any action or proceeding against TCI.

# BARTEC INDUSTRIES, INC.

P.O. BOX 356 – LITTLE FALLS, NJ 07424                 (973) 256-9262

Trataros Construction Inc.
664 64th Street                    PROPOSAL (UL)
Brooklyn, NY 11220

                                   DATE: May 8, 2000          RECEIVED
ATTN: RAMESH                                                   5-8-00

FAX: 646-935-0757                  PROJECT: Baruck Academic Complex Site B
                                            Floor Leveling
We propose to furnish and install within the above mentioned project
the following: Portland Cement Based Floor Underlayment System, Con-flow
system by Conspec and/or E-945 system by Boiardi. Thickness as required
and directed by Construction Manager.
The areas of work are defined as follows: Concrete Substrate, floors 1-14
as directed. Price includes shooting floor elevations on a 5 ft. grid and
providing an O.E. when required. Price does not include elevator or hois
TERMS AND CONDITIONS:              charges. These are to be provided by others.
  a) All floors to receive underlayment must be prepared by others
     immediately prior to commencement of our work as follows:
     1) All areas are to be broomed and/or vacuumed removing all
        loose material, including dust.
     2) All areas are to be sound and free of substances that would
        impair adhesion, e.g. oil, grease, chemicals, curing
        compounds, etc.
     3) All areas are to be examined and all holes, voids, joints,
        etc. must be sealed.

  b) All necessary light, power, heat and water without charge.

     1) Substrate must be 32°F and rising.
     2) Water must be clean and potable and be of constant pressure
        to maintain job schedule. (1" line and min. quantity of 50
        gallons per minute)

  c) The site must be able to accommodate the delivery and placing of
     material and equipment.

  d) We must be provided sufficient notice to mobilize and secure
     materials called for in our proposal.

  e) Areas to be covered will be made available so that the application
     will be continuous. Any interruption causing time delay shall be
     charged to the General Contractor at cost plus 10% overhead.

  f) Total installation will be accomplished in an orderly and
     expedient manner. Payment will be made to BARTEC as specified in
     Schedule of Payment, item g, since normal pay periods can not be
     in effect for this work.

  g) Schedule of Payment: Work will be billed at a unit bag price installe
     of $47.00 per bag. Billing will be done on a weekly basis and payment
     will be made on a 30-day cycle. Payments will be issued on or about 15
     days after receipt from owner

NOTE: The underlayment material is free flowing and will run through
small voids and openings. The run-through can cause damage, staining of
ceilings and walls of the floor below and or reflect voids in the
underlayment after it cures that may require patching at additional cost.

                              Respectfully Submitted,
                              BARTEC INDUSTRIES, INC.

                              By  Craig Negus
Accepted _____      Craig Negus
Firm     _____  This proposal is subject to acceptance
By       _____  and approval be officers of both
                              parties before becoming a contract.

                              BY _____
                                                        20___

NOTE: Material will be handled and loaded by full pallets approx. 2500 lbs.
42"x42" Access and clear passage must be provided from street to elevator
for use of pallet jack and/or forklift. A lockable room with electricity
will be provided by others for storage of equipment & charging of batteries