UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRAVELERS CASUALTY AND SURETY
COMPANY as Administrator for RELIANCE
INSURANCE COMPANY,

            Plaintiff,

-against-

DORMITORY AUTHORITY – STATE OF
NEW YORK, TDX CONSTRUCTION CORP.
and KOHN PEDERSON, FOX ASSOCIATES,
P.C.,

            Defendants.
----------------------------------------------------------X
DORMITORY AUTHORITY OF THE STATE
OF NEW YORK AND TDX CONSTRUCTION
CORP.,

            Third-Party Plaintiffs,

-against-

TRATAROS CONSTRUCTION, INC.,

            Third-Party Defendant.
----------------------------------------------------------X
TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY AND SURETY
COMPANY,

            Fourth-Party Plaintiffs,

-against-

CAROLINA CASUALTY INSURANCE
COMPANY, Et Al.

            Fourth-Party Defendants.
----------------------------------------------------------X

Case No. 07-CV-6915(DLC)
ECF Case

**REPLY DECLARATION OF JOHN P. De FILIPPIS IN FURTHER SUPPORT OF THE MOTION TO DISMISS THE FOURTH-PARTY COMPLAINT AGAINST FOURTH-PARTY DEFENDANT UNITED STATES FIRE INSURANCE COMPANY PURSUANT TO FED. R. CIV. P. 12(b)(6)**

I, John P. De Filippis, declare as follows:

1. I am an Associate of the law firm of Carroll, McNulty & Kull LLC, attorneys for Fourth-Party Defendant, United States Fire Insurance Company ("U.S. Fire"). I submit this Declaration in further support of U.S. Fire's Fourth-Party Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the claims set forth against it in the Fourth-Party Complaint of Trataros Construction Inc. ("Trataros") and Travelers Casualty and Surety Company ("Travelers") (collectively "Trataros").

2. Fourth-Party Defendant Bartec Industries, Inc.'s ("Bartec") July 20, 2005 Response to Travelers and Trataros' Production of Documents, filed during discovery in the 2004 Action before Judge Baer, included various attached documents and records as Exhibits thereto. Exhibit "A" to Bartec's disclosure included Bartec's Proposal to Trataros, which is dated May 8, 2000, and Trataros' responsive Purchase Order No. 16780, dated May 12, 2000, and executed on June 10, 2000 by Bartec and on June 28, 2000 by Trataros. A true and correct copy of Fourth-Party Defendant Bartec's July 20, 2005 Response to Travelers and Trataros' Production of Documents, including the relevant attached documents, filed in the 2004 Action is annexed hereto as Exhibit "A."

3. Based upon all of the Declarations and Memoranda filed by the parties in connection with this Motion to Dismiss, as well as upon documents previously exchanged amongst the parties hereto, the undisputed facts are as follows:

- The concrete floor slabs "were installed by a co-prime contractor of DASNY other than Trataros." Memorandum of Law In Opposition ("Trataros Mem."), p. 8.

- Trataros subcontracted the floor-leveling work to Bartec. This work was not initially part of Contract No. 16, but was added to the Contract by DASNY "via change order

1

during the Project's construction" due to "irregularities" in the concrete slab installed by another prime contractor. Id. at p. 9.

- The change order in question was executed by Trataros on April 16, 2000, and authorized by TDX on behalf of DASNY on April 19, 2000. Declaration of Eli J. Rogers ("Rogers Dec."), Exhibit "L."

- Bartec submitted a Proposal for its services to Trataros on or about May 8, 2000. Reply Declaration of John P. De Filippis ("De Filippis Reply Dec."), Exhibit "A."

- Trataros' responsive Purchase Order No. 16780, dated May 12, 2000, was executed on June 10, 2000 by Bartec and on June 28, 2000 by Trataros. Id.

- Bartec used materials manufactured and/or supplied by Dayton Superior Specialty Chemical Corp. a/k/a Dayton Superior Corporation ("Dayton'). Trataros Mem., p. 8.

