# O'CONNOR REDD LLP

ATTORNEYS AND COUNSELORS AT LAW
**200 MAMARONECK AVENUE**
**WHITE PLAINS, NEW YORK 10601**
TELEPHONE (914) 686-1700
TELECOPIER (914) 328-3184

STEVEN M. O'CONNOR*
JOSEPH T. REDD+
JOSEPH A. ORLANDO*
JEREMY D. PLATEK
VINCENT M. LYONS++

JOHN P. GRILL *
APRIL J. LAWS**
STEVEN R. LAU***
RICHARD T. O'BRIEN++
JENNIFER M. YANDOLI
KIMBERLY D. STEVENSON
KEVIN PAGE>
ALAK SHAH<
JAMES S. ANDES, II

*MEMBER NY & CT BARS
**MEMBER NY & DC BARS
+MEMBER NY & CO BARS
++MEMBER NY & CA BARS
++MEMBER NY & NJ BARS
>MEMBER CT BAR/AWAITING ADMISSION TO NY BAR
<MEMBER NJ BAR/AWAITING ADMISSION TO NY BAR

CONNECTICUT OFFICE:
304 Federal Road, Suite 316
Brookfield, Connecticut 06804

DIRECT ALL CORRESPONDENCE TO NY OFFICE

**MEMO ENDORSED**

March 20, 2008


RECEIVED
MAR 25 2008
CHAMBERS OF
DENISE COTE

Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 1040
New York, New York 10007

Re: TRAVELERS CASUALTY v. DASNY v. TRATAROS CONSTR. v. BARTEC INDUSTRIES, et al
Civil Action No.: 07-CV-6915 (DLC)

Dear Judge Cote:

This firm represents third-party defendant Bartec Industries, Inc. ("Bartec")

I write to request a ruling in a discovery dispute that has arisen in this matter.

As your Honor is aware, this is a large litigation which involves numerous factual claims against numerous parties.

The claims made against Bartec are limited to its alleged negligence in its installation of a self leveling floor fill from the 3rd floor through the 14th floor at Baruch College. Crocetti (a non-party) also installed self leveler on the project.

It is crucial, in order for Bartec to defend itself in this matter, that it be able to determine exactly where it performed its work. According to Bartec, there were detailed drawings created during the project that indicated where Bartec and where Crocetti installed their self leveler.

As such, in an effort to streamline my discovery demand, I served a three question demand for documents which requested "copy(ies) of any floor plans, drawings, schematics, or other paperwork specifying" areas where Batrtec installed self leveler, areas where Crocetti installed self leveler and areas where was installed directly on concrete slab.

Prior to this matter having been discontinued for the mediation process, I had served

Honorable Denise L. Cote
TRAVELERS CASUALTY v. DASNY
Civil Action No.: 07-CV-6915 (DLC)
March 20, 2008
Page 2

identical demands and received in response an invitation from Traveleres/Trataros to review nearly 100 bankers' boxes of documents. I declined their invitation to search the haystack since there is no doubt that only a very small percentage of the documents which I was invited to review have anything whatsoever to do with flooring, much less Bartec's role at the project.

In anticipation of receiving the very same invitation, on February 29, 2008, I wrote Ms. Bonacci and stated that if it was her client's intent to simply refer to the 96 bankers' boxes in Travelers/Trataros' responses, and not produce the requested documentation, to let me know promptly so that I could seek a Court ruling, as you had directed at the last conference. Lo, and behold, yesterday I received Travelers/Trataros' response to my three document demands and, once again, I have been invited to inspect 96 boxes of documents.

By letter, Ms. Bonacci indicates that its is her obligation only to produce documents as they were kept in the ordinary course of business or organized and labeled to correspond with the categories in the request. (See attached) Her reference to other parties discovery responses is misleading since Trataros is the entity that supervised Bartec at the project and, according to Bartec, is in possession of the requested documents.

Here, I have served limited discovery in an effort to get to the heart of the matter and Ms. Bonacci has offered a highly burdensome manner for receiving that discovery.

Rule 34 explicitly provides that the Court can order production of documents in a manner other than that proposed by Ms. Bonacci.

It is Ms. Bonacci's clients that bear the burden in this case to prove that the problems with the flooring emanated from Bartec's work. To the extent they have a claim, they should produce the documentation to support that claim, rather than force Bartec to incur the substantial costs of reviewing voluminous, and, what are likely to be mostly, irrelevant documentation.

Accordingly, I seek a ruling that would Order Travelers/Trataros to provide the requested floor plans, drawings and/or schematics, or state that they are not in possession of same.

*When the parties have met and conferred, they may bring any remaining discovery dispute to the Court's attention.*

Very truly yours,
O'CONNOR REDD LLP

By: Jeremy D. Platek

*Denise Cote*
*March 25, 2008*

JDP:jp
Attachment

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/25/08