UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

TRAVELERS CASUALTY AND SURETY COMPANY
as Administrator for RELIANCE INSURANCE
COMPANY,

                         Plaintiff,

      -against-

DORMITORY AUTHORITY – STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN PEDERSEN
FOX ASSOCIATES, P.C.,

                     Defendants.

-------------------------------------------------------------------------X

DORMITORY AUTHORITY – STATE OF NEW YORK
and TDX CONSTRUCTION CORP.,

                Third-Party Plaintiffs,

      -against-

TRATAROS CONSTRUCTION, INC.,

                Third-Party Defendant.

-------------------------------------------------------------------------X

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

                Fourth-Party Plaintiffs,

      -against-

CAROLINA CASUALTY INSURANCE COMPANY,
BARTEC INDUSTRIES, INC., DAYTON SUPERIOR
SPECIALTY CHEMICAL CORP. a/k/a DAYTON
SUPERIOR CORPORATION, SPECIALTY
CONSTRUCTION BRANDS, INC. t/a TEC, KEMPER
CASUALTY INSURANCE COMPANY d/b/a KEMPER
INSURANCE COMPANY, GREAT AMERICAN
INSURANCE COMPANY, NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA,
UNITED STATES FIRE INSURANCE COMPANY,
ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.
f/k/a COMMERCIAL UNDERWRITERS INSURANCE
COMPANY, ZURICH AMERICAN INSURANCE
COMPANY d/b/a ZURICH INSURANCE COMPANY,
OHIO CASUALTY INSURANCE COMPANY d/b/a OHIO
CASUALTY GROUP, HARLEYSVILLE MUTUAL
INSURANCE COMPANY (a/k/a HARLEYSVILLE
INSURANCE COMPANY), JOHN DOES 1-20 and
XYZ CORPS. 1-20,

                Fourth-Party Defendants.

-------------------------------------------------------------------------X

07 Civ. 6915 (DLC)
**ECF CASE**

**THIRD-PARTY
ANSWER, CROSS-
CLAIM and
<u>COUNTERCLAIM</u>**

*JURY TRIAL
DEMANDED*

------------------------------------------------------------------------X
KOHN PEDERSEN FOX ASSOCIATES, P.C.,

                    Third-Party Plaintiff,

      -against-

WEIDLINGER ASSOCIATES CONSULTING
ENGINEERS, P.C., CASTRO-BLANCO PISCIONERI
AND ASSOCIATES, ARCHITECTS, P.C.,
ARQUITECTONICA NEW YORK, P.C., COSENTINI
ASSOCIATES, INC., CERMAK PETERKA PETERSEN,
INC., JORDAN PANEL SYSTEMS CORP., TRATAROS
CONSTRUCTION, INC. and LBL SKYSYSTEMS
(U.S.A.), INC.,
                    Third-Party Defendants.
------------------------------------------------------------------------X

        Third-party defendant Cosentini Associates, Inc. ("Cosentini"), by its

attorneys, L'Abbate, Balkan, Colavita & Contini, L.L.P., as and for its Answer to the Third-

Party Complaint of Kohn Pedersen Fox Associates, P.C. ("KPF"), states upon information

and belief as follows:

        1.     Denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraphs "1", "2", "3" and "4" of the Third-

Party Complaint.

        2.     Denies each and every allegation contained in paragraph "5" of the

Third-Party Complaint, except admits that Cosentini was, and still is, a New York

corporation with its principal place of business located at 2 Penn Plaza, New York, New

York, which provided certain consulting engineering services in connection with the

construction project that is the subject of the within action.

3.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "6", "7", "8" and "9" of the Third-Party Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "10" of the Third-Party Complaint and refers all questions of law to the Court.

5.      Denies each and every allegation contained in paragraph "11" of the Third-Party Complaint as they pertain to third-party defendant Cosentini, however, denies having knowledge or information sufficient to form a belief as to the truth of all remaining allegations asserted therein.

6.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Third-Party Complaint.

7.      Denies each and every allegation contained in paragraph "13" of the Third-Party Complaint and refers to Cosentini's contract for  its exact terms and conditions.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraphs "14", "15" and "16" of the Third-Party Complaint.

