UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>        Plaintiff,<br>against<br><br>DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>        Defendants. | Case No.<br>07 Civ. 6915 (DLC)<br><br>**AFFIDAVIT OF STEPHEN B. SHAPIRO IN OPPOSITION TO MOTION TO DISQUALIFY COUNSEL** |

AND THIRD-PARTY ACTIONS.

DISTRICT OF COLUMBIA  )
           : ss.:
CITY OF WASHINGTON   )

  STEPHEN B. SHAPIRO, being duly sworn, deposes and says:

  1.  I am an attorney admitted to practice in this Court and am a member of the law firm Holland & Knight LLP ("Holland & Knight"), 195 Broadway, New York, New York 10007 and 2099 Pennsylvania Avenue, NW, Suite 100, Washington, DC 20006. Holland & Knight is counsel of record for defendants/third-party plaintiffs Dormitory Authority of the State of New York ("DASNY") and TDX Construction Corp. ("TDX"). I am fully familiar with the facts and circumstances stated below, and make this affidavit in opposition to Jordan Panel Systems Corp.'s ("Jordan Panel") motion to disqualify Holland & Knight as counsel of record in this action for DASNY and TDX.

  2.  By way of background, this case arises from the construction of the William and Anita Newman Vertical Campus at Baruch College in Manhattan (the "Project"). DASNY is

1

denominated as the Project's owner of record on all relevant contract agreements. DASNY retained TDX to serve as its construction manager.

3. The Project was designed by defendant Kohn Pedersen Fox ("KPF"), who was awarded an agreement by DASNY to provide specified architectural and engineering services for the Project. DASNY awarded two separate agreements to third-party defendant Trataros Construction, Inc. ("Trataros"), who was the Project's general construction contractor. Plaintiff Travelers Casualty and Surety Company ("Travelers") provided Trataros with labor and material payment bonds and performance bonds for the Project.

4. On August 1, 2007, Travelers filed a complaint (the "Complaint") in this Court seeking damages arising from DASNY's alleged breach of contract and the purported negligence of TDX and KPF. Among other things, the Complaint alleges that an error in the design of the Project's exterior curtain wall resulted in significant cost overruns for which all three of the original defendants are responsible.

5. DASNY and TDX responded to the Complaint by, *inter alia*, denying liability and asserting separate cross-claims against KPF. The cross-claims allege that KPF, as the architect of record, is liable for any damages that Travelers may be entitled to receive in connection the curtain wall design. KPF subsequently filed a third-party complaint against several other parties, including Jordan Panel, which had a subcontract (the "Subcontract") with Trataros to furnish and install metal panels on the exterior of the Project. KPF's third-party complaint alleges that Jordan Panel is responsible for some or all of the damages being claimed in this matter due to Jordan Panel's failure to adequately perform work required by the Subcontract. Jordan Panel is the party which seeks to disqualify counsel for DASNY and TDX.

6.   Holland & Knight has never been retained by Jordan Panel to provide legal advice or perform other services.

7.   Holland & Knight was retained by DASNY while construction was ongoing at the Project to provide advice and counsel concerning various legal matters. Holland & Knight was subsequently retained to represent DASNY in certain lawsuits that arose from the construction of the Project, including the case that is presently before this Court.

8.   TDX has been represented by Gary Rubin, Esq. of the law firm Mazur Carp & Rubin, 1250 Broadway, New York, New York, in connection with this Project for an extended period of time. Holland & Knight has worked with Mr. Rubin in coordinating DASNY's defense with the defenses being pursued by TDX.

9.   In 2005, DASNY, through its General Counsel's office, asked me whether Holland & Knight would consider representing both DASNY and TDX as counsel of record in this action. After reviewing this request with Holland & Knight's internal ethics group, which includes several partners who are dedicated to this subject on a full time basis, I advised DASNY that Holland & Knight could simultaneously represent DASNY and TDX under specifically defined circumstances. At that time, Holland & Knight fully disclosed the implications of the simultaneous representation to DASNY and TDX and explained the advantages and risks involved to each party. This information was delivered in writing and during a meeting attended by Holland & Knight, DASNY, TDX and their counsel.

10.  DASNY's General Counsel's office advised me that DASNY internally discussed the risks, advantages and implications of Holland & Knight's simultaneous representation of DASNY and TDX and determined that it was in DASNY's best interests to proceed with Holland & Knight as counsel for both parties. It is my understanding and belief that the joint

representation was approved internally by DASNY through appropriate channels. I have no reason to believe that there is a basis for any perception that DASNY's consent to these arrangements was provided in a manner inconsistent with the public trust.

