UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>       Plaintiff,<br>  against<br><br>DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>       Defendants. | Case No.<br>07 Civ. 6915 (DLC)<br><br>**AFFIDAVIT OF GEORGE H. WEISSMAN IN OPPOSITION TO MOTION TO <u>DISQUALIFY COUNSEL</u>** |
| AND THIRD-PARTY ACTIONS. | |

STATE OF NEW YORK )
        : ss.:
COUNTY OF ALBANY  )

  GEORGE H. WEISSMAN, being duly sworn, deposes and says:

  1.  I am the Managing General Counsel of defendant/third-party plaintiff Dormitory Authority of the State of New York ("DASNY"). I am fully familiar with the facts and circumstances stated below, and make this affidavit in opposition to the motion of Jordan Panel Systems Corp. ("Jordan Panel") to disqualify Holland & Knight LLP ("Holland & Knight") as counsel of record for DASNY and TDX Construction Corp. ("TDX").

  2.  DASNY is a public benefit corporation created by an act of the New York State legislature. DASNY also is denominated as owner of record of the subject construction project, which is the Baruch College William and Anita Newman Vertical Campus in Manhattan (the "Project").

  3.  DASNY retained TDX to serve as construction manager for the Project. DASNY entered into separate agreements with defendant Kohn Pedersen Fox ("KPF"), who was the

Project's architect, and third-party defendant Trataros Construction, Inc. ("Trataros"), who was the general construction contractor.

4. Plaintiff Travelers Casualty and Surety Company ("Travelers") provided Trataros with labor and material payment bonds and performance bonds for the Project.

5. On August 1, 2007, Travelers filed a complaint (the "Complaint") in this Court seeking damages for breach of contract from DASNY and damages under a negligence theory from TDX and KPF. DASNY and TDX responded to the Complaint by, *inter alia*, asserting separate cross-claims against KPF. KPF subsequently filed a third-party complaint against Jordan Panel, who had a subcontract (the "Subcontract") with Trataros to furnish and install metal panels on the exterior of the Project. DASNY understands that KPF's cross-claim is premised on KPF's belief that Jordan Panel is responsible for some or all of the damages being claimed in this matter due to Jordan Panel's failure to adequately perform work required by the Subcontract. Jordan Panel is the party who is seeking to disqualify counsel for DASNY and TDX in this case.

6. DASNY'S Office of the General Counsel has the duty, obligation and discretion to manage claims and litigation matters, including providing waivers of conflicts of interest.

7. Although DASNY has a staff of in-house lawyers, it chose to be represented by Holland & Knight in this matter due to Holland & Knight's experience in the matters presented by the Baruch Project. For this reason, Holland & Knight has represented DASNY with respect to this Project for many years. During this time period, TDX has been represented by Gary Rubin, Esq. of the law firm Mazur Carp & Rubin, P.C. ("Mazur Carp & Rubin").

8. In 2005, after disputes concerning this Project were ongoing, I approached Holland & Knight and asked it to consider an arrangement whereby Holland & Knight would

2

represent both DASNY and TDX as counsel of record in this action. Thereafter, Holland & Knight advised DASNY that it could simultaneously represent DASNY and TDX under specifically defined circumstances. Holland & Knight fully disclosed the implications of the simultaneous representation and explained the advantages and risks involved.

9. I discussed the risks, advantages and implications of Holland & Knight's simultaneous representation of DASNY and TDX with DASNY's General Counsel, Jeffrey M. Pohl, and DASNY's Assistant General Counsel, Stephan A. Boiko. Within DASNY, these arrangements were also discussed and approved by the Managing Director of Construction, Douglas M. Van Vleck; Assistant Director, Cost Control, Charles K. Bartlett; and Chief Project Manager, Jay L. Goldstein. Based on our independent evaluation, DASNY determined that it was in its best interests to proceed with Holland & Knight as counsel for DASNY and TDX.

10. The arrangements for the dual representation were subsequently negotiated with the assistance of counsel on both sides, including DASNY's General Counsel office, Mazur Carp & Rubin, and Holland & Knight.

11. By letter dated May 10, 2005, DASNY consented in writing to Holland & Knight's simultaneous representation of TDX and DASNY. DASNY provided this consent after Holland & Knight fully disclosed the implications of the simultaneous representation and explained the advantages and risks involved and DASNY internally made the decision to proceed with this arrangement. I am advised that a copy of this written consent is being provided to the Court on this motion.

12. Except as provided in this affidavit and the other papers submitted in opposition to this motion, DASNY regards the details of the arrangement, and its documentation, as

confidential. However, DASNY will submit the relevant documentation for *in camera* inspection if the Court requests.

13. DASNY perceives a benefit in sharing counsel with TDX at this time, including economic and strategic efficiencies. DASNY also believes that it shares a common interest with TDX to defeat the claims being asserted against them by Travelers. DASNY and TDX have entered into a written joint defense agreement with respect to this action. DASNY has elected, for strategic reasons, not to assert cross-claims against TDX at this time. However, DASNY has reserved in writing any and all rights to seek indemnification and/or contribution from TDX in connection with the claims asserted in this action, at any time. In the event either party asserts such claims against the other, the parties and counsel have agreed in writing that Holland & Knight will not represent either party.

14. Holland & Knight has advised DASNY, and I understand Holland & Knight has also advised TDX, that the firm can competently represent the interests of both clients pursuant to the foregoing arrangements.

15. DASNY respectfully asks the Court to permit DASNY to proceed with the defense of this action using the counsel of its choice, Holland & Knight. After due consideration and careful deliberation, DASNY is comfortable with the joint defense arrangement and does not wish to have counsel separate from TDX at this time.

George H. Weissman

Sworn to before me this
26th day of March, 2008

Notary Public

STEPHAN A. BOIKO
Notary Public, State of New York
No. 02BO5017680
Qualified in Saratoga County
Commission Expires Sept. 13, 2009