UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>        Plaintiff,<br> against<br><br>DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>        Defendants. | Case No.<br>07 Civ. 6915 (DLC)<br><br>**AFFIDAVIT OF GARY L. RUBIN IN OPPOSITION TO MOTION TO DISQUALIFY COUNSEL** |
| AND THIRD-PARTY ACTIONS. | |

STATE OF NEW YORK )
         : ss.:
COUNTY OF NEW YORK )

  GARY L. RUBIN, being duly sworn, deposes and says:

  1. I am an attorney admitted to practice in this Court and am a member of the law firm Mazur Carp & Rubin, P.C. ("Mazur Carp & Rubin"), 1250 Broadway, New York, New York. I am fully familiar with the facts and circumstances stated below, and make this affidavit in opposition to the motion of Jordan Panel Systems Corp. ("Jordan Panel") to disqualify Holland & Knight LLP ("Holland & Knight") as counsel of record in this action for defendants/third-party plaintiffs Dormitory Authority of the State of New York ("DASNY") and TDX Construction Corp. ("TDX").

  2. I have represented TDX in numerous matters during the last decade, including various matters arising from the construction of an academic facility located on Site B at Baruch

College in Manhattan (the "Project"). Among other things, I was co-counsel of record for TDX (jointly with Holland & Knight) in prior litigation concerning the Project.

3. After the prior litigation was filed, DASNY and TDX discussed an arrangement whereby Holland & Knight would represent both entities as counsel of record. That arrangement was negotiated with the assistance of counsel on both sides, including in-house counsel for DASNY, Holland & Knight, and myself.

4. Holland & Knight explained the risks, advantages and other implications of its simultaneous representation of DASNY and TDX prior to being engaged by TDX in this case. I independently advised TDX of the implications of the simultaneous representation and the advantages and risks involved. In part, this advice addressed strategic matters which are not appropriate to disclose. However, I can say that DASNY and TDX have a common interest in defeating plaintiff's claims and that it is in their mutual interest not to claim against each other at this time. Establishing that TDX was not negligent in performing its duties on the Project is wholly consistent with DASNY's position that it did not breach its contract with plaintiff's subrogee, Trataros. Accordingly, there is no "inherent" conflict between DASNY and TDX. Both seek to defeat the claims asserted against them, and if such defenses are successful, there will be no need for either to sue the other.

5. DASNY and TDX agreed that Holland & Knight could represent both of them in the prior litigation and this action, in order to pursue common strategic interests and to benefit from efficiencies and cost-savings. It was also agreed that, if either party elects to assert a claim against the other with respect to the Project, then Holland & Knight would not act for either party. This agreement was reached to avoid any possibility that confidential information

disclosed by one party during the course of the joint representation would influence any subsequent disputes between the two parties.

6. TDX's president, James H. Jones, P.E., executed a May 10, 2005 letter consenting to Holland & Knight's simultaneous representation of TDX and DASNY. Mr. Jones executed this letter after Holland & Knight fully disclosed the risks, advantages and implications of the dual representation and after receiving advice and counsel from me as TDX's attorney. I transmitted the May 10, 2005 letter to Holland & Knight at TDX's request. I understand that my transmittal letter and the written consent are being provided to the Court on this motion.

_____
Gary L. Rubin

Sworn to before me this
26th day of March, 2008

_____
Notary Public

FRANK L. WAGNER
Notary Public State of New York
No. 02WA4723811
Qualified in Westchester County
Commission Expires December 21, 20 10

3