UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVELERS CASUALTY AND SURETY
COMPANY as Administrator for RELIANCE
INSURANCE COMPANY,

                              Plaintiff,

        against

DORMITORY AUTHORITY – STATE OF NEW
YORK, TDX CONSTRUCTION CORP., and KOHN
PEDERSEN FOX ASSOCIATES, P.C.,

                              Defendants.

AND THIRD-PARTY ACTIONS.

Case No.
07 Civ. 6915 (DLC)


**MEMORANDUM OF DASNY AND TDX IN OPPOSITION
TO JORDAN PANEL'S MOTION TO DISQUALIFY COUNSEL**


HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
(212) 513-3200

*Attorneys for Defendants/Third-Party Plaintiffs
Dormitory Authority of the State of New York and
TDX Construction Corporation*

# TABLE OF CONTENTS

*Page*

Preliminary Statement.................................................................................................1

Statement of Facts.....................................................................................................1

ARGUMENT ...............................................................................................................6

POINT I - JORDAN PANEL LACKS STANDING TO
   SEEK DISQUALIFICATION ...............................................................6

POINT II - THERE IS NO BASIS TO DISQUALIFY
   HOLLAND & KNIGHT .......................................................................8

  A. The Applicable Ethics Standard.................................................9

  B. DASNY and TDX Are Not Adverse At This Time...................10

  C. The Requirements of DR 5-105(C) Are Satisfied
    In This Case ...........................................................................11

  D. There Is No Heightened Conflicts Rule For Public
    Entities, But If There Is One, It Has Been Satisfied
    In This Case ...........................................................................13

  E. There Is No Appearance Of Impropriety, Nor Does
    That Standard Create An Independent Basis For
    Disqualification.......................................................................14

CONCLUSION...........................................................................................................15

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Page*

*Ackerman v. National Property Analysts,*
    887 F.Supp. 510 (S.D.N.Y. 1993) ..................................................................7

*Bennett Silvershein Associates v. Furman,*
    776 F.Supp. 800 (S.D.N.Y. 1991) .................................................................8

*Board of Education v. Nyquist,*
    590 F.2d 1241 (2d Cir. 1979)........................................................................9

*Cinema 5 Ltd. v. Cinerama, Inc.,*
    528 F.2d 1384 (2d Cir. 1976)......................................................................10

*Evans v. Artek System Corp.,*
    715 F.2d 788 (2d Cir. 1983).........................................................................8

*Government of India v. Cook Industrial,*
    569 F.2d 737 (2d Cir. 1978).......................................................................8, 9

*Mitchell v. Metropolitan Life Insurance Co., Inc.,*
    No. 01 Civ. 2112, 2002 WL 441194 (S.D.N.Y Mar. 21, 2002) ......................................8, 9

*Raiola v. Union Bank of Switzerland, LLC,*
    230 F.Supp.2d 355 (S.D.N.Y. 2002).............................................................6, 9

*SMI Industries Canada Ltd. v. Caelter Industrial, Inc.,*
    586 F.Supp. 808 (N.D.N.Y. 1984)................................................................7

*United States v. Rogers,*
    9 F.3d 1025 (2d Cir. 1993), *cert. den.*, 513 U.S. 827, 115 S.Ct. 95 (1994)........................6

## STATE CASES

*A.F.C. Enterprises, Inc. v. New York City School Const. Authority,*
    33 A.D.3d 736, 823 N.Y.S.2d 433 (2d Dept. 2006) ...........................................7

*Bay Ridge Air Rights, Inc. v. State of New York,*
    44 N.Y.2d 49, 404 N.Y.S.2d 73 (Ct. App. 1978) .............................................11

*Develop Don't Destroy Brooklyn v. Empire State Devel. Corp.*,
     31 A.D.3d 144, 816 N.Y.S.2d 424 (1st Dept. 2006), *app. den.*, 8 N.Y.3d 802,
     830 N.Y.S.2d 698 (2007) ............................................................................................6, 14

*Dominguez v. Community Health Plan of Suffolk, Inc.*,
     284 A.D.2d 294, 725 N.Y.S.2d 377 (2d Dept. 2001) ...................................................9, 13

*Hall Dickler Kent Goldstein & Wood, LLP v. McCormick*,
     36 A.D.3d 758, 830 N.Y.S.2d 195 (2d Dept. 2007) ...........................................................7

