# O'CONNOR REDD LLP

STEVEN M. O'CONNOR*
JOSEPH T. REDD+
JOSEPH A. ORLANDO*
JEREMY D. PLATEK*
VINCENT M. LYONS++

*MEMBER NY & CT BARS
***MEMBER NY & DC BARS
⸹MEMBER NY & CO BARS
+MEMBER NY & CA BARS
++MEMBER NY & NJ BARS
>MEMBER CT BAR/AWAITING
 ADMISSION TO NY BAR
<MEMBER NJ BAR/AWAITING
 ADMISSION TO NY BAR

ATTORNEYS AND COUNSELORS AT LAW
**200 MAMARONECK AVENUE
WHITE PLAINS, NEW YORK 10601**
TELEPHONE (914) 686-1700
TELECOPIER (914) 328-3184

CONNECTICUT OFFICE:
304 Federal Road, Suite 316
Brookfield, Connecticut 06804

DIRECT ALL CORRESPONDENCE TO NY OFFICE

JOHN P. GRILL *
APRIL J. LAWS**
STEVEN R. LAU***
RICHARD T. O'BRIEN++
JENNIFER M. YANDOLI
KIMBERLY D. STEVENSON
KEVIN PAGE>
ALAK SHAH<
JAMES S. ANDES, II

March 25, 2008



RECEIVED
MAR 27 2008
CHAMBERS OF
DENISE COTE

**MEMO ENDORSED**

Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 1040
New York, New York 10007

Re: TRAVELERS CASUALTY v. DASNY v. TRATAROS CONSTR. v. BARTEC INDUSTRIES, et al
Civil Action No.: 07-CV-6915 (DLC)

Dear Judge Cote:

This firm represents third-party defendant Bartec Industries, Inc. ("Bartec")

As requested by the Court, I write to respond to the deposition plan that has been submitted by the four "lead counsel" in the March 24, 2008 correspondence.

As directed by the Court at the February 29, 2008 conference, on March 3, 2008, I forwarded to all counsel a list of the witnesses whose testimony Bartec felt was necessary to defend itself in this litigation. A copy of that correspondence is attached.

The list included fourteen (14) party witnesses but did not include any of the non-parties reflected in Exhibit "B" to the March 24, 2008 correspondence (specifically, Bartec would seek the depositions of the personnel from G.M. Crocetti identified therein).

Yesterday, upon receipt of the "draft" correspondence to the Court regarding the organization of depositions, I noted that the lead counsel had determined to limit the time when the "flooring depositions" could be conducted to a two month period, May 15, 2008 through July 15, 2008.

Upon receipt of the draft, I immediately objected to that two month time period limitation (it should be noted that this time period encompasses only 42 business days). I saw no reason why these depositions could not be conducted in a more reasonable time period given the December 31, 2008 cut-off given by the court for the conduct of fact witness depositions.

Honorable Denise L. Cote
TRAVELERS CASUALTY v. DASNY
Civil Action No.: 07-CV-6915 (DLC)
March 25, 2008
Page 2

My objections fell on deaf ears.

The claims against Bartec, that it failed to properly mix the underlayment it utilized and it failed to properly prepare the concrete on which the underlayment was placed, are obviously very fact intensive.

Despite the "hope" that "30(b)(6) witnesses will be able to furnish most, if not all, of the information sought", in the case of the claims against Bartec, this appears to be a false hope. I anticipate that the 30(b)(6) witnesses will only lead to the discovery of additional witnesses who actually observed Bartec's work and could corroborate its opposition to these allegations.

Bartec does not object to conducting the flooring depositions first. Its objection is to the incredibly shortened deposition schedule which is apparently necessitated by the plaintiff's and third-party plaintiff's desire to proceed into discovery of the "omnibus claims" in a much more extended manner.

Their desire to do so should not inure to Bartec's prejudice.

One clear alternative is to allow the depositions to proceed on a two track basis.

Another remedy would be to sever the flooring claims from the other claims and allow the two claims to proceed in two separate actions, both in discovery and at trial.

I look to the Court's guidance on this matter.

Very truly yours,
O'CONNOR REDD LLP

By: Jeremy D. Platek

JDP:jp
Enclosure

cc: All Parties (w/out attachment)

*Objection is overruled. The proposal described in Ms. Donacci's March 24 letter is approved.*

*Denise Cote*
*March 31, 2008*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/08