```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
TRAVELERS CASUALTY AND SURETY              07 Civ. 6915 (DLC)
COMPANY as Administrator for               ECF CASE
RELIANCE INSURANCE COMPANY,

                Plaintiff,                 ANSWER OF CASTRO-BLANCO
                                           AND ARQUITECTONICA TO
        - against -                        KOHN PETERSEN FOX
                                           ASSOCIATES, P.C.'S
THE DORMITORY AUTHORITY OF                 THIRD-PARTY COMPLAINT
THE STATE OF NEW YORK, TDX
CONSTRUCTION CORP., and KOHN,
PEDERSON, FOX & ASSOCIATES, P.C.,

                Defendants.
----------------------------------X
DORMITORY AUTHORITY OF THE STATE OF
NEW YORK,

        Third-Party Plaintiff,

        - against -

TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY SURETY COMPANY,

        Third-Party Defendants.
----------------------------------X
TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY AND SURETY
COMPANY,

        Fourth-Party Plaintiffs,

        - against -

CAROLINA CASUALTY INSURANCE COMPANY,
et al.

        Fourth-Party Defendants.
----------------------------------X
KOHN PEDERSON FOX ASSOCIATES, P.C.

        Third-Party Plaintiff,
```

      - against –

WEIDLINGER ASSOCIATES CONSULTING
ENGINEERS, P.C., CASTRO-BLANCO
PISCIONERI AND ASSOCIATES, ARCHITECTS,
P.C., ARQUITECTONICA NEW YORK,
P.C., COSENTINI ASSOCIATES, INC.,
CERMAK, PETERKA PETERSEN, INC. JORDAN
PANEL SYSTEMS CORP., TRATAROS
CONSTRUCTION, INC. and LBL SKYSYSTEMS
(U.S.A.), INC.,

      Third-Party Defendants.
---------------------------------------X

The Third-Party Defendants, Castro-Blanco Piscioneri and Associates, Architects, P.C. ("Castro-Blanco") and Arquitectonica New York, P.C. ("Arquitectonica") by its attorneys, Gogick, Byrne & O'Neill, LLP, as and for its Answer to the Third-Party Plaintiff, Kohn Pedersen Fox Associates, P.C.'s Third-Party Complaint, respectfully sets forth upon information and belief as follows:

### THE PARTIES, JURISDICTION AND VENUE

1. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "1", "2", "5" through "9" inclusive, of the Third-Party Complaint.

2. Denies the truth of each and every allegation contained within paragraph "3" of the Third-Party Complaint in the form alleged except admits that Castro-Blanco was a New York professional corporation which rendered certain services in

connection with the construction project that is the subject of the within action.

    3.   Denies the truth of each and every allegation contained within paragraph "4" of the Third-Party Complaint in the form alleged except admits that Arquitectonica is a New York professional corporation with its principal place of business located at 114 West 26th Street, New York, New York and that Arquitectonica purchased certain interests/liabilities/assets of Castro-Blanco and respectfully refers the Honorable Court to said purchase agreement for all of its terms, provisions, conditions, and limitations and also refers all questions of law to this Court.

    4.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "10" and "11" of the Third-Party Complaint, and respectfully refers all questions of law to the Honorable Court.

## FACTS

    5.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "12", "14" and "16" of the Third-Party Complaint.

    6.   Denies the truth of each and every allegation contained within paragraphs "13" and "22" of the Third-Party

Complaint in the form alleged.

7. The allegations contained in paragraphs "15", "18", "19", "20" and "21" contain, at least in part, legal conclusions to which no response is required. To the extent a response is required, Third-Party Plaintiffs deny having knowledge or information sufficient to form a belief as to the truth of the allegations.

8. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "17" of the Third-Party Complaint in the form alleged.

## AS AND FOR A FIRST CLAIM FOR RELIEF

### (Against the KPF Subconsultants for Contribution)

9. The responding third-party defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "22" with the same force and effect as if the same were set forth in full herein in response to paragraph "23" of the Third-Party Complaint.

10. Denies the truth of each and every allegation contained within paragraph "24" of the Third-Party Complaint in the form alleged as to answering Third-Party Defendants.

11. Denies the truth of each and every allegation contained within paragraphs "25", "26" and "27" of the Third-Party Complaint as to answering Third-Party Defendants.

**AS AND FOR A SECOND CLAIM FOR RELIEF**

**(Against the KPF Subconsultants for Common Law Indemnification)**

12. The responding third-party defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "27" with the same force and effect as if the same were set forth in full herein in response to paragraph "28" of the Third-Party Complaint.

13. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "29" of the Third-Party Complaint.

