UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
TRAVELERS CASUALTY AND SURETY COMPANY
as Administrator for RELIANCE INSURANCE
COMPANY,

                Plaintiff,

          -against-

DORMITORY AUTHORITY – STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN PEDERSEN
FOX ASSOCIATES, P.C.

                Defendants.
-------------------------------------------------------------------------X
DORMITORY AUTHORITY OF THE STATE OF NEW
YORK and TDX CONSTRUCTION CORP.,

                Third Party Plaintiffs,

          -against-

TRATAROS CONSTRUCTION, INC.

                Third Party Defendant.
-------------------------------------------------------------------------X
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

                Fourth Party Plaintiffs,

          -against-

CAROLINA CASUALTY INSURANCE COMPANY, et al,

                Fourth Party Defendants.
-------------------------------------------------------------------------X
KOHN PEDERSEN FOX ASSOCIATES, P.C.,

                Third Party Plaintiff,

          -against-

WEIDLINGER ASSOCIATES CONSULTING
ENGINEERS, P.C., et al.,

                Third Party Defendants.
-------------------------------------------------------------------------X

07 Civ. 6915 (DLC)
ECF CASE

**REPLY DECLARATION OF TERRENCE J. O'CONNOR IN SUPPORT OF MOTION TO DISQUALIFY**

I, Terrence J. O'Connor, of full age, under penalty of perjury pursuant to 28 USC 1746, and Local Civil Rule 1 10, declare that the following is true:

1. I am Of Counsel to the firm of Kalb & Rosenfeld P.C., attorneys for Third Party Defendant Jordan Panel Systems Corp. ('Jordan") and I am fully familiar with the facts and circumstances set forth herein.

2. I submit this Declaration in reply to the Defendant's opposition and in further support of Jordan's motion to disqualify counsel.

3. Annexed hereto as Exhibits "A" and "B" are true and correct copies of two documents obtained in discovery from DASNY and TDX.

4. Annexed hereto as Exhibit "C" is a true and correct copy of the transcript of the record from a conference held in this case on February 29, 2008.

5. On April 4, 2008, I spoke with the New York State Inspector General's Office, who confirmed that the Inspector General oversees conflicts of interest involving State agencies, including DASNY. The Inspector General's office represented that it is looking into the issues raised by the conflict waiver agreement as it is described in the opposing affidavits submitted by DASNY and TDX.

6. DASNY's official website (http://www.dasny.org) contains two documents entitled "Code of Business Ethics" and "Serving Responsibly", available on the internet at the respective web addresses, http://www.dasny.org/dasny/corpint/ethics/index.php and http://www.dasny.org/dasny/corpint/servresp/index.php. Annexed hereto as Exhibits "D" and "E" respectively are true and correct copies of excerpted sections from DASNY's "Code of Business Ethics" and "Serving Responsibly." These two documents apparently set out guidelines for the ethical conduct of DASNY's members, employees, officers, as well as "the

many contractors, … bond counsels, consultants and vendors with whom the Authority interacts." (Exhibit "D")

7.   It is respectfully submitted, that for the reasons set forth in the accompanying Reply Memorandum, the firm of Holland & Knight should be disqualified from representing either of its two clients in this case because it has engaged in an impermissible conflict of interest.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: Bronx, New York
       April 4, 2008

/s/ Terrence J. O'Connor, Esq.
Terrence J. O'Connor (TJO 1549)