UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>Plaintiff,<br>vs.<br><br>DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP. and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>Defendants. | Case No.  07-CV-6915 (DLC)<br>ECF CASE<br><br>**ANSWER TO AMENDED FOURTH-PARTY COMPLAINT OF TRATAROS CONSTRUCTION, INC. AND TRAVELERS CASUALTY & SURETY COMPANY ON BEHALF OF OHIO CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP, SEPARATE DEFENSES, COUNTERCLAIM, CROSSCLAIMS AND ANSWER TO CROSSCLAIMS**<br><br>**\*\*ELECTRONICALLY FILED \*\*** |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK,<br><br>Third-Party Plaintiff,<br>vs.<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>Third-Party Defendant. | |
| TRATAROS CONSTRUCTION INC., and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>Fourth-Party Plaintiffs,<br>vs.<br><br>CAROLINA CASUALTY INSURANCE COMPANY; BARTEC INDUSTRIES, INC.; DAYTON SUPERIOR SPECIALTY CHEMICAL CORP. a/k/a DAYTON SUPERIOR CORPORATION; SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC;  KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A.; UNITED STATES FIRE INSURANCE COMPANY; ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. f/k/a/ COMMERCIAL UNDERWRITERS INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY d/b/a ZURICH INSURANCE COMPANY; OHIO CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP; HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a/ HARLEYSVILLE INSURANCE COMPANY); JOHN DOES 1-20 and XYZ CORPS. 1-12,<br><br>Fourth-Party Defendants. | |

This defendant, Ohio Casualty Insurance Company, d/b/a Ohio Casualty Group, by way of Answer to the Amended Fourth-Party Complaint of

Trataros Construction, Inc. and Travelers Casualty & Surety Company, says that:

## PARTIES, JURISDICTION & VENUE

1.   It admits the allegations of paragraph 1.

2.   It admits the allegations of paragraph 2.

3.   This fourth-party defendant has no information sufficient to answer the allegations of paragraph 3 and leaves fourth-party plaintiffs to their proofs as to same.

4.   It admits the allegations of paragraph 4.

5.   This fourth-party defendant has no information sufficient to answer the allegations of paragraph 5 and leaves fourth-party plaintiffs to their proofs as to same.

6.   This fourth-party defendant has no information sufficient to answer the allegations of paragraph 6 and leaves fourth-party plaintiffs to their proofs as to same.

7.   This fourth-party defendant has no information sufficient to answer the allegations of paragraph 7 and leaves fourth-party plaintiffs to their proofs as to same.

8.   This fourth-party defendant has no information sufficient to answer the allegations of paragraph 8 and leaves fourth-party plaintiffs to their proofs as to same.

9.   This fourth-party defendant has no information sufficient to answer the allegations of paragraph 9 and leaves fourth-party plaintiffs to their proofs as to same.

10.   This fourth-party defendant has no information sufficient to answer the allegations of paragraph 10 and leaves fourth-party plaintiffs to their proofs as to same.

11.   This fourth-party defendant has no information sufficient to answer the allegations of paragraph 11 and leaves fourth-party plaintiffs to their proofs as to same.

12.   This fourth-party defendant has no information sufficient to answer the allegations of paragraph 12 and leaves fourth-party plaintiffs to their proofs as to same.

13.     This fourth-party defendant has no information sufficient to answer the allegations of paragraph 13 and leaves fourth-party plaintiffs to their proofs as to same.

14.     It admits the allegations of paragraph 14.

15.     This fourth-party defendant has no information sufficient to answer the allegations of paragraph 15 and leaves fourth-party plaintiffs to their proofs as to same.

16.     It admits the allegations of paragraph 16.

17.     It admits the allegations of paragraph 17.

## INTERESTED NON-PARTIES

18.     It admits the allegations of paragraph 18.

19.     It admits the allegations of paragraph 19.

## PROCEDURAL BACKGROUND

20.     As its answer to paragraph 20, this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

21. As its answer to paragraph 21, this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

22.     As its answer to paragraph 22, this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

23.     As its answer to paragraph 23, this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

24.    As its answer to paragraph 24, this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

25.    As its answer to paragraph 25, this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

26.    As its answer to paragraph 26, this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

27.    As its answer to paragraph 27, this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

28.    As its answer to paragraph 28, this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

29.    As its answer to paragraph 29, this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

30.    As its answer to paragraph 30, this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

### FACTS COMMON TO ALL COUNTS

31.    It admits the allegations of paragraph 31.

32.    It admits the allegations of paragraph 32.

33.    It admits the allegations of paragraph 33.

34.    It admits the allegations of paragraph 34.

35.    It admits the allegations of paragraph 35.

36.    It admits the allegations of paragraph 36.

37.    It admits the allegations of paragraph 37.

38.    It admits the allegations of paragraph 38.

39.    It admits the allegations of paragraph 39.

40.    It admits the allegations of paragraph 40.

41.    It admits the allegations of paragraph 41.

42.    It admits the allegations of paragraph 42.

43.    This fourth-party defendant, upon information and belief, admits the allegations of paragraph 43.

44.    This fourth-party defendant, upon information and belief, admits the allegations of paragraph 44.

45.    This fourth-party defendant, upon information and belief, admits the allegations of paragraph 45.

46.    This fourth-party defendant, upon information and belief, admits the allegations of paragraph 46.

47.    It admits the allegations of paragraph 47.

48.    It admits the allegations of paragraph 48.

49.    This fourth-party defendant, upon information and belief, admits the allegations of paragraph 49.

50.    It admits the allegations of paragraph 50.

51.    This fourth-party defendant, upon information and belief, admits the allegations of paragraph 51.

52.    This fourth-party defendant, upon information and belief, admits the allegations of paragraph 52.

53.    As its answer to paragraph 53, this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

54.    As its answer to paragraph 54, this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

55.    As its answer to paragraph 55 this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

56.    As its answer to paragraph 56 this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

57.    As its answer to paragraph 57 this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

58.    As its answer to paragraph 58 this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

59.    As its answer to paragraph 59 this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

60.    As its answer to paragraph 60 this fourth-party defendant admits that the referenced pleadings were filed with the Court but relies upon those pleadings in their entirety as setting forth the claims and defenses of the referenced parties.

