UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRAVELERS CASUALTY AND SURETY COMPANY as
Administrator for RELIANCE INSURANCE COMPANY,

Plaintiff,

vs.

DORMITORY AUTHORITY – STATE OF
NEW YORK, TDX CONSTRUCTION CORP and KOHN,
C PEDERSON, FOX ASSOCIATES, P.C.,
Defendants.

Case No. 07-CV-6915 (DLC)

**ECF Case**

---

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK and TDX CONSTRUCTION CORP.,

Third-Party Plaintiffs,

vs.

TRATAROS CONSTRUCTION, INC.,

Third-Party Defendant.

---

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

Fourth-Party Plaintiffs,

vs.

CAROLINA CASUALTY INSURANCE COMPANY, et al.,

Fourth-Party Defendants.

---

**ANSWER TO THE AMENDED FOURTH-PARTY COMPLAINT, AFFIRMATIVE
DEFENSES, CROSS CLAIM, AND JURY DEMAND OF FOURTH-PARTY
DEFENDANT ALLIED WORLD ASSURANCE COMPANY (U.S.), INC., AND ANSWER
TO ALL CROSS CLAIMS**

Defendant Allied World Assurance Company (U.S.) Inc. ("Allied World"), by and through its attorneys, Mound Cotton Wollan & Greengrass, hereby alleges as follows for its answer and affirmative defenses to the amended fourth-party complaint (the "Complaint") of plaintiffs Trataros Construction, Inc. and Travelers Casualty and Surety Company (the "Plaintiffs"):

## PARTIES, JURISDICTION AND VENUE

1.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint.

2.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Complaint.

3.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint.

4.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint.

5.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint.

6.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint.

7.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

8.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint.

9.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint.

11.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint.

12.   Defendant denies the allegations contained in paragraph 12 of the Complaint except admits that Allied World Assurance Company (U.S.) Inc. is a Delaware Corporation and has offices in Boston, Massachusetts at 225 Franklin Street, 02110 and in New York, New York at 199 Water Street 10038.

13.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint.

14.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint.

15.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint.

16.   Defendant neither admits nor denies the allegations contained in paragraph 16 of the Complaint and respectfully refers all questions of law to the Court.

17.   Defendant neither admits nor denies the allegations contained in paragraph 17 of the Complaint and respectfully refers all questions of law to the Court.

## INTERESTED NON-PARTIES

18.   Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint.

19.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint.

## ANSWER TO FACTUAL STATEMENT

### Procedural Background

20.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint.

21.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint.

22.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint.

23.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint.

24.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint.

25.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint.

26.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint.

27.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint.

28.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint.

29.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint.

30.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint.

### Facts Common To All Counts

31.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint.

32.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint.

33.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint.

34.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint.

35.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint.

36.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Complaint.

37.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint.

38.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Complaint.

39.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 of the Complaint.

40.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Complaint.

41.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Complaint.

42.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Complaint.

43.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the Complaint.

44.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Complaint.

45.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Complaint.

46.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Complaint.

47.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Complaint.

48.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Complaint.

49.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the Complaint.

50.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Complaint.

51.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the Complaint.

52.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the Complaint.

53.     Defendant neither admits nor denies the allegations contained in paragraph 53 of the Complaint and respectfully refers all questions of law to the Court.

54.     Defendant neither admits nor denies the allegations contained in paragraph 54 of the Complaint and respectfully refers all questions of law to the Court.

55.     Defendant neither admits nor denies the allegations contained in paragraph 55 of the Complaint and respectfully refers all questions of law to the Court.

56.     Defendant neither admits nor denies the allegations contained in paragraph 56 of the Complaint and respectfully refers all questions of law to the Court.

57.     Defendant neither admits nor denies the allegations contained in paragraph 57 of the Complaint and respectfully refers all questions of law to the Court.

58.     Defendant neither admits nor denies the allegations contained in paragraph 58 of the Complaint and respectfully refers all questions of law to the Court.

59.     Defendant neither admits nor denies the allegations contained in paragraph 59 of the Complaint and respectfully refers all questions of law to the Court.

60.     Defendant neither admits nor denies the allegations contained in paragraph 60 of the Complaint and respectfully refers all questions of law to the Court.

61.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61 of the Complaint.

62.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 of the Complaint.

## First Count

### (Contractual Indemnification & Exoneration Against Bartec)

63.     In response to paragraph 63 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 62 of the Complaint as if herein set forth in full.

64.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the Complaint.

65.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 65 of the Complaint.

66.     Defendant makes no response to the allegations contained in paragraph 66 through 71 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 66 through 71 of the Complaint and respectfully refers all questions of law to the Court.

## Second Count

### (Breach of Subcontract, Common-Law Indemnification, Contribution & Exoneration Against Bartec)

67.     In response to paragraph 72 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 71 of the Complaint as if herein set forth in full.

