UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRAVELERS CASUALTY AND SURETY COMPANY
as Administrator for RELIANCE INSURANCE            07 Civ. 6915 (DLC)
COMPANY,                                           ECF CASE

                 Plaintiff,

       -against-

DORMITORY AUTHORITY – STATE OF NEW YORK,           Answer of Jordan Panel
TDX CONSTRUCTION CORP. and KOHN PEDERSEN          <u>To Third Party Complaint</u>
FOX ASSOCIATES, P.C.

                 Defendants.
------------------------------------------------------------------------X
DORMITORY AUTHORITY OF THE STATE OF NEW
YORK and TDX CONSTRUCTION CORP.,

                 Third Party Plaintiffs,

       -against-

TRATAROS CONSTRUCTION, INC.

                 Third Party Defendant.
------------------------------------------------------------------------X
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

                 Fourth Party Plaintiffs,

       -against-

CAROLINA CASUALTY INSURANCE COMPANY, et.
Al.,

                 Fourth Party Defendants.
------------------------------------------------------------------------X

---------------------------------------------------------------------X
KOHN PEDERSEN FOX ASSOCIATES, P.C.,

        Third Party Plaintiff,

   -against-

WEIDLINGER ASSOCIATES CONSULTING
ENGINEERS, P.C., CASTRO-BLANCO PISCIONERI
and ASSOCIATES, ARCHITECTS, P.C.
ARQUITECTONICA NEW YORK, P.C., COSENTINI
ASSOCIATES, INC., CERMAK, PETERKA PETERSEN,
INC., JORDAN PANEL SYSTEMS CORP., TRATAROS
CONSTRUCTION, INC. and LBL SKYSYSTEMS
(U.S.A.), INC.,

        Third Party Defendants.
---------------------------------------------------------------------X



Third Party Defendant, Jordan Panel Systems, Corp. ("Jordan"), through its attorneys, Kalb & Rosenfeld P.C., answers the Third Party Complaint of Kohn Pedersen Fox Associates, P.C. as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.     Admits the allegations set forth in paragraph 1 of the Third Party Complaint.

2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Third Party Complaint, except admits, upon information and belief, that Weidlinger performed structural engineering services for the Project.

3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Third Party Complaint.

4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Third Party Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Third Party Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Third Party Complaint.

7.      Admits that Jordan is a New York corporation with its principal place of business at 196 Laurel Road, East Northport, New York. Denies that Jordan is a "design firm that performed design services for the project" on the grounds that Jordan is neither an architectural firm or engineering firm, but is rather a construction subcontractor specializing in building envelopes, that, when required by its contract, furnishes incidental design services (such as shop drawings) through an outside engineering consultant, as it did on this Project.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Third Party Complaint, except admits that LBL was a contractor on the Project.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Third Party Complaint, except admits that Trataros was a contractor on the Project.

10.     The allegations set forth in paragraph 10 of the Third Party Complaint are strictly legal conclusions to which no response is required.

11.     The allegations set forth in paragraph 11 of the Third Party Complaint are strictly legal conclusions to which no response is required.

## FACTS

12.     Admits the allegations set forth in paragraph 12 of the Third Party Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Third Party Complaint.

14. Admits the allegations set forth in paragraph 14 of the Third Party Complaint.

15. Denies the allegations set forth in paragraph 15 of the Third Party Complaint, except admits that Plaintiff and Trataros have alleged a relationship approaching privity between KPF and the Contractor Defendants.

16. Denies the allegations set forth in paragraph 16 of the Third Party Complaint, except admits that Jordan entered into an indemnity agreement, which has no applicability to any of the claims at issue in this case.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Third Party Complaint on the grounds of vagueness, except admits that disputes have arisen regarding the design and construction of the Project.

18. Admits the allegations set forth in paragraph 18 of the Third Party Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Third Party Complaint, on the grounds that these are legal conclusions to which no response is required.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Third Party Complaint, on the grounds that these are legal conclusions to which no response is required.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Third Party Complaint, on the grounds that

these are legal conclusions to which no response is required. Denies that Jordan has any liability to KPF.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Third Party Complaint, on the grounds that these are legal conclusions to which no response is required. Denies that Jordan has any liability to KPF.

## ANSWERING THE FIRST CLAIM FOR RELIEF

23. Jordan repeats and realleges the foregoing responses and allegations as though fully set forth at length herein.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Third Party Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Third Party Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Third Party Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Third Party Complaint.

## ANSWERING THE SECOND CLAIM FOR RELIEF

28. Jordan repeats and realleges the foregoing responses and allegations as though fully set forth at length herein.

29. Admits the allegations set forth in paragraph 29 of the Third Party Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Third Party Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Third Party Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Third Party Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Third Party Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Third Party Complaint.

## **ANSWERING THE THIRD CLAIM FOR RELIEF**

35. Jordan repeats and realleges the foregoing responses and allegations as though fully set forth at length herein.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Third Party Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Third Party Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Third Party Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Third Party Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Third Party Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Third Party Complaint.

## ANSWERING THE FOURTH CLAIM FOR RELIEF

42. Jordan repeats and realleges the foregoing responses and allegations as though fully set forth at length herein.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Third Party Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Third Party Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Third Party Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Third Party Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Third Party Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Third Party Complaint.

## ANSWERING THE FIFTH CLAIM FOR RELIEF

49. Jordan repeats and realleges the foregoing responses and allegations as though fully set forth at length herein.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Third Party Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Third Party Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Third Party Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Third Party Complaint.

