UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRAVELERS CASUALTY AND SURETY COMPANY
as Administrator for RELIANCE INSURANCE           07 Civ. 6915 (DLC)
COMPANY,                                          ECF CASE

                Plaintiff,

    -against-
                                           Answer of Jordan Panel
DORMITORY AUTHORITY – STATE OF NEW YORK,   To All Cross Claims
TDX CONSTRUCTION CORP. and KOHN PEDERSEN
FOX ASSOCIATES, P.C.

                Defendants.
------------------------------------------------------------------------X
DORMITORY AUTHORITY OF THE STATE OF NEW
YORK and TDX CONSTRUCTION CORP.,

                Third Party Plaintiffs,

    -against-

TRATAROS CONSTRUCTION, INC.

                Third Party Defendant.
------------------------------------------------------------------------X
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

                Fourth Party Plaintiffs,

    -against-

CAROLINA CASUALTY INSURANCE COMPANY, et.
Al.,

                Fourth Party Defendants.
------------------------------------------------------------------------X

------------------------------------------------------------------------X
KOHN PEDERSEN FOX ASSOCIATES, P.C.,

                       Third Party Plaintiff,

   -against-

WEIDLINGER ASSOCIATES CONSULTING
ENGINEERS, P.C., CASTRO-BLANCO PISCIONERI
and ASSOCIATES, ARCHITECTS, P.C.
ARQUITECTONICA NEW YORK, P.C., COSENTINI
ASSOCIATES, INC., CERMAK, PETERKA PETERSEN,
INC., JORDAN PANEL SYSTEMS CORP., TRATAROS
CONSTRUCTION, INC. and LBL SKYSYSTEMS
(U.S.A.), INC.,

                       Third Party Defendants.
------------------------------------------------------------------------X



      Third Party Defendant, Jordan Panel Systems, Corp. ("Jordan"), through its attorneys, Kalb & Rosenfeld P.C., answers all Cross Claims against it as follows:

1.     Jordan denies any negligence or culpable conduct on its part or that its conduct on the Project at issue caused any party to sustain liability to any other party.

2.     In accordance with the foregoing, all Cross Claims asserted against Jordan are denied in their entirety.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

3.     The Cross Claims pleaded against Jordan fail to state a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4.     All Cross claims for contribution and common law indemnity are barred by the absence of privity of contract and New York's economic loss rule.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5. All cross claims for contribution against Jordan are barred because the claims in this action are for economic damages, arising strictly out of breach of contract.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

6. The cross claimants may not recover contribution or indemnity for any damages sought in this case by the Plaintiff, because if the cross claimants were to prove that any such damages are attributable to Jordan, since Jordan is Trataros' subcontractor, then any such damages may not be recovered by the Plaintiff in the first instance, and thus there can be no recovery on the cross claims against Jordan for any such damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

7. The cross claims for common law indemnity fails to state a cause of action and is barred by the fact that the cross claimants are themselves, actively negligent.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

8. The damages allegedly sustained by the cross claimants were not caused by any negligence on the part of Jordan, but were caused by the culpable conduct and/or breach of duty by third parties over whom Jordan exercised no control, and the amount of damages recovered from Jordan, if any, shall be diminished in proportion to which said culpable conduct is attributable to such third parties.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

9. The cross claims against Jordan are barred by the doctrines of waiver, estoppel and unclean hands.

## AS AND FOR A CROSS CLAIM
(Contribution Against All Parties That Have Cross-Claimed Against Jordan)

10. If any Party sustained damages as alleged in any of the Third or Fourth Party Complaints or as alleged in the cross claims, such damages were caused in whole or in part by the negligence, professional malpractice and/or breach of duty of those whom are asserting cross claims or Third Party Claims against Jordan.

83. By reason of the foregoing, Jordan is entitled to contribution, common law indemnification and to have judgment over against said parties for all or any part of any verdict or judgment recovered against Jordan, to be determined with the relative culpability of each party liable herein.

**WHEREFORE**, Jordan demands judgment: 1) dismissing all cross claims in their entirety; 2) Reducing any recovery against Jordan to the extent of the cross claimants' own culpable conduct in causing the damages complained of; 3) granting judgment over against all cross claimants for contribution and common law indemnity for all or any part of any verdict or judgment which any party to this action may recover against Jordan, all determined in accordance with the relative culpability of each party liable herein, and 4) For such other and further relief as this Court deems just and proper.

Dated: Bronx, New York
April 14, 2008

                                      Kalb & Rosenfeld, P.C.
                                      Attorneys for Third Party Defendant
                                      Jordan Panel Systems, Corp.
                                      /s/ Terrence J. O'Connor, Esq.
                                      Terrence J. O'Connor (TO 1549)
                                      Of Counsel
                                      1470 Bruckner Blvd.
                                      Bronx, N.Y. 10473
                                      (718) 328-1610