UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------
TRAVELERS CASUALTY AND SURETY COMPANY as
Administrator for RELIANCE INSURANCE COMPANY,

Civil Action No.:
07-CV-6915 (DLC)

ECF CASE

            Plaintiff,

vs.

THE DORMITORY AUTHORITY OF THE STATE OF NEW
YORK, TDX CONSTRUCTION CORP. and KOHN,
PETERSON, FOX & ASSOCIATES, P.C.,

            Defendants.
----------------------------------------------------------------------
DORMITORY AUTHORITY OF THE STATE OF NEW
YORK, and TDX CONSTRUCTION CORP.,

            Third-Party Plaintiff,

vs.

TRATAROS CONSTRUCTION, INC.

            Third-Party Defendants

----------------------------------------------------------------------
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

            Fourth-Party Plaintiffs,

vs.

CAROLINA CASUALTY INSURANCE COMPANY,
BARTEC INDUSTRIES INC., DAYTON SUPERIOR
SPECIALTY CHEMICAL CORP., a/k/a DAYTON
SUPERIOR CORPORATION; SPECIALTY
CONSTRCUTION BRANDS INC. t/a TEC, KEMPER
CASAULTY INSURANCE COMPANY d/b/a KEMPER
INSURANCE COMPANY, GREAT AMERICAN
INSURANCE COMPANY, NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA.,
UNITED STATES FIRE INSURANCE COMPANY,

ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. f/k/a COMMERCIAL UNDERWRITERS INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY d/b/a ZURICH INSURANCE COMPANY, OHIO CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP, HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a HARLEYSVILLE INSURANCE COMPANY), JOHN DOES 1-20, and XYZ CORPS. 1-12,

       **Fourth Party Defendants.**

-------------------------------------------------------------------------

**KOHN PEDERSEN FOX ASSOCIATES, P.C.**

       **Third-Party Plaintiff,**

 -against-

WEIDLINGER ASSOCIATES CONSULTING ENGINEERS, P.C., CASTRO-BLANCO PISCIONERI AND ASSOCIATES, ARCHITECTS, P.C., ARQUITECTONIA NEW YORK, P.C., COSENTINI ASSOCIATES, INC., CERMAK, PETERKA PETERSEN, INC., JORDAN PANEL SYSTEMS CORP., TRATAROS CONSTRUCTION, INC. AND LBL SKYSYSTEMS (U.S.A.), INC.

       **Third-Party Defendants.**

-------------------------------------------------------------------------

## NATIONAL UNION'S ANSWER TO THE AMENDED FOURTH PARTY COMPLAINT, AFFIRMATIVE DEFENSES, JURY DEMAND, CROSS CLAIM AND ANSWER TO CROSS-CLAIMS

   Fourth-Party Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), as and for its answer to the Amended Fourth Party Complaint (the "Amended Fourth Party Complaint"):

   1.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "1" through "8" of the Amended Fourth Party Complaint.

2

2. Admits National Union is incorporated in the State of Pennsylvania and maintains a principal place of business at 70 Pine Street, New York, New York and otherwise denies in the form alleged the allegations as set forth in paragraph "9" of the Amended Fourth Party Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "10" through "17" of the Amended Fourth Party Complaint.

4. Refers the Court to the referenced subcontract for the particulars thereof and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "18" through "19" of the Amended Fourth Party Complaint.

5. Refers the Court to the referenced pleadings for the particulars thereof, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "20" through "30" of the Amended Fourth Party Complaint.

6. Refers the Court to the referenced contracts, subcontracts and bonds for the particulars thereof, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "31" through "52" of the Amended Fourth Party Complaint.

7. Refers the Court to the referenced pleadings for the particulars thereof, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "53" through "62" of the Amended Fourth Party Complaint.

*First Count*

8.  In response to the allegations set forth in paragraph "63" repeats and realleges National Union's response to each and every allegation as set forth in paragraphs "1" through "62" of the Amended Fourth Party Complaint as if more fully set forth herein.

9.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "64" through "71" of the Amended Fourth Party Complaint.

*Second Count*

10. In response to the allegations set forth in paragraph "72" repeats and realleges National Union's response to each and every allegation as set forth in paragraphs "1" through "71" of the Amended Fourth Party Complaint as if more fully set forth herein.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "73" through "78" of the Amended Fourth Party Complaint.

*Third Count*

12. In response to the allegations set forth in paragraph "79" repeats and realleges National Union's response to each and every allegation as set forth in paragraphs "1" through "78" of the Amended Fourth Party Complaint as if more fully set forth herein.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "80" through "85" of the Amended Fourth Party Complaint.

