**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY, | : |
|  | : |
| Plaintiff, | : |
|  | : |
| vs. | : 07-CV-6915 (DLC) |
|  | : **ECF CASE** |
| DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP. and KOHN PEDERSEN FOX ASSOCIATES, P.C., | : |
|  | : |
| Defendants. | : |
|  | : |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK AND TDX CONSTRUCTION CORP., | : **ANSWER OF** |
|  | : **LUMBERMENS** |
|  | : **MUTUAL CASUALTY** |
| Third-Party Plaintiffs, | : **COMPANY, improperly** |
|  | : **sued as KEMPER** |
| vs. | : **CASUALTY** |
|  | : **INSURANCE** |
| TRATAROS CONSTRUCTION, INC., | : **COMPANY d/b/a** |
|  | : **KEMPER INSURANCE** |
| Third-Party Defendant. | : **COMPANY TO** |
|  | : **AMENDED** |
| TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY, | : **FOURTH-PARTY** |
|  | : **COMPLAINT, ANSWER** |
|  | : **TO ALL CROSS-CLAIMS,** |
|  | : **AND** |
| Fourth-Party Plaintiffs, | : **COUNTERCLAIM** |
|  | : |
| vs. | : |
|  | : |
| CAROLINA CASUALTY INSURANCE COMPANY; BARTEC INDUSTRIES, INC.; DAYTON SUPERIOR SPECIALTY CHEMICAL CORP. a/k/a DAYTON SUPERIOR CORPORATION; SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; UNITED STATES FIRE INSURANCE COMPANY; ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. f/k/a COMMERCIAL UNDERWRITERS | : |

INSURANCE COMPANY; ZURICH AMERICAN INSURANCE' :
COMPANY d/b/a ZURICH INSURANCE COMPANY; OHIO :
CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY :
GROUP; HARLEYSVILLE MUTUAL INSURANCE COMPANY :
(a/k/a HARLEYSVILLE INSURANCE COMPANY); JOHN DOES :
1-20 and XYZ CORPS. 1-20,                                            :
                                                                    :
                         Fourth-Party Defendants.                   :

     Comes now Fourth-Party Defendant Lumbermens Mutual Casualty Company ("LMC"),

improperly sued as Kemper Casualty Insurance Company d/b/a Kemper Insurance Company,[1] and

for its Answer to the Amended Fourth-Party Complaint states as follows:

<em>Parties, Jurisdiction, and Venue</em>

     1.    LMC is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 1 of the Amended Fourth-Party Complaint.

     2.    LMC is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 2 of the Amended Fourth-Party Complaint.

     3.    LMC is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 3 of the Amended Fourth-Party Complaint.

     4.    LMC is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 4 of the Amended Fourth-Party Complaint.

     5.    LMC is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 5 of the Amended Fourth-Party Complaint.

     6.    LMC is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 6 of the Amended Fourth-Party Complaint.

---

1. LMC is one of the Kemper Insurance Companies, and issued the insurance policy at issue in the Fourth-Party
Complaint.

7.      LMC denies the existence of Kemper Casualty Insurance Company d/b/a Kemper Insurance Company.  LMC answers further that it is incorporated in the State of Illinois with its principal place of business located at One Kemper Drive, Long Grove, Illinois, 60049.

8.      LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Fourth-Party Complaint.

9.      LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Fourth-Party Complaint.

10.     LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Fourth-Party Complaint.

11.     LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Fourth-Party Complaint.

12.     LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Fourth-Party Complaint.

13.     LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Fourth-Party Complaint.

14.     LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Fourth-Party Complaint.

15.     LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Fourth-Party Complaint.

16.     LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Fourth-Party Complaint.

17.     LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Fourth-Party Complaint.

*Interested Non-Parties*

18.     LMC admits that G.M. Crocetti, Inc. has a principal place of business located at 3960 Merritt Avenue, Bronx, New York, 10466.  LMC lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 18 of the Amended Fourth-Party Complaint and therefore LMC denies those allegations and demands strict proof thereof.

19.     LMC admits the allegations contained in paragraph 19 of the Amended Fourth-Party Complaint.

*Procedural Background*

20.     The referenced pleading speaks for itself, to the extent that the allegations in paragraph 20 of the Amended Fourth-Party Complaint conflict with the pleadings, LMC denies them.

21.     The referenced pleading speaks for itself, to the extent that the allegations in paragraph 21 of the Amended Fourth-Party Complaint conflict with the pleadings, LMC denies them.

22.     The referenced pleading speaks for itself, to the extent that the allegations in paragraph 22 of the Amended Fourth-Party Complaint conflict with the pleadings, LMC denies them.

23.     The referenced pleading speaks for itself, to the extent that the allegations in paragraph 23 of the Amended Fourth-Party Complaint conflict with the pleadings, LMC denies them.

24.     The referenced pleading speaks for itself, to the extent that the allegations in paragraph 24 of the Amended Fourth-Party Complaint conflict with the pleadings, LMC denies them.

25.     The referenced pleading speaks for itself, to the extent that the allegations in paragraph 25 of the Amended Fourth-Party Complaint conflict with the pleadings, LMC denies them.

26.     The referenced pleading speaks for itself, to the extent that the allegations in paragraph 26 of the Amended Fourth-Party Complaint conflict with the pleadings, LMC denies them.

27.     The referenced pleading speaks for itself, to the extent that the allegations in paragraph 27 of the Amended Fourth-Party Complaint conflict with the pleadings, LMC denies them.

28.     The referenced pleading speaks for itself, to the extent that the allegations in paragraph 28 of the Amended Fourth-Party Complaint conflict with the pleadings, LMC denies them.

29.     The referenced pleading speaks for itself, to the extent that the allegations in paragraph 29 of the Amended Fourth-Party Complaint conflict with the pleadings, LMC denies them.

30.     The referenced pleading speaks for itself, to the extent that the allegations in paragraph 30 of the Amended Fourth-Party Complaint conflict with the pleadings, LMC denies them.

*Facts Common to All Counts*

31.     LMC admits the allegations contained in paragraph 31 of the Amended Fourth-Party Complaint.

32.     LMC admits the allegations contained in paragraph 32 of the Amended Fourth-Party Complaint.

33.     LMC admits the allegations contained in paragraph 33 of the Amended Fourth-Party Complaint.

34.     LMC admits the allegations contained in paragraph 34 of the Amended Fourth-Party Complaint.

35.     LMC admits the allegations contained in paragraph 35 of the Amended Fourth-Party Complaint.

36.     LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Fourth-Party Complaint.

37.     LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Fourth-Party Complaint.

38.     The referenced contract speaks for itself, to the extent that the allegations in paragraph 38 of the Amended Fourth-Party Complaint conflict with the contract, LMC denies them.

