UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
TRAVELERS CASUALTY AND SURETY : Civil Action No.07 Civ. 6915 (DLC)
COMPANY as Administrator for RELIANCE : **ECF CASE**
INSURANCE COMPANY, :
                                      Plaintiff, :
                                      : **ANSWER TO THIRD-PARTY**
            -against- : **COMPLAINT OF**
                                       : **KOHN PEDERSON FOX**
THE DORMITORY AUTHORITY - STATE OF : **ASSOCIATES, P.C.**
NEW YORK, TDX CONSTRUCTION CORP. and :
KOHN PEDERSON FOX ASSOCIATES, P.C., :
                                 Defendants. :
------------------------------------X
DORMITORY AUTHORITY OF THE STATE OF :
NEW YORK and TDX CONSTRUCTION CORP., :
                      Third-Party Plaintiffs, :
            -against- :
TRATAROS CONSTRUCTION, INC., :
                      Third-Party Defendant. :
------------------------------------X
TRATAROS CONSTRUCTION, INC., and :
TRAVELERS CASUALTY AND SURETY :
COMPANY, :
                      Fourth-Party Plaintiffs, :
            -against- :
CAROLINA CASUALTY INSURANCE :
COMPANY, *et al.*, :
                      Fourth-Party Defendants. :
------------------------------------X

```
------------------------------------X
KOHN PEDERSON FOX ASSOCIATES, P.C.,           :
                                              :
                    Third-Party Plaintiff,    :
                                              :
        -against-                             :
                                              :
WEIDLINGER ASSOCIATES CONSULTING              :
ENGINEERS, P.C., CASTRO-BLANCO                :
PISCIONERI AND ASSOCIATES, ARCHITECTS,        :
P.C., ARQUITECTONICA NEW YORK, P.C.,          :
COSENTINI ASSOCIATES, INC., CERMAK,           :
PETERKA PETERSEN, INC., JORDAN PANEL          :
SYSTEMS CORP., TRATAROS CONSTRUCTION,         :
INC. and LBL SKYSYSTEMS (U.S.A.), INC.,       :
                                              :
                    Third-Party Defendants.   :
------------------------------------X
```

Third-Party Defendant LBL SKYSYSTEMS CORPORATION i/s/h/a LBL SKYSYSTEMS (U.S.A.), INC., ("LBL") by its attorneys, Thelen Reid Brown Raysman & Steiner, LLP, in answer to the Third-Party Complaint of KOHN PEDERSON FOX ASSOCIATES, P.C. ("KPF") dated February 1, 2008, alleges as follows:

**AS TO THE PARTIES, JURISDICTION AND VENUE**

1.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Admits that LBL performed certain construction activities at the construction project which is the subject of this action. Except as specifically admitted, LBL denies the truth of the allegations contained in paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. The allegations contained in paragraph 10 are conclusions of law and/or KPF's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, LBL denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

11. The allegations contained in paragraph 11 are conclusions of law and/or KPF's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, LBL denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## AS TO THE FACTS

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Admit that LBL contracted with Trataros Construction, Inc. to perform certain construction activities at the construction project which is the subject of this action. Except as specifically admitted, LBL denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. The allegations contained in paragraph 15 are conclusions of law and/or KPF's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, LBL denies the truth of the allegations contained therein and begs leave to refer to the Court's January 24, 2008 Order for its true intent and legal meaning at the time of trial of this matter.

16. Denies the truth of the allegations contained in paragraph 16 and begs leave to refer to any such "written agreement" for its true intent and legal meaning at the time of trial of this matter.

17. Admits that certain disputes to which LBL was a party arose during the course of the Project. Except as specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Admits that Trataros asserted claims for monies due LBL. Except as specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. The allegations contained in paragraph 22 are conclusions of law and/or KPF's characterization of its case to which no response is required; to the extent that they may

be deemed allegations of fact, LBL denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## AS TO THE FIRST CLAIM FOR RELIEF

### (Against the KPF Subconsultants for Contribution)

23. LBL repeats and realleges each and every allegation contained in paragraphs 1 through 22 above, inclusive, as if set forth herein at length.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

## AS TO THE SECOND CLAIM FOR RELIEF

### (Against the KPF Subconsultants for Common Law Indemnification)

28. LBL repeats and realleges each and every allegation contained in paragraphs 1 through 27 above, inclusive, as if set forth herein at length.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

## AS TO THE THIRD CLAIM FOR RELIEF

### (Against Weidlinger, Castro, Arquitectonica and Cosentini for Contractual Indemnification)

35. LBL repeats and realleges each and every allegation contained in paragraphs 1 through 34 above, inclusive, as if set forth herein at length.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

## AS TO THE FOURTH CLAIM FOR RELIEF

### (Against the KPF Subconsultants for Breach of Contract)

42. LBL repeats and realleges each and every allegation contained in paragraphs 1 through 41 above, inclusive, as if set forth herein at length.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

## AS TO THE FIFTH CLAIM FOR RELIEF

### (Against the KPF Subconsultants for Negligence)

49. LBL repeats and realleges each and every allegation contained in paragraphs 1 through 48 above, inclusive, as if set forth herein at length.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

## AS TO THE SIXTH CLAIM FOR RELIEF

### (Against Jordan, LBL and Trataros for Contractual Indemnification)

54. LBL repeats and realleges each and every allegation contained in paragraphs 1 through 53 above, inclusive, as if set forth herein at length.

55. Admits the existence of a document dated July 1, 1998 and begs leave to refer to said document for its true intent and legal meaning at the time of trial of this action. Except as specifically admitted, denies the truth of the allegations contained in paragraph 55.

