UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>- against -<br><br>DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>　　　　　　　Defendants. | Case No. 07 Civ. 6915 (DLC)<br><br>**ANSWER OF DASNY AND TDX TO CROSS-CLAIM OF THIRD-PARTY DEFENDANT <u>WEIDLINGER ASSOCIATES CONSULTING ENGINEERS, P.C.</u>** |
| AND THIRD AND FOURTH PARTY ACTIONS. | |

Defendants/Third-Party Plaintiffs Dormitory Authority of the State of New York ("DASNY") and TDX Construction Corp. ("TDX"), by their attorneys, Holland & Knight LLP, answer the cross-claims of Third-Party Defendant Weidlinger Associates Consulting Engineers, P.C. ("Weidlinger"), dated April 4, 2008 ("Weidlinger's Cross-Claims"), as follows:

　　　　1.　　The allegations contained in paragraph 46 of Weidlinger's Cross-Claims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX deny each and every allegation of paragraph 46 with respect to the alleged liability of DASNY and TDX, and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein regarding the alleged liability of all other parties against whom the counterclaim/cross-claim is asserted.

　　　　2.　　The allegations contained in paragraph 47 of Weidlinger's Cross-Claims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX deny each and every allegation of paragraph 47 with respect to the alleged liability of DASNY and TDX, and state that they are without knowledge or information sufficient to form a

belief as to the truth of the allegations therein regarding the alleged liability of all other parties against whom the counterclaim/cross-claim is asserted.

3. The allegations contained in paragraph 48 of Weidlinger's Cross-Claims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX deny each and every allegation of paragraph 48 with respect to the alleged liability of DASNY and TDX, and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein regarding the alleged liability of all other parties against whom the counterclaim/cross-claim is asserted.

4. The allegations contained in paragraph 49 of Weidlinger's Cross-Claims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX deny each and every allegation of paragraph 49 with respect to the alleged liability of DASNY and TDX, and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein regarding the alleged liability of all other parties against whom the counterclaim/cross-claim is asserted.

## FIRST AFFIRMATIVE DEFENSE

5. Weidlinger's Cross-Claims fail to state a cause of action against DASNY upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

6. Weidlinger's Cross-Claims fail to state a cause of action against TDX upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

7. Weidlinger is not entitled to common law indemnity, because the third-party complaint alleges that Weidlinger itself was negligent and/or breached its contract(s) with the third-party plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

8. There is no contract between DASNY and Weidlinger which would entitle Weidlinger to contractual indemnity from DASNY.

### FIFTH AFFIRMATIVE DEFENSE

9. There is no contract between TDX and Weidlinger which would entitle Weidlinger to contractual indemnity from TDX.

### SIXTH AFFIRMATIVE DEFENSE

10. Any damages that have been or may be sustained by Weidlinger were caused in whole or in part by Weidlinger's own culpable conduct, as a result of which Weidlinger's claims are therefore barred or diminished in the proportion that such conduct caused said damages.

### SEVENTH AFFIRMATIVE DEFENSE

11. Weidlinger's Cross-Claims may be barred, in whole or in part, by additional defenses that cannot be articulated due to the generality of the Cross-Claims, the fact that discovery is not complete, or other presently undeveloped information. Accordingly, DASNY and TDX reserve their right to amend and/or supplement the foregoing defenses and to raise additional defenses as this action progresses, to the fullest extent permitted by the Federal Rules of Civil Procedure.

**WHEREFORE**, DASNY and TDX demand judgment dismissing Weidlinger's Cross-Claims in their entirety as against them, together with the costs and disbursements of this action, attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 25, 2008

HOLLAND & KNIGHT LLP

By: /s/ Timothy B. Froessel
Timothy B. Froessel
195 Broadway
New York, New York 10007
(212) 513-3200

Stephen B. Shapiro
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000

*Attorneys for Defendants/Third-Party Plaintiffs Dormitory Authority of the State of New York and TDX Construction Corp.*

To:    All Counsel of Record

# 5298552_v1