UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

TRAVELERS CASUALTY AND SURETY COMPANY
as Administrator for RELIANCE INSURANCE
COMPANY,

               Plaintiff,

       -against-

DORMITORY AUTHORITY - STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN PEDERSEN
FOX ASSOCIATES, P.C.,

             Defendants.

------------------------------------------------------------ X

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK and TDX CONSTRUCTION CORP.,

         Third-Party Plaintiffs,

       -against-

TRATAROS CONSTRUCTION, INC.,

         Third-Party Defendant.

------------------------------------------------------------ X

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

        Fourth-Party Plaintiffs,

       -against-

CAROLINA CASUALTY INSURANCE COMPANY, *et
al.*,

        Fourth-Party Defendants.

------------------------------------------------------------ X

07 Civ. 6915 (DLC)
ECF CASE

**DEFENDANT KOHN
PEDERSEN FOX
ASSOCIATES, P.C.'S
ANSWER TO THE
COUNTERCLAIMS OF
FOURTH-PARTY
DEFENDANT OHIO
CASUALTY INSURANCE
COMPANY d/b/a OHIO
CASUALTY GROUP**

*\*\*Electronically Filed\*\**

Defendant Kohn Pedersen Fox Associates, P.C. ("KPF"), by its attorneys, Zetlin

& De Chiara, LLP, as and for its Reply to the Counterclaim of Fourth-Party Defendant Ohio

Casualty Insurance Company, d/b/a Ohio Casualty Group ("Ohio"), respectfully alleges and says as follows:

**AS AND FOR A REPLY TO OHIO'S
COUNTERCLAIM AND CROSS-CLAIMS**

**AS AND FOR A REPLY TO THE FIRST COUNT**

1.     Paragraph 1 of the First Count incorporates by reference Ohio's averments in its Answer to the Fourth-Party Complaint (the "Answer") in this action.  None of such averments contains any allegation with respect to KPF and, accordingly, no response is required by KPF to this paragraph.  To the extent that such a response is required, KPF lacks knowledge or information sufficient to form a belief as to the veracity of the assertions made by Ohio in its Answer.

2.     KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 2 of the First Count.

3.     KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 3 of the First Count.

4.     KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 4 of the First Count.

5.     KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 5 of the First Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

6.     Paragraph 6 of the First Count asserts legal conclusions to which no response is required.  To the extent that paragraph 6 of the First Count alleges facts, KPF lacks knowledge or information sufficient to form a belief as to the veracity thereof.

7.    KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 7 of the First Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

8.    KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 8 of the First Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

9.    KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 9 of the First Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

10.    Paragraph 10 of the First Count asserts legal conclusions to which no response is required. To the extent that paragraph 10 of the First Count alleges facts, KPF lacks knowledge or information sufficient to form a belief as to the veracity thereof.

11.    KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 11 of the First Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

12.    KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 12 of the First Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

13.    KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 13 of the First Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

14.    Paragraph 14 of the First Count asserts legal conclusions to which no response is required. To the extent that paragraph 14 of the First Count alleges facts, KPF lacks

3

knowledge or information sufficient to form a belief as to the veracity thereof and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

15.    KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 15 of the First Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

16.    Paragraph 16 of the First Count asserts legal conclusions to which no response is required. To the extent that paragraph 16 of the First Count alleges facts, KPF lacks knowledge or information sufficient to form a belief as to the veracity thereof and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

17.    Paragraph 17 of the First Count asserts legal conclusions to which no response is required. To the extent that paragraph 17 of the First Count alleges facts, KPF lacks knowledge or information sufficient to form a belief as to the veracity thereof and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

18.    Paragraph 18 of the First Count asserts legal conclusions to which no response is required. To the extent that paragraph 18 of the First Count alleges facts, KPF lacks knowledge or information sufficient to form a belief as to the veracity thereof and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

19.    Paragraph 19 of the First Count asserts legal conclusions to which no response is required. To the extent that paragraph 19 of the First Count alleges facts, KPF lacks knowledge or information sufficient to form a belief as to the veracity thereof and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

