UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br>Plaintiff,<br>- against -<br>DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br>Defendants. | 07 Civ. 6915 (DLC)<br><br>**ANSWER OF DASNY AND TDX TO COUNTERCLAIMS CONTAINED IN OHIO CASUALTY'S ANSWER TO AMENDED FOURTH-PARTY COMPLAINT** |
| AND THIRD AND FOURTH PARTY ACTIONS. | |

Defendants/Third-Party Plaintiffs Dormitory Authority of the State of New York ("DASNY") and TDX Construction Corp. ("TDX"), by their attorneys, Holland & Knight LLP, answer the counterclaims contained in fourth-party defendant Ohio Casualty Insurance Company's ("OCIC") Answer to the Amended Fourth-Party Complaint, dated April 10, 2008 ("OCIC's Counterclaims"), as follows:

## ANSWERING THE "FIRST COUNT"

1.  Paragraph 1 of the First Count of OCIC's Counterclaims merely repeats and realleges its answers to the Fourth-Party Complaint, and DASNY and TDX are not required to respond thereto. To the extent that DASNY and TDX are required to respond, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the First Count.

2.  DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the First Count of OCIC's Counterclaims.

3. DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the First Count of OCIC's Counterclaims.

4. The allegations contained in paragraph 4 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the First Count.

5. The allegations contained in paragraph 5 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the First Count.

6. The allegations contained in paragraph 6 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the First Count.

7. The allegations contained in paragraph 7 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the First Count.

8. DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the First Count of OCIC's Counterclaims.

9. The allegations contained in paragraph 9 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the First Count.

10. The allegations contained in paragraph 10 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the First Count.

11. DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the First Count of OCIC's Counterclaims.

12. DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the First Count of OCIC's Counterclaims.

13. The allegations contained in paragraph 13 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the First Count.

14. DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the First Count of OCIC's Counterclaims.

15. DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the First Count of OCIC's Counterclaims.

16. The allegations contained in paragraph 16 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the First Count.

17. The allegations contained in paragraph 17 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the First Count.

18. The allegations contained in paragraph 18 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the First Count.

19. The allegations contained in paragraph 19 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the First Count.

20. DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the First Count of OCIC's Counterclaims.

21. The allegations contained in paragraph 21 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the First Count.

22. The allegations contained in paragraph 22 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the First Count.

23. The allegations contained in paragraph 23 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the First Count.

24. DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the First Count of OCIC's Counterclaims.

25. DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the First Count of OCIC's Counterclaims.

26. DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the First Count of OCIC's Counterclaims.

- 6 -

27. DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the First Count of OCIC's Counterclaims.

28. DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the First Count of OCIC's Counterclaims.

29. DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the First Count of OCIC's Counterclaims.

30. The allegations contained in paragraph 30 of the First Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the First Count.

## ANSWERING THE "SECOND COUNT"

31. Paragraph 1 of the Second Count of OCIC's Counterclaims merely repeats and realleges its answers to the Fourth-Party Complaint, and DASNY and TDX are not required to respond thereto. To the extent that DASNY and TDX are required to respond, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Second Count.

32. DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Second Count of OCIC's Counterclaims.

33. DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Second Count of OCIC's Counterclaims.

34. DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Second Count of OCIC's Counterclaims.

35. The allegations contained in paragraph 5 of the Second Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Second Count.

36. The allegations contained in paragraph 6 of the Second Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Second Count.

37. The allegations contained in paragraph 7 of the Second Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Second Count.

38. DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Second Count of OCIC's Counterclaims.

39. The allegations contained in paragraph 9 of the Second Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a

response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Second Count.

40.  DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Second Count of OCIC's Counterclaims.

41.  The allegations contained in paragraph 11 of the Second Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Second Count.

42.  The allegations contained in paragraph 12 of the Second Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Second Count.

43.  The allegations contained in paragraph 13 of the Second Count of OCIC's Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, DASNY and TDX are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Second Count.

## FIRST AFFIRMATIVE DEFENSE

44.  OCIC's Counterclaims fail to state a cause of action against DASNY upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

45.  OCIC's Counterclaims fail to state a cause of action against TDX upon which relief may be granted.

**WHEREFORE**, DASNY and TDX demand judgment dismissing OCIC's Counterclaims in their entirety as against them, together with the costs and disbursements of this action, attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 5, 2008

                            HOLLAND & KNIGHT LLP
                            *Attorneys for Defendants Dormitory*
                            *Authority of the State of New York and*
                            *TDX Construction Corp.*

                            By: _/s/ Timothy B. Froessel_
                                 Stephen B. Shapiro
                                 Timothy B. Froessel
                            195 Broadway
                            New York, New York  10007
                            (212) 513-3200

To:    All counsel of Record

# 5314462_v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>DORMITORY AUTHORITY – THE STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>Defendants.<br><br>DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP.,<br><br>Third-Party Plaintiffs,<br><br>- against -<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>Third-Party Defendant.<br><br>Third and Fourth Party Actions. | Case No. 07 Civ. 6915 (DLC)<br>ECF CASE<br><br>**AFFIDAVIT OF SERVICE** |

KAREN L. HIPPNER hereby declares the following to be true under penalty of perjury:

On May 5, 2008, I caused the foregoing Answer of DASNY and TDX Construction Corp. to Counterclaims Contained in Ohio Casualty's Answer to Amended Fourth Party Complaint to be served upon all parties listed in the attached service list, at the addresses designated for service by depositing same, enclosed in a properly addressed wrapper, first-class postage, in an official depository under the exclusive care of the United States Postal Service within the State of New York.

