**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TRAVELERS CASUALTY AND SURETY COMPANY as
Administrator for RELIANCE INSURANCE COMPANY,

Plaintiff,

vs.

DORMITORY AUTHORITY - STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN PEDERSEN
FOX ASSOCIATES, P.C.,

Defendants.

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK and TDX CONSTRUCTION CORP.,

Third-Party Plaintiffs,

vs.

TRATAROS CONSTRUCTION, INC.,

Third-Party Defendant.

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

Fourth-Party Plaintiffs,

vs.

CAROLINA CASUALTY INSURANCE COMPANY;
BARTEC INDUSTRIES INC.; DAYTON SUPERIOR
SPECIALTY CHEMICAL CORP. a/k/a DAYTON
SUPERIOR CORPORATION; SPECIALTY
CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER
CASUALTY INSURANCE COMPANY d/b/a KEMPER
INSURANCE COMPANY; GREAT AMERICAN
INSURANCE COMPANY; NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA.; UNITED
STATES FIRE INSURANCE COMPANY; NORTH
AMERICAN SPECIALTY INSURANCE COMPANY;
ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.
f/k/a COMMERCIAL UNDERWRITERS INSURANCE
COMPANY; ZURICH AMERICAN INSURANCE
COMPANY d/b/a ZURICH INSURANCE COMPANY; OHIO
CASUALTY INSURANCE COMPANY d/b/a OHIO
CASUALTY GROUP; HARLEYSVILLE MUTUAL
INSURANCE COMPANY (a/k/a HARLEYSVILLE
INSURANCE COMPANY,); JOHN DOES 1-20 and XYZ
CORPS. 1-19,

Fourth-Party Defendants.

Case No. 07-CV-6915 (DLC)
**ECF CASE**

**TRATAROS
CONSTRUCTION, INC.'S
ANSWER TO
THIRD-PARTY
COMPLAINT FILED BY
KOHN PEDERSEN FOX
ASSOCIATES, P.C.
-with- CROSS-CLAIMS**

KOHN PEDERSEN FOX ASSOCIATES, P.C.,

Third-Party Plaintiff,

vs.

WEIDLINGER ASSOCIATES CONSULTING ENGINEERS,
P.C., CASTRO-BLANCO PISCIONERI AND ASSOCIATES,
ARCHITECTS, P.C., ARQUITECTONICA NEW YORK,
P.C., COSENTINI ASSOCIATES, INC., CERMAK,
PETERKA PETERSEN, INC., JORDAN PANEL SYSTEMS
CORP., TRATAROS CONSTRUCTION, INC. and LBL
SKYSYSTEMS (U.S.A.), INC.,

Third-Party Defendants.

Third-Party Defendant, Trataros Construction, Inc. ("Trataros"), by and through its attorneys, Dreifuss Bonacci & Parker, LLP, answers the Third-Party Complaint of Defendant/Third-Party Plaintiff, Kohn Pedersen Fox Associates, P.C. ("KPF") as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.      Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

2.      Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

3.      Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

4.      Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

5.      Trataros is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 5 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

6.    Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

7.    Trataros admits the allegations contained in Paragraph 7 of the Third-Party Complaint only to the extent that, upon information and belief, Third-Party Defendant, Jordan Panel Systems Corp. ("Jordan Panel") maintained offices located at 196 Laurel Road, East Northport, New York, at the time of the Project.  Trataros further answers, upon information and belief, that KPF was charged by the Dormitory Authority – State of New York ("DASNY") with design, architectural and certain engineering responsibilities for the Project.  With respect to the balance of the allegations contained in Paragraph 7, Trataros is without knowledge or information sufficient to form a belief as to the truth of said allegations and leaves the Third-Party Plaintiff to its proofs.

8.    Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Third-Party Complaint, except that Trataros further answers, upon information and belief, that KPF was charged by DASNY with design, architectural and certain engineering responsibilities for the Project.

