UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRAVELERS CASUALTY AND SURETY
COMPANY as Administrator for
RELIANCE INSURANCE COMPANY,

      Plaintiff,

v.

DORMITORY AUTHORITY - STATE OF
NEW YORK, TDX CONSTRUCTION
CORP. and KOHN PEDERSEN FOX
ASSOCIATES, P.C.,

      Defendants.

---

DORMITORY AUTHORITY OF THE
STATE OF NEW YORK and TDX
CONSTRUCTION CORP.,

      Third Party Plaintiffs,

v.

TRATAROS CONSTRUCTION, INC.,

      Third Party Defendant.

---

TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY AND SURETY
COMPANY,

      Fourth Party Plaintiffs,

v.

CAROLINA CASUALTY INSURANCE
COMPANY, et al.,

      Fourth Party Defendants.

---

07 Civ. 6915 (DLC)
EFC CASE


**ANSWER OF CERMAK, PETERKA
PETERSEN, INC. TO
THIRD PARTY COMPLAINT**

1938286-01

KOHN PEDERSON FOX ASSOCIATES,
P.C.,

      Third Party Plaintiff,

v.

WEIDLINGER ASSOCIATES
CONSULTING ENGINEERS, P.C.,
CASTRO-BLANCO PISCIONERI and
ASSOCIATES, ARCHITECTS, P.C.,
ARQUITECTONICA NEW YORK, P.C.,
COSENTINI ASSOCIATES, INC.,
CERMAK, PETERKA PETERSEN, INC.,
JORDAN PANEL SYSTEMS CORP.,
TRATAROS CONSTRUCTION, INC. and
LBL SKYSYSTEMS (U.S.A.), INC.,

      Third Party Defendants.

Third Party Defendant, Cermak, Peterka Petersen, Inc. ("CPP"), through its attorneys, Connell Foley LLP, answers the Third Party Complaint of Kohn Pedersen Fox Associates, P.C. ("KPF") as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Third Party Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Third Party Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Third Party Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Third Party Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Third Party Complaint.

6.      Denies each and every allegation contained in paragraph 6 of the Third Party Complaint, except admits that CPP is a Colorado corporation with its principal place of business at 1415 Blue Spruce Drive, Fort Collins, Colorado, which provided certain consulting engineering services in connection with the construction project that is the subject of the within action.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Third Party Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Third Party Complain.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Third Party Complaint.

10.     The allegations set forth in paragraph 10 of the Third Party Complaint are strictly legal conclusions to which no response is required.

11.     The allegations set forth in paragraph 11 of the Third Party Complaint are strictly legal conclusions to which no response is required.

## FACTS

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Third Party Complaint.

13.     Denies each and every allegation contained in paragraph 13 of the Third Party Complaint and refers to CPP's contract for its exact terms and conditions.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Third Party Complaint.

15.     The allegations in paragraph 15 of the Third Party Complaint contain, at least in part, legal conclusions to which no response is required. To the extent a response is required, CPP denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the form alleged.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Third Party Complaint.

17.     Denies each and every allegation contained in paragraph 17 of the Third Party Complaint as they pertain to CPP; however, denies having knowledge or information sufficient to form a belief as to the truth of all remaining allegations asserted therein.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Third Party Complaint.

19.     The allegations in paragraph 19 of the Third Party Complaint contain, at least in part, legal conclusions to which no response is required. To the extent a response is required, CPP denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the form alleged.

20.     The allegations in paragraph 20 of the Third Party Complaint contain, at least in part, legal conclusions to which no response is required. To the extent a response is required, CPP denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the form alleged.

21.     The allegations in paragraph 21 of the Third Party Complaint contain, at least in part, legal conclusions to which no response is required. To the extent a response is required, CPP denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the form alleged.

22.     Denies each and every allegation contained in paragraph 22 of the Third Party Complaint as they pertain to CPP; however, denies having knowledge or information sufficient to form a belief as to the truth of all remaining allegations asserted therein.

## ANSWERING THE FIRST CLAIM FOR RELIEF

23.     CPP repeats and realleges the foregoing responses and allegations in response to paragraphs "1" through "22" above as though fully set forth at length herein.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Third Party Complaint.

25.     Denies each and every allegation contained in paragraph 25 of the Third Party Complaint as they pertain to CPP.

26.     Denies each and every allegation contained in paragraph 26 of the Third Party Complaint as they pertain to CPP.

27.     Denies each and every allegation contained in paragraph 27 of the Third Party Complaint as they pertain to CPP.

## ANSWERING THE SECOND CLAIM FOR RELIEF

28.     CPP repeats and realleges the foregoing responses and allegations in response to paragraphs "1" through "27" above as though fully set forth at length herein.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Third Party Complaint.

