TRAVELERS CASUALTY AND SURETY COMPANY as
Administrator for RELIANCE INSURANCE
COMPANY,

                Plaintiffs,

      -against-

DORMITORY AUTHORITY - STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN PEDERSON
FOX ASSOCIATES, P.C.,

              Defendants.

-----------------------------------------X

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK and TDX CONSTRUCTION CORP.,

          Third-Party Plaintiffs,

      -against-

TRATAROS CONSTRUCTION, INC.,

          Third-Party Defendant.
-----------------------------------------X

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

          Fourth-Party Plaintiffs,

      -against-

CAROLINA CASUALTY INSURANCE COMPANY;
BARTEC INDUSTRIES, INC,; DAYTON SUPERIOR
SPECIALTY CHEMICAL CORP. a/k/a DAYTON
SUPERIOR CORPORATION; SPECIALTY
CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER
CASUALTY INSURANCE COMPANY d/b/a KEMPER
INSURANCE COMPANY; GREAT AMERICAN
INSURANCE COMPANY; NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, P.S.;
UNITED STATES FIRE INSURANCE COMPANY;
NORTH AMERICAN INSURANCE COMPANY; ALLIED

**ANSWER TO AMENDED
FOURTH PARTY COMPLAINT
AND CROSS-CLAIMS**

*Civil Action No.*
07-cv-6915

**Defendant Demands
Trial by Jury**

COMPANY d/b/a ZURICH INSURANCE COMPANY
d/b/a OHIO CASUALTY GROUP; HARLEYSVILLE
MUTUAL INSURANCE COMPANY (a/k/a
HARLEYVILLE INSURANCE COMPANY); JOHN DOES
1-20 and XYZ CORPS. 1-19   ,

                     Fourth-Party Defendants.
---------------------------------------X

Defendant NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY, by its attorney SMITH MAZURE DIRECTOR WILKINS YOUNG & YAGERMAN, P.C. as and for its answer to the complaint and as and for its cross-claims, upon information and belief, sets forth as follows:

**Parties Jurisdiction and Venue:**

1.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "1".

2.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "2"

3.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "3"

paragraphs of the amended fourth party complaint herein designated as: "4".

     5.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "5".

     6.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "6".

     7.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "7".

     8.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "8".

     9.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "9".

paragraphs of the amended fourth party complaint herein designated as: "10".

11.   Defendant admits the allegations contained in the paragraph of the amended fourth party complaint designated as: "11".

12.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "12".

13.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "13".

14.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "14".

15.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "15".

paragraphs of the amended fourth party complaint herein designated as: "16".

17.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "17"

**Interested Non-Parties**

18.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "18".

19.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "19".

**<u>Procedural Background</u>**

20.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "20".

21.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

22. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "22".

23. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "23".

24. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "24".

25. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "25".

26. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "26".

27. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

28.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "28".

29.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "29".

30.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "30".

**Facts Common to all Counts**

31.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "31".

32.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "32".

paragraphs of the amended fourth party complaint herein designated as: "33".

34.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "34".

35.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "35".

36.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "36".

37.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "37".

38.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "38".

paragraphs of the amended fourth party complaint herein designated as: "39".

40. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "40".

41. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "41".

42. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "42".

43. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "43".

44. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "44".

paragraphs of the amended fourth party complaint herein designated as: "45".

46.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "46".

47.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "47".

48.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "48".

49.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "49".

50.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "50".

paragraphs of the amended fourth party complaint herein designated as: "51".

52.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "52".

53.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "53".

54.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "54".

55.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "55".

56.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "56".

paragraphs of the amended fourth party complaint herein designated as: "57".

58.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "58".

59.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "59".

60.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "60".

61.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "61".

62.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "62".

63.    As and for its response to each and every allegation contained in paragraph "63" of the amended fourth-party complaint, the third-party defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

64.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "64".

65.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "65".

66.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "66".

67.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "67".

paragraphs of the amended fourth party complaint herein designated as: "68".

69.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "69".

70.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "70".

71.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "71".

**Second Count**

72.  As and for its response to each and every allegation contained in paragraph "72" of the amended fourth party complaint, the fourth party defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

73.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

74.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "74".

75.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "75".

76.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "76".

77.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "77".

78.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "78".

contained in paragraph "79" of the amended fourth complaint, the
fourth party defendant repeats, reiterates, and realleges each and
every admission, denial, and allegation heretofore made with the
same force and effect as if set forth at length hereat.

