# SMITH MAZURE

ATTORNEYS AT LAW



Smith Mazure Director Wilkins Young & Yagerman, P.C.

www.smithmazure.com

**Long Island Office:**
200 Old Country Road
Mineola, New York 11501
(516) 414-7400
(516) 294-7325 Fax

111 John Street
New York, New York 10038-3198
(212) 964-7400
Fax (212) 374-1935

**New Jersey Office:**
80 West End Avenue
Somerville, New Jersey 08876
(908) 393-7300
Fax (908) 231-1030

*Writer's Direct Dial:* (212) 485-8756
jsimon@smithmazure.com

**MEMO ENDORSED**

*Please Respond to:*
New York, New York

May 18, 2008

Via Hand Delivery
Hon. Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl St., Room 1040
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/08

    Re:   Travelers Casualty and Surety Company as Administrator for Reliance Insurance Company v. Dormitory Authority- State of New York, TDX Construction Corp. and John Pedersen Fox Associates, P.C. // Dormitory Authority of the State of New York and TDX Construction Corp. v. Tartaros Construction, Inc. // Tartaros Construction, Inc. and Travelers Casualty and Surety Company v. Carolina Casualty Insurance Company; Barter Industries, Inc.; Dayton Superior Specialty Chemical Corp. a/k/a Dayton Superior Corporation; Specialty Construction Brands, Inc. t/a TEC; Kemper Casualty Insurance Company d/b/a Kemper Insurance Company; Great American Insurance Company; National Union Fire Insurance Company of Pittsburgh, PA.; United States Fire Insurance Company; North American Specialty Insurance Company as successor in interest to Commercial Underwriters Insurance Company.; Allied World Assurance Company (U.S.) Inc. f/k/a Commercial Underwriters Insurance Company; Zurich American Insurance Company d/b/a Zurich Insurance Company; Ohio Casualty Insurance Company d/b/a Ohio Casualty Group; Harleysville Mutual Insurance Company (a/k/a Harleysville Insurance Company); John Does 1-20 and XYZ Corps. 1-19

Index No.  :  07-cv-6915
Insured:  North American Specialty Insurance Company as successor in interest to Commercial Underwriters Insurance Company.
Our File  :  NAS-00285/JMS

Page 2
May 18, 2008

Dear Judge Cote:

      This office represents North American Specialty Insurance Company a new fourth party defendant in this litigation. We have just interposed our answer in this matter and have received almost no discovery or background information in this matter. We do know however, that the claim against us will revolve around the issue as to what the specific defects are that are being alleged by Dormitory Authority of the State of New York (DASNY) and when the work involved was performed.

      Unfortunately, we have been advised that depositions of DASNY are scheduled to commence this week on June 20th. Counsel for Tartars (fourth party plaintiff) has requested, on our behalf, that DASNY adjourn these depositions for a reasonable period of time so that we may obtain necessary paper discovery relevant to this matter, so that the depositions can be conducted properly. Counsel for Tartars has advised us that to date, counsel for DASNY has refused the adjournment. I have been advised that there are 50 boxes of contracts being held by counsel for Tartars and approximately 500 boxes being held on behalf of DASNY. I am unaware of an index of materials currently available. In addition, to the best of my knowledge, DASNY has not provided any information pre-deposition, pertaining to any specific of the defects it is claiming or the time periods of the alleged work involved. As the court can understand, to go forward with these depositions at this time would be extremely prejudicial to the defense of my client. I am therefore requesting that the court adjourn the depositions for a reasonable period of time, of not less than 3 weeks, or that a conference be held to work out a new reasonable discovery schedule. We would obviously like to avoid the need of duplication depositions due to the reasonable obtainment of discovery. In all fairness, it is respectfully submitted that DASNY should minimally provide information as to what defects it is alleging and when the relevant work was performed, prior to being deposed so that the depositions are not a scavenger hunt but instead, meaningful discovery.

      We request that the Court's attention to this matter.

      Respectfully yours,

SMITH MAZURE DIRECTOR WILKINS
YOUNG & YAGERMAN, P.C.

By: _____
JOEL M. SIMON (JS1077)

JMS/jms
818364.wpd

*[Handwritten note:]* As counsel was informed by telephone on May 21, the request for a delay in depositions or new discovery period is denied. In the event that NASIC is able to show that it has additional questions for a witness which it was, despite diligence, unable to ask, it may seek other relief. Denise Cote June 2, 2008