# O'CONNOR REDD LLP

ATTORNEYS AND COUNSELORS AT LAW
**200 MAMARONECK AVENUE**
**WHITE PLAINS, NEW YORK 10601**
TELEPHONE (914) 686-1700
TELECOPIER (914) 328-3184

CONNECTICUT OFFICE:
304 Federal Road, Suite 316
Brookfield, Connecticut 06804

**DIRECT ALL CORRESPONDENCE TO NY OFFICE**

STEVEN M. O'CONNOR*
JOSEPH T. REDD+
JOSEPH A. ORLANDO*
JEREMY D. PLATEK
VINCENT M. LYONS++
STEVEN R. LAU***

*MEMBER NY & CT BARS
***MEMBER NY & DC BARS
+MEMBER NY & CO BARS
▲MEMBER NY & CA BARS
++MEMBER NY & NJ BARS
^MEMBER NY, CT, DC BARS

JOHN P. GRILL ▲
APRIL J. LAWS
RICHARD T. O'BRIEN++
JENNIFER M. YANDOLI
KIMBERLY D. STEVENSON
KEVIN PAGE
ALAK SHAH++
JAMES S. ANDES, II
LINDSEY A. SHOSHANY^
GIOVANNA F. HARSWICK++

**MEMO ENDORSED**            May 23, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/2/08

Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 1040
New York, New York 10007

Re: TRAVELERS CASUALTY v. DASNY v. TRATAROS CONSTR. v. BARTEC INDUSTRIES, et al
Civil Action No.: 07-CV-6915 (DLC)

Dear Judge Cote:

This firm represents third-party defendant Bartec Industries, Inc.

I write to seek assistance from the Court with regard to a discovery dispute that has arisen during the first deposition in this case.

On May 21 and 22, 2008, DASNY produced Mr. Charles Bartlett as their Rule 30(b)(6) witness with regard to the terrazzo flooring issues in this case. I have not yet had an opportunity to question the witness.

During his testimony, the following facts were revealed:

    1. Mr. Bartlett was not employed at the time when any of the flooring work was actually performed at Baruch College; and,

    2. Mr. Bartlett's testimony regarding the factual events surrounding the floor installation was based solely upon his review of a subset of documents maintained in DASNY's project files (which, as the Court has been previously advised, are contained in over 500 boxes of documents, most of which have nothing to do with the flooring at this large project).

I, along with a number of other counsel requested, at the first day of the deposition, that DASNY"s counsel produce those documents which Mr. Bartlett reviewed to prepare for his testimony or, at the very least, produce an index of those documents so that we could ask for specific copies.

Honorable Denise L. Cote
TRAVELERS CASUALTY v. DASNY
Civil Action No.: 07-CV-6915 (DLC)
May 23, 2008
Page 2

DASNY's counsel took the request under advisement and, on the second day, rejected the request, citing, among other things, the Third Circuit's decision in Sporck v. Peil, 759 F.2d 312 (3d Cir.1985).

As this Court is aware, Fed.R.Evid. 612, provides for disclosure of documents that are utilized to refresh a witnesses' recollection.[1]

The exception to Rule 612 discussed in Sporck is "narrow" and is only applicable where "real, rather than speculative, concern that the thought processes of" counsel would be revealed. See Gould Inc. v. Mitsui Mining & Smelting Co., Ltd., 825 F.2d 676 (2nd Cir. 1987),

Contrary to DASNY's assertion, "[i]n practice, courts generally construe the use of privileged documents to refresh a witness' memory as a waiver of the privilege. Courts may preserve the privilege despite prior review of a document where the witness' deposition testimony does not rely on the document reviewed or reveal anything about it." Arkwright Mut. Ins. Co. v. National Union Fire Ins. Co. of Pittsburgh, 1994 WL 510043 (S.D.N.Y. Sep 16, 1994) (citations omitted).

Here, there is no doubt that Mr. Bartlett's testimony was based solely upon his review of documents as he had no personal knowledge of the events since he was not there at the time – as such, there can be no dispute that Mr. Bartlett "relied upon" the documentation. See Suss v. MSX Intern. Engineering Services, Inc., 212 F.R.D. 159 (S.D.N.Y.,2002)

To be perfectly clear, Bartec is not seeking disclosure of any documents that were generated by DASNY's counsel which would be protected by attorney-client privilege. To be also perfectly clear, Bartec is not seeking disclosure of documents that were shown by DASNY's counsel to Mr. Bartlett but, rather, seeks disclosure of all documents that were relied on by him to prepare for testimony.

DASNY should not be permitted to use documents to "assist" in preparing the testimony of a witness and then seek to shield disclosure of those documents under the work-product doctrine. See In re Joint Eastern & Southern Dist. Asbestos Litigation, 119 F.R.D. 4 (E. & S.D.N.Y. 1988).

This "disquieting" practice is even more so in light of the fact that Mr. Bartlett had no personal knowledge and he testified purely based on documents that were made available for his review.

There is simply no way to competently question him absent an ability to review the documents that informed his testimony.

---

[1] Contrary to the situation presented in Sporck, Rule 612 here is applicable since Mr. Bartlett's testimony was based on nothing but documentation which he reviewed prior to testifying.

Honorable Denise L. Cote
TRAVELERS CASUALTY v. DASNY
Civil Action No.: 07-CV-6915 (DLC)
May 23, 2008
Page 3

    I look to the Court's guidance on this matter.

Very truly yours,
O'CONNOR REDD LLP

By: Jeremy D. Platek

JDP:jp

cc: All Parties

*[Handwritten note:]* Having considered as well the May 29 response from DASNY/TDX, the application for assistance is denied.

*/s/ Denise Cote*
June 2, 2008