UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
TRAVELERS CASUALTY AND SURETY COMPANY as
Administrator for RELIANCE INSURANCE COMPANY,

Civil Action No.:
07-CV-6915 (DLC)

ECF CASE

                                      Plaintiff,

                                        vs.

THE DORMITORY AUTHORITY OF THE STATE OF NEW
YORK, TDX CONSTRUCTION CORP. and KOHN,
PETERSON, FOX & ASSOCIATES, P.C.,

                                        Defendants.
-------------------------------------------------------------------------
DORMITORY AUTHORITY OF THE STATE OF NEW
YORK, and TDX CONSTRUCTION CORP.,

                         Third-Party Plaintiff,

                                        vs.

TRATAROS CONSTRUCTION, INC.

                         Third-Party Defendants

-------------------------------------------------------------------------
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

                       Fourth-Party Plaintiffs,

                                        vs.

CAROLINA CASUALTY INSURANCE COMPANY,
BARTEC INDUSTRIES INC., DAYTON SUPERIOR
SPECIALTY CHEMICAL CORP., a/k/a DAYTON
SUPERIOR CORPORATION; SPECIALTY
CONSTRCUTION BRANDS INC. t/a TEC, KEMPER
CASAULTY INSURANCE COMPANY d/b/a KEMPER
INSURANCE COMPANY, GREAT AMERICAN
INSURANCE COMPANY, NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA.,
UNITED STATES FIRE INSURANCE COMPANY,

ALLIED WORLD ASSURANCE COMPANY (U.S.)
INC. f/k/a COMMERCIAL UNDERWRITERS INSURANCE
COMPANY, ZURICH AMERICAN INSURANCE COMPANY
d/b/a ZURICH INSURANCE COMPANY, OHIO CASUALTY
INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP,
HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a
HARLEYSVILLE INSURANCE COMPANY), JOHN DOES 1-20,
and XYZ CORPS. 1-12,

                              **Fourth-party Defendants.**

---

KOHN PEDERSEN FOX ASSOCIATES, P.C.

                              **Third-Party Plaintiff,**

-against-

WEIDLINGER ASSOCIATES CONSULTING ENGINEERS, P.C.,
CASTRO-BLANCO PISCIONERI AND ASSOCIATES,
ARCHITECTS, P.C., ARQUITECTONIA NEW YORK, P.C.,
COSENTINI ASSOCIATES, INC., CERMAK, PETERKA
PETERSEN, INC., JORDAN PANEL SYSTEMS CORP.,
TRATAROS CONSTRUCTION, INC. AND LBL SKYSYSTEMS
(U.S.A.), INC.

                              **Third-Party Defendants.**

---

### AFFIRMATION OF ERIKA C. ALJENS IN SUPPORT OF NATIONAL UNION'S MOTION FOR SUMMARY JUDGMENT

Erika C. Aljens, an attorney duly licensed to practice law in the State of New York and the United States District Court, Southern District of New York , hereby affirms the following under penalties of perjury:

1. I am an attorney with the Law Offices of Green & Lavelle, counsel for the fourth-party defendant National Union Fire Insurance Company of Pittsburgh, Pa ("National Union") in the above-entitled action. I am familiar with this action based upon a review of the file maintained by this office.

2.  This affirmation is submitted in support of National Union's motion for summary judgment dismissing the complaint of fourth-party plaintiffs, Trataros Construction, Inc. ("Trataros") and Travelers Casualty and Surety Company, as subrogee and assignee of Trataros, ("Travelers") on the grounds that Trataros and Travelers failed to timely notify National Union of the claims at issue in the subject litigation and, therefore, their claims against National Union are barred.

3.  On June 25, 2008, this Court ruled that United States Fire Insurance Company ("US Fire") was entitled to summary judgment on the ground that Trataros and Travelers' delay of over seven months in notifying US Fire of the third-party complaint warranted summary judgment in favor of US Fire. A copy of the June 25, 2008 Order is attached hereto as Exhibit A.

4.  In an Order dated July 14, 2008, this Court ruled that any motion for summary judgment by a fourth-party defendant insurer based on fourth-party plaintiff's failure to provide timely notice must be filed by August 8, 2008. A true and correct copy of the July 14, 2008 Order is attached hereto as Exhibit B.

5.  Travelers, as administrator of Reliance Insurance Company, originally commenced an action on or about June 28, 2004, against the Dormitory Authority of the State of New York ("DASNY") seeking to recover costs and damages related to the construction of the vertical campus of Baruch College (the "Project"). In the complaint, Travelers also asserted their rights to act as an equitable subrogee and assignee of Trataros' rights and obligations. A true and correct copy of the original complaint is attached hereto as Exhibit C.

6. On or about August 4, 2004, DASNY commenced a third-party action against Trataros, one of the prime contractors for the Project. A true and correct copy of the third-party complaint is attached hereto as Exhibit D.

7. By stipulation, counsel for Trataros and Travelers accepted service of the third-party complaint as of September 13, 2004. A true and correct copy of the stipulation is attached hereto as Exhibit E.

8. On August 4, 2004, Trataros and Travelers amended their fourth-party action to add National Union as a fourth-party defendant. In the amended fourth-party complaint, Trataros and Travelers seek contribution and indemnity in the event that DASNY is awarded judgment against Trataros or Travelers. A true and correct copy of the August 4, 2004 amended fourth-party complaint is attached hereto as Exhibit F.

9. On March 2, 2005, National Union was served with the fourth-party complaint via the New York State Insurance Department. A true and correct copy of the affidavit of service upon the Insurance Department is attached hereto as Exhibit G.

10. On May 4, 2005, National Union answered the fourth-party complaint. A true and correct copy of the Answer is attached hereto as Exhibit H. In its Answer, National Union asserted in an affirmative defense that coverage under the National Union policies was barred due to the failure of Trataros and Travelers' to timely notify National Union of the claims in the subject litigation.

11. The original action and related third-party and fourth-party actions were discontinued without prejudice so that the parties could engage in mediation proceedings. A true and correct copy of the stipulation of discontinuance is attached hereto as Exhibit I.

12. The parties were unable to resolve their differences and the third-party and fourth-party actions were recommenced. A true and correct copy of the amended fourth-party complaint dated April 8, 2008 is attached hereto as Exhibit J.

13. A true and correct copy of National Union's answer to the amended fourth-party complaint dated April 14, 2008 is attached hereto as Exhibit K.

14. A certified copy of the Umbrella Commercial Policy Number BE 701-37-75 issued by National Union to Trataros with effective dates of April 1, 1999 to April 1, 2000, is attached hereto as Exhibit L.

15. A certified copy of the Umbrella Commercial Policy Number BE 7395822 issued by National Union to Trataros with effective dates of April 1, 2000 to April 1, 2001, is attached hereto as Exhibit L.

16. A true and correct copy of the affidavit of Jeffrey Leung of AIG Domestic Claims, Inc. the authorized claims handling administrator for National Union is submitted herewith in support of the motion for summary judgment.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

*New York, New York*
*August 7, 2008*

Erika C. Aljens (EA-9781)