UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
TRAVELERS CASUALTY AND SURETY COMPANY as
 Administrator for RELIANCE INSURANCE COMPANY,

Civil Action No.:
07-CV-6915 (DLC)

ECF CASE

Plaintiff,

vs.

THE DORMITORY AUTHORITY OF THE STATE OF NEW
YORK, TDX CONSTRUCTION CORP. and KOHN,
PETERSON, FOX & ASSOCIATES, P.C.,

Defendants.
-------------------------------------------------------------------------
DORMITORY AUTHORITY OF THE STATE OF NEW
YORK, and TDX CONSTRUCTION CORP.,

Third-Party Plaintiff,

vs.

TRATAROS CONSTRUCTION, INC.

Third-Party Defendants
-------------------------------------------------------------------------
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

Fourth-Party Plaintiffs,

vs.

CAROLINA CASUALTY INSURANCE COMPANY,
BARTEC INDUSTRIES INC., DAYTON SUPERIOR
SPECIALTY CHEMICAL CORP., a/k/a DAYTON
SUPERIOR CORPORATION; SPECIALTY
CONSTRCUTION BRANDS INC. t/a TEC, KEMPER
CASAULTY INSURANCE COMPANY d/b/a KEMPER
INSURANCE COMPANY, GREAT AMERICAN
INSURANCE COMPANY, NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA.,
UNITED STATES FIRE INSURANCE COMPANY,
ALLIED WORLD ASSURANCE COMPANY (U.S.)

INC. f/k/a COMMERCIAL UNDERWRITERS INSURANCE
COMPANY, ZURICH AMERICAN INSURANCE COMPANY
d/b/a ZURICH INSURANCE COMPANY, OHIO CASUALTY
INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP,
HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a
HARLEYSVILLE INSURANCE COMPANY), JOHN DOES 1-20,
and XYZ CORPS. 1-12,

                              Fourth-party Defendants.

---

KOHN PEDERSEN FOX ASSOCIATES, P.C.

                              Third-Party Plaintiff,

       -against-

WEIDLINGER ASSOCIATES CONSULTING ENGINEERS, P.C.,
CASTRO-BLANCO PISCIONERI AND ASSOCIATES,
ARCHITECTS, P.C., ARQUITECTONIA NEW YORK, P.C.,
COSENTINI ASSOCIATES, INC., CERMAK, PETERKA
PETERSEN, INC., JORDAN PANEL SYSTEMS CORP.,
TRATAROS CONSTRUCTION, INC. AND LBL SKYSYSTEMS
(U.S.A.), INC.

                              Third-Party Defendants.

---

**STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO
LOCAL RULE 56.1 IN SUPPORT OF NATIONAL
UNION'S MOTION FOR SUMMARY JUDGMENT**

1.     The above-captioned action alleges claims based on the design and construction of a 785,000 square foot building in Manhattan (the "Project"). (Order dated June 25, 2008, pp. 3-4 attached as Exhibit A to the affirmation of Erika C. Aljens).

2.     The Dormitory Authority of the State of New York ("DASNY"), as the "owner" of the Project, on behalf of the City University of New York and Baruch College entered into multiple prime contracts for the design and construction of the Project. (Order dated June 25, 2008, p. 4 attached as Exhibit A to the affirmation of Erika C. Aljens).

3. Two of the prime contracts for the Project were awarded to Trataros Construction Company ("Trataros"). (Order dated June 25, 2008, p. 4 attached as Exhibit A to the affirmation of Erika C. Aljens).

4. On June 28, 2004, Travelers Casualty and Surety Company as administrator of Reliance Insurance Company ("Reliance") commenced an action against DASNY seeking to recover for damages related to the "Project". (See complaint attached as Exhibit C to the affirmation of Erika C. Aljens).

5. Travelers asserted their rights to act as an equitable subrogee and assignee on behalf of Trataros' rights and obligations. (See complaint attached as Exhibit C to the affirmation of Erika C. Aljens).

6. On August 4, 2004, DASNY commenced a third-party action against Trataros seeking indemnification and contribution on the grounds that the work of Trataros and its subcontractors at the Project was defective, substandard and was otherwise unacceptable. (See third party complaint attached as Exhibit D to the affirmation of Erika C. Aljens).

