UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------
TRAVELERS CASUALTY AND SURETY COMPANY as
Administrator for RELIANCE INSURANCE COMPANY,

                            Plaintiff,

                            vs.

THE DORMITORY AUTHORITY OF THE STATE OF NEW
YORK, TDX CONSTRUCTION CORP. and KOHN,
PETERSON, FOX & ASSOCIATES, P.C.,

                            Defendants.
-----------------------------------------------------------------------------
DORMITORY AUTHORITY OF THE STATE OF NEW
YORK, and TDX CONSTRUCTION CORP.,

                            Third-Party Plaintiff,

                            vs.

TRATAROS CONSTRUCTION, INC.

                            Third-Party Defendants

-----------------------------------------------------------------------------
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

                            Fourth-Party Plaintiffs,

                            vs.

CAROLINA CASUALTY INSURANCE COMPANY,
BARTEC INDUSTRIES INC., DAYTON SUPERIOR
SPECIALTY CHEMICAL CORP., a/k/a DAYTON
SUPERIOR CORPORATION; SPECIALTY
CONSTRCUTION BRANDS INC. t/a TEC, KEMPER
CASAULTY INSURANCE COMPANY d/b/a KEMPER
INSURANCE COMPANY, GREAT AMERICAN
INSURANCE COMPANY, NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA.,
UNITED STATES FIRE INSURANCE COMPANY,

Civil Action No.:
07-CV-6915 (DLC)

ECF CASE

1

ALLIED WORLD ASSURANCE COMPANY (U.S.)
INC. f/k/a COMMERCIAL UNDERWRITERS INSURANCE
COMPANY, ZURICH AMERICAN INSURANCE COMPANY
d/b/a ZURICH INSURANCE COMPANY, OHIO CASUALTY
INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP,
HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a
HARLEYSVILLE INSURANCE COMPANY), JOHN DOES 1-20,
and XYZ CORPS. 1-12,

                                  **Fourth-party Defendants.**

---------------------------------------------------------------------------------
KOHN PEDERSEN FOX ASSOCIATES, P.C.

                                  **Third-Party Plaintiff,**

      -against-

WEIDLINGER ASSOCIATES CONSULTING ENGINEERS, P.C.,
CASTRO-BLANCO PISCIONERI AND ASSOCIATES,
ARCHITECTS, P.C., ARQUITECTONIA NEW YORK, P.C.,
COSENTINI ASSOCIATES, INC., CERMAK, PETERKA
PETERSEN, INC., JORDAN PANEL SYSTEMS CORP.,
TRATAROS CONSTRUCTION, INC. AND LBL SKYSYSTEMS
(U.S.A.), INC.

                                  **Third-Party Defendants.**
---------------------------------------------------------------------------------

### MEMORANDUM OF LAW IN SUPPORT OF FOURTH-PARTY DEFENDANT NATIONAL UNION'S MOTION FOR SUMMARY JUDGMENT

**I.    PRELIMINARY STATEMENT**

This Memorandum of Law is submitted in support of the motion by fourth-party defendant National Union Fire Insurance Company of Pittsburgh, Pa ("National Union") for summary judgment dismissing the fourth-party complaint on the grounds that the six month delay by Trataros Construction, Inc. ("Trataros") and Travelers Casualty and Surety Company, as subrogee and assignee of Trataros ("Travelers") in notifying

National Union of the claims by Trataros and Travelers was unreasonable and relieves National Union of any coverage obligation to Trataros.

## II.   UNDISPUTED FACTS

As noted in the Court's June 25, 2008 Order in this action, the claims of Trataros and Travelers ("Fourth Party Plaintiffs") allegedly arise from the design and construction of a 785,000 square foot building in Manhattan for the use of Baruch College (the "Project"). (See June 25, 2008 Order attached as Exhibit A to the affirmation of Erika C. Aljens). The Dormitory Authority of the State of New York ("DASNY"), as the "owner" of the Project on behalf of the City University of New York and Baruch College entered into multiple prime contracts for the design and construction. *Id.* Two of these Project contracts were awarded to Trataros. *Id.*

On June 28, 2004, Travelers as administrator of Reliance Insurance Company ("Reliance") originally commenced an action against DASNY seeking to recover damages related to the "Project". (See complaint attached as Exhibit C to the affirmation of Erika C. Aljens). Travelers also asserted their rights to act as an equitable subrogee and assignee of Trataros' rights and obligations. *Id.*

On August 4, 2004, DASNY commenced a third-party action against Trataros and Travelers seeking indemnification and contribution on the grounds that the work of Trataros and its subcontractors on the Project was defective, substandard and otherwise unacceptable. (See third-party complaint attached as Exhibit D affirmation of Erika C. Aljens). Trataros and Travelers acknowledged service of the third-party complaint as of September 13, 2004. (See stipulation attached as Exhibit E to the affirmation of Erika C. Aljens).

On February 17, 2005, Trataros and Travelers amended their complaint in the fourth-party action to add National Union as a fourth-party defendant. (See fourth-party complaint attached as Exhibit F to the affirmation of Erika C. Aljens). In their fourth-party complaint against National Union, Trataros and Travelers seek a judgment that National Union is obligated to provide coverage for the claims asserted against Trataros by DASNY in the event that DASNY is successful on its claims against Trataros. *Id.* National Union was served with the amended fourth-party complaint via the New York State Insurance Department on March 2, 2005. (See affidavit of service attached as Exhibit G to the affirmation of Erika C. Aljens).

