# Exhibit I

4/5/05

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

TRAVELERS CASUALTY AND SURETY COMPANY
As Administrator for RELIANCE INSURANCE COMPANY

          Plaintiff,

vs

THE DORMITORY AUTHORITY OF THE STATE OF
NEW YORK, TDX CONSTRUCTION CORP. and KOHN,
PERDERSON, FOX & ASSOCIATES, P.C.,

          Defendants,

---

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK,

          Third-Party Plaintiff,

vs

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

          Third-Party Defendants,

---

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

         Fourth-Party Plaintiffs,

vs

G.M. CROCETTI, INC., CAROLINA CASUALTY
INSURANCE COMPANY, BARTEC INDUSTRIES INC.,
DAYTON SUPERIOR SPECIALTY CHEMICAL CORP.,
SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC,
KEMPER CASUALTY INSURANCE COMPANY d/b/a
KEMPER INSURANCE COMPANY, GREAT AMERICAN
INSURANE COMPANY, NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA., UNITED
STATES FIRE INSURANCE COMPANY, ALLIED WORLD
ASSURANCE COMPANY (U.S.) INC. f/k/a COMMERCIAL
UNDERWRITERS INSURANCE COMPANY, ZURICH
AMERICAN INSURANCE COMPANY d/b/a ZURICH
INSURANCE COMPANY, OHIO CASUALTY INSURANCE

Civil Action No.: 04 Civ. 5101
          (HB)

**ECF CASE**

**ANSWER TO AMENDED
FOURTH-PARTY
COMPLAINT**

COMPANY d/b/a OHIO CASUALTY GROUP, HARLEYSVILLE
MUTUAL INSURANCE COMPANY (a/k/a HARLEYSVILLE
INSURANCE COMPANY, an insurer for BARTEC INDUSTRIES
INC.), JOHN DOES 1-20, and XYZ CORPS. 1-12,

      Fourth-Party Defendants.

---------------------------------------------------------------------------

  Zurich American Insurance Company ("Zurich"), sued herein incorrectly as Zurich American Insurance Company d/b/a Zurich Insurance Company, by its attorneys, Melito & Adolfsen P.C., answers the Fourth-Party Amended Complaint ("the Complaint"), upon information and belief, as follows:

  1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

  2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

  3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

  4.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

  5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

  6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

  7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

  8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. Denies the truth of the allegations contained in paragraph "13" of the Complaint except admits that Zurich is incorporated in the State of New York with its principal place of business in the State of Illinois.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint.

## FIRST COUNT AGAINST CROCETTI AND BARTEC

32. As and for a response to paragraph "32" of the Complaint, Zurich repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "31" of the Answer with the same force and effect as if fully set forth at length herein.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint and refers all questions of law to the Court.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Complaint and refers all questions of law to the Court.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Complaint and refers all questions of law to the Court.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Complaint and refers all questions of law to the Court.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint and refers all questions of law to the Court.



40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Complaint and refers all questions of law to the Court.

### SECOND COUNT AGAINST CROVETTI AND CAROLINA CASUALTY BY TRATROS ALONE

41. As and for a response to paragraph "41" of the Complaint, Zurich repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "40" of the Answer with the same force and effect as if fully set forth at length herein.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the Complaint.

### THIRD COUNT AGAINST CROCETTI AND CAROLINA CASUALTY BY TRAVELERS

45. As and for a response to paragraph "45" of the Complaint, Zurich repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "44" of the Answer with the same force and effect as if fully set forth at length herein.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Complaint and refers all questions of law to the Court.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "48" of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Complaint.

### FOURTH COUNT AGAINST CROCETTI AND BARTEC

52. As and for a response to paragraph "52" of the Complaint, Zurich repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "51" of the Answer with the same force and effect as if fully set forth at length herein.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "53" of the Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "54" of the Complaint and refers all questions of law to the Court.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" of the Complaint and refers all questions of law to the Court.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56" of the Complaint and refers all questions of law to the Court.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the Complaint and refers all questions of law to the Court.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" of the Complaint and refers all questions of law to the Court.

