SUPREME COURT: COUNTY OF NEW YORK

------------------------------------------X

R & J CONSTRUCTION CORPORATION

                    Plaintiff,               :

                                             :     Index No.

        - against -                          :

TRATAROS CONSTRUCTION, INC.                  :
RELIANCE INSURANCE COMPANY, TRAVELERS        :
CASUALTY SURETY COMPANY OF AMERICA,
THE DORMITORY AUTHORITY STATE OF NEW         :
YORK, ALEXANDRIA TILE CORP., AMERICAN              VERIFIED COMPLAINT
WOODS & VENEER WORKS, INC.,                  :
ARCHITECTURAL MILLWORK INSTALLATION
CORP., BARTEC INDUSTRIES, INC.,              :
BAYSIDE FENCING, INC., COMPONENT
ASSEMBLY SYSTEMS INC., CONSTRUCTAMAX,        :
INC., CRAFT-TECH MFG CORP.,
G.M. CROCETTI INC.,  GOETZ FITZPATRICK,      :
LLP, KLEPP WOOD FLOORING CORP.,
L & L PAINTING CO., INC.,                    :
LBL SKYSYSTEMS CORPORATION, PORTER
ATHLETIC EQUIPMENT CO., REIDMAN              :
CONSTRUCTION CORP., and UNIVERSAL
SERVICES GROUP LTD.,                         :

                    Defendants.              :

------------------------------------------X

     Plaintiff, by its attorneys, Steven G. Rubin & Associates,

P.C. complaining of the defendants, alleges, upon information and

belief, as follows:

     1.    Plaintiff at all times hereinafter mentioned was and is

a domestic corporation with its principal place of business at

4435 Austin Boulevard, Island Park, New York 11558

     2.    At all times hereinafter mentioned defendant Trataros

Construction, Inc. ("Trataros") was and is a domestic corporation

with its principal place of business at 664 64th Street,

Brooklyn, New York 11220.

3.   At all times hereinafter mentioned, defendant Reliance Insurance Company ("Reliance") was and is a corporation organized and existing under and by virtue of the laws of the State of Pennsylvania and is licensed to do business as a surety company in the State of New York having offices at 6 Campus Drive, Parsippany, New Jersey 07054.

4.   At all times hereinafter mentioned, defendant Travelers Casualty and Surety Company of America ("Travelers") was and is a corporation organized and existing under and by virtue of the laws of the State of Connecticut and is licensed to do business as a surety company in the State of New York having offices at 399 Thornall Street Edison, New Jersey 08837.

5.   At all times hereinafter mentioned defendant The Dormitory Authority of the State of New York ("DASNY") was and is a public benefit corporation with the powers and privileges of a public benefit corporation, including the right to sue and be sued in its own name.

6.   At all times hereinafter mentioned defendant Alexandria Tile Corp. ("Alexandria") was and is a domestic corporation with an address c/o Ali Elsayed, 2337 80th Street, Brooklyn, New York 11214 and is made a party hereto by virtue of its filing of a mechanics lien on or about 1/31/03 in the sum of $200,000.00.

7.   At all times hereinafter mentioned defendant American Woods & Veneer Works, Inc. ("American") was and is a domestic corporation with a place of business at 47-25 27th Street, Long Island City, New York and is made a party hereto by virtue of its filing of a mechanics lien on or about 11/07/02 in the sum of

$32,105.00. American alleges to be a subcontractor to Constructamax.

8.    At all times hereinafter mentioned defendant Architectural Millwork Installation Corp.("Architectural") was and is a domestic corporation with an address 590 Elwood Road East Northport, New York 11731 and is made a party hereto by virtue of its filing of a mechanics lien on or about 9/23/02 in the sum of $152,169.15 which lien was discharged by bond on 11/29/02. Architectural alleges to be a subcontractor to Constructamax.

9.    At all times hereinafter mentioned defendant Bartec Industries, Inc. ("Bartec") was and is a New Jersey corporation with an address 453 Main Street, Little Falls, New Jersey 07424 and is made a party hereto by virtue of its filing of a mechanics lien on or about 2/14/03 in the sum of $37,519.00.

10.   At all times hereinafter mentioned defendant Bayside Fencing Inc. ("Bayside") was and is a domestic corporation with a place of business at 5815 217th Street, Bayside, New York 11364 and is made a party hereto by virtue of its filing of a mechanics lien on or about 3/15/01 in the sum of $57,998.21 which lien was discharged by bond on 5/01/01.

11.   At all times hereinafter mentioned defendant Component Assembly Systems, Inc. ("Component") was and is a domestic corporation with a place of business at 620 5th Avenue, Pelham, New York 10803 and is made a party hereto by virtue of its filing of a mechanics lien on or about 1/10/03 in the sum of $290,815.64 which lien was discharged by bond on 2/11/03.

