**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY, | Civil Action No.: 04 Civ. 5101 (HB) **ECF CASE** |
| Plaintiff, | |
| vs | |
| THE DORMITORY AUTHORITY OF THE STATE OF NEW YORK, TDX CONSTRUCTION CORP. and KOHN, PEDERSON, FOX & ASSOCIATES, P.C., | **FOURTH-PARTY COMPLAINT** **and** |
| Defendants. | **CROSS-CLAIM AGAINST KPF** |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK, | |
| Third-Party Plaintiff, | |
| vs | |
| TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY, | |
| Third-Party Defendants | |
| TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY, | |
| Fourth-Party Plaintiffs, | |
| vs | |
| G.M. CROCETTI, INC., CAROLINA CASUALTY INSURANCE COMPANY, BARTEC INDUSTRIES INC., DAYTON SUPERIOR SPECIALTY CHEMICAL CORP., SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC, JOHN DOES 1-20, and XYZ CORPS. 1-20, | |
| Fourth-Party Defendants. | |

#32

## FOURTH-PARTY COMPLAINT

Fourth-Party Plaintiffs, Trataros Construction, Inc. and Travelers Casualty and Surety Company, by their attorneys, Dreifuss Bonacci & Parker, LLP, as and for their Fourth-Party Complaint against Fourth-Party Defendants, G.M. Crocetti, Inc., Carolina Casualty Insurance Company, Bartec Industries Inc., Dayton Superior Specialty Chemical Corp., Specialty Construction Brands, Inc. t/a TEC, John Does 1-20, and XYZ Corps. 1-20 alleges:

### *Parties, Jurisdiction, and Venue*

1.    Travelers Casualty and Surety Company (hereinafter "Travelers") is incorporated in the State of Connecticut and its principal place of business is situated at One Tower Square, 4PB, Hartford, Connecticut.

2.    Trataros Construction, Inc. (hereinafter "Trataros") was a corporation organized and existing under the laws of the State of New York.  At all times relevant to this Fourth-Party Complaint, Trataros' principal place of business was located at 664 64th Street, Brooklyn, New York.

3.    Upon information and belief, G.M. Crocetti, Inc. (hereinafter "Crocetti") is incorporated in the State of New York with its principal place of business located at 3960 Merritt Avenue, Bronx, New York, 10466.

4.    Upon information and belief, Carolina Casualty Insurance Company (hereinafter "Carolina Casualty") is incorporated in the State of Florida with its principal place of business located at 4600 Touchton Road East, Building 100, Suite 400, Jacksonville, Florida, 32246.

5.    Upon information and belief, Bartec Industries Inc. (hereinafter "Bartec") is incorporated in the State of New Jersey with its principal place of business located at 453 Main Street, Little Falls, New Jersey, 07424.

6.    Upon information and belief, Dayton Superior Specialty Chemical Corp.

2

(hereinafter "Dayton") is incorporated in the State of Kansas with its principal place of business located at 7777 Washington Village Drive, Suite 130, Dayton, Ohio 45459 and was formerly known as Conspec Marketing & Manufacturing Co., Inc.

7.      Upon information and belief, Specialty Construction Brands, Inc. t/a TEC (hereinafter "TEC") is incorporated in the State of Minnesota with its principal place of business located at 601 Campus Drive, No. C-7, Arlington Heights, Illinois 60006.

8.      The Court has jurisdiction over this Fourth-Party action pursuant to 28 U.S.C. § 1367(a).

9.      This Court is the proper venue for this Fourth-Party action under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

### Procedural Background Antecedent to this Fourth-Party Complaint

10.     On or about June 28, 2004, Plaintiff, Travelers Casualty & Surety Company as Administrator for Reliance Insurance Company brought an action in this Court against Defendants, The Dormitory Authority of the State of New York (hereinafter, "DASNY"), TDX Construction Corp. and Kohn, Pederson, Fox & Associates, P.C., which included claims for Trataros' entire contract balance and retainage, excessive costs caused by unreasonable delays and disruptions on the project, and professional negligence in connection with the preparation for and management of the project.

11.     On or about August 4, 2004, DASNY filed a Third-Party action against Travelers and Trataros seeking among other things, damages allegedly suffered as a result of delays or disruptions caused in whole or in part by Trataros and/or its subcontractors on the project, as well for alleged construction defects surrounding the installation of epoxy terrazzo.

