DOCKETED COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRAVELERS CASUALTY AND SURETY COMPANY as
Administrator for RELIANCE INSURANCE COMPANY,

Plaintiff,

vs.

THE DORMITORY AUTHORITY OF THE STATE OF
NEW YORK, TDX CONSTRUCTION CORP and KOHN,
PEDERSON, FOX & ASSOCIATES, P.C.,

Defendants.

ECF Case

Civil Action No.
04 Civ. 5101 (HB)

---

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK,

Third-Party Plaintiff,

vs.

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

Third-Party Defendants.

---

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

Fourth-Party Plaintiffs,

vs.

G.M. CROCETTI, INC., et al.

Fourth-Party Defendants.

---

ANSWER AND AFFIRMATIVE DEFENSES OF FOURTH-PARTY DEFENDANT
ALLIED WORLD ASSURANCE COMPANY (U.S.), INC. TO THE
AMENDED FOURTH-PARTY COMPLAINT

Defendant Allied World Assurance Company (U.S.) Inc. f/k/a/ Commercial Underwriters Insurance Company ("Allied World") by and through its attorneys, Mound Cotton Wollan & Greengrass, hereby alleges as follows for its answer and affirmative defenses to the amended fourth-party complaint of plaintiffs Trataros Construction and Travelers Casualty and Surety Company (the "Complaint"):

## PARTIES, JURISDICTION AND VENUE

1.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1 through 11 and 13 through 15 of the Complaint.

2.      Defendant denies the allegations contained in paragraph 12 of the Complaint.

3.      Defendant neither admits nor denies the allegations contained in paragraphs 16 and 17 of the Complaint and respectfully refers all questions of law to the Court.

## ANSWER TO FACTUAL STATEMENT

### Procedural Background Antecedent to this Amended Fourth-Party Complaint

4.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 18 through 24 of the Complaint.

### Facts Common To All Counts of this Amended Fourth-Party Complaint

5.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 25 through 31 of the Complaint.

Breach of Subcontracts - Indemnification & Exoneration Against Crocetti and Bartec

### First Count

6.     In response to paragraph 32 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 31 of the Complaint as if herein set forth in full.

7.     Defendant makes no response to the allegations contained in paragraphs 33 through 40 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 33 through 40 of the Complaint.

### Second Count

### Performance Bond Claim against Crocetti and Carolina Casualty by Trataros Alone

8.     In response to paragraph 41 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 40 of the Complaint as if herein set forth in full.

9.     Defendant makes no response to the allegations contained in paragraphs 42 through 44 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 42 through 44 of the Complaint.

## Third Count

### Performance Bond Claim against Crocetti and Carolina Casualty by Travelers

10.    In response to paragraph 45 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 44 of the Complaint as if herein set forth in full.

11.    Defendant makes no response to the allegations contained in paragraphs 46 through 51 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 46 through 51 of the Complaint.

## Fourth Count

### Professional Negligence - Indemnification, Contribution & Exoneration

### Against Crocetti and Bartec

12.    In response to paragraph 52 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 51 of the Complaint as if herein set forth in full.

13.    Defendant makes no response to the allegations contained in paragraphs 53 through 59 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 53 through 59 of the Complaint.

-4-

## Fifth Count

### Negligence, Breach of Contract, Breach of Warranty - Indemnification, Contribution & Exoneration Against Dayton and TEC

14.    In response to paragraph 60 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 59 of the Complaint as if herein set forth in full.

15.    Defendant makes no response to the allegations contained in paragraphs 61 through 67 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 61 through 67 of the Complaint.

## Sixth Count

### Breach of Subcontracts, Professional Negligence and/or Simple Negligence - Indemnification, Contribution & Exoneration

### Against John Does 1-20 and XYZ Corps. 1-12

16.    In response to paragraph 68 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 67 of the Complaint as if herein set forth in full.

17.    Defendant makes no response to the allegations contained in paragraphs 69 through 76 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 69 through 76 of the Complaint.

## Seventh Count

### Insurance Coverage against Kemper, Great American, National Union, US Fire, Allied, Zurich, Ohio Cas., Harleysville, and XYZ Corps. 1-12

18.    In response to paragraph 77 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 76 of the Complaint as if herein set forth in full.

19.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 78 of the Complaint, except admits that Commercial Underwriters Insurance Company ("CUIC") issued Comprehensive General Liability policy number BCG 004116 (the "CUIC policy") to Trataros Construction Co. Inc. and denies the allegations contained in paragraph 78 of the Complaint to the extent they pertain to Defendant Allied World.

