```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
TRAVELERS CASUALTY AND SURETY COMPANY as
Administrator  for  RELIANCE  INSURANCE
COMPANY,

                         Plaintiffs,        Index  No.  07-cv-6915
                                            (DLC)
            -against-

DORMITORY AUTHORITY - STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN PEDERSON
FOX ASSOCIATES, P.C.,

                         Defendants.
----------------------------------------X
DORMITORY AUTHORITY OF THE STATE OF NEW
YORK and TDX CONSTRUCTION CORP.,

              Third-Party Plaintiffs,

            -against-

TRATAROS CONSTRUCTION, INC.,

              Third-Party Defendant.
----------------------------------------X
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

              Fourth-Party Plaintiffs,

            -against-

CAROLINA  CASUALTY  INSURANCE  COMPANY;
BARTEC INDUSTRIES, INC,; DAYTON SUPERIOR
SPECIALTY  CHEMICAL  CORP.  a/k/a  DAYTON
SUPERIOR    CORPORATION;    SPECIALTY
CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER
CASUALTY INSURANCE COMPANY d/b/a KEMPER
INSURANCE   COMPANY;   GREAT   AMERICAN
INSURANCE COMPANY; NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, P.S.;
UNITED STATES FIRE INSURANCE COMPANY;
NORTH AMERICAN INSURANCE COMPANY; ALLIED
WORLD  ASSURANCE  COMPANY  (U.S.)  f/k/a
COMMERCIAL   UNDERWRITERS   INSURANCE
COMPANY;  ZURICH  AMERICAN  INSURANCE
COMPANY d/b/a ZURICH INSURANCE COMPANY
```

d/b/a OHIO CASUALTY GROUP; HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a HARLEYVILLE INSURANCE COMPANY); JOHN DOES 1-20 and XYZ CORPS. 1-19     ,

        Fourth-Party Defendants.
-------------------------------------X

**AFFIDAVIT IN SUPPORT OF ALLIED WORLD/NORTH AMERICAN INSURANCE COMPANY MOTION FOR SUMMARY JUDGMENT TO DISMISS THE AMENDED FOURTH-PARTY COMPLAINT**

STATE OF California    )
                      ss.:
COUNTY OF Orange    )

      I, Anita Thibadeau, being duly sworn deposes and says:

      1.   I am the Unit Manager for Crawford & Company, claims administrator for North American Specialty Insurance Company successor in interest to Commercial Underwriters Insurance Company. In this capacity, I am responsible for overseeing the management of certain claims on behalf of North American Specialty Insurance Company successor in interest to Commercial Underwriters Insurance Company (NAS).

      2.   Commercial Underwriters Insurance Company (CUIC) issued a policy of insurance to Trataros Construction Corp. (Trataros) with a policy period April 1, 1999 to April 1, 2000 under policy number BCG 004116. A complete and true copy of this policy is attached hereto as Simon Aff. Exhibit "H".

      3.   In or about July of 2001, North American Specialty Insurance Company and Commercial Underwriters Insurance Company

- 2 -

entered into a Transfer and Assumption Agreement wherein North American Specialty Insurance Company agreed to accept one hundred percent of the past, present and future liabilities and obligations of Commercial Underwriters Insurance Company. This included the liabilities under policies of insurance which existed at that time, including the policy at issue in this litigation.

4. Subsequent to the above purchase, Allied World (through its parent company) and North American Specialty Insurance Company entered into an agreement whereby Allied World purchased the name "Commercial Underwriters Insurance Company" and the licenses previously belonging to Commercial Underwriters Insurance Company, so that it could write business in the future under that name if it so choose. The obligations on the pre-existing policies remained with North American Specialty Insurance Company. The entity known as Allied World, simply is the owner of the name and licenses of Commercial Underwriters Insurance Company, minus the obligations under the pre-existing policies of insurance. As noted below, however, this change had no relevance to any insured as the address for notice was never changed.

5. The policy of insurance specifically notes the address of the insurer as being 200 Corporate Pointe, Suite 300, Culver City, CA 90230. At all relevant times herein, this address was maintained for the purposes of notice and any notification forwarded to that address by or on behalf of an insured or broker would be

received by North American Specialty Insurance Company successor in interest to Commercial Underwriters Insurance Company. This was done so that there would be not interruption, and thus confusion to any insured pertaining to notice obligations. Nothing changed regarding the insured's obligation as noted in the policy of insurance.

    6.   The policy of insurance issued by CICU and subsequently assigned to North American Specialty Insurance Company contains the following "Notice Provision" which requires a party seeking coverage under the policy to notify the insurer of an occurrence in writing as soon as practicable:

> 2. Duties In the Event Of Occurrence, Offense, Claim or Suit:
>
>> a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, the notice should include:
>> (1) How, when and where the occurrence or offense took place;
>> (2) The names and addresses of any injured persons and witnesses; and
>> (3) The nature and location of any injury or damage arising out of the occurrence or offense.
>>
>> b. If a claim is made or "suit" is brought against any insured, you must:
>>
>>> (1) Immediately record the specific of the claim or "suit" and the date received; and
>>>
>>> (2) Notify us as soon as practicable.
>>>
>>> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c. You and any other involved insured must:

    [1] Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    [2] Authorize us to obtain records and other information;

    [3] Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    [4] Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

   d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent.

   e. Notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any agent of ours in New York State, with particular sufficient to identify the insured shall be considered to be notice to us. [This provision is added to subpart 2 by the New York State changes to the CGL Form]

The CUIC policy further provides under Form IL 12 01 11 85:

 NOTICE OF OCCURRENCE

 In the event of an Occurrence, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances of the event and the names and addresses of the Insured and of available witnesses, shall be given by or for You or for You to Us or any of Our authorized agents as

      soon as practicable after notice is received by You.

7. On or about February 17, 2005, Travelers and Trataros commenced an Amended Fourth-Party Complaint as against Allied World. The service of this Complaint was the first knowledge of any claim or occurrence under the policy. This Complaint was served on the Superintendent of Insurance on or about March 2, 2005. (Simon Aff. Exhibit "K")

8. A subsequent Amended Fourth-Party Complaint naming, for the first time, North American Specialty was filed April 8th 2008 and served shortly thereafter (Simon Aff. Exhibit "B"). This was the first notice to North American Specialty of any such occurrence or claim. This latter Complaint set forth, for the first time, a claim that DASNY may be entitled to additional insured coverage.

9. After reviewing the initial Amended Fourth Party Complaint, it was determined that Trataros was not entitled to coverage under the policy initially issued by CUIC and by correspondence dated July 29, 2005, coverage was denied. (See Simon Aff. Exhibit " I ").

10. The basis for the denial of coverage, among other reasons, was that Trataros clearly had knowledge of a claim under the policy minimally 7½ months and probably several years prior to placing its insurer on notice of this matter. Notwithstanding any knowledge they may have had previously, it was clear that they had

knowledge of the claim in August 2004. No notice was ever forwarded to the address noted on the policy of insurance nor any other attempt made to provide notice as required by the policy of insurance.

11. It is respectfully submitted that no coverage should be afforded under the policy issued by Commercial Underwriters Insurance Company and the Allied World and North American Specialty Insurance Company should be dismissed from this matter.

*[signature]*

Sworn to before me this
4th day of August, 2008

*[signature] Lindsay Levins*

LINDSAY LEVINS
COMM. #1767691
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Comm. Expires Sept. 14, 2011