UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

TRAVELERS CASUALTY AND SURETY COMPANY as
Administrator for RELIANCE INSURANCE
COMPANY,

                                Plaintiffs,

                -against-

DORMITORY AUTHORITY - STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN PEDERSON
FOX ASSOCIATES, P.C.,

                                Defendants.

---------------------------------------X
DORMITORY AUTHORITY OF THE STATE OF NEW
YORK and TDX CONSTRUCTION CORP.,

                Third-Party Plaintiffs,

                -against-

TRATAROS CONSTRUCTION, INC.,

                Third-Party Defendant.
---------------------------------------X

TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY AND SURETY COMPANY,

                Fourth-Party Plaintiffs,

                -against-

CAROLINA CASUALTY INSURANCE COMPANY;
BARTEC INDUSTRIES, INC,; DAYTON SUPERIOR
SPECIALTY CHEMICAL CORP. a/k/a DAYTON
SUPERIOR CORPORATION; SPECIALTY
CONSTRUCTION BRANDS, INC. t/a TEC;
KEMPER CASUALTY INSURANCE COMPANY d/b/a
KEMPER INSURANCE COMPANY; GREAT AMERICAN
INSURANCE COMPANY; NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, P.S.;
UNITED STATES FIRE INSURANCE COMPANY;
NORTH AMERICAN INSURANCE COMPANY; ALLIED
WORLD ASSURANCE COMPANY (U.S.) F/k/a

Index No. 07-cv-6915
(DLC)
IAS Part

COMMERICAL UNDERWRITERS INSURANCE
COMPANY; ZURICH AMERICAN INSURANCE
COMPANY d/b/a ZURICH INSURANCE COMPANY
d/b/a OHIO CASUALTY GROUP; HARLEYSVILLE
MUTUAL INSURANCE COMPANY (a/k/a
HARLEYVILLE INSURANCE COMPANY); JOHN
DOES 1-20 and XYZ CORPS. 1-19    ,

        Fourth-Party Defendants.
----------------------------------------X


### MEMORANDUM OF LAW IN SUPPORT OF FOURTH PARTY DEFENDANTS ALLIED WORLD ASSURANCE COMPANY AND NORTH AMERICAN SPECIALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV 56

-

Respectfully submitted,

SMITH MAZURE DIRECTOR WILKINS
YOUNG & YAGERMAN, P.C.
Attorneys for Fourth-Party Defendants
North American Specialty Insurance
Company successor in interest to
Commercial Underwriters Insurance
Company.
111 John Street, 20th Floor
New York, New York 10038-3198
(212) 964-7400
Our File No.  NAS-00285/JMS


Joel M. Simon
Of Counsel

## I. PRELIMINARY STATEMENT

This brief is submitted in support of the Fourth-Party Defendants Allied World Assurance Company ("Allied") and North American Specialty Insurance Company successor in interest to Commercial Underwriters Insurance Company's ("NAS") motion for summary judgment pursuant to Fed. R. Civ. Proc. 56, pertaining to the claims set forth against them in the Fourth-Party Complaints of Trataros Construction, Inc. ("Trataros") and Travelers Casualty & Surety Company ("Travelers") (collectively "Trataros") (Simon Aff. Exhibits "A" and "B"). Pursuant to the Court's Order dated July 14, 2008, the Court has set forth that the instant application is to pertain only to the issue of late notice and that any other grounds are to be submitted in the summer of 2009 pursuant to the Court's directive. As such, although there are issues upon this application could have been made including the fact that no work was performed during the policy period as well as various exclusions and provisions in the policy, this application will limit itself to the issue of late notice as directed by the Court. It is requested that third-party plaintiffs' Complaint be dismissed because Trataros failed to comply with the notice provisions contained in the policy issued to it by NAS and that further, any claim for additional insured coverage to any other entity must also fail as no notice has ever been provided as required by the policy.

## II. **FACTUAL BACKGROUND**

As this Court is aware, due to the numerous prior applications submitted in this matter, that this matter has arisen from a dispute pertaining to a construction project being conducted at the Baruch College Campus located between 24th and 25th Streets and Lexington and Third Avenue in New York, New York ("The Project").

The work involved pertained to the installation of epoxy terrazzo flooring between approximately September of 2000 through February 2003.

