# EXHIBIT N

```
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
TRAVELERS CASUALTY AND SURETY COMPANY        Civil Action No.:
as Administrator for RELIANCE INSURANCE      04 Civ. 5101 (HB)
COMPANY,

                        Plaintiff,

            v.

THE DORMITORY AUTHORITY OF THE STATE
OF NEW YORK, TDX CONSTRUCTION CORP., and
KOHN, PEDERSON, FOX & ASSOCIATES, P.C.,

                        Defendants.
------------------------------------x
DORMITORY AUTHORITY OF THE STATE OF
NEW YORK,

            Third-Party Plaintiff,

            v.

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

            Third-Party Defendants.
------------------------------------x
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

            Fourth-Party Plaintiffs,

            v.

G.M. CROCETTI, INC., CAROLINA CASUALTY
INSURANCE COMPANY, BARTEC INDUSTRIES, INC.,
DAYTON SUPERIOR SPECIALTY CHEMICAL CORP.,
SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC,
KEMPER CASUALTY INSURANCE COMPANY d/b/a
KEMPER INSURANCE COMPANY, GREAT AMERICAN
INSURANCE COMPANY, NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, P.A.,
UNITED STATES FIRE INSURANCE COMPANY,
ALLIED WORLD ASSURANCE COMPANY (U.S.)
INC. f/k/a COMMERCIAL UNDERWRITERS
INSURANCE COMPANY, ZURICH AMERICAN
INSURANCE COMPANY d/b/a ZURICH INSURANCE
COMPANY, OHIO CASUALTY INSURANCE COMPANY
d/b/a OHIO CASUALTY GROUP, HARLEYSVILLE
```

```
MUTUAL INSURANCE COMPANY (a/k/a
HARLEYSVILLE INSURANCE COMPANY, an
insurer for BARTEC INDUSTRIES, INC.),
JOHN DOES 1-20, AND XYZ CORPS. 1-12,

                Fourth-Party Defendants.
-------------------------------------------x
```

**FOURTH-PARTY DEFENDANT AMERICAN MOTORIST INSURANCE COMPANY'S (improperly sued herein as KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER INSURANCE COMPANY) ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED FOURTH-PARTY COMPLAINT**

Fourth-Party Defendant AMERICAN MOTORIST INSURANCE COMPANY, improperly sued herein as KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER INSURANCE COMPANY (hereinafter "AMICO"), as and for its answer to fourth-party plaintiffs' complaint, upon information and belief, states as follows:

1. AMICO lacks sufficient information to respond to the allegations in paragraph 1 and, basing its denial on this ground, denies each allegation therein.

2. AMICO lacks sufficient information to respond to the allegations in paragraph 2 and, basing its denial on this ground, denies each allegation therein.

3. AMICO lacks sufficient information to respond to the allegations in paragraph 3 and, basing its denial on this ground, denies each allegation therein.

4. AMICO lacks sufficient information to respond to the allegations in paragraph 4 and, basing its denial on this ground, denies each allegation therein.

5. AMICO lacks sufficient information to respond to the allegations in paragraph 5 and, basing its denial on this ground, denies each allegation therein.

6. AMICO lacks sufficient information to respond to the allegations in paragraph 6 and, basing its denial on this ground, denies each allegation therein.

7. AMICO lacks sufficient information to respond to the allegations in paragraph 6 and, basing its denial on this ground, denies each allegation therein.

8. AMICO admits the allegations in paragraph 8.

9. AMICO lacks sufficient information to respond to the allegations in paragraph 9 and, basing its denial on this ground, denies each allegation therein.

10. AMICO lacks sufficient information to respond to the allegations in paragraph 10 and, basing its denial on this ground, denies each allegation therein.

11. AMICO lacks sufficient information to respond to the allegations in paragraph 11 and, basing its denial on this ground, denies each allegation therein.

12. AMICO lacks sufficient information to respond to the allegations in paragraph 12 and, basing its denial on this ground, denies each allegation therein.

13. AMICO lacks sufficient information to respond to the allegations in paragraph 13 and, basing its denial on this ground, denies each allegation therein.

14. AMICO lacks sufficient information to respond to the allegations in paragraph 14 and, basing its denial on this ground, denies each allegation therein.

15. AMICO lacks sufficient information to respond to the allegations in paragraph 15 and, basing its denial on this ground, denies each allegation therein.

