# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

TRAVELERS CASUALTY AND SURETY COMPANY as
Administrator for RELIANCE INSURANCE COMPANY,

                Plaintiff,

             vs.

DORMITORY AUTHORITY – STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN PEDERSEN
FOX ASSOCIATES, P.C.,

               Defendants.

DORMITORY AUTHORITY OF THE STATE OF NEW YORK
AND TDX CONSTRUCTION CORP.,

              Third-Party Plaintiffs,

    vs.

TRATAROS CONSTRUCTION, INC.,

              Third-Party Defendant.

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

              Fourth-Party Plaintiffs

       vs.

CAROLINA CASUALTY INSURANCE COMPANY; BARTEC
INDUSTRIES, INC.; DAYTON SUPERIOR SPECIALTY
CHEMICAL CORP. a/k/a DAYTON SUPERIOR CORPORATION
SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC;
KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER
INSURANCE COMPANY; GREAT AMERICAN INSURANCE
COMPANY; NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA; UNITED STATES FIRE
INSURANCE COMPANY; ALLIED WORLD ASSURANCE
COMPANY (U.S.) INC. f/k/a COMMERCIAL UNDERWRITERS

07-CV-6915 (DLC)

**BRIEF IN SUPPORT OF
FOURTH-PARTY
DEFENDANTS'
MOTION FOR
SUMMARY JUDGMENT**

INSURANCE COMPANY; ZURICH AMERICAN INSURANCE'     :
COMPANY d/b/a ZURICH INSURANCE COMPANY; OHIO     :
CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY     :
GROUP; HARLEYSVILLE MUTUAL INSURANCE COMPANY     :
(a/k/a HARLEYSVILLE INSURANCE COMPANY); JOHN DOES  :
1-20 and XYZ CORPS. 1-20,     :
                                                  :
                    Fourth-Party Defendants.     :
_____     :

# TABLE OF CONTENTS

Table of Contents................................................................................................ i

Table of Authorities ......................................................................................... **ii**

Preliminary Statement ..................................................................................... 1

Factual Background ......................................................................................... 2

Procedural History........................................................................................... 4

      A. The 2004 Action .................................................................................4

      B. The 2007 Action ............................................................................... 6

Argument

Point I

      A. The Court Should Grant Lumbermens' Motion for Summary Judgment,
      As There Is No Genuine Issue of Material Fact Warranting Denial ....................8

Point II

      B. Trataros and Travelers are Barred From Coverage Under the Lumbermens
      Policy Because They Failed to Provide Timely Notice to Lumbermens..............10

      1. Late Notice......................................................................................10

      2. Unreasonable Delay..........................................................................14

Conclusion ....................................................................................................18

## TABLE OF AUTHORITIES

Cases

Allcity Ins. Co v. Jimenez,
    8 N.Y.2d 1054, 1055 (1991) ................................................................. 10

Allstate Ins. Co. v. Furman,
    84 A.D.2d 29, 31, aff d, 58 N.Y.2d 613 (1982) ................................. 11

Amer. Home Assur. Co. v. Republic Ins. Co.,
    984 F.2d 76 (2d Cir. 1993) ........................................................... 10, 12

Amer. Ins. Co. v. Fairchild Indus., Inc.,
    56 F.3d 435, 438 (2d Cir. 1995)................................................... 10

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986) ................................................................. 8, 9

Argo Corp. v. Greater New York Mut. Ins. Co.,
    4 N.Y.3d 332, 827 N.E.2d 762, 794 N.Y.S.2d 704 (2005) .................................. 11

Asbeka Indus. v. Travelers Indem. Co.,
    831 F. Supp. 74 (E.D.N.Y. 1993) ........................................................ 11

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986) ........................................................... 8

Deso v. London & Lancashire Indem. Co. of Amer.
    3 N.Y.2d 127, 164 N.Y.S.2d 689 (1957) .......................................... 12

Darby v. Darby,
    268 A.D.2d 270, 702 N.Y.S.2d 50 (1st Dept. 2000)......................................... 16

DiGuglielmo v. Travelers Property Cas. Co.,
    6 A.D.3d 344, 776 N.Y.S.2d 542 (1st Dept. 2004) ........................................ 13

Fusco v. Amer. Colonial Ins. Co.,
    221 A.D.2d 231, 633 N.Y.S.2d 316 (1st Dept. 1995)....................................... 10

Green Door Realty Corp. v. TIG Ins. Co.,
    329 F.3d 282, 287 (2d Cir. 2003).............................................................. 10

Haas Tobacco Co. v. Amer. Fidelity Co.,
        226 N.Y. 343, 123 N.E. 755 (1919) ..........................................12, 14

