# EXHIBIT G

# EXHIBIT G

# EXHIBIT G

# EXHIBIT G



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVELERS CASUALTY AND SURETY
COMPANY as Administrator for RELIANCE
INSURANCE COMPANY,

    Plaintiff,

- against -

THE DORMITORY AUTHORITY OF THE
STATE OF NEW YORK, TDX CONSTRUCTION
CORP., and KOHN, PEDERSON, FOX &
ASSOCIATES, P.C.,

    Defendants.

DORMITORY AUTHORITY OF THE STATE OF
NEW YORK,

    Third-Party Plaintiff,

- against -

TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY AND SURETY
COMPANY,

    Third-Party Defendants.

Case No. 04 Civ. 5101 (HB)

**THIRD-PARTY COMPLAINT**

  Third-party plaintiff Dormitory Authority of the State of New York, by its attorneys, Holland & Knight LLP, as and for its complaint against the third-party defendants alleges:

*Parties, Jurisdiction and Venue*

  1. Third-party plaintiff Dormitory Authority of the State of New York ("DASNY") is a public benefit corporation organized and existing under the Public

- 2 -

Authorities Law of the State of New York, with its principal place of business located at 515 Broadway, Albany, New York.

2. Upon information and belief, third-party defendant Trataros Construction, Inc. ("Trataros") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 664 64th Street, Brooklyn, New York.

3. Upon information and belief, third-party defendant Travelers Casualty and Surety Company ("Travelers") is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located at One Tower Square, Hartford, Connecticut.

4. This Court has jurisdiction over this third-party action pursuant to 28 U.S.C. § 1367(a).

5. This District is the proper venue for this third-party action under 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to the cross-claims asserted herein occurred within this District.

*Facts*

6. This case arises from the construction of a 785,000 gross square foot, 14 story structure located on Lexington Avenue between 24th and 25th Streets in the borough of Manhattan (the "Project"), which was designed to house Baruch College's School of Liberal Arts and Sciences, Business School, Executive Program Division, recreational and performance facilities, and various student activity areas. The Project is commonly known as the Baruch Academic Complex, Site B.

7. The Project was designed by Kohn Pederson, Fox & Associates, P.C. ("KPF") and built in accordance with the Wicks Law, N.Y. State Finance Law § 135, using multiple trade construction contractors (the "Prime Trade Contractors"). TDX Construction Corp. ("TDX") served as DASNY's construction manager.

8. On or about April 22, 1998, DASNY, as owner, and Trataros Construction, Inc. ("Trataros"), as contractor, entered into Agreement No. 6500 1802 2176 ("Contract No. 15"). Contract No. 15 required Trataros to provide all labor and material necessary to perform specified general construction work on the Project for the fixed sum of $50,222,000.00. Contract No. 15 included plans, specifications, general conditions and other terms, conditions, obligations, duties, and requirements that Trataros agreed to assume and comply with.

9. On or about April 22, 1998, Trataros, as principal, and Reliance Insurance Company ("Reliance"), as surety, executed and delivered a labor and material payment bond and a performance bond for Contract No. 15, each having the penal sum of $50,222,000.00 and naming DASNY as obligee.

10. On or about August 27, 1998, DASNY, as owner, and Trataros, as contractor, entered into Agreement No. 6500 1802 2178 ("Contract No. 16"). Contract No. 16 required Trataros to provide all labor and material necessary to perform specified general construction work at the Project for the fixed sum of $24,140,000.00. Contract No. 16 included plans, specifications, general conditions, and other terms, conditions, duties, and requirements that Trataros agreed to assume and comply with.

11.     On or about August 27, 1998, Trataros, as principal, and Reliance, as surety, executed and delivered a labor and material payment bond and a performance bond for Contract No. 16, each having the penal sum of $24,140,000.00 and naming DASNY as obligee.

12.     Upon information and belief, on or about May 31, 2000, Travelers acquired the surety and fidelity business written by Reliance Group Holdings, Inc., including bonds written by Reliance. All duties, rights, and obligations of Reliance under the labor and material payment and performance bonds for Contract No. 15 and Contract No. 16 were assumed by Travelers by virtue of that transaction.

13.     Trataros entered into various subcontract agreements and purchase orders with trade contractors and material suppliers ("Trataros' Subcontractors and Suppliers") that obligated those subcontractors and suppliers to fulfill certain of Trataros' obligations and under Contract No. 15 and Contract No. 16.

I. *Project Delays*

14.     Contract No. 15 and Contract No. 16 required Trataros to complete its work in accordance with schedules that were developed with input from Trataros and its subcontractors. By entering into Contract No. 15 and Contract No. 16, Trataros agreed to complete the work in accordance with the sequences, milestones and completion dates in those schedules and any updates thereto.

