# EXHIBIT I

# EXHIBIT I

# EXHIBIT I

# EXHIBIT I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRAVELERS CASUALTY AND SURETY
COMPANY as Administrator for RELIANCE
INSURANCE COMPANY,                                    Civil Action No. 04 Civ.5101 (HB)

                Plaintiff,
      vs

THE DORMITORY AUTHORITY OF THE STATE
OF NEW YORK, TDX CONSTRUCTION CORP. and
KOHN, PEDERSON, FOX & ASSOCIATES, P.C.,

                Defendants.
-----------------------------------------------------------------X
DORMITORY AUTHORITY OF THE STATE OF
NEW YORK,                                             **ANSWER TO AMENDED FOURTH**
                Third-Party Plaintiff,   **PARTY COMPLAINT WITH**
      vs                                            **CROSSCLAIMS**

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

                Third-Party Defendants.
-----------------------------------------------------------------X
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

                Fourth-Party Plaintiffs,
      vs

G.M. CROCETTI, INC., CAROLINA CASUALTY
INSURANCE COMPANY, BARTEC INDUSTRIES,
INC., DAYTON SUPERIOR SPECIALTY CHEMICAL
CORP., SPECIALTY CONSTRUCTION BRANDS,
INC. t/a TEC, KEMPER CASUALTY INSURANCE
COMPANY d/b/a KEMPER INSURANCE COMPANY,
GREAT AMERICAN INSURANCE COMPANY,
NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA., UNITED STATES FIRE
INSURANCE COMPANY, ALLIED WORLD
ASSURANCE COMPANY (U.S.) INC. f/k/a/
COMMERCIAL UNDERWRITERS INSURANCE
COMPANY, ZURICH AMERICAN INSURANCE
COMPANY d/b/a ZURICH INSURANCE COMPANY,
OHIO CASUALTY INSURANCE COMPANY d/b/a
OHIO CASUALTY GROUP, HARLEYSVILLE
MUTUAL INSURANCE COMPANY (a/k/a
HARLEYSVILLE INSURANCE COMPANY, an insurer
for BARTEC INDUSTRIES INC.), JOHN DOES 1-20
and XYZ CORPS. 1-12,

                Fourth-Party Defendants.
-----------------------------------------------------------------X

Great American Insurance Company of New York and American National Fire Insurance Company, improperly identified in the Complaint as Great American Insurance Company, answering the Fourth Party Complaint by their attorneys, Gennet, Kallmann, Antin & Robinson, P.C., say:

1. That they lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶s 1 through 8 in the Fourth Party Complaint and leave fourth party plaintiffs their proofs.

2. That they admit the allegations contained in ¶9 in the Fourth Party Complaint.

3. That they lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶s 10 through 31 in the Fourth Party Complaint and leave fourth party plaintiffs to their proofs.

### IN RESPONSE TO THE FIRST COUNT

4. That they make no response to the allegations contained in the First Count of the Fourth Party Complaint as the allegations contained therein are not directed against them. To the extent that the allegations were or are intended to be directed against them, they are denied.

### IN RESPONSE TO THE SECOND COUNT

5. That they make no response to the allegations contained in the Second Count of the Fourth Party Complaint as the allegations contained therein are not directed against them. To the extent that the allegations were or are intended to be directed against them, they are denied.

### IN RESPONSE TO THE THIRD COUNT

6. That they make no response to the allegations contained the Third Count of the Fourth Party Complaint as the allegations contained therein are not directed against them. To the extent that the allegations were or are intended to be directed against them, they are denied.

### IN RESPONSE TO THE FOURTH COUNT

7. That they make no response to the allegations contained the Fourth Count of the Fourth Party Complaint as the allegations contained therein are not directed against them. To the extent that the allegations were or are intended to be directed against them, they are denied.

### IN RESPONSE TO THE FIFTH COUNT

8. That they make no response to the allegations contained the Fifth Count of the Fourth Party Complaint as the allegations contained therein are not directed against them. To the extent that the allegations were or are intended to be directed against them, they are denied.

### IN RESPONSE TO THE SIXTH COUNT

9. That they make no response to the allegations contained the Sixth Count of the Fourth Party Complaint as the allegations contained therein are not directed against them. To the extent that the allegations were or are intended to be directed against them, they are denied.

### IN RESPONSE TO THE SEVENTH COUNT

10. That in response to the allegations contained in ¶77 in the Fourth Party Complaint, they repeat and reallege their response to the allegations contained in ¶s 1 through 76 in the Fourth Party Complaint as if fully set forth at length herein.

