# EXHIBIT K

# EXHIBIT K

# EXHIBIT K

# EXHIBIT K

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TRAVELERS CASUALTY AND SURETY COMPANY as
Administrator for RELIANCE INSURANCE COMPANY,
Plaintiff,

vs.

DORMITORY AUTHORITY - STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN PEDERSEN
FOX ASSOCIATES, P.C.,

Defendants.

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK and TDX CONSTRUCTION CORP.,

Third-Party Plaintiffs,

vs.

TRATAROS CONSTRUCTION, INC.,

Third-Party Defendant.

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

Fourth-Party Plaintiffs,

vs.

CAROLINA CASUALTY INSURANCE COMPANY;
BARTEC INDUSTRIES, INC.; DAYTON SUPERIOR
SPECIALTY CHEMICAL CORP. a/k/a DAYTON SUPERIOR
CORPORATION; SPECIALTY CONSTRUCTION BRANDS,
INC. t/a TEC; KEMPER CASUALTY INSURANCE
COMPANY d/b/a KEMPER INSURANCE COMPANY;
GREAT AMERICAN INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF PITTSBURGH,
PA.; UNITED STATES FIRE INSURANCE COMPANY;
ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. f/k/a
COMMERCIAL UNDERWRITERS INSURANCE
COMPANY; ZURICH AMERICAN INSURANCE COMPANY
d/b/a ZURICH INSURANCE COMPANY; OHIO CASUALTY
INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP;
HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a
HARLEYSVILLE INSURANCE COMPANY); JOHN DOES 1-
20 and XYZ CORPS. 1-12,

Fourth-Party Defendants.

Case No. 07-CV-6915 (DLC)
**ECF CASE**

**DOCKETED**

**FOURTH-PARTY**
**SUMMONS**

**TO:**    Allied World Assurance Company (U.S.) Inc.
            f/k/a Commercial Underwriters Insurance Company
      225 Franklin Street
      Boston, Massachusetts 02110
            -or-
      Insurance Dept. State of New York
      Agency Bldg. One
      The Governor Nelson A. Rockefeller
      Empire State Plaza
      Albany, New York 12257

**YOU ARE HEREBY SUMMONED** and required to serve upon FOURTH-PARTY PLAINTIFFS' ATTORNEY,

            DREIFUSS BONACCI & PARKER, LLP
            Attn: Eli J. Rogers, Esq.
            26 Columbia Turnpike, North Entrance
            Florham Park, New Jersey 07932
            (973) 514-1414

an answer to the fourth-party complaint which is herewith served upon you, within 20 days after service of this fourth-party summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the fourth-party complaint. You must also file your answer with the Clerk of the Court within a reasonable period of time after service.

J. MICHAEL McMAHON
_____
CLERK

NOV 1 4 2007
_____
DATE

_Marcos Quintero_
_____
(BY) DEPUTY CLERK

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVELERS CASUALTY AND SURETY COMPANY as
Administrator for RELIANCE INSURANCE COMPANY,

Plaintiff,

vs.

DORMITORY AUTHORITY - STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN PEDERSEN
FOX ASSOCIATES, P.C.,

Defendants.

Case No. 07-CV-6915 (DLC)
**ECF CASE**

DORMITORY AUTHORITY OF THE STATE OF NEW YORK
AND TDX CONSTRUCTION CORP.,

Third-Party Plaintiffs,

vs.

TRATAROS CONSTRUCTION, INC.,

Third-Party Defendant.

**DOCKETED**

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

Fourth-Party Plaintiffs,

vs.

CAROLINA CASUALTY INSURANCE COMPANY; BARTEC
INDUSTRIES, INC.; DAYTON SUPERIOR SPECIALTY
CHEMICAL CORP. a/k/a DAYTON SUPERIOR CORPORATION;
SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC;
KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER
INSURANCE COMPANY; GREAT AMERICAN INSURANCE
COMPANY; NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.; UNITED STATES FIRE
INSURANCE COMPANY; ALLIED WORLD ASSURANCE
COMPANY (U.S.) INC. f/k/a COMMERCIAL UNDERWRITERS
INSURANCE COMPANY; ZURICH AMERICAN INSURANCE
COMPANY d/b/a ZURICH INSURANCE COMPANY; OHIO
CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY
GROUP; HARLEYSVILLE MUTUAL INSURANCE COMPANY
(a/k/a HARLEYSVILLE INSURANCE COMPANY); JOHN DOES
1-20 and XYZ CORPS. 1-20,

Fourth-Party Defendants.

**FOURTH-PARTY
COMPLAINT**



NOV 1 4 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Fourth-Party Plaintiffs, Trataros Construction, Inc. and Travelers Casualty and Surety Company, by and through their attorneys, Dreifuss Bonacci & Parker, LLP, as and for their Fourth-Party Complaint against Fourth-Party Defendants, Carolina Casualty Insurance Company; Bartec Industries, Inc.; Dayton Superior Specialty Chemical Corp. a/k/a Dayton Superior Corporation; Specialty Construction Brands, Inc. t/a TEC; Kemper Casualty Insurance Company d/b/a Kemper Insurance Company; Great American Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pa.; United States Fire Insurance Company; Allied World Assurance Company (U.S.) Inc. f/k/a Commercial Underwriters Insurance Company; Zurich American Insurance Company d/b/a Zurich Insurance Company; Ohio Casualty Insurance Company d/b/a Ohio Casualty Group; Harleysville Mutual Insurance Company (a/k/a Harleysville Insurance Company); John Does 1-20 and XYZ Corps. 1-20 alleges:

### *Parties, Jurisdiction, and Venue*

1.    Travelers Casualty and Surety Company (hereinafter "Travelers") is incorporated in the State of Connecticut and its principal place of business is situated at One Tower Square, 4PB, Hartford, Connecticut.

2.    Trataros Construction, Inc. (hereinafter "Trataros") is a corporation organized and existing under the laws of the State of New York. At all times relevant to this Fourth-Party Complaint, Trataros' principal place of business was located at 664 64th Street, Brooklyn, New York.

3.    Upon information and belief, Carolina Casualty Insurance Company and/or its predecessors, successors, parents, subsidiaries, affiliates, and/or divisions (hereinafter "Carolina Casualty") is incorporated in the State of Florida with its principal place of business located at 4600 Touchton Road East, Building 100, Suite 400, Jacksonville, Florida 32246.

