UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRAVELERS CASUALTY AND SURETY
COMPANY as Administrator for RELIANCE
INSURANCE COMPANY,

                    Plaintiff,

     vs

THE DORMITORY AUTHORITY OF THE STATE
OF NEW YORK, TDX CONSTRUCTION CORP. and
KOHN, PEDERSON, FOX & ASSOCIATES, P.C.,

                    Defendants.
-----------------------------------------------------------------X
DORMITORY AUTHORITY OF THE STATE OF
NEW YORK,

                    Third-Party Plaintiff,

     vs

TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

                    Third-Party Defendants.
-----------------------------------------------------------------X
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

                    Fourth-Party Plaintiffs,

     vs

CAROLINA CASUALTY INSURANCE COMPANY,
BARTEC INDUSTRIES, INC., DAYTON SUPERIOR
SPECIALTY CHEMICAL CORP., a/k/a DAYTON
SUPERIOR CORPORATION; SPECIALTY
CONSTRUCTION BRANDS, INC. t/a TEC,
KEMPER CASUALTY INSURANCE COMPANY
d/b/a KEMPER INSURANCE COMPANY, GREAT
AMERICAN INSURANCE COMPANY, NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA., UNITED STATES FIRE
INSURANCE COMPANY, ALLIED WORLD
ASSURANCE COMPANY (U.S.) INC. f/k/a/
COMMERCIAL UNDERWRITERS INSURANCE
COMPANY, ZURICH AMERICAN INSURANCE
COMPANY d/b/a ZURICH INSURANCE COMPANY,
OHIO CASUALTY INSURANCE COMPANY d/b/a
OHIO CASUALTY GROUP, HARLEYSVILLE
MUTUAL INSURANCE COMPANY (a/k/a
HARLEYSVILLE INSURANCE COMPANY,
JOHN DOES 1-20 AND XYZ CORPS. 1-20,

                    Fourth-Party Defendants.
-----------------------------------------------------------------X

Civil Action No. 07-CV-6915 (DLC)
**EFC CASE**

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GREAT AMERICAN INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

GENNET, KALLMANN, ANTIN & ROBINSON
Attorneys for Great American Insurance Company
Litman Suite
45 Broadway Atrium
New York, NY 10006
(212) 406-1919
File No. 05-6698:35.0053-S

DONALD G. SWEETMAN, ESQ.
On the Brief

**PRELIMINARY STATEMENT**

By order and opinion dated June 25, 2008, this Court granted summary judgment to the fourth party defendant, United States Fire Insurance Company, based on fourth-party plaintiffs' seven month delay in providing notice of claim. Because of fourth party plaintiffs' failure to provide timely notice, fourth party defendant, Great American Insurance Company, now moves for summary judgment on behalf of itself and its subsidiaries, American Alliance Insurance Company, Great American Insurance Company of New York and American National Fire Insurance Company.

**STATEMENT OF FACTS**

This action arises from a dispute regarding the construction project at the Baruch College Vertical Campus located between 24th and 25th Streets and Lexington and Third Avenues in New York, New York. During the course of the project, G.M. Crocetti, Inc. installed an epoxy terrazzo flooring system between September 20, 2000 and February 12, 2003. (See Answer of Crocetti to the Amended Fourth Party Complaint, dated June 3, 2005, annexed to the Sweetman Affidavit as Exhibit B.)

By letter dated March 7, 2003, TDX supplied Trataros with an expert's report revealing that extensive debonding of the terrazzo system. (See Sweetman Affidavit, Exhibit C.) Specifically, TDX informed Trataros during an investigation performed by Testwell Laboratories, problems with the epoxy membrane suggested potential failure of the terrazzo system.

TDX also informed Trataros that "this serious matter deserves your full cooperation due to the potential repercussions of what has been found to date, plus the

extent of the affected areas, and that Trataros, as general contractor, would "be responsible for all conditions, should final analysis show G.M. Crocetti's system failure was due to poor workmanship; not to mention the potential problems posed by the underlayment subcontractor, Bartec, and its recommended product, Conflow, for floor-leveling". Id.

Thereafter, on June 17, 2003, TDX wrote to DASNY regarding investigations and analysis performed by three different firms with respect to the alleged failure of the terrazzo system. (See Sweetman Affidavit, Exhibit D.)

Two months later, on August 8, 2003, TDX again wrote to DASNY, noting that, "There has been deteriorating and hazardous conditions due to the deficiencies of the terrazzo flooring and underlayment installation at Baruch College site." (See Sweetman Affidavit, Exhibit E.)

