UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRAVELERS CASUALTY AND SURETY
COMPANY as Administrator for RELIANCE
INSURANCE COMPANY,

      Civil Action No. 07-CV-6915 (DLC)
      **EFC CASE**

    Plaintiff,
 vs

THE DORMITORY AUTHORITY OF THE STATE
OF NEW YORK, TDX CONSTRUCTION CORP. and  **STATEMENT OF UNDISPUTED MATERIAL**
KOHN, PEDERSON, FOX & ASSOCIATES, P.C.,   **FACTS PURSUANT TO LOCAL RULE 56.1 IN**
                 **SUPPORT OF GREAT AMERICAN**
    Defendants.          **INSURANCE COMPANY'S MOTION FOR**
-----------------------------------------------------------------X  **SUMMARY JUDGMENT**
DORMITORY AUTHORITY OF THE STATE OF
NEW YORK,
    Third-Party Plaintiff,
 vs
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

    Third-Party Defendants.
-----------------------------------------------------------------X
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

    Fourth-Party Plaintiffs,
 vs

CAROLINA CASUALTY INSURANCE COMPANY,
BARTEC INDUSTRIES, INC., DAYTON SUPERIOR
SPECIALTY CHEMICAL CORP., a/k/a DAYTON
SUPERIOR CORPORATION; SPECIALTY
CONSTRUCTION BRANDS, INC. t/a TEC,
KEMPER CASUALTY INSURANCE COMPANY
d/b/a KEMPER INSURANCE COMPANY, GREAT
AMERICAN INSURANCE COMPANY, NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA., UNITED STATES FIRE
INSURANCE COMPANY, ALLIED WORLD
ASSURANCE COMPANY (U.S.) INC. f/k/a/
COMMERCIAL UNDERWRITERS INSURANCE
COMPANY, ZURICH AMERICAN INSURANCE
COMPANY d/b/a ZURICH INSURANCE COMPANY,
OHIO CASUALTY INSURANCE COMPANY d/b/a
OHIO CASUALTY GROUP, HARLEYSVILLE
MUTUAL INSURANCE COMPANY (a/k/a
HARLEYSVILLE INSURANCE COMPANY,
JOHN DOES 1-20 AND XYZ CORPS. 1-20,

    Fourth-Party Defendants.
-----------------------------------------------------------------X

1. The subject action concerns claims based on the design and construction at the Baruch College Vertical Campus in Manhattan. *Travelers Casualty and Surety Company v. DASNY*, 2008 WL2567784 (S.D.N.Y. 2008), p.1.

2. Two of the prime contracts for the project were awarded to Trataros Construction Company. (*Travelers Casualty and Surety Company v. DASNY*, 2008 WL2567784 (S.D.N.Y. 2008), at p.1.)

3. On June 28, 2004, Travelers Casualty and Surety Company, as administrator of Reliance Insurance Company, commenced an action against DASNY seeking to recover for damages related to the "project". (See Sweetman Affidavit, Exhibit F.)

4. On August 4, 2004, DASNY commenced a third party action against Trataros seeking indemnification contribution on the grounds that the work of Trataros and its subcontractors at the project was defective, substandard and otherwise deficient. (See Sweetman Affidavit, Exhibit G.)

5. A true and correct copy of the Amended Fourth Party Summons and the Amended Fourth Party Complaint and Crossclaims dated February 17, 2005 filed by Travelers/Trataros seeking indemnification from the Third Party Complaint is annexed to the Sweetman Affidavit as Exhibit H.

6. Great American Insurance Company and its subsidiaries, Great American Insurance Company of New York and American National Fire Insurance Company, were first notified of this alleged loss and Great American Insurance Company was served with Travelers/Trataros Fourth Party Complaint through the New York State Insurance Department on March 2, 2005. (See Schaad Affidavit, ¶8.)

7. In March 2007, counsel for Travelers/Trataros provided notice of a claim under a

comprehensive general liability policy issued to Great American Alliance Insurance Company bearing policy number TEP 3578121. (See Sweetman Affidavit, Exhibit L.)

8. Great American's subsidiaries' policies all require timely notice of claims. (See Schaad Affidavit, Exhibit A, B, C and D.)

9. The earliest possible date that Great American or its subsidiaries was notified of Travelers/Trataros claim was March 2, 2005, nearly seven months after DASNY's Third Party Complaint against Trataros/Travelers was filed. (See Schaad Affidavit, ¶8.)

10. Trataros/Travelers do not have a reasonable excuse for the delay in notification of their insurers. *Travelers Casualty and Surety Company v. DASNY*, 2008 WL2567784 at pp.5-7.

Respectfully submitted,

By: _____
DONALD G. SWEETMAN (DS2716)

Dated: New York, New York
August 8, 2008