UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as administrator for RELIANCE INSURANCE COMPANY,<br><br>         Plaintiff,<br><br>       vs.<br><br>DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP. AND KOHN PEDERSEN FOX ASSOCIATES, P.C.<br><br>         Defendants. | CASE NO. 07-CV-6915 (DLC)<br>ECF CASE<br><br><br>CIVIL ACTION |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK AND TDX CONSTRUCTION CORP.,<br><br>         Third-Party Plaintiffs,<br><br>       vs.<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>         Third-Party Defendant. | **Rule 56.1 Statement of Undisputed Material Facts** |
| TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>         Fourth-Party Plaintiffs,<br><br>       vs.<br><br>CAROLINA CASUALTY INSURANCE COMPANY; BARTEC INDUSTRIES, INC.; DAYTON SUPERIOR SPECIALTY CHEMICAL CORP. a/k/a DAYTON SUPERIOR CORPORATION; SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER INSURANCE COMPANY; GREAT AMERICAN | |

| |
|---|
| INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.; UNITED STATES FIRE INSURANCE COMPANY (U.S.) INC. f/k/a COMMERCIAL UNDERWRITERS INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY d/b/a ZURICH INSURANCE COMPANY; OHIO CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP; HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a HARLEYSVILLE INSURANCE COMPANY); JOHN DOES 1-20 AND XYZ CORPS. 1-20, |
| Fourth-Party Defendants. |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1, Fourth Party Defendant Harleysville Insurance Company of New Jersey, improperly pled as Harleysville Mutual Insurance Company ("Harleysville") submits the following statement of undisputed material facts in support of its Motion for Summary Judgment:

1. By letter dated March 7, 2003, TDX Construction Corp. supplied Trataros Construction Corp. with an investigative report by Testwell Laboratories, Inc. which outlined specific problems with the epoxy terrazzo flooring. Wishert Aff. Ex. C.

2. The letter advised Trataros that it would be held responsible for all conditions should the final analysis show that the flooring failure was due to poor workmanship by G.M. Crocetti, Bartec Industries, Inc. ("Bartec"), or the product, Conflow. Id.

3. On August 4, 2008, DASNY commenced a third party action against Trataros and Travelers seeking indemnification and contribution on the grounds that Trataros' work and the work of its subcontractors was "defective, substandard and otherwise unacceptable." Wishert Aff. G.

4.      On February 17, 2005, Trataros and Travelers filed an Amended Fourth Party Complaint to add claims against Harleysville, among other insurance carriers, seeking coverage for damages related to the epoxy terrazzo flooring. Wishert Aff., Ex. I.

5.      Trataros and Travelers served Harleysville with the Amended Fourth Party Complaint through the New York State Insurance Department on March 2, 2005. Wishert Aff., Ex. J.

6.      Prior to service of the Amended Fourth Party Complaint, Trataros never provided notice to Harleysville that it was seeking coverage for damage related to the Baruch Project under the Harleysville Policy. Declaration of Derrick Harris ¶ 3.

7.      Harleysville issued Contractors Business Owners Policy Number CB-8E8397 ("the Harleysville Policy") to Bartec Industries, Inc. for consecutive policy periods between May 26, 2002 and May 26, 2004. Wishert Aff., Ex. K.

8.      The Harleysville Policy contains the following notice provision:

**Duties in the Event of Occurrence, Claim, or Suit**

a.   You must see to it that we are notified promptly of an "occurrence" that may result in a claim. Notice should include:

  (1)   How, when and where the "occurrence" took place; and

  (2)   The names and addresses of any injured persons and witnesses.

b.   If a claim is made or "suit" is brought against any insured you must see to it that we receive prompt written notice of the claim or "suit."

c.   You and any other involved insured must:

  (1)   Immediately send copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

  (2)   Authorize us to obtain records and other information;

3

(3) Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

By: /s/ Lance J. Kalik
Lance J. Kalik (LK-4677)

**RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP**
500 Fifth Avenue, Suite 4920
New York, New York 10010
(212) 302-6574

-and-

Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800

Attorneys for Fourth Party Defendant,
Harleysville Insurance Company of New Jersey,
 Improperly pled as Harleysville Mutual Insurance Company

Dated: August 8, 2008

4