**TRATAROS CONSTRUCTION, INC.**
664 64th Street
Brooklyn, NY 11220
Tel. No. (718) 833-6070
Fax No. (718) 238-4462

COST CODE: GC2-028
PURCHASE ORDER NO. 16780
(Please Include on all Invoices)

DATE: 5/12/00

Vendor/Subcontractor:

BARTEC INDUSTRIES, INC.
453 MAIN STREET
LITTLE FALLS, NJ 07424
PH# (973) 256-9262

Project: BARUCH COLLEGE, NY

Owner: CITY OF NY

Price: $ UNIT PRICE P.O. $47/BAG

Architect/Engineer: KPF

Please provide all services, labor, materials, equipment and rubbish removal necessary perform the Work set forth in the following construction documents:

THIS SUBCONTRACTOR SHALL FURNISH AND INSTALL "SELF LEVELING" FLOOR FILL THE 3RD FLOOR THROUGH THE 14TH FLOOR IN ACCORDANCE WITH ATTACHED BARTEC INDUSTRIES, INC. PROPOSAL WITH AGREED TO COMMENTS DATED MAY 8, 2000 INCL BUT NOT LIMITED TO: SANDING OF FLOORS, FINAL CLEAN UP WITH SWEEPING COMF INSTALLATION OF STOPS, PROTECTION OF WALLS, OPERATING ENGINEER COSTS, SH OF FLOOR ELEVATION ON A 5 FOOT GRID ETC... FOR THE UNIT PRICE OF $47 PER

PURCHASE ORDER EXCLUDES: HOIST CHARGES

Unless otherwise stated, this is a Lump Sum Purchase Order and Vendor/Subcontractor shall perform the above-described Work for the above-stated price.

The Terms and Conditions of this Purchase Order appear on the reverse side hereof.

Vendor/Subcontractor:
By: _____
Title: Pres
Date: 6/19/00

Trataros Construction, Inc.
By: _____
JONATHAN HOROWITZ
Title: SR Contracting Mg
Date: 6.28.00

## TERMS AND CONDITIONS

1. This Purchase Order ("PO") expressly limits acceptance to the terms and conditions stated on the face and reverse side hereof which are deemed to be the material and essential terms and conditions of the PO. Any additional or different terms and conditions proposed by Vendor/Subcontractor ("V/S") are objected to and are hereby rejected notwithstanding the acceptance of or payment for any material and/or work supplied by Vendor/Subcontractor. Performance of any work covered hereunder shall be considered an acceptance of the terms and conditions of this PO. This PO shall not be changed or modified except in writing signed by the party to be charged. This PO may not be assigned in whole or in part without the prior written approval of Trataros Construction, Inc. ("TCI"). This PO represents the entire and integrated agreement between the parties.

2. The terms and conditions of the prime contract between Owner (or General Contractor) and TCI are incorporated herein by reference and to the extent that the prime contract applies to the PO work. The prime contract is available for review and photocopying at TCI's main office. V/S shall assume toward TCI all obligations and responsibilities which, under the prime contract, TCI assumed toward Owner and Architect/Engineer and shall be bound by all rulings of Owner and Architect/Engineer including extensions of contract time.

3. In addition to any warranty implied in fact or law, V/S expressly warrants all work, equipment, and materials furnished shall be free from defects, shall conform to the construction documents, approved samples, drawings, and catalog cuts, and shall be fit and sufficient for the purpose intended. All warranties shall survive delivery, performance, inspection, testing, acceptance, and payment.

4. V/S shall employ labor and materials which to TCI's satisfaction and sole discretion will result in harmony on the job.

5. V/S shall comply with all federal, state and local laws, rules, regulations, ordinances, and directives which govern its work. The prevention of accidents to workmen and others is the responsibility of V/S. The unauthorized use of any scaffold, ladder, hoist or other equipment owned or maintained by TCI and used to perform elevated work is strictly prohibited. Permission to use said equipment shall not be unreasonably withheld; however, upon using said equipment V/S certifies that it has inspected said equipment and satisfied itself as to the equipment's safety and V/S shall indemnify and hold TCI harmless against all suits and claims and shall pay all costs, expenses, damages and/or judgements incurred in connection with therewith. V/S shall always comply with all applicable safety laws and directives and take steps necessary to prevent accidents.

6. V/S shall submit for approval a schedule of values for the PO work supported by such evidence as TCI may direct. On the first day of each month, V/S shall submit to TCI a detailed requisition of the work performed during the preceding month together with a release for payments received, a waiver of lien for work performed, and proof of payment for obligations incurred.

