SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------- X
R&J CONSTRUCTION CORPORATION,

            Plaintiff,

        - against –

TRATAROS CONSTRUCTION, INC., RELIANCE
INSURANCE COMPANY, TRAVELERS CASUALTY
SURETY COMPANY OF AMERICA, THE DORMITORY
AUTHORITY STATE OF NEW YORK, ALEXANDRIA
TILE CORP., AMERICAN WOODS & VENEER WORKS,
INC., ARCHITECTURAL MILLWORK INSTALLATION
CORP., BARTEC INDUSTRIES, INC., BAYSIDE
FENCING, INC., COMPONENT ASSEMBLY SYSTEMS
INC., CONSTRUCTAMAX INC., CRAFT-TECH MFG
CORP., G.M. CROCETTI, INC., GOETZ FITZPATRICK,
LLP, KLEPP WOOD FLOORING CORP., L&L PAINTING
CO., INC., LBL SKYSYSTEMS CORPORATION, PORTER
ATHLETIC EQUIPMENT CO., REIDMAN
CONSTRUCTION CORP. and UNIVERSAL SERVICES
GROUP, LTD.,

            Defendants.
---------------------------------------------------------------- X

Index No. 113225/03

VERIFIED ANSWER,
CROSS-CLAIMS AND
COUNTERCLAIM OF
DEFENDANT, G.M.
CROCETTI, INC.

    Defendant G.M. Crocetti, Inc. ("Crocetti"), by and through its attorneys, Torre, Lentz, Gamell, Gary & Rittmaster, LLP, as and for its verified answer, cross-claims and counterclaim to the verified complaint of R&J Construction Corporation, sets forth and alleges as follows:

    1.    Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "1" through and including "25" of the plaintiff's complaint.

2.  Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "26" through and including "28" of the plaintiff's complaint as alleged in the first cause of action against defendant Trataros Construction, Inc. ("Trataros").

3.  Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "29" through and including "33" of the plaintiff's complaint as alleged in the second cause of action against defendant Trataros.

4.  Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "34" through and including "38" of the plaintiff's complaint as alleged in the third cause of action against defendant Trataros.

5.  Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "39", "40", "41", "42", "43" and "44" of the plaintiff's complaint as alleged in the fourth cause of action against defendant Trataros.

6.  Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "45", "46", "47", "48", "49", "50", "51", "52" and "53" of the plaintiff's complaint as alleged in the fifth cause of action against defendant Trataros.

7.  Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "54" through and including "60" of the plaintiff's complaint as alleged in the sixth cause of action against defendant Trataros.

8.   Defendant Crocetti repeats and realleges each and every allegation set forth in paragraphs "1" through "6" of its answer, with cross-claims and counterclaim as set forth at length herein in response to paragraph "61" of the plaintiff's complaint as alleged in the seventh cause of action against defendant Trataros.

9.   Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "63", "64", "65", "66", "67", "68", "69", "70" and "71" of the plaintiff's complaint as alleged in the seventh cause of action against defendant Trataros.

10.  Defendant Crocetti repeats and realleges each and every allegation set forth in paragraphs "8" and "9" of its answer, with cross-claims and counterclaim as set forth at length herein in response to paragraph "72" of the plaintiff's complaint as alleged in the eighth cause of action against defendant Reliance Insurance Company ("Reliance").

11.  Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the plaintiff's complaint as alleged in the eighth cause of action, except admits that plaintiff and similarly situated claimants have a direct right of action against defendants Trataros and Reliance, jointly and severally.

12.  Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "74", "75", "76" and "77" of the plaintiff's complaint as alleged in the eighth cause of action against the defendant Reliance.

13.  Defendant Crocetti repeats and realleges each and every allegation set forth in paragraphs "1", "2", "3", "4", "5", "6" and "7" of its answer, with cross-claims and

counterclaim as set forth at length herein in response to paragraph "78" of the plaintiff's complaint as alleged in the ninth cause of action against all of the named defendants.

14. Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "79", "80", "81", "82" and "83" of the plaintiff's complaint as alleged in the ninth cause of action against all of the defendants.

15. Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the plaintiff's complaint as alleged in the ninth cause of action against all of the defendants, except admits and asserts that Crocetti filed a public improvement mechanic's lien and that as such has a claim and/or lien upon the monies due or to become due the defendant Trataros.

16. Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "87", "88", "89", "90" and "91" of the plaintiff's complaint as alleged in the tenth cause of action against defendant Trataros.

17. Defendant Crocetti repeats and realleges each and every allegation set forth in paragraphs "16" and "31" of its answer, with cross-claims and counterclaim as set forth at length herein in response to paragraph "92" of the plaintiff's complaint as alleged in the eleventh cause of action against defendant Trataros.

18. Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "93", "94", "95" and "96" of the plaintiff's complaint as alleged in the eleventh cause of action against defendant Trataros.

19. Defendant Crocetti repeats and realleges each and every allegation set forth in paragraphs "17", "18" and "31" of its answer, with cross-claims and counterclaim as set forth at length herein in response to paragraph "97" of the plaintiff's complaint.

20. Admits the allegations set forth in paragraph "98" of the plaintiff's complaint as alleged in the twelfth cause of action alleged against defendant Trataros.

21. Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "99", "100", "101", "102", "103", "104", "105" and "106" of the plaintiff's complaint as alleged in the twelfth cause of action against defendant Trataros.

22. Defendant Crocetti repeats and realleges each and every allegation set forth in paragraphs "19", "20" and "21" of its answer, with cross-claims and counterclaim as set forth at length herein in response to paragraph "107" of the plaintiff's complaint as alleged in the thirteenth cause of action against defendant Reliance.

23. Admits the allegations set forth in paragraph "108" of the plaintiff's complaint as alleged in the thirteenth cause of action against defendant Reliance.

24. Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "109", "110" and "111" of the plaintiff's complaint as alleged in the thirteenth cause of action against defendant Reliance.

25. Defendant Crocetti repeats and realleges each and every allegation set forth in paragraphs "16", "17" and "18" of its answer, with cross-claims and counterclaim as set forth at length herein in response to paragraph "112" of the fourteenth cause of action alleged in the plaintiff's complaint against all of the defendants.

26. Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "113", "114", "115", "116" and "117" of the plaintiff's complaint as alleged in the fourteenth cause of action against all defendants.

27. Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the plaintiff's complaint as alleged in the fourteenth cause of action against all of the defendants, except admits that a hereinafter alleged, Crocetti caused to be filed a public improvement mechanic's lien and is entitled to and has an interest, claim and lien upon the monies due or to become due Trataros described in the Crocetti lien. Attached hereto, incorporated herein by reference, marked Exhibit "1" is a copy of the Crocetti lien.

28. Defendant Crocetti repeats and realleges each and every allegation set forth in paragraphs "1" through and including "27" of its answer, with cross-claims and counterclaim as set forth at length herein in response to paragraph "119" of the plaintiff's complaint as alleged in the fifteenth cause of action against defendant Reliance.

29. Admits the allegations set forth in paragraphs "120", "121" and "122" of the plaintiff's complaint as alleged in the fifteenth cause of action against defendant Reliance.

30. Denies knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "123" and "124" of the plaintiff's complaint as alleged in the fifteenth cause of action against defendant Reliance.

82364 v1                                          6

31. Admits the allegations set forth in paragraphs "5", "14", "62", "85" and "86" of the plaintiff's complaint in the respective causes of action where said paragraphs are pleaded.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT TRATAROS CONSTRUCTION, INC. FOR WHICH AN ANSWER IS DEMANDED

32. G. M. Crocetti, Inc. ("Crocetti") was and still is a domestic corporation authorized and actually doing business in the City and State of New York with its principal office for the transaction of business located at 3960 Merritt Avenue, Bronx, New York 10466.

33. That defendant Trataros Construction, Inc. ("Trataros") was and still is a foreign or domestic corporation actually doing business in the City and State of New York with its principal office for the transaction of business located at 664 – 64th Street, Brooklyn, New York 11220.

34. That on or about August 27, 1998, Trataros as the general contractor entered into a contract with the Dormitory Authority of the State of New York ("DASNY") for certain construction work at Baruch College, 55 Lexington Avenue, New York, New York for Site B, Package No. 2 – General Construction Work, Contract No. 16 (Contract No. DA. No. 6500-1802-2178. JDE No. 61505) hereinafter referred to as the "Project" and/or the "Prime Contract".

35. Thereafter, Trataros, on or about September 18, 1998 entered into a

subcontract agreement with Crocetti to perform certain base subcontract for furnishing and installing pre-cast terrazzo, epoxy terrazzo, interior stonework and related work at and for the improvement of the Project.

36. That the agreed upon price and fair and reasonable value of the base contract work referred to in paragraph "35" hereof was the sum of $3,008,000.00.

37. During the performance of Crocetti's subcontract work at the Project, at the special instance and request of Trataros and/or others acting on behalf of Trataros, Crocetti performed certain extra and/or additional change order work at the Project.

38. That the fair and reasonable value of the extra and/or additional work referred to in paragraph "37" hereof was the agreed upon sum and fair and reasonable value of $990,352.51.

