UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>vs.<br><br>DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP. and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>               Defendants. | Case No.  07-CV-6915 (DLC)<br>ECF CASE<br><br><br>**STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1** |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK,<br><br>       Third-Party Plaintiff,<br><br>vs.<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>       Third-Party Defendant. | |
| TRATAROS CONSTRUCTION INC., and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>       Fourth-Party Plaintiffs,<br><br>vs.<br><br>CAROLINA CASUALTY INSURANCE COMPANY; Et.Al.,<br><br>       Fourth-Party Defendants. | |

## FOURTH PARTY DEFENDANT OHIO CASUALTY INSURANCE COMPANY'S
## STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Civil Rule 56.1, Fourth Party Defendant Ohio Casualty Insurance Company, submits the following statement of material facts in support of its Motion for Summary Judgment.

1.    The Ohio Casualty Insurance company issued policy, No. BHO 52849621, to Bartec Industries, Inc., for policy period May 26, 2001 to May 26, 2002.  <u>See</u> Policy form annexed to Aff. of Hamilton as Exhibit A.

2.    The Ohio Casualty Insurance Company issued an excess policy No. BXO 52849621, to Bartec industries Inc., for policy period May 26, 2001 to May 26, 2002.  <u>See</u> Policy form annexed to Aff. of Hamilton as Exhibit B.

3.    Ohio Casualty issued to G.M. Crocetti, Inc., a certain commercial umbrella insurance policy, No. BXO 02 52 69 35 48, for the period from March 31, 2001 to March 31, 2004.  <u>See</u> Policy form annexed to Aff. of Sharpe as Exhibit A.

4.    Each of the above policies contains a "notice condition," which provides in pertinent part:

**2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    **a.**    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

        (1)    How, when and where the "occurrence" or offense took place;

        (2)    The names and addresses of any injured persons and witnesses; and

        (3)    The nature and location of any injury or damage arising

out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

Your must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit"; ...[1]

5.    The insureds' Bartec and Crocetti, were retained by Trataros, Construction, Inc. to install an underlayment/epoxy terrazzo flooring system in a 14 story building.

6.    Trataros contends that their work is defective and needs to be replaced. See Answer/Fourth-Party Complaint annexed to Aff. of Hall as Exhibit L.

---

[1] The policy language differs only slightly between the policies, but is nearly identical in all practical affects.

7.    In January 2001, problems with the finished terrazzo floor began to manifest in the building.  See January 26, 2001, and February 28, 2001 correspondence annexed to Aff. of Hall as Exhibit E.

8.    Hollow spots were detected in the underlayment, and the terrazzo was not properly binding to the underlayment. Id.

9.    Large areas of the completed flooring job had to be removed and replaced on the 13th, 8th, 11th, 6th, and 5th floors throughout February, March, and April, 2001.  See repair tickets annexed to Aff. of Hall as Exhibit F.

10.    The owner of the project contends that the flooring failure is progressive, and the flooring system has continued to fail throughout the building. See DASNY Third Party Complaint annexed to Aff. of Hall as Exhibit G.

11.    On or about July 18, 2003, a lawsuit was initiated in the New York Supreme Court, New York County under Index No.  113225/2003 captioned: R&J Construction Corp. v. Trataros Construction Inc., et al. Trataros, Crocetti, and Bartec were identified as defendants in that action. See Complaint Annexed to Aff. of Hall as Exhibit H.

12.    No notice of the above lawsuit was provided to Ohio Casualty by Crocetti or Trataros.

13.    Bartec did not provide notice of the above lawsuit until December 3, 2003. Neither Crocetti nor Trataros ever provided notice of this lawsuit to Ohio Casualty.

14.    On August 4, 2004, the project Owner filed a Third-Party action against Trataros Construction Co., in a matter pending in the United States District Court for the Southern District of New York, No. 04 Civ. 5101, seeking damages for the costs of repairing the defective flooring system. See Answer/Third-Party Complaint annexed to Aff. of Hall as Exhibit G.

15.    No notice of this lawsuit was provided by to Ohio Casualty by Trataros.

16.    On November 24, 2004, Trataros commenced a Fourth-Party action in that Federal case against its subcontractors, including Crocetti, and Bartec, seeking a determination that the subcontractors were required to defend and to indemnify Trataros with respect to the claims asserted against it by the project owner.    See Answer/Fourth-Party Complaint annexed to Aff. of Hall as Exhibit L.

17.    Crocetti and Bartec provided no notice of this lawsuit to Ohio Casualty.

18.    That Fourth Party Complaint named as a defendant Ohio Casualty Insurance Company and sought a determination of Trataros' eligbility for insurance coverage as an additional insured under the insurance policies issued to Crocetti and Bartec.

19.    Ohio Casualty was not served with that Fourth Party Complaint until February 17, 2005.

20.    Ohio Casualty Answered the Fourth Party Complaint disclaiming coverage based in part upon late notice of claim and lawsuit.

**MORGAN MELHUISH ABRUTYN**

*s/ Mark T. Hall (MH3275)*

By:_____

Mark T. Hall, Esq.
Attorneys for Fourth-Party
Defendant, Ohio Casualty
Insurance Company

Dated:    Livingston, New Jersey
August 8, 2008

#495705