**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP. and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>　　　　　　Defendants. | : <br>: <br>: <br>: <br>: <br>: 07-CV-6915 (DLC)<br>: <br>: **STATEMENT OF**<br>: **MATERIAL FACTS**<br>: <br>: |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK AND TDX CONSTRUCTION CORP.,<br><br>　　　　　　Third-Party Plaintiffs,<br><br>　vs.<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>　　　　　　Third-Party Defendant. | |
| TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>　　　　　　Fourth-Party Plaintiffs<br><br>　　vs.<br><br>CAROLINA CASUALTY INSURANCE COMPANY; BARTEC INDUSTRIES, INC.; DAYTON SUPERIOR SPECIALTY CHEMICAL CORP. a/k/a DAYTON SUPERIOR CORPORATION; SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; UNITED STATES FIRE INSURANCE COMPANY; ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. f/k/a COMMERCIAL UNDERWRITERS | |

INSURANCE COMPANY; ZURICH AMERICAN INSURANCE' :
COMPANY d/b/a ZURICH INSURANCE COMPANY; OHIO :
CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY :
GROUP; HARLEYSVILLE MUTUAL INSURANCE COMPANY :
(a/k/a HARLEYSVILLE INSURANCE COMPANY); JOHN DOES :
1-20 and XYZ CORPS. 1-20, :
           :
_____Fourth-Party Defendants._____ :

In compliance with Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, the following is a concise recitation of each material fact to which the movants contend there is no genuine issue of material fact for purposes of this motion, together with a citation to that portion of the motion record demonstrating that such facts are uncontested.

1.    On or about September 18, 1998, Third-Party Defendant/Fourth-Party Plaintiff Trataros Construction, Inc., (hereinafter "Tratataros") entered into a Subcontract Agreement (hereinafter the "subcontract") with Fourth-Party Defendant G.M. Crocetti, Inc. (hereinafter "Crocetti"). See Exhibit A attached to the Declaration of Michael S. Miller (hereinafter the "Miller Declaration").

2.    The subcontract identifies Dormitory Authority State of New York (hereinafter "DASNY") as the Project Owner, Trataros as the Contractor, and Crocetti as the subcontractor. See Exhibit A attached to the Miller Declaration.

3.    Section 5 of the subcontract, entitled "Subcontractors Insurance," states:

> Prior to commencing the Work, Subcontractor shall procure, with Contractor and Owner as additional insured parties, and thereafter maintain, at its own expense, until final acceptance of the Work, insurance coverage as more fully described in Exhibit C in a form and from insurers acceptable to Contractor. See Exhibit A attached to the Miller Declaration.

4.    Exhibit C of the subcontract, entitled "Insurance and Indemnification Rider," specifies that Trataros, as the subcontractor, was required to maintain Workers' Compensation and Occupational Disease Insurance & Employers Liability Insurance; Disability Insurance; General Liability Insurance; Commercial Business Automobile Insurance; Builders

Risk/Installation Floater Insurance; and Pollution Liability Insurance with regard to its performance of the Subcontract Agreement. See Exhibit A of the Miller Declaration.

5. Lumbermens issued policy number 4LS 001759-00 (hereinafter the "Lumbermens policy") to Crocetti as named insured providing primary coverage with limits of $1 million per occurrence and $2 million general aggregate. See Exhibit B of the Miller Declaration.

6. The Lumbermens policy was effective from March 31, 2000 to March 31, 2002. See Exhibit B of the Miller Declaration.

7. The Lumbermens policy identifies Trataros, Baruch College, DASNY, CUNY, TDX Construction Corp., and The City University Construction Fund as additional insureds. See Exhibit B of the Miller Declaration.

8. Endorsement Number 2 of the Lumbermens policy, entitled "Additional Insured," indicates that additional insureds under the policy included all entities required by written contract to be named as additional insured on a primary basis. See Exhibit L of the Miller Declaration.

9. The Lumbermens policy defines an occurrence as an accident, including continuous or repeated exposure to substantially the same general harmful conditions. See Exhibit L of the Miller Declaration.

