Case 1:07-cv-06915-DLC   Document 299-2   Filed 08/25/2008   Page 1 of 20

119

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
TRAVELERS CASUALTY AND SURETY COMPANY as
Administrator for RELIANCE INSURANCE
COMPANY,

    Plaintiff,

  -v-

DORMITORY AUTHORITY - STATE OF NEW YORK,
TDX CONSTRUCTION CORP. and KOHN PEDERSEN
FOX ASSOCIATES, P.C.,

    Defendants.
------------------------------------------
DORMITORY AUTHORITY OF THE STATE OF NEW
YORK and TDX CONSTRUCTION CORP.,

    Third-Party Plaintiffs,

  -v-

TRATAROS CONSTRUCTION, INC.,

    Third-Party Defendant.
------------------------------------------
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

    Fourth-Party Plaintiffs,

  -v-

CAROLINA CASUALTY INSURANCE COMPANY;
BARTEC INDUSTRIES, INC.; DAYTON SUPERIOR
SPECIALTY CHEMICAL CORP. a/k/a DAYTON
SUPERIOR CORPORATION; SPECIALTY
CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER
CASUALTY INSURANCE COMPANY d/b/a KEMPER
INSURANCE COMPANY; GREAT AMERICAN
INSURANCE COMPANY; NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA.;
UNITED STATES FIRE INSURANCE COMPANY;
ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.
f/k/a COMMERCIAL UNDERWRITERS INSURANCE
COMPANY; ZURICH AMERICAN INSURANCE COMPANY
d/b/a ZURICH INSURANCE COMPANY; OHIO
CASUALTY INSURANCE COMPANY d/b/a OHIO
CASUALTY GROUP; HARLEYSVILLE MUTUAL
INSURANCE COMPANY (a/k/a HARLEYSVILLE
INSURANCE COMPANY); JOHN DOES 1-20 and XYZ
CORPS. 1-20,

    Fourth-Party Defendants.
------------------------------------------X

07 Civ. 6915 (DLC)

OPINION AND ORDER

Appearances:

For Fourth-Party Plaintiffs Trataros Construction, Inc. and
Travelers Casualty and Surety Company:
JoAnne M. Bonacci
Eli J. Rogers
Dreifuss Bonacci & Parker LLP
26 Columbia Turnpike, North Entrance
Florham Park, NJ 07932

For Fourth-Party Defendant United States Fire Insurance Company:
Kristin V. Gallagher
John P. De Filippis
Carroll, McNulty & Kull LLC
570 Lexington Avenue - 10th Floor
New York, NY 10022

DENISE COTE, District Judge:

This Opinion concludes that a seven-month delay in providing notice of a claim to an insurer is unreasonable and relieves the insurer of any obligation to provide coverage in this complex construction litigation. This litigation relates to alleged problems in the design and construction of a building for the use of Baruch College (the "Project"). On August 1, 2007, plaintiff Travelers Casualty and Surety Company ("Travelers"), acting as administrator for Reliance Insurance Company ("Reliance") and asserting claims assigned to Travelers by Trataros Construction, Inc. ("Trataros"), commenced this action against defendant Dormitory Authority - State of New York ("DASNY") and others. Trataros performed work on the Project for DASNY, the owner of the Project.

On November 13, 2008, after waves of pleadings, Trataros and Travelers filed a fourth-party complaint against a subcontractor, two material suppliers, and twelve insurance companies. One of the insurance companies, United States Fire Insurance Company ("U.S. Fire"), filed the motion addressed through this Opinion.[1] For the following reasons, U.S. Fire's motion to dismiss[2] is converted to a motion for summary judgment and granted.

