UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRAVELERS CASUALTY AND SURETY
COMPANY as Administrator for RELIANCE
INSURANCE COMPANY,                                      Civil Action No. 07-CV-6915 (DLC)

          Plaintiff,

vs

THE DORMITORY AUTHORITY OF THE STATE
OF NEW YORK, TDX CONSTRUCTION CORP. and
KOHN, PEDERSON, FOX & ASSOCIATES, P.C.,

          Defendants.
-----------------------------------------------------------------X
DORMITORY AUTHORITY OF THE STATE OF
NEW YORK,                                               AFFIDAVIT OF JOSH SCHAAD IN SUPPORT
          Third-Party Plaintiff,                           OF GREAT AMERICAN INSURANCE
vs                                                      COMPANY'S MOTION FOR SUMMARY
TRATAROS CONSTRUCTION, INC. and TRAVELERS               JUDGEMENT
CASUALTY AND SURETY COMPANY,

          Third-Party Defendants.
-----------------------------------------------------------------X
TRATAROS CONSTRUCTION, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

          Fourth-Party Plaintiffs,

vs

CAROLINA CASUALTY INSURANCE COMPANY,
BARTEC INDUSTRIES, INC., DAYTON SUPERIOR
SPECIALTY CHEMICAL CORP., SPECIALTY
CONSTRUCTION BRANDS, INC. t/a TEC, KEMPER
CASUALTY INSURANCE COMPANY d/b/a KEMPER
INSURANCE COMPANY, GREAT AMERICAN
INSURANCE COMPANY, NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA.,
UNITED STATES FIRE INSURANCE COMPANY,
ALLIED WORLD ASSURANCE COMPANY (U.S.)
INC. f/k/a COMMERCIAL UNDERWRITERS
INSURANCE COMPANY, ZURICH AMERICAN
INSURANCE COMPANY d/b/a ZURICH INSURANCE
COMPANY, OHIO CASUALTY INSURANCE
COMPANY d/b/a OHIO CASUALTY GROUP,
HARLEYSVILLE MUTUAL INSURANCE COMPANY
(a/k/a HARLEYSVILLE INSURANCE COMPANY,
an insurer for BARTEC INDUSTRIES INC.), JOHN
DOES 1-20 and XYZ CORPS. 1-12,

          Fourth-Party Defendants.
-----------------------------------------------------------------X

STATE OF OHIO           )
                        )
COUNTY OF HAMILTON      )

Josh Schaad, of full age, upon his oath deposes and says:

1. I am employed in the position of Divisional Vice President of Property and Inland Marine Claims of the Great American Insurance Company and in that capacity, am personally familiar with the facts set forth herein.

2. Although Great American Insurance Company has been named as a defendant in this suit, it did not issue an insurance policy to Trataros Construction, Inc. A comprehensive general liability insurance policy was issued to Tratoras Construction effective April 1, 2000 to April 1, 2001 by a subsidiary of Great American Insurance Company, American Alliance Insurance Company. During that time period, another subsidiary of Great American Insurance Company, American National Fire Insurance Company, issued a commercial property policy to Trataros Construction, Inc. also effective April 1, 2000 to April 1, 2001. Thereafter, two first-party property and inland marine insurance policies were issued to Trataros by Great American Insurance Company of New York.

3. During the policy period effective April 1, 2001 to April 1, 2002, a subsidiary of Great American Insurance Company, Great American Insurance Company of New York, issued policy #MAC 1-32-13-86-01 to Trataros Construction, Inc. A true copy of the policy is attached hereto as Exhibit A.

4. Great American Insurance Company of New York also issued policy #MAC 1-32-13-86-02 to Trataros Construction, Inc. effective April 1, 2002 to April 1, 2003. A true copy of the policy

2

is attached hereto as Exhibit B. In relevant part, these policies provide:

> **COMMERCIAL INLAND MARINE CONDITIONS**
> The following conditions apply in addition to the Common Policy Conditions and the applicable Additional Conditions in Commercial Inland Marine Coverage Forms:
> **LOSS CONDITIONS**
> \* \* \*
> **C. Duties In The Event Of Loss**
> You must see that the following are done in the event of loss or damage to Covered Property:
> \* \* \*
> 2. Give us prompt notice of the loss or damage. Include a description of the property involved.
> 3. As soon as possible, give us a description of how, when and where the loss or damage occurred.
>
> \* \* \*
> 9. Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit.
> (Form CM0001)(Ed.09/00)XS p.1).

5. American National Fire Insurance Company, another independent subsidiary owned by Great American Insurance Company, issued policy #MAC-1-32-13-86-00 to Trataros Construction, Inc. effective April 1, 2000 go April 1, 2001. (A true copy of that policy is annexed hereto as Exhibit C.)

6. As detailed in Exhibits A, B and C, the policies issued by American National Fire Insurance Company and Great American Insurance Company of New York, were not comprehensive general liability policies.

7. According to the Court's Docket Report in the previously filed action, Civil Action #04-civ 5101(HB), on August 4, 2004, the Dormitory Authority of the State of New York filed a third party action against Trataros seeking, among other things, a determination that Trataros' and its

3

subcontractors' negligence caused or contributed to the property damage at Baruch College.

8.    Great American Insurance Company of New York and American National Fire Insurance Company were first notified of this alleged loss when their parent, a separate corporate entity, Great American Insurance Company, was served with the Complaint in this matter through the New York State Insurance Department on March 2, 2005.

9.    In March 2007, counsel for Travelers/Trataros provided notice of a claim under a comprehensive general liability policy issued by Great American Alliance Insurance Company bearing policy #TEP-3578121. A true copy of that policy is annexed hereto as Exhibit D.

10.    In relevant part that policy provides:

SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

\* \* \*

**Duties In The Event Of Occurrence, Offense, Claim Or Suit**
You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
(1) How, when and where the "occurrence" or offense took place;
(2) The names and address of any injured persons and witnesses; and
(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
(b) If a claim is made or "suit" is brought against any insured, you must:
(1) immediately record the specifics of the claim or "suit" and the date received, and
(2) notify us as soon as practicable.
You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
(c) You and any other involved insured must:
(1) immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";. . .

11.    In connection with a previous Affidavit submitted to the Court in connection with an earlier motion to dismiss before Judge Baer, I inadvertently omitted reference to American

4

Alliance Insurance Company's policy. This omission resulted from a slight spelling variation in the insured's name ("Tratoras").

12.   For the reasons and the legal arguments advanced by our counsel, I respectfully submit that the Fourth Party Complaint and any cross claims against Great American Insurance Company, Great American Insurance Company of New York, American National Fire Insurance Company and American Alliance Insurance Company, should be dismissed.

_____
JOSH SCHAAD

Sworn to and Subscribed before me on
this  9   day of   August   , 2008

_____
Notary

Michael Santoro
Notary Public, State of Ohio
My Commission Expires 09-20-2012

5