# EXHIBIT D-1

# EXHIBIT D-1

# EXHIBIT D-1

# EXHIBIT D-1



0316928  GREAT AMERICAN ALLIANCE INS CO

**GREAT**AMERICAN.
INSURANCE GROUP

580 Walnut Street
Cincinnati, OH 45202
513.369.5000 ph

IL 70 01 (Ed. 02 89)

· **Policy No.** TEP  3-57-81-21 - 00
**Renewal Of** NEW

## BUSINESSPRO POLICY COMMON DECLARATIONS

| NAMED INSURED AND ADDRESS: | POLICY PERIOD: |
|---|---|
| TRATORAS CONSTRUCTION, INC. (SEE END'T 1)<br>664 64TH STREET<br>BROOKLYN,NY<br><br>          11220 | 12:01 A.M. Standard Time at the<br>address of the Named Insured<br>shown at left.<br>From: 04/01/00    To: 04/01/01 |

| IN RETURN FOR PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY. | AGENT'S NAME AND ADDRESS:<br>ATLANTIC STAR INTERMEDIARIES<br>390 N BROADWAY<br>JERICHO          NY   11753 |
|---|---|

Insurance is afforded by company indicated below:
(Each a capital stock corporation)

(   ) GREAT AMERICAN INSURANCE CO.        ( X ) AMERICAN ALLIANCE INSURANCE CO.
(   ) AMERICAN NATIONAL FIRE INS. CO.     (   ) AGRICULTURAL INSURANCE COMPANY
             (   )

**BUSINESS DESCRIPTION**    RENOVATION CONTRACTOR

This policy consists of the following Coverage parts for which a premium is indicated. This premium may be subject to adjustment

                                     **Premium**

| | |
|---|---|
| **Commercial Property** | $ N/A |
| **Commercial General Liability** | $ 211,500 |
| **Commercial Crime** | $ N/A |
| **Commercial Inland Marine** | $ N/A |
| **Commercial Boiler and Machinery** | $ N/A |
| **Commercial Auto** | $ N/A |
| **Commercial Umbrella** | $ N/A |

                                   **TOTAL**    $ 211,500

**Premium shown is payable:**   $ 211,500     **at inception:**
     $ 211,500

**FORMS AND ENDORSEMENTS** applicable to all Coverage Forms and made part of this policy at time of issue are listed on the attached Forms and Endorsements Schedule IL 88 01 (11/85).

Countersigned _____     By _____
           **Date**                     **Authorized Representative**

F.8972C (9/01)

                       BUSINESSPRO (Reg. U.S. Pat. Off.)
IL 70 01 (Ed. 02/89) PRO         (Page 1 of 1)



580 Walnut Street
Cincinnati, OH 45202
513.369.5000 ph

IL 70 02 (Ed. 11 85)

Policy No.        TEP  3-57-81-21 - 00
Effective Date of Change   04/01/00

## BUSINESSPRO POLICY CHANGES

| NAMED INSURED AND ADDRESS | POLICY PERIOD: |
|---|---|
| TRATORAS CONSTRUCTION, INC. | 12:01 A.M. Standard Time at the |
| 664 64TH STREET | address of the Named Insured |
| BROOKLYN,NY | shown at left. |
| 11220 | From 04/01/00     To 04/01/01 |

| THIS ENDORSEMENT CHANGES THE POLICY. | AGENT'S NAME AND ADDRESS: |
|---|---|
| | ATLANTIC STAR INTERMEDIARIES |
| | 390 N BROADWAY |
| PLEASE READ IT CAREFULLY. | JERICHO            NY   11753 |

Insurance is afforded by company indicated below:
(Each a capital stock corporation)

( )  GREAT AMERICAN INSURANCE CO.         ( X )  AMERICAN ALLIANCE INSURANCE CO.
( )  AMERICAN NATIONAL FIRE INS. CO.      ( )  AGRICULTURAL INSURANCE CO.
            ( )

IT IS UNDERSTOOD AND AGREED FORM CG8802 MINIMUM AND DEPOSIT PREMIUM
ENDORSEMENT IS HEREBY ADDED TO THE POLICY EFFECTIVE 4/1/00.
(SEE ATTACHED).

**FORMS AND ENDORSEMENTS** hereby added:   CG8802

**FORMS AND ENDORSEMENTS** hereby amended:

**FORMS AND ENDORSEMENTS** hereby deleted:

Countersigned _____        By _____
              Date                    Authorized Representative

F.8972C (9/01)

IL 70 02 (Ed. 11/85) PRO

BUSINESSPRO (Reg. U.S. Pat. Off.)
(Page 1 of 1 )

**GREATAMERICAN.**
INSURANCE GROUP

Administrative Offices
580 Walnut Street
Cincinnati, OH 45202
513.369.5000 ph

COPY OF ORIGINAL

IL 70 02 (Ed. 11 85)

