# Exhibit 21

# Part B

all questions of law to this Court. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 110.

111.   To the extent that paragraph 111 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 111.

## IN ANSWER TO THE FOURTEENTH CAUSE
## OF ACTION AGAINST ALL DEFENDANTS

112.   Repeat each and every response contained in paragraphs "85" through "96" as if fully set forth herein.

113.   To the extent that paragraph 113 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Admits that on or about November 20, 2003, DASNY received a document purporting to be a Notice of Mechanics Lien in the alleged amount of $70,849, the terms of which speak for themselves. DASNY respectfully refers to same for its express terms and conditions. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113.

114.   Denies the allegations set forth in paragraph 114.

115.   To the extent that paragraph 115 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Except as so admitted, denies knowledge and

information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115.

116.    To the extent that paragraph 116 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.    Admits that Travelers Casualty and Surety Company of America ("Travelers") provided Bond No. 103977235, the terms of which speak for themselves.    DASNY respectfully refers to same for its express terms and conditions.    Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116.

117.    Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 117.

118.    To the extent that paragraph 118 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.    Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 118.

### IN ANSWER TO THE FIFTEENTH CAUSE OF ACTION AGAINST RELIANCE

119.    Repeats each and every response contained in paragraphs "26" through "118" above as if fully set forth herein.

120.    To the extent that paragraph 120 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers

all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 120.

121.   To the extent that paragraph 121 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121.

122.   To the extent that paragraph 122 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 122.

123.   To the extent that paragraph 123 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 123.

124.   To the extent that paragraph 124 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 124.

### IN ANSWER TO THE SIXTEENTH CAUSE OF ACTION
### AGAINST TRAVELERS CASUALTY AND SURETY COMPANY

125.   Repeats each and every response contained in paragraphs "72" through "77" as if fully set forth herein.

126.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126.

127.   To the extent that paragraph 127 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 127.

## IN ANSWER TO THE SEVENTEENTH CAUSE OF ACTION AGAINST TRAVELERS CASUALTY AND SURETY COMPANY

128.   Repeats each and every response contained in paragraphs "107" through "111" as if fully set forth herein.

129.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 129.

130.   To the extent that paragraph 130 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 130

## IN ANSWER TO THE EIGHTEENTH CAUSE OF ACTION AGAINST TRAVELERS CASUALTY AND SURETY COMPANY

131.   Repeats each and every response contained in paragraphs "119 through "124" as if fully set forth herein.

132.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 132.

133.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 133.

134.   To the extent that paragraph 134 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 134.

135.   Denies that R&J is entitled to any of the relief requested in paragraphs (1) through (19) of the *ad damnum* clause, as against DASNY, and respectfully requests that the Court enter judgment in DASNY's favor and against R&J with prejudice, and award DASNY its attorneys' fees, costs and disbursements and such other relief as the Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

136.   R&J has failed to state a claim against DASNY for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

137.   To the extent that R&J's claims arose from acts, omissions or failures to act by Trataros, Reliance, Travelers Casualty And Surety Company ("Travelers Casualty") and/or Travelers, R&J may not recover from DASNY.

## THIRD AFFIRMATIVE DEFENSE

138.   DASNY has paid Trataros the entire amount due Trataros for work on the Project.

## FOURTH AFFIRMATIVE DEFENSE

139.   R&J has failed to comply with all conditions precedent to the commencement of this action.

## FIFTH AFFIRMATIVE DEFENSE

140.   R&J's claims against DASNY are barred in whole or in part by the statute of frauds.

## SIXTH AFFIRMATIVE DEFENSE

141.   R&J lacks standing to maintain a cause of action against DASNY.

## SEVENTH AFFIRMATIVE DEFENSE

142.   To the extent that DASNY has any liability to R&J, which is denied, it is secondary to and derivative of Trataros' breach of contract.   Furthermore, DASNY is entitled to be indemnified and held harmless by Trataros for any damages DASNY incurs or liability DASNY suffers in this case.

