# EXHIBIT 29

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> THE DORMITORY AUTHORITY OF THE STATE OF NEW YORK, TDX CONSTRUCTION CORP. and KOHN, PEDERSON, FAX & ASSOCIATES, P.C., <br><br> Defendants. | CIVIL ACTION NO. 04 Civ. 5101 (HB) <br><br><br> **ANSWER TO THE FOURTH-PARTY COMPLAINT OF TRATAROS CONSTRUCTION, INC. AND TRAVELERS CASUALTY & SURETY COMPANY ON BEHALF OF OHIO CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP, SEPARATE DEFENSES, COUNTERCLAIM AND CROSSCLAIMS** |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY, <br><br> Third-Party Defendants. | |

TRATAROS CONSTRUCTION, INC. and
TRAVELERS CASUALTY AND SURETY
COMPANY,

Fourth-Party Plaintiffs,

vs.

G.M. CROCETTI, INC., CAROLINA
CASUALTY INSURANCE COMPANY,
BARTEC INDUSTRIES, INC., DAYTON
SUPERIOR SPECIALTY CHEMICAL
CORP., SPECIALTY CONSTRUCTION
BRANDS, INC., t/a TEC, KEMPER
CASUALTY INSURANCE COMPANY d/b/a
KEMPER INSURANCE COMPANY,
GREAT AMERICAN INSURANCE
COMPANY, NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, P.A., UNITED STATES
FIRE INSURANCE COMPANY, ALLIED
WORLD ASSURANCE COMPANY (U.S.)
INC. f/k/a COMMERCIAL
UNDERWRITERS INSURANCE
COMPANY, ZURICH AMERICAN
INSURANCE COMPANY d/b/a ZURICH
INSURANCE COMPANY, OHIO
CASUALTY INSURANCE COMPANY d/b/a
OHIO CASUALTY GROUP,
HARLEYSVILLE MUTUAL INSURANCE
COMPANY (a/k/a HARLEYSVILLE
INSURANCE COMPANY, an insurer for
BARTEC INDUSTRIES, INC.,), JOHN
DOES 1-20, and XYZ CORPS. 1-12,

Fourth-Party Defendants.

This defendant, Ohio Casualty Insurance Company, d/b/a Ohio Casualty Group, by way
of Answer to the Amended Fourth-Party Complaint of Trataros Construction, Inc. and Travelers
Casualty & Surety Company, says that:

## PARTIES, JURISDICTION & VENUE

1.    It admits the allegations of paragraph 1.

2.    It admits the allegations of paragraph 2.

3.    As its answer to paragraph 3, it states that upon information and belief, G.M. Crocetti, Inc. is a corporation of the State of New York with its principal place of business in that state.

4.    This defendant leaves plaintiffs to their proofs as to the allegations of paragraph 4.

5.    The allegations of paragraph 5 are admitted.

6.    This defendant has no information sufficient to answer the allegations of paragraph 6 and leaves plaintiffs to their proofs as to same.

7.    This defendant has no information sufficient to answer the allegations of paragraph 7 and leaves plaintiffs to their proofs as to same.

8.    This defendant has no information sufficient to answer the allegations of paragraph 8 and leaves plaintiffs to their proofs as to same.

9.    The allegations of paragraph 9 are admitted.

10.    This defendant has no information sufficient to answer the allegations of paragraph 10 and leaves plaintiffs to their proofs as to same.

11.    This defendant has no information sufficient to answer the allegations of paragraph 11 and leaves plaintiffs to their proofs as to same.

12.    This defendant has no information sufficient to answer the allegations of paragraph 12 and leaves plaintiffs to their proofs as to same.

13.    This defendant has no information sufficient to answer the allegations of paragraph 13 and leaves plaintiffs to their proofs as to same.

14.    This defendant admits the allegations of paragraph 14.

15.    This defendant has no information sufficient to answer the allegations of paragraph 15 and leaves plaintiffs to their proofs as to same.

16.    This defendant admits the allegations of paragraph 16.

17.     This defendant admits the allegations of paragraph 17.

## PROCEDURAL BACKGROUND

18.     This defendant admits the allegations of paragraph 18.

19.     This defendant admits the allegations of paragraph 19.

20.     This defendant admits the allegations of paragraph 20.

21.     This defendant admits the allegations of paragraph 21.

22      This defendant admits the allegations of paragraph 22.

23.     This defendant admits the allegations of paragraph 23.

24.     This defendant lacks information sufficient to admit or deny the allegations of paragraph 24 and leaves plaintiffs to their proofs as to same.

