# EXHIBIT
# 40



**New York State ASSEMBLY** — Sheldon Silver - Speaker

**Tuesday, July 22, 2008**

# Bill Text - A11541

Back | New York State Bill Search | Assembly Home

See Bill Summary

```
              S T A T E   O F   N E W   Y O R K
    ────────────────────────────────────────────────────

                          11541

                  I N   A S S E M B L Y

                      June 11, 2008
                    ───────────────────

    Introduced  by  COMMITTEE ON RULES -- (at request of M. of A. Weinstein,
      Morelle) -- (at request of the Governor) -- read once and referred  to
      the Committee on Judiciary

    AN  ACT to amend the civil practice law and rules and the insurance law,
      in relation to liability insurance policies

      THE PEOPLE OF THE STATE OF NEW YORK, REPRESENTED IN SENATE AND  ASSEM-
    BLY, DO ENACT AS FOLLOWS:

 1    Section 1. Section 3001 of the civil practice law and rules is amended
 2  to read as follows:
 3    S 3001. Declaratory judgment. The supreme court may render a declara-
 4  tory judgment having the effect of a final judgment as to the rights and
 5  other legal relations of the parties to a justiciable controversy wheth-
 6  er or not further relief is or could be claimed. If the  court  declines
 7  to  render  such a judgment it shall state its grounds.  A PARTY WHO HAS
 8  BROUGHT A CLAIM FOR PERSONAL INJURY OR WRONGFUL  DEATH  AGAINST  ANOTHER
 9  PARTY  MAY  MAINTAIN  A DECLARATORY JUDGMENT ACTION DIRECTLY AGAINST THE
10  INSURER OF SUCH OTHER PARTY, AS PROVIDED IN PARAGRAPH SIX OF  SUBSECTION
11  (A) OF SECTION THREE THOUSAND FOUR HUNDRED TWENTY OF THE INSURANCE LAW.
12    S 2. Subsection (a) of section 3420 of the insurance law, the opening
13  paragraph as amended by chapter 584 of the laws of 2002, is  amended  to
14  read as follows:
15    (a)  No  policy  or  contract insuring against liability for injury to
16  person, except as provided in subsection (g) {hereof} OF  THIS  SECTION,
17  or against liability for injury to, or destruction of, property shall be
18  issued  or  delivered in this state, unless it contains in substance the
19  following provisions or provisions {which}  THAT  are  equally  or  more
20  favorable  to  the  insured  and  to  judgment  creditors so far as such
21  provisions relate to judgment creditors:
22    (1) A provision that  the  insolvency  or  bankruptcy  of  the  person
23  insured,  or  the  insolvency  of  {his} THE INSURED`S estate, shall not
24  release the insurer from the payment of damages for injury sustained  or
25  loss occasioned during the life of and within the coverage of such poli-
26  cy or contract.

      EXPLANATION--Matter in ITALICS (underscored) is new; matter in brackets
                      { } is old law to be omitted.
                                                        LBD12084-01-8
```

