# EXHIBIT 41



Wednesday, September 3, 2008

# Bill Summary - A11541

Back | New York State Bill Search | Assembly Home

See Bill Text

## A11541 Summary:

```
BILL NO    A11541

SAME AS    Same as S 8610

SPONSOR    RULES COM Weinstein

COSPNSR

MLTSPNSR

Amd S3001, CPLR; amd SS3420 & 2601, Ins L
```

Provides for a declaratory judgment action against an insurer directly where a claim is brought for personal injury or wrongful death against another.

## A11541 Actions:

```
BILL NO    A11541

06/11/2008 referred to judiciary
06/16/2008 reported referred to codes
06/18/2008 reported referred to rules
06/23/2008 reported
06/23/2008 rules report cal.676
06/23/2008 substituted by s8610
           S08610   AMEND=  DEFRANCISCO
           06/18/2008 REFERRED TO RULES
           06/23/2008 ORDERED TO THIRD READING CAL.2089
           06/23/2008 PASSED SENATE
           06/23/2008 DELIVERED TO ASSEMBLY
           06/23/2008 referred to codes
           06/23/2008 substituted for a11541
           06/23/2008 ordered to third reading rules cal.676
           06/23/2008 passed assembly
           06/23/2008 returned to senate
           07/11/2008 DELIVERED TO GOVERNOR
           07/21/2008 SIGNED CHAP.388
```

## A11541 Votes:

## A11541 Memo:

BILL NUMBER:A11541

TITLE OF BILL:  An act to amend the civil practice law and rules and the insurance law, in relation to liability insurance policies

Purpose

This bill: (1) permits a party suing an insured in a personal injury or wrongful death case to commence a simultaneous declaratory judgment action against the defendant`s insurer, in limited circumstances, to challenge the insurer`s denial of coverage based on the failure to provide timely notice; and (2) prohibits certain liability insurers from denying coverage for a claim based on the failure to provide timely notice, unless the insurer suffers prejudice as a result of the delayed notice.

Summary of Provisions

Section 1 of the bill amends CPLR S 3001 to permit a claimant in a personal injury or wrongful death case to maintain a declaratory judgment action directly against the insurer of a defendant to the lawsuit, as provided under Insurance Law S 3420(a)(6).

Section 2 of the bill amends Insurance Law S 3420(a) to require liability policies for injury to person or destruction of property, issued or delivered in the state, to contain a provision that: (1) failure to give notice as prescribed by the policy will not invalidate a claim made by the insured, injured person or any other claimant unless the late notice has prejudiced the insurer; and (2) with respect to a personal injury or wrongful death claim, if the insurer disclaims liability or denies coverage based on a failure to provide timely notice, then the injured person or other claimant may maintain an action directly against an insurer, on the question of late notice, unless the insured or the insurer, within 60 days of the disclaimer, initiates an action under the policy, naming the injured person or other claimant as a party to the action.

Section 2 of the bill also allows claims-made policies to contain a provision that the claim shall be made during the policy period, any renewal thereof, or any extended reporting period. This provision of the bill is not intended to permit duplicate claims under multiple policy periods or a late claim under a prior policy where a subsequent policy`s limits have been exhausted.

Section 3 of the bill makes certain technical amendments to Insurance Law S 3420(b ).

Section 4 of the bill amends Insurance Law S 3420(c) to establish that: (1) if notice is provided to the insurer within 2 years of the time required under the policy, then the burden to show prejudice would fall on the insurer; (2) if notice is provided to the insurer more than 2

years after the time required under the policy, then the burden to show that the insurer is not prejudiced would fall on the insured, injured person or other claimant; and (3) if notice is provided to the insurer after the insured`s liability is determined, or after the insured has settled the case, then there would be an irrebuttable presumption of prejudice under the bill.

Section 4 of the bill also provides that the insurer`s rights will not be deemed prejudiced unless the failure to timely provide notice materially impairs the ability of the insurer to investigate or defend the claim.

Section 5 of the bill amends Insurance Law S 3420( d) to establish a process for a claimant to receive confirmation from an insurer that the insured had an insurance policy in effect on the alleged occurrence date, and the limits of such policy. This section of the bill also establishes a process in case insufficient information is provided to the insurer and such confirmation is not possible.

Section 6 of the bill makes certain technical amendments to Insurance Law S 3420(j).

