# Exhibit 21

# Part A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------X

R & J CONSTRUCTION CORPORATION,

                Plaintiff,

        - against -

TRATAROS CONSTRUCTION, INC., RELIANCE
INSURANCE COMPANY, TRAVELERS
CASUALTY SURETY COMPANY OF AMERICA,
THE DORMITORY AUTHORITY STATE OF NEW
YORK, ALEXANDRIA TILE CORP., AMERICAN
WOODS & VENEER WORKS, INC., ARCHITECTURAL
MILLWORK INSTALLATION CORP., BARTEC
INDUSTRIES, INC., BAYSIDE FENCING, INC.,
COMPONENT ASSEMBLY SYSTEMS, INC.,
CONSTRUCTAMAX, INC., CRAFT-TECH MFG CORP.,
G.M. CROCETTI INC., GOETZ FITZPATRICK, LLP,
KLEPP WOOD FLOORING CORP., L & L PAINTING
CO., INC., LBL SKYSYSTEMS CORPORATION,
PORTER ATHLETIC EQUIPMENT CO., REIDMAN
CONSTRUCTION CORP. and UNIVERSAL SERVICES
GROUP LTD. and TRAVELERS CASUALTY AND
SURETY COMPANY,

                Defendants.

------------------------------------------------------------------X

BARTEC INDUSTRIES, INC.,

                Third-Party Plaintiff,

        - against -

DAYTON SUPERIOR SPECIALTY
CHEMICAL CORP.,

                Third-Party Defendant.

------------------------------------------------------------------X

Index No.: 113225/03

**VERIFIED ANSWER
TO SUPPLEMENTAL
AMENDED VERIFIED
COMPLAINT WITH
DEFENSES AND
CROSS-CLAIMS**

Defendant and Cross-Claim Plaintiff Dormitory Authority State of New York ("DASNY"), by its attorneys Holland & Knight, LLP, as for its answer to the Amended Complaint and for its cross-claims, respectfully responds as follows:

1.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

3.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4.

4a.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4a.

5.    To the extent that paragraph 5 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Admits that DASNY is a public benefit corporation organized and existing under the Public Authorities Law. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5.

6.    To the extent that paragraph 6 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Admits that DASNY received a document purporting

to be a Notice of Mechanic's Lien on or about January 31, 2003, in the alleged amount of $200,000, the terms of which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

7. To the extent that paragraph 7 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Admits that DASNY received a document purporting to be a Notice of Mechanic's Lien on or about November 7, 2002, in the alleged amount of $32,105, the terms of which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

8. To the extent that paragraph 8 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Admits that DASNY received a document purporting to be a Notice of Mechanic's Lien on or about September 23, 2002, in the sum of $152,169.15, the terms of which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions. Admits that a lien related to the purported Notice of Mechanic's Lien alleged in paragraph 8 was discharged by bond on November 29, 2002. Except as so admitted, denies knowledge and

information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

9.    To the extent that paragraph 9 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Admits that DASNY received a document purporting to be a Notice of Mechanic's Lien on or about February 14, 2003, in the sum of $37,519.42, the terms of which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10.    To the extent that paragraph 10 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Admits that DASNY received a document purporting to be a Mechanic's Lien on or about March 15, 2001, in the alleged amount of $57,998.21, the terms of which speak for themselves.  DASNY respectfully refers the Court to same for its express terms and conditions. Admits that a lien related to the purported Notice of Mechanic's Lien alleged in paragraph 10 was discharged by bond on or about May 1, 2001. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

11.    To the extent that paragraph 11 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers

all questions of law to this Court. Admits that DASNY received a document purporting to be a Notice of Mechanic's Lien on or about January 10, 2003, in the alleged amount of $290,815.64, the terms of which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions. Admits that a lien related to the purported Notice of Mechanic's Lien alleged in paragraph 11 was discharged by bond on or about February 11, 2003. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12.    To the extent that paragraph 12 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Admits that DASNY received a document purporting to be a Notice of Mechanic's Lien on or about July 19, 2002, in the alleged amount of $299,118.25, the terms of which speak for themselves. Admits that a lien related to the purported Notice of Mechanic's Lien alleged in paragraph 12 was discharged by bond on September 11, 2002. DASNY respectfully refers the Court to same for its express terms and conditions. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13.    To the extent that paragraph 13 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Admits that DASNY received a document purporting to be a Notice of Mechanic's Lien on or about April 14, 2003, in the

5

alleged amount of $40,000, the terms of which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13.

