# Exhibit 22

# Part B

all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 123.

124.   To the extent that paragraph 124 contains a statement of alleged law and not a statement of fact, no response is required and DASNY respectfully refers all questions of law to this Court.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 124.

125.   Denies that R&J is entitled to any of the relief requested in paragraphs (1) through (16) of the *ad damnum* clause, as against DASNY, and respectfully requests that the Court enter judgment in DASNY's favor and against R&J with prejudice, and award DASNY its attorneys' fees, costs and disbursements and such other relief as the Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

126.   R&J has failed to state a claim against DASNY for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

127.   To the extent that R&J's claims arose from acts, omissions or failures to act by Trataros, Reliance and/or Travelers, R&J may not recover from DASNY.

## THIRD AFFIRMATIVE DEFENSE

128.   DASNY has paid Trataros the entire amount due Trataros for work on the Project.

## FOURTH AFFIRMATIVE DEFENSE

129.   R&J has failed to comply with all conditions precedent to the commencement of this action.

## FIFTH AFFIRMATIVE DEFENSE

130.   R&J's claims against DASNY are barred in whole or in part by the statute of frauds.

## SIXTH AFFIRMATIVE DEFENSE

131.   R&J lacks standing to maintain a cause of action against DASNY.

## SEVENTH AFFIRMATIVE DEFENSE

132.   To the extent that DASNY has any liability to R&J, which is denied, it is secondary to and derivative of Trataros' breach of contract.   Furthermore, DASNY is entitled to be indemnified and held harmless by Trataros for any damages DASNY incurs or liability DASNY suffers in this case.

## EIGHTH AFFIRMATIVE DEFENSE

133.   To the extent that DASNY has any liability to R&J, which is denied, it secondary to and derivative of Travelers' breach of contract and failure to satisfy its Mechanic's Lien Undertaking/bond obligations.   Furthermore, DASNY is entitled to be indemnified and held harmless by Travelers for any damages DASNY incurs or liability DASNY suffers in this matter.

## NINTH AFFIRMATIVE DEFENSE

134.   To the extent that DASNY has any liability to R&J, which is denied, it secondary to and derivative of Reliance's breach of contract and failure to satisfy its

Performance Bond and Labor and Material Payment Bond obligations. Furthermore, DASNY is entitled to be indemnified and held harmless by Reliance for any damages DASNY incurs or liability DASNY suffers in this matter.

## TENTH AFFIRMATIVE DEFENSE

135.    R&J's claims against DASNY are barred by reason of set off.

## ELEVENTH AFFIRMATIVE DEFENSE

136.    R&J's claims against DASNY are barred by reason of Trataros' failure to satisfy the requirements of its contracts with DASNY.

## TWELFTH AFFIRMATIVE DEFENSE

137.    R&J's claims against DASNY are barred by reason of R&J's failure to satisfy the requirements of its subcontracts with Trataros.

## THIRTEENTH AFFIRMATIVE DEFENSE

138.    R&J's claims are barred as untimely.

## FOURTEENTH AFFIRMATIVE DEFENSE

139.    If R&J sustained any economic loss or monetary damages, which is denied, such loss and damages were caused or contributed to in whole or in part by R&J's or its agent's own negligent or reckless actions or omissions.

## FIFTEENTH AFFIRMATIVE DEFENSE

140.    If Plaintiff sustained any economic loss or monetary damages, which is denied, such loss or damages were caused or contributed to in whole or in part by the negligent or reckless actions or omissions of other parties for which DASNY is not liable nor responsible.

## SIXTEENTH AFFIRMATIVE DEFENSE

141.  To the extent that Plaintiffs seek equitable relief, such relief must be denied as Plaintiffs have unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

142.  Plaintiff has failed to mitigate its damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

143.  Plaintiff's claims are barred by release, payment and/or waiver.

## NINETEENTH AFFIRMATIVE DEFENSE

144.  Plaintiff's claims are barred due to the terms and conditions of the subcontract agreement covering final payment.

## TWENTIETH AFFIRMATIVE DEFENSE

145.  DASNY reserves the right to amend its Answer to assert any additional defenses after further discovery and investigation.

## CROSS-CLAIMS

## Facts Common to Each Cross-Claim

146.    Defendant and Cross-claim Plaintiff DASNY is a public benefit corporation duly organized and existing under the Public Authorities Law in the State of New York.

147.    Upon information and belief, Plaintiff R&J is a domestic corporation organized and existing under the laws of the State of New York with its principal place of business at 4435 Austin Boulevard, Island Park, New York 11558.

