# EXHIBIT 29

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,

    Plaintiff,

vs.

THE DORMITORY AUTHORITY OF THE STATE OF NEW YORK, TDX CONSTRUCTION CORP and KOHN, PEDERSON, FOX & ASSOCIATES, P.C.,

    Defendants.

ECF Case

Civil Action No.
04 Civ. 5101 (HB)

---

DORMITORY AUTHORITY OF THE STATE OF NEW YORK,

    Third-Party Plaintiff,

vs.

TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,

    Third-Party Defendants.

---

TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,

    Fourth-Party Plaintiffs,

vs.

G.M. CROCETTI, INC., et al.

    Fourth-Party Defendants.

---

ANSWER AND AFFIRMATIVE DEFENSES OF FOURTH-PARTY DEFENDANT ALLIED WORLD ASSURANCE COMPANY (U.S.), INC. TO THE AMENDED FOURTH-PARTY COMPLAINT

Defendant Allied World Assurance Company (U.S.) Inc. f/k/a/ Commercial Underwriters Insurance Company ("Allied World") by and through its attorneys, Mound Cotton Wollan & Greengrass, hereby alleges as follows for its answer and affirmative defenses to the amended fourth-party complaint of plaintiffs Trataros Construction and Travelers Casualty and Surety Company (the "Complaint"):

### PARTIES, JURISDICTION AND VENUE

1. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1 through 11 and 13 through 15 of the Complaint.

2. Defendant denies the allegations contained in paragraph 12 of the Complaint.

3. Defendant neither admits nor denies the allegations contained in paragraphs 16 and 17 of the Complaint and respectfully refers all questions of law to the Court.

### ANSWER TO FACTUAL STATEMENT

#### Procedural Background Antecedent to this Amended Fourth-Party Complaint

4. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 18 through 24 of the Complaint.

#### Facts Common To All Counts of this Amended Fourth-Party Complaint

5. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 25 through 31 of the Complaint.

Breach of Subcontracts - Indemnification & Exoneration Against Crocetti and Bartec

### First Count

6. In response to paragraph 32 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 31 of the Complaint as if herein set forth in full.

7. Defendant makes no response to the allegations contained in paragraphs 33 through 40 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 33 through 40 of the Complaint.

### Second Count

**Performance Bond Claim against Crocetti and Carolina Casualty by Trataros Alone**

8. In response to paragraph 41 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 40 of the Complaint as if herein set forth in full.

9. Defendant makes no response to the allegations contained in paragraphs 42 through 44 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 42 through 44 of the Complaint.

### Third Count

### Performance Bond Claim against Crocetti and Carolina Casualty by Travelers

10. In response to paragraph 45 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 44 of the Complaint as if herein set forth in full.

11. Defendant makes no response to the allegations contained in paragraphs 46 through 51 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 46 through 51 of the Complaint.

### Fourth Count

### Professional Negligence - Indemnification, Contribution & Exoneration

### Against Crocetti and Bartec

12. In response to paragraph 52 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 51 of the Complaint as if herein set forth in full.

13. Defendant makes no response to the allegations contained in paragraphs 53 through 59 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 53 through 59 of the Complaint.

### Fifth Count

### Negligence, Breach of Contract, Breach of Warranty - Indemnification, Contribution & Exoneration Against Dayton and TEC

14.     In response to paragraph 60 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 59 of the Complaint as if herein set forth in full.

15.     Defendant makes no response to the allegations contained in paragraphs 61 through 67 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 61 through 67 of the Complaint.

### Sixth Count

### Breach of Subcontracts, Professional Negligence and/or Simple Negligence - Indemnification, Contribution & Exoneration

### Against John Does 1-20 and XYZ Corps. 1-12

16.     In response to paragraph 68 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 67 of the Complaint as if herein set forth in full.

17.     Defendant makes no response to the allegations contained in paragraphs 69 through 76 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 69 through 76 of the Complaint.

### Seventh Count

### Insurance Coverage against Kemper, Great American, National Union, US Fire, Allied, Zurich, Ohio Cas., Harleysville, and XYZ Corps. 1-12

18.  In response to paragraph 77 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 76 of the Complaint as if herein set forth in full.

