# EXHIBIT 34

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>DORMITORY AUTHORITY – THE STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>Defendants. | Case No. 07 Civ. 6915 (DLC)<br><br><br>**THIRD-PARTY<br>COMPLAINT** |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP.,<br><br>Third-Party Plaintiffs,<br><br>- against -<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>Third-Party Defendant. | |

Third-party plaintiffs Dormitory Authority of the State of New York and TDX

Construction Corp., by their attorneys, Holland & Knight LLP, as and for their complaint against

the third-party defendants allege:

*Parties, Jurisdiction and Venue*

1.    Third-party plaintiff Dormitory Authority of the State of New York ("DASNY")

is a public benefit corporation organized and existing under the Public Authorities Law of the

State of New York, with its principal place of business located at 515 Broadway, Albany, New

York.

2.      Third-party plaintiff TDX Construction Corp. ("TDX") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 345 Seventh Avenue, New York, New York.

3.      Upon information and belief, third-party defendant Trataros Construction, Inc. ("Trataros") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 664 64th Street, Brooklyn, New York.

4.      This Court has jurisdiction over this third-party action pursuant to 28 U.S.C. § 1367(a).

5.      This District is the proper venue for this third-party action under 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to the cross-claims asserted herein occurred within this District.

*Facts*

6.      This case arises from the construction of a 785,000 gross square foot, 14 story structure located on Lexington Avenue between 24th and 25th Streets in the borough of Manhattan (the "Project"), which was designed to house Baruch College's School of Liberal Arts and Sciences, Business School, Executive Program Division, recreational and performance facilities, and various student activity areas. The Project is commonly known as the Baruch Academic Complex, Site B.

7.      The Project was designed by Kohn Pedersen Fox Associates, P.C. ("KPF") and built in accordance with the Wicks Law, N.Y. State Finance Law § 135, using multiple trade construction contractors (the "Prime Trade Contractors").

8.      Pursuant to written agreements between DASNY and TDX, TDX performed construction management services for the Project.

9.    On or about April 22, 1998, DASNY, as owner, and Trataros Construction, Inc. ("Trataros"), as contractor, entered into Agreement No. 6500 1802 2176 ("Contract No. 15"). Contract No. 15 required Trataros to provide all labor and material necessary to perform specified general construction work on the Project for the fixed sum of $50,222,000.00. Contract No. 15 included plans, specifications, general conditions and other terms, conditions, obligations, duties, and requirements that Trataros agreed to assume and comply with.

10.    On or about April 22, 1998, Trataros, as principal, and Reliance Insurance Company ("Reliance"), as surety, executed and delivered a labor and material payment bond and a performance bond for Contract No. 15, each having the penal sum of $50,222,000.00 and naming DASNY as obligee.

11.    On or about August 27, 1998, DASNY, as owner, and Trataros, as contractor, entered into Agreement No. 6500 1802 2178 ("Contract No. 16"). Contract No. 16 required Trataros to provide all labor and material necessary to perform specified general construction work at the Project for the fixed sum of $24,140,000.00. Contract No. 16 included plans, specifications, general conditions, and other terms, conditions, duties, and requirements that Trataros agreed to assume and comply with.

12.    On or about August 27, 1998, Trataros, as principal, and Reliance, as surety, executed and delivered a labor and material payment bond and a performance bond for Contract No. 16, each having the penal sum of $24,140,000.00 and naming DASNY as obligee.

13.    Upon information and belief, on or about May 31, 2000, Travelers Casualty and Surety Company ("Travelers") acquired the surety and fidelity business written by Reliance Group Holdings, Inc., including bonds written by Reliance. All duties, rights, and obligations of

Reliance under the labor and material payment and performance bonds for Contract No. 15 and Contract No. 16 were assumed by Travelers by virtue of that transaction.

14.    Trataros entered into various subcontract agreements and purchase orders with trade contractors and material suppliers ("Trataros' Subcontractors and Suppliers") that obligated those subcontractors and suppliers to fulfill certain of Trataros' obligations and under Contract No. 15 and Contract No. 16.

I. *Project Delays*

15.    Contract No. 15 and Contract No. 16 required Trataros to complete its work in accordance with schedules that were developed with input from Trataros and its subcontractors. By entering into Contract No. 15 and Contract No. 16, Trataros agreed to complete the work in accordance with the sequences, milestones and completion dates in those schedules and any updates thereto.

