| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>    vs.<br><br>DORMITORY AUTHORITY - STATE OF NEW YORK, TDX CONSTRUCTION CORP. and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>       Defendants. | Case No. 07-CV-6915 (DLC)<br>**ECF CASE** |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP.,<br><br>       Third-Party Plaintiffs,<br><br>    vs.<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>       Third-Party Defendant. | |
| TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>       Fourth-Party Plaintiffs,<br><br>    vs.<br><br>CAROLINA CASUALTY INSURANCE COMPANY; BARTEC INDUSTRIES INC.; DAYTON SUPERIOR SPECIALTY CHEMICAL CORP. a/k/a DAYTON SUPERIOR CORPORATION; SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.; UNITED STATES FIRE INSURANCE COMPANY; NORTH AMERICAN SPECIALTY INSURANCE COMPANY; ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. f/k/a COMMERCIAL UNDERWRITERS INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY d/b/a ZURICH INSURANCE COMPANY; OHIO CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP; HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a HARLEYSVILLE INSURANCE COMPANY,); JOHN DOES 1-20 and XYZ CORPS. 1-19,<br><br>       Fourth-Party Defendants. | **DECLARATION OF JOHN SCARPELLINO, SR. IN OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT FILED BY THE FOURTH-PARTY DEFENDANT INSURANCE CARRIERS** |

| |
|---|
| KOHN PEDERSEN FOX ASSOCIATES, P.C., |
|                   Third-Party Plaintiff, |
|            vs. |
| WEIDLINGER ASSOCIATES CONSULTING ENGINEERS, P.C., CASTRO-BLANCO PISCIONERI AND ASSOCIATES, ARCHITECTS, P.C., ARQUITECTONICA NEW YORK, P.C., COSENTINI ASSOCIATES, INC., CERMAK, PETERKA PETERSEN, INC., JORDAN PANEL SYSTEMS CORP., TRATAROS CONSTRUCTION, INC. and LBL SKYSYSTEMS (U.S.A.), INC., |
|                   Third-Party Defendants. |

**JOHN SCARPELLINO, SR.**, of full age and under penalty of perjury, pursuant to 28 U.S.C. § 1746 and Local Civil Rule 1.10, deposes and says:

1. I am a Bond Claims Executive for Travelers Casualty and Surety Company (hereinafter "Travelers"). I am the person at Travelers primarily responsible for overview of this file and I make this Declaration in connection with Travelers' Opposition to the Motions for Summary Judgment filed by the Fourth-Party Defendant Insurance Carriers (the "fourth-party defendant insurance carriers"). The statements I make herein are based upon my personal knowledge, along with any other information which I learned as a result of investigations and/or discovery conducted on behalf of Travelers.

2. Travelers is in the business of writing a variety of surety bonds, including bonds issued at the request of construction contractors required by law and/or by contract to supply them to project owners such as Defendant/Third-Party Plaintiff, Dormitory Authority - State of New York (hereinafter "DASNY").

3. One such construction contractor, Trataros Construction, Inc. ("Trataros), obtained two sets of performance and payment bonds when it separately bid upon, and was separately awarded, two construction contracts with DASNY in connection with a construction

project commonly referred to as, inter alia, Baruch College, Site B (the "Project"). Upon information and belief, Trataros' two separate contracts with DASNY for the Project, referred to as "Contract No. 15," styled as "Package No. 1 – General Construction Work, and "Contract No. 16."

4.   The bonds which Trataros obtained in connection with Contract No. 15 and Contract No. 16 were issued by Reliance Insurance Company, and subsequently came to be administered by Travelers.

5.   The first actual claim that Travelers received from DASNY with respect to the alleged defects in the Project's epoxy terrazzo flooring system was the Third-Party Complaint filed by DASNY in the Action that had been pending before Judge Baer, entitled <u>Travelers Casualty and Surety Company, et al. v. The Dormitory Authority of the State of New York, et al.</u> bearing Case No. 04-cv-5101 (the "Baer Action"). As to claims made directly against Trataros with respect to the alleged flooring problems, I am not aware of any such claim having been made by DASNY in advance of the Third-Party Complaint filed in the Baer Action.

6.   Following receipt of DASNY's claim, Travelers conducted an investigation into the merits of DASNY's allegations and the potential exposure of Travelers and/or Trataros. Travelers conducted as thorough an investigation as it could under the circumstances (the Baer action was dismissed before any depositions were conducted) and we concluded that there was no liability on the part of Trataros or Travelers. In that regard, I recall that there was an issue with the work performed by a prior contractor. Possible causes of the alleged cracking of the terrazzo in certain areas included possible problems with the concrete, the underlayment or the terrazzo itself.

7. With respect to the insurance coverage issue, it bears noting that it was Trataros who was either a Named Insured or additional insured under the policies issued by the fourth-party defendant insurance carriers. Travelers as surety, was not named additional insured. However, Trataros had been out of business for over a year at the time that DASNY filed its Third-Party Complaint in the Baer Action, and had no employees. (Deposition of Athena Curis, taken July 24, 2008, 11:17-19;12:2-4;12:24-13:18;18:24-19:8; true and correct copies of excerpted portions of Ms. Curis' deposition testimony are attached hereto as **Exhibit A**)

8. Without divulging privileged attorney-client communications and attorney work product, not only did we believe that neither Travelers nor Trataros had exposure for the claims based upon our investigation, but I also did not believe that potential coverage may exist for the allegations raised in DASNY's Third Party Complaint, particularly because those allegations are generally couched in terms of alleged defects in Trataros' and/or Crocetti's workmanship on the Project.

9. Based on my experience in the insurance and surety industry, it was my general understanding that commercial general liability ("CGL") polices exclude coverage for defects in a contractor's own work. CGL policies contain numerous technical exclusions "hazards", and exceptions. Based on the limited information available at the time, it could not be said whether and which exceptions to the general rule of non-coverage might apply under the facts of this case.

10. As the Baer Action got underway, Travelers started to review and compile Project records from Trataros (while I do not know the precise number, I believe that we obtained hundreds of thousands of pages) as well as from other parties (I believe that our counsel has

documents and/or access to documents by computer) that comprise over 1,000,000 pages relating to this matter.

11.    While I do not have precise knowledge of the precise date, I believe that it was Judge Baer's ordered deadline for adding parties that caused us to sue the carriers for whom we ultimately (shortly before the deadline) found some proof of insurance.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: September 12, 2008
       Hartford, Connecticut

                                    _____/S/_____
                                    John Scarpellino, Sr.