```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
TRAVELERS CASUALTY AND SURETY COMPANY as   :
Administrator for RELIANCE INSURANCE       :
COMPANY,                                   :
              Plaintiff,                   :   07 Civ. 6915 (DLC)
                                           :
              -v-                          :   OPINION AND ORDER
                                           :
DORMITORY AUTHORITY - STATE OF NEW YORK,   :
TDX CONSTRUCTION CORP. and KOHN PEDERSEN   :
FOX ASSOCIATES, P.C.,                      :
              Defendants.                  :
------------------------------------------ :
DORMITORY AUTHORITY OF THE STATE OF NEW    :
YORK and TDX CONSTRUCTION CORP.,           :
              Third-Party Plaintiffs,      :
                                           :
              -v-                          :
                                           :
TRATAROS CONSTRUCTION, INC.,               :
              Third-Party Defendant.       :
------------------------------------------ :
TRATAROS CONSTRUCTION, INC. and TRAVELERS  :
CASUALTY AND SURETY COMPANY,               :
              Fourth-Party Plaintiffs,     :
                                           :
              -v-                          :
                                           :
CAROLINA CASUALTY INSURANCE COMPANY;       :
BARTEC INDUSTRIES, INC.; DAYTON SUPERIOR   :
SPECIALTY CHEMICAL CORP. a/k/a DAYTON      :
SUPERIOR CORPORATION; SPECIALTY            :
CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER  :
CASUALTY INSURANCE COMPANY d/b/a KEMPER    :
INSURANCE COMPANY; GREAT AMERICAN          :
INSURANCE COMPANY; NATIONAL UNION FIRE     :
INSURANCE COMPANY OF PITTSBURGH, PA.;      :
UNITED STATES FIRE INSURANCE COMPANY;      :
ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. :
f/k/a COMMERCIAL UNDERWRITERS INSURANCE    :
COMPANY; ZURICH AMERICAN INSURANCE COMPANY :
d/b/a ZURICH INSURANCE COMPANY; OHIO       :
CASUALTY INSURANCE COMPANY d/b/a OHIO      :
CASUALTY GROUP; HARLEYSVILLE MUTUAL        :
INSURANCE COMPANY (a/k/a HARLEYSVILLE      :
INSURANCE COMPANY); JOHN DOES 1-20 and XYZ :
CORPS. 1-20,                               :
              Fourth-Party Defendants.     :
------------------------------------------X
```

Appearances:

For Fourth-Party Plaintiffs Trataros Construction, Inc. and
Travelers Casualty and Surety Company:
JoAnne M. Bonacci
Eli J. Rogers
Dreifuss Bonacci & Parker LLP
26 Columbia Turnpike, North Entrance
Florham Park, NJ 07932

For Fourth-Party Defendant Great American Insurance Company:
Donald G. Sweetman
Gennet, Kallman, Antin & Robinson
Litman Suite
45 Broadway Atrium
New York, NY 10006

DENISE COTE, District Judge:

On June 25, 2008, this Court granted fourth-party defendant U.S. Fire Insurance Company's ("U.S. Fire") converted motion for summary judgment, concluding that a seven-month delay in providing notice of a claim to an insurer is unreasonable and relieves the insurer of any obligation to provide coverage in this complex construction litigation. This Opinion concludes that the seven-month delay in providing notice of a claim to fourth-party defendant Great American Insurance Company ("Great American") was similarly unreasonable and relieves Great American of any obligation to provide coverage in this action.

BACKGROUND

The procedural history and relevant background for this motion have been set out in the Opinion granting U.S. Fire's

converted summary judgment motion, Travelers Cas. & Sur. Co. v. Dormitory Auth., No. 07 Civ. 6915(DLC), 2008 WL 2567784 (S.D.N.Y. June 25, 2008) ("U.S. Fire Opinion"), which is incorporated by reference.[1]  As set out in the U.S. Fire Opinion, this litigation relates to alleged problems in the design and construction of a building for the use of Baruch College (the "Project").  On August 1, 2007, plaintiff Travelers Casualty and Surety Company ("Travelers"), acting as administrator for Reliance Insurance Company ("Reliance") and asserting claims assigned to Travelers by Trataros Construction, Inc. ("Trataros"), commenced this action against defendant Dormitory Authority-State of New York ("DASNY") and others.  DASNY, who acted as the "owner" of the Project on behalf of City University of New York and Baruch College, had entered into more than a dozen co-prime contracts for the Project's construction work, two of which were awarded to Trataros.

