```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
TRAVELERS CASUALTY AND SURETY COMPANY as :
Administrator for RELIANCE INSURANCE     :
COMPANY,                                 :
                Plaintiff,               :   07 Civ. 6915 (DLC)
                                         :
         -v-                             :
                                         :   MEMORANDUM OPINION
DORMITORY AUTHORITY - STATE OF NEW YORK, :       AND ORDER
TDX CONSTRUCTION CORP. and KOHN PEDERSEN :
FOX ASSOCIATES, P.C.,                    :
                Defendants.              :
---------------------------------------- :
DORMITORY AUTHORITY OF THE STATE OF NEW  :
YORK and TDX CONSTRUCTION CORP.,         :
                Third-Party Plaintiffs,  :
                                         :
         -v-                             :
                                         :
TRATAROS CONSTRUCTION, INC.,             :
                Third-Party Defendant.   :
---------------------------------------- :
TRATAROS CONSTRUCTION, INC. and TRAVELERS:
CASUALTY AND SURETY COMPANY,             :
                Fourth-Party Plaintiffs, :
                                         :
         -v-                             :
                                         :
CAROLINA CASUALTY INSURANCE COMPANY;     :
BARTEC INDUSTRIES, INC.; DAYTON SUPERIOR :
SPECIALTY CHEMICAL CORP. a/k/a DAYTON    :
SUPERIOR CORPORATION; SPECIALTY          :
CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER:
CASUALTY INSURANCE COMPANY d/b/a KEMPER  :
INSURANCE COMPANY; GREAT AMERICAN        :
INSURANCE COMPANY; NATIONAL UNION FIRE   :
INSURANCE COMPANY OF PITTSBURGH, PA.;    :
UNITED STATES FIRE INSURANCE COMPANY;    :
ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.:
f/k/a COMMERCIAL UNDERWRITERS INSURANCE  :
COMPANY; ZURICH AMERICAN INSURANCE COMPANY:
d/b/a ZURICH INSURANCE COMPANY; OHIO     :
CASUALTY INSURANCE COMPANY d/b/a OHIO    :
CASUALTY GROUP; HARLEYSVILLE MUTUAL      :
INSURANCE COMPANY (a/k/a HARLEYSVILLE    :
INSURANCE COMPANY); JOHN DOES 1-20 and XYZ:
CORPS. 1-20,                             :
                Fourth-Party Defendants. :
----------------------------------------X
```

DENISE COTE, District Judge:

On August 7, 2008, fourth-party defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") filed a motion for summary judgment asserting that plaintiffs Travelers Casualty and Surety Company ("Travelers") and Trataros Construction, Inc. ("Trataros") failed to give timely notice of a claim under the Commercial Umbrella policies issued by National Union to Trataros (one policy covered the period from April 1, 1999 to April 1, 2000 and the other from April 1, 2000 to April 1, 2001). Specifically, National Union claims that Travelers and Trataros failed to give notice of a third-party complaint that was filed against them on August 4, 2004 until they served National Union with their amended fourth-party complaint via the New York State Insurance Department on March 2, 2005. That amended fourth-party complaint against National Union sought, inter alia, a declaratory judgment that coverage existed under the National Union policies for the claims asserted by DASNY, as well to require National Union "to reimburse, indemnify, and/or exonerate Trataros and/or Travelers" for damages in the event that DASNY prevailed on its claims.

The National Union policies state that they will provide coverage "in excess of the Retained Limit that the Insured becomes legally obligated to pay . . . because of . . . Property Damage . . . that takes place during the Policy Period and is caused by an Occurrence happening anywhere in the world." The Retained Limit is

2

defined as, inter alia, "[t]he total of the applicable limits of the underlying policies listed in the Schedule of Underlying Insurance and the applicable limits of any other underlying insurance providing coverage to the Insured." The notice provisions of the policies provide that "[i]f a claim is made or suit is brought against any Insured that is reasonably likely to involve this policy you must notify us in writing as soon as practicable." Travelers and Trataros argue, inter alia, that because these policies provided excess insurance coverage, their delay in notifying National Union of the August 2004 third-party complaint was reasonable in light of when the duty to notify an excess carrier is triggered.

"Under New York law, absent a valid excuse, an insured's failure to provide timely notice of a claim to its excess insurer is a complete defense to coverage, regardless of whether the carrier was prejudiced by the late notice." Green Door Realty Corp. v. TIG Ins. Co., 329 F.3d 282, 287 (2d Cir. 2003) (citing Am. Home Assurance Co. v. Int'l Ins. Co., 90 N.Y.2d 433, 440 (1997)). "This rule recognizes the important function of prompt notice in furnishing even an excess carrier with an opportunity to participate in settlement discussions at a time when its input is most likely to be meaningful." Id. (citation omitted).

