```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
TRAVELERS CASUALTY AND SURETY COMPANY as :
Administrator for RELIANCE INSURANCE     :
COMPANY,                                 :
               Plaintiff,                :   07 Civ. 6915 (DLC)
                                         :
          -v-                            :   OPINION & ORDER
                                         :
DORMITORY AUTHORITY - STATE OF NEW YORK, :
TDX CONSTRUCTION CORP. and KOHN PEDERSEN :
FOX ASSOCIATES, P.C.,                    :
               Defendants.               :
                                         :
----------------------------------------
DORMITORY AUTHORITY OF THE STATE OF NEW  :
YORK and TDX CONSTRUCTION CORP.,         :
               Third-Party Plaintiffs,   :
                                         :
          -v-                            :
                                         :
TRATAROS CONSTRUCTION, INC.,             :
               Third-Party Defendant.    :
                                         :
----------------------------------------
TRATAROS CONSTRUCTION, INC. and TRAVELERS:
CASUALTY AND SURETY COMPANY,             :
               Fourth-Party Plaintiffs,  :
                                         :
          -v-                            :
                                         :
CAROLINA CASUALTY INSURANCE COMPANY;     :
BARTEC INDUSTRIES, INC.; DAYTON SUPERIOR :
SPECIALTY CHEMICAL CORP. a/k/a DAYTON    :
SUPERIOR CORPORATION; SPECIALTY          :
CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER:
CASUALTY INSURANCE COMPANY d/b/a KEMPER  :
INSURANCE COMPANY; GREAT AMERICAN        :
INSURANCE COMPANY; NATIONAL UNION FIRE   :
INSURANCE COMPANY OF PITTSBURGH, PA.;    :
UNITED STATES FIRE INSURANCE COMPANY;    :
ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.:
f/k/a COMMERCIAL UNDERWRITERS INSURANCE  :
COMPANY; ZURICH AMERICAN INSURANCE COMPANY:
d/b/a ZURICH INSURANCE COMPANY; OHIO     :
CASUALTY INSURANCE COMPANY d/b/a OHIO    :
CASUALTY GROUP; HARLEYSVILLE MUTUAL      :
INSURANCE COMPANY (a/k/a HARLEYSVILLE    :
INSURANCE COMPANY); JOHN DOES 1-20 and XYZ:
CORPS. 1-20,                             :
               Fourth-Party Defendants.  :
----------------------------------------X
```

Appearances:

For Fourth-Party Plaintiffs Trataros Construction, Inc. and
Travelers Casualty and Surety Company:
JoAnne M. Bonacci
Eli J. Rogers
Dreifuss Bonacci & Parker LLP
26 Columbia Turnpike, North Entrance
Florham Park, NJ 07932

For Fourth-Party Defendant Zurich American Insurance Company:
Ignatius John Melito
S. Dwight Stephens
David DePasquale
Melito & Adolfsen P.C.
233 Broadway
New York, NY 10279


DENISE COTE, District Judge:

On August 7, 2008, fourth-party defendant Zurich American Insurance Company d/b/a Zurich Insurance Company ("Zurich") filed a motion for summary judgment asserting that plaintiffs Travelers Casualty and Surety Company ("Travelers") and Trataros Construction, Inc. ("Trataros") failed to give timely notice of a claim under two insurance policies: a general liability policy issued by Zurich to Trataros and a specialty contractors policy issued by Zurich affiliate Assurance Company of America ("Assurance")[1] to Trataros sub-contractor Bartec Industries, Inc. ("Bartec"). Specifically, Zurich claims that Travelers and Trataros failed to give notice of a third-party complaint that

---

[1] Zurich moves pursuant to Fed. R. Civ. P. 21 to add Assurance as a party to this action; Travelers and Trataros have no objection.

was filed against it on August 4, 2004 until they served Zurich with their fourth-party complaint in March 2005.

As for the Zurich policy issued to Trataros, for substantially the same reasons as set forth in this Court's Opinions and Orders issued on June 25, 2008 granting fourth-party defendant United States Fire Insurance Company's converted motion for summary judgment, Travelers Cas. & Sur. Co. v. Dormitory Auth., No. 07 Civ. 6915(DLC), 2008 WL 2567784 (S.D.N.Y. June 25, 2008), and on October 29, 2008 granting fourth-party defendant Great American Insurance Company's motion for summary judgment, Travelers Cas. and Sur. Co. v. Dormitory Auth., 2008 WL 4755622 (S.D.N.Y. Oct. 29, 2008), Zurich's motion for summary judgment as to the Trataros policy is granted.  As to the Assurance policy issued to Bartec, for substantially the same reasons as set forth in this Court's Opinion and Order issued on November 5, 2008 denying fourth-party defendant Harleysville Mutual Insurance Company's motion for summary judgment, Travelers Cas. and Sur. Co. v. Dormitory Auth., No. 07 Civ. 6915(DLC), 2008 WL 4861910 (S.D.N.Y. Nov. 5, 2008) ("Harleysville Opinion"), which is incorporated by reference, Zurich's motion for summary judgment is denied.

