UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>Defendants.<br><br>AND THIRD AND FOURTH PARTY ACTIONS. | Case No. 07 Civ. 6915 (DLC)<br><br>**AFFIDAVIT OF CHARLES K. BARTLETT IN SUPPORT OF TDX CONSTRUCTION CORPORATION'S MOTION FOR SUMMARY JUDGMENT** |

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF ALBANY     )

CHARLES K. BARTLETT, being duly sworn, deposes and says:

1. I am the Chief of the Project Controls unit of the Dormitory Authority of the State of New York ("DASNY"), and I submit this affidavit in support of TDX Construction Corporation's ("TDX") motion for summary judgment dismissing the Fifth Count of the complaint filed by plaintiff Travelers Casualty and Surety Company ("Travelers"). I am fully familiar with the facts set forth below. The documents described herein and attached hereto as exhibits are all records that were created or received by DASNY, and maintained by DASNY, in the ordinary course of its business.

2. DASNY is a public benefit corporation organized and existing under the Public Authorities Law of the State of New York.

1

3. In accordance with a Memorandum of Understanding between DASNY and the City University of New York ("CUNY"), DASNY procured contracts for the design and construction of the Baruch College William & Anita Newman Vertical Campus, which is also known as Baruch College -- Site B (the "Project").

4. The Project involved the design, site preparation, excavation, and construction of a 785,000 square foot mixed-use structure, with three below-grade levels and 14 above-grade stories, occupying approximately three-quarters of the city block bounded by 24th and 25th Streets and Lexington and Third Avenues in Manhattan.

5. As a public construction project valued at more than $50,000.00, the Project was required to be built pursuant to New York's "Wicks Law," which requires that the owner enter into separate prime contracts with contractors performing the Project's plumbing, HVAC and electrical work.

6. Under New York State law, N.Y. State Finance Law §§ 135 and 144, contracts for the Project's construction were required to be publicly advertised to prospective bidders, and awarded to responsible and reliable persons, firms or corporations engaged in the specified type of work.

7. The Project was designed and constructed on a "fast-track" basis, which generally means that earlier phases of the construction work were designed, put out to bid, and started before later phases of the construction.

8. TDX entered into Agreement No. 6500 1802 3153 with DASNY, dated as of October 23, 1996, to provide construction management services in connection with the Project's design and pre-construction phase (the "Preconstruction Contract").

2

9. TDX entered into Agreement No. 6500 1802 5156 with DASNY, dated as of May 12, 1997, to provide construction management services in connection with the Project's construction phase (the "Construction Management Contract").

10. TDX entered into Agreement No. 6500 1802 4173 with DASNY, dated as of January 2, 1998, to provide construction management services in connection with the Project's general conditions work phase ("General Conditions Contract").

11. DASNY entered into thirteen separate prime contracts for the Project's construction work.

12. One of the Project's bid packages was denominated as "Package No. 1 -- General Construction Work, Contract No. 15 at Baruch College, Site B, DA# 6500 1802 2176" (hereinafter "Contract 15").

13. On or about February 2, 1998, DASNY issued the Notice to Bidders for Contract 15. A true and accurate copy of the Notice to Bidders is attached hereto as **Exhibit 7.**

14. DASNY and Trataros Construction, Inc. ("Trataros") entered into a written contract dated as of April 22, 1998, under which Trataros agreed to perform the scope of work required by Contract 15 for the fixed sum of $50,222,000.00. A true and correct copy of Contract 15 is attached hereto as **Exhibit 8.**

15. Trataros' scope of work under Contract 15 included, *inter alia*, construction of the Project's exterior walls and windows (known as the "curtainwall"), and the Project's elevators.

16. On or about April 27, 1998, Reliance Insurance Company ("Reliance") issued Performance Bond No. B28 80 150 in the amount of $50,222,000.00, naming Trataros as Principal and DASNY as Obligee, in connection with Contract 15. A true and correct copy of the Performance Bond for Contract 15 is attached hereto as **Exhibit 9.**

3

17. On or about April 27, 1998, Reliance issued Labor and Material Payment Bond No. B28 80 150 in the amount of $50,222,000.00, naming Trataros as Principal and DASNY as Obligee, in connection with Contract 15. A true and correct copy of the Labor and Material Bond for Contract 15 is attached hereto as **Exhibit 10.**

18. Another bid package for the Project was denominated as "General Construction #2, Contract No. 16 at Baruch College, Site B, DA# 6500 1802 2178" (hereinafter "Contract 16").

19. DASNY and Trataros entered into a written contract dated as of August 27, 1998, under which Trataros agreed to perform the scope of work required by Contract 16 for the fixed sum of $24,140,000.00. A true and correct copy of Contract 16 is attached hereto as **Exhibit 11.**

20. Trataros' scope of work under Contract 16 included, *inter alia*, the Project's interior fit-out, roof installation, miscellaneous metal work, and flooring installation.

21. On or about September 1, 1998, Reliance issued Performance Bond No. B28 80 353 in the amount of $24,140,000.00, naming Trataros as Principal and DASNY as Obligee, in connection with Contract 16. A true and correct copy of the Performance Bond for Contract 16 is attached hereto as **Exhibit 12.**

22. On or about September 1, 1998, Reliance issued a Labor and Material Payment Bond in the amount of $24,140,000.00, naming Trataros as Principal and DASNY as Obligee, in connection with Contract 16. A true and correct copy of the Labor and Material Payment Bond for Contract 16 is attached hereto as **Exhibit 13.**

23. Paragraph 2 in each of the Labor and Material Payment Bonds that Reliance issued in connection with Contract 15 and Contract 16 includes the following provision:

> The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who

4

has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. **The Owner shall not be liable for the payment of any costs or expenses of any such suit.** (Emphasis added.)

24. Contracts 15 and 16 were the last two prime construction contracts awarded by DASNY in connection with the Project.

25. Both Contract 15 and Contract 16 incorporated DASNY's "General Conditions" and other "Contract Documents" as defined in the General Conditions. A true and correct copy of DASNY's General Conditions for the Project is attached hereto as **Exhibit 14.**

26. All of the prime contracts for the Project incorporated the same General Conditions.

_____
CHARLES K. BARTLETT

Sworn to before me this
19th day of February, 2010

_____
Notary Public

STEPHAN A. BOIKO
Notary Public, State of New York
No. 02BO5017680
Qualified in Saratoga County
Commission Expires Sept. 13, 2013

# 9174269_v1