UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRAVELERS CASUALTY AND SURETY COMPANY
as Administrator for RELIANCE INSURANCE
COMPANY,

          Plaintiff,

- against -

DORMITORY AUTHORITY – STATE OF NEW
YORK, TDX CONSTRUCTION CORP., and KOHN
PEDERSEN FOX ASSOCIATES, P.C.,

          Defendants.

AND THIRD AND FOURTH PARTY ACTIONS.

---

Case No. 07 Civ. 6915 (DLC)

**AFFIDAVIT OF TIMOTHY B. FROESSEL IN SUPPORT OF TDX CONSTRUCTION CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

---

STATE OF NEW YORK   )
                               : ss.:
COUNTY OF NEW YORK  )

TIMOTHY FROESSEL, being duly sworn, deposes and says:

1. I am an attorney with the law firm of Holland & Knight LLP, attorneys for defendants Dormitory Authority of the State of New York ("DASNY") and TDX Construction Corp. ("TDX") in the above-captioned action. I am fully familiar with the facts and circumstances stated below, and I make this affidavit in support of DASNY's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

2. Charles Bartlett, an employee of DASNY, was deposed in this action on May 21, 2008. True and correct copies of relevant pages of Mr. Bartlett's deposition transcript are attached hereto as **Exhibit 15.**

3. Michael Spinelli, an employee of R.V. Buric Construction Management Consultants, Inc., ("Buric") and consultant for Travelers Casualty and Surety Company ("Travelers") in this litigation, was deposed in this action on September 11, 2009. True and correct copies of relevant pages of Mr. Spinelli's deposition transcript are attached hereto as **Exhibit 16.**

4. John Scarpellino, Jr., a Bond Claim Executive employed by Travelers, was deposed in this action on January 29, 2009. True and correct copies of relevant pages of Mr. Scarpellino's deposition transcript are attached hereto as **Exhibit 17.**

5. Craig Hutchison, an employee of Buric and consultant for Travelers in this litigation, was deposed in this action on August 14, 2009. True and correct copies of relevant pages of Mr. Hutchison's deposition transcript are attached hereto as **Exhibit 18.**

6. On or about March 20, 2009, Travelers served its Rule 26(b) disclosures, which included a report created by Buric dated March 20, 2009 (the "Buric Report"). On January 15, 2010, I received an e-mail from Eli J. Rogers, Esq. of Dreifuss, Bonacci & Parker, LLP, counsel for Travelers and Trataros Construction Inc. ("Trataros"). Attached to this e-mail were approximately thirty-five separate PDF documents. In his e-mail, Mr. Rogers stated that the attached documents were "additional back-up materials requested for production by DASNY and TDX at the omnibus expert depositions of Michael Leary and Craig Hutchison, as well as revised attachments consistent with the deposition testimony of Mr. Leary and Mr. Hutchison." Mr. Rogers requested that opposing counsel "insert/substitute these attachments for the corresponding attachments to R.V. Buric's omnibus expert report dated March 20, 2009." True and accurate copies of relevant "insert/substitute" pages attached to Mr. Rogers' e-mail are attached hereto as **Exhibit 19.**

7. On or about September 22, 2003, Premier New York Inc. ("Premier") commenced an action in the Supreme Court of the State of New York, County of New York (the "Premier Action"), seeking damages from Travelers Property Casualty Corp. [*sic.*] (previously defined as "Travelers") and Trataros for delays, inefficiencies and disruptions in connection with Premier's work as a subcontractor to Trataros at the Project. The docket for <u>Premier New York Inc. v. Travelers Property Casualty Corp. & Trataros Construction, Inc.</u>, Index. No. 603043-2003E, is included in The Supreme Court Records On-Line Library ("SCROLL") for the New York County Supreme Court.

8. On or about April 25, 2007, Travelers and Trataros filed a Motion for Summary Judgment (the "Travelers/Trataros Summary Judgment Motion") in the Premier Action.

9. On or about July 8, 2008, the Hon. Bernard J. Fried granted the Motion for Summary Judgment filed by Travelers and Trataros and dismissed Premier's claim for delay damages in the Premier Action. Justice Fried found that Premier's claims against Trataros were barred by the no-damage-for-delay clause contained in the Premier Subcontract. A true and correct copy of the decision issued by Justice Fried appears on SCROLL for the New York Supreme Court. The decision, as it appears on Westlaw, is attached hereto as **Exhibit 20**.

10. On or about May 11, 2005, Travelers Casualty and Surety Company of America and Travelers Casualty and Surety Company commenced an action against Trataros Construction Inc., NPS Realty Inc., Costas N. Trataros, Joanne Trataros, and Nicos Trataros in the Supreme Court of the State of New York, County of New York, seeking damages for defendants' default on certain bonds, including the two bonds issued by Reliance in connection with the Baruch Project, Payment and Performance Bonds B28 80 150 and Payment and Performance Bonds B 28 80 353 (the "Travelers Indemnity Action"). The docket for the Travelers Indemnity Action,

3

Index. No. 601682/05, can be found on SCROLL. A true and correct copy of the Complaint in the Travelers Indemnity Action, as it appears on SCROLL, is attached hereto as **Exhibit 21.**

11. Upon information and belief, Travelers agreed to a negotiated settlement of its claims against the Trataros Indemnitors in the Travelers Indemnity Action. Despite repeated requests, Travelers has refused to produce the settlement agreement in the Travelers Indemnity Action in response to DASNY's discovery request in the instant case.

12. Travelers is seeking alleged "bond losses" from DASNY, TDX and Kohn Pedersen Fox Associates, P.C. ("KPF") in the instant action. The only information that Travelers provided to the defendants in this case to support this element of damage is a summary table appended as Ex. 73 to a report drafted by Buric, and certain heavily redacted invoices for services provided by Travelers' attorneys and litigation consultants. Based upon the testimony of Mr. Scarpellino, costs incurred by Travelers in defending the Premier Action are included among the alleged "bond losses" Travelers is seeking to recover in this action. The alleged "bond losses" also include defense costs incurred in other lawsuits initiated by Trataros' subcontractors involving the labor and material payment bonds provided to Trataros for the Project.

13. On or about September 26, 2002, Universal/MMEC, Ltd. ("Universal/MMEC"), a subcontractor to another prime contractor on the Project, filed an Amended and Supplemental Complaint in the Supreme Court of the State of New York, County of New York, seeking damages from TDX on a quasi-contract theory of recovery.

14. On or about January 22, 2003, the Hon. Karla Moskowitz of the Supreme Court of the State of New York dismissed Universal/MMEC's claims against TDX. A true and correct copy of the TDX's Notice of Cross-Motion and Affidavit in Support of Cross-Motion to Dismiss

4

Complaint is attached hereto as **Exhibit 22,** and a true and correct copy of the Notice of Entry and Order of dismissal is attached hereto as **Exhibit 23.**

_____
TIMOTHY B. FROESSEL

Sworn to before me this
19 day of February, 2010

_____
Notary Public

KAREN HIPPNER
Notary Public, State of New York
No. 01HI6100493
Qualified in Suffolk County
Commission Expires October 20, 20 11