UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>DORMITORY AUTHORITY - STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>        Defendants. | Case No. 07-CV-6915 (DLC)<br><br>Consolidated with:<br>Case No. 08-CV-6239 (DLC)<br><br>**ECF CASE** |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP.,<br><br>        Third-Party Plaintiffs,<br><br>vs.<br><br>TRATAROS CONSTRUCTION, INC.,<br><br>        Third-Party Defendant. | **DECLARATION OF<br>ELI J. ROGERS IN<br>SUPPORT OF TRAVELERS<br>CASUALTY AND SURETY<br>COMPANY'S MOTION FOR<br>SUMMARY JUDGMENT<br>AS TO DORMITORY AUTHORITY -<br>STATE OF NEW YORK** |
| TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>        Fourth-Party Plaintiffs,<br><br>vs.<br><br>CAROLINA CASUALTY INSURANCE COMPANY, BARTEC INDUSTRIES INC.; DAYTON SUPERIOR SPECIALTY CHEMICAL CORP. a/k/a DAYTON SUPERIOR CORPORATION; SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.; UNITED STATES FIRE INSURANCE COMPANY; NORTH AMERICAN SPECIALTY INSURANCE COMPANY; ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. f/k/a COMMERCIAL UNDERWRITERS INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY d/b/a ZURICH INSURANCE | |

| |
|---|
| COMPANY; ASSURANCE COMPANY OF AMERICA; OHIO CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP; HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a HARLEYSVILLE INSURANCE COMPANY,); JOHN DOES 1-20 and XYZ CORPS. 1-19, <br><br>                              Fourth-Party Defendants. |
| KOHN PEDERSEN FOX ASSOCIATES, P.C., <br><br>                              Third-Party Plaintiff, <br><br> vs. <br><br> WEIDLINGER ASSOCIATES CONSULTING ENGINEERS, P.C., CASTRO-BLANCO PISCIONERI AND ASSOCIATES, ARCHITECTS, P.C., ARQUITECTONICA NEW YORK, P.C., COSENTINI ASSOCIATES, INC., CERMAK, PETERKA PETERSEN, INC., JORDAN PANEL SYSTEMS CORP., TRATAROS CONSTRUCTION, INC. and LBL SKYSYSTEMS (U.S.A.), INC., <br><br>                              Third-Party Defendants. |

      **ELI J. ROGERS,** of full age and under penalty of perjury, pursuant to 28 U.S.C. § 1746 and Local Civil Rule 1.10, declares as follows.

      1.     I am associated with the law firm of Dreifuss Bonacci & Parker, LLP, counsel for Travelers Casualty and Surety Company ("Travelers") and Trataros Construction, Inc. ("Trataros") in this action. I make this Declaration in support of Travelers' motion for summary judgment against Defendant, Dormitory Authority – State of New York ("DASNY"). Except as indicated herein, the matters set forth in this Declaration are stated upon personal knowledge.

      2.     Travelers commenced the within action by filing its Complaint and Jury Demand with the United States District Court for the Southern District of New York (the "Southern District"), on or about August 1, 2007. A true and correct copy of Travelers' Complaint and Jury Demand in the within action is attached hereto as **Exhibit 1**.

3.  Upon information and belief, on or about September 28, 2007, DASNY and TDX Construction Corp. ("TDX") filed a pleading entitled "Answer of DASNY and TDX with Affirmative Defenses, Counterclaims, and Cross-Claims" in response to Travelers' Complaint and Jury Demand in this action ("DASNY/TDX's Answer").  A true and correct copy of DASNY/TDX's Answer, as that pleading is found on the Southern District's Electronic Case Filing ("ECF") website, is attached hereto as **Exhibit 2**.

4.  Upon information and belief, on or about September 28, 2007, DASNY and TDX filed a Third-Party Complaint with the Southern District in this action.  A true and correct copy of DASNY's and TDX's Third-Party Complaint, as that pleading is found on the Southern District's ECF website, is attached hereto as **Exhibit 3**.

5.  On or about November 13, 2007, Trataros filed its Answer to DASNY's and TDX's Third-Party Complaint.  A true and correct copy of Trataros' Answer to DASNY's and TDX's Third-Party Complaint is attached hereto as **Exhibit 4**.

6.  Commencing on or about February 16, 2009 and continuing on or about February 28, 2009, Mr. Ramesh Rangaswamy was deposed in the within action.  A true and correct copy of excerpted portions of Mr. Rangaswamy's deposition testimony taken on February 16, 2009 is attached hereto as **Exhibit 5**.

7.  Commencing on or about July 24, 2008 and continuing on or about July 25, 2008, Ms. Athena Curis was deposed in the within action.  True and correct copies of excerpted portions of Ms. Curis' deposition testimony taken July 24, 2008 are attached hereto as **Exhibit 6**, respectively.

