UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVELERS CASUALTY AND SURETY COMPANY
as Administrator for RELIANCE INSURANCE
COMPANY,

Plaintiff,

- against -

DORMITORY AUTHORITY – STATE OF NEW
YORK, TDX CONSTRUCTION CORP., and KOHN
PEDERSEN FOX ASSOCIATES, P.C.,

Defendants.

AND THIRD AND FOURTH PARTY ACTIONS.

Case No. 07 Civ. 6915 (DLC)

**AFFIDAVIT OF CHARLES
K. BARTLETT IN
SUPPORT OF DASNY 'S
MOTION FOR SUMMARY
JUDGMENT**

STATE OF NEW YORK    )
                     :    ss.:
COUNTY OF ALBANY     )

CHARLES K. BARTLETT, being duly sworn, deposes and says:

1.    I am the Chief of the Project Controls unit of the Dormitory Authority of the State

of New York ("DASNY"), and I submit this affidavit in support of DASNY's motion for

summary judgment dismissing the Second, Third and Fourth Counts of the complaint filed by

plaintiff Travelers Casualty and Surety Company ("Travelers"). I am fully familiar with the facts

set forth below. The documents described herein and attached hereto as exhibits are all records

that were created or received by DASNY, and maintained by DASNY, in the ordinary course of

its business.

2.    DASNY is a public benefit corporation organized and existing under the Public

Authorities Law of the State of New York.

3.     In accordance with a Memorandum of Understanding between DASNY and the City University of New York ("CUNY"), DASNY procured contracts for the design and construction of the Baruch College William & Anita Newman Vertical Campus, also known as Baruch College – Site B (the "Project").

4.     The Project involved the design, site preparation, excavation, and construction of a 785,000 square foot mixed-use structure, with three below-grade levels and 14 above-grade stories, occupying approximately three-quarters of the city block bounded by 24th and 25th Streets and Lexington and Third Avenues in Manhattan.

5.     As a public construction project valued at more than $50,000.00, the Project was required to be built pursuant to New York's "Wicks Law," which requires that the owner enter into separate prime contracts with contractors performing the Project's plumbing, HVAC and electrical work.

6.     Under New York State law, N.Y. State Finance Law §§ 135 and 144, contracts for the Project's construction were required to be publicly advertised to prospective bidders, and awarded to responsible and reliable persons, firms or corporations engaged in the specified type of work.

7.     The Project was designed and constructed on a "fast-track" basis, which generally means that earlier phases of the construction work were designed, put out to bid, and started before later phases of the construction.

8.     DASNY entered into thirteen separate prime contracts for the Project's construction work.

2

9.    One of the Project's bid packages was denominated as "Package No. 1 – General Construction Work, Contract No. 15 at Baruch College, Site B, DA# 6500 1802 2176" (hereinafter "Contract 15").

10.    On or about March 19, 1998, Trataros Construction Inc. ("Trataros") submitted a bid in the amount of $50,222,000.00 for Contract 15. A true and correct copy of the submitted Form of Bid is attached hereto as **Exhibit 1**.

11.    On or about April 22, 1998, DASNY notified Trataros in writing of its acceptance of Trataros' bid for Contract 15. A true and correct copy of DASNY's bid acceptance letter, dated April 22, 1998, is attached hereto as **Exhibit 2**.

12.    DASNY and Trataros entered into a written contract dated as of April 22, 1998, under which Trataros agreed to perform the scope of work within Contract 15 for the fixed sum of $50,222,000. A true and correct copy of Contract 15 is attached hereto as **Exhibit 3**.

13.    Trataros' scope of work under Contract 15 included, *inter alia*, construction of the Project's exterior walls and windows (known as the "curtainwall"), and the Project's elevators.

14.    On or about April 27, 1998, Reliance Insurance Company ("Reliance") issued Performance Bond No. B28 80 150 in the amount of $50,222,000, naming Trataros as Principal and DASNY as Obligee, in connection with Contract 15. A true and correct copy of Performance Bond No. B28 80 150 is attached hereto as **Exhibit 4**.

