UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>Defendants. | Case No. 07 Civ. 6915 (DLC)<br><br>**AFFIDAVIT OF TIMOTHY B. FROESSEL IN SUPPORT OF DASNY'S MOTION FOR SUMMARY JUDGMENT** |
| AND THIRD AND FOURTH PARTY ACTIONS. | |

STATE OF NEW YORK      )
                                            : ss.:
COUNTY OF NEW YORK  )

TIMOTHY FROESSEL, being duly sworn, deposes and says:

1. I am an attorney with the law firm of Holland & Knight LLP, attorneys for defendants Dormitory Authority of the State of New York ("DASNY") and TDX Construction Corp. ("TDX") in the above-captioned action.

2. I am fully familiar with the facts and circumstances stated below, and I make this affidavit in support of DASNY's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

3. On or about September 22, 2003, Premier-New York Inc. ("Premier") commenced an action in the Supreme Court of the State of New York, County of New York (the "Premier Action"), seeking damages from Travelers Property Casualty Corp. [sic] ("Travelers")

and Trataros Construction Inc. ("Trataros") for delays, inefficiencies and disruptions in connection with Premier's work at the Baruch College – Site B project (the "Project") as a subcontractor to Trataros.  The docket for <u>Premier New York Inc. v. Travelers Property Casualty Corp. & Trataros Construction, Inc.</u>, Index. No. 603043-2003E, is included in the Supreme Court Records On-Line Library ("SCROLL") for the New York County Supreme Court.

4. On or about April 25, 2007, Travelers and Trataros filed a Motion for Summary Judgment (the "Travelers/Trataros Summary Judgment Motion") in the Premier Action, which is supported by the affidavit of Eli J. Rogers, Esq. of Dreifuss, Bonacci & Parker, LLP, counsel for Travelers and Trataros (the "Rogers Affidavit").  Exhibit 1 to the Rogers Affidavit is a copy of the Verified Complaint Premier filed against Travelers and Trataros.  Exhibit 2 of the Rogers Affidavit is a copy of the Verified Answer, which points out that Travelers Casualty and Surety Company was incorrectly sued as "Travelers Property Casualty Corp."  True and correct copies of the Rogers Affidavit, Verified Complaint, and Verified Answer, as they appear on SCROLL, is attached hereto as **Exhibit 21**.

5. The Travelers/Trataros Summary Judgment Motion is also supported by the affidavit of Athena Curis, a former employee of Trataros (the "Curis Affidavit").  Exhibit E of the Curis Affidavit is represented to be a true and correct copy of Premier's subcontract (the "Premier Subcontract") with Trataros for the Baruch Project.  True and correct copies of the Curis Affidavit and Premier Subcontract, as they appears on SCROLL, are attached hereto as **Exhibit 22.**

6. In connection with the Travelers/Trataros Summary Judgment Motion, Travelers and Trataros submitted a Statement of Material Facts Pursuant to Commercial Division Rule

19(a) In Support of Defendants' Motion for Summary Judgment. A true and correct copy of that document, as it appears on SCROLL, is attached hereto as **Exhibit 23**.

7.  Travelers and Trataros also filed a Memorandum of Law in Support of the Travelers/Trataros Summary Judgment Motion. A true and correct copy of the Memorandum of Law in Support of Defendants' Motion for Summary Judgment, as it appears on SCROLL, is attached hereto as **Exhibit 24**.

8.  On or about July 8, 2008, the Hon. Bernard J. Fried granted the Travelers/Trataros Summary Judgment Motion and dismissed Premier's claim for delay damages in the Premier Action. Justice Fried found that Premier's claims against Trataros were barred by the no-damage-for-delay clause contained in the Premier Subcontract. A true and correct copy of the decision and order issued by Justice Bernard Fried appears on SCROLL for the New York Supreme Court. The decision, as it appears on Westlaw, is attached hereto as **Exhibit 25**.

9. On or about May 11, 2005, Travelers Casualty and Surety Company of America and Travelers Casualty and Surety Company commenced an action against Trataros Construction Inc., NPS Realty Inc., Costas N. Trataros, Joanne Trataros, and Nicos Trataros (collectively referred to as the "Trataros Indemnitors") in the Supreme Court of the State of New York, County of New York, seeking damages for defendants' default on certain bonds, including the two bonds issued by Reliance in connection with the Baruch Project, Payment and Performance Bonds B28 80 150 and Payment and Performance Bonds B 28 80 353 (the "Travelers Indemnity Action"). A docket of Travelers Indemnity Action, Index. No. 601682/05, can be found on SCROLL. A true and correct copy of the complaint in the Travelers Indemnity Action, as it appears on SCROLL, is attached hereto as **Exhibit 26**.

10. Travelers' complaint in the Travelers Indemnity Action states, "TCI [Trataros] failed to fully and adequately perform all or a portion of the work required by it under the Bonded Contracts and/or failed to pay certain subcontractors and/or labor, material, and equipment suppliers who performed work and/or furnished materials for the Bonded Contracts. As a result of TCI's failures and defaults set forth above, numerous claims have been made pursuant to the Bonds by obligees, subcontractors, and labor, material and equipment suppliers, which claims have been paid in whole or part by Plaintiffs. As a result of TCI's failures and defaults set forth above, Plaintiffs have incurred, and will continue to incur, losses, costs and expenses for which the Defendants are liable as set forth in the aforesaid Indemnity Agreements." (Ex. 26, ¶ 71, 72, 74.)

11. On or about March 3, 2009, Travelers and the Trataros Indemnitors entered a "Stipulation of Discontinuance" in the Travelers Indemnity action. A true and correct copy of the Stipulation of Discontinuance, as it appears on SCROLL, is attached hereto as **Exhibit 27**. Upon information and belief, Travelers agreed to a negotiated settlement of its claims against the Trataros Indemnitors in the Travelers Indemnity Action. Despite repeated requests, Travelers has refused to produce the settlement agreement in the Travelers Indemnity Action in response to DASNY's discovery request in the instant case.

