# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Timothy B. Froessel
(212) 513-3484
tim.froessel@hklaw.com

**MEMO ENDORSED**

November 23, 2010

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 11|24|2010

*Via Hand Delivery*

Hon. Denise L. Cote, U.S.D.J.
United States District Court
500 Pearl Street, Room 1040
New York, New York 10007

Re:  *Travelers Cas. and Sur. Co. v. Dormitory Authority of the State of New York, et al.*
Case No. 07 Civ. 6915 (DLC)

Dear Judge Cote:

We represent the Dormitory Authority of the State of New York ("DASNY") and TDX Construction Corp. ("TDX") and are in receipt of a November 22, 2010 letter from Travelers Casualty and Surety Company ("Travelers") and Trataros Construction Inc. ("Trataros") (jointly referred to as "Travelers") to the Court regarding the joint pretrial statement to be filed on January 7, 2011. The subject that Travelers presented to the Court is a disagreement regarding the time required to "meet and confer" regarding collaborative elements of the pretrial order. Travelers suggested a schedule that would require most of the significant activities to be completed more than a month before the pretrial statement is due. DASNY and TDX responded by proposing a schedule that would provide nine (9) days for collaboration. When Travelers objected to that proposal, DASNY and TDX offered another schedule that added an additional week (16 days total) to exchange several key elements of the joint submission.

Travelers' argues that "[t]he schedule proposed by DASNY and TDX would effectively guarantee that no significant issue is agreed upon in advance of trial."[1] DASNY and TDX believe that nine (9) days is ample time to discuss the issues that require collaboration, such as stipulations concerning fact, proposed voir dire and suggested jury instructions, but offered to extend that time by 5 days in the interest of compromise. If the parties are capable of reaching an agreement, they can do so in this time frame. Moreover, the schedules being discussed are not relevant to the portions of the joint pre-trial statement that are independently drafted and

---

[1] Obviously, the truly "significant" issues in this action are the ones in dispute, which is why this action is scheduled for a trial.

Atlanta | Bethesda | Boston | Chicago | Fort Lauderdale | Jacksonville | Lakeland | Los Angeles | Miami | New York
Northern Virginia | Orlando | Portland | San Francisco | Tallahassee | Tampa | Washington, D.C. | West Palm Beach

Hon. Denise L. Cote, U.S.D.J.
November 23, 2010
Page 2

inserted into the final joint submission. The parties are free to prepare these portions of the joint pretrial statement immediately if they wish. To ease any administrative burden to opposing counsel, DASNY and TDX have offered to perform the administrative tasks of collecting each party's contributions to the joint pre-trial statement and preparing the final document.

Furthermore, instead of merely exchanging exhibit lists, DASNY and TDX suggested exchanging the actual exhibits on compact disc, which will hasten review and make the process more precise. We had initially suggested that discs containing copies of exhibits be exchanged on December 29, 2010. When Travelers' objected, in an attempt to compromise, DASNY and TDX offered to exchange exhibits relating to the terrazzo claim on December 22, 2010. This would allow the parties (most of whom are only involved in the terrazzo flooring portion of the case) over two weeks to review the discs, and make appropriate authenticity objections.

Travelers' greatest concern seems to be over proposed stipulations of fact. Travelers implies that DASNY and TDX want to make the trial longer and more cumbersome. Nothing could be further from the truth. DASNY and TDX fully intend to stipulate to undisputed facts. However, that process will not require over four weeks to complete. As the Court is aware, this case is scheduled for a jury trial. In our experience, live witness testimony has the greatest impact on jurors. Therefore, we do not anticipate scores of pages of stipulated facts. This has nothing to do with an intent to increase the burden on the Court; we simply wish to make an effective presentation to the jury. For that reason, we do not intend to present opposing counsel with anything near the 53 pages of proposed stipulated facts offered by Travelers. Again, nine (9) days will be ample time for opposing counsel to review our proposed stipulations of fact and decide which, if any, facts may be stipulated. We are willing to start reviewing Travelers' proposed stipulated facts immediately if it wishes.

