# O'CONNOR REDD LLP

STEVEN M. O'CONNOR*
JOSEPH T. REDD+
JOSEPH A. ORLANDO*
JEREMY D. PLATEK*
STEVEN R. LAU**

ATTORNEYS AND COUNSELORS AT LAW
**200 MAMARONECK AVENUE
WHITE PLAINS, NEW YORK 10601**
TELEPHONE (914) 686-1700
TELECOPIER (914) 328-3184

JOHN P. GRILL *
APRIL J. LAWS
KEVIN PAGE*
ALAK SHAH++
AMY L. FENNO++
J. MCGARRY COSTELLO
PETER URRETA *
JADE M. TURNER
MICHAEL P. HESS++
ERIN K. FLYNN*

MEMBER NY & CT BARS
**MEMBER NY & DC BARS
·MEMBER NY & CO BARS
*MEMBER NY & CA BARS
++MEMBER NY & NJ BARS

CONNECTICUT OFFICE:
304 Federal Road, Suite 316
Brookfield, Connecticut 06804

**DIRECT ALL CORRESPONDENCE TO NY OFFICE**

January 21, 2011

**Via Overnight Fed Ex**
Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, New York 10007

Re: TRAVELERS CASUALTY v. DASNY v. TRATAROS CONSTR. v. BARTEC INDUSTRIES, et al
Civil Action No.: 07-CV-6915 (DLC)

Dear Judge Cote:

We represent Bartec Industries.

I write for two purposes. The first is to request that the Court reconsider its two recent rulings (the allowance of DASNY's untimely expert disclosure and the denial of a trial date continuance) which, in their totality, are working to the grave prejudice of my clients defense. The second is to ensure a complete record on the matter since I am unsure, based on the telephonic difficulties experienced during yesterday's conference while I was speaking, that a complete record has been made.

Yesterday, the Court stated, in sum and substance, that it was allowing DASNY's late disclosure based on its belief that the "terrazzo defendants" defense was based solely on the premise that the terrazzo floor at Baruch was not worsening over time. The Court stated that exclusion of evidence of that worsening before the jury would not allow for a presentation of accurate facts.

There is no dispute that DASNY bears the burden of showing that worsening and that a number of the terrazzo defendants have taken the position that it is not.

That, is not however, the core of my client's defense.

Bartec was hired to install underlayment under only a part of the terrazzo flooring. The terrazzo, in fact, was installed over, at least, two other substrates. It has been DASNY's position, all along, that the terrazzo is failing across all three of those substrates. It has been Bartec's position, all along, that the failure across all three substrates is evidence that the cause of that failure is not Bartec's negligence.

Honorable Denise L. Cote
TRAVELERS CASUALTY v. DASNY
Civil Action No.: 07-CV-6915 (DLC)
January 21, 2011
Page 2

    The allegation that the floor continues to fail raises a question -- is it continuing to fail across all three substrates?

    As outlined in my earlier correspondence to the Court, further testing is needed to determine the answer to that question. As also discussed therein, the current short period between the Court's decision to allow DASNY's disclosure and the scheduled trial date, does not allow enough time for that testing.

    For these reasons, the combination of these two decisions results in my client's inability to defend itself adequately and manifests in the unfairness that you stated you would seek to avoid when you initially decided to allow DASNY's disclosure.

    I thank you for your attention to this matter.

                                         Respectfully submitted,

                                         O'CONNOR REDD LLP
                                         By: Jeremy D. Platek

cc: All Parties (Via facsimile)