UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>- against -<br><br>DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>     Defendants.<br><br>AND THIRD AND FOURTH PARTY ACTIONS. | Case No. 07 Civ. 6915 (DLC)<br><br>Consolidated with<br>Case No. 08 Civ. 6239 (DLC)<br><br>OPPOSITION OF DASNY AND TDX TO MOTION SEEKING SANCTIONS FOR ALLEGED <u>SPOLIATION OF EVIDENCE</u> |
| In Re:<br>G.M. CROCETTI, INC.,<br><br>     Debtor. | Case No. 08 Civ. 6293 (DLC)<br>(Consolidated Action) |
| G.M. CROCETTI, INC.,<br><br>     Plaintiff,<br><br>- against -<br><br>TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>     Defendants. | |
| TRATAROS CONSTRUCTION. INC. and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>     Third-Party Plaintiffs,<br><br>- against -<br><br>DORMITORY AUTHORITY - STATE OF NEW YORK, et al.,<br><br>     Third-Party Defendants. | |

## Table of Contents

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 1 |
| | A. | Legal Standard for Dismissal of a Claim for Alleged Spoliation of Evidence. | 1 |
| | B. | DASNY and TDX did not Destroy, Alter or Fail to Preserve any Evidence Related to this Litigation. | 2 |
| | C. | The Moving Parties' Request for Dismissal of DASNY's and TDX's Claims is Inappropriate. | 4 |
| III. | CONCLUSION | | 4 |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

<u>Israel Aircraft Indus., Ltd. v. Standard Precision</u>,
   559 F.2d 203 (2d Cir. 1977)..................................................................................................2

<u>Salahuddin v. Harris</u>,
   782 F.2d 1127 (2d Cir. 1986)................................................................................................2

<u>West v. Goodyear Tire & Rubber Co.</u>,
   167 F.3d 776 (2d Cir. 1999)...............................................................................................1, 2

**OTHER AUTHORITIES**

Rule 37 of the Federal Rules of Civil Procedure ...........................................................................1

Dormitory Authority of the State of New York ("DASNY") and TDX Construction Corp. ("TDX") submit this memorandum of law in opposition to the Motion in Limine ("Motion") and accompanying memorandum of law ("Memorandum of Law") submitted by Dayton Superior Corporation, Bartec Industries, Inc. ("Bartec"), G.M. Crocetti, Inc., and Carolina Casualty Insurance Company (collectively "Moving Parties"), which seeks dismissal of the Third-Party Complaint as a sanction for alleged spoliation of evidence.[1]

## I. INTRODUCTION

The Moving Parties allege that "DASNY/TDX spoliated critical evidence prejudicing the moving parties' defense in this of matter." (Mem. of Law 2.)  This allegation is false.  DASNY and TDX never destroyed or withheld any evidence from the Moving Parties.  More importantly, however, the purported missing document, which can best be described as an as-built drawing indicating the final installation points of the epoxy flooring system's substrates (Mem. of Law 3), was never created and does not exist.  (See Leu Decl. ¶¶ 12,13.)  Accordingly, and for the reasons set forth below, DASNY and TDX respectfully request that the Motion be denied.

## II. ARGUMENT

### A. Legal Standard for Dismissal of a Claim for Alleged Spoliation of Evidence.

A district court may impose sanctions for the spoliation of evidence pursuant to Rule 37 of the Federal Rules of Civil Procedure, in absence of a discovery order, through its inherent power to control litigation.[2] See West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999).  Although a district court has broad discretion to craft a proper sanction for

---

[1] DASNY, TDX, and Kohn Pedersen Fox Associates ("KPF") have reached a settlement in principal in the above captioned litigation with Travelers Casualty and Surety Co. and Trataros Construction, Inc. ("Trataros") who were originally listed as moving parties in the Motion.

[2] No discovery order exists in this matter because the Moving Parties never filed a motion to compel production of the purported "crucial document."  Instead, the Moving Parties have moved to dismiss DASNY's and TDX's claims by making the unfounded argument that now—two years after the document was discussed at Ray Leu's deposition, after pretrial statements and exhibit lists have been exchanged, and on the eve of trial—they are unable to prove "the very essence of the moving parties' theory of the case." (Mem. of Law 9.)

spoliation, that sanction "should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." Id. (citing Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998)). While the court may order the outright dismissal of a claim, such a sanction is considered a "drastic penalty which should be imposed only in extreme circumstances" usually after consideration of alternative, less drastic sanctions. See Israel Aircraft Indus., Ltd. v. Standard Precision, 559 F.2d 203, 208 (2d Cir. 1977). Therefore, if the moving party can establish that spoliation—"the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation"—actually took place, the sanction of dismissal is appropriate only "if there is a showing of willfulness, bad faith, or fault on the part of the sanctioned party." West, 167 F.3d at 779 (citing Jones v. NFTA, 836 F.2d 731, 734 (2d Cir.1987)); see also Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986).

