UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for
RELIANCE INSURANCE COMPANY,

                              Plaintiff,

                        - against -

DORMITORY AUTHORITY – STATE OF NEW YORK, TDX
CONSTRUCTION CORP., and KOHN PEDDERSEN FOX ASSOCIATES,
P.C.,

                              Defendants,
-------------------------------------------------------------------------X
DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX
CONSTRUCTION CORP.,

                             Third-Party Plaintiffs,

                        - against -

TRATAROS CONSTRUCTION, INC.,

                             Third-Party Defendant,
-------------------------------------------------------------------------X
TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND
SURETY COMPANY,

                             Fourth-Party Plaintiffs,

                        - against -

CAROLINA CASUALTY INSURANCE COMPANY; BARTEC
INDUSTRIES, INC.; DAYTON SUPERIOR SPECIALTY CHEMICAL
CORP. a/k/a DAYTON SUPERIOR CORPORATION; SPECIALTY
CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER CASUALTY
INSURANCE COMPANY d/b/a KEMPER INSURANCE COMPANY;
GREAT AMERICAN INSURANCE COMPANY; NATIONAL UNION
FIRE INSURANCE COMPANY OF PITTSBURGH, PA.; UNITED STATES
FIRE INSURANCE COMPANY; ALLIED WORLD ASSURANCE
COMPANY (U.S.) INC. f/k/a COMMERCIAL UNDERWRITERS
INSURANCE COMPANY; ZURICH AMERICAN INSURANCE
COMPANY d/b/a ZURICH INSURANCE COMPANY; OHIO CASUALTY
INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP;
HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a
HARLEYSVILLE INSURANCE COMPANY); JOHN DOES 1- 20 AND
XYZ CORPS. 1-12,

                             Fourth-Party Defendants.
-------------------------------------------------------------------------X

Case No.: 07-CV-6915 (DLC)

## MEMORANDUM OF LAW IN OPPOSITION TO
## MOTION IN LIMINE OF DASNY, TDX, AND KPF

Fourth-Party Defendant, DAYTON SUPERIOR SPECIALTY CHEMICAL CORPORATION a/k/a DAYTON SUPERIOR CORPORATION ("Dayton"), submits the within memorandum of law in opposition to DASNY/TDX/KPF's motion *in limine* pursuant to Federal Rules of Evidence 702 and 703 to exclude Dayton's expert, Michael Drerup, from testifying at trial concerning the lack of evidence that the terrazzo flooring failure is propagating.

### FACTUAL ALLEGATIONS

As this Court is aware, DASNY/TDX/KPK (hereinafter "DASNY") has alleged that the terrazzo flooring system that was installed at the "vertical campus" of Baruch College is failing. DASNY's experts have opined that the terrazzo floor failures are propagating.[1] However, various experts retained by other parties, including Dayton, have provided a contrary opinion, based on their own testing and analysis of core samples taken from the building.

DASNY has recently obtained this court's permission to introduce recently-obtained evidence to support its theory that the flooring failures are propagating. However, effectively seeking to limit the court's consideration to their one-sided view of the present condition of the flooring in the building, DASNY has simultaneously moved to preclude Dayton's expert from offering any contrary evidence of a lack of propagation. Neither the Federal Rules of Evidence nor the case law in this Circuit justifies such an

---

[1] According to dictionary.com, the word "propagating" means; to spread (a report, doctrine, practice, etc.) from person to person; to disseminate; or to cause to increase in number or amount.

inequitable result.

## ARGUMENT

In their motion *in limine*, DASNY argues that the testimony of Dayton's expert, Michael Drerup, regarding his opinion that the terrazzo flooring failure is not propagating, should be excluded under Federal Rules of Evidence 702 and 703 because such opinion is unreliable and is not based on sufficient data. (See, DASNY Memorandum of Law in Support of Motion in Limine, filed January 11, 2011, at 16).

Specifically, DASNY generally argues that "[n]one of [the terrazzo defendants'] experts had adequate data to assess whether the delamination was propagating," and more specifically, that "none of these experts have performed a time-based analysis that could establish the necessary factual predicate for an opinion that the condition is or is not changing over time." (DASNY Memorandum of Law, at 17).

However, DASNY's motion to exclude Dayton's expert from testifying concerning a lack of propagation is both moot and without merit.

