UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,

                      Plaintiff,

- against -

DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,

                      Defendants,

**Case No.: 07-CV-6915 (DLC)**

---

DORMITORY AUTHORITY OF THE STATE OF NEW YORK and TDX CONSTRUCTION CORP.,

                      Third-Party Plaintiffs,

- against -

TRATAROS CONSTRUCTION, INC.,

                      Third-Party Defendant,

---

TRATAROS CONSTRUCTION, INC., and TRAVELERS CASUALTY AND SURETY COMPANY

                      Fourth-Party Plaintiffs,

- against -

CAROLINA CASUALTY INSURANCE COMPANY; BARTEC INDUSTRIES, INC.; DAYTON SUPERIOR SPECIALTY CHEMICAL CORP. a/k/a DAYTON SUPERIOR CORPORATION; SPECIALTY CONSTRUCTION BRANDS, INC. t/a TEC; KEMPER CASUALTY INSURANCE COMPANY d/b/a KEMPER INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.; UNITED STATES FIRE INSURANCE COMPANY; ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. f/k/a COMMERCIAL UNDERWRITERS INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY d/b/a ZURICH INSURANCE COMPANY; OHIO CASUALTY INSURANCE COMPANY d/b/a OHIO CASUALTY GROUP; HARLEYSVILLE MUTUAL INSURANCE COMPANY (a/k/a HARLEYSVILLE INSURANCE COMPANY); JOHN DOES 1- 20 AND XYZ CORPS. 1-12,

                      Fourth-Party Defendants

Fourth-Party Defendant, DAYTON SUPERIOR SPECIALTY CHEMICAL CORPORATION a/k/a DAYTON SUPERIOR CORPORATION ("Dayton"), submits the within affirmation in partial opposition to the motion submitted by Travelers Casualty and Surety Company ("Travelers") and Trataros Construction, Inc. ("Trataros"), seeking to substitute the Dormitory Authority - State of New York ("DASNY") as the Plaintiff in the Fourth-Party action. If this proposed substitution is granted, Dayton respectfully requests that the Court allow for the following during trial; 1) Fourth-Party Defendants may refer to Travelers and Trataros as Plaintiffs in the Fourth-Party action; 2) introduction of all admissions made by Travelers and Trataros; 3) all defenses asserted on behalf of Dayton as against Travelers and Trataros remain applicable against DASNY. The aforementioned requests are in furtherance of the direction of this Court, provided during the February 3, 2011, pre-trial conference, during which the parties were directed that such information would survive the potential settlement and substitution.

Additionally, Dayton posits that pursuant to the terms of the settlement agreement executed by DASNY and Travelers/Trataros wherein Travelers and Trataros have agreed to assign their rights and defenses as Fourth-Party Plaintiff to DASNY, the terms of that agreement do not establish that DASNY has any right to contribution or indemnification Dayton. As established by the Court of Appeals, a claim for common-law indemnification[1] accrues only after payment is made by the original defendant. See *McDermott v. City of New York*, 50 N.Y.2d 211 (1980); *Bay Ridge Air Rights, Inc. v. State of New York*, 44 N.Y.2d 49 (1978); *Alside, Inc. v. Spancrete Northeast, Inc.*, 84 A.D.2d 616 (3d Dept. 1981). Therefore, because the indemnity obligation accrues only

---

[1] Contractual indemnification does not apply in this matter, as there was no contractual relationship at any time between Dayton and Travelers or Trataros.

on the date payment is made, then Dayton would only be obligated to indemnify if Trataros paid a judgment against it.

Based upon the settlement agreement executed by Travelers/Trataros and DASNY, Travelers/Trataros did not and will not proffer any money in exchange for the settlement. In fact, Travelers and Trataros will receive 1/3 of any proceeds collected by DASNY as a result of the remaining litigation, with $1 million dollars as the minimum amount to be paid out to Travelers/Trataros at the conclusion of said litigation (see Exhibit "A"). In light of the above, there is no indemnity obligation that has accrued to date that would obligate Dayton to indemnify Trataros. We intend to move at the conclusion of this case for dismissal based on the above.

WHEREFORE, forth party defendant Dayton requests that the above referenced rulings on evidence and defenses be incorporated into the Court's Order.


Dated: White Plains, New York
       February 4, 2011.



                                                    _____/s/_____

                                                    William G. Kelly (WK- 2982 )
                                                    GOLDBERG SEGALLA
                                                    *Attorneys for Fourth-Party Defendant*
                                                    **DAYTON SUPERIOR CORPORATION
                                                    s/h/a DAYTON SUPERIOR SPECIALTY
                                                    CHEMICAL CORP. a/k/a DAYTON
                                                    SUPERIOR CORPORATION**
                                                    11 Martine Avenue, Suite 750
                                                    White Plains, New York 10606
                                                    (914) 798-5400
                                                    GS File No.: 15180.0001