**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,

        Plaintiff,

- against -

DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,

        Defendants.

---

AND THIRD AND FOURTH PARTY ACTIONS.

Case No. 07 Civ. 6915 (DLC)

Consolidated with
Case No. 08 Civ. 6239 (DLC)

**REPLY TO AFFIRMATION FILED IN OPPOSITION TO MOTION TO SUBSTITUTE PARTY**

---

In Re:
G.M. CROCETTI, INC.,

        Debtor.

---

G.M. CROCETTI, INC.,

        Plaintiff,

- against -

TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,

        Defendants.

---

TRATAROS CONSTRUCTION. INC. and TRAVELERS CASUALTY AND SURETY COMPANY,

        Third-Party Plaintiffs,

- against -

DORMITORY AUTHORITY - STATE OF NEW YORK, et al.,

        Third-Party Defendants.

Case No. 08 Civ. 6293 (DLC)
(Consolidated Action)

On February 4, 2011, Dayton Superior Corporation ("Dayton") submitted an affirmation (the "Affirmation") in response to the Rule 25(c) Motion to Substitute Party (the "Substitution Motion") filed by Travelers Casualty and Surety Company ("Travelers") and Trataros Construction, Inc. ("Trataros"). Dayton's Affirmation is procedurally inappropriate, factually inaccurate, and legally unsupportable. Furthermore, it is unclear whether the Affirmation requests any specific relief. To the extent that Dayton asks for a ruling, its request should be denied.

## I. The Commonlaw Indemnity Argument Raised In Dayton Superior's "Affirmation" Is Procedurally Improper.

The Court permitted Dayton to oppose the Substitution Motion. In addition to "partially opposing" that Motion by requesting that certain rulings on evidence and defenses be incorporated into a proposed Substitution Order, Dayton also argues – for the first time – that Trataros' commonlaw indemnity claim against Dayton is insufficient. Notably, Dayton did not assert this argument in a motion for summary judgment, and this Court ruled that summary judgment motions will not be heard at this stage. (Hr'g. Tr., Sept. 13, 2010 at 11:3-6.) Apparently, Dayton recognizes that this portion of its Affirmation is premature. In fact, Dayton's Affirmation states that Dayton will seek a directed verdict on this issue.

Dayton's potential motion for a directed verdict is neither relevant to the Substitution Motion nor ripe for consideration by the Court. It also is factually and legally incorrect. Therefore, there is no reason to consider the Affirmation at this time.

## II. The Claims Assigned By Trataros To DASNY, Made Pursuant To A Valid Liquidating Agreement, Are Properly Before This Court And Must be Tried.

Dayton argues that Trataros' commonlaw indemnity claim is legally insufficient because, allegedly, Trataros has not and will not pay DASNY for any damages. In addition to being factually incorrect, Dayton's Affirmation ignores several causes of action that Trataros asserted

2

against Dayton in this case. These claims are *not* limited to contribution and indemnity. Trataros also pleaded, and has now liquidated, claims for negligence (simple negligence, negligent manufacture, and negligent misrepresentation), breach of contract, and breach of warranty (express and implied) against Dayton. (See Case No. 07-CV-6915, Dkt. No. 177, Trataros' and Travelers' Am. Fourth-Party Compl.; Case No. 08-CV-6239, Dkt. No. 20, Trataros' and Travelers' Second Am. Third-Party Compl.)  These claims exist and may not be ignored.[1]

Furthermore, Dayton mischaracterizes DASNY's settlement with Trataros and Travelers as a simple assignment of claims. DASNY entered into a liquidating agreement with Travelers and Trataros (the "Liquidating Agreement"), which includes an express admission of liability by Trataros and liquidates the damages for which Trataros is responsible. The Liquidating Agreement also includes the method by which Trataros will pay DASNY for these damages. Liquidating agreements are commonly used for this purpose and are enforceable under New York Law. See, e.g., Lambert Houses Redevelopment Co. v. HRH Equity Corp., 502 N.Y.S.2d 433 (1st Dept. 1986) (holding use of liquidating agreement by owner to pursue general contractor's claim against subcontractor or supplier permissible).

