UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>- against -<br><br>DORMITORY AUTHORITY – STATE OF NEW YORK, TDX CONSTRUCTION CORP., and KOHN PEDERSEN FOX ASSOCIATES, P.C.,<br><br>      Defendants.<br><br>AND THIRD AND FOURTH PARTY ACTIONS. | Case No. 07 Civ. 6915 (DLC)<br><br>Consolidated with<br>Case No. 08 Civ. 6239 (DLC)<br><br>DASNY'S REPLY TO CAROLINA CASUALTY'S AND CROCETTI'S RESPONSE TO THE MOTION TO SUBSTITUTE |
| In Re:<br>G.M. CROCETTI, INC.,<br><br>      Debtor.<br><br>G.M. CROCETTI, INC.,<br><br>      Plaintiff,<br><br>- against -<br><br>TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>      Defendants.<br><br>TRATAROS CONSTRUCTION. INC. and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>      Third-Party Plaintiffs,<br><br>- against -<br><br>DORMITORY AUTHORITY - STATE OF NEW YORK, et al.,<br><br>      Third-Party Defendants. | Case No. 08 Civ. 6293 (DLC)<br>(Consolidated Action) |

On February 4, 2011, Carolina Casualty Insurance Company ("Carolina") and G.M. Crocetti, Inc. ("Crocetti") (referred to jointly as "Carolina/Crocetti") submitted a memorandum of law ("Memorandum of Law"), purporting to respond to the Rule 25(c) Motion to Substitute Party filed by Travelers Casualty and Surety Company ("Travelers") and Trataros Construction, Inc. ("Trataros"). Carolina/Crocetti's Memorandum of Law is procedurally inappropriate, factually inaccurate, and legally unsupportable. The Dormitory Authority of the State of New York ("DASNY") therefore submits this reply in opposition to the points made in Carolina/Crocetti's Memorandum of Law.

## I.  Portions Of Carolina/Crocetti's Memorandum Of Law In Response To The Motion To Substitute Are Untimely

Carolina/Crocetti's Memorandum of Law includes an argument that appears to seek relief under Rule 56 of the Federal Rules of Civil Procedure. Specifically, Carolina/Crocetti appear to request that the Court dismiss the claims filed against Carolina in this lawsuit. However, the deadline for filing dispositive motions in this case was February 19, 2010. Therefore, this portion of Carolina/Crocetti's Memorandum of Law is untimely. To the extent that the Court intends to hear Carolina/Crocetti's request for dismissal of claims, the responding parties request the time period permitted to oppose a motion for summary judgment provided for in the Federal Rules of Civil Procedure and this Court's individual practices.

## II. The Performance Bond Claims Assigned By Travelers and Trataros To DASNY Are Properly Before This Court And Must be Tried

On January 30, 2011, Travelers and Trataros entered into a settlement agreement with DASNY ("Settlement Agreement"),[1] under which (1) Trataros admitted liability for the flooring failure; (2) Trataros liquidated the damages arising from the flooring failure; and (3) Trataros

---

[1] The Settlement Agreement resolved the disputes among DASNY, TDX Construction Corp., Kohn Pedersen Fox Associates, P.C., Travelers, and Trataros in both Travelers Casualty and Surety Company v. Dormitory Authority – State of New York, et al., Case No. 07-CV-6915 ("Travelers Litigation") and G.M. Crocetti, Inc. v. Trataros Construction, Inc., et al., Case No. 08-CV-6293 ("Crocetti Action").

assigned to DASNY all of its rights, claims and defenses against Bartec Industries, Inc., Crocetti, Carolina, and Dayton Superior Corp. (collectively "Terrazzo Defendants") in the Travelers Litigation and the Crocetti Action. To effectuate DASNY's ability to maintain the claims called for in the Settlement Agreement, Travelers, Trataros and DASNY entered into a liquidating agreement (the "Liquidating Agreement"), which liquidated and assigned, *inter alia*, (1) Travelers' and Trataros' Amended Fourth-Party Complaint filed in the Travelers Litigation, and (2) Travelers' and Trataros' Second Amended Third-Party Complaint filed in the Crocetti Action. (See Liquidating Agreement ¶1.) Further, Travelers and Trataros filed a Rule 25(c) Motion to Substitute DASNY as Fourth-Party Plaintiff in the Travelers Litigation and Third-Party Plaintiff in the Crocetti Action ("Motion to Substitute").

