UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY, *et al.*, <br><br>                              Plaintiff, <br><br> vs. <br><br> DORMITORY AUTHORITY - STATE OF NEW YORK, *et al.*, <br><br>                              Defendants. | Case No. 07-CV-6915 (DLC) <br><br> Consolidated with: <br> Case No. 08-CV-6239 (DLC) <br><br> **ECF CASE** |
| DORMITORY AUTHORITY OF THE STATE OF NEW YORK, *et al.*, <br><br>                              Third-Party Plaintiffs, <br><br> vs. <br><br> TRATAROS CONSTRUCTION, INC., <br><br>                              Third-Party Defendant. | |
| TRATAROS CONSTRUCTION, INC., *et al.*, <br><br>                              Fourth-Party Plaintiffs, <br><br> vs. <br><br> CAROLINA CASUALTY INSURANCE COMPANY, *et al.*, <br><br>                              Fourth-Party Defendants. | |

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION ON SHORTENED NOTICE FOR AN ORDER OF SUBSTITUTION ON BEHALF OF TRAVELERS CASUALTY AND SURETY COMPANY AND TRATAROS CONSTRUCTION, INC.**

**Of Counsel**
JoAnne M. Bonacci, Esq.

**On the Brief**
JoAnne M. Bonacci, Esq.
Eli J. Rogers, Esq.
**DREIFUSS BONACCI & PARKER, LLP**
Five Penn Plaza, 25th Floor
New York, New York 10001
    -and-
26 Columbia Turnpike, North Entrance
Florham Park, New Jersey 07932
*Attorneys for Travelers Casualty and Surety Company and Trataros Construction, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 2

LEGAL ARGUMENT .............................................................................................................. 5

    POINT I
    DAYTON SUPERIOR'S AFFIRMATION IS NOT IN OPPOSITION TO
    THE RELIEF REQUESTED BY TRAVELERS AND TRATAROS ................................. 5

    POINT II
    CROCETTI/CAROLINA'S OPPOSITION IS NOT RELEVANT TO THE
    NARROW RELIEF SOUGHT ON THIS MOTION ......................................................... 7

CONCLUSION ....................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 17 (2d Cir. 1997) .................. 9

American Centennial Ins. Co. v. Seguros La Republica, S.A., 1998 WL 748648, *3
(SDNY Oct. 21, 1998) .................................................................................................... 2, 5, 7

Bank of New England v. Callahan, 758 F.Supp 61 (D.N.H. 1991) ................................................ 8

Beltway Capital, LLC v. Soleil, 2009 WL 4263346, *2 (Sup. Ct., Kings Co. Nov. 23, 2009) ...... 6

Cirone v. Tower Ins. Co. of N.Y., 76 A.D.3d 883, 884, 908 N.Y.S.2d 178, 179-180
 (1st Dep't 2010) .................................................................................................................... 6

Contemporary Mission, Inc. v. Famous Music Corp., 557 F.2d 918, 924 (2d Cir. 1977) .............. 6

Cordes & Co. Financial Serv. v. A.G. Edwards & Sons, Inc., 502 F.3d 91, 103 (2d Cir. 2007) ... 8

General Battery Corporation v. Globe-Union Inc., 100 F.R.D. 258 (D. Dela. 1982) ..................... 8

Helena Assocs. v. EFCO Corp., 2008 WL 2117621, *11 (SDNY May 15, 2008) ......................... 9

Hirsch v. Bruchhausen, 284 F.2d. 783, 786 (2d Cir. 1960) ............................................................ 8

Lambert Houses Redevelopment v. HRH Equity Corp., 117 A.D.2d 227, 231
(1st Dep't 1986) ..................................................................................................................... 9

North Moore St. Developers v. Meltzer/Mandl Architects, 799 N.Y.S.2d 485, 488
(1st Dep't 2005) ............................................................................................................... 9, 10

Patsy's Italian Restaurant, Inc. v. Banas, 2008 WL 495568, *2 (EDNY Feb 20, 2008) ............ 6, 7

Rosen v. Mega Bloks Inc., 2009 WL 929474, *11-*12 (SDNY Apr. 7, 2009) .............................. 8

Titus v. Wallick, 306 U.S. 282, 288-290 (1939) ............................................................................. 8

