```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
TRAVELERS CASUALTY AND SURETY COMPANY    :
as Administrator for RELIANCE INSURANCE  :
COMPANY,                                 :
                    Plaintiff,           :
                                         :
          -v-                            :
                                         :
DORMITORY AUTHORITY - STATE OF NEW       :
YORK,                                    :      MASTER FILE
                    Defendant.           :      07 Civ. 6915 (DLC)
-----------------------------------------:
DORMITORY AUTHORITY OF THE STATE OF NEW  :      MEMORANDUM OPINION
YORK and TDX CONSTRUCTION CORP.,         :         AND ORDER
          Third-Party Plaintiffs,        :
                                         :
          -v-                            :
                                         :
TRATAROS CONSTRUCTION, INC.,             :
          Third-Party Defendant.         :
-----------------------------------------:
TRATAROS CONSTRUCTION, INC. and          :
TRAVELERS CASUALTY AND SURETY COMPANY,   :
          Fourth-Party Plaintiffs,       :
                                         :
          -v-                            :
                                         :
CAROLINA CASUALTY INSURANCE COMPANY;     :
BARTEC INDUSTRIES, INC.; DAYTON          :
SUPERIOR SPECIALTY CHEMICAL CORP. a/k/a  :
DAYTON SUPERIOR CORPORATION;             :
HARLEYSVILLE MUTUAL INSURANCE COMPANY    :
(a/k/a HARLEYSVILLE INSURANCE COMPANY);  :
JOHN DOES 1-20 and XYZ CORPS. 1-20,      :
          Fourth-Party Defendants.       :
----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/14/2011

DENISE COTE, District Judge:

On January 31, 2011, Travelers Casualty and Surety Company ("Travelers") and Trataros Construction, Inc. ("Trataros") filed a motion pursuant to Federal Rule of Civil Procedure 25(c),

requesting an Order substituting the Dormitory Authority -- State of New York ("DASNY") for Travelers and Trataros with respect to the latter's various claims and defenses against Carolina Casualty Insurance Company ("Carolina"), G.M. Crocetti, Inc. ("Crocetti"), Dayton Superior Specialty Chemical Corporation, a/k/a Dayton Superior Corp. ("Dayton Superior"), and Bartec Industries, Inc. ("Bartec") (collectively, the "Terrazzo Defendants"). For the following reasons, the motion is granted and DASNY is substituted for Travelers and Trataros with respect to those parties' claims and defenses against the Terrazzo Defendants.

## BACKGROUND

The above-captioned case arises from a construction project at Baruch College. It raises the same claims as an action commenced on June 28, 2004 that was dismissed to permit mediation. Thus, the claims in this case have been litigated for approximately six and a half years. After extensive motion practice concluding in August 2010, this case was placed on the trial ready calendar for February 14, 2011.

By letter dated January 21, 2011, Travelers, Trataros, TDX Construction Corp., Kohn Pedersen Fox Associates, P.C., and DASNY notified the Court that they had reached an agreement in principle to settle all claims asserted against each other in the above-captioned cases. This settlement agreement was

finalized on January 30 (the "Settlement Agreement"). At the same time, DASNY, Travelers, and Trataros entered into a liquidating agreement (the "Liquidating Agreement"), under which

> Trataros concede[d] liability for the Terrazzo Defect Claims alleged against it by DASNY . . . [and] DASNY agree[d] to accept in full satisfaction and discharge of its Terrazzo Defect Claims the full amount (if any) that may be collected upon Trataros' claims against the Terrazzo Defendants.[1]

Upon concluding the Settlement and Liquidating Agreements, Travelers and Trataros filed a motion on shortened notice pursuant to Federal Rule of Civil Procedure 25(c), requesting permission to substitute DASNY in place of Travelers and Trataros as fourth-party plaintiff in the action titled Travelers Casualty and Surety Company v. Dormitory Authority - State of New York, 07 Civ. 6915 (DLC) (S.D.N.Y.), and as defendant/third-party plaintiff in the action titled G.M. Crocetti, Inc. v. Trataros Construction, Inc., 08 Civ. 6239 (DLC) (S.D.N.Y.). On February 4, Dayton, Carolina, and Crocetti filed opposition papers.[2] The motion became fully submitted on February 7, 2011.