- Trataros contracted with G.M. Crocetti, Inc. ("Crocetti") for "installation of a portion of the Project's epoxy terrazzo flooring system." Id.

- "Crocetti used materials manufactured and/or supplied by Specialty Construction Brands, Inc. t/a TEC." Id.

- Comprehensive General Liability ("CGL") Policy Number 5031690768, issued by U.S. Fire to Trataros, was in effect for the period April 1, 1998 to April 1, 2000[1] (the "Trataros Policy"). Declaration of John P. De Filippis ("De Filippis Aff."), Exhibit "N."

- Crocetti's performed its installation work relative to the epoxy terrazzo flooring system between September 20, 2000 and February 12, 2003. De Filippis Aff, Exhibit "B."

---

[1] The termination date of the Trataros Policy was previously inadvertently described as April 1, 1999.

2

- On November 20, 2001, Travelers and Trataros entered into General Agreement of Indemnification ("GAI"). The contract was executed by the two principals of Trataros, Costas Trataros and Joanna Trataros. The Trataros' address and telephone number appears on the signature page. See Exhibit "3" to the Affidavit of John Scarpellino, Sr., Rogers Dec., Exhibit "E".

- By letter dated March 7, 2003, TDX supplied Trataros with an expert's report revealing the extensive debonding of the terrazzo system. See De Filippis Aff., Exhibit "C." Specifically, TDX informed Trataros that during an investigation performed by Testwell Laboratories ("Testwell") problems with the epoxy membrane were which suggested potential failure of the terrazzo system.

- In this correspondence, TDX also informed Trataros that "this serious matter deserves your full cooperation, due to the potential repercussions of what has been found to date, plus the extent of the affected areas," id., and that Trataros, as general contractor, would "be held responsible for all conditions, should final analysis show G.M. Crocetti's system failure was due to poor workmanship; not to mention the potential problems posed by the underlayment subcontractor, Bartec, and its recommended product, Conflow, for floor-leveling." Id.

- On June 28, 2004, Travelers and Trataros commenced a lawsuit against DASNY, TDX, and Kohn Pederson Fox Associates, P.C. ("KPF"). De Filippis Aff. as Exhibit "F."

- On or about August 4, 2004, DASNY commenced a third-party action against Trataros and Travelers, in connection with alleged "construction defects," and substandard work

3

performed by Trataros in breach of their contractual obligations as to the terrazzo flooring system. De Filippis Aff. as Exhibit "G."

- On or about March 30, 2005, RiverStone Claims Management, L.L.C. ("RiverStone"), on behalf of U.S. Fire, was first informed of Trataros' claims for coverage when it first received copies of the Amended Fourth-Party Complaint and related pleadings in the 2004 Action. De Filippis Aff., Exhibit "L."

4. As set forth above, this dispute was originally commenced by Trataros in June 2004. In September 2005, the 2004 Action was voluntarily discontinued by the parties without prejudice to afford the parties the opportunity to mediate the claims herein. A copy of the Stipulation of Dismissal Without Prejudice dated September 23, 2005 is annexed hereto as Exhibit "B." After this action was refiled in 2007, Trataros voluntarily dismissed its claims against U.S. Fire under a separate policy issued to Crocetti on the basis that the policy had expired prior to any work being performed by the insured. De Filippis Aff., Exhibit "A." The same issue exists herein under the Trataros Policy. Essentially, since mid-2004, the parties to this action have never established any damage arising out of an occurrence for which U.S. Fire bears coverage responsibilities. Thus, all claims, cross claims and/or counterclaims against U.S. Fire must be dismissed herein.

I declare under the penalties of perjury that the foregoing is true and correct.

Executed this 24th day of March, 2008, at New York, New York.

John P. De Filippis (JD2075)
E-Mail: *jdefilippis@cmk.com*

4