9.      Denies each and every allegation contained in paragraph "17" of the Third-Party Complaint as they pertain to third-party defendant Cosentini, however, denies

- 3 -

having knowledge or information sufficient to form a belief as to the truth of all remaining allegations asserted therein.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraphs "18", "19", "20" and "21" of the Third-Party Complaint.

11.    Denies each and every allegation contained in paragraph "22" of the Third-Party Complaint as they pertain to third-party defendant Cosentini, however, denies having knowledge or information sufficient to form a belief as to the truth of all remaining allegations asserted therein.

## AS TO THE FIRST CLAIM FOR RELIEF

12.    In response to paragraph "23" of the Third-Party Complaint, Cosentini repeats, reiterates and realleges each and every answer to paragraphs "1" through "22" of the Third-Party Complaint as though fully set forth herein.

13.    Denies each and every allegation contained in paragraphs "24", "25", "26" and "27" of the Third-Party Complaint as they pertain to third-party defendant Cosentini, however, denies having knowledge or information sufficient to form a belief as to the truth of all remaining allegations asserted therein.

## AS TO THE SECOND CLAIM FOR RELIEF

14.    In response to paragraph "28" of the Third-Party Complaint, Cosentini

- 4 -

repeats, reiterates and realleges each and every answer to paragraphs "1" through "27" of the Third-Party Complaint as though fully set forth herein.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "29" of the Third-Party Complaint.

16.    Denies each and every allegation contained in paragraphs "30", "31" "32", "33" and "34" of the Third-Party Complaint as they pertain to third-party defendant Cosentini, however, denies having knowledge or information sufficient to form a belief as to the truth of all remaining allegations asserted therein.

## AS TO THE THIRD CLAIM FOR RELIEF

17.    In response to paragraph "35" of the Third-Party Complaint, Cosentini repeats, reiterates and realleges each and every answer to paragraphs "1" through "34" of the Third-Party Complaint as though fully set forth herein.

18.    Denies each and every allegation contained in paragraph "36" of the Third-Party Complaint and refers to Cosentini's contract for its exact terms and conditions.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "37" of the Third-Party Complaint.

20.    Denies each and every allegation contained in paragraph "38" of the Third-Party Complaint and refers to Cosentini's contract for its exact terms and

conditions.

21.    Denies each and every allegation contained in paragraphs "39", "40" and "41" of the Third-Party Complaint as they pertain to third-party defendant Cosentini, however, denies having knowledge or information sufficient to form a belief as to the truth of all remaining allegations asserted therein.

## AS TO THE FOURTH CLAIM FOR RELIEF

22.    In response to paragraph "42" of the Third-Party Complaint, Cosentini repeats, reiterates and realleges each and every answer to paragraphs "1" through "41" of the Third-Party Complaint as though fully set forth herein.

23.    Denies each and every allegation contained in paragraph "43" of the Third-Party Complaint and refers to Cosentini's contract for  its exact terms and conditions.

24.    Denies each and every allegation contained in paragraphs "44", "45", "46", "47" and "48" of the Third-Party Complaint as they pertain to third-party defendant Cosentini, however, denies having knowledge or information sufficient to form a belief as to the truth of all remaining allegations asserted therein.

## AS TO THE FIFTH CLAIM FOR RELIEF

25.    In response to paragraph "49" of the Third-Party Complaint, Cosentini repeats, reiterates and realleges each and every answer to paragraphs "1" through "48" of

the Third-Party Complaint as though fully set forth herein.

      26.    Denies each and every allegation contained in paragraph "50" of the Third-Party Complaint and refers to Cosentini's contract for its exact terms and conditions.

      27.    Denies each and every allegation contained in paragraph "51" of the Third-Party Complaint, except admits that Cosentini performed its services in accordance with good and acceptable engineering principles and within the requisite standard of care.

      28.    Denies each and every allegation contained in paragraphs "52" and "53" of the Third-Party Complaint as they pertain to third-party defendant Cosentini, however, denies having knowledge or information sufficient to form a belief as to the truth of all remaining allegations asserted therein.