11. Mr. Rubin advised me that TDX independently reviewed the risks, advantages and implications of Holland & Knight's simultaneous representation of TDX and DASNY with Mazur Carp & Rubin and concluded that its interests were sufficiently aligned with DASNY's that it was beneficial to proceed with a single law firm.

12. We do not think it is appropriate for us to reveal litigation strategy in the context of this motion. However, I can state that through their independent deliberations, DASNY and TDX agreed that their common interest in defeating Travelers' claims made it tactically advantageous to be jointly represented by a single law firm, who would coordinate their defenses and take advantage of the efficiencies and economies that a single defense counsel could provide. Establishing that TDX was not negligent in performing its duties on the Project is wholly consistent with DASNY's position that it did not breach its contract with plaintiff's subrogee, Trataros. Accordingly, there is no "inherent" conflict between DASNY and TDX. Both seek to defeat the claims asserted against them, and if such defenses are successful, there will be no need for either to sue the other.

13. The parties and the firm have also agreed that, if either party elects to assert a claim against the other with respect to the Project, then Holland & Knight would not act for either party. This agreement was reached in order to avoid any possibility that confidential information disclosed by one party during the course of the joint representation would influence any subsequent disputes between the two parties.

14. On this basis, Holland & Knight advised DASNY and TDX that the firm can competently represent the interests of both clients pursuant to the foregoing arrangements.

15. DASNY and TDX consented in writing to the simultaneous representation by Holland & Knight, after full disclosure by the firm of the implications of the simultaneous representation and the advantages and risks involved. A copy of the written consent signed by DASNY is annexed hereto as Exhibit A. A copy of the written consent signed by TDX, together with Mr. Rubin's transmittal letter of same to me (from which certain privileged communications have been redacted) is annexed hereto as Exhibit B.

16. Except as provided in this affidavit and other opposition papers, the parties regard the details of the foregoing arrangements as confidential.

17. Unfortunately, this motion appears to be nothing more than an example of "tactical litigation." Jordan Panel has not identified a single personal stake or tangible interest regarding the question of whether Holland & Knight should act as counsel to any other party in this suit. DASNY and TDX have the right to the counsel of their choice and there is no impropriety or ethics violation shown in this case. Accordingly, we respectfully ask the Court to order the moving party to compensate DASNY and TDX for the time and effort involved in responding to this motion.

WHEREFORE, we respectfully request that the Court deny the motion to disqualify and award costs and attorneys' fees to DASNY and TDX.

_____
Stephen B. Shapiro

Sworn to before me this
27th day of March, 2008

_____
Notary Public

My Commission Expires
August 14, 2010

5

**EXHIBIT A**

# Holland & Knight

Tel 202 955 3000
Fax 202 955 5564

Holland & Knight LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
www.hklaw.com

STEPHEN B. SHAPIRO
202-457-7056
sshapiro@hklaw.com

May 10, 2005

Stephan A. Boiko, Esq.
Douglas Van Vleck
Dormitory Authority of the State of New York
515 Broadway
Albany, New York 12227-2964

James H. Jones, P.E.
President
TDX Construction Corporation
345 Seventh Avenue
New York, New York 10001

Re: <u>Travelers Casualty & Surety Co. v. The Dormitory Authority of the State of New York, et al.</u>, United States District Court for the Southern District of New York, Index No. 04CV5101

Dear Gentlemen:

You have requested that Holland & Knight LLP ("H&K") represent both of you in connection with the above-referenced law suit initiated by Travelers Casualty & Surety Company on the Baruch Academic Complex-Site B (the "Travelers Action"). There are important issues involving joint representation which I need to address with you.

H&K's representation of clients is governed by applicable ethics rules. In order to represent both of you, rigorous ethical requirements must be met.

Joint representation of multiple clients--which is ordinarily a conflict of interest—is allowed if the lawyer concludes that the representation of one client will not be adversely affected by representation of the other client, the lawyer's professional judgment on behalf of either client will not be adversely affected by the lawyer's responsibilities to the other client, and if both clients consent after full disclosure of the existence and nature of the possible conflict and the possible adverse consequences of the representation. Further, if at any time during the representation a lawyer determines that, because of differences between the joint clients, he or she can no longer represent each of the clients impartially, then the lawyer must, at that time, withdraw from the representation.