*Promanagement Associates, Inc. v. DeMott*,
     284 A.D.2d 124, 725 N.Y.S.2d 338 (1st Dept. 2001) .........................................................7

*Rowley v. Waterfront Airways*,
     113 A.D.2d 926, 493 N.Y.S.2d 828 (2d Dept. 1985) .........................................................6

*San Marco Construction Corp. v. Aetna Casualty And Surety Co.*,
     162 A.D.2d 514, 556 N.Y.S.2d 714 (2d Dept. 1990) .......................................................10

*Sports Medicine Service of Gramercy Park, Inc. v. Perez*,
     172 Misc.2d 126, 657 N.Y.S.2d 314 (N.Y.C. Civ. Ct. N.Y. Co. 1997) ............................10

*Travelers Indemn. Co. v. LLJV Devel. Corp.*,
     227 A.D.2d 151, 643 N.Y.S.2d 520 (1st Dept. 1996) .......................................................10

## STATUTES AND CODES

DR 5-105, 22 NYCRR § 1200.24 ...................................................................................................9

## OTHER

C. Wolfram, *Modern Legal Ethics* (West 1986) ...........................................................................7

New York State Bar Association Comm. on Prof. Ethics, Op. No. 629, 1992 WL 465631 .........13

This memorandum is submitted by defendants/third-party plaintiffs Dormitory Authority of the State of New York ("DASNY") and TDX Construction Corp. ("TDX") in opposition to third-party defendant Jordan Panel Systems Corp.'s ("Jordan Panel") motion to disqualify Holland & Knight as counsel for DASNY and TDX.

<u>Preliminary Statement</u>

This motion is a misguided effort on the part of a single third-party defendant -- which has no actual stake in the issue -- to deprive two other parties of their right to be jointly represented by counsel of their own choosing, and in doing so to pursue a common defense strategy. Nothing about that decision by DASNY and TDX is suspect, invalid or unethical. Both parties consented to the simultaneous representation upon advice of separate counsel and with a full reservation of rights to assert claims against each other, through other counsel, should they so desire. What is far more troubling is the moving party's apparent desire to seek a tactical advantage, and presumably to gain insight, through this motion, into the litigation strategies of DASNY and TDX, and their joint defense arrangements, which the Court should not allow.

<u>Statement of Facts</u>

The pertinent facts are set forth in the following affidavits, filed herewith: (1) Affidavit of George H. Weissman, Managing General Counsel of DASNY, sworn to on March 26, 2008 ("Weissman Aff."); (2) Affidavit of James H. Jones, P.E., President of TDX, sworn to on March 26, 2008 ("Jones Aff."); (3) Affidavit of Stephen B. Shapiro, a partner of Holland & Knight, LLP ("Holland & Knight") sworn to on March 27, 2008 ("Shapiro Aff."); and (4) Affidavit of Gary L. Rubin, Esq., outside counsel for TDX, sworn to on March 26, 2008 ("Rubin Aff.").

DASNY is a public benefit corporation created by an act of the New York State legislature and the owner of record of the subject construction project, which is the Baruch

1

College William and Anita Newman Vertical Campus in Manhattan (the "Project"). DASNY retained TDX to serve as the Project's construction manager (Jones Aff., ¶ 2) and entered into separate agreements with defendant Kohn Pedersen Fox Associates, P.C. ("KPF"), who was the Project's architect, and third-party defendant Trataros Construction, Inc. ("Trataros"), who was the Project's general construction contractor. Weissman Aff., ¶ 3. Plaintiff Travelers Casualty and Surety Company ("Travelers") provided Trataros with labor and material payment bonds and performance bonds for the Project.[1] Weissman Aff., ¶ 4.

On August 1, 2007, Travelers filed a complaint (the "Complaint") in this Court seeking damages arising from DASNY's alleged breach of contract and the purported negligence of TDX and KPF. Shapiro Aff., ¶ 4. Among other things, the Complaint alleges that an error in the design of the Project's exterior curtain wall resulted in a significant cost overruns for which all three of the original defendants are responsible. *Id.* DASNY and TDX responded to the Complaint by, *inter alia*, denying liability and asserting separate cross claims against KPF, alleging that KPF, as the architect of record, is liable for any damages that Travelers may be entitled to in connection the curtain wall design. Shapiro Aff., ¶ 5. KPF subsequently filed a third-party complaint against several other parties, including Jordan Panel, who had a subcontract (the "Subcontract") with Trataros to furnish and install metal panels on the exterior of the Project. *Id.* KPF's third-party complaint alleges that Jordan Panel is responsible for some or all of the damages being claimed in this matter due to Jordan Panel's failure to adequately perform work required by the Subcontract. *Id.* Jordan Panel is the party which seeks to disqualify counsel for DASNY and TDX.