14. Denies the truth of each and every allegation contained within paragraphs "30", "31", "32", "33" and "34" of the Third-Party Complaint as to answering Third-Party Defendants.

**AS AND FOR A THIRD CLAIM FOR RELIEF**

**(Against Weidlinger, Castro-Blanco, Arquitectonica and Cosentini for Contractual Indemnification)**

15. The responding third-party defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "34" with the same force and effect as if the same were set forth in full herein in response to paragraph "35" of the Third-Party Complaint.

16. Denies the truth of each and every allegation

contained within paragraph "36" of the Third-Party Complaint in the form alleged as to Castro-Blanco.

17. Denies the truth of each and every allegation contained within paragraph "37" of the Third-Party Complaint except admits that Arquitectonica purchased certain interests/liabilities/assets of Castro-Blanco and respectfully refers the Honorable Court to said purchase agreement for all of its terms, provisions, conditions and limitations and also refers all questions of law to this Court.

18. Denies the truth of each and every allegation contained within paragraphs "38", "40" and "41" of the Third-Party Complaint as to answering Third-Party Defendants.

19. Denies the truth of each and every allegation contained within paragraph "39" of the Third-Party Complaint in the form alleged as to answering Third-Party Defendants.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

**(Against the KPF Subconsultants for Breach of Contract)**

20. The responding third-party defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "41" with the same force and effect as if the same were set forth in full herein in response to paragraph "42" of the Third-Party Complaint.

21. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained

within paragraphs "43" and "44" of the Third-Party Complaint in the form alleged.

22. Denies the truth of each and every allegation contained within paragraphs "45", "46", "47" and "48" of the Third-Party Complaint as to answering Third-Party Defendants.

**AS AND FOR A FIFTH CLAIM FOR RELIEF**

**(Against the KPF Subconsultants for Negligence)**

23. The responding third-party defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "48" with the same force and effect as if the same were set forth in full herein in response to paragraph "49" of the Third-Party Complaint.

24. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "50" and "51" of the Third-Party Complaint in the form alleged.

25. Denies the truth of each and every allegation contained within paragraphs "52" and "53" of the Third-Party Complaint as to answering Third-Party Defendants.

**AS AND FOR A SIXTH CLAIM FOR RELIEF**

**(Against Jordan, LBL and Trataros
for Contractual Indemnification)**

26. The responding third-party defendant repeats, reiterates and realleges each and every denial hereinbefore set

forth in response to paragraphs "1" through "53" with the same force and effect as if the same were set forth in full herein in response to paragraph "54" of the Third-Party Complaint.

27. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "55", "56", "57", "58" and "59" of the Third-Party Complaint.

### AS AND FOR A SEVENTH CLAIM FOR RELIEF

**(Against Jordan, LBL and Trataros,
for Common Law Indemnification)**

28. The responding third-party defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "59" with the same force and effect as if the same were set forth in full herein in response to paragraph "60" of the Third-Party Complaint.

29. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "61", "62", "63", "64", "65", "66", "67" and "68" of the Third-Party Complaint.

### AS AND FOR AN EIGHTH CLAIM FOR RELIEF

**(Against Jordan, LBL and Trataros for Contribution)**

30. The responding third-party defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "68" with the same

force and effect as if the same were set forth in full herein in response to paragraph "69" of the Third-Party Complaint.

31. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "70", "71" and "72" of the Third-Party Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32. That any injuries or damages sustained by Defendant/Third-Party Plaintiff, as alleged in the Third-Party Complaint, were caused in whole or in part by the contributory negligence and/or culpable conduct of Plaintiff and not as a result of any negligence and/or culpable conduct on the part of this answering Third-Party Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33. That the Third-Party Complaint fails to state a cause of action upon which relief may be granted as to this answering Third-Party Defendant, and must therefore be dismissed.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

34. If the Defendant/Third-Party Plaintiff sustained any injuries or damages as alleged in the Third-Party Complaint, which allegations are expressly denied, then same were sustained because of the culpable conduct of a third-party or parties over whom this answering Third-Party Defendant were not obligated to exercise supervision or control.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

35.  Upon information and belief, Plaintiff's claims are barred by waiver of subrogation.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

36.  That the damages alleged by Plaintiff, all of which are denied by this answering Third-Party Defendant, were caused by the intervening, interceding and superseding acts of third-parties not under the control of this answering Third-Party Defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

37.  The Third-Party Complaint should be dismissed due to Defendant/Third-Party Plaintiff's failure, upon information and belief, to mitigate damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

38.  The Third-Party Complaint should be dismissed since it seeks a recovery in tort for claimed damages which are pecuniary loss damages.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