61.    This fourth-party defendant neither admits nor denies the allegations of paragraph 61 but rather refers to the documents themselves.

62.    This fourth-party defendant neither admits nor denies the allegations of paragraph 62 but rather refers to the documents themselves.

## **FIRST COUNT**

63.    As its answer to paragraph 63, this fourth-party defendant repeats and realleges its answers to the preceding paragraphs of this Fourth-Party Complaint.

64.    This fourth-party defendant neither admits nor denies the allegations of paragraph 64 but leaves the parties to their proof as to same.

65.    The allegations of paragraph 65 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

66.    The allegations of paragraph 66 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

67.    The allegations of paragraph 67 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

68.    The allegations of paragraph 68 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

69.    The allegations of paragraph 69 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

70.    The allegations of paragraph 70 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

71.    The allegations of paragraph 71 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

## SECOND COUNT

72.    As its answer to paragraph 72, this fourth-party defendant repeats and realleges its answers to the preceding paragraphs of this Fourth-Party Complaint.

73.    The allegations of paragraph 73 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

74.    The allegations of paragraph 74 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

75.    The allegations of paragraph 75 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

76.    The allegations of paragraph 76 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

77.    The allegations of paragraph 77 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

78.    The allegations of paragraph 78 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

## THIRD COUNT

79.    As its answer to paragraph 79, this fourth-party defendant repeats and realleges its answers to the preceding paragraphs of this Fourth-Party Complaint.

80.    The allegations of paragraph 80 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.    This fourth-party defendant makes no answer to same.

81.    The allegations of paragraph 81 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.    This fourth-party defendant makes no answer to same.

82.    The allegations of paragraph 82 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.    This fourth-party defendant makes no answer to same.

83.    The allegations of paragraph 83 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.    This fourth-party defendant makes no answer to same.

84.    The allegations of paragraph 84 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.    This fourth-party defendant makes no answer to same.

85.    The allegations of paragraph 85 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.    This fourth-party defendant makes no answer to same.

## FOURTH COUNT

86.    As its answer to the allegations of paragraph 86, this fourth-party defendant repeats and realleges its answers to the preceding paragraphs of this Fourth-Party Complaint.

87.    The allegations of paragraph 87 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.    This fourth-party defendant makes no answer to same.

88.    The allegations of paragraph 88 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.    This fourth-party defendant makes no answer to same.

89.    The allegations of paragraph 89 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.  This fourth-party defendant makes no answer to same.

## FIFTH COUNT

90.    As its answers to paragraph 90, this fourth-party defendant repeats and realleges its answers to the preceding paragraphs of this Fourth-Party Complaint.

91.    This fourth-party defendant neither admits nor denies the allegations of paragraph 91 but rather leaves fourth-plaintiffs to their proof as to same.

92.    The allegations of paragraph 92 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.  This fourth-party defendant makes no answer to same.

93.    This fourth-party defendant neither admits nor denies the allegations of paragraph 93 but rather leaves fourth-plaintiffs to their proof as to same.

94.    The allegations of paragraph 94 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.  This fourth-party defendant makes no answer to same.

95.    The allegations of paragraph 95 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.  This fourth-party defendant makes no answer to same.

96.    The allegations of paragraph 96 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.  This fourth-party defendant makes no answer to same.

97.    The allegations of paragraph 97 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.  This fourth-party defendant makes no answer to same.

## **SIXTH COUNT**

98.    As its answer to paragraph 98, this fourth-party defendant repeats and realleges its answers to the preceding paragraphs of this Fourth-Party Complaint.

99.    The allegations of paragraph 99 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.  This fourth-party defendant makes no answer to same.

100.    The allegations of paragraph 100 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.  This fourth-party defendant makes no answer to same.

101.    The allegations of paragraph 101 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.  This fourth-party defendant makes no answer to same.

102.    The allegations of paragraph 102 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.  This fourth-party defendant makes no answer to same.

103.    The allegations of paragraph 103 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.  This fourth-party defendant makes no answer to same.

104.    The allegations of paragraph 104 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.  This fourth-party defendant makes no answer to same.

105.    The allegations of paragraph 105 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility.  This fourth-party defendant makes no answer to same.

## SEVENTH COUNT

106. As its answer to paragraph 106, this fourth-party defendant repeats and realleges its answers to the preceding paragraphs of this Amended Fourth-Party Complaint.

107. The allegations of paragraph 107 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

108. The allegations of paragraph 108 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

109. The allegations of paragraph 109 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

110. The allegations of paragraph 110 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

111. The allegations of paragraph 111 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

112. The allegations of paragraph 112 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

113. The allegations of paragraph 113 are not allegations of fact but rather represent a setting forth by fourth-party plaintiffs of certain suppositions and conclusions as respects legal responsibility. This fourth-party defendant makes no answer to same.

## EIGHTH COUNT

114.    As its answer to paragraph 114, this fourth-party defendant repeats and realleges its answers to the preceding paragraphs of this Fourth-Party Complaint.

115.    The allegations of the Eighth Count not being directed against this fourth-party defendant or its insureds, it makes no answer to the allegations of paragraph 115.

116.    The allegations of the Eighth Count not being directed against this fourth-party defendant or its insureds, it makes no answer to the allegations of paragraph 116.

117.    The allegations of the Eighth Count not being directed against this fourth-party defendant or its insureds, it makes no answer to the allegations of paragraph 117.

118.    The allegations of the Eighth Count not being directed against this fourth-party defendant or its insureds, it makes no answer to the allegations of paragraph 118.