68.    Defendant makes no response to the allegations contained in paragraphs 73 through 78 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 73 through 78 of the Complaint and respectfully refers all questions of law to the Court.

## Third Count

### (Professional Negligence, Simple Negligence, Common-Law Indemnification, Contribution & Exoneration Against Bartec)

69.    In response to paragraph 79 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 78 of the Complaint as if herein set forth in full.

70.    Defendant makes no response to the allegations contained in paragraphs 80 through 85 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 80 through 85 of the Complaint and respectfully refers all questions of law to the Court.

## Fourth Count

### (Performance Bond Claim against Carolina Casualty by Trataros)

71.    In response to paragraph 86 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 85 of the Complaint as if herein set forth in full.

72.    Defendant makes no response to the allegations contained in paragraphs 87 through 89 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or

information sufficient to form a belief as to the allegations contained in paragraphs 87 through 89 of the Complaint and respectfully refers all questions of law to the Court.

### Fifth Count

### (Performance Bond Claim against Carolina Casualty by Travelers)

73.    In response to paragraph 90 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 89 of the Complaint as if herein set forth in full.

74.    Defendant makes no response to the allegations contained in paragraphs 91 through 97 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 91 through 97 of the Complaint and respectfully refers all questions of law to the Court.

### Sixth Count

### (Negligence, Breach of Contract, Breach of Warranty - Indemnification, Contribution & Exoneration Against Dayton Superior)

75.    In response to paragraph 98 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 97 of the Complaint as if herein set forth in full.

76.    Defendant makes no response to the allegations contained in paragraphs 99 through 105 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 99 through 105 of the Complaint and respectfully refers all questions of law to the Court.

## Seventh Count

## (Negligence, Breach of Contract, Breach of Warranty - Indemnification, Contribution & Exoneration Against TEC)

77.     In response to paragraph 106 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 105 of the Complaint as if herein set forth in full.

78.     Defendant makes no response to the allegations contained in paragraphs 107 through 113 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 107 through 113 of the Complaint and respectfully refers all questions of law to the Court.

## Eighth Count

## (Breach of Contract(s), Professional Negligence and/or Simple Negligence – Indemnification, Contribution & Exoneration against John Does 1-20 and XYZ Corps. 1-19)

79.     In response to paragraph 114 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 113 of the Complaint as if herein set forth in full.

80.     Defendant makes no response to the allegations contained in paragraphs 115 through 122 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 115 through 122 of the Complaint and respectfully refers all questions of law to the Court.

### Ninth Count

### (Insurance Coverage –Declaratory Judgment, Indemnification, Contribution & Exoneration against Kemper, Great American, National Union, US Fire, NAS, Allied, Zurich, Ohio Casualty, Harleysville, and XYZ Corps. 1-19)

81.     In response to paragraph 123 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 122 of the Complaint as if herein set forth in full.

82.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 124 of the Complaint.

83.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 125 of the Complaint.

84.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 126 of the Complaint.

85.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 127 of the Complaint.

86.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 128 of the Complaint.

87.     Defendant denies the allegations contained in paragraph 129 of the Complaint except admits that Allied World Assurance Company (U.S.) Inc. is a Delaware Corporation and has offices in Boston, Massachusetts at 225 Franklin Street, 02110 and in New York, New York at 199 Water Street 10038 and is licensed to conduct its business in New York and New Jersey.

88.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 130 of the Complaint.

89.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 131 of the Complaint.

90.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 132 of the Complaint.

91.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 133 of the Complaint.

92.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 134 of the Complaint.

93.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 135 of the Complaint.

94.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 136 of the Complaint.

95.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of the Complaint, except admits that Commercial Underwriters Insurance Company ("CUIC") issued Comprehensive General Liability policy number BCG 004116 (the "CUIC policy") to Trataros Construction Co. Inc., denies the allegations contained in paragraph 137 of the Complaint to the extent they pertain to Defendant Allied World, and respectfully refers the Court to the CUIC policy for its terms and conditions.

96.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 138 of the Complaint.

97.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 139 of the Complaint.

98.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 140 of the Complaint.

99.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 141 of the Complaint.

100.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 of the Complaint, except admits that Commercial Underwriters Insurance Company ("CUIC") issued Comprehensive General Liability policy number BCG 004116 (the "CUIC policy") to Trataros Construction Co. Inc., and further denies the allegations contained in paragraph 142 of the Complaint to the extent they pertain to Defendant Allied World.

101.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143 of the Complaint, except admits that Commercial Underwriters Insurance Company ("CUIC") issued Comprehensive General Liability policy number BCG 004116 (the "CUIC policy") to Trataros Construction Co. Inc. and denies the allegations contained in paragraph 143 of the Complaint to the extent they pertain to Defendant Allied World, and respectfully refers the Court to the CUIC policy for its terms and conditions.