### ANSWERING THE SIXTH CLAIM FOR RELIEF

54. Jordan repeats and realleges the foregoing responses and allegations as though fully set forth at length herein.

55. Admits the allegations set forth in paragraph 55 of the Third Party Complaint.

56. Denies the allegations set forth in paragraph 56 of the Third Party Complaint.

57. Denies the allegations set forth in paragraph 57 of the Third Party Complaint.

58. Denies the allegations set forth in paragraph 58 of the Third Party Complaint.

59. Denies the allegations set forth in paragraph 59 of the Third Party Complaint.

### ANSWERING THE SEVENTH CLAIM FOR RELIEF

60. Jordan repeats and realleges the foregoing responses and allegations as though fully set forth at length herein.

61. Admits the allegations set forth in paragraph 61 of the Third Party Complaint.

62. Admits the allegations set forth in paragraph 62 of the Third Party Complaint.

63. Denies the allegations set forth in paragraph 63 of the Third Party Complaint.

64. Admits the allegations set forth in paragraph 64 of the Third Party Complaint.

65. Denies the allegations set forth in paragraph 65 of the Third Party Complaint.

66. Denies the allegations set forth in paragraph 66 of the Third Party Complaint.

67. Denies the allegations set forth in paragraph 67 of the Third Party Complaint.

68. Denies the allegations set forth in paragraph 68 of the Third Party Complaint.

## ANSWERING THE EIGHTH CLAIM FOR RELIEF

69.     Jordan repeats and realleges the foregoing responses and allegations as though fully set forth at length herein.

70.     Denies the allegations set forth in paragraph 70 of the Third Party Complaint.

71.     Denies the allegations set forth in paragraph 71 of the Third Party Complaint.

72.     Denies the allegations set forth in paragraph 72 of the Third Party Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

73.     The Third Party Complaint fails to state a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

74.     KPF's claims for contribution and common law indemnity are barred by the absence of privity of contract and New York's economic loss rule.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

75.     KPF's claim for contribution against Jordan is barred because the claims in this action are for economic damages, arising strictly out of breach of contract.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

76.     KPF may not recover contribution or indemnity for any damages sought in this case by the Plaintiff, because if KPF were to prove that any such damages are attributable to Jordan, since Jordan is Trataros' subcontractor, then any such damages may not be recovered by the Plaintiff in the first instance, and thus there can be no third party recovery against Jordan for any such damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

77. KPF's claim for common law indemnity fails to state a cause of action and is barred by the fact that KPF, as the Project architect, is primarily responsible for the design of the Project.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

78. KPF's claim for contractual indemnity fails to state a cause of action because the alleged indemnity agreement applies only to claims against KPF arising specifically out of any errors in Jordan's shop drawings, and none of the claims in this case against KPF arise out of any purported errors in Jordan's shop drawings.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

79. If and to the extent that DASNY is asserting that KPF is liable for property damage, then the purported indemnity agreement alleged in KPF's sixth claim for relief is void for illegality in its entirety, pursuant to New York General Obligations Law section 5-324.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

80. The damages allegedly sustained by KPF were not caused by any negligence on the part of Jordan, but were caused by the culpable conduct and/or breach of duty by KPF itself and by third parties over whom Jordan exercised no control, and the amount of damages recovered from Jordan, if any, shall be diminished in proportion to which said culpable conduct is attributable to KPF and such third parties.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

81. KPF's third party claims against Jordan are barred by the doctrines of waiver, estoppel and unclean hands.

## AS AND FOR A CROSS CLAIM
(Contribution/Common Law Indemnity Against the KPF Subconsultants)

82.     If KPF sustained damages in the manner alleged in the Third Party Complaint, all of which is denied by Jordan, such damages were caused in whole or in part by the negligence, professional malpractice and/or breach of duty of Third Party Defendants Weidlinger Associates Consulting Engineers, P.C., Castro-Blanco Piscioneri and Associates, Architects, P.C., Arquitectonica New York, P.C., Cosentini Associates, Inc., Cermak and Peterka Petersen, Inc. ("The KPF Subconsultants").

83.     By reason of the foregoing, Jordan is entitled to contribution, common law indemnification and to have judgment over against the KPF Subconsultants for all or any part of any verdict or judgment recovered by KPF against Jordan, to be determined with the relative culpability of each party liable herein.

**WHEREFORE**, Jordan demands judgment: 1) dismissing the Third Party Complaint in its entirety; 2) Reducing any recovery by KPF against Jordan to the extent of KPF's own culpable conduct in causing the damages complained of; 3) granting judgment over against Third Party Defendants Weidlinger Associates Consulting Engineers, P.C., Castro-Blanco Piscioneri and Associates, Architects, P.C., Arquitectonica New York, P.C., Cosentini Associates, Inc., Cermak and Peterka Petersen, Inc. for contribution and common law indemnity for all or any part of any verdict or judgment which any party to this action may recover against Jordan, all determined in accordance with the relative culpability of each party liable herein, and 4) For such other and further relief as this Court deems just and proper.

Dated: Bronx, New York
April 14, 2008

Kalb & Rosenfeld, P.C.
Attorneys for Third Party Defendant
Jordan Panel Systems, Corp.
/s/ Terrence J. O'Connor, Esq.
Terrence J. O'Connor (TO 1549)
Of Counsel
1470 Bruckner Blvd.
Bronx, N.Y. 10473
(718) 328-1610