### *Fourth Count*

14. In response to the allegations set forth in paragraph "86" repeats and realleges National Union's response to each and every allegation as set forth in paragraphs "1" through "85" of the Amended Fourth Party Complaint as if more fully set forth herein.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "87" through "89" of the Amended Fourth Party Complaint.

### *Fifth Count*

16. In response to the allegations set forth in paragraph "90" repeats and realleges National Union's response to each and every allegation as set forth in paragraphs "1" through "89" of the Amended Fourth Party Complaint as if more fully set forth herein.

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "91" through "97" of the Amended Fourth Party Complaint.

### *Sixth Count*

18. In response to the allegations set forth in paragraph "98" repeats and realleges National Union's response to each and every allegation as set forth in

paragraphs "1" through "97" of the Amended Fourth Party Complaint as if more fully set forth herein.

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "99" through "105" of the Amended Fourth Party Complaint.

### *Seventh Count*

20. In response to the allegations set forth in paragraph "106" repeats and realleges National Union's response to each and every allegation as set forth in paragraphs "1" through "105" of the Amended Fourth Party Complaint as if more fully set forth herein.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "107" through "113" of the Amended Fourth Party Complaint.

### *Eighth Count*

22. In response to the allegations set forth in paragraph "114" repeats and realleges National Union's response to each and every allegation as set forth in paragraphs "1" through "113" of the Amended Fourth Party Complaint as if more fully set forth herein.

23. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "115" through "122" of the Amended Fourth Party Complaint.

## *Ninth Count*

24. In response to the allegations set forth in paragraph "123" repeats and realleges National Union's response to each and every allegation as set forth in paragraphs "1" through "122" of the Amended Fourth Party Complaint as if more fully set forth herein.

25. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "124" through "125" of the Amended Fourth Party Complaint.

26. Admits that National Union is an insurance company organized and existing under the laws of the Commonwealth of Pennsylvania and is duly licensed by the Insurance Department of the State of New York to issue policies of insurance in the State of New York and otherwise denies the allegations in the form set forth in paragraph "126" of the Amended Fourth Party Complaint.

27. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "127" through "132" of the Amended Fourth Party Complaint.

28. Refers the Court to the referenced subcontract for the particulars thereof, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "133" through "135" of the Amended Fourth Party Complaint.

29. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "136" of the Amended Fourth Party Complaint.

30. Admits that National Union issued an umbrella policy BE 701-37-75 (the "National Union Policy") to Trataros Construction, Inc. ("Trataros") for the Policy Period April 1, 1999 to April 1, 2000, refers the Court to the National Union Policy for the particulars thereof, including the identity of the insureds and additional insureds thereunder, and otherwise denies the allegations as set forth in paragraph "137" of the Amended Fourth Party Complaint.

31. Refers the Court to the referenced policies for the particulars thereof and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "138" through "141" of the Amended Fourth Party Complaint.

32. Admits that National Union issued the National Union Policy, refers the Court to the National Union Policy for the particulars thereof, and otherwise denies the allegations as set forth in paragraph "142" of the Amended Fourth Party Complaint.

33. Admits that National Union issued the National Union Policy to Trataros, refers the Court to the National Union Policy for the particulars thereof, including the identity of insureds and additional insureds thereunder, and otherwise denies the allegations as set forth in paragraph "143" of the Amended Fourth Party Complaint.

34. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "144" through "146" of the Amended Fourth Party Complaint.

35. Denies the allegations as set forth in paragraphs "147" through "150" of the Amended Fourth Party Complaint to the extent they are directed to National Union and/or the National Union Policy.

36.  Denies that Fourth-Party Plaintiffs are entitled to any declaration that "coverage exists" under the National Union Policy, and otherwise denies knowledge and information sufficient to form a belief as to what Fourth-Party Plaintiffs "request" and/or the truth of the allegations as set forth in paragraph "151" of the Amended Fourth Party Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST DEFENSE

The Amended Fourth Party Complaint fails to state a claim upon which relief may be granted against National Union.

### AS AND FOR A SECOND DEFENSE

The Amended Fourth Party Complaint fails to present a justiciable controversy as to National Union.

### AS AND FOR A THIRD DEFENSE

No coverage is available under the National Union Policy unless and until Fourth-Party Plaintiffs demonstrate proper exhaustion of all applicable underlying insurance and/or retentions, a condition precedent to coverage under the National Union Policy.