39.     The referenced contract speaks for itself, to the extent that the allegations in paragraph 39 of the Amended Fourth-Party Complaint conflict with the contract, LMC denies them.

40.     The referenced contract speaks for itself, to the extent that the allegations in paragraph 40 of the Amended Fourth-Party Complaint conflict with the contract, LMC denies them.

41.     The referenced contract speaks for itself, to the extent that the allegations in paragraph 41 of the Amended Fourth-Party Complaint conflict with the contract, LMC denies them.

42.     The referenced contract speaks for itself, to the extent that the allegations in paragraph 42 of the Amended Fourth-Party Complaint conflict with the contract, LMC denies them.

43.     LMC admits the allegations contained in paragraph 43 of the Amended Fourth-Party Complaint.

44.     LMC admits the allegations contained in paragraph 43 of the Amended Fourth-Party Complaint.

45.     The referenced document speaks for itself, to the extent that the allegation in paragraph 45 of the Fourth Party Complaint conflict with the document, LMC denies them.

46.     LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Fourth-Party Complaint.

47.     LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Amended Fourth-Party Complaint.

48.     LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Fourth-Party Complaint.

49.     LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Fourth-Party Complaint.

50.     LMC admits the allegations contained in paragraph 50 of the Amended Fourth-Party Complaint.

51.     LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Fourth-Party Complaint.

52.     LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Fourth-Party Complaint.

53.    LMC admits that DASNY filed Counterclaims against Travelers, and that the allegations in those Counter Claims speak for themselves. LMC denies any allegations in paragraph 53 of the Amended Fourth-Party Complaint that are not consistent with the allegations contained in the DASNY Counterclaims.

54.    LMC admits that DASNY filed Counterclaims against Travelers, and that the allegations in those Counterclaims speak for themselves. LMC denies any allegations in paragraph 54 of the Amended Fourth-Party Complaint that are not consistent with the allegations contained in the DASNY Counterclaims.

55.    LMC admits that DASNY and TDX filed a Third-Party Complaint against Trataros, and that the allegations of the Third-Party Complaint speak for themselves. LMC denies any allegations in paragraph 55 of the Amended Fourth-Party Complaint that are not consistent with the allegations contained in the Third-Party Complaint filed by DASNY and TDX.

56.    LMC admits that DASNY and TDX filed a Third-Party Complaint against Trataros, and that the allegations of the Third-Party Complaint speak for themselves. LMC denies any allegations in paragraph 56 of the Amended Fourth-Party Complaint that are not consistent with the allegations contained in the Third-Party Complaint filed by DASNY and TDX.

57.    LMC admits that DASNY and TDX filed a Third-Party Complaint against Trataros, and that the allegations of the Third-Party Complaint speak for themselves. LMC denies any allegations in paragraph 57 of the Amended Fourth-Party Complaint that are not consistent with the allegations contained in the Third-Party Complaint filed by DASNY and TDX.

58.    LMC admits that DASNY and TDX filed a Third-Party Complaint against Trataros, and that the allegations of the Third-Party Complaint speak for themselves. LMC denies any allegations in paragraph 58 of the Amended Fourth-Party Complaint that are not consistent with the

allegations contained in the Third-Party Complaint filed by DASNY and TDX.

59.     LMC admits that DASNY and TDX filed a Third-Party Complaint against Trataros, and that the allegations of the Third-Party Complaint speak for themselves. LMC denies any allegations in paragraph 59 of the Amended Fourth-Party Complaint that are not consistent with the allegations contained in the Third-Party Complaint filed by DASNY and TDX.

60.     LMC admits that DASNY filed Counterclaims against Travelers, and that the allegations of those Counterclaims speak for themselves. LMC denies any allegations in paragraph 60 of the Amended Fourth-Party Complaint that are not consistent with the allegations contained in the Counterclaims of DASNY against Travelers.

61.     The referenced pleadings speak for themselves, to the extent that the allegations in paragraph 61 of the Amended Fourth-Party Complaint conflict with the pleadings, LMC denies them.

62.     The referenced pleadings speak for themselves, to the extent that the allegations in paragraph 62 of the Amended Fourth-Party Complaint conflict with the pleadings, LMC denies them.

### *First Count*

*(Contractual Indemnification & Exoneration Against Bartec)*

63-71. The allegations in paragraph 63 through 71 of the First Count of the Amended Fourth-Party Complaint are not directed against LMC, and therefore no answer is made to those allegations. To the extent that any of the allegations contained in paragraphs 63 through 71 of the Amended Fourth-Party Complaint are directed against LMC, those allegations are denied.

### Second Count
*(Breach of Subcontract, Common-Law Indemnification,
Contribution & Exoneration against Bartec)*

72-78.  The allegations contained in paragraphs 72 through 78 of the Amended Fourth-Party Complaint are not directed against LMC, and no therefore no answer is made to those allegations. To the extent that any of the allegations contained in paragraphs 72 through 78 of the Amended Fourth-Party Complaint are directed against LMC, those allegations are denied.

### Third Count
*(Professional Negligence, Simple Negligence, Common-Law
Indemnification, Contribution & Exoneration against Bartec)*

79-85.  The allegations contained in paragraphs 79 through 85 of the Amended Fourth-Party Complaint are not directed against LMC, and no therefore no answer is made to those allegations. To the extent that any of the allegations contained in paragraphs 79 through 85 of the Amended Fourth-Party Complaint are directed against LMC, those allegations are denied.

### Fourth Count
*(Performance Bond Claim against Carolina Casualty by Trataros)*

86-89.  The allegations contained in paragraphs 86 through 89 of the Amended Fourth-Party Complaint are not directed against LMC, and therefore no answer is made to those allegations.  To the extent that any of the allegations contained in paragraphs 86 through 89 of the Amended Fourth-Party Complaint are directed against LMC, those allegations are denied.

### Fifth Count
*(Performance Bond Claim against Carolina Casualty by Travelers)*

90-97.  The allegations contained in paragraphs 90 through 97 of the Amended Fourth-Party Complaint are not directed against LMC, and therefore no answer is made to those allegations.  To the extent that any of the allegations contained in paragraphs 90 through 97 of the Amended Fourth-Party Complaint are directed against LMC, those allegations are denied.

### *Sixth Count*
*(Negligence, Breach of Contract, Breach of Warranty - Indemnification, Contribution &*
*Exoneration against Dayton Superior)*

98-105.  The allegations contained in paragraphs 98 through 105 of the Amended Fourth-

Party Complaint are not directed against LMC, and therefore no answer is made to those allegations.