56. Admits the existence of a document dated July 1, 1998 and begs leave to refer to said document for its true intent and legal meaning at the time of trial of this action. Except as specifically admitted, denies the truth of the allegations contained in paragraph 55.

57. Admits that LBL contracted with Trataros Construction, Inc. to perform certain construction activities at the construction project which is the subject of this action. Except as specifically admitted, LBL denies the truth of the allegations contained in paragraph 57 and begs leave to refer to said contract for its true intent and legal meaning at the time of trial of this action.

58. Denies the truth of the allegations contained in paragraph 58.

59. The allegations contained in paragraph 59 are conclusions of law and/or KPF's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, LBL denies the truth of the allegations contained therein.

## AS TO THE SEVENTH CLAIM FOR RELIEF

### (Against Jordan, LBL and Trataros for Common Law Indemnification)

60. LBL repeats and realleges each and every allegation contained in paragraphs 1 through 59 above, inclusive, as if set forth herein at length.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

62. Admits that LBL contracted with Trataros Construction, Inc. to perform certain construction activities at the construction project which is the subject of this action. Except as specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62.

63. The allegations contained in paragraph 63 are conclusions of law and/or KPF's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, LBL denies the truth of the allegations contained therein.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64.

65. The allegations contained in paragraph 65 are conclusions of law and/or KPF's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, LBL denies the truth of the allegations contained therein.

66. The allegations contained in paragraph 66 are conclusions of law and/or KPF's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, LBL denies the truth of the allegations contained therein.

67. The allegations contained in paragraph 67 are conclusions of law and/or KPF's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, LBL denies the truth of the allegations contained therein.

NY #1259538 v1

68. The allegations contained in paragraph 68 are conclusions of law and/or KPF's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, LBL denies the truth of the allegations contained therein.

## AS TO THE EIGHTH CLAIM FOR RELIEF

### (Against Jordan, LBL and Trataros for Contribution)

69. LBL repeats and realleges each and every allegation contained in paragraphs 1 through 68 above, inclusive, as if set forth herein at length.

70. The allegations contained in paragraph 70 are conclusions of law and/or KPF's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, LBL denies the truth of the allegations contained therein.

71. The allegations contained in paragraph 71 are conclusions of law and/or KPF's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, LBL denies the truth of the allegations contained therein.

72. The allegations contained in paragraph 72 are conclusions of law and/or KPF's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, LBL denies the truth of the allegations contained therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

73. KPF has failed to state a cause of action for which relief can be granted. Specifically, but without limitation, KPF improperly relies on CPLR 1401 for recovery of solely economic damages, fails to allege that the claims against KPF arise out of KPF's vicarious liability for LBL's actions, fails to allege any third party claims for which LBL allegedly agreed to indemnify KPF.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

74. The "Indemnification Agreement" alleged by KPF recites unenforceable obligations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

75. KPF's claims are barred by the doctrine of estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

76. Article 14 of the New York Civil Practice Law and Rules has no application to the primary claims brought against Third-Party Plaintiff KPF.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

77. Third-Party Plaintiff KPF participated in the activities and wrongs giving rise to the claims against it and thus is not entitled to indemnification.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

78. KPF's claims are barred by the doctrine of laches.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

79. KPF's claims are barred by the applicable statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

80. KPF's claims are off-set by LBL's rights of set off.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

81. KPF lacks standing to pursue claims against LBL.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

82. Any damages allegedly sustained by KPF were caused in whole or in part by KPF's own culpable conduct, as a result of which KPF's claims are therefore barred or diminished in the proportion that such conduct caused KPF's alleged damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

83. The claims asserted by KPF are barred by the doctrine of unclean hands.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

84. The claims asserted by KPF are barred by the doctrine of avoidable consequences.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

85. The claims asserted by KPF are barred by the doctrine of election of remedies.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

86. The claims asserted by KPF are barred by the doctrine of public policy.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

87. The claims asserted by KPF are barred by the statute of frauds.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

88. The claims asserted by KPF are barred by the doctrine of accord and satisfaction.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

89. The claims asserted by KPF are barred by the doctrine of waiver.

NY #1259538 v1

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

90.     The claims asserted by KPF are barred by the doctrine of release.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

91.     The claims asserted by KPF are barred by KPF's failure to abide by the terms and conditions of the applicable contracts.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

92.     The claims asserted by KPF are barred by KPF's failure to exhaust its administrative remedies.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

93.     LBL reserves the right to rely upon any and all additional defenses available to all co-defendants, Third-Party Defendants, and other parties to the above-captioned litigation.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

94.     LBL reserves the right to rely upon any and all additional defenses as discovery progresses in the within litigation.

**AS AND FOR A SET-OFF AND COUNTERCLAIM**

95.     LBL incorporates and reiterates as if stated in full herein all the claims of Plaintiff asserted against KPF on behalf of LBL.

**WHEREFORE**, LBL demands judgment as follows:

1) Dismissing the Third-Party Complaint in its entirety as against LBL, and;

2) For such other and further relief as the Court deems just and proper.


Dated:   New York, New York
         April 22, 2008


                                Respectfully submitted,

                                THELEN REID BROWN RAYSMAN & STEINER LLP


                                By:_____*s/ Richard P. Dyer*_____
                                        Richard P. Dyer
                                        Attorneys for Third-Party Defendant
                                        LBL Skysystems Corporation
                                        875 Third Avenue
                                        New York, New York 10022
                                        (212) 603-2000


TO:   ECF SERVICE LIST