20.    Paragraph 20 of the First Count asserts legal conclusions to which no response is required. To the extent that paragraph 20 of the First Count alleges facts, KPF lacks

4

knowledge or information sufficient to form a belief as to the veracity thereof and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

21.     Paragraph 21 of the First Count asserts legal conclusions to which no response is required. To the extent that paragraph 21 of the First Count alleges facts, KPF lacks knowledge or information sufficient to form a belief as to the veracity thereof and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

22.     Paragraph 22 of the First Count asserts legal conclusions to which no response is required. To the extent that paragraph 22 of the First Count alleges facts, KPF lacks knowledge or information sufficient to form a belief as to the veracity thereof and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

23.     Paragraph 23 of the First Count asserts legal conclusions to which no response is required. To the extent that paragraph 23 of the First Count alleges facts, KPF lacks knowledge or information sufficient to form a belief as to the veracity thereof and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

24.     KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 24 of the First Count.

25.     KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 25 of the First Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

26.     Paragraph 26 of the First Count asserts legal conclusions to which no response is required. To the extent that paragraph 26 of the First Count alleges facts, KPF lacks knowledge or information sufficient to form a belief as to the veracity thereof and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

5

27.    KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 27 of the First Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

28.    KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 28 of the First Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

29.    KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 29 of the First Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

30.    Paragraph 30 of the First Count asserts legal conclusions to which no response is required.  To the extent that paragraph 30 of the First Count alleges facts, KPF lacks knowledge or information sufficient to form a belief as to the veracity thereof and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

## AS AND FOR A REPLY TO THE SECOND COUNT

1.    KPF repeats and realleges all of the preceding paragraphs of its Reply as though fully set forth herein.

2.    KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 2 of the Second Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

3.    KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 3 of the Second Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

6

4.      KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 4 of the Second Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

5.      Paragraph 5 of the Second Count asserts legal conclusions to which no response is required.  To the extent that paragraph 5 of the Second Count alleges facts, KPF lacks knowledge or information sufficient to form a belief as to the veracity thereof and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

6.      KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 6 of the Second Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

7.      KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 7 of the Second Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

8.      KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 8 of the Second Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

9.      Paragraph 9 of the Second Count asserts legal conclusions to which no response is required.  To the extent that paragraph 9 of the Second Count alleges facts, KPF lacks knowledge or information sufficient to form a belief as to the veracity thereof and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

10.    KPF lacks knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph 10 of the Second Count and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

11.    Paragraph 11 of the Second Count asserts legal conclusions to which no response is required. To the extent that paragraph 11 of the Second Count alleges facts, KPF lacks knowledge or information sufficient to form a belief as to the veracity thereof and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

12.    Paragraph 12 of the Second Count asserts legal conclusions to which no response is required. To the extent that paragraph 12 of the Second Count alleges facts, KPF lacks knowledge or information sufficient to form a belief as to the veracity thereof and respectfully refers the Court to the referenced insurance policy for the language and terms thereof.

13.    Paragraph 13 of the Second Count asserts legal conclusions to which no response is required. To the extent that paragraph 13 of the Second Count alleges facts, KPF lacks knowledge or information sufficient to form a belief as to the veracity thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.    The Counterclaims fail to state a claim against KPF upon which relief may be granted.

**WHEREFORE**, Defendant Kohn Pedersen Fox Associates, P.C. demands an Order,

(a)    Dismissing the Counterclaims of Ohio in their entirety;

(b)    Awarding its attorneys' fees, disbursements and costs incurred in defending these Counterclaims; and

8

(c)  Granting such other and further relief as to this Court shall seem just and proper.

Dated:    New York, New York
          April 30, 2008

                                        **ZETLIN & DE CHIARA LLP**
                                        *Attorneys for Defendant*
                                            *Kohn Pedersen Fox Associates, P.C.*
                                        s/David Abramovitz
                                        Michael K. De Chiara, Esq.
                                        Louis J. Dennis, Esq.
                                        David Abramovitz, Esq.
                                        801 Second Avenue
                                        New York, New York 10017
                                        (212) 682-6800