On May 5, 2008, I caused the foregoing Answer of DASNY and TDX Construction Corp. to Counterclaims Contained in Ohio Casualty's Answer to Amended Fourth Party Complaint to be served via electronic filing upon all parties currently appearing in this litigation.

Dated: New York, New York
May 5, 2008

_____
Karen L. Hippner

Sworn to before me this date
May 5, 2008

_____
Notary Public

**BO FEELY**
**Notary Public, State of New York**
NO. 01FE6161594
Qualified in New York County
Commission Expires February 26, 20 11

#4950324_v1

SERVICE LIST

David C. Dreifuss, Esq.
DREIFUSS, BONACCI & PARKER, LLP
26 Columbia Turnpike
North Entrance
Florham Park, New Jersey. 07932

*Counsel for Travelers Casualty & Surety Co. & Trataros Construction, Inc.*

David Abramovitz, Esq.
ZETLIN & DeCHIARA LLP
801 Second Avenue
New York, New York 10017

*Counsel for Kohn Pedersen Fox Assocs.*

Jeremy Platek, Esq.
O'CONNOR, REDD, GOLLIHUE & SKLARIN, LLP
200 Mamaroneck Avenue
White Plains, New York 10601

*Counsel for Bartec Industries, Inc.*

Martin P. Lavelle
Green & Lavelle
110 William Street, 18th Floor
New York, New York 10038

*Counsel for National Union Fire Ins. Co.*

Diana E. Goldberg
Mound Cotton Wollan & Greengrass
One Battery Park Plaza
New York, N.Y. 10004

*Counsel for Allied World Assurance Co.*

Joseph DeDonato
Morgan Melhuish Abrutyn
651 West. Mt. Pleasant Ave.
Suite 200
Livingston, New Jersey 07039

*Counsel for Ohio Casualty Ins. Co.*

Suzin L. Raso, Esq.
Goldberg Segalla LLP
170 Hamilton Avenue
White Plains, N.Y. 10601

*Counsel for Dayton Superior Chem. Corp.*

Robert M. Wasko
Torre, Lentz, Gamell, Gary & Rittmaster, LLP
226 West 26th Street – 8th Fl.
New York, N.Y. 10001

*Counsel for Carolina Casualty Ins. Co.*

John P. DeFilippis, Esq.
Carroll, McNulty & Kull, LLC
570 Lexington Avenue
10th Floor
New York, New York 10022

*Counsel for United States Fire Ins. Co.*

Michael S. Miller
Tompkins, McGuire, Wachenfeld & Barry
140 Broadway – 51st Floor
New York, N.Y. 10005

*Counsel for Lumberman's Mutual Cas. Co.*

Robert R. Brooks-Rigolosi
Segal McCambridge Singer & Mahoney, Ltd.
830 Third Avenue, Suite 400
New York, N.Y. 10022

*Counsel for Specialty Construction Brands, Inc. t/a TEC*

Lance J. Kalik
Riker Danzig Scherer Hyland & Perretti LLP
Headquarters Plaza
Morristown, New Jersey 07962

*Counsel for Harleysville Ins. Co. of N.J.*

S. Dwight Stephens
Melito & Adolfsen
233 Broadway, 28th Floor
New York, N.Y. 10279

*Counsel for Zurich American Ins. Co.*

Richard P. Dyer
Thelen Reid & Priest, LLP
875 Third Avenue
New York, N.Y. 10022

*Counsel for LBL Skysystems, Inc.*

Donald George Sweetman
Gennet, Kallmann, Antin & Robinson, P.C.
6 Campus Drive
Parsippany, NJ 07054

*Counsel for Great American Ins. Co.*

Terrence O'Connor, Esq.
O'Connor & Golder
24 North Washington
Port Washington, N.Y. 11050

*Counsel for Jordan Panel Systems Corp.*

Stephen P. Schreckinger
Gogick, Byrne & O'Neill, LLP
11 Broadway, Suite 1560
New York, N.Y. 10004

*Counsel for Weidlinger Assoc., Castro-Blanco Piscioneri & Arquitectonica*

Martin A. Schwartzberg
L'Abbate, Balkan, Colavita & Contini
1001 Franklin Avenue
Garden City, N.Y. 11530

*Counsel for Cosentini Associates, Inc.*

George J. Manos
Bollinger, Ruberry & Garvey
500 West Madison Street
Suite 2300
Chicago, IL 60661

*Counsel for Kemper Casualty*

Terrence O'Connor, Esq.
Kalb & Rosenfeld, P.C.
1470 Bruckner Blvd.
Bronx, N.Y. 10473

*Of Counsel for Jordan Panel Systems Corp.*

# 4987296_v1