9.    Trataros admits the allegations contained in Paragraph 9 of the Third-Party Complaint only to the extent that it formerly operated in the construction industry, formerly maintained offices at 664 64th Street, Brooklyn, New York, that at all relevant times during the Project it was organized and existed under the laws of the State of New York, and that Trataros entered into, and performed, two prime contracts in connection with the construction of the subject Project.  Trataros further answers, upon information and belief, that KPF was charged by

DASNY with design, architectural and engineering responsibilities for the Project. Trataros denies the remaining allegations contained in Paragraph 9 of the Third-Party Complaint.

10.    Trataros neither admits nor denies the allegations contained in Paragraph 10 of the Third-Party Complaint as said allegations set forth a legal conclusion to which no response is required.

11.    Trataros neither admits nor denies the allegations contained in Paragraph 11 of the Third-Party Complaint as said allegations set forth a legal conclusion to which no response is required.

## FACTS

12.    Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Third-Party Complaint, except admits, upon information and belief, that DASNY engaged KPF as the architect/engineer for the Project.

13.    Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

14.    Trataros admits the allegations contained in Paragraph 14 of the Third-Party Complaint to the extent that Trataros entered into two prime contracts with DASNY in connection with the construction of the Project, and to the extent that Trataros entered into a number of subcontracts in connection with the construction of the Project, including separate subcontracts with Jordan Panel and LBL. Third-Party Defendant Trataros denies the balance of the allegations contained in Paragraph 14 of the Third-Party Complaint.

15.    Trataros neither admits nor denies the allegations contained in Paragraph 15 of the Third-Party Complaint as said allegations set forth legal conclusions to which no response is required. To the extent that a response may be required, and to the extent the allegations of

Paragraph 15 allege or imply that the matters referred to therein are set forth in Court Orders, and/or pleadings/other documents filed with the Court by Trataros and/or Travelers Casualty and Surety Company ("Travelers"), Trataros begs leave to refer to said Orders and/or other documents at the time of trial for the matters set forth therein. To the extent that the allegations contained in Paragraph 15 may be inconsistent therewith, Trataros denies any and all such allegations.

16.     Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Third-Party Complaint, except said allegations are denied to the extent it is alleged and/or implied that the purported agreement has any applicability to the claims at issue in the within action, and that Trataros, Jordan Panel, and/or LBL have any potential liability to KPF.

17.     Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Third-Party Complaint, and leaves Third-Party Plaintiff to its proofs.

18.     Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Third-Party Complaint, except admits said allegations to the extent that, upon information and belief, Travelers filed a Complaint in the within action.  Trataros begs leave to refer to said Complaint at the time of trial for the allegations contained therein.  To the extent that the allegations contained in Paragraph 18 may be inconsistent therewith, Trataros denies any and all such allegations.

19.     Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Third-Party Complaint, except admits said allegations only to the extent that, upon information and belief, DASNY and TDX filed a pleading in the within action entitled "Answer of DASNY and TDX with Affirmative Defenses,

Counterclaims, and Cross-Claims." Trataros begs leave to refer to said pleading at the time of trial for the allegations set forth therein.

20.     Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Third-Party Complaint, except admits said allegations only to the extent that, upon information and belief, Travelers filed a pleading in the within action entitled "Plaintiff's Answer to Counterclaims Asserted by Dormitory Authority – State of New York with Cross-Claims." Trataros begs leave to refer to said pleading at the time of trial for the allegations contained therein. To the extent that the allegations contained in Paragraph 20 may be inconsistent therewith, Trataros denies any and all such allegations.

21.     Trataros admits the allegations contained in Paragraph 21 of the Third-Party Complaint, to the extent that it filed a pleading in the within action entitled "Trataros Construction, Inc.'s Answer to Third-Party Complaint." With respect to the balance of the allegations contained in Paragraph 20, Trataros begs leave to refer to said pleading at the time of trial for the allegations contained therein. To the extent that the remaining allegations contained in contained in Paragraph 21 of the Third-Party Complaint may be inconsistent therewith, Trataros denies any and all such allegations.