30.    Denies each and every allegation contained in paragraph 30 of the Third Party Complaint as they pertain to CPP.

31.    Denies each and every allegation contained in paragraph 31 of the Third Party Complaint as they pertain to CPP.

32.    Denies each and every allegation contained in paragraph 32 of the Third Party Complaint as they pertain to CPP.

33.    Denies each and every allegation contained in paragraph 33 of the Third Party Complaint as they pertain to CPP.

34.    Denies each and every allegation contained in paragraph 34 of the Third Party Complaint as they pertain to CPP.

## ANSWERING THE THIRD CLAIM FOR RELIEF

35.    CPP repeats and realleges the foregoing responses and allegations in response to paragraphs "1" through "34" above as though fully set forth at length herein.

36.    Denies each and every allegation contained in paragraph 36 of the Third Party Complaint as they pertain to CPP; however, denies having knowledge or information sufficient to form a belief as to the truth of all remaining allegations asserted therein.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Third Party Complaint.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Third Party Complaint.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Third Party Complaint.

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Third Party Complaint.

41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Third Party Complaint.

## ANSWERING THE FOURTH CLAIM FOR RELIEF

42.    CPP repeats and realleges the foregoing responses and allegations in response to paragraphs "1" through "41" above as though fully set forth at length herein.

43.    Denies each and every allegation contained in paragraph 43 of the Third Party Complaint and refers to CPP's contract for its exact terms and conditions.

44.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Third Party Complaint.

45.    Denies each and every allegation contained in paragraph 45 of the Third Party Complaint as they pertain to CPP.

46.    Denies each and every allegation contained in paragraph 46 of the Third Party Complaint as they pertain to CPP.

47.    Denies each and every allegation contained in paragraph 47 of the Third Party Complaint as they pertain to CPP.

48.    Denies each and every allegation contained in paragraph 48 of the Third Party Complaint as they pertain to CPP.

## ANSWERING THE FIFTH CLAIM FOR RELIEF

49.    CPP repeats and realleges the foregoing responses and allegations in response to paragraphs "1" through "48" above as though fully set forth at length herein.

50.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Third Party Complaint in the form alleged.

51.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Third Party Complaint in the form alleged.

52.    Denies each and every allegation contained in paragraph 52 of the Third Party Complaint as they pertain to CPP.

53.    Denies each and every allegation contained in paragraph 53 of the Third Party Complaint as they pertain to CPP.

## ANSWERING THE SIXTH CLAIM FOR RELIEF

54.    CPP repeats and realleges the foregoing responses and allegations in response to paragraphs "1" through "53" above as though fully set forth at length herein.

55.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Third Party Complaint.

56.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Third Party Complaint.

57.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Third Party Complaint.

58.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Third Party Complaint.

59.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Third Party Complaint.

## ANSWERING THE SEVENTH CLAIM FOR RELIEF

60.    CPP repeats and realleges the foregoing responses and allegations in response to paragraphs "1" through "59" above as though fully set forth at length herein.

61.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Third Party Complaint.

62.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Third Party Complaint.

63.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Third Party Complaint.

64.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Third Party Complaint.

65.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Third Party Complaint.

66.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Third Party Complaint.

67.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Third Party Complaint.

68.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Third Party Complaint.

## ANSWERING THE EIGHTH CLAIM FOR RELIEF

69.    CPP repeats and realleges the foregoing responses and allegations in response to paragraphs "1" through "68" above as though fully set forth at length herein.

70.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Third Party Complaint.

71.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Third Party Complaint.

72.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Third Party Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

73.    The Third Party Complaint fails to state a cause of action upon which relief may be granted as to this answering Third-Party Defendant, and must therefore be dismissed.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

74.    Third Party Plaintiff may not maintain each of its alleged causes of action since they are barred by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

75.    Third Party Plaintiff may not maintain each of its alleged causes of action since they are barred by the applicable doctrines of waiver and estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

76.    Third Party Plaintiff is barred from seeking all or part of its damages sought in this lawsuit as a result of its failure to mitigate the damages allegedly sustained.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

77.    Third Party Plaintiff is barred from seeking all or part of its damages sought in this lawsuit for failing to comply with the arbitration clause contained in KPF's agreement with CPP.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

78.    Any damages sustained by the Plaintiff or Third Party Plaintiff were caused in whole or in part by the contributory and/or culpable conduct of Third Party Plaintiff and not as a result of any negligence and/or culpable conduct on the part of CPP.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

79.    If the Plaintiff or Third Party Plaintiff sustained any injuries or damages as alleged in the Third Party Complaint, which allegations are expressly denied, then same were sustained because of the culpable conduct of a third-party or parties over whom this answering Third-Party Defendant were not obligated to exercise supervision or control.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

80.    Any damages sustained by the Plaintiff or Third Party Plaintiff, all of which are denied by this answering Third-Party Defendant, were caused by the intervening, interceding and superseding acts of third-parties not under the control of CPP.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

81.    The Third Party Complaint should be dismissed since it seeks a recovery in tort for claimed damages which are pecuniary loss damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

82.    The Third Party Complaint is barred by the application of the doctrines of accord and satisfaction, and release.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

83.    The Third Party Complaint must be dismissed as CPP did not owe a legal duty to by Third Party Plaintiff.

## AS AND FOR A TWELTH AFFIRMATIVE DEFENSE

84.    The Third Party Complaint must be dismissed as CPP did not render any of the services alleged to be deficient in the Third Party Complaint.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