80.    Denies any knowledge or information sufficient to form
a belief as to the truth of the allegations contained in the
paragraph of the amended fourth party complaint herein designated
as: "80".

81.    Denies any knowledge or information sufficient to form
a belief as to the truth of the allegations contained in the
paragraph of the amended fourth party complaint herein designated
as: "81".

82.    Denies any knowledge or information sufficient to form
a belief as to the truth of the allegations contained in the
paragraph of the amended fourth party complaint herein designated
as: "82".

83.    Denies any knowledge or information sufficient to form
a belief as to the truth of the allegations contained in the
paragraph of the amended fourth party complaint herein designated
as: "83".

84.    Denies any knowledge or information sufficient to form
a belief as to the truth of the allegations contained in the

85. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "85".

## Fourth Count

86. As and for its response to each and every allegation contained in paragraph "86" of the amended fourth party complaint, the fourth-party defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

87. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "'87".

88. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "88".

89. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "89".

90.    As and for its response to each and every allegation contained in paragraph "'90" of the amended fourth party complaint, the fourth party defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

91.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "91".

92.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "92".

93.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "93".

94.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "94".

paragraph of the amended fourth party complaint herein designated as: "95".

96.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "96".

97.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "97".

**Sixth Count**

98.  As and for its response to each and every allegation contained in paragraph "98" of the amended fourth party complaint, the fourth-party defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

99.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "99".

100. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

- 19 -

101. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "101".

102. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "102".

103. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "103".

104. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "104.

105. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "105".

contained in paragraph "106" of the amended fourth party complaint, the fourth-party defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

107. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "107"

108. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "108".

109. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "109".

110. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "110".

111. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

112. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "112".

113. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "113".

**Eighth Count**

114. As and for its response to each and every allegation contained in paragraph "114" of the amended fourth party complaint, the fourth party defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

115. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "115".

116. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "116".

paragraph of the amended fourth party complaint herein designated as: "117".

118. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "118".

119. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "119".

120. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "120".

121. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "121".

122. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "122".

contained in paragraph "133" of the amended fourth party complaint, the fourth party defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

124. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "124".

125. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "125".

126. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "126".

127. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "127".

128. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

129. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "129".

130. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "130".

131. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "131".

132. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "132".

133. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "133".

134. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

135. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "135".

136. Denies each and every allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "136".

137. Denies each and every allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "137" as to North American Specialty and denies any knowledge or information sufficient to form a belief as all other entities and refers all issues of law to this Honorable Court.

138. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "138".

139. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "139".

140. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

141. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "141".

142. Denies each and every allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "142" as to setting forth that North American Specialty Insurance Company issued, without limitations, certain insurance policies and denies knowledge or information sufficient to form a belief as to any other entity and refers all issues of law to this Honorable Court.

143. Denies each and every allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "143" as to North American Specialty Insurance Company and denies knowledge or information to form a belief as to any other entity and refers all issues of law to this Honorable Court.

144. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "144".

145. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "146"

147. Denies each and every allegations contained in the paragraphs of the amended fourth party complaint herein designated in the paragraph of the amended fourth party complaint as: "147" as to North American Specialty Insurance Company and denies any knowledge or information sufficient to form a belief as to other insurer and refers all issues of law to this Honorable Court.

148. Denies each and every allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "148" as to North American Specialty Insurance Company and denies any knowledge or information sufficient to form a belief as to other insurer and refers all issues of law to this Honorable Court.

149. Denies each and every allegations contained in the paragraphs of the amended fourth party complaint herein designated in the paragraph of the amended fourth party complaint as: "148" as to North American Specialty Insurance Company and denies any knowledge or information sufficient to form a belief as to other insurer and refers all issues of law to this Honorable Court.

151. Denies each and every allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "151".

### FIRST AFFIRMATIVE DEFENSE:

The Complaint fails to state a claim upon which relief may be granted against NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a justiciable controversy as to NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY.