7. Trataros and Travelers Casualty and Surety Company, as successor in interest to Trataros ("Travelers") acknowledged service of the third-party complaint as of September 13, 2004. (See stipulation attached as Exhibit E to the affirmation of Erika C. Aljens).

8. On August 4, 2004, Trataros and Travelers amended their fourth-party action to add National Union as a fourth-party defendant. (See fourth-party complaint attached as Exhibit F to the affirmation of Erika C. Aljens).

9. In the amended fourth-party complaint, Trataros and Travelers seek contribution and indemnity in the event that DASNY is awarded judgment against Trataros or Travelers. (See fourth-party complaint attached as Exhibit F to the affirmation of Erika C. Aljens).

10. On March 2, 2005, National Union was served with the fourth-party complaint via the New York State Insurance Department. (See affidavit of service attached as Exhibit G to the affirmation of Erika C. Aljens).

11. On March 9, 2005, the New York State Insurance Department forwarded the amended fourth-party summons and complaint to National Union. (See affidavit of Jeffrey Leung).

12. National Union received the amended fourth-party summons and complaint on March 14, 2005. (See affidavit of Jeffrey Leung).

13. On May 4, 2005, National Union answered the amended fourth-party complaint. (See answer attached as Exhibit H to the affirmation of Erika C. Aljens).

14. In its answer, National Union asserted in an affirmative defense that coverage under the policies issued to Trataros by National Union was barred due to the failure of Trataros and Travelers' to timely notify National Union of the claims in the subject litigation. (See answer attached as Exhibit H to the affirmation of Erika C. Aljens).

15. National Union's first notice of any claim or suit that would possibly implicate coverage under the policies issued to Trataros by National Union was receipt of the fourth-party complaint upon National Union on March 14, 2005. (See affidavit of Jeffery Leung).

16. National Union issued a Commercial Umbrella Policy to Trataros, with effective dates of April 1, 1999 to April 1, 2000 which was renewed for the period from April 1, 2000 to April 1, 2001 (the "National Union Policies").

17. The National Union Policies contain identical notice provisions as follows:

### VI. Conditions

F. Duties In The Event Of An **Occurrence,** Claim or **Suit**

1. You must see to it that we are notified as soon as practicable of an **Occurrence** which may result in a claim under this Policy. To the extent possible, notice should include:

   a. how, when and where the **Occurrence** took place;
   b. the names and addresses of any injured persons and witnesses; and
   c. the nature and location of any injury or damage arising out of the **Occurrence**

2. If a claim is made or **suit** is brought against any **Insured** that is reasonably likely to involve this policy you must notify us in writing as soon as practicable.

3. You and any other involved **Insured** must:

   a. immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or **suit**;
   b. authorize us to obtain records and other information
   c. cooperate with us in the investigation, settlement or defense of the claim or **suit**; and
   d. assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the **Insured** because of injury or damage to which this insurance may also apply.

(See certified copies of the National Union Policies attached as Exhibits L and M, respectively, to the affirmation of Erika C. Aljens).

18. The National Union Policies also define "suit" as follows: "a civil proceeding in which **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** to which this insurance applies is alleged." (See certified copies of the National Union Policies attached as Exhibits L and M, respectively, to the affirmation of Erika C. Aljens).

19. Under the National Union Policies, Trataros and Travelers were required to forward the August 4, 2004 third-party summons and complaint immediately to National Union. (See certified copies of the National Union Policies attached as Exhibits L and M, respectively, to the affirmation of Erika C. Aljens).

20. Trataros and Travelers did not forward the August 4, 2004 third-party summons and complaint until service of the fourth party complaint on March 2, 2005, a delay of over six months. (See affidavit of Jeffrey Leung).

21. Trataros and Travelers do not have a reasonable excuse for the six month delay. (Order dated June 25, 2008, p. 19 attached as Exhibit A to the affirmation of Erika C. Aljens).

Respectfully submitted,

New York, New York
August 7, 2008

Erika C. Aljens (EA-9781)
Law Offices of Green & Lavelle
12 MetroTech Center
28th Floor
Brooklyn, New York 11201
Tel: (718) 250-1400
*Attorneys for Fourth-Party Defendant*
*National Union Fire Insurance Company of Pittsburgh, Pa*