On May 4, 2005, National Union answered the fourth-party complaint. (See answer attached as Exhibit H to the affirmation of Erika C. Aljens). In the answer, National Union asserted as an affirmative defense that coverage is barred under policies issued to Trataros by National Union Policies due to the failure by Trataros and Travelers to provide National Union with timely notice of the claims and suit against it. *Id.*

National Union's first notice of any claim or suit that could possibly involve policies issued by National Union to Trataros was receipt of the fourth-party complaint by National Union in March 2005. (See affidavit of Jeffery Leung submitted herewith).

National Union issued a Commercial Umbrella Policy to Trataros, with effective dates of April 1, 1999 to April 1, 2000, which was renewed for the period from April 1, 2000 to April 1, 2001 (the "National Union Policies," attached to the Aljens affirmation as Exhibits K and L, respectively).

The National Union Policies contain identical notice provisions which provide as follows:

**VI.   Conditions**

F. Duties In The Event Of An **Occurrence, Claim or Suit**

1. You must see to it that we are notified as soon as practicable of an **Occurrence** which may result in a claim under this Policy. To the extent possible, notice should include:

   a. how, when and where the **Occurrence** took place;
   b. the names and addresses of any injured persons and witnesses; and
   c. the nature and location of any injury or damage arising out of the **Occurrence**

2. If a claim is made or **suit** is brought against any **Insured** that is reasonably likely to involve this policy you must notify us in writing as soon as practicable.

3. You and any other involved **Insured** must:

   a. immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or **suit**;
   b. authorize us to obtain records and other information
   c. cooperate with us in the investigation, settlement or defense of the claim or **suit**; and
   d. assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the **Insured** because of injury or damage to which this insurance may also apply.

The National Union Policies also define "suit" as: "a civil proceeding in which **Bodily Injury, Property Damage, Personal Injury or Advertising Injury** to which this insurance applies is alleged."

### III.   ARGUMENT

#### A.   Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be granted to a moving party "if the pleadings, the discovery and disclosure

5

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Once the moving party establishes that there is an absence of any material dispute of fact, the burden shifts to the opposing party to set forth specific facts identifying genuine issues that are in dispute and for which a trial is necessary. Rule 56(e), Fed. R. Civ. P., *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### B. Trataros and/or Travelers Failed to Provide Timely Notice to National Union

There is no insurance coverage available under the National Union Policies for any of the claims asserted in this action due to the failure by Trataros and/or Travelers failure to provide timely notice of the claims to National Union. Under New York law, an insured is obligated to comply with the notice provisions in a policy as a condition precedent to coverage. *American Insurance Co. v. Fairchild Industries, Inc.*, 56 F.3d 435, 438 (2d Cir. 1995) (absent a valid excuse for the delay, an insurer is not obligated to provide coverage when an insured fails to provide timely notice); *Green Door Realty Corp. v. TIG Insurance Co.*, 329 F.3d 282, 287 (2d Cir. 2003) (a failure to provide timely notice is a complete defense to coverage); *New York v. Blank*, 27 F.3d 783, 794 (2d Cir. 1994) (a co-insurer has same obligation to ensure that the timely notice provisions are met).

Once a suit is filed, an insured is no longer entitled to assert a good faith belief in non-liability as a basis for not providing its insurer with notice of suit. *American Insurance Co. v. Fairchild Industries, Inc., supra; Mount Vernon Fire Insurance Co. v.*

*Abesol Realty Corp.,* 288 F.Supp.2d 302, (E.D.N.Y. 2003); *Travelers Casualty and Surety Co. v. DASNY,* 20008 WL 2567784 (S.D.N.Y. 2008).

New York courts have held that relatively short periods of unexcused delay are unreasonable as a matter of law. *American Home Assurance Co. v. Republic Insurance Co.,* 984 F.2d 76 (2d Cir. 1993) (36 day delay); *Deso v. London & Lancashire Indem. Co. of America,* 3 N.Y.2d 127, 164 N.Y.S.2d 689 (1957) (51 day delay); *Safer v. Government Employees Insurance Co.,* 254 A.D.2d 344, 678 N.Y.S.2d 667 (2nd Dept. 1998) (delay of over one month); *Winstead v. Uniondale Union Free School Dist.,* 201 A.D.2d 721, 608 N.Y.S.2d 487 (2nd Dept. 1994) (delay of one month); *Herold v. East Coast Scaffolding, Inc.,* 208 A.D.2d 592, 616 N.Y.S.2d 197 (2nd Dept. 1994) (three and a half month delay); *Zadrima v. PSM Insurance Co.,* 208 A.D.2d 529, 616 N.Y.S.2d 817 (2nd Dept. 1994) (four month delay).

In the matter at hand, counsel for Trataros and Travelers executed a stipulation acknowledging that service of the third-party complaint had been effectuated on September 13, 2004. Therefore, Trataros and Travelers were clearly aware that suit had been commenced no later than September 13, 2004. Notwithstanding the fact that Trataros and Travelers were aware of the suit for over six months, Trataros and Travelers did not provide any notice to National Union until the service of the fourth-party complaint on March 2, 2005.

Travelers, as a general liability insurer, was obviously aware that general liability policies contain provisions requiring an insured to provide its insurer with timely notice of a suit. Travelers cannot reasonably rely upon the argument that it was unaware that

there was a duty to notify the other insurers of DASNY's third-party lawsuit immediately.

## IV.  CONCLUSION

Trataros and Travelers cannot offer any reasonable excuse to explain their delay in notifying National Union of the third-party action and the delay was unreasonable as a matter of law. Therefore, National Union is entitled to summary judgment as a matter of law.

Respectfully submitted,

*New York, New York*
*August 7, 2008*

_____
Erika C. Aljens (EA-9781)
Law Offices of Green & Lavelle
12 MetroTech Center
28th Floor
Brooklyn, New York 11201
Tel: (718) 250-1400
***Attorneys for Fourth-Party Defendant***
***National Union Fire Insurance Company of***
***Pittsburgh, PA***