59. Denies the truth of the allegations contained in paragraph "59" of the Complaint and refers all questions of law to the Court.

## FIFTH COUNT AGAINST DAYTON AND TEC

60. As and for a response to paragraph "60" of the Complaint, Zurich repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "59" of the Answer with the same force and effect as if fully set forth at length herein.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "61" of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "62" of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "63" of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "64" of the Complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "65" of the Complaint.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "66" of the Complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "67" of the Complaint.

### SIXTH COUNT AGAINST JOHN DOES 1-20 AND XYZ CORPS. 1-12

68. As and for a response to paragraph "68" of the Complaint, Zurich repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "67" of the Answer with the same force and effect as if fully set forth at length herein.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "69" of the Complaint.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "70" of the Complaint.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "71" of the Complaint.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "72" of the Complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "73" of the Complaint.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "74" of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "75" of the Complaint.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "76" of the Complaint.

## SEVENTH COUNT AGAINST KEMPER, GREAT AMERICAN, NATIONAL UNION, U.S. FIRE, ALLIED, ZURICH, OHIO CAS., HARLEYSVILLE, AND XYZ CORPS. 1-12

77. As and for a response to paragraph "77" of the Complaint, Zurich repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "76" of the Answer with the same force and effect as if fully set forth at length herein.

78. Denies the truth of the allegations contained in paragraph "78" of the Complaint to the extent those allegations are directed against Zurich, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations and refers all questions of law to the Court.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "79" of the Complaint.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "80" of the Complaint and refers all questions of law to the Court.

81. Denies the truth of the allegations contained in paragraph "81" of the Complaint to the extent those allegations are directed against Zurich, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations and refers all questions of law to the Court.

82. Denies the truth of the allegations contained in paragraph "82" of the Complaint to the extent those allegations are directed against Zurich, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations and refers all questions of law to the Court.

83. Denies the truth of the allegations contained in paragraph "83" of the Complaint and refers all questions of law to the Court.



84.     Denies that Trataros and Travelers are entitled to declaratory relief that coverage exists as to the claims against Zurich or that it is entitled to compensatory damages, counsel fees and costs as alleged in paragraph "84" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Fourth-party plaintiffs are not Named Insureds or additional insureds under the Zurich Policy

### THIRD AFFIRMATIVE DEFENSE

Fourth-party plaintiffs have failed to satisfy all conditions precedent, including, but not limited to the standing requirements of New York Insurance Law section 3420(a).

### THIRD AFFIRMATIVE DEFENSE

Fourth-party plaintiffs' claims against Zurich are barred by lack of privity of contract.

### FOURTH AFFIRMATIVE DEFENSE

Fourth-party plaintiffs and/or other persons or entities seeking coverage herein have failed to comply with all of the terms and conditions of the Zurich Policy, including, but not limited to the conditions requiring timely notice of occurrence, claim and suit and requiring timely forwarding of suit papers.

### FOURTH AFFIRMATIVE DEFENSE

Fourth-party plaintiffs' claims are barred by the waiver and/or estoppel doctrines.

### FIFTH AFFIRMATIVE DEFENSE

If any claim is covered under the Zurich Policy, and is also covered, in whole or in part, under any other policy of insurance, such other insurance provides co-insurance and the Zurich

Policy shall apply only to its share of any defense and indemnity obligations pursuant to the policies' "other insurance" clauses.

### FIRST CROSS-CLAIM AGAINST FOURTH-PARTY DEFENDANTS

If the Court does not dismiss this action and grants a declaratory judgment and/or money award in favor of fourth-party plaintiffs against Zurich, then Zurich will be entitled to contribution and judgment over against one or more fourth-party defendants for a proportionate part of any recovery that plaintiffs may obtain against Zurich.

WHEREFORE, Zurich demands judgment:

(1)  Dismissing with prejudice the Complaint against Zurich in its entirety, or

(2)  Granting it judgment on its cross-claim against fourth-party defendants in the amount of any award against Zurich in this action;

(3)  Awarding Zurich its costs and attorneys' fees incurred in the defense of this action; and

(4)  Granting Zurich such other and further relief as this Court may deem just and proper.