12.   At all times hereinafter mentioned defendant Constructamax, Inc.("Constructamax") was and is a domestic corporation with a place of business at 37-10 30th Street, Long Island City, New York 11101 and is made a party hereto by virtue of its filing of a mechanics lien on or about 7/19/02 in the sum of $299,118.25, which lien was discharged by bond on 9/11/02.

13.   At all times hereinafter mentioned defendant Craft-Tech Mfg. Corp. ("Craft-Tech") was and is a domestic corporation with a place of business at 1750 Arctic Avenue, Bohemia, New York 11716 and is made a party hereto by virtue of its filing of a mechanics lien on or about 4/14/03 in the sum of $40,000.00.

14.   At all times hereinafter mentioned defendant G.M. Crocetti, Inc. ("Crocetti") was and is a domestic corporation with a place of business at 3960 Merritt Avenue, Bronx, New York 10466 and is made a party hereto by virtue of its filing of a mechanics lien on or about 3/25/03 in the sum of $883,312.00.

15.   At all times hereinafter mentioned defendant Goetz Fitzpatrick, LLP ("Goetz") was and is a domestic limited liability partnership with a place of business at One Penn Plaza, New York, New York 10119 and is made a party hereto by virtue of its filing of a lien on or about 4/21/03 in the sum of $9,754.23 and by virtue of its filing of a lien on or about 4/21/03 in the sum of $9,754.23.

16.   At all times hereinafter mentioned defendant Klepp Wood Flooring Corp. ("Klepp") was and is a domestic corporation with a place of business at 19 Hobby Street, Pleasantville, New York 10570 and is made a party hereto by virtue of its filing of

a mechanics lien on or about 6/2/03 in the sum of $67,806.00 and by virtue of its filing a mechanics lien on or about 6/2/03 in the sum of $28,165.79.

17. At all times hereinafter mentioned defendant L & L Painting Co., Inc. ("L & L")) was and is a domestic corporation with a place of business at 900 South Oyster Bay Road, Hicksville, New York 11801 and is made a party hereto by virtue of its filing of a mechanics lien on or about 8/6/02 in the sum of $133,923.61 which lien was discharged by bond on 9/4/02 and by virtue of its filing of a mechanics lien on or about 11/8/02 in the sum of $4,159.52.

18. At all times hereinafter mentioned defendant LBL Skysystems Corp. ("LBL Skysystems") was and is a domestic corporation with a place of business at One Cumberland Avenue, Plattsburgh, New York 12901 and is made a party hereto by virtue of its filing of a mechanics lien on or about 5/7/02 in the sum of $143,454.87 which lien was discharged by bond on 6/14/02, by virtue of its filing a mechanics lien on or about 5/8/02 in the sum of $575,934.38 which lien was discharged by bond on 6/14/02, by virtue of its filing a mechanics lien on or about 6/11/02 in the sum of $1,029,531.58 which lien was extended on 12/06/02 and which lien was discharged by bond on 8/21.02, by virtue of its filing a mechanics lien on or about 6/11/02 in the sum of $158,953.87 which lien was extended on 12/6/02 and which lien was discharged by bond on 8/21/02.

19. At all times hereinafter mentioned defendant Porter Athletic Equipment Co. ("Porter") was and is a foreign

corporation with a place of business at 202 Lincoln Square,
Urbana, Illinois 61801 and is made a party hereto by virtue of
its filing of a mechanics lien on or about 2/01/02 in the sum of
$47,319.22 which lien was extended on 1/30/03 and which lien was
discharged by bond on 3/15/02.

20. At all times hereinafter mentioned defendant Reidman
Construction Corp. ("Reidman") was and is a domestic corporation
with a place of business at 2455 Wilson Avenue Bellmore, New York
11701 and is made a party hereto by virtue of its filing of a
mechanics lien on or about 5/9/03 in the sum of $28,603.82.

21. At all times hereinafter mentioned defendant Universal
Services Group, Ltd. ("Universal") was and is a domestic
corporation an address 538 Westchester Avenue, Rye Brook, New
York 10573 and is made a party hereto by virtue of its filing of
a mechanics lien on or about 10/10/02 in the sum of $128,700.00
which lien was discharged by bond on 12/18/02.

                   Site B, Package No. 1 - General Construction Work,
                        Contract No. 15, DA #6500 1802 2176

22. Heretofore pursuant to public bidding and in compliance
with the laws made and provided therefor, Trataros entered into a
written contract with the Dormitory Authority whereby Trataros
was to perform work and supply materials for the project known as
Baruch College - Site B, Package No. 1 - General Construction
Work, Contract No. 15, DA #6500 1802 2176. ("prime contract no.
15").