12.     DASNY alleges in this litigation that "[t]he work performed by Trataros and its

3

subcontractors failed to satisfy the technical and quality requirements in Contract No. 15 and Contract No. 16 or accepted industry practices".

13.    DASNY further alleges that "[a]s a result of Trataros and subcontractors' failure to satisfy the technical and quality control requirements in Contract No. 15 and Contract No. 16 and accepted industry standards, significant portions of Trataros' work were defective, substandard, or otherwise unacceptable.  This nonconforming work had to be repaired or replaced at significant expense to DASNY".

14.    Specifically, DASNY singles out the epoxy terrazzo as having "begun to deteriorate and is otherwise defective".

15.    DASNY further alleges that "[t]he failure of the epoxy terrazzo was caused by defective workmanship by Trataros and its subcontractors, who, among other things, failed to properly prepare and install the material according to either the contract documents or the manufacturer's prescribed procedures".

16.    As a result, DASNY is seeking between $6,000,000.00 and $10,000,000.00 in damages against Travelers and Trataros.

<u>*Facts Common to All Counts of this Fourth-Party Complaint*</u>

17.    On or about September 18, 1998, Crocetti entered into a subcontract with Trataros in the amount of $3,008,000.00 for that portion of Trataros' Contract No. 16 relating to, among other things, interior stonework, precast terrazzo, and epoxy terrazzo.

18.    Carolina Casualty issued a Subcontract Performance Bond and Subcontract Labor Bond Material Payment Bond (No.: 075641) on Crocetti's behalf and in favor of Trataros relating to the subcontract in the amount of $3,008,000.00.

19.    Crocetti delivered the Carolina Casualty bonds to Trataros as a condition to entering into the subcontract.

20.     On or about May 12, 2000, Bartec entered into a subcontract with Trataros for that portion of Trataros' contract with DASNY relating to floor leveling including the furnishing and installation of underlayment material upon which epoxy terrazzo would be installed.

21.     Upon information and belief, Bartec used an underlayment material known as "Conflow", manufactured and supplied to Bartec by Dayton.

22.     Upon information and belief, "Conflow" was used by Bartec in preparing the areas designated to receive epoxy terrazzo flooring.

23.     Upon information and belief, Crocetti installed an epoxy terrazzo system manufactured by TEC consisting of, among other things, an epoxy membrane called "FlexGuard" and a flooring material called "Tuff-Lite 5".

*First Count*
*(Breach of Subcontracts—Indemnification & Exoneration against Crocetti and Bartec)*

24.     Travelers and Trataros repeat and reallege each and every allegation set forth above in this Fourth-Party Complaint as though set forth at length herein.

25.     Crocetti installed the epoxy terrazzo flooring system.

26.     Bartec prepared the concrete and underlayment upon which the epoxy terrazzo flooring would rest.

27.     If the trier of fact determines that DASNY's allegations (set forth more fully above concerning allegedly substandard work by Trataros' subcontractors, particularly work relating to the epoxy terrazzo) have merit, and Travelers and/or Trataros suffer a loss thereby, then Crocetti and/or Bartec breached their respective subcontracts to Trataros.

28.     In the event that DASNY succeeds in prosecuting its claim against Travelers and/or Trataros for the alleged defective workmanship involving the epoxy terrazzo and/or any other defective workmanship complained of by DASNY in this litigation, then Crocetti and/or

Bartec shall be liable to Travelers and/or Trataros for any loss that Travelers and/or Trataros may suffer as a result, to the extent that Crocetti and/or Bartec proximately caused the loss to Travelers and/or Trataros.

29.    The loss that Travelers and/or Trataros may suffer and for which Crocetti and/or Bartec would be liable could take the form of, but would not be limited to, the following: a judgment against Travelers and/or Trataros in favor of DASNY, a set-off in favor of DASNY with respect to money owed to Travelers and/or Trataros, or some diminution in the value of Travelers' and/or Trataros' claims against any party to this litigation or defenses thereto as a result of Crocetti's and/or Bartec's failure to perform properly under their respective subcontracts.

30.    In the event that Crocetti and/or Bartec are liable to Travelers and/or Trataros, then Travelers and/or Trataros are also entitled to exoneration, in which case Crocetti and/or Bartec would be required to relieve Travelers and/or Trataros from any burden of liability to DASNY to the extent that the liability to DASNY was proximately caused by Crocetti and/or Bartec.