20.    Defendant makes no response to the allegations contained in paragraphs 79 and 80 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 79 and 80 of the Complaint.

21.    Defendant makes no response to the allegations contained in paragraph 81 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies the allegations contained in paragraph 81 of the Complaint.

22.    Defendant makes no response to the allegations contained in paragraph 82 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such

allegations do pertain to this Defendant, Defendant denies the allegations contained in paragraph 82 of the Complaint.

23.    Defendant makes no response to the allegations contained in paragraph 83 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies the allegations contained in paragraph 83 of the Complaint.

24.    Defendant makes no response to paragraph 84 of the Complaint which contains only a description of the relief sought by the fourth-party plaintiffs.

### FIRST AFFIRMATIVE DEFENSE

25.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

26.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs have failed to perform their obligations under the CUIC policy.

### THIRD AFFIRMATIVE DEFENSE

27.    The claims asserted in the Complaint are barred, in whole or in part, by Plaintiffs' breach of the duty to give prompt notice.

### FOURTH AFFIRMATIVE DEFENSE

28.    The claims asserted in the Complaint are barred, in whole or in part, because one or more of Plaintiffs lack standing to sue under the CUIC policy.

## FIFTH AFFIRMATIVE DEFENSE

29.    The claims asserted in the Complaint are barred, in whole or in part, because Defendant Allied World has no duties to Plaintiffs under the CUIC policy, Allied World having assumed no responsibility for claims under the CUIC policy.

## SIXTH AFFIRMATIVE DEFENSE

30.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs have failed to join all persons needed for a just adjudication.

## SEVENTH AFFIRMATIVE DEFENSE

31.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs have failed to comply with all of the terms and conditions of the CUIC policy.

## EIGHTH AFFIRMATIVE DEFENSE

32.    The claims asserted in the Complaint are barred, in whole or in part, by the equitable doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

33.    The claims asserted in the Complaint are barred, in whole or in part, to the extent that the Fourth-Party Plaintiffs have impaired any of Defendant's rights under the CUIC Policy or any other relevant agreements.

## TENTH AFFIRMATIVE DEFENSE

34.     The claims asserted in the Complaint are barred, in whole or in part, by the equitable doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

35.     The claims asserted in the Complaint are barred, in whole or in part, by the theory of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

36.     The claims asserted in the Complaint are barred, in whole or in part, by the terms of the CUIC policy, which states, in part:

**3. Legal Action Against Us**

No person or organization has a right under this Coverage Part:

**a.**   To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

**b.**   To sue us on the Coverage Part unless all of its terms have been fully complied with.

## THIRTEENTH AFFIRMATIVE DEFENSE

37.     If and to the extent that the CUIC policy provides coverage for any part of Plaintiffs' claims, such coverage is excess of coverage provided by other carriers pursuant to the CUIC policy's "Other Insurance" provision and/or the CUIC policy's Subcontractor's Liability Insurance Endorsement and/or the CUIC policy's "Amendatory Endorsement Other Insurance Condition - Excess Insurance."

## FOURTEENTH AFFIRMATIVE DEFENSE

38.    If and to the extent that the CUIC policy provides coverage for any part of Plaintiffs' claims, such coverage applies subject to the terms relating to allocation contained in the CUIC policy, including but not limited to the terms of the "Other Insurance" provision and/or the CUIC policy's Subcontractor's Liability Insurance Endorsement and/or the CUIC policy's "Amendatory Endorsement Other Insurance Condition - Excess Insurance."

## FIFTEENTH AFFIRMATIVE DEFENSE

39.    If and to the extent that the CUIC policy provides coverage for any part of Plaintiffs' claims, such coverage is subject to all of the applicable terms, conditions and limits of the CUIC policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

40.    The claims asserted in the Complaint are barred, in whole or in part, by certain policy exclusions including but not limited to exclusions for Expected or Intended Injury, Contractual Liability, Damage to Property, Damage to "Your Work," Damage to Impaired Property, Property Not Physically Injured, and exclusions pertaining to acts or omissions by architects, engineers and other professionals.

## SEVENTEENTH AFFIRMATIVE DEFENSE

40.    Defendant reserves the right to rely on any additional terms or exclusions in the CUIC policy and/or affirmative defenses to Plaintiffs' claims for coverage the application of which is disclosed during the course of discovery.