By letter dated March 7, 2003, Trataros was placed on notice by TDX pursuant to an expert's report revealing the extensive debonding of the terrazzo system (see Simon Affidavit, Exhibit"D") Specifically, Trataros was advised by TDX that during an investigation performed by Testwell Laboratories ("Testwell"), problems with the epoxy membrane were noted which suggested potential failure of the terrazzo system. TDX additionally advised Trataros that "this serious matter deserves your full cooperation, due to the potential repercussions of what has been found to date, plus the extent of the affected area", Id. and that Trataros, as a general contractor, would "be held responsible for all conditions, shoujld final analysis show G.M. Crocetti's system failure was due to poor workmanship; not to mention the potential problems posed by the underlayment subcontractor, Bartec, and its recommended

- 4 -

product, Conflow, for floor-leveling." Id. As such, for
clarification purposes, we now have a March 7, 2003 notification to
Trataros of its potential exposure.

On June 17, 2003, TDX wrote to DASNY regarding
investigations and analyses performed by three different firms with
respect to the alleged failure of the terrazzo system. See, Aff.,
Exhibit "E". Two months later on August 28, 2003, TDX again wrote
to DASNY, noting that "there has been deteriorating and hazardous
conditions due to the deficiencies of the terrazzo flooring and
underlayment installation. See Simon Aff. Exhibit "F".

### III. **PROCEDURAL HISTORY**

On January 28, 2004, Travelers, as Administrator for
Reliance Insurance Company, ("Reliance") and Trataros, commenced a
lawsuit against DASNY, TDX and Kohn Pederson Fox Associates, P.C.
("KPF"), the Project architects, seeking payment on behalf of
itself and its subcontractors from DASNY. Travelers additionally
asserted a negligence claim against both TDX and KPF pertaining to
the performance of their work on the Project. Simon Aff.Exhibit
"M".

DASNY thereafter commenced a Third-Party Action against
Trataros and Travelers on or about August 4, 2004 seeking common
law and contractual indemnification and contribution from Trataros
and its subcontractors. The Complaint contains various allegations
of substandard work performed by Trataros and its subcontractors.

- 5 -

A copy of the Third-Party Complaint filed in the 2004 action is annexed to the Simon Aff. Exhibit "K". As such, as of August 4, 2004, Trataros was on notice of litigation commenced against it.

On February 17, 2005, Travelers and Trataros commenced a Fourth-Party action against Allied World.[1] In the Amended Fourth-Party Complaint, Travelers and Trataros set forth that they are entitled to coverage under the applicable policy of insurance issued by Commercial Underwriters Insurance Company. (See Simon Aff. Exhibit "L")

Allied World answered the Amended Fourth-Party Complaint, denied the appropriate allegations and served an affirmative defense of late notice. While it is denied that Allied World assumed any of the liabilities under the Commercial Underwriters policy of insurance, for the purposes of this application and the issue of late notice, we will treat both Allied World and North American Specialty Insurance Company as being one and the same. See Allied World's Answer, Simon Affd. Exhibit "C".

In or about April 2008, the Fourth Party Complaint was amended to include North American Specialty Insurance Company alleging the same allegations and under the same policy as previously set forth as against Allied World. Upon information and belief, these allegations were set forth as it was unclear as to which entity, Allied World or North American was the responsible

---

[1] At this point in time, North American Specialty was not named in the complaint

- 6 -

party for the obligations under the Commercial Underwriters Insurance Company policy (See Amended Complaint, Simon Aff. Exhibit "B"). North American Specialty interposed its Answer in this matter (see Simon Aff. Exhibit " C ").