16. AMICO denies the allegations in paragraph 16 for the reason that they state a legal conclusion.

17. AMICO denies that venue is proper for the reason that it is a legal conclusion. AMICO lacks sufficient information to respond to the remaining allegations in paragraph 17 and, basing its denial on this ground, denies each allegation therein.

### *Procedural Background Antecedent to this Amended Fourth-Party Complaint*

18. AMICO admits that Travelers Casualty and Surety Company as Administrator for Reliance Insurance Company ("Travelers") filed an action on June 28, 2004 in the U.S. District Court, Southern District New York captioned <u>Travelers Casualty and Surety Company, as Administrator for Reliance Insurance Company v. The Dormitory Authority of the State of New York, TDX Construction Corp. and Kohn, Pederson, Fox & Associates, P.C.</u>, Civil Action No. 04 CV 5101. AMICO denies the remaining

allegations in Paragraph 18 as the referenced pleading speaks for itself.

19. AMICO admits that on June 28, 2004, the Dormitory Authority of the State of New York ("DASNY") filed a third party action against Travelers and Trataros Construction, Inc. AMICO denies the remaining allegations in Paragraph 19 as the referenced pleading speaks for itself.

20. AMICO admits that the allegations in Paragraph 20 are included in the referenced pleading.

21. AMICO admits that the allegations in Paragraph 21 are included in the referenced pleading.

22. AMICO admits that the allegations in Paragraph 22 are included in the referenced pleading.

23. AMICO admits that the allegations in Paragraph 23 are included in the referenced pleading.

24. AMICO admits that the allegations in Paragraph 24 are included as the remedy sought in the referenced pleading.

### Facts Common to All Counts of this Amended Fourth-Party Complaint

25. AMICO lacks sufficient information to respond to the allegations in paragraph 25 and, basing its denial on this ground, denies each allegation therein.

26. AMICO lacks sufficient information to respond to the allegations in paragraph 26 and, basing its denial on this ground, denies each allegation therein.

27. AMICO lacks sufficient information to respond to the allegations in paragraph 27 and, basing its denial on this ground, denies each allegation therein.

28. AMICO lacks sufficient information to respond to the allegations in paragraph 28 and, basing its denial on this ground, denies each allegation therein.

29. AMICO lacks sufficient information to respond to the allegations in paragraph 29 and, basing its denial on this ground, denies each allegation therein.

30. AMICO lacks sufficient information to respond to the allegations in paragraph 30 and, basing its denial on this ground, denies each allegation therein.

31. AMICO lacks sufficient information to respond to the allegations in paragraph 31 and, basing its denial on this ground, denies each allegation therein.

### First Count
*(Breach of Subcontracts - Indemnification & Exoneration against Crocetti and Bartec)*

32. AMICO repeats and realleges each and every response set forth above in its Answer as set forth at length herein.

33. AMICO lacks sufficient information to respond to the allegations in paragraph 33 and, basing its denial on this ground, denies each allegation therein.

34. AMICO lacks sufficient information to respond to the allegations in paragraph 34 and, basing its denial on this ground, denies each allegation therein.

35. AMICO makes no response to the allegations contained within paragraph 35 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 35 require a response from AMICO, AMICO denies the allegations.

36. AMICO makes no response to the allegations contained within paragraph 36 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 36 require a response from AMICO, AMICO denies the allegations.

37. AMICO makes no response to the allegations contained within paragraph 37 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 37 require a response from AMICO, AMICO denies the allegations.

38. AMICO makes no response to the allegations contained within paragraph 38 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 38 require a response from AMICO, AMICO denies the allegations.

39. AMICO denies the allegations in paragraph 39 for the reason that they state a legal conclusion.

40. AMICO denies the allegations in paragraph 40 for the reason that they state a legal conclusion.

## Second Count
*(Performance Bond Claim against Crocetti and Carolina Casualty by Trataros alone)*

41. AMICO repeats and realleges each and every response set forth above in its Answer as set forth at length herein.

42. AMICO lacks sufficient information to respond to the allegations in paragraph 42 and, basing its denial on this ground, denies each allegation therein.

43. AMICO makes no response to the allegations contained within paragraph 43 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 43 require a response from AMICO, AMICO denies the allegations.