Hartford Fire. Ins. v. Baseball Office of the Comm'r,
        236 A.D.2d 334, 654 N.Y.S.2d 212 (1st Dept. 1997).......................... 16

Herold v. East Coast Scaffolding Inc.,
        208 A.D.2d 592, 616 N.Y.S.2d 197 (2d Dept. 1994) ......................... 12

Kason v. City of New York
        8 Misc.2d 810, 373 N.Y.S.2d 458 (N.Y.Co. 1973) .....................14, 15

Odgen Corp. v. Travelers Indem. Co.,
        924 F.2d 39, 43 (2d Cir. 1991).......................................................... 14

Olin v. Ins. Co. of Amer.,
        743 F. Supp. 1044 (S.D.N.Y. 1990) ................................................. 13

Power Auth. v. Westinghouse Elec. Corp.,
        117 A.D.2d 336, 339, 502 N.Y.S.2d 420 (1st Dept. 1986) .........................11, 12

Rushing v. Commercial Cas. Ins. Co.,
        251 N.Y. 302, 167 N.E. 450 (1929) ................................................. 12

Safer v. Gov't Employees Ins. Co.,
        254 A.D.2d 344, 678 N.Y.S.2d 667 (2d Dept. 1998) ......................... 12

Sec. Mut. Ins. Co. v. Acker-Fitzsimmons Corp.
        31 N.Y.2d 436, 440, 340 N.Y.S.2d 902, 293 N.E.2d 76 (1972)............ 10, 14, 15

Structure Tone, Inc. v. Burgess Steel Products Corp.,
        249 A.D.2d 144, 672 N.Y.S.2d 33 (1st Dept. 1998)......................... 11

Travelers Cas. and Sur. Co. v. Dormitory Authority- State of New York,
        2008 WL 2567784, 1 (S.D.N.Y. June 25, 2008) ........................................... 1

U.S. Underwriters Ins. Co. v. Falcon Constr. Corp.,
        2003 WL 22019429 (S.D.N.Y. 2003)................................................. 11

Utica Mut. Ins. v. Fireman's Fund,
        748 F.2d 118, 122 (2d Cir. 1984)................................................. 13

White v. City of New York,
        81 N.Y.2d 955, 957, 598 N.Y.S.2d 759, 615 N.E.2d 216 (1993)..................... 10

Winstead v. Uniondale Union Free School Dist.,
    201 A.D.2d 721, 608 N.Y.S.2d 487 (2d Dept. 1994) ..................................12, 16

Zandri Constr. Co. v. Stanley H. Calkins, Inc.,
    446 N.Y.S.2d 45 (1981) .............................................................................. 12

## PRELIMINARY STATEMENT

This brief is submitted in support of fourth-party defendant Lumbermens Mutual Casualty Company's ("Lumbermens")[1] motion for summary judgment as to the claims set forth against it in the Amended Fourth-Party Complaint of Trataros Construction, Inc. ("Trataros"), and Travelers Casualty and Surety Company ("Travelers")(collectively "Trataros").

Trataros has sued Lumbermens, demanding coverage as an additional insured under a liability insurance policy issued by Lumbermens (the "Lumbermens policy") to G.M. Crocetti ("Crocetti"), a subcontractor of Trataros. Lumbermens has denied coverage, and asserts, among other things, that Trataros' late notice of a claim relieves Lumbermens of any obligation to provide insurance coverage to Trataros. This court recently concluded that a seven-month delay in providing notice of a claim to an insurer was unreasonable and relieved the insurer of any obligation to provide coverage in this litigation. Travelers Cas. and Sur. Co. v. Dormitory Authority- State of New York, 2008 WL 2567784, 1 (S.D.N.Y. June 25, 2008). See Exhibit O of the Miller Declaration. Summary judgment should now be granted to Lumbermens because Trataros also failed to provide Lumbermens with notice of a claim for seven months.

---

[1] Lumbermens was improperly sued as Kemper Casualty Insurance Company d/b/a Kemper Insurance Company. Lumbermens is one of the Kemper Insurance Companies, and issued the insurance policy at issue in the Fourth-Party Complaint.

1

**FACTUAL BACKGROUND**

The detailed facts are set forth in Lumbermens' Rule 56.1 Statement of Material Facts. However, in sum, this action arises from a dispute regarding the construction project at the Baruch College Vertical Campus, located between 24th and 25th Streets and Lexington and Third Avenues in New York, New York (the "project"). The project owner was the Dormitory Authority of the State of New York ("DASNY"). The project architect was Kohn Pederson Fox Associates, P.C. ("KPF"). The construction manager of the project was TDX Construction Corporation ("TDX"). See Exhibit J of the Miller Declaration.