15.     Time was of the essence under Contract No. 15 and Contract No. 16.

16.     Contract No. 15 and Contract No. 16 each contained a provision requiring Trataros to pay DASNY liquidated damages in the amount of $500.00 per

- 4 -

day for each and every day that Trataros was in default after the specified time of completion.

17. Trataros failed to complete its work in accordance with the sequences, milestones and completion dates required by the schedules for Contract No. 15 and Contract No. 16.

18. Trataros' failure to complete its work in accordance with the sequences, milestones and completion dates required by the schedules for Contract No. 15 and Contract No. 16 delayed, disrupted and impacted work performed on the Project by other Prime Trade Contractors and Trataros' Subcontractors and Suppliers. Trataros also is responsible for a delay to the overall completion of the Project.

19. The delays, disruptions and impacts to work performed by other Prime Trade Contractors and Trataros' Subcontractors and Suppliers is attributable to, *inter alia*, Trataros' failure to properly plan, schedule, coordinate or manage the work and Trataros' failure to provide adequate labor, material and equipment to effectively phase and complete their work.

20. Certain Prime Trade Contractors have submitted claims to DASNY seeking additional compensation and extensions of time due to alleged delays, disruptions, impacts and inefficiencies. To the extent that DASNY has any responsibility for these claims, that responsibility is at least partially attributable to Trataros' failure to complete its work in accordance with the sequences, milestones and completion dates required by the schedules for Contract No. 15 and Contract No. 16 and Trataros' failure to properly administer and execute its work.

21. Some of Trataros' Subcontractors and Suppliers have submitted claims to Trataros seeking additional compensation and extensions of time due to alleged delays, disruptions, impacts and inefficiencies. Trataros has attempted to pass these claims through to DASNY for payment. To the extent that DASNY has any responsibility for these claims, that responsibility is at least partially attributable to Trataros' failure to complete its work in accordance with the sequences, milestones and completion dates required by the schedules for Contract No. 15 and Contract No. 16 and Trataros' failure to properly administer and execute its work.

22. The City University of New York ("CUNY") for whom DASNY oversaw and administered the construction of the Project, suffered substantial damages due to Trataros' delays in completing its work under Contract No. 15 and Contract No. 16. DASNY also suffered substantial damages as a result of Trataros' delays. Trataros is at least partially responsible for those additional costs.

II. *Construction Defects*

23. Contract No. 15 and Contract No. 16 included plans and specifications that set forth the technical requirements for both the performance and quality of the work.

24. Trataros agreed to perform its work in accordance with the technical and quality requirements set forth in Contract No. 15 and Contract No. 16. Trataros also agreed to comply with applicable industry standards and state and local building codes and regulations.

25. The work performed by Trataros and its subcontractors failed to satisfy the technical and quality requirements in Contract No. 15 and Contract No. 16 or accepted industry practices.

26. As a result of Trataros and subcontractors' failure to satisfy the technical and quality control requirements in Contract No. 15 and Contract No. 16 and accepted industry standards, significant portions of Trataros' work were defective, substandard or otherwise unacceptable. This nonconforming work had to be repaired or replaced at significant expense to DASNY.

27. In addition to the construction defects described above, Trataros also failed to install flooring material in the Project in accordance with the requirements of Contract No. 15 and Contract No. 16 and accepted industry standards.

28. The construction documents for the Project specified epoxy terrazzo as the interior finished flooring material for thousands of square feet of public space in the Project.

29. The epoxy terrazzo installation was part of the scope of work assigned to Trataros under Contract No. 16. Trataros subcontracted the epoxy terrazzo work to G.M. Crocetti, Inc. ("Crocetti").

30. The epoxy terrazzo that Trataros and Crocetti installed in the Project has begun to deteriorate and is otherwise defective. Among other things, the epoxy terrazzo began to crack and crumble at the perimeter of the poured area at the zinc divider strips over a substantial area of the epoxy terrazzo installation. The epoxy terrazzo also began to delaminate and "blister" in increasingly larger areas.

31. The failure of the epoxy terrazzo was caused by defective workmanship by Trataros and its subcontractors, who, among other things, failed to properly prepare and install the material according to either the contract documents or the manufacturer's prescribed procedures.

32. The remediation of the defective epoxy terrazzo will cause major disruptions to CUNY's operation in the building and will cost an estimated six million dollars or more to accomplish.

33. Trataros is contractually responsible for the defective epoxy terrazzo installation on the Project in addition to being responsible for all of the costs arising out of its satisfactory remediation.

### FIRST CAUSE OF ACTION
(Contractual Indemnification)

34. DASNY repeats and realleges each and every allegation contained in paragraphs 1 through 33 above, as if the same were set forth at length herein.