11. That they lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶78 of the Fourth Party Complaint except they admit that Great American Insurance Company of New York and previously, American National Fire Insurance Company, issued policy MAC1321386 to Trataros Construction and refer to the policy of insurance for the terms and conditions thereof.

12. That they lack knowledge and information sufficient to form a belief as to the truth of the

allegations contained in ¶s 79, 80 and 81 in the Fourth Party Complaint and leave fourth party plaintiffs to their proofs.

13. That they deny the allegations contained in ¶82 and 83 in the Fourth Party Complaint insofar as same are directed against them.

14. That they lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶84 in the Fourth Party Complaint and leave fourth party plaintiffs to their proofs.

### FIRST SEPARATE DEFENSE

15. That fourth party plaintiffs' Fourth Party Complaint fails to state a cause of action against these defendants.

### SECOND SEPARATE DEFENSE

16. That Travelers Casualty and Surety Company lacks standing to file this action.

### THIRD SEPARATE DEFENSE

17. That fourth party plaintiffs are barred from recovery by reason of the insured's breach of conditions precedent and/or subsequent pursuant to the terms and conditions of the policy of insurance.

### FOURTH SEPARATE DEFENSE

18. That fourth party plaintiffs are barred from recovery by reason of their failure to provide prompt notice of the loss as required by the terms and conditions of the policy of insurance.

### FIFTH SEPARATE DEFENSE

19. That fourth party plaintiffs are barred from recovery by reason of their failure to provide a description of how, when and where the loss or damage occurred as soon as possible.

### SIXTH SEPARATE DEFENSE

20. That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of their failure to take all reasonable steps to protect covered property from further damage as required by the terms and conditions of the policy of insurance.

### SEVENTH SEPARATE DEFENSE

21. That fourth party plaintiffs are barred from recovery by reason of their failure to immediately send copies of any demands, notices, summons or legal papers received in connection with the claim or suit.

### EIGHTH SEPARATE DEFENSE

22. That fourth party plaintiffs are barred from recovery by reason of the fact the loss or damage occurred outside defendants' policy effective dates.

### NINTH SEPARATE DEFENSE

23. That fourth party plaintiffs' claims do not constitute Covered Causes of Loss, meaning risks of direct physical "loss" to Covered Property.

### TENTH SEPARATE DEFENSE

24. That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of ¶7 of the installation floater coverage form prescribing when coverage begins and ends.

### ELEVENTH SEPARATE DEFENSE

25. That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of the policy's exclusion for, "delay, loss of use, loss of market or other consequential loss."

### TWELFTH SEPARATE DEFENSE

26. That fourth party plaintiffs are barred from recovery and/or their recovery is limited by

reason of the policy's exclusion for, "penalties for non-completion or non-compliance with contract conditions or penalties of any nature."

### THIRTEENTH SEPARATE DEFENSE

27. That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of the policy's exclusion for, "any 'loss' covered under any guarantee, warrantee or other expressed or implied obligation of the contractor, manufacturer or supplier. This exclusion applies whether or not such contractor, manufacturer or supplied is a Named Insured."

### FOURTEENTH SEPARATE DEFENSE

28. That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of the policy's exclusion for, "faulty, inadequate or defective: (1) planning, zoning, development, surveying, siting; (2) design, specifications, workmanship, repair, construction, renovation or remodeling, grading, compaction; (3) materials used in repair, construction, renovation or remodeling; or (4) maintenance."

### FIFTEENTH SEPARATE DEFENSE

29. That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of the policy's exclusion for, "gradual deterioration, hidden or latent defects, in any quality in the property that causes it to damage or destroy itself, wear and tear, depreciation, corrosion, rust, mold, rot, dampness or dryness, cold or heat, insects, vermin or rodents."

### SIXTEENTH SEPARATE DEFENSE

30. That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of the policy's exclusion for, "settling, cracking, shrinking, bulging or expansion."

### SEVENTEENTH SEPARATE DEFENSE

31. That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of the "other insurance" provision set forth in the policy of insurance.

### EIGHTEENTH SEPARATE DEFENSE

32. That fourth party plaintiffs are barred from recovery and/or their recovery is limited by reason of their failure to file suit within the two year period prescribed by the policy of insurance.

### NINETEENTH SEPARATE DEFENSE

33. That while defendants deny any liability, their liability, if any, is limited by the terms, conditions, exclusions and deductible provisions set forth within the policy of insurance.

### TWENTIETH SEPARATE DEFENSE

34. That fourth party plaintiffs' claims for consequential damages are deficient as a matter of law.

### TWENTY-FIRST SEPARATE DEFENSE

35. That fourth party plaintiffs' claims for attorneys fees are deficient as a matter of law.

WHEREFORE, defendants judgment dismissing the Fourth Party Complaint, together with costs and disbursements in this action.