4.    Upon information and belief, Bartec Industries, Inc. and/or its predecessors,

2

successors, parents, subsidiaries, affiliates, and/or divisions (hereinafter "Bartec") is incorporated in the State of New Jersey with its principal place of business located at 453 Main Street, Little Falls, New Jersey 07424.

5.     Upon information and belief, Dayton Superior Specialty Chemical Corp. a/k/a Dayton Superior Corporation and/or its predecessors, successors, parents, subsidiaries, affiliates, and/or divisions (hereinafter "Dayton Superior") is incorporated in the State of Delaware with its principal place of business located at 4226 Kansas Avenue, Kansas City, Kansas 66106, and was formerly known as Conspec Marketing & Manufacturing Co., Inc.

6.     Upon information and belief, Specialty Construction Brands, Inc. t/a TEC and/or its predecessors, successors, parents, subsidiaries, affiliates, and/or divisions (hereinafter "TEC") is incorporated in the State of Minnesota with its principal place of business located at 1200 Willow Lake Boulevard, Saint Paul, Minnesota 55110.

7.     Upon information and belief, Kemper Casualty Insurance Company d/b/a Kemper Insurance Company and/or its predecessors, successors, parents, subsidiaries, affiliates, and/or divisions (hereinafter "Kemper") is/are incorporated in the State of Illinois with its principal place of business located at 1 Kemper Drive, Long Grove, Illinois 60049.

8.     Upon information and belief, Great American Insurance Company and/or its predecessors, successors, parents, subsidiaries, affiliates, and/or divisions (hereinafter "Great American"), is/are incorporated in the State of Ohio with its principal place of business located at 580 Walnut Street, Cincinnati, Ohio 45202.

9.     Upon information and belief, National Union Fire Insurance Company of Pittsburgh, Pa. and/or its predecessors, successors, parents, subsidiaries, affiliates, and/or divisions (hereinafter "National Union"), is/are incorporated in the Commonwealth of

Pennsylvania with its principal place of business located at 175 Water Street, New York, New York 10038, and offices located at 70 Pine Street, New York, New York 10270.

10. Upon information and belief, United States Fire Insurance Company and/or its predecessors, successors, parents, subsidiaries, affiliates, and/or divisions (hereinafter "US Fire"), is/are incorporated in the State of Delaware with its principal place of business located at 305 Madison Avenue, Morristown, New Jersey 07960.

11. Upon information and belief, Allied World Assurance Company (U.S.) Inc. f/k/a Commercial Underwriters Insurance Company and/or its predecessors, successors, parents, subsidiaries, affiliates, and/or divisions (hereinafter "Allied World"), is/are incorporated in the State of Delaware with its principal place of business located at 225 Franklin Street, Boston, Massachusetts 02110, and offices located within the State of New York at 199 Water Street, New York, New York 10038.

12. Upon information and belief, Zurich American Insurance Company d/b/a Zurich Insurance Company and/or its predecessors, successors, parents, subsidiaries, affiliates, and/or divisions (hereinafter "Zurich"), is/are incorporated in the State of New York with its principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196.

13. Upon information and belief, Ohio Casualty Insurance Company d/b/a Ohio Casualty Group and/or its predecessors, successors, parents, subsidiaries, affiliates, and/or divisions (hereinafter "Ohio Casualty"), is/are incorporated in the State of Ohio with its principal place of business located at 9450 Seward Road, Fairfield, Ohio 45014.

14. Upon information and belief, Harleysville Mutual Insurance Company (a/k/a Harleysville Insurance Company) and/or its predecessors, successors, parents, subsidiaries, affiliates, and/or divisions (hereinafter "Harleysville"), is/are incorporated in the Commonwealth

of Pennsylvania with its principal place of business located at 355 Maple Avenue, Harleysville, Pennsylvania 19438.

15.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367(a).

16.    This Court is the proper venue for this action under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

### Interested Non-Parties

17.    Upon information and belief, interested non-party G.M. Crocetti, Inc. (hereinafter "Crocetti") is incorporated in the State of New York with its principal place of business located at 3960 Merritt Avenue, Bronx, New York, 10466.

18.    Non-party Crocetti is interested in these proceedings due to a certain subcontract agreement by and between Trataros and Crocetti with respect to the Project.

### Procedural Background

19.    On or about August 1, 2007, Plaintiff, Travelers Casualty and Surety Company as Administrator for Reliance Insurance Company brought an action in this Court against Defendants, Dormitory Authority - State of New York ("DASNY"), TDX Construction Corp. ("TDX") and Kohn Pedersen Fox Associates, P.C. ("KPF"), which alleged, among other things, claims for Trataros' contract balances and retainage; claims on behalf of Trataros and certain of its subcontractors/suppliers, alleging damages caused by unreasonable delays, disruptions, impacts, and/or inefficiencies on the construction project at issue herein (the "Project"); and claims alleging professional negligence, inter alia, against TDX and KPF.

20.    On or about September 28, 2007, DASNY and TDX filed their "Answer of DASNY and TDX with Affirmative Defenses, Counterclaims, and Cross-Claims" (the "DASNY/TDX Answer") in this action alleging, inter alia, Counterclaims against Travelers

5

which seek recovery for, among other things, alleged damages resulting from purported delays, disruptions, impacts and/or inefficiencies to the Project, and/or as a result of purportedly defective, substandard and/or otherwise unacceptable work on the Project.

21.    In its Counterclaims against Travelers, DASNY further alleges that it is entitled to judgment against Travelers in the amounts of $1,800,000; $21,000,000; and $19,000,000, respectively.

22.    DASNY's Counterclaims further allege counts against Travelers seeking contractual indemnification, common-law indemnification, and contribution.

23.    On or about September 28, 2007, DASNY and TDX filed a Third-Party Complaint against Trataros seeking recovery for, among other things, alleged damages resulting from purported delays, disruptions, impacts and/or inefficiencies allegedly caused in whole or in part by Trataros and/or its subcontractors on the Project, and/or as a result of purportedly defective, substandard and/or otherwise unacceptable work on the Project.

24.    In connection with its Third-Party cause of action alleging "Delays, Disruptions and Impacts" to the Project, DASNY seeks to recover from Trataros damages in excess of $8,000,000.

25.    In connection with its Third-Party cause of action alleging "Construction Defects," DASNY seeks to recover from Trataros damages in excess of $20,000,000.

26.    In addition, DASNY alleges Third-Party causes of action against Trataros seeking contractual indemnification, common-law indemnification, and contribution.