**PROCEDURAL HISTORY**

On June 28, 2004, Travelers, as Administrator for Reliance Insurance Company, and Trataros commenced a lawsuit against DASNY, TDX and Kohn Pederson Fox Associates, P.C., the project architects, seeing payment on behalf of itself and its subcontractors from DASNY. Additionally, Travelers asserted a negligence claim against both TDX and KPF for failing to properly perform their responsibilities resulting in delay and defects in the project. (A copy of the Complaint filed in the 2004 action is annexed to the Sweetman Affidavit as Exhibit F.)

On or about August 4, 2004, DASNY commenced a third party action against Trataros and Travelers, seeking common law and contractual indemnification, and contribution from Trataros and its subcontractors. DASNY's complaint also claimed that

2

Trataros and its subcontractors' work caused "construction defects", but the only allegation of a specific "construction defect" referred to substandard work performed by Trataros and Crocetti in breach of their contractual obligations, causing the terrazzo flooring system to "crack and crumble" and to "delaminate and blister" in large areas. (A copy of the Third Party Complaint is annexed to the Sweetman Affidavit as Exhibit G.)

On or about February 17, 2005, Travelers and Trataros filed an Amended Fourth Party action against Great American Insurance Company, Crocetti, other contractors and insurers. In the amended Fourth Party Complaint, Travelers and Trataros alleged that on or about September 18, 1998, Crocetti entered into a subcontract with Trataros pertaining mainly to the installation of an epoxy terrazzo system. Travelers and Trataros asserted that if DASNY was successful in prosecuting its claims against Travelers and Trataros for defective workmanship relative to the terrazzo flooring, then Crocetti would be liable to Travelers and Trataros for breach of contract, etc.

Moreover, under these circumstances, Great American:

> ...Shall be jointly and severally liable to reimburse, indemnify and/or exonerate Trataros and/or Travelers for the covered damages merely because Trataros is a named insured, or because Travelers shall acquire by equitable subrogation or legal assignment the right of Trataros and/or DASNY to make a claim against the insurance policies. (Sweetman Affidavit, Exhibit H, ¶82.)

Great American Insurance Company was first notified of this alleged loss when it was served with the Fourth Party Complaint in this matter through the New York State Insurance Department on March 2, 2005. (See Affidavit of Josh Schaad.) On or about April 5, 2005, Great American Insurance Company, through its subsidiaries, American National Fire Assurance Company and Great American Insurance Company of New

3

York, answered the amended Fourth Party Complaint, denying the allegations contained therein and asserting the affirmative defense of late notice. (See Sweetman Affidavit, Exhibit I.)

On October 7, 2005, the parties to the 2004 action stipulated to the dismissal without prejudice of all proceedings in order to permit mediation to go forward. (See Sweetman Affidavit, Exhibit J.)

In March 2007, during the course of mediation proceedings, counsel for Travelers/Trataros wrote to Great American Insurance Company providing notice of claim under policy of insurance issued by American Alliance Insurance Company bearing policy #TEP 3-57-81-21-00. (See Sweetman Affidavit, Exhibit K.)

## **THE 2007 ACTION**

Following the completion of mediation, the instant matter, which is based on the same claims as set forth in the 2004 action, was commenced. The Fourth Party Complaint against Great American Insurance Company was filed with the Court by Trataros on November 14, 2007.

4

## THE POLICIES ISSUED BY GREAT AMERICAN INSURANCE COMPANY'S SUBSIDIARIES

Great American Insurance Company did not issue any insurance policies to Trataros Construction Company. (See Schaad Affidavit.) Subsidiaries of Great American Insurance Company, American National Fire Insurance Company and Great American Insurance Company of New York issued first-party property and with respect to American National Fire Insurance Company, property and inland marine policies to Trataros Construction Company. American Alliance Insurance Company also issued a CGL policy to Trataros Construction.

Great American Insurance Company and its subsidiaries now move for summary judgment based on this Court's previous opinion and order holding that Travelers/Trataros' seven month delay in giving notice to the fourth party defendants was unreasonable as a matter of law.