7. This PO shall include all necessary shop drawings, samples, catalog cuts, tests and reports. Shop drawings must be numbered, dated and marked to indicate the name of the project and a description of the work.

8. V/S warrants and guarantees control of all patented devices, processes, materials and/or equipment used in connection with the PO and shall indemnify and hold TCI harmless against all suits and claims and shall pay all costs, expenses, damages and/or judgements incurred in connection with therewith.

9. TCI may withhold as retainage 10% of all sums due V/S. TCI may also withhold payment to the extent reasonably necessary to protect TCI from any loss because of: defective work not remedied; failure of V/S to make payments for obligations incurred; reasonable evidence that the work cannot be completed for the unpaid PO balance; delay or damage caused by V/S; failure of V/S to carry out the work in accordance with the construction documents.

10. In the event of Owner insolvency, V/S agrees to finally exhaust all lien remedies before seeking payment from TCI. Any amount thereafter owing to V/S shall be paid in three (3) equal annual installments without interest.

11. Final payment shall be made when V/S has fully completed the work in accordance with the construction documents and the work has been approved and accepted by Owner, and V/S has submitted to TCI an affidavit setting forth its unpaid obligations together with a general release and waivers of lien covering work performed.

12. If a lien is filed by a vendor/subcontractor, supplier, employee, workman or another claiming nonpayment by V/S, then V/S shall promptly bond or remove such lien. If V/S fails to do so, TCI may bond off said lien and withhold the costs associated therewith including reasonable attorneys' fees and disbursements from V/S's payment.

13. TCI and Owner may order changes in the work. Change orders and extra work orders shall not be binding on TCI until approved in writing by Owner. If any unit prices are given in this PO, then to the extent possible, changes and extra work shall be valued according to such unit prices. For changes and extras, V/S shall be paid only the actual amount approved and paid therefor by Owner.

14. V/S agrees to make no claim against TCI for damages for delay, interference, suspension or any other hindrance in the performance of the work and agrees that any such claim shall be fully compensated by an extension of time.

15. TCI may direct the timing, order, sequence and continuity of the PO work. Time is of the essence regarding V/S's performance pursuant to this PO. TCI may suspend or interrupt the work of V/S without adjustment to the PO price. V/S shall proceed with the work and maintain satisfactory progress while any claim or dispute is being resolved. Failure of V/S to so proceed shall constitute a material breach of this PO regardless of whether V/S was correct in its contentions.

16. TCI may terminate this PO for cause if V/S: fails to supply enough properly skilled workers or proper materials; fails to protect its work; fails to make timely payment for obligations incurred; disregards laws, ordinances, rules or regulations governing its work; or is otherwise guilty of a material breach of this PO.

17. If V/S is terminated for cause, TCI may take possession of V/S's materials, equipment, and tools and complete the PO work by any reasonable means. V/S shall not be entitled to receive further payment until the PO work is fully completed and accepted and TCI has been paid in full therefor. V/S shall be responsible for all costs in excess of the PO price. If it shall be determined that a termination for cause by TCI was not for cause, then the termination shall be deemed to have been for convenience and any amounts due V/S shall be determined accordingly.

18. TCI may terminate this PO in whole or in part for its convenience without cause, provided TCI shall pay V/S for all work performed and materials purchased up to the date of termination together with an amount to cover direct costs and expenses of such termination, except that V/S shall not be entitled to receive payment for lost overhead or loss of anticipated profits on unperformed work or unfurnished material. Unless otherwise specified, no material and/or equipment shall be released or fabricated without TCI's prior written approval.

19. V/S shall pay, without limitation, all taxes, contributions and premiums under workmen's compensation laws, unemployment compensation laws, Federal Social Security Act, health and welfare benefit plans, gross business taxes, sales, and use taxes and any other taxes, contributions and premiums which may become payable by operation of law or contract.

20. To the fullest extent permitted by law, V/S shall indemnify and hold TCI harmless from claims, damages, losses and expenses, including attorneys' fees and disbursements, arising out of or relating to the performance of this PO, provided the same is caused in whole or in part by V/S or its suppliers, agents, employees or someone for whose acts or omissions any of them might be liable.

21. In addition to workmen's' compensation coverage, V/S shall maintain general liability insurance coverage for bodily injury and property damage in such forms and in such amounts as required by the prime contract. All insurance policies shall name Owner and TCI as additional insureds. Certificates of insurance shall be submitted to TCI prior to commencing performance and shall contain a provision that such policies will not be canceled until at least 30 days written notice has been given to TCI. To the fullest extent permitted by law, V/S waives all rights, present and future, of subrogation against TCI and Owner. If V/S or its insurer is or becomes subrogated to any claim, then it shall exercise such rights against the vendor/subcontractor(s), if any, responsible for the loss, but not against TCI or Owner.