39. That on or about and between September 30, 2000 and February 12, 2003, Crocetti performed all of its labor and furnished all of the materials it was required to perform and/or furnish in connection with the Project. Crocetti was substantially completed with its subcontract work on or about October 31, 2002.

40. Crocetti complied with all of the terms and conditions of the subcontract by and between Crocetti and Trataros.

41. That as a result of the foregoing, there resulted in an adjusted contract price of $3,998,352.51.

42. As a result of the foregoing, there became due and owing to Crocetti from Trataros the sum of $3,998,352.51.

43. That no part of said sum of $3,998,352.51 has been paid or credit deductions given, despite demand having been made therefore, except the sum of $3,097,260.86, leaving a balance due and owing to Crocetti from Trataros in the sum of $901,091.65, plus interest thereon from October 31, 2002.

44. As a result of the foregoing, Crocetti has been damaged by Trataros for which Trataros is liable therefore, for the sum of $901,091.65, plus interest thereon from October 31, 2002.

### AS AND FOR A SECOND SEPARATE AND DISTINCT CROSS-CLAIM AGAINST DEFENDANT TRATAROS CONSTRUCTION, INC. AND FIRST CROSS-CLAIM AGAINST RELIANCE INSURANCE COMPANY AND TRAVELERS CASUALTY & SURETY CO. OF AMERICA FOR WHICH AN ANSWER IS DEMANDED

45. Defendant Crocetti repeats and realleges each and every allegation set forth in paragraphs "32" through "44" hereof with the same force and effect as if set forth at length herein.

46. That defendant Travelers Casualty & Surety Co. of America ("Travelers") was and still is a domestic or foreign corporation actually doing business as a licensed Surety Company in the State of New York, with an office for the transaction of business located at One Tower Square – 14C, Hartford, Connecticut 06183.

47. That defendant Reliance Insurance Company ("Reliance") was and still is a foreign or domestic corporation actually conducting business as a licensed surety company with an office for the transaction of business located at 6 Campus Drive, Parsippany, New Jersey 07054.

48. That Trataros was required by DASNY and did execute and deliver with a licensed Surety thereon a labor and material payment bond in connection with Trataros' general contract with DASNY for the Project referred to in paragraph "34" hereof.

49. Trataros had originally furnished a labor and material payment bond from the defendant Reliance.

50. That at the time Crocetti had entered into the contract with Trataros, the defendant Reliance was authorized to issue and deliver the labor and material payment bond required for the Project.

51. That thereafter, Crocetti was advised that the defendant Travelers had either assumed all of the rights and obligations of Reliance, or in the alternative, had executed, furnished and delivered a separate and distinct labor and material payment bond.

52. That defendants Reliance and/or Travelers were and still are the sureties responsible for the payment of just claims under the labor and material payment bond(s) upon which this suit is based.

53. That defendants Trataros, Reliance and Travelers are jointly and severally

liable to Crocetti for the sum of $901,091.65, plus interest thereon from October 31, 2002 for the labor performed, costs incurred and materials furnished in connection with the construction of the Project under and pursuant to the provisions of the labor and material payment bond(s) referred to in paragraphs "49" and "52" hereof.

54. That Crocetti has been damaged for which the defendants Trataros, Reliance and Travelers are liable therefore, jointly and severally, liable to Crocetti, in the sum of $901,091.65, plus interest thereon, from October 31, 2002.

AS AND FOR A THIRD SEPARATE AND DISTINCT CROSS-CLAIM AGAINST DEFENDANT TRATAROS CONSTRUCTION, INC., SECOND SEPARATE AND DISTINCT CROSS-CLAIMS AGAINST DEFENDANTS RELIANCE INSURANCE COMPANY AND TRAVELERS CASUALTY SURETY COMPANY OF AMERICA, FIRST CROSS-CLAIM AGAINST DEFENDANTS THE DORMITORY AUTHORITY STATE OF NEW YORK, ALEXANDRIA TILE CORP., AMERICAN WOODS & VENEER WORKS, INC., ARCHITECTURAL MILLWORK INSTALLATION CORP., BARTEC INDUSTRIES, INC., BAYSIDE FENCING, INC., COMPONENT ASSEMBLY SYSTEMS, INC., CONSTRUCTAMAX, INC., CRAFT-TECH MFG CORP., GOETZ FITZPATRICK, LLP, KLEPP WOOD FLOORING CORP., L&L PAINTING CO., INC., LBL SKYSYSTEMS CORPORATION, PORTER ATHLETIC EQUIPMENT CO., REIDMAN CONSTRUCTION CORP. AND UNIVERSAL SERVICES GROUP, LTD. AND COUNTERCLAIM AGAINST PLAINTIFF R&J CONSTRUCTION CORPORATION

55. Defendant Crocetti repeats and realleges each and every allegation set forth in paragraphs "32" through and including "44" hereof as if set forth at length herein.