10. Paragraph 2 of Section IV of the Lumbermens Policy, entitled "Duties in the Event of an Occurrence, Offense, Claim or Suit, states the following:

    a. You must see to it that we are immediately notified in writing of an occurrence, or offense which may result in a claim. Notice should include:

        1. How, when and where the occurrence, or offense took place;
        2. The names and addresses of any injured persons and witnesses;
        3. The nature and location of any injury or damage arising out of the

occurrence or offense.

<u>See</u> Exhibit L of the Miller Declaration.

11. The Lumbermens policy also states that if a claim is made or suit is brought against any insured, you must see to it that [Lumbermens] receives immediate notice of the claim or suit. <u>See</u> Exhibit L of the Miller Declaration.

12. The Lumbermens policy further states that you and any involved insured must:

    (1)    Immediately send us copies of any demands notices, summonses, or legal papers received in connection with the claim or a suit;
    (2)    Authorize us to obtain records and other information;
    (3)    Cooperate with us in the investigation, settlement or defense of the claim or suit;
    (4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

<u>See</u> Exhibit J of the Miller Declaration.

13. In June 2001, Trataros was aware that the Subcontract Agreement required Crocetti to maintain general commercial liability insurance. <u>See</u> Exhibit C of the Miller Declaration.

14. In June 2001, Trataros was aware of its additional insured status on the Lumbermens policy, and was in possession of a Certificate of Insurance that identified it as an additional insured under the Lumbermens policy and identified the name and address of the insurance policy broker. <u>See</u> Exhibit D of the Miller Declaration.

15. By letter dated February 28, 2001, Defendant/Third-Party Plaintiff TDX Construction Corporation ("hereinafter "TDX"), advised Trataros that there were areas located at the project where the terrazzo flooring installation separated from the substrates. <u>See</u> Exhibit E of the Miller Declaration.

16.     By letter dated March 7, 2003, TDX supplied Trataros with an expert report revealing the extensive debonding of the terrazzo system at the Baruch College project.  See Exhibit F of the Miller Declaration.

17.     By letter dated August 28, 2003, TDX notified Trataros of its belief that Trataros was responsible for the deteriorating conditions of the terrazzo flooring and underlayment at Baruch College, and indicated that Trataros should act to remove and replace all materials installed throughout the building covered by the terrazzo flooring, including underlayments below the terrazzo.  See Exhibit H of the Miller Declaration.

18.     On or about August 4, 2004, DASNY filed a Third-Party Complaint naming Trataros as a Third-Party Defendant and alleging that the epoxy terrazzo that Trataros and its subcontractors installed had begun to deteriorate and was otherwise defective.  See Exhibit J of the Miller Declaration.

19.     On or about February 17, 2005, Trataros filed an Amended Fourth-Party Complaint naming Lumbermens as a Fourth-Party defendant and asserting that it is entitled to insurance coverage under the insurance policy issued by Lumbermens to Crocetti.  See Exhibit K of the Miller Declaration.

20.     On or about March 2, 2005, Trataros served the Amended Fourth-Party Complaint against Lumbermens by filing it with the New York State Insurance Fund.  See Exhibit M of the Miller Declaration.

21.     On or about April 14, 2005, Lumbermens filed an Answer to the Amended Fourth-Party Complaint, denying Trataros' allegations of entitlement to insurance coverage under the Lumbermens policy.  See Exhibit N attached to the Miller Declaration.

22.     Prior to the March 2, 2005 service of the Amended Fourth-Party Complaint upon

Lumbermens, Trataros provided no notice to Lumbermens of either the potential of a claim or that it was named as a Third-Party defendant in relation to the work performed under the Subcontract Agreement. <u>See</u> Exhibit L of the Miller Declaration.

DATED: August 8, 2008

By:   /s/ Michael S. Miller
     Michael S. Miller
     **TOMPKINS, McGUIRE,**
     **WACHENFELD & BARRY LLP**
     *Attorneys for Fourth-Party Defendant*
     *Lumbermens Mutual Casualty Company*
     *("Lumbermens"), improperly sued as*
     *Kemper Casualty Insurance Company d/b/a*
     *Kemper Insurance Company*
     140 Broadway
     51st Floor
     New York, New York 10005
     (212) 714-1720
     -and-
     Four Gateway Center
     100 Mulberry Street
     Newark, New Jersey 07102
     (973) 622-3000