BACKGROUND

Much of the relevant background is provided in this Court's Opinion of April 25, 2008, familiarity with which will be assumed. Travelers Cas. & Sur. Co., 2008 WL 1882714, at *1-2. The parties to this action were each involved, directly or

---

[1] A second insurance company -- Allied World Assurance Company (U.S.) Inc. ("Allied World") -- and one of the material suppliers -- Specialty Construction Brands, Inc. (known as "TEC") -- also moved to dismiss the fourth-party claims against them. Allied World's motion was denied in an Order dated April 2, 2008; TEC's motion was granted in an Opinion dated April 25, 2008. Travelers Cas. & Sur. Co. v. Dormitory Auth., No. 07 Civ. 6915, 2008 WL 1882714 (S.D.N.Y. Apr. 25, 2008).

[2] After U.S. Fire's motion was submitted, Trataros and Travelers filed an amended fourth-party complaint in order to add an additional fourth-party defendant. The allegations of the amended complaint against U.S. Fire are identical to the allegations contained in the original fourth-party complaint. By letter dated April 17, 2008, U.S. Fire -- with the consent of Trataros and Travelers -- requested that U.S. Fire's motion be construed as a motion to dismiss the amended complaint. That request was granted by a memorandum endorsement of April 18.

Case 1:07-cv-06915-DLC   Document 299-2   Filed 08/11/2008   Page 4 of 20

indirectly, with the design or construction of the Project, a 785,000 square-foot structure located between 24th and 25th Streets and Lexington and Third Avenues in Manhattan.  DASNY, who acted as the "owner" of the Project on behalf of City University of New York and Baruch College, entered into more than a dozen co-prime contracts for the Project's construction work, two of which were awarded to Trataros.[3]

In connection with the work to be performed by Trataros under these contracts, U.S. Fire issued a comprehensive general liability policy to Trataros for the period April 1, 1998 to April 1, 1999, which was subsequently renewed and extended to April 1, 2000 (the "U.S. Fire CGL Policy").[4]  Under the U.S. Fire CGL Policy, coverage is provided for, inter alia, claims based upon "property damage" arising out of an "occurrence." "Property damage" is defined by the policy as "[p]hysical injury to tangible property, including all resulting loss of use of that property" and "[l]oss of use of tangible property that is

---

[3] The contract value of Trataros's contracts was a total of $74,362,000.00, and Trataros was required to obtain performance and payment bonds in that amount as a prerequisite to being awarded the contracts.  Those bonds were obtained from Reliance, who subsequently entered into an administrative and reinsurance agreement with Travelers with respect to these bonds; Trataros, in turn, assigned its affirmative claims and causes of action arising from the Project to Travelers.

[4] U.S. Fire's initial moving papers indicated that its policy expired on April 1, 1999; in its reply papers, however, U.S. Fire acknowledges that April 1, 2000 is the expiration date for the policy at issue here.

not physically injured"; an "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

The U.S. Fire CGL Policy also contains two notice provisions. One is a condition requiring that, in the event of an "occurrence," Trataros, as the insured, "must see to it that we [U.S. Fire] are notified as soon as practicable." In the event of a "claim or 'suit'" (where "suit" is defined as a "civil proceeding in which damages because of . . . 'property damage' . . . to which this insurance applies are alleged"), Trataros is similarly required to "see to it that we receive written notice of the claim or 'suit' as soon as practicable." It is this second notice provision on which resolution of U.S. Fire's motion to dismiss depends.

The work called for under the contracts awarded to Trataros included the installation of an epoxy terrazzo flooring system that, according to the third-party compliant filed by DASNY and its construction manager against Trataros, was to cover "thousands of square feet of public space in the Project." The third-party complaint alleges that

> [t]he epoxy terrazzo that Trataros and [G.M. Crocetti Inc.] installed in the Project is deteriorating and is otherwise defective. Among other things, the epoxy terrazzo is cracking and crumbling at the perimeter of the poured area at the zinc divider strips over substantial areas of the epoxy terrazzo installation. The epoxy terrazzo is also delaminating and "blistering" in increasingly larger areas.