**Policy No.**        TEP  3-57-81-21 - 00
**Effective Date of Change**    04/01/00

## BUSINESSPRO POLICY CHANGES

| NAMED INSURED AND ADDRESS | POLICY PERIOD: |
|---|---|
| TRATORAS CONSTRUCTION, INC.<br>664 64TH STREET<br>BROOKLYN, NY<br>11220 | 12:01 A.M. Standard Time at the address of the Named Insured shown at left.<br>From 04/01/00      To 04/01/01 |

| THIS ENDORSEMENT CHANGES THE POLICY.<br><br>PLEASE READ IT CAREFULLY. | AGENT'S NAME AND ADDRESS:<br>ATLANTIC STAR INTERMEDIARIES<br>390 N BROADWAY<br>JERICHO               NY    11753 |
|---|---|

Insurance is afforded by company indicated below:
(Each a capital stock corporation)

(   ) GREAT AMERICAN INSURANCE CO.     ( X ) AMERICAN ALLIANCE INSURANCE CO.
(   ) AMERICAN NATIONAL FIRE INS. CO.  (   ) AGRICULTURAL INSURANCE CO.
         (   )

IT IS UNDERSTOOD AND AGREED TO ADD FORM CG8802 TO INCLUDE THE THE FOLLOWING NAMED INSURED:

ARROW ENTERPRISES, LLC.

EFFECTIVE 4/1/00.

(SEE ATTACHED)

**FORMS AND ENDORSEMENTS** hereby added:    CG8802

**FORMS AND ENDORSEMENTS** hereby amended:

**FORMS AND ENDORSEMENTS** hereby deleted:

Countersigned _____     By _____
                    Date                          Authorized Representative

F-8972C (9/01)

BUSINESSPRO (Reg. U.S. Pat. Off.)
IL 70 02 (Ed. 11/85) PRO          (Page 1 of 1 )



580 Walnut Street
Cincinnati, OH 45202
513.369.5000 ph

Administrative Offices

**GREATAMERICAN.**
INSURANCE GROUP

IL 70 02 (Ed. 11 85)

**Policy No.**      TEP  3-57-81-21 - 00
**Effective Date of Change**   04/01/00

## BUSINESSPRO POLICY CHANGES

| NAMED INSURED AND ADDRESS | POLICY PERIOD: |
|---|---|
| TRATORAS CONSTRUCTION, INC.<br>664 64TH STREET<br>BROOKLYN,NY<br><br>                    11220 | 12:01 A.M. Standard Time at the address of the Named Insured shown at left.<br>From 04/01/00      To 04/01/01 |

| | AGENT'S NAME AND ADDRESS: |
|---|---|
| **THIS ENDORSEMENT CHANGES THE POLICY.**<br><br>**PLEASE READ IT CAREFULLY.** | ATLANTIC STAR INTERMEDIARIES<br>390 N BROADWAY<br>JERICHO            NY    11753 |

Insurance is afforded by company indicated below:
(Each a capital stock corporation)

(    ) GREAT AMERICAN INSURANCE CO.        ( X ) AMERICAN ALLIANCE INSURANCE CO.
(    ) AMERICAN NATIONAL FIRE INS. CO.       (    ) AGRICULTURAL INSURANCE CO.
                    (      )

IT IS UNDERSTOOD AND AGREED FORM IL7125 NAMED INSURED ENDORSEMENT
IS HEREBY AMENDED TO READ: SPIRO CONSTRUCTION, INC. IN LIEU OF SPIRO
CONSTRUCTION. (SEE ATTACHED).

**FORMS AND ENDORSEMENTS** hereby added:

**FORMS AND ENDORSEMENTS** hereby amended:   IL7125

**FORMS AND ENDORSEMENTS** hereby deleted:

Countersigned _____        By _____
              Date                    Authorized Representative

F-8972C (9/01)

IL 70 02 (Ed. 11/85) PRO

BUSINESSPRO (Reg. U.S. Pat. Off.)
(Page 1 of 1 )



Administrative Offices
580 Walnut Street
Cincinnati, OH 45202
513.369.5000 ph

**IL 70 02 (Ed. 11 85)**

Policy No.          TEP  3-57-81-21 - 00
Effective Date of Change    04/01/01

### BUSINESSPRO POLICY CHANGES

| NAMED INSURED AND ADDRESS | POLICY PERIOD: |
|---|---|
| TRATORAS CONSTRUCTION, INC.<br>664 64TH STREET<br>BROOKLYN,NY<br><br>                                        11220 | 12:01 A.M. Standard Time at the address of the Named Insured shown at left.<br>From 04/01/00        To 04/01/01 |

| THIS ENDORSEMENT CHANGES THE POLICY.<br><br>    PLEASE READ IT CAREFULLY. | AGENT'S NAME AND ADDRESS:<br>ATLANTIC STAR INTERMEDIARIES<br>390 N BROADWAY<br>JERICHO                    NY    11753 |
|---|---|

Insurance is afforded by company indicated below:

GREAT AMERICAN ALLIANCE INSURANCE COMPANY

(A capital stock corporation)

IT IS UNDERSTOOD AND AGREED FORM CG 8802 PERMIUM AUDIT ENDORSEMENT IS HEREBY ADDED TO THE POLICY.    (SEE ATTACHED).