## EIGHTH AFFIRMATIVE DEFENSE

143.   To the extent that DASNY has any liability to R&J, which is denied, it is secondary to and derivative of Travelers' and/or Travelers Casualty's breach of contract and failure to satisfy its Mechanic's Lien Undertaking/bond obligations. Furthermore, DASNY is entitled to be indemnified and held harmless by Travelers and/or Travelers Casualty for any damages DASNY incurs or liability DASNY suffers in this matter.

## NINTH AFFIRMATIVE DEFENSE

144.   To the extent that DASNY has any liability to R&J, which is denied, it secondary to and derivative of Reliance's breach of contract and failure to satisfy its Performance Bond and Labor and Material Payment Bond obligations. Furthermore, DASNY is entitled to be indemnified and held harmless by Reliance for any damages DASNY incurs or liability DASNY suffers in this matter.

## TENTH AFFIRMATIVE DEFENSE

145.   R&J's claims against DASNY are barred by reason of set off.

## ELEVENTH AFFIRMATIVE DEFENSE

146.   R&J's claims against DASNY are barred by reason of Trataros' failure to satisfy the requirements of its contracts with DASNY.

## TWELFTH AFFIRMATIVE DEFENSE

147.   R&J's claims against DASNY are barred by reason of R&J's failure to satisfy the requirements of its subcontracts with Trataros.

## THIRTEENTH AFFIRMATIVE DEFENSE

148.   R&J's claims are barred as untimely.

## FOURTEENTH AFFIRMATIVE DEFENSE

149.   If R&J sustained any economic loss or monetary damages, which is denied, such loss and damages were caused or contributed to in whole or in part by R&J's or its agent's own negligent or reckless actions or omissions.

## FIFTEENTH AFFIRMATIVE DEFENSE

150.    If Plaintiff sustained any economic loss or monetary damages, which is denied, such loss or damages were caused or contributed to in whole or in part by the negligent or reckless actions or omissions of other parties for which DASNY is not liable nor responsible.

## SIXTEENTH AFFIRMATIVE DEFENSE

151.    To the extent that Plaintiffs seek equitable relief, such relief must be denied as Plaintiffs have unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

152.    Plaintiff has failed to mitigate its damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

153.    Plaintiff's claims are barred by release, payment and/or waiver.

## NINETEENTH AFFIRMATIVE DEFENSE

154.    Plaintiff's claims are barred due to the terms and conditions of the subcontract agreement covering final payment.

## TWENTIETH AFFIRMATIVE DEFENSE

155.    DASNY reserves the right to amend its Answer to assert any additional defenses after further discovery and investigation.

## CROSS-CLAIMS

## Facts Common to Each Cross-Claim

156.  Defendant and Cross-claim Plaintiff DASNY is a public benefit corporation duly organized and existing under the Public Authorities Law in the State of New York.

157.  Upon information and belief, Plaintiff R&J is a domestic corporation organized and existing under the laws of the State of New York with its principal place of business at 4435 Austin Boulevard, Island Park, New York 11558.

158.  Upon information and belief, Cross-Claim Defendant Trataros is a corporation organized and existing under the laws of the State of New York with an address for the conduct of business located at 664-64th Street, Brooklyn, New York 11220.

159.  Upon information and belief, Cross-Claim Defendant Travelers was and is a corporation organized and existing under the laws of the State of Connecticut with an address to carry out business located at One Tower Square, Hartford, Connecticut 06183.

160.  Upon information and belief, Cross-Claim Defendant Travelers Casualty was and is a corporation organized and existing under the laws of the State of Connecticut with an address to carry out business located at One Tower Square, Hartford, Connecticut 06183.

161.  Upon information and belief, Travelers and Travelers Casualty are duly authorized to carry on business as surety companies in the State of New York.

34

162.    Upon information and belief, Reliance was a corporation organized and existing under the laws of the Commonwealth of Pennsylvania which until October 2001 had an address to carry out business located at 4 Penn Center Plaza, Philadelphia, Pennsylvania 19103.