## FACTS COMMON TO ALL COUNTS

25.     As its answer to paragraph 25, this defendant admits there was a subcontract between Crocetti and Trataros but lacks information as to the date and the amount of said contract and leaves plaintiffs to their proofs as to same.

26.     This defendant has insufficient information to admit or deny the allegations of paragraph 26 and leaves plaintiffs to their proofs as to same.

27.     This defendant has insufficient information to admit or deny the allegations of paragraph 27 and leaves plaintiffs to their proofs as to same.

28.     As to the allegations of paragraph 28, this defendant admits there was a contract between Bartec and Trataros for the installation of certain underlayment floor material.

29.     Upon information and belief, this defendant admits the allegations of paragraph 29.

30.     Upon information and belief, this defendant admits the allegations of paragraph 30.

31.     Upon information and belief, this defendant admits the allegations of paragraph 31.

## **FIRST COUNT**

32.    As its answer to paragraph 32, this defendant repeats and realleges the answers to the preceding paragraphs of this Amended Fourth-Party Complaint.

33.    Upon information and belief, this defendant admits the allegations of paragraph 33.

34.    Upon information and belief, this defendant admits the allegations of paragraph 34.

35.    The allegations of paragraph 35 do not constitute allegations of fact but rather represent a setting forth by plaintiffs of certain suppositions and conclusions as respects legal responsibility.  This defendant makes no answer to same.

36.    The allegations of paragraph 36 do not constitute allegations of fact but rather represent a setting forth by plaintiffs of certain suppositions and conclusions as respects legal responsibility.  This defendant makes no answer to same.

37.    The allegations of paragraph 37 do not constitute allegations of fact but rather represent a setting forth by plaintiffs of certain suppositions and conclusions as respects legal responsibility.  This defendant makes no answer to same.

38.    The allegations of paragraph 38 do not constitute allegations of fact but rather represent a setting forth by plaintiffs of certain suppositions and conclusions as respects legal responsibility.  This defendant makes no answer to same.

39.    This defendant leaves plaintiffs to their proofs as to the allegations of paragraph 39.

40.    This defendant leaves plaintiffs to their proofs as to the allegations of paragraph 40.

41.    As its answer to paragraph 41, this defendant repeats and realleges its answers to the preceding paragraphs of this Complaint.

42.    The allegations of this paragraph, not being directed against this defendant, this defendant makes no answer to paragraph 42.

43.    The allegations of this paragraph, not being directed against this defendant, this defendant makes no answer to paragraph 43.

44.    The allegations of this paragraph, not being directed against this defendant, this defendant makes no answer to paragraph 44.

## THIRD COUNT

45.     As its answer to paragraph 45, this defendant repeats and realleges its answers to the preceding paragraphs of this Fourth-Party Complaint.

46.     The allegations of the Third Count not being directed against this defendant it makes not answer to the allegations of paragraph 46.

47.     The allegations of the Third Count not being directed against this defendant it makes not answer to the allegations of paragraph 47.

48.     The allegations of the Third Count not being directed against this defendant it makes not answer to the allegations of paragraph 48.

49.     The allegations of the Third Count not being directed against this defendant it makes not answer to the allegations of paragraph 49.

50.     The allegations of the Third Count not being directed against this defendant it makes not answer to the allegations of paragraph 50.

51.     The allegations of the Third Count not being directed against this defendant it makes not answer to the allegations of paragraph 51.

## FOURTH COUNT

52.     As its answer to the allegations of paragraph 52, this defendant repeats and realleges its answers to the preceding paragraphs of this Fourth-Party Complaint.

53.     The allegations of the Fourth Count not being directed against this defendant it makes no answer is made to paragraph 53.

54.     The allegations of the Fourth Count not being directed against this defendant it makes no answer is made to paragraph 54.

55.     The allegations of the Fourth Count not being directed against this defendant it makes no answer is made to paragraph 55.

56.     The allegations of the Fourth Count not being directed against this defendant it makes no answer is made to paragraph 56.

57.     The allegations of the Fourth Count not being directed against this defendant it makes no answer is made to paragraph 57.

58.     The allegations of the Fourth Count not being directed against this defendant it makes no answer is made to paragraph 58.

59.    The allegations of the Fourth Count not being directed against this defendant it makes no answer is made to paragraph 59.

## FIFTH COUNT

60.    As its answers to paragraph 60, this defendant repeats and realleges its answers to the preceding paragraphs of this Fourth-Party Complaint.