A. 11541                             2

```
 1    (2) A provision that in case judgment against the insured or {his} THE
 2   INSURED`S personal representative in an action brought to recover
 3   damages for injury sustained or loss or damage occasioned during the
 4   life of the policy or contract shall remain unsatisfied at the expira-
 5   tion of thirty days from the serving of notice of entry of judgment upon
 6   the attorney for the insured, or upon the insured, and upon the insurer,
 7   then an action may, except during a stay or limited stay of execution
 8   against the insured on such judgment, be maintained against the insurer
 9   under the terms of the policy or contract for the amount of such judg-
10   ment not exceeding the amount of the applicable limit of coverage under
11   such policy or contract.
12    (3) A provision that notice given by or on behalf of the insured, or
13   written notice by or on behalf of the injured person or any other claim-
14   ant, to any licensed agent of the insurer in this state, with partic-
15   ulars sufficient to identify the insured, shall be deemed notice to the
16   insurer.
17    (4) A provision that failure to give any notice required to be given
18   by such policy within the time prescribed therein shall not invalidate
19   any claim made by the insured, AN INJURED PERSON or {by} any other
20   claimant if it shall be shown not to have been reasonably possible to
21   give such notice within the prescribed time and that notice was given as
22   soon as was reasonably possible THEREAFTER.
23    (5) A PROVISION THAT FAILURE TO GIVE ANY NOTICE REQUIRED TO BE GIVEN
24   BY SUCH POLICY WITHIN THE TIME PRESCRIBED THEREIN SHALL NOT INVALIDATE
25   ANY CLAIM MADE BY THE INSURED, INJURED PERSON OR ANY OTHER CLAIMANT,
26   UNLESS THE FAILURE TO PROVIDE TIMELY NOTICE HAS PREJUDICED THE INSURER,
27   EXCEPT AS PROVIDED IN PARAGRAPH FOUR OF THIS SUBSECTION. WITH RESPECT TO
28   A CLAIMS-MADE POLICY, HOWEVER, THE POLICY MAY PROVIDE THAT THE CLAIM
29   SHALL BE MADE DURING THE POLICY PERIOD, ANY RENEWAL THEREOF, OR ANY
30   EXTENDED REPORTING PERIOD, EXCEPT AS PROVIDED IN PARAGRAPH FOUR OF THIS
31   SUBSECTION. AS USED IN THIS PARAGRAPH, THE TERMS "CLAIMS-MADE POLICY"
32   AND "EXTENDED REPORTING PERIOD" SHALL HAVE THEIR RESPECTIVE MEANINGS AS
33   PROVIDED IN A REGULATION PROMULGATED BY THE SUPERINTENDENT.
34    (6) A PROVISION THAT, WITH RESPECT TO A CLAIM ARISING OUT OF DEATH OR
35   PERSONAL INJURY OF ANY PERSON, IF THE INSURER DISCLAIMS LIABILITY OR
36   DENIES COVERAGE BASED UPON THE FAILURE TO PROVIDE TIMELY NOTICE, THEN
37   THE INJURED PERSON OR OTHER CLAIMANT MAY MAINTAIN AN ACTION DIRECTLY
38   AGAINST SUCH INSURER, IN WHICH THE SOLE QUESTION IS THE INSURER`S
39   DISCLAIMER OR DENIAL BASED ON THE FAILURE TO PROVIDE TIMELY NOTICE,
40   UNLESS WITHIN SIXTY DAYS FOLLOWING SUCH DISCLAIMER OR DENIAL, THE
41   INSURED OR THE INSURER: (A) INITIATES AN ACTION TO DECLARE THE RIGHTS OF
42   THE PARTIES UNDER THE INSURANCE POLICY; AND (B) NAMES THE INJURED PERSON
43   OR OTHER CLAIMANT AS A PARTY TO THE ACTION.
44    S 3. Subsection (b) of section 3420 of the insurance law is amended to
45   read as follows:
46    (b) Subject to the limitations and conditions of paragraph two of
47   subsection (a) {hereof} OF THIS SECTION, an action may be maintained by
48   the following persons against the insurer upon any policy or contract of
49   liability insurance {which} THAT is governed by such paragraph, to
50   recover the amount of a judgment against the insured or his personal
51   representative:
52    (1) any person who, or the personal representative of any person who,
53   has obtained a judgment against the insured or {his} THE INSURED`S
54   personal representative, for damages for injury sustained or loss or
55   damage occasioned during the life of the policy or contract;
```

A. 11541                             3

```
 1    (2) any person who, or the personal representative of any person who,
 2   has obtained a judgment against the insured or {his} THE INSURED`S
 3   personal representative to enforce a right of contribution or indemnity,
```