Section 7 of the bill provides that failure to promptly disclose coverage pursuant to Insurance Law S 3420( d) may constitute unfair claim settlement practices.

Section 8 of the bill provides for the bill`s effective date.

Existing Law

A tort claimant may file a direct action against an insurer if a judgment against the insured remains unsatisfied for 30 days or more. However, neither common law nor Insurance Law S 3420 authorizes a claimant to file a direct action against the insurer, including a declaratory judgment action, before the claimant obtains such a judgment against the insured.

An insured who files a late notice of claim must demonstrate that it was not reasonably possible to have given such notice within the prescribed time, and that notice of the claim was provided as soon as was reasonably possible. The insurer need not show any prejudice as a result of the late notice in order to disclaim coverage, leaving the burden of proof squarely on the insured.

Statement in Support

This bill protects individuals who suffer personal injuries, and families whose loved ones die as a result of tortuous conduct, in two important ways. First, the bill permits tort plaintiffs to bring declaratory judgment actions against insurers in certain circumstances to challenge the insurer`s denial of coverage based on a late notice of claim. Second, the bill prohibits certain liability insurers from denying

coverage for a claim for late notice unless the insurer suffers prejudice as a result of the delayed notice.

A. Declaratory Judgment

New York State law currently does not adequately protect the interests of tort victims because they may only file a direct action against an insurer if a judgment against the insured tortfeasor remains unsatisfied for 30 days or more. Neither common law, nor Insurance Law authorizes a tort victim to file a direct action against the insurer, including a declaratory judgment action, before the victim obtains such a judgment against the insured.

Therefore, an injured tort victim, or a family bringing a wrongful death action may struggle through expensive and protracted litigation against an insured, only to determine later that there is no insurance coverage for the loss. This is an especially difficult burden on injured plaintiffs in cases where the defendant is ultimately judgment proof and has no means or incentive to file a declaratory judgment action. In this respect, the party most interested in an early determination of the existence of coverage, may indeed be the injured party.

This bill permits certain tort victims, under specified circumstances, to bring a declaratory judgment action against the defendant's insurer to challenge the insurer's denial of coverage. In particular, the bill would allow tort plaintiffs to initiate a declaratory judgment action against the defendant's insurer, where: (1) the underlying action is for personal injury or wrongful death; (2) the denial of coverage is for failure to provide timely notice; and (3) where neither the insured nor the insurer has previously commenced a declaratory judgment action within 60 days of the disclaimer. In this regard, the bill provides relief to tort victims for whom it is critical to determine whether it is indeed worthwhile to proceed with the lawsuit, while also providing limitations and safeguards in the law to ensure that the defendant's rights and interests under their policy are also protected.

B. Late Notice

An insured who files a late notice of claim must demonstrate that it was not reasonably possible to have given such notice within the prescribed time, and that notice of the claim was provided as soon as was reasonably possible. The insurer need not show any prejudice as a result of the late notice in order to disclaim coverage, leaving the burden of proof squarely on the insured. New York is in the minority of states in the country because most states require insurers to suffer some form of prejudice before coverage may properly be denied for late notice. Current law, therefore, leads to an inequitable outcome with insurers collecting billions of dollars in premiums annually, and disclaiming coverage over an inconsequential technicality.

This bill would prohibit insurers from denying coverage for claims based on the failure to provide timely notice unless the insurer has suffered

"prejudice" as a result of the delay. Under the bill, the insurer's rights would not be deemed prejudiced unless the failure to timely provide notice materially impairs the ability of the insurer to investigate or defend a claim.

The insurer must show prejudice if notice is provided within 2 years after the time required under the policy. However, if notice were provided after the 2 years, then the burden to show that the insurer was not prejudiced as a result of the late notice shifts to the insured, injured person or other claimant. Lastly, if notice were provided after the insured's liability was determined, or after the insured settled the

case, then there would exist an irrebuttable presumption of prejudice under the bill.

This bill therefore prevents insurers from denying coverage for claims based on a technicality. It also eliminates the extreme hardship placed on those who pay their premiums timely only to find at a time of need that their policy is not available.

Budget Implications

This bill will not have a material impact on state finances.

Effective Date

This bill would take effect on the 180th day after it becomes a law as provided in section 8 of the bill.

Contact Webmaster
*Page display time = 0.1832 sec*