14.    To the extent that paragraph 14 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Admits that DASNY received a document purporting to be a Notice of Mechanic's Lien on or about March 25. 2003, in the alleged amount of $883,312, the terms of which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14.

15.    To the extent that paragraph 15 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Admits that DASNY received a document purporting to be a Notice of Mechanic's Lien on or about April 21, 2003, in the alleged amount of $9,754.23, the terms of which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16.    To the extent that paragraph 16 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers

all questions of law to this Court. Admits that DASNY received a document purporting to be a Notice of Mechanic's Lien on or about June 2, 2003, in the alleged amount of $67,806, the terms of which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16.

17.    To the extent that paragraph 17 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Admits that DASNY received a document purporting to be a Notice of Mechanic's Lien on or about August 6, 2002, in the alleged amount of $133,923.61, the terms of which speak for themselves. Admits that a lien related to the purported Notice of Mechanic's Lien that DASNY received on or about August 6, 2002 was discharged by bond on or about September 4, 2002. Admits that DASNY received a document purporting to be a Notice of Mechanic's Lien on or about November 8, 2002, in the alleged amount of $4,159.52, the terms of which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17.

18.    To the extent that paragraph 18 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Admits that DASNY received a document

purporting to be a Notice of Mechanic's Lien on or about May 7, 2002, in the alleged amount of $143,454.87, the terms of which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions. Admits that a lien related to the purported Notice of Mechanic's Lien that DASNY received on or about May 7, 2002, was discharged by bond on or about June 14, 2002. Admits that DASNY received a document purporting to be a Notice of Mechanic's Lien on or about May 8, 2002, in the alleged amount of $575,934.38, the terms of which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions. Admits that a lien related to the purported Notice of Mechanic's Lien that DASNY received on or about May 8, 2002, was discharged by bond on or about June 14, 2002. Admits that DASNY received a document purporting to be a Mechanic's Lien on or about June 11, 2002 in the alleged amount of $1,029,531.58, which was extended on or about December 6, 2002. DASNY respectfully refers the Court to same for its express terms and conditions. Admits that DASNY received a document purporting to be a Notice of Mechanic's Lien on or about June 11, 2002, in the alleged amount of $158,953.87, which was extended on or about December 6, 2002. DASNY respectfully refers the Court to same for its express terms and conditions. Admits that a lien related to the purported Notice of Mechanic's Lien that DASNY received on or about June 11, 2002 was discharged by bond on August 21, 2002. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18.

19.    To the extent that paragraph 19 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.    Admits that DASNY received a document purporting to be a Notice of Mechanic's Lien on or about February 1, 2002, in the alleged amount of $47,319.22, which was extended on or about January 30, 2003, and the terms of which speak for themselves.    DASNY respectfully refers the Court to same for its express terms and conditions.    Admits that a lien related to the claim purported Notice of Mechanic's Lien referenced in paragraph 19 was discharged by bond on or about March 15, 2002.    Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.

20.    To the extent that paragraph 20 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.    Admits that DASNY received a document purporting to be a Notice of Mechanic's Lien on or about May 9, 2003, in the alleged amount of $28,603.82, the terms of which speak for themselves.    DASNY respectfully refers the Court to same for its express terms and conditions.    Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

21.    To the extent that paragraph 21 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.    Admits that DASNY received a document

purporting to be a Notice of Mechanic's Lien on or about October 10, 2002, in the alleged amount of $128,700, the terms of which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions. Admits that a lien related to the purported Notice of Mechanic's Lien alleged in paragraph 21 was discharged by bond on or about December 18, 2002. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

### IN ANSWER TO THE FIRST CAUSE OF ACTION AGAINST TRATAROS

Site B, Package No. 1 – General Construction Work,
Contract No. 15, DA #6500 1802 2176

22.    To the extent that paragraph 22 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.    Admits that Trataros Construction, Inc. ("Trataros") had contracts with DASNY, the terms of which speak for themselves. DASNY respectfully refers the Court to same for their express terms and conditions. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.