148.    Upon information and belief, Cross-Claim Defendant Trataros is a corporation organized and existing under the laws of the State of New York with an address for the conduct of business located at 664-64th Street, Brooklyn, New York 11220.

149.    Upon information and belief, Cross-Claim Defendant Travelers was and is a corporation organized and existing under the laws of the State of Connecticut with an address to carry out business located at One Tower Square, Hartford, Connecticut 06183.

150.    Upon information and belief, Travelers is duly authorized to carry on business as a surety company in the State of New York.

151.    Upon information and belief, Reliance was a corporation organized and existing under the laws of the Commonwealth of Pennsylvania which until October 2001 had an address to carry out business located at 4 Penn Center Plaza, Philadelphia, Pennsylvania 19103.

152.   Upon information and belief, Reliance was duly authorized to carry on business as a surety company in the State of New York until it went into liquidation in October 2001.

153.   Upon information and belief, on May 31, 2000, Travelers acquired the surety and fidelity business written by the various insurance companies owned by Reliance Group Holdings, Inc., including business written by Reliance.

154.   Therefore, Travelers is the successor in interest to Reliance with regard to business written by Reliance and is sued on the Cross-claims herein in that capacity.

155.   On or about April 22, 1998, Trataros entered into Contract No. DA#650018022176 ("Contract No. 15") with DASNY for the construction of Baruch College, Site B, Package No. 1.   DASNY respectfully requests leave to refer to Contract No. 15 for all of its terms and conditions as if they were fully set forth herein, as the same will be produced upon the trial of this action.

156.   Contract No. 15 required Trataros to provide a Performance Bond and a Labor and Material Payment Bond covering all work performed by Trataros and its subcontractors and suppliers under Contract No. 15.

157.   On or about April 27, 1998, Trataros obtained Performance Bond No. B28 80 150 and Labor and Material Payment Bond No. B28 80 150 (collectively referred to as the "Contract No. 15 Bonds"), each naming Trataros as principal, DASNY as obligee, and Reliance as surety.  DASNY respectfully requests leave to refer to the Contract No. 15 Bonds for all of their terms and conditions as if they

were fully set forth herein, as the same will be produced upon the trial of this action.

158.   On or about August 27, 1998, Trataros entered into Contract No. DA#650018022178 ("Contract No. 16") with DASNY for the construction of Baruch College, Site B, Package No. 2.   DASNY respectfully requests leave to refer to Contract No. 16 for all of its terms and conditions as if they were fully set forth herein, as the same will be produced upon the trial of this action.

159.   Contract No. 16 required Trataros to provide a Performance Bond and a Labor and Material Payment Bond covering all work performed by Trataros and its subcontractors and suppliers under Contract No. 16.

160.   On or about September 1, 1998, Trataros obtained Performance Bond No. B28 80 353 and Labor and Material Payment Bond No. B28 80 353 as required by Contract No. 16 (collectively referred to as the "Contract No. 16 Bonds"), each naming Trataros as principal, DASNY as obligee, and Reliance as surety.   DASNY respectfully requests leave to refer to the Contract No. 16 Bonds for all of their terms and conditions as if they were fully set forth herein, as the same will be produced upon the trial of this action.

161.   Upon information and belief, on or about March 24, 1998, Trataros entered into a subcontract with R&J ("Contract No. 15 Subcontract") pursuant to which R&J agreed to perform certain specified work that was required of Trataros under Contract No. 15.   DASNY respectfully requests leave to refer to the Contract

No. 15 Subcontract for all of its terms and conditions as if they were fully set forth herein, as the same will be produced upon the trial of this action.

162. Upon information and belief, on or about February 7, 2001, Trataros entered into a subcontract with R&J ("Contract No. 16 Subcontract") pursuant to which R&J agreed to perform certain specified work that was required of Trataros under Contract No. 16. DASNY respectfully requests leave to refer to the Contract No. 16 Subcontract for all of its terms and conditions as if they were fully set forth herein, as the same will be produced upon the trial of this action.

163. Upon information and belief, on or about November 20, 2002, R&J filed a Notice Under Mechanic's Lien Law for Account of Public Improvement with the Chief Financial Officer of DASNY ("Contract No. 15 Lien") seeking a lien in the amount of $2,397,163 against the interest of Trataros in monies allegedly due or to become due under Contract No. 15.