19.  Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 78 of the Complaint, except admits that Commercial Underwriters Insurance Company ("CUIC") issued Comprehensive General Liability policy number BCG 004116 (the "CUIC policy") to Trataros Construction Co. Inc. and denies the allegations contained in paragraph 78 of the Complaint to the extent they pertain to Defendant Allied World.

20.  Defendant makes no response to the allegations contained in paragraphs 79 and 80 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 79 and 80 of the Complaint.

21.  Defendant makes no response to the allegations contained in paragraph 81 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies the allegations contained in paragraph 81 of the Complaint.

22.  Defendant makes no response to the allegations contained in paragraph 82 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such

allegations do pertain to this Defendant, Defendant denies the allegations contained in paragraph 82 of the Complaint.

23.     Defendant makes no response to the allegations contained in paragraph 83 of the Complaint to the extent that such allegations do not pertain to this Defendant. To the extent such allegations do pertain to this Defendant, Defendant denies the allegations contained in paragraph 83 of the Complaint.

24.     Defendant makes no response to paragraph 84 of the Complaint which contains only a description of the relief sought by the fourth-party plaintiffs.

### FIRST AFFIRMATIVE DEFENSE

25.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

26.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs have failed to perform their obligations under the CUIC policy.

### THIRD AFFIRMATIVE DEFENSE

27.     The claims asserted in the Complaint are barred, in whole or in part, by Plaintiffs' breach of the duty to give prompt notice.

### FOURTH AFFIRMATIVE DEFENSE

28.     The claims asserted in the Complaint are barred, in whole or in part, because one or more of Plaintiffs lack standing to sue under the CUIC policy.

### FIFTH AFFIRMATIVE DEFENSE

29. The claims asserted in the Complaint are barred, in whole or in part, because Defendant Allied World has no duties to Plaintiffs under the CUIC policy, Allied World having assumed no responsibility for claims under the CUIC policy.

### SIXTH AFFIRMATIVE DEFENSE

30. The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs have failed to join all persons needed for a just adjudication.

### SEVENTH AFFIRMATIVE DEFENSE

31. The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs have failed to comply with all of the terms and conditions of the CUIC policy.

### EIGHTH AFFIRMATIVE DEFENSE

32. The claims asserted in the Complaint are barred, in whole or in part, by the equitable doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

33. The claims asserted in the Complaint are barred, in whole or in part, to the extent that the Fourth-Party Plaintiffs have impaired any of Defendant's rights under the CUIC Policy or any other relevant agreements.

## TENTH AFFIRMATIVE DEFENSE

34. The claims asserted in the Complaint are barred, in whole or in part, by the equitable doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

35. The claims asserted in the Complaint are barred, in whole or in part, by the theory of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

36. The claims asserted in the Complaint are barred, in whole or in part, by the terms of the CUIC policy, which states, in part:

**3. Legal Action Against Us**

No person or organization has a right under this Coverage Part:

a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

b. To sue us on the Coverage Part unless all of its terms have been fully complied with.

## THIRTEENTH AFFIRMATIVE DEFENSE

37. If and to the extent that the CUIC policy provides coverage for any part of Plaintiffs' claims, such coverage is excess of coverage provided by other carriers pursuant to the CUIC policy's "Other Insurance" provision and/or the CUIC policy's Subcontractor's Liability Insurance Endorsement and/or the CUIC policy's "Amendatory Endorsement Other Insurance Condition - Excess Insurance."

## FOURTEENTH AFFIRMATIVE DEFENSE

38.   If and to the extent that the CUIC policy provides coverage for any part of Plaintiffs' claims, such coverage applies subject to the terms relating to allocation contained in the CUIC policy, including but not limited to the terms of the "Other Insurance" provision and/or the CUIC policy's Subcontractor's Liability Insurance Endorsement and/or the CUIC policy's "Amendatory Endorsement Other Insurance Condition - Excess Insurance."

## FIFTEENTH AFFIRMATIVE DEFENSE

39.   If and to the extent that the CUIC policy provides coverage for any part of Plaintiffs' claims, such coverage is subject to all of the applicable terms, conditions and limits of the CUIC policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

40.   The claims asserted in the Complaint are barred, in whole or in part, by certain policy exclusions including but not limited to exclusions for Expected or Intended Injury, Contractual Liability, Damage to Property, Damage to "Your Work," Damage to Impaired Property, Property Not Physically Injured, and exclusions pertaining to acts or omissions by architects, engineers and other professionals.