16.    Time was of the essence under Contract No. 15 and Contract No. 16.

17.    Contract No. 15 and Contract No. 16 each contained a provision requiring Trataros to pay DASNY liquidated damages in the amount of $500.00 per day for each and every day that Trataros was in default after the specified time of completion.

18.    Trataros failed to complete its work in accordance with the sequences, milestones and completion dates required by the schedules for Contract No. 15 and Contract No. 16.

19.    Trataros' failure to complete its work in accordance with the sequences, milestones and completion dates required by the schedules for Contract No. 15 and Contract No. 16 delayed, disrupted and impacted work performed on the Project by other Prime Trade Contractors and Trataros' Subcontractors and Suppliers. Trataros also is responsible for a delay to the overall completion of the Project.

20.     The delays, disruptions and impacts to work performed by other Prime Trade Contractors and Trataros' Subcontractors and Suppliers is attributable to, *inter alia*, Trataros' failure to properly plan, schedule, coordinate or manage the work and Trataros' failure to provide adequate labor, material and equipment to effectively phase and complete their work.

21.     Certain Prime Trade Contractors have submitted claims to DASNY seeking additional compensation and extensions of time due to alleged delays, disruptions, impacts and inefficiencies.  To the extent that DASNY has any responsibility for these claims, that responsibility is at least partially attributable to Trataros' failure to complete its work in accordance with the sequences, milestones and completion dates required by the schedules for Contract No. 15 and Contract No. 16 and Trataros' failure to properly administer and execute its work.

22.     Some of Trataros' Subcontractors and Suppliers have submitted claims to Trataros seeking additional compensation and extensions of time due to alleged delays, disruptions, impacts and inefficiencies.  Trataros and/or Travelers are attempting to pass liability for these claims through to DASNY and/or TDX.  To the extent that DASNY and/or TDX have any responsibility for these claims, that responsibility is partially or completely attributable to Trataros' failure to complete its work in accordance with the sequences, milestones and completion dates required by the schedules for Contract No. 15 and Contract No. 16 and Trataros' failure to properly administer and execute its work.

23.     The City University of New York ("CUNY") for whom DASNY oversaw and administered the construction of the Project, suffered substantial damages due to Trataros' delays in completing its work under Contract No. 15 and Contract No. 16.  DASNY also suffered substantial damages as a result of Trataros' delays.

II.    *Construction Defects*

24.    Contract No. 15 and Contract No. 16 included plans and specifications that set forth the technical requirements for both the performance and quality of the work.

25.    Trataros agreed to perform its work in accordance with the technical and quality requirements set forth in Contract No. 15 and Contract No. 16. Trataros also agreed to comply with applicable industry standards and state and local building codes and regulations.

26.    The work performed by Trataros and its subcontractors failed to satisfy the technical and quality requirements in Contract No. 15 and Contract No. 16 or accepted industry practices.

27.    As a result of Trataros and its subcontractors' failure to satisfy the technical and quality control requirements in Contract No. 15 and Contract No. 16 and accepted industry standards, significant portions of Trataros' work were defective, substandard or otherwise unacceptable. This nonconforming work had to be repaired or replaced at significant expense to DASNY.

28.    In addition to the construction defects described above, Trataros also failed to install flooring material in the Project in accordance with the requirements of Contract No. 15 and Contract No. 16 and accepted industry standards.

29.    The construction documents for the Project specified epoxy terrazzo as the interior finished flooring material for thousands of square feet of public space in the Project.

30.    The epoxy terrazzo installation was part of the scope of work assigned to Trataros under Contract No. 16. Trataros subcontracted the epoxy terrazzo work to G.M. Crocetti, Inc. ("Crocetti").

- 6 -

31.    The epoxy terrazzo that Trataros and Crocetti installed in the Project is deteriorating and is otherwise defective.  Among other things, the epoxy terrazzo is cracking and crumbling at the perimeter of the poured area at the zinc divider strips over substantial areas of the epoxy terrazzo installation.  The epoxy terrazzo is also delaminating and "blistering" in increasingly larger areas.