In connection with the work to be performed by Trataros under these contracts, subsidiaries of Great American issued several policies to Trataros, including a comprehensive general

---

[1]  The background for this litigation has also been described in this Court's Opinions granting the motion to dismiss of material supplier Specialty Construction Brands Inc. (known as "TEC"), Travelers Cas. & Sur. Co. v. Dormitory Auth., No. 07 Civ. 6915(DLC), 2008 WL 1882714 (S.D.N.Y. Apr. 25, 2008), and granting Travelers' and Trataros' motion to withdraw a bankruptcy reference for an adversary proceeding with Trataros' subcontractor G.M. Crocetti, Inc., In re G.M. Crocetti, Inc., No. 08 Civ. 6239(DLC), 2008 WL 4601278 (S.D.N.Y. Oct. 15, 2008).

liability policy for the period of April 1, 2000 to April 1, 2001 ("CGL Policy"). The CGL Policy required Trataros to "see to it that we receive written notice of [a] claim or 'suit' as soon as practicable." It is this notice provision on which resolution of Great American's summary judgment motion depends.[2]

The work called for under the contracts awarded to Trataros included the installation of an epoxy terrazzo flooring system that, according to a third-party complaint filed on September 28, 2007 by DASNY and its construction manager against Trataros, was to cover "thousands of square feet of public space in the Project." The third-party complaint alleges that "[t]he epoxy terrazzo that Trataros . . . installed in the Project is deteriorating and is otherwise defective," and that "significant portions of Trataros' work were defective, substandard, or otherwise unacceptable" and "had to be repaired or replaced."

Faced with DASNY's claims in the third-party complaint, Travelers and Trataros responded on November 13, 2007 with a fourth-party complaint against a subcontractor, two material suppliers, and eight named insurance companies. Its claim against Great American seeks, inter alia, a declaratory judgment

---

[2] Travelers and Trataros have not argued that the notice provisions in the other Great American policies issued to Trataros provide any ground for distinguishing the notice requirements in those policies from those in the CGL policy. As a result, this Opinion's discussion is confined to the CGL Policy.

that coverage exists under the Great American policies for the claims asserted by DASNY and its construction manager, as well as "complete indemnification and/or compensatory damages, to the full extent of such coverage," in the event that DASNY prevails on those claims.

DISCUSSION

The U.S. Fire Opinion explained that under New York law, which the parties agree applies to the instant motion, an insurer is not liable for coverage if the insured party did not comply with the notice provisions of the insurance contract. Travelers, 2008 WL 2567784, at *3. The Opinion noted further that under New York law, an insurance carrier is not required to demonstrate prejudice from the delayed notice to assert a late notice defense to coverage. Id. at *4. Finally, it held that when the trigger for the notice requirement was a notice of a claim, instead of notice of an occurrence, the insured cannot rely on a belief in non-liability as an excuse for delay in giving notice to the insurer. Id. at *4-*5.

With these principles of law in mind, the Opinion found that DASNY's third party complaint, filed on August 4, 2004 in connection with a prior action in this district and concerning

the same subject matter as the instant action,[3] was a "suit" within the notice provision of the U.S. Fire policy, and that U.S. Fire had not received notice of that suit until March 29, 2005, when it was served with an amended fourth-party complaint filed by Trataros and Travelers in those prior proceedings. The Opinion noted that this seven-month delay was unreasonable as a matter of law absent a valid excuse, and it rejected the two excuses proffered by Trataros and Travelers. Id. at *5.

The first excuse was that an investigation led Travelers and Trataros to conclude that they were not liable. The U.S. Fire Opinion noted that even a good-faith belief in non-liability cannot excuse failure to comply with a notice of claim provision. Id. at *6. The second excuse was that because Trataros had gone out of business in 2003, Travelers had difficulty locating its insurance policies. The U.S. Fire Opinion found, however, that lack of knowledge of an insurance policy is not a valid excuse under New York law for failing to comply with a policy's notice provision. Id. at *6-*7.

After the U.S. Fire Opinion was issued on June 25, 2008, a July 14, 2008 scheduling order permitted other fourth-party defendant insurance companies to file summary judgment motions

---

[3] The prior action was discontinued without prejudice on October 7, 2005 by the Honorable Harold Baer, the judge to whom it was assigned, to permit the parties to pursue voluntary mediation. After the mediation collapsed, the litigation was refiled and reassigned to this Court.

based on an assertion that the reasoning in the U.S. Fire Opinion supported dismissal of the claims against them as well. Great American's motion was fully submitted on October 9, 2008. Great American asserts that its situation is identical to that of U.S. Fire. DASNY's third-party complaint in the previous action was filed on August 4, 2004, and Great American did not receive notice of the suit until it was served with Traveler's and Trataros' amended fourth-party complaint via the New York State Insurance Department on March 2, 2005. It argues that because a delay of this length was found unreasonable as a matter of law as to U.S. Fire, it should also be held unreasonable here.