An insured's "obligation to notify its excess insurers is slightly different from its obligations to notify its primary carriers," however, because "the excess insurer is not interested in every accident, but only in those that may be serious enough to

involve it," and therefore an insured's "duty to notify [its] excess insurer accrue[s] when the circumstances known to [the insured] would have suggested a reasonable possibility of a claim that would trigger that excess insurer's coverage." Olin Corp. v. Insurance Co. of North America, 743 F. Supp. 1044, 1054 (S.D.N.Y. 1990) (citation omitted), aff'd, Olin Corp. v. Insurance Co. of North America, 929 F.2d 62, 64 (2d Cir. 1991) (per curiam) (affirming "substantially for the reasons stated by" the district court). Thus, where

> notice to an excess liability carrier is in issue, the focus is on when the insured reasonably should have known that the claim against it would likely exhaust its primary insurance coverage and trigger its excess coverage, and whether any delay between acquiring that knowledge and giving notice to the excess carrier was reasonable under the circumstances.

Morris Park Contracting Corp. v. National Union Fire Ins. Co. of Pittsburgh, PA, 822 N.Y.S.2d 616, 619 (2d Dep't 2006); see also National Union Fire Ins. Co. of Pittsburgh, PA v. Connecticut Indem. Co., 860 N.Y.S.2d 35, 37-38 (1st Dep't 2008).

When excess insurance is involved, "determining the point at which a claim appears likely to result in liability . . . requires a determination of a reasonable estimate of the amount of the claim at any particular point in time, the amount of primary coverage in a particular period, the layer of coverage of the particular excess policy, and the extent to which the underlying primary and excess coverage has been or is likely to be exhausted." General

4

Reinsurance Corp. v. Ciba-Geigy Corp., 853 F.2d 78, 81 (2d Cir. 1988) (citation omitted).

> A provision requiring notice when it "appears likely" that a claim will or "may" involve a policy does not require a probability -- much less a certainty -- that the policy at issue will be involved. All that is required is a "reasonable possibility" of such happening, based on an objective assessment of the information available. Such a possibility may exist even though there are some factors that tend to suggest the opposite.

Christiania General Ins. Corp. of New York v. Great American Ins. Co., 979 F.2d 268, 276 (2d Cir. 1992).

In this case, Travelers and Trataros claim that they did not become reasonably certain that DASNY's claims would reach National Union's excess policies until they received DASNY's initial disclosures in the instant action in November 2007. Travelers and Trataros, however, cannot credibly claim that this was the first time they thought it was reasonably likely that National Union's excess policies would be implicated by DASNY's claims, having sued National Union in February 2005 for, inter alia, a declaratory judgment that coverage in fact existed under those policies for the same claims that are at issue here.

Furthermore, even the notice given to National Union in February 2005 was untimely. Travelers and Trataros point to no facts or circumstances that changed between the time they were served with DASNY's August 2004 third-party complaint and February 2005 when they sued National Union for a declaratory judgment that coverage existed for DASNY's claims. In fact, in the February 2005

5

amended fourth-party complaint, Travelers and Trataros claimed that DASNY sought between $6 million and $10 million in damages from Travelers and Trataros. This is the same amount that Travelers and Trataros claimed DASNY sought against them when they filed their first fourth-party complaint roughly four months earlier, in November 2004. Having pointed to no facts or circumstances that changed between receipt of DASNY's August 2004 third-party claims against them and February 2005, Travelers' and Trataros' delay in giving National Union notice of DASNY's August 2004 complaint was unreasonable as a matter of law. See Long Island Lighting Co. v. Allianz Underwriters Ins. Co., 805 N.Y.S.2d 74, 75 (1st Dep't 2005) (rejecting insured's excuse that it did not think excess coverage would be reached where insured "offer[ed] no evidence that the timing of its notice was the result of a deliberate determination to that effect").

Therefore, for substantially the same reasons as set forth in this Court's Opinions and Orders issued on June 25, 2008 granting fourth-party defendant United States Fire Insurance Company's converted motion for summary judgment, Travelers Cas. & Sur. Co. v. Dormitory Auth., No. 07 Civ. 6915(DLC), 2008 WL 2567784 (S.D.N.Y. June 25, 2008),[1] and on October 29, 2008 granting fourth-party defendant Great American Insurance Company's motion for summary judgment, it is hereby

---

[1] The June 25, 2008 Opinion describes this overall litigation.

6

ORDERED that National Union's August 7, 2008 motion for summary judgment is granted.

SO ORDERED:

Dated: New York, New York
November 3, 2008

*[signature]*
DENISE COTE
United States District Judge