The difference in result stems from a choice of law analysis.  Where New York law applies, the insurer is not required to show prejudice when it invokes a contractual right

3

to timely notice; where New Jersey law applies, prejudice must be shown.  The Harleysville Opinion found that New Jersey law applied to the Harleysville policy issued to Bartec.

In a letter dated November 7, 2008, Zurich submitted a sur-reply in connection with its motion for summary judgment, addressing the Harleysville Opinion.[2]  The letter noted that the same choice of law issue that was decided in the Harleysville Opinion was presented in Zurich's motion.  The letter disputed the treatment in the Harleysville Opinion of Worth Const. Co., Inc. v. Admiral Ins. Co., 836 N.Y.S.2d 155 (1st Dep't 2007), rev'd on other grounds, 10 N.Y.3d 411 (2008).

Specifically, Zurich took issue with the statement in the Harleysville Opinion that the insurance policy at issue in that case, to which Worth applied New York law, covered the general contractor "as an additional insured 'for liability arising out of' a specifically identified New York Construction Project." Travelers, 2008 WL 4861910, at *5 (quoting Worth, 836 N.Y.S.2d at 156).  Zurich argues in its letter that nowhere in Worth does it specifically state that the policy's "additional insured endorsement specifically identified the particular New York project at issue," and it attaches photocopies from the Record

---

[2] Travelers and Trataros submitted a letter dated November 7, 2008 in response, objecting to Zurich's letter as an improper sur-reply and responding to the merits of the arguments raised in Zurich's letter.  This Opinion considers both of these submissions and the substantive arguments they raise.

on Appeal in Worth to demonstrate that the additional insured endorsement covered all additional insureds required to be covered by written contract. Additionally, Zurich provides photocopies from the Record on Appeal to demonstrate that the policy in Worth had the same broad nationwide coverage territory as the Assurance policy.

Zurich argues that Worth stands for the proposition that "the choice-of-law analysis is different for an additional insured, . . . from the analysis applicable to the named insured with whom the insurer actually contracts." Zurich asserts that the court in Worth applied the center-of-gravity choice-of-law analysis from Matter of Allstate Ins. Co. (Stolarz), 81 N.Y.2d 219 (1993), to conclude that "the center of gravity is in New York for additional insureds when that is where the construction site was located, the claim arose, and the underlying personal injury action was located, not New Jersey where the insurer issued its policy to the named insured."

Taking these arguments in turn, the court in Worth specifically distinguished the policy before it from a policy in a different case that "insured against losses happening anywhere," 836 N.Y.S.2d at 156 (citation omitted). The excerpts from the policy at issue in Worth provided by Zurich with its sur-reply do not shed light on the basis for the Worth court's distinguishing the policy before it from one that insured

5

against losses happening anywhere.  It should be noted that while the Worth court found that the policy at issue there did not insure against losses "happening anywhere," the terms of the policy Assurance issued to Bartec effectively does, and as such, that factor weighs in favor of finding that New Jersey law applies for the reasons stated in the Harleysville Opinion, Travelers, 2008 WL 4861910, at *4.

More important to consider, however, is the principle of law that Zurich seeks to derive from Worth, i.e., that "the choice-of-law analysis is different for an additional insured, . . . from the analysis applicable to the named insured with whom the insurer actually contracts," and that therefore New York law should apply to the policy Assurance issued to Bartec because Trataros is an additional insured, although the choice of law analysis might be different if Bartec, the named insured, were involved.  There are several compelling reasons why this mode of analysis cannot be adopted.  First, this proposition regarding different analyses for additional and named insureds is not found anywhere in Worth.  Nor does Zurich provide any guidance as to what factors courts are to substitute for the traditional choice of law factors for contract cases to guide a separate choice of law analysis that focuses solely on the additional insured.  Most significantly, Zurich's contention in this regard is contradicted by Stolarz, 81 N.Y.2d 219, a

6

decision from the New York Court of Appeals on which both Worth and Zurich expressly rely.

Stolarz states that the "center of gravity or grouping of contacts choice of law theory applie[s] in contract cases." Id. at 226 (citation omitted). In Stolarz, the plaintiff was an additional insured under an automobile policy taken out by Stolarz's New Jersey employer from a New Jersey insurer on a company car that the employer leased for Stolarz's use. Id. at 227. Stolarz garaged the car at her home in New York and was injured in an accident in the car in New York. Id. In determining whether New York or New Jersey law applied to the insurance policy, the New York Court of Appeals applied the grouping of contacts analysis and found that New Jersey law applied. Id. at 227-28. The court set forth five factors from the Restatement that were significant in a contract choice-of-law analysis: "the place of contracting, negotiation and performance; the location of the subject matter of the contract; and the domicile of the contracting parties." Id. at 227. The court then applied these factors by looking not at the additional insured, but at the contacts between the two contracting parties, i.e., the named insured and the insurer, finding that

> New Jersey is the place where the contract was negotiated and made. The parties to the contract are both New Jersey entities. The subject matter of the

7

>     contract, a vehicle, does not have a fixed location but
>     is registered in New Jersey.  Thus, four of the five
>     factors identified in the Restatement plainly point to
>     New Jersey law.