8.  A true and correct copy of Deposition Exhibit DASNY-296, marked by DASNY and TDX at the deposition of Mr. Rangaswamy, is attached hereto as **Exhibit 7**.

9. A true and correct copy of Deposition Exhibit DASNY-20, marked by DASNY and TDX at the deposition of Ms. Curis, is attached hereto as **Exhibit 8**.

10. A true and correct copy of Deposition Exhibit DASNY-21, marked by DASNY and TDX at the deposition of Ms. Curis, is attached hereto as **Exhibit 9**.

11. Commencing on or about January 29, 2009 and January 30, 2009, Mr. John Scarpellino, Sr. was deposed in the within action. True and correct copies of Mr. Scarpellino's deposition testimony taken on January 29, 2009 and January 30, 2009 are attached hereto as **Exhibits 10 and 11**, respectively.

12. In response to notices for party depositions propounded upon DASNY by Travelers and Trataros, DASNY produced Mr. Charles Bartlett for deposition in this matter. True and correct copies of excerpted portions of Mr. Bartlett's deposition testimony taken on May 21, 2008, May 22, 2008, February 4, 2009, and February 10, 2009 are attached hereto as **Exhibits 12, 13, 14, and 15**, respectively.

13. On or about July 8, 2008, DASNY produced Mr. Nicholas D'Ambrosio for deposition in this matter. A true and correct copy of excerpted portions of Mr. D'Ambrosio's deposition testimony in this matter is attached hereto as **Exhibit 16**.

14. In response to notices for party depositions propounded upon TDX by Travelers and Trataros, TDX produced Mr. Ray Leu for deposition in this matter. True and correct copies of excerpted portions of Mr. Leu's deposition testimony taken on June 10, 2008, June 11, 2008, and February 19, 2009 are attached hereto as **Exhibits 17, 18, and 19**, respectively.

15. In October, 2005, I participated in an inspection of documents produced by DASNY in response to Travelers' discovery demands in the prior action entitled <u>Travelers Casualty and Surety Company v. The Dormitory Authority of the State of New York</u>, *et al.*, Case

No. 04-CV-5101 (HB) and relating to the Project. Subsequent to our office's inspection, DASNY produced to our office a number of documents. Attached hereto are true and correct copies of the following documents as produced to our office by DASNY following our office's October 2005 document inspection:

    a.    Excerpted portions of an unexecuted copy of Contract No. 15 in blank (attached as **Exhibit 20**);[1]

    b.    Excerpted portions of an unexecuted copy of Contract No. 16 in blank (attached as **Exhibit 21**);

    c.    Excerpted portions of an unexecuted copy of "Contract #3: Ductwork" in blank (attached as **Exhibit 22**), which on the face of the document purports to relate to the Project and which was produced for inspection by DASNY as a document responsive to Travelers' discovery demands (see Exh. 39 hereto, at bates reference DASNY_TRAVELERS2 161678, "Notice to Bidders," referring to "Baruch College - Site B");

    d.    Excerpted portions of an unexecuted copy of "Contract #4: Unit Masonry Work" in blank (attached as **Exhibit 23**), which on the face of the document purports to relate to the Project and which was produced for inspection by DASNY as a document responsive to Travelers' discovery demands (see Exh. 40 hereto, at bates reference DASNY_TRAVELERS2 162264, "Notice to Bidders," referring to "Baruch College - Site B");

    e.    Excerpted portions of an unexecuted copy of "Contract #9: Superstructure Concrete" in blank (attached as **Exhibit 24**), which on the face of the document purports to relate to the Project and which was produced for inspection by DASNY as a document responsive to Travelers' discovery demands (see Exh. 41 hereto, at bates reference DASNY_TRAVELERS2 284083, "Notice to Bidders," referring to "Baruch College - Site B");

18.    Upon information and belief, St. Paul Fire & Marine Insurance Company and St. Paul Mercury Insurance Company issued payment and labor and material payment bonds on behalf of a principal known as "Plato General Construction Corp./EMCO Tech Construction Corp. Joint Venture," (hereinafter "Plato/EMCO") naming DASNY as obligee. A true and

---

[1] Due to the voluminous size of the unexecuted contracts, we are only attaching excerpted portions of Exhibits 20 to 24. In the event the Court wishes to review the complete versions of these documents, Travelers will provide the Court with copies of same.

correct copy of the bonds issued in connection with Plato/EMCO's project with DASNY is attached hereto as **Exhibit 25**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: Florham Park, New Jersey
       February 19, 2010

                                                 /S/
                                          Eli J. Rogers (ER-6564)