15.    On or about April 27, 1998, Reliance issued Labor and Material Payment Bond No. B28 80 150 in the amount of $50,222,000, naming Trataros as Principal and DASNY as Obligee, in connection with Contract 15. A true and correct copy of Bond No. B28 80 150 is attached hereto as **Exhibit 5**.

16.    One of the Project's bid packages was denominated as "General Construction #2, Contract No. 16 at Baruch College, Site B, DA# 6500 1802 2178" (hereinafter "Contract 16").

17.    On or about June 18, 1998, Trataros submitted a bid in the amount of $24,140,000 for Contract 16. A true and correct copy of the submitted Form of Bid is attached hereto as **Exhibit 6.**

18.    On or about August 27, 1998, DASNY notified Trataros in writing of its acceptance of Trataros' bid for Contract 16. A true and correct copy of DASNY's bid acceptance letter is attached hereto as **Exhibit 7.**

19.    DASNY and Trataros entered into a written contract dated as of August 27, 1998, under which Trataros agreed to perform the scope of work within Contract 16 for the fixed sum of $24,140,000. A true and correct copy of Contract 16 is attached hereto as **Exhibit 8.**

20.    Trataros' scope of work under Contract 16 included, *inter alia*, the Project's interior fit-out, roof installation, miscellaneous metal work, and floor installation.

21.    On or about September 1, 1998, Reliance issued Performance Bond No. B28 80 353 in the amount of $24,140,000, naming Trataros as Principal and DASNY as Obligee, in connection with Contract 16. A true and correct copy of Bond No. B28 80 353 is attached hereto as **Exhibit 9.**

22.    On or about September 1, 1998, Reliance issued a Labor and Material Payment Bond in the amount of $24,140,000, naming Trataros as Principal and DASNY as Obligee, in connection with Contract 16. A true and correct copy of Bond No. B28 80 353 is attached hereto as **Exhibit 10.**

23.    Paragraph 2 in each of the Labor and Material Payment Bonds that Reliance issued in connection with Contract 15 and Contract 16 includes the following provision:

4

The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. **The Owner shall not be liable for the payment of any costs or expenses of any such suit.** (Emphasis added.)

24.     Contracts 15 and 16 were the last two prime construction contracts put out to bid and awarded by DASNY in connection with the Project.

25.     Both Contract 15 and Contract 16 incorporated DASNY's "General Conditions" and other "Contract Documents" as defined in the General Conditions. A true and correct copy of DASNY's General Conditions for the Project is attached hereto as **Exhibit 11.**

26.     All of the prime contracts for the Project incorporated the same General Conditions.

27.     Section 1.01 of the General Conditions defines the "Contract Documents" as the "Contract, Notice to Bidders, Information for Bidders, Form of Bid, General Conditions, General Requirements, Bonds, Drawings, Specifications, Addenda, Change Orders, and any supplementary data together with all provisions of law deemed to be inserted in the Contract."

28.     A true and correct copy of the Information for Bidders, which is identical for both Contract 15 and 16, is attached hereto as **Exhibit 12.**

29.     A true and correct copy of the General Requirements, which is identical for both Contract 15 and 16, is attached hereto as **Exhibit 13.**

30.     A true and correct copy of the Supplemental General Requirements specific to Contract 15, which served to "amend, modify and supplement articles and provisions of General Requirements," is attached hereto as **Exhibit 14.**

31.    A true and correct copy of the Supplemental General Requirements specific to Contract 16, which served to "amend, modify and supplement articles and provisions of General Requirements," is attached hereto as **Exhibit 15.**

32.    On or about April 6, 2001, DASNY executed Change Order No. GC2-064, a true and correct copy of which is attached hereto as **Exhibit 16.**

33.    Change Order No. GC2-064 states that, "The time for completion of work for GC1, Contract #61094, including all changes thereto, is extended by 365 calendar days. The time for completion of work for GC2, Contract #61506, including all changes thereto, is extended by 304 calendar days. The new contract completion date for both Contracts of [*sic*] September 1, 2001."


_____
CHARLES K. BARTLETT

Sworn to before me this
19 day of February, 2010

_____
Notary Public

STEPHAN A. BOIKO
Notary Public, State of New York
No. 02BO5017680
Qualified in Saratoga County
Commission Expires Sept. 13, 20(?)

# 9169526_v3

6