12. On or about November 28, 2007, Travelers and Trataros served their Initial Disclosures in this action. A true and correct copy of pages excerpted from these Initial Disclosures is attached hereto as **Exhibit 28**.

13. Arthur Cavazzi was deposed in this action on October 2, 2008. True and correct copies of relevant pages of Mr. Cavazzi's deposition transcript are attached hereto as **Exhibit 29**.

14. During his deposition, Mr. Cavazzi testified that he was the former President of G.M. Crocetti, Inc. ("Crocetti"). (Ex. 29, Cavazzi Dep. 14:4-14:20.) Mr. Cavazzi also identified an exhibit, which previously had been marked at another deposition as DASNY 22, as the subcontract that Crocetti had with Trataros for the Baruch College Project. (Ex. 29, Cavazzi Dep. 23:16-24:13.) A true and accurate copy of the Crocetti subcontract marked as DASNY 22 is attached hereto as **Exhibit 30.**

15. Josif Berger was deposed in this action on October 21, 2008. True and correct copies of pages of Mr. Berger's deposition transcript are attached hereto as **Exhibit 31**.

16. During this deposition, Mr. Berger testified that he was formerly employed by LBL Skysystems Corp ("LBL") as a Senior Project Manager and Technical Director. (Ex. 31, Berger Dep. 10:5-10:15.) Mr. Berger also confirmed that the document that had been identified as deposition exhibit DASNY 70 was the subcontract agreement between Trataros and LBL Skysystems for the Baruch College Project. (Ex. 31, Berger Dep. 58:11-59:24.) A true and correct copy of the LBL subcontract marked as DASNY 70 is attached hereto as **Exhibit 32.**

17. John A. Finamore, Sr. was deposed in this action on November 10, 2008. True and correct copies of pages of Mr. Finamore's deposition transcript are attached hereto as **Exhibit 33.**

18. During this deposition, Mr. Finamore testified that he was the sole shareholder of Jordan Panel Systems ("JPS"). (Ex. 32, Finamore Dep. 25:9-25:21.) Mr. Finamore also identified the subcontract agreement between Trataros and JPS for the Baruch College Project, and DASNY counsel marked the subcontract as DASNY 80. (Ex. 12, Finamore Dep. 224:25-225:24.) A true and correct copy of the JPS subcontract marked as DASNY 80 is attached hereto as **Exhibit 34.**

19.     On or about December 3, 2008, Travelers served its answers to DASNY's Supplemental Interrogatories. A true and correct copy of pages excerpted from these interrogatory answers is attached hereto as **Exhibit 35.**

20.     On or about December 19, 2008, Travelers served on DASNY Responses to DASNY's Second Request for Production of Documents. In response to DASNY's Request No. 1, Travelers attached a copy of an Agreement dated June 18, 2002 between Travelers and Trataros, and the exhibits attached thereto, including the "General Agreement of Indemnity" between Travelers and Costas Trataros, Trataros Construction Inc., Joanne Trataros, and NPS Reality, dated June 19, 2002. A true and correct copy of the Responses to DASNY's Second Request for Production of Documents, including the June 18, 2002 Agreement and the General Agreement of Indemnity is attached hereto as **Exhibit 36.**

21.     John Scarpellino, a Bond Claim Executive employed by Travelers, was deposed in this action on January 29, 2009. True and correct copies of pages of Mr. Scarpellino's deposition transcript are attached hereto as **Exhibit 37.**

22.     On or about March 20, 2009, counsel for DASNY received as part of Travelers' Rule 26(b) disclosures a report created by R.V. Buric Construction Management Consultants, Inc. ("Buric"), dated March 20, 2009. True and accurate portions of the March 20, 2009 Report are attached hereto as **Exhibit 38.**

23.     On January 15, 2010, I received an e-mail from Eli J. Rogers, Esq. of Dreifuss, Bonacci & Parker, LLP, counsel for Travelers and Trataros. Attached to this e-mail were approximately thirty-five separate PDF documents. In his e-mail, Mr. Rogers stated that the attached documents were "additional back-up materials requested for production by DASNY and TDX at the omnibus expert depositions of Michael Leary and Craig Hutchison, as well as revised

attachments consistent with the deposition testimony of Mr. Leary and Mr. Hutchison." Mr. Rogers requested that opposing counsel "insert/substitute these attachments for the corresponding attachments to R.V. Buric's omnibus expert report dated March 20, 2009." True and accurate copies of relevant "insert/substitute" pages attached to Mr. Rogers' e-mail are attached hereto **Exhibit 39.**

24. Craig Hutchison, an employee of Buric and consultant to Travelers in this litigation, was deposed in this action on August 12, 2009. True and correct copies of pages of Mr. Hutchison's deposition transcript are attached hereto as **Exhibit 40.**

25. On or about April 3, 2003, Universal/MMEC, Ltd., ("Universal/MMEC"), a subcontractor to another prime contractor on the Project, filed a lawsuit in the Supreme Court of the State of New York, County of New York. On or about March 20, 2006, the Hon. Karla Moskowitz issued an Order finding that the no damage for delay clause contained in Universal/MMEC's prime contract with DASNY was incorporated into Universal/MMEC's subcontract. A true and correct copy of the Court's Order is attached hereto as **Exhibit 41.**

_____
TIMOTHY B. FROESSEL

Sworn to before me this
19 day of February, 2010

_____
Notary Public
KAREN HIPPNER
Notary Public, State of New York
No. 01HI6100493
Qualified in Suffolk County
Commission Expires October 20, 20__

7