We have attempted to work with counsel in establishing a reasonable schedule for the exchange of information, to the extent of reconsidering some of our initial proposed dates and offering to take on the administrative task of preparing the joint pretrial order.[2] Thus far, Travelers' attempt to resolve this dispute has consisted of trying to force a schedule of its choosing upon DASNY and TDX. We respectfully request that the Court deny Travelers' unnecessary letter application.

*The parties shall serve on each other no later than 12/10/10 their components of the pretrial order and proposed stipulations.*

*Denise Cote*
*11/23/10*

Respectfully submitted,

Timothy B. Froessel

Timothy B. Froessel

cc: All Counsel of Record (via e-mail)

---

[2]  A copy of the e-mail confirming DASNY's and TDX's offer to compromise is annexed hereto.

#9924740_v2

## Froessel, Timothy B (NYC - X73484)

| | |
|---|---|
| **From:** | JoAnne Bonacci [JBonacci@dbplawfirm.com] |
| **Sent:** | Monday, November 22, 2010 2:26 PM |
| **To:** | Froessel, Timothy B (NYC - X73484) |
| **Cc:** | Shapiro, Stephen B (WAS - X77032); Eli Rogers |
| **Subject:** | RE: Travelers v. DASNY - Joint Pretrial Statement |

Tim -

During our "meet and confer" telephone calls on Friday, November 19, 2010 and earlier this morning, you indicated that December 22, 2010 was the absolute earliest date that you would be willing to provide even some of the disclosures. Therefore, as we discussed, it would serve no purpose to again propose the earlier dates that we believe are necessary in order to prepare a Final Pre-trial order in a case with 9 parties, 7 separate counsel and many moving parts. We are unfortunately at an impasse. Accordingly, we contacted the Court for assistance and a copy of our letter will be transmitted shortly.

Thank you.  JoAnne

**From:** tim.froessel@hklaw.com [mailto:tim.froessel@hklaw.com]
**Sent:** Monday, November 22, 2010 12:20 PM
**To:** JoAnne Bonacci
**Cc:** stephen.shapiro@hklaw.com; Eli Rogers
**Subject:** Travelers v. DASNY - Joint Pretrial Statement

JoAnne:

During our telephone conversation this morning, we offered to revise the schedule we proposed last week to the following:

- December 22, 2010 - Exchange Exhibit List for Terrazzo Claim (to be received by 5:00 PM, with CD containing images of exhibits)
- December 22, 2010 - Designations of Testimony from Deposition Transcripts
- December 29, 2010 - Exchange Exhibit List for Omnibus Claims (to be received by 5:00 PM, with CD containing images of exhibits)
- December 30, 2010 - Exchange Proposed Stipulations of Fact
- January 4, 2011 - Exchange Witness List and Summaries of Testimony
- January 4, 2011 - Exchange Statement of Claims and Defenses
- January 4, 2011 - Exchange Basis of Jurisdiction
- January 4, 2011 - Exchange Voir Dire Questions
- January 4, 2011 - Exchange Jury Instructions
- January 5, 2011 - Counter-Designations of Testimony from Deposition Transcripts
- January 5, 2011 - Exchange Objections to Exhibits
- January 6, 2011 - Responses to Proposed Stipulations of Fact
- January 7, 2011 - File Joint Pre-Trial Statement, any Motions in Limine, and any Memoranda of Law

In addition, we offered to undertake the actual preparation of the joint pre-trial statement, to relieve you of some of the administrative burden with regard to the actual preparation of the document. We believe that this schedule provides ample time for the preparation of the join pre-trial order. It is our understanding that you did not wish to offer a counter-proposal, and intend to raise the issue with Judge Cote.

Tim

**Timothy B. Froessel | Holland & Knight**
31 West 52nd Street | New York NY 10019
Phone 212.513.3484 | Fax 212.385.9010
tim.froessel@hklaw.com | www.hklaw.com

Add to address book | View professional biography

To ensure compliance with Treasury Regulations (31 CFR Part 10, Sec. 10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code.

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.