**B.    DASNY and TDX did not Destroy, Alter or Fail to Preserve any Evidence Related to this Litigation.**

The Moving Parties claim that DASNY and TDX engaged in the spoliation of evidence. (Mem. of Law 2.) Specifically, the Memorandum of Law alleges that DASNY and TDX failed to produce a document that "indicated where Bartec installed Conflow, where Crocetti installed its underlayment, and where TDX ground the concrete . . . both before and after underlayment was installed." (Mem. of Law 3.) However, this alleged document was never created and DASNY and TDX never had such a document in their possession. (See Leu Decl. ¶¶ 12,13.) Rather, as discussed at Ray Leu's deposition on June 11, 2008, Bartec provided TDX with a "five foot grid survey of the existing conditions on the slabs." (Froessel Aff. Ex. 1, Leu Dep. 428:22-24, June 11, 2008.) TDX then "highlighted the areas [on the survey] where we needed some floor filled to meet KPF's tolerances." (Id. at 429:6-8.) This highlighted survey, referred to as the "Chop and Fill Survey," was the only document that TDX prepared or possessed with respect

to installation of substrates at the Project.[3] (Leu Decl. ¶¶ 11-13.) Moreover, the Chop and Fill Survey was made available to the Moving Parties on several occasions. (Froessel Aff. ¶ 4; Leu Decl. ¶ 14.)

Aside from the Chop and Fill Survey, TDX did not prepare any other document showing the substrate upon which terrazzo was installed at the Project. (Leu Decl. ¶ 12.) Moreover, TDX did not prepare a document, such as an as-built, indicating the locations where substrate had been installed by Bartec or any other party after those parties installed the substrate.[4] (Id. ¶ 13.) In fact, the Chop and Fill Survey is the same document as the "Bartec Survey"—the document the Motion claims DASNY and TDX withheld from production.[5] (Compare Mem. of Law 3, 5 (citing Ray Leu's deposition at 428:22-430:21) with Leu Decl. ¶¶ 10, 11.) As a result, to the extent the Moving Parties claim that the missing document is not the Chop and Fill Survey, DASNY and TDX maintain that such a document either does not exist or is in the possession of another party.

---

[3] The Chop and Fill Survey consisted of floor plans on which Bartec had written its survey measurements of the elevations of the concrete slabs in particular areas. (Leu Decl. ¶ 11.) TDX then highlighted the document to show the areas that would need to be "chopped" or "filled" to bring the slabs to the elevations specified by KPF, the Project Architect. (Id.) TDX highlighted the document before any underlayment/substrate was installed to provide direction to the contractor who would be performing the work. (Froessel Aff. Ex. 1, Leu Dep. 428:24-429:3.)

[4] As stated herein, TDX and DASNY did not prepare and do not possess project drawings showing where the various underlayment/substrates were actually installed at the Project. (Leu Decl. ¶¶ 12,13.) However, the General Requirements of Contract 16 require Trataros to prepare project drawings "to record the actual location of the Work in place" that show the "[l]ocation of underground Work and concealed Work." (Leu Decl. Ex. 1, Contract 16, Gen. Requirements §§ 01720.01.A, 01720.01.C.1(b).) Therefore, to the extent the Moving Parties are in search of an as-built drawing containing details with respect to the installation of the epoxy terrazzo flooring system, the Moving Parties should look to Trataros to provide such a document. Moreover, being that the Moving Parties installed the substrates and underlayment at the Project, the Moving Parties should certainly "have knowledge as to where the products were used." (But see Mem. of Law 9.)

[5] The Moving Parties reference deposition testimony of Bartec's Craig Negus where he claims that TDX possessed an as-built survey documenting the actual locations where underlayment was installed at the Project. (See Motion at 3; see also Froessel Aff. Ex. 2, Negus Dep. 138:20-140:18, Aug. 12, 2008). However, Mr. Negus is mistaken. To TDX's knowledge, no such document was ever created. (Leu Decl. ¶13.) Moreover, Mr. Negus admits that he "never saw Mr. Leu making markings on the drawings" that he thought were the as-built drawings. (Froessel Aff. Ex. 2, Negus Dep. 139:25-140:18.) In fact, Mr. Negus' only stated basis for believing that a survey may have been prepared after the parties installed underlayment was that he saw a survey that looked "neat." (Id. at 140:4-8.) Therefore, the logical conclusion that one must draw from Mr. Negus' testimony is that the "marked up" plans and specifications that Mr. Negus discussed at his deposition (id. at 49:25-50:14) are the same as the Chop and Fill Survey (see Leu Decl. ¶ 11); and (2) that Mr. Negus was mistaken when he stated that an "after the fact" set of drawings existed.

### C. The Moving Parties' Request for Dismissal of DASNY's and TDX's Claims is Inappropriate.

As discussed above, the Moving Parties cannot establish that DASNY or TDX engaged in spoliation because DASNY and TDX did not destroy, alter or fail to produce any evidence related this litigation.  Therefore, the Moving Parties cannot establish that DASNY and TDX engaged in "willfulness, bad faith, or fault" with respect to any allegedly missing evidence. Accordingly, the Moving Parties cannot plausibly argue that DASNY's and TDX's claims should be dismissed due to spoliation or for any other reason.

### III. CONCLUSION

For the reasons set forth above DASNY and TDX respectfully request that the Court deny the Moving Parties' Motion in its entirety.

Dated:      New York, New York,
            January 24, 2011

                                        HOLLAND & KNIGHT LLP

                                        By:   /s/ Stephen B. Shapiro
                                        Stephen B. Shapiro
                                        Timothy B. Froessel
                                        Cheryl A. Feeley
                                        Livya L. Heithaus
                                        31 West 52nd Street
                                        New York, New York 10019
                                        (212) 513-3200
                                        stephen.shapiro@hklaw.com
                                        tim.froessel@hklaw.com
                                        cheryl.feeley@hklaw.com
                                        livya.heithaus@hklaw.com
                                        *Attorneys for Dormitory Authority of the State of New York and TDX Construction Corp.*

To:     All Counsel of Record