A. <u>DASNY's Motion to Preclude Dayton's Expert Drerup is Moot.</u>

With respect to mootness, subsequent events have rendered this aspect of DASNY's motion *in limine* moot. This Court has already ordered that DASNY's 2010 survey relating to propagation will be admissible at trial. In fact, this court described the issue of propagation as a core issue that must be resolved by the jury in this action.

However, as this court has also recognized, given that DASNY has offered new evidence on a crucial issue in this case that now has been admitted by the court, those defendants allegedly liable for the flooring failure, Fourth-Party Plaintiffs and Defendants TRATAROS/TRAVELERS, BARTEC, DAYTON, G.M. CROCETTI AND

3

CARLOINA CASUALTY (the "Terrazzo Defendants"), must be given a reasonable opportunity to inspect the building and analyze the condition of the flooring for evidence, or a lack of evidence, of propagation. At a January 13, 2011 telephone conference between the court and all relevant parties, District Judge Cote agreed that that the Terrazzo Defendants will be permitted an opportunity to perform inspections of at least ten (10) additional locations. Annexed hereto as **Exhibit A** are the relevant pages of the transcript of the January 13, 2011 telephone conference which include Judge Cote's core ruling relating to propagation, at pp. 16-17.

In light of this Court's recent ruling regarding the admissibility of DASNY's evidence of propagation, and the acknowledgement that the Terrazzo Defendants will be given an opportunity to inspect the location for evidence of propagation, DASNY's motion to exclude Dayton's expert from testifying as to a lack of propagation due to insufficient data, is plainly moot or premature. Plainly, after the Terrazzo Defendants' experts perform their new inspection of the premises to address the issue of propagation, they will now be in possession of even more time-based evidence to render an opinion on this issue.

The motion is moot for a second reason. It seeks to exclude the testimony of an expert, Michael Drerup, who this Court has recently precluded from testifying at trial. As this Court knows, KPF's eleventh-hour waiver of conflict has necessitated that Dayton rely on its original expert, Michelle Cyr, regarding the issue of propagation. Accordingly, since DASNY's motion *in limine* now seeks to exclude a witness that will not be testifying, and such motion was never amended or corrected to include a substitute witness, it should be summarily denied.

4

Even if this court considers the merits of DASNY's motion to exclude Dayton's expert, it should be denied on the merits. Fed. R. Evid. 702 permits a party to offer an opinion of a qualified expert with specialized knowledge if: (1) the testimony is based on sufficient facts or data; (2) the testimony is the product of reliable principles and methods; (3) the witness has applied the principles and methods reliably to the facts of the case. Zaccaro v. Shah, 2010 U.S. Dist. LEXIS 107728 (S.D.N.Y.).

This rule incorporates the principles enunciated by the Supreme Court in Daubert v. Merrill Dow Pharmaceuticals Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993), which state that trial courts have a gatekeeping function to admit expert testimony, but only where it is demonstrated to be both relevant and reliable. R.F.M.A.S., Inc. v. Mimi So, 2010 U.S. Dist. LEXIS 111802 (S.D.N.Y.); see also, Kumlo Tire Co. v. Carmichael, 526 U.S. 137, 119 S.Ct. 1167 (1999).

DASNY's argument for preclusion of Dayton's expert appears to rest on the allegation that Drerup's opinion is unsupported by sufficient data from the record. DASNY's counsel is wrong.

While "trained experts commonly extrapolate from existing data … nothing in either Daubert or the Federal Rules of Evidence require a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." General Electric Co. v. Joiner, 522 U.S. 136, 118 S.Ct. 512 (1997). In fact, "courts should exclude expert testimony that is 'speculative or conjectural, or if it is based on assumptions that are so unreasonable and contradictory as to suggest bad faith …'" Olindo Enterprises, Inc. v. City of Rochester, 2008 U.S. Dist LEXIS 17916 (W.D.N.Y.), quoting Boucher v. Suzuki Motor Corp., 73 F.3d 18, 21, (2d Cir. 1996).

Indeed, when an expert opinion "is based on data, a methodology or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony." Nimely v. City of New York, 414 F.3d 381, 396-397 (2d Cir. 2005). quoting Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 266 (2d Cir. 2002).