Assuming *arguendo* that the only claim at issue here was, in fact, for commonlaw indemnification, Dayton's position is still unsupportable. It is well-accepted that a party seeking indemnification (here, Trataros) may bring a claim for indemnification pursuant to a liquidating agreement that contains an admission of liability by the party seeking indemnification to the original claimant. Mars Assoc., Inc. v. N.Y. City Educ. Constr. Fund, 513 N.Y.S.2d 125, 133-34

---

[1] Further, under the terms of the settlement in principle with Bartec, Bartec will admit liability to Trataros and DASNY for those claims that Trataros asserted against Bartec, including, *inter alia*, breach of contract, professional negligence, and negligence, thus liquidating its claims against Dayton. Thus, DASNY and/or Trataros will be able to pursue (via the assignment of all claims by Trataros) Bartec's liquidated claims for negligence, product liability, breach of contract, and breach of warranty against Dayton. (See Case No. 08-CV-6239, Dkt. No. 34.) Because Bartec's claims are made by party who has direct privity with Dayton, any motion for a directed verdict on the basis of the insufficiency of the commonlaw indemnity claim is moot.

(1st Dept. 1987). Because Trataros has admitted liability to DASNY and agreed to pay DASNY the amount it collects from the Fourth-Party Defendants (including Dayton), Trataros is able to pursue its indemnification claim *without* prior payment to DASNY. See id.. None of the cases cited by Dayton for the proposition that "a claim for common-law indemnification accrues only after payment is made by the original defendant" involve a party pursuing a commonlaw indemnity claim when a liquidating agreement exists.[2]

| | |
|---|---|
| Dated: New York, New York, February 7, 2011 | HOLLAND & KNIGHT LLP<br><br>By: __/s/ Stephen B. Shapiro__<br>Stephen B. Shapiro<br>Timothy B. Froessel<br>Cheryl A. Feeley<br>Livya L. Heithaus<br>31 West 52nd Street<br>New York, New York 10019<br>(212) 513-3200<br>stephen.shapiro@hklaw.com<br>tim.froessel@hklaw.com<br>cheryl.feeley@hklaw.com<br>livya.heithaus@hklaw.com<br>*Attorneys for Dormitory Authority of the State of New York and TDX Construction Corp.* |

To:   All Counsel of Record

---

[2] Further, Dayton failed to address the possibility that Trataros could, in fact, pay DASNY the amount of a judgment entered against Dayton for the damages DASNY suffered, such that a "prior payment" was made and a commonlaw indemnity claim ripened. In Feldman v. N.Y. Cit Health & Hosps. Corp., 437 N.Y.S.2d 491 (N.Y. Sup. Ct. 1981), two defendants (the Marescos) sued by plaintiffs for injuries relating to a car accident impleaded a hospital for contribution. A judgment was entered whereby the Marescos, who bore only 10 percent of the fault, were found liable for the entire amount of damages to the plaintiff (reduced by the amount paid by the third primary defendant). Id. at 492-93. The Marescos also obtained a large judgment against the hospital, but the language of the judgment made clear that it was contingent on payment by the Marescos to the plaintiff over and above their apportioned liability, as mandated by the Court of Appeals' decision in Klinger v. Dudley, 361 N.E.2d 362 (N.Y. 1977). The insolvent Marescos were unable to pay above their insurance policy limit, leaving a large amount of damages unpaid to plaintiffs. Feldman, 437 N.Y.S.2d at 493. To "overcome this situation and obtain payment by the only culpable party with available funds," the plaintiffs and the Marescos entered into an arrangement whereby a lender lent money to the Marescos so that they could pay plaintiffs over and above their apportioned liability. Id. at 496. The Court of Appeals upheld the arrangement, agreeing with the Supreme Court's finding that the result sought to be accomplished was equitable and proper. See Feldman v. N.Y. City Health & Hosps. Corp., 453 N.Y.S.2d 683 (N.Y. 1982).