Trataros' Fourth-Party Complaint in the Travelers Litigation and Amended Third-Party Complaint in the Crocetti Action allege that Carolina breached the performance bond Carolina provided for the Baruch Project, which guaranteed to Trataros, as obligee, that Carolina's principal, Crocetti, would substantially perform the work required by its subcontract (the "Performance Bond Claims"). (See Dkt. No. 177, Trataros' and Travelers' Amended Fourth-Party Complaint ¶¶ 86-97; Case No. 08-CV-6239, Dkt. No. 20, Trataros' and Travelers' Second Amended Third-Party Complaint ¶¶ 103-114.) Carolina/Crocetti's Memorandum of Law responding to the Motion to Substitute questions whether the Liquidating Agreement permits DASNY to maintain Trataros' accrued Performance Bond Claims, which have been pending before the Court for several years. As discussed below, Carolina/Crocetti's arguments are procedurally improper and at odds with basic surety law.

### A. Carolina/Crocetti's Memorandum of Law Seeking Dismissal of the Performance Bond Claims is Procedurally Improper.

Rather than providing an opposition to the Motion to Substitute as permitted by the Court's February 1, 2011 Order, Carolina/Crocetti filed a memorandum of law seeking dismissal

of the Performance Bond Claims. Specifically, Carolina/Crocetti attack an assignee's legal ability to pursue claims against performance bonds. Notably, Carolina/Crocetti confirm that Travelers, like DASNY, is an assignee of Trataros' rights under the Performance Bond. (Mem. of Law 3.) However, Carolina/Crocetti never moved to dismiss Travelers' Performance Bond Claims on the theory raised in the Memorandum of Law—that "[a]ssignees have no right to sue on the Carolina surety bond." (Mem. of Law 2.) Instead, Carolina/Crocetti waited nearly three years after Travelers' Performance Bond Claims were filed—and almost one year after the deadline for dispositive motions—to seek dismissal of the Performance Bond Claims. Moreover, this Court ruled that dispositive motions will not be heard at this stage of litigation. (Hr'g. Tr., Sept. 13, 2010 at 11:3-6.) Therefore, to the extent that the Memorandum of Law seeks dismissal of the Performance Bond Claims, the Court should deny this request.

**B.  DASNY can Maintain Travelers' and Trataros' Breach of Performance Bond Claims Against Carolina as an Assignee.**

Carolina/Crocetti argue that DASNY cannot maintain the Performance Bond Claims assigned by Trataros and Travelers because "[b]y its terms, the right to sue on the Carolina surety bond is exclusive to Trataros itself or a successor company to the Trataros company." (Mem. of Law 2.) This argument is inconsistent with basic law regarding the assignment of performance bond claims and the proper interpretation of performance bond language.

As a general matter, an obligee may assign its rights under a performance bond to a third-party, without the sureties' consent, absent language in the bond prohibiting such an assignment.[2] See RESTATEMENT (THIRD) OF SURETYSHIP AND GUARANTY §13(1)(c) (1996); Lawrence R. Moelmann & John T. Harris, THE LAW OF PERFORMANCE BONDS 139 (1999) ("A valid

---

[2] A performance bond is a "tripartite relationship" under which a surety guarantees and assumes joint and several responsibility for the performance of a contractual undertaking entered into by the principal with a third party obligee. See Lawrence R. Moelmann & John T. Harris, THE LAW OF PERFORMANCE BONDS 2, 3. In this case, the performance bond at issue involves a compensated surety (Carolina) who guaranteed to the obligee (Trataros) that its principal (Crocetti) would perform its construction contract at the Baruch Project.

-3-

assignment will obligate the surety to the assignee to the same extent as the surety was obligated to the assignor."); Transdulles Centre Ltd. v. USX Corp., 761 F.Supp. 430, 433-34 (E.D. Va. 1991) (holding that a public entity may assign its rights under a performance bond to a third-party who may enforce those rights). Moreover, a contract provision attempting to prohibit assignments must state in clear and unequivocal language that assignments made in contravention of its terms are void. See, e.g., Pro Cardiaco Pronto Socorro Cardiologica v. Trussell, 863 F.Supp. 135, 137 (S.D.N.Y. 1994).

Carolina/Crocetti assert that the following language from the performance bond bars DASNY from pursuing the assigned Performance Bond Claims:

> No right of action shall accrue on this bond to or for the use of any person or corporation other than the Obligee named herein or the heirs, executors, administrators or successors of Obligee.