Travelers Ins. Co. v. Broadway West Street Assocs., 164 F.R.D. 154, 164 (SDNY 1995) ....... 5, 7

**Statutes**

N.Y. Gen. Obligations Law § 13-101 ............................................................................................ 8

**Rules**

Fed. R. Civ. Proc. 25(c). ................................................................................................................. 1

## PRELIMINARY STATEMENT

Movants, Travelers Casualty and Surety Company ("Travelers") and Trataros Construction, Inc. ("Trataros") seek an Order substituting the Dormitory Authority – State of New York ("DASNY") to the positions of Travelers and/or Trataros vis-à-vis their respective claims and defenses as against Carolina Casualty Insurance Company ("Carolina"), G.M. Crocetti, Inc. ("Crocetti"), Dayton Superior Specialty Chemical Corporation a/k/a Dayton Superior Corp. ("Dayton Superior"), and Bartec Industries, Inc. ("Bartec") (collectively, the "Terrazzo Defendants"). As set forth in Travelers' and Trataros' moving papers, the relief sought on this motion is strictly of a procedural nature, pursuant to Federal Rule of Civil Procedure 25. **The substantive assignment and liquidation of Travelers' and Trataros' causes of action and contract rights is already accomplished fact**. The within motion *only* seeks to conform the procedural aspects of this action to the actual rights and interests between the parties, as a result of the transfer of interest from Travelers and Trataros to DASNY, in order to make the action procedurally consistent with the liquidation and assignment which have already occurred. Cf., Fed. R. Civ. Proc. 25(c).

Thus, the relief sought on this motion is very limited. The "opposition" papers served by Dayton Superior and Crocetti/Carolina Casualty, respectively, do not actually oppose the relief sought by Travelers and Trataros. Rather, the responding papers seem designed to notify the Court of Dayton Superior's and Crocetti/Carolina's respective intentions to move for dismissal at trial on differing theories.[1] Significantly, with all due respect, the respective trial strategies and purported defenses of the Terrazzo Defendants have no bearing on the procedural relief sought here.

---

[1] Dayton Superior truly only poses notice to the Court. Crocetti/Carolina have attempted to improperly use their "opposition" to Travelers' Motion as a means to move for Summary Judgment against DASNY.

1

DASNY already holds the right (and duty) to prosecute the fourth-party claims. In light of the accomplished assignment and liquidation, DASNY should be entitled to assert all available defenses that Travelers and/or Trataros would have with regard to the counterclaims of the Terrazzo Defendants. To do otherwise would effectively "tie the hands" of DASNY in prosecuting the assigned claims and causes of action. [2] Finally, nothing in the assignment and liquidation serves to deprive the Terrazzo Defendants of any rights or defenses. [3] See, e.g., American Centennial Ins. Co. v. Seguros La Republica, S.A., 1998 WL 748648, *3 (SDNY Oct. 21, 1998) ("The impact of Rule 25(c) is entirely procedural … [s]ubstantive rights are not affected.") (Quoting, Moore's Federal Practice 3d, § 25.30[3].) Thus, it is respectfully submitted that, for the reasons set forth below, the moving papers, and the reply papers submitted by DASNY, the substitution should be granted.

## STATEMENT OF FACTS

This action arises from the Baruch College construction project (the "Project"), and was commenced by Travelers on or about August 1, 2007. Travelers' Complaint and Jury Demand was filed after the conclusion of non-binding mediation proceedings; the mediation itself followed upon the voluntary dismissal of a prior action involving the same claims at issue here,

---

[2] As per the Settlement Agreement and Liquidating Agreement, the affirmative claims and contract rights have already been assigned and liquidated. However, the settlement documents contemplate an additional, conditional assignment of Travelers' and Trataros' defenses to the Terrazzo Defendants' counterclaims; this separate assignment of defenses is conditioned upon entry of an Order of Substitution. (See, Reply Declaration of Eli J. Rogers, the "Rogers Dec.," at ¶¶ 30-34 and Exhs. P & Q thereto.)