---

[1] A separate provision of the settlement agreement provides that DASNY will pay Travelers thirty-three percent of the net amount that it recovers from the Terrazzo Defendants or no less than $1,000,000.00.

[2] Carolina and Crocetti have since notified the Court that they have settled their claims with DASNY. As a result, their objections, which were not adopted by Dayton, need not be addressed.

DISCUSSION

Rule 25(c), Fed. R. Civ. P., provides, in relevant part that

> In case of any transfer of interest, the action may be continued by . . . the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action . . . with the original party.

The decision whether to permit the "[s]ubstitution of a successor in interest . . . is generally within the sound discretion of the trial court." Taberna Capital Management, LLC v. Jaggi, 08 Civ. 11355 (DLC), 2010 WL 1424002, at *2 (S.D.N.Y. Apr. 9, 2010) (quoting Organic Cow, LLC v. Ctr. for New Eng. Dairy Compact Research, 335 F.3d 66, 71 (2d Cir. 2003)). The "primary consideration . . . is whether substitution will expedite and simplify the action." Id. (citation omitted).

Permitting DASNY to be substituted for Trataros and Travelers will expedite this protracted litigation and the motion will be granted. The Settlement and Liquidation Agreements establish that DASNY now owns Travelers and Trataros's claims against the Terrazzo Defendants and that Trataros's liability to DASNY is liquidated in the amount of DASNY's recovery from the Terrazzo Defendants. These Agreements, which will resolve a large number of pending claims in this case, are contingent upon this Court entering an Order

4

of Substitution. Granting the request for substitution promotes the interests of efficiency.

Dayton has submitted a "partial opposition" to the motion to substitute. Dayton principally contends that DASNY cannot assert a common law indemnification claim against Dayton on behalf of Trataros, since Trataros's indemnification claim will not accrue until Trataros makes a payment to DASNY, and the Settlement Agreement does not require such a payment. Dayton's argument concerning the validity of Trataros's indemnification claim is inapposite to the issue currently before this Court: whether to grant the application by Travelers and Trataros to permit DASNY to raise their claims and defenses against Dayton. Dayton itself acknowledges that it will raise its objections concerning the indemnification claim as a motion for dismissal at the conclusion of the forthcoming trial. Indeed, Trataros's claim for indemnification is only one of the numerous claims for which Trataros seeks leave to substitute DASNY. Thus, even if DASNY (on behalf of Trataros) could not state a valid claim for common law indemnification against Dayton, it may succeed in its prosecution of Trataros's claims for negligence, breach of contract, and breach of warranty.

Should the Court grant the motion to substitute, Dayton requests: 1) that all admissions made by Trataros and Travelers remain admissible; 2) that the Court permit Dayton to refer to

Travelers and Trataros as plaintiffs in the fourth-party action; and, 3) that all defenses asserted on behalf of Dayton as against Travelers and Trataros remain applicable against DASNY.

The first request is granted. As the Court ruled in the final pre-trial conference convened on February 3, 2011, deposition statements by Travelers and Trataros would be treated as admissions and "be received as admissions against a party opponent." As for the last two requests, they are largely consistent with the motion to substitute. Rule 25(c) is "designed to facilitate the continuation of an action when an interest in a lawsuit is transferred and [it] does not affect the substantive rights of the parties." Greystone Bank v. Peralta, 10 Civ. 0695 (BMC), 2010 WL 3767619, at * 1 (S.D.N.Y. Sept. 20, 2010) (citation omitted). Thus, this Court's decision to grant the motion to substitute does not alter Dayton's ability to refer to Trataros or to raise the defenses that it has against Trataros. Whether there is any need at trial to refer to Travelers is a matter which will be addressed separately.

CONCLUSION

Travelers and Trataros's January 31, 2011 motion is granted.  DASNY shall be substituted for Travelers and Trataros with respect to these parties' outstanding claims and defenses against the Terrazzo Defendants.

SO ORDERED:

Dated:   New York, New York
         February 14, 2011

                                    _____
                                           DENISE COTE
                                    United States District Judge