## AS TO THE SIXTH CLAIM FOR RELIEF

      29.    In response to paragraph "54" of the Third-Party Complaint, Cosentini repeats, reiterates and realleges each and every answer to paragraphs "1" through "54" of the Third-Party Complaint as though fully set forth herein.

      30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraphs "55", "56", "57", "58" and "59" of the Third-Party Complaint.

## AS TO THE SEVENTH CLAIM FOR RELIEF

31.    In response to paragraph "60" of the Third-Party Complaint, Cosentini repeats, reiterates and realleges each and every answer to paragraphs "1" through "59" of the Third-Party Complaint as though fully set forth herein.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraphs "61", "62", "63", "64", "65", "66", "67" and "68" of the Third-Party Complaint.

## AS TO THE EIGHTH CLAIM FOR RELIEF

33.    In response to paragraph "69" of the Third-Party Complaint, Cosentini repeats, reiterates and realleges each and every answer to paragraphs "1" through "68" of the Third-Party Complaint as though fully set forth herein.

34.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraphs "70", "71" and "72" of the Third-Party Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

35.    The Third-Party Complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

36.     Third-party plaintiff KPF may not maintain each of its alleged causes of action since they are barred by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

37.     Third-party plaintiff KPF may not maintain each of its alleged causes of action since it is barred by the applicable principles of waiver and estoppel.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

38.     Third-party plaintiff KPF is barred from seeking all or part of its damages sought in this lawsuit as a result of its failure to mitigate the damages allegedly sustained.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

39.     Any damages sustained by the plaintiff and third-party plaintiff KPF were not caused by any negligence, carelessness and/or culpable conduct on the part of Cosentini, its servants, agents or employees, but were caused solely or in part by the negligence, carelessness and/or culpable of the plaintiff and third-party plaintiff KPF, and that such conduct requires diminution of any award, verdict or judgment herein to the extent and degree of such conduct or is a complete bar to any recovery by the plaintiff and third-party plaintiff KPF.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

40.    The damages allegedly sustained by the plaintiff and third-party plaintiff KPF were not caused by any negligence, carelessness, culpable conduct or breach of duty on the part of Cosentini, its servants, agents or employees, but were caused by reason of the carelessness, negligence, culpable conduct and/or breach of duty of third parties, their servants, agents or employees over whom this answering third-party defendant had no control, and that the amount of damages recovered from Cosentini, if any, shall therefore be diminished in proportion to which said carelessness, negligence, culpable conduct and/or breach of duty attributable to third parties, their servants, agents or employees bear to the culpable conduct which caused the damages alleged.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

41.    The services rendered by Cosentini were not the proximate cause of the plaintiff's and third-party plaintiff KPF's alleged damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

42.    Plaintiff's and third-party plaintiff KPF's damages, if any, were sustained as a result of intervening causes which were out of the control of Cosentini and not the result of the conduct, acts or omissions of Cosentini.  By virtue of said intervening causes, the plaintiff's and third-party plaintiff KPF's damages were not proximately caused by Cosentini and, therefore, the claim against Cosentini should be dismissed.

- 10 -

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

43.    Plaintiff's and third-party plaintiff KPF's damages, if any, were sustained as a result of superseding causes which were out of the control of Cosentini and not the result of the conduct, acts or omissions of Cosentini. By virtue of said superseding causes, the plaintiff's and third-party plaintiff KPF's damages were not proximately caused by Cosentini and, therefore, the claim against Cosentini should be dismissed.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

44.    The Third-Party Complaint is barred in whole or in part due to third-party plaintiff KPF's failure to perform all of its contractual condition precedents.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

45.    This answering third-party defendant will rely upon and incorporate by reference any and all affirmative defenses asserted or entitled to be asserted by the co-third-party defendants in their respective answers to third-party plaintiff KPF's Third-Party Complaint.