May 10, 2005
Page 2

      Obviously, each of you has the right to obtain separate legal counsel to represent you in all matters relating to the Travelers Action. For reasons set forth below, there are certain disadvantages to joint representation. Our understanding is that, notwithstanding such, you want H&K to represent both of you. Based on the information you have provided, we have concluded that we can represent each of you. In determining whether you should consent to this joint representation, however, you should carefully consider the following:

      The first matter is that of the lawyer-client privilege. Although the law is not settled, it is our opinion that any information disclosed by you to us in connection with this representation will not be protected by the lawyer-client privilege in a subsequent legal proceeding asserted by or against one of you involving another of you. Moreoever, we believe we cannot effectively represent each of you if information disclosed to us by one of you must be preserved by us in confidence from the other, and accordingly we will disclose to both of you all information we receive from either of you relating to our representation of you in connection with the Travelers Action, regardless of your wish to keep the information confidential. If we are to represent you, it will only be on the express understanding that each of you has waived the lawyer-client privilege to the extent, but only to the extent, that the privilege might otherwise require us to preserve in confidence information disclosed by one of you to us from another of you in connection with any subsequent legal proceeding involving this matter asserted by or against one of you involving the other.

      Second, although at this time there does not appear to be any difference of opinion between you with regard to the major legal issues involved in the Travelers Action, it may well turn out, upon further consultation, that one of you may have varying opinions with respect to your legal rights and obligations or with respect to the most effective strategy of dealing with the issues presented. It is our duty to explore each of these issues with you. Should we determine that there are material differences between you on one or more of these issues that you cannot resolve on an amicable basis, or that we conclude cannot be resolved on terms compatible with the best interests of each party involved, then we must at that time withdraw from the representation. If this occurs, we will, if you wish, assist each of you in obtaining new counsel in this matter. Of course, accrued legal fees and any outstanding expenses we have advanced on your behalf will be payable under the term, expressed in your respective engagement letters with H&K.

May 10, 2005
Page 3

    If you are willing to consent to our joint representation and waive any objection to the conflict of interest based on the disclosures and conditions set forth in this letter, please so indicate in the space provided below and return one copy of this letter to us in the enclosed envelope.

    Thank you very much.

    Yours truly,

**HOLLAND & KNIGHT LLP**

By: *[signature]*

**CONSENT TO JOINT REPRESENTATION AND CONFLICTS WAIVER**

We consent to your joint representation of us on the terms and conditions set forth in this letter and hereby waive any objection to any conflict of interest arising from the same.

| Dormitory Authority of the State of New York | TDX Construction Company |
|---|---|
| By: *[signature]* | By: _____ |
| Its: Managing General Counsel | Its: _____ |
| Date: 5/16/05 | Date: _____ |

# 2837408_v1

**EXHIBIT B**



Mazur, Carp & Rubin, P.C.
Attorneys at Law

1250 Broadway
New York, NY 10001
Tel 212 686 7700
Fax 212 532 1425
Email mcrlaw@mcrlawfirm.com
www.mcrlawfirm.com

100 Executive Drive, Suite 330
West Orange, NJ 07052
Tel 973 243 0200
Fax 973 731 1467

Gerald I. Carp
Thomas G. Draper, Jr.
Sayward Mazur
Gary L. Rubin
Ira M. Schulman
Frank L. Wagner

Stanley L. Meyer**
Robin Smith***
Consuelo Alden Vasquez****

Counsel
Brian Lustbader

May 19, 2005

Our File No.

**FEDERAL EXPRESS**

Stephen B. Shapiro, Esq.
Holland & Knight LLP
2099 Pennsylvania Avenue (Suite 100)       27098D
Washington, D.C. 20006

Re:   Travelers Casualty & Surety Company v.
      Dormitory Authority of the State of New York, et al.
      04 CV 5101 (HB)
      (Baruch College Academic Complex, Site B)

Dear Steve:

## REDACTED

Also enclosed is the revised joint representation letter dated May 10, 2005, as executed by TDX. Please send me a counterpart of the joint representation letter reflecting execution by DASNY.