---

[1] The payment and performance bonds were initially furnished by Reliance Insurance Company ("Reliance"). Upon information and belief, Travelers is now the administrator of Reliance. *See* Complaint, ¶¶ 21-22.

The motion to disqualify is premised on the faulty notion that DASNY and TDX could not validly determine that their common interest in defeating Travelers' claims made it tactically advantageous to be jointly represented by a single law firm, who would coordinate their defenses and take advantage of the efficiencies and economies that a single defense counsel could provide. To argue that the decision to proceed with a single law firm was incorrect, it is also necessary to conclude that the counsel DASNY and TDX relied upon for advice and counsel before independently deciding to be represented by the same law firm were either unqualified or unethical. These are remarkable allegations that can not be supported.

DASNY's Office of the General Counsel has the duty, obligation and discretion to manage claims and litigation matters, including providing waivers of conflict of interest. Weissman Aff., ¶ 6. Although DASNY has a staff of in-house lawyers, it chose to be represented by Holland & Knight in this matter due to Holland & Knight's experience in the matters presented by the Baruch Project. Weissman Aff., ¶ 7. For this reason, Holland & Knight has represented DASNY with respect to this Project for many years. *Id.*

TDX has been historically represented by Gary L. Rubin, Esq. of the law firm Mazur Carp & Rubin, P.C. ("Mazur Carp & Rubin"), 1250 Broadway, New York, NY, in this and many other cases during last decade. Jones Aff., ¶ 3. Mr. Rubin and his law firm represented TDX in various matters related to the Project before TDX retained Holland & Knight and has continued to advise TDX with respect to Travelers' claims since that time. Rubin Aff., ¶ 2.

As described in the accompanying affidavits, DASNY approached Holland & Knight in 2005 to ask it to consider an arrangement whereby Holland & Knight would represent both DASNY and TDX as counsel of record in this action. Weissman Aff., ¶ 8. After reviewing this request with its internal ethics group, Holland & Knight advised DASNY that it could

3

simultaneously represent DASNY and TDX under specifically defined circumstances. Shapiro Aff., ¶ 9. Holland & Knight fully disclosed the implications of the simultaneous representation and explained the advantages and risks involved to DASNY and TDX in the presence of their counsel. *Id.*; Weissman Aff., ¶ 8; Jones Aff., ¶ 6; Rubin Aff., ¶ 4.

The risks, advantages and implications of Holland & Knight's simultaneous representation of DASNY and TDX was discussed among DASNY's General Counsel, Managing General Counsel, and Associate General Counsel. Weissman Aff., ¶ 9. The arrangement was also discussed with, and approved by, DASNY's Managing Director of Construction, DASNY's Assistant Director, Cost Control, and DASNY's Chief Project Manager. *Id.* Based on their independent evaluation of the subject, the six DASNY attorneys and executives who reviewed this matter determined that it was in DASNY's best interests to proceed with Holland & Knight as counsel for DASNY and TDX. *Id.*

TDX independently reviewed the risks, advantages and implications of Holland & Knight's simultaneous representation of TDX and DASNY with Mr. Rubin and concluded that its interests were sufficiently aligned with DASNY's that it was beneficial to proceed with a single law firm. Jones Aff., ¶ 6; Rubin Aff., ¶ 4.

The arrangements for the dual representation were subsequently negotiated with the assistance of counsel on both sides, including DASNY's General Counsel's office, Mazur Carp & Rubin, and Holland & Knight. Weissman Aff., ¶ 10; Jones Aff., ¶ 4. The parties regard the details of the arrangement, and (with one exception) its documentation, as confidential.[2] However, the affidavits submitted herewith show that:

---

[2] DASNY and TDX will submit the relevant documentation for *in camera* inspection if the Court requests.