39.  The Third-Party Complaint should be dismissed for failure to join necessary party(ies).

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

40.  The Third-Party Complaint is barred by the application of the doctrines of accord and satisfaction, and release.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

41.   The plaintiff's cause of action is barred by the applicable Statute of Limitations.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

42.   The Third-Party Complaint must be dismissed as this Third-Party Defendant did not owe a legal duty to Defendant/Third-Party Plaintiff.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

43.   The Third-Party Complaint must be dismissed as against this Third-Party Defendant because this Third-Party Defendant did not render any of the services alleged to be deficient in the third-party Complaint.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

44.   The Third-Party Plaintiff's claims for contractual indemnification are barred by the General Obligations Law and/or Public Policy.

### AS AND FOR A FOURTEEENTH AFFIRMATIVE DEFENSE

45.   The Third-Party Plaintiff's claims for contribution must be dismissed because economic loss is sought as damages.

**AS AND FOR A CROSS-CLAIM AND COUNTERCLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION, AGAINST THE DORMITORY AUTHORITY OF THE STATE OF NEW YORK, TDX CONSTRUCTION CORP. KOHN PEDERSON FOX ASSOCIATES, P.C., TRAVELERS CASUALTY SURETY COMPANY, TRATAROS CONSTRUCTION, INC., COSENTINI ASSOCIATES, INC. CERMAK, PETERKA PETERSEN, INC., JORDAN PANEL SYSTEMS CORP. AND LBL SKYSYSTEMS (U.S.A.), INC. THIRD-PARTY DEFENDANTS ALLEGE:**

46. That any injuries and damages sustained by the plaintiffs or third-party plaintiffs herein as a result of the alleged incident described in the Complaint and Third-Party Complaint which are denied, were sustained in whole or in part by reason of the negligence, breach of contract or other breach of duty on the part of the above parties.

47. That if it is determined that the answering Third Party Defendants are liable in any degree in this matter because of negligence, by operation of law or any other reason, the answering Third-Party Defendants are entitled to have the liability apportioned with the above parties by way of contribution and/or is entitled to be indemnified by said parties.

**AS AND FOR A CROSS-CLAIM AND COUNTERCLAIM FOR CONTRACTUAL INDEMNIFICATION AGAINST THE DORMITORY AUTHORITY OF THE STATE OF NEW YORK, TDX CONSTRUCTION CORP., KOHN PEDERSON FOX ASSOCIATES, P.C., TRAVELERS CASUALTY SURETY COMPANY, TRATAROS CONSTRUCTION, INC., COSENTINI ASSOCIATES, INC. CERMAK, PETERKA PETERSEN, INC., JORDAN PANEL SYSTEMS CORP. AND LBL SKYSYSTEMS (U.S.A.), INC. THIRD-PARTY DEFENDANTS ALLEGE:**

48. That on or before the dates set forth in the Complaint and the above parties, and upon information and belief, the above parties entered into agreements, whereby said parties agreed to indemnify and hold the answering Third-Party Defendants harmless in the event of any suit or claim for personal injuries, property damage, pecuniary loss and or wrongful death as a result of the work being done pursuant to said agreements.

49. That said agreements were in full force and effect on the dates set forth in the Complaint and Third-Party Complaint. That the claims being made by the plaintiff or third-party plaintiff herein, if true, will entitle the answering Third-Party Defendants to be indemnified and held harmless by the above parties as aforesaid.

**WHEREFORE**, the answering defendant demands judgment:

a. Dismissing the Third-Party Complaint as against the answering third-party defendant;

b. Determining the relative culpability and rights as between all the parties;

c. Awarding judgment over and against The Dormitory Authority of The State Of New York, TDX Construction Corp., Kohn Pederson Fox Associates, P.C., Travelers Casualty Surety Company, Trataros Construction,Inc., Cosentini Associates, Inc. Cermak, Peterka Petersen, Inc., Jordan Panel Systems Corp. And LBL Skysystems (U.S.A), in whole or in part, or in such amount as the Court may direct for any verdict or judgment which any party to this action may recover against the answering defendant; and,

d. Awarding the costs and expenses of this litigation, including attorney's fees.

Dated:   New York, New York
         April 4, 2008

                    GOGICK, BYRNE & O'NEILL, LLP
                    Attorneys for Third-Party Defendant
                    Arquitectonica New York, P.C.


               By:  __/s/ Stephen P. Schreckinger_____
                    Stephen P. Schreckinger, Esq. (SPS-4448)
                    11 Broadway, Suite 1560
                    New York, New York 10004-1314
                    (212) 422-9424