119.    The allegations of the Eighth Count not being directed against this fourth-party defendant or its insureds, it makes no answer to the allegations of paragraph 119.

120.    The allegations of the Eighth Count not being directed against this fourth-party defendant or its insureds, it makes no answer to the allegations of paragraph 120.

121.    The allegations of the Eighth Count not being directed against this fourth-party defendant or its insureds, it makes no answer to the allegations of paragraph 121.

122.    The allegations of the Eighth Count not being directed against this fourth-party defendant or its insureds, it makes no answer to the allegations of paragraph 122.

## NINTH COUNT

123.    As its answer to paragraph 123, this defendant repeats and realleges its answers to the preceding paragraphs of this Fourth-Party Complaint.

124. This fourth-party defendant, upon information and belief, admits the allegations of paragraph 124.

125. This fourth-party defendant, upon information and belief, admits the allegations of paragraph 125.

126. This fourth-party defendant, upon information and belief, admits the allegations of paragraph 126.

127. This fourth-party defendant, upon information and belief, admits the allegations of paragraph 127.

128. This fourth-party defendant, upon information and belief, admits the allegations of paragraph 128.

129. This fourth-party defendant, upon information and belief, admits the allegations of paragraph 129.

130. This fourth-party defendant, upon information and belief, admits the allegations of paragraph 130.

131. It admits the allegations of paragraph 131.

132. This fourth-party defendant, upon information and belief, admits the allegations of paragraph 132.

133. As its answer to paragraph 133, this fourth-party defendant states that the referenced subcontract speaks for itself. This fourth-party defendant relies upon that contract in its entirety as representing the agreement between the parties to same.

134. As its answer to paragraph 134, this fourth-party defendant states that the referenced subcontract speaks for itself. This fourth-party defendant relies upon that contract in its entirety as representing the agreement between the parties to same.

135. As its answer to paragraph 135, this fourth-party defendant states that the referenced subcontract speaks for itself. This fourth-party defendant relies upon that contract in its entirety as representing the agreement between the parties to same.

136. This fourth-party defendant neither admits nor denies the allegations of paragraph 133 but rather leaves the fourth-party plaintiffs to their proofs as to same.

137.  As its answer to paragraph 137, this fourth-party defendant states that it issued certain policies of insurance to Bartec and/or Crocetti.  It relies upon the provisions of those policies of insurance in their entirety as representing the contracts between those parties.  It denies the balance of the allegations of paragraph 137.

138.  Other than to admit that it issued certain policies of insurance, the balance of the allegations of paragraph 138 are denied.

139.  This fourth-party defendant neither admits nor denies the allegations of paragraph 139 but rather leaves the fourth-party plaintiffs to their proof as to same.

140.  As its answer to paragraph 140, this defendant admits that it issued a certain policy of insurance to Bartec and relies upon the policy in its entirety as representing the agreement between the parties to that contract. Said policies do contain certain Exclusions, Conditions and other limitations.

141.  This fourth-party defendant denies the allegations of paragraph 141.

142.  The allegations of paragraph 142 not being directed against this fourth-party defendant it makes no answer to same.

143.  The allegations of paragraph 143 not being directed against this fourth-party defendant it makes no answer to same.

144.  Paragraph 144 fails to set forth any factual assertions which are susceptible to being admitted or denied so that, therefore, the allegations of paragraph 144 are denied.

145.  Paragraph 145 fails to set forth any factual assertions which are susceptible to being admitted or denied so that, therefore, the allegations of paragraph 145 are denied.

146.  Paragraph 146 fails to set forth any factual assertions which are susceptible to being admitted or denied so that, therefore, the allegations of paragraph 146 are denied.

147.  To the extent that paragraph 147 may be deemed to contain statements of fact, same are denied.

148.  To the extent that paragraph 148 may be deemed to contain statements of fact, same are denied.

149.  To the extent that paragraph 149 may be deemed to contain statements of fact, same are denied.

150.  The allegations of paragraph 150 are denied.

151.  No answer is made to the allegations of paragraph 151 as they consist merely of statements that the fourth-party plaintiffs are seeking declaratory relief.

### FIRST SEPARATE DEFENSE

The Fourth-Party Complaint fails to set forth claims upon which relief can be granted and this fourth-party defendant reserves the right to move to at any time dismiss same.

### SECOND SEPARATE DEFENSE

The claimants have failed to join a necessary or indispensable party without whom this action cannot proceed.

### THIRD SEPARATE DEFENSE

Fourth-party defendant denies that fourth-party plaintiffs and/or DASNY suffered damages within the contemplation of the policies of insurance. However, if the trier of fact determines that such damages did, in fact, take place, then said damages did not take place during the periods within which the policies of insurance issued by this fourth-party defendant were in force.

### FOURTH SEPARATE DEFENSE

The alleged damages claimed by fourth-party plaintiffs and/or DASNY are not claims for "property damage" as defined within the Definitions of the policies of insurance.

### FIFTH SEPARATE DEFENSE

The claimants are guilty of laches.

### SIXTH SEPARATE DEFENSE

Claimants' wrongful conduct bars their claims for relief.

## SEVENTH SEPARATE DEFENSE

The claimants are estopped from proceeding with the alleged causes of action.

## EIGHTH SEPARATE DEFENSE

Upon information and belief, all or part of the sums for which the fourth-party plaintiffs seek indemnification may be precluded by the applicable provisions, terms, Definitions, Conditions, limitations and Exclusions of the insurance policies issued by this party and/or by public policy and/or by express provision of law.

## NINTH SEPARATE DEFENSE

The insured and/or the fourth-party claimants have failed to comply with Conditions precedent and subsequent necessary to the existence of insurance coverage under the insurance policies issued by this party.

## TENTH SEPARATE DEFENSE

Insurance coverage does not exist under the policies for all or part of the claims against the insureds as said claims are not claims for damages resulting from an "occurrence" as set forth in the Definitions in the policies.