102.     Defendant denies each and every allegation contained in paragraph 144 of the Complaint.

103.     Defendant denies each and every allegation contained in paragraph 145 of the Complaint.

104.     Defendant denies each and every allegation contained in paragraph 146 of the Complaint.

105.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 of the Complaint, except admits that

Commercial Underwriters Insurance Company ("CUIC") issued Comprehensive General Liability policy number BCG 004116 (the "CUIC policy") to Trataros Construction Co. Inc., denies the allegations contained in paragraph 147 of the Complaint to the extent they pertain to Defendant Allied World, and respectfully refers the Court to the CUIC policy for its terms and conditions.

106.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the Complaint, except admits that Commercial Underwriters Insurance Company ("CUIC") issued Comprehensive General Liability policy number BCG 004116 (the "CUIC policy") to Trataros Construction Co. Inc., denies the allegations contained in paragraph 148 of the Complaint to the extent they pertain to Defendant Allied World, and respectfully refers the Court to the CUIC policy for its terms and conditions.

107.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149 of the Complaint, except admits that Commercial Underwriters Insurance Company ("CUIC") issued Comprehensive General Liability policy number BCG 004116 (the "CUIC policy") to Trataros Construction Co. Inc., denies the allegations contained in paragraph 149 of the Complaint to the extent they pertain to Defendant Allied World, and respectfully refers the Court to the CUIC policy for its terms and conditions.

108.     Defendant denies each and every allegation contained in paragraph 150 of the Complaint.

109.     Defendant denies each and every allegation contained in paragraph 151 of the Complaint to the extent this paragraph calls for a response from this Defendant.

### FIRST AFFIRMATIVE DEFENSE

110.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

111.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs have failed to perform their obligations under the CUIC policy.

### THIRD AFFIRMATIVE DEFENSE

112.    The claims asserted in the Complaint are barred, in whole or in part, by Plaintiffs' breach of the duty to give prompt notice of occurrence, claim or suit.

### FOURTH AFFIRMATIVE DEFENSE

113.    The claims asserted in the Complaint are barred, in whole or in part, because one or more of Plaintiffs lack standing to sue under the CUIC policy.

### FIFTH AFFIRMATIVE DEFENSE

114.    The claims asserted in the Complaint are barred, in whole or in part, because Defendant Allied World has no duties to Plaintiffs under the CUIC policy, Allied World having assumed no responsibility for claims under the CUIC policy.

### SIXTH AFFIRMATIVE DEFENSE

115.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs have failed to join all persons needed for a just adjudication.

## SEVENTH AFFIRMATIVE DEFENSE

116.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs have failed to comply with, and/or the alleged loss does not satisfy, all of the terms, conditions and/or prerequisites to coverage under the CUIC policy.

## EIGHTH AFFIRMATIVE DEFENSE

117.    The claims asserted in the Complaint are barred, in whole or in part, by the equitable doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

118.    The claims asserted in the Complaint are barred, in whole or in part, to the extent that the Fourth-Party Plaintiffs have impaired any of Defendant's rights under the CUIC Policy or any other relevant agreements.

## TENTH AFFIRMATIVE DEFENSE

119.    The claims asserted in the Complaint are barred, in whole or in part, by the equitable doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

120.    The claims asserted in the Complaint are barred, in whole or in part, by the theory of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

121.    The claims asserted in the Complaint are barred, in whole or in part, by the terms of the CUIC policy, which states, in part:

**3. Legal Action Against Us**

No person or organization has a right under this Coverage Part:

**a.**  To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

**b.**       To sue us on the Coverage Part unless all of its terms have been fully complied with.

### THIRTEENTH AFFIRMATIVE DEFENSE

122.    If and to the extent that the CUIC policy provides coverage for any part of Plaintiffs' claims, such coverage is excess of coverage provided by other carriers pursuant to the CUIC policy's "Other Insurance" provision and/or the CUIC policy's Subcontractor's Liability Insurance Endorsement and/or the CUIC policy's "Amendatory Endorsement Other Insurance Condition - Excess Insurance."

### FOURTEENTH AFFIRMATIVE DEFENSE

123.    If and to the extent that the CUIC policy provides coverage for any part of Plaintiffs' claims, such coverage applies subject to the terms relating to allocation contained in the CUIC policy, including but not limited to the terms of the "Other Insurance" provision and/or the CUIC policy's Subcontractor's Liability Insurance Endorsement and/or the CUIC policy's "Amendatory Endorsement Other Insurance Condition - Excess Insurance."

### FIFTEENTH AFFIRMATIVE DEFENSE

124.    If and to the extent that the CUIC policy provides coverage for any part of Plaintiffs' claims, such coverage is subject to all of the applicable terms, conditions and limits of the CUIC policy.