### AS AND FOR A FOURTH DEFENSE

The National Union Policy requires that all Scheduled Underlying Insurance be maintained in full force and effect; to the extent this condition is not complied with, National Union's obligations under the National Union Policy, if any, can be no greater than those which would exist had these this condition been complied with.

## AS AND FOR A FIFTH DEFENSE

Fourth Party Plaintiffs' claims may be barred may be barred in whole or in part by the terms, conditions, exclusions and limitations of the National Union Policy.

## AS AND FOR A SIXTH DEFENSE

Fourth Party Plaintiffs' claims may be barred in whole or in part by their failure to mitigate, minimize or avoid the alleged damages for which they are answerable.

## AS AND FOR A SEVENTH DEFENSE

Fourth Party Plaintiffs' claims may be barred in whole or in part by any failure to provide National Union with timely and proper notice of an occurrence, claim or suit, as required by the National Union Policy.

## AS AND FOR AN EIGHTH DEFENSE

Fourth Party Plaintiffs' claims may be barred in whole or in part by the doctrine of unclean hands.

## AS AND FOR A NINTH DEFENSE

Fourth Party Plaintiffs' claims may be barred in whole or in part by any impairment of National Union's right to subrogation, indemnity or contribution.

## AS AND FOR A TENTH DEFENSE

Fourth Party Plaintiffs' claims may be barred in whole or in part by the applicable statute of limitations, by estoppel, and/or through laches.

## AS AND FOR AN ELEVENTH DEFENSE

National Union may be entitled to assert any applicable terms, conditions, exclusions and other language of underlying insurance policies in response to the claims at issue.

### AS AND FOR A TWELFTH DEFENSE

National Union's obligations, if any, under the National Union Policy are subject to the applicable limits of liability set forth therein.

### AS AND FOR A THIRTEENTH DEFENSE

The National Union Policy is not obligated to "drop down" and/or assume the obligations of an insured and/or other insurers as to underlying insurance.

### AS AND FOR A FOURTEENTH DEFENSE

Coverage under the National Union Policy if any, is limited to, *inter alia*, claims for damages arising from "Property Damage" caused by an "Occurrence," which is defined as "an accident."

### AS AND FOR A FIFTEENTH DEFENSE

Any "Property Damage" which was "expected or intended from the standpoint of the insured" is excluded under the National Union Policy.

### AS AND FOR A SIXTEENTH DEFENSE

National Union's obligations under the National Union Policy are excess to any other policy of insurance providing coverage for damages covered in whole or in part by the National Union Policy, other than insurance written specifically as excess to the National Union Policy.

### AS AND FOR A SEVENTEENTH DEFENSE

No coverage is available under the National Union Policy to any natural person or entity not an insured thereunder.

Case 1:07-cv-06915-DLC    Document 189    Filed 04/15/2008    Page 12 of 16

## AS AND FOR A EIGHTEENTH DEFENSE

No coverage is available under the National Union Policy for any liability arising from an insured's breach of a contract to provide insurance for another natural person or entity and/or any failure to name such a person or entity as an insured to an insurance policy.

## AS AND FOR A NINETEENTH DEFENSE

No coverage is available under the National Union Policy for "property damage" to "Impaired Property," as that term is defined therein.

## AS AND FOR A TWENTIETH DEFENSE

No coverage is available therein.

## AS AND FOR A TWENTY-FIRST DEFENSE

No coverage is available under the National Union Policy for "property damage" to an insured's "Product," as that term is defined therein.

## AS AND FOR A TWENTY-SECOND DEFENSE

No coverage is available under the National Union Policy for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal and/or disposal of an Insured's "Product" or "Work" or "Impaired Property," as those terms are defined therein, if such product, work or property is withdrawn from use because of a known or suspected deficiency, defect, or inadequacy with respect thereto.

## AS AND FOR A TWENTY-THIRD DEFENSE

No coverage may be available under the National Union Policy for "property damage" to property being installed, erected or worked upon by an insured, or its agents or subcontractors.

## AS AND FOR A TWENTY-FOURTH DEFENSE

No coverage may be available under the National Union Policy for "property damage" arising out of any project insured under a "wrap-up" or any similar rating plan.

## AS AND FOR A TWENTY-FIFTH DEFENSE

No coverage may be available under the National Union Policy for property damage arising out of any professional services rendered by or on behalf of an insured.