To the extent that any of the allegations contained in paragraphs 98 through 105 of the Amended

Fourth-Party Complaint are directed against LMC, those allegations are denied.

### *Seventh Count*
*(Negligence, Breach of Contract, Breach of Warranty - Indemnification, Contribution &*
*Exoneration against TEC)*

106-113.  The allegations contained in paragraphs 106 through 113 of the Amended Fourth-

Party Complaint are not directed against LMC and therefore no answer is made to those allegations.

To the extent any of the allegations contained in paragraphs 106 through 113 of the Amended

Fourth-Party Complaint are directed against LMC, those allegations are denied.

### *Eighth Count*
*(Breach of Contract(s), Professional Negligence and/or Simple Negligence-Indemnification,*
*Contribution & Exoneration against John Doe's 1-20 and XYZ Corps. 1-20)*

114-122.  The allegations contained in paragraphs 114 through 122 of the Amended Fourth-

Party Complaint are not directed against LMC and therefore no answer is made to those allegations.

To the extent that any of the allegations contained in paragraphs 114 through 122 of the Amended

Fourth-Party Complaint are directed against LMC, those allegations are denied.

### *Ninth Count*
*(Insurance Coverage - Declaratory Judgment, Indemnification, Contribution &*
*Exoneration against Kemper, Great American, National Union, US Fire, Allied World,*
*Zurich, Ohio Casualty, Harleysville, and XYZ Corps. 1-20)*

123.    LMC repeats and realleges each and every answer to the paragraphs incorporated by

reference in paragraph 123 of the Amended Fourth-Party Complaint as if fully set forth herein.

124.    LMC admits that it is an insurance company organized and existing under the laws of the State of Illinois and duly licensed by the Insurance Department of the State of New York to conduct the business of issuing, inter alia, various policies of insurance, including the risks and types of insurance involved in this Amended Fourth-Party Complaint.  LMC denies the remaining allegations contained in paragraph 124 of the Amended Fourth-Party Complaint.

125.    LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the Amended Fourth-Party Complaint.

126.    LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the Amended Fourth-Party Complaint.

127.    LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Amended Fourth-Party Complaint.

128.    LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Amended Fourth-Party Complaint.

129.    LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Amended Fourth-Party Complaint.

130.    LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Amended Fourth-Party Complaint.

131.    LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the Amended Fourth-Party Complaint.

132.    LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of the Amended Fourth-Party Complaint.

133    The referenced contract speaks for itself, to the extent that the allegations in paragraph133 of the Amended Fourth-Party Complaint conflict with the contract, LMC denies them.

134.   LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 of the Amended Fourth-Party Complaint.

135.   LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the Amended Fourth-Party Complaint.

136.   LMC admits it issued Policy No. 4LS 001759-00 ("LMC Policy") to Crocetti as named insured.  LMC denies that Trataros is an "additional insured" under the LMC Policy for the claim that is at issue in the Amended Fourth-Party Complaint.  LMC denies that it issued an insurance policy or policies on behalf of and/or at the request of Trataros and/or Bartec, under the terms of which Bartec and/or DASNY qualify as "insured(s)" and/or "additional insured(s)".  LMC denies that Kemper issued an insurance policy or policies on behalf of and/or at the request of Trataros, Crecetti and/or Bartec, under the terms of which Trataros, Crocetti, Bartec and/or DASNY qualify as "insured(s)" and/or "additional insured(s)".  LMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 136 of the Amended Fourth-Party Complaint.

137.   LMC admits it issued Policy No. 4LS 001759-00 to Crocetti as named insured.  LMC denies that Kemper issued an insurance policy or policies to Crocetti.  LMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 137 of the Amended Fourth-Party Complaint.

138.   LMC denies that Trataros qualifies as an "additional insured" under the LMC Policy.  LMC denies that DASNY qualifies as an "additional insured" under the LMC Policy.  LMC further denies that Kemper issued an insurance policy or policies to Crocetti.  LMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 138 of the Amended Fourth-Party Complaint.

139.    LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of the Amended Fourth-Party Complaint.

140.    LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the Amended Fourth-Party Complaint.

141.    LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 of the Amended Fourth-Party Complaint.

142.    LMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 of the Amended Fourth-Party Complaint.

143.    The referenced claims by DASNY speak for themselves, to the extent that the allegations in paragraph 143 mischaracterize DASNY's claims or reach a legal conclusion concerning the nature of the claims, LMC denies them.

144.    The referenced claims by DASNY speak for themselves, to the extent that the allegations in paragraph 144 mischaracterize DASNY's claims or reach a legal conclusion concerning the nature of the claims, LMC denies them.

145.    The referenced claims by DASNY speak for themselves, to the extent that the allegations in paragraph 145 mischaracterize DASNY's claims or reach a legal conclusion concerning the nature of the claims, LMC denies them.

146.    LMC denies that any of the allegations of DASNY and/or TDX are covered in whole or in part by the insurance policy that LMC issued to Crocetti.  LMC further denies that Kemper has issued an insurance policy to Crocetti.  LMC is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 146 of the Amended Fourth-Party Complaint.

147.    The allegations contained in paragraph 146 contain a legal conclusion to which no

response is required.  To the extent that a response is required, LMC denies the allegations contained in paragraph 147 of the Amended Fourth-Party Complaint except that LMC admits that it entered into an insurance policy with Crocetti.

148.     The allegations contained in paragraph 147 contain a legal conclusion to which no response is required.  To the extent that a response is required, LMC denies the allegations contained in paragraph 148 of the Amended Fourth-Party Complaint except that LMC admits that it entered into an insurance policy with Crocetti.

149.     The allegations contained in paragraph 148 contain a legal conclusion to which no response is required.  To the extent that a response is required, LMC denies the allegations contained in paragraph 149 of the Amended Fourth-Party Complaint except that LMC admits that it entered into an insurance policy with Crocetti.

150.     LMC admits that Trataros and Travelers request declaratory relief that coverage exists as to the claims in question as well as for complete indemnification and/or compensatory damages, together with counsel fees and costs.  LMC denies that coverage exists under any LMC or Kemper policy as to the claims in question as well as for complete indemnification and/or compensatory damages, together with counsel fees and costs.

WHEREFORE, Fourth-Party Defendant, Lumbermens Mutual Casualty Company demands judgment be entered in its favor against the Fourth-Party Plaintiffs, Trataros Construction, Inc. and Travelers Casualty and Surety Company, denying all relief sought by Trataros Construction, Inc. and Travelers Casualty and Surety Company in the Amended Fourth-Party Complaint, including that LMC and Kemper do not owe a duty to defend and/or indemnify Trataros and/or Travelers under the LMC insurance policy at issue, together with judgment denying indemnification, contribution, exoneration and/or compensatory damages, including consequential damages, attorneys' fees and

costs.  LMC also demands judgment against the Fourth-Party Plaintiffs Trataros Construction, Inc.

and Travelers Casualty and Surety Company, in the amount of attorneys' fees and costs incurred in

the defense of this lawsuit, and any other relief the Court deems just and equitable.