22.     Trataros denies the allegations contained in Paragraph 22 of the Third-Party Complaint.

## **FIRST COUNT**

23.     Trataros repeats and realleges its answers to Paragraphs 1-22 of the Third-Party Complaint as though set forth at length herein.

24.     Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Third-Party Complaint.

25.     Trataros neither admits nor denies the allegations contained in Paragraph 25 of the

Third-Party Complaint as said allegations set forth legal conclusions to which no response is required. To the extent that a response may be required, Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

26.    Trataros neither admits nor denies the allegations contained in Paragraph 26 of the Third-Party Complaint as said allegations set forth legal conclusions to which no response is required. To the extent that a response may be required, Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

27.    Trataros neither admits nor denies the allegations contained in Paragraph 27 of the Third-Party Complaint as said allegations set forth legal conclusions to which no response is required. To the extent that a response may be required, Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

## SECOND COUNT

28.    Trataros repeats and realleges its answers to Paragraphs 1-27 of the Third-Party Complaint as though set forth at length herein.

29.    Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Third-Party Complaint, except admits that any claims asserted by Trataros against KPF to date in the within action arise from the Project.

30.    Trataros neither admits nor denies the allegations contained in Paragraph 30 of the Third-Party Complaint as said allegations set forth legal conclusions to which no response is required. To the extent that a response may be required, Trataros is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

31.   Trataros neither admits nor denies the allegations contained in Paragraph 31 of the Third-Party Complaint as said allegations set forth legal conclusions to which no response is required.  To the extent that a response may be required, Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

32.   Trataros neither admits nor denies the allegations contained in Paragraph 32 of the Third-Party Complaint as said allegations set forth legal conclusions to which no response is required.  To the extent that a response may be required, Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

33.   Trataros neither admits nor denies the allegations contained in Paragraph 33 of the Third-Party Complaint as said allegations set forth legal conclusions to which no response is required.  To the extent that a response may be required, Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

34.   Trataros neither admits nor denies the allegations contained in Paragraph 34 of the Third-Party Complaint as said allegations set forth legal conclusions to which no response is required.  To the extent that a response may be required, Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

## **THIRD COUNT**

35.   Trataros repeats and realleges its answers to Paragraphs 1-34 of the Third-Party

Complaint as though set forth at length herein.

36.    Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

37.    Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

38.    Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

39.    Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Third-Party Complaint.

40.    Trataros neither admits nor denies the allegations contained in Paragraph 40 of the Third-Party Complaint as said allegations set forth legal conclusions to which no response is required.  To the extent that a response may be required, Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

41.    Trataros neither admits nor denies the allegations contained in Paragraph 41 of the Third-Party Complaint as said allegations set forth legal conclusions to which no response is required.  To the extent that a response may be required, Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

## **FOURTH COUNT**

42.    Trataros repeats and realleges its answers to Paragraphs 1-41 of the Third-Party

Complaint as though set forth at length herein.

43.     Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

44.     Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Third-Party Complaint.

45.     Trataros neither admits nor denies the allegations contained in Paragraph 45 of the Third-Party Complaint as said allegations set forth legal conclusions to which no response is required.  To the extent that a response may be required, Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

46.     Trataros neither admits nor denies the allegations contained in Paragraph 46 of the Third-Party Complaint as said allegations set forth legal conclusions to which no response is required.  To the extent that a response may be required, Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

47.     Trataros neither admits nor denies the allegations contained in Paragraph 47 of the Third-Party Complaint as said allegations set forth legal conclusions to which no response is required.  To the extent that a response may be required, Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

48.     Trataros neither admits nor denies the allegations contained in Paragraph 48 of the Third-Party Complaint as said allegations set forth legal conclusions to which no response is required.  To the extent that a response may be required, Trataros is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

## FIFTH COUNT

49.     Trataros repeats and realleges its answers to Paragraphs 1-48 of the Third-Party Complaint as though set forth at length herein.

50.     Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

51.     Trataros neither admits nor denies the allegations contained in Paragraph 51 of the Third-Party Complaint as said allegations set forth legal conclusions to which no response is required.