85.    The Third Party Complaint must be dismissed as CPP was not the proximate cause of the Plaintiff's and Third Party Plaintiff KPF's alleged damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

86.    The Third Party Complaint is barred in whole or in part due to Third Party Plaintiff KPF's failure to perform all of its contractual condition precedents.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

87.    Third Party Plaintiff's claims for contractual indemnification are barred by the General Obligations and/or Public Policy.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

88.    KPF's claims for contribution and common law indemnity are barred by the economic loss rule.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

89.    KPF's claim for common law indemnity fails to state a cause of action and is barred by the fact that KPF, as the Project architect, is primarily responsible for the design of the Project.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

90.    Third Party Plaintiff's claim for indemnity fails to state a cause of action because CPP owes no contractual indemnity to KPF, but rather, KPF is contractually obligated to indemnify CPP.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

91.     The Third Party Complaint is barred in whole or in part because KPF contractually agreed that Colorado law would govern its relationship with CPP and, under applicable Colorado statutes, certain conditions precedent to suit against CPP as a construction professional have not been fulfilled. See Colo. Rev. Stat. Secs. 13-20-602, et. seq., and 13-20-803.5, et. seq.

## AS AND FOR A CROSS-CLAIM AND COUNTERCLAIM FOR CONTRIBUTION/INDEMNIFICATION AGAINST KOHN PEDERSON FOX ASSOCIATES, P.C., THE DORMITORY AUTHORITY OF THE STATE OF NEW YORK, TDX CONSTRUCTION CORP., TRATAROS CONSTRUCTION, INC., WEIDLINGER ASSOCIATES CONSULTING ENGINEERS, P.C., CASTRO-BLANCO PISCIONERI and ASSOCIATES, ARCHITECTS, P.C., ARQUITECTONICA NEW YORK, P.C., COSENTINI ASSOCIATES, INC., JORDAN PANEL SYSTEMS CORP., TRATAROS CONSTRUCTION, INC. and LBL SKYSYSTEMS (U.S.A.), INC.

92.     Any injuries and damages sustained by the Plaintiffs or Third-Party Plaintiffs herein as a result of the alleged incident described in the Complaint and Third Party Complaint, which are denied, were sustained in whole or in party by reason of the negligence, professional malpractice, or other breach of duty on the part of the above parties.

93.     If it is determined that CPP is liable in any degree in this matter because of negligence, by operation of law or other reason, CPP is entitled to have the liability apportioned with the above parties by way of contribution and/or is entitled to be indemnified by said parties.

## AS AND FOR A COUNTERCLAIM FOR CONTRCTUAL INDEMNIFICATION AGAINST KOHN PEDERSON FOX ASSOCIATES, P.C.,

94.     On or before the dates set forth in the Complaint and Third Party Complaint, KPF and CPP entered into an agreement, whereby KPF agreed to indemnify and hold CPP

harmless in the event of any suit or claim for personal injuries, property damage, pecuniary loss and/or wrongful death as a result of the work being done pursuant to said agreement.

95.    Said agreement was in full force and effect on the dates set forth in the Complaint and Third Party Complaint.

96.    The claims being made by the Plaintiffs or Third-Party Plaintiffs herein, if true, will entitle CPP to be indemnified and held harmless by KPF.


## DEMAND FOR JURY

**PLEASE TAKE NOTICE** that Cermak, Peterka Petersen, Inc. hereby demands, pursuant to Rule 38 of the Federal Rules of Civil Procedure, a trial by jury of all issues.


**WHEREFORE,** CPP demands judgment:

a.    dismissing Kohn Pedersen Fox Associates, P.C.'s Third Party Complaint in its entirety;

b.    Determining the relative culpability and rights as between all of the parties;

c.    Reducing any recovery by KPF against CPP to the extent of KPF's own culpable conduct in causing the damages complained of;

d.    Granting judgment over against The Dormitory Authority of the State of New York,    TDX Construction Corp., Kohn, Pederson, Fox & Associates, P.C., Weidlinger Associates Consulting Engineers, P.C., Castro-Blanco Piscioneri and Associates, Architects, P.C., Arquitectonica New York, P.C., Cosentini Associates, Inc., Jordan Panel Systems Corp., Trataros Construction, Inc., and LBL SKYSYSTEMS (U.S.A.), Inc., in whole or in part, or in

such amount as the Court may direct for any verdict or judgment which any party to this action may recover against the answering defendant.

e.      Awarding the costs and expenses of this litigation, including attorney's fees, and such other and different relief as this Court deems just and proper.

Dated: New York, NY
      May 7, 2008

                                 CONNELL FOLEY LLP
                                 Attorneys for Third Party Defendant,
                                 Cermak, Peterka Petersen, Inc.

                                 Michael X. McBride (MXM-0137)
                                 888 Seventh Avenue
                                 New York, NY 10106
                                 (212) 262-2390