### THIRD AFFIRMATIVE DEFENSE

To the extent the plaintiffs claim to be an insured or claim any other entity, including but not limited to Dormitory Authority State of New York to be an insured under the NORTH AMERICAN SPECIALTY INSURANCE COMPANY policy, their claims are barred as a result of their failure to provide timely and proper notice of the underlying occurrence or the litigation brought against NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY and otherwise comply with the conditions set forth in the NORTH AMERICAN SPECIALTY INSURANCE

To the extent that all conditions precedent and subsequent to the triggering of any obligation of liability, coverage, and/or a duty to defend, if any, under the NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy at issue herein have not been fulfilled, NORTH AMERICAN SPECIALTY INSURANCE COMPANY has no obligation to the plaintiffs and/or entity claiming to be an insured thereunder.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of plaintiffs' claims against NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY are or may be barred in whole or in part by laches, waiver, estoppel and/or the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of plaintiffs' claims against NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY are or may be barred in whole or in part by release and/or accord and satisfaction.

UNDERWRITERS INSURANCE COMPANY are or may be barred in whole or in part by applicable statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to join parties necessary to the adjudication of this action.

### NINTH AFFIRMATIVE DEFENSE

To the extent that some or all of the circumstances alleged do not constitute an "occurrence", were not fortuitous or were "expected" or "intended" from the standpoint of the insured, as those terms are used and defined in the NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy, coverage is precluded.

### TENTH AFFIRMATIVE DEFENSE

The NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy herein excludes coverage for reimbursement of payments made by or on behalf of any person or entity claiming to be an insured hereunder without the consent of NORTH AMERICAN SPECIALTY INSURANCE COMPANY.

TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy, they are not
entitled to any coverage thereunder.

### TWELFTH AFFIRMATIVE DEFENSE

The NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR
IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy
provides no coverage for, loss or damage which constitutes,
represents, or arises out of fines, penalties or punitive or
exemplary damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery against NORTH AMERICAN SPECIALTY INSURANCE
COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS
INSURANCE COMPANY must be reduced to the extent plaintiffs have
failed to mitigate, minimize or avoid its claimed damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN
INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY liability, if
any, under the NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS
SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY
policy herein does not attach unless and until any and all
underlying limits and coverages have been exhausted by payment of
losses and any and all underlying self-insured retentions and/or

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent that any entity claiming to be an insured has failed to perform all of its obligations under the NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy at issue herein, any recovery thereunder may be barred.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Some or all of the claims at issue may be barred in whole or in part by the limits of liability, endorsements, and other terms, conditions, limitations and exclusions in the NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by reason of the existence of other insurance policies, including policies with respect to which NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy were previously, subsequently or contemporaneously effective, and by reason of the "other insurance" condition in the NORTH AMERICAN SPECIALTY INSURANCE COMPANY policy.

by plaintiff is covered under the NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy at issue herein, such loss is subject to the applicable limits of liability of such policy.

### NINETEENTH AFFIRMATIVE DEFENSE:

To the extent that the occurrence to be covered did not occur during the policy period of any insurance issued by NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY, no coverage would be owed.

### TWENTIETH AFFIRMATIVE DEFENSE:

To the extent that the allegations against plaintiff falls outside the scope of the insuring agreement, and including but not limited to breach of contract delay damages, no coverage is owed.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY may have additional defenses that cannot be articulated due to the generality of the Complaint, the failure of any person or entity to provide information regarding this matter beyond the Complaint and/or the stage of this litigation, Accordingly, NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL

plaintiffs particularize their claims, and after discovery of
information concerning the matters set forth in the Complaint.

### TWENTY SECOND AFFIRMATIVE DEFENSE

To the extent that any aspect of the claim would be excluded
as noted in the declination letter issued and dated July 20, 2005
to Trataros Construction, no coverage would be owed.

### TWENTY THIRD AFFIRMATIVE DEFENSE

To the extent that any portion of the claim is expected or
intended injury contractual liability, damage to your work, damage
to impaired property and/or damage to property not physically
injured as defined by the policy of insurance, no coverage is owed.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

To the extent that the allegations, occurrence or damages
do not occur within the applicable policy period, no coverage is
owed.

### ANSWER TO CROSS-CLAIMS

NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN
INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY, by way of
answer to any cross-claims filed or to be filed by any other
defendant, denies each and every such claim in its entirety.

Dated:  New York, New York
        May 12, 2008

                        SMITH  MAZURE  DIRECTOR  WILKINS  YOUNG  &
                        YAGERMAN, P.C.