Dated: New York, New York
April 5, 2005

MELITO & ADOLFSEN P.C.

By: _____
Ignatius John Melito (IM-2654)
S. Dwight Stephens (SS-2161)
233 Broadway
New York, New York 10279
(212) 238-8900
*Attorneys for Fourth-Party Defendant*
*Zurich American Insurance Company d/b/a*
*Zurich Insurance Company*

To:
    Guido Weber, Esq.
    Dreifuss Bonacci & Parker, LLP
    26 Columbia Turnpike, North Entrance
    Florham Park, New Jersey 07932
    (937) 514-1414
    *Attorneys for Fourth-Party Plaintiffs*
    *Trataros Construction, Inc. and Travelers*
    *Casualty and Surety Company*

    David Abramovitz, Esq.
    Zetlin & DeChiara, LLP
    801 Second Avenue
    New York, New York 10017
    *Attorneys for Defendant*
    *Kohn, Pederson, Fox & Associates, P.C.*

    Stephen B. Shapiro, Esq.
    Holland & Knight, LLP
    195 Broadway
    New York, New York 10007
    *Attorneys for Defendant*
    *Dormitory Authority of the State of New York*

    Gary L. Rubin, Esq.
    Mazur, Carp & Rubin, P.C.
    1250 Broadway, 38th Floor
    New York, New York 10001
    *Attorneys for Defendant*
    *TDX Construction Corp.*

    Jeremy Platek, Esq.
    O'Connor, Redd, Gollihue & Sklarin, LLP
    200 Mamaroneck Avenue
    White Plains, New York 10601
    *Attorneys for Fourth-Party Defendant Bartec Industries Inc.*

    Thomas M. DeSimone, Esq.
    Goldberg Segalla, LLP
    170 Hamilton Avenue, Suite 203
    White Plains, New York 10601
    *Attorneys for Fourth-Part Defendant Dayton Superior Specialty Chemical Corp.*

    Christian H. Gannon, Esq.
    Segal McCambridge Singer & Mahoney, Ltd.
    805 Third Avenue, 19th Floor
    New York, New York 10022
    *Attorneys for Fourth-Party Defendant Specialty Construction Brands, Inc. t/a TEC*

25821-1.doc

## AFFIDAVIT OF SERVICE BY MAIL

CITY OF NEW YORK      )
                      ) ss.:
COUNTY OF NEW YORK    )

ANDREW GARGANO, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at STATEN ISLAND, NEW YORK.

That on 5th day of April, 2005 deponent served the within **ANSWER TO AMENDED FOURTH-PARTY COMPLAINT** upon:

Guido Weber, Esq.
Dreifuss Bonacci & Parker, LLP
26 Columbia Turnpike, North Entrance
Florham Park, New Jersey 07932

David Abramovitz, Esq.
Zetlin & DeChiara, LLP
801 Second Avenue
New York, New York 10017

Stephen B. Shapiro, Esq.
Holland & Knight, LLP
195 Broadway
New York, New York 10007

Gary L. Rubin, Esq.
Mazur, Carp & Rubin, P.C.
1250 Broadway, 38th Floor
New York, New York 10001

Jeremy Platek, Esq.
O'Connor, Redd, Gollihue & Sklarin, LLP
200 Mamaroneck Avenue
White Plains, New York 10601

Thomas M. DeSimone, Esq.
Goldberg Segalla, LLP
170 Hamilton Avenue, Suite 203
White Plains, New York 10601

Christian H. Gannon, Esq.
Segal McCambridge Singer & Mahoney, Ltd.
805 Third Avenue, 19th Floor
New York, New York 10022

attorneys in this action, at the above address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

_____
ANDREW GARGANO

Sworn to before me this
5th day of April, 2005

_____
Notary Public

KAREN PHYLLIS NAUSLAR-PAPIR
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01NA6083751
QUALIFIED IN RICHMOND COUNTY
COMMISSION EXPIRES NOVEMBER 25, 2006