23. In connection with the Prime Contract No. 15 and
pursuant to the terms and conditions thereof, on or about April

27, 1998 Trataros as principal, and Reliance Insurance Company, as surety, duly executed and delivered a labor and material payment bond (Bond Number B28 80 150) for said project guaranteeing payment of all monies due all persons supplying Trataros with labor and materials employed and used in carrying out said Prime Contract. (Ex. A)

24.  Heretofore, on or about March 24, 1999 plaintiff entered into an agreement with Trataros to furnish and install all necessary labor, material, and equipment to perform the Drywall work to be used in connection with the prime contract for the agreed price and fair and reasonable value of $9,321,800.00 ("subcontract/15"). (Ex. B)

25.  Plaintiff thereupon entered into the performance of the subcontract/15 and duly performed all of the terms and conditions of said subcontract/15 on its part to be performed.

### FIRST CAUSE OF ACTION AGAINST TRATAROS
(Undisputed Contract Balance)

26.  By reason of certain additions to and deductions from the work required to be performed by plaintiff, the agreed price and fair and reasonable value of said subcontract/15 was adjusted by Trataros by change orders in the sum of $2,220,521.47 making an adjusted contract amount of to the sum of $11,542,321.47.

27.  To date plaintiff has been paid no part of the said $11,542,321.47 except the sum of $11,099,829.59.

28.  By reason of the above, Trataros has breached the subcontract/15 in that there is due and owing from Trataros to

plaintiff the sum of $442,491.88, no part of which has been paid although duly demanded.

### SECOND CAUSE OF ACTION AGAINST TRATAROS
(Disputed Credit #43 Hoist Charges)

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs "26" through "28" of the complaint with the same force and effect as if fully set forth at length herein.

30. Contained within the change orders issue by Trataros totaling $2,220,521.47 as alleged in ¶26 above is a forced credit change order #43 regarding Hoist Charges in alleged forced back charge credit sum of $200,000.00.

31. The credit sum of $200,000.00 as demanded by Trataros is incorrect, inaccurate and improper.

32. The maximum credit amount to which Trataros could be entitled to a credit would be $105,000.00.

33. By reason of the above there is due and owing to the plaintiff from Trataros the additional sum of $95,000.00 representing the difference of the Hoisting credit of $200,000.00 less $105,000.00 no part of which has been paid although duly demanded.

### THIRD CAUSE OF ACTION AGAINST TRATAROS
(T & M work approved by TDX)

34. Plaintiff at the request of Trataros performed change order and additional work under subcontract/15 for the agreed price and fair and reasonable value of $38,920.01 as set forth on Exhibit C.

35. Said $38,920.01 was performed pursuant to DASNY Nds and/or GC issued change orders and approved in the sum of $38,920.01.

36. Plaintiff complied with all of the terms and conditions of subcontract/15 on its part to be performed as to said premium time and additional work totaling $38,920.01.

37. No part of said $38,920.01 has been paid by Trataros although duly demanded.

38. By reason of the above Trataros breached its agreement with plaintiff and as such there is due and owing to plaintiff the sum of $38,920.01 no part of which has been paid although duly demanded.

## FOURTH CAUSE OF ACTION AGAINST TRATAROS
### (T & M work on signed time)

39. Plaintiff at the request of Trataros performed change order and additional work under subcontract/15 for the agreed price and fair and reasonable value of $27,299.42 as set forth on Exhibit D.

40. Said $27,299.42 as performed and recorded on T & M tickets and invoiced pursuant to the terms of the subcontract/15.

41. Plaintiff complied with all of the terms and conditions of subcontract/15 on its part to be performed as to said additional T & M Ticket work totaling $27,299.42 as set forth on Exhibit C.

42. No part of said $27,299.42 has been paid by Trataros although duly demanded.

43.  By reason of the above Trataros breached its agreement with plaintiff and as such there is due and owing to plaintiff the sum of $27,299.42 no part of which has been paid although duly demanded.

44.  By reason of the above, there is due and owing from Trataros to plaintiff the sum of $27,299.42.

<u>FIFTH CAUSE OF ACTION AGAINST TRATAROS</u>
(Delay Claim Amount Approved by DASNY)

45.  Subcontract/15 (Ex. B) as well as the hereinafter alleged Subcontract/16 contains the amongst other things the following:

> "6.d   Should the performance of this subcontract be delayed, impacted or disrupted by any acts of the Contractor other subcontractors, or the Contractor's Suppliers, or delayed, impacted or disrupted by any acts or causes which would entitle the Contractor to an extension of time under the contract documents, the Subcontractor shall receive as an equitable extension of time for the performance of this Subcontract, but shall be entitled to any increase in the Subcontract Price or to damages or additional compensation as a consequence of such delays impacts, disruptions, or acceleration resulting therefrom unless the Owner is liable and pays Contractor for such delays, impacts, disruptions, or acceleration.  Contractor will pay the Subcontractor the amount allowed and paid by the Owner for the Subcontractor's delay, impact, disruption or acceleration. ..."