31.    Travelers, as surety for Trataros, has the right to maintain the claims set forth in this Count against Crocetti and/or Bartec by way of equitable subrogation and/or legal assignment from Trataros.

32.    Travelers and Trataros are entitled to assert the claims set forth in this Count even if those claims are contingent on certain events and/or are not ripe.

*Second Count*
*(Performance Bond Claim against Crocetti and Carolina Casualty by Trataros alone)*

33.    Travelers and Trataros repeat and reallege each and every allegation set forth above in this Fourth-Party Complaint as though same were set forth at length herein.

34.     One of the Carolina Casualty bonds, called the Subcontract Performance Bond Form A, entitles Trataros to make a claim against the bond if Crocetti fails to promptly and faithfully perform its subcontract with Trataros.

35.     If the trier of fact determines that DASNY's allegations (set forth more fully above concerning substandard work by Trataros' subcontractors, particularly work relating to the epoxy terrazzo) have merit, and Travelers and/or Trataros suffer a loss thereby, then Crocetti failed to promptly and faithfully perform its subcontract with Trataros.

36.     In that event, Trataros will have a valid claim against Crocetti and Carolina Casualty jointly and severally under the Subcontract Performance Bond for any damages to Trataros proximately caused by Crocetti's failure to faithfully perform its subcontract with Trataros.

### Third Count
#### (Performance Bond Claim against Crocetti and Carolina Casualty
#### by Travelers)

37.     Travelers and Trataros repeat and reallege each and every allegation set forth above in this Fourth-Party Complaint as though same were set forth at length herein.

38.     Travelers, as surety for Trataros, has and/or may suffer losses in connection with this litigation that were proximately caused by Crocetti and/or Bartec.

39.     Travelers is equitably subrogated to the rights of Trataros, and is entitled to exercise those rights that Trataros had or may have had to pursue Crocetti and/or Carolina Casualty under the Subcontract Performance Bond.

40.     Furthermore, Travelers has or will receive an assignment from Trataros that will give Travelers legal rights to maintain an action against Crocetti and/or Carolina Casualty either in Trataros' name or in Travelers' own name.

41.     On the basis of equitable subrogation, Travelers has the equitable right to

7

maintain an action against Crocetti and Carolina Casualty under the Subcontract Performance Bond. Travelers currently has, or presently will have, legal rights against Crocetti and/or Carolina Casualty as a result of the assignment from Trataros.

42.     If the trier of fact determines that DASNY's allegations (set forth more fully above concerning substandard work by Trataros' subcontractors, particularly work relating to the epoxy terrazzo) have merit, and Travelers suffers a loss thereby, then Crocetti failed to promptly and faithfully perform its subcontract with Trataros.

43.     In that event, Travelers will have a valid claim against Crocetti and Carolina Casualty jointly and severally under the Subcontract Performance Bond for any loss suffered by Travelers proximately caused by Crocetti's failure to faithfully perform its subcontract with Trataros.

*Fourth Count*
*(Professional Negligence—Indemnification, Contribution, & Exoneration*
*against Crocetti and Bartec)*

44.     Travelers and Trataros repeat and reallege each and every allegation set forth above in this Fourth-Party Complaint as though same were set forth at length herein.

45.     In the alternative to a breach of contract, if the trier of fact determines that DASNY's allegations (set forth more fully above concerning substandard work by Trataros' subcontractors) have merit, and Travelers and/or Trataros suffer a loss thereby, then it will have occurred as a result of the acts or omissions of Crocetti including but not limited to the following:  (a) negligently choosing inappropriate materials for use on the project; (b) negligently failing to inspect the materials used on the project; and/or (c) negligently applying/installing the materials used on the project.

46.     If the trier of fact determines that DASNY's allegations (set forth more fully above concerning substandard work by Trataros' subcontractors) have merit, and Travelers

8

and/or Trataros suffer a loss thereby, then it will have occurred as a result of the acts or omissions of Bartec including but not limited to the following: (a) negligently choosing inappropriate materials for use on the project; (b) negligently failing to inspect the materials used on the project; and (c) negligently applying/installing the materials used on the project.