## EIGHTEENTH AFFIRMATIVE DEFENSE

41.    Defendant reserves the right to amend its Answer to the Amended Fourth-Party

Complaint to assert affirmative defenses, policy terms or exclusions, counterclaims, or cross

claims, and to institute third-party actions, based on facts obtained through investigation and

discovery.

**WHEREFORE,** Defendant respectfully requests that this Court enter judgment

dismissing the amended fourth-party complaint in its entirety as against Allied World and

awarding Defendant costs of suit, attorneys' fees, and such other relief as this Court deems

proper.

Dated:    New York, New York
          April 19, 2005

                              MOUND COTTON WOLLAN & GREENGRASS

                              By: _____
                                  Diana E. Goldberg (DG-3283)
                                  One Battery Park Plaza
                                  New York, NY 10004-1486
                                  (212) 804-4200

                                  Attorneys for Fourth-Party Defendant Allied
                                  World Assurance Company (U.S.) Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of ANSWER AND AFFIRMATIVE DEFENSES OF FOURTH-PARTY DEFENDANT ALLIED WORLD ASSURANCE COMPANY (U.S.), INC. TO THE AMENDED FOURTH-PARTY COMPLAINT was served on April 19, 2005 by regular mail upon:

Guido Weber, Esq.
Dreifuss Bonacci & Parker, LLP
26 Columbia Turnpike
North Entrance
Florham Park, New Jersey 07932
*Attorneys for Fourth-Party Plaintiffs, Trataros Construction, Inc.*
*and Travelers Casualty and Surety Company*

Stephen B. Shapiro, Esq.
Holland & Knight, LLP
195 Broadway
New York, New York 10007
*Attorneys for Defendant, Dormitory Authority of the State of New York*

Gary L. Rubin, Esq.
Mazur, Carp & Rubin, P.C.
1250 Broadway, 38th Floor
New York, New York 10001
*Attorneys for TDX Construction Corp.*

David Abramovitz, Esq.
Zetlin & DeChiara, LLP
801 Second Avenue
New York, New York 10017
*Attorneys for Defendant Kohn, Pederson, Fox & Associates, P.C.*

Paul A. Winick, Esq.
Thelen Reid & Priest LLP
875 Third Avenue
New York, New York 10022
*Attorneys for Third-Party Defendant LBL Skysystems (U.S.A.), Inc.*

Robert Mark Wasko, Esq.
Torre Lentz Gamell Gary & Rittmaster LLP
100 Jericho Quadrangle, Suite 309
Jericho, New York 11753-2702
*Attorneys for Fourth-Party Defendants G.M. Crocetti, Inc. and Carolina Casualty Insurance Company*

1

Jeremy Platek, Esq.
O'Connor, Redd, Gollihue & Sklarin, LLP
200 Mamaroneck Avenue
White Plains, New York 10601
*Attorneys for Fourth-Party Defendant Bartec Industries Inc.*

Thomas M. DeSimone, Esq.
Goldberg Segalla, LLP
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
*Attorneys for Fourth-Party Defendant Dayton Superior Specialty Chemical Corp.*

Steven A. Coploff, Esq.
Steinberg & Cavaliere, LLP
50 Main Street, Suite 901
White Plains, New York 10606
         and
George J. Manos, Esq.
David N. Larson, Esq.
Bollinger, Ruberry & Garvey
500 West Madison, Suite 2300
Chicago, IL 60661
*Attorneys for Fourth-Party Defendant American Motorist Insurance Company, improperly sued
herein as Kemper Casualty Insurance Company d/b/a Kemper Insurance Company*

Christian H. Gannon, Esq.
Segal McCambridge Singer & Mahoney, Ltd.
805 Third Avenue, 19th Floor
New York, New York 10022
*Attorneys for Fourth-Party Defendant Specialty Construction Brands, Inc. t/a TEC*


Diana E. Goldberg (DG-3283)
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, NY  10004-1486

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

TRAVELERS CASUALTY AND SURETY COMPANY as
Administrator for RELIANCE INSURANCE
COMPANY,

                          Plaintiffs,

          -against-

DORMITORY AUTHORITY - STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN PEDERSON
FOX ASSOCIATES, P.C.,

                          Defendants.