## THE TRATAROS POLICY

The policy of insurance at issue was issued by Commercial Underwriters Insurance Company, under policy number BCG004116 to Trataros Construction Company, Inc. with a period of April 1, 1999 to April 1, 2000 with limits of $1,000,000 per occurrence and $2,000,000 in the aggregate. (See Simon Aff. Exhibit "G"

Under the policy originally issued by Commercial Underwriters Insurance Company, and as a condition precedent to coverage, any party seeking coverage must comply with the notice provision of the policy. This provision is found under Section IV of the CUIC policy which states in pertinent part:

> 2. Duties In the Event Of Occurrence, Offense, Claim or Suit:
>
> > a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.
> >
> > * * *
> >
> > b. If a claim is made or "suit" is brought against any insured, you must:
> >
> > > (1) Immediately recall the specific of the claim or "suit" and the date received; and

- 7 -

(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:

[1] Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

[2] Authorize us to obtain records and other information;

[3] Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

[4] Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent.

e. Notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any agent of ours in New York State, with particular sufficient to identify the insured shall be considered to be notice to us. [This provision is added to subpart 2 by the New York State changes to the CGL Form]

The CUIC policy further provides under Form IL 12 01 11 85:

NOTICE OF OCCURRENCE

In the event of an occurrence, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information

- 8 -

with respect to the time, place and circumstances of
the event and the names and addresses of the Insured
and of available witnesses, shall be given by You or
for You to Us or any of Our authorized agents as
soon as practicable after notice is received by You.

See policy of insurance Simon Aff. Exhibit "G".

It is not disputed that Trataros was served with the Third-
Party Complaint naming it as a third-party defendant in August of
2004 over seven months prior to the date of service of the Amended
Fourth-Party Complaint which was the first notice to its insurer of
this claim  (See Simon Aff. Exhibit "K"). Further, it is clear,
that Trataros had knowledge of its exposure  and the potential
liabilities well in advance of this date and as such, the time on
which it should have provided notice goes back even further  (See
Simon Aff. Exhibits "D", "E" and "F").  No claim or notice was ever
provided prior to service of the Fourth-Party Complaint regarding
a claim under the policy. As noted in the affidavit of Ms.
Thibadeau  (See Simon Aff. Exhibit "H"), the first notice of this
matter and of any claim under the policy on behalf of Trataros,
DASNY or any other individual was upon service of the Fourth-Party
Complaint in March of 2005, and pertaining to DASNY was pursuant to
the amended Complaint served on NAS in April 2008.


## IV. ARGUMENT

A.      **TRATARAS/TRAVELERS' CLAIMS FOR COVERAGE ARE BARRED
        BASED ON THE FAILURE TO PROVIDE TIMELY NOTICE**

As previously noted, the policy of insurance contains a notice provision requiring timely notice of any claim or occurrence which may create liability under the policy. Additionally, the policy contains an address of the insurer as 200 Corporate Point - Suite 300, Culver City, CA 90230 (See Simon Aff. Exhibit "G"). As noted in the affidavit of Ms. Thibadeau (See Simon Aff. Exhibit "H"), at all relevant times, this address was maintained as a proper address for notice by or on behalf of an insured. If notice was provide to the address as listed on the policy or to any other address relevant to the insurers, said notice would have been received. Trataros, however, makes no claim that any such notice was provided. Trataros cannot argue that it was unaware of an address for North American Specialty or Allied World as through its own acknowledgment, it was unaware of the transfer of ownership of the policy and simply would have provided notice to the address as noted on the policy, which it did not. Again, as noted in the Affidavit of Ms. Thibadeau, (See Simon Aff. Exhibit "H") notice to that address would have been received under the policy of insurance.

**The failure of Trataros to give proper and timely notice to Allied World/North American Specialty vitiates coverage under the Trataros policy.**

It should additionally be noted that the claim to the extent it is alleged that DASNY is also an additional insured was first set forth in the Amended Complaint as against North American

Specialty received in April 2008. There has been no prior tender of coverage on behalf of DASNY by DASNY or any other entity. As such, it is respectfully submitted that to the extent that there is any claim that DASNY is entitled to additional insured coverage, such claim would also be deemed late.

New York case law is clear that compliance with a notice provision of an insurance policy is a condition precedent to coverage, and any unexcused failure of the insured to adhere to such a provision vitiates coverage under the policy. See, White v. City of New York, 81 N.Y.2d 955, N.Y.S.2d 759, 615 N.E.2d 216(1993); Sec. Mut. Ins. Co. v. Acker-Fitzsimmons Corp., 31 N.Y.2d 436, 440, 340 N.Y.s.2d 902, 293 N.E.2d 76 (1972). Noncompliance with the provision vitiates the contract, both as to the insured and person injured by the insured's actions. Fusco v. Amer. Colonial Ins. Co., 221 A.D.2d 231, 633 N.Y.S.2d 316 (1st Dept. 1995) (holding that where insured failed to timely comply with the notice provision of the policy, which is, in effect, a condition precedent to coverage, the insurer is relieved of liability).