44. AMICO makes no response to the allegations contained within paragraph 44 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 44 require a response from AMICO, AMICO denies the allegations.

## Third Count
*(Performance Bond Claim against Crocetti and Carolina Casualty by Travelers)*

45. AMICO repeats and realleges each and every response set forth above in its Answer as set forth at length herein.

46. AMICO makes no response to the allegations contained within paragraph 46 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 46 require a response from AMICO, AMICO denies the allegations.

47. AMICO makes no response to the allegations contained within paragraph 47 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 47 require a response from AMICO, AMICO denies the allegations.

48. AMICO makes no response to the allegations contained within paragraph 48 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 48 require a response from AMICO, AMICO denies the allegations.

49. AMICO makes no response to the allegations contained within paragraph 49 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 49 require a response from AMICO, AMICO denies the allegations.

50. AMICO makes no response to the allegations contained within paragraph 50 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent

the allegations in paragraph 50 require a response from AMICO, AMICO denies the allegations.

51. AMICO makes no response to the allegations contained within paragraph 51 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 51 require a response from AMICO, AMICO denies the allegations.

### Fourth Count
*(Professional Negligence – Indemnification, Contribution, & Exoneration against Crocetti and Bartec)*

52. AMICO repeats and realleges each and every response set forth above in its Answer as set forth at length herein.

53. AMICO makes no response to the allegations contained within paragraph 53 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 53 require a response from AMICO, AMICO denies the allegations.

54. AMICO makes no response to the allegations contained within paragraph 54 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 54 require a response from AMICO, AMICO denies the allegations.

55. AMICO makes no response to the allegations contained within paragraph 55 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent

the allegations in paragraph 55 require a response from AMICO, AMICO denies the allegations.

56. AMICO makes no response to the allegations contained within paragraph 56 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 56 require a response from AMICO, AMICO denies the allegations.

57. AMICO makes no response to the allegations contained within paragraph 57 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 57 require a response from AMICO, AMICO denies the allegations.

58. AMICO makes no response to the allegations contained within paragraph 58 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 58 require a response from AMICO, AMICO denies the allegations.

59. AMICO makes no response to the allegations contained within paragraph 59 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 59 require a response from AMICO, AMICO denies the allegations.

### *Fifth Count*
(*Negligence, Breach of Contract, Breach of Warranty - Indemnification, Contribution, & Exoneration against Dayton and TEC*)

60. AMICO repeats and realleges each and every response set forth above in its Answer as set forth at length herein.

61. AMICO makes no response to the allegations contained within paragraph 61 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 61 require a response from AMICO, AMICO denies the allegations.

62. AMICO makes no response to the allegations contained within paragraph 62 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 62 require a response from AMICO, AMICO denies the allegations.

63. AMICO makes no response to the allegations contained within paragraph 63 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 63 require a response from AMICO, AMICO denies the allegations.

64. AMICO makes no response to the allegations contained within paragraph 64 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 64 require a response from AMICO, AMICO denies the allegations.

65. AMICO makes no response to the allegations contained within paragraph 65 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 65 require a response from AMICO, AMICO denies the allegations.

66. AMICO makes no response to the allegations contained within paragraph 66 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 66 require a response from AMICO, AMICO denies the allegations.

67. AMICO makes no response to the allegations contained within paragraph 67 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 67 require a response from AMICO, AMICO denies the allegations.

### Sixth Count
*(Breach of Subcontracts, Professional Negligence and/or Simple Negligence - Indemnification, Contribution, & Exoneration against John Does 1-20 and XYZ Corps. 1-12)*

68. AMICO repeats and realleges each and every response set forth above in its Answer as set forth at length herein.

69. AMICO makes no response to the allegations contained within paragraph 69 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 69 require a response from AMICO, AMICO denies the allegations.

70.  AMICO makes no response to the allegations contained within paragraph 70 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO.  To the extent the allegations in paragraph 70 require a response from AMICO, AMICO denies the allegations.

71.  AMICO makes no response to the allegations contained within paragraph 71 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO.  To the extent the allegations in paragraph 71 require a response from AMICO, AMICO denies the allegations.

72.  AMICO makes no response to the allegations contained within paragraph 72 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO.  To the extent the allegations in paragraph 72 require a response from AMICO, AMICO denies the allegations.