Trataros was a co-prime contractor on the project. Pursuant to a subcontract, Trataros hired Crocetti to perform certain work with regard to the installation of an epoxy terrazzo flooring system inside the Vertical Campus. See Exhibit A of the Miller Declaration. The subcontract required Crocetti to maintain a commercial general liability ("CGL") insurance policy and to name Trataros as an additional insured under the policy. Id. Crocetti maintained CGL coverage with Lumbermens under policy number 4LS 001759-00. See Exhibit L of the Miller Declaration. Trataros was aware that Crocetti purchased the required CGL policy, in that it requested and received a copy of the Certificate of Insurance in June 2001. See Exhibits C and D of the Miller Declaration. The Certificate of Insurance identified Crocetti as the named insured, the policy number, and name and address of the policy's insurance broker. See Exhibit B of the Miller Declaration.

As a condition precedent to coverage under the Lumbermens policy, an insured must "see to it that we are immediately notified of an occurrence, or offense, which may result in a claim." See Exhibit L of the Miller Declaration. Furthermore, under circumstances where a claim is

2

made or suit is brought against any insured, "you must see to it that we receive immediate notice of the claim or suit." <u>Id.</u>  The Lumbermans policy specifically states that, in the event of a claim or suit, you <u>or any involved insured</u> must:

(1)    Immediately send us copies of any demands notices, summonses, or legal papers received in connection with the claim or a suit;
(2)    Authorize us to obtain records and other information;
(3)    Cooperate with us in the investigation, settlement or defense of the claim or suit;
(4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

<u>See</u> Exhibit L of the Miller Declaration.  (Emphasis Added).

By letter dated March 7, 2003, TDX supplied Trataros with a consultant's report revealing extensive debonding of the terrazzo system.  <u>See</u> Exhibit F of the Miller Declaration. Specifically, TDX informed Trataros that during an investigation performed by Testwell Laboratories ("Testwell"), problems with the epoxy membrane were revealed and suggested potential failure of the terrazzo system.  <u>Id.</u>

In this correspondence, TDX also informed Trataros that "this serious matter deserves your full cooperation, due to the potential repercussions of what has been found to date, plus the extent of the affected areas," and that Trataros, as general contractor, would "be held responsible for all conditions, should final analysis show G.M. Crocetti's system failure was due to poor workmanship; not to mention the potential problems posed by the underlayment subcontractor, Bartec, and its recommended product, Conflow, for floor-leveling." <u>Id.</u>

Thereafter, on June 17, 2003, TDX wrote to DASNY regarding investigations and analyses performed by three different firms with respect to the alleged failure of the terrazzo

system. <u>See</u> Exhibit G of the Miller Declaration.

Two months later, on August 28, 2003, TDX again wrote to DASNY, noting that "there has been deteriorating and hazardous conditions due to the deficiencies of the terrazzo flooring and underlayment installation at Baruch College Site B." <u>See</u> Exhibit H of the Miller Declaration.

## **PROCEDURAL HISTORY**

### A. **THE 2004 ACTION**

On June 28, 2004, Travelers, as Administrator for Reliance Insurance Company, ("Reliance"), and Trataros commenced a lawsuit against DASNY, TDX, and KPF seeking payment on behalf of itself and its subcontractors. <u>See</u> Exhibit I of the Miller Declaration. Additionally, Travelers asserted a negligence claim against both TDX and KPF for failing to properly perform their responsibilities, resulting in delay and defects on the Project (the "2004 Action"). <u>Id</u>.[2]

On or about August 4, 2004, DASNY commenced a third-party action against Trataros and Travelers, seeking common law and contractual indemnification, and contribution from Trataros and its subcontractors. DASNY's third-party complaint also claimed that Trataros and its subcontractors' work caused "construction defects," which caused the terrazzo flooring system to "crack and crumble," and to "delaminate and blister" in large areas. <u>See</u> Exhibit J of the Miller Declaration.

On February 17, 2005, KPF commenced a second third-party action against Trataros and the KPF design team, alleging that Trataros and the design team were negligent with respect to their work on the project, and asserting claims for contribution, common law and contractual

---

[2] The action was captioned <u>Travelers v. DASNY</u>, Docket No. 04 Civ. 5101.

indemnification, negligence and breach of contract.

On or about February 17, 2005, Travelers and Trataros amended their fourth-party action to assert claims against Lumbermens, Crocetti, and other contractors and insurers.[3] In the Amended Fourth-Party Complaint, Travelers and Trataros alleged that on or about September 18, 1998, Crocetti entered into a subcontract with Trataros pertaining mainly to installation of an epoxy terrazzo system manufactured by Specialty Construction Brands ("TEC"). Among other things, Travelers and Trataros asserted that if DASNY was successful in prosecuting its claims against Travelers and Trataros for defective workmanship relative to the terrazzo flooring, then Crocetti would be liable to Travelers and Trataros: for breach of its subcontract; under the Subcontract Performance Bond issued by Carolina Casualty; and/or for indemnification, contribution and exoneration due to its professional negligence. See Exhibit K of the Miller Declaration.