35. Contract No. 15 and Contract No. 16 require Trataros to indemnify and hold harmless DASNY and DASNY's clients against all claims by third persons on account of loss or damage of any kind whatsoever arising or alleged to arise out of or as a result of or in connection with Trataros' performance of the work. Contract No. 15 and Contract No. 16 also require Trataros to bear the risk for all losses sustained or alleged to have been sustained resulting from Trataros' negligence or alleged negligence.

36. In the Third Count of the complaint filed in this action by Travelers, Travelers alleges that subcontractors of Trataros have suffered damages as a result

of delays and other matters allegedly beyond their control, and seeks damages from DASNY on behalf of such subcontractors.

37. To the extent that DASNY is held liable to Travelers on account of any damages suffered by Trataros' subcontractors as a result of Trataros' negligence, Trataros is required to indemnify DASNY and hold DASNY harmless.

38. To the extent that DASNY is liable or responsible for any claims for additional compensation by other Prime Trade Contactors as a result of Trataros' negligence, Trataros is required to indemnify DASNY and hold DASNY harmless.

39. To the extent that DASNY is liable or responsible for any claims for additional compensation by any other third-party as a result of Trataros' negligence, Trataros is required to indemnify DASNY and hold DASNY harmless.

## SECOND CAUSE OF ACTION
(Common Law Indemnification)

40. DASNY repeats and realleges each and every allegation contained in paragraphs 1 through 39 above, as if the same were set forth at length herein.

41. In the event that Travelers recovers a judgment against DASNY in this action by reason of the allegations set forth in the Third Count of Travelers' complaint, such liability on the part of DASNY, by operation of law or otherwise, will have been caused and brought about by the culpable conduct of Trataros, and will not have been caused by any culpable conduct on the part of DASNY.

42. In the event that any other third-party recovers a judgment against DASNY or DASNY otherwise becomes obligated to pay claims to a third-party, such liability on the part of DASNY, by operation of law or otherwise, will have been

caused and brought about by the culpable conduct of Trataros, and will not have been caused by any culpable conduct on the part of DASNY.

43. Accordingly, Trataros as the actual tortfeasor is liable to DASNY for any amounts recoverable upon the claims made against DASNY in this action by Travelers on behalf of Trataros' subcontractors, or by any other third-party.

### THIRD CAUSE OF ACTION
(Contribution)

44. DASNY repeats and realleges each and every allegation contained in paragraphs 1 through 43 above, as if the same were set forth at length herein.

45. If the damages alleged by Travelers on behalf of Trataros' subcontractors in this action were caused by culpable conduct other than that of its principal Trataros, such culpable conduct was that of Trataros, by reason of its aforementioned negligence.

46. In the event that Travelers recovers a judgment against DASNY in this action by reason of the allegations set forth in the Third Count of Travelers' complaint, such liability on the part of DASNY, by operation of law or otherwise, will have been caused and brought about by the culpable conduct of Trataros, and will not have been caused by any culpable conduct on the part of DASNY.

47. Accordingly, pursuant to Article 14 of the New York Civil Practice Law and Rules, DASNY is entitled to recover damages in the amount of any judgment recovered by plaintiff Travelers against DASNY on the Third Count of Travelers' complaint as determined in accordance with their relative culpability, and DASNY

further demands judgment against Trataros in an amount equal to any excess paid by DASNY over and above DASNY's equitable share, with interest.

**FOURTH CAUSE OF ACTION**
(Breach of Contract Against Trataros and Travelers –
Delays, Disruptions and Impacts )

48. DASNY repeats and realleges each and every allegation contained in paragraphs 1 through 47 above, as if the same were set forth at length herein.

49. DASNY entered into two valid, binding, and enforceable written prime contracts with Trataros for the construction of certain work on the Project under Contract No. 15 and Contract No. 16.

50. Under Contract No. 15 and Contract No. 16, Trataros was obligated to perform all of the items in the contractual scope of work in accordance with the sequences, milestones and the time periods provided for in the schedules for the work.

51. Trataros materially breached Contract No. 15 and Contract No. 16 by failing to perform its work in accordance with the sequences, milestones and time periods in the schedules for the work.

52. Under the terms of the performance bond for Contract No. 15 and Contract No. 16 and the law of surety, Travelers is jointly and severally liable to DASNY for Trataros' breach of Contract.

53. As a direct and proximate result of Trataros' breach, DASNY has suffered damages in an amount to be determined at trial, but exceeding the

principal sum of Ten Million Dollars ($10,000,000) plus interest, costs and attorneys' fees.

### FIFTH CAUSE OF ACTION
(Breach of Contract Against Trataros and Travelers – Construction Defects)

54. DASNY repeats and realleges each and every allegation contained in paragraphs 1 through 53 above, as if the same were set forth at length herein.

55. DASNY entered into two valid, binding, and enforceable written prime contracts with Trataros for the construction of certain work on the Project under Contract No. 15 and Contract No. 16.