### CROSSCLAIM

### FIRST COUNT

Fourth party defendant, Great American Insurance Company of New York and American National Fire Insurance Company, improperly identified in the Complaint as Great American Insurance Company, by their attorneys, Gennet, Kallmann, Antin & Robinson, P.C., as and for their Crossclaim against fourth party defendants, G.M. Crocetti, Inc., Bartec Industries, Inc., Dayton Superior Specialty Chemical Corp., Specialty Construction Brands, Inc., individually and t/a TEC

says:

1. That while fourth party defendants, American National Fire Insurance Company and Great American Insurance Company of New York deny any liability to fourth party plaintiff, if either are found so liable, said liability will arise without fault and solely by virtue of contractual or other obligations imposed by law.

2. That as a matter of equity and contract, fourth party defendant will be subrogated to fourth party plaintiffs' rights by virtue of any payment that it has or may be required to make.

3. That G.M. Crocetti, Inc., (hereinafter "Crocetti") installed an epoxy terrazzo flooring system and was otherwise involved in the construction of the subject premises.

4. That Bartec Industries, Inc. (hereinafter "Bartec") prepared the concrete and underlayment upon which the epoxy terrazzo flooring rested and was otherwise involved in the construction project at the premises.

5. That in the event the epoxy terrazzo flooring system was defective, Crocetti and/or Bartec would be liable to Great American Insurance Company of New York and American National Fire Insurance Company as subrogee of Trataros Construction for breach of contract and/or negligence.

WHEREFORE, Fourth party defendants, Great American Insurance Company of New York and American National Fire Insurance Company demand judgment jointly, severally and in the alternative against Crocetti and/or Bartec for damages together with interest, attorneys' fees and costs of suit.

## SECOND COUNT

6. That fourth party defendants repeat and reallege the allegations set forth in the First

Count of their Crossclaim as if fully set forth at length herein.

7. That in the event Trataros is found liable to the Dormitory Authority of the State of New York, and Great American Insurance Company of New York, American National Fire Insurance Company and/or Trataros suffer a loss thereby, then same would have occurred as a result of the acts and/or omissions of Crocetti and/or Bartec for: (a) negligently choosing inappropriate materials for use on the project; (b) negligently applying and/or installing the materials used on the project and/or (c) negligently failing to inspect the materials and work in connection with the project.

8. That as a direct and proximate result of Crocetti and/or Bartec's negligence, American National Fire Insurance Company, Great American Insurance Company of New York and/or Trataros were damaged to the extent of any liability arising out of the subject claim.

WHEREFORE, fourth party defendants demand judgment against the defendants Crocetti and/or Bartec, jointly, severally and in the alternative for damages together with interest and costs of suit.

### THIRD COUNT

9. That fourth party defendants repeat and reallege the allegations set forth in the First and Second Counts of the Crossclaim as if fully set forth at length herein.

10. That if the trier of fact determines that the Dormitory Authority of the State of New York's allegations (as set forth more fully above concerning allegedly substandard work by Trataros' subcontractors) have merit, and American National Fire Insurance Company, Great American Insurance Company of New York and/or Trataros suffer a loss thereby, that it will have occurred as a result of the acts and/or omissions of Dayton Superior Specialty Chemical Corp., including, but not limited to the following: (a) negligently manufacturing and supplying materials

used in the installation of epoxy terrazzo on the project such that the materials were defective and/or not proper for their intended use which was known or should have been known to Dayton Superior Specialty Chemical Corp.; (b) negligently failing to inspect the materials for defects prior to their shipment for use in the project; and/or (c) breaching their contract with Bartec and/or any applicable warranties, express or implied, to supply a material that was suitable for use on the project.

11. If the trier of fact determines that the Dormitory Authority of the State of New York's allegations (set forth more fully above concerning allegedly substandard work by Trataros' subcontractors) have merit, and Great American Insurance Company of New York and/or American National Fire Insurance Company and/or Trataros suffer a loss thereby, that it will have occurred as a result of the acts and/or omissions of Specialty Construction Brands, Inc., individually and t/a TEC, including, but not limited to the following: (a) negligently manufacturing the epoxy terrazzo system for incorporation into the project given that the system was defective and/or not proper for its intended use which was known or should have been known to Specialty Construction Brands, Inc., individually and t/a TEC; (b) negligently failing to inspect the epoxy terrazzo system for defects prior to their shipment for use on the project; and/or (c) breaching any applicable warranties, express or implied, to supply a material that was suitable for its intended use or suitable for use on this project.