27.    TDX alleges Third-Party causes of action against Trataros seeking common-law indemnification and contribution.

28.    On or about October 26, 2007, Travelers filed its "Plaintiff's Answer to

Counterclaims of Dormitory Authority – State of New York with Cross-Claims," alleging, inter alia, cross-claims against TDX and KPF for indemnification, contribution and exoneration.

29.    Subsequently, Trataros filed its "Answer to Third-Party Complaint," alleging, inter alia, cross-claims against TDX and KPF for indemnification, contribution and exoneration.

### *Facts Common to All Counts*

30.    This action arises from a public works construction project known as Baruch College, Site B, a/k/a the Baruch College Vertical Campus, a/k/a the Baruch Academic Complex, a/k/a the William & Anita Newman Vertical Campus (the "Project").

31.    The Project involved the design, site preparation, excavation, and construction of a 785,000 square foot mixed-use structure, with three below-grade levels and 14 above-grade stories, occupying approximately ¼ of the city block bounded between 24th and 25th Streets and Lexington and Third Avenues in Manhattan.

32.    DASNY was the "owner" of the Project.  Upon information and belief, the City University of New York ("CUNY") and/or Baruch College were DASNY's clients on the Project.

33.    In its capacity as owner, DASNY engaged Defendant KPF as the architect of record for the Project.

34.    In its capacity as owner, DASNY engaged Defendant TDX as the construction manager for the Project.

35.    DASNY also entered into thirteen separate co-prime contracts in connection with the Project's construction work.

36.    DASNY awarded two such co-prime contracts to Trataros Construction, Inc. ("Trataros") as the lowest responsible bidder.

37.    On or about April 22, 1998, DASNY awarded a certain prime contract to Trataros

in the amount of $50,222,000.00, said contract being known as "Package No. 1 – General Construction Work, Contract No. 15 at Baruch College, Site B, DA# 6500 1802 2176" (hereinafter "Contract No. 15").

38.     On or about August 27, 1998, DASNY awarded a separate co-prime contract to Trataros in the amount of $24,140,000.00, said contract being known as "General Construction #2, - Contract #16 at Baruch College – Site B, DA # 6500 1802 2178, JDE# 61506" (hereinafter, "Contract No. 16").

39.     Trataros entered into a subcontract with Crocetti in connection with a portion of Trataros' work under Contract No. 16.

40.     The work subcontracted by Trataros to Crocetti related to, among other things, interior stonework, precast terrazzo flooring, and epoxy terrazzo flooring.

41.     The work subcontracted by Trataros to Crocetti included the installation of a portion of the Project's epoxy terrazzo flooring system.

42.     Upon information and belief, in connection with the work subcontracted to it by Trataros, Crocetti used materials manufactured and/or supplied by TEC.

43.     Upon information and belief, TEC's materials were incorporated into the Project's epoxy terrazzo flooring system.

44.     Carolina Casualty issued a Subcontract Performance Bond and Subcontract Labor and Material Payment Bond (Bond No. 075641) respectively naming Crocetti as Principal, and Trataros as Obligee, in the respective amounts of $3,008,000.00.

45.     Crocetti delivered to Trataros the aforesaid subcontract bonds issued by Carolina Casualty. Crocetti provided said subcontract bonds as a condition to entering into its subcontract with Trataros.

8

46.    Trataros entered into a subcontract agreement with Bartec in connection with certain work demanded by DASNY, TDX and/or KPF on the Project.

47.    The work subcontracted by Trataros to Bartec included the "leveling" of the Project's concrete floor slabs, among other things.

48.    Upon information and belief, the Project's concrete floor slabs were installed by a separate co-prime contractor other than Trataros.

49.    The work subcontracted by Trataros to Bartec included the installation of a portion of the Project's epoxy terrazzo flooring system.

50.    Upon information and belief, in connection with the work subcontracted to it by Trataros, Bartec used materials manufactured and/or supplied by Dayton Superior.

51.    Upon information and belief, Dayton Superior's materials were incorporated into the Project's epoxy terrazzo flooring system.

52.    In its Counterclaims against Travelers, DASNY alleges among other things that "Trataros ... breached Contract No. 15 and Contract No. 16 by, *inter alia*, performing work that was defective, substandard and/or otherwise unacceptable, including but not limited to the defective installation of the Project's epoxy terrazzo flooring, which is delaminating, lifting, curling, and/or cracking in substantial areas of the Project."

53.    DASNY further alleges in its Counterclaims against Travelers that "Trataros failed to (1) provide sufficient labor; (2) effectively administer, schedule, coordinate and manage the work; and (3) otherwise satisfy its obligations under Contract No. 15 and Contract No. 16."

54.    In its Third-Party Complaint against Trataros, DASNY and TDX allege that "[a]s a result of Trataros and its subcontractors failure to satisfy the technical and quality control requirements in Contract No. 15 and Contract No. 16 and accepted industry standards, significant

portions of Trataros' work were defective, substandard or otherwise unacceptable. This nonconforming work had to be repaired or replaced at significant expense to DASNY."

55. DASNY and TDX further allege in their Third-Party Complaint that "[i]n addition to the construction defects alleged above, Trataros also failed to install flooring material in the Project in accordance with the requirements of Contract No. 15 and Contract No. 16 and industry standards."

56. DASNY and TDX further allege in their Third-Party Complaint that the Project's epoxy terrazzo flooring system "is deteriorating and is otherwise defective. Among other things the epoxy terrazzo is cracking and crumbling at the perimeter of the poured area at the zinc divider strips over substantial areas of the epoxy terrazzo installation. The epoxy terrazzo is also delaminating and 'blistering' in increasingly larger areas."

57. DASNY and TDX further allege in their Third-Party Complaint that "[t]he failure of the epoxy terrazzo was caused by defective workmanship and inappropriate materials provided by Trataros and its subcontractors and suppliers, who, among other things, failed to properly prepare and install the materials according to either the contract documents or the manufacturer's prescribed procedures."

58. DASNY and TDX allege in their Third-Party Complaint that remediation of the purported defects in the epoxy terrazzo flooring system "will cause major disruptions to CUNY's operation of the building and will cost an estimated thirteen million dollars or more to accomplish."

59. DASNY alleges in its Counterclaims against Travelers that "[a]s a direct and proximate result of Trataros' breach" of Contract No. 15 and Contract No. 16, "DASNY has suffered damages in an amount ... exceeding the principal sum of Twenty-One Million Dollars

($21,000,000) plus interest, costs and attorneys' fees."