## LEGAL ARGUMENT
## POINT I

### TRATAROS/TRAVELERS' CLAIMS FOR COVERAGE ARE BARRED FOR FAILURE TO PROVIDE TIMELY NOTICE

New York case law is clear that compliance with a notice provision of an insurance policy as a condition precedent to coverage, and an unexcused failure by the insured to adhere to these provisions, will vitiate coverage under the policy. See _White v. City of New York_, 81 N.Y.2d 955, 957, 598 N.Y.S.2d 759, 615 N.E.2d 216 (1993); _Security Mutual Insurance Co. v. Acker-Fitzsimons Corp._, 31 N.Y.2d 436, 440, 340 N.Y.S. 2d 902, 293 N.E.2d 76 (1972). Non-compliance with the provision vitiates the contract, both as to the insured and persons injured by the insured's actions. _Fusco v. American Colonial Insurance Co._, 221 A.D.2d 231, 633 N.Y.S.2d 316 (1st Dept. 1995), (holding that where the insured failed to timely comply with the notice provision of the policy, which, is in effect, a condition precedent to coverage, the insurer is relieved of liability.)

As this Court succinctly observed in _Travelers Casualty and Surety Company v. DASNY_, 2008 WL2567784:

> "A notice of claim provision . . . focuses on the actions of third parties and may be triggered by an unreasonable- -even sanctionable - - assertion of liability.' _Fairchild Industries_, 56 F.3d at 439. Thus, once a claim has been filed, the insured can no longer offer its good faith belief in non-liability for the underlying occurrence (or the claim itself) as an excuse for a failure to provide notice, as 'virtually any assertion of an exposure to liability within the risks covered by an insurance policy as a claim' triggering the duty to provide notice. Id.; See also _Mt. Vernon Fire Insurance Co. v. Absol Realty Corp._ 288 F. Supp. 2nd 302, 314 (E.D.N.Y. 2003); _Underwriters at Lloyds of London v. 150 Nassau Street Billiards, Inc._, 2003 WL22999464, at 10 N.4 (S.D.N.Y. December 22, 2003); _Paul_

6

<u>K. Rooney, P.C. v. Chicago Insurance Co.</u>, 2001 WL262703, at 9-10 (S.D.N.Y. March 16, 2001.)

Where, prior to final judgment, a Court rules on a matter, the "law of the case" doctrine applies. <u>State Farm Mutual Automobile Insurance Company v. Mallela</u>, 2002 WL31946762 (E.D.N.Y., November 21, 2002 p.8). The law of the case doctrine is a discretionary doctrine by which a court adheres to its own decision at an earlier stage of the litigation unless there are cogent or compelling reasons not to, such as an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice. <u>Sanders v. Sullivan</u>, 900 F.2d 601 (2nd Cir. 1990). Applying the court's earlier decision on the late notice issue pursuant to the law of the case doctrine warrants the entry of summary judgment here.

As was the case with the similarly situated fourth party defendant, United States Fire Insurance Company, the policies of insurance issued by Great American Insurance Company of New York and American Alliance Insurance Company all required that the insured provide prompt notice of the loss and, "immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit"... (Schaad Affidavit, ¶s 3, 4, 9 and 10.)

As with U.S. Fire, nearly seven months elapsed between the August 4, 2004 filing of the third party complaint and service of the fourth party complaint on Great American Insurance Company on March 2, 2005. (Schaad Affidavit, ¶8.)

Correspondingly, Travelers/Trataros' seven month delay constitutes a breach of the "prompt notice of loss" provision (Schaad Affidavit, Exhibit C, Form SB 86 01 (Ed 11/97) XS, p.2, ¶(c)(1)(b)) in the policy issued by American National Fire Insurance

7

Company since, "Once a claim has been filed, the insured can no longer offer its good faith belief in non-liability for the underlying occurrence [or the claim itself] as an excuse for failure to provide notice... ." *Travelers Casualty and Surety Company*, supra, p.5.

Finally, as noted in the Court's decision in *Travelers Casualty and Surety Company*, supra, pp.5-7, Travelers/Trataros have no valid excuse for their failure to provide timely notice.

By reason of the foregoing, it is respectfully submitted that Great American Insurance Company and its subsidiaries Great American Insurance Company of New York, American National Fire Assurance Company and American Alliance Insurance Company are entitled to summary judgment dismissing the complaint and all crossclaims in this matter.

## CONCLUSION

By reason of the foregoing, Great American Insurance Company and its subsidiaries, American Alliance Insurance, Great American Insurance Company of New York and American National Fire Insurance Company respectfully submit that they are entitled to summary judgment, dismissing the complaint and all crossclaims against them.

Respectfully Submitted,

Dated: August 8, 2008        By_____
                             DONALD G. SWEETMAN (DS2716)