22. A breach of this PO may, at the option of TCI be considered a breach of all agreements then existing between the parties or related parties and TCI may withhold payments due or to become due under any such agreement and apply the same toward damages suffered on account of this PO or any other such agreement.

23. No action or proceeding arising out of or relating to this PO shall be commenced or maintained against TCI unless such action or proceeding is commenced within one year after the day a final certificate of occupancy is issued or the last day on which V/S performed work at the site or delivered material to the site, whichever occurs first. TCI shall not be required to participate in any action or proceeding in any court except the courts of the State and City of New York located in the County of New York, or the United States District Court for the Southern District of New York. V/S consents to the jurisdiction of said courts in any action or proceeding arising out of or relating to this PO. This PO shall be construed in accordance with the laws of the State of New York.

24. Notwithstanding anything herein to the contrary, TCI may, at its sole option, demand arbitration of any dispute or claim arising out of or relating to this PO pursuant to the Construction Rules of the American Arbitration Association. If TCI is required by the prime contract to arbitrate or submit to an alternative dispute resolution forum any dispute or claim with Owner or another party and such dispute or claim involves the PO work, then V/S shall, at TCI's option, participate in the prosecution or defense of such dispute or claim, provide notices and furnish information within the time required by the prime contract, share in the legal costs associated with the prosecution or defense, and be bound by the results of the arbitration or alternative dispute resolution forum. The final determination of any such dispute resolution procedure shall be a condition precedent to the V/S's right to commence or maintain any action or proceeding against TCI.

# BARTEC INDUSTRIES, INC.
P.O. BOX 356 – LITTLE FALLS, NJ 07424                              (973) 256-9262

Trataros Construction Inc.
664 64th Street
Brooklyn, NY 11220                PROPOSAL (UL)            RECEIVED 5-8-00

ATTN: RAMESH                      DATE: May 8, 2000
FAX: 646-935-0757                 PROJECT: Baruch Academic Complex Site Floor Leveling

We propose to furnish and install within the above mentioned project the following: Portland Cement Based Floor Underlayment System, Con-flo system by Conspec and/or E-945 system by Boiardi. Thickness as required and directed by Construction Manager.
The areas of work are defined as follows: Concrete Substrate, floors 1-1 as directed. Price includes shooting floor elevations on a 5 ft. grid a providing an O.E. when required. Price does not include elevator or hoi:

TERMS AND CONDITIONS:
a) All floors to receive underlayment must be prepared by others immediately prior to commencement of our work as follows:
   1) All areas are to be broomed and/or vacuumed removing all loose material, including dust.
   ok  2) All areas are to be sound and free of substances that would impair adhesion, e.g. oil, grease, chemicals, curing compounds, etc.
   3) All areas are to be examined and all holes, voids, joints, etc. must be sealed.
b) All necessary light, power, heat and water without charge.
   1) Substrate must be 32°F and rising.
   ok 2) Water must be clean and potable and be of constant pressure to maintain job schedule. (1" line and min. quantity of 50 gallons per minute)
ok c) The site must be able to accommodate the delivery and placing of material and equipment.
ok d) We must be provided sufficient notice to mobilize and secure materials called for in our proposal.
e) ~~Areas to be covered~~ will be made available so that the application will be continuous. ~~Any interruption causing time delay shall be charged to~~ the General Contractor at cost plus 10% overhead.
f) Total installation will be accomplished in an orderly and expedient manner. Payment will be made to BARTEC as specified in Schedule of Payment, item g, since normal pay periods can not be in effect for this work.
g) Schedule of Payment: Work will be billed at a unit bag price installe of $47.00 per bag. ~~Billing will be done on a weekly basis and payment will be made on a 30-day cycle.~~ Payments will be issued on or about 15 days after receipt from owner

NOTE: The underlayment material is free flowing and will run through small voids and openings. The run-through can cause damage, staining of ceilings and walls of the floor below and or reflect voids in the underlayment after it cures that may require patching at additional cost.

Respectfully Submitted,
BARTEC INDUSTRIES, INC.
By _Craig Negus_ CN
Craig Negus

Accepted
Firm _____
By  _____

This proposal is subject to acceptance and approval be officers of both parties before becoming a contract.
BY _____ 20__

NOTE: Material will be handled and loaded by full pallets approx. 2500 lbs. 42"x42". Access and clear passage must be provided from street to elevator for use of pallet jack and/or forklift. A lockable room with electricity will be provided by others for storage of equipment & charging of batteries