56. Defendant Crocetti repeats and realleges and incorporates herein by reference paragraphs "1" through and including "13" and paragraphs "15" through and including "21" of the plaintiff's complaint as if set forth at length herein.

57. On or about the 25TH day of March, 2003, pursuant to the provisions of the

New York State Lien Law, defendant Crocetti duly filed with the Executive Director, Chairperson, Chief Financial Officer and Legal Department of the Dormitory Authority of the State of New York ("DASNY"), a public improvement mechanic's lien dated March 24, 2003, in proper form, claiming the sum of $883,312.00 being the lienable amount owed Crocetti as aforesaid, against the interest of Trataros in monies due or to become due under the Prime Contract and Project. Such Notice of Public Improvement Mechanic's Lien was duly and timely filed in form and in substance as appears from a true copy thereof. Annexed hereto, all of the information contained therein being incorporated herein by reference, marked as <u>Exhibit "1"</u> is a true and accurate copy of the aforementioned Crocetti lien.

58.   Notice of the filing of the Crocetti public improvement mechanic's lien (<u>Exhibit "1"</u>) was simultaneously served by certified mail on Trataros.

59.   Crocetti has fully complied with all of the statutory requirements that relate to the filing of a public improvement mechanic's lien.

60.   Upon information and belief, at the time of filing of Crocetti's public improvement mechanic's lien as aforesaid, there was due and owing from the defendant DASNY to Trataros under and pursuant to the terms of said Prime Contract by and between DASNY and Trataros, no less than the sum of $883,312.00.

61.   By reason of the foregoing, Crocetti has acquired a valid lien upon the public funds due and owing and which may become due and owing to Trataros in the

control of DASNY applicable to the construction of the Project upon which Crocetti was a subcontractor thereon, to the extent of the sum of $883,312.00, plus interest thereon from October 31, 2002.

62. Defendant Crocetti's lien has not been paid, cancelled or discharged, in whole or in part.

63. Defendant Crocetti has not commenced any other action for the collection of the amounts due herein.

64. Upon information and belief the parties/entities set forth herein represent all of the known statutory necessary parties required to be named in a public improvement lien foreclosure action in that the co-defendants and plaintiff has or claims to have an interest in, claim or lien upon the monies due or to become due Trataros described in the Crocetti public improvement mechanic's lien annexed hereto, marked as Exhibit "1".

65. As a result of the foregoing, Crocetti is entitled to be paid from the lien foreclosure public funds, also known as a lien fund, the sum of $883,312.00, plus interest thereon from October 31, 2002.

AS AND FOR A SECOND SEPARATE AND DISTINCT
CROSS-CLAIM AGAINST DEFENDANT BARTEC
INDUSTRIES, INC. FOR WHICH AN ANSWER IS DEMANDED

66. Defendant Crocetti repeats and realleges each and every allegation set forth in paragraphs "32" through and including "44" as if set forth at length herein.

67. That at all times hereinafter mentioned, the defendant Bartec Industries, Inc. ("Bartec") was and still is a foreign or domestic corporation actually doing business in the State of New York, with an office for the transaction of business located at 453 Main Street, Little Falls, New Jersey 07424.

68. That defendant Trataros entered into a subcontract with Bartec in connection with Bartec performing certain construction work and furnishing certain materials in connection with the construction of the Project.

69. Thereafter Bartec actually performed certain labor and furnished/installed certain materials in connection with the improvement of the Project.

70. That Bartec performed its subcontract labor work in a negligent and/or unworkmanlike manner.

71. That the materials furnished by Bartec were defective and/or not proper for the use intended.

72. As a result of the foregoing, certain of Crocetti's materials in certain areas of the Project have been damaged.

73. As a direct and proximate cause of the foregoing, Bartec has caused DASNY not to pay Trataros. Trataros, Reliance and/or Travelers in turn will not pay Crocetti the sum of $901,091.65, plus interest thereon from October 31, 2002.

74. Bartec is obligated to indemnify and hold Crocetti harmless in the event

Crocetti is not paid the funds justly due and owing to it, in the event it is determined that Crocetti has been damaged for which Bartec is responsible therefor.

75.  As a result of the foregoing, Crocetti has been damaged in the sum of $901,091.65, plus interest thereon from October 31, 2002 or an amount to be determined to the extent of Bartec's liability for the loss/damages actually incurred by Crocetti.