5

The third-party complaint also alleges more generally that "[t]he work performed by Trataros and its subcontractors failed to satisfy the technical and quality requirements" contained in the contracts between DASNY and Trataros as well as "accepted industry practices," and that, as a result, "significant portions of Trataros'[s] work was defective, substandard, or otherwise unacceptable" and thus "had to be repaired or replaced."

The fourth-party complaint filed by Trataros and Travelers seeks, inter alia, a declaratory judgment that coverage exists under the U.S. Fire CGL Policy for the claims asserted by DASNY and its construction manager, as well as "complete indemnification and/or compensatory damages, to the full extent of such coverage," in the event that DASNY prevails on those claims. U.S. Fire has now moved to dismiss Trataros and Travelers's fourth-party claims under Rule 12(b)(6), Fed. R. Civ. P.

DISCUSSION

I. Conversion to Motion for Summary Judgment

U.S. Fire asserts, in sum, that the fourth-party complaint's claims against it must be dismissed because (1) U.S. Fire was not given timely notice of the claims that form the

basis for the instant action, in violation of the terms of the U.S. Fire CGL Policy, and (2) the allegations of the third- and fourth-party complaints demonstrate that no coverage exists under the U.S. Fire CGL Policy in any event.  Both sides have made factual submissions primarily directed toward the issue of timely notice.

In light of the parties' submissions, it is appropriate to convert U.S. Fire's motion to one seeking summary judgment, at least on the issue of timely notice.  A district court must ordinarily give notice to the parties before converting a motion to dismiss to a motion for summary judgment.  See, e.g., Kopec v. Coughlin, 922 F.2d 152, 154-55 (2d Cir. 1991).  "A party is deemed to have notice that a motion may be converted," however, "if that party should reasonably have recognized the possibility that such a conversion would occur."  Sira v. Morton, 380 F.3d 57, 68 (2d Cir. 2004) (citation omitted).  In connection with its motion, U.S. Fire submitted several documents detailing the circumstances in which, it alleges, Trataros became aware of the claims giving rise to this action, including correspondence from March, June, and August of 2003 between the Project's construction manager, DASNY, and Trataros concerning developing problems with the epoxy terrazzo flooring.  In opposition, Travelers and Trataros have submitted, inter alia, two declarations (from JoAnne M. Bonacci and Guido Webber, counsel

for Travelers and Trataros), and one affirmation (from John Scarpellino, Sr., the Claims Manager for Travelers) detailing the circumstances under which they became aware of Trataros's insurance coverage and ultimately gave notice to U.S. Fire, as well as several documents exchanged by Trataros and others involved in the Project related to the epoxy terrazzo flooring.[5]

Where a party attaches to a motion to dismiss or to their opposition thereto "materials that were not included in the pleadings," they "plainly should [be] aware of the likelihood of" a conversion to a motion for summary judgment, and "cannot complain that they were deprived of an adequate opportunity to provide the materials they deemed necessary to support their" position. Id. That is the case here, at least with respect to the issue of timely notice. Although Travelers and Trataros argue that the record has not been sufficiently developed to permit resolution of the notice issue at this stage, they do not identify any further discovery that would be necessary to complete that record.[6] In sum, having countered U.S. Fire's

---

[5] The Webber declaration and the Scarpellino affirmation were both submitted in the prior litigation between these parties related to the Project, which will be discussed further below. These documents are submitted here as exhibits in support of the fourth-party plaintiffs' opposition to U.S. Fire's motion.

[6] Moreover, given that the question of whether timely notice was provided to U.S. Fire -- i.e., whether Travelers and Trataros took reasonable steps to fulfill their obligation to provide notice "as soon as practicable" as required under the U.S. Fire CGL Policy -- depends almost exclusively on facts and records in

factual submissions with factual submissions of their own, it cannot be said that Travelers and Trataros have been "taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleading." Groden v. Random House, Inc., 61 F.3d 1045, 1053 (2d Cir. 1995) (citation omitted). The motion to dismiss will therefore be converted to one for summary judgment pursuant to Rule 56, Fed. R. Civ. P.