**FORMS AND ENDORSEMENTS** hereby added:    CG8802

**FORMS AND ENDORSEMENTS** hereby amended:

**FORMS AND ENDORSEMENTS** hereby deleted:

Countersigned _____        By _____
                Date                            Authorized Representative

F.8972C (9/01)

BUSINESSPRO (Reg. U.S. Pat. Off.)
IL 70 02 (Ed. 11/85) PRO        (Page 1 of 1 )

GREAT AMERICAN.
INSURANCE GROUP

Administrative Offices
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

IL 88 01 (Ed. 11 85)

## BUSINESSPRO FORMS AND ENDORSEMENTS SCHEDULE

It is hereby understood and agreed the following forms and endorsements are attached to and are a part of this policy:

| | Form and Edition | ST | Date Added* or Date Deleted | Form Description |
|---|---|---|---|---|
| 1. | CG7000 | 11/85 | NY | GENERAL LIA JACKET & COMMON COND |
| 2. | CG7400 | 09/98 | NY | GL COVERAGE PART DECLARATIONS PAGE |
| 3. | IL7001 | 02/89 | NY | BUSINESSPRO POLICY COMMON DEC |
| 4. | IL7069 | 07/98 | NY | EXCLUSION - ASBESTOS |
| 5. | IL0021 | 04/98 | NY | NUCLEAR ENERGY LIAB EXCL ENDT-BROAD |
| 6. | IL7125 | 10/92 | NY | NAMED INSURED ENDORSEMENT |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |
| 11. | | | | |
| 12. | | | | |
| 13. | | | | |
| 14. | | | | |
| 15. | | | | |
| 16. | | | | |
| 17. | | | | |
| 18. | | | | |
| 19. | | | | |
| 20. | | | | |
| 21. | | | | |
| 22. | | | | |

*If not at inception

IL 00 21
(Ed. 04 98)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS POLICY
COMMERCIAL AUTO COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
EMPLOYMENT−RELATED PRACTICES LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
SPECIAL PROTECTIVE AND HIGHWAY LIABILITY POLICY NEW YORK DEPARTMENT
  OF TRANSPORTATION
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

    A. Under any Liability Coverage, to "bodily injury" or "property damage:"

        (1) with respect to which an "Insured" under the policy is also an Insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or

        (2) resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "Insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

    B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

    C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material," if:

        (1) the "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "Insured" or (b) has been discharged or dispersed therefrom;

        (2) the "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "Insured"; or

Copyright, Insurance Services Office, Inc., 1997

(3) the "bodily injury" or "property damage" arises out of the furnishing by an "Insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility," but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

"hazardous properties" includes radioactive, toxic or explosive properties;

"nuclear material" means "source material," "special nuclear material" or "by-product material";

"source material," "special nuclear material," and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor";

"waste" means any waste material (a) containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and (b) resulting from the operation by any person or organization of any

"nuclear facility" included under the first two paragraphs of the definition of "nuclear facility."

"Nuclear facility" means:

(a) any "nuclear reactor";

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing "spent fuel," or (3) handling, processing or packaging "waste";

(c) any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "Insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste;"

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

"property damage" includes all forms of radioactive contamination of property.

Copyright, Insurance Services Office, Inc., 1997

COPY OF ORIGINAL

GREAT**AMERICAN.**
INSURANCE GROUP

Administrative Offices
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

IL 71 25
(Ed. 10 92)

## NAMED INSURED ENDORSEMENT

It is agreed that the Named Insured and the Form of Business Organization
shown in the Declarations is amended to read as follows:

TRATAROS CONTRUCTION, INC.
N.P.S. REALTY, INC.
TRATAROS S.E.
SPIRO CONSTRUCTION, INC.
TRATAROS CONTRACTION, INC. (401K)



Administrative Offices
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

IL 70 69
(Ed. 07 98)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION - ASBESTOS

This endorsement modifies insurance provided under the following:

> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> COMMERCIAL AUTO COVERAGE PART
> GARAGE COVERAGE PART
> TRUCKERS COVERAGE PART
> FARM COVERAGE PART
> PRODUCTS AND COMPLETED OPERATIONS COVERAGE PART
> SAFEPAK® LIABILITY COVERAGE FORM
> OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
> RAILROAD PROTECTIVE LIABILITY COVERAGE PART
> LIQUOR LIABILITY COVERAGE PART
> POLLUTION LIABILITY COVERAGE PART

This insurance does not apply to "bodily injury," "property damage," or "personal and advertising injury" arising out of or related in any way to asbestos or asbestos—containing materials.

We shall not have the duty to defend any such claim or "suit."