163.    Upon information and belief, Reliance was duly authorized to carry on business as a surety company in the State of New York until it went into liquidation in October 2001.

164.    Upon information and belief, on May 31, 2000, Travelers and/or Travelers Casualty acquired the surety and fidelity business written by the various insurance companies owned by Reliance Group Holdings, Inc., including business written by Reliance.

165.    Therefore, Travelers and/or Travelers Casualty is the successor in interest to Reliance with regard to business written by Reliance and is sued on the Cross-claims herein in that capacity.

166.    On or about April 22, 1998, Trataros entered into Contract No. DA#650018022176 ("Contract No. 15") with DASNY for the construction of Baruch College, Site B, Package No. 1.   DASNY respectfully requests leave to refer to Contract No. 15 for all of its terms and conditions as if they were fully set forth herein, as the same will be produced upon the trial of this action.

167.    Contract No. 15 required Trataros to provide a Performance Bond and a Labor and Material Payment Bond covering all work performed by Trataros and its subcontractors and suppliers under Contract No. 15.

168.    On or about April 27, 1998, Trataros obtained Performance Bond No. B28 80 150 and Labor and Material Payment Bond No. B28 80 150 (collectively referred to as the "Contract No. 15 Bonds"), each naming Trataros as principal, DASNY as obligee, and Reliance as surety.    DASNY respectfully requests leave to refer to the Contract No. 15 Bonds for all of their terms and conditions as if they were fully set forth herein, as the same will be produced upon the trial of this action.

169.    On or about August 27, 1998, Trataros entered into Contract No. DA#650018022178 ("Contract No. 16") with DASNY for the construction of Baruch College, Site B, Package No. 2.    DASNY respectfully requests leave to refer to Contract No. 16 for all of its terms and conditions as if they were fully set forth herein, as the same will be produced upon the trial of this action.

170.    Contract No. 16 required Trataros to provide a Performance Bond and a Labor and Material Payment Bond covering all work performed by Trataros and its subcontractors and suppliers under Contract No. 16.

171.    On or about September 1, 1998, Trataros obtained Performance Bond No. B28 80 353 and Labor and Material Payment Bond No. B28 80 353 as required by Contract No. 16 (collectively referred to as the "Contract No. 16 Bonds"), each naming Trataros as principal, DASNY as obligee, and Reliance as surety.    DASNY respectfully requests leave to refer to the Contract No. 16 Bonds for all of their terms and conditions as if they were fully set forth herein, as the same will be produced upon the trial of this action.

172.   Upon information and belief, on or about March 24, 1998, Trataros entered into a subcontract with R&J ("Contract No. 15 Subcontract") pursuant to which R&J agreed to perform certain specified work that was required of Trataros under Contract No. 15.  DASNY respectfully requests leave to refer to the Contract No. 15 Subcontract for all of its terms and conditions as if they were fully set forth herein, as the same will be produced upon the trial of this action.

173.   Upon information and belief, on or about February 7, 2001, Trataros entered into a subcontract with R&J ("Contract No. 16 Subcontract") pursuant to which R&J agreed to perform certain specified work that was required of Trataros under Contract No. 16.  DASNY respectfully requests leave to refer to the Contract No. 16 Subcontract for all of its terms and conditions as if they were fully set forth herein, as the same will be produced upon the trial of this action.

174.   Upon information and belief, on or about November 20, 2002, R&J filed a Notice Under Mechanic's Lien Law for Account of Public Improvement with the Chief Financial Officer of DASNY ("Contract No. 15 Lien") seeking a lien in the amount of $2,397,163 against the interest of Trataros in monies allegedly due or to become due under Contract No. 15.

175.   Upon information and belief, on or about November 20, 2002, R&J filed a Notice Under Mechanic's Lien Law for Account of Public Improvement with the Chief Financial Officer of DASNY ("Contract No. 16 Lien") seeking a lien in the amount of $70,849 against the interest of Trataros in monies allegedly due or to become due under Contract No. 15.