61.    The allegations of the Fifth Count not being directed against this defendant it makes no answer to paragraph 61.

62.    The allegations of the Fifth Count not being directed against this defendant it makes no answer to paragraph 62.

63.    The allegations of the Fifth Count not being directed against this defendant it makes no answer to paragraph 63.

64.    The allegations of the Fifth Count not being directed against this defendant it makes no answer to paragraph 64.

65.    The allegations of the Fifth Count not being directed against this defendant it makes no answer to paragraph 65.

66.    The allegations of the Fifth Count not being directed against this defendant it makes no answer to paragraph 66.

67.    The allegations of the Fifth Count not being directed against this defendant no answer is made to paragraph 67.

## SIXTH COUNT

68.    As its answer to paragraph 68, this defendant repeats and realleges its answers to the preceding paragraphs of this Fourth-Party Complaint.

69.    As its answer or paragraph 69, this defendant states that the allegations of the Sixth Count are not directed against it so no answer is made to this paragraph.

70.    This defendant makes no answer as to the allegations of paragraph 70 and leaves plaintiffs to their proofs as to same.

71.    As its answer or paragraph 71, this defendant states that the allegations of the Sixth Count are not directed against it so no answer is made to this paragraph.

72.    As its answer or paragraph 72, this defendant states that the allegations of the Sixth Count are not directed against it so no answer is made to this paragraph.

73.    As its answer or paragraph 73, this defendant states that the allegations of the Sixth Count are not directed against it so no answer is made to this paragraph.

74.    As its answer or paragraph 74, this defendant states that the allegations of the Sixth Count are not directed against it so no answer is made to this paragraph.

75. As its answer or paragraph 75, this defendant states that the allegations of the Sixth Count are not directed against it so no answer is made to this paragraph.

76.    As its answer or paragraph 76, this defendant states that the allegations of the Sixth Count are not directed against it so no answer is made to this paragraph.

## SEVENTH COUNT

77.    As its answer to paragraph 77, this defendant repeats and realleges its answers to the preceding paragraphs of this Amended Fourth-Party Complaint.

78.    Insofar as the allegations of paragraph 78 are directed against this defendant, Ohio Casualty Insurance Company, it admits that it issued a certain policy of insurance to Bartec Industries, Inc. for the period May 26, 2001 to May 26, 2002 all as more specifically set forth in its Affirmative Defenses made part of its Answer to this Amended Fourth-Party Complaint.  The balance of the allegations of paragraph 78 not being directed against this defendant no answer is made to same.

79.    This defendant leaves plaintiffs to their proofs as to the allegations of paragraph 79.

80.    The allegations of paragraph 80 are denied.

81.    Insofar as paragraph 81 can be deemed to constitute an allegation by plaintiffs that the insurance policy of this defendant, Ohio Casualty Insurance Company, provided insurance coverage for the claims asserted against its insured, Bartec Industries, Inc., said paragraph is denied.  As to the allegations of paragraph 81 against other insurers, no answer is made to same.

82.    The allegations of paragraph 82 are denied.

83.    The allegations of paragraph 83 are denied.

84.    No answer is made to the allegations of paragraph 84 because it consists merely of the statement by the plaintiffs that they request declaratory relief that insurance coverage

exists for the claims in question.  To the extent that paragraph 84 is deemed to state anything further, then said allegation or allegations are denied.

### FIRST SEPARATE DEFENSE

The affirmative pleading herein fails to state a claim upon which relief can be granted and this party reserves the right to move at or before the time of trial to dismiss same.

### SECOND SEPARATE DEFENSE

The claimants have failed to join a necessary or indispensable party without whom this action cannot proceed.

### THIRD SEPARATE DEFENSE

The alleged damages upon which the claims of the fourth-party plaintiffs and those of any other party to the litigation as not claims for "property damage" within the policy definition of same as any said damages did not occur during the policy term of this party, Ohio Casualty Insurance Company, May 26, 2001 to May 26, 2002.

### FOURTH SEPARATE DEFENSE

The claimants are guilty of laches.

### FIFTH SEPARATE DEFENSE

Claimants' wrongful conduct bars its claim for relief.

### SIXTH SEPARATE DEFENSE

The claimants are estopped from proceeding with this alleged cause of action.

### SEVENTH SEPARATE DEFENSE

Upon information and belief, all or part of the sums for which the fourth-party plaintiffs seek indemnification may be precluded by the applicable provisions, terms, definitions, conditions, limitations and exclusions of the insurance policies issued by this party and/or by public policy and/or express provision of law.