4 or any person subrogated to the judgment creditor's rights under such
5 judgment; and
6   (3) any assignee of a judgment obtained as specified in paragraph one
7 or paragraph two of this subsection, subject further to the limitation
8 contained in section 13-103 of the general obligations law.
9   S 4. Subsection (c) of section 3420 of the insurance law is amended to
10 read as follows:
11   (c) (1) If an action is maintained against an insurer under the
12 provisions of paragraph two of subsection (a) of this section and the
13 insurer alleges in defense that the insured failed or refused to cooper-
14 ate with the insurer in violation of any provision in the policy or
15 contract requiring such cooperation, THEN the burden shall be upon the
16 insurer to prove such alleged failure or refusal to cooperate.
17   (2)(A) IN ANY ACTION IN WHICH AN INSURER ALLEGES THAT IT WAS PREJU-
18 DICED AS A RESULT OF A FAILURE TO PROVIDE TIMELY NOTICE, THE BURDEN OF
19 PROOF SHALL BE ON: (I) THE INSURER TO PROVE THAT IT HAS BEEN PREJUDICED,
20 IF THE NOTICE WAS PROVIDED WITHIN TWO YEARS OF THE TIME REQUIRED UNDER
21 THE POLICY; OR (II) THE INSURED, INJURED PERSON OR OTHER CLAIMANT TO
22 PROVE THAT THE INSURER HAS NOT BEEN PREJUDICED, IF THE NOTICE WAS
23 PROVIDED MORE THAN TWO YEARS AFTER THE TIME REQUIRED UNDER THE POLICY.
24   (B) NOTWITHSTANDING SUBPARAGRAPH (A) OF THIS PARAGRAPH, AN IRREBUTTA-
25 BLE PRESUMPTION OF PREJUDICE SHALL APPLY IF, PRIOR TO NOTICE, THE
26 INSURED'S LIABILITY HAS BEEN DETERMINED BY A COURT OF COMPETENT JURIS-
27 DICTION OR BY BINDING ARBITRATION; OR IF THE INSURED HAS RESOLVED THE
28 CLAIM OR SUIT BY SETTLEMENT OR OTHER COMPROMISE.
29   (C) THE INSURER'S RIGHTS SHALL NOT BE DEEMED PREJUDICED UNLESS THE
30 FAILURE TO TIMELY PROVIDE NOTICE MATERIALLY IMPAIRS THE ABILITY OF THE
31 INSURER TO INVESTIGATE OR DEFEND THE CLAIM.
32   S 5. Subsection (d) of section 3420 of the insurance law is amended to
33 read as follows:
34   (d)(1)(A) THIS PARAGRAPH APPLIES WITH RESPECT TO A LIABILITY POLICY
35 THAT PROVIDES COVERAGE WITH RESPECT TO A CLAIM ARISING OUT OF THE DEATH
36 OR BODILY INJURY OF ANY PERSON, WHERE THE POLICY IS: (I) SUBJECT TO
37 SECTION THREE THOUSAND FOUR HUNDRED TWENTY-FIVE OF THIS ARTICLE, OTHER
38 THAN AN EXCESS LIABILITY OR UMBRELLA POLICY; OR (II) USED TO SATISFY A
39 FINANCIAL RESPONSIBILITY REQUIREMENT IMPOSED BY LAW OR REGULATION.
40   (B) UPON AN INSURER'S RECEIPT OF A WRITTEN REQUEST BY AN INJURED
41 PERSON WHO HAS FILED A CLAIM OR BY ANOTHER CLAIMANT, AN INSURER SHALL,
42 WITHIN SIXTY DAYS OF RECEIPT OF THE WRITTEN REQUEST: (I) CONFIRM TO THE
43 INJURED PERSON OR OTHER CLAIMANT IN WRITING WHETHER THE INSURED HAD A
44 LIABILITY INSURANCE POLICY OF THE TYPE SPECIFIED IN SUBPARAGRAPH (A) OF
45 THIS PARAGRAPH IN EFFECT WITH THE INSURER ON THE DATE OF THE ALLEGED
46 OCCURRENCE; AND (II) SPECIFY THE LIABILITY INSURANCE LIMITS OF THE
47 COVERAGE PROVIDED UNDER THE POLICY.
48   (C) IF THE INJURED PERSON OR OTHER CLAIMANT FAILS TO PROVIDE SUFFI-
49 CIENT IDENTIFYING INFORMATION TO ALLOW THE INSURER, IN THE EXERCISE OF
50 REASONABLE DILIGENCE, TO IDENTIFY A LIABILITY INSURANCE POLICY THAT MAY
51 BE RELEVANT TO THE CLAIM, THE INSURER SHALL WITHIN FORTY-FIVE DAYS OF
52 RECEIPT OF THE WRITTEN REQUEST, SO ADVISE THE INJURED PERSON OR OTHER
53 CLAIMANT IN WRITING AND IDENTIFY FOR THE INJURED PERSON OR OTHER CLAIM-
54 ANT THE ADDITIONAL INFORMATION NEEDED. WITHIN FORTY-FIVE DAYS OF RECEIPT
55 OF THE ADDITIONAL INFORMATION, THE INSURER SHALL PROVIDE THE INFORMATION
56 REQUIRED UNDER SUBPARAGRAPH (B) OF THIS PARAGRAPH.