23.    To the extent that paragraph 23 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Admits that Trataros and Reliance Insurance Company ("Reliance") executed a Labor and Material Payment Bond, the terms of

which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions.

24.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.    To the extent that paragraph 25 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25.

26.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26.

27.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28.    To the extent that paragraph 28 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28.

## IN ANSWER TO THE SECOND CAUSE OF ACTION AGAINST TRATAROS

29.    Repeats each and every response to the allegations contained in paragraphs "26" through "28" above as if fully set forth herein.

30.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30.

11

31.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31.

32.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32.

33.    To the extent that paragraph 33 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33.

## IN ANSWER TO THE THIRD CAUSE
## OF ACTION AGAINST TRATAROS

34.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34.

35.    To the extent that paragraph 35 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 35.

36.    To the extent that paragraph 36 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

37.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37.

38.    To the extent that paragraph 38 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38.

## IN ANSWER TO THE FOURTH CAUSE
## OF ACTION AGAINST TRATAROS

39.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39.

40.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40.

41.    To the extent that paragraph 41 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41.

42.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42.

43.    To the extent that paragraph 43 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43.

44.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44.

## IN ANSWER TO THE FIFTH CAUSE
## OF ACTION AGAINST TRATAROS

45.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.    To the extent that alleged "Subcontract 15" and alleged "Subcontract 16" exist, they are purported to be written agreements, the terms of which speak for themselves.  DASNY respectfully refers the Court to same for their express terms and conditions.

46.    To the extent that paragraph 46 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46.

47.    To the extent that paragraph 47 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47.

48.    To the extent that paragraph 48 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49.    DASNY objects to any and all references to alleged settlement discussions in paragraph 49 or elsewhere in the Amended Complaint.  Denies the allegations set forth in paragraph 49.

50.    Intentionally left blank in the Amended Complaint.

14

51.    To the extent that paragraph 51 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52.    To the extent that paragraph 52 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53.    To the extent that paragraph 53 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

## IN ANSWER TO THE SIXTH CAUSE
## OF ACTION AGAINST TRATAROS

54.    Repeats each and every response contained in paragraphs "45" through "53" above as if fully set forth herein.

55.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55.  To the extent that alleged "Subcontract 15" and alleged "Subcontract 16" exist, they are purported to be written agreements, the terms of which speak for themselves. DASNY respectfully refers the Court to same for their express terms and conditions.

56.    To the extent that paragraph 56 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers

15

all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56.

57.    To the extent that paragraph 57 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 57.

58.    To the extent that paragraph 58 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.

59.    To the extent that paragraph 59 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

60.    To the extent that paragraph 60 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

## IN ANSWER TO THE SEVENTH CAUSE
## OF ACTION AGAINST TRATAROS

61.    Repeats each and every response contained in paragraphs "26" through "60" above as if fully set forth herein.

62.    To the extent that paragraph 62 contains a Statement of alleged law and not a statement of fact, no response thereto is required and DASNY respectfully refers all questions of law to this Court.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62, except to admit that Trataros and Reliance entered into a Labor and Material Payment Bond, the terms of which speak for themselves.    DASNY respectfully refers the Court to same for its express terms and conditions.

63.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63.

64.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64.

65.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65.

66.    Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 65, except to admit that R&J sent correspondence to DASNY on or about November 25, 2002, the terms of which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions.

67.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67.

68.    To the extent that paragraph 68 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers

all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68.

69.    To the extent that paragraph 69 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69.

70.    To the extent that paragraph 70 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70.

71.    To the extent that paragraph 71 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71.

### IN ANSWER TO THE EIGHTH CAUSE
### OF ACTION AGAINST RELIANCE

72.    Repeats each and every response contained in paragraphs "61" through "71" above as if fully set forth herein.

73.    To the extent that paragraph 62 contains a statement of alleged law and not a statement of fact, no response thereto is required and DASNY respectfully refers all questions of law to this Court.  Denies allegations set forth in paragraph 73, except admits that Trataros and Reliance executed a Labor and Material

Payment Bond, the terms of which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions.