164. Upon information and belief, on or about November 20, 2002, R&J filed a Notice Under Mechanic's Lien Law for Account of Public Improvement with the Chief Financial Officer of DASNY ("Contract No. 16 Lien") seeking a lien in the amount of $70,849 against the interest of Trataros in monies allegedly due or to become due under Contract No. 15.

165. Upon information and belief, on or about January 24, 2003 R&J's Contract No. 15 Lien was discharged by bond in the name of Trataros as Principal and Travelers as Surety.

166.   Upon information and belief, on or about February 11, 2003, R&J's Contract No. 16 Lien was discharged by bond in the name of Trataros as Principal and Travelers as Surety.  Travelers is therefore liable for any sum which may be adjudged to be due from DASNY arising under or related to the Contract No. 16 Lien.

## FIRST CROSS-CLAIM

167.   DASNY repeats and realleges each and every statement, allegation, denial, and denial upon insufficient knowledge contained in paragraph 1 through 166 above as if set forth at length herein.

168.   Upon information and belief, a Justice of the Supreme Court for the State of New York, County of New York, entered an Order directing the discharge of R&J's Contract No. 15 Lien related to Contract No. 15 pursuant to Lien Law Section 21 by reason of the filing of the Undertaking.  The Contract No. 15 Lien was thereupon discharged and Travelers is therefore liable for any sum which may be adjudged to be due from DASNY in connection with Contract No. 15.

169.   Based upon the foregoing, any amount that R&J is entitled to recover under the Lien Law is to be paid by Travelers and DASNY is entitled to judgment against Travelers if Travelers fails to satisfy this obligation.

## SECOND CROSS-CLAIM

170.   DASNY repeats and realleges each and every statement, allegation, denial, and denial upon insufficient knowledge contained in paragraph 1 through 169 above as if set forth at length herein.

171.   Upon information and belief, a Justice of the Supreme Court of the State of New York, entered an order directing the discharge of R&J's Contract No. 16 Lien related to Contract No. 16 pursuant to Lien law Section 21 by reason of the filing of an Undertaking.  The Contract No. 16 Lien was thereupon discharged and Travelers is therefore liable for any sum which may be adjudged to be due from DASNY in connection with the Contract No. 16 Lien.

172.   Based upon the foregoing, any amount that R&J is entitled to recover under the Lien Law is to be paid by Travelers and DASNY is entitled to judgment against Travelers if Travelers fails to satisfy this obligation.

## THIRD CROSS-CLAIM

173.   DASNY repeats and realleges each and every statement, allegation, denial, and denial upon insufficient knowledge contained in paragraphs 1 through 172 above as if fully restated herein.

174.   Contract No. 15 required Trataros to pay all of its subcontractors and suppliers for labor and material provided under Contract No. 15 and to obtain waivers and releases of liens from its subcontractors and suppliers with all applications for payment that Trataros submitted to DASNY for work performed under Contract No. 15.

175.   R&J alleges in its Complaint that it has not been paid by Trataros for labor and material furnished by R&J under the Contract No. 15 Subcontract.

176.   Contract No. 16 required Trataros to pay all of its subcontractors and suppliers for labor and material provided under Contract No. 16 and to obtain waivers and releases of liens from its subcontractors and suppliers with all applications for payment that Trataros submitted to DASNY for work performed under Contract No. 16.

177.   R&J alleges in its Complaint that it has not been paid by Trataros for labor and material furnished by R&J under the Contract No. 16 Subcontract.

178.   In paragraph 28 of its Amended Complaint, R&J alleges that there is a balance due and owing to R&J from Trataros in the amount of $442,491.88 for work that R&J purportedly performed under Contract No. 15.

179.   In paragraph 33 of its Amended Complaint, R&J alleges an additional balance of $95,000 is due and owing to R&J from Trataros related to a hoisting credit.

180.   In paragraph 38 of its Amended Complaint, R&J alleges that an additional balance of $38,920.01 is due and owing to R&J from Trataros related to premium time and additional work under Contract No. 15 Subcontract.

181.   In paragraph 44 of its Amended Complaint, R&J alleges that an additional balance of $27,299.42 is due and owing to R&J from Trataros related to T&M tickets and invoices under Contract No. 15 Subcontract.

182.   In paragraph 53 of its Amended Complaint, R&J alleges that an additional balance of $528,337 with interest from February 10, 2003, is due and owing to R&J from Trataros related to delay claims under Contract No. 15 Subcontract and Contract No. 16 Subcontract.

183.   In paragraph 60 of its Amended Complaint, R&J alleges that an additional balance of $740,000 with interest from February 14, 2003, is due and owing to R&J from Trataros related to a claim for an equitable adjustment under Contract No. 15 Subcontract and Contract No. 16 Subcontract.

184.   In paragraph 71 of its Amended Complaint, R&J alleges that $1,872,048.31 is due and owing to R&J from Trataros for the first to sixth causes of action in the Amended Complaint.

185.   In paragraph 91 of its Amended Complaint, R&J alleges that $71,526.42 is due and owing to R&J from Trataros for work that R&J purportedly performed under Contract No. 16 Subcontract.

186.   In paragraph 96 of its Amended Complaint, R&J alleges that $18,322 is due and owing to R&J from Trataros for a forced credit charge order.

187.   In paragraph 106 of its Amended Complaint, R&J alleges that $89,848.42 and a portion of the equitable adjustment under Contract No. 16 Subcontract is due and owing to R&J from Trataros.

188.   In paragraph 111 of its Amended Complaint, R&J alleges that $89,848.42 and a portion of the equitable adjustment under Contract No. 16

Subcontract with interest from November 25, 2002 is due and owing to R&J from Reliance.

189.    Assuming that R&J is actually owed $442,491.88 for work performed under the Contract No. 15 Subcontract as alleged in paragraph 28 of R&J's Amended Complaint, Trataros' has breached its obligations under Contract No. 15 Subcontract by failing to pay R&J that amount.

190.    Assuming that R&J is actually owed $95,000 for a hoisting credit as alleged in paragraph 33 of R&J's Amended Complaint, Trataros has breached its obligations by failing to pay R&J that amount.

191.    Assuming that R&J is actually owed $38,920.01 for work performed under the Contract No. 15 Subcontract as alleged in paragraph 39 of R&J's Amended Complaint, Trataros has breached its obligations under Contract No. 15 Subcontract by failing to pay R&J that amount.

192.    Assuming that R&J is actually owed $27,299.42 for T&M tickets and invoices under Contract No. 15 Subcontract as alleged in paragraph 44 of R&J's Amended Complaint, Trataros has breached its obligations under Contract No. 15 Subcontract by failing to pay R&J that amount.

193.    Assuming that R&J is actually owed $528,337 with interest from February 10, 2003 related to delay claims under Contract No. 15 Subcontract and Contract No. 16 Subcontract as alleged in paragraph 53 of R&J's Amended Complaint, Trataros has breached its obligations under Contract No. 15 Subcontract and Contract No. 16 Subcontract by failing to pay R&J that amount.

194. Assuming that R&J is actually owed $740,000 with interest from February 14, 2003 under Contract No. 15 Subcontract and Contract No. 16 Subcontract as alleged in paragraph 60 of R&J's Amended Complaint, Trataros has breached its obligations under Contract No. 15 Subcontract and Contract No. 16 Subcontract by failing to pay R&J that amount.

195. Assuming that R&J is actually owed $1,872,048.31 for the first six causes of action in R&J's Amended Complaint as alleged in paragraph 71 of R&J's Amended Complaint, Trataros has breached its obligations by failing to pay R&J that amount.

196. Assuming that R&J is actually owed $71,526.42 for work purportedly performed under Contract No. 16 Subcontract as alleged in paragraph 91 of R&J's Amended Complaint, Trataros has breached its obligations under Contract No. 16 Subcontract by failing to pay R&J that amount.

197. Assuming that R&J is actually owed $18,322 for a forced credit charge order as alleged in paragraph 96 of R&J's Amended Complaint, Trataros has breached its obligations by failing to pay R&J that amount.

198. Assuming that R&J is actually owed $89,848.42 and the portion for equitable adjustment under Contract No. 16 Subcontract as alleged in paragraph 106 of R&J's Amended Complaint, Trataros has breached its obligations under Contract No. 16 Subcontract by failing to pay R&J that amount.

199. Assuming that R&J is actually owed $89,848.42 and the portion of equitable adjustment under Contract No. 16 Subcontract with interest from

November 25, 2002 as alleged in paragraph 111 of R&J's Amended Complaint, Trataros has breached its obligations under Contract No. 16 Subcontract by failing to pay R&J that amount.

200.    If DASNY is found to be liable to R&J for any of the amounts that R&J alleges are due and owing to it in paragraphs 28, 33, 38, 44, 53, 60, 71, 91, 96, 106 and 111 of R&J's Amended Complaint for work performed under the Contract No. 15 Subcontract and Contract No. 16 Subcontract, DASNY will have been damaged by Trataros' breach of contract.

## FOURTH CROSS-CLAIM

201.    DASNY repeats and realleges each and every statement, allegation, denial, and denial upon insufficient knowledge contained in paragraphs 1 through 200 above as if fully restated herein.

202.    Any amount that Trataros' has failed to pay R&J for labor and material that R&J provided under Contract No. 15 and/or Contract No. 16 is a default that Reliance, its successors and assigns, including Travelers, are obligated to cure under the Contract No. 15 Bonds and/or the Contract No. 16 Bonds.

203.    Reliance, its successors and assigns, including Travelers, are obligated to rectify or cure any breach of Trataros' payment obligations to R&J for work performed under the Contract No. 15 Bonds and/or Contract No. 16 Bonds.

204.    Any failure by Reliance, its successors and assigns, including Travelers, to satisfy any payment obligation allegedly owed by DASNY to R&J is a breach of the Contract No. 15 Bonds and/or the Contract No. 16 Bonds.

## FIFTH CROSS-CLAIM

205.   DASNY repeats and realleges each and every statement, allegation, denial, and denial upon insufficient knowledge contained in paragraphs 1 through 204 above as if fully restated herein.

206.   Contract No. 15 required Trataros to pay all of its subcontractors and suppliers for labor and material provided under Contract No. 15 and to obtain waivers and releases of liens from its subcontractors and suppliers with all applications for payment that Trataros submitted to DASNY for work performed under Contract No. 15.

207.   Various other defendants and cross claimants ("Cross Claimants") in this action have brought claims against DASNY seeking payment for labor and material they allege to have performed or provided under Contract No. 15, Contract No. 16, or subcontracts for work under those contracts.

208.   Assuming that those Cross Claimants are actually owed money for labor and materials they provided under Contract Nos. 15, 16 or subcontracts under those agreements as they allege, Trataros has breached its obligations under Contract No. 16 Subcontract by failing to pay the Cross Claimants that amount.

209.   If DASNY is found to be liable to the Cross Claimants for any of the amounts that the Cross Claimants allege are due and owing to them under Contract No. 15, Contract No. 16 and its subcontracts, DASNY will have been damaged by Trataros' breach of contract.

43

## SIXTH CROSS-CLAIM

210.   DASNY repeats and realleges each and every statement, allegation, denial, and denial upon insufficient knowledge contained in paragraphs 1 through 209 above as if fully restated herein.

211.   Various other defendants and cross claimants ("Cross Claimants") in this action have brought claims against DASNY for labor and material they allege to have performed or provided under Contract No. 15, Contract No. 16, or subcontracts for work under those contracts.

212.   Any amount that Trataros has failed to pay those Cross Claimants for labor and material that the Cross Claimants provided under Contract No. 15 and/or Contract No. 16 is a default that Reliance, its successors and assigns, including Travelers, are obligated to cure under the Contract No. 15 Bonds and/or the Contract No. 16 Bonds.

213.   Reliance, its successors and assigns, including Travelers, are obligated to rectify or cure any breach of Trataros' payment obligations to the Cross Claimants for work performed under the Contract No. 15 Bonds and/or Contract No. 16 Bonds.

214.   Any failure by Reliance, its successors and assigns, including Travelers, to satisfy any payment obligation allegedly owed by DASNY to the Cross Claimants is a breach of the Contract No. 15 Bonds and/or the Contract No. 16 Bonds.

## SEVENTH CROSS-CLAIM

215.   DASNY repeats and realleges each and every statement, allegation, denial, and denial upon insufficient knowledge contained in paragraphs 1 through 214 as if fully restated herein.

216.   In accordance with the Contract No. 15 Bonds, DASNY is entitled to payment of all litigation costs and expenses by Trataros, Travelers and Reliance and its successors and assigns, relating to Trataros' performance of Contract No. 15.

## EIGHTH CROSS CLAIM

217.   DASNY repeats and realleges each and every statement, allegation, denial, and denial upon insufficient knowledge contained in paragraphs 1 through 216 above as if fully restated herein.

218.   In accordance with the Contract No. 16 Bonds, DASNY is entitled to payment of all litigation costs and expenses by Trataros, Travelers and Reliance and its successors and assigns, relating to Trataros' performance of Contract No. 16.

**WHEREFORE**, DASNY demands judgment:

1.    That R&J's Complaint against DASNY be dismissed in its entirety;

2.    That Travelers be found primarily liable for and ordered to pay any judgment against DASNY under the New York Lien Law in an amount to be proven at trial;

3.    That Trataros be found primarily liable for and ordered to pay any judgment against DASNY requiring DASNY to pay for any judgment that R&J or

any other party to this action obtain against DASNY in an amount to be proven at trial;

4.    That Reliance, its successors and assigns, be found primarily liable for and ordered to pay any judgment against DASNY requiring DASNY to pay for any judgment that R&J or any other party to this action obtain against DASNY in an amount to be proven at trial;

5.    That Trataros, Travelers and Reliance, their successors and assigns, be directed to reimburse DASNY for all fees, expenses and costs that DASNY incurs in defending this law suit; and

6.    That DASNY have such other and further relief as may be necessary to protect its right and as to the court may seem just and proper.

Dated:    New York, New York
          February 27, 2004

                    HOLLAND & KNIGHT, LLP

          By:    _Stephen P. MacFarlane_

                 Stephen B. Shapiro, Esq.
                 Susan Poder MacFarlane, Esq.
                 Francesca Morris, Esq.
                 195 Broadway
                 New York, NY  10007
                 (212) 513-3200

                 Attorneys for Defendant Dormitory
                 Authority of the State of New York

# 1458336_v1

46

# VERIFICATION

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF ALBANY )

       STEPHAN A. BOIKO, being duly sworn, deposes and says:

       That he is Assistant General Counsel with the Dormitory Authority of the State of

New York; that he has read the foregoing Verified Answer to Amended Complaint and

knows the contents thereof and that the same is true to his own knowledge except as to

those matter therein stated to be alleged upon information and belief, and as to those

matters he believes them to be true; that the sources of information and grounds of belief

as to the matters in said Verified Answer to Cross Claims contained therein stated to be

alleged not upon his knowledge, are information from the Defendant Dormitory Authority

of the State of New York's agents and employees and information from the books and

records of said Defendant.

                                                      STEPHAN A. BOIKO
                                                Assistant General Counsel

Sworn to before me this
26th day of February 2004

Notary Public

FAITH FOSTER
Notary Public, State of New York
No. 4691 48
Qualified in Albany County
Commission Expires Aug. 31, 2005

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH
800.222.0510  www.aslegal.com

*Index No.*    113225/03    *Year 20*

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

R&J CONSTRUCTION CORPORATION,

*Plaintiff,*

- against -

TRATAROS CONSTRUCTION, INC., et al.

*Defendants.*

## DEFENDANT DASNY'S ANSWER TO THE AMENDED COMPLAINT

### HOLLAND & KNIGHT LLP

*Attorneys for*

*Defendant Dormitory Authority State of New York*
195 Broadway
New York, N.Y. 10007-3189
(212) 513-3200

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:*..................................    Signature.................................................

Print Signer's Name.................................................

*Service of a copy of the within*    *is hereby admitted.*

*Dated:*

.................................................
*Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY    *that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within named Court on*    *20*

☐ NOTICE OF SETTLEMENT    *that an Order of which the within is a true copy will be presented for settlement to the Hon.*    *one of the judges of the within named Court,*
*at*
*on*    *20*    *, at*    *M.*

Check Applicable Box

*Dated:*

HOLLAND & KNIGHT LLP

STATE OF NEW YORK, COUNTY OF                                                    ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐ certify that the annexed
Attorney's has been compared by me with the original and found to be a true and complete copy thereof.
Certification

☐ say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
Attorney's                                                  . I have read the annexed
Verification know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information
by and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon
Affirmation knowledge, is based upon the following.

The reason I make this affirmation instead of                                    is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:                                                          ........................................................
                                                              *(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                              ss:
                                    being sworn says: I am

☐ in the action herein; I have read the annexed
Individual know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on
Verification information and belief, and as to those matters I believe them to be true.
the                                          of
☐ a corporation, one of the parties to the action; I have read the annexed
Corporate know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on
Verification information and belief, and as to those matters I believe them to be true.
My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                        , 20       ........................................................
                                                              *(Print signer's name below signature)*
........................................................

STATE OF NEW YORK, COUNTY OF                              ss:
                                    being sworn says: I am not a party to the action, am over 18 years of
age and reside at
On                              , 20     , I served a true copy of the annexed
                                    in the following manner:

☐ by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service
Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:
by Mail

☐ by delivering the same personally to the persons at the address indicated below:
Personal
Service

☐ by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the
Service by attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received,
Electronic and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the
Means U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

☐ by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time
Overnight designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:
Delivery
Service