## SEVENTEENTH AFFIRMATIVE DEFENSE

40.   Defendant reserves the right to rely on any additional terms or exclusions in the CUIC policy and/or affirmative defenses to Plaintiffs' claims for coverage the application of which is disclosed during the course of discovery.

## EIGHTEENTH AFFIRMATIVE DEFENSE

41. Defendant reserves the right to amend its Answer to the Amended Fourth-Party Complaint to assert affirmative defenses, policy terms or exclusions, counterclaims, or cross claims, and to institute third-party actions, based on facts obtained through investigation and discovery.

**WHEREFORE**, Defendant respectfully requests that this Court enter judgment dismissing the amended fourth-party complaint in its entirety as against Allied World and awarding Defendant costs of suit, attorneys' fees, and such other relief as this Court deems proper.

Dated:   New York, New York
         April 19, 2005

                              MOUND COTTON WOLLAN & GREENGRASS

                              By: _____
                                  Diana E. Goldberg (DG-3283)
                                  One Battery Park Plaza
                                  New York, NY 10004-1486
                                  (212) 804-4200

                              Attorneys for Fourth-Party Defendant Allied
                              World Assurance Company (U.S.) Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of ANSWER AND AFFIRMATIVE DEFENSES OF FOURTH-PARTY DEFENDANT ALLIED WORLD ASSURANCE COMPANY (U.S.), INC. TO THE AMENDED FOURTH-PARTY COMPLAINT was served on April 19, 2005 by regular mail upon:

Guido Weber, Esq.
Dreifuss Bonacci & Parker, LLP
26 Columbia Turnpike
North Entrance
Florham Park, New Jersey 07932
*Attorneys for Fourth-Party Plaintiffs, Trataros Construction, Inc.*
*and Travelers Casualty and Surety Company*

Stephen B. Shapiro, Esq.
Holland & Knight, LLP
195 Broadway
New York, New York 10007
*Attorneys for Defendant, Dormitory Authority of the State of New York*

Gary L. Rubin, Esq.
Mazur, Carp & Rubin, P.C.
1250 Broadway, 38th Floor
New York, New York 10001
*Attorneys for TDX Construction Corp.*

David Abramovitz, Esq.
Zetlin & DeChiara, LLP
801 Second Avenue
New York, New York 10017
*Attorneys for Defendant Kohn, Pederson, Fox & Associates, P.C.*

Paul A. Winick, Esq.
Thelen Reid & Priest LLP
875 Third Avenue
New York, New York 10022
*Attorneys for Third-Party Defendant LBL Skysystems (U.S.A.), Inc.*

Robert Mark Wasko, Esq.
Torre Lentz Gamell Gary & Rittmaster LLP
100 Jericho Quadrangle, Suite 309
Jericho, New York 11753-2702
*Attorneys for Fourth-Party Defendants G.M. Crocetti, Inc. and Carolina Casualty Insurance Company*

1

Jeremy Platek, Esq.
O'Connor, Redd, Gollihue & Sklarin, LLP
200 Mamaroneck Avenue
White Plains, New York 10601
*Attorneys for Fourth-Party Defendant Bartec Industries Inc.*

Thomas M. DeSimone, Esq.
Goldberg Segalla, LLP
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
*Attorneys for Fourth-Party Defendant Dayton Superior Specialty Chemical Corp.*

Steven A. Coploff, Esq.
Steinberg & Cavaliere, LLP
50 Main Street, Suite 901
White Plains, New York 10606
        and
George J. Manos, Esq.
David N. Larson, Esq.
Bollinger, Ruberry & Garvey
500 West Madison, Suite 2300
Chicago, IL 60661
*Attorneys for Fourth-Party Defendant American Motorist Insurance Company, improperly sued herein as Kemper Casualty Insurance Company d/b/a Kemper Insurance Company*

Christian H. Gannon, Esq.
Segal McCambridge Singer & Mahoney, Ltd.
805 Third Avenue, 19th Floor
New York, New York 10022
*Attorneys for Fourth-Party Defendant Specialty Construction Brands, Inc. t/a TEC*

_____
Diana E. Goldberg (DG-3283)
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, NY 10004-1486

2