32.    The failure of the epoxy terrazzo was caused by defective workmanship and inappropriate materials provided by Trataros and its subcontractors and suppliers, who, among other things, failed to properly prepare and install the material according to either the contract documents or the manufacturer's prescribed procedures.

33.    The remediation of the defective epoxy terrazzo will cause major disruptions to CUNY's operation in the building and will cost an estimated thirteen million dollars or more to accomplish.

34.    Trataros is contractually responsible for the defective epoxy terrazzo installation on the Project in addition to being responsible for all of the costs arising out of its satisfactory remediation.

## FIRST CAUSE OF ACTION
(Contractual Indemnification of DASNY)

35.    Third-party plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 34 above, as if the same were set forth at length herein.

36.    Contract No. 15 and Contract No. 16 require Trataros to indemnify and hold harmless DASNY and DASNY's clients against all claims by third persons on account of loss or damage of any kind whatsoever arising or alleged to arise out of or as a result of or in connection with Trataros' performance of the work.  Contract No. 15 and Contract No. 16 also require

Trataros to bear the risk for all losses sustained or alleged to have been sustained resulting from Trataros' negligence or alleged negligence.

     37.    In the complaint filed in this action by Travelers, Travelers alleges that subcontractors of Trataros have suffered damages as a result of delays and other matters allegedly beyond their control, and seeks damages from DASNY on behalf of such subcontractors.

     38.    To the extent that DASNY is held liable to Travelers on account of any damages suffered by Trataros' subcontractors as a result of Trataros' negligence, Trataros is required to indemnify DASNY and hold DASNY harmless.

     39.    To the extent that DASNY is liable or responsible for any claims for additional compensation by other Prime Trade Contactors as a result of Trataros' negligence, Trataros is required to indemnify DASNY and hold DASNY harmless.

     40.    To the extent that DASNY is liable or responsible for any claims for additional compensation by any other third party as a result of Trataros' negligence, DASNY is entitled to indemnification from and to have judgment over against Trataros, in the amount of any judgment or verdict against DASNY in this action by Travelers or any third party.

## SECOND CAUSE OF ACTION
(Common Law Indemnification of DASNY)

     41.    Third-party plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 40 above, as if the same were set forth at length herein.

     42.    Trataros performed its responsibilities on the Project negligently and/or recklessly.

43.     Trataros' negligent and/or reckless performance of its responsibilities on the Project and/or Trataros' culpable conduct caused the damages alleged by Travelers in its complaint in this action.

44.     If any damages are awarded against DASNY, such damages were actually caused by reason of Trataros' negligence, recklessness, and/or culpable conduct.

45.     In the event that Travelers recovers a judgment against DASNY in this action, or DASNY otherwise becomes obligated to pay Travelers for claims arising from or in connection with the Project, such liability on the part of DASNY, by operation of law or otherwise, will have been caused and brought about by the culpable conduct of Trataros, and will not have been caused by any culpable conduct on the part of DASNY.

46.     In the event that any other third party recovers a judgment against DASNY or DASNY otherwise becomes obligated to pay claims to a third party arising from or in connection with the Project, such liability on the part of DASNY, by operation of law or otherwise, will have been caused and brought about by the culpable conduct of Trataros, and will not have been caused by any culpable conduct on the part of DASNY.

47.     Accordingly, Trataros as the actual tortfeasor is liable to DASNY, and DASNY is entitled to indemnification from and to have judgment over against Trataros, in the amount of any judgment or verdict against DASNY in this action by Travelers or any third party.

### THIRD CAUSE OF ACTION
(Contribution to DASNY)

48.     Third-party plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 47 above, as if the same were set forth at length herein.

49.     Trataros' negligent performance of its responsibilities on the Project caused or contributed to the damages alleged in Travelers' complaint to have been incurred on the Project.

- 9 -

50.    In the event that Travelers recovers a judgment against DASNY in this action, or DASNY otherwise becomes obligated to pay Travelers or any third party for claims arising from or in connection with the Project, such liability, by operation of law or otherwise, will have been caused by Trataros' negligence, carelessness, breach of contract, breach of warranty, and/or other culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, breach of warranty, and/or other culpable conduct on the part of DASNY.

51.    Pursuant to Article 14 of the New York Civil Practice Law and Rules, DASNY is entitled to recover damages in the amount of any judgment against DASNY by Travelers and/or any other third party as determined in accordance with their relative culpability, and DASNY is entitled to have judgment over against Trataros in an amount equal to any excess paid by DASNY over and above DASNY's equitable share, with interest.

## FOURTH CAUSE OF ACTION
### (By DASNY for Breach of Contract – Delays, Disruptions and Impacts )

52.    Third-party plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 51 above, as if the same were set forth at length herein.

53.    DASNY entered into two valid, binding, and enforceable written prime contracts with Trataros for the construction of certain work on the Project under Contract No. 15 and Contract No. 16.

54.    Under Contract No. 15 and Contract No. 16, Trataros was obligated to perform all of the items in the contractual scope of work in accordance with the sequences, milestones and the time periods provided for in the schedules for the work.

55.    Trataros breached Contract No. 15 and Contract No. 16 by failing to perform its work in accordance with the sequences, milestones and time periods in the schedules for the work.

- 10 -

56.    As a direct and proximate result of Trataros' breach, DASNY has suffered damages in an amount to be determined at trial, but exceeding the principal sum of Eight Million Dollars ($8,000,000) plus interest, costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
(By DASNY for Breach of Contract – Construction Defects)

57.    Third-party plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 56 above, as if the same were set forth at length herein.

58.    DASNY entered into two valid, binding, and enforceable written prime contracts with Trataros for the construction of certain work on the Project under Contract No. 15 and Contract No. 16.

59.    Under Contract No. 15 and Contract No. 16, Trataros was obligated to perform all of the items in the contractual scope of work in a workmanlike manner and in accordance with contractually mandated technical and quality requirements, applicable industry standards and governing building codes and regulations.  Trataros also was obligated to complete its work in a manner that assured that the final work product was free of unacceptable defects.

60.    Trataros materially breached Contract No. 15 and Contract No. 16 by failing to perform all of the items in the contractual scope of work in a workmanlike manner or in accordance with contractually mandated technical and quality requirements, applicable industry standards and governing building codes and regulations.  Trataros also materially breached Contract No. 15 and Contract No. 16 by failing to complete its work in a manner that assured that the final work product was free of unacceptable defects.

61.    Trataros materially breached Contract No. 16 by installing epoxy terrazzo flooring that is failing due to construction errors and the use of inappropriate materials by Trataros and its subcontractors and suppliers.

62.    As a direct and proximate result of Trataros' breach, DASNY has suffered damages in an amount to be determined at trial, but exceeding the principal sum of Twenty Million Dollars ($20,000,000) plus interest, costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
(Common Law Indemnification of TDX)

63.    Third-party plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 62 above, as if the same were set forth at length herein.

64.    Trataros performed its responsibilities on the Project negligently and/or recklessly.

65.    Trataros' negligent and/or reckless performance of its responsibilities on the Project and/or Trataros' culpable conduct caused the damages alleged by Travelers in its complaint in this action.

66.    If any damages are awarded against TDX, such damages were actually caused by reason of Trataros' negligence, recklessness, and/or culpable conduct.

67.    In the event that Travelers recovers a judgment against TDX in this action, or TDX otherwise becomes obligated to pay Travelers for claims arising from or in connection with the Project, such liability on the part of TDX, by operation of law or otherwise, will have been caused and brought about by the culpable conduct of Trataros, and will not have been caused by any culpable conduct on the part of TDX.

68.    In the event that any other third-party recovers a judgment against TDX or TDX otherwise becomes obligated to pay claims to a third party arising from or in connection with the Project, such liability on the part of TDX, by operation of law or otherwise, will have been caused and brought about by the culpable conduct of Trataros, and will not have been caused by any culpable conduct on the part of TDX.

- 12 -

69.    Accordingly, Trataros as the actual tortfeasor is liable to TDX, and TDX is entitled to indemnification from and to have judgment over against Trataros, in the amount of any judgment or verdict against TDX in this action by Travelers or any third party.

## SEVENTH CAUSE OF ACTION
(Contribution to TDX)

70.    Third-party plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 69 above, as if the same were set forth at length herein.

71.    Trataros' negligent performance of its responsibilities on the Project caused or contributed to the damages alleged in Travelers' complaint to have been incurred on the Project.

72.    In the event that Travelers recovers a judgment against TDX in this action, or TDX otherwise becomes obligated to pay Travelers or any third party for claims arising from or in connection with the Project, such liability, by operation of law or otherwise, will have been caused by Trataros' negligence, carelessness, breach of contract, breach of warranty, and/or other culpable conduct, and will not have been caused by any negligence, carelessness, breach of contract, breach of warranty, and/or other culpable conduct on the part of TDX.

73.    Pursuant to Article 14 of the New York Civil Practice Law and Rules, TDX is entitled to recover damages in the amount of any judgment against TDX by Travelers and/or any other third party as determined in accordance with their relative culpability, and TDX is entitled to have judgment over against Trataros in an amount equal to any excess paid by TDX over and above TDX's equitable share, with interest.

**WHEREFORE**, third-party plaintiffs the Dormitory Authority of the State of New York and TDX Construction Corp. demand judgment:

I.    on the First Cause of Action, awarding damages to DASNY in the amount of any judgment rendered against DASNY in favor of Travelers on behalf of Trataros' subcontractors

and/or any liability DASNY incurs to any other third party as a result of Trataros' negligence, recklessness and/or culpable conduct;

II.    on the Second Cause of Action, awarding damages to DASNY in the amount of any judgment rendered against DASNY in favor of Travelers on behalf of Trataros' subcontractors and/or any liability DASNY incurs to any other third party as a result of Trataros' negligence, recklessness and/or culpable conduct;

III.    on the Third Cause of Action, awarding damages to DASNY in the amount of any judgment recovered by Travelers or any third party against DASNY as determined in accordance with their relative culpability, and DASNY further demands judgment against Trataros in an amount equal to any excess paid by DASNY over and above DASNY's equitable share, with interest;

IV.    on the Fourth Cause of Action, awarding damages to DASNY in an amount to be determined at trial, but exceeding the principal sum of Eight Million Dollars ($8,000,000);

V.    on the Fifth Cause of Action, awarding damages to DASNY in an amount to be determined at trial, but exceeding the principal sum of Twenty Million Dollars ($20,000,000);

VI.    on the Sixth Cause of Action, awarding damages to TDX in the amount of any judgment rendered against TDX in favor of Travelers on behalf of Trataros' subcontractors and/or any liability TDX incurs to any other third party as a result of Trataros' negligence, recklessness and/or culpable conduct;

VII.    on the Seventh Cause of Action, awarding damages to TDX in the amount of any judgment rendered against TDX in favor of Travelers or any third party on behalf of Trataros' subcontractors and/or any liability TDX incurs to any other third party as a result of Trataros' negligence, recklessness and/or culpable conduct; and

VIII.   awarding DASNY and/or TDX the costs and disbursements of this action,

interest, attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        September 28, 2007

                                HOLLAND & KNIGHT LLP
                                *Attorneys for Third-Party Plaintiffs*
                                *Dormitory Authority of the State of New*
                                *York and TDX Construction Corp.*


                                By: _____
                                        Stephen B. Shapiro
                                        Timothy B. Froessel
                                195 Broadway
                                New York, New York  10007
                                (212) 513-3200

- 15 -

## CERTIFICATE OF SERVICE

TIMOTHY B. FROESSEL hereby declares the following to be true under penalty of

perjury:

On September 28, 2007, I caused the foregoing Third-Party Complaint to be served upon

all parties listed in the attached Service List, at the addresses designated for service, by

depositing same, enclosed in a properly addressed wrapper, first-class postage pre-paid, in an

official depository under the exclusive care and custody of the United States Postal Service

within the State of New York.

Dated: New York, New York
       September 28, 2007


_____
TIMOTHY B. FROESSEL

## SERVICE LIST

Eli J. Rogers, Esq.
Dreifuss Bonacci & Parker, LLP
26 Columbia Turnpike
North Entrance
Florham Park, NJ 07932

*Attorneys for Plaintiff*

Michael K. DeChiara, Esq.
Zetlin & DeChiara LLP
801 Second Avenue
New York, NY 10017

*Attorneys for Defendant
Kohn Pedersen Fox Associates, P.C.*