Travelers and Trataros advance three principal contentions for a different result in this case. They assert 1) that DASNY's August 4, 2004 complaint was filed in an action that was subsequently dismissed, and thus cannot be used as the trigger for notice in the instant action; 2) that New York has abrogated the rule that insurers need not demonstrate prejudice from the delayed notice in order to disclaim coverage; and 3) that their delay in providing notice should be excused because they initially believed that there was no coverage under any CGL policy.[4] None of these contentions has merit.

---

[4] Travelers and Trataros also argue, as they did in opposition to U.S. Fire's motion for summary judgment, that certain

As to the first contention, Travelers and Trataros claim that in the instant action, filed in 2007, they provided timely notice of suit, submitting DASNY's third-party complaint in this action to Great American on the same day it was received. They argue that any delay on their part in providing notice of DASNY's 2004 third-party complaint is immaterial because that action was eventually dismissed so that the parties could pursue mediation. Travelers and Trataros, however, point to no authority for their contention that they can somehow be absolved of their failure to comply with an insurance policy's notice of suit provision simply because that suit is subsequently dismissed without prejudice to being refiled, and then is refiled. Having delayed unreasonably in giving Great American notice of the August 2004 third-party complaint, Travelers and Trataros do not get a "do-over" to give timely notice simply because the same claims have been refiled in the instant action after settlement efforts failed.

As discussed in the U.S. Fire Opinion, the purpose of the notice provisions is to "enable insurers to make a timely investigation of relevant events and exercise early control over

---

correspondence in 2003 did not trigger the insurance policy's notice provision. Putting that issue aside, as this Court did in the U.S. Fire Opinion, see Travelers, 2008 WL 2567784, at *5, for the reasons stated infra Travelers and Trataros were required to provide notice of the claims asserted against them in DASNY's August 2004 third-party complaint.

a claim. Early control may lead to a settlement before litigation and enable insurers to take steps to eliminate the risk of similar occurrences in the future." Travelers, 2008 WL 2567784, at *3-4 (citing New York v. Blank, 27 F.3d 783, 794 (2d Cir. 1994) (citation omitted)). Thus, to comply with the notice provision in the policy, Trataros and Travelers were required to give Great American timely notice of the August 2004 third-party complaint.

Travelers' and Trataros' second argument fares no better. They argue that New York has abrogated its rule that insurers need not demonstrate prejudice from delayed notice in order to disclaim coverage. Specifically, Travelers and Trataros assert that on July 31, 2008, New York State enacted a bill, to take effect 180 days from its becoming law, amending its insurance law to require that certain new insurance contracts include a provision advising insureds that failure to give notice to the insurers will not invalidate a claim by the insured unless the lack of timely notice prejudiced the insurer. 2007 N.Y. Sess. Laws Ch. 388 § 2. As Travelers and Trataros concede, however, this law does not apply to the instant case: the law has not even taken effect yet, and when it does it will only apply prospectively to newly issued insurance contracts. Id. § 8. As such, the no-prejudice rule remains the relevant principle of law for the instant case.

Similarly, Travelers' and Trataros' claim that recent case law has somehow made the application of the no-prejudice rule "unsettled" is without merit. While it is true that the New York Court of Appeals has declined to extend the no-prejudice rule into other contexts, see In re Brandon, 97 N.Y.2d 491, 493 (2002) (supplementary uninsured motorist coverage), it has also "declined to abandon, or even to reduce" the rule in the context at issue here. Briggs Avenue L.L.C. v. Insurance Corp. of Hannover, 516 F.3d 42, 49 (2d Cir. 2008). Similarly, the question certified in Briggs to the New York State Court of Appeals does not suggest that the no-prejudice rule is unsettled in our context; the question certified in Briggs was whether the duty to notify the insurer was triggered when the insured's designated agent, the Secretary of State, received notice of a lawsuit against the insured, or whether actual notice to the insured was required. Id. at 47-48.

Finally, Travelers and Trataros claim that their late notice should be excused as to one of the policies issued by Great American to Trataros, the CGL Policy.[5] They contend that they believed that the allegations for damages asserted against them in DASNY's August 2004 third-party complaint, which they

---

[5] Travelers and Trataros do not argue that their failure to give timely notice to Great American can be excused due to confusion as to the scope of coverage under any Great American policy issued to Trataros other than the CGL Policy.

10

characterize as claims of defective workmanship, would not ordinarily be covered under CGL policies. They explain that they came to believe following an investigation, however, that there is an exception if the insured's defective product is a component of another product or structure, and it is on this exception that they base their current claim for coverage under the CGL Policy.

Assuming only for the purposes of the instant motion that Travelers' and Trataros' analysis of these coverage issues is correct,[6] their failure to notify Great American of the August 2004 third-party complaint cannot be excused for the reasons already explained in the U.S. Fire Opinion, Travelers, 2008 WL 2567784, at *5-*6. Under Blank, 27 F.3d at 796, an insured's belief that there was no coverage under the policy cannot excuse the failure to notify the insurer of the claim. See also Safer v. Government Employees Ins. Co., 678 N.Y.S.2d 667, 668 (2d Dep't 1998) ("regardless of whether the underlying incident fell within the exclusion as defined by [the insured's] policy with [its insurer], the plaintiff's delay in notifying [the insurer] of the incident until more than one month after he was served with [an] amended complaint was unreasonable as a matter of law").

---

[6] This motion pertains only to the issue of late notice. Summary judgment motions with respect to other issues, such as the scope of the relevant policies' coverage, are due in June 2009.

11

Travelers and Trataros rely on Underwriters at Lloyd's of London v. 150 Nassau Street Billiards, Inc., 2003 WL 22999464(JGK) (S.D.N.Y. 2003), to argue that where causes of action in a suit against an insured are excluded by a policy, an insured may delay notifying a carrier of a claim. In Lloyd's, the district court concluded that notice of a claim was timely, even though provided more than eleven months after suit, where the "plain language" of the policy indicated that there would be no coverage for intentional acts and the lawsuit did not include claims for negligence. Id. at *10. When the insured discovered a potential claim for negligence, it promptly notified the insurer. Id. at *2. As a result, when the complaint was amended to add negligence claims, the insurer had already received notice of the claim. Lloyd's is of no assistance to Travelers and Trataros. They do not point to any "plain language" in the CGL Policy which they construed in 2004 as excluding coverage, and on which they relied in delaying notice to Great American.

Indeed, Travelers and Trataros have not shown that doubt about CGL coverage actually contributed at all to their delay in providing notice in 2004. First, Travelers and Trataros did not make this assertion -- that they initially believed that there was no coverage under CGL policies -- in their opposition to U.S. Fire's motion. To the contrary, in opposition to U.S.

12

Fire's motion, they argued that it was "obvious from the [U.S. Fire CGL] Policy's explicit language, and relevant authorities" that faulty workmanship exclusions do not bar coverage for DASNY's claims that pertain to property damage arising out of a subcontractor's work.[7] (Emphasis added). Moreover, an excuse focusing on doubt about CGL coverage also fails to explain why they delayed providing notice to Great American with respect to any of the non-CGL policies under which they seek coverage.

As importantly, Travelers and Trataros do not point to any fact they learned between August 4, 2004 and February 17, 2005 -- the dates they were sued and provided notice of the claim to Great American -- that made them change their initial view that there was no coverage. In fact, in opposition to this motion they assert that they did not realize that there was coverage under CGL policies for DASNY's claims until more than three years later, that is, during discovery in the instant action in 2008. This assertion eviscerates their contention that as soon as they realized there was likely coverage, they impleaded Great American in 2005. Thus, Travelers and Trataros have failed to proffer any valid or reasonable explanation for their delay in

---

[7] In their U.S. Fire brief, Travelers and Trataros were addressing DASNY's claims in the instant action, but the August 2004 DASNY complaint also referenced the role of Trataros' subcontractor Crocetti in the flooring problems. And, of course, even without any explicit reference in the complaint, Trataros knew that its subcontractors were involved in the Project.

13

this case.  Cf. Long Island Lighting Co. v. Allianz Underwriters Ins. Co., 805 N.Y.S.2d 74, 75 (1st Dep't 2005) (rejecting insured's proffered excuse for late notice of an occurrence -- that it did not think the excess policies at issue would be implicated by the claim -- because insured "offer[ed] no evidence that the timing of its notice was the result of a deliberate determination to that effect").

While not essential to the result reached in this Opinion, it is worth noting that two additional facts undercut any excuses Travelers and Trataros might proffer for the untimely notice to insurance companies of the August 2004 third-party complaint that was filed against them.  First, Travelers is a sophisticated party, at least as far as insurance issues are concerned.  There is no unfairness in enforcing black letter insurance law regarding timely notice of claims against an insurance company.  See, e.g., Columbus Trust Co. v. Hanover Ins. Co., 375 N.Y.S.2d 628, 629 (2d Dep't 1975) (rejecting excuse for delayed notice by commercial bank, which was familiar with the form contracts at issue there).  Second, the roughly seven months in which Travelers and Trataros delayed providing notice is only a fraction of the period they had to contemplate the claim.  As soon as they decided to sue DASNY, and they filed that suit on June 28, 2004, it was inevitable that DASNY would respond with its own claims against them.  Thus, Travelers and

Trataros had even more time than the seven months that are counted here to consider how to fulfill their obligations to provide notice to Trataros' insurers.

CONCLUSION

Great American's motion for summary judgment, filed on August 8, 2008, is granted.

SO ORDERED:

Dated:   New York, New York
         October 29, 2008

                                    _____
                                    DENISE COTE
                                    United States District Judge

15