Id. at 227-28.  The court criticized the dissent's focus on factors such as where Stolarz resided, noting that Stolarz was a non-party to the contract and that such a factor was not material in a contract dispute.  Id. at 228.  Similarly, the court explained that an examination of the policies of the states involved showed that "New York has no governmental interest in applying its law to this dispute" where Stolarz "is an additional insured under the policy, [but] she is not a party to the contract, nor did she pay the premiums -- her New Jersey employer did."  Id. at 227 (citation omitted).

Thus, Stolarz contradicts the assertion that the grouping of contacts choice-of-law analysis is applied differently when the case involves an additional insured, as the case involved an additional insured as plaintiff but applied the same choice-of-law analysis -- focusing on the contacts between the named insured and insurer as contracting parties -- as it would apply if the dispute involved the named insured.[3]  Additionally, to the

---

[3] Additionally, Maryland Cas. Co. v. W.R. Grace & Co., 332 F.3d 145 (2d Cir. 2003), undermines Zurich's contention that the choice-of-law analysis for a particular insurance policy is different for the named insured and any additional insured under the policy.  In Maryland Cas., the Second Circuit examined W.R. Grace & Company's contention that the district court erred in applying the law of only one state to each insurance policy, and

8

extent that the facts in Worth cannot be distinguished from the instant situation, this Court predicts that if faced with the precise question presented on this motion, the New York Court of Appeals would follow the choice-of-law rule announced in Stolarz.[4]  See Schipani v. McLeod, 541 F.3d 158, 162 n.6 (2d Cir. 2008).

The specific facts surrounding the contractual history between Assurance and Bartec demonstrate why applying New York law to this policy, because of the presence of a New York-based

---

that it should have applied the law of the state in which each pollution site was located with respect to the insurer's duty to defend in connection with the pollution at each site.  Id. at 152.  The Second Circuit found that "[u]nderlying the rule . . . that the location of the insured risk carries little weight in a choice-of-law analysis where the risk is scattered throughout two or more states -- is an understanding that, barring extraordinary circumstances, only one state's law should govern an insurance agreement."  Id. at 153.  Zurich's contention that courts are to apply different choice-of-law analyses for named insureds and additional insureds under the same policy, however, would presumably result in situations where a focus on the contacts and attributes of the additional insured and those of the named insured would point to applying the laws of different states to the same insurance policy -- a situation the Second Circuit has said should not result.  Maryland Cas. also belies Zurich's contention in its reply brief that the question of what law to apply to Bartec under the policy at issue here is irrelevant to the instant choice of law question.

[4] While the New York Court of Appeals did hear and decide an appeal in Worth, it did not consider the Appellate Division's choice of law analysis.  The choice of law issue in the Appellate Division's Worth opinion pertained to defendant Admiral Insurance Company's policy, see Worth, 836 N.Y.S.2d at 156, whereas the Court of Appeals addressed an appeal by co-defendant Farm Family Casualty Insurance Company on issues other than choice of law.  See Worth, 10 N.Y.3d 411 (2008).

additional insured working on a New York-based project, would subvert the clear intent of the contracting parties.  Assurance issued consecutive annual insurance policies to Bartec beginning on May 26, 1995.  The relevant policy for this dispute appears to be the one running from May 26, 2000 by virtue of the fact that Bartec and Trataros entered into their subcontract in June 2000.  The policy Assurance issued to Bartec, a New Jersey corporation, was issued in New Jersey, by a New Jersey agent, with many New Jersey-specific policy endorsements.  The commercial general liability schedule of the policy specifically lists "New Jersey Passaic County" for the location address.

Under the choice-of-law analysis set forth in the Harleysville Opinion, Travelers, 2008 WL 4861910, at *3-*4, New Jersey has the most significant contacts with this insurance policy.  The fact that in 2000, several years after Assurance and Bartec had begun their contractual relationship, Trataros happened to become involved with Bartec and become an additional insured under the policy cannot change the character of this insurance policy such that New York law should be applied.  Therefore, finding no support for Zurich's reading of Worth, Zurich's motion for summary judgment is denied for substantially the same reasons as set forth in the Harleysville Opinion, Travelers, 2008 WL 4861910.

10

CONCLUSION

Zurich's August 7, 2008 motion for summary judgment is granted in part and denied in part, and Zurich's motion to add Assurance as a fourth-party defendant is granted.

SO ORDERED:

Dated:    New York, New York
          December 16, 2008

                                    _____
                                         DENISE COTE
                                    United States District Judge