However, the Court of Appeals for the Second Circuit has also held that where an expert's underlying methodology is reliable, notwithstanding that certain defects exist in the conclusions drawn or the assumptions made, such matters are properly explored during cross-examination and go the weight of the evidence, not its admissibility. Zerega Avenue Realty Corp. v. Hornbeck Offshore Transportation, LLC, 571 F.3d 206, 214 (2d Cir. 2009); Boucher, 73 F.3d at 21; McCullock v. H.B. Fuller Co., 61 F.3d 1038, 1043 (2d Cir. 1995); see also, Olindo Enterprises, Inc., 2008 U.S. DIST LEXIS 17916 at *13.

Contrary to DASNY's allegation, Dayton's expert's opinion regarding propagation is based on substantial testimonial and documentary evidence in the record which, in its totality, constitutes a "time-based analysis" of the propagation issue. According to Michelle Cyr's Report, adopted by Michael Drerup, in forming its opinion, Dayton's expert reviewed the 2010 Mediation Statements of all parties, including exhibits; the deposition testimony of numerous fact and expert witnesses concerning the Baruch College project and the delamination problem; and investigation reports concerning the terrazzo flooring failure created by Testwell Laboratories (on behalf of TDX), WT Grazzini Terrazzo & Tile, Inc. for the National Terrazzo and Mosaic Association (NTMA); and Simpson Grumpertz & Heger (on behalf of DASNY/TDX). Annexed hereto as **Exhibit B** are the relevant pages of Michelle Cyr's Expert Report, at

6

p. 2-3.

In addition, Ms. Cyr testified at her deposition that her conclusions regarding a lack of propagation were based on the results of a "sounding" investigation that she undertook on behalf of her employer, Exponent, as well as a petrographic analysis of "core samples" of the terrazzo flooring extracted from the Baruch College campus. Annexed hereto as **Exhibit C** are the relevant pages of Michelle Cyr's Deposition Transcript, p. 32-45).

Courts within this Circuit have consistently upheld as reliable the admission of expert opinion when such opinion is based on the expert's consideration of data similar in type to that reviewed by Ms. Cyr in this case. See, Zerega, 571 F.3d at 214 (affirming denial of motion to preclude plaintiff's expert as unreliable due to untimely inspection three years after accident and lack of engineering calculations where opinion was based on witnesses' statements, expert's inspection of bulkhead around time of accident, drawings, photos, reports, and videos prepared by defendants); Shea v. Long Island Railroad Co., 2009 U.S. Dist. LEXIS 43748 at *12 (plaintiff's motion to preclude defendant's expert from testifying as to psychological test performed on plaintiff and interpretation of test results denied where opinion was properly grounded in data, including test results, review of plaintiff's medical records and his clinical interview of plaintiff); Olindo Enterprises, Inc., 2008 U.S. Dist. LEXIS 17916 at *15 (defendant's motion to preclude plaintiff's forensic expert from testifying that hazardous substances were dumped by City defendant denied where a reliable basis exists for opinion including laboratory data, interviews with witnesses, public records and historical information).

Nor is there any basis for DASNY's allegation that the data relied upon by Cyr

7

did not support a "time-based" analysis. In reaching her opinion, Cyr analyzed test results from March and April 2003 by Testwell (for TDX), a 2003 report prepared by WT Grazzini for the National Terrazzo and Mosaic Association (for TDX), results of October 2005 and September 2008 sounding tests conducted by Simpson Grumpertz & Heger (SGH), a March 2009 report on the epoxy terrazzo flooring investigation prepared by SGH, and Exponents own sounding tests and core sample analysis which occurred in January 2007.

Thus, it is clear that in formulating her opinion, Cyr (or Drerup) had before them the results of tests and investigations that occurred throughout most of the post-accident period, and plainly constitute a "time-based' analysis. Zerega, 571 F.3d at 214 (although expert did not examine bulkhead until three years after accident, his opinion based on other expert inspections of bulkhead in immediate post-accident period).

**WHEREFORE**, it is respectfully requested that the court deny DASNY's motion *in limine* pursuant to Fed. R. Evid. 702 and 703 to the extent it seeks to preclude Dayton's expert from testifying at trial.

Dated: White Plains, New York
January 24, 2011

Yours, etc.,

/s/
William G. Kelly, Esq. (WGK-2982)
GOLDBERG SEGALLA LLP
Attorneys for Fourth Party Defendant
DAYTON SUPERIOR
11 Martine Avenue
White Plains, New York 10606
(914) 798-5400

8