However, this language does not expressly preclude or limit Trataros' ability to assign to DASNY its rights to previously accrued claims against Carolina. Nor does this provision state that DASNY may not maintain an action already filed with the Court. As this Court has noted, "[w]here a compensated surety has assured a standard form of bond, it is to be interpreted liberally, and all ambiguities are to be resolved in favor of those for whose benefit the bond is given." Travelers Cas. & Surety Co. v. Dormitory Authority – State of New York, --- F.Supp.2d ---, 2010 WL 3419196, at *27 (S.D.N.Y Aug. 26, 2010). Therefore, absent clear language prohibiting the assignment of claims by Trataros and further barring an assignee's ability to maintain those claims, the Court should not interpret the cited bond language as prohibiting DASNY from prosecuting the Performance Bond Claims against Carolina.[3]

---

[3] The cases cited by Carolina/Crocetti for the proposition that "DASNY can have no right to sue on the Carolina surety bond" are legally and factually distinguishable. In re DAK Electric Contracting Corporation, N.Y. Law Journal 32 (N.Y. Sup. Jan. 12, 1995), an unreported New York Supreme Court Case, did not address the issue present in this case—an obligee/assignee's ability to maintain a lawsuit that has already accrued and been filed against a surety. Instead, it addressed whether the contractor for whom the bond was written, who is a principal rather than an obligee under the bond, could enforce a performance bond that was assigned in combination with a

-4-

Furthermore, Travelers and Trataros have assigned their causes of actions against Carolina's performance bond to DASNY in order to allow DASNY to collect damages arising out of Carolina's breaches of the performance bond. A bond provision that "purports to preclude or limit the assignment of an interest in the obligee's rights against the [surety] arising out of the [surety's] obligation" to perform the underlying contract, does not "preclude[] an assignment of a right to damages for breach of the [surety's] obligations or a right arising out of the obligee's due performance of its entire obligations . . . ." RESTATEMENT (THIRD) OF SURETYSHIP AND GUARANTY §13(4)(b). Therefore, even if the performance bond actually contained language precluding the assignment of claims arising out of the bond, such language would not limit DASNY's ability to maintain the instant lawsuit for damages against Carolina.[4] Id. cmt. e ("The policies supporting contractual freedom to limit assignment do not apply when the obligee is assigning only a cause of action and does not itself owe performance of any duties.").

As set forth above, DASNY's status as assignee does not impede its ability to pursue the Performance Bond Claims assigned by Travelers and Trataros. In this case, Carolina/Crocetti's argument is nothing more than form over substance. Trataros has not been dismissed as a party from this lawsuit. Therefore, Trataros and DASNY could agree to modify the Liquidating Agreement to provide for Trataros to remain in the case for the sole purpose of maintaining its

---

subcontract to complete work related to an ongoing project. The assignment of a surety's obligation to guarantee the performance of a substitute contractor during construction is much different than an obligee's assignment of an accrued claim that has been in litigation for more than five years. Citibank v. Grupo Cupey, Inc., 382 F.3d 29 (1st Cir. 2004), is a First Circuit case that was decided under the laws of Puerto Rico, which interpreted bond language in conjunction with a statute permitting a surety to undertake less than the full obligation on the underlying contract. Id. at 32-33.

[4] While not clear from the face of the Memorandum of Law, Carolina/Crocetti also appear to argue that the assignment might increase Carolina's burden or risk beyond what was imposed in the performance bond because the assignment could not have been "remotely within the contemplation of Carolina when it gave its bond to Trataros." This argument lacks merit. Carolina's risk—the possibility that it might have to pay damages for failing to perform its duties under the bond—does not change simply because DASNY is substituted as plaintiff. Trataros and Travelers assigned claims to DASNY that have been pending against Carolina for several years. Therefore, Carolina is fully aware of the allegations asserted against it and its potential defenses to those allegations. Moreover, the claims were assigned after the completion of the Baruch Project. Therefore, Carolina should be aware of the potential damages it may incur if the jury finds that Carolina breached its performance bond.

Performance Bond Claims against Carolina without impacting the provisions liquidating Trataros' financial responsibilities for Crocetti's wrongful acts.

### III. The Liquidating Agreement Between DASNY, Travelers And Trataros Is Valid Under New York Law

Carolina/Crocetti argue that the Liquidating Agreement entered into between DASNY, Travelers and Trataros is a "sham transaction" because Trataros is allegedly "judgment-proof." This argument is pure rhetoric that has no merit.

Liquidating agreements such as the one at issue here "have been uniformly upheld in this state." Bovis Lend Lease LMB Inc. v. GCT Venture, Inc., 728 N.Y.S.2d 25, 27 (1st Dept. 2001). Liquidating Agreements are "'commonly employed in the New York construction industry as a means to apportion liability among owners, general contractors, and subcontractors, among whom such efforts are otherwise hindered by a lack of contractual privity. Without question, they are sanctioned by the law of New York and accepted as a basis for recovery.'" North Moore Street Developers, LLC v. Meltzer/Mandl Architects, P.C., 799 N.Y.S.2d 485, 489 (1st Dept. 2005) (quoting Morse/Diesel v. Trinity Indus., 875 F.Supp. 165 (S.D.N.Y 1994), rev'd on other grounds, 67 F.2d 435 (2d Cir. 1995)). Liquidating agreements may be used to permit an owner's claim to be pursued against its general contractor's subcontractor or supplier. See, e.g., Lambert Houses Redevelopment Co. v. HRH Equity Corp., 502 N.Y.S.2d 433 (1st Dept. 1986).

Under New York law, a valid liquidating agreement has three essential elements: (1) the imposition of liability upon the general contractor for the costs incurred by the other party to the agreement; (2) a liquidation of that liability in the amount to the general contractor's recovery; and (3) a provision that provides for the "pass-through" of that recovery to the other party to the agreement. See, e.g., Bovis Lend Lease LMB, 728 N.Y.S.2d at 27. The Liquidating Agreement between DASNY, Travelers and Trataros satisfies these requirements. It provides that: (1) "Trataros concedes liability for the Terrazzo Defect Claims alleged against it by DASNY"

-7-

(Liquidating Agreement ¶ 1); (2) "DASNY agrees to accept in full satisfaction and discharge of its Terrazzo Defect Claims the full amount (if any) that may be collected upon Trataros' claims against the Terrazzo Defendants" (Id.); and (3) "DASNY's prosecution of the Assigned Claims shall seek to recover all damages arising from or relating to the Terrazzo Defect Claims and Assigned Claims, the proceeds of which shall be recovered by DASNY . . ." (Id. ¶ 2). There can be no question that the Liquidating Agreement in this case is valid under New York law.

Carolina/Crocetti's claim that the Liquidating Agreement is a "sham transaction" is completely unsupported. Carolina/Crocetti cite no law to support the proposition that a contractor's lack of assets can invalidate a liquidating agreement, and DASNY's research has revealed no legal authority that supports such a proposition. Moreover, Carolina/Crocetti's argument is based on an inaccurate recitation of the facts. Carolina/Crocetti argue that Trataros is "judgment proof," but the Court need look no further than the complaint in this action for one such asset—Trataros' cause of action (being pursued by Travelers pursuant to a general agreement of indemnity executed by Trataros) for the contract balance payments allegedly owed to Trataros by DASNY for its work at the Project. Thus, neither the law nor the facts support Carolina/Crocetti's misguided argument regarding the Liquidating Agreement.

### IV. Substituting DASNY As A Defendant On The Affirmative Claims By Carolina/Crocetti Does Not Violate The Law

In its final point, the Memorandum of Law challenges Travelers' and Trataros' ability to substitute DASNY as defendant to Carolina/Crocetti's affirmative claims. Carolina/Crocetti provide almost no legal support for this proposition. In further reply regarding Point III, DASNY refers to the arguments set forth in Travelers' and Trataros' Reply to the Memorandum of Law.

## V. Conclusion

For the reason set forth above, and contained in Travelers' and Trataros' Reply to the Memorandum of Law, DASNY respectfully requests that the Court disregard Carolina/Crocetti's Memorandum of Law and deny any relief requested therein.

Dated:  New York, New York,  HOLLAND & KNIGHT LLP
        February 7, 2011

        By:  /s/ Stephen B. Shapiro
        Stephen B. Shapiro
        Timothy B. Froessel
        Cheryl A. Feeley
        Livya L. Heithaus
        31 West 52nd Street
        New York, New York 10019
        (212) 513-3200
        stephen.shapiro@hklaw.com
        tim.froessel@hklaw.com
        cheryl.feeley@hklaw.com
        livya.heithaus@hklaw.com

        *Attorneys for Dormitory Authority of the State of New York and TDX Construction Corp.*

To:   All Counsel of Record