[3] For example, while Carolina and Crocetti submit argumentation to the effect that the assignment of Travelers' and/or Trataros' rights under Carolina's subcontract performance bond served to discharge Carolina's obligation on the bond, Carolina had pleaded this exact defense in its Answers to Travelers' and Trataros' Fourth-Party Complaint. Thus, to the extent Carolina is continuing to assert, in conclusory terms, the same defense it previously pleaded in 2007, Carolina's position has not been impacted by the assignment. (Rogers Dec., ¶¶ 35-40 and Exhs. R to T.) Given that Carolina did not move for summary judgment within the Court-ordered deadline of February 12, 2010, the present submittal is untimely by approximately one year. (Id., ¶¶ 41-42 & Exh. U.)

2

which was commenced in late June, 2004.[4] (Rogers Dec., ¶¶ 2-5 & 7, and Exhs. A and E thereto.) Thus, the claims in this action have been litigated in one form or another for approximately six and a half years.

Travelers commenced this action pursuing affirmative claims on behalf of itself, its bonded principal Trataros, and a number of Trataros' subcontractors who entered into liquidating agreements with Travelers and Trataros. These claims stem from Trataros' two prime contracts on the Project, known as Contract 15 and Contract 16. (Id., ¶¶ 8-10.)

In connection with Contract 16, Trataros subcontracted out its construction work, including but not limited to the construction of the Project's epoxy terrazzo flooring system. Trataros subcontracted the epoxy terrazzo flooring work to Crocetti. Under the terms of Crocetti's subcontract with Trataros, Crocetti was required to obtain its own surety bonds in connection with the terrazzo flooring work, among other things. (Id., ¶¶ 11-13 and Exh. C at ¶ 27 and ¶ E.) In light of that requirement of Crocetti's subcontract, Crocetti obtained surety bonds from Carolina, including a "Subcontract Performance Bond" to assure the proper performance of Crocetti's terrazzo installation work (hereinafter, the "Carolina Bond"). (Id., ¶ 14 & Exh. D.)

DASNY's Third-Party Complaint in this action alleges, *inter alia*, that Trataros was responsible for alleged defects in the epoxy terrazzo floors installed by Crocetti. In response, Travelers and Trataros filed a Fourth-Party Complaint, subsequently amended, impleading a variety of potentially liable parties in connection with the terrazzo defect claims, including Carolina, Dayton Superior, and Bartec.[5] (Id., ¶¶ 15-17 and Exhs. E & F thereto.)

---

[4] Travelers commenced the prior action on or about June 28, 2004 (the "2004 Action"). (Rogers Dec., ¶ 3.)

[5] At the time this action was filed in 2007, Crocetti had filed for Chapter 11 bankruptcy protection. Subsequently, an adversary proceeding commenced by Crocetti in Bankruptcy Court (the "Crocetti Action") was removed into this Court and consolidated with this action. (Rogers Dec., ¶¶ 19-25.) While Crocetti remains a party to this consolidated action, Crocetti has voluntarily dismissed its bankruptcy petition. (Id., ¶ 26 & Exh. O.) Claims

3

Aside from the claims arising from the alleged defects in the Project's epoxy terrazzo floors, additional causes of action pending in this action include the following:

- A cause of action asserted by Travelers against DASNY for breach of contract, seeking to recover the contract balance and retainage due to Trataros under Contract 15 and Contract 16 (the "Contract Balance Claim");

- A cause of action asserted by DASNY against Travelers, seeking to recover damages under "labor and material payment bonds" administered by Travelers on behalf of Trataros in connection with Contract 15 and Contract 16, on a theory of equitable subrogation (the "Payment Bond Subrogation Claim");

- A cause of action asserted by DASNY against Trataros, seeking money damages allegedly arising from "delays, impacts and disruptions" purportedly caused by Trataros in connection with the Project and/or the performance of Contract 15 and/or Contract 16 (the "Delay Claim"). (Id., ¶ 18 and Exhs. A, B & E thereto.)

On or about January 30, 2011, Travelers, Trataros, DASNY, TDX Construction Corp. ("TDX"), and Kohn Pedersen Fox Associates ("KPF") entered into a written agreement settling and compromising the claims pending by and between those parties in this action (the "Settlement Agreement"). Among other things, pursuant to the Settlement Agreement, DASNY agreed to dismiss its Delay Claim against Trataros, as well as its Payment Bond Subrogation Claim (id., ¶¶ 27-28 and Exh. P), and Travelers agreed to, *inter alia*, dismiss its Contract Balance Claim against DASNY. (Id., ¶ 29 & Exh. P.) DASNY, Trataros and Travelers entered into a separate Liquidating Agreement in connection with the settlement, on or about January 30, 2011. (Id., ¶ 31 & Exh. Q.)

Under the terms of the Settlement Agreement and Liquidating Agreement, Travelers and Trataros assigned to DASNY their respective claims and causes of action against the Terrazzo Defendants, as well as their rights arising under Crocetti's subcontract and the Carolina Bond, *inter alia*. (Id., ¶¶ 30, 32 & 34, and Exhs. P & Q.) The Settlement Agreement and Liquidating

---

substantially similar to the terrazzo defect claims pending in this action were asserted in the Crocetti Action by DASNY, Travelers and Trataros, respectively. (Id., ¶¶ 22-23 and Exhs. L & M.)

4

Agreement provide that DASNY is now the owner of the claims against the Terrazzo Defendants. (Id., ¶ 32 and Exhs. P & Q.) Under the terms of the Liquidating Agreement, Trataros admitted and liquidated its liability to DASNY, in the amount of whatever DASNY recovers from the Terrazzo Defendants, if anything. (Id., ¶ 33 & Exh. Q.) Finally, both the Settlement Agreement and the Liquidating Agreement provide for a conditional assignment of all Travelers' and Trataros' defenses against the Terrazzo Defendants' counterclaims, conditioned upon entry of an Order of Substitution. (Id., ¶ 34 and Exhs. P & Q.)

## LEGAL ARGUMENT
## POINT I
### DAYTON SUPERIOR'S AFFIRMATION IS NOT IN OPPOSITION TO THE RELIEF REQUESTED BY TRAVELERS AND TRATAROS

The affirmation of counsel submitted by Dayton Superior sets forth no objection to the relief sought on this motion, but simply requests that the Terrazzo Defendants be permitted to use Travelers' and Trataros' party admissions, and that they continue to have available, as against DASNY, all defenses that they have raised against Travelers and Trataros. This request is consistent with the relief sought by Travelers and Trataros, insofar as the movants have stipulated in the moving papers that the Terrazzo Defendants' defenses and counterclaims will remain intact. American Centennial, 1998 WL 748648 at *3 (Substitution of a party pursuant to Rule 25(c) does not alter the parties' substantive rights); Travelers Ins. Co. v. Broadway West Street Assocs., 164 F.R.D. 154, 164 (SDNY 1995) ("Rule 25(c) is a procedural mechanism designed to facilitate the continuation of an action when an interest in a lawsuit is transferred[,] and does not affect the substantive rights of the parties.") Because the relief afforded by Rule 25(c) is procedural in nature, and "does not ordinarily alter the substantive rights of the parties," a Court's "main consideration in deciding a Rule 25(c) motion is whether [substitution] … will

expedite and simplify the action." Patsy's Italian Restaurant, Inc. v. Banas, 2008 WL 495568, *2 (EDNY Feb. 20, 2008) (citations omitted).

Moreover, an assignee can never stand in a better position than the assignor, and in prosecuting an assigned claim, the assignee is subject to the same defenses that a defendant could have asserted against the assignor. Cirone v. Tower Ins. Co. of N.Y., 76 A.D.3d 883, 884, 908 N.Y.S.2d 178, 179-180 (1st Dep't 2010); Beltway Capital, LLC v. Soleil, 2009 WL 4263346, *2 (Sup. Ct., Kings Co. Nov. 23, 2009) ("An assignee of a claim or cause of action ... takes it 'subject to all the infirmities, equities, and defenses that could have been asserted [by the obligor] against the assignor at the time of assignment.") Thus, Dayton Superior's requests are entirely consistent with the relief sought herein, and do not bar substitution.

While Dayton Superior provides notice that it may move to dismiss during trial, that is not relevant to the instant motion. If it so moves, DASNY would be the proper party to oppose the motion at that time, given that Travelers and Trataros have already assigned their claims to DASNY. Contemporary Mission, Inc. v. Famous Music Corp., 557 F.2d 918, 924 (2d Cir. 1977) (Generally, "when rights are assigned, the assignor's interest in the rights ... comes to an end.").

Additionally, at the Pre-Trial Conference conducted on February 3, 2011, the Court ruled that party admissions by Travelers and Trataros would remain available for evidentiary use in the same fashion (and subject to the same rules of evidence and admissibility) as they would have been before. No party objected to that ruling during the Pre-Trial Conference, and no late objection seems to have been raised by any party. Therefore, this issue has no implication for the relief requested by the movants, and it is respectfully requested that the motion be granted.

## POINT II

## CROCETTI/CAROLINA'S OPPOSITION IS NOT RELEVANT TO THE NARROW RELIEF SOUGHT ON THIS MOTION

Crocetti/Carolina's opposition to the within motion seeks to interpose a substantive defense to the claims alleged by Travelers, Trataros and/or DASNY, apparently seeking summary judgment dismissing the Amended Fourth-Party Complaint as against Carolina. It is our understanding that DASNY is submitting a supplemental reply addressing this aspect of the Crocetti/Carolina opposition. We note, however, that Crocetti/Carolina's attempt to convert this motion under Rule 25(c) into a motion for summary judgment is not supported by the Federal Rules of Civil Procedure, nor by the Court's scheduling orders. (Rogers Dec., ¶ 42 & Exh. U.) Given that Crocetti and Carolina did not move for summary judgment previously, their out-of-time efforts to do so less than two weeks before trial should be rejected. (Id., ¶¶ 41-42.) [6]

Moreover, the question of whether the substitution would be purportedly "futile" as against Carolina is not germane to the relief sought by Travelers and Trataros. As discussed in Point I, Rule 25(c) substitution is merely a *procedural mechanism*, permitting the true party in interest to be substituted in place of a party that has transferred its causes of action. American Centennial, 1998 WL 748648 at *3; Broadway West Street Assocs., 164 F.R.D. at 164; Patsy's Italian Restaurant, 2008 WL 495568 at *2. Thus, the merits of Carolina's purported defense against the fourth-party cause of action under the Carolina Bond have no implication for Travelers' and Trataros' entitlement to the relief sought on this motion.

---

[6] We further note that, as admitted in the Crocetti/Carolina opposition, Carolina has had knowledge of this potential defense since at least December, 2007, when Carolina pleaded a nearly identical defense with regard to Travelers' fourth-party claim against the Carolina Bond. A similar defense was again pleaded by Carolina in the Crocetti Action. (Rogers Dec., ¶¶ 34-39 and exhibits thereto.) Thus, there is no colorable claim that this defense has only arisen as a result of the settlement between Travelers, Trataros, DASNY, KPF and TDX.

Moreover, while Crocetti and Carolina speculatively argue, without supporting authority, that substitution of a counter-claim defendant may violate substantive law, the Crocetti/Carolina position is contrary to reported decisions of Federal courts interpreting Rule 25, including the Second Circuit. Hirsch v. Bruchhausen, 284 F.2d. 783, 786 (2d Cir. 1960) (District Court had "clear authority" and "manifest duty" to substitute defendants); Bank of New England v. Callahan, 758 F.Supp 61 (D.N.H. 1991); General Battery Corporation v. Globe-Union Inc., 100 F.R.D. 258 (D. Dela. 1982) (substituting new parties as defendants to ensure the real party in interest is present.)

In addition, despite Crocetti's and Carolina's attempt to portray the settlement as a "sham," the simple fact is that under New York law causes of action are assignable, without regard to whether that assignment is made during litigation or before. Titus v. Wallick, 306 U.S. 282, 288-290 (1939) (causes of action are freely assignable under New York law); Cordes & Co. Financial Serv. v. A.G. Edwards & Sons, Inc., 502 F.3d 91, 103 (2d Cir. 2007) (assignment of claims permitted whether assignment is made before or after lawsuit commences); Rosen v. Mega Bloks Inc., 2009 WL 929474, *11-*12 (SDNY Apr. 7, 2009) (assignment of contract rights provided assignee with standing to prosecute counter-claim). New York statute explicitly authorizes such assignments. N.Y. Gen. Obligations Law § 13-101. [7] "[S]uch assignments are widely permitted ... in order to allow holders of claims to transfer the risk of loss to someone better able or more willing to pursue the claim or to undertake the risk. Valid claims otherwise lost may thus be salvaged." Cordes & Co., 502 F.3d at 103.

---

[7] While General Obligations Law Section 13-101 notes several exceptions, including a cause of action for money damages arising from personal injury and a claim arising from a grant of real estate, these exceptions do not appear applicable here. N.Y. Gen. Obligations Law § 13-101. In any event, Carolina Casualty does not reference any of the statutory exceptions in its opposition papers.

> In order to make a valid assignment, the owner [of the claim] must manifest 'an intention to make the assignee the owner of [the] claim.' <u>The validity of an assignment that meets this condition is not affected by the parties' additional agreement that the transferee will be obligated to account for the proceeds of a suit brought on the claim.</u>

<u>Advanced Magnetics, Inc. v. Bayfront Partners, Inc.</u>, 106 F.3d 11, 17 (2d Cir. 1997) (citations omitted, emphasis added).

Likewise, liquidating agreements are recognized by New York courts as a valid mechanism for bridging the "privity gap" between the owner of a construction project and a subcontractor that performed work on that project. <u>Helena Assocs. v. EFCO Corp.</u>, 2008 WL 2117621, *11 (SDNY May 15, 2008) ("Liquidating agreement are frequently employed on construction projects to bridge gaps in privity and "are recognized under New York law as a valid means of avoiding duplicative lawsuits…"); <u>North Moore St. Developers v. Meltzer/Mandl Architects</u>, 799 N.Y.S.2d 485, 488 (1st Dep't 2005). "Agreements liquidating the general contractor's liability in such amounts as can be recovered against the party who allegedly caused the injury have been uniformly upheld." <u>Lambert Houses Redevelopment v. HRH Equity Corp.</u>, 117 A.D.2d 227, 231 (1st Dep't 1986). By permitting an owner to pursue a claim directly against a potentially responsible subcontractor, "the liquidating agreement bridges the gap in privity between subcontractor and owner, <u>allowing the general contractor to withdraw as an active participant</u>." <u>Id</u>. (Emphasis added.)

Here, Trataros has confessed its liability to DASNY in connection with the flooring defect claims, liquidated its liability in the amount of what DASNY is able to recover from the Terrazzo Defendants (if anything), and provided that DASNY may collect the recovery subject to a payment to Travelers in consideration of the assignment and dismissal of Travelers' affirmative claims. (Rogers Dec., ¶¶ 30-32 and Exh. Q thereto, at ¶¶ 1 & 2.) <u>Cf.</u>, <u>Lambert</u>

9

Houses, 117 A.D.2d at 230-231 (discussing similar arrangement which, "in effect," provides for all recovery to "pass through the general contractor to the injured party.") And see, North Moore, 799 N.Y.S.2d at 489-490 (discussing three elements of a liquidating agreement).

Finally, Travelers and Trataros have provided significant consideration in connection with the settlement, including but not limited to the release of the Contract Balance Claim. That claim was still active with regard to the moneys held by DASNY with regard to both Contract 15 and Contract 16 prior to settlement. Moreover, Travelers and Trataros received the consideration of DASNY's dismissal of the Payment Bond Subrogation Claim and the Delay Claims, thus removing the threat of potential liability, as well as avoiding costly attorney's fees and expert fees associated with the trial. Given that there is no support for Crocetti/Carolina's conclusory assertion that the settlement is a "sham" transaction, and the additional reasons set forth above, the movants respectfully request entry of an Order of Substitution in connection with this motion.

## CONCLUSION

For the foregoing reasons, and those set forth in the moving papers and the reply papers submitted by DASNY, Travelers and Trataros respectfully request that this Court grant the within Motion to Substitute.

Dated: February 7, 2011
      Florham Park, New Jersey

**DREIFUSS BONACCI & PARKER, LLP**
*Attorneys for Travelers Casualty and Surety Company and Trataros Construction, Inc.*

          /S/

By:  JoAnne M. Bonacci  (JMB-1354)
      Five Penn Plaza, 23rd Floor
      New York, New York 10001
       - and-
      26 Columbia Turnpike, North Entrance
      Florham Park, New Jersey 07932
      Tel. No. (973) 514-1414