**AS AND FOR A COUNTERCLAIM AGAINST THIRD-PARTY PLAINTIFF KOHN PEDERSEN FOX ASSOCIATES, P.C., and A CROSS-CLAIM AGAINST DEFENDANTS DORMITORY AUTHORITY – STATE OF NEW YORK and TDX CONSTRUCTION CORP., FOURTH-PARTY DEFENDANTS CAROLINA CASUALTY INSURANCE COMPANY, BARTEC INDUSTRIES, INC., DAYTON SUPERIOR SPECIALTY CHEMICAL CORP. a/k/a DAYTON SUPERIOR CORPORATION, SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC, KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, UNITED STATES FIRE INSURANCE COMPANY, ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. f/k/a COMMERCIAL UNDERWRITERS INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY d/b/a ZURICH INSURANCE COMPANY, OHIO CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP, HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a HARLEYSVILLE INSURANCE COMPANY), JOHN DOES 1-20 and XYZ CORPS. 1-20, and THIRD-PARTY DEFENDANTS WEIDLINGER ASSOCIATES CONSULTING ENGINEERS, P.C., CASTRO-BLANCO PISCIONERI AND ASSOCIATES, ARCHITECTS, P.C., ARQUITECTONICA NEW YORK, P.C., CERMAK PETERKA PETERSEN, INC., JORDAN PANEL SYSTEMS CORP., TRATAROS CONSTRUCTION, INC. and LBL <u>SKYSYSTEMS (U.S.A.), INC.</u>**

46.     If the plaintiff and third-party plaintiff KPF sustained damages in the manner alleged in the Complaint and Third-Party Complaint, all of which is denied by Cosentini, such damages were caused in whole or in part by the negligence, carelessness, culpable conduct and/or breach of duty of the third-party plaintiff KPF, defendants Dormitory Authority – State of New York and TDX Construction Corp., fourth-party defendants Carolina Casualty Insurance Company, Bartec Industries, Inc., Dayton Superior Specialty Chemical Corp. a/k/a Dayton Superior Corporation, Specialty Construction Brands, Inc. t/a Tec, Kemper Casualty Insurance Company d/b/a Kemper Insurance Company, Great American Insurance Company, National Union Fire Insurance

Company of Pittsburgh, PA, United States Fire Insurance Company, Allied World Assurance Company (U.S.) Inc. f/k/a Commercial Underwriters Insurance Company, Zurich American Insurance Company d/b/a Zurich Insurance Company, Ohio Casualty Insurance Company d/b/a Ohio Casualty Group, Harleysville Mutual Insurance Company (a/k/a Harleysville Insurance Company), John Does 1-20 and XYZ Corps. 1-20, and third-party defendants Weidlinger Associates Consulting Engineers, P.C., Castro-Blanco Piscioneri and Associates, Architects, P.C. Arquitectonica New York, P.C., Cermak Peterka Petersen, Inc., Jordan Panel Systems Corp., Trataros Construction, Inc. and LBL Skysystems (U.S.A.), Inc., and of third parties who are not parties to this action, with no negligence, carelessness, culpable conduct and/or breach of duty on the part of Cosentini contributing thereto.

47.    By reason of the foregoing, Cosentini is entitled to full common law indemnity/contractual indemnity and/or contribution from, and to judgment over and against the third-party plaintiff KPF, defendants Dormitory Authority – State of New York and TDX Construction Corp., fourth-party defendants Carolina Casualty Insurance Company, Bartec Industries, Inc., Dayton Superior Specialty Chemical Corp. a/k/a Dayton Superior Corporation, Specialty Construction Brands, Inc. t/a Tec, Kemper Casualty Insurance Company d/b/a Kemper Insurance Company, Great American Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, United States Fire Insurance Company, Allied World Assurance Company (U.S.) Inc. f/k/a Commercial Underwriters Insurance Company, Zurich American Insurance Company d/b/a Zurich Insurance Company, Ohio Casualty Insurance Company d/b/a Ohio Casualty Group,

Harleysville Mutual Insurance Company (a/k/a Harleysville Insurance Company), John Does 1-20 and XYZ Corps. 1-20, and third-party defendants Weidlinger Associates Consulting Engineers, P.C., Castro-Blanco Piscioneri and Associates, Architects, P.C. Arquitectonica New York, P.C., Cermak Peterka Petersen, Inc., Jordan Panel Systems Corp., Trataros Construction, Inc. and LBL Skysystems (U.S.A.), Inc. for all or any part of any verdict or judgment which any party to this action may recover against Cosentini, all determined in accordance with the relative culpability of each party liable herein.

### DEMAND FOR JURY

PLEASE TAKE NOTICE, that Cosentini hereby demands, pursuant to Rule 38 of the Federal Rules of Civil Procedure, a trial by jury of all issues.

WHEREFORE, third-party defendant Cosentini Associates, Inc. demands judgment:

(a) Dismissing third-party plaintiff Kohn Pedersen Fox Associates, P.C.'s Third-Party Complaint;

(b) On the counterclaim against third-party plaintiff KPF and cross-claim against defendants Dormitory Authority – State of New York and TDX Construction Corp., fourth-party defendants Carolina Casualty Insurance Company, Bartec Industries, Inc., Dayton Superior Specialty Chemical Corp. a/k/a Dayton Superior Corporation, Specialty Construction Brands, Inc. t/a Tec, Kemper Casualty Insurance Company d/b/a Kemper Insurance Company, Great American Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, United States Fire Insurance Company, Allied World Assurance Company (U.S.) Inc. f/k/a Commercial Underwriters Insurance Company, Zurich American Insurance Company d/b/a Zurich Insurance Company, Ohio Casualty Insurance Company d/b/a Ohio Casualty Group, Harleysville Mutual Insurance Company (a/k/a Harleysville Insurance Company), John Does 1-20 and XYZ Corps. 1-20,and third-party defendants

- 14 -

Weidlinger Associates Consulting Engineers, P.C., Castro-Blanco Piscioneri and Associates, Architects, P.C. Arquitectonica New York, P.C., Cermak Peterka Petersen, Inc., Jordan Panel Systems Corp., Trataros Construction, Inc. and LBL Skysystems (U.S.A.), Inc., awarding Cosentini common law indemnity/contractual indemnity and/or contribution and judgment over and against the above-named parties for all or any part of any verdict or judgment which any party to this action may recover against Cosentini, all determined in accordance with the relative culpability of each party liable herein; and

(c)     For the costs and disbursements of this action, along with such other, further and different relief as this Court deems just and proper.

DATED:    Garden City, New York
          March 26, 2008

Yours, etc.,

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.
Attorneys for Third-Party Defendant
Cosentini Associates, Inc.

By: _____
    MARTIN A. SCHWARTZBERG (MAS-6764)
    1001 Franklin Avenue, 3rd Floor
    Garden City, NY 11530
    (516) 294-8844

TO:  **SEE ATTACHED SERVICE LIST**

- 15 -

## SERVICE LIST

DREIFUSS, BONACCI & PARKER, LLP
Attorneys for Plaintiff TRAVELERS CASUALTY AND SURETY COMPANY
and 3rd-Party Defendant/4th-Party Plaintiff TRATAROS CONSTRUCTION, INC.
26 Columbia Turnpike, North Entrance
Florham Park, NJ  17932
(973) 514-1414

ZETLIN & DECHIARA, LLP
Attorneys for Defendant/3rd-Party Plaintiff KOHN PEDERSEN FOX ASSOCIATES, P.C.
801 Second Avenue
New York, NY  10017
(212) 682-6800

HOLLAND & KNIGHT, LLP
Attorneys for Defendant/3rd-Party Plaintiff THE DORMITORY AUTHORITY
OF THE STATE OF NEW YORK
195 Broadway
New York, NY 10007
(212) 513-3484

TORRE, LENTZ, GAMMELL, GARY & RITTMASTER, LLP
Attorneys for 4th-Party Defendant CAROLINA CASUALTY INSURANCE COMPANY
100 Jericho Quadrangle, Suite 309
Jericho, NY 11753
(516) 240-8900

THELEN REID BROWN RAYSMAN & STEINER LLP
Attorneys for 3rd-Party Defendant LBL SKYSYSTEMS (U.S.A.) INC.
875 Third Avenue
New York, NY 10022
(212) 603-6756

THE O'BRYAN LAW CENTER
Attorneys for 4th-Party Defendant BARTEC INDUSTRIES, INC.
401 South Woodward, Suite 320
Birmingham, MI 48009
(248) 258-6262

GOLDBERG SEGALLA, LLP
Attorneys for 4th-Party Defendant DAYTON SUPERIOR SPECIALTY CHEMICAL CORP.
170 Hamilton Avenue
White Plains, NY 10601

GOGICK, BYRNE & O'NEILL, LLP
Attorneys for 3rd-Party Defendants WEIDLINGER ASSOCIATES CONSULTING
ENGINEERS, P.C., CASTRO-BLANCO PISCIONERI AND ASSOCIATES,
ARCHITECTS, P.C. and ARQUITECTONICA NEW YORK, P.C.
11 Broadway, Suite 1560
New York, NY 10004-1314
(212) 422-9424

O'CONNOR & GOLDER, LLP
Attorneys for 3rd-Party Defendant JORDAN PANEL SYSTEMS CORP.
16 Rose Drive
Saylorsburg, PA 18353
(570) 619-4191

MOUND, COTTON, WOLLAN & GREENGRASS
Attorneys for 4th-Party Defendant ALLIED WORLD ASSURANCE CO.
One Battery Park Plaza, 9th Floor
New York, NY 10004
(212) 804-4200

TOMPKINS, McGUIRE, WACHENFELD & BARRY, LLP
Attorneys for 4th-Party Defendant KEMPER INSURANCE CO.
4 Gateway Center, 100 Mulberry Street
Newark, NJ 07012
(973) 622-3000

CARROLL, McNULTY & KULL
Attorneys for 4th-Party Defendant UNITED STATES FIRE INSURANCE CO.
570 Lexington Avenue, 10th Floor
New York, NY 10022
(212) 252-0004

SEGAL, McCAMBRIDGE, SINGER & MAHONEY
Attorneys for 4th-Party Defendant SPECIALTY CONSTRUCTION BRANDS, INC.
830 Third Avenue, 4th Floor
New York, NY 10022
(212) 651-7500

GENNET, KALLMANN, ANTIN & ROBINSON, P.C.
Attorneys for 4th-Party Defendant GREAT AMERICAN INSURANCE CO.
45 Broadway Atrium
New York, NY 10006
(212) 406-1919

MELITO & ADOLFSEN, P.C.
Attorneys for 4th-Party Defendant ZURICH AMERICAN INSURANCE CO.
233 Broadway
New York, NY 10279
(212) 238-8900

GREEN & LAVELLE
Attorney for 4th-Party Defendant NATIONAL UNION FIRE INSURANCE CO.
110 William Street, 18th Floor
New York, NY 10038
(212) 266-5880

MORGAN, MELHUISH, MONAGHAN, ARVIDSON, ABRUNTYN & LISOWSKI
Attorneys for 4th-Party Defendant OHIO CASUALTY INSURANCE CO.
39 Broadway, 35th Floor
New York, NY 10006
(212) 735-8600

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI, LLP
Attorneys for 4th-Party Defendant HARLEYSVILLE MUTUAL INSURANCE CO.
One Speedwell Avenue, P.O. Box 1981
Morristown, NJ 07962
(973) 451-8447

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NASSAU    )


    KAREN A. STAUDT, being duly sworn, deposes and says that deponent is not a party to the within action, is over 18 years of age and resides in Suffolk County, New York.

    That on the 26th day of March, 2008, deponent served the within THIRD-PARTY ANSWER, CROSS-CLAIM and COUNTERCLAIM upon:


### SEE ATTACHED SERVICE LIST


the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.


KAREN A. STAUDT


Sworn to before me this
26th day of March, 2008

Notary Public

MARTIN A. SCHWARTZBERG
Notary Public, State of New York
No. 02SC4959766
Qualified in Nassau County
Commission Expires December 11, 2009


- 19 -

## SERVICE LIST

DREIFUSS, BONACCI & PARKER, LLP
Attorneys for Plaintiff TRAVELERS CASUALTY AND SURETY COMPANY
and 3rd-Party Defendant/4th-Party Plaintiff TRATAROS CONSTRUCTION, INC.
26 Columbia Turnpike, North Entrance
Florham Park, NJ  17932
(973) 514-1414

ZETLIN & DECHIARA, LLP
Attorneys for Defendant/3rd-Party Plaintiff KOHN PEDERSEN FOX ASSOCIATES, P.C.
801 Second Avenue
New York, NY  10017
(212) 682-6800

HOLLAND & KNIGHT, LLP
Attorneys for Defendant/3rd-Party Plaintiff THE DORMITORY AUTHORITY
OF THE STATE OF NEW YORK
195 Broadway
New York, NY 10007
(212) 513-3484

TORRE, LENTZ, GAMMELL, GARY & RITTMASTER, LLP
Attorneys for 4th-Party Defendant CAROLINA CASUALTY INSURANCE COMPANY
100 Jericho Quadrangle, Suite 309
Jericho, NY 11753
(516) 240-8900

THELEN REID BROWN RAYSMAN & STEINER LLP
Attorneys for 3rd-Party Defendant LBL SKYSYSTEMS (U.S.A.) INC.
875 Third Avenue
New York, NY 10022
(212) 603-6756

THE O'BRYAN LAW CENTER
Attorneys for 4th-Party Defendant BARTEC INDUSTRIES, INC.
401 South Woodward, Suite 320
Birmingham, MI 48009
(248) 258-6262

GOLDBERG SEGALLA, LLP
Attorneys for 4th-Party Defendant DAYTON SUPERIOR SPECIALTY CHEMICAL CORP.
170 Hamilton Avenue
White Plains, NY 10601

GOGICK, BYRNE & O'NEILL, LLP
Attorneys for 3rd-Party Defendants WEIDLINGER ASSOCIATES CONSULTING
ENGINEERS, P.C., CASTRO-BLANCO PISCIONERI AND ASSOCIATES,
ARCHITECTS, P.C. and ARQUITECTONICA NEW YORK, P.C.
11 Broadway, Suite 1560
New York, NY  10004-1314
(212) 422-9424

O'CONNOR & GOLDER, LLP
Attorneys for 3rd-Party Defendant JORDAN PANEL SYSTEMS CORP.
16 Rose Drive
Saylorsburg, PA  18353
(570) 619-4191

MOUND, COTTON, WOLLAN & GREENGRASS
Attorneys for 4th-Party Defendant ALLIED WORLD ASSURANCE CO.
One Battery Park Plaza, 9th Floor
New York, NY 10004
(212) 804-4200

TOMPKINS, McGUIRE, WACHENFELD & BARRY, LLP
Attorneys for 4th-Party Defendant KEMPER INSURANCE CO.
4 Gateway Center, 100 Mulberry Street
Newark, NJ 07012
(973) 622-3000

CARROLL, McNULTY & KULL
Attorneys for 4th-Party Defendant UNITED STATES FIRE INSURANCE CO.
570 Lexington Avenue, 10th Floor
New York, NY 10022
(212) 252-0004

SEGAL, McCAMBRIDGE, SINGER & MAHONEY
Attorneys for 4th-Party Defendant SPECIALTY CONSTRUCTION BRANDS, INC.
830 Third Avenue, 4th Floor
New York, NY 10022
(212) 651-7500

GENNET, KALLMANN, ANTIN & ROBINSON, P.C.
Attorneys for 4th-Party Defendant GREAT AMERICAN INSURANCE CO.
45 Broadway Atrium
New York, NY 10006
(212) 406-1919

MELITO & ADOLFSEN, P.C.
Attorneys for 4th-Party Defendant ZURICH AMERICAN INSURANCE CO.
233 Broadway
New York, NY 10279
(212) 238-8900

GREEN & LAVELLE
Attorney for 4th-Party Defendant NATIONAL UNION FIRE INSURANCE CO.
110 William Street, 18th Floor
New York, NY 10038
(212) 266-5880

MORGAN, MELHUISH, MONAGHAN, ARVIDSON, ABRUNTYN & LISOWSKI
Attorneys for 4th-Party Defendant OHIO CASUALTY INSURANCE CO.
39 Broadway, 35th Floor
New York, NY 10006
(212) 735-8600

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI, LLP
Attorneys for 4th-Party Defendant HARLEYSVILLE MUTUAL INSURANCE CO.
One Speedwell Avenue, P.O. Box 1981
Morristown, NJ 07962
(973) 451-8447