Very truly yours,

*Gary L. Rubin*

GARY L. RUBIN


cc (via fax):  James H. Jones, P.E.
               Logan L. Hurst
               James R. Jones
               John McCullough


**FILE COPY**

*also admitted in Florida & New Jersey
**also admitted in New Jersey
***also admitted in District of Columbia
****also admitted in Connecticut

# Holland + Knight

Tel 202 955 3000
Fax 202 955 5564

Holland & Knight LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
www.hklaw.com

STEPHEN B. SHAPIRO
202-457-7056
sshapiro@hklaw.com

May 10, 2005

Stephan A. Boiko, Esq.
Douglas Van Vleck
Dormitory Authority of the State of New York
515 Broadway
Albany, New York 12227-2964

James H. Jones, P.E.
President
TDX Construction Corporation
345 Seventh Avenue
New York, New York 10001

Re: <u>Travelers Casualty & Surety Co. v. The Dormitory Authority of the State of New York, et al.</u>, United States District Court for the Southern District of New York, Index No. 04CV5101

Dear Gentlemen:

You have requested that Holland & Knight LLP ("H&K") represent both of you in connection with the above-referenced law suit initiated by Travelers Casualty & Surety Company on the Baruch Academic Complex-Site B (the "Travelers Action"). There are important issues involving joint representation which I need to address with you.

H&K's representation of clients is governed by applicable ethics rules. In order to represent both of you, rigorous ethical requirements must be met.

Joint representation of multiple clients--which is ordinarily a conflict of interest—is allowed if the lawyer concludes that the representation of one client will not be adversely affected by representation of the other client, the lawyer's professional judgment on behalf of either client will not be adversely affected by the lawyer's responsibilities to the other client, and if both clients consent after full disclosure of the existence and nature of the possible conflict and the possible adverse consequences of the representation. Further, if at any time during the representation a lawyer determines that, because of differences between the joint clients, he or she can no longer represent each of the clients impartially, then the lawyer must, at that time, withdraw from the representation.

May 10, 2005
Page 2

    Obviously, each of you has the right to obtain separate legal counsel to represent you in all matters relating to the Travelers Action. For reasons set forth below, there are certain disadvantages to joint representation. Our understanding is that, notwithstanding such, you want H&K to represent both of you. Based on the information you have provided, we have concluded that we can represent each of you. In determining whether you should consent to this joint representation, however, you should carefully consider the following:

    The first matter is that of the lawyer-client privilege. Although the law is not settled, it is our opinion that any information disclosed by you to us in connection with this representation will not be protected by the lawyer-client privilege in a subsequent legal proceeding asserted by or against one of you involving another of you. Moreoever, we believe we cannot effectively represent each of you if information disclosed to us by one of you must be preserved by us in confidence from the other, and accordingly we will disclose to both of you all information we receive from either of you relating to our representation of you in connection with the Travelers Action, regardless of your wish to keep the information confidential. If we are to represent you, it will only be on the express understanding that each of you has waived the lawyer-client privilege to the extent, but only to the extent, that the privilege might otherwise require us to preserve in confidence information disclosed by one of you to us from another of you in connection with any subsequent legal proceeding involving this matter asserted by or against one of you involving the other.

    Second, although at this time there does not appear to be any difference of opinion between you with regard to the major legal issues involved in the Travelers Action, it may well turn out, upon further consultation, that one of you may have varying opinions with respect to your legal rights and obligations or with respect to the most effective strategy of dealing with the issues presented. It is our duty to explore each of these issues with you. Should we determine that there are material differences between you on one or more of these issues that you cannot resolve on an amicable basis, or that we conclude cannot be resolved on terms compatible with the best interests of each party involved, then we must at that time withdraw from the representation. If this occurs, we will, if you wish, assist each of you in obtaining new counsel in this matter. Of course, accrued legal fees and any outstanding expenses we have advanced on your behalf will be payable under the term, expressed in your respective engagement letters with H&K.

May 10, 2005
Page 3

    If you are willing to consent to our joint representation and waive any objection to the conflict of interest based on the disclosures and conditions set forth in this letter, please so indicate in the space provided below and return one copy of this letter to us in the enclosed envelope.

    This letter is meant to supplement and not replace any prior agreements regarding the terms of this representation.

    Thank you very much.

                    Yours truly,

                    **HOLLAND & KNIGHT LLP**

                    By: _____

**CONSENT TO JOINT REPRESENTATION AND CONFLICTS WAIVER**

We consent to your joint representation of us on the terms and conditions set forth in this letter and hereby waive any objection to any conflict of interest arising from the same.

| Dormitory Authority of the State of New York | TDX Construction Company |
|---|---|
| By: _____ | By: _____ |
| Its: _____ | Its: _____ |
| Date: _____ | Date: _____ |

# 2837408_v1