4

(1)  Officers of DASNY and TDX have consented in writing to the joint representation after full disclosure by counsel of the implications of the simultaneous representation and the advantages and risks involved.  *See* Weissman Aff., ¶ 8; Jones Aff., ¶ 6; Shapiro Aff., Exhs. A and B (consent to joint representation and conflicts waiver).

(2)  Both entities perceive a benefit in sharing counsel at this time, including economic and strategic efficiencies, and have entered into a written joint defense agreement.  Weissman Aff., ¶ 13; Jones Aff., ¶ 7; Rubin Aff., ¶ 5.

(3)  Both entities have elected, for strategic reasons, not to assert cross-claims against each other at this time, but rather to pursue a common defense strategy.  However, they have reserved in writing any and all rights to seek indemnification and/or contribution from the other in connection with the claims asserted in this action, at any time.  In such event, it is agreed that Holland & Knight will not represent either party.  Weissman Aff., ¶ 13; Jones Aff., ¶¶ 8-9; Rubin Aff., ¶¶ 4-5.

(4)  Both entities are sophisticated and had the benefit of independent counsel in entering into these arrangements.  Weissman Aff., ¶ 9; Jones Aff., ¶¶ 4-6; Rubin Aff., ¶ 4.

(5)  TDX has separate litigation counsel who are monitoring the case and providing advice to TDX.  Jones Aff., ¶ 5.

(6)  Holland & Knight has concluded that the firm can competently represent the interests of both clients.  Shapiro Aff., ¶ 9.

Notably, Jordan Panel's motion is supported by nothing more than the affidavit of its attorney.  That affidavit does not identify a single tangible personal interest of Jordan Panel in the question of whether Holland & Knight should act as counsel to any other party in this suit.

**ARGUMENT**

**POINT I**

**JORDAN PANEL LACKS STANDING TO SEEK DISQUALIFICATION**

Jordan Panel is not, and has never been, represented by Holland & Knight.  Shapiro Aff.,

¶ 6.  Accordingly, Jordan Panel lacks standing to seek disqualification on the basis of an alleged

conflict of interest between Holland & Knight's clients.

As stated in *Raiola v. Union Bank of Switzerland, LLC*, 230 F.Supp.2d 355, 361

(S.D.N.Y. 2002), "the Second Circuit has held that only the former client may move for

disqualification," *citing United States v. Rogers*, 9 F.3d 1025, 1030 (2d Cir.1993), *cert. den.*, 513

U.S. 827, 115 S.Ct. 95 (1994).  This principle is also well-established under New York state law,

which governs the substance of the issue presented.[3]  For example, in *Develop Don't Destroy*

*Brooklyn v. Empire State Devel. Corp.*, 31 A.D.3d 144, 816 N.Y.S.2d 424 (1st Dep't 2006), *app.*

*den.*, 8 N.Y.3d 802, 830 N.Y.S.2d 698 (2007), plaintiffs sought to disqualify an attorney who,

prior to the institution of litigation, had consecutively represented one entity (a developer) and

then a separate entity (a government agency), both entities later being named as defendants in the

litigation.  Both entities had consented to the attorney's changing role.  The Appellate Division

reversed the lower court's disqualification order, in part on the ground that plaintiffs, who had

never been represented by the lawyer, lacked standing to seek disqualification.  "[I]f there is no

duty owed there can be no duty breached."  *Id.* at 150, 816 N.Y.S.2d at 430,  *quoting Rowley v.*

---

[3] "In this Circuit, 'the issue of disqualification is essentially governed by New York law.' *JPMorgan Chase Bank ex rel. Mahonia Ltd. and Mahonia Natural Gas v. Liberty Mut. Ins. Co.*, 189 F.Supp.2d 20, 22 (S.D.N.Y.2002) (citing Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Local Civil Rules 1.3(a)(6); 1.5(b)(5) (adopting New York law for this purpose)); *see also Song v. Dreamtouch, Inc.*, No. 01 Civ. 0386, 2001 WL 487413, at *4 (S.D.N.Y. May 8, 2001) (*citing NCK Org. Ltd. v. Bregman*, 542 F.2d 128, 130 n. 2 (2d Cir.1976)); *Rocchigiani v. World Boxing Counsel*, 82 F.Supp.2d 182, 186 (S.D.N.Y.2000)." *Raiola*, 230 F.Supp.2d at 360-61.

*Waterfront Airways*, 113 A.D.2d 926, 927, 493 N.Y.S.2d 828 (2d Dep't 1985). *Accord,*

*Promanagement Assocs., Inc. v. DeMott*, 284 A.D.2d 124, 725 N.Y.S.2d 338 (1st Dep't 2001);

*Hall Dickler Kent Goldstein & Wood, LLP v. McCormick*, 36 A.D.3d 758, 830 N.Y.S.2d 195 (2d

Dep't 2007); *A.F.C. Enterprises, Inc. v. New York City School Const. Auth.*, 33 A.D.3d 736, 823

N.Y.S.2d 433 (2d Dep't 2006).

　　　The rationale behind this standing rule has been explained by a leading scholar as

follows:

> [T]he general concern is to see that judicial and litigant resources
> are not needlessly expended in behalf of a litigant who, although
> able to show that an opposing party or lawyer has violated a[n]
> [ethics] rule, can point to no personal hurt or injury caused by the
> violation. . . . In order to raise an issue of conflict of interest the
> objecting party must be able to demonstrate that continued
> representation of the other party by his or her present lawyer would
> materially harm a cognizable interest of the objecting party.

C. Wolfram, *Modern Legal Ethics* (West 1986) at 333 (footnotes omitted). The author continues

by noting that, while some courts have taken a more expansive view of standing,[4] on the theory

that the courts have "a broad duty . . . to police the legal profession . . . [,] it is preferable to leave

general policing of the profession to the disciplinary agencies . . . ." *Id.* at 334.

　　　The present motion perfectly illustrates the need for a conservative approach to standing.

Jordan Panel has no personal stake in the outcome of its motion. It has not identified a single

tangible personal interest that it has in the question of whether Holland & Knight should act as

counsel to any other party in this suit. For example, there is no question whether a confidence of

---

[4] *See, e.g., SMI Industries Canada Ltd. v. Caelter Indus., Inc.*, 586 F. Supp. 808, 814-15 (N.D.N.Y. 1984) (held, prior representation of plaintiff's predecessor in interest was not basis for disqualification of defendant's law firm; court noted that any attorney having knowledge of an ethics violation has standing to challenge another lawyer's representation of a client); *cf. Ackerman v. National Property Analysts*, 887 F. Supp. 510, 517 n.11 (S.D.N.Y. 1993) (attorney's disclosure of confidences of certain defendants who were former clients warranted disqualification of plaintiffs' counsel and dismissal of complaints; court noted that all defendants had standing to seek disqualification, not just the former clients).

Jordan Panel will be revealed due to the firm's representation of other parties. Rather, the motion is filled with speculation and innuendo and is nothing more than a meddlesome interference in the rights of DASNY and TDX to defend this case as they see fit with counsel of their own choosing.

To the extent the moving party complains about the possible impact of the joint defense arrangements on the "public fisc," we submit that Jordan Panel is not a private attorney general and has no standing to complain or inquire about the financial impact, if any, of the simultaneous representation of these parties by one law firm.

## POINT II

## THERE IS NO BASIS TO DISQUALIFY HOLLAND & KNIGHT

Even if it has standing, Jordan Panel has not met its burden to show that disqualification is warranted in this case. Although there is, of course, the potential for DASNY or TDX to assert claims against each other in the future, there is no current conflict, since they have elected, upon advice of counsel, to pursue a common litigation strategy, and have entered into a knowing and voluntary waiver of any conflict that may arise, on terms that are fair and protect both parties. These terms include an agreement that, in the event of litigation between them, Holland & Knight will not represent either party.

The Second Circuit has repeatedly urged caution in considering motions to disqualify counsel, requiring a "high standard of proof" and a "significant risk of trial taint." *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983); *Gov't of India v. Cook Indus.*, 569 F.2d 737, 739 (2d Cir. 1978); *Bennett Silvershein Assocs. v. Furman*, 776 F. Supp. 800, 802 (S.D.N.Y. 1991).

> The Second Circuit has cautioned that counsel should not be disqualified indiscriminately because disqualification interferes with a party's right to freely choose its counsel and may be urged by an opponent for purely tactical reasons. *See Mitchell v.*

8

> *Metropolitan Life Ins. Co., Inc.*, No. 01 Civ. 2112, 2002 WL
> 441194, at *3 (S.D.N.Y. Mar. 21, 2002) (*citing Board of Educ. v.
> Nyquist*, 590 F.2d 1241, 1246 (2d Cir.1979); *Government of India*,
> 569 F.2d at 739).  Under the Second Circuit's "restrained
> approach," an attorney should only be disqualified "when the facts
> concerning the lawyer's conduct poses a significant risk of trial
> taint." *Mitchell*, 2002 WL 441194, at *3 (*citing Glueck v.
> Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir.1981); *Nyquist*,
> 590 F.2d at 1246).

*Raiola*, 230 F.Supp.2d at 361-62.  *See also Dominguez v. Community Health Plan of Suffolk,*

*Inc.*, 284 A.D.2d 294, 725 N.Y.S.2d 377, 378 (2d Dep't 2001) (reversing lower court's

disqualification of law firm representing multiple defendants in medical malpractice and

wrongful death action; "[a] party's entitlement to be represented in ongoing litigation by counsel

of its own choosing is a valued right which should not be abridged absent a clear showing that

disqualification is warranted . . . .").

    A.  The Applicable Ethics Standard.

    The applicable ethics rule is DR 5-105, 22 NYCRR § 1200.24, which provides in

relevant part as follows:

> DR 5-105 [1200.24] Conflict of Interest; Simultaneous Representation.
>
>     A.  A lawyer shall decline proffered employment if the exercise of
> independent professional judgment in behalf of a client will be or is likely
> to be adversely affected by the acceptance of the proffered employment,
> or if it would be likely to involve the lawyer in representing differing
> interests, except to the extent permitted under DR 5-105 [1200.24] (C).
>
>     B.  A lawyer shall not continue multiple employment if the
> exercise of independent professional judgment in behalf of a client will be
> or is likely to be adversely affected by the lawyer's representation of
> another client, or if it would be likely to involve the lawyer in
> representing differing interests, except to the extent permitted under DR
> 5-105 [1200.24] (C).
>
>     C.  In the situations covered by DR 5-105 [1200.24] (A) and (B), a
> lawyer may represent multiple clients if a disinterested lawyer would
> believe that the lawyer can competently represent the interest of each and
> if each consents to the representation after full disclosure of the

implications of the simultaneous representation and the advantages and risks involved.

The purpose of DR 5-105 is "to protect clients from an attorney who is incapable of zealously representing the potentially competing interests of each client." *Sports Medicine Service of Gramercy Park, Inc. v. Perez*, 172 Misc.2d 126, 128, 657 N.Y.S.2d 314 (N.Y.C. Civ. Ct. N.Y. Co. 1997) (denying motion to disqualify and noting that "[a]ll too frequently, attorneys bring such motions as a litigation tactic"). *See, e.g., Cinema 5 Ltd. v. Cinerama, Inc.*, 528 F.2d 1384 (2d Cir. 1976) (plaintiff's law firm was disqualified because a partner in the firm was also a partner in a second firm which was representing the defendant in another, similar suit).

B. DASNY And TDX Are Not Adverse At This Time.

DASNY and TDX have a common interest in defeating plaintiff's claims. Establishing that TDX was not negligent in performing its duties on the Project is wholly consistent with DASNY's position that it did not breach its prime contract with plaintiff's subrogee, Trataros. Accordingly, there is no "inherent" conflict between DASNY and TDX. Both seek to defeat the claims asserted against them, and if such defenses are successful, there will be no need for either to sue the other.

Jordan Panel's assertion that a possible recovery by DASNY of damages from TDX is "precluded" (Jordan Memo at 4) is absurd and unsupported. DASNY and TDX have not waived, and have expressly reserved, any cross-claims for contribution and indemnification as between them. There is no legal requirement to pursue such claims in a single case. Indeed, such claims have not even accrued. *See, e.g., Travelers Indemn. Co. v. LLJV Devel. Corp.*, 227 A.D.2d 151, 154, 643 N.Y.S.2d 520 (1st Dep't 1996) ("a cause of action based upon a contract of indemnification does not arise until liability is incurred by way of actual payment"); *San Marco Constr. Corp. v. Aetna Cas. And Surety Co.*, 162 A.D.2d 514, 518, 556 N.Y.S.2d 714, 717 (2d

10

Dep't 1990) ("[a] cause of action for common-law indemnification does not accrue until the time

when the third-party plaintiff makes actual payment of an amount which exceeds its pro rata

share of the judgment"); *Bay Ridge Air Rights, Inc. v. State of New York*, 44 N.Y.2d 49, 404

N.Y.S.2d 73 (Ct. App. 1978) (contribution claim does not accrue until payment is made by party

seeking apportionment of damages). Such claims could be asserted at any time, whether during

the course of this matter, or thereafter, as either party sees fit. In such event, it has been agreed

that neither party would be represented by Holland & Knight. But it is surely within the parties'

power to elect, for present purposes, not to sue each other, but rather to join forces, pursue a

common defense strategy, and enjoy the efficiencies of using the same law firm.

Thus, Jordan Panel reveals the flaw in its own argument when it asserts that "[i]f and

when there is a judgment against DASNY for damages caused by TDX, it is fundamental to

Holland & Knight's duty of vigorous representation to pass those damages through to the actual

wrongdoer . . ." Jordan Panel Memo at 7. This is precisely the point: if that future event

occurs, then DASNY, through other counsel, can pursue that claim. TDX could do likewise if

appropriate following an adverse judgment. That depends on how this action is resolved. But up

to that point, it is within the discretion of DASNY and TDX to use a single law firm to defend

this case, and Jordan Panel cites no cases to the contrary. The contrary conclusion would lead to

the absurd result that parties are required to assert claims over in every case where such a claim

might be available, even if such claims would run counter to the parties' common strategic

interests.

C. The Requirements of DR 5-105(C) Are Satisfied In This Case.

DR 5-105(C) provides that even if there is an actual or potential conflict, a lawyer "may

represent multiple clients [1] if a disinterested lawyer would believe that the lawyer can

11

competently represent the interest of each and [2] if each consents to the representation after full disclosure of the implications of the simultaneous representation and the advantages and risks involved."

Both branches of the test are satisfied in the present circumstances. First, for the reasons described above, a disinterested lawyer would believe that the lawyer can competently represent the interest of each client. Second, DASNY and TDX have consented in writing to the simultaneous representation by Holland & Knight. Both parties have done so with the benefit of advice of counsel and upon a full disclosure of the risks and implications of the dual representation. Both parties have concluded that it is in their mutual strategic interest to present a united front in this litigation, in order to defeat plaintiffs' claims and avoid finger-pointing as between them. Indeed, two other sets of parties in this case who are represented by common counsel apparently have reached a similar conclusion -- that certain potential claims should not be asserted because the parties perceive that their common interest in defeating the other claims against them is more important than seeking every potential avenue of recovery in this lawsuit.[5]

Both DASNY and TDX have reserved all rights to assert claims for indemnification and contribution at any time. Further, the parties have agreed that, in the event such claims are asserted by any party, Holland & Knight will not represent either party in such litigation. These arrangements satisfy DR 5-105(C) and are more than adequate to protect the parties' interests.

---

[5] (1) Travelers and Trataros are jointly represented by Dreifuss Bonacci & Parker, LLP. DASNY and TDX understand that Trataros provided Travelers with an indemnity agreement that would cover some or all of the losses that Travelers might incur in this lawsuit. However, Travelers has not sued Trataros in this case. (2) Gogick, Byrne & O'Neill represents Weidlinger Assocs. Consulting Engineers, P.C. ("Weidlinger"), Castro-Blanco Piscioneri and Assocs., Architects, P.C. ("Castro-Blanco") and Arquitectonica New York, P.C. ("Arquitectonica"). Weidlinger is the structural engineer who is alleged to be responsible for the curtain wall conflict and other design errors. Castro-Blanco and Arquitectonica purportedly oversaw Weidlinger's work and may have a contractual relationship that provides a valid cause of action against the structural engineer.

*See Dominguez v. Community Health Plan, supra,* 284 A.D.2d at 294, 725 N.Y.S.2d at 378

(where single law firm represented multiple defendants in wrongful death action, "the individual

appellants submitted affidavits . . . indicating that they were fully informed of the potential

conflict of interest in their law firm's multiple representation, and consented to the continued

representation. Those affidavits satisfied the requirements of the Code of Professional

Responsibility DR 5-105(C).").

     D.     There Is No Heightened Conflicts Rule For Public Entities, But If
           There Is One, It Has Been Satisfied In This Case.

As the cases cited by Jordan Panel demonstrate, New York law does not prohibit a

governmental entity from waiving a conflict of interest. Jordan Panel Memo at 9-12. However,

Jordan Panel urges that the relevant ethics rules have a special significance where one of the

parties is a public entity, citing a 1992 opinion of the New York State Bar Association. NYSBA

Comm. on Prof. Ethics, Op. No. 629, 1992 WL 465631 (March 23, 1992). In that opinion, the

NYSBA Ethics Committee reversed its former determination that a governmental entity cannot

consent to a conflict under DR 5-105(C). The Committee "concluded that a per se ban is

unjustified and should no longer be imposed in this State," and determined that the conditions

imposed by DR 5-105(C) adequately protect the public interest. The Committee added certain

qualifications, particularly (i) that the lawyer should be satisfied that the government official

granting the consent is authorized to so act and has satisfied all applicable legal requirements,

and (ii) "that the process by which the consent is granted is sufficient to preclude any reasonable

public perception that the consent was provided in a manner inconsistent with the official's

public trust." Although Holland & Knight applied the highest ethical standard in making the

decision to jointly represent DASNY and TDX, the latter guideline could be interpreted as a

delicate way of saying that the consent should not appear to have been procured by bribery or other official corruption.

Our research has not revealed any reported court decision citing the 1992 NSYBA ethics opinion or following the heightened standard there announced.  For example, the Court in *Develop Don't Destroy Brooklyn*, *supra*, a 2006 opinion of the Appellate Division, First Department, did not cite the NYSBA opinion or refer to the additional considerations identified there in considering whether a governmental entity (Empire State Development Corp., which like DASNY, is a public benefit corporation) had properly waived any conflicts of interest in connection with the representation of a private developer by the same attorney.

However, solely for the avoidance of doubt, the motion record establishes that the process by which DASNY considered and authorized the conflict waiver in this case was proper even under the NYSBA standard.  *See* Weissman Aff. at ¶¶ 8-11; Shapiro Aff. at ¶¶ 8-15.

E.     There is No Appearance Of Impropriety, Nor Does That Standard
       Create An Independent Basis For Disqualification.

Finally, Jordan Panel cites the catch-all "appearance of impropriety" standard as a basis for disqualification.  Mem. at 6.  However, it is well-settled that this standard is not a sufficient independent basis for disqualification.  The reasons are well-stated in *Develop Don't Destroy Brooklyn*, 31 A.D.3d at 153, 816 N.Y.S.2d at 432 (citations omitted):

> Finally, the motion court erred in finding that the "appearance of impropriety" warranted disqualification of Paget as ESDC's environmental counsel.  In doing so, the court ignored three basic principles of law on this subject:  that if the representation does not violate another ethical or disciplinary rule, there can be no appearance of impropriety; that the mere appearance of impropriety alone is insufficient to warrant disqualification; and that the appearance of impropriety must be balanced against a party's right to the counsel of its choice as well as the possibility that the motion for disqualification may be motivated purely by tactical considerations.

14

In any event, the moving party has not shown an appearance of impropriety in this case.

CONCLUSION

Jordan Panel would have this Court apply *per se* rules (1) requiring all possible claims for contribution and indemnification to be brought in a single action, regardless of a party's strategic interests, and (2) prohibiting the joint representation of parties who have common interests if it is possible that they might claim against each other in the future.  Those rules are unprecedented and have no basis in law or logic.  Furthermore, Jordan Panel's motion appears to be nothing more than "tactical litigation" that is primarily intended to harass and gain insight into the responding parties' litigation strategy.  Accordingly, based on the foregoing, DASNY and TDX respectfully request that the Court deny Jordan Panel's motion to disqualify Holland & Knight as counsel, and that the Court award costs and attorneys' fees incurred in responding to the motion.

Dated: New York, New York
       March 28, 2008

                                        HOLLAND & KNIGHT LLP

                                        By: _____
                                            David D. Howe
                                            Timothy B. Froessel
                                        195 Broadway
                                        New York, New York 10007
                                        (212) 513-3200

                                        Stephen B. Shapiro
                                        HOLLAND & KNIGHT LLP
                                        2099 Pennsylvania Avenue, N.W.
                                        Suite 100
                                        Washington, D.C.  20006
                                        (202) 955-3000

                                        *Attorneys for Defendants/Third-Party Plaintiffs*
                                        *Dormitory Authority of the State of New York and*
                                        *TDX Construction Corporation*

15