## ELEVENTH SEPARATE DEFENSE

The policy of insurance [BHO 52 84 96 21] issued by the Ohio Casualty Insurance Company to Bartec Industries, Inc. incepted on May 26, 2001 and remained in force until May 26, 2002. Said policy of insurance contains an Endorsement amending its Insuring Agreement to provide that the insurance for "property damage" applies only if the property damage is caused by an "occurrence," that the "property damage" occur during the policy period and that prior to the policy period, no insured and no employee of the insured authorized to receive notice of an "occurrence" knew that "property damage" had occurred. Bartec Industries knew, prior to the inception date of the policy, that such "property damage" had occurred so that any continuation, change or resumption of such "property damage" is deemed to have been known prior to the inception of the policy and no insurance coverage is provided. Bartec, accordingly, is precluded from coverage.

## TWELFTH SEPARATE DEFENSE

Ohio's insured, Bartec Industries, breached the "Conditions" of the policy "Duties In The Event Of An Occurrence, Claim Or Suit" by failing to give notice of claim and/or notice of suit as required by the policy.

## THIRTEENTH SEPARATE DEFENSE

This fourth-party defendant relies upon the provisions of the policy of insurance issued to Bartec in its entirety as representing the agreement between it and Bartec and/or any persons, firms, corporations or other legal entities claiming to be insureds and/or additional insureds.

## FOURTEENTH SEPARATE DEFENSE

This fourth-party defendant relies upon the provisions of the policies of insurance issued to Crocetti in their entirety as representing the agreement between it and Crocetti and/or any other persons, firms, corporations or other legal entities claiming to be insureds and/or additional insureds.

## FIFTEENTH SEPARATE DEFENSE

The rights of Trataros, Travelers and/or DASNY can rise no higher than those of Bartec under its policy of insurance.

## SIXTEENTH SEPARATE DEFENSE

The rights of Trataros, Travelers and/or DASNY can rise no higher than those of Crocetti under its policies of insurance.

## SEVENTEENTH SEPARATE DEFENSE

Crocetti's attorneys have admitted and/or conceded that no insurance coverage was available to it under its policies of insurance for the claims asserted.    Fourth-party claimants, Travelers, Trataros and DASNY, lack standing and should not be heard to assert to the contrary.

## EIGHTEENTH SEPARATE DEFENSE

There was an obligation upon those entities claiming to be insureds or additional insureds under the policies of insurance issued to Bartec and Crocetti to give prompt written notice of claim and/or suit.  Said claimants, Travelers, Trataros and DASNY, failed to give notice of claim and/or suit despite their knowledge of the existence of the policies of insurance.  Said failure of notice constitutes a breach of the Conditions of the policies, a breach

of the Endorsement, "New York Changes," and a breach of the duties owed by these claimants to the Ohio Casualty Insurance Company. Their failure to give notice precludes them from insured or additional insured status and precludes them from obtaining defense and/or indemnification under said policies.

## COUNTERCLAIM AND CROSSCLAIMS

By way of Counterclaim against fourth-party plaintiffs, Trataros Construction, Inc. and Travelers Casualty and Surety Company, Dormitory Authority of the State of New York, TDX Construction Corp. and Kohn, Pederson, Fox & Associates, P.C. and by way of Crossclaim against all Fourth-Party Defendants, this Fourth-Party Defendant, Ohio Casualty Insurance Company, states:

### FIRST COUNT

1.    This fourth-party defendant repeats and realleges all of the preceding paragraphs of its Answer to the Fourth-Party Complaint of Trataros Construction and Travelers Casualty & Surety Company as if forth herein.

2.    This fourth-party defendant issued its policy of insurance BHO [02] 52 84 96 21 to Bartec Industries at Post Office Box 715, New Providence, New Jersey, on June 8, 2001 effective for the period from May 26, 2001 to May 26, 2002.

3.    Said policy of insurance provided commercial general liability insurance coverage to Bartec Industries, Inc. all as more specifically delineated within the policy.

4.    This fourth-party defendant relies upon its policy of insurance in its entirety as if attached hereto and made a part of this, its Answer, Counterclaim and Crossclaims.

5.    Said policy of insurance contains the following relevant provisions:

### SECTION I – COVERAGES

### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.    Insuring Agreement

a.   We will pay those sums that the insured
becomes legally obligated to pay as
damages because of "bodily injury" or
"property damage" to which this insurance
applies. We will have the right and duty to
defend the insured against any "suit"
seeking those damages. However, we will
have no duty to defend the insured
against any "suit" seeking damages for
"bodily injury" or "property damage" to
which this insurance does not apply. ...

b.   This insurance applies to "bodily injury"
and "property damage" only if:

(1)   The "bodily injury" or "property
damage" is caused by an
"occurrence" that takes place in the
"coverage territory"; and

(2)   The "bodily injury" or "property
damage" occurs during the policy
period; and

(3)   Prior to the policy period, no insured
listed under Paragraph 1. of Section
II – Who Is An Insured and no
"employee" authorized by you to give
or receive notice of an "occurrence"
or claim, knew that the "bodily
injury" or "property damage" had
occurred, in whole or in part. If
such a listed insured or authorized
"employee" knew prior to the policy
period, that the "bodily injury" or
"property damage" occurred, then
any continuation, change or
resumption of such "bodily injury"
or "property damage" during or after
the policy period will be deemed to
have been known prior to the policy
period.

c.   "Bodily injury" or "property damage" which
occurs during the policy period and was
not, prior to the policy period, known to

have occurred by any insured listed under Paragraph 1. or Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of any "occurrence" or claim;

    (1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or an other insurer;

    (2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

6.    The insurance is only for "property damage" for which Bartec Industries is legally obligated if such damage is caused by an "occurrence" and then only if the "property damage" occurs during the policy period and the insured did not know, prior to the inception of the policy period, that the "property damage" had, in whole or in part, occurred.  Because Bartec knew prior to the policy period that "property damage" had taken place and because there was no "occurrence," no insurance coverage is provided.

7.    There are policy Exclusions of potential relevance:

**2.    Exclusions**

This insurance does not apply to:

**a.    Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

**b.    Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)    That the insured would have in the absence of the contract or agreement; or

(2)    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

* * *

**j.    Damage to Property**

"Property damage" to: …

**(5)**    That particular part of real property on which you or any contractors or subcontractors working directly or directly on your behalf are performing operations, if the "property damage" arises out of those operations.

**(6)**    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it. …

-22-

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the products-completed operations hazard".

**k.**    **Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.**    **Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This Exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.**    **Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**    a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**    a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.**    **Recall Of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1)     "Your product";

(2)     "Your work"; or

(3)     "Impaired property";

If such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

8.     The policy contains Limits of Insurance provisions:

**SECTION III – LIMITS OF INSURANCE**

1.     The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

a.     Insureds;

b.     Claims made or "suit" brought; or

c.     Persons or organizations making claims or bringing "suits".

9.     The policy coverage is subject to "Conditions:"

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2.     Duties In The Event Of Occurrence, Offense, Claim Or Suit**

a.     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1)    How, when and where the "occurrence" or offense took place;

(2)    The names and addresses of any injured persons and witnesses; and

(3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.**    If a claim is made or "suit" is brought against any insured, you must:

(1)    Immediately record the specifics of the claim or "suit" and the date received; and

(2)    Notify us as soon as practicable.

Your must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.**    You and any other involved insured must:

(1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit"; ...

10.    Bartec Industries, Inc. failed to give notice of claim and/or suit as required by the policy of insurance.  Any such failure constitutes a breach of a Conditions of the policy and because of said breach, no insurance coverage would be provided to Bartec Industries for the claims asserted against it.

11.    The policy terms are defined:

**SECTION V – DEFINITIONS**

**8.**    **"Impaired property"** means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

**a.**    it incorporates "your product" or "your work" that is known or thought to be

defective, deficient, inadequate or dangerous; or

**b.** you have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

**a.** the repair, replacement, adjustment or removal of "your product" or "your work"; or

**b.** your fulfilling the terms of the contract or agreement.

**9. "Insured Contract" means:**

f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

**13. "Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**16. "Products-completed operations hazard":**

**a.** includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)** products that are still in your physical possession; or

**(2)** work that has not yet been completed or abandoned. However,

"your work" will be deemed completed at the earliest of the following times:

**(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

17. **"Property damage"** means:

**a.** physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

20. **"Your product"** means:

**a.** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(1)    You;

(2)    Others trading under your name; or

(3)    A person or organization whose business or assets you have acquired; and …

"Your product" includes:

a.    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

b.    The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

21.    **"Your work"** means:

a.    work or operations performed by you or on your behalf; and

b.    materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

a.    warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

b.    the providing of or failure to provide warnings or instructions.

12.    The policy of insurance includes Endorsement CG 84 15, "General Liability MasterPak for Artisan Contractors," which, in part, acts to amend Section IV. Commercial General Liability Conditions as set forth previously in this letter.

11.    **DUTIES IN THE EVENT OF OCCURRENCE, OFFENSE, CLAIM OR SUIT**

A.    The requirement in Section IV – COMMERCIAL GENERAL LIABILITY CONDITIONS paragraph 2a that you must see to it that we are notified of an "occurrence" applies only when the "occurrence" is known to:

\*\*\*

4.    An executive officer or designee, if you are a corporation.

B.    The requirements in Section IV – COMMERCIAL GENERAL LIABILITY CONDITIONS paragraph 2b that you must see to it that we receive notice of a claim or "suit" will not be considered breached unless the breach occurs after such claim or "suit" is known to:

\*\*\*

4.    An executive officer or designee, if you are a corporation.

13.    The policy includes Endorsement CG 00 57 [09/99], "AMENDMENT OF INSURANCE AGREEMENT, KNOWN INJURY OR DAMAGE," which provides, in relevant part:

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    The "bodily injury" or "property damage" is cause by an "occurrence" ...

(2)    The "bodily injury" or "property damage" occurs during the policy period; and

(3)    Prior to the policy period, no insured ... and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part ...

-29-

14.    The policy also contains the endorsement "EXCLUSION – CONTRACTORS – PROFESSIONAL LIABILITY," CG 22 79 [07/98], which provides:  The insurance does not apply to property damage arising out of the rendering or failure to render any professional services with respect to providing engineering services in connection with construction work including supervisory or inspection activities performed as part of any engineering activities but not including services within construction means, methods, techniques, sequences or procedures.

15.    The policy contained an Endorsement "General Liability MasterPak" which provides that:

> WHO IS AN INSURED (Section II) is amended to include as an insured any person or organization whom you are required to name as an additional insured on this policy under written contract or agreement.
>
> The written contract or agreement must be:
>
>   (a)    currently in effect …
>
>   (b)    executed prior to the … "property damage" …
>
> The insurance provided the additional insured is limited as follows:
>
>   1.    That the person or organization is only an additional insured with respect to liability arising out of:  …
>
>       b.    "your work" for that additional insured for or by you.  …
>
>   3.    The insurance provided the additional insured does not apply to liability arising out of the sole negligence of the additional insured.
>
>   4.    The insurance provided the additional does not apply to: …
>
>       b.    "property damage", …

arising out of an architect's, engineer's or surveyor's rendering of or failure to render any professional services including:

(1)    The preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and

(2)    Supervisory, inspection, architectural or engineering activities.

Any coverage provided hereunder shall be excess over any other valid and collectible insurance available to the additional insured whether primary, excess, contingent or on any other basis unless a contract specifically requires that this insurance be primary or you request that it apply on a primary basis.

16.    The insurance policy of the Ohio Casualty Insurance Company only provides insurance coverage for defined property damage which occurs during its policy period and then only if caused by an accident as defined in the policy.

17.    The policy of insurance of the fourth-party defendant, Ohio Casualty Insurance Company, does not provide insurance coverage for property damage if any of the above cited Exclusions have applicability.

18.    The policy of insurance does not provide insurance coverage for known injury or damage.

19.    The policy of insurance does not provide insurance coverage for professional acts.

20.    The policy of insurance contains "Conditions," compliance with which are prerequisite to insurance coverage. Bartec Industries failed to comply with that Condition related to "Duties In the Event of an Occurrence, Claim or Suit" in that it failed to give notice as soon as practicable of claim or of suit.

21.    Said Condition as referenced in the preceding paragraph is applicable to any entity claiming to be an insured or an additional insured. Neither DASNY nor Travelers nor Trataros qualify as an insured under Section II of the policy "Who Is An Insured."

22.    Neither DASNY nor Travelers nor Trataros qualify as additional insureds under the Blanket Additional Insured provision of the General Liability MasterPak Endorsement.

23.    If DASNY, Travelers and/or Trataros were to qualify under the Blanket Additional Insured provision of the General Liability MasterPak Endorsement, any coverage provided under the Ohio Casualty policy of insurance is excess over any other valid and collectible insurance available to DASNY and/or Travelers and/or Trataros.

24.    Ohio Casualty Insurance, in addition to the primary policy reviewed in the paragraphs immediately above, also issued Commercial Umbrella Coverage.

25.    Said Commercial Umbrella policy, in part, provides:

PREAMBLE:

In consideration of the payment of the premium and in reliance upon the statements in the Declarations we agree with you to provide coverage as follows:

**INSURING AGREEMENTS**

I.    COVERAGE

We will pay on behalf of the "Insured" those sums in excess of the "Retained Limit" that the "Insured" becomes legally obligated to pay by reason of liability imposed by law or assumed by the "Insured" under an insured contract" because of "bodily injury," "property damage," or "advertising injury" that takes place during the Policy Period and is caused by an "occurrence" happening anywhere.

26.    This is the same bases for coverage as set forth in the primary policy and the same comments apply.

27.    The policy contains Exclusions:

IV.    EXCLUSIONS

This insurance does not apply to:

-32-

A.  "Bodily injury" or "property damage" expected or intended from the standpoint of the "Insured." This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

E.  "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

1.  a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work;" or

2.  a delay or failure by you or anyone acting on your behalf of perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

F.  "Property damage" to "your product" arising out of it or any part of it.

G.  "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

H.  Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

    1.    "your product";

    2.    "your work"; or

    3.    "impaired property"

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

    I.    "Property damage" to property owned by the "Insured."

28.    The policy terms are defined:

    V.    DEFINITIONS

    D.    "Claim" means any demand for monetary damages upon an "Insured" resulting from a covered "occurrence."

    E.    "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

    1.    it incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    2.    you have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

    1.    the repair, replacement, adjustment or removal of "your product" or "your work"; or

    2.    your fulfilling the terms of the contract or agreement.

G. "Insured contract" means any oral or written contract or agreement entered into by you or pertaining to your business under which you assume the "tort liability" of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided that the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. "Tort liability" means a civil liability that would be imposed by law in the absence of any contract or agreement.

J. "Occurrence" means:

1. as respects "bodily injury" or "property damage," an accident, including continuous or repeated exposure to substantially the same general harmful conditions;

L. 1. "Products-completed operations hazard" means all "bodily injury" and "property damage" from an "occurrence" taking place away from premises you own or rent and arising out of "your product" or "your work" except:

a. products that are still in your physical possession; or

b. work that has not yet been completed or abandoned.

2. "Your work" will be deemed completed at the earliest of the following times:

a. When all of the work called for in your contract has been completed.

b. When all of the work to be done at the site has been

completed if your contract calls for work at more than one site.

c. When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise completed, will be treated as completed.

3. The "products-completed operations hazard" does not include "bodily injury" or "property damage" arising out of:

a. the transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the "loading" or "unloading" of it;

b. the existence of tools, uninstalled equipment or abandoned or unused materials.

M. "Property damage" means:

1. physical injury to tangible property, including all resulting loss of use of that property. All such loss of use will be deemed to occur at the time of the physical injury that caused it; or

2. loss of use of tangible property that is not physically injured. All such loss will be deemed to occur at the

time of the "occurrence" that caused it.

N.   "Suit" means a civil proceeding which seeks monetary damages because of "bodily injury," "property damage," "personal injury," or "advertising injury" to which this insurance applies.   "Suit" includes:

1.   an arbitration proceeding in which such damages are claimed and to which you must submit or do submit with our consent; or

2.   any other alternative dispute resolution proceeding in which such damages are claimed and to which you submit with our consent.

P.   "Your product" means:

1.   Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

a.   you;

b.   others trading under your name; or

c.   a person or organization whose business or assets you have acquired; and

"Your product" includes:

1.   warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

2.   the providing of or failure to provide warnings or instructions.

Q. "Your work" means:

    1. work or operations performed by you or on your behalf; and

    2. materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

    1. warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

    2. the providing of or failure to provide warnings or instructions.

VI. Conditions

    F. Duties In The Event Of An Occurrence, Claim Or Suit

        1. You must see to it that that we are notified as soon as practicable of an "occurrence" which may result in a "claim" or "suit" under this policy. To the extent possible, notice will include:

            a. how, when and where the "occurrence" took place; ...

        2. If a "claim" or "suit" against any "Insured" is reasonably likely to involve this policy you must notify us in writing as soon as practicable. ...

29. The policy's Insuring Agreement is endorsed as respects "known injury:"

## AMENDMENT OF THE INSURING AGREEMENT –
## KNOWN INJURY OR DAMAGE

Section I – COVERAGE is deleted and replaced by the following:

1.    COVERAGE

    a.    We will pay on behalf of the "Insured" those sums in excess of the "Retained Limit" that the "Insured" becomes legally obligated to pay by reason of liability imposed by law or assumed by the "Insured" under an "insured contract" because of "bodily injury," "property damage," "personal injury," or "advertising injury" that takes place during the Policy Period and is caused by an "occurrence" happening anywhere. The amount we will pay for damages is limited as described below in the Insuring Agreement Section II. LIMITS OF INSURANCE.

    b.    This insurance applies to "bodily injury" and "property damage" only if, prior to the policy period, no "Insured" knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If any "Insured" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    c.    "Bodily injury" or "property damage" which occurs during the Policy Period and was not, prior to the Policy Period, known to have occurred by any "Insured," includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.  "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "Insured":

(1)  reports all, or any part, of the "bodily injury" or "property damage" to us or an other insurer;

(2)  receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)  becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

This endorsement does not change any other provision of the policy.

30.  No insurance coverage is provided under the Commercial Umbrella policy for the same reasons as previously expressed as respects the primary policy.

**WHEREFORE**, this fourth-party defendant, Ohio Casualty Insurance Company, demands judgment:

a.  that its policy of primary insurance BHO 52 84 96 21 does not provide insurance coverage for the claims asserted in the Fourth-Party Complaint;

b.  that its policy of Commercial Umbrella Insurance BXO 52 84 96 21 doe not provide insurance coverage for the claims asserted in the Fourth-Party Complaint;

c.  for such other relief in including counsel fees and costs as the Court may deem appropriate.

## SECOND COUNT

1.  This fourth-party defendant repeats and realleges all of the preceding paragraphs of its Answer to the Fourth-Party Complaint of Trataros Construction and Travelers Casualty & Surety Company as if set forth herein.

2. This fourth-party defendant issued certain policies of insurance to G.M. Crocetti, Inc. of which policy no. BXO [02] 52 69 35 48 was in force for the term March 31, 2001 to March 31, 2002. It is herein employed as an exemplar for all policies issued by Ohio Casualty to Crocetti.

3. Said policies of insurance provide umbrella liability insurance coverage in excess of the limits of those other policies of insurance issued by other insurers and known as primary policies.

4. Said umbrella policy of insurance provides insurance coverage with a limit of $25 million each occurrence and in the aggregate subject to a self-insured retention and further subject to the limits of the underlying insurance.

### INSURANCE COVERAGES – CROCETTI

INSURING AGREEMENTS

I. COVERAGE

We will pay on behalf of the "Insured" those sums in excess of the "Retained Limit" that the "Insured" becomes legally obligated to pay by reason of liability imposed by law or assumed by the "Insured" under an "insured contract" because of "bodily injury," "property damage," "personal injury," or "advertising injury" that takes place during the Policy Period and is caused by an "occurrence" happening anywhere. The amount we will pay for damages is limited as described below in the Insuring Agreement Section II. LIMITS OF INSURANCE.

II. LIMITS OF INSURANCE

A. The Limits of Insurance shown in Item 4. of the Declarations and the rules below state the most we will pay regardless of the number of:

1. "Insureds";

2. "claims made or "suits" brought; or

3. persons or organizations making "claims" or bringing "suits."

G.    Retained Limit

We will be liable only for that portion of damages, subject to the Each Occurrence Limit stated in the Declarations, in excess of the "retained limit," which is the greater of:

1.    the total amounts stated as the applicable limits of the underlying policies listed in the Schedule of Underlying Insurance and the applicable limits of any other insurance providing coverage to the "Insured" during the Policy Period; or

2.    the amount stated in the Declarations as Self-Insured Retention as a result of any one "occurrence" not covered by the underlying policies listed in the Schedule of Underlying Insurance nor by any other insurance providing coverage to the "Insured" during the Policy Period.

and then up to an amount not exceeding the Each Occurrence Limit as stated in the Declarations.

5.    The insurance coverage provided is only for "property damage" as defined in the policy taking place during the policy period and then only if caused by an "occurrence" as defined.  Because there was no "occurrence," there is no insurance coverage provided.

6.    The policy contains a limited defense obligation:

III.    DEFENSE

A.    We will have the right and duty to investigate any "claim" and defend any "suit" seeking damages covered by the terms and conditions of this policy when:

1.  the applicable Limits of Insurance of the underlying policies listed in the Schedule of Underlying Insurance and the Limits of Insurance of any other insurance providing coverage to the "Insured" have been exhausted by the actual payment of "claims" for any "occurrence" to which this policy applies; or

2.  damages are sought for any "occurrence" which is covered by this policy but not covered by any underlying policies listed in the Schedule of Underlying Insurance or any other insurance providing coverage to the "Insured."

7.  The policy coverage is subject to Exclusions:

IV.  EXCLUSIONS

This insurance does not apply to:

E.  "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

1.  a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

2.  a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

F.  "Property damage" to "your product" arising out of it or any part of it.

G.     "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

COMMENT: *Exclusions IV.F. and IV.G. are deleted from the policy by the "Contractors Limitation Endorsement" and the following is added to Section IV Exclusions:*

1.     a.     Any liability assumed by any "Insured" under any "insured contract"; ...

2.     Any liability arising out of:

a.     any project insured under a wrap-up or any similar rating plan; or

b.     the rendering of or failure to render any professional services, including but not limited to:

(1)     the preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specification; and

(2)     supervisory, inspection, architectural or engineering activities.

This endorsement does not change any other provision of the policy.

H.     Damage claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

-44-

      1. "your product;"
      2. "your work;" or
      3. "impaired property

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

8.    The policy contains a "CROSS SUITS EXCLUSION ENDORSEMENT" which provides:

This insurance does not apply to: Any liability of any "insured" covered under this policy to any other "insured" covered under this policy. This endorsement does not change any other provision of the policy.

9.    No insurance coverage is provided because of the application of the Exclusions and because of the application of the Cross Suits Exclusion Endorsement. Travelers, Trataros and/or DASNY claim in the Fourth-Party Complaint to be insureds or additional insureds. If, in fact, they are determined to be insureds or additional insureds, then no insurance coverage is provided by virtue of the Cross Suits Exclusion Endorsement.

10.    The following terms are defined:

E.    "Impaired property" means tangible property, other than "your product" or "your work" that cannot be used or is less useful because:

1.    it incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

2.    you have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

1.    the repair, replacement, adjustment or removal of "your product" or "your work"; or

2.    your fulfilling the terms of the contract or agreement.

F.    "Insured" means each of the following, to the extent set forth:

5.    Any person or organization, other than the named insured, included as an additional "insured" by virtue of an "insured contract," and to which coverage is provided by the "underlying insurance," and for no broader coverage than is provided by the "underlying insurance" to such "insured."

G.    "Insured contract" means any oral or written contract or agreement entered into by you and pertaining to your business under which you assume the "tort liability" of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided that the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. "Tort liability" means a civil liability that would be imposed by law in the absence of any contract or agreement.

J.    "Occurrence" means:

1.    as respects "bodily injury" or "property damage," an accident, including continuous or repeated exposure to substantially the same general harmful conditions; ...

L.    1.    "Products-completed operations hazard" means all "bodily injury" and "property damage" from an "occurrence" taking place away from premises you own or rent and arising out of "your product" or "your work" except:

a.    products that are still in your physical possession; or

b.    work that has not yet been completed or abandoned.

-46-

2.  "Your work" will be deemed completed at the earliest of the following times:

   a.  When all of the work called for in your contract has been completed.

   b.  When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

   c.  When that part of the work done at the job site has been put to its intended use by any person or organization other than another contractor or subcontract working on the same project.

   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

3.  This "products-completed operations hazard" does not include "bodily injury" or "property damage" arising out of:

   a.  the transportation of property, unless the injury or damage arising out of a condition in or on a vehicle created by the "loading" or "unloading" of it;

   b.  the existence of tools, uninstalled equipment or abandoned or unused materials.

M.  "Property damage" means:

1.  physical injury to tangible property, including all resulting loss of use of that property. All such loss of use will be deemed to occur at the time of the physical injury that caused it; or

2.    loss of use of tangible property that is not physically injured. All such loss will be deemed to occur at the time of the "occurrence" that caused it.

P.    "Your product" means:

1.    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

    a.    you;
    b.    others trading under your name; or
    c.    a person or organization whose business or assets you have acquired; and ...

"Your product" includes:

1.    warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

2.    the providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

Q.    "Your work" means:

1.    work or operations performed by you or on your behalf; and

2.    materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

1.    warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

-48-

2.     the providing of or failure to provide warnings or instructions.

11.     Such insurance as might be afforded by this policy is subject to certain Conditions including F. "Duties In The Event of An Occurrence, Claim Or Suit:"

1.     You must see to it that we are notified as soon as practicable of an "occurrence" which may result in a "claim" or "suit" under this policy. To the extent possible, notice will include:

    a.     how, when and where the "occurrence" took place;

    b.     the names and addresses of any injured person and witness;

    c.     the nature and location of any injury or damage arising out of the "occurrence."

2.     If a "claim" or "suit" against any "Insured" is reasonably likely to involve this policy you must notify us in writing as soon as practicable.

3.     You and any other involved "Insured" must:

    a.     immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "claim" or "suit";

    b.     authorize us to obtain records and other information;

    c.     cooperate with us in the investigation, settlement or defense of the "claim" or "suit"; and

    d.     assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the "Insured" because of injury or damage to which this insurance may also apply.

4. The "insured's" will not, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

12. No insurance coverage obligation can be imposed upon the Ohio Casualty Insurance Company because:

 a. neither DASNY nor Trataros nor Travelers are "insureds" under the policy;

 b. any claims asserted are not claims for "property damage" as same is defined in the policy;

 c. the claims asserted are not caused by an "occurrence" as defined in the policy;

 d. any contractual liability does not come within the definition of an "insured contract;"

 e. each policy of insurance contains a provision requiring notice of claim or suit as soon as practicable and no such notice was given;

 f. the policies of insurance contain a "Cross Suits Exclusion" which provides that: "This insurance does not apply to any liability of an "insured" covered under this policy to any other "insured" covered under this policy."

13. Crocetti previously, through its attorneys in their Initial Disclosure Statement filed in the United States District Court, conceded that no insurance coverage is provided under said policies for the claims asserted against it by DASNY, Travelers and Trataros.

There are no insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. Carolina, a defendant, herein provided a payment bond, not an insurance policy, and denies any liability. The Great American Insurance Company provided an installation floater effective 3/31/00 through 3/31/01, limits $1,000,000.00; Kemper Insurance Company provided general liability, blanket contractual, automobile, excess liability, and workers' compensation insurance

effective 3/31/98 – 3/31/99; United States Fire Insurance provided a general comprehensive general liability policy effective 3/31/99 – 3/31/00; All three insurers are parties to this action, are separately represented and upon information and belief, disclaimed any liability.

**WHEREFORE**, this fourth-party defendant, Ohio Casualty Insurance Company, demands judgment:

a.    that its policies of umbrella insurance do not provide insurance coverage for the claims asserted in the Fourth-Party Complaint;

b.    for such other relief in including counsel fees and costs as the Court may deem appropriate.

## ANSWER TO CROSSCLAIMS

1.    The defendant denies all allegations of all Crossclaims asserted against it.

### MORGAN MELHUISH ABRUTYN

__/S/ JOSEPH DEDONATO_____

By: JOSEPH DEDONATO (JD7319)
*Attorneys for Fourth-Party Defendant*
*Ohio Casualty Insurance Company*
651 West Mt. Pleasant Avenue, Suite 200
Livingston, NJ 07039
(973) 994-2500
Our File No.  OHX 25 112 HM

Dated:  April 10, 2008
#481173