### SIXTEENTH AFFIRMATIVE DEFENSE

125.    The claims asserted in the Complaint are barred, in whole or in part, by certain policy exclusions including but not limited to exclusions for Expected or Intended Injury,

Contractual Liability, Damage to Property, Damage to "Your Work," Damage to Impaired Property, Property Not Physically Injured, and exclusions pertaining to acts or omissions by architects, engineers and other professionals.

## SEVENTEENTH AFFIRMATIVE DEFENSE

126.   The claims asserted in the Complaint are barred, in whole or in part, by the absence of any covered risk, including the absence of any "property damage" and/or any "occurrence," during the "policy period," giving rise to coverage under the CUIC Policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

127.   Defendant reserves the right to rely on any additional terms or exclusions in the CUIC policy and/or affirmative defenses to Plaintiffs' claims for coverage the application of which is disclosed during the course of discovery.

## NINETEENTH AFFIRMATIVE DEFENSE

128.   Defendant reserves the right to amend its Answer to the Amended Fourth-Party Complaint to assert affirmative defenses, policy terms or exclusions, counterclaims, or cross claims, and to institute third-party actions, based on facts obtained through investigation and discovery.

## TWENTIETH AFFIRMATIVE DEFENSE

129.   The claims against Defendant are barred, in whole or in part, by lack of privity of contract.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

130.    Some or all of the claims asserted in the Complaint are not ripe for adjudication, seek an advisory opinion and are not based on facts or allegations that show a justiciable controversy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

131.    The claims asserted in the Complaint are barred by the applicable statute of limitations.

## CROSS CLAIM AGAINST CAROLINA CASUALTY INSURANCE COMPANY, BARTEC INDUSTRIES, INC., DAYTON SUPERIOR SPECIALTY CHEMICAL CORP. a/k/a DAYTON SUPERIOR CORPORATION, SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC, KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., UNITED STATES FIRE INSURANCE COMPANY, NORTH AMERICAN SPECIALTY INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY d/b/a ZURICH INSURANCE COMPANY, OHIO CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP, HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a HARLEYSVILLE INSURANCE COMPANY), JOHN DOES 1-20 and XYZ CORPS. 1-19

132.    To the extent the Plaintiffs are entitled to recover damages pursuant to the allegations in the Complaint, such damages resulted from the culpable conduct, acts, omissions, negligence, strict products liability, statutory violation, and/or breach of contract, obligation or warranty of one or more of the Fourth-Party Defendants identified above.

133.    Based on the foregoing, Allied World is entitled to indemnification and/or contribution from, and/or judgment over against the Fourth-Party Defendants named above for any recovery had against Allied World.

## ANSWER TO ALL CROSS CLAIMS

134.    Defendant denies all allegations of all cross claims asserted against it.

## AFFIRMATIVE DEFENSES TO CROSS CLAIMS

135.    In further response to all cross claims, defendant repeats and realleges each and every affirmative defense asserted in its Answer to the Amended Fourth-Party Complaint as if fully set forth herein.

## JURY DEMAND

136.    Allied World demands a trial by jury as to any issues that are so triable.

**WHEREFORE**, Defendant demands a trial by jury and also respectfully requests that this Court enter judgment  dismissing the Amended Fourth-Party Complaint in its entirety as against Allied World, together with all cross claims against this defendant, and awarding Defendant costs of suit, attorneys' fees, and such other relief as this Court deems proper.

Dated:          New York, New York
                April 11, 2008

                                MOUND COTTON WOLLAN & GREENGRASS


                        By:     ___S/_____
                                Diana E. Goldberg (DG-3283)
                                One Battery Park Plaza
                                New York, NY  10004-1486
                                (212) 804-4200

                                Attorneys for Fourth-Party Defendant Allied
                                World Assurance Company (U.S.) Inc.

AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      )      ss.:
COUNTY OF NEW YORK  )

Jacob Mendelsohn, being duly sworn, deposes and says:

Deponent is not a party to this action, is over the age of 18 years, and resides in Kings County, New York.

That on the 11th day of April, 2008, deponent served upon all parties the annexed ANSWER TO THE AMENDED FOURTH-PARTY COMPLAINT, AFFIRMATIVE DEFENSES, CROSS CLAIM, AND JURY DEMAND OF FOURTH-PARTY DEFENDANT ALLIED WORLD ASSURANCE COMPANY (U.S.), INC., AND ANSWER TO ALL CROSS CLAIMS via the Court's ECF System.

_____
Jacob Mendelsohn

Sworn to before me this
11th day of April, 2008

_____
Notary Public

IRENE SIEGEL
Notary Public State of New York
No. 41-4872330
Qualified in Queens County
Commission Expires October 14, 2010