## AS AND FOR A TWENTY-SIXTH DEFENSE

Fourth Party Plaintiffs' claims are barred due to Fourth Party Plaintiffs' failure to join a necessary party under Rule 19 of the Federal Rules of Civil Procedure.

## AS AND FOR A TWENTY-SEVENTH DEFENSE

National Union may have additional defenses that cannot be articulated due to the generality of the Amended Fourth Party Complaint, Fourth-Party Plaintiffs' failure to meet their obligation to provide information about the underlying actions or claims, the absence of insuring documents, or the stage of this litigation. Accordingly, National Union reserves the right to supplement the foregoing and to assert additional defenses as may appear after Fourth-Party Plaintiffs particularize their claims, and after discovery of information concerning the matters set forth in the Amended Fourth Party Complaint.

## CROSS-CLAIM AGAINST FOURTH PARTY DEFENDANTS CAROLINA CASUALTY INSURANCE COMPANY, BARTEC INDUSTRIES INC., DAYTON SUPERIOR SPECIALTY CHEMICAL CORP., A/K/A DAYTON SUPERIOR CORPORTATION; SPECIALITY CONSTRUCTION BRANDS INC., T/A TEC, KEMPER CASAULTY INSURANCE COMPANY D/B/A KEMPER INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, UNITED STATES FIRE INSURANCE COMPANY, NORTH AMERICAN SPECIALTY INSURANCE COMPANY, ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. F/K/A COMMERCIAL UNDERWRITERS INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY D/B/A ZURICH INSURANCE

## COMPANY, OHIO CASUALTY INSURANCE COMPANY D/B/A OHIO CASUALTY GROUP, HARLEYSVILLE MUTUAL INSURANCE COMPANY (A/K/A HARLEYSVILLE INSURANCE COMPANY), JOHN DOES 1-20, AND XYZ CORPS. 1-12

1. If Fourth-Party Plaintiff sustained any damages as alleged in the Amended Fourth Party Complaint, which National Union denies, then such damages were caused by reason of the culpable conduct, acts or omissions, negligence, strict products liability, statutory violation, breach of contract, obligation or warranty of the Fourth Party Defendants identified above.

2. By reason of the foregoing, National Union is entitled to indemnification or contribution from, and to have judgment against the Fourth Party Defendants identified above, for all of any verdict or judgment that Fourth Party Plaintiff may recover against National Union.

## ANSWER TO CROSS-CLAIMS OF OHIO CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP

### *First Count*

1. In response to the allegations set forth in paragraph "1" of Ohio Casualty Insurance Company d/b/a Ohio Casualty Group's ("Ohio Casualty") first count of the cross claim, National Union repeats and realleges all of the preceding paragraphs of National Union's answer to Amended Fourth Party Complaint as if fully set forth herein.

2. National Union refers the Court to the referenced policies for the particulars thereof, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "2" through "30" of the first count of Ohio Casualty's cross claim.

*Second Count*

3.  In response to the allegations set forth in paragraph "1" of Ohio Casualty Insurance Company d/b/a Ohio Casualty Group's ("Ohio Casualty") second count of the cross claim, National Union repeats and realleges all of the preceding paragraphs of National Union's answer to Amended Fourth Party Complaint and answer to the first count of the Ohio Casualty's cross claim as if fully set forth herein.

4.  National Union refers the Court to the referenced policies for the particulars thereof, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs "2" through 13" of the second count of Ohio Casualty's cross claim.

## ANSWER TO CROSS-CLAIMS OF FOURTH-PARTY DEFENDANT ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.

National Union denies the cross-claim asserted by Fourth Party Defendant Allied World Assurance Company (U.S.), Inc. in its entirety and, to the extent applicable, incorporates the foregoing affirmative defenses by reference.

## ANSWER TO ALL OTHER CROSS-CLAIMS

National Union denies all other cross-claims asserted against it and, except as may be inconsistent with the foregoing, denies each and every allegation in support thereof, and, to the extent applicable, incorporates the foregoing affirmative defenses by reference.

WHEREFORE, National Union seeks judgment dismissing the Amended Fourth Party Complaint and all cross-claims against it with prejudice, along with any such other and further relief as this Court deems just and proper.

## JURY DEMAND

National Union demands a trial by jury as to any issues so triable.

*New York, New York*
*April 14, 2008*

_____
Erika C. Aljens
EA -9781
Law Offices of Green & Lavelle
110 William Street, 18th Floor
New York, New York 10038
(212) 266-5880
***Attorneys for Fourth-Party Defendant***
***National Union Fire Insurance Company of Pittsburgh, PA***