**Affirmative Defenses**

**FIRST AFFIRMATIVE DEFENSE**
**(Trataros is Not an Insured)**

151.    Trataros is not a named insured in the LMC Policy and Trataros is therefore not

entitled to a defense or indemnification from LMC.

**SECOND AFFIRMATIVE DEFENSE**

**(Trataros is Not an Additional Insured for Claims at Issue)**

152.    The LMC Policy provides additional insured status where the Named Insured G.M.

Crocetti is required to provide insurance in a contract but only for liability arising from the named

insured G.M. Crocetti, Inc.'s work for that party.  Any liability of Trataros is the result of Trataros'

conduct in insisting that Crocetti install terrazzo over Conflow over Crocetti's objections.  Any

liability of Trataros does not arise out of Crocetti's work but arises out of Trataros' decisions.

Trataros is therefore not an additional insured under the LMC Policy for the terrazzo claims.

**THIRD AFFIRMATIVE DEFENSE**
**(Lack of Occurrence)**

153.    The LMC Policy requires that a covered claim arise out of an "occurrence".  Trataros

ordered Crocetti, over Crocetti's objections, to install terrazzo flooring over Conflow, knowing that

it would fail.  As such, the claim does not constitute an "occurrence" and there is no duty to defend

or indemnify Trataros under the LMC Policy.

## FOURTH AFFIRMATIVE DEFENSE
### (Your Work Exclusion Bars Any Coverage)

154.    The LMC Policy contains an Exclusion titled "Your Work" which excludes coverage for any property damage that results from the work conducted by Trataros.  As such, there is no coverage for any claim by Trataros against LMC.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Provide Proper Notice)

155.    The LMC Policy contains a notice condition that requires notification of an occurrence as soon as practicable and immediate notification of an offense that may result in a claim. The notice condition also requires immediate notice of a claim or suit.  Trataros failed to comply with this condition and therefore there is no duty to defend or indemnify Trataros under the LMC Policy.

## SIXTH AFFIRMATIVE DEFENSE
### (Other Insurance)

156.    The LMC Policy contains provisions that provide that if there is any other collectible insurance available to an insured, the LMC Policy will be excess of the other collectible insurance.

157.    Fourth-Party Plaintiffs' claims are barred in whole or in part to the extent that there is other collectible insurance available to the insured.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

158.    The Amended Fourth-Party Complaint fails to allege facts sufficient to constitute a claim against LMC.

## EIGHTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

159.    To the extent that Fourth-Party Plaintiffs have impaired any of LMC's rights of subrogation, they are not entitled to coverage.

## NINTH AFFIRMATIVE DEFENSE
### (Other Defenses)

160.    LMC reserves the right to amend its Answer by way of adding affirmative defenses, counterclaims, cross-claims, or by instituting third party actions as additional facts are obtained through investigation and discovery.

WHEREFORE, Fourth-Party Defendant LMC prays that Fourth-Party Plaintiffs take nothing by their Complaint; that LMC be dismissed with prejudice and awarded fees and costs incurred in defending this suit; and that this Court enter a declaration that LMC is not obligated to provide insurance coverage for Fourth-Party Plaintiffs or any other party, and for any further relief that this Court deems equitable and just.

## ANSWER TO ALL CROSS-CLAIMS

Fourth-Party Defendant, LMC, through its attorneys, answers all Cross-Claims against it as follows:

161.    LMC denies any negligence, breach of contract or other culpable conduct on its part caused any party to sustain liability to any other party.

162.    In accordance with the foregoing, all Cross-Claims asserted against LMC are denied in their entirety.

**Affirmative Defenses**

### FIRST AFFIRMATIVE DEFENSE
### (Trataros is Not an Insured)

163.    No cross-claimant is entitled to indemnification or contribution from, or to have judgment entered against, LMC because Trataros Construction, Inc. ("Trataros") is not a named insured in LMC Policy No. 4LS 001759-00 at issue and Trataros is therefore not entitled to a defense or indemnification from LMC.

### SECOND AFFIRMATIVE DEFENSE
### (Trataros is Not an Additional Insured for Claims at Issue)

164.    LMC Policy No. 4LS 001759-00 at issue provides additional insured status where the Named Insured G.M. Crocetti, Inc. ("Crocetti") is required to provide insurance in a contract but only for liability arising from the named insured Crocetti's work for that party. Any liability of Trataros is the result of Trataros' conduct in insisting that Crocetti install terrazzo over Conflow over Crocetti's objections. Any liability of Trataros does not arise out of Crocetti's work but arises out of Trataros' decisions. Trataros is therefore not an additional insured under the LMC Policy for the Terrazzo claims and cross-claimants are therefore not entitled to indemnification or contribution from, or to have any judgment entered against, LMC.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Occurrence)

165.    LMC Policy No. 4LS 001759-00 at issue requires that a covered claim arise out of an "occurrence". Trataros ordered Crocetti, over Crocetti's objections, to install terrazzo flooring over Conflow, knowing that it would fail. As such, the claim does not constitute an "occurrence" and there is no duty to defend or indemnify Trataros under the LMC Policy and cross-claimants are therefore not entitled to indemnification or contribution from, or to have any judgment entered

against, LMC.

## FOURTH AFFIRMATIVE DEFENSE
### (Your Work Exclusion Bars Any Coverage)

166.    LMC Policy No. 4LS 001759-00 at issue contains an Exclusion titled "Your Work" which excludes coverage for any property damage that results from the work conducted by the insured and/or additional insured.  If Trataros qualifies as an additional insured under the LMC Policy, which LMC denies, there is no coverage for any claim by Trataros against LMC and cross-claimants are not entitled to indemnification or contribution from, or to have any judgment entered against, LMC.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Provide Proper Notice)

167.    LMC Policy No. 4LS 001759-00 at issue contains a notice condition that requires notification of an occurrence as soon as practicable and immediate notification of an offense that may result in a claim.  The notice condition also requires immediate notice of a claim or suit.  If Trataros qualifies as an additional insured under the LMC Policy, which LMC denies, Trataros failed to comply with this condition and therefore there is no duty to defend or indemnify Trataros under the LMC Policy, and cross-claimants are therefore not entitled to indemnification or contribution from, or to have judgment entered against, LMC.

## SIXTH AFFIRMATIVE DEFENSE
### (Other Insurance)

168.    LMC Policy No. 4LS 001759-00 at issue contains provisions that provide that if there is any other collectible insurance available to an insured, the LMC Policy will be excess of the other collectible insurance.  Any cross-claims are barred in whole or in part to the extent that there is other collectible insurance available to the insured.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

169.    The Cross-Claims fail to allege facts sufficient to constitute a claim against LMC.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Properly Allege Indemnification)

170.    The Cross-Claimants do  not satisfy all elements to properly allege indemnification against LMC.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Properly Allege Contribution)

171.    The Cross-Claimants do not satisfy all elements to properly allege contribution against LMC.

## TENTH AFFIRMATIVE DEFENSE
### (Other Defenses)

172.    LMC reserves the right to amend its Answer by way of adding affirmative defenses, counterclaims, cross-claims, or by instituting third party actions as additional facts are obtained through investigation and discovery.

WHEREFORE, LMC prays that Cross-Claimants take nothing by their Cross-Claims; that LMC be dismissed with prejudice and awarded fees and costs incurred in defending this Cross-Claims; and that this Court enter a declaration that LMC is not obligated to provide insurance coverage for Fourth-Party Plaintiffs or any other party, and for any further relief that this Court deems equitable and just.

**LMC'S COUNTERCLAIM AGAINST TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY**

Fourth-Party Defendant Lumbermens Mutual Casualty Company ("LMC"), improperly sued as Kemper Casualty Insurance Company d/b/a Kemper Insurance Company,[2] by and through its undersigned attorneys, and for its Counterclaim against Trataros Construction, Inc. ("Trataros") and Travelers Casualty and Surety Company ("Travelers") states as follows:

Jurisdiction, Basis of Action and Venue

173.    This Court has subject matter jurisdiction over this matter based on diversity of citizenship between LMC, Trataros and Travelers pursuant to 28 U.S.C. § 1332 (a)(2).

174.    The amount in controversy in this action exceeds Seventy-Five Thousand and no/100 ($75,000) Dollars, exclusive of interest and costs.

175.    LMC brings this Counterclaim under 28 U.S.C. §2201 et. seq. for a declaration of its rights and obligations with respect to whether coverage is afforded under a Commercial General Liability Policy issued to G.M. Crocetti, Inc. ("Crocetti").

176.    An actual and immediate controversy exists between the parties as to the rights and obligations under the insurance policy at issue.

The Parties

177.    Counter-Plaintiff LMC is an Illinois Corporation with its principal place of business in Long Grove, Illinois.

178.    Upon information and belief, Counter-Defendant Trataros is a New York Corporation with its principal place of business in Brooklyn, New York.

179.    Upon information and belief, Travelers is a Connecticut Corporation with its

---

2 LMC is one of the Kemper Insurance Companies, and issued the insurance policy at issue in the Fourth-Party

principal place of business in Hartford, Connecticut.

The LMC Insurance Policy

180.    LMC issued Policy No. 4LS 001759-00 ("LMC Policy") to Crocetti as named insured.  Policy No. 4LS 001759-00 has a policy period of March 31, 2000 to March 31, 2002.  The limits of liability for the policy are $1 million per occurrence and $2 million in the aggregate.  Coverage applies subject to a $1,000 per occurrence deductible.

181.    The LMC Policy contains an Endorsement titled "Additional Insured" which states as follows in pertinent part:

Section II – WHO IS AN INSURED, Item 5, is amended to include:

The below entity is an additional insured provided that the Named Insured is required in a written contract or agreement that the insurance afforded to the additional insured shall apply as primary and that any other similar insurance available to the additional insured will be excess only and will not contribute to the primary insurance, provided the bodily injury or property damage occurs subsequent to the execution of the written contract or agreement, but only with respect to bodily injury or property damage arising from your work for that additional insured by or for you.

ADDITIONAL  INSURED:    ALL ENTITIES WHO ARE REQUIRED BY WRITTEN CONTRACT TO BE NAMED AS AN ADDITIONAL INSURED ON A PRIMARY BASIS.

ADDRESS:

CONTRACT TITLE/No.:

With respect to this endorsement, only for the additional insured shown above, Section IV-CONDITIONS, Item 4, Is deleted in its entirety and replaced with the following:

Other Insurance.

Applicable to Coverage A and B

Complaint.

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this policy, our obligations are limited as follows:

    a.    Primary Insurance

This insurance is primary except when b. below applies.  If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.  Then, we will share with all that other insurance by the method described in c. below.

    b.    Excess Insurance

This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

    (1)    That is Fire, Extended Coverage, Builders Risk, Installation Risk or similar coverage for your work;

    (2)    That is Fire insurance for premises rented to you; or

    (3)    If the loss arises out of the maintenance or use of aircraft, autos or watercraft to the extent not subject to Exclusion g. of Coverage A (Section I).

When this insurance is excess, we will have no duty under Coverage A or B to defend any claim or suit that any other insurer has a duty to defend.  If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

    (1)    The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

    (2)    The total of all deductible and self-insured Amounts under all that other insurance.

24

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limit of Liability shown in the Declarations of this Coverage Part.

All other policy terms, conditions and exclusions remain the same.

182.    The Insuring Agreement to Coverage A Bodily Injury and Property Damage

Liability of the LMC Policy states in pertinent part as follows:

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies.  We will have the right and duty to defend the insured against any 'suit' seeking those damages.  However, we will have no duty to defend the insured against any 'suit' seeking those damages for 'bodily injury' or 'property damage' to which this insurance does not apply.  We may, at our discretion, investigate any 'occurrence' and settle any claim or 'suit' that may result.  But:

1)    The amount we will pay for damages is limited as described in Section III – LIMITS OF INSURANCE; and

2)    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

b.    This insurance applies to 'bodily injury' and 'property damage' only if :

1)    The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory'; and

2)    The 'bodily injury' or 'property damage' occurs during the policy period; and

* * *

25

183.    The LMC Policy defines "property damage", in pertinent part, as follows.

Property damage means:

a.    Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it;

b.    Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the occurrence that caused it….

184.    The LMC Policy defines "suit" in pertinent part as follows:

Suit means a civil proceeding in which damages to which this insurance applies are alleged….

185.    The LMC Policy defines "occurrence" as follows:

Occurrence means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

186.    The LMC Policy contains an "your work" exclusion which provides as

follows:

Property damage to your work arising out of it or any part of it and included in the products-completed operations hazard.

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

187.    The LMC Policy defines "your work" as follows:

a.    Work or operations performed by you or on your behalf; and

b.    Materials, parts or equipment furnished in connection with such work or operations.

Your work includes:

a.    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of your work; and

b.    The providing of or failure to provide warnings or instructions.

188.    The LMC Policy defines the term "products – completed operations hazard", in

pertinent part, as follows:

     a.    Includes all bodily injury and property damage occurring away from premises you own or rent and arising out of your product or your work except:

          (1)    Products that are still in your physical possession; or

          (2)    Work that has not yet been completed or abandoned. However, your work will be deemed completed at the earliest of the following times:

               (a)    When all of the work called for in your contract has been completed.

               (b)    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

               (c)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

     Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed….

189.    The LMC Policy contains a Condition titled "Duties in the Event of Occurrence,

Offense, Claim or Suit" which states as follows:

     a.    You must see to it that we are immediately notified in writing of an occurrence, or offense which may result in a claim.  Notice should include:

          (1)    How, when and where the occurrence, or offense took place;

          (2)    The names and addresses of any injured persons and witnesses; and

          (3)    The nature and location of any injury or damage arising out of the occurrence or offense.

     b.     Notice of an occurrence is not notice of a claim.

            If a claim is made or suit is brought against any insured, you must see to it that we receive immediate notice of the claim or suit.

     c.     You and any other involved insured must:

            (1)     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or a suit;

            (2)     Authorize us to obtain records and other information;

            (3)     Cooperate with us in the investigation, settlement or defense of the claim or suit; and

            (4)     Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

     d.     No insureds will, except at their own cost, voluntarily make a payment, admit any liability, settle any claims, assume any obligation, or incur any expense, other than for first aid, without written consent of the Company.

TO WHOM NOTICE SHOULD BE SENT

All Notices required under this Section IV.2 shall be reported to:

            Kemper Environmental Claims
            Princeton Forrestal Village
            155 Village Boulevard, Suite 300
            Princeton, NJ 08540-5743
            FAX:  609 936-3118
            PHONE:  800 679-0025

or such other address(es) as we may substitute in writing.

     190.     The LMC Policy contains an Endorsement titled "Notice of Occurrence", which

states as follows:

            In the event of an occurrence, injury, or damage, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and if available the nameds [sic] and

addresses of witnesses shall be given by or for the insured to the company or any of its authorized agents as soon as practicable; provided that with respect to the named insured, such notice shall be given as soon as practicable after knowledge of the occurrence, injury, or damage has been reported to an executive officer of the named insured or to the employee designated by the named insured to give such notice.

<u>Subcontract Between Trataros and Crocetti</u>

191.    Exhibit C (Insurance and Indemnification Rider) to the Subcontract Agreement between Trataros and Crocetti states in pertinent part as follows:

VII)    <u>ADDITIONAL INSUREDS ENDORSEMENTS:</u>

Insurance policies specified in III and IV above shall be endorsed to name Owner and Contractor, its directors, officers, employees, subsidiaries and affiliates as additional insureds, and shall stipulate that this insurance is primary, that any other insurance or self-insurance maintained by Owner and Contractor be excess only and shall not be called upon to contribute with this insurance.  ISO Additional Insurance Endorsement form number CO2010 1185, Contractors Form B must be utilized and accompany the Certificate of Insurance.

<u>Facts</u>

192.    On or about April 22, 1998, the Dormitory Authority – State of New York ("DASNY") as owner, and Trataros, as contractor, entered into a written contract designated Contract No. 15 whereby Trataros agreed to provide the labor and materials to perform certain general construction at a Project known as Baruch Academic Complex, Site B (the "Project").

193.    On or about April 22, 1998, Trataros and Reliance Insurance Company as surety executed and delivered a labor and material payment bond and a performance bond for Contract No. 15, naming DASNY as obligee.

194.    On or about August 27, 1998, DASNY, as owner, and Trataros, as contractor, entered into a written contract designated as Contract No. 16 whereby Trataros agreed to provide the labor

and materials to perform certain general construction at the Project.

195.    On or about August 27, 1998, Trataros and Reliance Insurance Company as surety executed and delivered a labor and material payment bond and a performance bond for Contract No. 16, naming DASNY as obligee.

196.    Upon information and belief, on or about May 31, 2000, Travelers acquired the surety and fidelity business written by the various companies owned by Reliance Group Holdings, Inc., including bonds written by Reliance Insurance Company ("Reliance").  All duties, rights and obligations of Reliance Insurance Company under the labor and material payment bonds for Contract No. 15 and Contract No. 16 were assumed by Travelers by virtue of that transaction.

197.    Trataros entered into a Subcontract Agreement with Crocetti dated September 18, 1998, through which Crocetti agreed to furnish and install interior stonework, precast terrazzo flooring and epoxy terrazzo flooring at the Project.

198.    Crocetti contends that any liability of Trataros is the result of Trataros' conduct in insisting that Crocetti install terrazzo over Conflow on the floors of the Project, over the objections of Crocetti.

199.    Upon information and belief, Travelers took over and assumed Trataros' obligations under Contract No. 15 and Contract No. 16.

200.    DASNY alleges that Trataros breached Contract No. 15 and Contract No. 16.

201.    Travelers alleges claims against DASNY, TDX Construction Corp. ("TDX") and Kohn Pedersen Fox Associates, P.C. ("KPF") for Trataros' contract balances and retainage; claims alleging damages caused by unreasonable delays, disruptions, impacts and/or inefficiencies on the Project; and claims alleging professional negligence against TDX and KPF.

202.    Trataros and Travelers allege that Crocetti is responsible for certain alleged liabilities

of Trataros stemming from the work undertaken by Crocetti at the Project.

203.    Trataros and Travelers allege that LMC is responsible for any of Trataros' liability as they allege that Trataros is an additional insured under the LMC Policy.

Count I:  Declaratory Judgment against Trataros -
Trataros is Not Insured Under the LMC Policy

204.    LMC repeats and realleges each and every allegation set forth above in paragraphs 173 through 203 of this Counterclaim as if fully set forth herein.

205.    The LMC Policy's "Who is An Insured" provision provides that all entities who are required by written contract to be named as an additional insured on a primary basis are additional insureds under the LMC Policy but only with respect to property damage arising from the work of Crocetti for that additional insured.

206.    Section VII, "Additional Insured Endorsements" of the Subcontract Agreement between Trataros and Crocetti states that the LMC insurance Policy obtained by Crocetti shall include Trataros as an additional insured.

207.    As Crocetti contends that any liability of Trataros is the result of Trataros' conduct in insisting that Crocetti install terrazzo over Conflow on the Project floors, over Crocetti's objections, any liability of Trataros does not arise out of Crocetti's work but arises out of Trataros' own decisions and conduct.  Trataros is therefore not an additional insured under the LMC Policy for the claims at issue in the Amended Fourth-Party Complaint, and is not entitled to coverage under the LMC Policy.

WHEREFORE, LMC prays:

A.    That this Court find and declare that LMC is not obligated to defend or indemnify Trataros for the Terrazzo claims; and

B.    That this Court grant LMC its attorneys' fees, costs, and such other relief that this

Court deems just and equitable.

Count II:  Declaratory Judgment against Trataros -
No Occurrence

208.    LMC repeats and realleges each and every allegation set forth in paragraphs 173 through 207 of this Counterclaim as if fully set forth herein.

209.    Pursuant to the LMC Policy, there must be an "occurrence" for there to be any coverage under the Policy.  Here, the alleged damages result from Trataros' orders to Crocetti, over Crocetti's objections, to install terrazzo flooring over Conflow, knowing or with a substantial certainty that it would fail.  The alleged damage arose out of Trataros' faulty workmanship and breach of contract and not an "occurrence" as defined in the LMC Policy.  There is therefore no coverage for Trataros under the LMC Policy.

WHEREFORE, LMC prays:

A.      That this Court find and declare that LMC is not obligated to defend or indemnify Trataros for the Terrazzo claims; and

B.      That this Court grant LMC its attorneys' fees, costs, and such other relief that this Court deems just and equitable.

Count III:  Declaratory Judgment against Trataros -
Improper Notice

210.    LMC repeats and realleges each and every allegation contained in paragraphs 173 through 209 of this Counterclaim as if fully set forth herein.

211.     In the alternative, if Trataros qualifies as an additional insured, and if there is an occurrence, Trataros failed to comply with the notice condition of the LMC Policy.

212.    The LMC Policy requires, as a condition precedent to coverage, notice of an occurrence, injury or damage in writing as soon as practicable, and immediate written notice of a claim or suit.

213.   DASNY commenced a Third-Party action against Trataros on August 14, 2004. Trataros, however, did not, as required under the LMC Policy, immediately send copies of any claim or suit upon being served.   Instead, Trataros commenced a Fourth-Party action against its subcontractors on November 11, 2004, seeking defense and indemnification with respect to the claims asserted against them.   Trataros amended its Fourth-Party Complaint to add LMC and other insurers as defendants on February 17, 2005, but had yet to provide notice of the occurrence, claim and suit against it to LMC.

214.   LMC's first notice of any claim or suit against Trataros was when it received the Fourth-Party Complaint, six months after Trataros was sued.

215.   Trataros was aware of the claims against it by August 2004 at the latest.   In addition, Crocetti sent a letter to Trataros dated January 26, 2001 identifying problems with the flooring at the Project, placing Trataros on notice of potential claims against it more than four years before Trataros sued LMC.   Correspondence from TDX to Trataros dated June 17, 2003 and correspondence from DASNY to Trataros dated August 28, 2003 provided further notice to Trataros of a potential claim.

216.   Trataros did not comply with the notice condition precedent to coverage in the LMC Policy, and therefore there can be no coverage to Trataros under the LMC Policy.

WHEREFORE, LMC prays:

A.     That this Court find and declare that LMC is not obligated to defend or indemnify Trataros for the Terrazzo claims; and

B.     That this Court grant LMC its attorneys' fees, costs, and such other relief that this Court deems just and equitable.

Count IV:  Declaratory Judgment against Trataros -
Any Coverage is Excluded by the "Your Work" Exclusion

217.    LMC repeats and realleges each and every allegation contained in paragraphs 173
through 216 of this Counterclaim as if fully set forth herein.

218.    The "your work" exclusion in the LMC Policy excludes coverage to Trataros for any
property damage to Trataros' work arising out of it or any part of it, if the work is included in the
"products – completed operations hazard".

219.    The work of Trataros is included under the definition of "products – completed
operations hazard" in the LMC Policy.

220.    There is no coverage for the work undertaken by Trataros as it is excluded under the
"your work" exclusion of the LMC Policy.

WHEREFORE, LMC prays:

A.    That this Court find and declare that LMC is not obligated to defend or indemnify
Trataros for the Terrazzo claims; and

B.    That this Court grant LMC its attorneys' fees, costs, and such other relief that this
Court deems just and equitable.

Count V:  Declaratory Judgment Against Trataros and Travelers –
Any Coverage From the Lumbermens Mutual Casualty Company Policy is Excess Coverage

221.    LMC repeats and realleges each and every allegation contained in paragraphs 173 through 220 of this Counterclaim as if fully set forth herein.

222.    The "Additional Insured" endorsement to the LMC Policy provides that the LMC Policy is excess to any Builders Risk insurance available to Trataros.

223.    Any coverage under the LMC Policy, which is denied, is excess to any Builders Risk insurance available to Trataros.

224.    The "Additional Insured" and "Excess Insurance Amended" endorsements to the LMC Policy also provide that any coverage provided by the LMC Policy, which is denied, is excess if the Named Insured has been added as an additional insured onto another policy providing Commercial General Liability Coverage or Contractors Pollution Coverage.

225.    Any coverage under the LMC Policy, which is denied, is excess as the Named Insured under the LMC Policy, Crocetti, has been added as an additional insured onto the Travelers Policy at issue.

WHEREFORE, LMC prays:

A.      That this Court find and declare that LMC is not obligated to defend or indemnify Trataros for the Terrazzo claims; and

B.     That this Court grant LMC its attorneys' fees, costs, and such other relief that this Court deems just and equitable.

DATED:  April 18, 2008

By:   __s/ Michael S. Miller_____
      Michael S. Miller
      **TOMPKINS, McGUIRE,**
      **WACHENFELD &   BARRY LLP**
      *Attorneys forFourth-Party Defendant*
      *Lumbermens Mutual Casualty Company*
      *("LMC"), improperly sued as Kemper*
      *Casualty Insurance Company d/b/a Kemper*
      *Insurance Company*
      140 Broadway
      51st Floor
      New York, New York 10005
      (212) 714-1720
      -and-
      Four Gateway Center
      100 Mulberry Street
      Newark, New Jersey 07102
      (973) 622-3000

## DECLARATION OF SERVICE

The undersigned hereby declares, under penalty of perjury, that on April 18, 2008, he caused a true copy of the foregoing Answer, etc. to be served via electronic filing upon counsel for the various parties as follows:

JoAnne M. Bonacci, Esq.
**DREIFUSS BONACCI & PARKER, LLP,**
Attorneys for Fourth-Party Plaintiffs,
*TRATAROS* CONSTRUCTION, *INC AND TRAVELERS CASUALTY AND SURETY COMPANY*
26 Columbia Turnpike - North Entrance
Florham Park, NJ 07932
Tel:     (973) 514-1414
Fax:     (973) 514-5959
email: jbonacci@dbplawfirm.com

David Abramovitz, Esq,
Matthew J. McDermott, Esq.
**ZETLIN & DECI-HARA, LLP**
Attorneys for Defendants/Third-Party Plaintiff,
*KOHNJ PEDERSON, FOX & ASSOCIATES, P.C*
501 Second Avenue
New York, NY 10017
Tel:     (212) 682-6800
Fax:     (212) 682-6861
Email: dabramovitz@zdlaw.com

Christian H. Gannon
**SEGAL McCAMBRIDGE SINGER & MAHONEY**
Attorneys for Fourth-Party Defendant
*SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC*
830 Third Aye, Suite 400
NY, NY 10022
Tel:     (212) 651-7500/(212) 651-7423
Fax:     (212) 651-7499
email: rrigolosi@msm.com

Gary Wirth, Esq.
**TORRE, LENTZ, GAMMELL, GARY & RITTMASTER, LLP**
Attorneys for Fourth-Party Defendant
*CAROLINA CASUALTY INSURANCE COMPANY*
100 Jericho Quadrangle, Suite 309
Jericho, NY 11753
Tel:     (516) 240-8900

37

Fax:    (516) 240-8950
Email: gwirth@tlggr.com


Robert Mark Wasko, Esq.
**TORRE, LENTZ, GAMELL, GARY & RITTMASTER, LLP**
*Co-Counsel for Fourth-Party Defendant*
*CAROLINA CASUALTY INSURANCE COMPANY*
226 West 26th Street, 8th Floor
New York, NY 10001
Tel:    (516) 240-8900
Fax:    (212) 691-6452


William Kelly, Esq.
Suzin L. Raso, Esq.
**GOLDBERG SEGALL, LLP.**
Attorneys for Fourth-Party Defendant
DAYTON *SUPERIOR SPECIALTY CHEMICAL CORP.*
a/k/a *DAYTON SUPERIOR* CORP.
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
Tel:    (914) 798-5400
Fax:    (914) 798-5401
email: wkelly@goldbergsegalla.com
email: sraso@goldbergsegalla.com


Henry G. Morgan, Esq.
Joseph DeDonato, Esq.
**MORGAN, MELHUISH, ABRUTYN**
Attorneys for Fourth-Party Defendant
OHIO *CASUALTY INSURANCE COMPANY*
651 West Mt. Pleasant Avenue, Suite 200
Livingston, NJ 07039
Tel:    (973) 994-2500
Fax:    (973) 994-3375
email: counsel@morganlawfirm.com


Donald G. Sweetman, Esq.
**GENNET, KALLMANN, ANTIN & ROBINSON, P.C.**
Attorney for Fourth-Party Defendants
*GREAT AMERICAN INSURANCE COMPANY,*
*AMERICAN ALLIANCE INSURANCE COMPANY,*
*AMERICAN NATIONAL FIRE INSURANCE COMPANY*
*and GREAT AMERICAN INSURANCE COMPANY OF NEW YORK*
6 Campus Drive

Parsippany, NJ 07054
Tel:    (973) 285-1919
Fax:    (973) 285-1177
Email: dsweetman@gkar-law.com

Ann Odelson, Esq.
John P. DeFilippis, Esq.
**CARROLL, MCNULTY & KULL**
Attorney for Fourth-Party Defendant
*UNITED STATE FIRE INSURANCE COMPANY*
570 Lexington Avenue
New York, NY 10022
Tel:    (212) 252-0004
Fax:    (212) 252-0444

S. Dwight Stephens, Esq.
**MELITO & ADOLFSEN, P.C.**
Attorneys for Fourth-Party Defendant
*ZURICH AMERICAN INSURANCE COMPANY*
233. Broadway
New York, NY 10279
Tel:    (212) 238-5900
Fax:    (212) 238-8999
Email: sds@melitoadolfsen.com

Martin Paul Lavelle, Esq.
Erika L. Aljens, Esq.
**GREEN & LAVELLE**
Attorneys for Fourth-Party Defendant,
*NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA*
110 William Street
New York, NY 10038
Tel:    (212) 266-5580/5881
Fax:    (212) 528-0134
Email: martin.lavelle@aig.com
Email: erika.aljiens@aig.com

Diana E. Goldberg, Esq.
**MOUND COTTON WOLLAN & GREENGRASS**
Attorneys for Fourth-Party Defendant
*COMMERCIAL UNDERWRITERS INSURANCE
COMPANY and ALLIED WORLD ASSURANCE
COMPANY (U.S.) INC.*

39

One Battery Park Plaza, 9th Floor
New York, NY 10004-1486
Tel:    (212) 804-4200
Fax:    (212) 344-8066
Email:  dgoldberg@moundcotton.com


Timothy B. Froessell, Esq.
**HOLLAND & KNIGHT, LLP**
Attorneys for Defendants/Third-Party Plaintiffs,
*DORMITORYAUTHORITY- STATE OF NEW YORK
and* TDX *CONSTRUCTION CORP.*
195 Broadway
New York, NY 10007
Tel:    (212) 513-3484
Fax:    (212) 385-9010
email: tbfroess@hklaw.com


Tracey K. Wishert, Esq.
Lance J. Kalik, Esq.
**RIKER, DANZIG, SCHERER, HYLAND & PERRETTI, LLP**
Attorneys for Fourth-Party Defendant,
*HARLEYSVILLE MUTUAL INSURANCE COMPANY
(a/k/a HARLEYSVILLE INSURANCE COMPANY)*
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07960
Tel:    (973) 451-3862
Fax:    (973) 451-3714
email: twishert@riker.com
email: lkalik@riker.com


Vincent Zichello, Esq.
**ZICHELLO & MCINTYRE, LLP**
Attorneys for Fourth-Party Defendant,
*CARLOLINA CASUALTY INSURANCE COMPANY*
420 Lexington Avenue, Suite 2800
New York, New York  10170
Tel:    (212) 972-5560
Fax:    (212) 972-5569


Jeremy Platek, Esq.
**O'CONNOR, REDD, GOLLIHUE & SKLARIN, LLP**
Attorneys for Fourth –Party Defendant,
*BARTEC INDUSTRIES, INC.*

200 Mamaroneck Avenue
White Plains, New York 10601
Tel:     (914) 686-1700 x 239
Fax:     (914) 328-3184

Martin A. Schwartzberg, Esq.
**L'ABBATE, BALKAN, COLAVITA & CONTINI, LLP**
Attorneys for
*COSENTINI ASSOCIATES*
1001 Franklin Avenue
Garden City, NY  11530
Tel:     516-294-8844
Fax:     516-294-8202

DATED:  April 18, 2008

s/Michael S. Miller
Michael S. Miller

41