52.     Trataros neither admits nor denies the allegations contained in Paragraph 52 of the Third-Party Complaint as said allegations set forth legal conclusions to which no response is required.  To the extent that a response may be required, Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

53.     Trataros neither admits nor denies the allegations contained in Paragraph 53 of the Third-Party Complaint as said allegations set forth legal conclusions to which no response is required.  To the extent that a response may be required, Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

## SIXTH COUNT

54.     Trataros repeats and realleges its answers to Paragraphs 1-53 of the Third-Party Complaint as though set forth at length herein.

55.     Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Third-Party Complaint, and to the extent that said allegations purport to be based upon a written document, Trataros begs leave to refer to said document at the time of trial for all terms, conditions and limitations set forth therein.

56.     Trataros denies the allegations contained in Paragraph 56 of the Third-Party Complaint, and begs leave to refer to the referenced prime contracts, including all changes, modifications, and/or amendments to same, and/or the referenced subcontracts, including all changes, modifications, and/or amendments to same, at the time of trial for all terms, conditions and limitations set forth therein.

57.     Trataros denies the allegations contained in Paragraph 57 of the Third-Party Complaint to the extent said allegations allege and/or imply liability to KPF on the part of Trataros, Jordan Panel, and/or LBL.  With respect to the balance of the allegations contained in Paragraph 57, Trataros neither admits nor denies said allegations as they set forth legal conclusions to which no response is required.  To the extent that a response may be required, and to the extent the allegations of Paragraph 57 allege or imply that the matters referred to therein are set forth in Court Orders, and/or pleadings and/or other documents filed with the Court by Trataros and/or Travelers, Trataros begs leave to refer to said Orders and/or other documents at the time of trial for the matters set forth therein.  To the extent that the allegations contained in Paragraph 57 may be inconsistent therewith, Trataros denies any and all such allegations.

58.     Trataros denies the allegations contained in Paragraph 58 of the Third-Party Complaint.

59.     Trataros denies the allegations contained in Paragraph 59 of the Third-Party Complaint.

## SEVENTH COUNT

60.     Trataros repeats and realleges its answers to Paragraphs 1-59 of the Third-Party Complaint as though set forth at length herein.

61.     Trataros admits that, on or about April 22, 1998, DASNY awarded a certain prime contract to Trataros.  Trataros further admits that, on or about August 27, 1998, DASNY awarded a certain prime contract to Trataros.  With respect to the remainder of the allegations contained in Paragraph 61 of the Third-Party Complaint, Trataros begs leave to refer to the aforementioned prime contracts, including all changes, modifications, and/or amendments to same, at the time of trial for all terms, conditions and limitations set forth therein.  To the extent that any of the allegations contained in Paragraph 61 of the Third-Party Complaint may be inconsistent therewith, Trataros denies any and all such allegations.

62.     Trataros admits entering into a number of subcontracts in connection with the aforementioned contracts awarded by DASNY to Trataros, including separate subcontracts entered into with Jordan and LBL, respectively.  Trataros begs leave to refer to the aforementioned subcontracts, including all changes, modifications, and/or amendments to same, at the time of trial for all terms, conditions and limitations set forth therein.  To the extent the allegations contained in Paragraph 62 of the Third-Party Complaint may be inconsistent therewith, Trataros denies any and all such allegations.

63.     Trataros denies the allegations contained in Paragraph 63 of the Third-Party Complaint.

64.     Trataros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

65.     Trataros denies the allegations contained in Paragraph 65 of the Third-Party Complaint.

66.     Trataros denies the allegations contained in Paragraph 66 of the Third-Party Complaint.

67.     Trataros denies the allegations contained in Paragraph 67 of the Third-Party Complaint.

68.     Trataros denies the allegations contained in Paragraph 68 of the Third-Party Complaint.

## EIGHTH COUNT

69.     Trataros repeats and realleges its answers to Paragraphs 1-68 of the Third-Party Complaint as though set forth at length herein.

70.     Trataros denies the allegations contained in Paragraph 70 of the Third-Party Complaint.

71.     Trataros denies the allegations contained in Paragraph 71 of the Third-Party Complaint.

72.     Trataros denies the allegations contained in Paragraph 72 of the Third-Party Complaint.

**WHEREFORE**, Trataros Construction, Inc. demands judgment on all counts against Defendant/Third-Party Plaintiff, Kohn Pedersen Fox Associates, P.C.:

(1)     dismissing the Third-Party Complaint with prejudice;

(2)     awarding attorney's fees and costs; and

(3)     for all other relief that the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

KPF fails to state a cause of action against Trataros upon which relief may be granted.

14

### Second Affirmative Defense

The claims asserted by KPF against Trataros are barred, in whole or in part, by the doctrine of laches.

### Third Affirmative Defense

The allegations asserted by KPF against Trataros are barred by the applicable Statute of Limitations.

### Fourth Affirmative Defense

The allegations asserted by KPF against Trataros are barred by limitations contained in the terms of the bonds issued by Reliance Insurance Company, and subsequently administered by Travelers, on behalf of Trataros as well as by applicable surety law.

### Fifth Affirmative Defense

The claims asserted by KPF against Trataros are barred, in whole or in part, by the doctrine of estoppel.

### Sixth Affirmative Defense

The claims asserted by KPF against Trataros are subject to Trataros' right of set off.

### Seventh Affirmative Defense

KPF lacks standing to pursue claims against Trataros.

### Eighth Affirmative Defense

Any damages allegedly sustained by KPF were caused in whole or in part by KPF's own culpable conduct, as a result of which KPF's claims are therefore barred or diminished in the proportion that such conduct caused its alleged damages.

### Ninth Affirmative Defense

KPF's claims are barred by KPF's failure to abide by the terms and conditions of the applicable performance and payment bonds by virtue of the wording of the bonds themselves

including but not limited to notice provisions.

### Tenth Affirmative Defense

The claims asserted by KPF against Trataros are barred, in whole or in part, by the doctrine of unclean hands.

### Eleventh Affirmative Defense

The claims asserted by KPF against Trataros are barred, in whole or in part, by the doctrine of avoidable consequences.

### Twelfth Affirmative Defense

The claims asserted by KPF against Trataros are barred, in whole or in part, by the doctrine of election of remedies.

### Thirteenth Affirmative Defense

Some or all of the claims asserted by KPF against Trataros are barred as contrary to public policy.

### Fourteenth Affirmative Defense

The claims asserted by KPF against Trataros are barred, in whole or in part, by the Statue of Frauds.

### Fifteenth Affirmative Defense

The claims asserted by KPF against Trataros are barred by the doctrine of waiver.

### Sixteenth Affirmative Defense

The claims asserted by KPF against Trataros are barred by the doctrine of release.

### Seventeenth Affirmative Defense

KPF's claims against Trataros are barred for having failed to exhaust their administrative

remedies.

*Eighteenth Affirmative Defense*

Trataros reserves the right to rely upon any and all additional defenses available to all co-defendants, third-party defendants, and other parties to the above-captioned litigation.

*Nineteenth Affirmative Defense and Reservation of Rights*

Trataros reserves the right to rely upon any and all additional defenses that may be obtained as discovery progresses in the within litigation.

## CROSS-CLAIMS AGAINST WEIDLINGER ASSOCIATES CONSULTING ENGINEERS, P.C.; CASTRO-BLANCO PISCIONERI AND ASSOCIATES, ARCHITECTS, P.C.; ARQUITECTONICA NEW YORK, P.C.; COSENTINI ASSOCIATES, INC.; and CERMAK PETERKA PETERSEN, INC.

Third-Party Defendant, Trataros Construction, Inc. ("Trataros"), by and through its attorneys, Dreifuss Bonacci & Parker, LLP, as and for its Cross-Claims (the "Cross-Claims") against Weidlinger Associates Consulting Engineers, P.C. ("Weidlinger"), Castro-Blanco Piscioneri and Associates, Architects, P.C. ("Castro-Blanco"), Arquitectonica New York, P.C. ("Arquitectonica"), Cosentini Associates, Inc. ("Cosentini"), and Cermak Peterka Petersen, Inc. ("Cermak"), alleges as follows:

PARTIES, JURISDICTION, AND VENUE

1.     At all times relevant to the construction of the public works project which is the subject of this litigation (the "Project"), Trataros was a corporation organized and existing under the laws of the State of New York with its principal place of business located at 664 64th Street, Brooklyn, New York.

17

2.      Upon information and belief, Third-Party Defendant, Weidlinger is a professional corporation of the Commonwealth of Massachusetts, maintaining offices in the State of New York located at 375 Hudson Street, New York, New York.

3.      Upon information and belief, Third-Party Defendant, Castro-Blanco is a professional corporation of the State of New York, with its principal place of business located at 114 West 26th Street, New York, New York.

4.      Upon information and belief, Third-Party Defendant, Arquitectonica is a professional corporation of the State of New York, with its principal place of business located at 114 West 26th Street, New York, New York.

5.      Upon information and belief, Third-Party Defendant, Cosentini is a professional corporation of the State of New York, with its principal place of business located at 2 Penn Plaza, New York, New York.

6.      Upon information and belief, Third-Party Defendant, Cermak is a corporation of the State of Colorado, with its principal place of business located at 1415 Blue Spruce Drive, Fort Collins, Colorado.

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367(a).

8.      This Court is the proper venue for this action under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

<u>FACTS</u>

9.      Upon information and belief, Travelers Casualty and Surety Company ("Travelers") is a corporation with its principal place of business located at One Tower Square, Hartford, Connecticut.

10.     Upon information and belief, Defendant/Third-Party Plaintiff, Kohn Pedersen Fox Associates, P.C. ("KPF") is a professional corporation organized and existing under the laws of the State of New York, with its principal place of business located at 111 East 57th Street, New York, New York.

11.     Upon information and belief, on or about February 1, 2008, KPF filed its Third-Party Complaint in the within action.

12.     Upon further information and belief, KPF's Third-Party claims herein relate to the design and/or construction, inter alia, of a certain public works construction project known as Baruch College, Site B (the "Project").

13.     Among other things, KPF's Third-Party Complaint alleges claims against Trataros and two of its subcontractors, Jordan Panel Systems Corp. ("Jordan Panel") and LBL Skysystems (U.S.A.), Inc. ("LBL"), alleging claims against them for contractual indemnification, common-law indemnification, and contribution, in connection with claims alleged in this action against KPF by, inter alia, Travelers, the Dormitory Authority – State of New York ("DASNY"), and TDX Construction Corp. ("TDX").

14.     In addition, KPF's Third-Party Complaint impleads Weidlinger, Castro-Blanco, Arquitectonica, Cosentini, and Cermak (collectively, the "Design Subconsultants"), alleging claims for contribution, common-law indemnification, contractual indemnification, breach of contract, and negligence.

15.     Upon information and belief, KPF alleges, inter alia, that the Design Subconsultants potentially breached material terms of their respective contracts with KPF, and/or potentially breached their relevant duties of care/professional care, with respect to the work performed by said Design Subconsultants on the Project. As a result of these alleged breaches of contract, negligence and/or professional negligence, KPF alleges that the Design Subconsultants

are potentially liable to KPF for any recovery that, inter alia, Travelers, DASNY and/or TDX may recover against KPF.

## CROSS-CLAIM AGAINST DESIGN SUBCONSULTANTS
### (*Common-Law Indemnification and Contribution*)

16.    Trataros repeats and realleges each and every allegation set forth in Paragraphs 1 through 15 of the Cross-Claims as though same were set forth at length herein.

17.    KPF has alleged certain Third-Party claims against the Design Subconsultants, alleging breaches of contract, negligence and/or professional negligence by the Design Consultants, among other things, in connection with their work on the Project.

18.    If the trier of fact determines that KPF's allegations against the Design Subconsultants have merit, and Trataros suffers a loss thereby, then the Design Subconsultants shall be liable to Trataros to the extent that Trataros' loss was proximately caused by the Design Subconsultants.

19.    The loss that Trataros may suffer and for which the Design Subconsultants could be liable could take the form of, but would not be limited to, the following:  a judgment against Trataros in favor of KPF, a set-off in favor of KPF with respect to money awarded to Trataros and/or Travelers, or some diminution in the value of Trataros' and/or Travelers' claims against any party to this litigation or defenses thereto as a result of the Design Subconsultants' alleged breaches of contract, negligence, professional negligence, and/or culpable conduct.

20.    To the extent that any such aforesaid loss is caused in whole or part by the negligence, professional negligence, carelessness, culpable conduct, and/or breach of duty of the Design Subconsultants, and not through any negligence, carelessness, culpable conduct and/or breach of duty on the part of Trataros, Trataros is entitled to common-law indemnification and/or contribution from, and to judgment over against the Design Subconsultants.

21.     Trataros is entitled to assert the claims set forth in the Cross-Claims even if those claims are contingent on certain events and/or are not yet ripe.

**WHEREFORE**, Third-Party Defendant, Trataros demands judgment against the Cross-Claim Defendants, Weidlinger Associates Consulting Engineers, P.C.; Castro-Blanco Piscioneri and Associates, Architects, P.C.; Arquitectonica New York, P.C.; Cosentini Associates, Inc.; and, Cermak Peterka Petersen, Inc., for the following relief:

a.     Awarding complete indemnification and/or contribution to Trataros in the amount of all damages, including consequential, which may be recovered by KPF and/or any third party against Trataros as determined in accordance with the relative culpability of the cross-claim defendants Weidlinger, Castro-Blanco, Arquitectonica, Cosentinie, and Cermak, or any of them, and awarding judgment to Trataros against said cross-claim defendant(s) in an amount equal to any excess paid by Trataros over and above Trataros' equitable share, with interest thereon; and

b.     Awarding costs and disbursements, attorneys fees, and any other relief that the Court deems just and equitable.

Dated: Florham Park, New Jersey
May 6, 2008

DREIFUSS BONACCI & PARKER, LLP

By: _____ /S/ _____
JoAnne M. Bonacci

*Attorneys for Third-Party Defendant,*
*Trataros Construction, Inc.*
26 Columbia Turnpike, North Entrance
Florham Park, New Jersey 07932
(973) 514-1414

TO:     Timothy B. Froessel, Esq.
Holland & Knight, LLP
195 Broadway
New York, New York 10007
*Attorneys for Defendants/Third-Party Plaintiffs,*
*Dormitory Authority -State of New York*
*and TDX Construction Corp.*

David Abramovitz, Esq.
Zetlin & DeChiara, LLP
801 Second Avenue
New York, New York 10017

*Attorneys for Defendant/Third-Party Plaintiff,*
*Kohn, Pederson, Fox & Associates, P.C.*

Vincent Zichello, Esq.
Zichello & McIntyre, LLP
420 Lexington Avenue, Suite 2800
New York, New York 10170
*Attorneys for Fourth-Party Defendant,*
*Carolina Casualty Insurance Company*

Robert M. Wasko, Esq.
Torre, Lentz, Gamell, Gary & Rittmaster LLP
226 West 26th Street, 8th Floor
New York, New York 10001
*Co-counsel for Fourth-Party Defendant,*
*Carolina Casualty Insurance Company*

Jeremy Platek, Esq.
O'Connor, Redd, Gollihue & Sklarin, LLP
200 Mamaroneck Avenue
White Plains, New York 10601
*Attorneys for Fourth-Party Defendant,*
*Bartec Industries Inc.*

William Kelly, Esq.
Suzin L. Raso, Esq.
Matthew J. McDermott, Esq.
Goldberg Segalla, LLP.
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
*Attorneys for Fourth-Party Defendant,*
*Dayton Superior Specialty Chemical Corp.*
 *a/k/a Dayton Superior Corp.*

Christian H. Gannon
Robert R. Brooks-Rigolosi, Esq.
Segal McCambridge Singer & Mahoney, Ltd.
830 Third Avenue, Suite 400
New York, New York 10022
Tel. No.:  212-651-7500
Fax No.:  212-651-7499
*Attorneys for Cross-claim Defendant/Fourth-Party Defendant,*
*Specialty Construction Brands, Inc. t/a TEC*

David Larson, Esq.
Brett Warning, Esq.
George Manos, Esq.

Bollinger Ruberry & Garvey
500 West Madison Street, 23rd Floor
Chicago, Illinois 60661
*Attorneys for Fourth-Party Defendant, Kemper*

Michael S. Miller, Esq.
Tompkins, McGuire, Wachenfeld & Barry LLP
4 Gateway Center, 100 Mulberry Street
Newark, New Jersey 07102
*Co-Counsel for Fourth-Party Defendant, Kemper*

Donald G. Sweetman, Esq.
Gennet, Kallmann, Antin & Robinson, P.C.
6 Campus Drive
Parsippany, New Jersey 07054
*Attorneys for Fourth-Party Defendant,*
*Great American Insurance Companies*

Erika C. Aljens, Esq.
Green & Lavelle
110 William Street, 18th Floor
New York, New York 10038
*Attorneys for Fourth-Party Defendant,*
*National Union Fire Insurance Company of Pittsburgh, Pa.*

John P. DeFilippis, Esq.
Carroll, McNulty & Kull
570 Lexington Avenue, 10th Floor
New York, New York 10022
*Attorneys for Fourth-Party Defendant,*
*United States Fire Insurance Company*

Diana E. Goldberg, Esq.
Mound Cotton Wollan & Greengrass
One Battery Park Plaza, 9th Floor
New York, New York 10004
*Attorneys for Fourth-Party Defendants,*
*Commercial Underwriters and Allied World Assurance Company*

S. Dwight Stephens, Esq.
Melito & Adolfsen, P.C.
233 Broadway
New York, New York 10279
*Attorneys for Fourth-Party Defendant, Zurich*

Joseph DeDonato, Esq.
Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski

651 West Mount Pleasant Avenue, Suite 200
Livingston, New Jersey 07039
*Attorneys for Fourth-Party Defendant, Ohio Casualty*

Tracey K. Wishert, Esq.
Lance J. Kalik, Esq.
Riker, Danzig, Scherer, Hyland & Perretti, LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07960
*Attorneys for Fourth-Party Defendant, Harleysville*

Stephen Schreckinger, Esq.
Gogick, Byrne & O'Neill, LLP
11 Broadway, Suite 1560
New York, New York 10004
*Attorneys for Third-Party Defendants,*
*Weidlinger Associates; Castro-Blanco*
*Piscioneri; and Arquitectonica New York*

Martin Schwartzberg, Esq.
L'Abbate, Balkan, Colavita & Contini, LLP
1001 Franklin Avenue
Garden City, New York 11530
*Attorneys for Third-Party Defendant,*
*Cosentini Associates*

Cermak Peterka Petersen, Inc.
1415 Blue Spruce Dr.
Fort Collins, Colorado 80524

Richard P. Dyer, Esq.
John Fedun, Esq.
Thelen Reid Brown Raysman & Steiner
900 Third Avenue
New York, New York 10022
*Attorneys for Third-Party Defendant,*
*LBL Skysystems (U.S.A.), Inc.*

Terrence O'Connor, Esq.
Kalb & Rosenfeld, P.C.
1470 Bruckner Blvd.
Bronx, NY 10473
*Attorneys for Third-Party Defendant,*
*Jordan Panel Systems Corp.*