              By: _____
                        JOEL M. SIMON (JS1077)_
                        For the Firm
                        SMITH  MAZURE  DIRECTOR  WILKINS  YOUNG  &
                        YAGERMAN, P.C.
                        Attorneys for Fourth-Party Defendants
                        North   American   Specialty   Insurance
                        Company  as  successor  in  interest  to
                        Commercial   Underwriters   Insurance
                        Company.
                        111 John Street, 20th Floor
                        New York, New York 10038-3198
                        (212) 964-7400
                        Our File No.  NAS-00285/JMS

TO:
DREIFUSS, BONACCI & PARKER LLP
Attorney for Plaintiff
Travelers Casualty and Surety Company and
Trataros Construction, Inc.
26 Columbia Turnpike, North Entrance
Florham Park, NJ 07932
(973) 514-1414
File: Please Advise

HOLLAND KNIGHT LLP
Attorney    for    Defendant/Third-Party
Plaintiffs
Dormitory Authority- State of New York,
TDX Construction Corp.
195 Broadway
New York, NY 10007
(212) 513-3242
File: Please Advise

Kohn Pederson Fox Associates, P.C.
801 Second Avenue
New York, New York 10017
(212) 682-6800
File: Please Advise

ZICHELLO & MCINTYRE, ESQS.
Attorney for Fourth-Party Defendant
Carolina Casualty Insurance Company
420 Lexington Avenue
New York, NY 10170
(212) 972-5560
File: Please Advise

O'CONNOR REDD LLP
Attorney for Fourth-Party Defendant
Bartec Industries, Inc.
200 Mamaroneck Avenue
White Plains, New York 10601
(914) 686-1700
File: Please Advise
GOLDBERG SEGALLA, LLP
Attorney for Fourth-Party Defendant
Dayton Superior Specialty Chemical Corp.
a/k/a Dayton Superior Corporation
170 Hamilton Avenue, Suite 203
White Plains, NY 10604
(914) 798-5400
File: Please Advise

SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.
Attorney for Fourth-Party Defendant
Specialty Construction Brands, Inc. t/a
TEC
830 Third Avenue, 400
New York, NY 10022
File: Please Advise

Kemper Casualty Insurance Company d/b/a
Kemper Insurance Company
Case 1:07-cv-06915-DLC   Document 225   Filed 05/20/2008   Page 38 of 43
500 West Madison Street, 23th Floor
Chicago, IL 60661
File: Please Advise

GENNET KALLMANN ANTIN & ROBINSON, P.C.
Attorney for Fourth-Party Defendant
Great American Insurance Company
6 Campus Drive
Parsippany, NJ 07054
File: Please Advise

LAW OFFICES OF GREEN & LAVELLE
Attorney for Fourth-Party Defendant
National Union Fire Insurance Company of
Pittsburgh, PA
110 Williams Street, 18th Floor
New York, NY 10038
(212) 266-5880
File: Please Advise

CARROLL, MCNULTY & KULL, L.L.C
Attorney for Fourth-Party Defendant
United States Fire Insurance Company
570 Lexington Avenue, 10th Floor
New York, NY 10022
(212) 252-0004
File: Please Advise
MOUND, COTTON, WOLLAN & GREENGRASS, ESQS.
Attorney for Fourth-Party Defendant
Allied World Assurance Company (U.S.)
Inc. f/k/a Commercial Underwriters
Insurance Company
One Battery Park Plaza
New York, NY 10004-1486
(212) 804-4200
File: Please Advise

Sutton American Insurance Company a/s/a

Zurich Insurance Company
233 Broadway, 28th Floor
New York, NY 10279-0118
(212) 238-8900
File: Please Advise

RIKER, DANZIG, SCHERER, HYLAND &
PERRETTI, L.L.P.
Attorney for Fourth-Party Defendant
Harleysville Mutual Insurance Company
(a/k/a Harleysville Insurance Company)
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800
File: Please Advise

was mailed by first class mail, postage prepaid this May    , 2008,
to all counsel of record as indicated on the service list below.

_____
JOEL M. SIMON (JMS - #1077)
For the Firm

**SERVICE LIST**

DREIFUSS, BONACCI & PARKER LLP
26 Columbia Turnpike, North Entrance
Florham Park, NJ 07932
(973) 514-1414
File: Please Advise
Travelers Casualty and Surety Company and Trataros Construction,
Inc.

HOLLAND KNIGHT LLP
195 Broadway
New York, NY 10007
(212) 513-3242
File: Please Advise
Attorney for Defendant/Third-Party Plaintiffs
Dormitory Authority- State of New York, TDX Construction Corp.

ZETLIN & DE CHIARA, LLP
801 Second Avenue
New York, New York 10017
(212) 682-6800
File: Please Advise
Attorney for Defendant/Third-Party Plaintiff
Kohn Pederson Fox Associates, P.C

ZICHELLO & MCINTYRE, ESQS.
420 Lexington Avenue
New York, NY 10170
(212) 972-5560
File: Please Advise
Attorney for Fourth-Party Defendant
Carolina Casualty Insurance Company

Attorney for Fourth-Party Defendant
Bartec Industries, Inc.

GOLDBERG SEGALLA, LLP
170 Hamilton Avenue, Suite 203
White Plains, NY 10604
(914) 798-5400
File: Please Advise
Attorney for Fourth-Party Defendant
Dayton Superior Specialty Chemical Corp. a/k/a Dayton Superior
Corporation

SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.
830 Third Avenue, 400
New York, NY 10022
File: Please Advise
Attorney for Fourth-Party Defendant
Specialty Construction Brands, Inc. t/a TEC

BOLLINGER RUBERRY & GARVEY
500 West Madison Street, 23rd Floor
Chicago, IL 60661
File: Please Advise
Attorney for Fourth-Party Defendant
Kemper Casualty Insurance Company d/b/a Kemper Insurance Company

GENNET KALLMANN ANTIN & ROBINSON, P.C.
6 Campus Drive
Parsippany, NJ 07054
File: Please Advise
Attorney for Fourth-Party Defendant
Great American Insurance Company

LAW OFFICES OF GREEN & LAVELLE
110 Williams Street, 18th Floor
New York, NY 10038
(212) 266-5880
File: Please Advise
Attorney for Fourth-Party Defendant
National Union Fire Insurance Company of Pittsburgh, PA

File: Please Advise
Attorney for Fourth-Party Defendant
United States Fire Insurance Company

MOUND, COTTON, WOLLAN & GREENGRASS, ESQS.
One Battery Park Plaza
New York, NY 10004-1486
(212) 804-4200
File: Please Advise
Attorney for Fourth-Party Defendant
Allied World Assurance Company (U.S.) Inc. f/k/a Commercial
Underwriters Insurance Company

MELITO & ADOLFSEN, P.C.
233 Broadway, 28th Floor
New York, NY 10279-0118
(212) 238-8900
File: Please Advise
Attorney for Fourth-Party Defendant
Zurich American Insurance Company d/b/a Zurich Insurance Company

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI, L.L.P.
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800
File: Please Advise
Attorney for Fourth-Party Defendant
Harleysville Mutual Insurance Company (a/k/a Harleysville Insurance
Company)

-----------------------------------X
TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,

Plaintiffs,

-against-

DORMINTORY AUTHORITY - STATE OF NEW YORK, TDX CONSTRUCTION CORP. and KOHN PEDERSON FOX ASSOCIATES, P.C.,

Defendants.

Third and fourth party actions

================================================

## ANSWER

================================================

**SMITH MAZURE DIRECTOR WILKINS
YOUNG & YAGERMAN, P.C.**
Attorneys for Fourth-Party Defendants
North American Specialty Insurance
Company  As Successor in Interest to
Commercial Underwriters Insurance
Company
111 John Street, 20th Floor
New York, New York 10038-3198
(212) 964-7400
NAS-00285/JMS

================================================

### CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a

hereby certifies that, pursuant to 22 N.Y.C.R.R. §130-1.1a, the foregoing is not frivolous nor frivolously presented.

Dated:     New York, New York

_____

*PLEASE TAKE NOTICE*

☐     *that the within is a true copy of a                     entered in the office of the clerk of the within
        named Court on        .*

☐     *that a               of which the within is a true copy will be presented for settlement to the Hon.
        one of the judges of the within named Court at                 , on at 9:30 a.m.*

SMITH MAZURE DIRECTOR WILKINS YOUNG &
YAGERMAN, P.C.
Attorneys for Fourth-Party Defendants
North American Specialty Insurance Company As
Successor in Interest to Commercial Underwriters
Insurance Company
111 John Street, 20th Floor
New York, New York 10038-3198
(212) 964-7400
Our File No.  NAS-00285/JMS