46.  Plaintiff's work was delayed, impacted or disrupted by acts of the Contractor other subcontractors, or the Contractor's Suppliers, and the Owner by unanticipated, unforeseeable, uncontemplated, grossly negligent, bad faith acts or causes which would entitle the Contractor to an extension of time under the contract documents and be entitle to an increase in the Subcontract Price or to damages or additional compensation as a consequence of such delays impacts, disruptions in an amount of

$1,853,960.

47. Trataros' unanticipated, unforeseeable, uncontemplated, grossly negligent, bad faith failure to progress its work and the work of its other subcontractors caused the work of the plaintiff to be delayed, impacted or disrupted thereby breaching its subcontract with plaintiff and causing plaintiff to be damaged in the sum of no less then $1,853,960.

48. Plaintiff, pursuant to the terms of the subcontract(s) submitted a claim to Trataros for said delays, impacts, disruptions, and/or acceleration which claim Trataros submitted to DASNY.

49. On or about February 10, 2003 DASNY approved an equitable adjustment amount of the subcontract(s) in the sum of $1,653,960. (Ex. E)

50. Of the amount of damages of $1,853,960 DASNY assumed responsibility (liability) of 60% of said $1,853,960 for a sum of $1,112,297 and agreed to pay Trataros said $1,112,297 less an amount previously advanced of $583,960 for a net sum of $528,337 indicating that the remaining sums were the responsibility (liability) of Trataros.

51. Trataros intentionally failed refused and neglected to process the change order to obtain said $528,337 and pay same to plaintiff.

52. By reason of the above Trataros breached its agreement with plaintiff damaging plaintiff in the sum of no less then $528,337.

53.   By reason of the above there is due and owing from Trataros to plaintiff the sum of $528,337, with interest from February 10, 2003,  no part of which has been paid although duly demanded.

### SIXTH CAUSE OF ACTION AGAINST TRATAROS
(Balance of Equitable Adjustment)

54.   Plaintiff repeats and realleges each and every allegation contained in paragraphs "45" through "53" of the complaint with the same force and effect as if fully set forth at length herein.

55.   Subcontract/15 (Ex. B) as well as the hereinafter alleged Subcontract/16 contains the amongst other things the following:

> "9.b With respect to any controversy between Contractor and Subcontractor bot involving Owner or the Contract Documents, Contractor shall issue a mutually acceptable decision, which shall be followed by Subcontractor.  If the Subcontractor is correct as to the controversy, Subcontractor shall be entitled to an equitable adjustment in the Subcontract Price as its Sole remedy.  Notification of any such claim for equitable adjustment must be asserted within ten (10) days of Subcontractor's knowledge of the claim."

56.   On or about February 14, 2003, (Ex. F) within ten 10 days of February 10, 2003 plaintiff notified Trataros and Reliance of its claim to an equitable adjustment of its contract price in the sum of $740,000 representing the 40% balance of equitable adjustment amount determined by DASNY to be the responsibility (liability) of Trataros by its own acts and the acts of its other subcontractors for which Trataros is liable.

57.   Trataros intentionally failed refused and neglected to pay plaintiff the sum of $740,000 representing the amount

plaintiff shall be entitled to as an increase in the Subcontract
Price or to damages or additional compensation as a consequence
of such delays impacts, disruptions, or acceleration resulting
therefrom other than the damages the Owner is liable.

58. Plaintiff complied with all of the terms and conditions
of the subcontracts on its part to be performed as to said
$740,000.

59. By reason of the above Trataros breached its agreement
with plaintiff damaging plaintiff in the sum of no less than
$740,000.

60. By reason of the above there is due and owing from
Trataros to plaintiff the sum of $740,000 with interest from
February 14, 2003, no part of which has been paid although duly
demanded.

### SEVENTH CAUSE OF ACTION AGAINST TRATAROS
( As Principal on Bond)

61. Plaintiff repeats and realleges each and every
allegation contained in paragraphs "26" through "60" of the
complaint with the same force and effect as if fully set forth at
length herein.

62. The labor and material payment bond provided by
Trataros, as principal, and Reliance, as surety, provided for a
direct right of action by a claimant such as plaintiff against
the defendants Trataros and Reliance, and joint and several
liability of the said defendants to claimants such as plaintiff.

63. More than 90 days have expired since the date on which
plaintiff last delivered materials or furnished labor pursuant to
the subcontract.

64. Less than one year has expired following the date on which Trataros ceased work of said prime contract.

65. Less than 1 year has expired since the last delivery of materials and furnishing of labor by the plaintiff to Trataros which is the subject matter of this action.

66. On or about November 25, 2002 plaintiff notified Trataros, Reliance and DASNY of its claim for $2,397,163.00 herein.

67. On or about January 29, 2003 Reliance acknowledged receipt of plaintiff's Notice of Claim herein.

68. On or about February 14, 2003 and June 6, 2003 plaintiff submitted additional information to Reliance with a copy to Trataros. As per such additional information it was indicated that including contract balance, change order and additional work, there was due and owing from Trataros to plaintiff the sum of $1,872,048.31 as more particularly set forth in causes of action First to Sixth herein.

69. Plaintiff complied with all of the terms and conditions of the bond on its part to be performed.

70. Trataros and Reliance have failed, refused and neglected to comply with their obligations under the bond.

71. By reason of the above, there is due and owing to the plaintiff from the defendant Trataros said sum of $1,872,048.31 no part of which has been paid, although duly demanded.

<u>EIGHTH CAUSE OF ACTION AGAINST RELIANCE</u>
(As Surety on Bond)

72. Plaintiff repeats and realleges each and every allegation contained in paragraphs "61" through "71" of the

complaint with the same force and effect as if fully set forth at length herein.

73.  The labor and material payment bond provided by Trataros as principal, and Reliance, as surety, provided for a direct right of action by a claimant such as plaintiff against the defendants Trataros and Reliance, and joint and several liability of the said defendants to claimants such as plaintiff.

74.  On or about February 14, 2003 and June 6, 2003 plaintiff provided additional information to Reliance and again made demand on Reliance for the sum of $1,872,048.31 as more particulary set forth in causes of action First to Sixth herein.

75.  Plaintiff complied with all of the terms and conditions of the bond on its part to be performed.

76.  Reliance has failed, refused and neglected to comply with its obligations under the bond.

77.  By reason of the above, there is due and owing to the plaintiff from the defendant Reliance said sum of $1,872,048.31 with interest no part of which has been paid, although duly demanded.

### NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Mechanic's Lien Foreclosure Contract 15)

78.  Plaintiff repeats and realleges each and every allegation contained in paragraphs "26" through "60" of the complaint with the same force and effect as if fully set forth at length herein.

79.  On or about the 20th day of November, 2002, pursuant to the provisions of the lien Law, the plaintiff duly filed with the

Comptroller of the State of New York and Chief Financial Officer
of the Dormitory Authority of the State of New York a Mechanic's
Lien, in due form, claiming the sum of $2,397,163.00, being the
amount owed the plaintiff as of November 20, 2002, as aforesaid,
against the interest of Trataros in monies due or to become due
under the aforementioned prime contract, to wit: Baruch College -
Site B, Package No. 1 - General Construction Work, Contract No.
15, DA #6500 1802 2176.  Such Notice of Mechanic's Lien was duly
and timely filed in form and in substance as appears from a true
copy thereof annexed hereto and made a part hereof as Exhibit G.
A copy of said lien with Notice of Filing was simultaneously
served by certified mail and by certified mail return receipt
requested on Trataros.

80.  Upon information and belief, at the time of filing of
the plaintiff's Notice of Lien, as aforesaid, there was due and
owing from the defendant DASNY to Trataros, under and pursuant to
the terms of said Prime Contract 15, no less than the sum of
$1,872,048.31.

81.  By reason of the foregoing, plaintiff has acquired a
valid lien upon said contract and upon the monies in the control
of the Dormitory Authority and Trataros applicable to the
construction of said public improvement to the extent of
$1,872,048.31 with interest from August 26, 2002.

82.  Plaintiff's lien has not been paid, canceled or
discharged, in whole or in part, except that said lien was
discharged by the filing of bond No 103845852 dated December 17,
2003 in the sum of $2,636,879.00 with Trataros as principal and

Travelers Casualty and Surety Company of America as Surety as to all judgments rendered in any action to enforce said lien up to the penal sum of the bond. (Ex. H)

83. Plaintiff has not commenced any other action for the collection of the amounts due herein.

84. Each of the defendants has or claims to have an interest in, claim or lien upon the monies due or to become due Trataros described in the lien attached as Exhibit G.

Site B, Package No. 2 - General Construction Work,
Contract No. 16, DA #6500 1802 2178

## TENTH CAUSE OF ACTION AGAINST TRATAROS
### (Undisputed Contract Balance)

85. Heretofore pursuant to public bidding and in compliance with the laws made and provided therefor, Trataros entered into a written contract with the Dormitory Authority whereby Trataros was to perform work and supply materials for the project known as Baruch College - Site B, Package No. 2 - General Construction Work, Contract No. 16, DA #6500 1802 2178. ("prime contract/16").

86. In connection with the Prime Contract and pursuant to the terms and conditions thereof, on or about September 1, 1998 Trataros as principal, and Reliance Insurance Company, as surety, duly executed and delivered a labor and material payment bond (Bond Number B28 80 353) for said project guaranteeing payment of all monies due all persons supplying Trataros with labor and materials employed and used in carrying out said Prime Contract. (Ex. I).

87. Heretofore, on or about February 7, 2001 plaintiff entered into an agreement with Trataros to furnish and install all necessary labor, material and equipment to perform the carpentry work to be used in connection with the prime contract for the agreed price and fair and reasonable value of $835,000.00 ("subcontract/16").

88. Plaintiff thereupon entered into the performance of the subcontract/16 and duly performed all of the terms and conditions of said subcontract/16 on its part to be performed.

89. By reason of certain additions to and deductions from the work required to be performed by plaintiff, the agreed price and fair and reasonable value of said subcontract was adjusted by Trataros by change orders in the sum of $106,143.12 making an adjusted contract amount of $922,143.12.

90. To date plaintiff has been paid no part of the said $922,143.12 except the sum of $869,616.70.

91. By reason of the above, Trataros has breached the subcontract in that there is due and owing from Trataros to plaintiff the sum of $52,526.42, no part of which has been paid although duly demanded.

### ELEVENTH CAUSE OF ACTION AGAINST TRATAROS
(Disputed Credit #6 Installation of Doors)

92. Plaintiff repeats and realleges each and every allegation contained in paragraphs "85" through "91" of the complaint with the same force and effect as if fully set forth at length herein.

93. Contained within the change orders issue by Trataros totaling $106,143.12 as alleged in ¶89 above is a forced credit

change order #6 regarding Installation of doors in alleged forced

back charge credit sum of $23,922.00.

94.   The credit sum of $23,922.00 as demanded by Trataros

is incorrect, inaccurate and improper.

95.   The maximum credit amount to which Trataros could be

entitled to a credit would be $5,600.00.

96.   By reason of the above there is due and owing to the

plaintiff from Trataros the additional sum of $18,322.00

representing the difference of the Hoisting credit of $23,922.00

less $5,600.00 no part of which has been paid although duly

demanded.

### TWELFTH CAUSE OF ACTION AGAINST TRATAROS
(Principal on Bond)

97.   Plaintiff repeats and realleges each and every

allegation contained in paragraphs "85" through "96" and

paragraph "54" of the complaint with the same force and effect as

if fully set forth at length herein.

98.   The labor and material payment bond provided by

Trataros, as principal, and Reliance, as surety, provided for a

direct right of action by a claimant such as plaintiff against

the defendants Trataros and Reliance, and joint and several

liability of the said defendants to claimants such as plaintiff.

99.   More than 90 days have expired since the date on which

plaintiff last delivered materials or furnished labor pursuant to

the subcontract.

100.  Less than one year has expired following the date on

which Trataros ceased work of said prime contract.

101. Less than one year has expired since the last delivery of materials and furnishing of labor by the plaintiff to Trataros which is the subject matter of this action.

102. On or about November 25, 2002 plaintiff notified Trataros, Reliance and DASNY of its claim for $70,849.00 herein.

103. Additionally on June 6, 2003 plaintiff provided Reliance with additional information and again made demand on Reliance for the sum of $70,848.42 and the portion of the equitable adjustment under subcontract/16.

104. Plaintiff complied with all of the terms and conditions of the bond on its part to be performed.

105. Defendants Trataros and Reliance have failed, refused and neglected to comply with their obligations under the bond.

106. By reason of the above, there is due and owing to the plaintiff from the defendant Trataros the sum of $70,848.42 and the portion of the equitable adjustment under subcontract/16 no part of which has been paid, although duly demanded.

<u>THIRTEENTH CAUSE OF ACTION AGAINST RELIANCE</u>
(Surety on Bond)

107. Plaintiff repeats and realleges each and every allegation contained in paragraphs "97" through "106" of the complaint with the same force and effect as if fully set forth at length herein.

108. The labor and material payment bond provided by Trataros as principal, and Reliance, as surety, provided for a direct right of action by a claimant such as plaintiff against the defendants Trataros and Reliance, and joint and several liability of the said defendants to claimants such as plaintiff.

109. Plaintiff complied with all of the terms and conditions of the bond on its part to be performed.

110. Defendant Reliance has failed, refused and neglected to comply with its obligations under the bond.

111. By reason of the above, there is due and owing to the plaintiff from the defendant Reliance the sum of $70,848.42 and the portion of the equitable adjustment under subcontract/16 with interest from November 25, 2002, no part of which has been paid, although duly demanded.

<u>FOURTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS</u>
(Mechanic's Lien Foreclosure Contract 16)

112. Plaintiff repeats and realleges each and every allegation contained in paragraphs "85" through "96" of the complaint with the same force and effect as if fully set forth at length herein.

113. On or about the 20th day of November, 2002, pursuant to the provisions of the lien Law, the plaintiff duly filed with the Comptroller of the State of New York and Chief Financial Officer of the Dormitory Authority of the State of New York a Mechanic's Lien, in due form, claiming the sum of $70,849.00, being the amount owed the plaintiff as aforesaid, against the interest of Trataros in monies due or to become due under the aforementioned prime contract, to wit: General Construction #2 - Contract #16, Brooklyn, New York 11220, DA #6500 1802 2178, JDE#61506. Such Notice of Mechanic's Lien was duly and timely filed in form and in substance as appears from a true copy thereof annexed hereto and made a part hereof as Exhibit J. A copy of said lien with Notice of Filing was simultaneously served by certified mail and

by certified mail return receipt requested on Trataros.

114. Upon information and belief, at the time of filing of the plaintiff's Notice of Lien, as aforesaid, there was due and owing from the defendant DASNY to Trataros, under and pursuant to the terms of said Prime Contract, no less than the sum of $70,849.00.

115. By reason of the foregoing, plaintiff has acquired a valid lien upon said contract and upon the monies in the control of the Dormitory Authority and Trataros applicable to the construction of said public improvement to the extent of $70,849.00.

116. Plaintiff's lien has not been paid, canceled or discharged, in whole or in part, except that said lien was discharged by the filing of bond No 103977235 dated January 17, 2003 in the sum of $77,933.90 with Trataros as principal and Travelers Casualty and Surety Company of America as Surety as to all judgments rendered in any action to enforce said lien up to the penal sum of the bond. (Ex. K)

117. Plaintiff has not commenced any other action for the collection of the amounts due herein.

118. Each of the defendants has or claims to have an interest in, claim or lien upon the monies due or to become due Trataros described in the lien attached as Exhibit K.

## FIFTEENTH CAUSE OF ACTION AGAINST RELIANCE
(Under §137 of State Finance Law)

119. Plaintiff repeats and realleges each and every allegation contained in paragraphs "26" through "118" of the complaint with the same force and effect as if fully set forth at

length herein.

120. As the payment bond issued by the surety, Reliance, was issued in connection with a public improvement project, State Finance Law Section 137 is incorporated therein.

121. Section 4(c) of Section 137 of the State Finance Law provides for reasonable attorney fees to plaintiff where it appears that the defense interposed is without substantial basis in fact and law.

122. The purpose of a labor and material payment bond is to have a surety, such as defendant Reliance herein, provide for payment in the event that the principal of said bond fails to pay just claims of claimants such as plaintiff.

123. Defendant Reliance has failed, refused and neglected to make payment to plaintiff without substantial basis in fact or law.

124. By reason of the above there is due and owing from the defendant Reliance to the plaintiff reasonable attorneys fees in an amount to be determined by the court in accordance with State Finance Law Section 137.

WHEREFORE, plaintiff R & J Construction Corporation demands judgment as follows:

(1)    On its first cause of action against Trataros Construction Inc. in the sum of $442,491.88 with interest from August 26, 2002;

(2)    On its second cause of action against Trataros Construction Inc. in the sum of $95,000.00 with interest from August 26, 2002;

(3)   On its third cause of action against Trataros Construction Inc. in the sum of $38,920.01 with interest from August 26, 2002;

(4)   On its fourth cause of action against Trataros Construction Inc. in the sum of $27,299.42 with interest from August 26, 2002;

(5)   On its fifth cause of action against Trataros Construction Inc. in the sum of $528,337 with interest form February 10, 2003;

(6)   On its sixth cause of action against Trataros Construction Inc. in the sum of $740,000 with interest from February 14, 2003;

(7)   On its seventh cause of action against defendant Trataros Construction Inc. in the sum of $1,872,048.31 with interest from November 25, 2002;

(8) On its eighth cause of action against defendant Reliance Insurance Company in the sum of $1,872,048.31 with interest from November 25, 2002;

(9)   On its ninth cause of action against all defendants;

(a)   adjudicating that its claim is a valid lien to the extent of $1,872,048.31 with interest from August 26, 2002 upon the monies due or to become due from the Dormitory Authority of the State of New York to Trataros Construction, Inc. under and by virtue of Contract #15, DA #6500 1802 2176 Baruch College - Site B, Package No. 1 - General Construction Work as aforesaid;

(b)   adjusting and determining the equities of all of the parties to this action, and determining the validity, extent

and priority of the claims and liens to be asserted herein, for the purpose of satisfying the condition of the bond;

      (c)  plaintiff have judgment for the enforcement of the lien against monies due or to become due the defendant Trataros Construction, Inc. from the Dormitory Authority of the State of New York in form only for the purpose of satisfying the condition of the bond;

      (d)  directing the defendant Travelers Casualty and Surety Company of America to pay over to the plaintiff the amount of its lien claim and claim of $1,872,048.31 herein with interest from August 26, 2002;

      (e)  that if for any reason said lien shall not be determined to be a valid lien for the sum of $1,872,048.31 or that there are insufficient funds to pay the amount determined to be due plaintiff that plaintiff have and recover judgment against defendants Trataros Construction, Inc., Travelers Casualty and Surety Company of America and Reliance Insurance Company for the amount adjudged with interest from November 20, 2002 and the costs and disbursements of this action;

    (10) On its tenth cause of action against defendant Trataros Construction Inc. in the sum of $52,526.42 with interest from August 26, 2002;

    (11) On its eleventh cause of action against defendant Trataros Construction Inc. in the sum of $18,322.00 with interest from August 26, 2002;

    (12) On its twelfth cause of action against defendant Trataros Construction Inc. in the sum of $70,848.42 and the

portion of the equitable adjustment under subcontract/16 with
interest from August 26, 2002;

(13) On its thirteenth cause of action against defendant
Reliance Insurance Company in the sum of $70,848.42 and the
portion of the equitable adjustment under subcontract/16 with
interest from November 20, 2002;

(14) On its fourteenth cause of action against all
defendants;

(a)  adjudicating that its claim is a valid lien to the
extent of $70,849.00 with interest from upon the monies
due or to become due from the Dormitory Authority of the State of
New York to Trataros Construction, Inc. under and by virtue of
Contract #16, Brooklyn, New York 11220 DA #6500 1802 2178, JDE
#61506 General Construction #2 as aforesaid;

(b)  adjusting and determining the equities of all of
the parties to this action, and determining the validity, extent
and priority of the claims and liens to be asserted herein, for
the purpose of satisfying the condition of the bond;

(c)  plaintiff have judgment for the enforcement of the
lien against monies due or to become due the defendant Trataros
Construction, Inc. from the Dormitory Authority of the State of
New York in form only for the purpose of satisfying the condition
of the bond;

(d)  directing the defendant Travelers Casualty and
Surety Company of America to pay over to the plaintiff the amount
of its lien and claim herein with interest from November 20,
2002;

(e)  that if for any reason said lien shall not be determined to be a valid lien or that there are insufficient funds to pay the amount determined to be due plaintiff that plaintiff have and recover judgment against defendants Trataros Construction, Inc., Travelers Casualty and Surety Company of America and Reliance Insurance Company for the amount adjudged with interest from November 20, 2002 and the costs and disbursements of this action;

(15) On its fifteenth cause of action against defendant Reliance Insurance Company for attorneys fees in an amount to be determined by this court;

(16) On all causes of action costs and disbursements and for such other and further relief as to the court may seem just and proper.


Dated: Lake Success, New York
       July 18, 2003


                    STEVEN G. RUBIN & ASSOCIATES, P.C.


                    BY: _____
                        Steven G. Rubin for the firm
                        Attorney for Plaintiff
                        R & J Construction Corporation
                        3000 Marcus Avenue
                        Suite 2E7
                        Lake Success, New York 11042
                        (516) 326-2530
                        File No. 1236.43/20386

STATE OF NEW YORK )
              :   ss.:
COUNTY OF NASSAU )

    Joseph M. Ferrara, being duly sworn, deposes and says;

    I am the Vice President of R & J Construction Corporation, plaintiff in the within action.

    I have read the foregoing Verified Complaint and know the contents thereof; the same is true to deponent's own knowledge except as to the matters therein based upon information and belief, and as to those matters deponent believes them to be true. The grounds for my belief consist of information in the files, books and records of R & J Construction Corporation.

                            Joseph M. Ferrara

Sworn to before me, this
18th day of July, 2003

          Notary Public

20386

STEVEN RUBIN
Notary Public, State of New York
No. 30-8895360
Qualified in Nassau County
Commission Expires Sept. 30, 2006

**EXHIBIT A**