47.    In the event that DASNY succeeds in prosecuting its claims against Travelers and/or Trataros for the alleged defective workmanship involving the epoxy terrazzo and/or any other defective workmanship complained of by DASNY in this litigation, then Crocetti and/or Bartec shall be liable to Travelers and/or Trataros for any loss that Travelers and/or Trataros may suffer as a result, to the extent that Crocetti and/or Bartec proximately caused the loss to Travelers and/or Trataros.

48.    The loss that Travelers and/or Trataros may suffer and for which Crocetti and/or Bartec could be liable could take the form of, but would not be limited to, the following: a judgment against Travelers and/or Trataros in favor of DASNY, a set-off in favor of DASNY with respect to money owed to Travelers and/or Trataros, or some diminution in the value of Travelers' and/or Trataros' claims against any party to this litigation or defenses thereto as a result of Crocetti's and/or Bartec's negligence.

49.    In the event that Crocetti and/or Bartec are liable to Travelers and/or Trataros, then Travelers and/or Trataros are entitled to exoneration, in which case Crocetti and/or Bartec would be required to relieve Travelers and/or Trataros from any burden of liability to DASNY to the extent that the liability to DASNY was proximately caused by Crocetti and/or Bartec.

50.    Travelers, as surety for Trataros, has the right to maintain the claims set forth in this Count against Crocetti and/or Bartec by way of equitable subrogation and/or legal assignment from Trataros.

9

51.     Travelers and Trataros are entitled to assert the claims set forth in this Count even if those claims are contingent on certain events and/or are not ripe.

*Fifth Count*
*(Negligence, Breach of Contract, Breach of Warranty - Indemnification, Contribution & Exoneration against Dayton and TEC)*

52.     Travelers and Trataros repeat and reallege each and every allegation set forth above in this Fourth-Party Complaint as though same were set forth at length herein.

53.     If the trier of fact determines that DASNY's allegations (set forth more fully above concerning substandard work by Trataros' subcontractors) have merit, and Travelers and/or Trataros suffer a loss thereby, then it will have occurred as a result of the acts or omissions of Dayton including but not limited to the following: (a) negligently manufacturing and supplying materials used in the installation of epoxy terrazzo on the project such that the materials were defective and/or not proper for their intended use which was known or should have been known to Dayton; (b) negligently failing to inspect the materials for defects prior to their shipment for use on the project; and/or (c) breaching its contract with Bartec and/or any applicable warranties, express or implied, to supply a material that was suitable for use on this project.

54.     If the trier of fact determines that DASNY's allegations (set forth more fully above concerning substandard work by Trataros' subcontractors) have merit, and Travelers and/or Trataros suffer a loss thereby, then it will have occurred as a result of the acts or omissions of TEC including but not limited to the following: (a) negligently manufacturing the epoxy terrazzo system for incorporation into the project given that the system was defective and/or not proper for its intended use which was known or should have been known to TEC; (b) negligently failing to inspect the epoxy terrazzo system for defects prior to their shipment for use on the project; and/or (c) breaching any applicable warranties, express or implied, to supply a

10

material that was suitable for its intended use or suitable for use on this project.

55.    In the event that DASNY succeeds in prosecuting its claims against Travelers and/or Trataros for the alleged defective workmanship involving the epoxy terrazzo and/or any other defective workmanship complained of by DASNY in this litigation, then Dayton and/or TEC shall be liable to Travelers and/or Trataros for any loss that Travelers and/or Trataros may suffer as a result, to the extent that Dayton and/or TEC proximately caused the loss to Travelers and/or Trataros.

56.    The loss that Travelers and/or Trataros may suffer and for which Dayton and/or TEC would be liable could take the form of, but would not be limited to, the following:  a judgment against Travelers and/or Trataros in favor of DASNY, a set-off in favor of DASNY with respect to money owed to Travelers and/or Trataros, or some diminution in the value of Travelers' and/or Trataros' claims against any party to this litigation or defenses thereto as a result of Dayton and/or TEC's breach or negligence.

57.    In the event that Dayton and/or TEC are liable to Travelers and/or Trataros, then Travelers and/or Trataros are entitled to exoneration, in which case Dayton and/or TEC would be required to relieve Travelers and/or Trataros from any burden of liability to DASNY to the extent that the liability to DASNY was proximately caused by Dayton and/or TEC.

58.    Travelers, as surety for Trataros, has the right to maintain the claims set forth in this Count against Dayton and/or TEC by way of equitable subrogation and/or legal assignment from Trataros.

59.    Travelers and Trataros are entitled to assert the claims set forth in this Count even if those claims are contingent on certain events and/or are not ripe.

### Sixth Count
*(Breach of Subcontracts, Professional Negligence, and/or Simple Negligence—Indemnification,*

11

*Contribution & Exoneration against John Does 1-20 and XYZ Corps. 1-20)*

60.    Travelers and Trataros repeat and reallege each and every allegation set forth above in this Fourth-Party Complaint as though same were set forth at length herein.

61.    John Does 1-20 and XYZ Corps. 1-20 were subcontractors to Trataros, suppliers to Trataros, subcontractors to subcontractors of Trataros, suppliers to subcontractors of Trataros, or some other person or entity who were at the project at issue in this litigation.

62.    Given that DASNY did not identify all of the subcontractors of Trataros it alleges performed work that did not conform to the project contracts, specifications, plans, construction industry standards of good workmanship, and/or government codes/regulations, Travelers and Trataros are not able to ascertain at this time the identity of John Does 1-20 and XYZ Corps. 1-20.

63.    If the trier of fact determines that DASNY's allegations (set forth more fully above concerning substandard work by Trataros' subcontractors) have merit, and Travelers and/or Trataros suffer a loss thereby, then John Does 1-20 and/or XYZ Corps. 1-20 breached their respective subcontracts or other agreements that they entered into in connection with the project at issue in this litigation.

64.    In the event that DASNY succeeds in prosecuting its claim against Travelers and/or Trataros for the alleged defective workmanship and/or materials, John Does 1-20 and/or XYZ Corps. 1-20 shall be liable to Travelers and/or Trataros for any loss that Travelers and/or Trataros may suffer as a result to the extent that John Does 1-20 and/or XYZ Corps. 1-20 proximately caused the loss to Travelers and/or Trataros.

65.    The loss that Travelers and/or Trataros may suffer and for which John Does 1-20 and/or XYZ Corps. 1-20 would be liable could take the form of, but would not be limited to, the following: a judgment against Travelers and/or Trataros in favor of DASNY, a set-off in favor

of DASNY with respect to money owed to Travelers and/or Trataros, or some diminution in the value of Travelers' and/or Trataros' claims against any party to this litigation or defenses thereto as a result of John Does 1-20's and/or XYZ Corps. 1-20's negligence or breach.

66.    In the event that John Does 1-20 and/or XYZ Corps. 1-20 are liable to Travelers and/or Trataros, then Travelers and/or Trataros are entitled to exoneration, in which case John Does 1-20 and/or XYZ Corps. 1-20 would be required to relieve Travelers and/or Trataros from any burden of liability to DASNY to the extent that the liability to DASNY was proximately caused by John Does 1-20 and/or XYZ Corps. 1-20.

67.    Travelers, as surety for Trataros, has the right to maintain the claims set forth in this Count against John Does 1-20 and/or XYZ Corps. 1-20 by way of equitable subrogation and/or legal assignment from Trataros.

68.    Travelers and Trataros are entitled to assert the claims set forth in this Count even if those claims are contingent on certain events and/or are not ripe.

**WHEREFORE**, Fourth-Party Plaintiffs, Trataros Construction, Inc. and Travelers Casualty and Surety Company demand judgment against the Fourth-Party Defendants, G.M. Crocetti, Inc., Carolina Casualty Insurance Company, Bartec Industries Inc., Dayton Superior Specialty Chemical Corp., Specialty Construction Brands, Inc. t/a TEC, John Does 1-20, and XYZ Corps. 1-20 with the following relief:

a.    On the First Count, against Crocetti and Bartec for breach of contract, complete indemnification, and exoneration for all damages, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable;

b.    On the Second Count, against Crocetti and Carolina Casualty under the

Subcontract Performance Bond for all damages, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable;

c.      On the Third Count, against Crocetti and Carolina Casualty under the Subcontract Performance Bond for all damages, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable;

d.      On the Fourth Count, against Crocetti and Bartec on the grounds of professional negligence, or in the alternative simple negligence, for complete indemnification, contribution, and exoneration for all damages, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable;

e.      On the Fifth Count, against Dayton and TEC for complete indemnification, contribution, and exoneration for all damages, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable;

f.      On the Sixth Count, against John Does 1-20 and XYZ Corps. 1-20 for breach of contract, professional negligence and/or simple negligence, indemnification, contribution, and exoneration for all damages, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable.

## CROSSCLAIM AGAINST DEFENDANT KPF

Fourth-Party Plaintiffs, Trataros Construction, Inc. and Travelers Casualty and Surety Company, by its attorneys, Dreifuss Bonacci & Parker, LLP, as and for their Crossclaim against Defendant, Kohn Pederson Fox Associates, P.C. allege:

### *Parties, Jurisdiction, and Venue*

1.     Travelers Casualty and Surety Company (hereinafter "Travelers") is incorporated in the State of Connecticut and its principal place of business is situated at One Tower Square, 4PB, Hartford Connecticut.

2.     Trataros Construction, Inc. (hereinafter "Trataros") was at all relevant times a corporation organized and existing under the laws of the State of New York with its principal place of business located at 664 64th Street, Brooklyn, New York.

3.     Upon information and belief, Defendant Kohn Pederson Fox Associates, P.C. (hereinafter "KPF") is a professional corporation organized and existing under the laws of the State of New York, with its principal place of business located at 111 East 57th Street, New York, New York.

4.     The Court has jurisdiction over this Fourth-Party action pursuant to 28 U.S.C. § 1367(a).

5.     This Court is the proper venue for this Fourth-Party action under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

### *First Count*
### *(Indemnification and Exoneration)*

15

6.      Travelers and Trataros repeat and reallege each and every allegation set forth above in this Crossclaim, as well as Paragraphs 1 through 16 of the Fourth-Party Complaint, as though same were set forth at length herein.

7.      On or about August 2, 2004, DASNY answered the Complaint and filed a crossclaim against KPF alleging breach of contract and professional negligence in connection with KPF's work as the project architect.

8.      If the trier of fact determines that DASNY's allegations against KPF have merit, and Travelers suffers a loss thereby, then KPF shall be liable to Travelers and/or Trataros to the extent that Travelers' and/or Trataros' loss was proximately caused by KPF.

9.      Travelers is or may be equitably subrogated to the rights of DASNY and/or Trataros such that Travelers would have the right to maintain this crossclaim against KPF in its own name.

10.     In the event that KPF is liable to Travelers and/or Trataros, then Travelers and/or Trataros are entitled to exoneration, in which case KPF would be required to relieve Travelers and/or Trataros from any burden of liability to DASNY to the extent that the liability to DASNY was proximately caused by KPF.

11.     Travelers and/or Trataros are entitled to assert the claims set forth in this Count even if those claims are contingent on certain events and/or are not ripe.

**WHEREFORE**, Fourth-Party Plaintiffs/Crossclaimants, Trataros Construction, Inc. and Travelers Casualty and Surety Company demand judgment against the Crossclaim Defendant, Kohn Pederson Fox Associates, P.C. with the following relief:

a.      For breach of contract and/or professional negligence, complete indemnification, contribution, and exoneration for all damages, including consequential, in an amount to be

determined together with attorneys fees, costs, and any other relief that the Court deems just and

equitable.

Respectfully submitted,
**DREIFUSS BONACCI & PARKER, LLP**


By: _____/S/_____
Guido Weber (GW:1692)
*Attorneys for Fourth-Party Plaintiffs, Trataros*
*Construction, Inc. and Travelers Casualty and*
*Surety Company*
One Penn Plaza, 38th Floor
New York, New York 10119
*and*
26 Columbia Turnpike
North Entrance
Florham Park, New Jersey 07932
973-514-1414
***Please respond to New Jersey office***

Dated: November 30, 2004

TO:    Thomas V. Giordano, Esq.
       Zetlin & DeChiara, LLP
       801 Second Avenue
       New York, New York 10017
       *Attorneys for Defendant,*
         *Kohn, Pederson, Fox & Associates, P.C.*

       Stephen B. Shapiro, Esq.
       Holland & Knight, LLP
       195 Broadway
       New York, New York 10007
       *Attorneys for Defendant,*
         *Dormitory Authority of the State of New York*

       Gary L. Rubin, Esq.
       Mazur, Carp & Rubin, P.C.
       1250 Broadway, 38th Floor
       New York, New York 10001
       *Attorneys for Defendant,*
         *TDX Construction Corp.*