----------------------------------------X
DORMITORY AUTHORITY OF THE STATE OF NEW
YORK and TDX CONSTRUCTION CORP.,

          Third-Party Plaintiffs,

          -against-

TRATAROS CONSTRUCTION, INC.,

          Third-Party Defendant.
----------------------------------------X

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

          Fourth-Party Plaintiffs,

          -against-

CAROLINA CASUALTY INSURANCE COMPANY;
BARTEC INDUSTRIES, INC,; DAYTON SUPERIOR
SPECIALTY CHEMICAL CORP. a/k/a DAYTON
SUPERIOR CORPORATION; SPECIALTY
CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER
CASUALTY INSURANCE COMPANY d/b/a KEMPER
INSURANCE COMPANY; GREAT AMERICAN
INSURANCE COMPANY; NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, P.S.;
UNITED STATES FIRE INSURANCE COMPANY;
NORTH AMERICAN INSURANCE COMPANY; ALLIED
WORLD ASSURANCE COMPANY (U.S.) f/k/a

**ANSWER    TO    AMENDED
FOURTH PARTY COMPLAINT
AND CROSS-CLAIMS**

*Civil Action No.*
07-cv-6915

**Defendant Demands
Trial by Jury**

COMMERICAL    UNDERWRITERS    INSURANCE
COMPANY;    ZURICH    AMERICAN    INSURANCE
COMPANY d/b/a ZURICH INSURANCE COMPANY
d/b/a OHIO CASUALTY GROUP; HARLEYSVILLE
MUTUAL    INSURANCE    COMPANY    (a/k/a
HARLEYVILLE INSURANCE COMPANY); JOHN DOES
1-20 and XYZ CORPS. 1-19    ,

                  Fourth-Party Defendants.
----------------------------------------X

        Defendant NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS

SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY,

by its attorney SMITH MAZURE DIRECTOR WILKINS YOUNG & YAGERMAN,

P.C. as and for its answer to the complaint and as and for its

cross-claims, upon information and belief, sets forth as follows:

**Parties Jurisdiction and Venue:**

        1.    Denies any knowledge or information sufficient to form

a belief as to the truth of the allegations contained in the

paragraphs of the amended fourth party complaint herein designated

as: "1".

        2.    Denies any knowledge or information sufficient to form

a belief as to the truth of the allegations contained in the

paragraphs of the amended fourth party complaint herein designated

as: "2"

        3.    Denies any knowledge or information sufficient to form

a belief as to the truth of the allegations contained in the

paragraphs of the amended fourth party complaint herein designated

as: "3"

4.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "4".

5.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "5".

6.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "6".

7.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "7".

8.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "8".

9.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "9".

- 3 -

10.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "10".

11.    Defendant admits the allegations contained in the paragraph of the amended fourth party complaint designated as: "11".

12.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "12".

13.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "13".

14.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "14".

15.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "15".

16. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "16".

17. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "17"

**Interested Non-Parties**

18. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "18".

19. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "19".

**Procedural Background**

20. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "20".

21. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

- 5 -

paragraphs of the amended fourth party complaint herein designated as: "21".

22.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "22".

23.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "23".

24.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "24".

25.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "25".

26.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "26".

27.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

paragraphs of the amended fourth party complaint herein designated as: "27".

28.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "28".

29.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "29".

30.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "30".

**Facts Common to all Counts**

31.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "31".

32.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "32".

33.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "33".

34.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "34".

35.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "35".

36.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "36".

37.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "37".

38.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "38".

39.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "39".

40.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "40".

41.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "41".

42.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "42".

43.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "43".

44.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "44".

45.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "45".

46.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "46".

47.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "47".

48.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "48".

49.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "49".

50.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "50".

51. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "51".

52. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "52".

53. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "53".

54. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "54".

55. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "55".

56. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "56".

57.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "57".

58.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "58".

59.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "59".

60.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "60".

61.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "61".

62.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "62".

- 12 -

**First Count**

63.  As and for its response to each and every allegation contained in paragraph "63" of the amended fourth-party complaint, the third-party defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

64.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "64".

65.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "65".

66.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "66".

67.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "67".

68.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "68".

69.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "69".

70.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "70".

71.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "71".

**Second Count**

72.    As and for its response to each and every allegation contained in paragraph "72" of the amended fourth party complaint, the fourth party defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

73.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

- 14 -

paragraphs of the amended fourth party complaint herein designated as: "73".

74.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "74".

75.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "75".

76.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "76".

77.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "77".

78.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "78".

**Third Count**

79.   As and for its response to each and every allegation contained in paragraph "79" of the amended fourth complaint, the fourth party defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

80.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "80".

81.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "81".

82.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "82".

83.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "83".

84.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

paragraph of the amended fourth party complaint herein designated as: "84".

85.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "85".

**Fourth Count**

86.  As and for its response to each and every allegation contained in paragraph "86" of the amended fourth party complaint, the fourth-party defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

87.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "'87".

88.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "88".

89.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "89".

**Fifth Count**

90.    As and for its response to each and every allegation contained in paragraph "'90" of the amended fourth party complaint, the fourth party defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

91.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "91".

92.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "92".

93.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "93".

94.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "94".

95.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "95".

96.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "96".

97.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "97".

**Sixth Count**

98.   As and for its response to each and every allegation contained in paragraph "98" of the amended fourth party complaint, the fourth-party defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

99.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "99".

100. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

- 19 -

paragraph of the amended fourth party complaint herein designated as: "100".

101. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "101".

102. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "102".

103. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "103".

104. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "104.

105. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "105".

**Seventh Count**

106. As and for its response to each and every allegation contained in paragraph "106" of the amended fourth party complaint, the fourth-party defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

107. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "107"

108. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "108".

109. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "109".

110. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "110".

111. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

paragraph of the amended fourth party complaint herein designated as: "111".

112. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "112".

113. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "113".

**Eighth Count**

114. As and for its response to each and every allegation contained in paragraph "114" of the amended fourth party complaint, the fourth party defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

115. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "115".

116. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "116".

- 22 -

117. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "117".

118. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "118".

119. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "119".

120. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "120".

121. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "121".

122. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "122".

**Ninth Count**

123. As and for its response to each and every allegation contained in paragraph "123" of the amended fourth party complaint, the fourth party defendant repeats, reiterates, and realleges each and every admission, denial, and allegation heretofore made with the same force and effect as if set forth at length hereat.

124. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "124".

125. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "125".

126. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "126".

127. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "127".

128. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

- 24 -

paragraph of the amended fourth party complaint herein designated as: "128".

129. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "129".

130. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "130".

131. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "131".

132. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "132".

133. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "133".

134. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

paragraph of the amended fourth party complaint herein designated as: "134".

135. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "135".

136. Denies each and every allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "136".

137. Denies each and every allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "137" as to North American Specialty and denies any knowledge or information sufficient to form a belief as all other entities and refers all issues of law to this Honorable Court.

138. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "138".

139. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "139".

140. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

paragraph of the amended fourth party complaint herein designated as: "140'".

141. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "141".

142. Denies each and every allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "142" as to setting forth that North American Specialty Insurance Company issued, without limitations, certain insurance policies and denies knowledge or information sufficient to form a belief as to any other entity and refers all issues of law to this Honorable Court.

143. Denies each and every allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "143" as to North American Specialty Insurance Company and denies knowledge or information to form a belief as to any other entity and refers all issues of law to this Honorable Court.

144. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "144".

145. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the

paragraph of the amended fourth party complaint herein designated as: "145".

146. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the amended fourth party complaint herein designated as: "146"

147. Denies each and every allegations contained in the paragraphs of the amended fourth party complaint herein designated in the paragraph of the amended fourth party complaint as: "147" as to North American Specialty Insurance Company and denies any knowledge or information sufficient to form a belief as to other insurer and refers all issues of law to this Honorable Court.

148. Denies each and every allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "148" as to North American Specialty Insurance Company and denies any knowledge or information sufficient to form a belief as to other insurer and refers all issues of law to this Honorable Court.

149. Denies each and every allegations contained in the paragraphs of the amended fourth party complaint herein designated in the paragraph of the amended fourth party complaint as: "148" as to North American Specialty Insurance Company and denies any knowledge or information sufficient to form a belief as to other insurer and refers all issues of law to this Honorable Court.

150. Denies each and every allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "150".

151. Denies each and every allegations contained in the paragraphs of the amended fourth party complaint herein designated as: "151".

### FIRST AFFIRMATIVE DEFENSE:

The Complaint fails to state a claim upon which relief may be granted against NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a justiciable controversy as to NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY.

### THIRD AFFIRMATIVE DEFENSE

To the extent the plaintiffs claim to be an insured or claim any other entity, including but not limited to Dormitory Authority State of New York to be an insured under the NORTH AMERICAN SPECIALTY INSURANCE COMPANY policy, their claims are barred as a result of their failure to provide timely and proper notice of the underlying occurrence or the litigation brought against NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY and otherwise comply with the conditions set forth in the NORTH AMERICAN SPECIALTY INSURANCE

- 29 -

COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that all conditions precedent and subsequent to the triggering of any obligation of liability, coverage, and/or a duty to defend, if any, under the NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy at issue herein have not been fulfilled, NORTH AMERICAN SPECIALTY INSURANCE COMPANY has no obligation to the plaintiffs and/or entity claiming to be an insured thereunder.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of plaintiffs' claims against NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY are or may be barred in whole or in part by laches, waiver, estoppel and/or the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of plaintiffs' claims against NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY are or may be barred in whole or in part by release and/or accord and satisfaction.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of the plaintiffs' claims against NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY are or may be barred in whole or in part by applicable statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to join parties necessary to the adjudication of this action.

### NINTH AFFIRMATIVE DEFENSE

To the extent that some or all of the circumstances alleged do not constitute an "occurrence", were not fortuitous or were "expected" or "intended" from the standpoint of the insured, as those terms are used and defined in the NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy, coverage is precluded.

### TENTH AFFIRMATIVE DEFENSE

The NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy herein excludes coverage for reimbursement of payments made by or on behalf of any person or entity claiming to be an insured hereunder without the consent of NORTH AMERICAN SPECIALTY INSURANCE COMPANY.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs are not insureds under the NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy, they are not entitled to any coverage thereunder.

### TWELFTH AFFIRMATIVE DEFENSE

The NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy provides no coverage for, loss or damage which constitutes, represents, or arises out of fines, penalties or punitive or exemplary damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery against NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY must be reduced to the extent plaintiffs have failed to mitigate, minimize or avoid its claimed damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY liability, if any, under the NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy herein does not attach unless and until any and all underlying limits and coverages have been exhausted by payment of losses and any and all underlying self-insured retentions and/or

deductibles have been paid by any entity claiming to be an insured thereunder.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that any entity claiming to be an insured has failed to perform all of its obligations under the NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy at issue herein, any recovery thereunder may be barred.

### SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims at issue may be barred in whole or in part by the limits of liability, endorsements, and other terms, conditions, limitations and exclusions in the NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by reason of the existence of other insurance policies, including policies with respect to which NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy were previously, subsequently or contemporaneously effective, and by reason of the "other insurance" condition in the NORTH AMERICAN SPECIALTY INSURANCE COMPANY policy.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent it may be determined that any loss sustained by plaintiff is covered under the NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY policy at issue herein, such loss is subject to the applicable limits of liability of such policy.

### NINETEENTH AFFIRMATIVE DEFENSE:

To the extent that the occurrence to be covered did not occur during the policy period of any insurance issued by NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY, no coverage would be owed.

### TWENTIETH AFFIRMATIVE DEFENSE:

To the extent that the allegations against plaintiff falls outside the scope of the insuring agreement, and including but not limited to breach of contract delay damages, no coverage is owed.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY may have additional defenses that cannot be articulated due to the generality of the Complaint, the failure of any person or entity to provide information regarding this matter beyond the Complaint and/or the stage of this litigation, Accordingly, NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL

- 34 -

UNDERWRITERS INSURANCE COMPANY reserves its rights to supplement the foregoing and to assert additional defenses as may appear after plaintiffs particularize their claims, and after discovery of information concerning the matters set forth in the Complaint.

### TWENTY SECOND AFFIRMATIVE DEFENSE

To the extent that any aspect of the claim would be excluded as noted in the declination letter issued and dated July 20, 2005 to Trataros Construction, no coverage would be owed.

### TWENTY THIRD AFFIRMATIVE DEFENSE

To the extent that any portion of the claim is expected or intended injury contractual liability, damage to your work, damage to impaired property and/or damage to property not physically injured as defined by the policy of insurance, no coverage is owed.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

To the extent that the allegations, occurrence or damages do not occur within the applicable policy period, no coverage is owed.

### ANSWER TO CROSS-CLAIMS

NORTH AMERICAN SPECIALTY INSURANCE COMPANY AS SUCCESSOR IN INTEREST TO COMMERCIAL UNDERWRITERS INSURANCE COMPANY, by way of answer to any cross-claims filed or to be filed by any other defendant, denies each and every such claim in its entirety.

- 35 -

WHEREFORE, defendant demands judgment dismissing the amended fourth party complaint of plaintiff against him, together with the costs and disbursements of this action.

Dated:  New York, New York
        May 12, 2008

SMITH MAZURE DIRECTOR WILKINS YOUNG & YAGERMAN, P.C.

By: _____
    JOEL M. SIMON (JS1077)
    For the Firm
    SMITH MAZURE DIRECTOR WILKINS YOUNG & YAGERMAN, P.C.
    Attorneys for Fourth-Party Defendants North American Specialty Insurance Company as successor in interest to Commercial Underwriters Insurance Company.
    111 John Street, 20th Floor
    New York, New York 10038-3198
    (212) 964-7400
    Our File No.  NAS-00285/JMS

TO:
DREIFUSS, BONACCI & PARKER LLP
Attorney for Plaintiff
Travelers Casualty and Surety Company and Trataros Construction, Inc.
26 Columbia Turnpike, North Entrance
Florham Park, NJ 07932
(973) 514-1414
File: Please Advise

HOLLAND KNIGHT LLP
Attorney    for    Defendant/Third-Party Plaintiffs
Dormitory Authority- State of New York, TDX Construction Corp.
195 Broadway
New York, NY 10007
(212) 513-3242
File: Please Advise

- 36 -

ZETLIN & DE CHIARA, LLP
Attorney    for    Defendant/Third-Party
Plaintiff
Kohn Pederson Fox Associates, P.C
801 Second Avenue
New York, New York 10017
(212) 682-6800
File: Please Advise

ZICHELLO & MCINTYRE, ESQS.
Attorney for Fourth-Party Defendant
Carolina Casualty Insurance Company
420 Lexington Avenue
New York, NY 10170
(212) 972-5560
File: Please Advise

O'CONNOR REDD LLP
Attorney for Fourth-Party Defendant
Bartec Industries, Inc.
200 Mamaroneck Avenue
White Plains, New York 10601
(914) 686-1700
File: Please Advise

GOLDBERG SEGALLA, LLP
Attorney for Fourth-Party Defendant
Dayton Superior Specialty Chemical Corp.
a/k/a Dayton Superior Corporation
170 Hamilton Avenue, Suite 203
White Plains, NY 10604
(914) 798-5400
File: Please Advise

SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.
Attorney for Fourth-Party Defendant
Specialty Construction Brands, Inc. t/a
TEC
830 Third Avenue, 400
New York, NY 10022
File: Please Advise

BOLLINGER RUBERRY & GARVEY
Attorney for Fourth-Party Defendant
Kemper Casualty Insurance Company d/b/a
Kemper Insurance Company
500 West Madison Street, 23rd Floor
Chicago, IL 60661
File: Please Advise

GENNET KALLMANN ANTIN & ROBINSON, P.C.
Attorney for Fourth-Party Defendant
Great American Insurance Company
6 Campus Drive
Parsippany, NJ 07054
File: Please Advise

LAW OFFICES OF GREEN & LAVELLE
Attorney for Fourth-Party Defendant
National Union Fire Insurance Company of
Pittsburgh, PA
110 Williams Street, 18th Floor
New York, NY 10038
(212) 266-5880
File: Please Advise

CARROLL, MCNULTY & KULL, L.L.C
Attorney for Fourth-Party Defendant
United States Fire Insurance Company
570 Lexington Avenue, 10th Floor
New York, NY 10022
(212) 252-0004
File: Please Advise

MOUND, COTTON, WOLLAN & GREENGRASS, ESQS.
Attorney for Fourth-Party Defendant
Allied World Assurance Company (U.S.)
Inc. f/k/a Commercial Underwriters
Insurance Company
One Battery Park Plaza
New York, NY 10004-1486
(212) 804-4200
File: Please Advise

- 38 -

MELITO & ADOLFSEN, P.C.
Attorney for Fourth-Party Defendant
Zurich American Insurance Company d/b/a
Zurich Insurance Company
233 Broadway, 28th Floor
New York, NY 10279-0118
(212) 238-8900
File: Please Advise

RIKER,   DANZIG,   SCHERER,   HYLAND   &
PERRETTI, L.L.P.
Attorney for Fourth-Party Defendant
Harleysville  Mutual  Insurance  Company
(a/k/a Harleysville Insurance Company)
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800
File: Please Advise

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer, was mailed by first class mail, postage prepaid this May , 2008, to all counsel of record as indicated on the service list below.

_____
JOEL M. SIMON (JMS - #1077)
For the Firm

## SERVICE LIST

DREIFUSS, BONACCI & PARKER LLP
26 Columbia Turnpike, North Entrance
Florham Park, NJ 07932
(973) 514-1414
File: Please Advise
Travelers Casualty and Surety Company and Trataros Construction, Inc.

HOLLAND KNIGHT LLP
195 Broadway
New York, NY 10007
(212) 513-3242
File: Please Advise
Attorney for Defendant/Third-Party Plaintiffs
Dormitory Authority- State of New York, TDX Construction Corp.

ZETLIN & DE CHIARA, LLP
801 Second Avenue
New York, New York 10017
(212) 682-6800
File: Please Advise
Attorney for Defendant/Third-Party Plaintiff
Kohn Pederson Fox Associates, P.C

ZICHELLO & MCINTYRE, ESQS.
420 Lexington Avenue
New York, NY 10170
(212) 972-5560
File: Please Advise
Attorney for Fourth-Party Defendant
Carolina Casualty Insurance Company

- 40 -

O'CONNOR REDD LLP
200 Mamaroneck Avenue
White Plains, New York 10601
(914) 686-1700
File: Please Advise
Attorney for Fourth-Party Defendant
Bartec Industries, Inc.

GOLDBERG SEGALLA, LLP
170 Hamilton Avenue, Suite 203
White Plains, NY 10604
(914) 798-5400
File: Please Advise
Attorney for Fourth-Party Defendant
Dayton Superior Specialty Chemical Corp. a/k/a Dayton Superior
Corporation

SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.
830 Third Avenue, 400
New York, NY 10022
File: Please Advise
Attorney for Fourth-Party Defendant
Specialty Construction Brands, Inc. t/a TEC

BOLLINGER RUBERRY & GARVEY
500 West Madison Street, 23rd Floor
Chicago, IL 60661
File: Please Advise
Attorney for Fourth-Party Defendant
Kemper Casualty Insurance Company d/b/a Kemper Insurance Company

GENNET KALLMANN ANTIN & ROBINSON, P.C.
6 Campus Drive
Parsippany, NJ 07054
File: Please Advise
Attorney for Fourth-Party Defendant
Great American Insurance Company

LAW OFFICES OF GREEN & LAVELLE
110 Williams Street, 18th Floor
New York, NY 10038
(212) 266-5880
File: Please Advise
Attorney for Fourth-Party Defendant
National Union Fire Insurance Company of Pittsburgh, PA

- 41 -

CARROLL, MCNULTY & KULL, L.L.C
570 Lexington Avenue, 10th Floor
New York, NY 10022
(212) 252-0004
File: Please Advise
Attorney for Fourth-Party Defendant
United States Fire Insurance Company

MOUND, COTTON, WOLLAN & GREENGRASS, ESQS.
One Battery Park Plaza
New York, NY 10004-1486
(212) 804-4200
File: Please Advise
Attorney for Fourth-Party Defendant
Allied World Assurance Company (U.S.) Inc. f/k/a Commercial
Underwriters Insurance Company

MELITO & ADOLFSEN, P.C.
233 Broadway, 28th Floor
New York, NY 10279-0118
(212) 238-8900
File: Please Advise
Attorney for Fourth-Party Defendant
Zurich American Insurance Company d/b/a Zurich Insurance Company


RIKER, DANZIG, SCHERER, HYLAND & PERRETTI, L.L.P.
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800
File: Please Advise
Attorney for Fourth-Party Defendant
Harleysville Mutual Insurance Company (a/k/a Harleysville Insurance
Company)

*Civil Action No.. 07-cv-6915*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,

Plaintiffs,

-against-

DORMINTORY AUTHORITY - STATE OF NEW YORK, TDX CONSTRUCTION CORP. and KOHN PEDERSON FOX ASSOCIATES, P.C.,

Defendants.

Third and fourth party actions

## ANSWER

**SMITH MAZURE DIRECTOR WILKINS
YOUNG & YAGERMAN, P.C.**
Attorneys for Fourth-Party Defendants
North American Specialty Insurance
Company  As Successor in Interest to
Commercial Underwriters Insurance
Company
111 John Street, 20th Floor
New York, New York 10038-3198
(212) 964-7400
NAS-00285/JMS

### CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a

hereby certifies that, pursuant to 22 N.Y.C.R.R. §130-1.1a, the foregoing is not frivolous nor frivolously presented.

Dated:    New York, New York

*PLEASE TAKE NOTICE*

☐    *that the within is a true copy of a*            *entered in the office of the clerk of the within*
*named Court on        .*

☐    *that a*            *of which the within is a true copy will be presented for settlement to the Hon.*
*one of the judges of the within named Court at*                *, on at 9:30 a.m.*

**SMITH MAZURE DIRECTOR WILKINS YOUNG &
YAGERMAN, P.C.**
Attorneys for Fourth-Party Defendants
North American Specialty Insurance Company As
Successor in Interest to Commercial Underwriters
Insurance Company
111 John Street, 20th Floor
New York, New York 10038-3198
(212) 964-7400
Our File No.  NAS-00285/JMS