The salutary purposes underlying the requirement of proper notice of claim to the insurer are to enable the insurer to: (1) exercise early control over the claim including ass3essing settlement potential; and (2) to adjust its reserves to account for the insured's claim. Asbeka Indus. V. Travelers Indem. Co., 831 F. Supp. 74 (E.D.N.Y. 1993). The New York Court of Appeals has

- 11 -

confirmed that the right of an insurer to receive timely notice is so fundamental that the insurer need not show prejudice to be able to disclaim on this bases. <u>Allstate Ins. Co. v. Furman</u>, 84 A.D.2d 29, 31, aff'd. 58 N.Y.2d 613 (1982). <u>Argo v. Corp. v. Greater New York Mut. Ins. Co.</u>, 4 N.Y.3d 332, 827 N.E.2d 762, 794 N.Y.S.2d 704 (2005).

Furthermore, the duty to give reasonable notice as a condition of recovery is also applicable to purported additional insureds. <u>Structure Tone, Inc. v. Burgess Settl Products Corp.</u>, 249 A.D.2d 144, 672 N.Y.S.2d 33 (1st Dep't 1998); and <u>U.S. Underwriters Ins. Co. v. Falcon Constr. Corp.</u>, 2003 WL 22019429 (S.D.N.Y. 2003) (the notice requirement in an insurance policy applies to both the named insured and additional insured and timely notice provided by one insured will not be imputed to the other insured).

Pursuant to the Trataros Policy, Trataros was required to give notice of an occurrence "as soon as practicable", and also, to "immediately" send copies of all pleadings to the insurer. Such provisions have been interpreted to require notice within a reasonable time under the circumstances. <u>Power Auth. V. Westinghouse Elec. Corp.</u>, 1178 A.D.2d 336, 339, 502 N.Y.S.2d 420 (1st Dep't 1986).

In interpreting what constitutes timely notice, New York Courts have held that relatively short periods of un3excused delay are unreasonable as a matter of law. <u>Amer. Home Assur. Co. v.</u>

Republic Ins. Co. 984 F.2d 76 (2d Cir. 1993)(36 day delay); Deso v. London & Lancashire Indem. Co. of Amer., 3 N.Y.2d 127, 164 N.Y.S.2d 689 (1957) (51 day delay); Safer v. Gov't Employees Ins. Co., 254 A.D.2d 344, 678 N.Y.s.2d 667 (2nd Dep't 1998) (more than a one month delay); Winstead v. Uniondale Free School Dist., 201 A.D.2d 271, 608 N.Y.S.2d 487 (2d Dep't 1994) (one month delay); Rushing v. Commercial Cas. Ins. Co., 251 N.Y. 302, 167 N.E. 450 (1929) (22 days); Haas Tobacco Co. v. Amer. Fidelity Co., 226 N.Y. 343, 123 N.E. 755 (1919)(10 days); Herold v. East Coast Scaffolding, Inc., 208 A.D.2d 592, 616 N.Y.S.2d 197 (2d Dep't 1994) (four month delay).

At the point in time in which DASNY commenced a third party action against Trataros in August 2004, Trataros was minimally, at that point in time, on notice of litigation against it and allegations for which it may seek coverage. While we would argue that Trataros had received an earlier notice, it cannot be disputed that by August 2004, Trataros had knowledge of the claims against it. It was not until approximately 7½ months later that Trataros first served Allied world with the Amended Fourth-Party Complaint (Simon Aff. Exhibit "L"). This was Allied World's first notice of the claim. North American Specialty was not served until April 2008 over 3½ years after the August 2004 date.

In response, a disclaimer of coverage was issued dated July 29, 2005 (see Exhibit "I" to the Simon Affd). Said disclaimer of

coverage denies coverage based upon late notice as set forth in the policy provisions. As the evidence demonstrates, TDX wrote to Trataros and DASNY in March, June and August 2003 and provided an unambiguous notice of a potential claim. (See Simon Affd. Exhibits "D ", "E", "F").

The Trataros policy clearly an unambiguously requires Trataros to provide timely notice of any potential claim against it. (See e.g. <u>Olin v. Insurance Company of America</u>, 743 F.Supp. 1004 SDNY 1990).

Additionally, New York Courts have consistently held that an insured's duty to give notice arises when, from the information available relative to the azccident or "occurrence", the insured could glean a reasonable possibility of a policy's involvement. <u>See, e.g.</u>, <u>DiGuglielmo v. Travelers Property Cas Co.</u> 6 A.D.3d 344, 776 N.Y.S.2d 542 (1st Dep't 2004). <u>Sec. Mut. Ins. Co. v. Acker-Fitzsimmons Corp.</u>, 31 N.Y.2d 436, 440, 340 N.Y.S.2d 902) (1972) ("<u>Security Mutual</u>") (notice must be given within a reasonable time under all the circumstances); <u>Ogden Corp. v. Travelers Indem. Co.</u>, 924 F.2d 39, 43 (2d Cir. 1991) (an insured's knowledge that a claim is likely, though not yet actually filed, is sufficient to trigger the duty of notice). Once an insured possesses such knowledge, it cannot recede and to nothing and its carelessness will not absolve it from the consequences of its actions. <u>See, e.g.</u>, <u>Haas Tobacco Co. v. Amer.Fidelityu Co.</u>, 226 N.Y.343, 123 N.E. 755 (1919). By any

- 14 -

subjective standard, Trataros and Travelers failed to provide notice in a timely fashion of either the potential claims against Trataros and/or of the lawsuit itself.

Thus, not only did Trataros fail to provide notice of any of the potential claims against it, but it also failed to give timely notice of the lawsuit filed against it. Accordingly, Trataros' late notice should be declared unreasonable as a matter of law and Trataros should not be found to be entitled to coverage under the Trataros Policy. Consequently, the Amended Fourth-Party Complaint and any cross-claims against Allied World and North American Specialty should be dismissed with prejudice.

Trataros cannot now argue that its delay in providing notice was excusable because: (1) there is no evidence to show that it ever received the Policy and, therefore, it did not know what was required of it under the terms of the Policy; (2) evidence of insurance coverage was only obtained subsequent to the filing of the original 2004 third-party action by DASNY; or (3) Trataros ceased operating a year prior to DASNY's filing of the Third-party Complaint in the 2004 action. Such excuses are simply unavailing in terms of the Policy's requirements and the law.

For example, in Kason v. City of New York, 8 Misc.2d 810, 373 N.Y.S.2d 458 (N.Y. Co. 1973) the plaintiff filed a property damage claim against the City of New York (the "City") based on the City's alleged negligence in starting a fire. The City then filed a Third-

Party Complaint against its insurer seeking coverage. In determining whether the City's claim against its insurer was barred by late notice, the Court found that the City had knowledge of the "occurrence" for approximately 16 to 17 months prior to notifying its carrier. The court also noted the absence of any proof indicating that the City thought it was not liable for the occurrence. In finding that the City's claim for coverage was barred due to its inability to comply with the notice provision contained in the policy, the Court, citing Security Mutual, held that the City was required to exercise reasonable diligence and care in the discharge of its responsibility to inform its carrier and its own inaction or inefficiency did not absolve it from the consequences.

The Court of Appeals has held - under very limited circumstances - an insured's delay in providing notice may be excused. See Security Mutual, 31 N.Y.2d at 441, 340 N.Y.S.2d at 903. Specifically, a delay may be excused if it is based on an insured's good faith belief of non-liability; or if th einsured lacks or is incapable of acquiring knowledge that an accident has occurred; or if the insured is out of state.

These circumstances are not present here. Indeed, this is not a case where Trataros had a good faith belief of non-liability or where Trataros lacked or was incapable of acquiring knowledge of the alleged occurrence.

- 16 -

When Trataros received notification of a potential claim, it was required to make reasonable and diligent efforts to alert those carriers with potential coverage of the claim. It is beyond dispute that no such efforts were made. See, e.g., Winstead v. Uniondale Union Free Schood Dist., 201 A.D.2d 721, 608 N.Y.S.2d 487 (2d Dep't 1994); Darby v. Darby, 268 A.D.2d 270, 702 N.Y.S.2d 50 (1st Dep't 2000) (finding that insured who procured the general liability policy was chargeable with the knowledge of whether that insurance coverage covered the potential claim as opposed to law firm retained by; insured) See also Hartford Fire Ins. V. Baseball Office of the Comm'r, 236 A.D.2d 334, 654 N.Y.S.2d 212 (1st Dep't 1997).

Nor can Travelers, a general liability insurer, credibly take the position that, without benefit of a copy of the Trataros Policy, it id not know what was required under the notice provision of such a general liability policy. Indeed, notwithstanding any possible variations of such a condition, as a general liability insurer, Travelers was well aware that each liability policy under which it now seeks coverage contained a notice requirement and that the failure to comply with this requirement would vitiate coverage under the policy.

Finally, Trataros was on site at the Project and, therefore, cannot claim that it was "out of state" and detached from any communication regarding the Project. Accordingly, Trataros and

Travelers cannot offer any reasonable excuse regarding their delay in providing notice under the Trataros Policy, and such delay in providing timely notice was unreasonable as a matter of law. For this reason, each and every claim herein against Allied World and North American Specialty must be dismissed with prejudice.

### THE COURT'S DECISION ON APPLICATION OF U.S. FIRE

By decision dated June 25, 2008, this Honorable Court ruled on the application of U.S. Fire Insurance Company for dismissal of the Fourth Party Complaint against it, based upon the ground of late notice. The circumstances and grounds pertaining to your affirmant's application are identical to that of U.S. Fire. In both scenarios, a policy of insurance was issued containing a notice provision. The policy clearly sets forth as to when notice of any claim or occurrence is to be provided. The facts pertaining to Trataros' notice are identical. In its decision (see Simons Aff. Exhibit "J"), the Court addresses many of the arguments which could be set forth by Trataros in opposition to Allied World/NAS' application. This would include lack of knowledge of its own liability; lack of knowledge of the policy; and other like issues. The Court addresses all these issues and states as follows:

> "Absent a valid excuse, this 7-month delay in notification is unreasonable as a matter of law, see, E.G. Fairchild Indus., Inc., 56 F.3d at 440 ("under New York Law, delays for 1 or 2 months are routinely held "unreasonable"). AND

- 18 -

> the 2 excuses offered by Trataros and Travelers do not suffice.

See Court's Decision P. 15, annexed to Simon Aff. Exhibit "J".

Rather than repeat every line and rationale set forth in the Court's decision, it is assumed that the Court is familiar with its own decision and will apply same as appropriate.

The only distinction that could possibly be raised pertaining to this matter as opposed to the U.S. Fire's application, is the fact that the Commercial Underwriters Insurance policy was transferred to North American Specialty, which assumed the liabilities under the policy. The entity Commercial Underwriters then became Allied World. As previously noted, these grounds are not being set forth in this application pursuant to the Court's prior directive, however, and as noted previously and set forth in the affidavit of Ms. Thibadeau (See Simon Aff. Exhibit "H") , the address noted on the policy of insurance which was the only address which Trataros would have knowledge of, was at all times a proper and appropriate address for which notice would be received. North American Specialty kept that address for the purposes of notification and had all notices forwarded to it. Trataros has not and cannot set forth that any prior notice was made.

## CONCLUSION

For all the reasons set forth herein, it is clear that no coverage is owed by Allied World/North American Specialty under the Trataros policy to Trataros, Travelers, DASNY or any other party

with regard to any claims that have been raised in this matter or that may be raise in the future.

Allied/NAS respectfully request that the Court issue an Order dismissing the action and all claims against Allied World/NAS with prejudice, and requiring Fourth-Party Plaintiffs to pay the fees and costs in connection with the defense of this action.

Respectfully submitted,

SMITH MAZURE DIRECTOR WILKINS
YOUNG & YAGERMAN, P.C.
Attorneys for Fourth-Party Defendants
North American Specialty Insurance
Company as successor in interest to
Commercial Underwriters Insurance
Company.
111 John Street, 20th Floor
New York, New York 10038-3198
(212) 964-7400
Our File No. NAS-00285/JMS

Joel Simon
Of Counsel

- 20 -