73.  AMICO makes no response to the allegations contained within paragraph 73 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO.  To the extent the allegations in paragraph 73 require a response from AMICO, AMICO denies the allegations.

74.  AMICO makes no response to the allegations contained within paragraph 74 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO.  To the extent

the allegations in paragraph 74 require a response from AMICO, AMICO denies the allegations.

75. AMICO makes no response to the allegations contained within paragraph 75 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 75 require a response from AMICO, AMICO denies the allegations.

76. AMICO makes no response to the allegations contained within paragraph 76 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 76 require a response from AMICO, AMICO denies the allegations.

### Seventh Count
*(Insurance Coverage against Kemper, Great American, National Union, US Fire, Allied, Zurich, Ohio Cas., Harleysville, and XYZ Corps. 1-12)*

77. AMICO repeats and realleges each and every response set forth above in its Answer as set forth at length herein.

78. AMICO admits that it issued a policy of insurance to Crocetti. AMICO lacks sufficient information to respond to the remaining allegations in paragraph 78 and, basing its denial on this ground, denies each allegation therein.

79. Paragraph 79 does not require a response. To the extent a response is required, AMICO denies the allegations in paragraph 79.

80. AMICO makes no response to the allegations contained within paragraph 80 for the reasons that said allegations are not directed at AMICO and seek no relief from AMICO. To the extent the allegations in paragraph 80 require a response from AMICO, AMICO denies the allegations.

81. AMICO denies the allegations in paragraph 81 to the extent they are directed against AMICO. AMICO makes no response to the allegations contained within paragraph 81 as to the extent they are not directed against AMICO. To the extent the remaining allegations in paragraph 81 require a response from AMICO, AMICO denies the allegations.

82. AMICO denies the allegations in paragraph 82 for the reason that they state a legal conclusion.

83. AMICO denies the allegations in paragraph 83 for the reason that they state a legal conclusion.

84. AMICO denies the allegations in paragraph 84.

WHEREFORE, AMICO requests that the Honorable Court deny the remedy sought by Fourth-Party Plaintiffs, that the Amended Fourth Party Complaint be dismissed with prejudice and that this Court further award AMICO all the relief it deems just and proper.

### Affirmative Defenses

#### FIRST AFFIRMATIVE DEFENSE
#### (Other Insurance)

85. AMICO's policy contains provisions that provide that if there is any other collectible insurance available to an insured, the AMICO policy will be excess of the other collectible insurance.

86. Fourth Party Plaintiffs' claims are barred in whole or in part to the extent that there is other collectible insurance available to the insured.

#### SECOND AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

87. The Amended Fourth Party Complaint fails to allege facts sufficient to constitute a claim against AMICO.

#### THIRD AFFIRMATIVE DEFENSE
#### (Mitigation of Damages)

88. To the extent that Fourth Party Plaintiffs have impaired any of AMICO's rights of subrogation, they are not entitled to coverage.

#### FOURTH AFFIRMATIVE DEFENSE
#### (Other Defenses)

89. AMICO reserves the right to amend its Answer by way of adding affirmative defenses, counterclaims, cross-claims, or by instituting third party actions as additional facts are obtained through investigation and discovery.

WHEREFORE, Fourth-Party Defendant AMICO prays that Fourth Party Plaintiffs take nothing by their Complaint; that AMICO be dismissed with prejudice and awarded fees and costs incurred in defending this suit; and that this Court enter a declaration that AMICO is not obligated to provide insurance coverage for Fourth Party Plaintiffs or any other party, and for any further relief that this Court deems equitable and just.

Dated:   White Plains, New York
         April 14, 2005

>                        STEINBERG & CAVALIERE, LLP
>
>
> By:   /Steven A. Coploff
>       Steven A. Coploff (SC 0506)
>       Attorneys for Fourth-Party
>         Defendant American Motorist
>         Insurance Company, improperly
>         sued herein as Kemper Casualty
>         Insurance Company d/b/a Kemper
>         Insurance Company
>       50 Main Street, Suite 901
>       White Plains, New York 10606
>       (914) 761-4200
>
>       BOLLINGER, RUBERRY & GARVEY
>       George J. Manos
>       David N. Larson
>       Of Counsel
>       500 West Madison, Suite 2300
>       Chicago, Illinois 60661
>       (312) 466-8000

S&C#75540.1