Moreover, under these conditions, Lumbermens, as Crocetti's insurer:

> shall be jointly and severally liable to reimburse, indemnify, and/or exonerate Trataros and/or Travelers for the covered damages either because Trataros is a named insured, or because Travelers shall acquire by equitable subrogation or legal assignment the right of Trataros and/or DASNY to make a claim against the insurance policies.

See Exhibit K attached to the Miller Declaration.

The Amended Fourth-Partty Complaint was served upon Lumbermens through the New York State Department of Insurance on March 2, 2005. See Exhibit M of the Miller Declaration. This was the first notice Lumbermens' had of any claim under its policy pertinent to the project. See Affidavit of Denise Gibson. On April 14, 2005, Lumbermens answered the Amended

---

[3] The Fourth-Party Complaint, which was originally filed in November 2004, was amended in February 2005 to add the various insurance companies as Fourth-Party Defendants.

Fourth-Party Complaint, denying the allegations that Trataros was entitled to insurance coverage under the policy issued to Crocetti.  <u>See</u> Exhibit N of the Miller Declaration.  Lumbermens admitted that it issued a policy of insurance to Crocetti. <u>Id.</u>

On October 7, 2005, the parties to the 2004 Action stipulated to its dismissal without prejudice  in order to permit mediation to go forward.

## B. <u>THE 2007 ACTION</u>

Following the completion of mediation, the instant matter, which is essentially based on the same claims as set forth in the 2004 Action, was commenced. The Fourth-Party Complaint herein was filed with the Court by Trataros on November 14, 2007.  <u>See</u> Exhibit O of the Miller Declaration.

According to the Fourth-Party Complaint, on April 22, 1998, DASNY awarded prime Contract Number 15 to Trataros, and on or about August 27, 1998, DASNY awarded co-prime Contract Number 16 to Trataros.  Trataros in turn subcontracted work regarding the epoxy terrazzo flooring under Contract Number 16 to Crocetti.  <u>See</u> Exhibit A of the Miller Declaration.

In the Ninth Count of the Fourth-Party Complaint, Trataros alleges that it is an insured and/or an additional insured under the policy issued by Lumbermens to Crocetti.  Trataros further alleges that, should the trier of fact in this action find that Trataros is liable to DASNY and/or TDX for damages in connection "with the repair, replacement, and/or loss of use of the allegedly damaged and/or impaired property," then the cost of repairing and/or replacing the allegedly defective or damaged property "may be covered in whole or in part by any one or all of the insurance policies written by the carriers," including those issued by Lumbermens.  <u>See</u>

Exhibit O of the Miller Declaration.

Trataros further alleges that, to the extent there is coverage under the policies issued by Lumbermens for the aforementioned property damage, then Lumbermens shall also be required to "defend and/or indemnify Travelers and/or Trataros in connection with the within action, either because Trataros qualifies as an `insured' and/or 'additional insured', or because Travelers shall acquire by equitable subrogation or legal assignment the right of Trataros, Bartec and/or DASNY to make a claim against the insurance policies." See Exhibit O of the Miller Declaration. Trataros claims the right to assert the foregoing claims even though they are "contingent on certain events and/or are not ripe." Id.

In February 2008, Fourth-Party Defendant U.S. Fire Insurance Company ("U.S. Fire") filed a motion to dismiss the Amended Fourth-Party Complaint. U.S. Fire provided a CGL insurance policy to Trataros effective from April 1, 1998 until April 1, 1999. See Exhibit P of the Miller Declaration. In its motion, U.S. Fire asserted that Trataros failed to provide notice of DASNY's claim for a seven-month period. Id. at 4. Such delay constituted a violation of the notice provision of the CGL policy, which required written notice of a claim or suit "as soon as practicable." Trataros did not dispute that it failed to notify U.S. Fire of the suit filed by DASNY for a period of seven months. Id. at 6. The Court converted U.S. Fire's motion into a motion for summary judgment, and subsequently granted summary judgment to U.S. Fire. Id. at 3. The court stated that Trataros' seven-month delay in providing notice was unreasonable and relieved U.S. Fire of any obligation to provide coverage to Trataros. Id. at 1.

## ARGUMENT

### POINT I

### THE COURT SHOULD GRANT LUMBERMENS' MOTION FOR SUMMARY JUDGMENT, AS THERE IS NO GENUINE ISSUE OF MATERIAL FACT WARRANTING DENIAL

Summary judgment may be granted <u>only</u> if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). <u>See also Celotex Corp. v. Catrett</u>, 477 U.S. 317, 330 (1986). An issue is "genuine" if a reasonable jury could possibly hold in the non-movant's favor with regard to that issue. <u>See Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). A fact is "material" if it influences the outcome under the applicable law. <u>Id.</u> at 248.

The moving party bears the initial burden of demonstrating either: (1) that there is no genuine issue of fact and that as a matter of law, the moving party must prevail, or (2) that the non-moving party has not shown facts relating to an essential element of the issue for which it bears the burden. <u>See Celotex</u>, 477 U.S. at 331. Once either showing is made, the burden shifts to the non-moving party, who must demonstrate facts which support each element for which it bears the burden and establish the existence of genuine issues of material fact. <u>Id.</u> at 333 n.3. To satisfy this burden, the non-moving party "may not rest upon the mere allegations or denials" of its pleading. Fed.R.Civ.P. 56(e). Rather, it must go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. <u>See Celotex,</u> 477 U.S. at 324.

Moreover, the court must view the facts in the light most favorable to the non-moving

8

party, drawing all justifiable inferences in that party's favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). "The plaintiff, to survive the defendant's motion, need only present evidence from which a jury <u>might</u> return a verdict in his favor. If he does so, there is a genuine issue of fact that requires a trial." <u>Id.</u> at 257. (Emphasis added.)

The evidence in this case clearly demonstrates a lack of any material fact upon which Lumbermens' motion may be denied. The Lumbermens policy unambiguously requires immediate notice of a claim or potential claim. <u>See</u> Exhibit L of the Miller Declaration. Trataros has been aware of the potential for a claim since February 2001. <u>See</u> Exhibit E of the Miller Declaration. Trataros was in possession of the Certificate of Insurance confirming its status under the Lumbermens policy, and the name and address of the policy's insurance broker in June 2001. <u>See</u> Exhibit D of the Miller Declaration. As such, Trataros was in a position to either report the potential claim to the broker or to inquire as to the procedure for notifying Lumbermens of the potential claim. Trataros was named as a third-party defendant in August 2004, and did not notify Lumbermens of the suit until March 2, 2005. <u>See</u> Exhibits J and K of the Miller Certification; <u>See</u> Affidavit of Denise Gibson.

Trataros has produced no evidence indicating that it notified Lumbermens of DASNY's suit prior to service of the Amended Fourth-Party Complaint upon Lumbermens. The timing of this service constitutes a four year delay after Trataros learned that the terrazzo separated from the substrate in February 2001, and a seven-month delay after DASNY filed the Third-Party Complaint. <u>See</u> Exhibits E, J and K of the Miller Declaration. Trataros' repeated failures to notify Lumbermens of the claims against it are a clear violation of the notice requirement of the Lumbermens policy. As such, the Court should grant Lumbermens' motion for summary judgment.

9

## POINT II

## TRATAROS AND TRAVELERS ARE BARRED FROM COVERAGE UNDER THE LUMBERMENS POLICY BECAUSE THEY FAILED TO PROVIDE TIMELY NOTICE TO LUMBERMENS

Trataros' failure to provide proper and timely written notice to Lumbermens vitiates coverage under the Lumbermens policy.

**1.    Late Notice**

New York case law is clear that compliance with a notice provision of an insurance policy is a condition precedent to coverage, and any unexcused failure of the insured to adhere to such a provision vitiates coverage under the policy. See White v. City of New York, 81 N.Y.2d 955, 957, 598 N.Y.S.2d 759, 615 N.E.2d 216 (1993); Sec. Mut. Ins. Co. v. Acker-Fitzsimons Corp., 31 N.Y.2d 436, 440, 340 N.Y.S.2d 902, 293 N.E.2d 76 (1972). Noncompliance with the provision vitiates the contract, both as to the insured and persons injured by the insured's actions. Fusco v. Amer. Colonial Ins. Co., 221 A.D.2d 231, 633 N.Y.S.2d 316 (1st Dep't 1995) (holding that where insured failed to timely comply with the notice provision of the policy, which is, in effect, a condition precedent to coverage, the insurer is relieved of liability).

More specifically, if an insured fails to provide timely notice as required by the particular policy, then, absent a valid reason for the delay, the insurer is under no obligation to defend or indemnify the insured. Amer. Ins. Co. v. Fairchild Indus., Inc., 56 F.3d 435, 438 (2d Cir. 1995); citing Allcity Ins. Co v. Jimenez, 78 N.Y.2d 1054, 1055 (1991). Such failure provides a complete defense to coverage, regardless of whether the carrier was prejudiced by the late notice. Green Door Realty Corp. v. TIG Ins. Co., 329 F.3d 282, 287 (2d Cir. 2003); citing Am. Home Assurance Co. v. Int'l Ins. Co., 90 N.Y.2d 433, 440 (1997).

The salutary purposes underlying the requirement of proper notice of claim to the insurer are to enable the insurer to: (1) exercise early control over the claim including assessing settlement potential; and (2) to adjust its reserves to account for the insured claim. Asbeka Indus. v. Travelers Indem. Co., 831 F. Supp. 74 (E.D.N.Y. 1993). The New York Court of Appeals has confirmed that the right of an insurer to receive timely notice is so fundamental that the insurer need not show prejudice to be able to disclaim on this basis. Allstate Ins. Co. v. Furman, 84 A.D.2d 29, 31, affd 58 N.Y.2d 613 (1982); Argo Corp. v. Greater New York Mut. Ins. Co., 4 N.Y.3d 332, 827 N.E.2d 762, 794 N.Y.S.2d 704 (2005).

Furthermore, the duty to give reasonable notice as a condition of recovery is applicable to purported additional insureds. Structure Tone, Inc. v. Burgess Steel Products Corp., 249 A.D.2d 144, 672 N.Y.S.2d 33 (1st Dep't 1998); and U.S. Underwriters Ins. Co. v. Falcon Constr. Corp., 2003 WL 22019429 (S.D.N.Y. 2003) (the notice requirement in an insurance policy applies to both the named insured and additional insured and timely notice provided by one insured will not be imputed to the other insured). Even if the insurance policy were construed as specifying that only the named insured was required to provide notice of occurrences, the duty to give reasonable notice as a condition of recovery is implied in all insurance contracts. Structure Tone, Inc. v. Burgess Steel Products Corp., 249 A.D.2d 144, 672 N.Y.S.2d 33 (1st Dept. 1998). Trataros, therefore, cannot argue that the notice requirement in the Lumbermens policy was not applicable due to its additional insured status.

Pursuant to the Lumbermens policy, Crocetti or any involved insured, such as Trataros, was required to immediately give notice of an occurrence and, also, to immediately send copies of all legal papers to Lumbermens. See Exhibit L of the Miller Declaration. Such provisions have been interpreted to require notice within a reasonable time under the circumstances. Power Auth.

v. Westinghouse Elec. Corp., 117 A.D.2d 336, 339, 502 N.Y.S.2d 420 (1st Dep't 1986).

In interpreting what constitutes timely notice, New York courts have held that relatively short periods of unexcused delay are unreasonable as a matter of law. Amer. Home Assur. Co. v. Republic Ins. Co., 984 F.2d 76 (2d Cir. 1993)(36 day delay); Deso v. London & Lancashire Indem. Co. of Amer., 3 N.Y.2d 127, 164 N.Y.S.2d 689 (1957)(51day delay); Safer v. Gov't Employees Ins. Co., 254 A.D.2d 344, 678 N.Y.S.2d 667 (2d Dep't 1998)(more than a one month delay); Winstead v. Uniondale Union Free School Dist., 201 A.D.2d 721, 608 N.Y.S.2d 487 (2d Dep't 1994)(one month delay); Rushing v. Commercial Cas. Ins. Co., 251 N.Y. 302, 167 N.E. 450 (1929)(22 day delay); Haas Tobacco Co. v. Amer. Fidelity Co., 226 N.Y. 343, 123 N.E. 755 (1919)(10 days); Herold v. East Coast Scaffolding, Inc., 208 A.D.2d 592, 616 N.Y.S.2d 197 (NY. App. Div. 1994)(failure to notify insurer until three and a half months after the accident was untimely); and Zadrima v. PSM Ins. Co., 208 A.D.2d 529, 616 N.Y.S.2d 817 (2d Dep't 1994)(four month delay).

Here, DASNY commenced a third-party action against Trataros on August 4, 2004 in which it alleged that Trataros and its subcontractors negligently performed work on the Project. See Exhibit J of the Miller Declaration. Thus, it is indisputable that, by August 2004, Trataros was well aware of the claims against it. Upon being impleaded, however, Trataros did not "immediately send copies of any demands, notices, summonses or legal papers" or otherwise provide notice of the claim to Lumbermens as is required under the terms of the Lumbermens policy.

Instead, approximately seven months later, on March 2, 2005, Trataros served Lumbermens with an Amended Fourth-Party Complaint. See Exhibit K of the Miller Declaration. This was Lumbermens' first notice of the claim. See Affidavit of Denise Gibson. This court

12

already concluded in U.S. Fire's motion that a seven month delay in notifying an insurer of a claim is unreasonable and relieves the insurer of any obligation to provide coverage. See Exhibit P of the Miller Declaration at 1.

Furthermore, it is clear that Trataros was aware of DASNY's claims against it long before DASNY commenced its 2004 third-party action. Indeed, the evidence indicates that, for example, TDX wrote to Trataros in February 2001 advising that the terrazzo was separating from the substrates. See Exhibit E of the Miller Declaration. The evidence also indicates that on or about August 28, 2003, TDX forwarded a report to Trataros confirming that the terrazzo was separating from the substrate. See Exhibit H of the Miller Declaration. The August 28, 2003 letter and a March 7, 2003 letter both indicate TDX's assertion that Trataros would be held responsible for any repairs to the terrazzo flooring. See Exhibits F and H of the Miller Declaration.

The Lumbermens policy clearly and unambiguously required Trataros to provide immediate notice of any potential claim against it to Lumbermens. See, e.g. Olin v. Ins. Co of Amer., 743 F. Supp. 1044 (S.D.N.Y. 1990)(obligation to provide notice accrues when the circumstances known to the insured at that time would have suggested to a reasonable person the possibility of a claim); and Utica Mut. Ins. v. Fireman's Fund, 748 F.2d 118, 122 (2d Cir. 1984)("New York law applies an objective test, asking what the insured's officers 'reasonably could or should have concluded' that an alleged occurrence would give rise to liability.).

Additionally, New York courts have consistently held that an insured's duty to give notice arises when, from the information available relative to the accident or "occurrence," the insured could glean a reasonable possibility of a policy's involvement. See, e.g., DiGuglielmo v. Travelers Property Cas. Co., 6 A.D.3d 344, 776 N.Y.S.2d 542 (1st Dep't 2004). Sec. Mut. Ins. Co. v. Acker-Fitzsimons Corp. 31 N.Y.2d 436, 440, 340 N.Y.S.2d 902 (1972)("Security

13

Mutual")(notice must be given within a reasonable time under all the circumstances); Odgen Corp. v. Travelers Indem. Co., 924 F.2d 39, 43 (2d Cir. 1991)(an insured's knowledge that a claim is likely, though not yet actually filed, is sufficient to trigger the duty of notice). Once an insured possesses such knowledge, it cannot recede and do nothing and its carelessness will not absolve it from the consequences of its actions. See e.g., Haas Tobacco Co. v. Amer. Fidelity Co., 226 N.Y. 343, 123 N.E. 755 (1919). By any objective standard, Trataros and Travelers failed to provide notice in a timely fashion to Lumbermens of both the potential claims against Trataros and of the lawsuit itself.

Thus, not only did Trataros fail to provide notice of any of the potential claims against it, it failed to give timely notice of the lawsuit filed against it. Accordingly, Trataros' late notice should be deemed unreasonable as a matter of law and Lumbermens should be relieved of any obligation to provide Trataros with insurance coverage in this case.

Consequently, the Court should grant Lumbermens' motion for summary judgment.

**2.     Unreasonable Delay**

Trataros cannot now argue that its delay in providing notice to Lumbermens was excusable because: (1) there is no evidence to show that it ever received the policy and, therefore, it did not know what was required of it under the terms of the policy; (2) evidence of insurance coverage was only obtained subsequent to the filing of the original 2004 third-party action by DASNY; or (3) Trataros ceased operating a year prior to DASNY's filing of the Third-Party Complaint in the 2004 Action. Such excuses are simply unavailing in terms of the policy's requirements, the law, and the undisputed facts.

For example, in Kason v. City of New York, 8 Misc.2d 810, 373 N.Y.S.2d 458 (N.Y. Co. 1973) the plaintiff filed a property damage claim against the City of New York (the "City")

14

based on the City's alleged negligence in starting a fire. The City then filed a third-party complaint against its insurer seeking coverage. In determining whether the City's claim against its insurer was barred by late notice, the court found that the City had knowledge of the "occurrence" for approximately 16 to 17 months prior to notifying its carrier. The court also noted the absence of any proof indicating that the City thought it was not liable for the occurrence. In finding that the City's claim for coverage was barred due to its inability to comply with the notice provision contained in the policy, the court, citing <u>Security Mutual</u>, <u>supra</u>, held that the City was required to exercise reasonable diligence and care in the discharge of its responsibility to inform its carrier and its own inaction or inefficiency did not absolve it from the consequences.

The Court of Appeals has held that - under very limited circumstances - an insured's delay in providing notice may be excused. See <u>Security Mutual</u>, 31 N.Y.2d at 441, 340 N.Y.S.2d at 903. Specifically, a delay may be excused if it is based on an insured's good faith belief of non-liability; or if the insured lacks or is incapable of acquiring knowledge that an accident has occurred; or if the insured is out of state.

These circumstances are not present here. Indeed, this is not a case where Trataros had a good faith belief of non-liability or where Trataros lacked or was incapable of acquiring knowledge of the alleged occurrence. Trataros was the co-prime contractor with regard to the installation of the terrazzo flooring system. It had received several letters from TDX identifying problems with the installation of the terrazzo flooring system and asvising that it would be held responsible for any repairs thereto.

Trataros and Travelers also cannot claim that they were unaware of the existence of

15

insurance coverage. The evidence shows that in 2001 Trataros obtained a Certificate of Insurance identifying Lumbermens as Crocetti's insurer and confirming its status as an additional insured. The Certificate identified the policy number, policy limits, and the name and address of the policy broker.    See Exhibits B, C and D of the Miller Declaration.    Trataros could have contacted the broker at any time to discuss the policy, the potential of a claim, or the Third-Party Complaint that was eventually filed against it in the 2004 Action.    Trataros has claimed in the past that it should be excused for its delay in providing notice of the claim because it went out of business in Spring 2003.    However, by the time Trataros went out of business, it had been in possession of the Certificate of Insurance and broker information and had been aware of the potential for a claim for approximately two years. See Exhibits C, D, and E. of the Miller Declaration.    There is no excuse as to why it could not have located the Certificate of Insurance in its files and contacted the broker to report the claim immediately after the Third-Party Complaint was filed.

When Trataros received notification of a potential claim, it was required to make reasonable and diligent efforts to alert those carriers with potential coverage of the claim. It is beyond dispute that no such efforts were made. See. e.g., Winstead v. Uniondale Union Free School Dist., 201 A.D.2d 721, 608 N.Y.S.2d 487 (2d Dep't 1994); Darby v. Darby, 268 A.D.2d 270, 702 N.Y.S.2d 50 (1st Dep't 2000)(finding that insured who procured the general liability policy was chargeable with the knowledge of whether that insurance covered the potential claim as opposed to a law firm retained by the insured). See also Hartford Fire Ins. v. Baseball Office of the Comm'r, 236 A.D.2d 334, 654 N.Y.S.2d 212 (1st Dep't 1997).

Nor can Travelers, a general liability insurer as well as Trataros' surety, credibly take the position that, without benefit of a copy of the Lumbermens policy, it did not know what was

16

required under the notice provision of such a general liability policy. Indeed, <u>every</u> general liability insurance policy contains a notice requirement. Thus, notwithstanding any possible variations of such a condition, as a general liability insurer, Travelers was well aware that each liability policy under which it now seeks coverage contained a notice requirement and that the failure to comply with this requirement would vitiate coverage under the policy.[4]

Finally, Trataros was on site at the Project and, therefore, cannot claim that it was "out of state" and detached from any communication regarding the Project. Accordingly, Trataros and Travelers cannot offer any reasonable excuse regarding their delay in providing Lumbermens with notice under the Lumbermens policy, and such delay in providing Lumbermens with timely notice was unreasonable as a matter of law. For this reason, summary judgment as to all claims and cross-claims against Lumbermens should be granted.

---

[4] Travelers is asserting claims assigned to it by Trataros. See, e.g., <u>Travelers Cas. and Surety Co. v. Dormitory Authority – State of New York</u>, 2008 WL 1882714, 1 (S.D.N.Y. June 25, 2008). "It is elementary ancient law that an assignee never stands in any better position than his assignor." <u>In the Matter , of the General Assignment for the Benefit of Creditors of Int'l Ribbon Mills, Ltd., v. Arjan Ribbons, Inc.</u>, 36 N.Y.2d 121, 126, 365 N.Y.S.2d 808 (1975). As such, Travelers cannot assert any claims or defenses independent of Trataros.

## CONCLUSION

For all of the reasons set forth herein, it is clear that no coverage is owed to Trataros, Travelers, or any other party in this action under the Lumbermens policy. To that end, Lumbermens respectfully requests that the Court issue an Order dismissing the action and all pending claims against Lumbermens with prejudice, and for such other and further relief as this Court may deem just and proper.

DATED:  August 8, 2008

By:    s/ Michael S. Miller
       Michael S. Miller
       **TOMPKINS, McGUIRE,**
       **WACHENFELD &  BARRY LLP**
       *Attorneys forFourth-Party Defendant*
       *Lumbermens Mutual Casualty Company*
       *("Lumbermens"), improperly sued as*
       *Kemper Casualty Insurance Company d/b/a*
       *Kemper Insurance Company*
       140 Broadway, 51st Floor
       New York, New York 10005
       (212) 714-1720
       -and-
       Four Gateway Center
       100 Mulberry Street
       Newark, New Jersey 07102
       (973) 622-3000