56. Under Contract No. 15 and Contract No. 16, Trataros was obligated to perform all of the items in the contractual scope of work in a workmanlike manner and in accordance with contractually mandated technical and quality requirements, applicable industry standards and governing building codes and regulations. Trataros also was obligated to complete its work in a manner that assured that the final work product was free of unacceptable defects.

57. Trataros materially breached Contract No. 15 and Contract No. 16 by failing to perform all of the items in the contractual scope of work in a workmanlike manner or in accordance with contractually mandated technical and quality requirements, applicable industry standards and governing building codes and regulations. Trataros also materially breached Contract No. 15 and Contract No. 16 by failing to complete its work in a manner that assured that the final work product was free of unacceptable defects.

58. Trataros materially breached Contract No. 16 by installing epoxy terrazzo that is failing in significant quantities due to construction errors by Trataros and its subcontractors.

59. Under the terms of the performance bond for Contract No. 15 and Contract No. 16 and the law of surety, Travelers is jointly and severally liable to DASNY for Trataros' breach of Contract.

60. As a direct and proximate result of Trataros' breach, DASNY has suffered damages in an amount to be determined at trial, but exceeding the principal sum of Six Million Dollars ($6,000,000) plus interest, costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
(Breach of Contract by Travelers)

61. DASNY repeats and realleges each and every allegation contained in paragraphs 1 through 60 above, as if the same were set forth at length herein.

62. DASNY, as obligee, made due demand upon Travelers to perform its obligations under the performance and payment bonds for Contract No. 15 and Contract No. 16.

63. DASNY's demand upon Travelers was wrongfully rejected by Travelers.

64. Travelers' wrongful rejection of DASNY's demand constitutes a breach of its obligations under the performance and payment bonds for Contract No. 15 and Contract No. 16.

65. As a direct and proximate result of Travelers' breach, DASNY has suffered damages in an amount to be determined at trial, but exceeding the principal sum of Six Million Dollars ($6,000,000) plus interest, costs and attorneys' fees.

**WHEREFORE**, third-party plaintiff the Dormitory Authority of the State of New York demands judgment:

I. on its First Cause of Action against Trataros, awarding damages to DASNY in the amount of any judgment rendered against DASNY in favor of Travelers on behalf of Trataros' subcontractors and/or any liability DASNY incurs to any other third-party as a result of Trataros' negligence;

II. on its Second Cause of Action against Trataros, awarding damages to DASNY in the amount of any judgment rendered against DASNY in favor of Travelers on behalf of Trataros' subcontractors and/or any liability DASNY incurs to any other third-party as a result of Trataros' negligence;

III. on its Third Cause of Action against Trataros, awarding damages to DASNY in the amount of any judgment recovered by Travelers against DASNY on the Third Count of Travelers' complaint as determined in accordance with their relative culpability, and DASNY further demands judgment against Trataros in an amount equal to any excess paid by DASNY over and above DASNY's equitable share, with interest;

IV.  on its Fourth Cause of Action against Trataros and Travelers, awarding damages to DASNY in an amount to be determined at trial, but exceeding the principal sum of Ten Million Dollars ($10,000,000);

V.  on its Fifth Cause of Action against Trataros and Travelers, awarding damages to DASNY in an amount to be determined at trial, but exceeding the principal sum of Six Million Dollars ($6,000,000);

VI.  on its Sixth Cause of Action against Travelers, awarding damages to DASNY in an amount to be determined at trial, but exceeding the principal sum of Six Million Dollars ($6,000,000); and

VII.  awarding DASNY the costs and disbursements of this action, interest, attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 3, 2004

>HOLLAND & KNIGHT LLP
>*Attorneys for Defendant*
>*Dormitory Authority of*
>*the State of New York*
>
>By: *[signature]*
>Stephen B. Shapiro (SS 6400)
>Timothy B. Froessel (TF 2848)
>Francesca Morris (FM 1662)
>195 Broadway
>New York, New York 10007
>(212) 513-3200

# 2151361_v1

## CERTIFICATE OF SERVICE

TIMOTHY B. FROESSEL hereby declares the following to be true under penalty of perjury:

On August 3, 2004, I caused the foregoing Third-Party Complaint to be served upon:

David C. Dreifuss, Esq.
Dreifuss, Bonacci & Parker, LLP
26 Columbia Turnpike
North Entrance
Florham Park, NJ 07932

Gary L. Rubin, Esq.
Mazur Carp & Rubin, P.C.
2 Park Avenue
New York, NY 10016

Thomas V. Giordano, Esq.
Zetlin & DeChiara LLP
801 Second Avenue
New York, NY 10017

the addresses designated for service, via first-class mail, postage pre-paid, enclosed in a properly addressed wrapper.

Dated: New York, New York
August 3, 2004

_____
TIMOTHY B. FROESSEL

# 2153451_v1