12. That in the event the Dormitory Authority of the State of New York succeeds in prosecuting its claims against Trataros for the alleged defective workmanship involving the epoxy terrazzo and/or any other defective workmanship complained of in this litigation, then Dayton Superior Specialty Chemical Corp. and/or Specialty Construction Brands, Inc., t/a TEC shall be liable to Great American Insurance Company of New York and/or American National Fire Insurance Company for any loss that either may suffer as a result, to the extent that Dayton Superior Specialty

Chemical Corp., and/or Specialty Construction Brands, Inc., individually and t/a TEC proximately caused the loss.

WHEREFORE, Great American Insurance Company of New York and/or American National Fire Insurance Company demand judgment against the defendants Dayton Superior Specialty Chemical Corp. and/or Specialty Construction Brands, Inc., individually and t/a TEC, jointly, severally and in the alternative for damages together with interest, attorneys fees and costs of suit.

## FOURTH COUNT

13. That fourth party defendants, American National Fire Insurance Company and Great American Insurance Company of New York repeat and reallege the allegations set forth in the First, Second and Third Counts of the Crossclaim as if fully set forth at length herein.

14. That while fourth party defendants American National Fire Insurance Company and Great American Insurance Company of New York deny any liability to third party plaintiff, if either are found so liable, said liability will arise without fault and solely by virtue of contractual or other obligations imposed by law.

15. That as a matter of equity and contract, fourth party defendants will be subrogated to the fourth party plaintiffs' rights by virtue of any payment that it has or may be required to make.

16. That fourth party defendants American National Fire Insurance Company and Great American Insurance Company of New York would also be entitled to common law and contractual indemnification from Crocetti, Bartec, Dayton Superior Specialty Chemical Corp., and/or Specialty Construction Brands, Inc., individually and t/a TEC by reason of the fact that the fourth party co-defendants' liability would be active and/or primary.

WHEREFORE, Great American Insurance Company of New York and American National Fire Insurance Company, demand judgment against the fourth party defendants Crocetti, Bartec,

Dayton Superior Specialty Chemical Corp., and/or Specialty Construction Brands, Inc., individually and t/a TEC, jointly, severally and in the alternative for common law and contractual indemnification together with interest, attorney's fees and costs of suit.

## DEMAND FOR TRIAL BY JURY

The defendants herein demand a trial by jury on all issues so triable.

                                        GENNET, KALLMANN, ANTIN & ROBINSON
Attorneys for Great American Insurance Company of New York and American National Fire Insurance Company, improperly identified in the Complaint as Great American Insurance Company

By: _____

Dated: Parsippany, New Jersey
April 5, 2005

DONALD G. SWEETMAN (DS2716)
Litman Suite
45 Broadway Atrium
New York, NY 10006
(212) 406-1919
File No. 05-6698:35.0053-S

TO:    Guido Weber, Esq.
Dreifuss, Bonacci & Parker, LLP
26 Columbia Turnpike
North Entrance
Florham Park, NJ 07932
**Attorneys for 4th Pty Pltfs, Trataros Construction, Inc. & Travelers Casualty and Surety Co.**

David Abramovitz, Esq.
Zetlin & DeChiara, LLP
801 Second Avenue
New York, NY 10017
**Attorneys for Defendant, Kohn, Pederson, Fox & Associates, P.C.**

Stephen B. Shapiro, Esq.
Holland & Knight, LLP
195 Broadway
New York, NY 10007
**Attorneys for Deft/Dormitory Authority of the State of New York**

Gary L. Rubin, Esq.
Mazur, Carp & Rubin, P.C.
1250 Broadway, 38th Floor
New York, NY 10001
**Attorneys for Deft/TDX Construction Corp.**

Jeremy Platek, Esq.
O'Connor, Redd, Gollihue & Sklarin, LLP
200 Mamaroneck Avenue
White Plains, NY 10601
**Attorneys for 4th Pty Deft/Bartec Industries, Inc.**

Thomas M. DeSimone, Esq.
Goldberg Segalla, LLP
170 Hamilton Avenue, Suite 203
White Plains, NY 10601
**Attorneys for 4th Pty Deft/Dayton Superior Specialty Chemical Corp.**

Christian H. Gannon, Esq.
Segal, McCambridge Singer & Mahoney, Ltd.
805 Third Avenue, 19th Floor
New York, NY 10022
**Attorneys for 4th Pty Deft/Specialty Construction Brands, Inc., individually and t/a TEC**