60.    Upon information and belief, the claims of DASNY and/or TDX as set forth in their Third-Party Complaint and/or DASNY's Counterclaims relate to allegations of purported defects in the Project's epoxy terrazzo flooring system that have allegedly caused and/or allegedly will cause physical damage to, and/or impair the use of, the Project including but not limited to alleged physical damage and/or impairment to work performed and/or installed by separate co-prime contractors other than Trataros.

61.    Upon information and belief, the claims alleged against Travelers and/or Trataros by DASNY and/or TDX relate to and/or implicate allegations that certain materials purportedly incorporated into the epoxy terrazzo flooring system allegedly are and/or will become failing, defective and/or improperly suited for use on the Project.

### First Count
#### (Contractual Indemnification & Exoneration against Bartec)

62.    Travelers and Trataros repeat and reallege each and every allegation set forth above in this Fourth-Party Complaint as though set forth at length herein.

63.    Upon information and belief, DASNY and/or TDX are asserting claims against Travelers and/or Trataros which allege, among other things, breaches of Contract No. 15 and/or Contract No. 16, including allegations of defective construction, inadequate manpower, ineffective administration/scheduling/coordination/management, and/or failure(s) to meet relevant standards of workmanship (including but not limited to requirements of technical specifications and/or contract documents, professional standards of care, industry standards, and manufacturers' recommended practices).

64.    Pursuant to the terms of Bartec's subcontract with Trataros, Bartec is required to indemnify and hold harmless Trataros from any claims, damages, losses and expenses arising out

of and/or relating to the performance of said subcontract.

65.    If the trier of fact determines that the allegations of DASNY and/or TDX have merit, and Travelers and/or Trataros suffer a loss thereby as a result of Bartec's alleged negligence in performing its contractual obligations, and/or its alleged breach(es) of contract, then Bartec will be required to indemnify Travelers and/or Trataros for any damages they incur as a result of any such negligence and/or contractual breach(es).

66.    In the event that DASNY and/or TDX succeed in prosecuting their claims against Travelers and/or Trataros, then Bartec shall be liable to Travelers and/or Trataros for any loss that Travelers and/or Trataros may suffer as a result, to the extent that Bartec proximately caused the loss to Travelers and/or Trataros.

67.    The loss that Travelers and/or Trataros may suffer and for which Bartec would be liable could take the form of, but would not be limited to, the following:  a judgment against Travelers and/or Trataros in favor of DASNY and/or TDX, a set-off in favor of DASNY with respect to money owed to Travelers and/or Trataros, or some diminution in the value of Travelers' and/or Trataros' claims against any party to this litigation or defenses thereto as a result of Bartec's failure to meet its obligations under its subcontract and/or the applicable standard(s) of care.

68.    In the event that Bartec is liable to Travelers and/or Trataros, then Travelers and/or Trataros are also entitled to exoneration, in which case Bartec would be required to relieve Travelers and/or Trataros from any burden of liability to DASNY and/or TDX to the extent that such liability to DASNY and/or TDX was proximately caused by Bartec.

69.    Travelers, as surety for Trataros, has the right to maintain the claims set forth in this Count against Bartec by way of equitable subrogation and/or legal assignment from Trataros.

70.    Travelers and Trataros are entitled to assert the claims set forth in this Count even if those claims are contingent on certain events and/or are not ripe.

**WHEREFORE**, Fourth-Party Plaintiffs, Trataros Construction, Inc. and Travelers Casualty and Surety Company demand judgment against Fourth-Party Defendant, Bartec for contractual indemnification, and exoneration for all damages, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable.

*Second Count*
*(Breach of Subcontract, Common-Law Indemnification,*
*Contribution & Exoneration against Bartec)*

71.    Travelers and Trataros repeat and reallege each and every allegation set forth above in this Fourth-Party Complaint as though set forth at length herein.

72.    If the trier of fact determines that DASNY's and/or TDX's allegations have merit, and Travelers and/or Trataros suffer a loss thereby as a result of the acts and/or omissions of Bartec, then Bartec breached its subcontract with Trataros.

73.    In the event that DASNY and/or TDX succeed in prosecuting their claims against Travelers and/or Trataros, then Bartec shall be liable to Travelers and/or Trataros for any loss that Travelers and/or Trataros may suffer as a result, to the extent that Bartec's alleged breach(es) of its contractual obligations proximately caused the loss to Travelers and/or Trataros.

74.    The loss that Travelers and/or Trataros may suffer and for which Bartec would be liable could take the form of, but would not be limited to, the following: a judgment against Travelers and/or Trataros in favor of DASNY and/or TDX, a set-off in favor of DASNY with respect to money owed to Travelers and/or Trataros, or some diminution in the value of Travelers' and/or Trataros' claims against any party to this litigation or defenses thereto as a result of Bartec's failure to meet its contractual obligations.

75.   In the event that Bartec is liable to Travelers and/or Trataros, then Travelers and/or Trataros are also entitled to exoneration, in which case Bartec would be required to relieve Travelers and/or Trataros from any burden of liability to DASNY and/or TDX to the extent that such liability to DASNY and/or TDX was proximately caused by Bartec.

76.   Travelers, as surety for Trataros, has the right to maintain the claims set forth in this Count against Bartec by way of equitable subrogation and/or legal assignment from Trataros.

77.   Travelers and Trataros are entitled to assert the claims set forth in this Count even if those claims are contingent on certain events and/or are not ripe.

**WHEREFORE**, Fourth-Party Plaintiffs, Trataros Construction, Inc. and Travelers Casualty and Surety Company demand judgment against Fourth-Party Defendant, Bartec on the grounds of breach of contract, for complete indemnification, and exoneration for all damages, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable.

### Third Count
*(Professional Negligence, Simple Negligence, Common-Law Indemnification, Contribution, & Exoneration against Bartec)*

78.   Travelers and Trataros repeat and reallege each and every allegation set forth above in this Fourth-Party Complaint as though same were set forth at length herein.

79.   If the trier of fact determines that the allegations of DASNY and/or TDX have merit, and Travelers and/or Trataros suffer a loss thereby as a result of Bartec's alleged culpable conduct (including but not limited to Bartec's professional negligence and/or simple negligence), then Bartec will have breached its duty of care owed to Trataros.

80.   In the event that DASNY and/or TDX succeed in prosecuting their claims against Travelers and/or Trataros, Bartec shall be liable to Travelers and/or Trataros for any loss that

Travelers and/or Trataros may suffer as a result, to the extent that Bartec's culpable conduct proximately caused the loss to Travelers and/or Trataros.

81.    The loss that Travelers and/or Trataros may suffer and for which Bartec could be liable could take the form of, but would not be limited to, the following: a judgment against Travelers and/or Trataros in favor of DASNY and/or TDX, a set-off in favor of DASNY with respect to money owed to Travelers and/or Trataros, or some diminution in the value of Travelers' and/or Trataros' claims against any party to this litigation or defenses thereto as a result of Bartec's negligence.

82.    In the event that Bartec is liable to Travelers and/or Trataros, then Travelers and/or Trataros are entitled to exoneration, in which case Bartec would be required to relieve Travelers and/or Trataros from any burden of liability to DASNY and/or TDX to the extent that such liability to DASNY and/or TDX was proximately caused by Bartec.

83.    Travelers, as surety for Trataros, has the right to maintain the claims set forth in this Count against Bartec by way of equitable subrogation and/or legal assignment from Trataros.

84.    Travelers and Trataros are entitled to assert the claims set forth in this Count even if those claims are contingent on certain events and/or are not ripe.

**WHEREFORE**, Fourth-Party Plaintiffs, Trataros Construction, Inc. and Travelers Casualty and Surety Company demand judgment against Fourth-Party Defendant, Bartec on the grounds of professional negligence, or in the alternative simple negligence, for complete indemnification, contribution, and exoneration for all damages, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable.

15

### *Fourth Count*
*(Performance Bond Claim against Carolina Casualty by Trataros)*

85.    Travelers and Trataros repeat and reallege each and every allegation set forth above in this Fourth-Party Complaint as though same were set forth at length herein.

86.    One of the subcontract bonds issued by Carolina Casualty to Crocetti, entitled "Subcontract Performance Bond Form A, Bond No. 075641" (the "Subcontract Performance Bond") gives Trataros the right to make a claim against said bond if Crocetti fails to promptly and faithfully perform its subcontract with Trataros.

87.    If the trier of fact determines that the allegations of DASNY and/or TDX have merit, and Travelers and/or Trataros suffer a loss thereby as a result of Crocetti's purported negligence and/or breach(es) of contractual obligations, then Crocetti failed to promptly and faithfully perform its subcontract with Trataros.

88.    In that event, Trataros will have a valid claim against Carolina Casualty jointly and severally under the Subcontract Performance Bond for any damages to Trataros proximately caused by Crocetti's alleged failure to faithfully perform its subcontract, and will be entitled to judgment against Carolina Casualty to the full extent of such damages.

**WHEREFORE,** Fourth-Party Plaintiff, Trataros Construction, Inc. demands judgment against Fourth-Party Defendant, Carolina Casualty under the Subcontract Performance Bond for all damages incurred by Trataros as a result of any failure on the part of Crocetti to promptly and faithfully perform its subcontract with Trataros as may be determined by the trier of fact, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable.

### *Fifth Count*
*(Performance Bond Claim against Carolina Casualty by Travelers)*

89.    Travelers and Trataros repeat and reallege each and every allegation set forth

above in this Fourth-Party Complaint as though same were set forth at length herein.

90.    Travelers, as surety for Trataros, has and/or may suffer losses in connection with this litigation that were proximately caused by Crocetti and/or Bartec.

91.    Travelers is equitably subrogated to the rights of Trataros, and is entitled to exercise those rights that Trataros had or may have to pursue Carolina Casualty under the Subcontract Performance Bond.

92.    Furthermore, Trataros has assigned or presently will assign to Travelers its legal rights to maintain an action against Carolina Casualty, among other things.

93.    On the basis of assignment and equitable subrogation, Travelers has and/or presently will have equitable and/or legal rights to maintain an action against Carolina Casualty under the Subcontract Performance Bond.

94.    Upon information and belief, DASNY and/or TDX are asserting claims against Travelers and/or Trataros which allege, among other things, breaches of Contract No. 15 and/or Contract No. 16, including allegations of defective construction, inadequate manpower, ineffective administration/scheduling/coordination/management, and/or failure(s) to meet relevant standards of workmanship (including but not limited to requirements of technical specifications and/or contract documents, professional standards of care, industry standards, and manufacturers' recommended practices).

95.    If the trier of fact determines that the allegations of DASNY and/or TDX have merit, and Travelers suffers a loss thereby as a result of Crocetti's negligence and/or breach(es) of contractual obligations, then Crocetti failed to promptly and faithfully perform its subcontract with Trataros.

96.    In that event, Travelers will have a valid claim against Carolina Casualty under

the Subcontract Performance Bond to the extent of any loss suffered by Travelers proximately caused by Crocetti's failure to faithfully perform its subcontract with Trataros, and will be entitled to judgment against Carolina Casualty to the full extent of such damages.

**WHEREFORE**, Fourth-Party Plaintiff, Travelers Casualty and Surety Company demands judgment against Fourth-Party Defendant, Carolina Casualty under the Subcontract Performance Bond for all damages incurred by Travelers as a result of any failure on the part of Crocetti to promptly and faithfully perform its subcontract with Trataros as may be determined by the trier of fact, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable.

<u>Sixth Count</u>
*(Negligence, Breach of Contract, Breach of Warranty - Indemnification, Contribution &
Exoneration against Dayton Superior)*

97.    Travelers and Trataros repeat and reallege each and every allegation set forth above in this Fourth-Party Complaint as though same were set forth at length herein.

98.    If the trier of fact determines that that the allegations of DASNY and/or TDX have merit, and Travelers and/or Trataros suffer a loss thereby as a result of purported culpable conduct on the part of Dayton Superior (including but not limited to alleged simple negligence, negligent manufacture, and/or negligent misrepresentation), then Dayton Superior shall be liable to Travelers and/or Trataros for any loss that Travelers and/or Trataros may suffer, to the extent that Dayton Superior proximately caused the loss to Travelers and/or Trataros.

99.    If the trier of fact determines that the allegations of DASNY and/or TDX have merit, and Travelers and/or Trataros suffer a loss thereby as a result of purported breach(es) of contract and/or warranty (express or implied) on the part of Dayton Superior, then Dayton Superior shall be liable to Travelers and/or Trataros for any loss that Travelers and/or Trataros may suffer, to the extent that Dayton Superior proximately caused the loss to Travelers and/or

18

Trataros.

100.    In the event that DASNY and/or TDX succeed in prosecuting their claims against Travelers and/or Trataros, then Dayton Superior shall be liable to Travelers and/or Trataros for any loss that Travelers and/or Trataros may suffer as a result, to the extent that Dayton Superior proximately caused the loss to Travelers and/or Trataros.

101.    The loss that Travelers and/or Trataros may suffer and for which Dayton Superior would be liable could take the form of, but would not be limited to, the following: a judgment against Travelers and/or Trataros in favor of DASNY and/or TDX, a set-off in favor of DASNY with respect to money owed to Travelers and/or Trataros, or some diminution in the value of Travelers' and/or Trataros' claims against any party to this litigation or defenses thereto as a result of Dayton Superior's alleged breach or negligence.

102.    In the event that Dayton Superior is liable to Travelers and/or Trataros, then Travelers and/or Trataros are entitled to exoneration, in which case Dayton Superior would be required to relieve Travelers and/or Trataros from any burden of liability to DASNY and/or TDX to the extent that such liability to DASNY and/or TDX was proximately caused by Dayton Superior.

103.    Travelers, as surety for Trataros, has the right to maintain the claims set forth in this Count against Dayton Superior by way of equitable subrogation and/or legal assignment from Trataros.

104.    Travelers and Trataros are entitled to assert the claims set forth in this Count even if those claims are contingent on certain events and/or are not ripe.

**WHEREFORE**, Fourth-Party Plaintiffs, Trataros Construction, Inc. and Travelers Casualty and Surety Company demand judgment against Dayton Superior on the grounds of

negligence, breach of contract and/or breach of warranty, for complete indemnification, contribution, and exoneration for all damages, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable.

### Seventh Count
*(Negligence, Breach of Contract, Breach of Warranty - Indemnification, Contribution & Exoneration against TEC)*

105.    Travelers and Trataros repeat and reallege each and every allegation set forth above in this Fourth-Party Complaint as though same were set forth at length herein.

106.    If the trier of fact determines that the allegations of DASNY and/or TDX have merit, and Travelers and/or Trataros suffer a loss thereby as a result of purported culpable conduct on the part of TEC (including but not limited to alleged simple negligence, negligent manufacture, and/or negligent misrepresentation), then TEC shall be liable to Travelers and/or Trataros for any loss that Travelers and/or Trataros may suffer, to the extent that TEC proximately caused the loss to Travelers and/or Trataros.

107.    If the trier of fact determines that that the allegations of DASNY and/or TDX have merit, and Travelers and/or Trataros suffer a loss thereby as a result of purported breach(es) of contract and/or warranty (express or implied) on the part of TEC, then TEC shall be liable to Travelers and/or Trataros for any loss that Travelers and/or Trataros may suffer, to the extent that TEC proximately caused the loss to Travelers and/or Trataros.

108.    In the event that DASNY and/or TDX succeed in prosecuting their claims against Travelers and/or Trataros, then TEC shall be liable to Travelers and/or Trataros for any loss that Travelers and/or Trataros may suffer as a result, to the extent that TEC proximately caused the loss to Travelers and/or Trataros.

109.    The loss that Travelers and/or Trataros may suffer and for which TEC would be

20

liable could take the form of, but would not be limited to, the following: a judgment against Travelers and/or Trataros in favor of DASNY and/or TDX, a set-off in favor of DASNY with respect to money owed to Travelers and/or Trataros, or some diminution in the value of Travelers' and/or Trataros' claims against any party to this litigation or defenses thereto as a result of TEC's alleged breach or negligence.

110.    In the event that TEC is liable to Travelers and/or Trataros, then Travelers and/or Trataros are entitled to exoneration, in which case TEC would be required to relieve Travelers and/or Trataros from any burden of liability to DASNY and/or TDX to the extent that such liability to DASNY and/or TDX was proximately caused by TEC.

111.    Travelers, as surety for Trataros, has the right to maintain the claims set forth in this Count against TEC by way of equitable subrogation and/or legal assignment from Trataros.

112.    Travelers and Trataros are entitled to assert the claims set forth in this Count even if those claims are contingent on certain events and/or are not ripe.

**WHEREFORE**, Fourth-Party Plaintiffs, Trataros Construction, Inc. and Travelers Casualty and Surety Company demand judgment against TEC on the grounds of negligence, breach of contract and/or breach of warranty, for complete indemnification, contribution, and exoneration for all damages, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable

### Eighth Count
*(Breach of Contract(s), Professional Negligence and/or Simple Negligence—Indemnification, Contribution & Exoneration against John Does 1-20 and XYZ Corps. 1-20)*

113.    Travelers and Trataros repeat and reallege each and every allegation set forth above in this Fourth-Party Complaint as though same were set forth at length herein.

114.    Upon information and belief, John Does 1-20 and XYZ Corps. 1-20 were, without limitation, subcontractors to Trataros, suppliers to Trataros, subcontractors to subcontractors of

Trataros, suppliers to subcontractors of Trataros, separate co-prime contractors, subcontractors to separate co-prime contractors, suppliers to separate co-prime contractors, consultants to DASNY, consultants to TDX, consultants to KPF, and/or other persons or entities involved with the Project.

115.    Given that discovery has not been completed in this action, and that the allegations of DASNY and/or TDX relate to unspecified "other" construction defects, separate and apart from the purported defects in the epoxy terrazzo flooring system, as well as to unspecified purported failures to provide sufficient labor, to effectively administer/schedule/coordinate/manage the work of Contract No. 15 and Contract No. 16; and additional, alleged failures to satisfy unspecified contractual obligations under Contract No. 15 and Contract No. 16, Travelers and Trataros are not able to ascertain at this time the identity of John Does 1-20 and XYZ Corps. 1-20 who are potentially responsible in whole or in part for such alleged construction defects, failures and/or breaches of contractual obligations.

116.    If the trier of fact determines that the allegations of DASNY and/or TDX have merit, and Travelers and/or Trataros suffer a loss as a result of the alleged breaches of contract, culpable conduct and/or negligence of John Does 1-20 and/or XYZ Corps. 1-20, thereby, then John Does 1-20 and/or XYZ Corps. 1-20 breached their respective standards of care, prime contracts, subcontracts and/or other agreements that they entered into in connection with the Project.

117.    In the event that DASNY and/or TDX succeed in prosecuting their claims against Travelers and/or Trataros for the alleged failures, construction defects, and/or breaches of contractual obligations, John Does 1-20 and/or XYZ Corps. 1-20 shall be liable to Travelers and/or Trataros for any loss that Travelers and/or Trataros may suffer as a result, to the extent

that John Does 1-20 and/or XYZ Corps. 1-20 proximately caused the loss to Travelers and/or Trataros.

118.    The loss that Travelers and/or Trataros may suffer and for which John Does 1-20 and/or XYZ Corps. 1-20 would be liable could take the form of, but would not be limited to, the following: a judgment against Travelers and/or Trataros in favor of DASNY and/or TDX, a set-off in favor of DASNY with respect to money owed to Travelers and/or Trataros, or some diminution in the value of Travelers' and/or Trataros' claims against any party to this litigation or defenses thereto as a result of John Does 1-20's and/or XYZ Corps. 1-20's culpable conduct, negligence or breach(es) of contractual obligations.

119.    In the event that John Does 1-20 and/or XYZ Corps. 1-20 are liable to Travelers and/or Trataros, then Travelers and/or Trataros are entitled to exoneration, in which case John Does 1-20 and/or XYZ Corps. 1-20 would be required to relieve Travelers and/or Trataros from any burden of liability to DASNY to the extent that the liability to DASNY was proximately caused by John Does 1-20 and/or XYZ Corps. 1-20.

120.    Travelers, as surety for Trataros, has the right to maintain the claims set forth in this Count against John Does 1-20 and/or XYZ Corps. 1-20 by way of equitable subrogation and/or legal assignment from Trataros.

121.    Travelers and Trataros are entitled to assert the claims set forth in this Count even if those claims are contingent on certain events and/or are not ripe.

**WHEREFORE**, Fourth-Party Plaintiffs, Trataros Construction, Inc. and Travelers Casualty and Surety Company demand judgment against the Fourth-Party Defendants, John Does 1-20, and XYZ Corps. 1-20 on the grounds of breach of contract, professional negligence and/or simple negligence, for indemnification, contribution, and exoneration for all damages,

including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable.

<u>Ninth Count</u>
*(Insurance Coverage - Declaratory Judgment, Indemnification, Contribution &*
*Exoneration against Kemper, Great American, National Union, US Fire, Allied World,*
*Zurich, Ohio Casualty, Harleysville, and XYZ Corps. 1-20)*

122.    Travelers and Trataros repeat and reallege each and every allegation set forth above in this Fourth-Party Complaint as though same were set forth at length herein.

123.    Upon information and belief, Kemper is/are insurance companies organized and existing under the laws of the State of Illinois and duly licensed by the Insurance Department of the State of New York to conduct the business of issuing, inter alia, various policies of insurance including the risks and types of insurance involved herein.

124.    Upon information and belief, Great American is/are insurance companies organized and existing under the laws of the State of Ohio and duly licensed by the Insurance Department of the State of New York to conduct the business of issuing, inter alia, various policies of insurance including the risks and types of insurance involved herein.

125.    Upon information and belief, National Union is/are insurance companies organized and existing under the laws of the Commonwealth of Pennsylvania and duly licensed by the Insurance Department of the State of New York to conduct the business of issuing, inter alia, various policies of insurance including the risks and types of insurance involved herein.

126.    Upon information and belief, US Fire is/are insurance companies organized and existing under the laws of the State of Delaware and duly licensed by the Insurance Department of the State of New York to conduct the business of issuing, inter alia, various policies of insurance including the risks and types of insurance involved herein.

127.    Upon information and belief, Allied World is/are insurance companies organized

24

and existing under the laws of the State of Delaware and duly licensed by the Insurance Department of the State of New York to conduct the business of issuing, inter alia, various policies of insurance including the risks and types of insurance involved herein.

128.    Upon information and belief, Zurich is/are insurance companies organized and existing under the laws of the State of New York and duly licensed by the Insurance Department of the State of New York and/or the Department of Banking and Insurance of the State of New Jersey to conduct the business of issuing, inter alia, various policies of insurance including the risks and types of insurance involved herein.

129.    Upon information and belief, Ohio Casualty is/are insurance companies organized and existing under the laws of the State of Ohio and duly licensed by the Insurance Department of the State of New York and/or the Department of Banking and Insurance of the State of New Jersey to conduct the business of issuing, inter alia, various policies of insurance including the risks and types of insurance involved herein.

130.    Upon information and belief, Harleysville is/are insurance companies organized and existing under the laws of the Commonwealth of Pennsylvania and duly licensed by the Insurance Department of the State of New York and/or the Department of Banking and Insurance of the State of New Jersey to conduct the business of issuing, inter alia, various policies of insurance including the risks and types of insurance involved herein.

131.    Pursuant to the terms of the subcontract entered into by and between Bartec, Bartec was obligated to obtain insurance coverage naming Trataros and DASNY, inter alia, as "additional insureds."

132.    Pursuant to the terms of the subcontract entered into by and between Crocetti and Trataros, Crocetti was required to obtain insurance coverage naming Trataros and DASNY, inter

alia, as "additional insureds."

133.    Upon information and belief, pursuant to the terms of the subcontract(s) entered

into by and between Trataros and its subcontractors/suppliers XYZ Corps. 1-20, said

subcontractors/suppliers were required to obtain insurance policy/ies naming Trataros and

DASNY, inter alia, as "additional insureds."

134.    Because discovery has not been completed, and because all relevant policies

and/or certificates of insurance relating to the Project, and/or under the terms of which Trataros,

Crocetti, Bartec, DASNY, and/or relevant others qualify as "insured(s)" and/or "additional

insured(s)," have not been identified to date, Travelers and Trataros are unable to determine the

identity of every insurance carrier that may be implicated by the claims asserted to date in this

action.  Hence, Travelers and Trataros refer to the unidentified insurance carriers, among others,

as XYZ Corps. 1-20 until their identity is discovered.

135.    Upon information and belief, Kemper, Great American, National Union, US Fire,

Allied World, Zurich, Ohio Casualty, Harleysville, and/or XYZ Corps. 1-20 (hereinafter,

collectively, the "carriers") issued certain insurance policy/ies on behalf of (and/or at the request

of) Trataros, Crocetti and/or Bartec, and/or under the terms of which Trataros, Crocetti, Bartec

and/or DASNY qualify as "insured(s)" and/or "additional insured(s)."

136.    Upon information and belief, Kemper, US Fire, Great American, Ohio Casualty,

and/or XYZ Corps. 1-20 issued, without limitation, certain insurance policy/ies to Crocetti

and/or at Crocetti's request (hereinafter, the "Crocetti Policies").

137.    Upon information and belief, under the terms of the Crocetti Policies, Trataros

and/or DASNY qualify as "additional insured(s)."

138.    Upon information and belief, Zurich, Ohio Casualty, Harleysville, and/or XYZ

26

Corps. 1-20 issued, without limitation, certain insurance policy/ies to Bartec and/or at Bartec's request (hereinafter, the "Bartec Policies").

139.    Upon information and belief, under the terms of the Bartec Policies, Trataros, Bartec and/or DASNY qualify as "insured(s)" and/or "additional insured(s)."

140.    Upon information and belief, US Fire, Allied World, National Union, Great American, Zurich and/or XYZ Corps. 1-20 issued, without limitation, certain insurance policy/ies to Trataros and/or at Trataros' request (hereinafter, the "Trataros Policies").

141.    Upon information and belief, under the terms of the Trataros Policies, Trataros, and/or DASNY qualify as "insured(s)" and/or "additional insured(s)."

142.    Upon information and belief, the claims asserted by DASNY and/or TDX against Travelers and/or Trataros, allege and/or imply that certain property has and/or will allegedly sustain physical damage, and/or that such property has been and/or will be impaired, and that such alleged damage and/or impairment was, and/or will be, caused by and/or sustained by, work purportedly performed by Trataros and/or its subcontractors/suppliers.

143.    Upon information and belief, the claims asserted by DASNY and/or TDX against Travelers and/or Trataros, allege and/or imply that the purported property damage and/or impairment was, and/or will be, allegedly sustained by portions of the construction work allegedly installed by entities other than Trataros, Crocetti and/or Bartec.

144.    Upon information and belief, the claims asserted by DASNY and/or TDX against Travelers and/or Trataros, allege and/or imply that the purported property damage and/or impairment was, will be, and/or will continue to be caused by one or more discrete and/or continuing unintended occurrences.

145.    If the trier of fact determines that the allegations of DASNY and/or TDX have

merit, and the trier of fact holds Trataros and/or Travelers liable for damages to DASNY and/or TDX, then in such event, the damages, including but not limited to the cost associated with the repair, replacement, and/or loss of use of the allegedly damaged and/or impaired property, and the cost of repairing or replacing alleged occurrence(s) and/or any damages caused by the alleged occurrence(s), may be covered in whole or in part by any one or all of the insurance policies written by the carriers.

146.    If and to the extent that any one or all of the insurance policies written by the carriers cover part or all of the referenced damages, those carriers shall be jointly and severally liable to reimburse, indemnify, and/or exonerate Trataros and/or Travelers for the covered damages either because Trataros qualifies as an "insured" and/or "additional insured", or because Travelers shall acquire by equitable subrogation or legal assignment the right of Trataros, Bartec and/or DASNY to make a claim against the insurance policies.

147.    If and to the extent that any one or all of the insurance policies written by the carriers cover part or all of the alleged damages, those carriers shall be subject to a duty to defend and/or indemnify Travelers and/or Trataros in connection with the within action, either because Trataros qualifies as an "insured" and/or "additional insured", or because Travelers shall acquire by equitable subrogation or legal assignment the right of Trataros, Bartec and/or DASNY to make a claim against the insurance policies.

148.    Trataros and Travelers are entitled to assert the claims set forth in this Count even if those claims are contingent on certain events and/or are not ripe.

149.    Trataros and Travelers request declaratory relief that coverage exists as to the claims in question as well as for complete indemnification and/or compensatory damages, to the full extent of such coverage, together with counsel fees and costs.

**WHEREFORE**, Fourth-Party Plaintiffs, Trataros Construction, Inc. and Travelers Casualty and Surety Company demand judgment against the Fourth-Party Defendants, Carolina Casualty, Bartec, Dayton Superior, TEC, Kemper, Great American, National Union, US Fire, Allied World, Zurich, Ohio Casualty, Harleysville, John Does 1-20, and XYZ Corps. 1-20 for the following relief:

a.    On the First Count, against Bartec for contractual indemnification, and exoneration for all damages, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable;

b.    On the Second Count, against Bartec on the grounds of breach of contract, for complete indemnification, and exoneration for all damages, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable;

c.    On the Third Count, against Bartec on the grounds of professional negligence, or in the alternative simple negligence, for complete indemnification, contribution, and exoneration for all damages, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable;

d.    On the Fourth Count, against Carolina Casualty and in favor of Trataros, under the Subcontract Performance Bond for all damages incurred by Trataros as a result of any failure on the part of Crocetti to promptly and faithfully perform its subcontract with Trataros as may be determined by the trier of fact, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable;

e.    On the Fifth Count, against Carolina Casualty and in favor of Travelers, under the Subcontract Performance Bond for all damages incurred by Travelers as a result of any failure on

the part of Crocetti to promptly and faithfully perform its subcontract with Trataros as may be determined by the trier of fact, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable;

f.      On the Sixth Count, against Dayton Superior on the grounds of negligence, breach of contract and/or breach of warranty, for complete indemnification, contribution, and exoneration for all damages, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable;

g.      On the Seventh Count, against TEC on the grounds of negligence, breach of contract and/or breach of warranty, for complete indemnification, contribution, and exoneration for all damages, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable;

h.      On the Eighth Count, against John Does 1-20 and XYZ Corps. 1-20 on the grounds of breach of contract, professional negligence and/or simple negligence, for indemnification, contribution, and exoneration for all damages, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable.

i.      On the Ninth Count, against Kemper, Great American, National Union, US Fire, Allied World, Zurich, Ohio Casualty, Harleysville, and XYZ Corps. 1-20 for a declaration of the carriers' duty/ies to defend and/or indemnify Trataros and/or Travelers under the applicable policies, together with judgment granting indemnification, contribution, exoneration and/or compensatory damages for all damages to the full extent of coverage under any and all applicable policies, including consequential damages, in an amount to be determined together with attorneys fees, costs, and any other relief that the Court deems just and equitable.

Dated: Florham Park, New Jersey
       November 13, 2007

                 **DREIFUSS BONACCI & PARKER, LLP**
                 *Attorneys for Fourth-Party Plaintiffs,*
                 *Trataros Construction, Inc. and*
                 *Travelers Casualty and Surety Company*
                 26 Columbia Turnpike, North Entrance
                 Florham Park, New Jersey 07932
                 (973) 514-1414

                 By: *JoAnne Bonacci*
                     JoAnne Bonacci (JB:1354)

TO:    Timothy B. Froessel, Esq.
       Holland & Knight, LLP
       195 Broadway
       New York, New York 10007
       *Attorneys for Defendants/Third-Party Plaintiffs,*
       *Dormitory Authority - State of New York*
       *and TDX Construction Corp.*

       David Abramovitz, Esq.
       Zetlin & DeChiara, LLP
       801 Second Avenue
       New York, New York 10017
       *Attorneys for Defendant,*
       *Kohn, Pederson, Fox & Associates, P.C.*