WHEREFORE, defendant G.M. Crocetti, Inc. demands judgment as follows:

1.  On the plaintiff's ninth and fourteenth causes of action, which named Crocetti as a party therein, adjudicating that Crocetti's claim is a valid lien to the extent of $883,312.00, with interest thereon from October 31, 2002 upon the monies due or to become due from the Dormitory Authority of the State of New York to Trataros Construction, Inc. in connection with the public improvement lien funds under and by virtue of the Project known as Site B, Package No. 2 – General Construction Work, Contract No. 16 (Contract No. DA-6500-1802-2178, JDE No. 61505), and thereafter dismissing in its entirety, the complaint as the same relates to defendant G.M. Crocetti, Inc.

2.  On defendant G.M. Crocetti, Inc. first cross-claim against defendant Trataros Construction, Inc., in the sum of $901,091.65, plus interest thereon from October 31, 2002.

3.  On defendant G.M. Crocetti, Inc. second cross-claim against defendant Trataros Construction, Inc., and first cross-claim against defendant's Reliance Insurance

Company and Travelers Casualty Surety Company of America, jointly and severally, in the sum of $901,091.65, plus interest thereon from October 31, 2002.

4. On defendant G.M. Crocetti, Inc. third separate and distinct cross-claim against defendant Trataros Construction, Inc., second separate and distinct cross-claims against defendants Reliance Insurance Company and Travelers Casualty Surety Company of America, cross-claims against all other defendants and counterclaim against plaintiff:

(a) adjudicating that Crocetti's claim is a valid lien to the extent of $883,312.00 with interest from October 31, 2002 upon the monies due or to become due from the Dormitory Authority of the State of New York to Trataros Construction, Inc. under and by virtue of Contract #15, DA #6500 1802 2176 Baruch College – Site B, Package No. 1 – General Construction Work as aforesaid;

(b) adjusting and determining the equities of all of the parties to this action, and determining the validity, extent and priority of the claims and liens to be asserted herein;

(c) defendant Crocetti have judgment for the enforcement of the lien against monies due or to become due the defendant Trataros Construction, Inc. from the Dormitory Authority of the State of New York;

(d) that if for any reason said Crocetti lien shall not be determined to be a valid lien for the sum of $883,312.00, plus interest thereon from October 31, 2002, or that there are insufficient funds to pay the amount determined to be due Crocetti, that Crocetti have and recover judgment against and from defendants Trataros Construction, Inc., Travelers

Casualty and Surety Company of America and Reliance Insurance Company, jointly and severally for the amount adjudged with interest from October 31, 2002.

5. On defendant G.M. Crocetti, Inc. second and distinct cross-claim against defendant Bartec Industries, Inc. in the sum of $901,091.65, plus interest thereon from October 31, 2002 or to the extent of Bartec's liability for the loss/damages actually incurred as alleged herein.

6. On all of the cross-claims and counterclaim, costs, disbursements and such other and further relief as to the Court may deem just, proper and equitable.

Dated:    Jericho, New York
          September 30, 2003

                                    TORRE, LENTZ, GAMELL, GARY
                                    & RITTMASTER, LLP
                                    Attorneys for defendant G.M. Crocetti, Inc.

                                    By: _____
                                            Gary Wirth, Esq.
                                    100 Jericho Quadrangle, Suite 309
                                    Jericho NY 11753-2702
                                    (516) 240-8900

## VERIFICATION

STATE OF NEW YORK ) 
                  ) ss.:
COUNTY OF NASSAU  )

GARY WIRTH, being an attorney admitted to practice in the Courts of the State of New York, affirms the following under the penalty of perjury:

I am of counsel with the law firm of Torre, Lentz, Gamell, Gary & Rittmaster, LLP, attorneys of record for defendant.

I have read the annexed answer, cross-claims and counterclaim, know the contents thereof, and the same are true to my knowledge, except those matters which are stated to be alleged, on information and belief, and as to the matters I believe them to be true. My belief as to those matters therein not stated upon personal knowledge, is based upon the following: information contained in corporate books and records, correspondence and conversations with employees of the corporation, G.M. Crocetti, Inc.

The reason that I make this Verification of the answer, cross-claims and counterclaim instead of the plaintiff is that the aforementioned defendant is not located in the County in which I maintain our law firm's office.

_____
Gary Wirth

Sworn to before me this

30th day of September, 2003

_____
Notary Public
MARIA MARCHESI
Notary Public, State of New York
No. 01MA4618852
Qualified in Nassau County
Commission Expires Jan. 31, 20 06

82364 v1                                    18