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party has asserted facts showing that the non-movant's claims or defenses cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on the "mere allegations or denials" of the movant's pleadings. Rule 56(e), Fed. R. Civ. P.; accord Sista v. CDC Ixis N. Am., Inc., 445 F.3d

---

the possession of Travelers and Trataros, it is not apparent that further discovery would be necessary on that issue in any event.

9

161, 169 (2d Cir. 2006). Only disputes over material facts, facts that might affect the outcome of the suit under the governing law, will properly preclude the entry of summary judgment. Anderson, 477 U.S. at 248.

II. Timely Notice to U.S. Fire

The parties agree that New York law applies in this diversity action. "Under that law, compliance with the notice provisions of an insurance contract is a condition precedent to an insurer's liability." Am. Ins. Co. v. Fairchild Indus., Inc., 56 F.3d 435, 438 (2d Cir. 1995); see also Green Door Realty Corp. v. TIG Ins. Co., 329 F.3d 282, 287 (2d Cir. 2003). Notice provisions

> enable insurers to make a timely investigation of relevant events and exercise early control over a claim. Early control may lead to a settlement before litigation and enable insurers to take steps to eliminate the risk of similar occurrences in the future. When insurers have timely notice of relevant occurrences, they can establish more accurate renewal premiums and maintain adequate reserves.

New York v. Blank, 27 F.3d 783, 794 (2d Cir. 1994) (citation omitted). "If an insured fails to provide timely notice as required by the particular policy, then, absent a valid reason for the delay, the insurer is under no obligation to defend or indemnify the insured." Fairchild Indus., Inc., 56 F.3d at 438 (citing Allcity Ins. Co. v. Jimenez, 78 N.Y.2d 1054, 1055 (1991)). Such failure provides "a complete defense to coverage,

10

regardless of whether the carrier was prejudiced by the late notice." Green Door Realty, 329 F.3d at 287 (citing Am. Home Assurance Co. v. Int'l Ins. Co., 90 N.Y.2d 433, 440 (1997)); see also Briggs Avenue L.L.C. v. Ins. Corp. of Hannover, 516 F.3d 42, 49 (2d Cir. 2008).

The U.S. Fire CGL Policy required that notice of an occurrence or claim be given "as soon as practicable," which is "a standard provision in liability policies that has been interpreted to require notice within a reasonable time under the circumstances." Travelers Ins. Co. v. Volmar Const. Co., Inc., 300 A.D.2d 40, 43 (N.Y. App. Div., 1st Dep't 2002); see also Olin Corp. v. Ins. Co. of N. Am., 966 F.2d 718, 723 (2d Cir. 1992) (citing Security Mut. Ins. Co. v. Acker-Fitzsimons Corp., 31 N.Y.2d 436, 441 (1972)). Under New York law, "the question [of] whether notice" of a claim or occurrence "was given within a reasonable time may be determined as a question of law when (1) the facts bearing on the delay in providing notice are not in dispute and (2) the insured has not offered a valid excuse for the delay." Blank, 27 F.3d at 795. See also Green Door Realty, 329 F.3d at 287 ("[W]hile the question of the reasonableness of an excuse for late notice is generally a question of fact for the jury, a delay may be unreasonable as a matter of law when either no excuse is advanced or the proffered excuse is meritless.") (citation omitted). "The burden is on

11

the insured to show that a delay was reasonable under the circumstances." Fairchild Indus., Inc., 56 F.3d at 438 (citing Acker-Fitzsimons Corp., 31 N.Y.2d at 441).

Whether notice was timely given to an insurer depends in part, of course, on when the insured's obligation to provide notice was triggered. The obligation to provide notice of an occurrence (as opposed to a claim) is triggered when the "circumstances known to the insured at the time would have suggested to a reasonable person the possibility of a claim" resulting from that occurrence. Commercial Union Ins. Co. v. Int'l Flavors & Fragrances, Inc., 822 F.2d 267, 272 (2d Cir. 1987). Thus,

> [w]hile the duty to provide notice therefore does not begin on the basis of mere speculation, rumor, or remote contingencies far removed from the particular policy in question, when an insured complying with its duty to use due diligence in investigating potential claims against it would believe from the information available that its policy would be involved, the notice obligation arises.

Christiania Gen. Ins. Corp. of N.Y. v. Great Am. Ins. Co., 979 F.2d 268, 275-76 (2d Cir. 1992); see also Fairchild Indus., 56 F.3d at 439. Failure to provide notice of an occurrence under these circumstances may be excused, however, where "the insured has a reasonable argument that it was unaware of the accident" or occurrence, "or where the insured had a good-faith belief in its nonliability." Volmar Const. Co., 300 A.D.2d at 43.

By contrast, "[a] notice of claim provision . . . focuses on the actions of third parties and may be triggered by an unreasonable -- even sanctionable -- assertion of liability." Fairchild Indus., 56 F.3d at 439. Thus, once a claim has been filed, the insured can no longer offer its good faith belief in nonliability for the underlying occurrence (or the claim itself) as an excuse for a failure to provide notice, as "virtually any assertion of an exposure to liability within the risks covered by an insurance policy is a claim" triggering the duty to provide notice. Id.; see also Mount Vernon Fire Ins. Co. v. Abesol Realty Corp., 288 F. Supp. 2d 302, 314 (E.D.N.Y. 2003); Underwriters at Lloyd's of London v. 150 Nassau Street Billiards, Inc., No. 03 Civ.1420, 2003 WL 22999464, at *10 n.4 (S.D.N.Y. Dec. 22, 2003); Paul K. Rooney, P.C. v. Chi. Ins. Co., No. 00 Civ. 2335, 2001 WL 262703, at *9-10 (S.D.N.Y. Mar. 16, 2001).

The relevant facts are not in dispute. Putting aside the question of whether the letters sent to Trataros (and others) in 2003 regarding the developing problems with the epoxy terrazzo flooring were sufficient to trigger Trataros's obligation to notify U.S. Fire of an "occurrence," the parties acknowledge that, in a prior action in this District concerning the same subject matter as the instant action, DASNY filed a third-party complaint against Trataros and Travelers on August 4, 2004, that

13

contained substantially the same allegations as are set forth in DASNY's third-party complaint in this action.[7] Trataros and Travelers do not dispute -- indeed, it is the very premise of their fourth-party complaint here -- that the August 4, 2004 third-party complaint (or the third-party complaint filed in this action) was a "suit" within the meaning of the U.S. Fire CGL Policy, i.e., a "civil proceeding in which damages because of . . . 'property damage' . . . to which [the U.S. Fire CGL Policy] applies are alleged."[8] It is further undisputed that U.S. Fire did not receive notice of this "suit" until March 29, 2005 (more than seven months later), when its representatives were served with the amended fourth-party complaint filed by Trataros and Travelers in the prior proceedings.[9]

---

[7] As described in the parties' submissions, the claims at issue in this action were previously the subject of proceedings in this District before the Honorable Harold Baer (No. 04 Civ. 5101). These proceedings were discontinued without prejudice on October 7, 2005, in order to provide the parties an opportunity to resolve their dispute through voluntary mediation. That effort failed, thereby precipitating the instant action.

[8] Put differently, if Trataros and Travelers were to argue that the third-party complaints filed in these actions were not "suits" encompassed by the U.S. Fire CGL Policy, they would be conceding, in essence, that no coverage exists under the U.S. Fire CGL Policy for the damages alleged in those complaints, and their fourth-party action would have to be dismissed on that basis.

[9] The docket for the prior proceedings before Judge Baer does not reflect the filing of an affidavit of service of the amended fourth-party complaint upon U.S. Fire. In support of its motion, however, U.S. Fire has provided an affidavit from Sherrianne Hanavan, an employee of U.S. Fire's claims management

Absent a valid excuse, this seven-month delay in notification is unreasonable as a matter of law, see, e.g., Fairchild Indus., Inc., 56 F.3d at 440 ("Under New York law, delays for one or two months are routinely held 'unreasonable.'"), and the two excuses offered by Trataros and Travelers do not suffice. First, as described in the declarations and affirmation filed in opposition to the instant motion, Travelers reports that following the receipt of the third-party complaint filed in the prior action, it "undertook to investigate DASNY's allegations" regarding the epoxy terrazzo flooring. This task was made difficult by the fact that Trataros itself had ceased its business operations and dismissed all of its employees more than a year before that third-party complaint was filed in August 2004. As a result of this investigation, however, at some point in 2004 Travelers claims that it developed a good-faith belief that it and Trataros could not be held liable for claims made by DASNY in the August 4, 2004 third-party complaint. This belief was premised upon allegedly exculpatory language contained in the change order related to the flooring work, which states that Trataros will "[n]ot [be] responsible for concrete delamination."

---

agency, which states that it was informed of the amended fourth-party complaint on March 29, 2005.

15

Based upon this language, Travelers and Trataros argue here that their delayed notice should be excused because they had no "reason to believe they faced potential liability for [DASNY's] Flooring Claims." As described above, however, a good faith belief that a claim or suit against an insured that alleges damages within the scope of an insurance policy will not ultimately succeed does not relieve that insured of its obligation to provide notice of that claim or suit. "[A] notice of occurrence requirement is treated differently under New York law from a notice of claim requirement." Id. at 439. While a good faith belief that a particular occurrence will not lead to liability (and thus a claim against the policy by the insured) can excuse a failure to provide notice, "[a]n assertion of possible liability, no matter how baseless, is . . . all that is needed to trigger a notice of claim provision." Id. at 439.[10]

---

[10] The rationale behind this distinction between occurrences and claims was described by the Court of Appeals in Blank:

> The cases excusing an insured's failure to notify an insurer of an occurrence based on a good faith belief of non-liability are supported by the rationale that if insureds were required to notify insurers of every incident that poses even a remote possibility of liability, insurers would soon be swamped with notice of minor incidents that pose little danger of resulting even in an action by the injured party against the insured, let alone a claim by the insured against the insurer. . . . Once there is a reasonable possibility that the policy will be involved, however, this rationale is no longer applicable."

See also Paul K. Rooney, P.C., 2001 WL 262703, at *9-10. Thus, Travelers and Trataros's argument that their good faith belief that the third-party complaint filed on August 4, 2004, would not result in liability cannot excuse their failure to provide timely notice to U.S. Fire.

Second, Travelers and Trataros imply, but do not formally argue, that their failure to give timely notice should be excused because Trataros (the insured under the U.S. Fire CGL Policy) ceased business operations in 2003, and thus Travelers (Trataros's "attorney in fact") had difficulty locating the policy or, indeed, even determining who had issued potentially relevant policies to Trataros during the course of the Project.

---

Blank, 27 F.3d at 795-96. Although one intermediate appellate decision from New York has subsequently disagreed with the Second Circuit on this point, see Reynolds Metal Co. v. Aetna Cas. & Sur. Co., 259 A.D.2d 195, 201 (N.Y. App. Div., 3d Dep't 1999), (1) that decision's conclusion that there is "no reason" to draw a distinction between claims and occurrences regarding notice requirements, id., is belied by the cases cited above, and (2) even if this Opinion were to follow the Third Department's holding on that issue, this Court would then have to determine whether Travelers and Trataros's belief in non-liability was "reasonable under the circumstances," id. (citation omitted), which, based on their submissions here, it is far from clear that they have demonstrated. Put simply, Travelers and Trataros's proffered belief that the August 4, 2004 third-party complaint related to nothing more than the "concrete delamination" referred to in the change orders cannot withstand scrutiny, particularly in light of the claims therein unrelated to the epoxy terrazzo flooring (the so-called "Miscellaneous Defects"). It is not necessary to reach that issue, however, as this Opinion adheres to the holding and rationale of Fairchild and Blank.

The factual submissions made by Travelers in connection with this motion indicate that at some point in January 2005 it discovered various insurance certificates among Trataros's records and the documents obtained from other parties in the prior action. Travelers reports that despite its good faith belief in non-liability, a February 17, 2005 impleader deadline compelled it to follow up on the information contained on the certificates in order to determine whether Trataros had obtained any policies implicated by the claims filed by DASNY. It is not apparent precisely when the U.S. Fire CGL Policy itself was discovered, but U.S. Fire was among the parties included in the amended fourth-party complaint filed by Travelers and Trataros on February 17, 2005.

To the extent that it is necessary to reach this issue, it is sufficient to note that under New York law "a lack of knowledge of an insurance policy does not excuse a delay in notification." Olin Corp., 966 F.2d at 724. As the Court of Appeals explained,

> [i]t is true that delay may be excused if there was a justifiable lack of knowledge of coverage. A justifiable lack of knowledge of coverage, however, is to be distinguished from a lack of knowledge of the existence of a policy. Notice of the content of coverage is within the control of an insurer, and it will thus generally bear some of the responsibility for an insured's lack of knowledge of coverage. An insurer has no power over an insured's retention of a policy, however, and bears none of the responsibility for an insured's loss of a policy. That being the case, we believe that it is the responsibility of

18

the insured, not the insurance company, to keep track of which carriers have provided it with liability insurance. Id. at 724-25 (citation omitted). Cf. Briggs Ave LLC v. Ins. Corp. of Hannover, No. 05 Civ. 4212, 2006 WL 1517606, at *5-7 (S.D.N.Y. May 30, 2006) (Lynch, J.) (relying on this principle in finding eight-month delay unreasonable as a matter of law).[11]

In short, the relevant facts not being in dispute and Travelers and Trataros not having offered a valid excuse for the unreasonably delayed notification to U.S. Fire, it must be concluded as a matter of law that the notice obligations contained in the U.S. Fire CGL Policy have been breached, and

---

[11] Travelers and Trataros argue, citing U.S. Underwriters Ins. Co. v. Falcon Construction Corp., No. 02 Civ. 4182, 2003 WL 22019429 (S.D.N.Y. Aug,. 27, 2003), that the time taken to investigate a claim and obtain insurance information may be "considered" in determining whether notice was timely. As they also recognize, however, the question of whether notice was given as soon as practicable is "heavily dependent on the factual contexts in which [it] arise[s]." Mighty Midgets, Inc. v. Centennial Ins. Co., 47 N.Y.2d 12, 19 (1979), and the scenarios presented here and in Falcon Construction Corp. are distinguishable. In that case, a significant delay between the filing of a claim and the notification of the insurer was held not to be unreasonable as a matter of law where it was not clear which of a number of contractors had worked on the relevant site -- and thus which contract and which insurance policy were implicated by the injured party's claim -- and the locating the contract required a search of a remote records storage facility. Falcon Const. Corp., 2003 WL 22019429, at *2, *6. Here, by contrast, there was no such confusion regarding which contract was implicated by the third-party complaint -- rather, the explanation offered here is that the insured (Trataros) had gone out of business, fired its employees, and, it appears, ceased keeping track of its insurance policies and obligations. This scenario is more accurately captured by the above-cited passage from Olin than the discussion contained in Falcon Construction Corp.

thus that U.S. Fire cannot be called upon to provide coverage to Trataros or Travelers under that policy. Blank, 27 F.3d at 795. Summary judgment must therefore be granted to U.S. Fire and the fourth-party complaint against it dismissed.

CONCLUSION

U.S. Fire's motion to dismiss the fourth-party complaint, filed on February 11, 2008, is converted to a motion for summary judgment and granted.

SO ORDERED:

Dated:    New York, New York
         June 25, 2008

                                    _____
                                    DENISE COTE
                                    United States District Judge