Copyright, Insurance Services Office, Inc., 1998

IL 70 69 (Ed. 07/98) XS



Administrative Offices
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

CG 74 00 (Ed. 09 98)

Policy No.   TEP   3-57-81-21  - 00

## GENERAL LIABILITY COVERAGE PART
## DECLARATIONS PAGE

| NAMED INSURED: | TRATORAS CONSTRUCTION, INC. (SEE END'T 1) | POLICY PERIOD: 04/01/00 to 04/01/01 |
|---|---|---|

**LIMITS OF INSURANCE:**

| | | |
|---|---|---|
| General Aggregate Limit (Other Than Products – Completed Operations) | $ 2,000,000 | |
| Products – Completed Operations Aggregate Limit | $ 1,000,000 | |
| Personal and Advertising Injury Limit | $ 1,000,000 | |
| Each Occurrence Limit | $ 1,000,000 | |
| Damage to Premises Rented to You Limit | $ 100,000 | Any One Premises |
| Medical Expense Limit | $ EXCLUDED | Any One Person |

**FORM OF BUSINESS:**   RENOVATION CONTRACTOR

**TOTAL ESTIMATED PREMIUM:**   $ 211,500

| Products/Completed Operations | All Other |
|---|---|
| $ INCLUDED | $ 211,500 |

**LOCATION OF ALL PREMISES YOU OWN, RENT OR OCCUPY:**

ON FILE WITH COMPANY

**CODE NUMBER:**   915858          **PREMIUM BASIS:**   PER $1,000 OF RECEIPTS

**CLASSIFICATION:**

CONTRACTORS-SUBCONTRACTED
WORK-IN CONNECTION WITH
CONSTRUCTION, RECONSTRUCTION,
REPAIR OR ERECTION OF BUILDINGS-NOC

| Products/Completed Operations | | All Other | |
|---|---|---|---|
| Exposure: | INCLUDED | Exposure: | $90,000,000 |
| Rate: | INCLUDED | Rate: | $2.35 |
| Premium: | INCLUDED | Premium: | $211,500 |

**FORMS AND ENDORSEMENTS** applicable to this Coverage Part and made a part of this Policy at the time of issue are listed on the attached Forms and Endorsements Schedule CG 88 01 (11/85).

CG 74 00 (Ed. 09/98) PRO                    (Page 1 of 1)



GREAT AMERICAN. INSURANCE GROUP
Administrative Offices
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

# BUSINESSPRO FORMS AND ENDORSEMENTS SCHEDULE

It is hereby understood and agreed the following forms and endorsements are attached to and are a part of this policy:

| | Form and Edition | | ST | Date Added*<br>or<br>Date Deleted | Form Description |
|---|---|---|---|---|---|
| 1. | CG0001 | 07/98 | NY | | COMMERCIAL GENERAL LIA COV FORM |
| 2. | CG2116 | 07/98 | NY | | EXCL-DESIGNATED PROFESSIONAL SRVCS |
| 3. | CG2951 | 01/96 | NY | | EMPLOYMENT RELATED PRACTICES EXCL. |
| 4. | CG2135 | 10/93 | NY | | EXCL-COVERAGE C-MEDICAL PAYMENTS |
| 5. | CG2154 | 01/96 | NY | | EXCL-DESGNTD OPER COV BY CONSOLIDATED |
| 6. | CG2160 | 09/98 | NY | | EXCL-YR2000 COMPUTER-RELATED PROB |
| 7. | CG8139 | 06/99 | NY | | EXCLUSION-LIA ARISING OUT OF LEAD |
| 8. | CG2010 | 03/97 | NY | | ADD INS OWNER/LESSEE/CNTR/SCHED PER/ORG |
| 9. | CG0055 | 03/97 | NY | | AMEND OTHER INSUR COND - OCCURRENCE |
| 10. | CG2503 | 11/85 | NY | | AMEND-AGGREGATE LIMITS OF INSURANCE |
| 11. | CG8802 | 11/85 | NY | | GENERAL ENDORSEMENT |
| 12. | CG8802 | 11/85 | NY | | GENERAL ENDORSEMENT |
| 13. | CG8802 | 11/85 | NY | | GENERAL ENDORSEMENT |
| 14. | CG8802 | 11/85 | NY | | GENERAL ENDORSEMENT |
| 15. | CG8802 | 11/85 | NY | | GENERAL ENDORSEMENT |
| 16. | CG8802 | 11/85 | NY | | GENERAL ENDORSEMENT |
| 17. | CG8802 | 11/85 | NY | | GENERAL ENDORSEMENT |
| 18. | CG8802 | 11/85 | NY | | GENERAL ENDORSEMENT |
| 19. | CG2404 | 10/93 | NY | | WAIVER TRANSFER RIGHT-REC AGAINST OTHERS |
| 20. | CG9901 | 11/85 | NY | | MOTOR VEHICLE LAWS |
| 21. | CG7437 | 09/88 | NY | | EMP BENEFITS LIA COV EXCL FID/LIA |
| 22. | TAU2641 | 02/98 | NY | | NY SELF-INSURED RETENT ENDT W/DEF |

*If not at inception

COPY OF ORIGINAL

**GREAT AMERICAN.**
INSURANCE GROUP

Administrative Offices
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

CG 88 01 (Ed. 11 85)

## BUSINESSPRO FORMS AND ENDORSEMENTS SCHEDULE

It is hereby understood and agreed the following forms and endorsements are attached to and are a part of this policy:

| | Form and Edition | | ST | Date Added*<br>or<br>Date Deleted | Form Description |
|---|---|---|---|---|---|
| 1. | CG2867 | 09/95 | NY | | NY CHANGES-CANCELLATION/NONRENEWAL |
| 2. | CG0105 | 04/97 | NY | | NY CHANGES PREMIUM AUDIT |
| 3. | CG2624 | 08/92 | NY | | NY CHANGES-LEGAL ACTION AGAINST US |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 8. | | | | | |
| 9. | | | | | |
| 10. | | | | | |
| 11. | | | | | |
| 12. | | | | | |
| 13. | | | | | |
| 14. | | | | | |
| 15. | | | | | |
| 16. | | | | | |
| 17. | | | | | |
| 18. | | | | | |
| 19. | | | | | |
| 20. | | | | | |
| 21. | | | | | |
| 22. | | | | | |

*If not at inception

COPY OF ORIGINAL GREAT AMERICAN LINE

CG 00 01
(Ed. 07 98)

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we," "us" and "our" refer to the company providing this insurance.

The word "Insured" means any person or organization qualifying as such under Section II – **WHO IS AN INSURED**

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V. – **DEFINITIONS**

## SECTION I - COVERAGES COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

### 1. Insuring Agreement

**a.** We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** the amount we will pay for damages is limited as described in (Section III) - **Limits Of Insurance** and

**(2)** our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Supplementary Payments - Coverages A and B.**

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

**(2)** the "bodily injury" or "property damage" occurs during the policy period.

**c.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

### 2. Exclusions

This insurance does not apply to:

**a. Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the Insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the Insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** that the Insured would have in the absence of the contract or agreement; or

Copyright, Insurance Services Office, Inc., 1998

**(2)** assumed in a contract or agreement that is an "insured contract"; provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an Insured are deemed to be damages because of "bodily injury" or "property damage," provided:

**(a)** liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)** such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

**c. Liquor Liability**

"Bodily injury" or "property damage" for which any Insured may be held liable by reason of:

**(1)** causing or contributing to the intoxication of any person;

**(2)** the furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)** any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

**d. Workers' Compensation and Similar Laws**

Any obligation of the Insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

**e. Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the Insured arising out of and in the course of:

**(a)** employment by the Insured; or

**(b)** performing duties related to the conduct of the Insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies:

**(1)** whether the Insured may be liable as an employer or in any other capacity; and

**(2)** to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the Insured under an "insured contract."

**f. "Pollution"**

**(1)** "Bodily injury" and "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

**(a)** at or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any Insured; However, this subparagraph does not apply to:

**(i)** "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building;

**(ii)** "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site

Copyright, Insurance Services Office, Inc., 1998
(Page 2 of 17)

or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises , site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

**(iii)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

**(b)** at or from any premises, site or location which is or was at any time used by or for any Insured or others for the handling, storage, disposal, processing or treatment of waste;

**(c)** which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any Insured or any person or organization for whom you may be legally responsible; or

**(d)** at or from any premises, site or location on which any Insured or any contractors or subcontractors working directly or indirectly on any Insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. However, this subparagraph does not apply to:

    **(i)** "Bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the "bodily injury" or "property damage" arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured contractor or subcontractor.

    **(ii)** "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

    **(iii)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire".

**(e)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants".

**(2)** Any loss, cost, or expense arising out of any:

Copyright, Insurance Services Office, Inc., 1998
(Page 3 of 17)

CG 00 01 (Ed. 07/98) XS

(a) request, demand, order or statutory or regulatory requirement that any Insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

(b) claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying.or neutralizing, or in any way responding to, or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

g. **Aircraft, Auto or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any Insured. Use includes operation and "loading or unloading."

This exclusion does not apply to:

(1) a watercraft while ashore on premises you own or rent;

(2) a watercraft you do not own that is:

  (a) less than 26 feet long; and

  (b) not being used to carry persons or property for a charge;

(3) parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the Insured;

(4) liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

(5) "bodily injury" or "property damage" arising out of the operation of any of the equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment" (Section V.8).

h. **Mobile Equipment**

"Bodily injury" or "property damage" arising out of:

(1) the transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any Insured; or

(2) the use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

i. **War**

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

j. **Damage to Property**

"Property damage" to:

(1) property you own, rent, or occupy;

(2) premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) property loaned to you;

(4) personal property in the care, custody or control of the Insured;

(5) that particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

Copyright, Insurance Services Office, Inc., 1998

(6) that particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III – Limits of Insurance.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products–completed operations hazard."

**k. Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products–completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n. Recall of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "your product";

(2) "your work"; or

(3) "impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**o. Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".

Exclusions **c.** through **n.** do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate Limit of Insurance applies to this coverage as described in Section III – **Limits of Insurance**

## COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY

**1. Insuring Agreement**

**a.** We will pay those sums that the Insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those

damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

(1) the amount we will pay for damages is limited as described in Section III;**Limits of Insurance** and

(2) our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Supplementary Payments - Coverages A and B.**

b. This insurance applies to:

"personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

## 2. Exclusions

This insurance does not apply to:

a. "Personal and advertising injury":

(1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

(2) arising out of oral or written publication of material, if done by or at the direction of the insured with the knowledge of its falsity;

(3) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

(4) Arising out of a criminal act committed by or at the direction of any insured;

(5) For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement;

(6) Arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement";

(7) Arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement";

(8) Arising out of the wrong description of the price of goods, products or services stated in your "advertisement";

(9) Committed by an insured whose business is advertising, broadcasting, publishing or telecasting. However, this exclusion does not apply to Paragraphs 14.a., b. and c. of "personal and advertising injury" under the Definitions Section; or

(10) arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

b. Any loss, cost or expense arising out of any:

(1) request, demand or order that any Insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

(2) claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "pollutants".

Copyright, Insurance Services Office, Inc., 1998

## COVERAGE C. MEDICAL PAYMENTS

**1. Insuring Agreement**

   **a.** We will pay medical expenses as described below for "bodily injury" caused by an accident:

     **(1)** on premises you own or rent;

     **(2)** on ways next to premises you own or rent; or

     **(3)** because of your operations;

     provided that:

     **(1)** the accident takes place in the "coverage territory" and during the policy period;

     **(2)** the expenses are incurred and reported to us within one year of the date of the accident; and

     **(3)** the injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

   **b.** We will make these payments regardless of fault. These payments will not exceed the applicable Limit of Insurance. We will pay reasonable expenses for:

     **(1)** first aid administered at the time of an accident;

     **(2)** necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

     **(3)** necessary ambulance, hospital, professional nursing and funeral services.

**2. Exclusions**

   We will not pay expenses for "bodily injury":

   **a.** To any Insured.

   **b.** To a person hired to do work for or on behalf of any Insured or a tenant of any Insured.

   **c.** To a person injured on that part of premises you own or rent that the person normally occupies.

   **d.** To a person, whether or not an "employee" of any Insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

   **e.** To a person injured while taking part in athletics.

   **f.** Included within the "products-completed operations hazard."

   **g.** Excluded under Coverage A.

   **h.** Due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution.

## SUPPLEMENTARY PAYMENTS - COVERAGES A AND B

**1.** We will pay, with respect to any claim we investigate or settle, or any "suit" against an Insured we defend:

   **a.** All expenses we incur.

   **b.** Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

   **c.** The cost of bonds to release attachments, but only for bond amounts within the applicable Limit of Insurance. We do not have to furnish these bonds.

   **d.** All reasonable expenses incurred by the Insured at our request to assist us in the investigation or defense of the claim or "suit," including actual loss of earnings up to $250 a day because of time off from work.

   **e.** All costs taxed against the Insured in the "suit."

Copyright, Insurance Services Office, Inc., 1998

f. Prejudgment interest awarded against the Insured on that part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

g. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable Limit of Insurance.

These payments will not reduce the limits of insurance.

2.    If we defend an Insured against a "suit" and an indemnitee of the Insured is also named as a party to the "suit," we will defend that indemnitee if all of the following conditions are met:

a. the "suit" against the indemnitee seeks damages for which the Insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

b. this insurance applies to such liability assumed by the Insured;

c. the obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the Insured in the same "insured contract";

d. the allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the Insured and the interests of the indemnitee;

e. the indemnitee and the Insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the Insured and the indemnitee; and

f. the indemnitee:

(1) agrees in writing to:

(a) cooperate with us in the investigation, settlement or defense of the "suit";

(b) immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

(c) notify any other insurer whose coverage is available to the indemnitee; and

(d) cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

(2) provides us with written authorization to:

(a) obtain records and other information related to the "suit"; and

(b) conduct and control the defense of the indemnitee in such "suit."

So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph 2.b.(2) of Section I – Coverages A -- Bodily Injury and Property Damage Liability such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the Limits of Insurance.

Our obligation to defend an Insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when:

a. we have used up the applicable Limit of Insurance in the payment of judgments or settlements; or

b. the conditions set forth above, or the terms of the agreement described in Paragraph f. above, are no longer met.

## SECTION II - WHO IS AN INSURED

1. If you are designated in the Declarations as:

**a.** An individual, you and your spouse are Insureds, but only with respect to the conduct of a business of which you are the sole owner.

**b.** A partnership or joint venture, you are an Insured. Your members, your partners, and their spouses are also Insureds, but only with respect to the conduct of your business.

**c.** A limited liability company, you are an Insured. Your members are also Insureds, but only with respect to the conduct of your business. Your managers are Insureds, but only with respect to their duties as your managers.

**d.** An organization other than a partnership, joint venture or limited liability company, you are an Insured. Your "executive officers" and directors are Insureds, but only with respect to their duties as your officers or directors. Your stockholders are also Insureds, but only with respect to their liability as stockholders.

**2.** Each of the following is also an Insured:

**a.** Your "employees," other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" is an Insured for:

  **(1)** "Bodily injury" or "personal and advertising injury":

    **(a)** to you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), or to a co-"employee" while that co-"employee" is either in the course of his or her employment or performing duties related to the conduct of your business;

    **(b)** to the spouse, child, parent, brother or sister of that co-"employee" as a consequence of Paragraph **(1)(a)** above;

    **(c)** for which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs **(1)(a)** or **(b)** above; or

    **(d)** arising out of his or her providing or failing to provide professional health care services.

  **(2)** "property damage" to property:

    **(a)** owned, occupied or used by,

    **(b)** rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

    you, any of your "employees," any partner or member (if you are a partnership or joint venture) or any member (if you are a limited liability company).

**b.** Any person (other than your "employee"), or any organization while acting as your real estate manager.

**c.** Any person or organization having proper temporary custody of your property if you die, but only:

  **(1)** with respect to liability arising out of the maintenance or use of that property; and

  **(2)** until your legal representative has been appointed.

**d.** Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

**3.** With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an Insured while driving such equipment along a public highway with your permission. Any other person or

Copyright, Insurance Services Office, Inc., 1998

organization responsible for the conduct of such person is also an Insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an Insured with respect to:

**a.** "bodily injury" to a co-"employee" of the person driving the equipment; or

**b.** "property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an Insured under this provision.

**4.** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

**a.** coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

**b.** coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

**c.** coverage B does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an Insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

## SECTION III - LIMITS OF INSURANCE

**1.** The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

**a.** insureds;

**b.** claims made or "suits" brought; or

**c.** persons or organizations making claims or bringing "suits."

**2.** The General Aggregate Limit is the most we will pay for the sum of:

**a.** medical expenses under Coverage C;

**b.** damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

**c.** damages under Coverage B.

**3.** The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard."

**4.** Subject to **2.** above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages because of all "personal and advertising injury" sustained by any one person or organization.

**5.** Subject to **2.** or **3.** above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

**a.** damages under Coverage A; and

**b.** medical expenses under Coverage C

because of all "bodily injury" and "property damage" arising out of any one "occurrence."

**6.** Subject to **5.** above, the Damage To Premises Rented to You Limit is the most we will pay under Coverage A for damages because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.

**7.** Subject to **5.** above, the Medical Expense Limit is the most we will pay under Coverage C for all medical expenses because of "bodily injury" sustained by any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the poli-

Copyright, Insurance Services Office, Inc., 1998

cy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

## SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

**1. Bankruptcy**

Bankruptcy or insolvency of the Insured or of the Insured's estate will not relieve us of our obligations under this Coverage Part.

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

  **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

    **(1)** how, when and where the "occurrence" or offense took place;

    **(2)** the names and addresses of any injured persons and witnesses; and

    **(3)** the nature and location of any injury or damage arising out of the "occurrence" or offense.

  **b.** If a claim is made or "suit" is brought against any Insured, you must:

    **(1)** immediately record the specifics of the claim or "suit" and the date received, and

    **(2)** notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  **c.** You and any other involved Insured must:

    **(1)** immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    **(2)** authorize us to obtain records and other information;

    **(3)** cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    **(4)** assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the Insured because of injury or damage to which this insurance may also apply.

  **d.** No Insured will, except at that Insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**3. Legal Action Against Us**

No person or organization has a right under this Coverage Part:

  **a.** to join us as a party or otherwise bring us into a "suit" asking for damages from an Insured; or

  **b.** to sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an Insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable Limit of Insurance. An agreed settlement means a settlement and release of liability signed by us, the Insured and the claimant or the claimant's legal representative.

**4. Other Insurance**

If other valid and collectible insurance is available to the Insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

  **a. Primary Insurance**

This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in **c.** below.

Copyright, Insurance Services Office, Inc., 1998

**b. Excess Insurance**

This insurance is excess over:

(1) Any of the other insurance, whether primary, excess, contingent or on any other basis:

    (a) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

    (b) That is Fire insurance for premises rented to you; or or temporarily occupied by you with permission of the owner.

    (c) That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

    (d) if the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section I – Coverage A – Bodily Injury And Property Damage Liability.

(2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverage A or B to defend the Insured against any "suit" if any other insurer has a duty to defend the Insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the Insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1) the total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) the total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**c. Method of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable Limit of Insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable Limit of Insurance to the total applicable Limits of Insurance of all insurers.

**5. Premium Audit**

**a.** We will compute all premiums for this Coverage Part in accordance with our rules and rates.

**b.** Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period. Audit premiums are due and payable on notice to the first Named Insured. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

**c.** The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

**6. Representations**

By accepting this policy, you agree:

**a.** the statements in the Declarations are accurate and complete;

b. those statements are based upon repre-
sentations you made to us; and

c. we have issued this policy in reliance upon
your representations.

**7. Separation Of Insureds**

Except with respect to the Limits of Insur-
ance, and any rights or duties specifically as-
signed in this Coverage Part to the first
Named Insured, this insurance applies:

a. as if each Named Insured were the only
Named Insured; and

b. separately to each Insured against whom
claim is made or "suit" is brought.

**8. Transfer Of Rights Of Recovery Against
Others To Us**

If the Insured has rights to recover all or part
of any payment we have made under this
Coverage Part, those rights are transferred to
us. The Insured must do nothing after loss to
impair them. At our request, the Insured will
bring "suit" or transfer those rights to us and
help us enforce them.

**9. When We Do Not Renew**

If we decide not to renew this Coverage Part,
we will mail or deliver to the first Named
Insured shown in the Declarations written no-
tice of the nonrenewal not less than 30 days
before the expiration date.

If notice is mailed, proof of mailing will be
sufficient proof of notice.

**SECTION V – DEFINITIONS**

1. "Advertisement" means a notice that is broad-
cast or published to the general public or
specific market segments about your goods,
products or services for the purpose of at-
tracting customers or supporters.

2. **"Auto"** means a land motor vehicle, trailer or
semitrailer designed for travel on public
roads, including any attached machinery or
equipment. But "auto" does not include "mobile
equipment."

3. **"Bodily injury"** means bodily injury, sickness
or disease sustained by a person, including
death resulting from any of these at any time.

4. **"Coverage territory"** means:

a. the United States of America (including its
territories and possessions), Puerto Rico
and Canada;

b. international waters or airspace, provided
the injury or damage does not occur in the
course of travel or transportation to or
from any place not included in a. above;
or

c. all parts of the world if:

(1) the injury or damage arises out of:

(a) goods or products made or sold
by you in the territory described
in a. above; or

(b) the activities of a person whose
home is in the territory described
in a. above, but is away for a
short time on your business; and

(2) the Insured's responsibility to pay
damages is determined in a "suit" on
the merits, in the territory described in
a. above or in a settlement we agree
to.

5. **"Employee"** includes a "leased worker." "Em-
ployee" does not include a "temporary work-
er."

6. **"Executive officer"** means a person holding
any of the officer positions created by your
charter, constitution, by-laws or any other
similar governing document.

7. "Hostile fire" means one which becomes un-
controllable or breaks out from where it was
intended to be.

8. **"Impaired property"** means tangible prop-
erty, other than "your product" or "your
work," that cannot be used or is less useful
because:

a. it incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b. you have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

a. the repair, replacement, adjustment or removal of "your product" or "your work"; or

b. your fulfilling the terms of the contract or agreement.

9. **"Insured contract"** means:

a. a contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

b. a sidetrack agreement;

c. any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d. an obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e. an elevator maintenance agreement;

f. that part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** does not include that part of any contract or agreement:

(1) that indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

(2) that indemnifies an architect, engineer or surveyor for injury or damage arising out of:

(a) preparing, approving or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

(b) giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

(3) under which the Insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the Insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

10. **"Leased worker"** means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker."

11. **"Loading or unloading"** means the handling of property:

a. after it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

b. while it is in or on an aircraft, watercraft or "auto"; or

c. while it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

Copyright, Insurance Services Office, Inc., 1998

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto."

12. **"Mobile equipment"** means any of the following types of land vehicles, including any attached machinery or equipment:

  **a.** bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

  **b.** vehicles maintained for use solely on or next to premises you own or rent;

  **c.** vehicles that travel on crawler treads;

  **d.** vehicles, whether self–propelled or not, maintained primarily to provide mobility to permanently mounted:

    **(1)** power cranes, shovels, loaders, diggers or drills; or

    **(2)** road construction or resurfacing equipment such as graders, scrapers or rollers;

  **e.** vehicles not described in a., b., c. or d. above that are not self–propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

    **(1)** air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

    **(2)** cherry pickers and similar devices used to raise or lower workers;

  **f.** vehicles not described in a., b., c. or d. above maintained primarily for purposes other than the transportation of persons or cargo.

  However, self–propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

    **(1)** equipment designed primarily for:

      **(a)** snow removal;

      **(b)** road maintenance, but not construction or resurfacing; or

      **(c)** street cleaning;

    **(2)** cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

    **(3)** air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

13. **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. **"Personal and advertising injury"** means injury including consequential "bodily injury" arising out of one or more of the following offenses:

  **a.** false arrest, detention or imprisonment;

  **b.** malicious prosecution;

  **c.** the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

  **d.** oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

  **e.** oral or written publication of material that violates a person's right of privacy.

  **f.** The use of another's advertising idea in your "advertisement" or

  **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

Copyright, Insurance Services Office, Inc., 1998

15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste included materials to be recycled, reconditioned or reclaimed.

16. "Products-completed operations hazard":

a. includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) products that are still in your physical possession; or

(2) work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed.

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

b. Does not include "bodily injury" or "property damage" arising out of:

(1) the transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any Insured;

(2) the existence of tools, uninstalled equipment or abandoned or unused materials; or

(3) products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

a. physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

18. "Suit" means a civil proceeding in which damages because of "bodily injury," "property damage," or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a. an arbitration proceeding in which such damages are claimed and to which the Insured must submit or does submit with our consent; or

b. any other alternative dispute resolution proceeding in which such damages are claimed and to which the Insured submits with our consent.

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20. "Your product" means:

a. any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(1) you;

(2) others trading under your name; or

(3) a person or organization whose business or assets you have acquired; and

b. containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

Copyright, Insurance Services Office, Inc., 1998

CG 00 01 (Ed. 07/98) XS

"Your product" includes:

**a.** warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product," and

**b.** the providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

**21. "Your work"** means:

**a.** work or operations performed by you or on your behalf; and

**b.** materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

**a.** warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

**b.** the providing of or failure to provide warnings or instructions.

Copyright, Insurance Services Office, Inc., 1998

CG 00 01 (Ed. 07/98) XS

(Page 17 of 17)