176.   Upon information and belief, on or about January 24, 2003 R&J's Contract No. 15 Lien was discharged by bond in the name of Trataros as Principal and Travelers as Surety.

177.   Upon information and belief, on or about February 11, 2003, R&J's Contract No. 16 Lien was discharged by bond in the name of Trataros as Principal and Travelers as Surety.  Travelers is therefore liable for any sum which may be adjudged to be due from DASNY arising under or related to the Contract No. 16 Lien.

## FIRST CROSS-CLAIM

178.   DASNY repeats and realleges each and every statement, allegation, denial, and denial upon insufficient knowledge contained in paragraph 1 through 178 above as if set forth at length herein.

179.   Upon information and belief, a Justice of the Supreme Court for the State of New York, County of New York, entered an Order directing the discharge of R&J's Contract No. 15 Lien related to Contract No. 15 pursuant to Lien Law Section 21 by reason of the filing of the Undertaking.  The Contract No. 15 Lien was thereupon discharged and Travelers and/or Travelers Casualty are therefore liable for any sum which may be adjudged to be due from DASNY in connection with Contract No. 15.

180.   Based upon the foregoing, any amount that R&J is entitled to recover under the Lien Law is to be paid by Travelers and/or Travelers Casualty and

DASNY is entitled to judgment against Travelers and/or Travelers Casualty if Travelers and/or Travelers Casualty fails to satisfy this obligation.

## SECOND CROSS-CLAIM

181.  DASNY repeats and realleges each and every statement, allegation, denial, and denial upon insufficient knowledge contained in paragraph 1 through 169 above as if set forth at length herein.

182.  Upon information and belief, a Justice of the Supreme Court of the State of New York, entered an order directing the discharge of R&J's Contract No. 16 Lien related to Contract No. 16 pursuant to Lien law Section 21 by reason of the filing of an Undertaking.  The Contract No. 16 Lien was thereupon discharged and Travelers and/or Travelers Casualty are therefore liable for any sum which may be adjudged to be due from DASNY in connection with the Contract No. 16 Lien.

183.  Based upon the foregoing, any amount that R&J is entitled to recover under the Lien Law is to be paid by Travelers and/or Travelers Casualty and DASNY is entitled to judgment against Travelers and/or Travelers Casualty if Travelers and/or Travelers Casualty fails to satisfy this obligation.

## THIRD CROSS-CLAIM

184.  DASNY repeats and realleges each and every statement, allegation, denial, and denial upon insufficient knowledge contained in paragraphs 1 through 172 above as if fully restated herein.

185.  Contract No. 15 required Trataros to pay all of its subcontractors and suppliers for labor and material provided under Contract No. 15 and to obtain

waivers and releases of liens from its subcontractors and suppliers with all applications for payment that Trataros submitted to DASNY for work performed under Contract No. 15.

186.   R&J alleges in its Supplemental Amended Complaint that it has not been paid by Trataros for labor and material furnished by R&J under the Contract No. 15 Subcontract.

187.   Contract No. 16 required Trataros to pay all of its subcontractors and suppliers for labor and material provided under Contract No. 16 and to obtain waivers and releases of liens from its subcontractors and suppliers with all applications for payment that Trataros submitted to DASNY for work performed under Contract No. 16.

188.   R&J alleges in its Supplemental Amended Complaint that it has not been paid by Trataros for labor and material furnished by R&J under the Contract No. 16 Subcontract.

189.   In paragraph 28 of its Supplemental Amended Complaint, R&J alleges that there is a balance due and owing to R&J from Trataros in the amount of $442,491.88 for work that R&J purportedly performed under Contract No. 15.

190.   In paragraph 33 of its Supplemental Amended Complaint, R&J alleges an additional balance of $95,000 is due and owing to R&J from Trataros related to a hoisting credit.

191.    In paragraph 38 of its Supplemental Amended Complaint, R&J alleges that an additional balance of $38,920.01 is due and owing to R&J from Trataros related to premium time and additional work under Contract No. 15 Subcontract.

192.    In paragraph 44 of its Supplemental Amended Complaint, R&J alleges that an additional balance of $27,299.42 is due and owing to R&J from Trataros related to T&M tickets and invoices under Contract No. 15 Subcontract.

193.    In paragraph 53 of its Supplemental Amended Complaint, R&J alleges that an additional balance of $528,337 with interest from February 10, 2003, is due and owing to R&J from Trataros related to delay claims under Contract No. 15 Subcontract and Contract No. 16 Subcontract.

194.    In paragraph 60 of its Supplemental Amended Complaint, R&J alleges that an additional balance of $740,000 with interest from February 14, 2003, is due and owing to R&J from Trataros related to a claim for an equitable adjustment under Contract No. 15 Subcontract and Contract No. 16 Subcontract.

195.    In paragraph 71 of its Supplemental Amended Complaint, R&J alleges that $1,872,048.31 is due and owing to R&J from Trataros for the first to sixth causes of action in the Amended Complaint.

196.    In paragraph 91 of its Supplemental Amended Complaint, R&J alleges that $71,526.42 is due and owing to R&J from Trataros for work that R&J purportedly performed under Contract No. 16 Subcontract.

197.    In paragraph 96 of its Supplemental Amended Complaint, R&J alleges that $18,322 is due and owing to R&J from Trataros for a forced credit charge order.

41

198.   In paragraph 106 of its Supplemental Amended Complaint, R&J alleges that $89,848.42 and a portion of the equitable adjustment under Contract No. 16 Subcontract is due and owing to R&J from Trataros.

199.   In paragraph 111 of its Supplemental Amended Complaint, R&J alleges that $89,848.42 and a portion of the equitable adjustment under Contract No. 16 Subcontract with interest from November 25, 2002 is due and owing to R&J from Reliance.

200.   Assuming that R&J is actually owed $442,491.88 for work performed under the Contract No. 15 Subcontract as alleged in paragraph 28 of R&J's Supplemental Amended Complaint, Trataros' has breached its obligations under Contract No. 15 Subcontract by failing to pay R&J that amount.

201.   Assuming that R&J is actually owed $95,000 for a hoisting credit as alleged in paragraph 33 of R&J's Supplemental Amended Complaint, Trataros has breached its obligations by failing to pay R&J that amount.

202.   Assuming that R&J is actually owed $38,920.01 for work performed under the Contract No. 15 Subcontract as alleged in paragraph 39 of R&J's Supplemental Amended Complaint, Trataros has breached its obligations under Contract No. 15 Subcontract by failing to pay R&J that amount.

203.   Assuming that R&J is actually owed $27,299.42 for T&M tickets and invoices under Contract No. 15 Subcontract as alleged in paragraph 44 of R&J's Supplemental Amended Complaint, Trataros has breached its obligations under Contract No. 15 Subcontract by failing to pay R&J that amount.

204.   Assuming that R&J is actually owed $528,337 with interest from February 10, 2003 related to delay claims under Contract No. 15 Subcontract and Contract No. 16 Subcontract as alleged in paragraph 53 of R&J's Supplemental Amended Complaint, Trataros has breached its obligations under Contract No. 15 Subcontract and Contract No. 16 Subcontract by failing to pay R&J that amount.

205.   Assuming that R&J is actually owed $740,000 with interest from February 14, 2003 under Contract No. 15 Subcontract and Contract No. 16 Subcontract as alleged in paragraph 60 of R&J's Supplemental Amended Complaint, Trataros has breached its obligations under Contract No. 15 Subcontract and Contract No. 16 Subcontract by failing to pay R&J that amount.

206.   Assuming that R&J is actually owed $1,872,048.31 for the first six causes of action in R&J's Supplemental Amended Complaint as alleged in paragraph 71 of R&J's Amended Complaint, Trataros has breached its obligations by failing to pay R&J that amount.

207.   Assuming that R&J is actually owed $71,526.42 for work purportedly performed under Contract No. 16 Subcontract as alleged in paragraph 91 of R&J's Supplemental Amended Complaint, Trataros has breached its obligations under Contract No. 16 Subcontract by failing to pay R&J that amount.

208.   Assuming that R&J is actually owed $18,322 for a forced credit charge order as alleged in paragraph 96 of R&J's Supplemental Amended Complaint, Trataros has breached its obligations by failing to pay R&J that amount.

209. Assuming that R&J is actually owed $89,848.42 and the portion for equitable adjustment under Contract No. 16 Subcontract as alleged in paragraph 106 of R&J's Supplemental Amended Complaint, Trataros has breached its obligations under Contract No. 16 Subcontract by failing to pay R&J that amount.

210. Assuming that R&J is actually owed $89,848.42 and the portion of equitable adjustment under Contract No. 16 Subcontract with interest from November 25, 2002 as alleged in paragraph 111 of R&J's Supplemental Amended Complaint, Trataros has breached its obligations under Contract No. 16 Subcontract by failing to pay R&J that amount.

211. If DASNY is found to be liable to R&J for any of the amounts that R&J alleges are due and owing to it in paragraphs 28, 33, 38, 44, 53, 60, 71, 91, 96, 106 and 111 of R&J's Supplemental Amended Complaint for work performed under the Contract No. 15 Subcontract and Contract No. 16 Subcontract, DASNY will have been damaged by Trataros' breach of contract.

## **FOURTH CROSS-CLAIM**

212. DASNY repeats and realleges each and every statement, allegation, denial, and denial upon insufficient knowledge contained in paragraphs 1 through 200 above as if fully restated herein.

213. Any amount that Trataros' has failed to pay R&J for labor and material that R&J provided under Contract No. 15 and/or Contract No. 16 is a default that Reliance, its successors and assigns, including Travelers and Travelers

Casualty, are obligated to cure under the Contract No. 15 Bonds and/or the Contract No. 16 Bonds.

214.    Reliance, its successors and assigns, including Travelers, are obligated to rectify or cure any breach of Trataros' payment obligations to R&J for work performed under the Contract No. 15 Bonds and/or Contract No. 16 Bonds.

215.    Any failure by Reliance, its successors and assigns, including Travelers and Travelers Casualty, to satisfy any payment obligation allegedly owed by DASNY to R&J is a breach of the Contract No. 15 Bonds and/or the Contract No. 16 Bonds.

## FIFTH CROSS-CLAIM

216.    DASNY repeats and realleges each and every statement, allegation, denial, and denial upon insufficient knowledge contained in paragraphs 1 through 204 above as if fully restated herein.

217.    Contract No. 15 required Trataros to pay all of its subcontractors and suppliers for labor and material provided under Contract No. 15 and to obtain waivers and releases of liens from its subcontractors and suppliers with all applications for payment that Trataros submitted to DASNY for work performed under Contract No. 15.

218.    Various other defendants and cross claimants ("Cross Claimants") in this action have brought claims against DASNY seeking payment for labor and material they allege to have performed or provided under Contract No. 15, Contract No. 16, or subcontracts for work under those contracts.

219.    Assuming that those Cross Claimants are actually owed money for labor and materials they provided under Contract Nos. 15, 16 or subcontracts under those agreements as they allege, Trataros has breached its obligations under Contract No. 16 Subcontract by failing to pay the Cross Claimants that amount.

220.    If DASNY is found to be liable to the Cross Claimants for any of the amounts that the Cross Claimants allege are due and owing to them under Contract No. 15, Contract No. 16 and its subcontracts, DASNY will have been damaged by Trataros' breach of contract.

## SIXTH CROSS-CLAIM

221.    DASNY repeats and realleges each and every statement, allegation, denial, and denial upon insufficient knowledge contained in paragraphs 1 through 209 above as if fully restated herein.

222.    Various other defendants and cross claimants ("Cross Claimants") in this action have brought claims against DASNY for labor and material they allege to have performed or provided under Contract No. 15, Contract No. 16, or subcontracts for work under those contracts.

223.    Any amount that Trataros has failed to pay those Cross Claimants for labor and material that the Cross Claimants provided under Contract No. 15 and/or Contract No. 16 is a default that Reliance, its successors and assigns, including Travelers and Travelers Casualty, are obligated to cure under the Contract No. 15 Bonds and/or the Contract No. 16 Bonds.

224.   Reliance, its successors and assigns, including Travelers and Travelers Casualty, are obligated to rectify or cure any breach of Trataros' payment obligations to the Cross Claimants for work performed under the Contract No. 15 Bonds and/or Contract No. 16 Bonds.

225.   Any failure by Reliance, its successors and assigns, including Travelers and Travelers Casualty, to satisfy any payment obligation allegedly owed by DASNY to the Cross Claimants is a breach of the Contract No. 15 Bonds and/or the Contract No. 16 Bonds.

## SEVENTH CROSS-CLAIM

226.   DASNY repeats and realleges each and every statement, allegation, denial, and denial upon insufficient knowledge contained in paragraphs 1 through 214 as if fully restated herein.

227.   In accordance with the Contract No. 15 Bonds, DASNY is entitled to payment of all litigation costs and expenses by Trataros, Travelers, Travelers Casualty and Reliance and its successors and assigns, relating to Trataros' performance of Contract No. 15.

## EIGHTH CROSS CLAIM

228.   DASNY repeats and realleges each and every statement, allegation, denial, and denial upon insufficient knowledge contained in paragraphs 1 through 216 above as if fully restated herein.

229.   In accordance with the Contract No. 16 Bonds, DASNY is entitled to payment of all litigation costs and expenses by Trataros, Travelers, Travelers

47

Casualty and Reliance and its successors and assigns, relating to Trataros' performance of Contract No. 16.

**WHEREFORE**, DASNY demands judgment:

1.    That R&J's Complaint against DASNY be dismissed in its entirety;

2.    That Travelers and/or Travelers Casualty be found primarily liable for and ordered to pay any judgment against DASNY under the New York Lien Law in an amount to be proven at trial;

3.    That Trataros be found primarily liable for and ordered to pay any judgment against DASNY requiring DASNY to pay for any judgment that R&J or any other party to this action obtain against DASNY in an amount to be proven at trial;

4.    That Reliance, its successors and assigns, be found primarily liable for and ordered to pay any judgment against DASNY requiring DASNY to pay for any judgment that R&J or any other party to this action obtain against DASNY in an amount to be proven at trial;

5.    That Trataros, Travelers, Travelers Casualty and Reliance, their successors and assigns, be directed to reimburse DASNY for all fees, expenses and costs that DASNY incurs in defending this law suit; and

6.    That DASNY have such other and further relief as may be necessary to protect its right and as to the court may seem just and proper.

Dated:      New York, New York
            August 23, 2004

                        HOLLAND & KNIGHT, LLP

                        By:    _Francesca Morris_____
                               Stephen B. Shapiro, Esq.
                               Francesca Morris, Esq.
                               195 Broadway
                               New York, NY   10007
                               (212) 513-3200

                               Attorneys for Defendant Dormitory
                               Authority of the State of New York

# 2175391_v1

49

## **VERIFICATION**

STATE OF NEW YORK    )
                          )ss.:

COUNTY OF ALBANY    )

Stephan A. Boiko, being duly sworn, deposes and says:

That he is the Assistant General Counsel with the Dormitory Authority of the State of New York; that he has read the foregoing Verified Answer to the Supplemental Amended Complaint and knows the contents thereof and that the same is true to his own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters he believes them to be true; that the sources of information and grounds of belief as to the matters in said Verified Answer to Cross Claims contained therein stated to be alleged not upon his knowledge, are information from the Defendant Dormitory Authority of the State of New York's agents and employees and information from the books and from the books and records of said Defendant.

 

 

_____
STEPHAN A. BOIKO
Assistant General Counsel

Sworn to before me this
20th day of August, 2004

_____
Notary Public

FAITH H. FOSTER
Notary Public, State of New York
No. 4691748
Qualified in Albany County
Commission Expires Aug. 31, 2005