## EIGHTH SEPARATE DEFENSE

Upon information and belief the insured and/or the fourth-party plaintiffs have failed to comply with conditions precedent and subsequent necessary to the existence of insurance coverage under the insurance policies issued by this party.

## NINTH SEPARATE DEFENSE

Upon information and belief insurance coverage does not exist under the insurance policy for all or part of the claims against the insured as said claims are not for "property damage" within the meaning of those policies.

## TENTH SEPARATE DEFENSE

Upon information and belief, insurance coverage does not exist under the insurance policy for all or part of the claims against the insured as said claims are not claims for damages resulting from an "occurrence" within the meaning of these policies.

## ELEVENTH SEPARATE DEFENSE

Upon information and belief, insurance coverage does not exist under the insurance policy for all or part of the claim against the insured as said claims are not the result of an "occurrence" during the period during which the policy was in force.

## TWELFTH SEPARATE DEFENSE

Upon information and belief, insurance coverage does not exist under the insurance policy for all or part of the claims against the insured as said claims are not for damages within the meaning of the policies.

## COUNTERCLAIM AND CROSSCLAIMS

By way of Counterclaim against fourth-party plaintiffs, Trataros Construction, Inc. and Travelers Casualty and Surety Company, Dormitory Authority of the State of New York, TDX Construction Corp. and Kohn, Pederson, Fox & Associates, P.C. and by way of Crossclaim against all Fourth-Party Defendants, this Fourth-Party Defendant, Ohio Casualty Insurance Company, states:

1.      This defendant repeats and realleges its Answer to the Amended Fourth-Party Complaint of Trataros Construction and Travelers Casualty & Surety Company as setting forth Parties, Jurisdiction and Venue; Procedural Background; and Facts Common to All Counts.

2.      This defendant issued its policy of insurance BHO [02] 52 84 96 21 to Bartec Industries at Post Office Box 715, New Providence, New Jersey, on June 8, 2001 effective for the period from May 26, 2001 to May 26, 2002.

3.      Said policy of insurance provided commercial general liability insurance coverage to Bartec Industries, Inc. all as more specifically delineated within the policy.

4.      This defendant relies upon its policy of insurance in its entirety as if attached hereto and made a part of this, its Answer, Counterclaim and Crossclaims.

5.      While relying upon the policy in its entirety, this defendant particularly references for the purposes of this Counterclaim and Crossclaims those policy provisions identified as the Commercial General Liability Coverage Form, CG 00 01 [07/98]; Amendment of Insuring Agreement, Known Injury or Damage, CG 00 57 [09/99]; and Exclusion – Contractors Professional Liability, CG 22 79 [07/98].

6.      The Commercial General Liability Coverage Form CG 00 01 [07/98] while providing insurance, subject to policy limits, as respects "property damage" occurring during the policy period for which its insured is legally obligated if caused by an "occurrence" is subject to certain Exclusions which provide that the insurance does not apply to:

|     |     |
|-----|-----|
| a.  | Expected or Intended Injury; |
| b.  | Contractual Liability; |
| j.6 | Damage To Property; |
| k.  | Damage To Your Product; |
| l.  | Damage To Your Work; |
| m.  | Damage To Impaired Property; and |
| n.  | Recall Of Products, Work Or Impaired Property, |

All as more specifically set forth in the policy.  "Property damage" and "occurrence" are as defined terms in the policy.

7.      The policy Endorsement CG 00 57 [09/99], Amendment of Insurance Agreement, Known Injury or Damage, provides, in relevant part:

> b.      This insurance applies to "bodily injury" and "property damage" only if:
>
> (1)      The "bodily injury" or "property damage" is cause by an "occurrence" …

-11-

(2)    The "bodily injury" or "property damage" occurs during the policy period; and

(3)    Prior to the policy period, no insured … and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part …

8.    The Endorsement Exclusion – Contractors – Professional Liability, CG 22 79 [07/98] provides that the insurance does not apply to property damage arising out of the rendering or failure to render any professional services with respect to providing engineering services in connection with construction work including supervisory or inspection activities performed as part of any engineering activities but not including services within construction means, methods, techniques, sequences or procedures.

9.    The insurance policy of the Ohio Casualty Insurance Company only provides insurance coverage for defined property damage which occurs during its policy period and then only if caused by an accident as defined in the policy.

10.    The policy of insurance of the fourth-party defendant, Ohio Casualty Insurance Company, does not provide insurance coverage for property damage if any of the above cited Exclusions have applicability.

11.    The policy of insurance does not provide insurance coverage for known injury or damage.

12.    The policy of insurance does not provide insurance coverage for professional acts as enumerated in paragraph 8 above.

*WHEREFORE*, this fourth-party defendant, Ohio Casualty Insurance Company, demands judgment that:

a.    its policy of insurance does not provide insurance coverage as the claims asserted are not claims for property damage occurring during the policy period caused by an occurrence are excluded from insurance coverage by the applicability of the policy's Exclusions;

b.    it has no obligation to defend or indemnify any claim asserted against it or its insured in this litigation;

-12-

c.     for such other relief as the Court may deem appropriate.

**MORGAN, MELHUISH, MONAGHAN,
ARVIDSON, ABRUTYN & LISOWSKI**
Attorneys for Defendant
Ohio Casualty Insurance Company


    __/S/ JOSEPH DEDONATO____
By:  JOSEPH DEDONATO (JD7319)

Dated:   March 31, 2005
#327573

**TO:**

Guido S. Weber, Esq.
Dreifuss, Bonacci & Parker, LLP
26 Columbia Turnpike, North Entrance
Florham Park, NJ 07932
*Attorneys for Fourth-Party Plaintiffs,*
*Trataros Construction, Inc. and Travelers Casualty*
*an Surety Company*

David Abramovitz, Esq.
Zetlin & DeChiara, LP
801 Second Avenue
New York, New York 10017
*Attorneys for Defendant*
*Kohn, Pederson, Fox & Associates, P.C.*

Stephen B. Shapiro, Esq.
Holland & Knight, LLP
195 Broadway
New York, New York 10007
*Attorneys for Defendant,*
*Dormitory Authority of the State of New York*

Gary L. Rubin, Esq.
Mazur, Carp & Rubin, P.C.
1250 Broadway, 38th Floor
New York, New York 10001
*Attorneys for Defendant,*
*TDX Construction Corp.*

Jeremy Platek, Esq.
O'Connor, Redd, Gollihue & Sklarin, LLP
200 Mamaroneck Avenue
White Plains, New York 10601
*Attorneys for Fourth-party Defendant,*
*Bartec Industries, Inc.*

Thomas M. DeSimone, Esq.
Goldberg Segalla, LLP
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
*Attorneys for Fourth-Party Defendant,*
*Dayton Superior Specialty Chemical Corp.*

Christian H. Gannon, Esq.
Segal, McCambridge, Singer & Mahoney, Ltd.
805 Third Avenue, 19th Floor
New York, New York 10022
*Attorneys for Fourth-Party Defendant,*
*Specialty Construction Brands, Inc. t/a TEC*

## DECLARATION OF SERVICE

I certify, under penalty of perjury to 28 U.S.C. Section 1746, that copies of the foregoing  Answer were sent via Regular Mail to:

Guido S. Weber, Esq.
Dreifuss, Bonacci & Parker, LLP
26 Columbia Turnpike, North Entrance
Florham Park, NJ 07932
*Attorneys for Fourth-Party Plaintiffs,*
*Trataros Construction, Inc. and Travelers Casualty*
*and Surety Company*

David Abramovitz, Esq.
Zetlin & DeChiara, LP
801 Second Avenue
New York, New York 10017
*Attorneys for Defendant*
*Kohn, Pederson, Fox & Associates, P.C.*

Stephen B. Shapiro, Esq.
Holland & Knight, LLP
195 Broadway
New York, New York 10007
*Attorneys for Defendant,*
*Dormitory Authority of the State of New York*

Gary L. Rubin, Esq.
Mazur, Carp & Rubin, P.C.
1250 Broadway, 38th Floor
New York, New York 10001
*Attorneys for Defendant,*
*TDX Construction Corp.*

Jeremy Platek, Esq.
O'Connor, Redd, Gollihue & Sklarin, LLP
200 Mamaroneck Avenue
White Plains, New York 10601
*Attorneys for Fourth-party Defendant,*
*Bartec Industries, Inc.*

Thomas M. DeSimone, Esq.
Goldberg Segalla, LLP
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
*Attorneys for Fourth-Party Defendant,*

-15-

*Dayton Superior Specialty Chemical Corp.*

Christian H. Gannon, Esq.
Segal, McCambridge, Singer & Mahoney, Ltd.
805 Third Avenue, 19th Floor
New York, New York 10022
*Attorneys for Fourth-Party Defendant,*
*Specialty Construction Brands, Inc. t/a TEC*


_____
DONNA LOCKARD

Dated:  April 5, 2005

-16-