  A. 11541                               4

1   (2) If under a liability policy ISSUED OR delivered {or issued for
2 delivery} in this state, an insurer shall disclaim liability or deny
3 coverage for death or bodily injury arising out of a motor vehicle acci-
4 dent or any other type of accident occurring within this state, it shall
5 give written notice as soon as is reasonably possible of such disclaimer
6 of liability or denial of coverage to the insured and the injured person
7 or any other claimant.
8   S 6. Paragraph 1 of subsection (j) of section 3420 of the insurance

9  law, as added by chapter 540 of the laws of 1984, is amended to read  as
10  follows:
11    (1)  Notwithstanding  any other provision of this chapter or any other
12  law to the  contrary,  every  policy  providing  comprehensive  personal
13  liability  insurance  on a one, two, three or four family owner-occupied
14  dwelling, issued or {renewed} DELIVERED in this state on and after  {the
15  effective  date of this subsection} THE FIRST OF MARCH, NINETEEN EIGHTY-
16  FOUR, shall provide for coverage against liability for  the  payment  of
17  any  obligation,  which  the  policyholder  may  incur  pursuant  to the
18  provisions of the workers` compensation law, to an employee arising  out
19  of and in the course of employment of less than forty hours per week, in
20  and about such residences of the policyholder in this state. Such cover-
21  age shall provide for the benefits in the standard workers` compensation
22  policy  issued  in  this  state. No one who purchases a policy providing
23  comprehensive personal liability  insurance  shall  be  deemed  to  have
24  elected to cover under the workers` compensation law any employee who is
25  not required, under the provisions of such law, to be covered.
26    S  7.  Paragraph  6 of subsection (a) of section 2601 of the insurance
27  law, as added by chapter 547 of the laws of 1997, is amended to read  as
28  follows:
29    (6)  failing  to promptly disclose coverage pursuant to SUBSECTION (D)
30  OR subparagraph (A) of paragraph two of subsection (f) of section  three
31  thousand four hundred twenty of this chapter.
32    S 8. This act shall take effect on the one hundred eightieth day after
33  it shall have become a law, and shall apply to policies issued or deliv-
34  ered  in  this  state on or after such date and to any action maintained
35  under such a policy; provided, however, that effective immediately,  the
36  addition,  amendment  and/or  repeal of any rule or regulation necessary
37  for the implementation of this act on its effective date are  authorized
38  and  directed   to be made and completed by the superintendent of insur-
39  ance on or before such effective date.

**Contact Webmaster**

*Page display time = 0.1885 sec*