73(a). Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73(a).

74.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74.

75.    To the extent that paragraph 75 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 75.

76.    To the extent that paragraph 76 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 76.

77.    To the extent that paragraph 77 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

## IN ANSWER TO THE NINTH CAUSE OF
## ACTION AGAINST ALL DEFENDANTS

78.    Repeats each and every response contained in the paragraphs "26" through "60" above as if fully set forth herein.

79. To the extent that paragraph 79 contains a statement of alleged law and not a statement of fact, no response thereto is required and DASNY respectfully refers all questions of law to this Court. Admits that on November 20, 2003, R&J Construction Corporation ("R&J") filed a document purporting to be a Notice Under Mechanic's Lien Law for Account of Public Improvement, in the alleged amount of $2,397,163.00, the terms of which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions. Except as so admitted, denies the allegations set forth in paragraph 79.

80. Denies the allegations contained in paragraph 80.

81. To the extent that paragraph 81 contains a statement of alleged law and not a statement of fact, no response is thereto required and DASNY respectfully refers all questions of law to this Court. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81.

82. To the extent that paragraph 82 contains a statement of alleged law and not a statement of faith no response thereto is required and DASNY respectfully refers all questions of law to this Court. Admits that a bond was filed pursuant to the "Application of Trataros Construction, Inc. for an Order Fixing the Amount of Undertaking to Discharge a Lien by R&J Construction Corp., Lien or, for Public Improvements," the terms of which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82.

82(a). To the extent that paragraph 82(a) contains a statement of alleged law and not a statement of fact, no response thereto is required and DASNY respectfully refers all questions of law to this Court. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82(a).

83. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83.

84. To the extent that paragraph 84 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84.

Site B, Package No. 2 – General Construction Work,
Contract No. 16, DA #6500 1802 2170

## IN ANSWER TO THE TENTH CAUSE
## OF ACTION AGAINST TRATAROS

85. Admits that Trataros has contracts with DASNY, the terms of which speak for themselves. DASNY respectfully refers the Court to same for their express terms and conditions. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85.

86. To the extent that paragraph 86 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Admits that Trataros and Reliance executed a

Labor and Material Payment Bond, the terms of which speak for themselves. DASNY respectfully refers the Court to same for its express terms and conditions. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86.

87.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87.

88.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88.

89.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89.

90.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90.

91.    To the extent that paragraph 91 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91.

## IN ANSWER TO THE ELEVENTH CAUSE
## OF ACTION AGAINST TRATAROS

92.    Repeats each and every response contained in paragraph "85" through "91" above as if fully set forth herein.

93.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93.

94.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94.

95.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95.

96.    To the extent that paragraph 96 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96.

## IN ANSWER TO THE TWELFTH CAUSE
## OF ACTION AGAINST TRATAROS

97.    Repeats each and every response contained in paragraph "85" through "96" and paragraph "54" above as if fully set forth herein.

98.    To the extent that paragraph 98 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Admits that Trataros and Reliance executed a Labor and Material Payment Bond, the terms of which speak for themselves. DASNY respectfully refers the Court to the same for its express terms and conditions.  Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98.

99.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99.

100.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100.

101.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101.

102.   To the extent that paragraph 102 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Admits that R&J sent correspondence to DASNY on or about November 25, 2002, the terms of which speak for themselves.  DASNY respectfully refers the Court to same for its express terms and conditions.  Except as so admitted, denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 102.

103.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103.

104.   To the extent that paragraph 104 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104.

105.   To the extent that paragraph 105 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105.

106.   To the extent that paragraph 106 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers

all questions of law to this Court. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106.

## IN ANSWER TO THE THIRTEENTH CAUSE
## OF ACTION AGAINST RELIANCE

107. Repeats each and every response contained in paragraphs "97" through "106" above as if fully set forth herein.

108. To the extent that paragraph 108 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Admits that Trataros executed a Labor and Material Payment Bond, the terms of which speak for themselves. Except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108.

108(a). To the extent that paragraph 108(a) contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108(a).

109. To the extent that paragraph 109 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 109.

110. To the extent that paragraph 110 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers